IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| VALVE CORPORATION, | § § | |
| Plaintiff, | § § | Case No.: 2:23-cv-1016 |
| v. | § § | **COMPLAINT FOR DECLARATORY JUDGEMENT OF INVALIDITY AND UNENFORCEABILITY OF U.S. PATENT NOS. 8,856,221; BREACH OF CONTRACT; AND BAD FAITH ASSERTION OF PATENT INFRINGEMENT** |
| LEIGH ROTHSCHILD, ROTHSCHILD BROADCAST DISTRIBUTION SYSTEMS, LLC, DISPLAY TECHNOLOGIES, LLC, PATENT ASSET MANAGEMENT, LLC, MEYLER LEGAL, PLLC, AND SAMUEL MEYLER | § § § § § | |
| Defendants. | | JURY TRIAL DEMANDED |

COMPLAINT FOR DECLARATORY JUDGMENT

Kilpatrick Townsend & Stockton LLP,
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

1.      Plaintiff Valve Corporation ("Valve"), through its undersigned counsel, hereby alleges as follows against Defendants Leigh Rothschild; Rothschild Broadcast Distribution Systems, LLC; Display Technologies LLC; Patent Asset Management, LLC; Meyler Legal, PLLC; and Samuel Meyler (collectively, "Defendants"):

## I.     NATURE AND HISTORY OF THE ACTION

### A.     Defendants' tactics forced Valve to seek its requested relief to put an end to their bad-faith assertions of patent infringement

2.      This is an action that seeks various forms of relief due to Defendants' bad faith assertions of patent infringement against Valve.

3.      First, Valve seeks a declaratory judgment that U.S. Patent No. 8,856,221 ("the '221 Patent"), which Defendants have asserted against Valve, is invalid.

4.      Second, Valve seeks a declaratory judgment that the '221 Patent is unenforceable against it as Valve is a licensee to the '221 Patent under the 2016 Global Settlement and License Agreement between Valve and Defendant Leigh Rothschild. Ex. 1.

5.      Third, Valve seeks a judgment that Defendants breached the 2016 Global Settlement and License Agreement by asserting the licensed '221 Patent against Valve, and by failing to withdraw their assertion of U.S. Patent No. 9,300,723, which Valve also has a license to.

6.      Fourth, Valve further seeks a judgment that Defendants violated Revised Code of Washington ("RCW") § 19.350 (the "Patent Troll Prevention Act") and RCW 19.86.020, the Washington State Consumer Protection Act by making bad faith assertions of patent infringement against Valve.

**B.     Defendants' unseemly tactics are well-known and, without a remedy in favor of Valve, will continue to negatively impact companies in this state and throughout the country**

7.      Upon information and belief, Defendant Rothschild Broadcast Distribution Systems ("RBDS"), the owner of the '221 Patent, does not make, use, or sell any products or

8.      services of its own, but is solely in the business of patent licensing through the threat of litigation, a pattern of behavior indicative of entities commonly referred to as "patent trolls."

9.      Upon information and belief, RBDS's sole business model and activity involves making accusations of patent infringement to extract licensing payments from practicing entities. RBDS has filed over 100 lawsuits in furtherance of that goal.

10.     Upon information and belief, Defendant Leigh Rothschild owns or controls dozens of companies, including Defendant RBDS. The sole purpose of the Rothschild companies is to accuse others of infringement. The goal of these lawsuits is to extract a quick settlement from the accused infringers rather than actually litigate the merits of the plaintiffs' infringement claims. Ex. 2 (*Stupid Patent of the Month: "Internet drink mixer" vs. everyone,* https://arstechnica.com/tech-policy/2015/09/stupid-patent-of-the-month-internet-drink-mixer-vs-everyone/).

11.     Entities owned by Defendant Leigh Rothschild have filed over a thousand patent infringement lawsuits. Ex. 3 (*NPE Showcase – Leigh Rothschild*, https://www.gadgetsgigabytesandgoodwill.com/2023/05/npe-showcase-leigh-rothschild/).  In some instances, the defendants chose to fight rather than pay nuisance-value settlements. Courts have found several such lawsuits brought by Rothschild entities to be objectively baseless, resulting in fees and other penalties against the Rothschild entities. Ex. 4 (ELECTRONIC FRONTIER

FOUNDATION, *Federal Circuit Hits Stupid Patent Owner With Fee Award*, https://www.eff.org/deeplinks/2017/06/federal-circuit-hits-stupid-patent-owner-fee-award).

12. Rothschild has previously threatened to sue Valve for infringing a patent to which Valve already had a license. The previous threat was made by Rothschild-controlled Defendant Display Technologies, LLC ("Display Techs.").

**C.   Rothschild-controlled entities continue to accuse Valve of infringement based on patents that have been licensed to Valve**

13. On June 8, 2015, Display Techs., an entity controlled by Defendant Leigh Rothschild, filed suit against Valve, accusing it of infringing U.S. Patent No. 8,671,195.

14. On November 14, 2016, Display Techs. and Valve entered into the 2016 Global Settlement and License Agreement. In that agreement, Display Techs. granted Valve a "perpetual, irrevocable, royalty-free, fully paid-up, worldwide license" to all patents listed in Exhibit C of the settlement agreement, as well as "all continuations, divisionals, continuations-in-part, extensions, reissues, reexaminations, and any other patents or patent applications claiming priority to or through the patents identified in Exhibit C." Valve paid to obtain these rights. Ex. 1 at 2-3; 18-19.

15. Defendant Leigh Rothschild signed the 2016 Global Settlement and License Agreement on behalf of himself, Display Techs., and all entities listed in Exhibit C to the agreement. Ex. 1 at 14; 18-19.

16. In February 2022, Daniel Falcucci, the Director of Business Development at Defendant Patent Asset Management ("PAM"), began sending numerous emails and messages to members of Valve's legal team, including LinkedIn messages, requesting that Valve execute a new license with Rothschild and his various entities for more money. Mr. Falcucci stated that PAM was headed by Defendant Leigh Rothschild, and that it was Mr. Falcucci's understanding

that PAM had signed the 2016 Global Settlement and License Agreement with Valve. Ex. 5. Nonetheless, Mr. Falcucci repeatedly urged Valve to negotiate a new licensing agreement with Rothschild. *Id*. As one example, Mr. Falcucci sent a Linkedin message to a member of Valve's legal team offering an "opportunity" to enter into a new agreement with PAM, and further offered to present what PAM called its "inventory catalog" upon request. *Id*. The referenced "inventory catalog" is nothing but a list of patents that Rothschild-entities routinely assert against companies who are developing and manufacturing actual useful products.

17. None of Mr. Falcucci's messages ever provided any analysis of which Rothschild patents Valve was supposedly practicing, or which of Valve's products were supposedly practicing those patents, only that Valve should pay Defendants more money.

18. Mr. Falcucci's demands included that Valve take a license to at least two patents assigned to Display Techs., U.S. Patent No. 8,671,195, and U.S. Patent No. 9,300,723. Valve, however, already had a license to both Display Techs. patents under the 2016 Global Settlement and License Agreement.

19. Shortly after Mr. Falcucci's string of demand messages, Display Techs. sued Valve in this Court for patent infringement. *See Display Technologies LLC v. Valve Corporation*, 2-22-cv-01365 (W.D. Wa. Sept. 27, 2022).

20. Defendants Samuel Meyler ("Meyler") and Meyler Legal, PLLC (collectively, "Meyler Defendants"), represented Display Techs. in its 2022 lawsuits against Valve.

21. Display Techs. asserted infringement of U.S. Patent No. 9,300,723, which is a continuation of U.S. Patent No. 8,671,195, the patent originally asserted against Valve that led to the 2016 Global Settlement and License Agreement. Accordingly, U.S. Patent No. 9,300,723 is

COMPLAINT FOR DECLARATORY JUDGMENT

3

covered under the parties' 2016 Global Settlement and License Agreement, and Display Techs.'s suit against Valve in 2022 was a breach of that agreement.

22. Valve informed Display Techs. that Valve had a license to U.S. Patent No. 9,300,723 under the 2016 Global Settlement and License Agreement. In doing so, Valve sent a copy of the parties' 2016 Global Settlement and License Agreement to the Meyler Defendants. Ex. 6.

23. Display Techs. voluntarily dismissed its lawsuit on October 13, 2022. *See Display Technologies LLC v. Valve Corporation*, Case No. 2:22-cv-01365, Dkt. 6 (W.D. Wa. Sept. 27, 2022) (Ex. 7).

24. On June 21, 2023, the Meyler Defendants sent a letter to Valve on behalf of a *different* Rothschild-controlled entity—Defendant RBDS—threatening to file another lawsuit against Valve, this time alleging infringement of the '221 Patent if Valve did not negotiate a resolution of RBDS's claims. Ex. 8.

25. Upon information and belief, Defendants Display Techs., RBDS, and PAM are controlled by Defendant Rothschild and are used by him for the sole purpose of asserting patent infringement claims.

26. For the second time in less than a year, Defendants Rothschild and PAM, this time through Defendant RBDS, is threatening to sue Valve for infringement of a patent that Valve is already a licensee to under the perpetual worldwide license executed in 2016.

27. Mr. Falcucci has also not withdrawn his March 2022 demands made on behalf of Defendants Rothschild and PAM, which request that Valve take a license to patents owned by Defendant Display Techs that are also covered under the 2016 license.

28.     The '221 Patent is expressly listed as one of the licensed patents in Exhibit C of the 2016 Global Licensing and Settlement Agreement executed between Valve and Defendant Rothschild. Ex. 1, at 19. Less than five minutes of due diligence—namely, reviewing the licensing agreement—would have confirmed that Valve is licensed to the '221 Patent. As noted above, Mr. Falcucci's messages to Valve on behalf of Defendants Rothschild and PAM referenced that licensing agreement. Moreover, Valve actually sent the 2016 Global Licensing and Settlement Agreement to Defendant Display Techs. through the Meyler Defendants (even though those entities should have already had the agreement in their possession).

29.     The most-recent demand letter, combined with the fact that Defendant Display Techs. already sued Valve for infringement of a patent it has a license to, demonstrates that it is highly likely one or more Defendants will sue Valve for infringement of the '221 Patent. In the meantime, the cloud of Defendants' improper infringement allegations hangs over Valve, its products, and its services. Defendants' actions have created an actual, justiciable, substantial, and immediate controversy between Valve and Defendants as to whether the '221 patent claims are valid, and whether those claims are enforceable against Valve.

30.     A judicial declaration is necessary to determine the respective rights of the parties regarding the '221 Patent, and Valve respectfully seeks a judicial declaration that the '221 Patent is invalid and unenforceable against Valve.

31.     Defendants Rothschild, RBDS, Display Techs., and PAM are highly assertive entities whose entire business model is to make bad faith assertions of patent infringement in the hopes of obtaining a quick settlement payment. The Meyler Defendants knowingly and willingly assisted in making such claims against Valve and, presumably, other companies as well. The assertions raised against Valve by the collective Defendants are in violation of RCW 19.350

because they are objectively and subjectively baseless allegations that Valve is infringing a patent to which Valve already had a license. Defendants' bad faith assertions of patent infringement resulted in Valve spending unnecessary money on legal fees to defend itself against these baseless claims.

## II. THE PARTIES

32. Plaintiff Valve Corporation is a software and videogame developer with its primary place of business at 10400 NE 4th St. fl. 14, Bellevue, WA 98004.

33. On information and belief, Defendant Leigh Rothschild resides at 1801 NE 123rd Street North Miami, FL 33181.

34. Defendant RBDS is a corporation organized and existing under the laws of the state of Texas with a registered physical address of 1 East Broward Boulevard, Suite 700, Ft. Lauderdale, FL 33301.

35. Defendant RBDS owns the rights to the '221 Patent, which it has asserted 120 times against companies across a wide range of industries. No party has ever been found by a Federal Court to infringe the '221 Patent.[1] In each of the 120 cases, RBDS dismissed the lawsuit prior to claim construction.

36. Defendant Display Technologies is a corporation organized and existing under the laws of the state of Texas with a registered physical address of 1 East Broward Boulevard, Suite 700, Ft. Lauderdale, FL 33301.

37. Defendant PAM is a corporation organized and existing under the laws of the state of Florida, with a registered physical address of 1 East Broward Blvd, Suite 700, Fort Lauderdale, FL, 33301.

---

[1] There is one exception to this statement. In one instance a party did not answer RBDS's complaint, and thus was found to infringe the '221 Patent by default.

38. Defendant Leigh Rothschild is the registered agent of PAM.

39. Upon information and belief, Defendant PAM is the managing entity of RBDS and Display Techs. Ex. 9; Ex. 10.

40. Defendant Samuel Meyler is an attorney licensed in Washington State. Meyler is the sole practitioner of Defendant Meyler Legal, PLLC, having a registered place of business at 1700 Westlake Ave N Ste 200, Seattle, WA 98109-6212.

41. Upon information and belief, Defendants RBDS, Display Techs., and PAM are alter egos of Defendant Leigh Rothschild and exist solely to threaten patent litigation lawsuits against companies and obtain settlement agreements for the benefit of Rothschild. They possess the same top-level management, lack any appreciable employee headcount or company infrastructure, and all have the same current or former "physical" address. Defendant Rothschild's movement of patents between the dozens of shell companies he owns or operates, in complete disregard of corporate formalities, is nothing but an attempt to insulate himself and what is believed to be his holding company, PAM, from fees and penalties that may accrue from his bad-faith patent assertions of patent infringement.

42. Defendant Leigh Rothschild signed and submitted the patent assignment agreement transferring rights to the '221 Patent from one of his controlled entities, Ariel Inventions, to another of his controlled entities, RBDS. Ex. 11. Rothschild signed on behalf of both parties to the assignment. *Id*.

43. Upon information and belief, the Meyler Defendants conspired with Defendant Leigh Rothschild and the Rothschild-controlled entities to assert bad-faith patent litigation claims for financial gain.

44. Despite being personally informed that Valve previously executed a Global Settlement and License Agreement with Defendant Leigh Rothschild, and being sent a copy of that agreement, Defendant Meyler, on his firm's letterhead, authored and sent the June 2023 demand letter to Valve that threatens a lawsuit based on the '221 Patent, a patent explicitly listed in the 2016 Global Settlement and License Agreement.

### III.   JURISDICTION AND VENUE

45. This action arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, under the Patent Laws of the United States, 35 U.S.C. §§ 1 et seq. This action also arises under the Patent Troll Prevention Act enacted by the state of Washington at RCW 19.350 prohibiting bad faith assertion of patent infringement, and RCW 19.86.020, the Washington State Consumer Protection Act.

46. This Court has subject matter jurisdiction over the claims alleged in this action at least under 28 U.S.C. §§ 1331, 1338, 2201, and 2202, because this Court has exclusive jurisdiction over declaratory judgment claims arising under the Patent Laws pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

47. This Court has supplemental jurisdiction over Valve's state claims under 28 U.S.C § 1367, as Valve's state law claims arise out of the same case or controversy as its claims for which this Court has original jurisdiction.

48. This Court has personal jurisdiction over Defendants because they acted in concert to conduct substantial business in this District, including regularly doing or soliciting business, engaging in other persistent courses of conduct, suing other companies in this District on the '221 Patents, and deriving substantial revenue from individuals and entities in Washington. Rothschild-controlled entities routinely avail themselves of the Washington Federal

District Courts as a forum for asserting infringement against Washington companies. *See, e.g.*, *Rothschild Broadcast Distrib. Sys., LLC* v. *CreativeLive Inc*, 2-22-cv-00771 (W.D. Wa. June 2, 2022); *Display Techs. LLC v. Valve Corp.*, 2-22-cv-01365 (W.D. Wa. Sept. 27, 2022).

49. The 2022 demand letters from Daniel Falcucci were made on behalf of both Defendants Rothschild and PAM, requested that Valve take a license on patents assigned to RBDS and Display Techs., were sent to Valve's headquarters in Washington, and sought additional royalty payments from Valve.

50. On information and belief, shortly after Mr. Falcucci sent these demand letters on behalf of Rothschild and PAM, Display Techs. filed suit against Valve at Rothschild's directive.

51. Accordingly, each Defendant purposefully and repeatedly directed its activities at residents of Washington. On information and belief, Defendant Rothschild's companies have sent letters to numerous other companies, including numerous other companies based in Washington, asserting infringement of the '221 Patent and demanding payment of money. Thus, Defendants have sufficient minimum contacts with the State of Washington to satisfy the Washington long-arm statute (RCW 4.28.185) and Constitutional due process requirements because Defendants regularly conduct business activities in Washington.

52. This Court further has personal jurisdiction over the Meyler Defendants because both are domiciled in this jurisdiction.

53. Venue in this District is proper under 28 U.S.C. §§ 1391(b), (c), and (d) with respect to Valve's particular claims against all Defendants.

## IV. THE '221 PATENT

54. The '221 Patent issued on October 7, 2014 to Defendant Rothschild and is titled "System and method for storing broadcast content in a cloud-based computing environment." The '221 Patent is currently assigned to Defendant RBDS.

55. The '221 Patent is listed in Exhibit C to the 2016 Global Settlement and License Agreement as one of the Licensed Patents under the 2016 Global Settlement and License Agreement. Ex. 1 at 19 (Patent No. 12).

## V. COUNT I: DECLARATORY JUDGEMENT THAT THE '221 PATENT IS INVALID

55. Valve incorporates by reference the preceding paragraphs of this Complaint.

56. In view of the facts and allegations set forth above, there is an actual, justiciable, substantial, and immediate controversy between Valve and Defendant RBDS regarding the validity of the '221 Patent. Absent a declaration of invalidity, RBDS will continue to assert the '221 Patent wrongfully, thereby injuring Valve.

57. The '221 patent is invalid for failure to meet one or more of the conditions of patentability under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112, and Valve is entitled to a declaration to that effect. By way of non-limiting example, upon information and belief, the claims of the '221 Patent are invalid as obvious under U.S. Patent Application Publication No. 2008/0155059, titled "Methods and apparatus for supporting content distribution" ("Hardin"), alone or alternatively in view of U.S. Patent No. 7,684,673 titled "Managing a digital video recorder via a network" to Monroe ("Monroe").

## VI. COUNT II: DECLARATORY JUDGEMENT THAT THE '221 PATENT IS UNENFORCEABLE AGAINST VALVE

58. Valve incorporates by reference the preceding paragraphs of this Complaint.

59. Valve received a "perpetual, irrevocable, royalty-free, fully paid-up, worldwide license" to the '221 Patent by signing the 2016 Global Settlement and License Agreement.

60. That Agreement applies with equal force to Defendant RBDS as it did to Ariel Inventions LLC, the Rothschild-controlled entity that was assigned the '221 Patent when the 2016 Global Settlement and License Agreement was signed. Indeed, Section 7.2 of the agreement states that "Licensor may not assign, or exclusively license, any of the Licensed Patents without such assignee or licensee agreeing to be bound by the obligations of the Licensor hereunder as if it were a party hereto, and any assignment or exclusive license made in violation of this provision shall be void." Ex. 1.

61. Valve is entitled to judgment declaring that the '221 Patent is unenforceable against Valve, and that no party can file suit against it for infringement of the '221 Patent.

62. Valve has no adequate remedy at law for its declaratory judgment claims.

## VII. COUNT III: BREACH OF CONTRACT

63. Valve incorporates by reference the preceding paragraphs of this Complaint.

64. Section 3.2 of the 2016 Global Settlement and License Agreement is titled "Covenant Not to Sue Licensee" and states "Licensor covenants not to sue Licensee or its Affiliates for actual or alleged infringement of the Licensed Patents." Ex. 1.

65. Valve fully performed its obligations under the 2016 Global Settlement and License Agreement.

66. As a condition of being assigned the '221 Patent, Defendant RBDS is bound by the 2016 Global Settlement and License Agreement as if it was an original signatory to the agreement.

67. As the original signatory to the 2016 Global Settlement and License Agreement, Display Techs. is bound by the agreement.

68. Defendant RBDS breached the covenant not to sue licensee when it asserted the '221 Patent in its most recent demand letter.

69. Defendant Display Techs. breached the covenant not to sue licensee when it asserted U.S. Patent No. 9,300,723 in its 2022 lawsuit against Valve and continues to be in breach by failing to withdraw the 2022 demands from Mr. Falcucci.

70. As explained above, Defendant Rothschild owns, controls, and directs the actions of Defendants RBDS and Display Techs. As a signatory to the 2016 Global Settlement and License Agreement, Defendant Rothschild is also in breach of the agreement.

## VIII. COUNT IV: VIOLATION OF WASHINGTON UNFAIR BUSINESS PRACTICES AND BAD FAITH ASSERTIONS OF PATENT INFRINGEMENT, RCW 19.86 AND 19.350

71. Valve incorporates by reference the preceding paragraphs of this Complaint.

72. Defendants' pre-suit threat to sue Valve for infringing the '221 Patent is a bad faith assertion of patent infringement and in violation of RCW.19.350 (the "Patent Troll Prevention Act").

73. Defendants made an assertion of patent infringement by sending the March 2022 demands to Valve, which falsely and misleadingly requested that Valve pay additional fees to obtain a license to U.S. Patents 8,671,195 and 9,300,723, patents owned by Defendant Display Techs. to which Valve already had a license.

74. Defendants have not withdrawn Mr. Falcucci's demands.

75. Defendants made another assertion of patent infringement by sending the June 2023 demand letter to Valve, which claimed that Valve has infringed the '221 Patent and encouraged Valve to obtain a license to the '221 Patent to avoid litigation. This threat, like the March 2022 threat, was made outside the context of active litigation between Defendants and Valve.

76. Defendants' assertion that Valve infringed the '221 Patent was made in bad faith.

77. Defendants' bad faith assertion of infringement imposed a significant burden on Valve because Valve must now, yet again, expend resources to defend itself against meritless infringement allegations.

78. The following non-exclusive factors enumerated under RCW 19.350 weigh in favor of a judicial finding that Defendants' threat of infringement against Valve was made in bad faith:

    a. 19.350.020(2)(d): "The person threatens legal action that cannot legally be taken." As explained above, Valve has a worldwide, perpetual license to the '221 Patent, and as such Defendants legally cannot sue Valve for infringement of the '221 Patent, or any other patent covered by the 2016 license.

    b. 19.350.020(2)(f): "The person, or a subsidiary or an affiliate of the person, has previously filed or threatened to file one or more lawsuits based on the same or substantially equivalent assertion of patent infringement, and a court found the person's assertion to be without merit or found the assertion contains false, misleading, or deceptive information." Upon information and belief, Defendants RBDS and/or another Rothschild-controlled entity have asserted the '221 Patent against 127 different companies spanning hundreds of technological fields, industries, services, and products. The only reason that a court has not previously found

the assertions of the '221 Patent to be meritless is because RBDS exacts a quick settlement fee far below the costs to litigate. As noted above, courts have found that patent claims made by other Rothschild-controlled entities are without merit.

   c. 19.350.020(2)(g): "Any other factor the court determines to be relevant." As explained above, Valve explicitly sent a copy of the 2016 Global Settlement and License Agreement to the Meyler Defendants. Those defendants, a law firm and attorney bound by the Washington State Rules of Professional Conduct, should have known about the agreement and its contents based on the bare-minimum due diligence required before filing suit. The earlier-filed Meyler case, brought on behalf of Defendant Display Techs., was voluntarily dismissed. Five months later, however, Defendants are trying the same tactic again, asserting infringement of patents Valve has already licensed.

  79. Defendants' violations of RCW 19.350 are an unfair and deceptive business practice in the conduct of trade or commerce, as declared unlawful and actionable per RCW 19.86.020. *See* RCW 19.86.093; *see also* RCW 19.350.030 (A violation of the Patent Troll Prevention Act "is an unfair or deceptive act in trade or commerce and an unfair method of competition for purposes of applying the consumer protection act, chapter 19.86 RCW.").

**IX. COUNT V: CONSPIRACY TO COMMIT VIOLATIONS OF WASHINGTON UNFAIR BUSINESS PRACTICES AND BAD FAITH ASSERTIONS OF PATENT INFRINGEMENT, RCW 19.86 AND 19.350**

  80. Valve incorporates by reference the preceding paragraphs of this Complaint.

  81. Defendant Leigh Rothschild, together with his controlled entities Defendants Display Techs., RBDS, and PAM, entered into an agreement with the Meyler Defendants with the intent of accomplishing the unlawful purpose of violating the Washington State Patent Troll Prevention Act.

82. The Meyler Defendants have represented at least four different Rothschild-controlled entities for the purpose of making bad faith assertions of patent infringement against Valve.

83. Upon information and belief, Meyler, through his law firm Meyler Legal PLLC, has sent other demand letters to businesses in Washington.

84. Defendants knew or should have known that the '221 Patent was unenforceable against Valve, and that any attempt to enforce the '221 Patent against Valve would be in bad faith. Despite this knowledge, Defendants nevertheless accuse Valve of infringing the '221 Patent.

X. **PRAYER FOR RELIEF**

WHEREFORE, Valve respectfully requests the following relief:

   a. Damages, treble damages, and attorney fees pursuant to RCW 19.86.090;

   b. A declaration that the '221 patent is invalid;

   c. Preliminary and permanent injunctive relief against Defendants, and ordering Defendants and each of their officers, directors, agents, counsel, servants, employees, and all persons in active concert or participation withdraw their claims and be restrained from alleging, representing, or otherwise stating that any Valve product or service infringes any patent covered by the 2016 Global Settlement and License Agreement, and further enjoining Defendants from instituting any action or proceeding alleging infringement of any claims of any of the patents covered in the 2016 Global Settlement and License Agreement against Valve;

   d. Declaring Valve as the prevailing party and this case as exceptional, and awarding Valve its reasonable attorney fees, pursuant to 35 U.S.C. § 285;

    e.    Awarding Valve all damages caused by Defendants' unlawful acts, including punitive damages and pre- and post-judgment interest, as provided by law;

    f.    That Defendants be ordered to pay all fees, expenses and costs associated with this action; and

    g.    Awarding such other and further relief as this Court deems just and proper.

**XI.**    **JURY TRIAL REQUEST**

82.    Valve, pursuant to the Seventh Amendment of the United States Constitution, requests trial by jury on all issues properly heard by a jury.

Dated: July 7, 2023    KILPATRICK TOWNSEND & STOCKTON LLP

By: /s/ *Dario A. Machleidt*
Dario A. Machleidt (State Bar No. 41860)
Kathleen R. Geyer (State Bar No. 55493)
Christopher P. Damitio (State Bar No. 58633)
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
Telephone: (206) 467-9600
dmachleidt@kilpatricktownsend.com
kgeyer@kilpatricktownsend.com
damitio@kilpatricktownsend.com

c