# EXHIBIT 3

# Gadgets, Gigabytes & Goodwill Blog

A Law Blog on Issues Surrounding the Protection and Promotion of Intangible Assets

## NPE Showcase – Leigh Rothschild



By Patrick Muffo on May 11, 2023

Most nonpracticing entities are private firms owned by patent attorneys, investors, or a combination of the two. In other cases, NPEs do everything they can to obscure the identify

of the true owner. And in virtually all cases, NPEs purchase the asserted patents from another company seeking to divest assets for cash.

Leigh Rothschild is a bit different. Mr. Rothschild is typically both the inventor of the asserted patent and the owner of the company asserting the patents. Some have called him a modern day Thomas Edison given the hundreds of patents for which he is a listed owner—ranging from an **internet connected drink mixer** to a **telecommunications method for transferring media content**. Others have accused him of being a "patent troll" based on the broad interpretation of his patents and his litigious enforcement activity.

A fair assessment likely places Mr. Rothschild somewhere in between. His entities have filed a whopping 1,249 patent infringement lawsuits with 23 of those pending. This certainly qualifies as a high volume patent troll. And Rothschild has been hit with fee awards for filing objectively baseless lawsuits against defendants who clearly did not infringe his patents. This suggests at least some of his cases are quite weak. All troll-like behavior, but from an inventor who is *creating* the patents rather than *mining* for them.

Rothschild is likely better described as someone who is capable of slipping a patent application by the Patent Office in very broad terms, then asserting it against technology that is completely different than the invention in the patent. Take the drink mixer invention above. Mr. Rothschild argued that invention was broad enough to cover the concept of remote configuration. Here is claim 1 of that patent:

> 1. A system for customizing a product according to a user's preferences comprising: a remote server including a database configured to store a product preference of a predetermined product for at least one user; and
>
> a first communication module within the product and in communication with the remote server;
>
> wherein the remote server is configured to receive the identity of the predetermined product and the identity of the at least one user, retrieve the product preference from the database based on the identity of the predetermined product and the identity of the least one user and transmit the product preference to the first communication module.

The patent examiner was clearly fooled by the invention of the application (a remote drink mixer) and did not mean to allow a claim that was so broad. But that's the game – and Rothschild plays it well.

Fast forward to today and you'll find Rothschild filing cases in a time when IP Edge has effectively halted its patent enforcement activities. Of course, IP Edge reduced their filings in response to Judge Connolly forcing the disclosure of the owners of IP Edge entities. Rothschild has no issue offering up his ownership and, in fact, enjoys the perception of the Thomas Edison-like status that comes with it.



Copyright © 2023, Seyfarth Shaw LLP. All Rights Reserved.