# EXHIBIT 4





# Federal Circuit Hits Stupid Patent Owner With Fee Award

Patent litigation abuse thrives when patent trolls can force defendants into making a hard choice: pay the troll (even though the claim is absurd) or pay even more to your lawyers. This week, the Federal Circuit issued an encouraging ruling that will make it harder to use this gambit. Overturning a contrary decision by the patent-friendly Eastern District of Texas, the appellate court required a notorious patent troll practicing this model to pay the defendant's attorney's fees. The lower court had given the troll a pass because it dismissed its case early (which would give impunity to any troll that runs away when the defendant fights back). This week's decision is an important win for victims of abusive litigation.

The patent troll in question is Rothschild Connected Devices Innovations LLC (RCDI). RCDI's patent on an Internet-connected drink mixer is so stupid we awarded it our August 2015 Stupid Patent of the Month. As we explained in that post, RCDI's patent not only claimed an obvious idea, but had been expanded so broadly that it effectively covered any kind of remote updating over the Internet.

Armed with an absurdly broad patent, RDCI began suing dozens of companies ranging from ADT to Whirlpool. It effectively claimed to own the entire Internet of Things. For example, its complaint against ADT claimed that a system that



FIG. 1

allows customers to "remotely customize the operation" of a "thermostat" infringed RCDI's patent. Many of these cases settled quickly for nuisance amounts. When defendants fought back, RCDI simply dismissed its claims.

Some defendants were able to deter RCDI by filing a motion arguing that its patent is invalid under Alice v. CLS Bank (which holds that abstract ideas do not become patent eligible by being performed with generic computers). If it weren't for the Alice decision, it would have been far more difficult for defendants to avoid lengthy and expensive discovery and that would have created intense settlement pressure. This case is a good example of why Congress should leave the Alice decision alone.

After RCDI dismissed its case against ADS Security, ADS kept fighting and demanded attorney's fees. Magistrate Judge Payne rejected the request because RCDI had dismissed its case early, after ADS sent a letter explaining that RCDI's claims were frivolous. As the Federal Circuit explained, Judge Payne's decision conflated Rule 11 (which gives parties the chance to withdraw) with Section 285 of the Patent Act (which allows for fee awards in exceptional cases). The Federal Circuit also noted that the district court had failed to give enough weight to RCDI's pattern of vexatious litigation.

The Federal Circuit's recent ruling is not the only challenge RCDI faces. International tech company Garmin, Inc. is also fighting back and seeking fees. Garmin's most recent filing outlines a disturbing pattern of misconduct, including:

- RDCI's principal misrepresented his residency in a signed form submitted to the Texas Secretary of State.
- RDCI's real office is in Florida but it claimed that a virtual office in Texas was its "principle place of business" and its only address.
- RDCI argued that a motion under Section 101 could not be decided until formal claim construction then later argued no claim terms needed construction.

Garmin supports each of these allegations with documentary evidence. In opposing Garmin's fee motion, RCDI had been relying heavily on the now-overturned decision denying ADS's fees. Hopefully, the Federal Circuit's new guidance will help the Eastern District of Texas reach a fair result this time.

While this week's decision is encouraging, more reform is needed. The decision does nothing to prevent the Patent Office from issuing more stupid software patents to fuel patent trolling. Patent trolls are still desperately trying to get their cases into the Eastern District of Texas, even after the Supreme Court's decision in the _TC Heartland_ case. Even if trolls have to leave Texas, that doesn't prevent them from shaking down defendants in other districts.

The principal and supposed inventor behind RCDI, Leigh Rothschild, was once featured by Intellectual Ventures in an Inventor Spotlight blog post where he argued against patent reform. But RCDI is not a poster child for the patent system. It is a poster child for patent litigation abuse. EFF agrees with Intellectual Ventures on one thing: the absurd patents and abusive litigation conduct of trolls like RCDI should be at the center of any debate about patent reform.

# JOIN EFF LISTS

## Discover more.

Email updates on news, actions, events in your area, and more.

Email Address

Postal Code (optional)

Anti-spam question: Enter the three-letter abbreviation for Electronic Frontier Foundation:

**SUBMIT**