HON. JAMAL N. WHITEHEAD

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| VALVE CORPORATION,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>LEIGH ROTHSCHILD, ROTHSCHILD BROADCAST DISTRIBUTION SYSTEMS, LLC, DISPLAY TECHNOLOGIES, LLC, PATENT ASSET MANAGEMENT, LLC, MEYLER LEGAL, PLLC, AND SAMUEL MEYLER,<br><br>　　　　Defendants. | Case No. 2:23-cv-1016<br><br>**VALVE CORPORATION'S UNOPPOSED MOTION TO SEAL EXHIBIT 6 TO FIRST AMENDED COMPLAINT**<br><br>NOTE ON MOTION CALENDAR: [November 3, 2023]<br><br>Complaint Filed:　　07/07/2023<br><br>JURY TRIAL DEMANDED |

　　　　Pursuant to Local Civil Rule 5(g)(2), Plaintiff Valve Corporation ("Valve") respectfully moves this Court to issue an Order directing the Clerk to maintain under seal an unredacted copy of Valve's Exhibit 6 to Valve's First Amended Complaint. Dkt. 23-6. Specifically, Valve seeks to seal part of a single sentence on page 8 of Exhibit 6, which reflects the amount Valve paid to settle a previous lawsuit. Valve explored but was unable to determine an alternative to filing under seal.

**I.　CERTIFICATION**

　　　　Counsel for all parties conferred via email on October 11, 2023, and Defendants stated that they do not oppose Valve's Motion. Damitio Decl., ¶ 5. A redacted public version of Valve's Exhibit 6 to First Amended Complaint is being filed concurrently on the case docket.

PLAINTIFF'S UNOPPOSED MOTION TO SEAL EXHIBIT 6 TO THE FIRST AMENDED COMPLAINT     1
Case No. 2:23-cv-1016

Kilpatrick Townsend & Stockton LLP,
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

## II. BACKGROUND

In 2016, Valve executed a license agreement with Defendants Display Technologies, LLC and Leigh Rothschild to settle ongoing litigation between the parties. Valve paid Display Technologies in exchange for a license to the asserted patents, as well as dozens of other patents owned by entities controlled by Mr. Rothschild. This 2016 agreement is relevant to Valve's claims in this action. Valve filed its first amended complaint without redacting the amount that Valve paid under the license. Dkt. 23-6. The next business day, Valve informed the Court that the exhibit included confidential information and requested that the exhibit be placed under seal, which the Court did. Valve now moves in support of its request to maintain the as-filed Exhibit 6 under seal.

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 26(c) provides the Court discretion to permit sealing of documents to protect "a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 26(c). A "district court's order sealing its records [is] an exercise of its inherent supervisory power." *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995).

To seal documents associated with a non-dispositive motion, the designating party must demonstrate "good cause." *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179-80 (9th Cir. 2006). The "good cause" standard requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *See Phillips ex rel. Estates of Byrd v. Gen. Motors Corp*., 307 F.3d 1206, 1211 (9th Cir. 2002). Courts in the Western District of Washington have previously found settlement negotiations and settlement agreements to be the type of confidential information that may be sealed. *Microsoft Corporation v. Motorola Inc., et. al*., No. 2:10-cv-1823, Dkt. 627, at 4-5 (W.D. Wash. Nov. 9, 2010).

## IV. ARGUMENT

There is good cause to keep Valve's payment amount in the 2016 settlement agreement under seal. First, Valve's interests will be furthered by the relief sought. The decision to settle a lawsuit for any amount results from internal business decisions that are made and kept confidential by Valve.

PLAINTIFF'S UNOPPOSED MOTION TO SEAL
EXHIBIT 6 TO THE FIRST AMENDED COMPLAINT   2
Case No. 2:23-cv-1016

Kilpatrick Townsend & Stockton LLP,
1420 Fifth Avenue, Suite 3700
Seattle, WA  98101
(206) 467-9600

Second, disclosure of this confidential information will result in competitive harm to Valve and impair its ability to negotiate settlements in future unrelated case. The knowledge of the amount that Valve paid to settle prior patent litigation suits is likely to place it at a disadvantage when attempting to negotiate any future case resolutions, potentially prolonging future litigation. *Microsoft Corp.*, 2:10-cv-1823, Dkt. 627 at 5 (sealing settlement licenses and stating "[b]y preventing settlement negotiations being admitted into evidence, full and open disclosure is encouraged, thereby furthering the policy toward settlement"). For these reasons, courts in the Ninth Circuit routinely grant motions to seal licensing terms. *In re Qualcomm Litig.*, No. 3:17-CV-0108-GPC-MDD, 2017 WL 5176922 (S.D. Cal. Nov. 8, 2017) (finding that defendant had met its burden to seal under the higher "compelling reason" standard and stating "[t]he Ninth Circuit has explicitly recognized that compelling reasons exist for the sealing of 'pricing terms, royalty rates, and guaranteed minimum payment terms' of license agreements." (*citing In re Elec. Arts, Inc*., 298 Fed. Appx. 568, 569 (9th Cir. 2008)).

Third, Valve seeks the least restrictive relief from the Court. Valve seeks only to redact a single sentence in the exhibit.

V.    **CONCLUSION**

For the foregoing reasons, Valve respectfully requests the Court grant its motion to seal.

PLAINTIFF'S UNOPPOSED MOTION TO SEAL
EXHIBIT 6 TO THE FIRST AMENDED COMPLAINT      3
Case No. 2:23-cv-1016

Kilpatrick Townsend & Stockton LLP,
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

DATED: October 13, 2023

Respectfully submitted,

KILPATRICK TOWNSEND & STOCKTON LLP

By: /s/ *Dario A. Machleidt*
Dario A. Machleidt (State Bar No. 41860)
Kathleen R. Geyer (State Bar No. 55493)
Christopher P. Damitio (State Bar No. 58633)
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
Telephone: (206) 467-9600
dmachleidt@kilpatricktownsend.com
kgeyer@kilpatricktownsend.com
cdamitio@kilpatricktownsend.com

*Attorneys for Plaintiff*
*VALVE CORPORATION*

I certify that this memorandum contains 685 words in compliance with the Local Civil Rules.

/s/ *Dario A. Machleidt*

PLAINTIFF'S UNOPPOSED MOTION TO SEAL
EXHIBIT 6 TO THE FIRST AMENDED COMPLAINT    4
Case No. 2:23-cv-1016

Kilpatrick Townsend & Stockton LLP,
1420 Fifth Avenue, Suite 3700
Seattle, WA  98101
(206) 467-9600

## CERTIFICATE OF SERVICE

I hereby certify that on October 13, 2023, I filed the within through the ECF system and that notice will be sent electronically to all counsel who are registered participants identified on the Mailing Information for C.A. No. 2:23-cv-01016.

/s/ Dario A. Machleidt

PLAINTIFF'S UNOPPOSED MOTION TO SEAL
EXHIBIT 6 TO THE FIRST AMENDED COMPLAINT   5
Case No. 2:23-cv-1016

Kilpatrick Townsend & Stockton LLP,
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600