Honorable Jamal N. Whitehead

1

2

3

4

5   **UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
6   **AT SEATTLE**

7
| | |
|---|---|
| VALVE CORPORATION | Case No.  **2:23-cv-01016** |
| Plaintiff, | |
| v. | **DEFENDANTS' MOTION TO TRANSFER** |
| LEIGH ROTHSCHILD, ROTHSCHILD BROADCAST DISTRIBUTION SYSTEMS, LLC, DISPLAY TECHNOLOGIES, LLC, PATENT ASSET MANAGEMENT, LLC, MEYLER LEGAL, PLLC, AND SAMUEL MEYLER**, | NOTE ON MOTION CALENDAR: **November 17, 2023** |
| Defendants. | |

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

**DC LAW GROUP**
12055 15th Ave NE | Seattle, WA 98125
Phone: (206) 494.0400

## TABLE OF CONTENTS

I.  INTRODUCTION ................................................................................................. 5

II.  SUMMARY OF RELEVANT FACTS ............................................................... 5

III. SUMMARY OF RELEVANT LEGAL PRINCIPLES ...................................... 7

IV. ARGUMENT ...................................................................................................... 9

    A.    The Parties' Dispute is Covered by the GLSA.........................................9

    B.    The Forum Selection Clause is Valid ..............................................10

    B.    The Public Interest Factors Favor Transfer...................................13

V.  CONCLUSION ................................................................................................. 15

1

## TABLE OF AUTHORITIES

2

**Cases**

3   *Arbor Windsor Court, Ltd. v. Weekley Homes, LP*, 463 S.W.3d 131 (Tex. 20__)……………....13

4   *Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320 (9th Cir. 1996)…………………………………10

5   *Atlantic Marine Construction Co. v. United States District Court for
      the Western District of Texas*, 571 U.S. 49 (2013)…………………………………………..*passim*

6

    *Burger King Corp v. Rudzewicz*, 471 U.S. 462 (1985)………………………………………10

7

    *Celtic Int'l, LLC v. J.B. Hunt Transp., Inc.*, 234 F. Supp. 3d 1034 (E.D. Cal. 2017)…………..8

8

9   *Dix v. ICT Group, Inc.*, 160 Wn.2d 826, 161 P.3d 1016 (2007)………………………………...7

    *Eastlake Constr. Co. v. Hess*, 102 Wn.2d 30, 686 P.2d 465 (Wash. 1984)……………………13

10

11  *Lueck v. Sundstrand Corp.*, 236 F.3d 1137 (9th Cir. 2001)……………………………………14

    *Manetti-Farrow, Inc. v. Gucci America, Inc.*, 858 F.2d 509 (9th Cir. 1988)…………………....10

12

13  *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1 (1972)……………………………………7, 9

    *Murphy v. Schneider National, Inc.*, 362 F.3d 1133 (9th Cir. 2004)……………………………7

14

15  *Pelleport Investors, Inc. v. Budco Quality Theatres, Inc.*, 741 F.2d 273 (9th Cir. 1984)………10

    *Petersen v. Boeing Co.*, 715 F.3d 276 (9th Cir. 2013)…………………………………………8

16

17  *Piper Aircraft Co. v. Reyno*, 454 U.S. 235 (1981)……………………………………………14

    *Richards v. Lloyd's of London*, 135 F.3d 1289 (9th Cir. 1998)………………………………12

18

19  *Roby v. Corporation of Lloyd's*, 996 F.2d 1353 (2d Cir. 1993)………………………………12

    *Spradlin v. Lear Siegler Mgmt. Servs. Co., Inc.*, 926 F.2d 865 (9th Cir. 1991)………………10

20

21  *Yei A. Sun v. Advanced China Healthcare, Inc.*, 901 F.3d 1081 (9th Cir. 2018)……………....7

22

**Statutes**

23   28 U.S.C. § 1404(a) .................................................................... 5, 6, 8

24

DEFENDANTS' MOTION TO TRANSFER – Page **3** of 17
Case No. 2:23-cv-01016

**DC LAW GROUP**
12055 15th Ave NE | Seattle, WA 98125
Phone: (206) 494.0400

RCW 19.350.030……………………………………………………………………...13

RCW 19.86.090…………………………………………………………………………13

Tex. Bus. & Comm. Code § 15.21……………………………………………………13

Tex. Bus. & Comm. Code § 17.953……………………………………………………..13

**DC LAW GROUP**
12055 15th Ave NE | Seattle, WA 98125
Phone: (206) 494.0400

## I.      INTRODUCTION

Plaintiff Valve Corporation ("Valve") has filed this lawsuit against Defendants Leigh Rothschild, Rothschild Broadcast Distribution Systems, LLC, Display Technologies, LLC, Patent Asset Management, LLC (collectively, "the Rothschild Defendants") and Meyler Legal, PLLC and Samuel Meyler, Esq. (collectively, "the Meyler Defendants") in the United States District Court for the Western District of Washington. On January 11, 2016, however, Valve and The Rothschild Defendants had entered into an agreement which included a forum selection clause requiring any dispute between them to be litigated in the State of Texas using Texas law.

Consequently, Valve should have brought its case in the State of Texas, not Washington. The Rothschild Defendants and the Meyler Defendants therefore respectfully move this Court pursuant to 28 U.S.C. § 1404(a) to transfer this matter to the United States District Court for the Eastern District of Texas, particularly the Marshall Division, as a more appropriate venue for this dispute.

## II.     SUMMARY OF RELEVANT FACTS

Leigh M. Rothschild is a prolific inventor, having been named as the sole inventor on over one hundred thirty (130) issued United States patents over the past two decades. Many of those patents have been licensed to companies seeking to exploit Mr. Rothschild's inventions. Mr. Rothschild is a former presidential appointee to the High-Resolution Board for the United States under former President George H.W. Bush and has also served as an advisor for former President Ronald Reagan. Mr. Rothschild has served Governors on technology boards, served as a special advisor to then Florida Secretary of Commerce John Ellis "Jeb" Bush, and served on the IT Florida Technology Board as an appointee of former Governor John Ellis "Jeb" Bush.

1    Having recognized the commercial value of patents through licensing his own inventions,

2    Mr. Rothschild began to assist other inventors in monetizing their inventions. In connection with

3    this effort, Mr. Rothschild formed Patent Asset Management, LLC. ("PAM"). PAM is a holding

4    company that manages various corporate entities established by Rothschild for the purpose of

5    holding and licensing the rights to collections of U.S. patents, such as Rothschild Broadcast

6    Distribution Systems, LLC ("RBDS") and Display Technologies LLC ("DT"). PAM has been

7    quite successful in its endeavors, licensing hundreds of patents to date and thereby rewarding the

8    individual inventors of those patents for their technological contributions.

9    In June 2015, DT filed suit against Valve for patent infringement in the Marshall Division

10   of the United States District Court for the Eastern District of Texas. *See Digital Technologies, LLC*

11   *v. Valve Corporation*, Case No. 2-15-cv-00999 (E.D. Tex.). Valve did not dispute that jurisdiction

12   and venue were appropriate in the Eastern District of Texas, nor did Valve move to transfer that

13   action to a different forum. *See id.* In addition, Valve has conceded the appropriateness of the

14   Eastern District of Texas as venue in other actions. *See*, *e.g.*, *C4cast.com, Inc. v. Valve*

15   *Corporation*, Case No. 2:14-cv-00497 (E.D. Tex.), Dkt. # 9.

16   Subsequently, in November 2016, Mr. Rothschild and DT entered into a Global Settlement

17   and License Agreement (the "GSLA") with Valve covering a number of patents owned by DT

18   and/or other entities controlled by Mr. Rothschild. The GSLA included a conflict of laws and

19   forum selection provision. *See* Dkt. #1-1 at 12, ¶ 11.1. Of particular relevance here, the GSLA

20   provided that "[t]he Parties hereby submit to the jurisdiction of and waive any venue objections

21   against, the State and Federal courts in Texas." *Id*.

22   Meyler Legal, PLLC and its principal Samuel Meyler were first engaged as local counsel

23   by RBDS, DT and Social Positioning Input Systems, LLC ("SPIS"), another PAM managed entity,

24

1 in 2022 to assist in RBDS's, DT's and SPIS' attempts to license the patents in their respective
2 portfolios. Prior to that time, neither Meyler Legal nor Mr. Meyler had represented Mr. Rothschild,
3 PAM, or any PAM-related entity.

4     On September 27, 2022, Mr. Meyler, as local counsel, filed a lawsuit against Valve on
5 behalf of DT, *viz. Display Technologies LLC v. Valve Corporation*, Case No. 2:22-cv-01365 (WD
6 Wash.), asserting U.S. Patent No. 9,300,723 ("the '723 patent"). Unbeknownst to Mr. Meyler at
7 the time, the '723 patent was a continuation of a patent covered by the GSLA. When informed of
8 this by Valve, Mr. Meyler promptly dismissed the lawsuit on October 13, 2022.

9     In June 2023, Mr. Meyler sent a letter to Valve on behalf of his clients SPIS, RBDS and
10 Quantum Technology Innovations, LLC ("QTI") regarding U.S. Patent No. 7,650,376 ("the '376
11 patent"), U.S. States Patent No. 9,261,365 (hereinafter "the '365 patent"), and U.S. Patent No.
12 8,856,221 ("the '221 patent"). *See* Dkt. # 1-8. Unbeknownst to Mr. Meyler at the time, the '221
13 patent was also covered by the GSLA. Lawsuits have been filed, however, against Valve for
14 infringement of the '376 patent and the '365 patent, *viz. Quantum Technology Innovations, LLC
15 v. Valve Corporation, et al.,* Case No. 2:23-cv-00425 (ED Tex.) and *Social Positioning Input
16 Systems, LLC v. Valve Corporation, et al.,* Case No. 2:23-cv-00422 (ED Tex.).

17 **III.  SUMMARY OF RELEVANT LEGAL PRINCIPLES**

18     The statute on venue provides that "[f]or the convenience of parties and witnesses, in the
19 interest of justice, a district court may transfer any civil action to any other district or division
20 where it might have been brought or to any district or division to which all parties have consented."
21 28 U.S.C. § 1404(a). A forum-selection clause may be enforced by a motion to transfer under §
22 1404(a). *See Atlantic Marine Construction Co. v. United States District Court for the Western
23 District of Texas*, 571 U.S. 49, 52 (2013).

24

When a defendant files a motion to transfer under § 1404(a) based on a forum selection clause, "a district court should transfer the case unless extraordinary circumstances unrelated to the convenience of the parties clearly disfavor a transfer." *Id*. The party opposing the enforcement of a forum selection clause has the "heavy burden" of showing that it is "'unreasonable' under the circumstances." *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10, 18 (1972). "In all but the most unusual cases . . . "the interest of justice" is served by holding parties to their bargain." *Atlantic Marine*, 571 U.S. at 64.

Forum selection clauses "are presumptively valid" and "should be honored 'absent some compelling and countervailing reason.'" *Murphy v. Schneider National, Inc.*, 362 F.3d 1133, 1140 (9th Cir. 2004) (quoting *M/S Bremen*, 407 U.S. at 12); *see also Dix v. ICT Group, Inc.*, 160 Wn.2d 826, 834, 161 P.3d 1016 (2007) ("Forum selection clauses are prima facie valid."). A forum selection clause controls "unless the plaintiff ma[kes] a strong showing that: (1) the clause is invalid due to fraud or overreaching[;] (2) enforcement would contravene a strong public policy of the forum in which suit is brought, whether declared by statute or by judicial decision[;] or (3) trial in the contractual forum will be so gravely difficult and inconvenient that the litigant will for all practical purposes be deprived of his day in court." *Yei A. Sun v. Advanced China Healthcare, Inc.*, 901 F.3d 1081, 1088 (9th Cir. 2018) (quoting *M/S Bremen*, 407 U.S. at 18) (internal quotations omitted).

Where there is a valid forum selection clause, a court must adjust the § 1404(a) analysis in three ways: (1) the court should not consider plaintiff's choice of forum, *i.e.*, the plaintiff's choice of forum is entitled to no weight; (2) the court should not consider arguments about the parties' private interests because the parties have waived those interests when consenting to a forum selection clause; and (3) because the parties have waived their right to the original venue by

contractually selecting a venue, the original venue's choice-of-law rules will not apply. *Atlantic Marine*, 571 U.S. at 63-64.

When deciding a § 1404(a) motion to transfer pursuant to a forum-selection clause, the court must first evaluate the scope and applicability of the forum selection clause to determine whether it encompasses the dispute at issue in the lawsuit. *Petersen v. Boeing Co.*, 715 F.3d 276, 280 (9th Cir. 2013). The court must then determine whether the forum selection clause is valid. *See Celtic Int'l, LLC v. J.B. Hunt Transp., Inc.*, 234 F. Supp. 3d 1034, 1038 (E.D. Cal. 2017) ("The Court looks first to whether the forum-selection clause is presumptively valid."). Finally, the court must evaluate whether the public interest factors weigh against transfer. *See Atlantic Marine*, 571 U.S. at 64 ("[A] district court may consider arguments about public-interest factors only.")

## IV.   ARGUMENT

### A.   The Parties' Dispute is Covered by the GLSA

Based on the allegations contained in the FAC, Plaintiff's present cause of action arises out of the GLSA between Plaintiff and the Rothschild Defendants. Count III of the FAC, for example, expressly accuses the Rothschild Defendants of having breached the GLSA. *See* Dkt. # 23 at 13-14. Counts I and II of Plaintiff's FAC are directed towards the validity and enforceability of the '221 patent, which the FAC concedes is one of the patents covered by the GLSA. *See id.* at 11-12. Counts IV and V of the FAC are based on the alleged enforcement by the Rothschild Defendants of, *inter alia*, the '221 patent. *See id.* at 14-19. The present dispute is therefore within the scope the GLSA.

More specifically, Counts III, IV, and V of Plaintiff's FAC all directly arise from the Rothschild Defendants' alleged failure to perform their obligations under the GLSA, including paragraphs 3.1 and 3.2. *See* Dkt. # 23 at ¶¶ 66-67, 72. Performance of a party's obligations under

the GLSA, including paragraphs 3.1 and 3.2, is expressly covered by the terms of the GLSA, which

provide, in pertinent part, that:

> The construction, validity and performance of the [GLSA] shall be governed in all respects (without regard to conflicts of law provisions) by the law of the State of Texas, United States of America, as such law applies to contracts signed and fully performed in the State of Texas.

Dkt. # 1-1 at 12, ¶ 11.1. Counts III, IV, and V of Plaintiff's FAC are therefore all within the scope

of the GLSA.

      With respect to Counts I and II of Plaintiff's FAC, the GLSA precludes Plaintiff from

challenging the validity or enforceability of any patent covered by it. *See* Dkt. # 1-1 at 5, ¶ 3.4.

The GLSA, however, also states, in relevant part, that:

> [N]othing in this Paragraph or in this Agreement shall prevent Licensee or any Licensee Third Party (other than as provided in Paragraph 3.5 hereof) from asserting that any of the Licensed Patents are invalid, not infringed or unenforceable if the Licensed Patents are asserted against Licensee or any Licensee Third Party.

Dkt. # 1-1 at 5, ¶ 2.3. Consequently, the threshold question of whether Plaintiff can even assert

Counts I and II, much less prevail on them, is governed by the terms of the GLSA. Counts I and II

of Plaintiff's FAC are therefore also within the scope of the GLSA.

### B. The Forum Selection Clause is Valid

      The GLSA also includes a forum selection clause, *viz.*, "[t]he Parties hereby submit to the

jurisdiction of, and waive any venue objections against, the State and Federal courts in Texas."

Dkt. # 1-1 at 12, ¶ 11.1. This clause, which Plaintiff and the Rothschild Defendants negotiated and

agreed to, is valid and enforceable. *See M/S Bremen*, 407 U.S. at 18. In particular, as described in

more detail below, the forum selection clause in the GLSA was not the product of fraud or

overreaching and will not deprive Plaintiff of its day in court. Nor would enforcement of the forum

selection clause contravene a strong public policy in the State of Washington.

1    First, there is no allegation, much less evidence, that the forum selection clause in the

2    GLSA was the product of fraud or overreaching by the Rothschild Defendants. Indeed, the GLSA

3    specifically states that "[t]he language of this Agreement has been approved by counsel for each

4    Party." Dkt. # 1-1 at 13, ¶ 11.9. Given that Plaintiff had the benefit of the advice of counsel prior

5    to signing the GLSA, and that such counsel expressly approved the language of the GLSA, Plaintiff

6    cannot now contend that the forum selection clause was the product of fraud or overreaching. *See*,

7    *e.g.*, *Burger King Corp v. Rudzewicz*, 471 U.S. 462, 486-87 (1985) (recognizing there was no

8    "misrepresentation, fraud, and duress" where the party seeking to avoid enforcement of a forum

9    selection clause was represented by counsel throughout the transactions at issue).

10   Second, Plaintiff cannot show that enforcing the forum selection clause would effectively

11   deny Plaintiff its day in court. In particular, to establish the unreasonableness of a forum selection

12   clause, Plaintiff "has the heavy burden of showing that trial in the chosen forum would be so

13   difficult and inconvenient that the party effectively would be denied a meaningful day in court."

14   *Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 325 (9th Cir. 1996); *Manetti-Farrow, Inc. v. Gucci*

15   *America, Inc.*, 858 F.2d 509, 515 (9th Cir. 1988); *Pelleport Investors, Inc. v. Budco Quality*

16   *Theatres, Inc.*, 741 F.2d 273, 280 (9th Cir. 1984). In evaluating this exception, "courts are to

17   consider a party's financial ability to litigate in the forum selected by the contract." *Murphy,* 362

18   F.3d at 1141-42. A court may also consider "travel costs, availability of counsel . . ., [and] location

19   of witnesses . . .." *Spradlin v. Lear Siegler Mgmt. Servs. Co., Inc.*, 926 F.2d 865, 869 (9th Cir.

20   1991).

21   Plaintiff cannot show that it would represent an undue or unreasonable financial burden for

22   Plaintiff to be required to litigate this dispute in the Eastern District of Texas. Plaintiff has

23   previously appeared as a party in the U.S. District Court for the Eastern District of Texas on

24

1   multiple occasions and has even voluntarily filed counterclaims of its own in that Court. *See, e.g.,*

2   *Digital Reg of Texas, LLC v. Adobe Systems Inc. et al.*, Civil Action No. 6:11-cv-00305-LED, Dkt.

3   # 29; *Game and Technology Co., Ltd. v. Valve Corporation*, Civil Action No. 2:15-cv-01259-

4   RWS-RSP, Dkt. # 6. Plaintiff plainly has the financial resources to litigate this case in Texas and,

5   as shown by its actions in other cases, Plaintiff has had no issue finding suitable counsel to

6   represent it in Texas. Plaintiff therefore cannot show that Plaintiff would be denied its day in court

7   simply because this case is transferred to Texas pursuant to the forum selection clause in the

8   GLSA.

9         Finally, transferring this case to Texas would not contravene any strong public policy in

10   the State of Washington. Where, as in this case, the party opposing the enforcement of the forum-

11   selection clause argues that its enforcement would contravene a strong public policy of the forum

12   in which the suit was brought, that party must show that the available remedies under the law of

13   the forum named in the forum-selection clause are "insufficient" to deter the opposing party's

14   alleged wrongful conduct. *See Roby v. Corporation of Lloyd's*, 996 F.2d 1353, 1363-1366 (2d Cir.

15   1993); *see also Richards v. Lloyd's of London,* 135 F.3d 1289, 1296 (9th Cir. 1998). Plaintiff can

16   make no such showing here.

17         Whether a patent such as the '221 patent is valid and enforceable is subject to the patent

18   laws of the United States. Those laws are codified at Title 35, United States Code, and are equally

19   applicable in all fifty states, including both Washington and Texas. Transfer of this case to Texas

20   would therefore have no effect on the remedies available to Plaintiff with respect to Counts I and

21   II of Plaintiff's FAC.

22         Similarly, both Texas and Washington permit a party to a contract to bring an action for

23   the alleged breach of that contract. And the potential remedies available to a party in Texas are

24

1    substantially the same as those available to a party in Washington, *viz.* damages. *Compare Arbor*

2    *Windsor Court, Ltd. v. Weekley Homes, LP*, 463 S.W.3d 131, 137 n.6 ("The remedy for a party's

3    breach of a covenant is a claim for damages.") *with Eastlake Constr. Co. v. Hess*, 102 Wn.2d 30,

4    39, 686 P.2d 465, 470 (Wash. 1984) ("The general measure of damages for breach of contract is

5    that the injured party is entitled (1) to recovery of all damages that accrue naturally from the breach,

6    and (2) to be put into as good a pecuniary position as he would have had if the contract had been

7    performed."). Transfer of this case to Texas would therefore have no effect on the remedies

8    available to Plaintiff with respect to Counts III of the FAC.

9         A comparison of the relevant provisions of the Revised Code of Washington with those of

10   the Texas Business & Commercial Code shows that both states have empowered their attorney

11   general to enjoin bad faith allegations of patent infringement and to seek compensation for anyone

12   adversely affected by a bad faith allegation of patent infringement. *Compare* RCW 19.350.030

13   *with* Tex. Bus. & Comm. Code § 17.953. Likewise, both states enable a party who has been

14   subjected to unfair trade practices by a conspiracy to file an action for civil damages. *Compare*

15   RCW 19.86.090 *with* Tex. Bus. & Comm. Code § 15.21. Transfer of this case to Texas would thus

16   also have no effect on the remedies available to Plaintiff with respect to Counts IV and V of the

17   FAC.

18        The forum selection clause in the GLSA is therefore valid and enforceable. This Court

19   should give full effect to that clause, which Plaintiff freely agreed to and accepted in the GLSA,

20   and transfer this case to Texas.

21        **C.    The Public Interest Factors Favor Transfer**

22        Public interest factors may include: "(1) local interest of lawsuit; (2) the court's familiarity

23   with governing law; (3) burden on local courts and juries; (4) congestion in the court; and (5) the

costs of resolving a dispute unrelated to this forum." *Lueck v. Sundstrand Corp.*, 236 F.3d 1137, 1147 (9th Cir. 2001) (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 259-61 (1981)); *see also Atlantic Marine*, 571 U.S. at 62 n.6 (citation and internal quotations omitted). At least three of these factors favor transfer here.

More specifically, public interest factor 1 weighs in favor of transferring this case to the Eastern District of Texas. Having adjudicated the original suit between Plaintiff and the Rothschild Defendants from which the GLSA arose, the Eastern District of Texas has a much greater interest in resolving this follow-on litigation. Conversely, the Western District of Washington has never been involved in any prior dispute between Plaintiff and the Rothschild Defendants, much less one involving any of the patents covered by the GLSA.

In addition, there are two patent infringement cases currently pending in the Eastern District of Texas that involve Plaintiff and an entity controlled by the Rothschild Defendants, *viz. Quantum Technology Innovations, LLC v. Valve Corporation, et al.,* Case No. 2:23-cv-00425 (ED Tex.) and *Social Positioning Input Systems, LLC v. Valve Corporation, et al.,* Case No. 2:23-cv-00422 (ED Tex.). This is further evidence that the Eastern District of Texas has a significantly greater interest in this case than the Western District of Washington.

Public interest factor 2 also weighs in favor of transferring this case to the Eastern District of Texas. According to recent statistics, the Eastern District of Texas handles around ten times more cases involving patents on an annual basis than does the Western District of Texas. *Compare* https://search.docketnavigator.com/patent/court/232/14 *with* https://search.docketnavigator.com/patent/court/222/14. The Eastern District of Texas is therefore likely more familiar with at least the laws regarding validity and enforcement of U.S. patents.

Public interest factor 4 likewise weighs in favor of transferring this case to the Eastern District of Texas. According to recent statistics, the average time to a trial by jury in the Western District of Washington for a case involving a patent was 39.8 months but that same time period was only 28.3 months for such a case in the Eastern District of Texas. *Compare* https://search.docketnavigator.com/patent/court/232/14 *with* https://search.docketnavigator.com/patent/court/222/14. This strongly suggests that the Eastern District of Texas is significantly less congested than the Western District of Washington.

Thus, to the extent they are relevant here, the public interest factors favor the transfer of this case to the Eastern District of Texas.

**V.      CONCLUSION**

For at least the reasons above, the forum selection clause of the 2016 General License and Settlement Agreement between Plaintiff and the Rothschild Defendants should be given full force and effect and this case transferred to Texas, particularly the U.S. District Court for the Eastern District of Texas.

1       I certify that this memorandum contains 3,822 words, in compliance with the Local Civil

2  Rules.

3  Dated:  October 19, 2023                    Respectfully submitted,

4                                              By: _/s/ Matthew J. Cunanan_____
                                                   Matthew J. Cunanan (#42530)
5                                                  DC LAW GROUP
                                                   12055 15th Ave NE, Suite B
6                                                  Seattle, WA 98125
                                                   Tel: (206) 494-0400
7                                                  Fax: (855) 494-0400
                                                   Email: matthew@dclglawyers.com
8
                                                   Donald R. McPhail (motion for *phv* admission
9                                                      filed Sept. 29, 2023)
                                                   OBLON, MCCLELLAND, MAIER
10                                                     & NEUSTADT, LLP
                                                   1940 Duke Street
11                                                 Alexandria, Virginia 22314
                                                   Tel: (703) 412-1432
12                                                 Fax: (703) 413-2220
                                                   Email: dmcphail@oblon.com
13
                                                   *Attorneys for Defendants Leigh Rothschild,*
14                                                 *Rothschild Broadcast Distribution Systems,*
                                                   *LLC, Display Technologies, LLC, Patent Asset*
15                                                 *Management, LLC, Meyler Legal, PLLC, and*
                                                   *Samuel Meyler*
16

17

18

19

20

21

22

23

24

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

**CERTIFICATE OF SERVICE**

I hereby certify that on October 19, 2023, I filed the within through the ECF system and that notice will be sent electronically to all counsel who are registered participants identified on the Mailing Information for C.A. No. 2:23-cv-1016.

*/s/ Diana Bowen*

**DC LAW GROUP**
12055 15th Ave NE | Seattle, WA 98125
Phone: (206) 494.0400