1

2

**Honorable Jamal N. Whitehead**

3

4

5

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE**

6

7

| | |
|---|---|
| VALVE CORPORATION | Case No. **2:23-cv-01016** |
| Plaintiff, | |
| v. | **DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT** |
| LEIGH ROTHSCHILD, ROTHSCHILD BROADCAST DISTRIBUTION SYSTEMS, LLC, DISPLAY TECHNOLOGIES, LLC, PATENT ASSET MANAGEMENT, LLC, MEYLER LEGAL, PLLC, AND SAMUEL MEYLER, | NOTE ON MOTION CALENDAR: **December 1, 2023** |
| Defendants. | **ORAL ARGUMENT REQUESTED** |

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

DC LAW GROUP
12055 15th Ave NE | Seattle, WA 98125
Phone: (206) 494.0400

## TABLE OF CONTENTS

I.   INTRODUCTION ...................................................................................... 5

II.  SUMMARY OF RELEVANT FACTS ........................................................ 5

III. SUMMARY OF RELEVANT LEGAL PRINCIPLES ................................. 8

    A.   Declaratory Judgment……………………………………………...8

    B.   Motions to Dismiss……………………………………………….9

    C.   Washington's Patent Troll Prevention Act (RCW 19.350)……………..10

    D.   Conspiracy……………………………………………………….11

IV.  ARGUMENT ........................................................................................ 12

    A.   There is no Justiciable Case or Controversy Between Plaintiff and
        Defendants. ................................................................................ 12

    B.   The Complaint Fails to Allege Sufficient Facts to Show Defendants
        Breached Their Agreement with Plaintiff. ......................................... 13

    C.   Defendants Did Not Violate Washington's Patent Troll Prevention
        Act……………………………………………………………….15

    D.   Plaintiff's Complaint Fails to State a Claim Against Meyler Legal
        and Samuel Meyler……………………………………………….17

        1.   There Parties Cannot Be Co-Conspirators……………………..17

        2.   Plaintiff's claims against Meyler Legal and Samuel Meyler must
            be dismissed based on the litigation privilege…………………………..18

        3.   Plaintiff's claims of conspiracy fail because the facts and
            circumstances relied upon by Plaintiff are consistent with
            a lawful or honest purpose………………………………………..20

    E.   Plaintiff is not Entitled to Any Damages…………………………………..21

V.   CONCLUSION .................................................................................... 21

DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S
FIRST AMENDED COMPLAINT – Page **2** of **23**
Case No. 2:23-cv-01016

**DC LAW GROUP**
12055 15th Ave NE | Seattle, WA 98125
Phone: (206) 494.0400

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*All Star Gas, Inc. v. Bechard*, 100 Wash.App. 732, 998 P.2d 367 (2000)…………………………...21

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ...................................................................... 11

*Bell Atl. Corp. v. Twombly*, 550 U.S.544 (2007)...................................................... 11

*Benitec Australia, Ltd. v. Nucleonics, Inc.*, 495 F.3d 1340 (Fed. Cir. 2007)…………………10, 13

*Bruce v. Byrne-Stevens & Associates Engineers, Inc.*, 113 Wash.2d 123,
    776 P.2d 666 (1989)……………………………………………………………………20

*Corbit v. J. I. Case Co.*, 70 Wash. 2d 522 (1967)…………………………………………12, 18

*Deatherage v. Examining Board of Psychology*, 134 Wash.2d 131,
    948 P.2d 828 (1997)………………………………………………..……………19, 20

*Demopolis v. Peoples National Bank of Washington*, 59 Wn. App. 105,
    796 P.2d 426 (1990)………………………………………………………………19

*Doherty v. American Motors Corp.*, 728 F.2d 334 (6th. Cir. 1984)………………………………18

*Dow Jones & Co. v. Ablaise Ltd.*, 606 F.3d 1338 (Fed. Cir. 2010)…………………………10, 13

*Engelmohr v. Bache*, 66 Wn.2d 103, 401 P.2d 346 (1965)…………………………………………19

*Farese v. Scherer*, 342 F.3d 1223 (11th. Cir. 2003)…………………………………………………19

*Heffernan v. Hunter*, 189 F.3d 405 (3rd. Cir. 1999)………………………………………………...19

*Jeckle v. Crotty*, 120 Wash. App. 374, 85 P.3d 931 (2004)………………………………………20

*Kokkonen v. Guardian Life Insurance Co. of Am.*, 511 U.S. 375 (1994)…………………………10

*Lewis Pac. Dairymen's Ass'n v. Turner*, 50 Wash.2d 762, 314 P.2d 625 (1957)………………21

*Linehan v. Allianceone Receivables Mgmt., Inc.*, 2016 WL 1408089
    (W.D. Wash. Apr. 11, 2016)………………………………………………………12, 18

*McCarthy v. United States*, 850 F.2d 558 (9th Cir. 1988)…………………………………………11

*Mason v. Mason*, 19 Wash. App. 2d 803, 497 P.3d 431 (2021)……………………………………19

DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S
FIRST AMENDED COMPLAINT – Page **3** of **23**
Case No. 2:23-cv-01016

**DC LAW GROUP**
12055 15th Ave NE | Seattle, WA 98125
Phone: (206) 494.0400

*McNeal v. Allen*, 95 Wash.2d 265, 621 P.2d 1285 (1980)……………………………………..20

*MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118 (2007)……………………………….9, 10

*Monster v. Creatd, Inc.*, 2022 WL 1624713 (W.D. Wash. May 23, 2022)……………..……12

*Negrel v. Drive N Style Franchisor Spv LLC*, No. SACV 18-00583 JVS(KESx),
    2018 U.S. LEXIS 227479 (C.D. Cal. Aug. 27, 2018)……………………………………22

*Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365 (1978)……………………………..10

*Puget Sound Sec. Patrol, Inc. v. Bates*, 197 Wash. App. 461, 389 P.3d 709 (2017)……………21

*Revolution Eyeware Inc. v. Aspex Eyewear, Inc.*, 556 F.3d 1294 (Fed. Cir. 2013)……………10

*Rhoades v. Avon Products, Inc.*, 504 F.3d 1151 (9th Cir. 2007)………………………………10

*Seaside Inland Transp. v. Coastal Carriers LLC*, 2019 WL 4918747
    (E.D. Wash. Oct. 4, 2019)…………………………………………………………...12

*Stock W., Inc. v. Confederated Tribes of the Colville Reservation*,
    873 F.2d 1221 (9th Cir. 1989)………………………………………………………10

*Super Sack Mfg. Corp. v. Chase Packaging Corp.*, 57 F.3d 1054 (Fed. Cir. 1995)……………9

*Travis v. Gary Comty. Mental Health Center, Inc.*, 921 F.2d 108 (7th. Cir. 1990)……………18

*Wilson v. State*, 84 Wash. App. 332, 929 P.2d 448 (1996)………………………………..21

*Young v. Rayan*, 533 P.3d 123 (Wash. Ct. App. 2023)………………………………19, 20

**Statutes**

RCW 19.350 ............................................................................... 10, 11, 15, 16

RCW 19.86………………………………………………………………………15

**Rules**

Fed. R. Civ. P. 12(b)(1)................................................................. 5, 7, 9, 10

Fed. R. Civ. P. 12(b)(6)................................................................. 5, 10, 21

DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S
FIRST AMENDED COMPLAINT – Page **4** of **23**
Case No. 2:23-cv-01016

**DC LAW GROUP**
12055 15th Ave NE | Seattle, WA 98125
Phone: (206) 494.0400

## I.      INTRODUCTION

Plaintiff Valve Corporation accuses Defendants Leigh Rothschild, Rothschild Broadcast Distribution Systems, LLC, Display Technologies, LLC, Patent Asset Management, LLC (collectively, "the Rothschild Defendants") and Meyler Legal, PLLC and Samuel Meyler, Esq. (collectively, "the Meyler Defendants") of a having committed a variety of wrongs and seeks a declaratory judgement that U.S. Patent No. 8,856,221—to which Plaintiff has a valid, irrevocable license—is invalid and unenforceable against Plaintiff. Plaintiff also seeks a judgment that the Rothschild Defendants have breached their agreement with Plaintiff and have violated Washington's Patent Troll Prevent Act and Consumer Protection Act, and that the Rothschild Defendants and the Meyler Defendants engaged in a civil conspiracy for the purpose of violating the Patent Troll Prevention Act.

Contrary to the allegations in Plaintiff's First Amended Complaint, however, there is no justiciable case or controversy between the parties because Plaintiff has a fully paid-up, irrevocable license and a covenant not to sue from the Rothschild Defendants. Plaintiff is attempting to make "a mountain out of a mole hill" by characterizing a simple clerical error as some sort of legal malfeasance involving a conspiracy among multiple individuals and corporations acting in concert. Plaintiff is plainly hoping to dissuade Defendants from legitimately seeking to enforce their legal patent rights against Plaintiff in the future. Plaintiff's Complaint should therefore be dismissed under Fed. R. Civ. P. 12(b)(1), for lack of subject matter jurisdiction, and Fed. R. Civ. P. 12(b)(6), for failure to state a claim.

## II.     SUMMARY OF RELEVANT FACTS

Leigh M. Rothschild is a prolific inventor, having been named as the sole inventor on over one hundred thirty (130) issued United States patents over the past two decades. Many of those

DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S
FIRST AMENDED COMPLAINT – Page **5** of **23**
Case No. 2:23-cv-01016

**DC LAW GROUP**
12055 15th Ave NE | Seattle, WA 98125
Phone: (206) 494.0400

patents have been licensed to companies seeking to exploit Mr. Rothschild's inventions. Mr. Rothschild is a former presidential appointee to the High-Resolution Board for the United States under former President George H.W. Bush and has also served as an advisor for former President Ronald Reagan. Mr. Rothschild has served Governors on technology boards, served as a special advisor to then Florida Secretary of Commerce John Ellis "Jeb" Bush, and served on the IT Florida Technology Board as an appointee of former Governor John Ellis "Jeb" Bush.

Having recognized the commercial value of patents through licensing his own inventions, Mr. Rothschild began to assist other inventors in monetizing their inventions. In connection with this effort, Mr. Rothschild formed Patent Asset Management, LLC. ("PAM"). PAM is a holding company that manages various corporate entities established by Rothschild for the purpose of holding and licensing the rights to collections of U.S. patents, such as Rothschild Broadcast Distribution Systems, LLC ("RBDS") and Display Technologies LLC ("DT"). PAM has been quite successful in its endeavors, licensing hundreds of patents to date and thereby rewarding the individual inventors of those patents for their technological contributions.

In June 2015, DT filed suit against Plaintiff for patent infringement. Subsequent thereto, in November 2016, Mr. Rothschild and DT entered into a Global Settlement and License Agreement ("the GSLA") covering a number of patents owned by DT and/or other entities controlled by Mr. Rothschild. *See* Dkt. #23-6.

In March of 2022, Daniel Falcucci, the Director of Business Development at PAM, contacted Plaintiff to see whether Plaintiff would be interested in obtaining a license to other patents owned and/or controlled by Mr. Rothschild. *See* Dkt. # 23-5. Mr. Falcucci did not accuse Plaintiff of patent infringement or threaten Plaintiff with a lawsuit. *See id.*

DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S
FIRST AMENDED COMPLAINT – Page **6** of 23
Case No. 2:23-cv-01016

**DC LAW GROUP**
12055 15th Ave NE | Seattle, WA 98125
Phone: (206) 494.0400

Meyler Legal, PLLC and its principal Samuel Meyler were first engaged as local counsel by RBDS, DT and Social Positioning Input Systems, LLC ("SPIS"), another PAM managed entity, in 2022 to assist in RBDS's, DT's and SPIS' attempts to license the patents in their respective portfolios. Prior to that time, neither Meyler Legal nor Mr. Meyler had represented Mr. Rothschild, PAM, or any PAM-related entity.

On September 27, 2022, Mr. Meyler, as local counsel, filed a lawsuit against Plaintiff on behalf of DT, *viz. Display Technologies LLC v. Valve Corporation*, Case No. 2:22-cv-01365 (WD Wash.), asserting U.S. Patent No. 9,300,723 ("the '723 patent"). Unbeknownst to Mr. Meyler at the time, the '723 patent was a continuation of a patent covered by the GSLA. When Plaintiff informed Mr. Meyler of this relationship, Mr. Meyler promptly dismissed the lawsuit on behalf of DT. *See* Dkt. # 1-6, # 23-7.

On June 21, 2023, Mr. Meyler sent a letter to Plaintiff on behalf of his clients SPIS, RBDS and Quantum Technology Innovations, LLC ("QTI") regarding U.S. Patent No. 7,650,376 ("the '376 patent"), U.S. States Patent No. 9,261,365 (hereinafter "the '365 patent"), and U.S. Patent No. 8,856,221 ("the '221 patent"). *See* Dkt. # 23-8. Unbeknownst to Mr. Meyler at the time, the '221 patent was also covered by the GSLA. Rather than inform Mr. Meyler that the '221 patent was covered by the GSLA, however, as they had with '723 patent, and thereby resolve the issue without any further inconvenience or expense, Plaintiff instead quickly filed a Complaint for Declaratory Judgment Action on July 7, 2023. *See* Dkt. # 1.

The Rothschild Defendants and the Meyler Defendants moved to dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P 12(b)(1) and (6), primarily because there is no case or controversy regarding the '221 patent between the Rothschild Defendants and Plaintiff in view of the covenant not to sue in the GSLA. *See* Dkt. # 18. Because the '376 patent and the '365 patent

DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S
FIRST AMENDED COMPLAINT – Page **7** of **23**
Case No. 2:23-cv-01016

**DC LAW GROUP**
12055 15th Ave NE | Seattle, WA 98125
Phone: (206) 494.0400

1   were not covered by the GSLA, however, lawsuits were subsequently filed against Valve for

2   infringement thereof, *viz. Quantum Technology Innovations, LLC v. Valve Corporation, et al.,*

3   Case No. 2:23-cv-00425 (ED Tex.) and *Social Positioning Input Systems, LLC v. Valve*

4   *Corporation, et al.,* Case No. 2:23-cv-00422 (ED Tex.).

5       Plaintiff responded to the Rothschild Defendants' and the Meyler Defendants' Motion to

6   Dismiss by filing a First Amended Complaint ("FAC") on October 6, 2023. *See* Dkt # 23.

7   Plaintiff's FAC, however, suffers from the same fundamental deficiency as Plaintiff's original

8   Complaint – there is no case or controversy between the Rothschild Defendants and Valve

9   regarding the '221 patent.

10  **III.     SUMMARY OF RELEVANT LEGAL PRINCIPLES**

11          **A.     Declaratory Judgment**

12      The Declaratory Judgment Act provides that "[i]n a case of actual controversy . . . any court

13  of the United States . . . may declare the rights and other legal relations of any interested party

14  seeking such declaration, whether or not further relief is or could be sought." 22 U.S.C. § 2201(a).

15  A party seeking such a declaration bears the burden of showing an actual controversy between it

16  and the other party or parties. *See MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007)

17  ("[T]he question in each case is whether the facts alleged, under all the circumstances, show that

18  there is a substantial controversy, between the parties having adverse legal interests, of sufficient

19  immediacy and reality to warrant the issuance of a declaratory judgment." (internal citation

20  omitted)).

21      It is well-settled that a covenant not to sue from a patent owner demonstrates that no case

22  or controversy exists between the parties to warrant exercise of declaratory judgment jurisdiction.

23  *See Super Sack Mfg. Corp. v. Chase Packaging Corp.*, 57 F.3d 1054, 1059 (Fed. Cir. 1995) (a

24

DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S
FIRST AMENDED COMPLAINT – Page **8** of 23
Case No. 2:23-cv-01016

**DC LAW GROUP**
12055 15th Ave NE | Seattle, WA 98125
Phone: (206) 494.0400

covenant not to sue in the future for products made, used, or sold in the past removes actual controversy in the present), *abrogated on other grounds by MedImmune*, 549 U.S. at 127. Whether a particular covenant not to sue actually divests a district court of jurisdiction "depends on what is covered by the covenant." *Revolution Eyeware Inc. v. Aspex Eyewear, Inc.*, 556 F.3d 1294, 1297 (Fed. Cir. 2013).

"A covenant not to sue for patent infringement divests the trial court of subject matter jurisdiction over claims that the patent is invalid, because the covenant eliminates any case or controversy between the parties." *Dow Jones & Co. v. Ablaise Ltd.*, 606 F.3d 1338, 1346 (Fed. Cir. 2010); *see also Benitec Australia, Ltd. v. Nucleonics, Inc.*, 495 F.3d 1340, 1347-48 (Fed. Cir. 2007) (affirming dismissal of declaratory judgment counts of invalidity and unenforceability based upon plaintiff's promise not to sue defendant for any activities of defendant).

## B.      Motions to Dismiss

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Insurance Co. of Am.*, 511 U.S. 375, 377 (1994); *see also Stock W., Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989) ("'It is a fundamental principle that federal courts are courts of limited jurisdiction.'" quoting *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978)).

A party to a lawsuit can move a court to dismiss a declaratory action on the grounds that no case or controversy exists under Fed. R. Civ. P. 12(b)(1). *See Rhoades v. Avon Products, Inc.*, 504 F.3d 1151, 1157 (9th Cir. 2007). When facing such a motion, the party asserting jurisdiction bears the burden to establish jurisdiction. *See Kokkonen*, 511 U.S. at 377 ("It is to be presumed that a cause lies outside [federal court] jurisdiction . . . and the burden of establishing the contrary rests upon the party asserting jurisdiction." internal citations omitted).

DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S
FIRST AMENDED COMPLAINT – Page **9** of **23**
Case No. 2:23-cv-01016

**DC LAW GROUP**
12055 15th Ave NE | Seattle, WA 98125
Phone: (206) 494.0400

When considering a motion to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), a court "is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988).

Dismissal of a claim under Federal Rule of Civil Procedure 12(b)(6) may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-55 (2007) (internal citations omitted). Thus, to survive a motion to dismiss, the complaint must provide sufficient factual allegations for "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

An affirmative defense, such as the litigation privilege, may be decided on a motion to dismiss where the defense is apparent from the face of the pleadings. *See Jablon v. Dean Witter*, 614 F.2d 677, 682 (9th Cir. 1980).

## C.    Washington's Patent Troll Prevention Act (RCW 19.350)

Pursuant to the PTPA, "*[u]nless done in bad faith*, nothing in this section may be construed to deem it an unfair or deceptive trade practice for any person who owns or has the right to license or enforce a patent to: (a) Advise others of that ownership or right of license or enforcement; . . . or (c) Seek compensation on account of a past or present infringement, or license to the patent, when it is reasonable to believe that the person from whom compensation is sought may owe such

DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S
FIRST AMENDED COMPLAINT – Page **10** of **23**
Case No. 2:23-cv-01016

**DC LAW GROUP**
12055 15th Ave NE | Seattle, WA 98125
Phone: (206) 494.0400

compensation or may need or want such a license to practice the patent." RCW 19.350.020(5) (2015) (emphasis added).

In evaluating a party's attempt to license their patent, "a court may consider the following factors as evidence that a person has made an assertion of patent infringement in good faith: . . . (b) The person has: (i) Engaged in reasonable analysis to establish a reasonable, good faith basis for believing the target has infringed the patent; and (ii) Attempted to negotiate an appropriate remedy in a reasonable manner; (c) The person has: . . . (ii) Successfully enforced the patent, or a substantially similar patent, through litigation; . . . [or] (e) The person is: (i) An inventor of the patent or an original assignee . . .." RCW 19.350.020(5) (2015).

### D.   Conspiracy

The Washington Supreme Court has held that "a conspiracy could not exist between an individual and his wholly-owned corporation" or "between a parent corporation ... and its wholly-controlled subsidiary[.]" *Corbit v. J. I. Case Co.*, 70 Wash. 2d 522, 528 n.3 (1967); *see also Monster v. Creatd, Inc.*, 2022 WL 1624713, at *9 (W.D. Wash. May 23, 2022) (granting motion to dismiss civil conspiracy claims against companies and their CEO.); *Seaside Inland Transp. v. Coastal Carriers LLC*, 2019 WL 4918747, at *10 (E.D. Wash. Oct. 4, 2019) (dismissing civil conspiracy claims because "the coordinated activities between [a company, its owner and CEO and his wife,] and their wholly-owned companies are those of a single enterprise.").

Similarly, a conspiracy cannot exist between an attorney and client. *See Linehan v. Allianceone Receivables Mgmt., Inc.*, 2016 WL 1408089, at *3 (W.D. Wash. Apr. 11, 2016) (dismissing civil conspiracy claim against attorney and client, finding "[w]here an agent is acting within the scope of his or her agency, the agent's acts are legally considered to be the acts of the principal; thus, there can be no conspiracy.").

DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S
FIRST AMENDED COMPLAINT – Page **11** of **23**
Case No. 2:23-cv-01016

**DC LAW GROUP**
12055 15th Ave NE | Seattle, WA 98125
Phone: (206) 494.0400

## IV.  ARGUMENT

### A.  There is no Justiciable Case or Controversy Between Plaintiff and the Rothschild Defendants or the Meyler Defendants

Plaintiff's FAC concedes that the GSLA includes a covenant not to sue Plaintiff from Mr. Rothschild and DT. *See* Dkt. # 23 at 13, ¶ 67; # 23-6 at p. 5, § 3.2. That covenant not to sue extends not only to Plaintiff, but also to, *inter alia*, Plaintiff's direct and indirect customers, vendors, suppliers, manufacturers, distributors, and end-users, as well as their direct and indirect customers, vendors, suppliers, manufacturers, distributors, and end-users. *See* Dkt. # 23-6 at p. 5, § 3.2.

Significantly, the GSLA between the Parties remains in effect. *See* Dkt. # 23-6 at p. 7, § 6.1. Consequently, the covenant not to sue from Mr. Rothschild and DT also remains in effect. *See id.* at p. 5, § 3.2. And, as conceded by Plaintiff, this covenant not to sue also binds RBDS. *See* Dkt. # 23 at ¶ 61.

There is therefore no justiciable case or controversy between Plaintiff and any Defendant regarding the validity or enforceability of any patent covered by the GSLA. *See Dow Jones*, 606 F.3d at 1346; *Benitec*, 495 F.3d at 1347-48. This includes the '221 patent. *See* Dkt. # 1 at ¶ 28; Dkt. # 1-1 at p. 20. Counts I and II of Plaintiff's FAC should be dismissed.

Plaintiff attempts to circumvent the controlling law by alleging that "[t]his is that unique case where a covenant not to sue between the parties fails to provide [Plaintiff] with the protection it paid for because, unfortunately, the assurances given to [Plaintiff] in that agreement are worthless." Dkt. # 23 at 11, ¶ 57. This allegation, however, is false.

As conceded by Plaintiff in the FAC, when the Meyler Defendants inadvertently filed suit against Plaintiff on behalf of DT asserting the '723 patent, that suit was very promptly dismissed after Plaintiff informed the Meyler Defendants that the asserted patent was subject to the GSLA. The covenant not to sue in the GSLA therefore provided exactly the protection to Plaintiff that it

DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S
FIRST AMENDED COMPLAINT – Page **12** of **23**
Case No. 2:23-cv-01016

**DC LAW GROUP**
12055 15th Ave NE | Seattle, WA 98125
Phone: (206) 494.0400

should have—Plaintiff is not currently being sued on the '723 patent or any other patent covered by the GSLA.

**B.      The FAC Fails to Allege Sufficient Facts to Show the Rothschild Defendants Breached the GSLA**

Plaintiff accuses both RBDS and DT of breaching the GSLA, and Mr. Rothschild of breaching the agreement by virtue of his control over RBDS and DT. *See* Dkt. # 23 at ¶ 72-77. Plaintiff's FAC, however, fails to allege sufficient facts to support these claims.

With respect to RBDS, for example, Plaintiff alleges that RBDS breached Section 3.1 of the GSLA and anticipatorily breached Section 3.2 of the GSLA "when it asserted the '221 Patent in its most recent demand letter." *Id.* at ¶ 72. Plaintiff's allegations, however, are not supported by facts.

With respect to Plaintiff's allegations that RBDS breached Section 3.1 of the GSLA, which provides that "[n]o royalties or additional payments of any kind shall be required in order to maintain this Agreement in force," as even a cursory review of Mr. Meyler's letter attached to the FAC shows, Mr. Meyler did not demand any payment from Plaintiff with respect to the '221 patent. *See* Dkt # 23-8. Rather, as clearly stated in that letter, Mr. Meyler invited Valve "to explore a potential resolution to the[] claims" of infringement of multiple patents. Such an offer is not contrary to the terms of Section 3.1, or any other section, of the GSLA.

With respect to the Plaintiff's allegations that RBDS anticipatorily breached Section 3.2 of the GSLA, Plaintiff fails to allege facts sufficient to support the claim that RBDS would have sued Plaintiff, or maintained a suit against Plaintiff had one been filed, once learning that the '221 patent was subject to the GSLA. Indeed, Plaintiff's FAC admits that DT promptly dismissed an earlier inadvertently filed lawsuit asserting the '723 patent almost immediately upon being informed by Plaintiff that it was licensed under the GSLA. *See* Dkt # 23 at ¶¶ 23-24. Plaintiff has failed to

DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S
FIRST AMENDED COMPLAINT – Page 13 of 23
Case No. 2:23-cv-01016

**DC LAW GROUP**
12055 15th Ave NE | Seattle, WA 98125
Phone: (206) 494.0400

1   allege any fact to suggest that the Rothschild Defendants would have acted differently with respect

2   to the '221 patent if Plaintiff had informed them that it was also licensed under the GSLA.

3           With respect to DT, Plaintiff alleges that DT breached the covenant not to sue in the 2016

4   Global Settlement and License Agreement "when it asserted U.S. Patent No. 9,300,723 in its 2022

5   lawsuit against Valve and continues to be in breach by failing to withdraw the 2022 demands from

6   Mr. Falcucci." Dkt. # 23 at ¶ 76. Sending a demand letter, however, is not the same as filing a

7   lawsuit. Thus, even if the correspondence from Mr. Falcucci were deemed a "demand"—a point

8   Defendants emphatically dispute—then that correspondence still would not constitute a breach of

9   the covenant not to sue in the GSLA.

10          Moreover, as noted above, Plaintiff's FAC admits that DT promptly dismissed that lawsuit

11  upon being informed by Plaintiff that it was licensed under the GSLA. *See* Dkt. # 23 at ¶¶ 23-24.

12  Thus, rather than constituting a breach of the GSLA, DT's actions were actually in full compliance

13  with that Agreement: "In the event that [DT] brings a claim under the Licensed Patents against . .

14  . any entity that claims that the alleged infringing conduct arises out of any . . . interaction,

15  transaction, [or] cooperation . . . with or on behalf of Licensee, then upon Licensee providing

16  written notice and sufficient written evidence to corroborate that claim, then [DT] shall within ten

17  (10) days cause such claim to be dismissed . . .." Dkt # 23-6 at 6, ¶ 3.5.

18          Finally, with respect to Mr. Rothschild, since neither RBDS nor DT has breached and/or

19  anticipatorily breached the GSLA for the reasons provided above, Mr. Rothschild likewise has not

20  breached that covenant by virtue of his control of RBDS and/or DT.

21          Count III of Plaintiff's FAC should therefore be dismissed.

22

23

24

DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S
FIRST AMENDED COMPLAINT – Page **14** of 23
Case No. 2:23-cv-01016

**DC LAW GROUP**
12055 15th Ave NE | Seattle, WA 98125
Phone: (206) 494.0400

**C.      Defendants Did Not Violate Washington's Patent Troll Prevention Act**

Plaintiff's claims under RCW 19.86 are premised on an alleged violation of Washington's Patent Troll Prevention Act, RCW 19.350 (the "PTPA"). *See* Dkt. # 23 at ¶ 90. In particular, Plaintiff's Complaint alleges that Mr. Falcucci's March 2022 letter and Mr. Meyler's June 2023 letter constituted a "bad faith" assertion of patent infringement under the PTPA. *See id.* at ¶¶ 79-89.

In support of the allegation that Defendants acted in bad faith by sending Mr. Falcucci's and Mr. Meyler's letters, Plaintiff's FAC alleges that factors (d), (f) and (g) of RCW 19.350.020(2) weigh in favor of such a finding. *See* Dkt. # 23 at ¶ 89. Plaintiff is wrong.

Factor (f) of RCW 19.350.020(2) expressly requires that "a court found the person's assertion [of infringement] to be without merit or found the assertion contains false, misleading, or deceptive information." *See* RCW 19.350.020(2)(f). As conceded in the FAC, however, despite having asserted the '221 patent against some 127 different companies, no court has ever found Defendant's assertions of infringement to be without merit or containing false, misleading, or deceptive information. *See* Dkt. # 23 at ¶ 89(b). Factor (f) of RCW 19.350.020(2) therefore does not weigh in favor of a finding of bad faith on the part of Defendants.

Plaintiff attempts to reference a case involving a different entity controlled by PAM and a different patent to support its allegation that factor (f) weighs in Plaintiff's favor. *See* Dkt # 23 at ¶ 89(b)(iii) – (vi). Plaintiff's attempt is wholly improper and must be completely disregarded—the relevant language of the statute specifically ***requires*** that any case being considered under factor (f) be "based on the same or substantially equivalent assertion of patent infringement." RCW 19.350.020(2)(f). What may have happened in another case involving a different entity and a different patent is utterly irrelevant to factor (f).

DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S
FIRST AMENDED COMPLAINT – Page **15** of **23**
Case No. 2:23-cv-01016

**DC LAW GROUP**
12055 15th Ave NE | Seattle, WA 98125
Phone: (206) 494.0400

Factor (g) of RCW 19.350.020(2) relates to "[a]ny other factor the court determines to be relevant." For this factor, Plaintiff's FAC attempts to conflate an inadvertent clerical error—Mr. Meyler's overlooking the '221 patent in the GSLA because it was assigned to Ariel Inventions LLC, a company that he had never represented and with whom he had no prior relationship, rather than to one of his clients—with bad faith. *See* Dkt. # 23 at ¶ 89(c). But Plaintiff again ignores the fact that when Mr. Meyler had been apprised of a similar clerical error in the past, he very promptly dismissed the lawsuit asserting the licensed patent. Factor (g) therefore does not weigh in favor of a finding of bad faith.

Finally, much like Plaintiff's original Complaint, Plaintiff's FAC again fails to address any of the factors set forth in the PTPA showing that Defendants acted in good faith by sending Mr. Falcucci's and Mr. Meyler's letters. *See* RCW 19.360.020(5). These factors include the following: (i) as shown by the claim charts attached to Mr. Meyler's letter, Defendants had engaged in a reasonable analysis to establish a reasonable, good faith basis for believing Valve had infringed the '221 patent and Mr. Meyler's letter, at the very least, was an attempt to negotiate an appropriate remedy in a reasonable manner (RCW 19.360.020(5)(b)); (ii) Defendants have successfully enforced the '221 patent, or a substantially similar patent, through litigation (RCW 19.360.020(5)(c)(ii)); and (iii) Mr. Rothschild is the inventor of the '221 patent (RCW 19.360.020(5)(e)).

When all of the factors showing good faith are properly weighed, the only reasonable conclusion that can be drawn is that Defendants' assertion of infringement of the '221 patent was made in good faith. Plaintiff's Count IV should therefore be dismissed.

DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S
FIRST AMENDED COMPLAINT – Page **16** of 23
Case No. 2:23-cv-01016

**DC LAW GROUP**
12055 15th Ave NE | Seattle, WA 98125
Phone: (206) 494.0400

**D.    Plaintiff's Complaint Fails to State a Claim Against Meyler Legal and Samuel Meyler**

**1.    The Parties Cannot Be Co-Conspirators**

Notwithstanding Plaintiff's failure to allege facts sufficient to show that any of the Defendants violated Washington's PTPA, Plaintiff also cannot allege facts sufficient to show a conspiracy here.

First, with respect to the Rothschild Defendants, Plaintiff's FAC admits that PAM owns 100% of both DT and RBDS and that Rothschild is the registered agent of PAM. It is well-settled, however, that a conspiracy cannot exist between a parent corporation and its subsidiary or between a corporation and its agent. *See Corbit v. J. I. Case Co.*, 70 Wash. 2d 522, 528 n.3 (1967) ("We preclude the possibility of establishing a conspiracy between a parent corporation (J.I. Case Company) and its wholly-controlled subsidiary (J.I. Case Credit Corporation)."); *Linehan v. Allianceone Receivables Mgmt., Inc.*, 2016 WL 1408089, at *3 (W.D. Wash. Apr. 11, 2016) ("Where an agent is acting within the scope of his or her agency, the agent's acts are legally considered to be the acts of the principal; thus, there can be no conspiracy."). Plaintiff's FAC therefore fails to adequately plead facts sufficient to show a conspiracy among the Rothschild defendants.

Nor does Plaintiff's FAC adequately plead facts sufficient to show a conspiracy between Meyler Legal and Mr. Meyler, on the one hand, and the remaining Defendants on the other hand. It is equally well-settled that an attorney acting within the scope of his/her representation of a client cannot be counted as a conspirator for purposes of satisfying the "plurality" requirement that two or more persons be involved in the allegedly unlawful act. *See Linehan*, 2016 WL 1408089, at *3 (dismissing civil conspiracy claims against attorney and their client); *see also Doherty v. American Motors Corp.*, 728 F.2d 334 (6th. Cir. 1984); *Travis v. Gary Comty. Mental Health Center, Inc.*,

DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S
FIRST AMENDED COMPLAINT – Page **17** of **23**
Case No. 2:23-cv-01016

**DC LAW GROUP**
12055 15th Ave NE | Seattle, WA 98125
Phone: (206) 494.0400

921 F.2d 108 (7th. Cir. 1990); *Heffernan v. Hunter*, 189 F.3d 405 (3rd. Cir. 1999); *Farese v. Scherer*, 342 F.3d 1223 (11th. Cir. 2003).

Here, it cannot reasonably be disputed that all of the acts by Meyler Legal and Mr. Meyler alleged in the FAC were performed in connection with their representation of one or more of the other Defendants. Consequently, such acts cannot have been in furtherance of any alleged conspiracy among the Meyler Defendants, on the one hand, and the Rothschild Defendants on the other hand.

Plaintiff's Count V should therefore be dismissed.

### 2.      Plaintiff's claims against Meyler Legal and Samuel Meyler must be dismissed based on the litigation privilege.

"The 'litigation privilege' is a judicially created privilege that protects participants—including attorneys, parties, and witnesses—in a judicial proceeding against civil liability for statements they make in the course of that proceeding." *Young v. Rayan*, 533 P.3d 123, 128 (Wash. Ct. App. 2023) (citing *Mason v. Mason*, 19 Wash. App. 2d 803, 830-31, 497 P.3d 431 (2021) *review denied*, 199 Wash.2d 1005, 506 P.3d 638 (2022); *Deatherage v. Examining Board of Psychology*, 134 Wash.2d 131, 135-36, 948 P.2d 828 (1997)).  The litigation privilege applies to "communications preliminary to a proposed judicial proceeding . . . or . . . as a part of a judicial proceeding." *Restatement of Torts 2d*, § 586; *see also Engelmohr v. Bache*, 66 Wn.2d 103, 104-05, 401 P.2d 346 (1965); *Demopolis v. Peoples National Bank of Washington*, 59 Wn. App. 105, 109-10, 796 P.2d 426 (1990) (same).

"The purpose of the litigation privilege doctrine is to encourage frank, open, untimorous argument and testimony and to discourage retaliatory, derivative lawsuits.  As applied to attorneys, it furthers 'a public policy of securing to [counsel] as officers of the court the utmost freedom in their efforts to secure justice for their clients.'" *Young*, 533 P.3d at 129 (citing *Mason*, 19 Wash.

DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S
FIRST AMENDED COMPLAINT – Page **18** of **23**
Case No. 2:23-cv-01016

**DC LAW GROUP**
12055 15th Ave NE | Seattle, WA 98125
Phone: (206) 494.0400

App. 2d at 831, 497 P.3d 431 (quoting *McNeal v. Allen*, 95 Wash.2d 265, 267, 621 P.2d 1285 (1980)).

"Though it often arises in the context of defamation suits, the courts have rejected the notion that litigation privilege applies only to that claim. Our supreme court, in the context of witness immunity, has said that the chilling effect of subsequent litigation 'is the same regardless of the theory on which that subsequent litigation is based.'" *Young*, 533 P.3d at 129 (citing *Bruce v. Byrne-Stevens & Associates Engineers, Inc.*, 113 Wash.2d 123, 131-32, 776 P.2d 666 (1989)). "More generally, the supreme court has used broad language to describe the litigation privilege's scope, saying that it 'applies to statements made in the course of judicial proceedings and acts as a bar to *any* civil liability.'" *Id.* (citing *Deatherage*, 134 Wash.2d at 135, 948 P.2d 828 (emphasis added)). "Litigation privilege has been applied to bar liability under a range of causes of action, *including civil conspiracy*." *Id.* (citing *Jeckle v. Crotty*, 120 Wash. App. 374, 386, 85 P.3d 931 (2004)) (emphasis added).

All of Plaintiff's allegations against Meyler Legal and Mr. Meyler arise out of their representation of their clients and communication(s) on behalf of their clients in connection with judicial proceedings, both past and present. Plaintiff's claims against Meyler Legal and Mr. Meyler are precisely the type of retaliatory derivative action that the litigation privilege protects attorneys from where they have done nothing more than seek to meet their professional duties by zealously advocating for their clients. Plaintiff's claims against Meyler Legal and Mr. Meyler should therefore be dismissed with prejudice.

DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S
FIRST AMENDED COMPLAINT – Page **19** of **23**
Case No. 2:23-cv-01016

**DC LAW GROUP**
12055 15th Ave NE | Seattle, WA 98125
Phone: (206) 494.0400

### 3. Plaintiff's claims of conspiracy fail because the facts and circumstances relied upon by Plaintiff are consistent with a lawful or honest purpose.

To prevail on a claim of conspiracy, Plaintiff "must prove by clear, cogent, and convincing evidence that (1) two or more people combined to accomplish an unlawful purpose, or combined to accomplish a lawful purpose by unlawful means; and (2) the conspirators entered into an agreement to accomplish the conspiracy." *All Star Gas, Inc. v. Bechard*, 100 Wash.App. 732, 740, 998 P.2d 367 (2000) (quoting *Wilson v. State*, 84 Wash. App. 332, 351, 929 P.2d 448 (1996)). "'Mere suspicion or commonality of interests is insufficient to prove a conspiracy.'" *Puget Sound Sec. Patrol, Inc. v. Bates*, 197 Wash. App. 461, 470, 389 P.3d 709 (2017) (quoting *All Star Gas*, 100 Wash.App. at 740, 998 P.2d 367). "'[When] the facts and circumstances relied upon to establish a conspiracy are as consistent with a lawful or honest purpose as with an unlawful undertaking, they are insufficient.'" *All Star Gas*, 100 Wash.App. at 740, 998 P.2d 367 (alteration in original) (quoting *Lewis Pac. Dairymen's Ass'n v. Turner*, 50 Wash.2d 762, 772, 314 P.2d 625 (1957)).

Plaintiff makes the preposterous allegation that "Rothschild, Display Technologies, RBDS, PAM, and the Meyler Defendants all entered into an agreement ***with the intent of accomplishing the unlawful purpose of violating the Washington State Patent Troll Prevention Act***." Dkt. # 23 at ¶ 92 (emphasis added). The efforts of Mr. Rothschild, DT, RBDS, and PAM to advise Plaintiff of their ownership of patents, enforce their patent rights and seek compensation for past or present infringement, and Meyler Legal and Mr. Meyler's advocacy for their clients and practice of law, are lawful and honest purposes that are consistent with those facts and circumstances relied upon by Plaintiff. Plaintiff's claim of a civil conspiracy must be dismissed where the lawful and honest purpose is clear on the face of the pleadings.

DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S
FIRST AMENDED COMPLAINT – Page **20** of 23
Case No. 2:23-cv-01016

**DC LAW GROUP**
12055 15th Ave NE | Seattle, WA 98125
Phone: (206) 494.0400

1

### E.      Plaintiff is not Entitled to Any Damages

2

Pursuant to the express terms of the GSLA, "[i]n no event shall [Mr. Rothschild or DT] be

3   liable for any special, punitive or exemplary damages or for loss of profits or revenue, or any

4   indirect, consequential or incidental damages arising out of, or in connection with, this Agreement

5   . . .." Dkt. # 23-6 at 11, ¶ 9.5. Thus, even if Plaintiff is ultimately able to prevail on one or more of

6   the counts in the FAC, Plaintiff is precluded from recovering any of its alleged damages.

7

Plaintiff's FAC therefore fails to state facts sufficient to show that Plaintiff is entitled to

8   any of the damages it seeks.  Plaintiff's claims for damages, treble damages, and punitive damages

9   in the Prayer for Relief should therefore be dismissed. *See Negrel v. Drive N Style Franchisor Spv*

10  *LLC*, No. SACV 18-00583 JVS(KESx), 2018 U.S. LEXIS 227479, at *14 (C.D. Cal. Aug. 27,

11  2018) (holding request to dismiss prayers for damages are properly analyzed under Fed. R. Civ. P.

12  12(b)(6)).

13  **V.     CONCLUSION**

14

For at least the reasons above, Plaintiff's FAC should be dismissed in its entirety.

15

16

17

18

19

20

21

22

23

24

DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S
FIRST AMENDED COMPLAINT – Page **21** of **23**
Case No. 2:23-cv-01016

**DC LAW GROUP**
12055 15th Ave NE | Seattle, WA 98125
Phone: (206) 494.0400

1          I certify that this memorandum contains 5,985 words, in compliance with the Local Civil

2     Rules.

3

4     Dated:  October 20, 2023                    Respectfully submitted,

5

6                                                 By: _/s/ Matthew J. Cunanan_____
                                                      Matthew J. Cunanan (#42530)
7                                                     DC LAW GROUP
                                                      12055 15th Ave NE, Suite B
8                                                     Seattle, WA 98125
                                                      Tel: (206) 494-0400
9                                                     Fax: (855) 494-0400
                                                      Email: matthew@dclglawyers.com

10                                                    Donald R. McPhail (admitted *phv*)
                                                      1940 Duke Street
11                                                    Alexandria, Virginia 22314
                                                      Tel: (703) 412-1432
12                                                    Fax: (703) 413-2220
                                                      Email: dmcphail@oblon.com

13
                                                      *Attorneys for Defendants Leigh Rothschild,*
14                                                    *Rothschild Broadcast Distribution Systems,*
                                                      *LLC, Display Technologies, LLC, Patent Asset*
15                                                    *Management, LLC, Meyler Legal, PLLC, and*
                                                      *Samuel Meyler*
16

17

18

19

20

21

22

23

24

DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S
FIRST AMENDED COMPLAINT – Page **22** of **23**
Case No. 2:23-cv-01016

**DC LAW GROUP**
12055 15th Ave NE | Seattle, WA 98125
Phone: (206) 494.0400

1

**CERTIFICATE OF SERVICE**

2

     I hereby certify that on October 20, 2023, I filed the within through the ECF system and

3

that notice will be sent electronically to all counsel who are registered participants identified on

the Mailing Information for C.A. No. 2:23-cv-1016.

4

5

                                     */s/ Diana Bowen*

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

**DC LAW GROUP**
12055 15th Ave NE | Seattle, WA 98125
Phone: (206) 494.0400