HON. JAMAL N. WHITEHEAD

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| VALVE CORPORATION,<br><br>    Plaintiff,<br><br>v.<br><br>LEIGH ROTHSCHILD, ROTHSCHILD BROADCAST DISTRIBUTION SYSTEMS, LLC, DISPLAY TECHNOLOGIES, LLC, PATENT ASSET MANAGEMENT, LLC, MEYLER LEGAL, PLLC, AND SAMUEL MEYLER,<br><br>    Defendants. | Case No. 2:23-cv-1016<br><br>**PLAINTIFF OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER**<br><br>Complaint Filed:    07/07/2023 |

PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION TO TRANSFER
CASE NO. 2:23-CV-1016

1

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

# TABLE OF CONTENTS

Page

I. INTRODUCTION .................................................................................................................1

II. FACTUAL BACKGROUND ...............................................................................................1

III. LEGAL PRINCIPLES ..........................................................................................................3

    A. Mandatory vs. Permissive Forum Selection Clauses ............................................3

    B. Motions to Transfer for Convenience Under 28 U.S.C. § 1404 ..........................4

IV. ARGUMENT ........................................................................................................................5

    A. The Parties' Forum Selection Clause Is Permissive, Not Mandatory ..................5

    B. Under the Proper §1404 Analysis, Western District of Washington Is the Proper Forum .........................................................................7

        1. Location Where the Relevant Agreements Were Negotiated and Executed ...........................................................................7

        2. State Most Familiar with the Governing Law .........................................7

        3. Plaintiff's Choice of Forum ......................................................................8

        4. Parties' Contacts with the Western District of Washington ....................................................................................................8

        5. Contacts Relating to Valve's Causes of Action .......................................9

        6. Differences in the Costs of Litigation in Texas and Washington ............................................................................................10

        7. Availability of Compulsory Process to Compel Attendance of Unwilling Non-Party Witnesses .....................................11

        8. Ease of Access to Sources of Proof ........................................................11

        9. Public Policy Considerations of Washington .........................................11

V. CONCLUSION ...................................................................................................................13

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER
CASE NO. 2:23-CV-1016

- i -

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*,
  571 U.S. 49 (2013) .................................................................................................... 3, 11

*Caldas & Sons, Inc. v. Willingham*,
  17 F.3d 123 (5th Cir. 1994) ............................................................................................. 3

*Connectus, LLC v. Ampush Media, Inc.*,
  No. 8:15-CV-2778-T-33JSS, 2016 WL 761036 (M.D. Fla. Feb. 26, 2016) ........................ 6

*Decker Coal Co. v. Commonwealth Edison Co.*,
  805 F.2d 834 (9th Cir. 1986) ........................................................................................... 8

*Display Technologies LLC v. Valve Corporation*,
  2-22-cv-01365, (W.D. Wash. Sept. 27, 2022) ......................................................... 2, 3, 9, 10

*Flaaen v. Principal Life Ins. Co., Inc.*,
  226 F. Supp. 3d 1162 (W.D. Wash. 2016 ....................................................................... 8

*Gennock v. Lucas Energy, Inc.*,
  No. 1:11-CV-982 AWI SMS, 2011 WL 4738320 (E.D. Cal. Oct. 5, 2011) ...................... 6

*Hunt Wesson Foods, Inc. v. Supreme Oil Co.*,
  817 F.2d 75 (9th Cir. 1987) ................................................................................... 3, 4, 5, 6

*Jinni Tech Ltd. v. Red.com, Inc.*,
  No. C17-0217JLR, 2017 WL 4758761 (W.D. Wash. Oct. 20, 2017) .............................. 11

*Jones v. GNC Franchising, Inc.*,
  211 F.3d 495 (9th Cir. 2000) .................................................................................. 4, 7, 11

*Kilan v. Boston Sci. Corp.*,
  2011 WL 1261130 (N.D. Cal. 2011) ............................................................................... 4

*Lavera Skin Care N. Am., Inc. v. Laverana GmbH & Co. KG*,
  No. 2:13-CV-02311-RSM, 2014 WL 7338739 (W.D. Wash. Dec. 19, 2014),
  *aff'd*, 696 F. App'x 837 (9th Cir. 2017) .................................................................. 3, 4, 7

*Manetti–Farrow, Inc. v. Gucci Am. Inc.*,
  858 F.2d 509 (9th Cir. 1988) ........................................................................................... 4

PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION TO TRANSFER
CASE NO. 2:23-CV-1016                                           - ii -

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA  98101
(206) 467-9600

# TABLE OF AUTHORITIES
(continued)

Page

*N. California Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co.*,
    69 F.3d 1034 (9th Cir. 1995).................................................................................................. 5

*Organo Gold Int'l, Inc. v. Aussie Rules Marine Servs., Ltd.*,
    No. C18-0108JLR, 2018 WL 2359132 (W.D. Wash. May 24, 2018) ........................... 3, 4, 12

*Pedigo Prod., Inc. v. Kimberly-Clark Worldwide, Inc.*,
    No. 3:12-CV-05502-BHS, 2013 WL 364814 (W.D. Wash. Jan. 30, 2013) .......................... 10

*Piper Aircraft Co. v. Reyno*,
    454 U.S. 235 (1981)................................................................................................................ 4

*Rothschild Connected Devices Innovations, LLC v. The Coca-Cola Co.*,
    No. 15-24067-CIV, 2016 WL 1546427 (S.D. Fla. Apr. 15, 2016)........................................... 7

*Scott v. Carr*,
    No. C20-236-RSM, 2020 WL 3639637 (W.D. Wash. July 6, 2020)....................................... 4

*Social Positioning Input Sys., LLC v. Valve Corp. et al*,
    No. 2:23-cv-422-JRG-RSP (E.D. Tex. Sept. 18, 2023) ........................................................... 1

*Social Positioning Input Sys, LLC v. Valve Corp.*,
    No. 2:22-cv-01366 (W.D. Wash.)............................................................................................ 3

*Stanbury Elec. Eng'g, LLC v. Energy Prod., Inc.*,
    No. C16-0362-JLR, 2016 WL 3255003 (W.D. Wash. June 13, 2016)................................... 10

*Symbology Innovations v. Valve Corporation, et al*,
    2:23-cv-419-JRG-RSP (E.D. Tex. Sept. 15, 2023) ............................................. 1, 8, 9, 12, 13

*T-Mobile USA, Inc. v. Selective Ins. Co. of Am.*,
    No. C15-1739-JLR, 2016 WL 1464468 (W.D. Wash. Apr. 14, 2016).................................... 8

**Statutes**

28 U.S.C. § 1404............................................................................................................... 1, 4, 7, 13

Tex. Comm. Code § 17.953 .......................................................................................................... 12

Tex. Comm. Code § 17.955 .......................................................................................................... 12

RCW 19.35................................................................................................................................. 2, 8

RCW 19.350.005........................................................................................................................ 7, 8

RCW 19.350.030.................................................................................................................. 8, 9, 12

# TABLE OF AUTHORITIES
(continued)

Page

**Other Authorities**

F.R.C.P. Rule 26 ................................................................................................................ *passim*

## I.  INTRODUCTION

Defendants seek to transfer this case away from the Western District of Washington where multiple parties reside, where the majority of relevant witnesses and documents are located, and where Valve's claims arose. Inexplicably, Defendants assert that the Eastern District of Texas is the more convenient venue, despite the fact that Texas has little to no connection to the parties, evidence, or claims in this case.

Defendants' motion is based entirely on an incorrect assumption that the 2016 Global Licensing and Settlement Agreement ("GLSA") has a mandatory forum selection clause. Defendants proclaim, without legal support or analysis, that the forum selection clause is mandatory, and thus Valve's claims must be brought in Texas. This is incorrect. Decades of Ninth Circuit precedent confirms that the forum selection clause in the GLSA in merely permissive. There is thus no requirement for this case to be transferred to the Eastern District of Texas.

Due to Defendants' seemingly deliberate mischaracterization of the forum selection clause of the GLSA as mandatory, Defendants also fail to apply the Ninth Circuit's traditional nine-factor test for transfer under § 1404. Under that test, the convenient venue for all parties in this action is the Western District of Washington. Defendants' motion should be denied. Defendants' motion to transfer is another example[1] of a meritless legal action taken on behalf of Leigh Rothschild solely to drive up Valve's litigation costs by forcing it to litigate in an inappropriate, far-way venue.

## II.  FACTUAL BACKGROUND

In 2015, Display Technologies sued Valve for patent infringement in the Eastern District of Texas. To resolve the lawsuit, Valve entered into the 2016 Global Settlement and Licensing Agreement ("GSLA"). Dkt. 23-1. In the GSLA, Valve took a license to the patents asserted by

---

[1] Weeks after Valve filed its complaint in this Court, three Rothschild-controlled entities filed patent infringement lawsuits in the Eastern District of Texas. *See Quantum Tech. Innovations, LLC v. Valve Corp*. et al, No. 2:23-cv-425-JRG-RSP (E.D. Tex. Sept. 18, 2023); *Social Positioning Input Sys., LLC v. Valve Corp. et al*, No. 2:23-cv-422-JRG-RSP (E.D. Tex. Sept. 18, 2023); *Symbology Innovations v. Valve Corp. et al*, No. 2:23-cv-419-JRG-RSP (E.D. Tex. Sept. 15, 2023). Plaintiff has not even requested issuance of summons in the *Quantum Tech*. and *Social Positioning* cases, despite being filed nearly two months ago. In the *Symbology* case, Valve has been served and has timely moved to dismiss for improper venue. Ex. 1 (Valve's Motion to Dismiss *Symbology* Lawsuit for Lack of Venue).

PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION TO TRANSFER
CASE NO. 2:23-CV-1016
- 1 -
Kilpatrick Townsend & Stockton LLP,
1420 Fifth Avenue, Suite 3700
Seattle, WA  98101
(206) 467-9600

Display Technologies, as well as dozens of other patents owned by Leigh Rothschild and various companies controlled by him, including the patent at issue in this case. *Id*. The GSLA contains a choice of law provision for disputes arising out of the GSLA:

> "The construction, validity and performance of the Agreement shall be governed in all respects (without regard to conflict of law provisions) by the law of the State of Texas, United States of America, as such law applies to contracts signed and fully performed in the State of Texas. **The Parties hereby submit to the jurisdiction of, and waive any venue objections against, the State and Federal courts in Texas**."

Dkt. 23-1, § 11.1 (emphasis added).

In July 2023, Valve sued Defendants for violation of the Washington Patent Troll Prevention Act (RCW 19.35) and other related claims based on Defendants' repeated bad-faith threats to sue Valve and actual lawsuits against Valve for infringing patents that Valve already has a license to under the GSLA. Valve brought this action against Florida-based companies Rothschild Broadcast Distribution Systems ("RBDS"), Display Technologies, and Patent Asset Management ("PAM"), as well as their Florida-based owner, Leigh Rothschild. Also included as defendants are Samuel Meyler and his law firm Meyler Legal PLLC, both of whom reside in Washington. Samuel Meyler and Meyler Legal PLLC represented Rothschild, RBDS, and PAM in their bad-faith allegations against Valve underlying this action.

Valve has its headquarters in Washington. Declaration of Scott Lynch ("Scott Decl."), ¶ 5 Nearly all of Valve's 300+ employees reside in Washington. *Id*., ¶ 6. All Valve employees believed to have documents or information relevant to Valve's claims in this case reside in Washington. Ex. 2 (Valve's Rule 26 Initial Disclosures) at 2.

The conduct that Valve alleges violates the Patent Troll Prevention Act as well as the actions that constitute breach of the GSLA occurred in Washington. *See, e.g.*, Dkt. 23, ¶¶ 20-36, 65-95. Defendants' previous correspondence to Valve were sent to Valve's headquarters in Washington. *Id*. Display Technologies' 2022 lawsuit against Valve, in which it asserted infringement of a previously licensed patent, was filed in Washington. *Display Technologies LLC v. Valve Corporation,* 2-22-cv-01365, Dkt. No. 1 (W.D. Wash. Sept. 27, 2022).

PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION TO TRANSFER
CASE NO. 2:23-CV-1016

- 2 -

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA  98101
(206) 467-9600

Valve is not aware of any documents, witnesses, or information storage systems for either party that are located in Texas. Defendants stated that unidentified current and/or former employees of Kizzia Johnson PLLC, a Dallas-based law firm, may have relevant knowledge regarding the patent-in-suit and lawsuits involving the patent-in-suit. Ex. 3 (Defendants' Rule 26 Initial Disclosures) at 2. However, Valve is not aware of Kizzia Johnson's involvement in any of the actions against Valve alleged in the complaint[2].

## III.    LEGAL PRINCIPLES

### A.    Mandatory vs. Permissive Forum Selection Clauses

There are two types of forum selection clauses: mandatory and permissive. *Hunt Wesson Foods, Inc. v. Supreme Oil Co.*, 817 F.2d 75, 77 (9th Cir. 1987). Before analyzing the impact of a forum selection clause on a motion to transfer, a court must first determine whether that forum selection clause is mandatory or permissive. *Id.; see also Caldas & Sons, Inc. v. Willingham*, 17 F.3d 123 (5th Cir. 1994). If the clause is mandatory, then the case should be transferred to the forum specified in the mandatory clause unless the party opposing the transfer can meet its "heavy burden" that transfer would be unreasonable under the circumstances. *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 64-65 n.8 (2013). If, however, the forum selection clause is merely permissive, "the vast majority of courts that have addressed the issue have rejected *Atlantic Marine's* application and applied the traditional *forum non conveniens* test." *Lavera Skin Care N. Am., Inc. v. Laverana GmbH & Co. KG*, No. 2:13-CV-02311-RSM, 2014 WL 7338739, at *5 (W.D. Wash. Dec. 19, 2014), *aff'd*, 696 F. App'x 837 (9th Cir. 2017) (collecting cases). A permissive forum selection clause "does not bear on the court's decision" in a motion to transfer for convenience. *Organo Gold Int'l, Inc. v. Aussie Rules Marine Servs., Ltd.*,

---

[2] Jay Johnson, former partner at Kizzia Johnson, was lead counsel for Social Positioning Input Systems in its 2022 lawsuit against Valve. *Social Positioning Input Sys, LLC v. Valve Corp.*, No. 2:22-cv-01366 (W.D. Wash.). That case is not alleged to give rise to Valve's claims in this case. Mr. Johnson is not noted as counsel of record in Display Technologies' 2022 case, where the licensed U.S. Patent No. 9,300,723 was asserted against Valve. Only Mr. Meyler is noted as counsel of record in that case. *Display Techs. LLC v. Valve Corp.*, No. 2:22-cv-01365 (W.D. Wash.). Mr. Johnson unfortunately passed away from cancer in February of this year. *See* https://www.kjpllc.com/johnson-jay/ (last visited Nov. 9, 2023).

PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION TO TRANSFER
CASE NO. 2:23-CV-1016
- 3 -
Kilpatrick Townsend & Stockton LLP,
1420 Fifth Avenue, Suite 3700
Seattle, WA  98101
(206) 467-9600

No. C18-0108JLR, 2018 WL 2359132, at *3 n.4 (W.D. Wash. May 24, 2018).

When determining whether a forum selection clause is permissive or mandatory, courts apply federal common law without regard to any choice of law provision. *Manetti–Farrow, Inc. v. Gucci Am. Inc.*, 858 F.2d 509, 513 (9th Cir. 1988); *see also Kilan v. Boston Sci. Corp.*, 2011 WL 1261130, at *4 (N.D. Cal. 2011). The Ninth Circuit has held that for a forum selection clause to be mandatory, it must be written in such a way that "the designated courts are the only ones which have jurisdiction." *Hunt Wesson,* 817 F.2d at 77-78. "By contrast, a permissive clause manifests consent to jurisdiction in the designated forum but 'does not mean that the same subject matter cannot be litigated in any other court.'" *Lavera*, 2014 WL 7338739 at *5 (*quoting Hunt Wesson*, 817 F.2d at 77).

### B.  Motions to Transfer for Convenience Under 28 U.S.C. § 1404

If a forum selection clause is found to be permissive, the clause is given no weight, and the traditional test for transfer under 35 U.S.C. § 1404 applies. *Id.*; *see also Organo Gold*, 2018 WL 2359132, at *3 n.4. In the Ninth Circuit, district courts apply a nine-factor balancing test to determine if transfer to another district court in the United States is proper. *Scott v. Carr*, No. C20-236-RSM, 2020 WL 3639637, at *2 (W.D. Wash. July 6, 2020). The factors to be considered include:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, [ ] (8) the ease of access to sources of proof, and (9) the public policy considerations of the forum state.

*Id.* (quoting *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000)). Defendants bear the burden of proving that transfer is appropriate. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255-56 (1981).

PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION TO TRANSFER
CASE NO. 2:23-CV-1016

- 4 -

Kilpatrick Townsend & Stockton LLP,
1420 Fifth Avenue, Suite 3700
Seattle, WA  98101
(206) 467-9600

## IV.   ARGUMENT

### A.   The Parties' Forum Selection Clause Is Permissive, Not Mandatory

Defendants disregard the threshold question of whether Section 11.1 of the GSLA is a mandatory or permissive forum selection clause. Instead, Defendants ask this Court to conclude, without argument, analysis, or citation to legal authority, that Section 11.1 is mandatory and the *Atlantic Marine* transfer test applies. As a result, Defendants devote the entirety of their argument to discussing the transfer factors under *Atlantic Marine*.[3] Dkt. 26, 9-15. However, a proper analysis confirms that Section 11.1 of the GSLA is permissive, not mandatory, and that the *Atlantic Marine* test does not apply.

"To be mandatory, a clause must contain language that clearly designates a forum as the exclusive one." *N. California Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co.*, 69 F.3d 1034, 1037 (9th Cir. 1995). Such language of exclusivity includes "only in" (*id.*), "in no other," or a clear statement that a claim "shall be brought" in a particular venue (*Hunt Wesson*, 817 F.2d at 77).

The GSLA does not contain any such language of exclusivity. The relevant portion of the GSLA states that "[t]he Parties hereby submit to the jurisdiction of, and waive any venue objections against, the State and Federal Courts in Texas." Dkt. 23-1, § 11.1. The plain language of the GSLA merely states that a case arising out of the GSLA *may* be brought in Texas and that the parties cannot object to venue in Texas for claims arising out of the GSLA. Nothing in the language of the GSLA requires either party to file suit in Texas. This lack of exclusivity makes Section 11.1 a permissive forum selection clause, not a mandatory one. *Hunt Wesson*, 817 F.2d at 77.

The Ninth Circuit has confirmed that even more forceful contract language ("shall have jurisdiction") is nonetheless only permissive. In *Hunt Wesson*, the Ninth Circuit was confronted with a forum selection clause very similar to the one in the GSLA:

> [the] Buyer and Seller expressly agree that the laws of the State of California

---

[3] These factors are: (1) whether the forum selection clause covers Valve's claims; (2) whether the forum selection clause is valid; and (3) whether the public interest factors favor transfer to Texas.

PLAINTIFF'S OPPOSITION TO DEFENDANTS'  
MOTION TO TRANSFER - 5 -  
CASE NO. 2:23-CV-1016  

Kilpatrick Townsend & Stockton LLP  
1420 Fifth Avenue, Suite 3700  
Seattle, WA  98101  
(206) 467-9600

> shall govern the validity, construction, interpretation and effect of this contract. The courts of California, County of Orange, **shall have jurisdiction** over the parties in any action at law relating to the subject matter or the interpretation of this contract.

*Id.* at 76 (alteration in original) (emphasis added). The Ninth Circuit held that this was a permissive forum selection clause because "the plain meaning of the language is that the Orange County courts shall have jurisdiction over this action. The language says nothing about the Orange County courts having exclusive jurisdiction." *Id.*

Other courts confirm that clauses where the parties submit to the jurisdiction of one court without mandating that future actions must be filed in that court are permissive, not mandatory. *See, e.g., Gennock v. Lucas Energy, Inc.*, No. 1:11-CV-982 AWI SMS, 2011 WL 4738320, at *2 (E.D. Cal. Oct. 5, 2011); *Connectus, LLC v. Ampush Media, Inc.*, No. 8:15-CV-2778-T-33JSS, 2016 WL 761036, at *2 (M.D. Fla. Feb. 26, 2016) (finding the clause "[t]he parties hereby submit to the jurisdiction of, and waive any venue objections against, the United States District Court for the Northern District of California, San Francisco County Branch and the Superior and Municipal Courts of the State of California." to be a permissive, not mandatory forum selection clause.).

Like in the GSLA here, the court in *Connectus* also noted that the parties only used the word "shall" when discussing the choice of law clause,[4] not with respect to the forum selection clause. *Id.* Therefore, the court concluded that the forum selection clause was permissive. *Id.*

The result should be the same for the GSLA. There is nothing in the GSLA that shows an intent to make jurisdiction exclusive in Texas. Nothing in the forum selection clause of the GSLA states that claims "must" or "shall" be brought in the courts of Texas, or that Texas is the "exclusive," "sole," or "only" jurisdiction where Valve's claims under the GSLA can be litigated. Thus, the forum selection clause is merely permissive, not mandatory.

---

[4] The full clause at issue in *Connectus* states: "[t]he interpretation and construction of this Agreement and all matters relating hereto shall be governed by the laws of the State of California. The parties hereby submit to the jurisdiction of, and waive any venue objections against, the United States District Court for the Northern District of California, San Francisco County Branch and the Superior and Municipal Courts of the State of California." *Id.* at *2 (alternations in original).

PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION TO TRANSFER
CASE NO. 2:23-CV-1016

- 6 -

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

**B.     Under the Proper §1404 Analysis, Western District of Washington Is the Proper Forum**

Because the forum selection clause of the GSLA is permissive, the traditional *forum non conveniens* test under § 1404 applies. *Lavera Skin*, 2014 WL 7338739, at *5. Defendants did not address nor provide any evidence for the factors in the traditional § 1404 test. When properly considered, each of the nine factors laid out by the Ninth Circuit in *Jones* are either neutral or weigh in favor of denying transfer to the Eastern District of Texas.

**1.     Location Where the Relevant Agreements Were Negotiated and Executed**

Valve is a Washington company, and Scott Lynch, Valve's signatory to the GSLA, is a resident of Washington. Lynch Decl., ¶ 4. Mr. Lynch and Karl Quackenbush, in-house counsel to Valve, negotiated the terms of the GSLA on behalf of Valve in Washington. *Id*., ¶¶ 9-11. Mr. Scott executed the GSLA in Washington as well. *Id*., ¶ 10. Leigh Rothschild, who signed the GSLA on behalf of himself and Display Technologies, was a resident of Florida in 2016 and is believed to still be residing their currently. *Rothschild Connected Devices Innovations, LLC v. The Coca-Cola Co*., No. 15-24067-CIV, 2016 WL 1546427, at *1 (S.D. Fla. Apr. 15, 2016); *see also* Dkt. 12. There is no evidence that Mr. Rothschild negotiated or executed the GSLA in Texas.

This factor weighs in favor of denying transfer.

**2.     State Most Familiar with the Governing Law**

Valve asserts claims that the Defendants violated Washington's Patent Troll Prevention Act. *See* Dkt. 23, Cts. IV-V. Washington's Patent Troll Prevention Act is a unique Washington state law targeted to "protect[ing] Washington's economy from abuse and bad faith assertions of patent infringement." RCW 19.350.005. Plaintiff is not aware of any Texas court adjudicating claims brought under or applying Washington's Patent Troll Prevention Act. For these claims, Washington is undoubtedly more familiar with the governing law than Texas.

In addition to the Patent Troll Prevention Act Claims, Valve's claims for breach of contract of the GSLA involve the application of Texas law. Dkt. 23-1, § 11.1 ("The construction, validity

PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION TO TRANSFER - 7 -
CASE NO. 2:23-CV-1016

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA  98101
(206) 467-9600

and performance of the [GSLA] shall be governed in all respects (without regard to conflict of law provisions) by the law of the State of Texas."). While Texas courts may be more familiar with the governing contract law, it is not uncommon for Washington to apply Texas contract law. *See, e.g., Flaaen v. Principal Life Ins. Co., Inc.*, 226 F. Supp. 3d 1162, 1166 (W.D. Wash. 2016) (applying Texas contract law on contract interpretation).

This factor is neutral or weighs slightly in favor of denying transfer.

### 3. Plaintiff's Choice of Forum

Courts afford significant deference to a plaintiff's choice of forum. *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986). "This factor is generally given significant weight when the plaintiff resides in the chosen forum." *T-Mobile USA, Inc. v. Selective Ins. Co. of Am.*, No. C15-1739-JLR, 2016 WL 1464468, at *4 (W.D. Wash. Apr. 14, 2016) (quotation omitted). Not only is Valve a Washington resident that has chosen to litigate its claims in Washington, Valve also asserted claims under Washington's Patent Troll Prevention Act, a statue enacted specifically for the protection of Washington businesses. *See* RCW 19.350.005.

This factor weighs strongly in favor of denying transfer.

### 4. Parties' Contacts with the Western District of Washington

Valve has extensive contacts with the Western District of Washington. Valve was founded in 1997 and has been headquartered in Bellevue, WA, since its inception. Lynch Decl., ¶ 5. None of Valve's over 300 employees reside in Texas. Ex. 1 (Valve's Motion to Dismiss *Symbology* Lawsuit for Lack of Venue). Nearly all reside in Washington, including all employees believed to have information relevant to this case. Lynch Decl., ¶ 6; Ex. 2 (Valve's Rule 26 Initial Disclosures). In addition, Valve's corporate servers and document storage systems reside in Washington. Lynch Decl., ¶ 8.

Defendants also have extensive contacts with this District. Defendants Samuel Meyler and Meyler Legal PLLC reside in Seattle, Washington. Dkt. 23, ¶ 57. RBDS, Display Technologies, and PAM routinely send demand letters to Washington companies and avail themselves of Washington courts to file patent litigation lawsuits under the control and direction of Leigh

PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION TO TRANSFER
CASE NO. 2:23-CV-1016

- 8 -

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

Rothschild, including courts in this District. *See, e.g.*, Dkt. 23, ¶¶ 15-25, 53-56, 94; Dkt. 23-8.

Just as importantly, no party has any meaningful connection with Texas. Valve does not have any offices, employees, or physical presence in Texas. Ex. 1 (Valve's Motion to Dismiss *Symbology* Lawsuit for Lack of Venue). While RBDS and Display Technologies are incorporated in Texas, both companies list a Florida address as their only physical address. Dkt 23, ¶¶ 39; 41. Defendants do not assert that they have any office space, employees, or documents located in the state of Texas.

This factor weighs strongly in favor of denying transfer.

### 5. Contacts Relating to Valve's Causes of Action

Each of Valve's causes of action in this case arise directly from actions that Defendants took in or directed at Washington and specifically this District. Valve's Patent Troll Prevention Act claims (Counts IV and V) and breach of contract claim (Count III) are based on Defendants' repeated bad-faith demands to Valve that it pay Defendants' more money to take a license to patents that Valve already had a license to. *See* Dkt. 23, Cts. III-V. Valve's declaratory judgment claims also relate to Defendants' specific bad faith assertion of the '221 Patent to which Valve is already licensed under the GSLA. *See* Dkt. 23, Cts. I-II. Each of Defendants' demands, including letters, emails, and LinkedIn messages were sent to Valve employees in this District. Display Technologies' 2022 lawsuit against Valve, where it asserted the already-licensed '723 Patent, was filed in this District. *See Display Techs. LLC v. Valve Corp.*, 2-22-cv-01365 (W.D. Wash. Sept. 27, 2022). Valve also alleges that Defendants' have threatened other Washington-based companies with frivolous or bad-faith assertions of patent infringement that are also tied to this District. Further, all of Valve's employees listed on its initial disclosures resides in Washington state, as do Defendants Samuel Meyler and Meyler Legal PLLC. Ex. 2 (Valve's Rule 26 Initial Disclosures).

In contrast, the only potential witnesses disclosed by Defendants that may have relevant information to this case are unidentified current and/or former employees of Kizzia Johnson PLLC. Ex. 3 (Defendants' Rule 26 Initial Disclosures) at 2. However, Valve is not aware of Kizzia Johnson's involvement in any of the actions against Valve alleged in the complaint. *See supra*

PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION TO TRANSFER
CASE NO. 2:23-CV-1016

- 9 -

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA  98101
(206) 467-9600

Section II, n.2.

This factor weighs strongly in favor of denying transfer.

### 6. Differences in the Costs of Litigation in Texas and Washington

In evaluating this factor, courts consider the witnesses' relative proximity to the forum. *See, e.g., Stanbury Elec. Eng'g, LLC v. Energy Prod., Inc.*, No. C16-0362-JLR, 2016 WL 3255003, at *6 (W.D. Wash. June 13, 2016). The vast majority of all witnesses are within this District. As discussed above, each of the employees listed in Valve's initial disclosures live in Washington. Further, the majority of Defendants' witnesses in its initial disclosures also reside in Washington. Ex. 3 (Defendants' Rule 26 Initial Disclosures) at 3-4 (listing Valve employees and counsel). As also discussed above, the only potential witness residing in Texas are unidentified current and/or former employees of Kizzia Johnson who have no involvement in any of the actions against Valve alleged in the complaint.

Courts also consider the disruption of the parties' business affairs that would result from a transfer. *Pedigo Prod., Inc. v. Kimberly-Clark Worldwide, Inc.*, No. 3:12-CV-05502-BHS, 2013 WL 364814 (W.D. Wash. Jan. 30, 2013). Valve has listed several of its executives and members of its legal team as potential witnesses, including its Chief Operating Officer. Ex. 2 (Valve Rule 26 Initial Disclosures). Requiring Valve's executives and members of its legal team to litigate in a distant venue is likely to impose a significant cost on Valve's business operations.

On the other hand, Defendants Leigh Rothschild, RBDS, Display Technologies, and PAM are non-practicing entities. They do not make any goods or offer any services; they exist only to license their patents and file infringement lawsuits in dozens of jurisdictions across the United States. As evidenced by allegations in the complaint, Defendants' employees often engage in out-of-district litigation and licensing activities. There is thus no difference in cost for Defendants to litigate this case in Washington as opposed to Texas. Indeed, Leigh Rothschild and Display Technologies have previously litigated cases against Valve in Washington. *See Display Techs. LLC v. Valve Corp.*, 2-22-cv-01365 (W.D. Wash. Sept. 27, 2022).

This factor weighs in favor of denying transfer.

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER
CASE NO. 2:23-CV-1016

- 10 -

Kilpatrick Townsend & Stockton LLP,
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

### 7. Availability of Compulsory Process to Compel Attendance of Unwilling Non-Party Witnesses

Valve believes that Defendants have sent other demand letters to businesses in Washington in bad faith. Dkt. 23, ¶ 94. Valve intends to take discovery on this issue and may identify Washington non-party witnesses who may need their attendance compelled. At this time, however, Valve is not aware of any third-party witnesses in Washington or Texas who may need to have their attendance compelled.

This factor is neutral.

### 8. Ease of Access to Sources of Proof

The location of witnesses, documentary evidence, and inventory to be inspected are primarily in Washington or can be accessed remotely. *See Jones*, 211 F.3d at 499; *Jinni Tech Ltd. v. Red.com, Inc.,* No. C17-0217JLR, 2017 WL 4758761, at *12 (W.D. Wash. Oct. 20, 2017). As discussed above, the vast majority of witnesses and the witnesses containing the most relevant information are located in this District. *Supra* § IV.B.6. Valve's documents and record keeping infrastructure are all in Washington. Lynch Decl., ¶ 8. Samuel Meyler, who authored the 2023 demand letter to Valve, and his law firm Meyler Legal, PLLC also reside in Washington. To the best of Valve's knowledge, "the ability to transfer documents electronically with relative ease and little expense" also "lessen[s] the importance of this factor with respect to documentary evidence" for Leigh Rothschild, RBDS, Display Technologies, and PAM. *Jinni* Tech, 2017 WL 4758761, at *12. There is also no evidence that any party has any documents or record keeping infrastructure in Texas, let alone any that cannot be transferred electronically.

This factor weighs in favor of denying transfer.

### 9. Public Policy Considerations of Washington

Courts also must consider public policy factors, including "the administrative difficulties flowing from court congestion" as well as the state's "interest in having localized controversies decided at home." *Atl. Marine Constr. Co., Inc., v. U.S. Dist. Ct. for the W. Dist. of Tex.*, 571 U.S. 49, 68 n.6 (2013). "Additionally, states have an interest in providing a forum for their injured

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER
CASE NO. 2:23-CV-1016

- 11 -

Kilpatrick Townsend & Stockton LLP,
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

residents." *Organo Gold,* 2018 WL 2359132, at *6.

Valve is a Washington company and brought multiple claims under Washington's Patent Troll Prevention Act, which was enacted "to protect Washington's economy from abusive and bad faith assertions of patent infringement…." RCW 19.350.005. Washington courts thus have a far greater interest in both providing a forum for Washington-based corporations such as Valve and for deciding controversies regarding harm to Washington's economy. These public policy factors weigh strongly in favor of denying transfer.

Defendants raise two arguments relevant to this factor: (1) Valve can assert analogous claims to Washington's Patent Troll Prevention Act under Texas law, and (2) that the Eastern District of Texas is less congested than the Western District of Washington. These arguments, however, are both incorrect and cannot overcome Washington's strong interest in Valve's claims.

Defendants first argue that Valve can simply assert analogous claims to Washington's Patent Troll Prevention Act under Texas law. *See* Dkt. 26 at 13 ("[B]oth states have empowered their attorney general to enjoin bad faith allegations of patent infringement and to seek compensation for anyone adversely affected by a bad faith allegation of patent infringement. *Compare* RCW 19.350.030 *with* Tex. Bus. & Comm. Code § 17.953."). Defendants' argument fails, however, because private companies like Valve **cannot** bring claims under this Texas statute. *See* Tex. Bus. & Comm. Code § 17.955 ("This subchapter does not create a private cause of action for a violation of Section 17.952."). In other words, Defendants' "more convenient" alternative would preclude Valve from asserting any analogous claim under Texas law. Nor is it clear that even if such a private right of action existed under Texas law (it does not) that Valve could assert violation of Texas state law based on actions that occurred exclusively in Washington against a Washington corporation. This non-sensical argument should be rejected.[5]

---

[5] Defendants also reference two other lawsuits between Valve and Rothschild-controlled entities, Quantum Technology Innovations and Social Positioning Input Systems, in the Eastern District of Texas. Dkt. 23 at 14. Yet despite filing those cases over two months ago, the Rothschild plaintiffs have not asked the court to issue summons, in a transparent attempt to prevent Valve from moving to dismiss the case for improper venue. In a third lawsuit brought by Rothschild-controlled Symbology Innovations against Valve, Valve has already moved to dismiss the case, because venue is not proper in Texas. *Symbology Innovations LLC v. Valve Corporation et al*, 2:23-cv-00419-JRG,

PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION TO TRANSFER                                          - 12 -
CASE NO. 2:23-CV-1016

Kilpatrick Townsend & Stockton LLP,
1420 Fifth Avenue, Suite 3700
Seattle, WA  98101
(206) 467-9600

Defendants also argue that the Eastern District of Texas is significantly less congested than the Western District of Washington, as evidenced by the average time to trial for patent cases in both districts. Dkt. 26 at 15. This comparison is irrelevant for two reasons. First, this is not a traditional patent case. This is an action for declaratory judgment of invalidity and unenforceability of a single patent to which Valve already has a license. Valve's infringement of the '221 Patent is not currently at issue. Further, the Court has made clear in its Order Regarding Initial Disclosures, Joint Status Report, and Early Settlement, that it expects the parties to be ready to try their case less than a year after entry of the joint status report. Dkt. 17 at 4. Valve stated it will be ready for trial on August 20, 2024 (Dkt. 28 at 7), less than the average time for trial in the Eastern District of Texas.

In sum, this factor weighs against transfer.

\* \* \*

Because each of the nine factors weigh against transfer or are neutral, the Court should deny Defendants' motion to transfer.

## V.  CONCLUSION

Defendants are undoubtedly aware that under a balanced weighing of transfer factors, Washington is a far more convenient venue for this case. Instead, Defendants mischaracterize the parties' forum selection clause in the GSLA as a mandatory one. Defendants fail to analyze whether the forum selection clause is mandatory or permissive and thus applied the incorrect legal standard. As shown above, the GSLA's forum selection clause is merely permissive, and the traditional *forum non conveniens* test under § 1404 applies. Each of the factors under the § 1404 test weighs against transfer and confirms that the Western District of Washington is the proper and most convenient forum. Defendants' motion is another attempt to drive up Valve's costs to assert its claims by transferring this case to a foreign forum with little to no connection to this case. Valve respectfully requests that the Court deny Defendants' motion to transfer this case to the Eastern District of Texas.

---

Dkt. 12 (E.D. Tex. Nov. 6, 2023); Ex. 1 (Valve's Motion to Dismiss *Symbology* Lawsuit for Lack of Venue).

PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION TO TRANSFER
CASE NO. 2:23-CV-1016

- 13 -

Kilpatrick Townsend & Stockton LLP,
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

| | |
|---|---|
| DATED: November 13, 2023 | Respectfully submitted, |
| | KILPATRICK TOWNSEND & STOCKTON LLP |
| | |
| | By: /s/ *Kathleen R. Geyer* |
| | Dario A. Machleidt (State Bar No. 41860) |
| | Kathleen R. Geyer (State Bar No. 55493) |
| | Christopher P. Damitio (State Bar No. 58633) |
| | 1420 Fifth Avenue, Suite 3700 |
| | Seattle, WA 98101 |
| | Telephone: (206) 467-9600 |
| | dmachleidt@kilpatricktownsend.com |
| | kgeyer@kilpatricktownsend.com |
| | cdamitio@kilpatricktownsend.com |
| | |
| | Attorneys for Plaintiff |
| | VALVE CORPORATION |

PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION TO TRANSFER
CASE NO. 2:23-CV-1016

- 14 -

Kilpatrick Townsend & Stockton LLP,
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600