# EXHIBIT 2

HON. JAMAL N. WHITEHEAD

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| VALVE CORPORATION, | Case No. 2:23-cv-1016 |
| Plaintiff, | **PLAINTIFF VALVE CORPORATION'S INITIAL DISCLOSURES** |
| v. | |
| LEIGH ROTHSCHILD, ROTHSCHILD BROADCAST DISTRIBUTION SYSTEMS, LLC, DISPLAY TECHNOLOGIES, LLC, PATENT ASSET MANAGEMENT, LLC, MEYLER LEGAL, PLLC, AND SAMUEL MEYLER, | Complaint Filed:    07/07/2023 |
| Defendants. | |

Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure and this Court's Order Regarding Initial Disclosures, Joint Status Report, and Early Settlement (Dkt. 17), Plaintiff Valve Corporation ("Valve"), by counsel, provides the following initial disclosures.

These disclosures have been prepared based upon information reasonably available to Valve at this time. Discovery is ongoing and Valve has not completed its investigation into the facts of this case and has not yet completed its preparations for trial. Valve reserves the right to amend, supplement or correct the information contained herein if and when such information becomes known. In making these disclosures, Valve does not intend to and does not waive any objections that it may have to any discovery in this proceeding. Valve expressly reserves all

VALVE'S INITIAL DISCLOSURES
Case No. 2:23-cv-1016

1

Kilpatrick Townsend & Stockton LLP,
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

objections that it has now, or in the future may have, under the Federal Rules of Civil Procedure, the Local Rules of this District, or any other applicable authority.

**I.     Disclosures Pursuant To Rule 26(A)**

    **A.     Rule 26(a)(1)(A)(i): the name and, if known, the address and telephone number of each individual likely to have discoverable information - along with the subjects of that information - that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.**

The inclusion of any person pursuant to this disclosure in no way constitutes an admission that the person does in fact possess discoverable information. Rather, based on the facts presently known to Valve, the following individuals are likely to have discoverable information that Valve may use to support its claims or defenses.

The following individuals should be contacted through the undersigned counsel.

| Name | Subject(s) of Information |
|---|---|
| **Christopher Schenck** <br><br> c/o Kilpatrick Townsend & Stockton LLP | Defendants' prior correspondence with Valve, including Defendants' attempts to negotiate with Valve for a revision to the 2016 Global Settlement and License Agreement for more money; Defendants' assertion of the licensed U.S. Patent No. 9,300,723 ("the '723 Patent") against Valve; Defendants' assertion of the licensed U.S. Patent No. 8,856,221 ("the '221 Patent") against Valve; Valve's identification of the 2016 Global Settlement and License Agreement to Defendants; Valve's damages incurred as a result of Defendants' repeated bad faith assertions of patent infringement. |
| **Karl Quackenbush** <br><br> c/o Kilpatrick Townsend & Stockton LLP | Execution of the 2016 Global Settlement and License Agreement. |
| **Liam Lavery** <br><br> c/o Kilpatrick Townsend & Stockton LLP | Defendants' prior correspondence with Valve, including Defendants' attempts to negotiate with Valve for a revision to the 2016 Global Settlement and License Agreement for more money. |
| **Steve Allen** <br><br> c/o Kilpatrick Townsend & Stockton LLP | Defendants' prior correspondence with Valve, including Defendants' attempts to negotiate with Valve for a revision to the 2016 Global Settlement and License Agreement for more money. |
| **Scott Lynch** <br><br> c/o Kilpatrick Townsend & Stockton LLP | Negotiation and execution of the 2016 Global Settlement and License Agreement; Defendants' previous correspondence with Valve, including Defendants' attempts to negotiate with Valve for a revision to the 2016 Global Settlement and License Agreement for more money; Valve's damages incurred as a result of Defendants' repeated bad faith assertions of patent infringement. |

VALVE'S INITIAL DISCLOSURES  
Case No. 2:23-cv-1016

2

Kilpatrick Townsend & Stockton LLP,  
1420 Fifth Avenue, Suite 3700  
Seattle, WA 98101  
(206) 467-9600

The following individuals and parties are also likely to have discoverable information that Valve may use to support its claims and/or defenses.

| Name | Subject(s) of Information |
|---|---|
| **Daniel Falcucci** Director of business development, Patent Asset Management | Defendants' prior correspondence with Valve, including Defendants' repeated attempts to negotiate with Valve for a revision to the 2016 Global Settlement and License Agreement for more money; the investigation conducted by Defendants prior to filing suit against Valve for infringement of the '723 Patent; the investigation conducted by Defendants prior to sending the June 2023 demand letter threatening litigation of the '221 Patent against Valve; knowledge of the 2016 Global Settlement and License Agreement; Defendants' strategy for selecting targets for licensing negotiations; Defendants' corporate structures and record-keeping; the identity of all companies owned or controlled by Leigh Rothschild; demand letters sent by entities owned or controlled by Leigh Rothschild and the outcome of those demand letters; litigation initiated by entities owned or controlled by Leigh Rothschild and the outcome of those litigations; Defendants' history of licensing the '221 Patent; any sanctions or adverse findings by a court against an entity owned or controlled by Leigh Rothschild. |
| **Leigh Rothschild** Named inventor on relevant patents; among other roles, Director of Patent Asset Management | Negotiation and execution of the 2016 Global Settlement and License Agreement; Defendants' prior correspondence with Valve, including Defendants' attempts to negotiate with Valve for a revision to the 2016 Global Settlement and License Agreement for more money; the investigation conducted by Defendants prior to filing suit against Valve for infringement of the '723 Patent; the investigation conducted by Defendants prior to sending the June 2023 demand letter threatening litigation of the '221 Patent against Valve; knowledge of the 2016 Global Settlement and License Agreement; Defendants' strategy for selecting targets for licensing negotiations; Defendants' corporate structures and record-keeping; the identity of all companies owned or controlled by Leigh Rothschild; demand letters sent by entities owned or controlled by Leigh Rothschild and the outcome of those demand letters; litigation initiated by entities owned or controlled by Leigh Rothschild and the outcome of those litigations; Defendants' history of licensing the '221 Patent; any sanctions or adverse findings by a court against an entity owned or controlled by Leigh Rothschild.<br><br>The conception and reduction to practice of the purported inventions in the '221 Patent; prosecution of the '221 Patent; prior art to the '221 Patent; the disclosure of prior art and submission of materials and information to the United States Patent and Trademark Office; any other information relevant to the validity, invalidity, enforceability, and/or unenforceability of the '221 Patent. |

VALVE'S INITIAL DISCLOSURES
Case No. 2:23-cv-1016

3

Kilpatrick Townsend & Stockton LLP,
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

| | | |
|---|---|---|
| | **Samuel Meyler**<br>Attorney, Meyler Legal PLLC | Defendants' previous correspondence with Valve, including Defendants' attempts to negotiate with Valve for a revision to the 2016 Global Settlement and License Agreement for more money; the investigation conducted by Defendants prior to filing suit against Valve for infringement of the '723 Patent; the investigation conducted by Defendants prior to sending the June 2023 demand letter threatening litigation of the '221 Patent against Valve; knowledge of the 2016 Global Settlement and License Agreement; Defendants' history of threatening patent infringement litigation and the outcome of those litigations; Defendants' strategy for selecting targets for licensing negotiations; all demand letters sent to Washington companies on behalf of an entity owned or controlled by Leigh Rothschild and the outcome of those demand letters; all litigation initiated against Washington companies on behalf of a Rothschild-controlled entity and the outcome of those litigations; any sanctions or adverse findings by a court against Mr. Meyler or a client represented by Mr. Meyler for frivolously asserting patent litigation claims or doing so in bad faith. |
| | **Rothschild Broadcast Display Systems, LLC, and its present and/or former employees, contractors, consultants, representatives, and/or agents, who Rothschild Broadcast Display, LLC, may disclose.** | The investigation conducted prior to Defendants sending the June 2023 demand letter threatening litigation of the '221 Patent; knowledge of the 2016 Global Settlement and License Agreement; Defendants' history of patent licensing; Defendants' history of filing patent infringement lawsuits and the outcome of those litigations; any sanctions threat, order, or other court order finding that Rothschild Broadcast Display Systems has engaged in frivolous or bad faith patent litigation. |
| | **Display Technologies, LLC, and its present and/or former employees, contractors, consultants, representatives, and/or agents, who Display Technologies, LLC, may disclose.** | Negotiation and execution of the 2016 Global Settlement and License Agreement; the investigation conducted by Defendants prior to filing suit against Valve for infringement of the '723 Patent; knowledge of the 2016 Global Settlement and License Agreement; Defendants' history of patent licensing, as well as their history of filing patent infringement lawsuits and the outcome of those litigations; any sanctions threat, order, or other court order finding that Display Technologies has engaged in frivolous or bad faith patent litigation. |
| | **Patent Asset Management, and its present and/or former employees, contractors, consultants, representatives, and/or agents, who Patent Asset Management may disclose.** | Negotiation and execution of the 2016 Global Settlement and License Agreement; Defendants' previous correspondence with Valve, including Defendants' attempts to negotiate with Valve for a revision to the 2016 Global Settlement and License Agreement for more money; the investigation conducted by Defendants prior to filing suit against Valve for infringement of the '723 Patent; the investigation conducted by Defendants prior to sending the June 2023 demand letter threatening litigation of the '221 Patent against Valve; knowledge of the 2016 Global Settlement and License Agreement; Defendants' history of selecting targets for licensing negotiations, as well as their history of filing patent infringement lawsuits and the results of those lawsuits; |

VALVE'S INITIAL DISCLOSURES
Case No. 2:23-cv-1016

4

Kilpatrick Townsend & Stockton LLP,
1420 Fifth Avenue, Suite 3700
Seattle, WA  98101
(206) 467-9600

| | |
|---|---|
| | Defendants' corporate organizational structure, the identification of individuals in leadership positions, and coordination between various Rothschild subsidiaries. |

Valve also identifies any fact and expert witnesses proffered by any of Rothschild Broadcast Distribution Systems, LLC, Display Technologies, LLC, Patent Asset Management, Leigh Rothschild, Samuel Meyler, or Meyler Legal PLLC (collectively, "Defendants") for purposes of deposition and trial, all witnesses listed on Defendants' initial disclosures and/or witness lists, all individuals who are associated with any other entities owned by Patent Asset Management, all individuals who are associated with any other licensees of any Rothschild companies, all individuals who are associated with Hao Ni Ni Law Firm, PLLC, all individuals who are associated with Ni Wang & Massand, PLLC, and all individuals identified in the documents produced by each party and third-parties during discovery.

**B.   Rule 26(a)(1)(A)(ii): a copy - or a description by category and location - of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.**

Valve will produce non-privileged documents relating to prior correspondence between Defendants and Valve's employees, documents relating to the 2016 Global Settlement and License Agreement, documents relating to the '221 Patent, and prior art to the '221 Patent. Should Valve discover any additional documents and things that it may use to support its claims or defenses, they will be produced or made available for inspection and copying.

Valve also reserves the right to rely on materials produced by Defendants including, but not limited to: materials pertaining to Defendants' attempts to license additional patents to Valve; the investigation conducted by Defendants prior to filing suit against Valve for infringement of the '723 Patent; the investigation conducted prior to Defendants sending the June 2023 demand letter threatening litigation of the '221 Patent; knowledge of the 2016 Global Settlement and License Agreement; Defendants' history of patent licensing, including the '221 Patent, and Defendants' history of filing patent infringement lawsuits against other companies and the results of those lawsuits.

Valve also reserves the right to rely on materials produced by third parties, and also

VALVE'S INITIAL DISCLOSURES
Case No. 2:23-cv-1016

5

Kilpatrick Townsend & Stockton LLP,
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

reserves the right to rely on materials produced or provided as a result of expert discovery.

    **C.**    **Rule 26(a)(1)(A)(iii): a computation of each category of damages claimed by the disclosing party - who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.**

Pursuant to Federal Rule of Civil Procedure 26(a)(1)(A)(iii), Valve states that it is entitled to its actual damages and attorneys' fees and costs as damages suffered for Defendants' breach of contract and bad faith assertion of patent infringement under Revised Code of Washington ("RCW") 19.350 (the Patent Troll Prevention Act) and RCW 19.86.020 (the Washington State Consumer Protection Act). Valve will also seek treble damages up to and including $25,000 under the Washington State Consumer Protection Act. *See* RCW 19.86.090. Valve will make available for inspection and copying non-privileged documents or other evidence sufficient to corroborate its request for damages no later than any deadline set by the Court for such production.

    **D.**    **Rule 26(a)(1)(A)(iv): for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.**

At this time, Valve is unaware of any insurance agreement which may provide coverage for this action.

VALVE'S INITIAL DISCLOSURES  
Case No. 2:23-cv-1016

6

Kilpatrick Townsend & Stockton LLP,  
1420 Fifth Avenue, Suite 3700  
Seattle, WA 98101  
(206) 467-9600

| | | |
|---|---|---|
| 1 | DATED: October 25, 2023 | Respectfully submitted, |
| 2 | | |
| 3 | | By: /s/ *Dario A. Machleidt* <br> KILPATRICK TOWNSEND & STOCKTON LLP |
| 4 | | Dario A. Machleidt (State Bar No. 41860) <br> Kathleen R. Geyer (State Bar No. 55493) |
| 5 | | Christopher P. Damitio (State Bar No. 58633) <br> 1420 Fifth Avenue, Suite 3700 |
| 6 | | Seattle, WA 98101 <br> Telephone: (206) 467-9600 |
| 7 | | E-mail: dmachleidt@kilpatricktownsend.com <br> E-mail: kgeyer@kilpatricktownsend.com |
| 8 | | E-mail: cdamitio@kilpatricktownsend.com |
| 9 | | *Attorneys for Plaintiff* <br> VALVE CORPORATION |

VALVE'S INITIAL DISCLOSURES
Case No. 2:23-cv-1016

7

Kilpatrick Townsend & Stockton LLP,
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600