# EXHIBIT 3

Honorable Jamal N. Whitehead

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| VALVE CORPORATION,<br><br>               Plaintiff,<br><br>v.<br><br>LEIGH ROTHSCHILD, ROTHSCHILD BROADCAST DISTRIBUTION SYSTEMS, LLC, DISPLAY TECHNOLOGIES, LLC, PATENT ASSET MANAGEMENT, LLC, MEYLER LEGAL, PLLC, AND SAMUEL MEYLER,<br><br>               Defendants. | Case No. **2:23-cv-01016**<br><br>**DEFENDANTS' FED. R. CIV. P. 26(a) INITIAL DISCLOSURES** |

Defendants Leigh Rothschild, Rothschild Broadcast Distribution Systems, LLC, Display Technologies, LLC, Patent Asset Management, LLC, Meyler Legal, PLLC, and Samuel Meyler, by and through their undersigned counsel, and pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, hereby provide the following initial disclosures in connection with Defendants' defenses in the above-captioned action based upon information readily available to at least one of Defendants at this time and currently within that entity's custody, possession or control. These disclosures may be amended, clarified, or supplemented as the case progresses and as Plaintiff discloses the bases for its claims in this action.

Defendants have not completed their investigation of all the facts of this case, or discovery in, or analysis of this matter, and have not completed preparation for trial. Accordingly, this disclosure statement is provided pursuant to Rule 26 of the Federal Rules of Civil Procedure

DEFENDANTS' FED. R. CIV. P. 26(a) INITIAL
DISCLOSURES – Page **1** of **7**
Case No. 2:23-cv-01016

**DC LAW GROUP**
12055 15th Ave NE | Seattle, WA 98125
Phone: (206) 494.0400

without prejudice to Defendants' rights to introduce at trial any evidence that is subsequently discovered relating to proof of presently known facts, and to produce and introduce all evidence whenever discovered relating to the proof of subsequently discovered material facts. Moreover, facts, documents, and things now known may be imperfectly understood and, accordingly, such facts, documents, and things may not be included in the following statement.

Defendants reserve the right to refer to, conduct discovery with reference to, or offer into evidence at the time of trial any and all facts, documents, and things notwithstanding the initial statements herein. Defendants further reserve the right to refer to, conduct discovery with reference to, or offer into evidence at the time of trial any and all facts, documents, and things which they do not presently recall, but may recall at some time in the future.

Defendants object to the disclosure of information that is protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity from discovery. To the extent that Defendants inadvertently disclose information that may be protected from discovery under the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity, such inadvertent disclosure does not constitute a waiver of any such privilege or immunity.

The information set forth below is provided without in any manner waiving: (1) Defendants' right to object to the use of any disclosure for any purpose, in this action or any other actions, on the grounds of privilege, relevance, materiality, or any other appropriate grounds; (2) Defendants' right to object to any discovery request involving or relative to the subject matter of the disclosures herein; (3) Defendants' right to revise, correct, supplement, or clarify any of the disclosures provided below, at any time. Defendants specifically reserve the right to supplement

DEFENDANTS' FED. R. CIV. P. 26(a) INITIAL
DISCLOSURES – Page **2** of **7**
Case No. 2:23-cv-01016

**DC LAW GROUP**
12055 15th Ave NE | Seattle, WA 98125
Phone: (206) 494.0400

their disclosures herein in accordance with the Federal Rules of Civil Procedure, the Local Civil Rules of this Court, and/or any Order of the Court.

**(1)    The name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.**

Defendants object to any attempt at *ex parte* contact by Plaintiff or any of its attorneys of any identified individuals employed or formerly employed by any of the Defendants. Defendants further object to providing the address and telephone numbers of such individuals; individuals presently employed by one of the Defendants may be contacted through undersigned counsel for Defendants. By making these disclosures, Defendants make no representation as to their control over any non- employee or any former employee. Defendants reserve their rights to object to a proposed deposition of any individual identified by Plaintiff. Without waiving said objections, the following individuals may possess discoverable information that Defendants may use to support their defenses and/or counterclaims:

| Individual | Areas of Knowledge |
|---|---|
| Leigh Rothschild<br>*Should only be contacted through counsel for Defendants.* | Defendants' discussions with Plaintiff's representatives regarding the Patent-in-Suit, lawsuits involving the Patent-in-Suit, Plaintiff's infringement of the Patent-in-Suit, and Defendants' licenses to the Patent-in-Suit and other patents. |

| Individual | Areas of Knowledge |
|---|---|
| Daniel Falcucci<br>*Should only be contacted through counsel for Defendants.* | Defendants' discussions with Plaintiff's representatives regarding the Patent-in-Suit, lawsuits involving the Patent-in-Suit, and Defendants' licenses to the Patent-in-Suit and other patents. |
| Samuel Meyler<br>*Should only be contacted through counsel for Defendants.* | Defendants' discussions with Plaintiff's representatives regarding the Patent-in-Suit, Plaintiff's infringement of the Patent-in-Suit, and lawsuits involving the Patent-in-Suit. |
| Current and/or former employees of Kizzia Johnson PLLC<br>*Current address unknown* | Defendants' discussions with Plaintiff's representatives regarding the Patent-in-Suit, Plaintiff's infringement of the Patent-in-Suit, and lawsuits involving the Patent-in-Suit. |
| Scott Lynch, COO, Valve Corporation<br>*Current address unknown* | Defendants' discussions with Plaintiff's representatives regarding the Patent-in-Suit, lawsuits involving the Patent-in-Suit, and Defendants' licenses to the Patent-in-Suit and other patents. |
| Chris Schenck, Legal Counsel, Valve Corporation<br>*Current address unknown* | Defendants' discussions with Plaintiff's representatives regarding the Patent-in-Suit lawsuits involving the Patent-in-Suit, Plaintiff's infringement of the Patent-in-Suit, and Defendants' licenses to the Patent-in-Suit and other patents. |

| Individual | Areas of Knowledge |
|---|---|
| Current and Former Employees of Valve Corporation<br>*Current address(es) unknown* | Defendants' discussions with Plaintiff's representatives regarding the Patent-in-Suit lawsuits involving the Patent-in-Suit, Plaintiff's infringement of the Patent-in-Suit, and Defendants' licenses to the Patent-in-Suit and other patents. |
| Dario A. Machleidt<br>Kilpatrick Townsend<br>1420 Fifth Avenue, Suite 3700<br>Seattle, WA 98101 | Plaintiff's decision to file this lawsuit rather than email Defendants as they had done previously. |

Defendants further identify any other individual(s) identified by Plaintiff in its Rule 26(a)(1) Initial Disclosures submitted in this litigation, to the extent not identified above.

This list, however, is not intended to be exhaustive. Defendants' investigation continues. Defendants therefore reserve the right to supplement and/or amend these Initial Disclosures as this case progresses, as necessary or appropriate in accordance with the Federal Rules of Civil Procedure, the Local Civil Rules of this Court, and/or any Order of the Court.

**(2)     A copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.**

Defendants are still in the process of identifying relevant, non-privileged documents, and specifically reserve the right to supplement this disclosure if such additional documents are

DEFENDANTS' FED. R. CIV. P. 26(a) INITIAL
DISCLOSURES – Page **5** of **7**
Case No. 2:23-cv-01016

**DC LAW GROUP**
12055 15th Ave NE | Seattle, WA 98125
Phone: (206) 494.0400

discovered. By making these disclosures, Defendants reserve the right to object to the admissibility, relevance, and the like of such documents and evidence.

The following generally describes by category documents, electronically stored information, and tangible things that are currently in Plaintiffs' possession, custody, or control:

1. Documents relating to the ownership and licensing of the Patent-in-Suit, including correspondence relating thereto;

2. Document relating to the enforcement of the Patent-in-Suit, including correspondence relating thereto; and

3. Documents concerning discussions with Plaintiff's representative regarding the Patent-in-Suit and other patents, including correspondence relating thereto.

Defendants reserve the right to supplement and/or amend these Disclosures as necessary or appropriate in accordance with the Federal Rules of Civil Procedure, the Local Civil Rules of this Court, any Order of the Court, and/or in response to specific discovery requests from Defendant.

**(3) A computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.**

Defendants are not currently seeking damages at this time but do intend to seek their reasonable fees and the costs of this lawsuit including, but not limited to, deposition transcripts and court reporter fees, as well as attorneys' fees and paralegal fees awardable to prevailing parties.

1  **(4)   For inspection and copying as under Rule 34, any insurance agreement under which**
2  **an insurance business may be liable to satisfy all or part of a possible judgment in the action**
3  **or to indemnify or reimburse for payments made to satisfy the judgment.**

4   Defendants are covered by an insurance agreement under which an insurance business may
5  be liable to satisfy all or part of a possible judgment in this action or to indemnify or reimburse for
6  payments made to satisfy a judgment. Defendants will produce a copy of that agreement once a
7  suitable Protective Order has been entered in this case.

8                                    *     *     *

9   Defendants reserve the right to supplement and/or amend these Initial Disclosures in
10 accordance with the Federal Rules of Civil Procedure, the Local Civil Rules of this Court, any
11 Order of this Court, and/or as investigation in this matter continues and new facts come to light.

12 Dated:  October 26, 2023                         Respectfully submitted,
13
14                                     By:  /s/ Donald R. McPhail
                                        Donald R. McPhail (admitted *phv*)
15                                      1940 Duke Street
                                        Alexandria, Virginia 22314
16                                      Tel: (703) 412-1432
                                        Fax: (703) 413-2220
17                                      Email: dmcphail@oblon.com

18                                      Matthew J. Cunanan (#42530)
                                        DC LAW GROUP
19                                      12055 15th Ave NE, Suite B
                                        Seattle, WA 98125
20                                      Tel: (206) 494-0400
                                        Fax: (855) 494-0400
21                                      Email: matthew@dclglawyers.com

22                                      *Attorneys for Defendants Leigh Rothschild, Rothschild*
                                        *Broadcast Distribution Systems, LLC, Display*
23                                      *Technologies, LLC, Patent Asset Management, LLC,*
                                        *Meyler Legal, PLLC, and Samuel Meyler*
24

DEFENDANTS' FED. R. CIV. P. 26(a) INITIAL
DISCLOSURES – Page **7** of **7**
Case No. 2:23-cv-01016

**DC LAW GROUP**
12055 15th Ave NE | Seattle, WA 98125
Phone: (206) 494.0400