Honorable Jamal N. Whitehead

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
## AT SEATTLE

| | |
|---|---|
| VALVE CORPORATION | Case No. **2:23-cv-01016** |
| Plaintiff, | |
| v. | **DEFENDANTS' REPLY IN SUPPORT OF DEFENDANTS' MOTION TO TRANSFER** |
| LEIGH ROTHSCHILD, ROTHSCHILD BROADCAST DISTRIBUTION SYSTEMS, LLC, DISPLAY TECHNOLOGIES, LLC, PATENT ASSET MANAGEMENT, LLC, MEYLER LEGAL, PLLC, AND SAMUEL MEYLER**,** | NOTE ON MOTION CALENDAR: **November 17, 2023** |
| Defendants. | |

**DC LAW GROUP**
12055 15th Ave NE | Seattle, WA 98125
Phone: (206) 494.0400

<u>**TABLE OF AUTHORITIES**</u>

**Cases**

*AAR International, Inc. v. Nimelias Enterprises, S.A.*, 250 F.3d 510 (7th Cir. 2001)……………..5

*Aguas Lenders Recovery Group v. Suez*, 585 F.3d 696 (2nd Cir. 2009)…………………………..5

*Atlantic Marine Construction Co. v. United States District Court for the*
    *Western District of Texas*, 571 U.S. 49 (2013)……………………………………………5

*Cambridge Nutrition AG v. Fotheringham*, 840 F. Supp. 299 (S.D.N.Y. 1994)………..………..4

*General Electric v. Siempelkamp*, 29 F.3d 1095 (6th Cir. 1994)…………………………………..4

*Kaman Aerospace Corp. v. Central Copters, Inc.*, No. 3:22-CV-1445 (SVN),
    2023 U.S. Dist. LEXIS 151647 (D. Conn. August 28, 2023)……………………………..4

*Milk 'N' More, Inc. v. Beavert*, 963 F.2d 1342 (10th Cir. 1992)…………………………………..4

*Or-Cal, Inc. v. Tessenderlo Kerley, Inc.*, No. 6:14-cv-01074-AA, 2014 U.S. Dist.
    LEXIS 198094 at * 2 (D. Or. Sept. 1, 2014)……………………..……………………..5

*Sterling Forest Associates v. Barnett-Range Corp.*, 840 F.2d 249 (4th Cir. 1988)………………4

**DC LAW GROUP**
12055 15th Ave NE | Seattle, WA 98125
Phone: (206) 494.0400

I.     **INTRODUCTION**

Ironically, while Plaintiff Valve Corporation brought this suit for the alleged breach of a Global Settlement and License Agreement between Plaintiff and Defendants Leigh Rothschild, Display Technologies, LLC, and Patent Asset Management, LLC, it is Plaintiff that is now attempting to avoid being held to the terms of that Agreement, terms that Plaintiff freely negotiated and entered into back in 2016.

The Global Settlement and License Agreement contains a valid, enforceable, and mandatory forum selection clause. Plaintiff is bound by its agreement thereto. Defendants' motion to transfer this case to the United States District Court for the Eastern District of Texas, particularly the Marshall Division, should therefore be granted.

II.    **ARGUMENT**

A.     **The Forum Selection Clause in the GLSA is Mandatory**

Plaintiff does not dispute that Plaintiff's cause of action arises out of the 2016 Global License and Settlement Agreement ("GLSA") between Plaintiff and Defendants Leigh Rothschild, Display Technologies, LLC, and Patent Asset Management, LLC. Instead, Plaintiff asserts that the forum selection clause in the GLSA is merely permissive, rather than mandatory. *See* Dkt. # 29 at 5. Plaintiff is wrong; the forum selection clause in the GLSA is mandatory, not permissive, and so this case should be transferred to Texas.

More specifically, the forum selection clause at issue here is found in section 11.1 of the GLSA, which also deals with the governing law and states:

> The construction, validity and performance of the [GLSA] shall be governed in all respects (without regard to conflicts of law provisions) by the law of the State of Texas, United States of America, as such law applies to contracts signed and fully performed in the State of Texas. The Parties hereby submit to the jurisdiction of, and waive any venue objections against, the State and Federal courts in Texas.

1   Dkt. # 1-1 at 12, ¶ 11.1.

2      Substantially the same language as Plaintiff agreed to in the GLSA has been found by

3   more than one court to constitute a *mandatory* forum selection clause, not merely a permissive

4   one. *See*, *e.g.*, *Cambridge Nutrition AG v. Fotheringham*, 840 F. Supp. 299, 301 (S.D.N.Y. 1994)

5   ("the language in question here – 'The Agreement *shall* be governed by the laws of the State of

6   New York, U.S.A. All parties hereby submit to the jurisdiction of the courts of the state of New

7   York' (emphasis added) – supports the construction that the instant clause is 'mandatory.'"); *see*

8   *also Kaman Aerospace Corp. v. Central Copters, Inc.*, No. 3:22-CV-1445 (SVN), 2023 U.S. Dist.

9   LEXIS 151647 at *18 (D. Conn. August 28, 2023) ("The clause provides 'the parties hereby

10  submit to the exclusive jurisdiction of the court of' Connecticut . . . and thus it is clearly

11  mandatory.") (citations omitted).

12     The district court's published decision in *Cambridge Nutrition* is particular illustrative

13  here, as the language in the GLSA — *viz.* "*shall* be governed" (emphasis added) — is exactly the

14  same as the language on which the district court in *Cambridge Nutrition* based its conclusion that

15  the forum selection clause was mandatory. *See Cambridge Nutrition*, 840 F. Supp. at 301. There

16  is no reason why this Court should reach a different conclusion.

17     Significantly, although the United States Courts of Appeal for the Ninth Circuit has not

18  expressly addressed the language at issue here, the Courts of Appeal for the Fourth Circuit, the

19  Sixth Circuit, and the Tenth Circuit have all found that a forum selection clause employing the

20  word "shall" and citing a specific forum for the adjudication of disputes represents a *mandatory*

21  forum selection clause. *See Sterling Forest Associates v. Barnett-Range Corp.*, 840 F.2d 249, 252

22  (4th Cir. 1988); *General Electric v. Siempelkamp*, 29 F.3d 1095, 1099 (6th Cir. 1994); *Milk 'N'*

23  *More, Inc. v. Beavert*, 963 F.2d 1342, 1346 (10th Cir. 1992).

24

Moreover, concluding that the forum selection clause in the GLSA is mandatory, rather than permissive, is also supported by the express waiver therein of any objection to venue in Texas. *See*, *e.g.*, *Or-Cal, Inc. v. Tessenderlo Kerley, Inc.*, No. 6:14-cv-01074-AA, 2014 U.S. Dist. LEXIS 198094 at * 2 (D. Or. Sept. 1, 2014) (transferring a case to Arizona, where the forum selection clause included permissive language designating an Arizona forum, plus an express waiver of venue objections); *see also Aguas Lenders Recovery Group v. Suez*, 585 F.3d 696, 700 (2nd Cir. 2009) (the combination of a forum selection clause and a waiver of any claims of forum *non conveniens* "amounts to a mandatory forum selection clause"); *AAR International, Inc. v. Nimelias Enterprises, S.A.*, 250 F.3d 510, 525-26 (7th Cir. 2001) ("We have held that by agreeing to a mandatory forum selection agreement, a party waives objections to venue in the chosen forum on the basis of cost or inconvenience to itself. It would seem incongruous to conclude that a party does not similarly waive objections when he agrees to a permissive forum selection clause which specifically provides for the waiver of convenience-based objections to suits brought in a particular venue.").

The forum selection clause of the GLSA is therefore mandatory, not permissive, and Plaintiff does not dispute Defendants' analysis of any of the relevant factors under *Atlantic Marine Construction Co. v. United States District Court for the Western District of Texas*, 571 U.S. 49 (2013). Defendants' Motion to Transfer should therefore be granted.

**B.     The § 1404(a) Factors**

Although Defendants disagree that the forum selection clause of the GLSA is merely permissive, for completeness, Defendants will address certain of the factors that Plaintiff has erroneously characterized in its Opposition.

**DC LAW GROUP**
12055 15th Ave NE | Seattle, WA 98125
Phone: (206) 494.0400

Factor 2, for example, relates to the state most familiar with the governing law. Contrary to Plaintiff's contention, however, this factor weighs in favor of transfer. First, as conceded by Plaintiff, Plaintiff's claims for breach of contract involve application of Texas law. It is quite beyond reasonable dispute that Texas courts are more familiar with Texas contract law than a Washington court would be, even if a Washington court may have applied Texas contract law at some point in the past. Secondly, although completely ignored by Plaintiff, Plaintiff's declaratory judgment claims arise under the United States Patent Laws and, as Defendants pointed out in their Motion, the United States District Court for the Eastern District of Texas has substantially more experience adjudicating such matters than the Western District of Washington. *See* Dkt. # 26 at 13. Finally, although Plaintiff also alleges a cause of action under Washington's Patent Troll Prevention Act, it appears that only one, single case has ever been brought previously under that statute and that case remains unresolved. *See State of Washington v. Landmark Technology A LLC*, Case No. 2:21-cv-00728 (W.D. Wash.). Such hardly supports Plaintiff's argument. Thus, when properly considered, factor 2 actually weighs strongly in favor of transfer.

Factors 4 and 5 also do not weigh in favor of denying transfer, as alleged by Plaintiff. In its purported analysis of this factor, however, Plaintiff completely ignores the fact that the lawsuit which led to the GLSA was filed and litigated in Texas, particularly the Eastern District of Texas. Plaintiff's allegation that neither party has any meaningful contacts with Texas is therefore false. Both parties have contacts with the Eastern District of Texas, and those contacts relate directly to Plaintiff's causes of action here.

Factor 6 also does not weigh in favor of denying transfer. Although Plaintiff is correct that its potential willing witnesses reside in Washington, it is equally correct that none of Defendants' do (Mr. Falucci resides in Pennsylvania). This factor is therefore, at most, neutral.

Contrary to Plaintiff's allegation, factor 7 is not neutral. The individuals at the law firm of Kizzia Johnson PLLC identified by Defendants in their Initial Disclosures are likely to have information relevant to this matter, since Mr. Johnson, prior to his untimely death, was counsel to Defendants Leigh Rothschild, Display Technologies, LLC, and Patent Asset Management, LLC and directly involved in the assertion of, *inter alia*, the '221 patent that is the subject of Plaintiff's declaratory judgment claims. None of these individuals, however, is employed or controlled by Defendants and so their attendance at trial will need to be compelled. Factor 7 therefore weighs strongly in favor of transfer.

Finally, with respect to factor 9, Plaintiff can only allege that "Plaintiff's infringement of the '221 patent is not currently at issue" because Defendants have not yet filed their counterclaims in this action. Because Plaintiff breached the GLSA by bringing this action and refusing to dismiss it when asked, Plaintiff is now and has been literally infringing the '221 patent and Defendants intend to seek a judgment to that effect, along with damages sufficient to compensate for that infringement. The time-to-trial for a patent infringement case in the Eastern District of Texas compared to the Western District of Texas is therefore relevant and, as pointed out by Defendants in their Motion to Transfer, favors transfer of this action.

## III.   CONCLUSION

For at least the reasons above and those set forth in Defendants' Motion to Transfer (Dkt. # 26), the forum selection clause of the GLSA should be given full force and effect and this case transferred to Texas, particularly the U.S. District Court for the Eastern District of Texas.

I certify that this memorandum contains 1,851 words, in compliance with the Local Civil Rules.

**DC LAW GROUP**
12055 15th Ave NE | Seattle, WA 98125
Phone: (206) 494.0400

1   Dated:  November 17, 2023                    Respectfully submitted,

2                                                By: _/s/ Matthew J. Cunanan_____
                                                     Matthew J. Cunanan (#42530)
3                                                    DC LAW GROUP
                                                     12055 15th Ave NE, Suite B
4                                                    Seattle, WA 98125
                                                     Tel: (206) 494-0400
5                                                    Fax: (855) 494-0400
                                                     Email: matthew@dclglawyers.com
6
                                                     Donald R. McPhail (admitted *phv*)
7                                                    OBLON, MCCLELLAND, MAIER
                                                       & NEUSTADT, LLP
8                                                    1940 Duke Street
                                                     Alexandria, Virginia 22314
9                                                    Tel: (703) 412-1432
                                                     Fax: (703) 413-2220
10                                                   Email: dmcphail@oblon.com

11                                                   *Attorneys for Defendants Leigh Rothschild,*
                                                     *Rothschild Broadcast Distribution Systems,*
12                                                   *LLC, Display Technologies, LLC, Patent Asset*
                                                     *Management, LLC, Meyler Legal, PLLC, and*
13                                                   *Samuel Meyler*

14

15

16

17

18

19

20

21

22

23

24

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

**CERTIFICATE OF SERVICE**

     I hereby certify that on November 17, 2023, I filed the within through the ECF system and that notice will be sent electronically to all counsel who are registered participants identified on the Mailing Information for C.A. No. 2:23-cv-1016.

*/s/ Diana Bowen*

**DC LAW GROUP**
12055 15th Ave NE | Seattle, WA 98125
Phone: (206) 494.0400