Honorable Jamal N. Whitehead

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VALVE CORPORATION,<br><br>  Plaintiff,<br><br>  v.<br><br>LEIGH ROTHSCHILD, ROTHSCHILD BROADCAST DISTRIBUTION SYSTEMS, LLC, DISPLAY TECHNOLOGIES, LLC, PATENT ASSET MANAGEMENT, LLC, MEYLER LEGAL, PLLC, AND SAMUEL MEYLER,<br><br>  Defendants. | Case No. **2:23-cv-01016**<br><br>**DEFENDANTS' REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR DECLARATORY JUDGMENT**<br><br>NOTE ON MOTION CALENDAR:<br>**December 15, 2023**<br><br>**ORAL ARGUMENT REQUESTED** |

DEFENDANTS' REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR DECLARATORY JUDGMENT – Page **1** of **12**
Case No. 2:23-cv-01016

**DC LAW GROUP**
12055 15th Ave NE | Seattle, WA 98125
Phone: (206) 494.0400

**TABLE OF CONTENTS**

I. INTRODUCTION ........................................................................................................... 4

II. ARGUMENT .................................................................................................................. 4

    A.    **There is no Case or Controversy.** ........................................................................ 4

    B.    **Plaintiff Fails to Adequately Allege Breach of Contract** ................................. 6

    C.    **Defendants Did Not Violate Washington's Patent Troll Prevention Act**……………………………………………………………………………….7

    D.    **No Claim Against Meyler Legal and Samuel Meyler**…...………………………………………………………8

    E.    **Plaintiff is not Entitled to Any Damages**………………………………………11

III. CONCLUSION ............................................................................................................ 12

DEFENDANTS' REPLY IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR
DECLARATORY JUDGMENT – Page **2** of **12**
Case No. 2:23-cv-01016

**DC LAW GROUP**
12055 15th Ave NE | Seattle, WA 98125
Phone: (206) 494.0400

# TABLE OF AUTHORITIES

**Cases**

*Buckhannon v. U.S. West Communications, Inc.*, 928 P.2d 1331 (Colo. Ct. App. 1996)………..11

*Cummings v. Kirby*, 343 N.W.2d 747 (Neb. 1984)………………………………………………11

*Deatherage v. Examining Board of Psychology*, 134 Wash.2d 131,
　948 P.2d 828 (1997)………………………………………………………………………11

*Demopolis v. Peoples National Bank of Washington*, 59 Wn. App. 105,
　796 P.2d 426 (1990) …………………………………………………………………..9, 10

*Dow Jones & Co. v. Ablaise Ltd.*, 606 F.3d 1338 (Fed. Cir. 2010)…………………………5, 7

*Engelmohr v. Bache*, 66 Wn.2d 103, 401 P.2d 346 (1965)…………………………………………10

*Krouse v. Bower*, 20 P.3d 895 (Utah 2001)……………………………………………………..10

*MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118 (2007)……………………………………….5

*Prokop v. Cannon*, 583 N.W.2d 51 (Neb. Ct. App. 1998)……………………………………….11

*Seltzer v. Fields*, 244 N.Y.S.2d 792 (N.Y. App. Div. 1963)…………………………………….11

*Super Sack Mfg. Corp. v. Chase Packaging Corp.*, 57 F.3d 1054 (Fed. Cir. 1995)……………4, 6

*Twelker v. Shannon & Wilson, Inc.*, 88 Wn.2d 473, 564 P.2d 1131 (1977)……………………..10

**Statutes**

RCW 19.350 .................................................................................................................... 7, 8

**Rules**

Fed. R. Civ. P. 12(b)(1)............................................................................................................ 1

Fed. R. Civ. P. 12(b)(6)............................................................................................................ 1

DEFENDANTS' REPLY IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR
DECLARATORY JUDGMENT – Page **3** of **12**
Case No. 2:23-cv-01016

**DC LAW GROUP**
12055 15th Ave NE | Seattle, WA 98125
Phone: (206) 494.0400

## I. INTRODUCTION

Plaintiff Valve Corporation Second Amended Complaint ("SAC") suffers from the same deficiencies as Plaintiff's original Complaint (Dkt 1) and Plaintiff's First Amended Complaint (Dkt 23; "FAC") and so should be dismissed under Fed. R. Civ. P 12(b)(1), for lack of subject matter jurisdiction, and/or under 12(b)(6) for failure to state a claim.

## II. ARGUMENT

### A. There is No Case or Controversy Between Plaintiff and Defendants

Plaintiff does not dispute that the Global Settlement and License Agreement ("GSLA") between Plaintiff and Mr. Rothschild includes a covenant not to sue. *See* Dkt 23 at 13, ¶ 67; Dkt 23-6 at p. 5, § 3.2. That covenant not to sue, in and of itself, completely divests this Court of jurisdiction over Counts I and II of Plaintiff's FAC and SAC. *See Super Sack Mfg. Corp. v. Chase Packaging Corp.*, 57 F.3d 1054, 1059 (Fed. Cir. 1995) (a covenant not to sue in the future for products made, used, or sold in the past removes actual controversy in the present), *abrogated on other grounds by MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007); *see also Dow Jones & Co. v. Ablaise Ltd.*, 606 F.3d 1338, 1346 (Fed. Cir. 2010) ("A covenant not to sue for patent infringement divests the trial court of subject matter jurisdiction over claims that the patent is invalid, because the covenant eliminates any case or controversy between the parties."). Counts I and II of Plaintiff's FAC should therefore be dismissed with prejudice.

Plaintiff focuses much of the argument in its opposition on whether the terms of the GSLA permit Plaintiff to file suit against Defendants regarding the validity and enforceability of U.S. Patent No. 8,856,221 ("the '221 patent"). *See* Dkt 34 at 1-4. But whether the GSLA permits Plaintiff's action is not the issue here. Instead, this case turns on whether this Court has subject-matter jurisdiction over Plaintiff's action. And the language of the GSLA cannot trump the

DEFENDANTS' REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR DECLARATORY JUDGMENT – Page **4** of **12**
Case No. 2:23-cv-01016

**DC LAW GROUP**
12055 15th Ave NE | Seattle, WA 98125
Phone: (206) 494.0400

Constitutional requirement that there be a justiciable case or controversy between the parties or overcome the long-standing judicial precedent that a covenant not to sue divests a court of subject matter jurisdiction over claims challenging the validity and/or enforceability of a patent.

Plaintiff argues "there is a judiciable case or controversy because the June 2023 demand letter is 'an explicit threat' by Defendants that 'creates a reasonable apprehension on behalf of [Valve] that it will face an infringement suit' based on Valve's 'present activity' offering the Steam app." Dkt 34 at 2. Plaintiff's claim that it had a "reasonable apprehension" that it would be subjected to a patent infringement lawsuit by Defendants rings hollow when viewed in light of past events.

As admitted in Plaintiff's FAC and SAC, when it received the June 2023 demand letter, Plaintiff knew that all it had to do was send a quick email to Mr. Meyler and inform him that the '221 patent was covered by the GSLA. They had done exactly that in the past. This time, however, Plaintiff decided to make a federal case out of it and filed the current action, thereby causing both parties to incur legal expenses. The only one responsible for provoking litigation between the parties here is Plaintiff.

Plaintiff further argues that "Defendant has committed material breaches of the GSLA no less than three times in approximately a year." Dkt 34 at 3. Contrary to Plaintiff's suggestion, however, there is nothing in the GSLA that precludes or prohibits either the Falcucci correspondence or the Meyler letter—neither letter demanded the payment of additional royalties for patents already licensed and neither letter initiated a patent infringement lawsuit. At best, Plaintiff can point only to the lawsuit by DT involving U.S. Patent 9,300,723 ("the '723 patent"), which was *immediately dismissed* after Plaintiff informed DT that the '723 patent was subject to their existing license.

DEFENDANTS' REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR DECLARATORY JUDGMENT – Page **5** of **12**
Case No. 2:23-cv-01016

**DC LAW GROUP**
12055 15th Ave NE | Seattle, WA 98125
Phone: (206) 494.0400

To the extent Plaintiff points to Defendants' statements in the Joint Status Report (Dkt 28, ¶ II.5) regarding infringement of the '221 patent, as Plaintiff is aware, such a claim will **only** be made if the Defendants' motion to dismiss is denied since, at that time, Plaintiff will be in breach of the GSLA and therefore no longer licensed under the '221 patent or any other patent subject to the GSLA.

Finally, the cases cited by Plaintiff in its opposition are irrelevant to the present case simply because none of them involved an express covenant not to sue between the parties. As noted above, it has been well-settled for many years that a covenant not to sue divests a court of subject matter jurisdiction over Plaintiff's patent claims. *Super Sack Mfg. Corp.*, 57 F.3d at 1059; *Dow Jones & Co.*, 606 F.3d at 1346. Plaintiff's cases do not compel a different finding here.

For at least these reasons, and those set forth in Defendants' motion to dismiss (Dkt 27), Counts I and II of Plaintiff's FAC and SAC should be dismissed. Moreover, because there are no additional facts that Plaintiff could possibly allege which would provide this Court with subject matter jurisdiction over Plaintiff's claims, any attempted further amendment of the FAC and SAC by Plaintiff would be futile. Counts I and II of the FAC and SAC should therefore be dismissed with prejudice.

### B. Plaintiff Fails to Adequately Allege Breach of Contract

As noted above, there is nothing in the GSLA that precludes or prohibits the sort of correspondence represented by the Falcucci email and the Meyler letter. *See* Dkt 1-1; Dkt 23-6. Significantly, neither communication demanded the payment of additional royalties for patents already licensed and neither communication initiated a patent infringement lawsuit. *See* Dkt 23-5; Dkt 23-8. Plaintiff's FAC and SAC therefore fail to adequately allege breach of contract by any Defendant.

DEFENDANTS' REPLY IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR
DECLARATORY JUDGMENT – Page **6** of **12**
Case No. 2:23-cv-01016

**DC LAW GROUP**
12055 15th Ave NE | Seattle, WA 98125
Phone: (206) 494.0400

Plaintiff attempts to avoid this fact by pointing to Plaintiff's *allegations* in the FAC and SAC that the Meyler letter constituted a demand for payment, and therefore represented a breach of the GSLA, and arguing that this Court must accept those allegations as true. *See* Dkt 34 at 5. But the Meyler letter itself—an exhibit to the FAC, and therefore properly considered by the Court in deciding Defendants' motion—clearly and unambiguously contradicts Plaintiff's allegations. *See* Dkt 23-8.

With respect to Plaintiff's allegations of anticipatory breach, Plaintiff does not dispute that Defendants would have promptly dismissed any lawsuit that might have been brough in error. Indeed, the FAC and SAC admit that Defendants did exactly that when such an error occurred in the past. Dkt 34 at ¶¶ 22-24. Plaintiff has alleged no facts to suggest that Defendants would have acted differently in the future. Rather, Plaintiff apparently feels it should not have to be burdened with having to remind Defendants of which patents are covered by the GSLA. But inconvenience to Plaintiff, to the extent it even exists, does give rise to a claim for anticipatory breach.

Count III of Plaintiff's FAC and SAC should therefore be dismissed.

### C. Defendants Did Not Violate Washington's Patent Troll Prevention Act

Plaintiff argues that Defendants are improperly asking the Court to evaluate evidence at this stage of the proceedings. This is not correct; Defendants are merely asking the Court to *ignore* irrelevant and immaterial evidence.

In its attempt to tarnish Defendants' image before the Court, Plaintiff improperly attempts to broaden the scope of the inquiry under RCW 19.350 to include patent(s) that are unrelated to the patents that were identified in Mr. Meyler's letter of June 2023. Those other patents are not part of the same family as any patent identified by Mr. Meyler (*i.e.*, they are not continuations or divisions thereof), nor are they owned by the entity or entities. Accordingly, they are wholly

DEFENDANTS' REPLY IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR
DECLARATORY JUDGMENT – Page **7** of **12**
Case No. 2:23-cv-01016

**DC LAW GROUP**
12055 15th Ave NE | Seattle, WA 98125
Phone: (206) 494.0400

irrelevant to the question of whether Mr. Meyler's letter of June 2023 was a bad faith assertion of infringement.

Factor (f) of RCW 19.350.020(2) therefore does not weigh in favor of a finding of bad faith on the part of Defendants.

Plaintiff also continues to conflate a clear clerical error, which could have been readily rectified by a simple email, with a "bad faith" assertion of patent infringement. Plaintiff was well aware that Defendants would not pursue litigation once apprised of their error. That does not rise to the level of bad faith under any standard.

### D. Plaintiff's Complaint Fails to State a Claim Against Meyler Legal and Samuel Meyler

If allowed to proceed, Plaintiff's claims against Meyler Legal and Samuel Meyler (collectively "the Meyler Defendants") will have a substantial chilling effect on the sending of demand letters prior to filing litigation. Any attorney sending a demand letter in anticipation of imminent litigation will have to anticipate the likelihood of getting sued, and, in every one of those cases, the party asserting the claims against their opponent's attorney will be moving the court for an order directing the attorney to disclose information that is subject to attorney-client privilege. The only alternative will be to forego prelitigation demands, which is likely to significantly increase the amount of litigation, and consequently the burden on the judicial system, involving cases that may have been settled if demand letters had been sent prior to litigation.

In response to Defendants' comments regarding the June 2023 demand letter, Plaintiff argues, "[n]or did Defendants identify any connection to any actual judicial proceeding that these communications were allegedly related to." Dkt. 34 at 18:13-15.  This is not correct; Defendants identified *Social Positioning Input Systems, LLC v. Valve Corporation, et al.*, Case No. 2:23-cv-00422 (ED Tex.) and *Quantum Technology Innovations, LLC v. Valve Corporation, et al.*, Case

DEFENDANTS' REPLY IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR
DECLARATORY JUDGMENT – Page **8** of **12**
Case No. 2:23-cv-01016

**DC LAW GROUP**
12055 15th Ave NE | Seattle, WA 98125
Phone: (206) 494.0400

No. 2:23-cv-00425 (ED Tex.). Further, RBDS is a party to the present action before the Court and Plaintiff's claims center around the very communication that Plaintiff now tries to argue is unrelated to a judicial proceeding.

Plaintiff also argues that Defendants cite two cases that do not support Defendants' position, but Plaintiff misrepresents the citation they reference. Defendants' citation is to the Restatement of Torts 2d, § 586 ("communications *preliminary to a proposed judicial proceeding . . . or . . . as a part of a judicial proceeding*.") Dkt. 27 at 18 (emphasis added). The two cases that Plaintiff references, *Engelmohr* and *Demopolis*, are not directly quoted by Defendants, but instead are cited as evidence of the adoption of § 586 by Washington courts.

Plaintiff further argues that *Engelmohr v. Bache*, 66 Wn.2d 103, 104-05, 401 P.2d 346 (1965) does not support the extension of the litigation privilege but, again, Plaintiff misrepresents the purpose of the citation. Further, *Engelmohr* is distinguishable because it did not involve a claim against an attorney at all. Plaintiff is correct about the fact that the litigation privilege was not extended but omits the fact that the privilege was not extended in that case to *non-attorney defendants for defamatory statements made in a non-quasi-judicial administrative proceeding. Id*. at 103.

Likewise, Defendants cite *Demopolis v. Peoples Nat. Bank of Washington*, 59 Wn. App. 105, 109–10, 796 P.2d 426, 429 (1990) for its explanation of the litigation privilege and adoption of the Restatement:

> This privilege encompasses extrajudicial "pertinent" statements. Restatement, *supra* § 586 comment a; Annot., *Libel and Slander: Attorneys' Statements, to Parties Other Than Alleged Defamed Party or its Agents, in Course of Extrajudicial Investigation or Preparation Relating to \*110 Pending or Anticipated Civil Litigation as Privileged,* 23 A.L.R.4th 932, 940–946 (1983); *cf. Story,* 52 Wash.App. at 340–41, 760 P.2d 368 (extending absolute privilege for statements made during the course of quasi-judicial administrative proceedings to statements made during the proceedings' investigatory phase). Thus, the fact that Hermsen's

DEFENDANTS' REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR DECLARATORY JUDGMENT – Page **9** of **12**
Case No. 2:23-cv-01016

DC LAW GROUP
12055 15th Ave NE | Seattle, WA 98125
Phone: (206) 494.0400

defamatory statement was made outside the courtroom does not necessarily prevent him from asserting the privilege.

*Demopolis*, 59 Wn. App. At 109–10, 796 P.2d at 429.[1]

This case involves a private letter sent by an attorney on behalf of his clients to in-house counsel for the Plaintiff. The litigation privilege is applicable and protects the Meyler Defendants from this retaliatory lawsuit. Plaintiff's claims against the Meyler Defendants should be dismissed.

Plaintiff argues that the litigation privilege does not apply to a private communication between two parties when there is no litigation pending. The law, however, is clear in Washington. "This privilege encompasses extrajudicial 'pertinent' statements." *Demopolis* at 109 (citing Restatement, § 586 comment a).

Washington courts have repeatedly recognized that the litigation privilege, in varying contexts, is applicable to extrajudicial communications, including "communications preliminary to a proposed judicial proceeding . . . ." *Twelker v. Shannon & Wilson, Inc.*, 88 Wn.2d 473, 475, 564 P.2d 1131, 1133 (1977) (citing Restatement of Torts, § 588 at 233 (1938)); *Deatherage v. State, Examining Bd. of Psychology*, 134 Wn.2d 131, 135, 948 P.2d 828, 830 (1997) (citing Restatement (Second) of Torts § 588 (1977)); *see also Krouse v. Bower*, 20 P.3d 895, 899 (Utah 2001) ("Because the purpose of the privilege is to promote the resolution of disputes, it should be interpreted to encourage this end. It therefore follows that the privilege must also encourage

---

[1] Plaintiff does correctly note that the litigation privilege in *Demopolis* was not extended to protect a defamatory statement made outside the courtroom, but the facts in that case are distinguishable. The court found that an extrajudicial defamatory statement was not "pertinent" where the defendant asserting the litigation privilege had disseminated an outright lie to third parties. Specifically, the defendant misrepresented to third parties that Demopolis was a felon who had, "been convicted of perjury…" when it was "undisputed that Demopolis has never been charged with, nor convicted of, perjury." *Demopolis*, 59 Wn. App. at 107. Based on this, Demopolis brought a claim for defamation.

DEFENDANTS' REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR DECLARATORY JUDGMENT – Page **10** of **12**
Case No. 2:23-cv-01016

DC LAW GROUP
12055 15th Ave NE | Seattle, WA 98125
Phone: (206) 494.0400

candid, forthright settlement communications that take place prior to the filing of [a] suit."); *Buckhannon v. U.S. West Communications, Inc.*, 928 P.2d 1331, 1334 (Colo. Ct. App. 1996) (finding conduct "preliminary to a proposed judicial proceeding... related to the proceeding, and [] thus absolutely privileged."); *Cummings v. Kirby*, 343 N.W.2d 747, 748-49 (Neb. 1984) (holding attorney absolutely immune from suit for calling a trial witness a "crook" after verdict was rendered); *Prokop v. Cannon*, 583 N.W.2d 51 (Neb. Ct. App. 1998) (finding statements to press after lawsuit dismissed protected); *Seltzer v. Fields*, 244 N.Y.S.2d 792 (N.Y. App. Div. 1963) (holding that privilege applies to communications that are relevant now or in the future), aff'd, 198 N.E.2d 3 (N.Y. 1964).

Finally, Plaintiff argues that there is a lack of safeguards to protect the Plaintiff from the Meyler Defendants. Dkt. 34 at 3-9. This is untrue. As Plaintiff alleges in the FAC and SAC, the Meyler Defendants are "bound by the Washington State Rules of Professional Conduct[.]" Dkt. 23 at 18. Plaintiff is correct, and this defeats Plaintiff's argument that there are no safeguards. Plaintiff could have, and still can, file a complaint with the Washington State Bar if Plaintiff truly believes that the Meyler defendants violated the Rules of Professional Conduct. A threat to Meyler's license to practice law is perhaps the strongest possible safeguard that there is, but Plaintiff and its attorneys conveniently ignore this. Safeguards might be a legitimate concern in the context of non-attorney, prelitigation communications, but there are always safeguards in place for licensed attorneys and judges that are subject to disciplinary action by the Bar.

Plaintiff's claims against the Meyler Defendants should therefore be dismissed.

E.     **Plaintiff is not Entitled to Any Damages**

Plaintiff attempts to re-write paragraph 9.5 of the GLSA to insert the words "compliance with" into the text so that it reads: "arising out of, or in connection with, <u>compliance with</u> this

DEFENDANTS' REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR DECLARATORY JUDGMENT – Page **11** of **12**
Case No. 2:23-cv-01016

**DC LAW GROUP**
12055 15th Ave NE | Seattle, WA 98125
Phone: (206) 494.0400

Agreement." As can be seen from the document itself, however, no such limitation exists in paragraph 9.5 of the GSLA.

Plaintiff's Complaint therefore fails to state facts sufficient to show that Plaintiff is entitled to any of the damages it seeks.

## III. CONCLUSION

For at least the reasons above and those set forth in Defendants' Motion to Dismiss (Dkt 27), Plaintiff's FAC and SAC should be dismissed in their entirety.

I certify that this memorandum contains 3064 words, in compliance with the Local Civil Rules.

Dated:  December 15, 2023                    Respectfully submitted,

By: /s/ Matthew J. Cunanan
Matthew J. Cunanan (#42530)
DC LAW GROUP
12055 15th Ave NE, Suite B
Seattle, WA 98125
Tel: (206) 494-0400
Fax: (855) 494-0400
Email: matthew@dclglawyers.com

Donald R. McPhail (admitted *phv*)
1940 Duke Street
Alexandria, Virginia 22314
Tel: (703) 412-1432
Fax: (703) 413-2220
Email: dmcphail@oblon.com

*Attorneys for Defendants Leigh Rothschild, Rothschild Broadcast Distribution Systems, LLC, Display Technologies, LLC, Patent Asset Management, LLC, Meyler Legal, PLLC, and Samuel Meyler*

DEFENDANTS' REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR DECLARATORY JUDGMENT – Page **12** of **12**
Case No. 2:23-cv-01016

**DC LAW GROUP**
12055 15th Ave NE | Seattle, WA 98125
Phone: (206) 494.0400