UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VALVE CORPORATION,<br><br>            Plaintiff,<br><br>  v.<br><br>LEIGH ROTHSCHILD; ROTHSCHILD BROADCAST DISTRIBUTION SYSTEMS, LLC; DISPLAY TECHNOLOGIES, LLC; PATENT ASSET MANAGEMENT, LLC; MEYLER LEGAL, PLLC; SAMUEL MEYLER,<br><br>            Defendants. | CASE NO. 23-cv-1016<br><br>ORDER GRANTING IN PART AND DENYING IN PART STIPULATED MOTION |

## 1. INTRODUCTION AND BACKGROUND

This matter comes before the Court on the parties stipulated order regarding Plaintiff Valve Corporation's second amended complaint, filed December 4, 2023. Dkt. No. 33.

Valve filed its Complaint on July 7, 2023, and Defendants filed their first motion to dismiss the Complaint on September 18, 2023. Dkt. Nos. 1, 18. Valve did not file a response to Defendants' first motion to dismiss. *See* Dkt. Instead, Valve

filed its First Amended Complaint on October 6, 2023, and a Motion to Seal Exhibit 6 (for Exhibit 6 to the First Amended Complaint) on October 13, 2023. Dkt. Nos. 23, 24. Defendants moved to dismiss the First Amended Complaint on October 20, 2023. Dkt. Nos. 27. Valve responded to Defendants' second motion to dismiss on December 4, 2023, and Defendants filed their reply on December 15, 2023. Dkt. Nos. 34, 36. Defendants' renoted their motion to dismiss from December 8, 2023, to December 15, 2023. Dkt. No. 35.[1]

Now, the parties stipulate to Valve amending its First Amended Complaint to file a Second Amended Complaint dismissing Count V (Conspiracy). Dkt. No. 33 at 2. The parties request that their "briefing already filed in connection with Defendants' motion to dismiss the FAC [to] apply to the allegations and claims in the [Second Amended Complaint] that remain unchanged from the [First Amended Complaint]." *Id*.

## 2. ANALYSIS

First, the parties have stipulated to Valve filing a second amended complaint. *See* Fed. R. Civ. P. 15(a)(2) (a party may "amend its pleading only with the opposing party's written consent or the court's leave" and "[t]he court should freely give leave when justice so requires."). Even when the parties stipulate to an amended pleading, however, they "must attach a copy of the proposed amended pleading as an exhibit to the … stipulated motion." LCR 15. The parties have not complied with the letter of the Local Rule. Even so, the Court grants Valve leave to amend based

---

[1] Defendants moved to transfer on October 19, 2023, which the Court does not consider in this Order. Dkt. No. 26.

ORDER GRANTING IN PART AND DENYING IN PART STIPULATED MOTION - 2

on the parties' representation that the only change is to dismiss Count V of the First Amended Complaint. If any other alterations are made or contemplated, however, the parties must strictly comply with LCR 15.

With the latest amendment, Valve's Second Amended Complaint becomes the operative complaint, meaning that the Court must treat its First Amended Complaint as "non-existent." *See Rhodes v. Robinson*, 621 F.3d 1002, 1005 (9th Cir. 2010) ("As a general rule, when a plaintiff files an amended complaint, 'the amended complaint supercedes the original, the latter being treated thereafter as non-existent.'"). That is why the Court declines the parties' invitation to apply Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint to the soon-to-be-filed Second Amended Complaint. Even if the differences between the amended complaints are minimal, there are still differences nevertheless and it would be imprudent for the Court to guess about whether and which arguments in the briefing still applied to the Second Amended Complaint.

Accordingly, to the extent Valve files a Second Amended Complaint, Defendants' motions to dismiss Valve's original and First Amended Complaints are moot. The same would also be true of Valve's motion to Seal Exhibit 6, as it relates to an exhibit attached to its First Amended Complaint. *See* Dkt. Nos. 23-6, 24; *see also* LCR 15 ("The proposed amended pleading must not incorporate by reference any part of the preceding pleading, including exhibits.").

Assuming Valve files its Second Amended Complaint, it may renew its motion to seal and Defendants may renew their motion to dismiss. *See CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) ("A district court has inherent power to

control the disposition of the causes on its docket in a manner which will promote economy of time and effort for itself, for counsel, and for litigants."). The parties may file these motions on an agreed truncated briefing schedule if they wish, or they may revert to the timelines prescribed in the Local Rules. *See* LCR 7.

### 3. CONCLUSION AND ORDER

In summary, the Court ORDERS as follows:

1. The parties' stipulated motion regarding Plaintiff's Second Amended Complaint is GRANTED in part. Dkt. No. 33. Plaintiff may file its Second Amended Complaint, so long as the amendments are limited as described in the parties stipulated motion. Plaintiff must file its Second Amended Complaint within five days of this Order.

2. The parties' stipulated motion is DENIED in all other respects. Dkt. No. 33.

Dated this 11th day of January, 2024.

Jamal N. Whitehead
United States District Judge