HON. JAMAL N. WHITEHEAD

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| VALVE CORPORATION,<br><br>    Plaintiff,<br><br>    v.<br><br>LEIGH ROTHSCHILD, ROTHSCHILD BROADCAST DISTRIBUTION SYSTEMS, LLC, DISPLAY TECHNOLOGIES, LLC, PATENT ASSET MANAGEMENT, LLC, MEYLER LEGAL, PLLC, AND SAMUEL MEYLER,<br><br>    Defendants. | Case No. 2:23-cv-1016<br><br>**SECOND AMENDED COMPLAINT FOR DECLARATORY JUDGMENT OF INVALIDITY AND UNENFORCEABILITY OF U.S. PATENT NO. 8,856,221; BREACH OF CONTRACT; AND BAD FAITH ASSERTION OF PATENT INFRINGEMENT**<br><br>Complaint Filed:   07/07/2023<br><br>JURY TRIAL DEMANDED |

1.      Plaintiff Valve Corporation ("Valve"), through its undersigned counsel, hereby alleges as follows against Defendants Leigh Rothschild; Rothschild Broadcast Distribution Systems, LLC; Display Technologies LLC; Patent Asset Management, LLC; Meyler Legal, PLLC; and Samuel Meyler (collectively, "Defendants"):

**I.      NATURE AND HISTORY OF THE ACTION**

**A.      Defendants' tactics forced Valve to seek its requested relief to put an end to their bad-faith assertions of patent infringement.**

2.      This is an action that seeks various forms of relief due to Defendants' bad faith assertions of patent infringement against Valve.

PLAINTIFF'S SECOND AMENDED COMPLAINT FOR DECLARATORY JUDGMENT
Case No. 2:23-cv-1016

1

Kilpatrick Townsend & Stockton LLP,
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

3. First, Valve seeks a declaratory judgment that U.S. Patent No. 8,856,221 ("the '221 Patent"), which Defendants have asserted against Valve, is invalid.

4. Second, Valve seeks a declaratory judgment that the '221 Patent is unenforceable against it as Valve is a licensee to the '221 Patent under the 2016 Global Settlement and License Agreement (Ex. 1) between Valve and Defendants Leigh Rothschild and Display Technologies, LLC.

5. Third, Valve seeks a judgment that Defendants breached the 2016 Global Settlement and License Agreement by: threatening to sue Valve for infringement of the licensed '221 Patent; demanding additional monetary payments from Valve to avoid that lawsuit; suing Valve for infringement of licensed U.S. Patent No. 9,300,723; and by failing to withdraw their threat over U.S. Patent No. 9,300,723.

6. Fourth, Valve seeks a judgment that Defendants violated Revised Code of Washington ("RCW") 19.350 (the Patent Troll Prevention Act) and RCW 19.86.020 (the Washington State Consumer Protection Act) by making bad faith assertions of patent infringement against Valve.

**B.    Defendants are patent trolls engaged in a pattern of unseemly litigation tactics, often based on objectively baseless allegations.**

7. Upon information and belief, Defendant Rothschild Broadcast Distribution Systems ("RBDS"), the owner of the '221 Patent, does not make, use, or sell any products or services of its own, but is solely in the business of patent licensing through the threat of litigation, a pattern of behavior indicative of entities commonly referred to as "patent trolls."

8. Upon information and belief, RBDS's sole business model and activity involves making accusations of patent infringement to extract licensing payments from practicing entities. RBDS has filed over 100 lawsuits in furtherance of that goal.

9. Upon information and belief, Defendant Leigh Rothschild ("Rothschild") owns or controls dozens of companies, including RBDS. The sole

PLAINTIFF'S SECOND AMENDED COMPLAINT
FOR DECLARATORY JUDGMENT
Case No. 2:23-cv-1016

2

Kilpatrick Townsend & Stockton LLP,
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

purpose of the Rothschild companies is to accuse others of patent infringement. The goal of these accusations is to extract a quick settlement from the accused infringers rather than actually litigate the merits of the infringement claims. Ex. 2 (*Stupid Patent of the Month: "Internet drink mixer" vs. everyone*, https://arstechnica.com/tech-policy/2015/09/stupid-patent-of-the-month-internet-drink-mixer-vs-everyone/).

10. Entities owned by Rothschild have filed over a thousand patent infringement lawsuits. Ex. 3 (*NPE Showcase – Leigh Rothschild*, https://www.gadgetsgigabytesandgoodwill.com/2023/05/npe-showcase-leigh-rothschild/). In some instances, the defendants chose to fight rather than pay nuisance-value settlements. Courts have found such lawsuits brought by Rothschild entities to be objectively baseless, resulting in fees and other penalties against the Rothschild entities. Ex. 4 (*Federal Circuit Hits Stupid Patent Owner With Fee Award*, https://www.eff.org/deeplinks/2017/06/federal-circuit-hits-stupid-patent-owner-fee-award).

### C. Rothschild-controlled entities have engaged in a pattern of accusing Valve of infringement based on patents that they already licensed to Valve.

11. On June 8, 2015, Display Technologies, an entity controlled by Rothschild, filed suit against Valve, accusing it of infringing U.S. Patent No. 8,671,195.

12. On November 14, 2016, Display Technologies and Valve entered into the 2016 Global Settlement and License Agreement. In that agreement, Display Technologies granted Valve a "perpetual, irrevocable, royalty-free, fully paid-up, worldwide license" to all patents listed in Exhibit C of the settlement agreement, as well as "all continuations, divisionals, continuations-in-part, extensions, reissues, reexaminations, and any other patents or patent applications claiming priority to or through the patents identified in Exhibit C." Ex. 1 at 2. Valve paid to obtain these rights. Ex. 1 at 5-6.

PLAINTIFF'S SECOND AMENDED COMPLAINT FOR DECLARATORY JUDGMENT
Case No. 2:23-cv-1016

3

Kilpatrick Townsend & Stockton LLP,
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

13. Rothschild signed the 2016 Global Settlement and License Agreement on behalf of himself, Display Technologies, and all entities listed as "Assignee" in Exhibit C to the agreement. Ex. 1 at 14 & 18-19.

14. In March 2022, Daniel Falcucci, the Director of Business Development at Defendant Patent Asset Management ("PAM"), began sending numerous emails and messages to members of Valve's legal team, including LinkedIn messages, requesting that Valve execute a new license with Rothschild and his various entities for more money. Mr. Falcucci stated that PAM was headed by Rothschild, and that it was Mr. Falcucci's understanding that PAM had signed the 2016 Global Settlement and License Agreement with Valve. Ex. 5 (LinkedIn message from Daniel Falcucci to Valve). Nonetheless, Mr. Falcucci repeatedly urged Valve to negotiate a new licensing agreement with Rothschild. *Id*. As one example, Mr. Falcucci sent a LinkedIn message to a member of Valve's legal team offering an "opportunity" to enter into a new agreement with PAM, and further offered to present what PAM called its "inventory catalog" upon request. *Id*. The referenced "inventory catalog" is nothing but a list of patents that Rothschild entities routinely assert against companies that are developing and manufacturing actual useful products. PAM's inventory catalog it presented to Valve included multiple patents that Valve already licensed in the 2016 Global Settlement and License Agreement.

15. Listed in the inventory catalog as part of PAM's "featured inventory" that was "not subject to an agreement" between Valve and Rothschild and that Rothschild now wanted Valve to take a license to were United States Patent Nos. 8,617,160 and 9,402,664. Both patents claim devices and methods for implanting nails into human bone during a medical procedure to facilitate fracture healing.

16. Valve is not, and never has been, in the business of developing or selling any products in the medical field, let alone specific, FDA-regulated surgical tools like the kind PAM was offering to license to Valve.

PLAINTIFF'S SECOND AMENDED COMPLAINT
FOR DECLARATORY JUDGMENT
Case No. 2:23-cv-1016

4

Kilpatrick Townsend & Stockton LLP,
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

17. None of Mr. Falcucci's messages ever provided any analysis of which Rothschild patents Valve was supposedly practicing or which of Valve's products were supposedly practicing those patents—only that Valve should pay PAM and Rothschild more money.

18. Mr. Falcucci's demands included that Valve take a license to at least two patents assigned to Display Technologies, U.S. Patent Nos. 8,671,195 and 9,300,723. Valve, however, already has a license to both of those patents under the 2016 Global Settlement and License Agreement.

19. Shortly after Mr. Falcucci's string of demand messages, Display Technologies sued Valve in this Court for patent infringement. *See Display Technologies LLC v. Valve Corporation*, 2-22-cv-01365 (W.D. Wash. Sept. 27, 2022).

20. Defendants Samuel Meyler ("Meyler") and Meyler Legal, PLLC (collectively, "Meyler Defendants") represented Display Technologies in its 2022 lawsuit against Valve.

21. Display Technologies asserted infringement of U.S. Patent No. 9,300,723, which is a continuation of U.S. Patent No. 8,671,195, the patent originally asserted against Valve that led to the 2016 Global Settlement and License Agreement. Accordingly, U.S. Patent No. 9,300,723 is covered under the parties' 2016 Global Settlement and License Agreement. Display Technologies' suit against Valve in 2022 was thus a breach of that agreement.

22. Valve informed Display Technologies that Valve had a license to U.S. Patent No. 9,300,723 under the 2016 Global Settlement and License Agreement. In doing so, Valve sent the 2016 Global Settlement and License Agreement to the Meyler Defendants twice, once in October and once in December 2022. In its December letter, Valve explained the history of the 2015 litigation between Display Technologies and Valve and informed the Meyler Defendants that "[t]he Global

PLAINTIFF'S SECOND AMENDED COMPLAINT
FOR DECLARATORY JUDGMENT
Case No. 2:23-cv-1016

5

Kilpatrick Townsend & Stockton LLP,
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

1  Agreement granted Valve a license to all of Rothschild's patents that could
2  conceivably be construed to cover any portion of Valve's business." Ex. 6 at 1.

3      23.    Display Technologies voluntarily dismissed its lawsuit on October 13,
4  2022, but did so <u>without prejudice</u>. *See Display Technologies LLC v. Valve*
5  *Corporation*, Case No. 2:22-cv-01365, Dkt. 6 (W.D. Wash. Sept. 27, 2022) (Ex. 7).

6      24.    Since dismissing that case <u>without prejudice</u>, Mr. Falcucci has not
7  withdrawn or retracted his demands, made on behalf of Rothschild and PAM, that
8  Valve take a license to patents owned by Display Technologies that are already
9  covered under the 2016 Global Settlement and License Agreement (including U.S.
10 Patent No. 9,300,723).

11     25.    Defendants' improper threats to sue Valve for patent infringement on
12 patents Valve already had a license to did not end there.

13     26.    On June 21, 2023, the Meyler Defendants sent a letter to Valve on behalf
14 of a *different* Rothschild-controlled entity—RBDS—threatening to file another
15 lawsuit against Valve, this time alleging infringement of the '221 Patent if Valve did
16 not negotiate a resolution of RBDS's claims. Ex. 8 (Meyler letter to Valve).

17     27.    For the second time in less than a year, Rothschild and PAM, this time
18 through RBDS, are threatening to sue Valve for infringement of a patent that Valve is
19 already a licensee to under the 2016 Global Settlement and License Agreement.

20     28.    The '221 Patent is expressly listed as one of the licensed patents in
21 Exhibit C of the 2016 Global Licensing and Settlement Agreement. Ex. 1 at 19. Less
22 than five minutes of due diligence—namely, reviewing the licensing agreement—
23 would have confirmed that Valve is licensed to the '221 Patent.

24     29.    Because Valve had already sent the agreement to the Meyler Defendants,
25 on information and belief, they were aware of its terms when Mr. Meyler sent the
26 June 21, 2023, letter to Valve.

27     30.    Prior to filing the 2022 lawsuit alleging infringement of United States
28 Patent No. 9,300,723 on behalf of Rothschild-controlled Display Technologies,

PLAINTIFF'S SECOND AMENDED COMPLAINT
FOR DECLARATORY JUDGMENT     6
Case No. 2:23-cv-1016

Kilpatrick Townsend & Stockton LLP,
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

Meyler was required by Washington Rule of Professional Conduct 3.1 and Federal Rule of Civil Procedure 11 to investigate the basis for Display Technologies' claims.

31. At a minimum, Meyler's investigation should have included a review of the 2016 Global Settlement and License Agreement between Display Technologies and Valve, which would have informed him of the numerous patents to which Valve was already licensed.

32. The most-recent demand letter, combined with the fact that Display Technologies already sued Valve for infringement of a patent it has a license to, demonstrates that it is highly likely one or more Defendants will sue Valve for infringement of the '221 Patent.

33. In the meantime, the cloud of Defendants' improper infringement allegations hangs over Valve, its products, and its services. Defendants' actions have created an actual, justiciable, substantial, and immediate controversy between Valve and Defendants as to whether the '221 Patent claims are valid, and whether those claims are enforceable against Valve.

34. A judicial declaration is necessary to determine the respective rights of the parties regarding the '221 Patent, and Valve respectfully seeks a judicial declaration that the '221 Patent is invalid and unenforceable against Valve.

35. On information and belief, Rothschild, RBDS, Display Technologies, and PAM are highly assertive entities whose entire business model is to make bad faith assertions of patent infringement in the hopes of obtaining a quick settlement payment. The Meyler Defendants knowingly and willingly assisted in making such claims against Valve and, presumably, other companies as well. The assertions raised against Valve by the collective Defendants are in violation of RCW 19.350 because they are objectively and subjectively baseless allegations that Valve is infringing a patent to which Valve already has a license. Defendants' bad faith assertions of patent infringement resulted in Valve spending unnecessary money on legal fees to defend itself against these baseless claims.

PLAINTIFF'S SECOND AMENDED COMPLAINT
FOR DECLARATORY JUDGMENT
Case No. 2:23-cv-1016

7

Kilpatrick Townsend & Stockton LLP,
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

## II.   THE PARTIES

36. Valve Corporation is a software and videogame developer with its primary place of business at 10400 NE 4th St. Fl. 14, Bellevue, WA 98004.

37. On information and belief, Leigh Rothschild resides at 1801 NE 123rd St. North, Miami, FL 33181.

38. RBDS is a corporation organized and existing under the laws of the state of Texas with a registered physical address of 1 East Broward Boulevard, Suite 700, Ft. Lauderdale, FL 33301.

39. RBDS owns the rights to the '221 Patent, which it has asserted at least 120 times against companies across a wide range of industries. No party that contested infringement has ever been found by a federal court to infringe the '221 Patent.[1] In each of its cases, RBDS dismissed the lawsuit prior to claim construction.

40. Display Technologies is a corporation organized and existing under the laws of the state of Texas with a registered physical address of 1 East Broward Boulevard, Suite 700, Ft. Lauderdale, FL 33301.

41. PAM is a corporation organized and existing under the laws of the state of Florida, with a registered physical address of 1 East Broward Boulevard, Suite 700, Fort Lauderdale, FL, 33301.

42. Rothschild is the registered agent of PAM.

43. PAM owns 100% of RBDS and Display Technologies. Dkt. 21.

44. Upon information and belief, Display Technologies, RBDS, and PAM are controlled by Rothschild and are used by him for the sole purpose of asserting patent infringement claims. PAM owns 100% of each of RBDS and Display Technologies. Dkt. 21.

---

[1] In one instance a party did not answer RBDS's complaint, and thus was found to infringe the '221 Patent by default.

PLAINTIFF'S SECOND AMENDED COMPLAINT
FOR DECLARATORY JUDGMENT
Case No. 2:23-cv-1016

8

Kilpatrick Townsend & Stockton LLP,
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

45. Samuel Meyler is an attorney licensed in Washington State. Meyler is the sole practitioner of Meyler Legal, PLLC, having a registered place of business at 1700 Westlake Ave N Ste 200, Seattle, WA 98109-6212.

46. Rothschild signed and submitted the patent assignment agreement transferring rights to the '221 Patent from one of his controlled entities, Ariel Inventions, to another of his controlled entities, RBDS. Ex. 9 (Patent Assignment Cover Sheet). Rothschild signed on behalf of both parties to the assignment.

47. Despite being personally informed that Valve previously executed the 2016 Global Settlement and License Agreement with Rothschild, and being sent a copy of that agreement, Meyler, on his firm's letterhead, authored and sent the June 2023 demand letter to Valve that threatens a lawsuit based on the '221 Patent, a patent explicitly listed in the 2016 Global Settlement and License Agreement.

### III. JURISDICTION AND VENUE

48. This action arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, under the Patent Laws of the United States, 35 U.S.C. §§ 1 *et seq*. This action also arises under the Patent Troll Prevention Act enacted by the state of Washington at RCW 19.350 prohibiting bad faith assertion of patent infringement, and RCW 19.86.020, the Washington State Consumer Protection Act.

49. This Court has subject matter jurisdiction over the claims alleged in this action at least under 28 U.S.C. §§ 1331, 1338, 2201, and 2202, because this Court has exclusive jurisdiction over declaratory judgment claims arising under the Patent Laws pursuant to these statutes.

50. This Court has supplemental jurisdiction over Valve's state claims under 28 U.S.C § 1367, as Valve's state law claims arise out of the same case or controversy as its claims for which this Court has original jurisdiction.

51. This Court has personal jurisdiction over Defendants because they acted in concert to conduct substantial business in this District, including regularly doing or soliciting business, engaging in other persistent courses of conduct, suing other

PLAINTIFF'S SECOND AMENDED COMPLAINT
FOR DECLARATORY JUDGMENT        9
Case No. 2:23-cv-1016

Kilpatrick Townsend & Stockton LLP,
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

companies in this District on the '221 Patent, and deriving substantial revenue from individuals and entities in Washington. Rothschild-controlled entities routinely avail themselves of the Washington Federal District Courts as a forum for asserting infringement against Washington companies. *See, e.g.*, *Rothschild Broadcast Distrib. Sys., LLC* v. *CreativeLive Inc*, No. 2-22-cv-00771 (W.D. Wash. June 2, 2022); *Display Technologies LLC v. Valve Corp.*, No. 2-22-cv-01365 (W.D. Wash. Sept. 27, 2022).

52. The 2022 demand letters from Falcucci were made on behalf of both Rothschild and PAM, requested that Valve take a license to patents assigned to RBDS and Display Technologies, were sent to Valve's headquarters in Washington, and sought additional royalty payments from Valve.

53. Shortly after Mr. Falcucci sent these demand letters on behalf of Rothschild and PAM, Display Technologies, represented by the Meyler Defendants, filed suit against Valve at Rothschild's directive.

54. Accordingly, each Defendant purposefully and repeatedly directed its activities at residents of Washington. On information and belief, Rothschild's companies have sent letters to numerous other entities, including numerous other companies based in Washington, asserting infringement of the '221 Patent and demanding payment of money. Thus, Defendants have sufficient minimum contacts with the State of Washington to satisfy the Washington long-arm statute (RCW 4.28.185) and Constitutional due process requirements because Defendants regularly conduct business activities in Washington.

55. This Court further has personal jurisdiction over the Meyler Defendants because both are domiciled in this jurisdiction.

56. Venue in this District is proper under 28 U.S.C. §§ 1391(b), (c), and (d) with respect to Valve's particular claims against all Defendants.

PLAINTIFF'S SECOND AMENDED COMPLAINT
FOR DECLARATORY JUDGMENT
Case No. 2:23-cv-1016

10

Kilpatrick Townsend & Stockton LLP,
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

## IV. THE '221 PATENT

57. The '221 Patent issued on October 7, 2014, to Rothschild and is titled "System and method for storing broadcast content in a cloud-based computing environment." The '221 Patent is currently assigned to RBDS.

58. The '221 Patent is listed in Exhibit C to the 2016 Global Settlement and License Agreement as one of the Licensed Patents. Ex. 1 at 19 (Patent No. 12).

## V. COUNT I: DECLARATORY JUDGEMENT THAT THE '221 PATENT IS INVALID

55. Valve incorporates by reference the preceding paragraphs of this Complaint.

56. In view of the facts and allegations set forth above, there is an actual, justiciable, substantial, and immediate controversy between Valve and RBDS regarding the validity of the '221 Patent. Absent a declaration of invalidity, RBDS will continue to assert the '221 Patent wrongfully, thereby injuring Valve.

57. As Valve explains throughout this Complaint and in Count III for Breach of Contract, incorporated by reference herein, Defendants behave as if compliance with the 2016 Global Settlement and License Agreement was optional. To avoid any doubt, the existence of that agreement and its covenant not to sue does not negate the case or controversy between Valve and Defendants because of Defendants' pattern of past and ongoing violations of that agreement. This is that unique case where a covenant not to sue between the parties fails to provide Valve with the protection it paid for because, unfortunately, the assurances given to Valve in that agreement are worthless. Judicial intervention is therefore necessary to give Valve the rights it paid for, but that Defendants have denied it.

58. The '221 patent is invalid for failure to meet one or more of the conditions of patentability under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112, and Valve is entitled to a declaration to that effect. By way of non-limiting example, upon

PLAINTIFF'S SECOND AMENDED COMPLAINT
FOR DECLARATORY JUDGMENT
Case No. 2:23-cv-1016

11

Kilpatrick Townsend & Stockton LLP,
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

information and belief, the claims of the '221 Patent are invalid as obvious under U.S. Patent Application Publication No. 2008/0155059, titled "Methods and apparatus for supporting content distribution," alone or alternatively in view of U.S. Patent No. 7,684,673 titled "Managing a digital video recorder via a network."

## VI. COUNT II: DECLARATORY JUDGEMENT THAT THE '221 PATENT IS UNENFORCEABLE AGAINST VALVE

59. Valve incorporates by reference the preceding paragraphs of this Complaint.

60. Valve received a "perpetual, irrevocable, royalty-free, fully paid-up, worldwide license" to the '221 Patent by signing the 2016 Global Settlement and License Agreement.

61. That Agreement applies with equal force to RBDS as it did to Ariel Inventions LLC, the Rothschild-controlled entity that was assigned the '221 Patent when the 2016 Global Settlement and License Agreement was signed. Indeed, Section 7.2 of the agreement states that "Licensor may not assign, or exclusively license, any of the Licensed Patents without such assignee or licensee agreeing to be bound by the obligations of the Licensor hereunder as if it were a party hereto, and any assignment or exclusive license made in violation of this provision shall be void." Ex. 1 at 7.

62. As discussed above, because Defendants behave as if compliance with the 2016 Global Settlement and License Agreement is optional, judicial intervention is necessary to give Valve the rights it paid for, but that Defendants have denied it.

63. Valve thus is entitled to judgment declaring that the '221 Patent is unenforceable against Valve, and that no party can file suit against it for infringement of the '221 Patent.

64. Valve has no adequate remedy at law for its declaratory judgment claims.

PLAINTIFF'S SECOND AMENDED COMPLAINT
FOR DECLARATORY JUDGMENT
Case No. 2:23-cv-1016

12

Kilpatrick Townsend & Stockton LLP,
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

## VII. COUNT III: BREACH OF CONTRACT

65. Valve incorporates by reference the preceding paragraphs of this Complaint.

66. Section 3.1 of the 2016 Global Settlement and License Agreement is titled "Licensor License to Licensee" and states "No royalties or additional payments of any kind shall be required in order to maintain this Agreement in force." Ex. 1.

67. Section 3.2 of the 2016 Global Settlement and License Agreement is titled "Covenant Not to Sue Licensee" and states "Licensor covenants not to sue Licensee or its Affiliates for actual or alleged infringement of the Licensed Patents." Ex. 1.

68. Valve fully performed its obligations under the 2016 Global Settlement and License Agreement.

69. As a condition of being assigned the '221 Patent, RBDS is bound by the 2016 Global Settlement and License Agreement as if it was an original signatory to the agreement.

70. As the original signatory to the 2016 Global Settlement and License Agreement, Display Technologies is bound by the agreement.

71. The "potential resolution" and "resolution" discussed in the 2023 demand letter sent by Meyler on behalf of Rothschild and RBDS is a monetary payment for additional rights to patents to which Valve is already licensed, including the '221 Patent.

72. RBDS breached at least Section 3.1 and anticipatorily breached Section 3.2 (and therefore breached the 2016 Global Settlement and License Agreement) when it asserted the '221 Patent against Valve in its most recent demand letter.

73. RBDS repudiated its covenant not to sue Valve by expressly threatening to sue Valve if it did not pay additional money to RBDS. Ex. 8 at 1.

PLAINTIFF'S SECOND AMENDED COMPLAINT
FOR DECLARATORY JUDGMENT
Case No. 2:23-cv-1016

13

Kilpatrick Townsend & Stockton LLP,
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

74. In other words, RBDS made a positive statement indicating distinctly and unequivocally that it would not substantially perform its obligations under the covenant not to sue without receiving additional monetary payment that goes beyond Valve's payment obligations under the 2016 Global Settlement and License Agreement.

75. As noted above, RBDS also breached Section 3.1 of the 2016 Global Settlement and License Agreement by demanding additional payment for rights to patents licensed to Valve in the 2016 Global Settlement and License Agreement.

76. Further, Display Technologies breached the covenant not to sue when it asserted U.S. Patent No. 9,300,723 in its 2022 lawsuit against Valve and continues to be in breach by failing to withdraw the 2022 demands from Mr. Falcucci.

77. As explained above, Rothschild owns, controls, and directs the actions of RBDS and Display Technologies. As a signatory to the 2016 Global Settlement and License Agreement, Rothschild is also in breach and/or has anticipatorily breached the 2016 Global Settlement and License Agreement.

## VIII. COUNT IV: VIOLATION OF WASHINGTON UNFAIR BUSINESS PRACTICES AND BAD FAITH ASSERTIONS OF PATENT INFRINGEMENT, RCW 19.86 AND 19.350

78. Valve incorporates by reference the preceding paragraphs of this Complaint.

79. Defendants made a pre-suit assertion of patent infringement by sending the March 2022 demands to Valve, which falsely and misleadingly requested that Valve pay additional fees to obtain a license to U.S. Patents 8,671,195 and 9,300,723, patents owned by Display Technologies to which Valve already had a license.

80. Defendants have not withdrawn Mr. Falcucci's demands.

81. Defendants made another pre-suit assertion of patent infringement by sending the June 2023 demand letter to Valve, which claimed that Valve has infringed the '221 Patent and encouraged Valve to obtain a license to the '221 Patent

PLAINTIFF'S SECOND AMENDED COMPLAINT
FOR DECLARATORY JUDGMENT
Case No. 2:23-cv-1016

14

Kilpatrick Townsend & Stockton LLP,
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

to avoid litigation. This threat, like the March 2022 threat, was made outside the context of active litigation between Defendants and Valve.

82. Defendants' pre-suit threats to sue Valve for infringing <u>licensed</u> patents are bad faith assertions of patent infringement and in violation of RCW 19.350 (the Patent Troll Prevention Act).

83. Defendants sent the June 2023 demand letter when no judicial proceeding or litigation was pending between Defendants and Valve.

84. The June 2023 letter was emailed directly to a member of Valve's legal team.

85. The June 2023 letter did not attach any complaints or other proposed judicial pleadings that Meyler intended to file. Instead, the letter explained that Valve could take a license as a way of avoiding litigation.

86. To avoid any doubt, this demand letter was a private communication between two private parties outside of the context of any judicial or quasi-judicial proceeding.

87. Defendants' assertion that Valve infringed licensed patents, such as the '221 Patent, was made in bad faith.

88. Defendants' bad faith assertion of infringement imposed a significant burden on Valve because Valve must now, yet again, expend resources to defend itself against meritless infringement allegations.

89. The following non-exclusive factors enumerated under RCW 19.350 weigh in favor of a judicial finding that Defendants' threat of infringement against Valve was made in bad faith:

    a. 19.350.020(2)(d): "The person threatens legal action that cannot legally be taken." As explained above, Valve has a worldwide, perpetual license to the '221 Patent. While Defendants have routinely disregarded their legal obligations under the parties' agreement—thus requiring the relief requested through this lawsuit—the fact remains that Defendants legally cannot sue Valve for infringement

PLAINTIFF'S SECOND AMENDED COMPLAINT
FOR DECLARATORY JUDGMENT
Case No. 2:23-cv-1016

15

Kilpatrick Townsend & Stockton LLP,
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

1  of the '221 Patent or any other patent covered by the 2016 license, yet have
2  threatened, and even taken, legal action against Valve contrary to the terms of the
3  agreement.

4      b.   19.350.020(2)(f): "The person, or a subsidiary or an affiliate of the
5  person, has previously filed or threatened to file one or more lawsuits based on the
6  same or substantially equivalent assertion of patent infringement, and a court found
7  the person's assertion to be without merit or found the assertion contains false,
8  misleading, or deceptive information."

9      i.   Upon information and belief, RBDS or another Rothschild-
10         controlled entity has asserted the '221 Patent against at least
11         127 different companies spanning hundreds of
12         technological fields, industries, services, and products. The
13         only reason that a court has not previously found the
14         assertions of the '221 Patent to be meritless is because these
15         Rothschild-controlled entities exact a quick settlement fee
16         far below the costs to litigate and/or voluntarily dismiss
17         their lawsuits when presented with arguments over the non-
18         infringement and/or invalidity of the asserted patents.

19      ii.  As noted above and expanded upon below, however, courts
20         have found that patent claims made by other Rothschild-
21         controlled entities are without merit. Indeed, on information
22         and belief, Defendants, or a subsidiary or an affiliate of one
23         or more Defendants, made substantially equivalent
24         assertions of patent infringement that a court found to be so
25         lacking in merit that it awarded fees to the opposing party.

26      iii. For example, in the case referenced in attached Ex. 4,
27         *Rothschild Connected Devices Innovations, LLC v.*
28         *Guardian Prot. Servs., Inc.*, No. 2:15-cv-01431 (E.D. Tex.),

PLAINTIFF'S SECOND AMENDED COMPLAINT
FOR DECLARATORY JUDGMENT        16
Case No. 2:23-cv-1016

Kilpatrick Townsend & Stockton LLP,
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

|   |   |   |
|---|---|---|
|   |   | the Rothschild plaintiff accused a company of infringing one of the many patents naming Leigh Rothschild as its inventor. Rothschild ultimately voluntarily moved to dismiss the action, which the district court granted while concurrently denying the opposing party's motion for attorney fees. *Rothschild Connected Devices Innovations, LLC v. Guardian Prot. Servs., Inc.*, 858 F.3d 1383, 1386 (Fed. Cir. 2017). |
|   | iv. | Upon remand from the Federal Circuit, the district court ordered the Rothschild plaintiff to pay "the full amount of fees [the opposing party] seeks." *Rothschild Connected Devices Innovations, LLC v. ADS Sec., L.P.*, No. 2:15-cv-01431, 2017 WL 5178998, at *2 (E.D. Tex. Nov. 8, 2017). |
|   | v. | In its opinion, the Federal Circuit held (*Rothschild*, 858 F.3d at 1390 (emphasis added)): |

*[T]he undisputed evidence regarding Rothschild's vexatious litigation warrants an affirmative exceptional case finding here. See Newegg*, 793 F.3d at 1350 ("[A] pattern of litigation abuses characterized by the repeated filing of patent infringement actions for the sole purpose of forcing settlements, with no intention of testing the merits of one's claims, is relevant to a district court's exceptional case determination under § 285."); *see also Eon–Net*, 653 F.3d at 1327 (noting that settlement offers that were "less than ten percent of the cost that [a defendant] expended to defend suit—effectively ensured that [a plaintiff's] baseless infringement allegations remain unexposed").

|   |   |   |
|---|---|---|
|   | vi. | Such substantially equivalent assertions by another Rothschild entity that led to an attorney fee award—and therefore, on information and belief, a finding that the underlying patent infringement assertion was without merit—are relevant to whether Defendants acted in bad |

PLAINTIFF'S SECOND AMENDED COMPLAINT
FOR DECLARATORY JUDGMENT
Case No. 2:23-cv-1016

17

Kilpatrick Townsend & Stockton LLP,
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

faith here. Indeed, Defendants engage in exactly the same type of assertions that the Federal Circuit admonished in the above-described *Rothschild* decision.

c. 19.350.020(2)(g): "Any other factor the court determines to be relevant." As explained above, Valve sent a copy of the 2016 Global Settlement and License Agreement to the Meyler Defendants. Those defendants, a law firm and attorney bound by the Washington State Rules of Professional Conduct, should have known about the agreement and its contents based on the bare-minimum due diligence required before filing suit. The earlier-filed Meyler case, brought on behalf of Display Technologies, was voluntarily dismissed without prejudice because of that Rothschild-Valve contract. Five months later, however, Defendants are trying the same tactic again, asserting infringement of patents Valve has already licensed.

90. Defendants' violations of RCW 19.350 are an unfair and deceptive business practice in the conduct of trade or commerce, as declared unlawful and actionable per RCW 19.86.020. *See* RCW 19.86.093; *see also* RCW 19.350.030 (A violation of the Patent Troll Prevention Act "is an unfair or deceptive act in trade or commerce and an unfair method of competition for purposes of applying the consumer protection act, chapter 19.86 RCW.").

**IX.   PRAYER FOR RELIEF**

WHEREFORE, Valve respectfully requests the following relief:

a. Damages, treble damages, and attorney fees pursuant to RCW 19.86.090;

b. A declaration that the '221 patent is invalid and unenforceable against Valve;

c. Preliminary and permanent injunctive relief against Defendants, and ordering Defendants and each of their officers, directors, agents, counsel, servants, employees, and all persons in active concert or participation with them to withdraw their claims and be restrained from alleging,

PLAINTIFF'S SECOND AMENDED COMPLAINT
FOR DECLARATORY JUDGMENT
Case No. 2:23-cv-1016

18

Kilpatrick Townsend & Stockton LLP,
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

representing, or otherwise stating that any Valve product or service infringes any patent covered by the 2016 Global Settlement and License Agreement, and further enjoining Defendants from instituting any action or proceeding against Valve alleging infringement of any claims of any of the patents covered in the 2016 Global Settlement and License Agreement;

d. Declaring Valve as the prevailing party and this case as exceptional, and awarding Valve its reasonable attorney fees, pursuant to 35 U.S.C. § 285;

e. Awarding Valve all damages caused by Defendants' unlawful acts, including punitive damages and pre- and post-judgment interest, as provided by law;

f. That Defendants be ordered to pay all fees, expenses, and costs associated with this action; and

g. Awarding such other and further relief as this Court deems just and proper.

## X.   JURY TRIAL REQUEST

Valve, pursuant to the Seventh Amendment of the United States Constitution, requests trial by jury on all issues properly heard by a jury.

DATED: January 16, 2024         Respectfully submitted,

KILPATRICK TOWNSEND & STOCKTON LLP

By:   /s/ *Dario A. Machleidt*
Dario A. Machleidt (State Bar No. 41860)
Kathleen R. Geyer (State Bar No. 55493)
Christopher P. Damitio (State Bar No. 58633)
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
Telephone: (206) 467-9600
dmachleidt@kilpatricktownsend.com
kgeyer@kilpatricktownsend.com
cdamitio@kilpatricktownsend.com

*Attorneys for Plaintiff, VALVE CORPORATION*

PLAINTIFF'S SECOND AMENDED COMPLAINT
FOR DECLARATORY JUDGMENT                    19
Case No. 2:23-cv-1016

Kilpatrick Townsend & Stockton LLP,
1420 Fifth Avenue, Suite 3700
Seattle, WA  98101
(206) 467-9600