Honorable Jamal N. Whitehead

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
### AT SEATTLE

| | |
|---|---|
| VALVE CORPORATION<br><br>                    Plaintiff,<br><br>        v.<br><br>LEIGH ROTHSCHILD, ROTHSCHILD BROADCAST DISTRIBUTION SYSTEMS, LLC, DISPLAY TECHNOLOGIES, LLC, PATENT ASSET MANAGEMENT, LLC, MEYLER LEGAL, PLLC, AND SAMUEL MEYLER**,**<br><br><br>                    Defendants. | Case No.  **2:23-cv-01016**<br><br><br>**DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT FOR DECLARATORY JUDGMENT**<br><br>  NOTE ON MOTION CALENDAR:<br>**February 23, 2024**<br><br>  **ORAL ARGUMENT REQUESTED** |

1

## TABLE OF CONTENTS

2  I.   INTRODUCTION ............................................................................. 5

3  II.  SUMMARY OF RELEVANT FACTS ............................................... 5

4  III. SUMMARY OF RELEVANT LEGAL PRINCIPLES ........................ 8

5       A.    Declaratory Judgment ................................................................8

6       B.    Motions to Dismiss ....................................................................9

7       C.    Washington's Patent Troll Prevention Act (RCW 19.350) ........10

8       D.    Waiver ......................................................................................11

9  IV.  ARGUMENT .................................................................................. 12

10      A.    There is no Justiciable Case or Controversy Between Plaintiff and
              Defendants. ............................................................................... 12
11
        B.    The Complaint Fails to Allege Sufficient Facts to Show Defendants
12            Breached Their Agreement with Plaintiff. ................................. 13

13      C.    Defendants Did Not Violate Washington's Patent Troll Prevention
              Act (RCW 19.350) .....................................................................16
14
        D.    Plaintiff's Claims Against Meyler Legal and Samuel Meyler Must
15            Be Dismissed Based on the Litigation Privilege .........................18

16      E.    Plaintiff is not Entitled to Any Damages ...................................19

17  V.  CONCLUSION ............................................................................... 20

18

19

20

21

22

23

24

1

## <u>TABLE OF AUTHORITIES</u>

2

**Cases**

3

*Aleutian Constructors v. United States*, 24 Cl. Ct. 372 (1991)…………………………………11

4

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ..................................................................... 10

5

*Bell Atl. Corp. v. Twombly*, 550 U.S.544 (2007) ..................................................... 10

6

*Benitec Australia, Ltd. v. Nucleonics, Inc.*, 495 F.3d 1340 (Fed. Cir. 2007)…………….9, 12, 13

7

*Bruce v. Byrne-Stevens & Associates Engineers, Inc.*, 113 Wash.2d 123,
       776 P.2d 666 (1989)……………………………………………………………………19

8

9

*Cities Service Helex, Inc. v. United States*, 543 F.2d 1306 (Ct. Cl. 1976)………………………11

*Colorado Structures, Inc. v. Insurance Co. of the West*, 161 Wn.2d 577,
       167 P.3d 1125 (2007)………………………………………………………………………11

10

11

*Deatherage v. Examining Board of Psychology*, 134 Wash.2d 131,
       948 P.2d 828 (1997)…………………………………………………..…………………18, 19

12

*Demopolis v. Peoples National Bank of Washington*, 59 Wn. App. 105,
       796 P.2d 426 (1990)……………………………………………………………………18

13

*Dow Jones & Co. v. Ablaise Ltd.*, 606 F.3d 1338 (Fed. Cir. 2010)………………………9, 12, 13

14

*Engelmohr v. Bache*, 66 Wn.2d 103, 401 P.2d 346 (1965)……………………………………18

15

*Jeckle v. Crotty*, 120 Wash. App. 374, 85 P.3d 931 (2004)……………………………………19

16

*Kokkonen v. Guardian Life Insurance Co. of Am.*, 511 U.S. 375 (1994)……………………9

17

*McCarthy v. United States*, 850 F.2d 558 (9th Cir. 1988)……………………………………11

18

*Mason v. Mason*, 19 Wash. App. 2d 803, 497 P.3d 431 (2021)………………………………18

19

*McNeal v. Allen*, 95 Wash.2d 265, 621 P.2d 1285 (1980)……………………………………19

20

*MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118 (2007)………………………………8, 9

21

*Negrel v. Drive N Style Franchisor Spv LLC*, No. SACV 18-00583 JVS(KESx),
       2018 U.S. LEXIS 227479 (C.D. Cal. Aug. 27, 2018)……………………………………20

22

23

*Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365 (1978)……………………………9

24

DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S
SECOND AMENDED COMPLAINT – Page **3** of 21
Case No. 2:23-cv-01016

**DC LAW GROUP**
12055 15th Ave NE | Seattle, WA 98125
Phone: (206) 494.0400

*Revolution Eyeware Inc. v. Aspex Eyewear, Inc.*, 556 F.3d 1294 (Fed. Cir. 2013)...................9

*Rhoades v. Avon Products, Inc.*, 504 F.3d 1151 (9th Cir. 2007).............................9

*Silver States Land LLC v. United States*, 155 Fed. Cl. 209 (Ct. Cl. 2021).........................11, 15

*Stock W., Inc. v. Confederated Tribes of the Colville Reservation*,
   873 F.2d 1221 (9th Cir. 1989)......................................................9

*Super Sack Mfg. Corp. v. Chase Packaging Corp.*, 57 F.3d 1054 (Fed. Cir. 1995)..................8

*Young v. Rayan*, 533 P.3d 123 (Wash. Ct. App. 2023)...........................................18, 19

**Statutes**

RCW 19.350 ...................................................................... *passim*

RCW 19.86.............................................................................16

**Rules**

Fed. R. Civ. P. 12(b)(1)......................................................... 7, 9, 10

Fed. R. Civ. P. 12(b)(6).......................................................... *passim*

**Other Authorities**

Restatement (First) of Contracts § 309................................................11

DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S
SECOND AMENDED COMPLAINT – Page **4** of **21**
Case No. 2:23-cv-01016

**DC LAW GROUP**
12055 15th Ave NE | Seattle, WA 98125
Phone: (206) 494.0400

## I.   INTRODUCTION

Plaintiff Valve Corporation accuses Defendants Leigh Rothschild, Rothschild Broadcast Distribution Systems, LLC, Display Technologies, LLC, Patent Asset Management, LLC (collectively, "the Rothschild Defendants") and Meyler Legal, PLLC and Samuel Meyler, Esq. (collectively, "the Meyler Defendants") of a having committed a variety of wrongs and seeks a declaratory judgement that U.S. Patent No. 8,856,221—to which Plaintiff has a valid, irrevocable license and covenant not to sue—is invalid and unenforceable against Plaintiff. Plaintiff also seeks a judgment that the Rothschild Defendants have breached their agreement with Plaintiff and have violated Washington's Patent Troll Prevent Act and Consumer Protection Act.

Contrary to the allegations in Plaintiff's Second Amended Complaint (Dkt #38), however, there is no justiciable case or controversy between the parties because Plaintiff has a fully paid-up, irrevocable license and a covenant not to sue from the Rothschild Defendants. Plaintiff is attempting to make "a mountain out of a mole hill" by characterizing a simple clerical error as some sort of legal malfeasance involving a conspiracy among multiple individuals and corporations acting in concert. Plaintiff is plainly hoping to dissuade Defendants from legitimately seeking to enforce their legal patent rights against Plaintiff in the future. Plaintiff's Complaint should therefore be dismissed under Fed. R. Civ. P. 12(b)(1), for lack of subject matter jurisdiction, and Fed. R. Civ. P. 12(b)(6), for failure to state a claim.

## II.   SUMMARY OF RELEVANT FACTS

Leigh M. Rothschild is a prolific inventor, having been named as the sole inventor on over one hundred thirty (130) issued United States patents over the past two decades. Many of those patents have been licensed to companies seeking to exploit Mr. Rothschild's inventions. Mr. Rothschild is a former presidential appointee to the High-Resolution Board for the United States

DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S
SECOND AMENDED COMPLAINT – Page **5** of 21
Case No. 2:23-cv-01016

**DC LAW GROUP**
12055 15th Ave NE | Seattle, WA 98125
Phone: (206) 494.0400

under former President George H.W. Bush and has also served as an advisor for former President Ronald Reagan. Mr. Rothschild has served Governors on technology boards, served as a special advisor to then Florida Secretary of Commerce John Ellis "Jeb" Bush, and served on the IT Florida Technology Board as an appointee of former Governor John Ellis "Jeb" Bush.

Having recognized the commercial value of patents through licensing his own inventions, Mr. Rothschild began to assist other inventors in monetizing their inventions. In connection with this effort, Mr. Rothschild formed Patent Asset Management, LLC. ("PAM"). PAM is a holding company that manages various corporate entities established by Rothschild for the purpose of holding and licensing the rights to collections of U.S. patents, such as Rothschild Broadcast Distribution Systems, LLC ("RBDS") and Display Technologies LLC ("DT"). PAM has been quite successful in its endeavors, licensing hundreds of patents to date and thereby rewarding the individual inventors of those patents for their technological contributions.

In June 2015, DT filed suit against Plaintiff for patent infringement. Subsequent thereto, in November 2016, Mr. Rothschild and DT entered into a Global Settlement and License Agreement ("the GSLA") covering a number of patents owned by DT and/or other entities controlled by Mr. Rothschild. *See* Dkt #38-6 at 4-14, 21-24.

In March of 2022, Daniel Falcucci, the Director of Business Development at PAM, contacted Plaintiff to see whether Plaintiff would be interested in obtaining a license to other patents owned and/or controlled by Mr. Rothschild. *See* Dkt #38-5. Mr. Falcucci did not accuse Plaintiff of patent infringement or threaten Plaintiff with a lawsuit and never made any demand for money from Plaintiff. *See id.*

Meyler Legal, PLLC and its principal Samuel Meyler were first engaged as local counsel by RBDS, DT and Social Positioning Input Systems, LLC ("SPIS"), another PAM managed entity,

DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S
SECOND AMENDED COMPLAINT – Page **6** of 21
Case No. 2:23-cv-01016

**DC LAW GROUP**
12055 15th Ave NE | Seattle, WA 98125
Phone: (206) 494.0400

1   in 2022 to assist in RBDS's, DT's and SPIS' attempts to license the patents in their respective

2   portfolios. Prior to that time, neither Meyler Legal nor Mr. Meyler had represented Mr. Rothschild,

3   PAM, or any PAM-related entity.

4          On September 27, 2022, Mr. Meyler, as local counsel, filed a lawsuit against Plaintiff on

5   behalf of DT, *viz. Display Technologies LLC v. Valve Corporation*, Case No. 2:22-cv-01365 (WD

6   Wash.), asserting U.S. Patent No. 9,300,723 ("the '723 patent"). Unbeknownst to Mr. Meyler at

7   the time, the '723 patent was a continuation of a patent covered by the GSLA. When Plaintiff

8   informed Mr. Meyler of this relationship, Mr. Meyler promptly dismissed the lawsuit on behalf of

9   DT. *See* Dkt #1-6, Dkt #38 at ¶¶ 22-23.

10         On June 21, 2023, Mr. Meyler sent a letter to Plaintiff on behalf of his clients SPIS, RBDS

11  and Quantum Technology Innovations, LLC ("QTI") regarding U.S. Patent No. 7,650,376 ("the

12  '376 patent"), U.S. States Patent No. 9,261,365 (hereinafter "the '365 patent"), and U.S. Patent

13  No. 8,856,221 ("the '221 patent"). *See* Dkt #38-8. Unbeknownst to Mr. Meyler at the time, the

14  '221 patent was also covered by the GSLA. However, rather than inform Mr. Meyler that the '221

15  patent was covered by the GSLA—as they had with '723 patent—and thereby resolve the issue

16  without any further inconvenience or expense, Plaintiff instead quickly filed a Complaint for

17  Declaratory Judgment Action on July 7, 2023. *See* Dkt #1.

18         The Rothschild Defendants and the Meyler Defendants moved to dismiss Plaintiff's

19  Complaint pursuant to Fed. R. Civ. P 12(b)(1) and (6), primarily because there is no case or

20  controversy regarding the '221 patent between the Rothschild Defendants and Plaintiff in view of

21  the covenant not to sue in the GSLA. *See* Dkt #18. Because the '376 patent and the '365 patent

22  were not covered by the GSLA, however, lawsuits were subsequently filed against Valve for

23  infringement thereof, *viz. Quantum Technology Innovations, LLC v. Valve Corporation, et al.,*

24

DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S
SECOND AMENDED COMPLAINT – Page **7** of 21
Case No. 2:23-cv-01016

**DC LAW GROUP**
12055 15th Ave NE | Seattle, WA 98125
Phone: (206) 494.0400

1   Case No. 2:23-cv-00425 (ED Tex.) and *Social Positioning Input Systems, LLC v. Valve*

2   *Corporation, et al.,* Case No. 2:23-cv-00422 (ED Tex.).

3          Plaintiff responded to the Rothschild Defendants' and the Meyler Defendants' Motion to

4   Dismiss by first filing a First Amended Complaint on October 6, 2023, and, following renewal of

5   Defendants' Motion to Dismiss, a Second Amended Complaint ("SAC") on January 16, 2024. *See*

6   Dkt #23, Dkt #38. Plaintiff's SAC, however, suffers from the same fundamental deficiency as

7   Plaintiff's original Complaint and Plaintiff's First Amended Complaint—there simply is no case

8   or controversy between the Rothschild Defendants and Valve regarding the '221 patent.

9   **III.    SUMMARY OF RELEVANT LEGAL PRINCIPLES**

10         **A.    Declaratory Judgment**

11         The Declaratory Judgment Act provides that "[i]n a case of actual controversy . . . any court

12  of the United States . . . may declare the rights and other legal relations of any interested party

13  seeking such declaration, whether or not further relief is or could be sought." 22 U.S.C. § 2201(a).

14  A party seeking such a declaration bears the burden of showing an actual controversy between it

15  and the other party or parties. *See MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007)

16  ("[T]he question in each case is whether the facts alleged, under all the circumstances, show that

17  there is a substantial controversy, between the parties having adverse legal interests, of sufficient

18  immediacy and reality to warrant the issuance of a declaratory judgment." (internal citation

19  omitted)).

20         It is well-settled that a covenant not to sue from a patent owner demonstrates that no case

21  or controversy exists between the parties to warrant exercise of declaratory judgment jurisdiction.

22  *See Super Sack Mfg. Corp. v. Chase Packaging Corp.*, 57 F.3d 1054, 1059 (Fed. Cir. 1995) (a

23  covenant not to sue in the future for products made, used, or sold in the past removes actual

24

DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S
SECOND AMENDED COMPLAINT – Page **8** of 21
Case No. 2:23-cv-01016

**DC LAW GROUP**
12055 15th Ave NE | Seattle, WA 98125
Phone: (206) 494.0400

controversy in the present), *abrogated on other grounds by MedImmune*, 549 U.S. at 127. Whether a particular covenant not to sue actually divests a district court of jurisdiction "depends on what is covered by the covenant." *Revolution Eyeware Inc. v. Aspex Eyewear, Inc.*, 556 F.3d 1294, 1297 (Fed. Cir. 2013).

"A covenant not to sue for patent infringement divests the trial court of subject matter jurisdiction over claims that the patent is invalid, because the covenant eliminates any case or controversy between the parties." *Dow Jones & Co. v. Ablaise Ltd.*, 606 F.3d 1338, 1346 (Fed. Cir. 2010); *see also Benitec Australia, Ltd. v. Nucleonics, Inc.*, 495 F.3d 1340, 1347-48 (Fed. Cir. 2007) (affirming dismissal of declaratory judgment counts of invalidity and unenforceability based upon plaintiff's promise not to sue defendant for any activities of defendant).

### B.      Motions to Dismiss

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Insurance Co. of Am.*, 511 U.S. 375, 377 (1994); *see also Stock W., Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989) ("'It is a fundamental principle that federal courts are courts of limited jurisdiction.'" quoting *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978)).

A party to a lawsuit can move a court to dismiss a declaratory action on the grounds that no case or controversy exists under Fed. R. Civ. P. 12(b)(1). *See Rhoades v. Avon Products, Inc.*, 504 F.3d 1151, 1157 (9th Cir. 2007). When facing such a motion, the party asserting jurisdiction bears the burden to establish jurisdiction. *See Kokkonen*, 511 U.S. at 377 ("It is to be presumed that a cause lies outside [federal court] jurisdiction . . . and the burden of establishing the contrary rests upon the party asserting jurisdiction." internal citations omitted).

DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S
SECOND AMENDED COMPLAINT – Page **9** of 21
Case No. 2:23-cv-01016

**DC LAW GROUP**
12055 15th Ave NE | Seattle, WA 98125
Phone: (206) 494.0400

1    When considering a motion to dismiss for lack of subject matter jurisdiction pursuant to

2    Fed. R. Civ. P. 12(b)(1), a court "is not restricted to the face of the pleadings, but may review any

3    evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of

4    jurisdiction." *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988).

5    Dismissal of a claim under Federal Rule of Civil Procedure 12(b)(6) may be based on either

6    the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable

7    legal theory. *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988). "While a

8    complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations,

9    a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels

10   and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell*

11   *Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-55 (2007) (internal citations omitted). Thus, to

12   survive a motion to dismiss, the complaint must provide sufficient factual allegations for "the court

13   to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*

14   *v. Iqbal*, 556 U.S. 662, 678 (2009).

15   An affirmative defense, such as the litigation privilege, may be decided on a motion to

16   dismiss where the defense is apparent from the face of the pleadings. *See Jablon v. Dean Witter*,

17   614 F.2d 677, 682 (9th Cir. 1980).

18   **C.    Washington's Patent Troll Prevention Act (RCW 19.350)**

19   Pursuant to the PTPA, "*[u]nless done in bad faith*, nothing in this section may be construed

20   to deem it an unfair or deceptive trade practice for any person who owns or has the right to license

21   or enforce a patent to: (a) Advise others of that ownership or right of license or enforcement; . . .

22   or (c) Seek compensation on account of a past or present infringement, or license to the patent,

23   when it is reasonable to believe that the person from whom compensation is sought may owe such

24

DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S
SECOND AMENDED COMPLAINT – Page **10** of 21
Case No. 2:23-cv-01016

**DC LAW GROUP**
12055 15th Ave NE | Seattle, WA 98125
Phone: (206) 494.0400

1   compensation or may need or want such a license to practice the patent." RCW 19.350.020(5)

2   (2015) (emphasis added).

3          In evaluating a party's attempt to license their patent, "a court may consider the following

4   factors as evidence that a person has made an assertion of patent infringement in good faith: . . .

5   (b) The person has: (i) Engaged in reasonable analysis to establish a reasonable, good faith basis

6   for believing the target has infringed the patent; and (ii) Attempted to negotiate an appropriate

7   remedy in a reasonable manner; (c) The person has: . . . (ii) Successfully enforced the patent, or a

8   substantially similar patent, through litigation; . . . [or] (e) The person is: (i) An inventor of the

9   patent or an original assignee . . .." RCW 19.350.020(5) (2015).

10         **D.    Waiver**

11         Under the contractual "election-of-remedies" doctrine, when a breach by one party allows

12   the non-breaching party to terminate the agreement, but the non-breaching party elects instead to

13   continue accepting performance from the breaching party, then the non-breaching party has re-

14   affirmed the contract and forfeits its right to terminate that contract. *See* Restatement (First) of

15   Contracts § 309; *see also Silver States Land LLC v. United States*, 155 Fed. Cl. 209, 214 (Ct. Cl.

16   2021) ("In such situations, 'any act indicating an intent to continue the contract is an election, and

17   an election to continue may occur simply by the injured party's failure to take action to end the

18   agreement within a reasonable time after becoming aware of the facts.' *Aleutian Constructors v.*

19   *United States*, 24 Cl. Ct. 372, 384 (1991). This is because, '[c]ontinuance of the contract is *the*

20   *most common and clearest case of waiver.*' *Id.* (emphasis added) (citing *Cities Service Helex, Inc.*

21   *v. United States*, 543 F.2d 1306, 211 Ct. Cl. 222 (Ct. Cl. 1976))."); *Colorado Structures, Inc. v.*

22   *Insurance Co. of the West*, 161 Wn.2d 577, 588-89, 167 P.3d 1125, 1131 (2007) ("When a contract

23   provision is both a condition and a promise, the remedies available for its breach vary by whether

24

DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S
SECOND AMENDED COMPLAINT – Page **11** of **21**
Case No. 2:23-cv-01016

**DC LAW GROUP**
12055 15th Ave NE | Seattle, WA 98125
Phone: (206) 494.0400

the breach is 'material.' If the breach is 'material,' the promisee has an election: He or she may treat the breach as a failure of a condition that excuses further performance, and thus terminate the contract, or he or she may waive the condition and allow performance to continue." (internal citations omitted)).

## IV.    ARGUMENT

### A.    There is no Justiciable Case or Controversy Between Plaintiff and the Rothschild Defendants or the Meyler Defendants Regarding the '221 Patent

Much like Plaintiff's original Complaint and Plaintiff's First Amended Complaint, Plaintiff's SAC concedes that the GSLA includes a covenant not to sue Plaintiff from Mr. Rothschild and DT. *See* Dkt #38 at ¶ 67; *cf.* Dkt #1 at ¶ 64; Dkt #23 at ¶ 67. That covenant not to sue extends not only to Plaintiff, but also to, *inter alia*, Plaintiff's direct and indirect customers, vendors, suppliers, manufacturers, distributors, and end-users, as well as their direct and indirect customers, vendors, suppliers, manufacturers, distributors, and end-users. *See* Dkt #38-6 at § 3.2.

Significantly, the GSLA between the Parties remains in effect. *See* Dkt #38-6 at § 6.1. The covenant not to sue from Mr. Rothschild and DT therefore also remains in effect. *See id.* at § 3.2. Indeed, even if the GSLA had been terminated, the covenant not to sue from Mr. Rothschild and DT would ***still*** remain in effect. *See id.* at § 6.1 ("the licenses, releases, and covenants granted by [Mr. Rothschild and DT] ***shall survive in perpetuity***." (emphasis added)). And, as admitted by Plaintiff, the covenant not to sue in the GSLA also binds RBDS. *See* Dkt #38 at ¶ 61.

Consequently, there is therefore no justiciable case or controversy between Plaintiff and any Defendant regarding the validity or enforceability of any patent covered by the GSLA. *See Dow Jones*, 606 F.3d at 1346; *Benitec*, 495 F.3d at 1347-48. This includes the '221 patent. *See* Dkt #38 at ¶ 60; Dkt #38-6 at p. 20. Counts I and II of Plaintiff's SAC should therefore be dismissed for lack of subject matter jurisdiction.

DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S
SECOND AMENDED COMPLAINT – Page **12** of **21**
Case No. 2:23-cv-01016

**DC LAW GROUP**
12055 15th Ave NE | Seattle, WA 98125
Phone: (206) 494.0400

Plaintiff attempts to circumvent the controlling law by alleging that "[t]his is that unique case where a covenant not to sue between the parties fails to provide [Plaintiff] with the protection it paid for because, unfortunately, the assurances given to [Plaintiff] in that agreement are worthless." Dkt #38 at ¶ 57. That allegation, however, is false.

As conceded by Plaintiff, when the Meyler Defendants inadvertently filed suit against Plaintiff on behalf of DT asserting the '723 patent, that suit was very promptly dismissed after Plaintiff informed the Meyler Defendants that the '723 patent was subject to the GSLA. *See* Dkt #1-6, Dkt #38 at ¶¶ 22-23. Moreover, neither the Rothschild Defendants nor the Meyler Defendants ever filed suit against Plaintiff on the '221 patent. The covenant not to sue in the GSLA has therefore provided exactly the protection to Plaintiff that it was intended to and that Plaintiff bargained for—Plaintiff is not currently being sued on the '723 patent or the '221 patent or any other patent covered by the GSLA.

There is no justiciable case or controversy between Plaintiff and Defendants regarding the '221 patent. Plaintiff has, and continues to have, a valid covenant not to sue from Defendants that covers the '221 patent. And the law is clear this covenant not to sue is sufficient, in and of itself, to extinguish any controversy regarding the validity or infringement of the '221 patent and to divest this Court of Article III jurisdiction over Counts I and II of Plaintiff's SAC. *See Dow Jones*, 606 F.3d at 1346; *Benitec*, 495 F.3d at 1347-48. Counts I and II of the SAC must be dismissed.

### B. The SAC Fails to Allege Sufficient Facts to Show the Rothschild Defendants Breached or Anticipatorily Breached the GSLA

Plaintiff accuses both RBDS and DT of breaching the GSLA, and Mr. Rothschild of breaching the agreement by virtue of his control over RBDS and DT. *See* Dkt #38 at ¶¶ 72, 75-77. Plaintiff's SAC, however, fails to allege facts sufficient to support these claims.

DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S
SECOND AMENDED COMPLAINT – Page **13** of **21**
Case No. 2:23-cv-01016

DC LAW GROUP
12055 15th Ave NE | Seattle, WA 98125
Phone: (206) 494.0400

First, with respect to RBDS, for example, Plaintiff alleges that "RBDS breached at least Section 3.1 and anticipatorily breached Section 3.2 [of the GSLA] when it asserted the '221 Patent in its most recent demand letter." *Id.* at ¶ 72. Neither of these allegations, however, is supported by the facts, as shown by the exhibits attached to the SAC.

Section 3.1 of the GSLA provides that "[n]o royalties or additional payments of any kind shall be required in order to maintain this Agreement in force." Dkt #38-6. As even a cursory review of Mr. Meyler's letter attached to the SAC shows, however, Mr. Meyler did not demand any monetary payment from Plaintiff, much less a payment for the '221 patent. *See* Dkt #38-8. Instead, the express language of Mr. Meyler's letter invited Valve "to explore a potential resolution to the[] claims" of infringement of multiple patents. Despite Plaintiff's partisan characterization, this was not a demand for royalties or additional payments to maintain the GSLA in force. Indeed, even though Plaintiff chose not to do so, at least one potential resolution to the claims of infringement referenced in Mr. Meyler's letter was Plaintiff informing Mr. Meyler that the '221 patent was covered by the GSLA. Nothing in Mr. Meyler's letter is precluded by or contrary to the terms of Section 3.1 of the GSLA.

Similarly, Plaintiff's allegation that RBDS anticipatorily breached Section 3.2 of the GSLA is based on sheer speculation, rather than facts. There is no reason to believe that RBDS would have sued Plaintiff once learning that the '221 patent was subject to the GSLA, particularly since another one of the Rothschild Defendants, DT, promptly dismissed an earlier inadvertently filed lawsuit asserting the '723 patent when informed by Plaintiff that the '723 patent was subject to the GSLA. *See* Dkt #38 at ¶¶ 22-23. Plaintiff has failed to allege any facts to suggest that any of the Rothschild Defendants would have acted differently with respect to the '221 patent than they previously did with respect to the '723 patent.

DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S
SECOND AMENDED COMPLAINT – Page **14** of **21**
Case No. 2:23-cv-01016

**DC LAW GROUP**
12055 15th Ave NE | Seattle, WA 98125
Phone: (206) 494.0400

Second, with respect to DT, Plaintiff alleges that DT breached the covenant not to sue in the GSLA "when it asserted U.S. Patent No. 9,300,723 in its 2022 lawsuit against Valve and continues to be in breach by failing to withdraw the 2022 demands from Mr. Falcucci." Dkt #38 at ¶ 76. Neither of these allegations, even if true, is sufficient.

More specifically, to the extent 2022 lawsuit against Valve may have constituted a breach of the covenant not to sue, Valve did not seek redress for that breach at the time and has long since waived any right to do so. *See Silver States Land LLC v. United States*, 155 Fed. Cl. 209, 214 (Ct. Cl. 2021) ("In such situations, 'any act indicating an intent to continue the contract is an election, and an election to continue may occur simply by the injured party's failure to take action to end the agreement within a reasonable time after becoming aware of the facts.' This is because, '[c]ontinuance of the contract is the most common and clearest case of waiver.'" (internal citations omitted).). Moreover, even if there was a breach of the covenant not to sue by DT in 2022, that breach was remedied when DT dismissed the suit immediately upon learning that the '723 patent was covered by the GSLA.

In addition, with respect to "the 2022 demands from Mr. Falcucci," as can be seen from the correspondence attached to the SAC, Mr. Falcucci did not write to Plaintiff on behalf of DT or even mention DT anywhere in his email. *See* Dkt 38-5. Mr. Falcucci's letter cannot possibly constitute a breach of the covenant not to sue *by DT*.

Furthermore, sending a demand letter is not the same as filing a lawsuit. Thus, even if the correspondence from Mr. Falcucci were deemed a "demand"—a point Defendants emphatically dispute—and was deemed to have originated from DT, then that correspondence still would not constitute a breach of DT's covenant not to sue in the GSLA.

DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S
SECOND AMENDED COMPLAINT – Page **15** of **21**
Case No. 2:23-cv-01016

**DC LAW GROUP**
12055 15th Ave NE | Seattle, WA 98125
Phone: (206) 494.0400

Finally, with respect to Mr. Rothschild, since there are no facts sufficient to show that either RBDS or DT breached or anticipatorily breached the covenant not to sue in the GSLA for at least the reasons provided above, there are likewise no facts sufficient to show that Mr. Rothschild has breached or anticipatorily breached that covenant by virtue of his control of RBDS and/or DT.

Count III of Plaintiff's SAC should therefore be dismissed.

## C.    Defendants Did Not Violate Washington's Patent Troll Prevention Act

Plaintiff's claims under RCW 19.86 are premised on an alleged violation of Washington's Patent Troll Prevention Act, RCW 19.350 (the "PTPA"). *See* Dkt #38 at ¶ 90. In particular, Plaintiff's Complaint alleges that Mr. Falcucci's March 2022 letter and Mr. Meyler's June 2023 letter constituted a "bad faith" assertion of patent infringement under the PTPA. *See id.* at ¶¶ 79-89.

In support of the allegation that Defendants acted in bad faith by sending Mr. Falcucci's and Mr. Meyler's letters, Plaintiff's SAC alleges that factors (d), (f) and (g) of RCW 19.350.020(2) weigh in favor of such a finding. *See* Dkt #38 at ¶ 89. Plaintiff, however, has failed to allege facts sufficient to show that factors (f) and (g) of RCW 19.350.020(2) are even present here, much less that they support Plaintiff's claims.

First, factor (f) of RCW 19.350.020(2) expressly requires that "a court found the person's assertion [of infringement] to be without merit or found the assertion contains false, misleading, or deceptive information." *See* RCW 19.350.020(2)(f). As conceded in the SAC, however, despite having asserted the '221 patent against some 127 different companies, no court has ever found Defendant's assertions of infringement to be without merit or containing false, misleading, or deceptive information. *See* Dkt #38 at ¶ 89(b). Plaintiff has therefore failed to allege facts sufficient to show that factor (f) of RCW 19.350.020(2) has been met.

Plaintiff improperly attempts to reference a case involving a different entity controlled by PAM and a different patent to try to support its allegation that factor (f) is present in this case and weighs in Plaintiff's favor. *See* Dkt #38 at ¶ 89(b)(iii) – (vi). The facts alleged by Plaintiff, however, even if true, cannot support Plaintiff's claim since the relevant language of the statute specifically ***requires*** that any case being considered under factor (f) be "based on ***the same or substantially equivalent*** assertion of patent infringement." RCW 19.350.020(2)(f) (emphasis added). What may have happened in another case involving a different entity and a different patent is utterly irrelevant to factor (f) of RCW 19.350.020(2).

Factor (g) of RCW 19.350.020(2) relates to "[a]ny other factor the court determines to be relevant." For this factor, Plaintiff's SAC attempts to conflate an inadvertent clerical error—Mr. Meyler's overlooking the '221 patent in the GSLA because it was assigned to Ariel Inventions LLC, a company that he had never represented and with whom he had no prior relationship, rather than to one of his clients—with bad faith. *See* Dkt #38 at ¶ 89(c). But Plaintiff again ignores the fact that when Mr. Meyler had been apprised of a similar clerical error in the past, he very promptly dismissed the lawsuit asserting the licensed patent. Plaintiff has therefore failed to allege facts sufficient to show that factor (g) should weigh in favor of a finding of bad faith.

Finally, much like Plaintiff's original Complaint and First Amended Complaint, Plaintiff's SAC again fails to address any of the factors set forth in the PTPA showing that Defendants acted in good faith by sending Mr. Falcucci's and Mr. Meyler's letters. *See* RCW 19.360.020(5). These factors include the following: (i) as shown by the claim charts attached to Mr. Meyler's letter, Defendants had engaged in a reasonable analysis to establish a reasonable, good faith basis for believing Valve had infringed the '221 patent and Mr. Meyler's letter, at the very least, was an attempt to negotiate an appropriate remedy in a reasonable manner (RCW 19.360.020(5)(b)); (ii)

DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S
SECOND AMENDED COMPLAINT – Page **17** of **21**
Case No. 2:23-cv-01016

**DC LAW GROUP**
12055 15th Ave NE | Seattle, WA 98125
Phone: (206) 494.0400

Defendants have successfully enforced the '221 patent, or a substantially similar patent, through

litigation (RCW 19.360.020(5)(c)(ii)); and (iii) Mr. Rothschild is the inventor of the '221 patent

(RCW 19.360.020(5)(e)).

Plaintiff has therefore failed to allege facts sufficient to show that Defendants' assertion of

infringement of the '221 patent was not made in good faith, particularly when the factors that

Plaintiff chose to ignore all support such a conclusion. Plaintiff's Count IV should therefore be

dismissed.

### D.    Plaintiff's Claims Against Meyler Legal and Samuel Meyler Must Be Dismissed Based on the Litigation Privilege

"The 'litigation privilege' is a judicially created privilege that protects participants—

including attorneys, parties, and witnesses—in a judicial proceeding against civil liability for

statements they make in the course of that proceeding." *Young v. Rayan*, 533 P.3d 123, 128 (Wash.

Ct. App. 2023) (citing *Mason v. Mason*, 19 Wash. App. 2d 803, 830-31, 497 P.3d 431 (2021)

*review denied*, 199 Wash.2d 1005, 506 P.3d 638 (2022); *Deatherage v. Examining Board of

Psychology*, 134 Wash.2d 131, 135-36, 948 P.2d 828 (1997)).  The litigation privilege applies to

"communications preliminary to a proposed judicial proceeding . . . or . . . as a part of a judicial

proceeding." *Restatement of Torts 2d*, § 586; *see also Engelmohr v. Bache*, 66 Wn.2d 103, 104-

05, 401 P.2d 346 (1965); *Demopolis v. Peoples National Bank of Washington*, 59 Wn. App. 105,

109-10, 796 P.2d 426 (1990) (same).

"The purpose of the litigation privilege doctrine is to encourage frank, open, untimorous

argument and testimony and to discourage retaliatory, derivative lawsuits.  As applied to attorneys,

it furthers 'a public policy of securing to [counsel] as officers of the court the utmost freedom in

their efforts to secure justice for their clients.'" *Young*, 533 P.3d at 129 (citing *Mason*, 19 Wash.

DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S
SECOND AMENDED COMPLAINT – Page **18** of **21**
Case No. 2:23-cv-01016

DC LAW GROUP
12055 15th Ave NE | Seattle, WA 98125
Phone: (206) 494.0400

App. 2d at 831, 497 P.3d 431 (quoting *McNeal v. Allen*, 95 Wash.2d 265, 267, 621 P.2d 1285 (1980)).

"Though it often arises in the context of defamation suits, the courts have rejected the notion that litigation privilege applies only to that claim. Our supreme court, in the context of witness immunity, has said that the chilling effect of subsequent litigation 'is the same regardless of the theory on which that subsequent litigation is based.'" *Young*, 533 P.3d at 129 (citing *Bruce v. Byrne-Stevens & Associates Engineers, Inc.*, 113 Wash.2d 123, 131-32, 776 P.2d 666 (1989)). "More generally, the supreme court has used broad language to describe the litigation privilege's scope, saying that it 'applies to statements made in the course of judicial proceedings and acts as a bar to **any** civil liability.'" *Id.* (citing *Deatherage*, 134 Wash.2d at 135, 948 P.2d 828 (emphasis added)). "Litigation privilege has been applied to bar liability under a range of causes of action, including civil conspiracy." *Id.* (citing *Jeckle v. Crotty*, 120 Wash. App. 374, 386, 85 P.3d 931 (2004)).

All of Plaintiff's allegations against Meyler Legal and Mr. Meyler arise out of their representation of their clients and communication(s) on behalf of their clients in connection with judicial proceedings, both past and present. Plaintiff's claims against Meyler Legal and Mr. Meyler are precisely the type of retaliatory derivative action that the litigation privilege protects attorneys from where they have done nothing more than seek to meet their professional duties by zealously advocating for their clients. Plaintiff's claims against Meyler Legal and Mr. Meyler should therefore be dismissed with prejudice.

### E.   Plaintiff is not Entitled to Any Damages

Pursuant to the express terms of the GSLA, "[i]n no event shall [Mr. Rothschild or DT] be liable for any special, punitive or exemplary damages or for loss of profits or revenue, or any

DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S
SECOND AMENDED COMPLAINT – Page **19** of **21**
Case No. 2:23-cv-01016

**DC LAW GROUP**
12055 15th Ave NE | Seattle, WA 98125
Phone: (206) 494.0400

1 indirect, consequential or incidental damages arising out of, or in connection with, this Agreement

2 . . ..” Dkt #38-6 at ¶ 9.5. Thus, even if Plaintiff is ultimately able to prevail on one or more of the

3 counts in the SAC, Plaintiff is precluded from recovering any of its alleged damages.

4        Plaintiff's SAC therefore fails to state facts sufficient to show that Plaintiff is entitled to

5 any of the damages it seeks.  Plaintiff's claims for damages, treble damages, and punitive damages

6 in the Prayer for Relief should therefore be dismissed. *See Negrel v. Drive N Style Franchisor Spv*

7 *LLC*, No. SACV 18-00583 JVS(KESx), 2018 U.S. LEXIS 227479, at *14 (C.D. Cal. Aug. 27,

8 2018) (holding request to dismiss prayers for damages are properly analyzed under Fed. R. Civ. P.

9 12(b)(6)).

10 **V.     CONCLUSION**

11        For at least the reasons above, Plaintiff's SAC should be dismissed in its entirety.

12

13

14

15

16

17

18

19

20

21

22

23

24

DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S
SECOND AMENDED COMPLAINT – Page **20** of **21**
Case No. 2:23-cv-01016

**DC LAW GROUP**
12055 15th Ave NE | Seattle, WA 98125
Phone: (206) 494.0400

1    I certify that this memorandum contains 5,647 words, in compliance with the Local Civil

2  Rules.

3

4  Dated:  January 30, 2024                           Respectfully submitted,

5

                                                     By: _/s/ Matthew J. Cunanan_____
6                                                         Matthew J. Cunanan (#42530)
                                                         DC LAW GROUP
7                                                         12055 15th Ave NE, Suite B
                                                         Seattle, WA 98125
8                                                         Tel: (206) 494-0400
                                                         Fax: (855) 494-0400
9                                                         Email: matthew@dclglawyers.com

10                                                        Donald R. McPhail (admitted *phv*)
                                                         1940 Duke Street
11                                                        Alexandria, Virginia 22314
                                                         Tel: (703) 412-1432
12                                                        Fax: (703) 413-2220
                                                         Email: dmcphail@oblon.com
13
                                                         *Attorneys for Defendants Leigh Rothschild,*
14                                                        *Rothschild Broadcast Distribution Systems,*
                                                         *LLC, Display Technologies, LLC, Patent Asset*
15                                                        *Management, LLC, Meyler Legal, PLLC, and*
                                                         *Samuel Meyler*
16

17

18

19

20

21

22

23

24

DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S
SECOND AMENDED COMPLAINT – Page **21** of **21**
Case No. 2:23-cv-01016

**DC LAW GROUP**
12055 15th Ave NE | Seattle, WA 98125
Phone: (206) 494.0400