Honorable Jamal N. Whitehead

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| VALVE CORPORATION,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>LEIGH ROTHSCHILD, ROTHSCHILD BROADCAST DISTRIBUTION SYSTEMS, LLC, DISPLAY TECHNOLOGIES, LLC, PATENT ASSET MANAGEMENT, LLC, MEYLER LEGAL, PLLC, AND SAMUEL MEYLER,<br><br>　　　　　Defendants. | Case No. **2:23-cv-01016**<br><br>**DEFENDANTS' REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT FOR DECLARATORY JUDGMENT**<br><br>NOTE ON MOTION CALENDAR:<br>**February 23, 2024**<br><br>**ORAL ARGUMENT REQUESTED** |

DEFENDANTS' REPLY IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED
COMPLAINT FOR DECLARATORY JUDGMENT – Page **1** of **16**
Case No. 2:23-cv-01016

**DC LAW GROUP**
12055 15th Ave NE | Seattle, WA 98125
Phone: (206) 494.0400

**TABLE OF CONTENTS**

I. INTRODUCTION ........................................................................................................... 4

II. ARGUMENT ................................................................................................................. 4

    A.    **There is no Case or Controversy.** ........................................................................ 4

    B.    **Plaintiff Fails to Adequately Allege Breach of Contract** ................................... 7

    C.    **Defendants Did Not Violate Washington's Patent Troll Prevention Act** …………………………………………………………………………………9

    D.    **No Claim Against Meyler Legal and Samuel Meyler** …...………………………………………………………………10

    E.    **Plaintiff is not Entitled to Any Damages**………………………………………….11

III. CONCLUSION ............................................................................................................ 14

DEFENDANTS' REPLY IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED
COMPLAINT FOR DECLARATORY JUDGMENT – Page **2** of **16**
Case No. 2:23-cv-01016

**DC LAW GROUP**
12055 15th Ave NE | Seattle, WA 98125
Phone: (206) 494.0400

**TABLE OF AUTHORITIES**

**Cases**

*Already, LLC v. Nike, Inc.*, 568 U.S. 85 (2013)……………………………………………….. 6

*Asetek Danmark A/S v. Shenzhen Apaltek Co.*, 2023 U.S. Dist. LEXIS 98596
    (NDCA June 6, 2023)……………………………………………………………..……..6

*Buckhannon v. U.S. West Communications, Inc.*, 928 P.2d 1331 (Colo. Ct. App. 1996)………..14

*Cummings v. Kirby*, 343 N.W.2d 747 (Neb. 1984)……………………………………………14

*Deatherage v. Examining Board of Psychology*, 134 Wash.2d 131,
    948 P.2d 828 (1997)………………………………………………………………………13

*Demopolis v. Peoples National Bank of Washington*, 59 Wn. App. 105,
    796 P.2d 426 (1990) ……………………………………………………………….....12, 13

*Dow Jones & Co. v. Ablaise Ltd.*, 606 F.3d 1338 (Fed. Cir. 2010)…………………………5, 7

*Engelmohr v. Bache*, 66 Wn.2d 103, 401 P.2d 346 (1965)……………………………………….12

*Krouse v. Bower*, 20 P.3d 895 (Utah 2001)……………………………………………………..13

*Marder v. Lopez*, 450 F.3d 445 (9th Cir. 2006)……………………………………………………9

*MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118 (2007)……………………………………5

*Prokop v. Cannon*, 583 N.W.2d 51 (Neb. Ct. App. 1998)……………………………………….14

*Seltzer v. Fields*, 244 N.Y.S.2d 792 (N.Y. App. Div. 1963)…………………………………….14

*Stoltenberg v. Clark*, 2023 U.S. Dist. LEXIS 70402 (D. Alaska April 21, 2023)……………….9

*Super Sack Mfg. Corp. v. Chase Packaging Corp.*, 57 F.3d 1054 (Fed. Cir. 1995)…………….5, 7

*Twelker v. Shannon & Wilson, Inc.*, 88 Wn.2d 473, 564 P.2d 1131 (1977)…………………..13

*United States v. Ritchie*, 342 F.3d 903 (9th Cir. 2003)………………………………………….9

**Statutes**

RCW 19.350 ................................................................................................................................ 10

DEFENDANTS' REPLY IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED
COMPLAINT FOR DECLARATORY JUDGMENT – Page **3** of **16**
Case No. 2:23-cv-01016

**DC LAW GROUP**
12055 15th Ave NE | Seattle, WA 98125
Phone: (206) 494.0400

**Rules**

Fed. R. Civ. P. 12(b)(1)..........................................................................................................5

Fed. R. Civ. P. 12(b)(6)..........................................................................................................5

**Other Authorities**

Restatement of Torts, § 588……………………………………………………………13

Restatement of Torts 2d, § 586……………………………………………………………12

Restatement of Torts 2d, § 588……………………………………………………………13

DEFENDANTS' REPLY IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED
COMPLAINT FOR DECLARATORY JUDGMENT – Page **4** of **16**
Case No. 2:23-cv-01016

**DC LAW GROUP**
12055 15th Ave NE | Seattle, WA 98125
Phone: (206) 494.0400

## I. INTRODUCTION

Plaintiff Valve Corporation Second Amended Complaint (Dkt 38; "SAC") suffers from the same deficiencies as Plaintiff's original Complaint (Dkt 1) and Plaintiff's First Amended Complaint (Dkt 23; "FAC") and so should be dismissed under Fed. R. Civ. P 12(b)(1), for lack of subject matter jurisdiction, and/or under 12(b)(6) for failure to state a claim.

## II. ARGUMENT

### A. There is No Case or Controversy Between Plaintiff and Defendants

Significantly, Plaintiff still does not dispute that the Global Settlement and License Agreement ("GSLA") between Plaintiff and Mr. Rothschild includes a covenant not to sue. *See* SAC at 13, ¶ 67; Dkt 38-6 at § 3.2. That covenant not to sue, in and of itself, completely divests this Court of subject matter jurisdiction over Counts I and II of the SAC. *See Super Sack Mfg. Corp. v. Chase Packaging Corp.*, 57 F.3d 1054, 1059 (Fed. Cir. 1995) (a covenant not to sue in the future for products made, used, or sold in the past removes actual controversy in the present), *abrogated on other grounds by MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007); *see also Dow Jones & Co. v. Ablaise Ltd.*, 606 F.3d 1338, 1346 (Fed. Cir. 2010) ("A covenant not to sue for patent infringement divests the trial court of subject matter jurisdiction over claims that the patent is invalid, because the covenant eliminates any case or controversy between the parties."). Counts I and II of the SAC should therefore be dismissed with prejudice.

Plaintiff again focuses much of the argument in its opposition on whether the terms of the GSLA allow Plaintiff to file suit against Defendants regarding the validity and enforceability of U.S. Patent No. 8,856,221 ("the '221 patent"). *See* Dkt 40 at 1-4. But whether or not the GSLA permits Plaintiff's action is not the issue here. Instead, this case turns on whether this Court has subject matter jurisdiction over Plaintiff's claims. And the language of the GSLA, regardless of

DEFENDANTS' REPLY IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED
COMPLAINT FOR DECLARATORY JUDGMENT – Page **5** of **16**
Case No. 2:23-cv-01016

**DC LAW GROUP**
12055 15th Ave NE | Seattle, WA 98125
Phone: (206) 494.0400

what it may say, cannot trump the Constitutional requirement that there be a justiciable case or controversy between the parties. Nor can it overcome the long-standing judicial precedent that a covenant not to sue divests a court of subject matter jurisdiction over claims challenging the validity and/or enforceability of a patent.

Plaintiff argues "there is a judiciable case or controversy because the June 2023 demand letter is 'an explicit threat' by Defendants that 'creates a reasonable apprehension on behalf of [Valve] that it will face an infringement suit' based on Valve's 'present activity' offering the Steam app." Dkt 41 at 2. But Plaintiff has not alleged that it is engaging, or even planning to engage, in *any* conduct not covered by the covenant not to sue in the GSLA – and that alone is sufficient to moot any possible case or controversy here. *See Already, LLC v. Nike, Inc.*, 568 U.S. 85, 94-95 (2013) ("The case is moot if the court, considering the covenant's language and the plaintiff's anticipated future activities, is satisfied that it is 'absolutely clear' that the allegedly unlawful activity cannot reasonably be expected to recur. . . . Given the covenant's broad language, and given that Already has asserted no concrete plans to engage in conduct not covered by the covenant, we can conclude the case is moot because the challenged conduct cannot reasonably be expected to recur."); *see also Asetek Danmark A/S v. Shenzhen Apaltek Co.*, 2023 U.S. Dist. LEXIS 98596, at *12 (NDCA June 6, 2023*)*(dismissing declaratory judgment counterclaims because defendant "does not show that it plans to engage in further activities that would not be covered by the covenant.").

Moreover, Plaintiff's claim that it had a "reasonable apprehension" that it would be subjected to a patent infringement lawsuit by Defendants, however, rings hollow when viewed in light of past events. As admitted in the SAC, when it received the June 2023 demand letter, Plaintiff knew that all it had to do was send a quick email to Mr. Meyler and inform him that the '221 patent

DEFENDANTS' REPLY IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED
COMPLAINT FOR DECLARATORY JUDGMENT – Page **6** of 16
Case No. 2:23-cv-01016

**DC LAW GROUP**
12055 15th Ave NE | Seattle, WA 98125
Phone: (206) 494.0400

was covered by the GSLA. They had done exactly that in the past. This time, however, Plaintiff decided to make a federal case out of it and filed the current action, thereby causing both parties to incur legal expenses. The only one responsible for trying to provoke litigation between the parties here is Plaintiff.

Plaintiff further argues that "Defendant has committed material breaches of the GSLA no less than three times in approximately a year." Dkt 41 at 3-4. Contrary to Plaintiff's suggestion, however, there is nothing in the GSLA that precludes or prohibits either the Falcucci correspondence or the Meyler letter—neither letter demanded the payment of additional royalties for patents already licensed and neither letter initiated a patent infringement lawsuit. At best, Plaintiff can point only to the lawsuit by Display Technology ("DT") involving U.S. Patent 9,300,723 ("the '723 patent"), which was *immediately dismissed* after Plaintiff informed DT that the '723 patent was subject to their existing license. That Plaintiff apparently had to review the GSLA to confirm this fact is not Defendants' fault.

To the extent Plaintiff points to Defendants' statements in the Joint Status Report (Dkt 28, ¶ II.5) regarding infringement of the '221 patent, as Plaintiff is aware, such a claim will *only* be made if the Defendants' motion to dismiss is denied since, at that time, Plaintiff will indisputably be in breach of the GSLA and therefore no longer licensed under the '221 patent or any other patent subject to the GSLA. Otherwise, the covenant to sue will remain in effect.

Finally, the cases cited by Plaintiff in its opposition are irrelevant to the present case simply because none of them involved an express covenant not to sue between the parties. As noted above, it has been well-settled for many years that a covenant not to sue divests a court of subject matter jurisdiction over Plaintiff's patent claims. *Super Sack Mfg. Corp.*, 57 F.3d at 1059; *Dow Jones & Co.*, 606 F.3d at 1346. Plaintiff's cases do not compel a different finding here.

DEFENDANTS' REPLY IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED
COMPLAINT FOR DECLARATORY JUDGMENT – Page **7** of **16**
Case No. 2:23-cv-01016

**DC LAW GROUP**
12055 15th Ave NE | Seattle, WA 98125
Phone: (206) 494.0400

For at least these reasons, and those set forth in Defendants' motion to dismiss (Dkt 40), Counts I and II of the SAC should be dismissed. Moreover, because there are no additional facts that Plaintiff could possibly allege which would provide this Court with subject matter jurisdiction over Plaintiff's claims, any attempted further amendment of the SAC by Plaintiff would be futile. Counts I and II of the SAC should therefore be dismissed with prejudice.

### B. Plaintiff Fails to Adequately Allege Breach of Contract

As noted above, there is nothing in the GSLA that precludes or prohibits the sort of correspondence represented by the Falcucci email and Mr. Meyler's letter. *See generally* Dkt 38-6 at pp. 4-11. Rather, as shown by the plain language of the agreement itself, the GSLA only prohibits the bringing of a lawsuit by Rothschild or DT. *See id.* at § 3.2. And it is indisputable neither Rothschild nor DT initiated this lawsuit – that was solely and exclusively Plaintiff's responsibility. *See, e.g.*, Dkt 1.

Moreover, as can be seen from the text thereof, the Falcucci email attached to the SAC made no demand for any payment whatsoever, much less for patents that were subject to the GSLA. *See* Dkt 38-5. Rather, the Falcucci email merely offered Valve the opportunity to obtain a license to "a number of valuable patent assets [that PAM had acquired] in the past few years." *Id.* Another Falcucci email, referenced in Plaintiff's letter to Meyler, made a similar offer: "Our company has acquired a number of valuable patent assets in the past few years, and I'd like to propose a renewed agreement that includes ***our new inventory***." Dkt 38-6 at 2 (emphasis added).

Similarly, Mr. Meyler letter made no demand for ***any*** payment from Valve. *See* Dkt 38-8. Rather, Mr. Meyler letter asked whether "Valve would like to explore a potential resolution to the[] claims [of infringement]" being asserted by Mr. Meyler's clients, including Defendant Rothschild Broadcast Distribution Systems ("RBDS"). *See* Dkt. 38-8. And, as past history shows,

DEFENDANTS' REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT FOR DECLARATORY JUDGMENT – Page **8** of 16
Case No. 2:23-cv-01016

**DC LAW GROUP**
12055 15th Ave NE | Seattle, WA 98125
Phone: (206) 494.0400

1   such a resolution would have involved RBDS withdrawing its claims of infringement, just as DT

2   had done when informed that the asserted patent was covered by the GSLA.

3       The SAC therefore fails to contain sufficient facts to support Plaintiff's claim for breach of

4   contract against any of the Defendants. Count III should be dismissed.

5       Plaintiff attempts to avoid this deficiency by pointing to Plaintiff's ***allegation*** in the SAC

6   that Mr. Meyler's letter constituted a demand for payment--and so represented a breach of the

7   GSLA—and arguing that this Court must accept that allegation as true. *See* Dkt 41 at 5. Plaintiff,

8   however, apparently fails to appreciate that both Mr. Meyler's letter and the Falcucci email were

9   attached as exhibits to the SAC, and so are properly considered by the Court in deciding

10  Defendants' motion to dismiss. *See*, *e.g.*, *Stoltenberg v. Clark*, 2023 U.S. Dist. LEXIS 70402, *2-

11  3 (D. Alaska April 21, 2023) ("Generally, a court resolves a motion under 12(b)(6) only on the

12  pleadings before it. However, two exceptions exist where a court may look beyond the pleadings

13  without converting the motion to dismiss into a motion for summary judgment. First, a document

14  may be incorporated by reference, if '(1) the complaint refers to the document; (2) the document

15  is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached

16  to the 12(b)(6) motion.'") (internal citations omitted). A court "may treat such a document as 'part

17  of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss

18  under Rule 12(b)(6).'" *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006) quoting *United States*

19  *v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

20      With respect to Plaintiff's allegations of anticipatory breach, Plaintiff does not dispute that

21  Defendants would have promptly dismissed any lawsuit that might have been brought in error.

22  Indeed, the SAC admits that Defendants did exactly that when such an error occurred in the past.

23  Dkt 38 at ¶¶ 22-24. Plaintiff has alleged no facts to even suggest that Defendants might have acted

24

DEFENDANTS' REPLY IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED
COMPLAINT FOR DECLARATORY JUDGMENT – Page **9** of **16**
Case No. 2:23-cv-01016

**DC LAW GROUP**
12055 15th Ave NE | Seattle, WA 98125
Phone: (206) 494.0400

differently in the future, much less offered any evidence that they would do so. Rather, Plaintiff apparently feels it should not have to be burdened with having to remind Defendants of which patents are covered by the GSLA. But inconvenience to Plaintiff, even to the extent it exists, does give rise to a claim for anticipatory breach.

Count III of the SAC should therefore be dismissed.

### C. Defendants Did Not Violate Washington's Patent Troll Prevention Act

Plaintiff argues that Defendants are improperly asking the Court to evaluate evidence at this stage of the proceedings. This is not correct; Defendants are merely asking the Court to ***ignore*** irrelevant and immaterial evidence.

In its attempt to tarnish Defendants' image before the Court, Plaintiff improperly attempts to broaden the scope of the inquiry under RCW 19.350 to include patent(s) that are unrelated to the patents that were identified in Mr. Meyler's letter of June 2023. Those other patents are not part of the same family as any patent identified by Mr. Meyler (*i.e.*, they are not continuations or divisions thereof), nor are they owned by the entity or entities. Accordingly, they are wholly irrelevant to the question of whether Mr. Meyler's letter of June 2023 was a bad faith assertion of infringement.

Factor (f) of Washington's Patent Troll Prevention Act expressly relates to a finding about the merits a previous threat of litigation "based on ***the same or substantially equivalent assertion of patent infringement***." RCW 19.350.020(2)(f) (emphasis added). Plaintiff, however, does not deny that it has made no allegations relating to litigation (or a threat of litigation) involving any the patents identified in Mr. Meyler's letter of June 2023. *See* Dkt 38 at ¶ 89. Factor (f) therefore does not support a finding of bad faith on the part of Defendants. And all of Plaintiff's allegations

DEFENDANTS' REPLY IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED
COMPLAINT FOR DECLARATORY JUDGMENT – Page **10** of **16**
Case No. 2:23-cv-01016

**DC LAW GROUP**
12055 15th Ave NE | Seattle, WA 98125
Phone: (206) 494.0400

relating to other litigations involving one of more of the Defendants in paragraph 89 of the SAC should be ignored.

Plaintiff also continues to conflate a clear clerical error, which could have been readily rectified by a simple email, with a "bad faith" assertion of patent infringement. Plaintiff was well aware that Defendants would not pursue litigation once apprised of their error. That should not rise to the level of bad faith under any standard.

### D. Plaintiff's Complaint Fails to State a Claim Against Meyler Legal and Samuel Meyler

If allowed to proceed, Plaintiff's claims against Meyler Legal and Samuel Meyler (collectively "the Meyler Defendants") will have a substantial chilling effect on the sending of demand letters prior to filing litigation. Any attorney sending a demand letter in anticipation of imminent litigation will have to anticipate the likelihood of getting sued, and, in every one of those cases, the party asserting the claims against their opponent's attorney will be moving the court for an order directing the attorney to disclose information that is subject to attorney-client privilege. The only alternative will be to forego prelitigation demands, which is likely to significantly increase the amount of litigation, and consequently the burden on the judicial system, involving cases that may have been settled if demand letters had been sent prior to litigation.

In response to Defendants' comments regarding the June 2023 demand letter, Plaintiff argues, "[n]or did Defendants identify any connection to any actual judicial proceeding that these communications were allegedly related to." Dkt. 41 at 15. This is not correct; reference to Defendants' motion shows that Defendants identified both *Social Positioning Input Systems, LLC v. Valve Corporation, et al.*, Case No. 2:23-cv-00422 (ED Tex.) and *Quantum Technology Innovations, LLC v. Valve Corporation, et al.*, Code No. 2:23-cv-00425 (ED Tex.). Further, RBDS is a party to the present action before the Court and Plaintiff's claims center around the very

DEFENDANTS' REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT FOR DECLARATORY JUDGMENT – Page **11** of **16**
Case No. 2:23-cv-01016

**DC LAW GROUP**
12055 15th Ave NE | Seattle, WA 98125
Phone: (206) 494.0400

communication that Plaintiff now tries to argue is unrelated to a judicial proceeding. The mere fact that the complaints in those matters were filed after Plaintiff filed its original Complaint (Dkt 1) does not mean that the communications are unrelated to those actions.

Plaintiff also argues that Defendants cite two cases that do not support Defendants' position, but Plaintiff misrepresents the citation they reference. Defendants' citation is to the Restatement of Torts 2d, § 586 ("communications ***preliminary to a proposed judicial proceeding*** . . . or . . . as a part of a judicial proceeding."). *See* Dkt. 40 at 18 (emphasis added). The two cases that Plaintiff references, *Engelmohr v. Bache*, 66 Wn.2d 103, 104-05, 401 P.2d 346 (1965) and *Demopolis v. Peoples Nat. Bank of Washington*, 59 Wn. App. 105, 109–10, 796 P.2d 426, 429 (1990), are not actually quoted directly by Defendants, but instead are cited as evidence of the adoption of § 586 by Washington courts.

Plaintiff further argues that *Engelmohr* does not support the extension of the litigation privilege but, again, Plaintiff misrepresents the purpose of the citation. Further, *Engelmohr* is distinguishable because it did not involve a claim against an attorney at all. Plaintiff is correct about the fact that the litigation privilege was not extended but omits the fact that the privilege was not extended in that case to *non-attorney defendants for defamatory statements made in a non-quasi-judicial administrative proceeding. Id*. at 103.

Likewise, Defendants cite *Demopolis* for its explanation of the litigation privilege and adoption of the Restatement:

> This privilege encompasses extrajudicial "pertinent" statements. Restatement, *supra* § 586 comment a; Annot., *Libel and Slander: Attorneys' Statements, to Parties Other Than Alleged Defamed Party or its Agents, in Course of Extrajudicial Investigation or Preparation Relating to \*110 Pending or Anticipated Civil Litigation as Privileged,* 23 A.L.R.4th 932, 940–946 (1983); *cf. Story,* 52 Wash.App. at 340–41, 760 P.2d 368 (extending absolute privilege for statements made during the course of quasi-judicial administrative proceedings to statements made during the proceedings' investigatory phase). Thus, the fact that Hermsen's

DEFENDANTS' REPLY IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED
COMPLAINT FOR DECLARATORY JUDGMENT – Page **12** of **16**
Case No. 2:23-cv-01016

**DC LAW GROUP**
12055 15th Ave NE | Seattle, WA 98125
Phone: (206) 494.0400

defamatory statement was made outside the courtroom does not necessarily prevent him from asserting the privilege.

*Demopolis*, 59 Wn. App. At 109–10, 796 P.2d at 429.[1]

This case involves a private letter sent by an attorney on behalf of his clients to in-house counsel for the Plaintiff. The litigation privilege is applicable and protects the Meyler Defendants from this retaliatory lawsuit. Plaintiff's claims against the Meyler Defendants should be dismissed.

Plaintiff argues that the litigation privilege does not apply to a private communication between two parties when there is no litigation pending. The law, however, is clear in Washington. "This privilege encompasses extrajudicial 'pertinent' statements." *Demopolis* at 109 (citing Restatement, § 586 comment a).

Washington courts have repeatedly recognized that the litigation privilege, in varying contexts, is applicable to extrajudicial communications, including "communications preliminary to a proposed judicial proceeding . . .." *Twelker v. Shannon & Wilson, Inc.*, 88 Wn.2d 473, 475, 564 P.2d 1131, 1133 (1977) (citing Restatement of Torts, § 588 at 233 (1938)); *Deatherage v. State, Examining Bd. of Psychology*, 134 Wn.2d 131, 135, 948 P.2d 828, 830 (1997) (citing Restatement of Torts 2d § 588 (1977)); *see also Krouse v. Bower*, 20 P.3d 895, 899 (Utah 2001) ("Because the purpose of the privilege is to promote the resolution of disputes, it should be

---

[1] Plaintiff does correctly note that the litigation privilege in *Demopolis* was not extended to protect a defamatory statement made outside the courtroom, but the facts in that case are distinguishable. The court found that an extrajudicial defamatory statement was not "pertinent" where the defendant asserting the litigation privilege had disseminated an outright lie to third parties. Specifically, the defendant misrepresented to third parties that Demopolis was a felon who had, "been convicted of perjury…" when it was "undisputed that Demopolis has never been charged with, nor convicted of, perjury." *Demopolis*, 59 Wn. App. at 107. Based on this, Demopolis brought a claim for defamation.

DEFENDANTS' REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT FOR DECLARATORY JUDGMENT – Page **13** of **16**
Case No. 2:23-cv-01016

**DC LAW GROUP**
12055 15th Ave NE | Seattle, WA 98125
Phone: (206) 494.0400

interpreted to encourage this end. It therefore follows that the privilege must also encourage candid, forthright settlement communications that take place prior to the filing of [a] suit."); *Buckhannon v. U.S. West Communications, Inc.*, 928 P.2d 1331, 1334 (Colo. Ct. App. 1996) (finding conduct "preliminary to a proposed judicial proceeding... related to the proceeding, and [] thus absolutely privileged."); *Cummings v. Kirby*, 343 N.W.2d 747, 748-49 (Neb. 1984) (holding attorney absolutely immune from suit for calling a trial witness a "crook" after verdict was rendered); *Prokop v. Cannon*, 583 N.W.2d 51 (Neb. Ct. App. 1998) (finding statements to press after lawsuit dismissed protected); *Seltzer v. Fields*, 244 N.Y.S.2d 792 (N.Y. App. Div. 1963) (holding that privilege applies to communications that are relevant now or in the future), aff'd, 198 N.E.2d 3 (N.Y. 1964).

Plaintiff also argues that the litigation privilege should not apply in the context of Washington's Patent Troll Prevention Act except to statements made during an active litigation. *See* Dkt. 41 at 16. Such a finding by this Court, however, would have a devastating chilling effect on the ability of patent owners and their counsel to communicate about licensing their patent rights as well as potentially enforcing, and is neither warranted nor necessary.

Finally, Plaintiff argues that there is a lack of safeguards to protect the Plaintiff from the Meyler Defendants. *See* Dkt. 41. This is untrue. As Plaintiff alleges in the SAC, the Meyler Defendants are "bound by the Washington State Rules of Professional Conduct[.]" Dkt. 38 at ¶ 89. In at least this respect, Plaintiff is correct, and this defeats Plaintiff's argument that there are no safeguards. Plaintiff could have, and still can, file a complaint with the Washington State Bar if Plaintiff truly believes that any of the Meyler Defendants violated the Rules of Professional Conduct. A threat to Mr. Meyler's license to practice law is perhaps the strongest possible safeguard that there is, but Plaintiff and its attorneys conveniently ignore this. Safeguards might

DEFENDANTS' REPLY IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED
COMPLAINT FOR DECLARATORY JUDGMENT – Page **14** of **16**
Case No. 2:23-cv-01016

**DC LAW GROUP**
12055 15th Ave NE | Seattle, WA 98125
Phone: (206) 494.0400

be a legitimate concern in the context of non-attorney, prelitigation communications, but there are always safeguards in place for licensed attorneys and judges that are subject to disciplinary action by the Bar.

Plaintiff's claims against the Meyler Defendants should therefore be dismissed.

### E. Plaintiff is not Entitled to Any Damages

Plaintiff attempts to re-write paragraph 9.5 of the GLSA to insert the words "compliance with" into the text so that it reads: "arising out of, or in connection with, <u>compliance with</u> this Agreement." As can be seen from the document itself, however, no such limitation exists in paragraph 9.5 of the GSLA.

Plaintiff's Complaint therefore fails to state facts sufficient to show that Plaintiff is entitled to any of the damages it seeks.

### III. CONCLUSION

For at least the reasons above and those set forth in Defendants' Motion to Dismiss (Dkt 27), Plaintiff's FAC and SAC should be dismissed in their entirety.

DEFENDANTS' REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT FOR DECLARATORY JUDGMENT – Page **15** of **16**
Case No. 2:23-cv-01016

**DC LAW GROUP**
12055 15th Ave NE | Seattle, WA 98125
Phone: (206) 494.0400

I certify that this memorandum contains 3957 words, in compliance with the Local Civil Rules.

Dated:  February 23, 2024

Respectfully submitted,

By: */s/ Matthew J. Cunanan*
    Matthew J. Cunanan (#42530)
    DC LAW GROUP
    12055 15th Ave NE, Suite B
    Seattle, WA 98125
    Tel: (206) 494-0400
    Fax: (855) 494-0400
    Email: matthew@dclglawyers.com

    Donald R. McPhail (admitted *phv*)
    1940 Duke Street
    Alexandria, Virginia 22314
    Tel: (703) 412-1432
    Fax: (703) 413-2220
    Email: dmcphail@oblon.com

*Attorneys for Defendants Leigh Rothschild, Rothschild Broadcast Distribution Systems, LLC, Display Technologies, LLC, Patent Asset Management, LLC, Meyler Legal, PLLC, and Samuel Meyler*

DEFENDANTS' REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT FOR DECLARATORY JUDGMENT – Page **16** of **16**
Case No. 2:23-cv-01016

**DC LAW GROUP**
12055 15th Ave NE | Seattle, WA 98125
Phone: (206) 494.0400