UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VALVE CORPORATION,<br><br>          Plaintiff,<br><br>   v.<br><br>LEIGH ROTHSCHILD; ROTHSCHILD BROADCAST DISTRIBUTION SYSTEMS, LLC; DISPLAY TECHNOLOGIES, LLC; PATENT ASSET MANAGEMENT, LLC; MEYLER LEGAL, PLLC; SAMUEL MEYLER,<br><br>          Defendants. | CASE NO. 23-cv-1016<br><br>ORDER DENYING DEFENDANTS' MOTION TO TRANSFER |

This matter comes before the Court on Defendants' Motion to Transfer, Dkt. No. 26. For the reasons stated below, the motion is DENIED.

## 1. BACKGROUND

This is a patent lawsuit. In June 2015, Defendant Display Technologies sued Plaintiff Valve Corp. for patent infringement in the Eastern District of Texas. Dkt. No. 38 at 3. The parties resolved the litigation by entering the "2016 Global Settlement and License Agreement" ("GSLA") on November 14, 2016. *Id.* Under the

GSLA, Display Technologies granted Valve the rights to numerous patents. *See id*. The GSLA also included a choice of law provision:

> The construction, validity and performance of the Agreement shall be governed in all respects (without regard to conflict of law provisions) by the law of the State of Texas, United States of America, as such law applies to contracts signed and fully performed in the State of Texas. The Parties hereby submit to the jurisdiction of, and waive any venue objections against, the State and Federal courts in Texas.

Dkt. No. 38-1 § 11.1.

Years later, Valve sued Defendants Leigh Rothschild, Display Technologies, Rothschild Broadcast Distribution Systems, and Patent Asset Management in this District. Dkt. No. 1. Valve alleges Rothschild controls the other Defendants. *See* Dkt. No. 38. Valve also named Rothchild's lawyers, Meyler Legal LLC and Samuel Meyler, as defendants. Dkt. No. 1. Defendants moved to transfer this matter to United States District Court for the Eastern District of Texas, Marshall Division, under the GSLA and 28 U.S.C. § 1404(a). Dkt. No. 26 at 5.

## 2. ANALYSIS

"A motion to transfer an action pursuant to 28 U.S.C. § 1404(a) presents two basic questions (1) whether the action 'might have been brought' in the transferee district; and (2) whether the transfer would be for the convenience of parties and witnesses, in the interest of justice." *Authentify Pat. Co., LLC v. StrikeForce Techs., Inc.*, 39 F. Supp. 3d 1135, 1148 (W.D. Wash. 2014) (citation omitted). The second question involves balancing several public and private factors provided in *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498–99 (9th Cir. 2000). "The burden is on defendants to demonstrate that the transfer is warranted." *Amazon.com v. Cendant*

1

2

*Corp.*, 404 F. Supp. 2d 1256, 1259 (W.D. Wash. 2005) (citing *Saleh, et al., v. Titan Corp., et al.*, 361 F. Supp. 2d 1152, 1155 (C.D.Cal.2005)).

3

4

5

6

The Court finds this matter could have been brought in the Eastern District of Texas, but before reaching the *Jones* factors, the Court first considers whether the GSLA requires this matter to be transferred to the Eastern District of Texas. *See Authentify Pat. Co., LLC*, 39 F. Supp. 3d at 1148.

7

8

9

10

11

12

13

14

15

When parties are subject to a valid forum-selection clause, "a district court should ordinarily transfer the case," and "must deem all factors relating to the private interests of the parties . . . as weighing 'entirely in favor of the preselected forum.'" *Nw. Frozen LLC v. Victory Packaging LP*, No. C22-0084-JCC, 2022 WL 1136786, at *2 (W.D. Wash. Apr. 18, 2022) (quoting *Yei A. Sun v. Advanced China Healthcare, Inc.*, 901 F.3d 1081, 1087–88 (9th Cir. 2018) (quoting *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for W. Dist of Tex.*, 571 U.S. 49, 63–64, 62 n.6 (2013)). "[A] forum-selection clause should control except in unusual cases." *Yei A. Sun*, 901 F.3d at 1088 (internal quotation marks omitted).

16

17

18

19

20

21

22

When present, "[a] mandatory forum selection clause requires litigation to proceed in a particular jurisdiction, while a permissive forum selection clause simply bestows jurisdiction to that forum." *Meridian PO Fin. LLC v. OTR Tire Grp. Inc.*, 507 F. Supp. 3d 1148, 1159 (D. Ariz. 2020) (citing *Hunt Wesson Foods, Inc. v. Supreme Oil Co.*, 817 F.2d 75, 77 (9th Cir. 1987)). "[W]here venue is specified with mandatory language the clause will be enforced . . . [But] [w]hen only jurisdiction is specified the clause will generally not be enforced without some further language

23

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

indicating the parties' intent to make jurisdiction exclusive." *Docksider, Ltd. v. Sea Tech., Ltd.*, 875 F.2d 762, 764 (9th Cir. 1989).

The Court finds that the GLSA, on the subject of venue, is permissive and does not require a transfer to Texas. Defendants' arguments otherwise are unconvincing and ignore the distinction between choice of law and choice of venue. The GLSA's plain language states that Texas law "shall" govern the "construction, validity, and performance" of the GLSA. Dkt. No. 38-1 § 11. On the subject of venue—i.e., where any dispute would be litigated—the GLSA merely states that the parties "submit to the jurisdiction of, and waive any venue objections against, the State and Federal courts in Texas." But there is no language in the GSLA stating Texas is the exclusive venue for litigation; for example, the agreement *does not* state that future cases "shall be litigated only" in the Eastern District of Texas. *See Hunt Wesson Foods*, 817 F.2d at 77 (9th Cir. 1987) ("Although the word 'shall' is a mandatory term, here it mandates nothing more than that the Orange County courts have jurisdiction."); *see also* C*21FC LLC v. NYC Vision Cap. Inc.*, No. CV-22-00736-PHX-SPL, 2022 WL 2646168, at *3 (D. Ariz. July 8, 2022) (holding that a similar provision that "you irrevocably submit to the jurisdiction of [Maricopa County, Arizona] and waive any objection you may have to either the jurisdiction or venue of such court," was permissive.)). Because the GSLA's forum-selection clause is permissive, rather than mandatory, the Court need not transfer the case to Texas.

The Court now determines whether the *Jones* factors compel a transfer to Texas. These factors include consideration of "(1) the location where the relevant

agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses . . ., (8) the ease of access to sources of proof," and (9) "relevant public policy of the forum state, if any." *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498–99 (9th Cir. 2000). The *Jones* factors favor the Court retaining this lawsuit.

First, Valve's Chief Operating Officer, Scott Lynch, a Washington resident, negotiated and executed the GSLA with Karl Quackenbush, in Washington. Dkt. No. 30 at 1-2. The first factor favors Valve's position.

Second, Valve concedes that its breach of contract claims are governed by Texas law. Defendants urge that Texas courts have an interest in interpreting Texas contract law. But Valve also brings a claim under Washington's Patent Troll Prevention Act. This factor breaks even for the parties.

The third factor strongly favors Valve since, as the plaintiff, it chose the Western District of Washington as its venue. *See* Dkt. No. 1. Further, under the fourth factor, Lynch explains that Valve is incorporated in Washington and that most of its employees are based here, including those "believed to have information relevant to this case," and point to Defendant Meyler Legal PLLC's contacts in Washington. Dkt. Nos. 29 at 2; 30 ¶ 6. Defendants simply point to their lawsuits pending in the Eastern District of Texas as "contacts" to that venue. Dkt. No. 31 at 6. Similarly, for the fifth factor, Valve highlights that its allegations are based on

actions that took place in or were directed to Washington, while Defendants again simply point to their pending lawsuits in Texas. Valve demonstrates the fourth and fifth factors disfavor transfer.

The sixth factor also favors this Court retaining the case because "[t]he vast majority of all witnesses are within this District." Dkt. No. 29 at 16. Defendants concede "that [Valve's] willing witnesses reside in Washington, it is equally correct that none of Defendants' do . . .," pointing to one witness who lives in Pennsylvania. Dkt. No. 31 at 6. But this argument is not persuasive as Defendants can always subpoena reluctant witnesses.

Valve contends factor seven is neutral, arguing that it weighs in their favor because "the individuals at the law firm of Kizzia Johnson PLLC . . . are likely to have information relevant to this matter . . ." Dkt. No. 31 at 7. Defendants do not say where it believes these potential witnesses reside. *See id*. The Court agrees with Valve that this factor is neutral.

Finally, factors eight and nine also fall in Valve's favor. Defendants do not address factor eight, but Valve reiterates "the vast majority of witnesses and the witnesses containing the most relevant information are located in this District," and emphasize its documents and record keeping is also in Washington. Dkt. No. 29 at 16. For factor nine, Defendants argue public policy favors transferring this case to the Eastern District of Texas because it is familiar with the parties' other lawsuits, and the average time to trial for lawsuits in that district is quicker than in this district. Dkt. No. 26 at 13-5. Indeed, related cases in a forum may be a significant factor for the transfer of a lawsuit to a jurisdiction, *see Amazon.com v. Cendant*

ORDER DENYING DEFENDANTS' MOTION TO TRANSFER - 6

*Corp.*, 404 F. Supp. 2d at 1261, but Defendants provide no details about the pending actions in Texas except to say that they are patent infringement cases between Valve and "an entity controlled by the Rothschild Defendants." Dkt. No. 26 at 14. The Court finds it more compelling that Valve is a Washington company bringing a cause of action under Washington's Patent Troll Prevention Act.

In sum, Defendants fail to meet their burden to demonstrate this lawsuit should be transferred to the Eastern District of Texas.

### 3.  CONCLUSION

For the reasons stated above, Defendants' motion to transfer is DENIED. Dkt. No. 26.

Dated this 10th day of May, 2024.

Jamal N. Whitehead
United States District Judge