UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VALVE CORPORATION,<br><br>  Plaintiff,<br><br>  v.<br><br>ROTHSCHILD ET AL.,<br><br>  Defendant. | CASE NO. 23-cv-1016<br><br>ORDER FOR SUPPLEMENTAL BRIEFING |

The Court raises on its own accord this issue arising from Defendants' Motion to Dismiss. Dkt. No. 40.

Both parties acknowledge that the Global Settlement And Licensee Agreement ("GSLA") contains a choice of law provision governing this dispute. Dkt. Nos. 26 at 5-6; 29 at 12. Section 11.1 of the GSLA states that "[t]he construction, validity and performance of the Agreement shall be governed in all respects (without regards to conflict of law provisions) by the law of the State of Texas . . ." Dkt. No. 38-1.

Defendants move to dismiss Valve's complaint for lack of subject matter jurisdiction and for failure to state a claim. Neither party, however, addresses "the

ORDER FOR SUPPLEMENTAL BRIEFING - 1

law of the State of Texas" in the context of the motion, which prompts the Court's questions below:

First, state law ordinarily applies to breach of contract claims, like the one Valve asserts here. *See Kaufman v. Mut. Life Ins. Co. of New York*, 108 F.3d 1385 (9th Cir. 1997) (applying state law to breach of contract claims). But rather than addressing Texas law per the GSLA, the parties cite and argue Washington law only. The Court's first question is which state's law applies to Valve's breach of contract claim under the GLSA—Washington or Texas?

Second, federal privilege law, not state privilege law, ordinarily applies when a plaintiff alleges federal and state-law claims when the same evidence relates to both claims. *Wilcox v. Arpaio*, 753 F.3d 872, 876 (9th Cir. 2014). Defendants contend the litigation privilege precludes Valve's claims against Meyler Legal and Mr. Meyler, but the parties analyze the privilege issue under Washington law only. This leads to the Court's second question: in light of the GLSA's choice-of-law provision, which litigation privilege law applies (i.e., federal, Washington, or Texas) when the Court possesses federal question and supplemental jurisdiction over the dispute?

The parties are ORDERED to meet and confer about the questions raised above to determine whether they can reach any common answers.

The parties are further ORDERED to provide supplemental briefing, limited to 2,100 words, addressing any disagreements about the controlling law and supplementing their prior briefing, if necessary, in light of the Court's questions. Alternatively, either party may indicate that they are waiving or ceding an

argument regarding Defendants' motion to dismiss in their response to this Order. The parties' responses are due within 14 days of entry of this Order.

It is so ORDERED.

Dated this 24th day of May, 2024.

Jamal N. Whitehead
United States District Judge