1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

.   **Honorable Jamal N. Whitehead**

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

VALVE CORPORTION,                          )   Case No.: 2:23-cv-01016
                                            )
           Plaintiff,                      )   **DEFENDANT'S SUPPLEMENTAL BRIEF**
     v.                                    )   **IN SUPPORT OF DEFENDANT'S**
                                            )   **MOTION TO DISMISS PLAINTIFF'S**
LEIGH ROTHSCHILD, ROTHSCHILD                )   **SECOND AMENDED COMPLAINT FOR**
BROADCAST DISTRIBUTION                      )   **DECLARTORY JUDGMENT**
SYSTEMS, LLC, DISPLAY                        )
TECHNOLOGIES, LLC, PATENT ASSET            )
MANAGEMENT, LLC, MEYLER LEGAL               )
PLLC, AND SAMUEL MEYLER                     )
                                            )
           Defendants.                    )
_____ )

DEFENDANT'S SUPPLEMENTAL BRIEF
Case No. 2:23-cv-01016
Page **1** of **7**

**DC LAW GROUP**
12055 15th Ave NE | Seattle, WA 98125
Phone: (206) 494.0400

1
2
3
4
5
6
7
8

Pursuant to the Court's Order for Supplemental Briefing (ECF No. 48), the parties met and conferred on May 31, 2024, and June 2, 2024. At those conference, the parties agreed that Texas state law applies to Plaintiff Valve Corporation's breach of contract claim but could not reach agreement on which litigation privilege law applies, *i.e.*, federal, Washington, or Texas. Defendants now submit their Supplemental Brief addressing the application of Texas state law to Plaintiff's breach of contract claim and which litigation privilege law applies, as well as how that law should be applied to the facts of this case.

9

### A.    Application of Texas State Law to Plaintiff's Breach of Contract Claim

10
11
12
13
14
15
16
17
18
19
20
21
22

Plaintiff accuses Defendants of both breach and anticipatory breach of the General Settlement and License Agreement ("GSLA") between Plaintiff, on the one hand, and Defendants Leigh Rothschild and Display Technologies, LLC ("DT") on the other hand. *See*, *e.g.*, ECF No. 1-1. In particular, Plaintiff accuses Defendant Rothschild Broadcast Distribution System, LLC ("RBDS") of breaching clause 3.1 of the GSLA and anticipatorily breaching clause 3.2 by asserting an already-licensed patent in correspondence and demanding additional payment for rights to already-licensed patents. *See* ECF No. 38 at ¶¶ 72-75. Plaintiff accuses DT of having breached the covenant not to sue in the GSLA by filing a lawsuit in 2022 that asserted, *inter alia*, U.S. Patent No. 9,300,723 ("the '723 patent"). *See id.* at ¶ 76. And Defendant Leigh Rothschild is accused of breach and/or anticipatory breach by virtue of his ownership of RBDS and DT. *See id.* at ¶ 77.

23
24
25
26

First, with respect to the alleged breach of the covenant not to sue by DT when in filed suit in 2022, Plaintiff deliberately ignores the fact that DT dismissed that suit within days of being informed by Plaintiff that one of the asserted patents was covered by the GSLA. *See* ECF No. 40 at 15, ECF No. 42 at 8. Plaintiff thereafter did nothing. *See id.*

27
28

Under Texas law, a party to a contract may waive its right to claim breach either expressly

DEFENDANT'S SUPPLEMENTAL BRIEF
Case No. 2:23-cv-01016
Page **2** of 7

**DC LAW GROUP**
12055 15th Ave NE | Seattle, WA 98125
Phone: (206) 494.0400

or by conduct that is inconsistent with an intent to claim that right. *Jernigan v. Langley*, 111 S.W.3d 153, 156 (Tex. 2003); *U.S. Fid. & Guar. Co. v. Bimco Iron & Metal Corp.*, 464 S.W.2d 353, 357 (Tex. 1971); *Martin v. Birenbaum*, 193 S.W.3d 677, 681 (Tex.App.—Dallas 2006, pet. denied). Indeed, prolonged silence or inaction in asserting a known right alone can be sufficient. *See Martin*, 193 S.W.3d at 681.

Here, since Plaintiff did nothing for over a year after DT dismissed the lawsuit against it, Plaintiff should be found to have waived any claim it may have had for breach of contract based on the filing of that lawsuit.

Second, with respect to the alleged breach of clause 3.1 by RBDS by purportedly asserting an already-licensed patent in a letter to Plaintiff, as shown by the plain language of both Mr. Meyler's letter to Plaintiff and Mr. Falcucci's email to Plaintiff, neither demanded any payment for Plaintiff. *See* ECF No. 1-8, ECF No. 1-5. (Falcucci email). Plaintiff's allegations to the contrary in the Second Amended Complaint should be ignored.

It is perfectly appropriate for a district court to consider documents, such as Mr. Meyler's letter and Mr. Falcucci's email, in deciding Defendant's Motion. Under Fifth Circuit law, a court may consider documents on a motion to dismiss without converting that motion into one for summary judgment where the documents are central to Plaintiff's claims and are referred to in the complaint. *In Re Katrina Canal Breaches Lit.*, 495 F.3d 191, 205 (5th Cir. 2007) (considering insurance contracts on a motion to dismiss); *Causey v. Sewell Cadillac-Chevrolet, Inc*., 394 F.3d 285, 299 (5th Cir. 2004) (affirming dismissal of defendant under 12(b)(6) based on consideration of documents that explained the legal relationship between the defendants); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) (approving consideration of documents attached to motion to dismiss noting that "[i]n so attaching, the defendant merely assists [. . .] the court in making the elementary determination of whether a claim has been

DEFENDANT'S SUPPLEMENTAL BRIEF
Case No. 2:23-cv-01016
Page **3** of 7

**DC LAW GROUP**
12055 15th Ave NE | Seattle, WA 98125
Phone: (206) 494.0400

stated.").

Here, the documents attached to Plaintiff's original Complaint plainly show that Plaintiff's allegations in the Second Amended Complaint need not be taken as true—no additional payment for an already-licensed patent was ever demanded by either Mr. Meyler or Mr. Falcucci.

Finally, with respect to the alleged anticipatory breach of clause 3.2 by RBDS, Texas law provides that "to prevail on a claim for anticipatory breach, a plaintiff must establish each of the following elements: (1) an absolute repudiation of the obligation; (2) a lack of just excuse for the repudiation; and (3) damage to the nonrepudiating party." *Narvaez v. Wilshire Credit Corp.,* 757 F. Supp. 2d 621, 630 (N.D. Tex. 2010). In this case, however, Plaintiff cannot show any of these elements.

Indeed, considering element (1) for example, it is undisputed that DT, and, by extension, Leigh Rothschild, the owner of both DT and RBDS, immediately dismissed the lawsuit against Plaintiff involving the '723 patent ***immediately*** upon being informed that it was covered by the GLSA. Such is hardly evidence of an "absolute repudiation" of the covenant not to sue in the GLSA.

Similarly, considering element (2), when informed by Plaintiff that the '723 patent was covered by the GLSA, Defendants provided Plaintiff with a reasonable excuse for its actions, *viz.*, a clerical error by Defendants' outside counsel at the time.

Finally, considering element (3), Plaintiff has not alleged any damages that it incurred due to filing of the lawsuit that included the '723 patent. Indeed, given that the case was dismissed within two weeks of filing and Plaintiff never even appeared, it is difficult to conceive of any "damage" actually suffered by Plaintiff.

DEFENDANT'S SUPPLEMENTAL BRIEF
Case No. 2:23-cv-01016
Page **4** of 7

**DC LAW GROUP**
12055 15th Ave NE | Seattle, WA 98125
Phone: (206) 494.0400

**B.**     **Federal Litigation Privilege Law Should Apply**

Under the Federal Rules of Evidence, federal common law generally governs claims of privilege. *See* Fed. R. Evid. 501. The only exception is when "state law [alone] supplies the rule of decision." *Id.*

Here, as noted by the Court in its Order for Supplemental Briefing, Plaintiff has alleged both federal and state law claims in its Second Amended Complaint. *See* ECF No. 48 at 2. The contested evidence here includes Mr. Meyler's communications with Plaintiff regarding Defendants' patents, including possible infringement of the patent which is the subject of Plaintiff's declaratory judgment claims. And where the same evidence relates to both federal and state law claims, this Court "[is] not bound by [state] law" on privilege. *Agster v. Maricopa Cnty.*, 422 F.3d 836, 839 (9th Cir. 2005). Instead, federal privilege law should control. *See id.*; *Religious Tech. Ctr. v. Wollersheim*, 971 F.2d 364, 367 n. 10 (9th Cir. 1992) (per curiam); *see also Facebook, Inc. v. Pac. Nw. Software, Inc.*, 640 F.3d 1034, 1041, 1038 (9th Cir. 2011) (applying state contract law to determine whether in mediation the parties reached an enforceable settlement of plaintiffs' federal and state law claims, but applying federal privilege law to determine what evidence from mediation was admissible in support of that determination).

Under federal common law, the litigation privilege is applied very broadly to protect the counsel. *See Briscoe v. LaHue*, 460 U.S. 325, 335 (1983) ("In short, the common law provided absolute immunity from subsequent damages liability for all persons — governmental or otherwise — who were integral parts of the judicial process."). Accordingly, all of Mr. Meyler's actions and statements at issue in this case should be found to be protected by the litigation privilege.

I certify that this Supplemental Brief has 1417 words, in compliance with the Court's Order for Supplemental Briefing (ECF No. 48).

DEFENDANT'S SUPPLEMENTAL BRIEF
Case No. 2:23-cv-01016
Page **5** of 7

**DC LAW GROUP**
12055 15th Ave NE | Seattle, WA 98125
Phone: (206) 494.0400

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,

By: *// Matthew J. Cunanan*
Matthew J. Cunanan (#42530)
DC LAW GROUP
12055 15th Ave NE, Suite B
Seattle, WA 98125
Tel: (206) 494-0400
Fax: (855) 494-0400
Email: matthew@dclglawyers.com

Donald R. McPhail (admitted *phv*)
MERCHANT & GOULD P.C.
1900 Duke Street
Alexandria, Virginia 22314
Tel: (703) 518-4516
Fax: (612) 332-9081
Email: dmcphail@merchantgould.com

*Attorneys for Defendants Leigh Rothschild,*
*Rothschild Broadcast Distribution Systems,*
*LLC, Display Technologies, LLC, Patent Asset*
*Management, LLC, Meyler Legal, PLLC, and*
*Samuel Meyler*

DEFENDANT'S SUPPLEMENTAL BRIEF
Case No. 2:23-cv-01016
Page **6** of **7**

**DC LAW GROUP**
12055 15th Ave NE | Seattle, WA 98125
Phone: (206) 494.0400

**CERTIFICATE OF SERVICE**

I hereby certify that on June 7, 2024, I filed the within through the ECF system and that notice will be sent electronically to all counsel who are registered participants.

*/s/ Donald R. McPhail*
Donald R. McPhail