1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

THE HONORABLE JAMAL N. WHITEHEAD

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

VALVE CORPORATION,

    Plaintiff,

    v.

LEIGH ROTHSCHILD, ROTHSCHILD BROADCAST DISTRIBUTION SYSTEMS, LLC, DISPLAY TECHNOLOGIES, LLC, PATENT ASSET MANAGEMENT, LLC, MEYLER LEGAL, PLLC, AND SAMUEL MEYLER,

    Defendants.

Case No. 2:23-cv-01016-JNW

**PLAINTIFF'S SUBMISSION IN RESPONSE TO COURT ORDER FOR SUPPLEMENTAL BRIEFING**

**ORAL ARGUMENT REQUESTED**

PLAINTIFF'S SUBMISSION IN RESPONSE TO COURT ORDER FOR SUPPLEMENTAL BRIEFING
Case No. 2:23-cv-01016-JNW

**KILPATRICK TOWNSEND & STOCKTON LLP**
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA 98101
(206) 626-7713  FAX: (206) 260-8946

Texas law applies to Valve's claims for breach of contract and Washington law applies to Samuel Meyler's and Meyler Legal, PLLC's (collectively, "Meyler") claim of litigation privilege. Under the appropriate choice of law, Defendants' motion should be denied.

## I. DEFENDANTS' MOTION TO DISMISS VALVE'S BREACH OF CONTRACT CLAIMS SHOULD BE DENIED UNDER TEXAS LAW

### A. Texas law applies to Valve's breach of contract claims.

The parties agree Texas law applies to Valve's claims for breach of contract against defendants Rothschild Broadcast Distribution Systems ("RBDS"), Display Technologies ("Display"), Patent Asset Management ("PAM"), and Leigh Rothschild ("Rothschild"). There is no dispute that Valve, RBDS, Display, and Rothschild are bound by the Global Settlement and License Agreement ("GSLA"). The GSLA requires the application of Texas law of contracts to adjudicate the "construction, validity and performance" of the agreement. Dkt. 38-6 § 11.1. Valve's contract breach claims stem from those Defendants failure to perform under the GSLA.

### B. Federal law applies to the pleading standards required for breach of contract.

Although Texas contract law applies to the substantive analysis of Valve's breach of contract claims, federal law governs the pleading standards applied to state law claims challenged by a Rule 12(b)(6) motion. *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009) ("the Federal Rules of Civil Procedure apply in federal court, irrespective of the source of the subject matter jurisdiction…").

### C. The Complaint plausibly alleges Defendants breached the GSLA.

Defendants' challenges to Valve's breach of contract claims are not premised on any legal insufficiency, nor do they turn on a specific application of Texas contract law. Instead, Defendants' motion focuses on the "partisan characterization" of facts in Valve's operative complaint. Dkt. 40 at 14. Under Texas law, Valve's complaint states a plausible claim for breach of the GSLA.

#### 1. Defendants RBDS, PAM, and Rothschild breached the GSLA.

Valve alleges that Defendant RBDS, under the control of PAM and Rothschild, breached Section 3.1 of the GSLA when it sent the June 2023 demand letter to Valve. Dkt. 38 ¶¶ 72-74; Ex.

PLAINTIFF'S SUBMISSION IN RESPONSE TO COURT
ORDER FOR SUPPLEMENTAL BRIEFING - 1
CASE NO. 2:23-CV-01016-JNW

KILPATRICK TOWNSEND & STOCKTON LLP
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA  98101
(206) 626-7713  FAX: (206) 260-8946

8. Section 3.1 of the GSLA prohibits seeking "additional royalties or additional payments of any kind…in order to maintain this Agreement in force." *Id*. Valve alleges that in June 2023 Defendants demanded additional monetary payment for rights to a patent to which Valve is already licensed, in violation of the GSLA. *Id*. ¶¶ 66-72.

The majority of Defendants' arguments are merely factual disputes inappropriate for a motion to dismiss, as Valve's allegations must be accepted as true. *Retail Prop. Tr. v. United Bhd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir. 2014); *E.E.O.C. v. Allied Aviation Servs., Inc.*, No. 3-05-CV-1379-L, 2005 WL 2778646, at *1 (N.D. Tex. Oct. 25, 2005); Dkt. 41 at 5-6.

Defendants also argue that Valve did not plead Defendants "fail[ed] to perform or tender performance as contractually required." *Coim USA Inc. v. Sjobrand Inc*., 663 F. Supp. 3d 684, 688 (N.D. Tex. 2023).[1] Specifically, Defendants allege "there is nothing in the GSLA that precludes or prohibits the sort of correspondence represented by the Falcucci email and Mr. Meyler's letter." Dkt. 42 at 8. This argument contradicts the plain language of the GSLA and Valve's well-pleaded allegations. Section 3.1 prohibits Defendants from seeking "royalties or additional payments…to maintain the Agreement in force," and Valve plausibly alleges that Defendants' correspondence did exactly that. Dkt. 38 ¶¶ 66, 71-72.

Further, to the extent Defendants ask the Court to interpret the GSLA at the pleading stage, this would be improper under Texas law. To find for Defendants, "the Court would need to conclude that the Agreement's provision unambiguously supports [Defendants'] interpretation …. If the provision unambiguously supports [Plaintiff's] interpretation or is ambiguous and can support either party's construction, then the Court must rule in [Plaintiff's] favor." *Galderma Lab'ys, L.P. v. Dimensional Healthcare, Inc*., No. 4:06-CV-822-Y, 2007 WL 1703445, at *3 (N.D. Tex. June 13, 2007). There is no ambiguity that Defendants are precluded from demanding "royalties or additional payments of any kind…in order to maintain" the GSLA. Dkt. 38 ¶ 66.

---

[1] Defendants do not otherwise challenge the legal sufficiency of Valve's allegation. Defendants have not challenged that the GSLA is a valid contract and that Valve fully performed.

PLAINTIFF'S SUBMISSION IN RESPONSE TO COURT
ORDER FOR SUPPLEMENTAL BRIEFING - 2
CASE NO. 2:23-CV-01016-JNW

KILPATRICK TOWNSEND & STOCKTON LLP
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA  98101
(206) 626-7713  FAX: (206) 260-8946

There is no ambiguity that the GSLA includes a license to U.S. Patent No. 8,856,221 ("'221 patent"). Dkt. 38 ¶ 60. There thus is no ambiguity that Defendants were prohibited from demanding additional money from Valve to avoid a lawsuit asserting the '221 patent. As in *Galderma*, the Court should deny Defendants' motion.

    2.    **RBDS, PAM, and Rothschild anticipatorily breached the GSLA.**

Valve alleges that Defendant RBDS, under the control of PAM and Rothschild, also anticipatorily breached section 3.2 of the GSLA by sending the June 2023 demand letter to Valve. Dkt. 38 ¶¶ 72-74, 77; Ex. 8. Section 3.2 states Defendants "covenant[] not to sue licensee or its Affiliates for actual or alleged infringement of the Licensed patents." Defendants' motion to dismiss merely disputes Valve's factual allegations and does not challenge the legal sufficiency of Valve's allegations, which must be taken as true. *See, e.g.*, Dkt 40 at 14. As Valve explained in its opposition, under federal pleading standards, Defendants' arguments are insufficient to warrant dismissal. Dkt. 41 at 6-8; *Retail Prop.*, 768 F.3d at 945; *Allied Aviation*, 2005 WL 2778646, at *1.

Nor could Defendants allege any legal insufficiency. Valve plausibly alleged each of the required elements for anticipatory breach of contract under Texas law: "(1) an absolute repudiation of the obligation; (2) a lack of a just excuse for the repudiation; and (3) damage to the non-repudiating party." *Bracken v. Wells Fargo Bank, N.A.*, 13 F. Supp. 3d 673, 682 (E.D. Tex. 2014), *aff'd sub nom*. 612 F. App'x 248 (5th Cir. 2015) (citations omitted). Valve alleged the 2023 demand letter from Meyler, attaching claim charts "prepared in anticipation of litigation" and threatening to sue Valve, was an absolute repudiation of the GSLA's covenant not to sue Valve on licensed patents. Dkt. 38 ¶¶ 71-74, 77; Dkt. 38-8. Valve also plausibly alleged Defendants did not have a "just excuse for repudiation" and that Valve suffered harm. Dkt. 38 ¶¶ 27-28; 35; 73-74.

    3.    **Display, PAM and Rothschild breached the GSLA.**

Valve also alleges that Display, under the control of PAM and Rothschild, breached Section 3.2 of the GSLA when it sued Valve in 2022 for infringement of a licensed patent. Dkt. 38 ¶¶ 19-24; 76. Under Texas law, Valve plausibly alleged that Display's lawsuit is a "fail[ure] to

PLAINTIFF'S SUBMISSION IN RESPONSE TO COURT
ORDER FOR SUPPLEMENTAL BRIEFING - 3
CASE NO. 2:23-CV-01016-JNW

KILPATRICK TOWNSEND & STOCKTON LLP
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA 98101
(206) 626-7713 FAX: (206) 260-8946

perform or tender performance as contractually required" by Section 3.1 of the GSLA, and that Valve was damaged from this breach. *Coim*, 663 F. Supp. 3d at 688.

Defendants argue that Valve waived its breach of contract claim related to the 2022 lawsuit because "Valve did not seek redress for that breach at the time and has long since waived any right to do so." Dkt. 40 at 15. Defendants' argument, however, is foreclosed by the GSLA.

The GSLA contains an unequivocal non-waiver provision. Dkt. 38-1 § 11.5. Applying Texas law, the "Fifth Circuit has repeatedly upheld [] 'non-waiver provisions' as valid to operate at their face value." *Sandoval v. Wilmington Sav. Fund Soc'y FSB*, No. 7:18-CV-91, 2018 WL 7253972, at *4 (S.D. Tex. Dec. 10, 2018) (collecting cases). The GSLA's non-waiver clause is unambiguous: delay of enforcement does not prevent enforcement at a later date. Dkt. 38-1 § 11.5. Waiver may only be found if Valve had expressly waived that right in writing. *Id*. Valve did not do so. Nor have Defendants alleged Valve made any such express, written waiver. Defendants' arguments to the contrary should be rejected.

Defendants' remaining arguments implicate federal pleading standards unchanged by the choice of law questions posed by the Court. As explained in Valve's response, these arguments do not bar Valve's claims for breach of contract. Dkt. 41 at 9-10. Valve has plausibly alleged that Defendants breached the GSLA under Texas state law and federal pleading standards. Defendants' motion to dismiss should be denied.

II.  **DEFENDANTS' MOTION TO DISMISS THE PATENT TROLL PREVENTION ACT CLAIM AGAINST MEYLER SHOULD BE DENIED UNDER WASHINGTON LAW**

A.  **Washington law applies to Meyler's assertion of litigation privilege.[2]**

The parties dispute whether state or federal law should apply to Meyler's assertion that he is immune from liability under the Washington Patent Troll Prevention Act ("PTPA") due to

---

[2] Texas law does not apply because Valve's sole claim against Meyler does not arise out of the GSLA and should not be subject to the choice of law provision. Valve is not seeking to enforce a breach of the GSLA against Meyler, who is not a signatory to the GSLA.

PLAINTIFF'S SUBMISSION IN RESPONSE TO COURT
ORDER FOR SUPPLEMENTAL BRIEFING - 4
CASE NO. 2:23-CV-01016-JNW

KILPATRICK TOWNSEND & STOCKTON LLP
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA  98101
(206) 626-7713  FAX: (206) 260-8946

1  litigation privilege. Meyler's claim for immunity should apply the same law as questions of
2  liability, namely, Washington law.

3  Litigation privilege is a "judicially created privilege" established by Washington courts
4  that furthers Washington "public policy of securing to [counsel] as officers of the court the utmost
5  freedom in their efforts to secure justice for their clients." *Young v. Rayan*, 533 P.3d 123, 129
6  review denied, 539 P.3d 4 (Wash. 2023) (alteration in original). Litigation privilege is an immunity
7  from liability. *Mason v. Mason*, 19 Wash. App. 2d 803, 831 (2021). Because litigation privilege is
8  a form of immunity, courts sitting in federal question jurisdiction regularly apply state litigation
9  privilege law to pendent state law claims. *See, e.g., Amaretto Ranch Breedables, LLC v. Ozimals,*
10 *Inc.*, 790 F. Supp. 2d 1024, 1030 (N.D. Cal. 2011); *Zhejiang Yuanzheng Auto & Motorcycle*
11 *Accessories Co. v. Arex Indus., Inc.*, No. 2:22-CV-01692-JWH-PD, 2023 WL 4317189, *3-4 (C.D.
12 Cal. June 7, 2023).

13 The same rationale applies here. Washington law governs liability under Valve's PTPA
14 claim. Washington law must therefore also apply to Meyler's claim for immunity from that claim.

15 **B.    Federal litigation privilege does not apply to state-based liability issues.**

16 On June 4, Meyler's counsel told Valve that they intended to argue Texas privilege law
17 applies. Today, June 7, Meyler changed course and said he would argue in favor of applying
18 federal litigation privilege. The law does not support this new argument. The cases cited by
19 Defendants merely stand for the uncontroversial proposition that when both state and federal
20 claims are brought in federal court, federal law governs evidentiary admissibility based on
21 privileges such as attorney-client privilege. *See* Fed. R. Evid. 501; *Wilcox v. Arpaio*, 753 F.3d 872,
22 876 (9th Cir. 2014).

23 But Washington litigation privilege is not an evidentiary privilege. *C.f. Amaretto*, 790 F.
24 Supp. 2d at 1030; Dkt No. 49 at 5 (citing cases regarding federal privilege law). As discussed
25 above, Washington litigation privilege is a judicially-created immunity from liability. While
26 federal courts apply federal privilege law to evidentiary admissibility, they apply state law to
27 liability. *See, e.g., Facebook, Inc. v. Pac. Nw. Software, Inc.*, 640 F.3d 1034, 1041, 1038 (9th Cir.

PLAINTIFF'S SUBMISSION IN RESPONSE TO COURT
ORDER FOR SUPPLEMENTAL BRIEFING - 5
CASE NO. 2:23-CV-01016-JNW

KILPATRICK TOWNSEND & STOCKTON LLP
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA 98101
(206) 626-7713  FAX: (206) 260-8946

2011). Meyler is attempting to rely on litigation privilege as a complete defense to a state law claim. Therefore the Court must apply state law, regardless of the basis for jurisdiction. *Zhejiang*, 2023 WL 4317189, *3-4. In other words, a defense against liability (based on an immunity or otherwise) is governed by the same law that governs liability itself: in this situation, that's state law.

### C. Federal "litigation privilege" is limited to testimonial privilege.

If the Court decides that federal law applies to Meyler's assertion of litigation privilege, the Court should still deny Defendants' motion. The only federal common law "litigation privilege" recognized by the Supreme Court in the cases cited by Defendants is testimonial. *See Briscoe v. LaHue*, 460 U.S. 325, 330-31 (1983). "As *Briscoe* explained, the common law purpose of witness immunity [is] to encourage witnesses to come forward and speak candidly about what they know" as part of a judicial proceeding. *Paine v. City of Lompoc*, 265 F.3d 975, 982 (9th Cir. 2001). Courts have not recognized a "federal litigation privilege" comparable to the scope of state litigation privilege extending to non-testimonial statements. *See, e.g.*, *Waterloov Gutter Prot. Sys. Co. v. Absolute Gutter Prot., L.L.C.*, 64 F. Supp. 2d 398, 412 (D.N.J. 1999). Valve's allegations regarding Meyler do not implicate any testimony (nor any statement at all) in a judicial proceeding. *See* Dkt. No. 41 at 13-17.

PLAINTIFF'S SUBMISSION IN RESPONSE TO COURT
ORDER FOR SUPPLEMENTAL BRIEFING - 6
CASE NO. 2:23-CV-01016-JNW

KILPATRICK TOWNSEND & STOCKTON LLP
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA  98101
(206) 626-7713  FAX: (206) 260-8946

Dated this 7th day of June, 2024.

          Respectfully Submitted,

          KILPATRICK TOWNSEND & STOCKTON LLP

By    */s/ Dario A. Machleidt*
      Dario A. Machleidt, WSBA No. 41860
      dmachleidt@kilpatricktownsend.com
      Kathleen R. Geyer, WSBA No. 55493
      kgeyer@kilpatricktownsend.com
      Christopher P. Damitio, WSBA No. 58633
      cdamitio@kilpatricktownsend.com
      1420 Fifth Ave., Suite 3700
      Seattle, WA 98101
      Telephone: (206) 467-9600
      Facsimile: (206) 623-6793

*Counsel for Plaintiff Valve Corporation*

*I certify that this memorandum contains 2,028 words, in compliance with the Local Civil Rules.*

PLAINTIFF'S SUBMISSION IN RESPONSE TO COURT
ORDER FOR SUPPLEMENTAL BRIEFING - 7
CASE NO. 2:23-CV-01016-JNW

KILPATRICK TOWNSEND & STOCKTON LLP
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA 98101
(206) 626-7713  FAX: (206) 260-8946

**CERTIFICATE OF SERVICE**

I certify that on the date indicated below I caused a copy of the foregoing document, PLAINTIFF'S SUBMISSION IN RESPONSE TO COURT ORDER FOR SUPPLEMENTAL BRIEFING to be filed with the Clerk of the Court via the CM/ECF system. In accordance with their ECF registration agreement and the Court's rules, the Clerk of the Court will send e-mail notification of such filing to the following attorneys of record:

| | |
|---|---|
| Donald R McPhail<br>MERCHANT & GOULD (VA)<br>1900 DUKE ST STE 600<br>ALEXANDRIA, VA 22314<br>703-518-4516<br>Fax: 612-332-9081<br>Email: dmcphail@merchantgould.com | ☑ by CM/ECF<br>☐ by Electronic Mail<br>☐ by Facsimile Transmission<br>☐ by First Class Mail<br>☐ by Hand Delivery<br>☐ by Overnight Delivery |
| Mathew J. Cunanan<br>DC LAW GROUP<br>12055 15TH AVE NE<br>SEATTLE, WA 98125<br>206-494-0400<br>Fax: 855-494-0400<br>Email: matthew@dclglawyers.com | ☑ by CM/ECF<br>☐ by Electronic Mail<br>☐ by Facsimile Transmission<br>☐ by First Class Mail<br>☐ by Hand Delivery<br>☐ by Overnight Delivery |

DATED this 7th day of June, 2024.

KILPATRICK TOWNSEND & STOCKTON LLP

By  */s/ Dario A. Machleidt*
    Dario A. Machleidt, WSBA No. 41860

*Counsel for Plaintiff Valve Corporation*

CERTIFICATE OF SERVICE – 8
CASE NO. 2:23-CV-01016-JNW

KILPATRICK TOWNSEND & STOCKTON LLP
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA 98101
(206) 626-7713  FAX: (206) 260-8946