# EXHIBIT B

**HON. JAMAL N. WHITEHEAD**

**UNITED STATES DISTRICT COURT**

**FOR THE WESTERN DISTRICT OF WASHINGTON**

**AT SEATTLE**

| | |
|---|---|
| VALVE CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>LEIGH ROTHSCHILD, ROTHSCHILD BROADCAST DISTRIBUTION SYSTEMS, LLC, DISPLAY TECHNOLOGIES, LLC, PATENT ASSET MANAGEMENT, LLC, MEYLER LEGAL, PLLC, AND SAMUEL MEYLER,<br><br>Defendants. | Case No. 2:23-cv-1016<br><br>**PARTIES' JOINT STATUS REPORT IN RESPONSE TO COURT ORDER REGARDING INITIAL DISCLOSURES, JOINT STATUS REPORT, AND EARLY SETTLEMENT (DKT. 17)**<br><br>Complaint Filed: 07/07/2023 |

Pursuant to the Court's August 21, 2023, Order Regarding Initial Disclosures, Joint Status Report, and Early Settlement (Dkt. 17) ("Order") and the Parties' Fed. R. Civ. P. 26(f) conference, Plaintiff Valve Corporation ("Plaintiff") and Defendants Leigh Rothschild; Rothschild Broadcast Distribution Systems, LLC; Display Technologies, LLC; Patent Asset Management, LLC; Meyler Legal, PLLC; and Samuel Meyler (collectively, "Defendants") (Plaintiff and Defendants collectively referred to as "the Parties") submit this Joint Status Report and Discovery Plan. The information below tracks the numbering set forth in the Order.

## I. INFORMATION REQUIRED BY ORDER

### 1. Statement of the nature and complexity of the case.

The Parties jointly present the following nature of the case as a general summary and

without waiver of any kind. The Parties reserve all their claims and defenses. Nothing herein shall be considered an admission by any party.

<u>Plaintiff's Position:</u> Plaintiff asserts claims against Defendants for violation of Washington State's Patent Troll Prevention Act (RCW 19.350), breach of contract, and conspiracy to commit violations of Washington State's Patent Troll Prevention Act. Plaintiff's claims are premised on Defendants' improper threats to sue Valve for patent infringement on patents that Valve already has a license to and for Defendants' repeated demands that Valve pay additional money to license those patents. Plaintiff further seeks a declaration that U.S. Patent No. 8,856,221 ("the '221 Patent") is invalid and that the '221 Patent is unenforceable against Plaintiff because Plaintiff already has a license to that patent. Because each of Plaintiff's claims arise out of the same common nucleus of facts, Plaintiff does not believe this case presents issues warranting complex treatment.

<u>Defendants' Position</u>: There is no case or controversy between Plaintiff and Defendants. Plaintiff has a covenant not to sue from Defendants, which remains in effect, and therefore precludes the possibility of Plaintiff being sued for infringement of the '221 Patent. Defendants have not breached the 2016 Global Settlement and License Agreement with Plaintiff, but Plaintiff has breached that agreement by challenging the validity of the '221 Patent. Defendants have never demanded that Plaintiff pay additional money to license any patent covered by the 2016 GSLA and Plaintiff's claims under RCW 19.350 are no more than an attempt to intimidate Defendants and thereby dissuade them from enforcing their legitimate rights under patents not covered by the 2016 GLSA. Defendant does not believe that this case presents issues warranting complex treatment.

**2. Consent to trial before magistrate.**

No.

**3. A proposed deadline for the joining of additional parties.**

January 3, 2024

**4. Proposed deadline for filing a Motion for Class Certification.**

N/A

Kilpatrick Townsend & Stockton LLP,
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600)

**5. Discovery Plan**

**a. Initial Disclosures.**

Pursuant to the Order, the Parties served their respective initial disclosures on October 26, 2023.

**b. Subjects, timing, and potential phasing of discovery.**

Plaintiff anticipates conducting discovery regarding: the allegations raised in Plaintiff's complaint; the 2016 Global Settlement and License Agreement, including Defendants' knowledge of the 2016 agreement; the decision to attempt to negotiate a new license with Valve for more money using patents already licensed in the 2016 agreement; the decision to assert U.S. Patent No. 9,300,723 ("the '723 Patent) against Valve; notice letters relating to the '221 Patent sent by Defendants or other companies owned or controlled by Leigh Rothschild to Washington entities; the decision to assert the '221 Patent against Valve; the relationship between Samuel Meyler, Leigh Rothschild, and Rothschild's companies Display Technologies, LLC, Patent Asset Management, and Rothschild Broadcast Distribution Systems, LLC; instances in which the Defendants or other companies owned or controlled by Leigh Rothschild have asserted prior claims in other litigations that were found or alleged to be meritless; the relationship between Defendants and such other companies owned or controlled by Leigh Rothschild; the policies or practices of Defendants and other companies owned or controlled by Leigh Rothschild for selecting targets in licensing or litigation campaigns; Washington companies Defendants or other companies owned or controlled by Leigh Rothschild have accused of infringing already-licensed patents and all facts related thereto; the alleged validity of claims in the '221 Patent; prior art to the '221 Patent; conception and reduction to practice of the '221 Patent; prosecution of the patent application leading to the '221 Patent; settlements or licenses based on patents owned or assigned to the Defendants; and other issues related to Plaintiff's asserted causes of action.

Defendants anticipate seeking discovery on the following: Plaintiff's decision to file the above-captioned lawsuit rather than advising Defendants of their purported license to the '221 Patent; Plaintiff's infringement of the '221 Patent; Plaintiff's infringement of the '723 Patent; Plaintiff's breach of the 2016 Global License and Settlement Agreement; Plaintiff's decision to

file suit in the U.S. District Court for the Western District of Washington rather than in Texas; Plaintiff's decision not to respond to Defendants' offer for a license to additional patents owned by companies owned or controlled by Leigh Rothschild; Plaintiff's infringement of one or more of those additional patents; Plaintiff's alleged damages; Plaintiff's settlements of other litigation; Plaintiff's licenses to patents; and other issues related to Plaintiff's allegations and claims in this matter.

The parties do not believe that there are any unusual timing issues related to discovery that need to be addressed in the Court's Scheduling Order. Resolution of the case would not benefit from phasing of discovery. The parties' proposals for case deadlines are laid out in **Exhibit A** to this joint status report.

**c. Electronically stored information.**

Given the scope of anticipated discovery, the Parties do not anticipate any unusual issues related to discovery of electronically stored information ("ESI") that would warrant involvement of the Court at this time. The parties are working to file an agreed ESI agreement based on the Western District of Washington model ESI Order.

**d. Privilege issues.**

Plaintiff's Position: Plaintiff's allegations involve claims against legal counsel for various Defendants and will likely involve issues of privilege. Specifically, Plaintiff will seek discovery into communications between Samuel Meyler (and his law firm), Leigh Rothschild, and Rothschild's companies Display Technologies, LLC, Patent Asset Management, and Rothschild Broadcast Distribution Systems, LLC, related to the decision by Defendants to attempt to renegotiate their 2016 license agreement with Plaintiff for more money, the decision to assert the '723 Patent against Plaintiff, and the decision to assert the '221 Patent against Plaintiff.

Defendants' Position: Defendants will seek discovery into communications between Plaintiff and Plaintiff's counsel regarding: Plaintiff's decision to file the above-captioned lawsuit rather than advising Defendants of their purported license to the '221 Patent; Plaintiff's decision to file suit in the U.S. District Court for the Western District of Washington rather than in Texas; Plaintiff's decision not to respond to Defendants' offer for a license to additional patents owned by

companies owned or controlled by Leigh Rothschild; and Plaintiff's infringement of the '723 Patent, the '221 Patent and one or more of the additional patents offered for license by Defendants.

**e. Proposed limitations on discovery.**

The Parties' proposals for limitations on discovery are laid out in **Exhibit B** to the joint status report.

**f. The need for any discovery related orders.**

The Parties believe a protective order imposing certain discovery-related limitations on confidential or proprietary information is warranted in this case. The parties will work together and endeavor to agree upon a protective order compliant with the model order regularly used in this District that includes adequate protections for any production of confidential material.

**6. LCR 16(f)(1)**

**a. Prompt case resolution.**

The Parties agree that, given the nature of the claims and defenses, the prospects for an early consensual resolution should continue to be explored by them. The Parties intend to continue their prior discussions in that regard.

**b. Alternative dispute resolution.**

The Parties do not wish to participate in alternative dispute resolution programs.

**c. Related cases.**

There are no related district court cases.

**d. Discovery management.**

The Parties will continue to work cooperatively to streamline discovery and to make good faith efforts to try to resolve any discovery-related disagreements that arise. Appointment of a Discovery Master is not warranted at this time. To the extent that the parties are unable to resolve such disputes without Court intervention, the Parties agree to present such disputes jointly through the procedure set forth in LCR 37(a)(2).

**e. Anticipated discovery sought.**

*See* Section I.5.b.

Kilpatrick Townsend & Stockton LLP,
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600)

   **f. Phasing motions.**

The Parties agree that phasing motions are not warranted in this case.

**g. Preservation of discoverable information.**

The Parties have taken reasonable steps to preserve discoverable information, including emails. They do not anticipate a need for Court intervention regarding preservation issues at this juncture.

**h. Privilege issues.**

*See* Section I.5.d.

**i. Model Protocol for Discovery of ESI.**

*See* Section I.5.c.

**j. Alternative to the Model Protocol.**

*See* Section I.5.c.

**7. The date by which discovery can be completed.**

Plaintiff's Proposal: Fact discovery can be completed by February 16, 2024. Expert discovery can be completed by April 12, 2024.

Defendants' Proposal: Fact discovery can be completed by February 16, 2024. Expert discovery can be completed within sixty-three (63) days of the Court serving its Claim Construction Ruling.

**8. Whether the case should be bifurcated, for example, by trying the liability issues before the damages issues, or bifurcated in any other way.**

The Parties agree that bifurcation is not appropriate for this case.

**9. Whether the pretrial statements and pretrial order called for by LCR 16(e), (h), (i) and (k), and 16.1 should be dispensed with in whole or in part for the sake of economy.**

The Parties do not wish to dispense with pretrial statements or the pretrial order required by LCR 16(e), (h), (i), and (k), and 16.1.

**10. Whether the parties intend to utilize the Individualized Trial Program found in LCR 39.2 or any ADR options set forth in LCR 39.1.**

The Parties do not wish to utilize the Individualized Trial Program found in LCR 39.2 or any ADR options set forth in LCR 39.1.

**11. Any other suggestions for shortening or simplifying the case.**

Cooperation of counsel and streamlining discovery is the best way to shorten and simplify the case, and the Parties intend to do so. The Parties also consent and agree, pursuant to Federal Rule of Civil Procedure 5(b)(2)(e) that non-ECF service may be made by electronic mail, with copies sent to all attorneys for the parties served.

**12. The date the case will be ready for trial.**

Plaintiff's Position: August 20, 2024 (or a date at the Court's convenience)

Defendants' Position: 120 days after the Court serves its Claim Construction Ruling.

**13. Whether the trial will be jury or non-jury.**

Jury.

**14. The number of trial days required.**

3-4 days

**15. The names, addresses and telephone numbers of all trial counsel.**

Plaintiff's counsel:

Dario A. Machleidt (State Bar No. 41860)
Kathleen R. Geyer (State Bar No. 55493)
Christopher P. Damitio (State Bar No. 58633)
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
Telephone: (206) 467-9600

Defendants' counsel:

Matthew J. Cunanan (#42530)
12055 15th Ave NE, Suite B
Seattle, WA 98125
Telephone: (206) 494-0400

Donald R. McPhail (*phv*)
1940 Duke Street
Alexandria, VA 22314
Telephone: (703) 413-3000

**16. The dates on which the trial counsel may have conflicts or other complications to be considered in setting a trial date.**

Plaintiff counsel's conflicts: None at this time.

Defendants' counsel's conflicts: August 13, 2024 (Claim construction hearing in *Apex Beam Technologies v. TCT Mobile International et al.*, Case No. 2:21-cv-00438-JRG (E.D. Tex.))

**17. If, on the due date of the report, all defendant(s) or respondent(s) have not been served counsel for the plaintiff shall advise the Court when service will be effected, why it was not made earlier, and shall provide a proposed schedule for the required Fed. R. Civ. P. 26(f) conference and Fed. R. Civ. P. 26(a) initial disclosures.**

All defendants in this case have been served. *See* Dkts. 9-13.

**18. Whether any party wishes a pretrial Fed. R. Civ. P. 16 conference with the Court before the entry of any order pursuant to Rule 16 or setting of a schedule for this case.**

Plaintiff's Position: Yes. Valve prefers to have an in-person conference.

Defendants' Position: Defendants do not wish a pretrial Fed. R. Civ. P. 16 conference with the Court before the entry of any order pursuant to Rule 16 or setting of a schedule for this case.

**19. List the date(s) that each and every nongovernmental corporate party filed its disclosure statement pursuant to Fed. R. Civ. P. 7.1 and LCR 7.1.**

Plaintiff Valve filed its corporate disclosure statement on July 7, 2023 (Dkt. 2).

Defendants Rothschild Broadcast Systems, LLC, Display Technologies, LLC, Patent Asset Management, LLC, and Meyler Legal PLLC filed their corporate disclosure statements on September 29, 2023 (Dkt. 21).

## II. INFORMATION REQUIRED BY LOCAL PATENT RULE 110

Pursuant to Local Patent Rule 110, the Parties submit the following additional information. The information below tracks the numbering set forth in Local Patent Rule 110.

Case 2:23-cv-01016-JNW Document 128 Filed 10/25/24 Page 10 of 13

**1. Whether changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement as to when disclosures under Rule 26(a)(1) were made or will be made.**

The Parties completed their initial disclosures on October 26, 2023.

**2. The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused upon particular issues.**

*See* Section I.5.B.

**3. Whether changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed.**

*See* **Exhibit B** attached to this joint status report.

**4. Any other orders that should be entered by the court under Rule 26(c) or under Rule 16(b) and (c).**

The Parties are working to enter an agreed-upon protective order for the exchange of confidential or proprietary information during the case. *See* Section I.5.f.

**5. Any proposed modification of the deadlines provided for in these Local Patent Rules, and the effect of any such modification on the date and time of the Claim Construction Hearing, if any.**

The Parties have proposed changing the deadline for Defendants to file their infringement contentions from 15 days after entry of the Scheduling Order (LPR 120), to 14 days after Defendants file their answer. Defendants have filed a motion to dismiss which has not been fully briefed by either party. Plaintiff understands that if Defendants' motion to dismiss is denied, they intend to file an answer asserting counterclaims of infringement against Valve. For this reason, the Parties have proposed basing the deadline for Defendants to serve their infringement contentions off of Defendants' answer, when infringement claims are first brought into the case. The Parties believe that this modification will have a slight effect on the date and time for claim construction, as the Defendants' infringement contentions and all proceeding deadlines are initiated from their answer, as opposed to the entry of the Court's Scheduling order.

Kilpatrick Townsend & Stockton LLP,
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600)

**6. Whether confidentiality concerns affect the disclosures contemplated in these rules and, if so, the parties' position on how they should be addressed.**

Neither party has any confidentiality concerns with the disclosures contemplated in the Local Patent Rules.

**7. Whether and/or when a tutorial might be scheduled to assist the Court to understand the underlying technology.**

A technology tutorial is not necessary in this case.

**8. Whether discovery should be allowed before the disclosures required by Patent Local Rule 120.**

Discovery on all relevant issues should be allowed immediately following the Parties' Rule 26(f) conference.

**9. Whether any party plans to bring a motion for preliminary injunction or a dispositive motion before the Claim Construction Hearing and, if so, the nature of such motion.**

Plaintiff's Position: Plaintiff does not contemplate bringing a motion for preliminary injunction or a dispositive motion before the Claim Construction Hearing.

Defendants' Position: Defendants do not plan to bring a motion for preliminary injunction, but intend to file a dispositive motion before the Claim Construction Hearing on Plaintiff's declaratory judgment claims on the grounds that there is no case or controversy between the Parties in view of the covenant not to sue in the 2016 GSLA.

**10. The need for and any specific limits on discovery relating to claim construction, including depositions of witnesses, including expert witnesses.**

Discovery related to claim construction is not necessary in this case.

**11. Whether the Court should appoint an expert to hear and make recommendations on claim construction issues.**

A court-appointed expert to hear and make recommendations on claim construction issues is not necessary in this case.

**12. The nature of the Claims Construction Hearing (e.g., an evidentiary hearing).**

Kilpatrick Townsend & Stockton LLP,
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600)

The Parties believe that an evidentiary hearing is not required during Claim Construction, and that the Hearing should be limited to oral argument by the parties.

**13. Proposed deadlines for discovery, dispositive motions, mediation, and trial dates.**

The Parties' positions are laid out in **Exhibit A** to this joint status report.

**14. Whether the Court should hold a Scheduling Conference to address the issues raised in the Joint Status Report.**

*See* Section I.18.

JOINT STATUS REPORT & DISCOVERY PLAN
Case No. 2:23-cv-1016

11

Kilpatrick Townsend & Stockton LLP,
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600)

DATED: November 2, 2023

Respectfully submitted,

By: /s/ *Dario A. Machleidt*
KILPATRICK TOWNSEND & STOCKTON LLP
Dario A. Machleidt (State Bar No. 41860)
Kathleen R. Geyer (State Bar No. 55493)
Christopher P. Damitio (State Bar No. 58633)
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
Telephone: (206) 467-9600
E-mail: dmachleidt@kilpatricktownsend.com
E-mail: kgeyer@kilpatricktownsend.com
E-mail: cdamitio@kilpatricktownsend.com

Attorneys for Plaintiff
VALVE CORPORATION

DATED: November 2, 2023

Respectfully submitted,

By: */s/ Matthew J Cunanan*
Matthew J. Cunanan (State Bar No. 42530)
DC LAW GROUP
12055 15th Ave NE, Suite B
Seattle, WA 98125
Telephone: (206) 494-0400
E-mail: matthew@dclglawyers.com

Donald R. McPhail (*phv*)
OBLON, McCLELLAND, MAIER NEUSTADT, LLP
1940 Duke Street
Alexandria, Virginia 22314
Telephone: (703) 412-1432
E-mail: dmcphail@oblon.com

Attorneys for Defendants
LEIGH ROTHSCHILD, ROTHSCHILD BROADCAST DISTRIBUTION SYSTEMS, LLC, DISPLAY TECHNOLOGIES, LLC, PATENT ASSET MANAGEMENT, LLC, MEYLER LEGAL, PLLC, AND SAMUEL MEYLER