Honorable Jamal N. Whitehead

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
### AT SEATTLE

| | |
|---|---|
| VALVE CORPORTION, | ) |
| | ) **DEFENDANTS' ANSWER TO** |
| Plaintiff, | ) **PLAINTIFF'S SECOND AMENDED** |
| v. | ) **COMPLAINT** |
| | ) |
| LEIGH ROTHSCHILD, ROTHSCHILD | ) |
| BROADCAST DISTRIBUTION | ) Case No.: 2:23-cv-01016 |
| SYSTEMS, LLC, DISPLAY | ) |
| TECHNOLOGIES, LLC, PATENT ASSET | ) |
| MANAGEMENT, LLC, MEYLER LEGAL | ) Complaint Filed: July 7, 2023 |
| PLLC, AND SAMUEL MEYLER | ) |
| | ) |
| Defendants. | ) |
| | ) |

1.      Plaintiff Valve Corporation ("Valve"), through its undersigned counsel, hereby alleges as follows against Defendants Leigh Rothschild; Rothschild Broadcast Distribution Systems, LLC; Display Technologies LLC; Patent Asset Management, LLC; Meyler Legal, PLLC; and Samuel Meyler (collectively, "Defendants"):

**ANSWER:** This paragraph contains no allegations to which a response should be required, but, to the extent a response is required, Defendants admit that the following paragraphs contain allegations against one or more Defendants by Valve.

## I.    NATURE AND HISTORY OF THE ACTION

### A.    Defendants' tactics forced Valve to seek its requested relief to put an end to their bad-faith assertions of patent infringement.

**ANSWER:**  Denied.

2.      This is an action that seeks various forms of relief due to Defendants' bad faith

**DC LAW GROUP**
12055 15th Ave NE | Seattle, WA 98125
Phone: (206) 494.0400

assertions of patent infringement against Valve.

**ANSWER:** Defendants admit that this is a civil action, but otherwise deny the allegations of Paragraph 2.

3.    First, Valve seeks a declaratory judgment that U.S. Patent No. 8,856,221 ("the '221 Patent"), which Defendants have asserted against Valve, is invalid.

**ANSWER:** Defendants admit that this is an action brought by Valve seeking, *inter alia*, a declaratory judgment that the '221 Patent is invalid, but otherwise deny the allegations of Paragraph 2.

4.    Second, Valve seeks a declaratory judgment that the '221 Patent is unenforceable against it as Valve is a licensee to the '221 Patent under the 2016 Global Settlement and License Agreement (Ex. 1) between Valve and Defendants Leigh Rothschild and Display Technologies, LLC.

**ANSWER:** Defendants admit that this is an action brought by Valve seeking, *inter alia*, a declaratory judgment that the '221 Patent is unenforceable against Valve and that Valve is a party to the 2016 Global Settlement and License Agreement between Valve and Defendants Leigh Rothschild and Display Technologies, LLC. that was attached as Exhibit 1 to Plaintiff's Second Amended Complaint, but otherwise deny the allegations of Paragraph 4.

5.    Third, Valve seeks a judgment that Defendants breached the 2016 Global Settlement and License Agreement by: threatening to sue Valve for infringement of the licensed '221 Patent; demanding additional monetary payments from Valve to avoid that lawsuit; suing Valve for infringement of licensed U.S. Patent No. 9,300,723; and by failing to withdraw their threat over U.S. Patent No. 9,300,723.

**ANSWER:** Defendants admit that this is an action brought by Valve seeking, *inter*

DEFENDANTS' ANSWER TO PLAINTIFF'S
SECOND AMENDED COMPLAINT AND
COUNTERCLAIMS
Case No. 2:23-cv-01016
Page **2** of **36**

**DC LAW GROUP**
12055 15th Ave NE | Seattle, WA 98125
Phone: (206) 494.0400

*alia*, a judgment that Defendants breached the 2016 Global Settlement and License Agreement, but otherwise deny the allegations of Paragraph 5.

6.    Fourth, Valve seeks a judgment that Defendants violated Revised Code of Washington ("RCW") 19.350 (the Patent Troll Prevention Act) and RCW 19.86.020 (the Washington State Consumer Protection Act) by making bad faith assertions of patent infringement against Valve.

**ANSWER:**  Defendants admit that this is an action brought by Valve seeking, *inter alia*, a judgment that Defendants violated Revised Code of Washington ("RCW") 19.350 (the Patent Troll Prevention Act) and RCW 19.86.020 (the Washington State Consumer Protection Act), but otherwise deny the allegations of Paragraph 6.

> **B.    Defendants are patent trolls engaged in a pattern of unseemly litigation tactics, often based on objectively baseless allegations**

**ANSWER:**  Denied.

7.    Upon information and belief, Defendant Rothschild Broadcast Distribution Systems ("RBDS"), the owner of the '221 Patent, does not make, use, or sell any products or services of its own, but is solely in the business of patent licensing through the threat of litigation, a pattern of behavior indicative of entities commonly referred to as "patent trolls."

**ANSWER:**  Defendants admit that RBDS does not make, use, or sell any products or service of its own, but otherwise deny the allegations of Paragraph 7.

8.    Upon information and belief, RBDS's sole business model and activity involves making accusations of patent infringement to extract licensing payments from practicing entities. RBDS has filed over 100 lawsuits in furtherance of that goal.

**ANSWER:** Denied.

DEFENDANTS' ANSWER TO PLAINTIFF'S
SECOND AMENDED COMPLAINT AND
COUNTERCLAIMS
Case No. 2:23-cv-01016
Page **3** of **36**

**DC LAW GROUP**
12055 15th Ave NE | Seattle, WA 98125
Phone: (206) 494.0400

9.      Upon information and belief, Defendant Leigh Rothschild ("Rothschild") owns or controls dozens of companies, including RBDS. The sole purpose of the Rothschild companies is to accuse others of patent infringement. The goal of these accusations is to extract a quick settlement from the accused infringers rather than actually litigate the merits of the infringement claims. Ex. 2 (Stupid Patent of the Month: "Internet drink mixer" vs. everyone, https://arstechnica.com/tech-policy/2015/09/stupid-patent-of-the-month-internet-drink-mixer-vs-everyone/).

**ANSWER:** Denied.

10.     Entities owned by Rothschild have filed over a thousand patent infringement lawsuits. Ex. 3 (NPE Showcase – Leigh Rothschild, https://www.gadgetsgigabytesandgoodwill.com/2023/05/npe-showcase-leigh-rothschild/). In some instances, the defendants chose to fight rather than pay nuisance-value settlements. Courts have found such lawsuits brought by Rothschild entities to be objectively baseless, resulting in fees and other penalties against the Rothschild entities. Ex. 4 (Federal Circuit Hits Stupid Patent Owner With Fee Award, https://www.eff.org/deeplinks/2017/06/federal-circuit-hits-stupid-patent-owner-fee-award).

**ANSWER:** Denied.

**C.      Rothschild-controlled entities have engaged in a pattern of accusing Valve of infringement based on patents that they already licensed to Valve.**

**ANSWER:**  Denied.

11.     On June 8, 2015, Display Technologies, an entity controlled by Rothschild, filed suit against Valve, accusing it of infringing U.S. Patent No. 8,671,195.

**ANSWER:** Admitted.

DEFENDANTS' ANSWER TO PLAINTIFF'S
SECOND AMENDED COMPLAINT AND
COUNTERCLAIMS
Case No. 2:23-cv-01016
Page **4** of **36**

**DC LAW GROUP**
12055 15th Ave NE | Seattle, WA 98125
Phone: (206) 494.0400

12.    On November 14, 2016, Display Technologies and Valve entered into the 2016 Global Settlement and License Agreement. In that agreement, Display Technologies granted Valve a "perpetual, irrevocable, royalty-free, fully paid-up, worldwide license" to all patents listed in Exhibit C of the settlement agreement, as well as "all continuations, divisionals, continuations-in-part, extensions, reissues, reexaminations, and any other patents or patent applications claiming priority to or through the patents identified in Exhibit C." Ex. 1 at 2. Valve paid to obtain these rights. Ex. 1 at 5-6.

**ANSWER:** Admitted.

13.    Rothschild signed the 2016 Global Settlement and License Agreement on behalf of himself, Display Technologies, and all entities listed as "Assignee" in Exhibit C to the agreement. Ex. 1 at 14 & 18-19.

**ANSWER:** Admitted.

14.    In March 2022, Daniel Falcucci, the Director of Business Development at Defendant Patent Asset Management ("PAM"), began sending numerous emails and messages to members of Valve's legal team, including LinkedIn messages, requesting that Valve execute a new license with Rothschild and his various entities for more money. Mr. Falcucci stated that PAM was headed by Rothschild, and that it was Mr. Falcucci's understanding that PAM had signed the 2016 Global Settlement and License Agreement with Valve. Ex. 5 (LinkedIn message from Daniel Falcucci to Valve). Nonetheless, Mr. Falcucci repeatedly urged Valve to negotiate a new licensing agreement with Rothschild. Id. As one example, Mr. Falcucci sent a LinkedIn message to a member of Valve's legal team offering an "opportunity" to enter into a new agreement with PAM, and further offered to present what PAM called its "inventory catalog" upon request. Id. The referenced "inventory catalog" is nothing but a list of patents that Rothschild entities routinely assert against companies that are developing and

DEFENDANTS' ANSWER TO PLAINTIFF'S
SECOND AMENDED COMPLAINT AND
COUNTERCLAIMS
Case No. 2:23-cv-01016
Page **5** of **36**

**DC LAW GROUP**
12055 15th Ave NE | Seattle, WA 98125
Phone: (206) 494.0400

1  manufacturing actual useful products. PAM's inventory catalog it presented to Valve included

2  multiple patents that Valve already licensed in the 2016 Global Settlement and License

3  Agreement.

4      **ANSWER:** Defendants admit that Mr. Falcucci sent communications to individuals at

5  Valve in or around March 2022 to ask whether Valve would be interested in obtaining a license

6  to one or more patents owned by PAM or a subsidiary thereof that were not covered by the

7  2016 Global Settlement and License Agreement and that Mr. Falcucci included a list of every

8  patent then-owned by PAM or a subsidiary thereof with one of those communications, but

9  otherwise deny the allegations of Paragraph 14.

10

11      15.    Listed in the inventory catalog as part of PAM's "featured inventory" that was

12  "not subject to an agreement" between Valve and Rothschild and that Rothschild now wanted

13  Valve to take a license to were United States Patent Nos. 8,617,160 and 9,402,664. Both

14  patents claim devices and methods for implanting nails into human bone during a medical

15  procedure to facilitate fracture healing.

16      **ANSWER:** Defendants admit that the list of patents sent by Mr. Falcucci to Valve

17  included U.S. Patent No. 8,617,160 ("the '160 patent") and U.S. Patent No. 9,492,664 and that

18  the '160 patent claims "[a] device for the implantation into osseous material to facilitate

19  healing," but otherwise deny the allegations of Paragraph 15.

20

21      16.    Valve is not, and never has been, in the business of developing or selling any

22  products in the medical field, let alone specific, FDA-regulated surgical tools like the kind

23  PAM was offering to license to Valve.

24      **ANSWER:**  Defendants lack knowledge sufficient to form a belief as to the truth or

25  falsity of the allegations in Paragraph 16 and therefore deny those allegations.

26

27  DEFENDANTS' ANSWER TO PLAINTIFF'S            **DC LAW GROUP**
   SECOND AMENDED COMPLAINT AND            12055 15th Ave NE | Seattle, WA 98125
28  COUNTERCLAIMS                           Phone: (206) 494.0400
   Case No. 2:23-cv-01016
   Page **6 of 36**

17.    None of Mr. Falcucci's messages ever provided any analysis of which Rothschild patents Valve was supposedly practicing or which of Valve's products were supposedly practicing those patents—only that Valve should pay PAM and Rothschild more money.

**ANSWER:** Defendants admit that Mr. Falcucci did not provide an analysis of any patent owned by PAM or a subsidiary thereof to Valve, but otherwise deny the allegations of Paragraph 17.

18.    Mr. Falcucci's demands included that Valve take a license to at least two patents assigned to Display Technologies, U.S. Patent Nos. 8,671,195 and 9,300,723. Valve, however, already has a license to both of those patents under the 2016 Global Settlement and License Agreement.

**ANSWER:** Defendants admit that the 2016 Global Settlement and License Agreement grants Valve a license to U.S. Patent No. 8,671,195 and U.S. Patent No. 9,300,723, but otherwise deny the allegations of Paragraph 18.

19.    Shortly after Mr. Falcucci's string of demand messages, Display Technologies sued Valve in this Court for patent infringement. *See Display Technologies LLC v. Valve Corporation*, 2-22-cv-01365 (W.D. Wash. Sept. 27, 2022).

**ANSWER:** Defendants admit that Display Technologies filed suit against Valve in the U.S. District Court for the Western District of Washington for patent infringement on or about September 27, 2022, but otherwise deny the allegations of Paragraph 19.

20.    Defendants Samuel Meyler ("Meyler") and Meyler Legal, PLLC (collectively, "Meyler Defendants") represented Display Technologies in its 2022 lawsuit against Valve.

**ANSWER:** Admitted.

DEFENDANTS' ANSWER TO PLAINTIFF'S
SECOND AMENDED COMPLAINT AND
COUNTERCLAIMS
Case No. 2:23-cv-01016
Page **7** of **36**

**DC LAW GROUP**
12055 15th Ave NE | Seattle, WA 98125
Phone: (206) 494.0400

21.     Display Technologies asserted infringement of U.S. Patent No. 9,300,723, which is a continuation of U.S. Patent No. 8,671,195, the patent originally asserted against Valve that led to the 2016 Global Settlement and License Agreement. Accordingly, U.S. Patent No. 9,300,723 is covered under the parties' 2016 Global Settlement and License Agreement. Display Technologies' suit against Valve in 2022 was thus a breach of that agreement.

**ANSWER:** Defendants admit that U.S. Patent No. 9,300,723 ("the '723 patent") was asserted by Display Technologies in the case captioned *Display Technologies LLC v. Valve Corporation*, 2-22-cv-01365 (W.D. Wash. Sept. 27, 2022), but note that the '723 patent in is a continuation-in-part, not a continuation, of U.S. Patent No. 8,671,195 ("the '195 patent"), and that the '195 patent was asserted against Valve in the case captioned *Display Technologies LLC v. Valve Corporation*, 2:15-cv-00999 (E.D. Texas June 9, 2015), but otherwise deny the allegation of Paragraph 21.

22.     Valve informed Display Technologies that Valve had a license to U.S. Patent No. 9,300,723 under the 2016 Global Settlement and License Agreement. In doing so, Valve sent the 2016 Global Settlement and License Agreement to the Meyler Defendants twice, once in October and once in December 2022. In its December letter, Valve explained the history of the 2015 litigation between Display Technologies and Valve and informed the Meyler Defendants that "[t]he Global Agreement granted Valve a license to all of Rothschild's patents that could conceivably be construed to cover any portion of Valve's business." Ex. 6 at 1.

**ANSWER:** Defendants admit that Christopher Schenk, Legal Counsel at Valve, sent an undated letter via email to Samuel Meyler, with a copy to Jay Johnson of Kizzia Johnson PPLC, in December 2022, that included a copy of the 2016 Global Settlement and License Agreement and that the undated letter included the quoted language, but otherwise deny the allegations of Paragraph 22.

DEFENDANTS' ANSWER TO PLAINTIFF'S
SECOND AMENDED COMPLAINT AND
COUNTERCLAIMS
Case No. 2:23-cv-01016
Page **8** of **36**

**DC LAW GROUP**
12055 15th Ave NE | Seattle, WA 98125
Phone: (206) 494.0400

23.    Display Technologies voluntarily dismissed its lawsuit on October 13, 2022, but did so <u>without prejudice</u>. *See Display Technologies LLC v. Valve Corporation*, Case No. 2:22-cv-01365, Dkt. 6 (W.D. Wash. Sept. 27, 2022) (Ex. 7).

**ANSWER:** Defendants admit that Display Technologies dismissed the complaint in *Display Technologies LLC v. Valve Corporation*, Case No. 2:22-cv-01365, (W.D. Wash. Sept. 27, 2022) under Fed. R. Civ. P. 41(a)(1)(A)(i), but otherwise deny the allegations of Paragraph 23.

24.    Since dismissing that case <u>without prejudice</u>, Mr. Falcucci has not withdrawn or retracted his demands, made on behalf of Rothschild and PAM, that Valve take a license to patents owned by Display Technologies that are already covered under the 2016 Global Settlement and License Agreement (including U.S. Patent No. 9,300,723).

**ANSWER:** Denied.

25.    Defendants' improper threats to sue Valve for patent infringement on patents Valve already had a license to did not end there.

**ANSWER:** Denied.

26.    On June 21, 2023, the Meyler Defendants sent a letter to Valve on behalf of a *different* Rothschild-controlled entity—RBDS—threatening to file another lawsuit against Valve, this time alleging infringement of the '221 Patent if Valve did not negotiate a resolution of RBDS's claims. Ex. 8 (Meyler letter to Valve).

**ANSWER:** Defendants admit that Samuel Meyler sent a letter on or about June 21, 2023, to Christopher Schenk, Legal Counsel at Valve, but otherwise deny the allegations of Paragraph 26.

27.    For the second time in less than a year, Rothschild and PAM, this time through

DEFENDANTS' ANSWER TO PLAINTIFF'S
SECOND AMENDED COMPLAINT AND
COUNTERCLAIMS
Case No. 2:23-cv-01016
Page **9** of **36**

**DC LAW GROUP**
12055 15th Ave NE | Seattle, WA 98125
Phone: (206) 494.0400

RBDS, are threatening to sue Valve for infringement of a patent that Valve is already a licensee to under the 2016 Global Settlement and License Agreement.

**ANSWER:** Denied.

28.    The '221 Patent is expressly listed as one of the licensed patents in Exhibit C of the 2016 Global Licensing and Settlement Agreement. Ex. 1 at 19. Less than five minutes of due diligence—namely, reviewing the licensing agreement—would have confirmed that Valve is licensed to the '221 Patent.

**ANSWER:** Defendants admit that the '221 Patent is listed on Exhibit C of the 2016 Global Licensing and Settlement Agreement, but otherwise deny the allegations of Paragraph 28.

29.    Because Valve had already sent the agreement to the Meyler Defendants, on information and belief, they were aware of its terms when Mr. Meyler sent the June 21, 2023, letter to Valve.

**ANSWER:** Denied.

30.    Prior to filing the 2022 lawsuit alleging infringement of United States Patent No. 9,300,723 on behalf of Rothschild-controlled Display Technologies, Meyler was required by Washington Rule of Professional Conduct 3.1 and Federal Rule of Civil Procedure 11 to investigate the basis for Display Technologies' claims.

**ANSWER:** Denied. Washington Rule of Professional Conduct 3.1 states:

A lawyer shall not bring or defend a proceeding, or assert or controvert an issue therein, unless there is a basis in law and fact for doing so that is not frivolous, which includes a good-faith argument for an extension, modification, or reversal of existing law.

and Federal Rule of Civil Procedure 11(b) states:

DEFENDANTS' ANSWER TO PLAINTIFF'S
SECOND AMENDED COMPLAINT AND
COUNTERCLAIMS
Case No. 2:23-cv-01016
Page **10** of **36**

**DC LAW GROUP**
12055 15th Ave NE | Seattle, WA 98125
Phone: (206) 494.0400

By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

31.    At a minimum, Meyler's investigation should have included a review of the 2016 Global Settlement and License Agreement between Display Technologies and Valve, which would have informed him of the numerous patents to which Valve was already licensed.

**ANSWER:** Denied.

32.    The most-recent demand letter, combined with the fact that Display Technologies already sued Valve for infringement of a patent it has a license to, demonstrates that it is highly likely one or more Defendants will sue Valve for infringement of the '221 Patent.

**ANSWER:** Denied. Valve has a valid and enforceable covenant not to sue for the '221 Patent from Defendants.

33.    In the meantime, the cloud of Defendants' improper infringement allegations hangs over Valve, its products, and its services. Defendants' actions have created an actual, justiciable, substantial, and immediate controversy between Valve and Defendants as to whether the '221 Patent claims are valid, and whether those claims are enforceable against Valve.

**ANSWER:** Denied. Valve has a valid and enforceable covenant not to sue for the '221

DEFENDANTS' ANSWER TO PLAINTIFF'S
SECOND AMENDED COMPLAINT AND
COUNTERCLAIMS
Case No. 2:23-cv-01016
Page 11 of 36

**DC LAW GROUP**
12055 15th Ave NE | Seattle, WA 98125
Phone: (206) 494.0400

1    Patent from Defendants.

2

3    34.    A judicial declaration is necessary to determine the respective rights of the parties

4    regarding the '221 Patent, and Valve respectfully seeks a judicial declaration that the '221 Patent

5    is invalid and unenforceable against Valve.

6    **ANSWER:** Denied. Valve has a valid and enforceable covenant not to sue for the '221

7    Patent from Defendants.

8

9    35.    On information and belief, Rothschild, RBDS, Display Technologies, and PAM

10   are highly assertive entities whose entire business model is to make bad faith assertions of patent

11   infringement in the hopes of obtaining a quick settlement payment. The Meyler Defendants

12   knowingly and willingly assisted in making such claims against Valve and, presumably, other

13   companies as well. The assertions raised against Valve by the collective Defendants are in

14   violation of RCW 19.350 because they are objectively and subjectively baseless allegations that

15   Valve is infringing a patent to which Valve already has a license. Defendants' bad faith

16   assertions of patent infringement resulted in Valve spending unnecessary money on legal fees to

17   defend itself against these baseless claims.

18   **ANSWER:** Denied.

19

20   **II.    THE PARTIES**

21   36.    Valve Corporation is a software and videogame developer with its primary place

22   of business at 10400 NE 4th St. Fl. 14, Bellevue, WA 98004.

23   **ANSWER:** Defendants lack information sufficient to form a belief as to the truth or

24   falsity of the allegations in Paragraph 36 and therefore deny those allegations.

25

26   37.    On information and belief, Leigh Rothschild resides at 1801 NE 123rd St. North,

27

28

DEFENDANTS' ANSWER TO PLAINTIFF'S
SECOND AMENDED COMPLAINT AND
COUNTERCLAIMS
Case No. 2:23-cv-01016
Page **12** of **36**

**DC LAW GROUP**
12055 15th Ave NE | Seattle, WA 98125
Phone: (206) 494.0400

1  Miami, FL 33181.

2      **ANSWER:** Denied.

3

4      38.      RBDS is a corporation organized and existing under the laws of the state of

5  Texas with a registered physical address of 1 East Broward Boulevard, Suite 700, Ft.

6  Lauderdale, FL 33301.

7      **ANSWER:** Admitted.

8

9      39.      RBDS owns the rights to the '221 Patent, which it has asserted at least 120 times

10  against companies across a wide range of industries. No party that contested infringement has

11  ever been found by a federal court to infringe the '221 Patent. In each of its cases, RBDS

12  dismissed the lawsuit prior to claim construction.

13      **ANSWER:** Defendants admit that RBDS is the assignee of the '221 Patent, but

14  otherwise deny the allegations of Paragraph 39.

15

16      40.      Display Technologies is a corporation organized and existing under the laws of

17  the state of Texas with a registered physical address of 1 East Broward Boulevard, Suite 700, Ft.

18  Lauderdale, FL 33301.

19      **ANSWER:** Admitted.

20

21      41.      PAM is a corporation organized and existing under the laws of the state of

22  Florida, with a registered physical address of 1 East Broward Boulevard, Suite 700, Fort

23  Lauderdale, FL, 33301.

24      **ANSWER:** Admitted.

25

26      42.      Rothschild is the registered agent of PAM.

27  DEFENDANTS' ANSWER TO PLAINTIFF'S                              **DC LAW GROUP**
   SECOND AMENDED COMPLAINT AND                          12055 15th Ave NE | Seattle, WA 98125
28  COUNTERCLAIMS                                              Phone: (206) 494.0400
   Case No. 2:23-cv-01016
   Page **13** of **36**

1    **ANSWER:** Admitted.

2

3    43.    PAM owns 100% of RBDS and Display Technologies. Dkt. 21.

4    **ANSWER:** Admitted.

5

6    44.    Upon information and belief, Display Technologies, RBDS, and PAM are

7    controlled by Rothschild and are used by him for the sole purpose of asserting patent

8    infringement claims. PAM owns 100% of each of RBDS and Display Technologies. Dkt. 21.

9    **ANSWER:** Defendants admit that PAM owns 100% of each of RBDS and Display

10   Technologies, but otherwise deny the allegations of Paragraph 44.

11

12   45.    Samuel Meyler is an attorney licensed in Washington State. Meyler is the sole

13   practitioner of Meyler Legal, PLLC, having a registered place of business at 1700 Westlake Ave

14   N Ste 200, Seattle, WA 98109-6212.

15   **ANSWER:** Admitted.

16

17   46.    Rothschild signed and submitted the patent assignment agreement transferring

18   rights to the '221 Patent from one of his controlled entities, Ariel Inventions, to another of his

19   controlled entities, RBDS. Ex. 9 (Patent Assignment Cover Sheet). Rothschild signed on behalf

20   of both parties to the assignment.

21   **ANSWER:** Defendants admit that Rothschild signed an Assignment of Patent Rights

22   on behalf of Ariel Inventions LLC that assigned all rights in the '221 Patent to RBDS, but

23   otherwise deny the allegations of Paragraph 46.

24

25   47.    Despite being personally informed that Valve previously executed the 2016

26   Global Settlement and License Agreement with Rothschild, and being sent a copy of that

27

28

DEFENDANTS' ANSWER TO PLAINTIFF'S
SECOND AMENDED COMPLAINT AND
COUNTERCLAIMS
Case No. 2:23-cv-01016
Page **14** of **36**

**DC LAW GROUP**
12055 15th Ave NE | Seattle, WA 98125
Phone: (206) 494.0400

agreement, Meyler, on his firm's letterhead, authored and sent the June 2023 demand letter to Valve that threatens a lawsuit based on the '221 Patent, a patent explicitly listed in the 2016 Global Settlement and License Agreement.

**ANSWER:** Denied.

### III.    JURISDICTION AND VENUE

48.    This action arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, under the Patent Laws of the United States, 35 U.S.C. §§ 1 *et seq.* This action also arises under the Patent Troll Prevention Act enacted by the state of Washington at RCW 19.350 prohibiting bad faith assertion of patent infringement, and RCW 19.86.020, the Washington State Consumer Protection Act.

**ANSWER:** Denied.

49.    This Court has subject matter jurisdiction over the claims alleged in this action at least under 28 U.S.C. §§ 1331, 1338, 2201, and 2202, because this Court has exclusive jurisdiction over declaratory judgment claims arising under the Patent Laws pursuant to these statutes.

**ANSWER:** Denied. Valve has a valid and enforceable covenant not to sue for the '221 Patent from Defendants.

50.    This Court has supplemental jurisdiction over Valve's state claims under 28 U.S.C § 1367, as Valve's state law claims arise out of the same case or controversy as its claims for which this Court has original jurisdiction.

**ANSWER:** Denied. Valve has a valid and enforceable covenant not to sue for the '221 Patent from Defendants.

51.    This Court has personal jurisdiction over Defendants because they acted in

DEFENDANTS' ANSWER TO PLAINTIFF'S
SECOND AMENDED COMPLAINT AND
COUNTERCLAIMS
Case No. 2:23-cv-01016
Page **15** of **36**

**DC LAW GROUP**
12055 15th Ave NE | Seattle, WA 98125
Phone: (206) 494.0400

concert to conduct substantial business in this District, including regularly doing or soliciting

business, engaging in other persistent courses of conduct, suing other companies in this District

on the '221 Patent, and deriving substantial revenue from individuals and entities in Washington.

Rothschild-controlled entities routinely avail themselves of the Washington Federal District

Courts as a forum for asserting infringement against Washington companies. *See, e.g.*,

*Rothschild Broadcast Distrib. Sys., LLC* v. *CreativeLive Inc*, No. 2-22-cv-00771 (W.D. Wash.

June 2, 2022); *Display Technologies LLC v. Valve Corp.*, No. 2-22-cv-01365 (W.D. Wash. Sept.

27, 2022).

**ANSWER:** Denied.


52.    The 2022 demand letters from Falcucci were made on behalf of both Rothschild

and PAM, requested that Valve take a license to patents assigned to RBDS and Display

Technologies, were sent to Valve's headquarters in Washington, and sought additional royalty

payments from Valve.

**ANSWER:** Denied.


53.    Shortly after Mr. Falcucci sent these demand letters on behalf of Rothschild and

PAM, Display Technologies, represented by the Meyler Defendants, filed suit against Valve at

Rothschild's directive.

**ANSWER:** Denied.


54.    Accordingly, each Defendant purposefully and repeatedly directed its activities at

residents of Washington. On information and belief, Rothschild's companies have sent letters to

numerous other entities, including numerous other companies based in Washington, asserting

infringement of the '221 Patent and demanding payment of money. Thus, Defendants have

sufficient minimum contacts with the State of Washington to satisfy the Washington long-arm

DEFENDANTS' ANSWER TO PLAINTIFF'S
SECOND AMENDED COMPLAINT AND
COUNTERCLAIMS
Case No. 2:23-cv-01016
Page **16** of **36**

**DC LAW GROUP**
12055 15th Ave NE | Seattle, WA 98125
Phone: (206) 494.0400

1  statute (RCW 4.28.185) and Constitutional due process requirements because Defendants

2  regularly conduct business activities in Washington.

3          **ANSWER:** Denied.

4

5          55.      This Court further has personal jurisdiction over the Meyler Defendants because

6  both are domiciled in this jurisdiction.

7          **ANSWER:** Defendants admit that the Meyler Defendants are domiciled in the Western

8  District of Washington, but otherwise deny the allegations of Paragraph 55.

9

10         56.      Venue in this District is proper under 28 U.S.C. §§ 1391(b), (c), and (d) with

11 respect to Valve's particular claims against all Defendants.

12         **ANSWER:** Denied. Other than the Meyler Defendants, none of the Defendants resides

13 in the Western District of Washington.

14

15     **IV.    THE '221 PATENT**

16         57.      The '221 Patent issued on October 7, 2014, to Rothschild and is titled "System

17 and method for storing broadcast content in a cloud-based computing environment." The '221

18 Patent is currently assigned to RBDS.

19         **ANSWER:** Admitted.

20

21         58.      The '221 Patent is listed in Exhibit C to the 2016 Global Settlement and License

22 Agreement as one of the Licensed Patents. Ex. 1 at 19 (Patent No. 12).

23         **ANSWER:** Admitted.

24

25

26

27     DEFENDANTS' ANSWER TO PLAINTIFF'S                    **DC LAW GROUP**
       SECOND AMENDED COMPLAINT AND             12055 15th Ave NE | Seattle, WA 98125
28     COUNTERCLAIMS                                   Phone: (206) 494.0400
       Case No. 2:23-cv-01016
       Page 17 of 36

V.    **COUNT I: DECLARATORY JUDGEMENT THAT THE '221 PATENT IS INVALID**

55.    Valve incorporates by reference the preceding paragraphs of this Complaint.

**ANSWER:** Defendants incorporate by reference their responses to each of the preceding paragraphs of Plaintiff's Complaint.

56.    In view of the facts and allegations set forth above, there is an actual, justiciable, substantial, and immediate controversy between Valve and RBDS regarding the validity of the '221 Patent. Absent a declaration of invalidity, RBDS will continue to assert the '221 Patent wrongfully, thereby injuring Valve.

**ANSWER:**  Denied.

57.    As Valve explains throughout this Complaint and in Count III for Breach of Contract, incorporated by reference herein, Defendants behave as if compliance with the 2016 Global Settlement and License Agreement was optional. To avoid any doubt the existence of that agreement and its covenant not to sue does not negate the case or controversy between Valve and Defendants because of Defendants' pattern of past and ongoing violations of that agreement. This is that unique case where a covenant not to sue between the parties fails to provide Valve with the protection it paid for because, unfortunately, the assurances given to Valve in that agreement are worthless. Judicial intervention is therefore necessary to give Valve the rights it paid for, but that Defendants have denied it.

**ANSWER:**  Denied.

58.    The '221 patent is invalid for failure to meet one or more of the conditions of patentability under the patent laws of the United States, 35 U.S.C. § 1 *et seq*., including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112, and Valve is entitled to a declaration to that

DEFENDANTS' ANSWER TO PLAINTIFF'S
SECOND AMENDED COMPLAINT AND
COUNTERCLAIMS
Case No. 2:23-cv-01016
Page **18** of 36

**DC LAW GROUP**
12055 15th Ave NE | Seattle, WA 98125
Phone: (206) 494.0400

effect. By way of non-limiting example, upon information and belief, the claims of the '221

Patent are invalid as obvious under U.S. Patent Application Publication No. 2008/0155059,

titled "Methods and apparatus for supporting content distribution," alone or alternatively in view

of U.S. Patent No. 7,684,673 titled "Managing a digital video recorder via a network."

**ANSWER:** Denied.

## VI.    COUNT II: DECLARATORY JUDGEMENT THAT THE '221 PATENT IS UNENFORCEABLE AGAINST VALVE

59.    Valve incorporates by reference the preceding paragraphs of this Complaint.

**ANSWER:** Defendants incorporate by reference their responses to each of the

preceding paragraphs of Plaintiff's Complaint.

60.    Valve received a "perpetual, irrevocable, royalty-free, fully paid-up, worldwide

license" to the '221 Patent by signing the 2016 Global Settlement and License Agreement.

**ANSWER:** Defendants admit that the 2016 Global Settlement and License Agreement

included the grant of a perpetual, irrevocable, royalty-free, fully paid-up, worldwide license to

the '221 Patent, but otherwise deny the allegations of Paragraph 60.

61.    That Agreement applies with equal force to RBDS as it did to Ariel Inventions

LLC, the Rothschild-controlled entity that was assigned the '221 Patent when the 2016 Global

Settlement and License Agreement was signed. Indeed, Section 7.2 of the agreement states that

"Licensor may not assign, or exclusively license, any of the Licensed Patents without such

assignee or licensee agreeing to be bound by the obligations of the Licensor hereunder as if it

were a party hereto, and any assignment or exclusive license made in violation of this provision

shall be void." Ex. 1 at 7.

**ANSWER:** Defendants admit that the 2016 Global Settlement and License Agreement

includes the quoted language, but otherwise deny the allegations of Paragraph 61.

DEFENDANTS' ANSWER TO PLAINTIFF'S
SECOND AMENDED COMPLAINT AND
COUNTERCLAIMS
Case No. 2:23-cv-01016
Page **19** of 36

**DC LAW GROUP**
12055 15th Ave NE | Seattle, WA 98125
Phone: (206) 494.0400

1

2    62.    As discussed above, because Defendants behave as if compliance with the 2016

3    Global Settlement and License Agreement is optional, judicial intervention is necessary to give

4    Valve the rights it paid for, but that Defendants have denied it.

5    **ANSWER:**  Denied.

6

7    63.    Valve thus is entitled to judgment declaring that the '221 Patent is unenforceable

8    against Valve, and that no party can file suit against it for infringement of the '221 Patent.

9    **ANSWER:**  Denied.

10

11    64.    Valve has no adequate remedy at law for its declaratory judgment claims.

12    **ANSWER:**  Denied.

13

14    **VII.    COUNT III: BREACH OF CONTRACT**

15    65.    Valve incorporates by reference the preceding paragraphs of this Complaint.

16    **ANSWER:**  Defendants incorporate by reference their responses to each of the

17    preceding paragraphs of Plaintiff's Complaint.

18

19    66.    Section 3.1 of the 2016 Global Settlement and License Agreement is titled

20    "Licensor License to Licensee" and states "No royalties or additional payments of any kind shall

21    be required in order to maintain this Agreement in force." Ex. 1.

22    **ANSWER:** Admitted.

23

24    67.    Section 3.2 of the 2016 Global Settlement and License Agreement is titled

25    "Covenant Not to Sue Licensee" and states "Licensor covenants not to sue Licensee or its

26    Affiliates for actual or alleged infringement of the Licensed Patents." Ex. 1.

27    DEFENDANTS' ANSWER TO PLAINTIFF'S             **DC LAW GROUP**
     SECOND AMENDED COMPLAINT AND              12055 15th Ave NE | Seattle, WA 98125
28    COUNTERCLAIMS                             Phone: (206) 494.0400
     Case No. 2:23-cv-01016
     Page **20** of **36**

1    **ANSWER:**  Admitted.

2

3        68.      Valve fully performed its obligations under the 2016 Global Settlement and

4    License Agreement.

5        **ANSWER:**  Denied.

6

7        69.      As a condition of being assigned the '221 Patent, RBDS is bound by the 2016

8    Global Settlement and License Agreement as if it was an original signatory to the agreement.

9        **ANSWER:**  Denied.

10

11        70.      As the original signatory to the 2016 Global Settlement and License Agreement,

12    Display Technologies is bound by the agreement.

13        **ANSWER:**  Admitted

14

15        71.      The "potential resolution" and "resolution" discussed in the 2023 demand letter

16    sent by Meyler on behalf of Rothschild and RBDS is a monetary payment for additional rights to

17    patents to which Valve is already licensed, including the '221 Patent.

18        **ANSWER:**  Denied.

19

20        72.      RBDS breached at least Section 3.1 and anticipatorily breached Section 3.2 (and

21    therefore breached the 2016 Global Settlement and License Agreement) when it asserted the

22    '221 Patent against Valve in its most recent demand letter.

23        **ANSWER:**  Denied.

24

25        73.      RBDS repudiated its covenant not to sue Valve by expressly threatening to sue

26    Valve if it did not pay additional money to RBDS. Ex. 8 at 1.

27    DEFENDANTS' ANSWER TO PLAINTIFF'S                **DC LAW GROUP**
      SECOND AMENDED COMPLAINT AND              12055 15th Ave NE | Seattle, WA 98125
28    COUNTERCLAIMS                                   Phone: (206) 494.0400
      Case No. 2:23-cv-01016
      Page **21** of **36**

1

2

**ANSWER:**  Denied.

3

74.    In other words, RBDS made a positive statement indicating distinctly and

4

unequivocally that it would not substantially perform its obligations under the covenant not to

5

sue without receiving additional monetary payment that goes beyond Valve's payment

6

obligations under the 2016 Global Settlement and License Agreement.

7

**ANSWER:**  Denied.

8

9

75.    As noted above, RBDS also breached Section 3.1 of the 2016 Global Settlement

10

and License Agreement by demanding additional payment for rights to patents licensed to Valve

11

in the 2016 Global Settlement and License Agreement.

12

**ANSWER:**  Denied.

13

14

76.    Further, Display Technologies breached the covenant not to sue when it asserted

15

U.S. Patent No. 9,300,723 in its 2022 lawsuit against Valve and continues to be in breach by

16

failing to withdraw the 2022 demands from Mr. Falcucci.

17

**ANSWER:**  Denied.

18

19

77.    As explained above, Rothschild owns, controls, and directs the actions of RBDS

20

and Display Technologies. As a signatory to the 2016 Global Settlement and License

21

Agreement, Rothschild is also in breach and/or has anticipatorily breached the 2016 Global

22

Settlement and License Agreement.

23

**ANSWER:**  Denied.

24

25

26

27

28

DEFENDANTS' ANSWER TO PLAINTIFF'S
SECOND AMENDED COMPLAINT AND
COUNTERCLAIMS
Case No. 2:23-cv-01016
Page **22** of **36**

**DC LAW GROUP**
12055 15th Ave NE | Seattle, WA 98125
Phone: (206) 494.0400

VIII.  **COUNT IV: VIOLATION OF WASHINGTON UNFAIR BUSINESS PRACTICES AND BAD FAITH ASSERTIONS OF PATENT INFRINGEMENT, RCW 19.86 AND 19.350**

78.     Valve incorporates by reference the preceding paragraphs of this Complaint.

**ANSWER:**  Defendants incorporate by reference their responses to each of the preceding paragraphs of Plaintiff's Complaint.

79.     Defendants made a pre-suit assertion of patent infringement by sending the March 2022 demands to Valve, which falsely and misleadingly requested that Valve pay additional fees to obtain a license to U.S. Patents 8,671,195 and 9,300,723, patents owned by Display Technologies to which Valve already had a license.

**ANSWER:**  Denied.

80.     Defendants have not withdrawn Mr. Falcucci's demands.

**ANSWER:**  Denied.

81.     Defendants made another pre-suit assertion of patent infringement by sending the June 2023 demand letter to Valve, which claimed that Valve has infringed the '221 Patent and encouraged Valve to obtain a license to the '221 Patent to avoid litigation. This threat, like the March 2022 threat, was made outside the context of active litigation between Defendants and Valve.

**ANSWER:**  Denied.

82.     Defendants' pre-suit threats to sue Valve for infringing <u>licensed</u> patents are bad faith assertions of patent infringement and in violation of RCW 19.350 (the Patent Troll Prevention Act).

**ANSWER:**  Denied.

DEFENDANTS' ANSWER TO PLAINTIFF'S
SECOND AMENDED COMPLAINT AND
COUNTERCLAIMS
Case No. 2:23-cv-01016
Page 23 of 36

**DC LAW GROUP**
12055 15th Ave NE | Seattle, WA 98125
Phone: (206) 494.0400

1

2       83.    Defendants sent the June 2023 demand letter when no judicial proceeding or

3  litigation was pending between Defendants and Valve.

4       **ANSWER:** Denied.

5

6       84.    The June 2023 letter was emailed directly to a member of Valve's legal team.

7       **ANSWER:** Denied.

8

9       85.    The June 2023 letter did not attach any complaints or other proposed judicial

10  pleadings that Meyler intended to file. Instead, the letter explained that Valve could take a

11  license as a way of avoiding litigation.

12       **ANSWER:** Denied.

13

14       86.    To avoid any doubt, this demand letter was a private communication between

15  two private parties outside of the context of any judicial or quasi-judicial proceeding.

16       **ANSWER:** Denied.

17

18       87.    Defendants' assertion that Valve infringed licensed patents, such as the '221

19  Patent, was made in bad faith.

20       **ANSWER:** Denied.

21

22       88.    Defendants' bad faith assertion of infringement imposed a significant burden on

23  Valve because Valve must now, yet again, expend resources to defend itself against meritless

24  infringement allegations.

25       **ANSWER:** Denied.

26

27  DEFENDANTS' ANSWER TO PLAINTIFF'S          **DC LAW GROUP**
SECOND AMENDED COMPLAINT AND       12055 15th Ave NE | Seattle, WA 98125

28  COUNTERCLAIMS                 Phone: (206) 494.0400
Case No. 2:23-cv-01016
Page **24** of **36**

89.    The following non-exclusive factors enumerated under RCW 19.350 weigh in favor of a judicial finding that Defendants' threat of infringement against Valve was made in bad faith:

a.    19.350.020(2)(d): "The person threatens legal action that cannot legally be taken." As explained above, Valve has a worldwide, perpetual license to the '221 Patent. While Defendants have routinely disregarded their legal obligations under the parties' agreement—thus requiring the relief requested through this lawsuit—the fact remains that Defendants legally cannot sue Valve for infringement of the '221 Patent or any other patent covered by the 2016 license, yet have threatened, and even taken, legal action against Valve contrary to the terms of the agreement.

b.    19.350.020(2)(f): "The person, or a subsidiary or an affiliate of the person, has previously filed or threatened to file one or more lawsuits based on the same or substantially equivalent assertion of patent infringement, and a court found the person's assertion to be without merit or found the assertion contains false, misleading, or deceptive information."

i.    Upon information and belief, RBDS or another Rothschild- controlled entity has asserted the '221 Patent against at least 127 different companies spanning hundreds of technological fields, industries, services, and products. The only reason that a court has not previously found the assertions of the '221 Patent to be meritless is because these Rothschild-controlled entities exact a quick settlement fee far below the costs to litigate and/or voluntarily dismiss their lawsuits when presented with arguments over the non-infringement and/or invalidity of the asserted patents.

ii.    As noted above and expanded upon below, however, courts have found that patent claims made by other Rothschild-controlled entities are without merit. Indeed, on information and belief, Defendants, or a subsidiary or an affiliate of

DEFENDANTS' ANSWER TO PLAINTIFF'S
SECOND AMENDED COMPLAINT AND
COUNTERCLAIMS
Case No. 2:23-cv-01016
Page 25 of 36

**DC LAW GROUP**
12055 15th Ave NE | Seattle, WA 98125
Phone: (206) 494.0400

one or more Defendants, made substantially equivalent assertions of patent

infringement that a court found to be so lacking in merit that it awarded fees to

the opposing party.

iii.    For example, in the case referenced in attached Ex. 4, *Rothschild*

*Connected Devices Innovations, LLC v. Guardian Prot. Servs., Inc.*, No. 2:15-cv-

01431 (E.D. Tex.), the Rothschild plaintiff accused a company of infringing one

of the many patents naming Leigh Rothschild as its inventor. Rothschild

ultimately voluntarily moved to dismiss the action, which the district court

granted while concurrently denying the opposing party's motion for attorney fees.

*Rothschild Connected Devices Innovations, LLC v. Guardian Prot. Servs., Inc.*,

858 F.3d 1383, 1386 (Fed. Cir. 2017).

iv.    Upon remand from the Federal Circuit, the district court ordered the

Rothschild plaintiff to pay "the full amount of fees [the opposing party] seeks."

*Rothschild Connected Devices Innovations, LLC v. ADS Sec., L.P.*, No. 2:15-cv-

01431, 2017 WL 5178998, at *2 (E.D. Tex. Nov. 8, 2017).

v.    In its opinion, the Federal Circuit held (*Rothschild*, 858 F.3d at 1390

(emphasis added)):

> *[T]he undisputed evidence regarding Rothschild's vexatious*
> *litigation warrants an affirmative exceptional case finding*
> *here. See Newegg*, 793 F.3d at 1350 ("[A] pattern of litigation
> abuses characterized by the repeated filing of patent
> infringement actions for the sole purpose of forcing
> settlements, with no intention of testing the merits of one's
> claims, is relevant to a district court's exceptional case
> determination under § 285."); *see also Eon–Net*, 653 F.3d at
> 1327 (noting that settlement offers that were "less than ten
> percent of the cost that [a defendant] expended to defend
> suit—effectively ensured that [a plaintiff's] baseless
> infringement allegations remain unexposed").

vi.    Such substantially equivalent assertions by another Rothschild entity that

led to an attorney fee award—and therefore, on information and belief, a finding

DEFENDANTS' ANSWER TO PLAINTIFF'S
SECOND AMENDED COMPLAINT AND
COUNTERCLAIMS
Case No. 2:23-cv-01016
Page 26 of 36

**DC LAW GROUP**
12055 15th Ave NE | Seattle, WA 98125
Phone: (206) 494.0400

that the underlying patent infringement assertion was without merit—are relevant to whether Defendants acted in bad faith here. Indeed, Defendants engage in exactly the same type of assertions that the Federal Circuit admonished in the above-described *Rothschild* decision.

c.     19.350.020(2)(g): "Any other factor the court determines to be relevant." As explained above, Valve sent a copy of the 2016 Global Settlement and License Agreement to the Meyler Defendants. Those defendants, a law firm and attorney bound by the Washington State Rules of Professional Conduct, should have known about the agreement and its contents based on the bare-minimum due diligence required before filing suit. The earlier-filed Meyler case, brought on behalf of Display Technologies, was voluntarily dismissed without prejudice because of that Rothschild-Valve contract. Five months later, however, Defendants are trying the same tactic again, asserting infringement of patents Valve has already licensed.

**ANSWER:** Defendants admit that RCW 19.350 and the panel's opinion in *Rothschild Connected Devices Innovations, LLC v. Guardian Prot. Servs., Inc.*, 858 F.3d 1383 (Fed. Cir. 2017) include the quoted language, but otherwise deny the allegations of Paragraph 89.


90.     Defendants' violations of RCW 19.350 are an unfair and deceptive business practice in the conduct of trade or commerce, as declared unlawful and actionable per RCW 19.86.020. *See* RCW 19.86.093; *see also* RCW 19.350.030 (A violation of the Patent Troll Prevention Act "is an unfair or deceptive act in trade or commerce and an unfair method of competition for purposes of applying the consumer protection act, chapter 19.86 RCW.").

**ANSWER:**  Denied.


IX.    **PRAYER FOR RELIEF**

WHEREFORE, Valve respectfully requests the following relief:

DEFENDANTS' ANSWER TO PLAINTIFF'S
SECOND AMENDED COMPLAINT AND
COUNTERCLAIMS
Case No. 2:23-cv-01016
Page 27 of 36

**DC LAW GROUP**
12055 15th Ave NE | Seattle, WA 98125
Phone: (206) 494.0400

a.      Damages, treble damages, and attorney fees pursuant to RCW 19.86.090;

b.      A declaration that the '221 patent is invalid and unenforceable against Valve;

c.      Preliminary and permanent injunctive relief against Defendants, and ordering Defendants and each of their officers, directors, agents, counsel, servants, employees, and all persons in active concert or participation with them to withdraw their claims and be restrained from alleging, representing, or otherwise stating that any Valve product or service infringes any patent covered by the 2016 Global Settlement and License Agreement, and further enjoining Defendants from instituting any action or proceeding against Valve alleging infringement of any claims of any of the patents covered in the 2016 Global Settlement and License Agreement;

d.      Declaring Valve as the prevailing party and this case as exceptional, and awarding Valve its reasonable attorney fees, pursuant to 35 U.S.C. § 285;

e.      Awarding Valve all damages caused by Defendants' unlawful acts, including punitive damages and pre- and post-judgment interest, as provided by law;

f.      That Defendants be ordered to pay all fees, expenses, and costs associated with this action; and

g.      Awarding such other and further relief as this Court deems just and proper.

**ANSWER:** Defendants deny that Plaintiff is entitled to any relief in any form.

## X.      JURY TRIAL REQUEST

Valve, pursuant to the Seventh Amendment of the United States Constitution, requests trial by jury on all issues properly heard by a jury.

**ANSWER:** Defendants admit that Plaintiff's Second Amended Complaint includes a request by Valve for a jury trial.

DEFENDANTS' ANSWER TO PLAINTIFF'S
SECOND AMENDED COMPLAINT AND
COUNTERCLAIMS
Case No. 2:23-cv-01016
Page **28** of **36**

**DC LAW GROUP**
12055 15th Ave NE | Seattle, WA 98125
Phone: (206) 494.0400

**GENERAL DENIAL**

Each and every allegation in Plaintiff's Second Amended Complaint not specifically admitted herein is denied.

**AFFIRMATIVE DEFENSES**

91.     Subject to the responses above, Defendants assert the following defenses in response to Plaintiff's allegations, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein. All defenses are pled in the alternative and are not admissions of liability or that Plaintiff is entitled to any relief. Defendants' investigation of the facts and their potentially available defenses is continuing, and so Defendants expressly reserve the right to assert additional defenses under, inter alia, Rule 8 of the Federal Rules of Civil Procedure and/or any other defenses, at law in or in equity, that may now exist or in the future become available based upon discovery and further investigation in this case.

**FIRST DEFENSE**
**(FAILURE TO STATE A CLAIM)**

92.     Plaintiff's Complaint fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**
**(FAILURE TO MITIGATE)**

93.     Plaintiff failed to take any steps to prevent or minimize the injuries alleged in Plaintiff's Complaint or to mitigate Plaintiff's alleged damages.

**THIRD DEFENSE**
**(UNCLEAN HANDS)**

94.     Plaintiff's claims for relief are limited or barred, in whole or in part, by the doctrine of unclean hands.

DEFENDANTS' ANSWER TO PLAINTIFF'S
SECOND AMENDED COMPLAINT AND
COUNTERCLAIMS
Case No. 2:23-cv-01016
Page 29 of 36

**DC LAW GROUP**
12055 15th Ave NE | Seattle, WA 98125
Phone: (206) 494.0400

**FOURTH DEFENSE**
**(EQUITABLE DOCTRINES)**

95.     Plaintiff's claims for relief are limited or barred, in whole or in part, by one or more of the doctrines of acquiescence, estoppel, waiver, ratification, consent, and/or any other applicable equitable doctrine.

## COUNTERCLAIMS

Display Technologies, LLC ("DT") asserts the following counterclaims against Valve Corporation ("Valve"):

1.     Valve has filed a complaint for declaratory judgment against DT alleging the invalidity and unenforceability of U.S. Patent No. 8,856,221 ("the '221 Patent").

## PARTIES

2.     DT is a limited liability company organized and existing under the laws of the State of Texas with a place of business at 1 East Broward Boulevard, Suite 700, Ft. Lauderdale, FL 33301.

3.     On information and belief, Valve is a corporation organized and existing under the laws of the State of Washington with a place of business at 10400 NE 4th St. Fl. 14, Bellevue, WA 98004.

## JURISDICTION AND VENUE

4.     Valve has filed a complaint against DT seeking, *inter alia*, a declaratory judgment of patent invalidity and unenforceability.  As a result of the filing of Valve's complaint, an immediate and justiciable case and controversy exists between DT and Valve. DT's counterclaims relate to Valve's allegations of patent invalidity and unenforceability and arise under the patent laws of the United States, 35 U.S.C. § 1, et seq.

5.     This Court has subject matter jurisdiction over these counterclaims under 28 U.S.C. §§ 1331 and 1338 and the Declaratory Judgment Act.

DEFENDANTS' ANSWER TO PLAINTIFF'S
SECOND AMENDED COMPLAINT AND
COUNTERCLAIMS
Case No. 2:23-cv-01016
Page 30 of 36

**DC LAW GROUP**
12055 15th Ave NE | Seattle, WA 98125
Phone: (206) 494.0400

6.    This Court has personal jurisdiction over Valve, and venue is proper, under 28 U.S.C. §§ 1391(a), (b) and (c) because, among other things, Valve resides in this District and has submitted itself to the jurisdiction of this Court in this District by filing its complaint against DT in this District.

## BACKGROUND

7.    DT is the owner by assignment of U.S. Patent No. 8,671,195 ("the '195 Patent") entitled "DIGITAL MEDIA COMMUNICATION PROTOCOL." The '195 Patent was duly and legally issued on March 11, 2014. A true and correct copy of the '195 Patent is attached as Exhibit A.

8.    DT is the owner by assignment of U.S. Patent No. 8,856,221 ("the '221 Patent") entitled "SYSTEM AND METHOD FOR STORING BROADCAST CONTENT IN A CLOUD-BASED COMPUTING ENVIRONMENT." The '221 Patent was duly and legally issued on October 7, 2014. A true and correct copy of the '221 Patent is attached as Exhibit B.

9.    Leigh Rothschild is listed as the sole inventor of the '195 Patent and the '221 Patent.

10.    On June 8, 2015, DT filed suit against Valve for infringement of the '195 Patent.

11.    On November 14, 2016, DT and Valve entered into a settlement and license agreement ("the GSLA") to resolve DT's claims against Valve for infringement of the '195 Patent.

12.    The GSLA defined "Licensed Patents" to mean, in relevant part, "the patents identified in Exhibit C" to the GLSA. Dkt. 1-1 at 2.

13.    The patents identified Exhibit C to the GSLA included the '195 Patent and the '221 Patent. Dkt. 1-1 at 18, 19.

14.    In Section 3.3 of the GSLA, Valve "covenant[ed] not to sue [DT] for any claims with respect to the Licensed Patent." Dkt. 1-1 at 4. Despite this binding covenant not to sue DT

DEFENDANTS' ANSWER TO PLAINTIFF'S
SECOND AMENDED COMPLAINT AND
COUNTERCLAIMS
Case No. 2:23-cv-01016
Page 31 of 36

**DC LAW GROUP**
12055 15th Ave NE | Seattle, WA 98125
Phone: (206) 494.0400

for any claims with respect to the Licensed Patent, Valve nevertheless filed suit against DT in this Court seeking a declaratory judgment that the '221 patent is invalid and unenforceable.

### COUNTERCLAIM COUNT 1
### (Breach of Contract)

15.    DT repeats, re-alleges, and incorporates by reference the averments set forth in the foregoing paragraphs of its Answer and Counterclaims as if fully set forth herein.

16.    Valve breached at least Section 3.4 of the GSLA when Valve filed suit against DT seeking a declaratory judgment that the '221 patent is invalid and unenforceable.

### COUNTERCLAIM COUNT 2
### (Infringement of the '195 patent)

17.    DT repeats, re-alleges, and incorporates by reference the averments set forth in the foregoing paragraphs of its Answer and Counterclaims as if fully set forth herein.

18.    Valve has infringed and continues to infringe the '195 patent under the provisions of 35 U.S.C. § 271(a) by making, using, selling and/or offering for sale in, and/or importing into, the United States, without authorization, a digital media communications protocol for transmitting media files between a media terminal and media node on an interactive network, such as Steam OS.

19.    Valve has been aware of the '195 Patent and infringement of the claims thereof by Valve's products such as Steam OS since at least June 8, 2015.

20.    Valve's Steam OS falls within the scope of at least claim 17 of the '195 Patent, as evidenced by Valve's product descriptions. For example, Steam OS provides a digital communication protocol. *See* http://store.steampowered.com/streaming/. Valve's Steam OS includes at least one media terminal and media node, a communications link between them, the communications link being initiated by Stream OS on a, the media node and terminal structured to transmit a digital file over the communications link, and the communications link is structured

DEFENDANTS' ANSWER TO PLAINTIFF'S
SECOND AMENDED COMPLAINT AND
COUNTERCLAIMS
Case No. 2:23-cv-01016
Page 32 of 36

**DC LAW GROUP**
12055 15th Ave NE | Seattle, WA 98125
Phone: (206) 494.0400

to bypass at least one media terminal security measure. For example, Steam OS "allows you to play a game on one computer when the game process is actually running on another computer elsewhere in your home. Through Stream, game audio and video is captured on the remote computer and sent to the player's computer." *Id*.

21.    Valve, with knowledge that its products such as Steam OS, or the use thereof, infringe the '195 Patent since at least June 8, 2015, knowingly and intentionally induced, and continue to knowingly and intentionally induce direct infringement of the '195 Patent by continuing to sell and offer for to sell these products to end-users for use in an infringing manner.

22.    Valve's infringement of the '195 Patent therefore has been and continues to be willful.

23.    DT has suffered damages as a result of Valve's direct and indirect infringement of the '195 Patent in an amount to be proved at trial.

24.    DT has suffered, and will continue to suffer, irreparable harm as a result of Valve's infringement of the '195 Patent, for which there is no adequate remedy at law, unless Valve's infringement is enjoined by this Court.

## COUNTERCLAIM COUNT 3
### (Infringement of the '221 patent)

25.    DT repeats, re-alleges, and incorporates by reference the averments set forth in the foregoing paragraphs of its Answer and Counterclaims as if fully set forth herein.

26.    Valve has infringed and continues to infringe the '221 patent under the provisions of 35 U.S.C. § 271(a) by making, using, selling and/or offering for sale in, and/or importing into, the United States, without authorization, products which provide a method storing media content and delivering requested media content to a consumer device, such as Steam Cloud.

27.    Valve has been aware of the '221 Patent and infringement of the claims thereof by Valve's products such as Steam Cloud since at least November 14, 2016.

DEFENDANTS' ANSWER TO PLAINTIFF'S
SECOND AMENDED COMPLAINT AND
COUNTERCLAIMS
Case No. 2:23-cv-01016
Page 33 of 36

**DC LAW GROUP**
12055 15th Ave NE | Seattle, WA 98125
Phone: (206) 494.0400

28.     Valve's Steam Cloud, and the use thereof, falls within the scope of at least claim 7 of the '221 Patent, as evidenced by Valve's product descriptions.  For example, "Steam Cloud allows games and the platform to utilize cloud storage hosted by Steam. Games can utilize Steam Cloud for storage of many different types of data, including game settings, save games, profile stats and other user-specific bits."   https://help.steampowered.com/en/faqs/view/68D2-35AB-09A9-7678.  The Steam Cloud provides an easy and transparent remote file storage system for your game. Files specified in the Auto-Cloud configuration or written to disk (created, modified, deleted, etc.) using the Cloud API will automatically be replicated to the Steam servers after the game exits. *See* https://partner.steamgames.com/doc/features/cloud#initial-setup.

29.     Valve, with knowledge that its products such as Steam Cloud, or the use thereof, infringe the '221 Patent since at least November 14, 2016, knowingly and intentionally induced, and continue to knowingly and intentionally induce direct infringement of the '221 Patent by continuing to sell and offer for to sell these products to end-users for use in an infringing manner.

30.     Valve's infringement of the '221 Patent therefore has been and continues to be willful.

31.     DT has suffered damages as a result of Valve's direct and indirect infringement of the '221 Patent in an amount to be proved at trial.

32.     DT has suffered, and will continue to suffer, irreparable harm as a result of Valve's infringement of the '221 Patent, for which there is no adequate remedy at law, unless Valve's infringement is enjoined by this Court.

## COUNTERCLAIM COUNT 4
### (Business Defamation)

33.     DT repeats, re-alleges, and incorporates by reference the averments set forth in the foregoing paragraphs of its Answer and Counterclaims as if fully set forth herein.

34.     Valve has wrongfully accused DT of being a "patent troll" and having "engaged in a pattern of unseemly litigation tactics, often based on objectively baseless allegations" and

DEFENDANTS' ANSWER TO PLAINTIFF'S
SECOND AMENDED COMPLAINT AND
COUNTERCLAIMS
Case No. 2:23-cv-01016
Page **34** of **36**

**DC LAW GROUP**
12055 15th Ave NE | Seattle, WA 98125
Phone: (206) 494.0400

"unfair business practices" in public filings that Valve has made in this Court. Dkt. 38; *see also* Dkt. 1, 23.

35.    Valve knew, or should have known, that its accusations against DT were false.

36.    DT has suffered damages as a result of Valve's defamation in an amount to be proved at trial.

## DT'S DEMAND FOR A JURY TRIAL

DT demands a trial by jury on all matters and issues triable by jury.

## PRAYER FOR RELIEF

Best Buy requests that judgment be entered as follows:

A.    finding, declaring, and adjudging that DigiMedia is not entitled to any remedy or relief, and, therefore, shall take nothing from Best Buy;

B.    finding, declaring, and adjudging in favor of Best Buy against DigiMedia, and dismissing with prejudice all claims of DigiMedia against Best Buy;

C.    finding, declaring, and adjudging that Best Buy has not infringed and is not infringing any claim of the patents-in-suit, either directly, indirectly, literally, and under the doctrine of equivalents;

D.    finding, declaring, and adjudging that the claims of the patents-in-suit are invalid or patent ineligible;

E.    finding, declaring, and adjudging that this is an exceptional case pursuant to 35 U.S.C. § 285;

F.    awarding Best Buy its costs (including expert witness fees), expenses, and reasonable attorney fees, and such other relief as may be appropriate; and

G.  awarding such other and further relief as the Court deems proper and just,

DEFENDANTS' ANSWER TO PLAINTIFF'S
SECOND AMENDED COMPLAINT AND
COUNTERCLAIMS
Case No. 2:23-cv-01016
Page **35** of **36**

**DC LAW GROUP**
12055 15th Ave NE | Seattle, WA 98125
Phone: (206) 494.0400

1

Dated: October 17, 2024

Respectfully submitted,

2

By: _/s/ Donald R. McPhail_____

3

Donald R. McPhail (admitted *phv*)
1900 Duke Street

4

Alexandria, Virginia 22314
Tel: (703) 518-4516

5

Fax: (612) 332-9081
Email: dmcphail@merchantgould.com

6

7

Matthew J. Cunanan (#42530)
DC LAW GROUP

8

12055 15th Ave NE, Suite B
Seattle, WA 98125

9

Tel: (206) 494-0400
Fax: (855) 494-0400

10

Email: matthew@dclglawyers.com

11

12

*Attorneys for Defendants Leigh Rothschild,*
*Rothschild Broadcast Distribution Systems,*

13

*LLC, Display Technologies, LLC, Patent Asset*
*Management, LLC, Meyler Legal, PLLC, and*

14

*Samuel Meyler*

15

16

17

18

19

20

21

22

23

24

25

26

27

28