# UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF WASHINGTON

## AT SEATTLE

| | |
|---|---|
| VALVE CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>LEIGH ROTHSCHILD, ROTHSCHILD BROADCAST DISTRIBUTION SYSTEMS, LLC, DISPLAY TECHNOLOGIES, LLC, PATENT ASSET MANAGEMENT, LLC, MEYLER LEGAL, PLLC, AND SAMUEL MEYLER,<br><br>Defendants. | Case No. 2:23-cv-1016-JNW<br><br>**PLAINTIFF VALVE CORPORATION'S MOTION TO STRIKE**<br><br>NOTE ON MOTION CALENDAR:<br>**January 10, 2025**<br><br>Complaint Filed:     07/07/2023<br><br>ORAL ARGUMENT REQUESTED |

VALVE CORPORATION'S MOTION TO STRIKE
Case No. 2:23-cv-1016

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

**TABLE OF CONTENTS**

<u>Page</u>

I. INTRODUCTION ...................................................................................................1

II. BACKGROUND .....................................................................................................1

III. LEGAL FRAMEWORK..........................................................................................2

    A. Denials must deny only parts of pleadings that are not true. ..............................2

    B. Affirmative defenses must give plaintiff fair notice. ..........................................3

IV. ARGUMENT ...........................................................................................................3

    A. Defendants' blanket denial of Valve's allegations in paragraph 76 violates Rule 8(b)(4). ................................................................................3

    B. Defendants' affirmative defenses fail to give fair notice to Valve and should be stricken. .................................................................................4

    C. Defendants' assertion that they do not need to plead any facts in their affirmative defenses is contrary to law. ..................................................6

V. CONCLUSION........................................................................................................7

VALVE CORPORATION'S MOTION TO STRIKE
Case No. 2:23-cv-1016

i

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

# TABLE OF AUTHORITIES

<u>Page</u>

**Cases**

*Advanced Hair Restoration LLC v. Bosely Inc.*,
   No. C23-1031-KKE, 2023 WL 9024196 (W.D. Wash. Dec. 29, 2023) .................................. 3

*Albert's Organics, Inc. v. Holzman*,
   No. 19-CV-07477-PJH, 2020 WL 3892861 (N.D. Cal. July 10, 2020).................................... 3

*Baker v. FirstCom Music*,
   No. LA-cv-168931-VAP-JPRX, 2017 WL 9500947 (C.D. Cal. July 27, 2017) .................. 5, 6

*Bell v. Nat'l Credit Sys., Inc.*,
   No. 2:19-cv-01727-RAJ-BAT, 2020 WL 1452552 (W.D. Wash. Jan. 8, 2020)....................... 5

*Brian Jonestown Massacre v. Davies*,
   No. 13-CV-04005 NC, 2014 WL 4076549 (N.D. Cal. Aug. 18, 2014) ................................... 2

*CornerStone Staffing Sols., Inc. v. James*,
   No. C 12-01527 RS, 2013 WL 12373799 (N.D. Cal. Apr. 29, 2013) ...................................... 3

*Display Techs. v. Valve Corp.*,
   Case No. 2:22-1365, Dkt. 1 (W.D. Wash. Sept. 27, 2022) ....................................................... 4

*Garcia v. Salvation Army*,
   918 F.3d 997 (9th Cir. 2019)................................................................................................... 3

*Gross v. Weinstein, Weinburg & Fox, LLC*,
   123 F. Supp. 3d 575 (D. Del. 2015) ........................................................................................ 4

*Hennessey v. Radius Global Sols. LLC*,
   No. 3:24-CV-05654-DGE, 2024 WL 4696134 (W.D. Wash. Nov. 6, 2024) ...................... 3, 5

*J & J Sports Prods., Inc. v. Olivo*,
   No. 14-CV-02766-L BGS, 2015 WL 3604457 (S.D. Cal. June 8, 2015) ................................ 4

*Seattlehaunts, LLC v. Thomas Fam. Farm, LLC*,
   No. C19-1937JLR, 2020 WL 5500373 (W.D. Wash. Sept. 11, 2020) ..................................... 5

*Smith v. Bank of New York Mellon*,
   No. C19-0538-JCC, 2019 WL 3428744 (W.D. Wash. July 30, 2019) .................................... 5

*Tollefson v. Aurora Fin. Grp., Inc.*,
   No. C20-0297JLR, 2021 WL 462689 (W.D. Wash. Feb. 9, 2021)....................................... 5, 6

*White v. King Cty. Sheriff's Office*,
   No. 2:23-cv-01761-JHC, 2024 WL 2802930 (W.D. Wash. May 31, 2024)........................ 2, 6

VALVE CORPORATION'S MOTION TO STRIKE
Case No. 2:23-cv-1016

ii

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

# TABLE OF AUTHORITIES

<u>Page</u>

**Other Authorities**

5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure, § 1268 (3d ed. 2020) ............................................................................................................. 3

Fed. R. Civ. P. 8(b)(2) ........................................................................................................ 2

Fed. R. Civ. P. 8(b)(4) ........................................................................................... 1, 2, 3, 4

Fed. R. Civ. P. 12(f) ........................................................................................................... 3

VALVE CORPORATION'S MOTION TO STRIKE
Case No. 2:23-cv-1016

iii

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

## I.   INTRODUCTION

Defendants' First Amended Answer and Counterclaims (Dkt. 63) ("Answer") contains a denial that directly contradicts statements made by Defendants in open court. This denial does not meet the requirements of Rule 8(b)(4) and should be stricken. Defendants' Answer also asserts affirmative defenses that merely provide the legal definition of the defense and are void of any factual allegations. Such affirmative defenses do not adequately put Valve on notice and should likewise be stricken.

## II.   BACKGROUND

Defendants filed their Answer on November 15, 2024. Dkt 63. Defendants' Answer "Denied" Valve's allegation that "Display Technologies breached the covenant not to sue when it asserted U.S. Patent No. 9,300,723 in its 2022 lawsuit against Valve and continues to be in breach by failing to withdraw the 2022 demands from Mr. Falcucci." *Id*. at ¶ 76. During the September 20, 2024 hearing on Defendants' motion to dismiss, counsel for Defendants stated: "I will concede to you that there was a breach of the contract in 2022 [from the Display Technologies lawsuit]…" Geyer Decl., Ex. 1 at 5:24-25.

Defendants also pleaded affirmative defenses to Valve's claims, including:

**SECOND DEFENSE**
**(FAILURE TO MITIGATE)**
93. Plaintiff failed to take any steps to prevent or minimize the injuries alleged in Plaintiff's Complaint or to mitigate Plaintiff's alleged damages.

**THIRD DEFENSE**
**(UNCLEAN HANDS)**
94. Plaintiff's claims for relief are limited or barred, in whole or in part, by the doctrine of unclean hands.

**FOURTH DEFENSE**
**(EQUITABLE DOCTRINES)**
95. Plaintiff's claims for relief are limited or barred, in whole or in part, by one or more of the doctrines of acquiescence, estoppel, waiver, ratification, consent, and/or any other applicable equitable doctrine.

Dkt. 63 at ¶¶ 93-95.

Pursuant to the Court's Chamber Procedures § 5.6, the parties met and conferred on October 29 regarding Valve's intended motion to dismiss and motion to strike Defendants' Original Answer and Counterclaims. Valve sent follow-up emails on October 31 and

VALVE CORPORATION'S MOTION TO STRIKE
Case No. 2:23-cv-1016

1

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

November 11 confirming Valve's positions on those motions. Geyer Decl., Ex. 2. Relevant here, Valve explained that (i) Defendants' denial of the allegations in paragraph 76 "do[es] not comply with Federal Rule of Civil Procedure 8(b)(4) that Defendants must 'deny only part of an allegation' and 'must admit the part that is true and deny the rest.'" and (ii) Defendants' affirmative defenses "are not adequately pled because they merely recite the legal doctrine without providing sufficient notice to Valve." *Id.* (citations omitted).

Defendants' amended Answer (filed November 15) did not change its denial of Paragraph 76[1] or its affirmative defenses. Dkt. 63, ¶¶ 76; 93-95. Valve emailed Defendants on November 19 informing them that Valve still intended to move to dismiss and move to strike Defendants' Answer based on their failure to cure previously identified deficiencies. Geyer Decl., Ex. 3. Valve reiterated its positions that (i) Defendants' complete denial of paragraph 76 does not comply with Rule 8(b)(4) and (ii) Defendants' affirmative defenses are inadequately pleaded. *Id*. Valve also asked for any authority Defendants had to support their denial. *Id*.

In response, Defendants stated "we disagree with Valve's position and that Defendants' denial [of paragraph 76] in any way violates Rule 8(b)(4)." Geyer Decl., Ex. 4. Defendants also alleged that:

> the most recent case law from the Western District of Washington holds that the heightened pleading standards required of a Plaintiff are not applicable to affirmative defenses. *White v. King Cty. Sheriff's Office*, No. 2:23-cv-01761-JHC, 2024 WL 2802930, at *2 (W.D. Wash. May 31, 2024). Defendants' affirmative defenses state 'in short and plaint terms [their] defenses' to Valve's claims.

*Id*.

### III.    LEGAL FRAMEWORK

#### A.    Denials must deny only parts of pleadings that are not true.

Denials made in an answer must be made "in good faith." Fed. R. Civ. P. 8(b)(2). When allegations contain multiple facts, "[a] party that intends in good faith to deny only part of an allegation must admit the part that is true and deny the rest." Fed. R. Civ. P. 8(b)(4); *see also Brian Jonestown Massacre v. Davies,* No. 13-CV-04005 NC, 2014 WL 4076549 (N.D. Cal.

---

[1] Defendants did change their blanket denials to other allegations in the complaint, leading Valve to withdraw its challenge to those denials.

VALVE CORPORATION'S MOTION TO STRIKE
Case No. 2:23-cv-1016

2

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

Aug. 18, 2014). "[B]lanket denials of entire paragraphs fail to meet this standard." *CornerStone Staffing Sols., Inc. v. James*, No. C 12-01527 RS, 2013 WL 12373799, at *3 (N.D. Cal. Apr. 29, 2013). "[I]f an argumentative denial renders unclear which averments the defensive pleading is designed to place in issue, a motion to strike under Rule 12(f) may be appropriate…" *Albert's Organics, Inc. v. Holzman*, No. 19-CV-07477-PJH, 2020 WL 3892861, at *2 (N.D. Cal. July 10, 2020) (quoting 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure, § 1268 (3d ed. 2020)).

### B. Affirmative defenses must give plaintiff fair notice.

An insufficiently pleaded affirmative defense may be struck from an answer under Rule 12(f). *Advanced Hair Restoration LLC v. Bosely Inc.*, No. C23-1031-KKE, 2023 WL 9024196, at *4 (W.D. Wash. Dec. 29, 2023). "The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense." *Id*. (quoting *Garcia v. Salvation Army*, 918 F.3d 997, 1008 (9th Cir. 2019)). "[A] party's mere reference to a legal doctrine or statutory provision without specifying the legal grounds and setting forth the elements of the defense does not provide sufficient notice." *Hennessey v. Radius Global Sols. LLC*, No. 3:24-CV-05654-DGE, 2024 WL 4696134, at *2 (W.D. Wash. Nov. 6, 2024) (alteration in original) (quotation omitted).

## IV. ARGUMENT

### A. Defendants' blanket denial of Valve's allegations in paragraph 76 violates Rule 8(b)(4).

Paragraph 76 of Valve's Complaint recites that "Display Technologies breached the covenant not to sue when it asserted U.S. Patent No. 9,300,723 in its 2022 lawsuit against Valve and continues to be in breach by failing to withdraw the 2022 demands from Mr. Falcucci." Dkt. 38. Defendants' blanket denial of the allegations contained in this paragraph violates Rule 8(b)(4). Paragraph 76 contains multiple factual allegations, one of which Defendants already admitted in open court. Because Defendants admitted that there was a breach in 2022, they are required to admit that "Display Technologies breached the covenant not to sue when it asserted U.S. Patent No. 9,300,723 in its 2022 lawsuit." Defendants' failure to do so violates Rule 8(b)(4). *See, e.g.*,

VALVE CORPORATION'S MOTION TO STRIKE
Case No. 2:23-cv-1016

3

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

*Gross v. Weinstein, Weinburg & Fox, LLC*, 123 F. Supp. 3d 575, 582 (D. Del. 2015) ("Even assuming there is some portion of the allegation in paragraph 20 to which DMD may not yet be prepared to admit … Rule 8(b)(4) requires DMD to 'admit the part [of the allegation] that is true and deny [only] the rest.'" (alterations in original)).

Defendants have no good faith basis to deny all factual allegations in paragraph 76. There is no dispute that Display Technologies sued Valve for infringement of U.S. Patent No. 9,300,723 in July 2022. *See* Dkt. 63 at ¶ 19; *see also Display Techs. v. Valve Corp.*, Case No. 2:22-1365, Dkt. 1 (W.D. Wash. Sept. 27, 2022). Defendants already admitted to this Court that the 2022 lawsuit was a breach of contract. Ex. 1 at 5:24-25 ("I will concede to you that there was a breach of the contract in 2022…"). Without explanation, Defendants reversed course in their Answer. Dkt. 63, ¶ 76. Defendants cannot deny the same allegation they admitted to this Court less than two months ago. *Gross*, 123 F. Supp. 3d at 582 (striking denials in defendants answer for failing to comply with Rule 8(b)(4) and stating "it seems quite unlikely that DMD 'in good faith' intends to deny the entirety of the allegation in paragraph 20" when the allegations were supported by defendant's own documents); *see also J & J Sports Prods., Inc. v. Olivo*, No. 14-CV-02766-L BGS, 2015 WL 3604457, at *2 (S.D. Cal. June 8, 2015) (striking general denials because "[s]ome allegations cannot be disputed in good faith"). Defendants should be held to the statements they made to this Court.

**B.  Defendants' affirmative defenses fail to give fair notice to Valve and should be stricken.**

Each of Defendants' Second, Third, and Fourth Affirmative Defense contain only a bare recitation of the legal definition of the defense and lack any factual allegations. These affirmative defenses fail to provide Valve fair notice of the bases for these defenses.

Defendants' Second Affirmative Defense for mitigation of damages fails to set forth any facts, let alone provide notice to Valve about which Defendant is asserting that defense against which of Valve's eight claims. Nor does Defendants' Second Affirmative Defense provide notice to Valve of any injuries Valve allegedly failed to mitigate or which of Valve's alleged actions (or inactions) form the basis for this defense. Such lack of notice is insufficient, and courts in this

VALVE CORPORATION'S MOTION TO STRIKE
Case No. 2:23-cv-1016

4

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

district have stricken nearly identical affirmative defenses. *See, e.g.*, *Smith v. Bank of New York Mellon,* No. C19-0538-JCC, 2019 WL 3428744, at *2 (W.D. Wash. July 30, 2019) (striking defendant's affirmative defense of failure to mitigate that was "wholly devoid of any factual basis" because "[t]he vague assertion fails to give Plaintiff fair notice as to which damages she allegedly failed to mitigate"); *see also Bell v. Nat'l Credit Sys., Inc.*, No. 2:19-cv-01727-RAJ-BAT, 2020 WL 1452552, at *2 (W.D. Wash. Jan. 8, 2020) (striking failure to mitigate defense that "as written … does not provide Plaintiff with notice of the basis of his alleged failure to mitigate"); *Henessey*, 2024 WL 4696134 at *4 (same).

Defendants' one sentence recitation for their Third Affirmative Defense of unclean hands is an unadorned legal conclusion. It does not state any facts. Nor does it inform Valve which of its claims this defense allegedly applies to, or which of its alleged actions (or inactions) form the factual basis for the defense. Defendants' Third Affirmative Defense again lacks fair notice. *See, e.g.*, *Seattlehaunts, LLC v. Thomas Fam. Farm, LLC,* No. C19-1937JLR, 2020 WL 5500373, at *9 (W.D. Wash. Sept. 11, 2020) (striking unclean hands defense and finding [defendant] must allege, at a minimum, which causes of action its "unclean hands" … defense apply to, and some factual allegations concerning these defenses."); *see also Tollefson v. Aurora Fin. Grp., Inc.,* No. C20-0297JLR, 2021 WL 462689, at *4 (W.D. Wash. Feb. 9, 2021) (striking equitable defenses, including unclean hands defense, because defendant did not "plead which of Ms. Tollefson's five causes of action these equitable defenses might apply to, nor do they include any factual allegations concerning these defenses." (citation omitted)).

Defendants' Fourth Affirmative Defense of acquiescence, estoppel, waiver, ratification, consent, and/or any other applicable equitable doctrine fails for the same reason as the Second and Third Affirmative Defenses—it does not recite any facts or provide Valve with adequate notice. Further, Defendants' Fourth Affirmative Defense effectively asserts an unlimited number of unidentified additional equitable doctrines without any factual support. Dkt. 54, ¶ 94 (listing the doctrines of acquiescence, estoppel, waiver, ratification, consent, *and/or any other applicable equitable doctrine*" (emphasis added)). This is not fair notice. *See, e.g.*, *Baker v. FirstCom Music*, No. LA-cv-168931-VAP-JPRX, 2017 WL 9500947, at *3-4 (C.D. Cal. July 27, 2017) (striking

VALVE CORPORATION'S MOTION TO STRIKE
Case No. 2:23-cv-1016

5

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

1    equitable affirmative defenses, including acquiescence, waiver, ratification, and consent because
2    the defenses "merely refer to legal doctrines without providing any supporting facts"); *see also*
3    *Tollefson,* 2021 WL 462689 at *4.

4    Because Defendants' Second, Third, and Fourth affirmative defenses contain no factual
5    allegations, they do not provide fair notice to Valve and should therefore be stricken. In the
6    alternative, Defendants should be ordered to amend their affirmative defenses to provide the
7    factual basis for their defenses.

   C.    **Defendants' assertion that they do not need to plead any facts in their affirmative defenses is contrary to law.**

10    Defendants argue that their affirmative defenses are proper because they are not subject to
11    the "heightened" *Twombly/Iqubal* pleading standards. Geyer Decl., Ex. 4 (quoting *White*, 2024
12    WL 2802930, at *2). Even though affirmative defenses are not subject to *Twombly/Iqubal*, they
13    must nonetheless provide fair notice of the factual basis for the defense. *See Baker*, 2017 WL
14    95000947. *White*, which Defendants raised during the parties' meet-and-confer correspondence,
15    does not compel a different result. In fact, *White*, confirms that Defendants must "[p]lead[] enough
16    factual content to identify the factual grounds on which an affirmative defense rests." *White*, 2024
17    WL 2802930 at *1, *6.

18    The court in *White* declined to strike several of the defendants' affirmative defenses
19    because "[t]he basic facts of the case are clear" and because defendants identified the factual
20    grounds for their affirmative defenses in their denials of Plaintiff's allegations. *Id*. As the court
21    recounted, the *White* defendants' explanation of their *own* actions in denials provided fair notice
22    for their subsequent affirmative defenses on the same issue. *Id*. Here, in contrast, Defendants'
23    affirmative defenses are all based on *Valve's* purported actions or inaction—none of which are at
24    issue in the complaint, and none of which were addressed in Defendants' denials. Unlike the
25    distinguishable scenario in *White*, Defendants' affirmative defenses are not clearly tied to any
26    disputes regarding Defendants' own actions. Defendants have failed to provide fair notice of the
27    factual grounds for their affirmative defenses.

28

VALVE CORPORATION'S MOTION TO STRIKE
Case No. 2:23-cv-1016

6

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

## V. CONCLUSION

Valve respectfully requests that the Court strike (i) Defendants' blanket denial of the allegations contained in Paragraph 76 of Valve's Complaint and (ii) Defendants' Second, Third, and Fourth Affirmative Defenses.

DATED: December 20, 2024

Respectfully submitted,

KILPATRICK TOWNSEND & STOCKTON LLP

By: */s/ Dario A. Machleidt*
Dario A. Machleidt (State Bar No. 41860)
Kathleen R. Geyer (State Bar No. 55493)
Christopher P. Damitio (State Bar No. 58633)
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
Telephone: (206) 467-9600
dmachleidt@kilpatricktownsend.com
kgeyer@kilpatricktownsend.com
cdamitio@kilpatricktownsend.com

Attorneys for Plaintiff
VALVE CORPORATION

I certify that this memorandum contains 2,201 words, in compliance with the Local Civil Rules.

VALVE CORPORATION'S MOTION TO STRIKE
Case No. 2:23-cv-1016

7

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600