# EXHIBIT 1

```
                     UNITED STATES DISTRICT COURT

                 WESTERN DISTRICT OF WASHINGTON AT SEATTLE

_____
                                  )
  VALVE CORPORATION,               ) CV23-01016-JNW
                                   )
                  Plaintiff,       ) SEATTLE, WASHINGTON
                                   )
  v.                               ) September 20, 2024 -
                                   ) 10:00 a.m.
  LEIGH ROTHSCHILD, ROTHSCHILD     )
  BROADCAST DISTRIBUTION           )
  SYSTEMS, LLC, DISPLAY            ) MOTION HEARING
  TECHNOLOGIES, LLC,               )
  PATENT ASSET MANAGEMENT, LLC,    )
  MEYLER LEGAL, PLLC, AND SAMUEL   )
  MEYLER,                          )
                                   )
                  Defendants.      )
                                   )
_____

                    VERBATIM REPORT OF PROCEEDINGS
              BEFORE THE HONORABLE JAMAL N. WHITEHEAD
                    UNITED STATES DISTRICT JUDGE
_____


  APPEARANCES:

  For the Plaintiff:       Dario Machleidt
                           Christopher P. Damition
                           Kathleen Geyer
                           Kilpatrick Townsend & Stockton LLP
                           1420 5th Avenue
                           Suite 3700
                           Seattle, WA 98101


  For the Defendants:      Donald R. McPhail
                           Merchant & Gould
                           1900 Duke Street
                           Suite 600
                           Alexandria, Virginia 22314
```

Proceedings stenographically reported and transcript produced with computer-aided technology

| | |
|---|---|
| 1 | THE COURT:  Please be seated. |
| 2 | This is the matter of Valve Corporation versus Rothschild, et |
| 3 | al., Cause No. CR23-1016, assigned to this court. |
| 4 | Will counsel please rise and make their appearances for the |
| 5 | record? |
| 6 | MR. MACHLEIDT:  Your Honor, Dario Machleidt on behalf of |
| 7 | Valve.  Starting at the end of the table, we have Chris Damition |
| 8 | and then Kate Geyer, both, also, outside counsel for Valve, and |
| 9 | then next to me is Chris Schenck, in-house counsel for Valve. |
| 10 | THE COURT:  Very good.  Good morning, all. |
| 11 | MS. GEYER:  Good morning. |
| 12 | MR. SCHENCK:  Good morning. |
| 13 | MR. MCPHAIL:  Don McFail of Merchant & Gould for all of |
| 14 | the defendants.  Good morning, Your Honor. |
| 15 | THE COURT:  Good morning. |
| 16 | All right.  Well, we are here this morning on defendants' |
| 17 | motion to dismiss.  This has been pending longer than I'd like, |
| 18 | so I do apologize for that, but we are here today.  I'm not going |
| 19 | to rule from the bench, but I do suspect that we will have a |
| 20 | ruling for you all in very short order. |
| 21 | So with that, let's hear from defendants here.  We will start |
| 22 | with defendants, we will go to plaintiff, and then we will give |
| 23 | defendants the final word. |
| 24 | MR. MCPHAIL:  Thank you, Your Honor.  Thank you very |
| 25 | much. |

1   the June 2023 letter, there were three patents raised.  In two of
2   those, there were actually colorable claims for infringement.  It
3   was only one of those patents where they had a license, the '221.
4   So, again, I don't deny that it was an error on the part of the
5   Rothschild defendants to even include that in the letter, but it
6   could have been resolved by them just responding again.  Is it
7   their burden to do that?  I think it's their burden to avoid
8   bringing an action where there's no real damage, there's no real
9   controversy other than the fact that they're annoyed.  And I'm
10  sorry they're annoyed.  We've promised we will never do it again.
11  I can promise you it will never happen again.  But it did happen
12  twice.
13          THE COURT:  The law would couch it in terms of
14  reasonable apprehension of litigation.  I mean, I think that's
15  what they've have alleged, in looking at these letters and the
16  course of conduct, is a reasonable apprehension.
17      So tell me this, I mean, if this case were to proceed, would
18  the Rothschild defendants raise counterclaims of infringement?
19          MR. MCPHAIL:  Yes, in this instance, we would.  We would
20  raise breach of contract and patent infringement.
21          THE COURT:  All right.  What else would you like to tell
22  me?
23          MR. MCPHAIL:  In terms of the contract actions, we've
24  just been sort of talking about that.  I will concede to you that
25  there was a breach of the contract in 2022, but that breach was

1  remedied promptly, and they never bothered to raise anything
2  about it until the June letters and this whole action was
3  brought.  We think they waived any right to complain about it,
4  but even if they hadn't, there were no damages that arose from
5  that.  It was inconvenience.  They wrote a letter back to us,
6  that's it.  I don't see how there's any damages there even if
7  there was a technical breach of the contract.  Again, no reason
8  for this court to be dealing with this.
9       And in terms of the Washington State Patent Troll Act, I have
10 to confess, I'm walking in unchartered territory.  It's my
11 understanding this is the only case that has ever been brought
12 that invokes that statute in a private party action.  My
13 understanding is the only other action was brought by the
14 Washington State Attorney General against *Landmark*.  And this
15 case is not *Landmark*.  Mr. Rothschild is not *Landmark*.  He is an
16 inventor himself.  He is a prolific inventor.  He has a lot of
17 his own patents and he's acquired a lot of patents.  He learned
18 the value of patents.  And I'm not going to deny that he does try
19 to enforce those patents when he thinks there's an opportunity to
20 do so, but that in and of itself is not a bad act.  He has
21 justifiable grounds.  Investigations are done before any letters
22 are ever sent.  There are claim charts usually associated with
23 his letters.  This isn't frivolous.  This isn't Shipping and
24 Handling sending out thousands of letters and settling for $5,000
25 a pop.  These are legitimate claims, to the extent they exist,