# EXHIBIT 2

**Geyer, Kate**

| | |
|---|---|
| **From:** | Geyer, Kate |
| **Sent:** | Monday, November 11, 2024 2:14 PM |
| **To:** | Donald McPhail; Damitio, Chris; Machleidt, Dario |
| **Cc:** | Eric W. Schweibenz; matthew@dclglawyers.com; echad@merchantgould.com |
| **Subject:** | RE: Valve v. Rothschild, et al. - follow up re: amending counterclaims |

Don –

Defendants did not file their amended answer and counterclaims on Friday as they stated they would in your below email. This repeat pattern of missing deadlines (both agreed-to and court-ordered) is causing Valve to incur unnecessary legal fees, including work on Valve's motions to dismiss and strike Defendants' answer and counterclaims due this Thursday.

As we prepared our motions to dismiss/strike the answers/counterclaims you assured us Defendants would be amending last Friday, we identified another issue on which Valve will move to dismiss. In the answer to paragraph 39, Defendants admit that RBDS is the assignee of the '221 patent. However, in paragraph 8 of Defendants' counterclaims, Defendants allege that "DT is the owner by assignment of U.S. Patent No. 8,856,221…." Therefore, Valve plans to move to dismiss the counterclaim of infringement of the '221 Patent because DT does not have standing to assert that patent. We are available to meet and confer early this week pursuant to Judge Whitehead's Chamber Procedure § 5.6 if needed.

In addition, because Defendants have not served an amended answer and counterclaim 21 days after serving their original answer/counterclaims, Defendants can no longer amend as a matter of right under Rule 15(a)(1). Please tell us today if you still plan to try and amend, or if you've changed your mind.

Please also confirm today that you will agree to extend Valve's November 14 deadline to respond to Defendants' answer and counterclaims to November 21. If Plaintiff does not confirm today, we plan to file a motion to extend the deadline tomorrow notifying the Court of Defendants' delay and failure to respond.

Sincerely,
Kate

---

**From:** Donald McPhail <dmcphail@merchantgould.com>
**Sent:** Monday, November 4, 2024 7:49 PM
**To:** Damitio, Chris <CDamitio@ktslaw.com>; Machleidt, Dario <dmachleidt@ktslaw.com>
**Cc:** Geyer, Kate <KGeyer@ktslaw.com>; Eric W. Schweibenz <eschweibenz@merchantgould.com>; matthew@dclglawyers.com
**Subject:** Re: Valve v. Rothschild, et al. - follow up re: amending counterclaims

**CAUTION: External Email**

We will be filing an amended answer and counterclaims by Friday (when we will also supplement our discovery responses).

Best regards,

Don

Get Outlook for iOS

---

**From:** Damitio, Chris <CDamitio@ktslaw.com>
**Sent:** Tuesday, November 5, 2024 5:37:00 AM
**To:** Machleidt, Dario <dmachleidt@ktslaw.com>; Donald McPhail <dmcphail@merchantgould.com>
**Cc:** Geyer, Kate <KGeyer@ktslaw.com>; Eric W. Schweibenz <eschweibenz@merchantgould.com>; matthew@dclglawyers.com <matthew@dclglawyers.com>
**Subject:** RE: Valve v. Rothschild, et al. - follow up re: amending counterclaims

**CAUTION - External.**

Don,

Following up on Dario's email below. Please let us know today whether Defendants will amend their Prayer for Relief, counterclaim of breach of contract, and the paragraphs identified in our October 31 email to more specifically admit or deny Valve's allegations, and whether Defendants will withdraw their Counterclaims of business defamation and infringement of the '195 patent.

Many thanks,
Chris

Chris Damitio
CDamitio@ktslaw.com
Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue | Suite 3700 | Seattle, WA 98101
**T** 206 516 3097
My Profile | vCard

---

**From:** Machleidt, Dario <dmachleidt@ktslaw.com>
**Sent:** Thursday, October 31, 2024 1:09 PM
**To:** Donald McPhail <dmcphail@merchantgould.com>
**Cc:** Damitio, Chris <CDamitio@ktslaw.com>; Geyer, Kate <KGeyer@ktslaw.com>; Eric W. Schweibenz <eschweibenz@merchantgould.com>; matthew@dclglawyers.com
**Subject:** Valve v. Rothschild, et al. - follow up re: amending counterclaims

Dear Don,

Thank you for your time while traveling internationally. Under Judge Whitehead's Chambers Procedures, § 5.6, a "motion to dismiss under Fed. Civ. R. 12(b) is discouraged if the defect can be cured simply by filing an amended complaint." As we discussed on the call, Valve intends to move to dismiss and strike Defendants' Answer and Counterclaims based on the following grounds:

**Prayer for Relief.** The Prayer for Relief references Best Buy and DigiMedia and does not reflect the relief Defendants can seek based on their affirmative defenses and counterclaims.

**Breach of Contract.** Under Texas law, to plead a claim for breach of contract, Display Technologies must allege: (1) the existence of a valid contract; (2) that it performed under the contract; (3) that Valve breached the contract; and (4) that Display Technologies' sustained damages as a result of the breach. *Sport Supply Group, Inc. v. Columbia Cas. Co.*, 335 F.3d 453, 465 (5th Cir. 2003).

Defendants have not plausibly alleged breach of contract based on: (1) reference to an incorrect section of the GSLA (*see* Dkt. 59, ¶ 16 (referencing Section 3.4 "No Other Rates")); and (2) their failure to plead Display Technologies' compliance/performance with the GSLA.

2

Regarding this last point, Valve does not believe Defendants (and specifically, Display Technologies) can comply with their Rule 11 obligations while contending they performed under the GSLA. Indeed, during the recent hearing, you admitted on behalf of your clients that "I will concede to you that there was a breach of the contract in 2022 … I don't see how there's any damages there even if there was a technical breach of the contract." 9/20/2024 Tr., 5:24-6:7. Either Defendants performed or they breached; both cannot be true.

**Business Defamation**. "[A]llegations in pleadings are absolutely privileged and cannot form the basis for a damage action." *McNeal v. Allen*, 95 Wash. 2d 265, 267 (1980). In fact, Defendants' own motion to dismiss relies on case law that precludes its counterclaim: "The 'litigation privilege' is a judicially created privilege that protects participants—including attorneys, parties, and witnesses—in a judicial proceeding against civil liability for statements they make in the course of that proceeding." *Young v. Rayan*, 533 P.3d 123, 128 (Wash. Ct. App. 2023) (citing *Mason v. Mason*, 19 Wash. App. 2d 803, 830-31, 497 P.3d 431 (2021), *review denied*, 199 Wash.2d 1005, 506 P.3d 638 (2022).

Display Technologies' counterclaim of business defamation is therefore barred by the litigation privilege because it only identifies statements in Valve's complaint as allegedly defamatory. *See* Dkt. 59, ¶ 34.

**Infringement of the '195 Patent.** Display Technologies is barred by claim preclusion from asserting infringement of the '195 Patent against Valve after dismissing that claim with prejudice in the 2015 lawsuit. Even though that dismissal was done with prejudice subject to a settlement agreement, a subsequent alleged breach of that settlement agreement does not negate the preclusive effect of the dismissal with prejudice. *See Goodman Ball, Inc. v. Mach II Aviation, Inc.*, No. C 10-01249 WHA, 2010 WL 4807090, at *4-9 (N.D. Cal. Nov. 19, 2010).

Section 1.7 (defining Licensed Products), Section 2.1 (Licensor Release of Licensee), Section 3.1 (Licensor License to Licensee), and Section 4.1 (dismissal of the 2015 lawsuit) are broad waivers against Valve—including of future suits of the '195 patent—conditioned only on Valve's payment of consideration. Because Valve paid the required consideration and Defendants broadly waived all rights to assert the '195 patent against any Valve product, Display Technologies' counterclaim is barred by claim preclusion. *City of Seattle v. Monsanto Co.*, No. C16-107-RAJ-MLP, 2023 WL 4373432, at *10 (W.D. Wash. Apr. 12, 2023), report and recommendation adopted, No. 2:16-CV-00107-RAJ, 2023 WL 4363561 (W.D. Wash. July 6, 2023) ("[I]n the settlement agreement context, the preclusive effect of a dismissal based on a settlement is no greater than the release agreed to by the parties."); *Wojciechowski v. Kohlberg Ventures, LLC*, 923 F.3d 685, 689 (9th Cir. 2019).

**Paragraphs in the Answer that do not comply with Rule 8(b)(4).** Defendants' answers to paragraphs 8, 9, 10, 39, 47, 48, 51, 52, 53, 55, 60, 76, 83, 84, and 86 do not comply with Federal Rule of Civil Procedure 8(b)(4) that Defendants must "deny only part of an allegation" and "must admit the part that is true and deny the rest." *See Brian Jonestown Massacre v. Davies*, No. 13-CV-04005 NC, 2014 WL 4076549, at *2 (N.D. Cal. Aug. 18, 2014) (striking answer that relies on general denials and does not properly admit portions that are true when the general denials do not link up with pleaded facts in the counterclaims); *CornerStone Staffing Sols., Inc. v. James*, No. C 12-01527 RS, 2013 WL 12373799, at *3 (N.D. Cal. Apr. 29, 2013); *Schmitz v. Asman*, No. 220CV00195DADCKDPS, 2023 WL 2541848, at *2 (E.D. Cal. Mar. 16, 2023).

**Third Affirmative Defense (Unclean Hands) and Fourth Affirmative Defense (Equitable Doctrines).** Defendants' affirmative defenses are not adequately pled because they merely recite the legal doctrine without providing sufficient notice to Valve. *Qarbon.com Inc. v. eHelp Corp.*, 315 F. Supp. 2d 1046, 1049 (N.D. Cal. 2004) (striking affirmative defense that plaintiff is "'barred from recovery in whole or in part' by the doctrines of waiver, estoppel, and unclean hands" without more); *Dr. Seuss Enterprises, L.P. v. ComicMix LLC*, No. 16-CV-2779-JLS (BGS), 2018 WL 3063953, at *4 (S.D. Cal. June 21, 2018) (same); *Opico v. Convergent Outsourcing, Inc.*, No. 18-CV-1579-RSL, 2019 WL 1755312, at *2 (W.D. Wash. Apr. 19, 2019) ("Defendant's list of equitable doctrines is insufficient to give plaintiff fair notice of the claim being raised. It is not clear what the nature of the defense is, or what 'other equitable doctrines' may apply.").

We brought these problems to your attention pursuant to our duty under § 5.6 of Judge Whitehead's Chambers Procedures to allow Defendants an opportunity to attempt to replead and, thus, eliminate the need for Valve to file a motion to dismiss. Valve will file motions to dismiss and to strike if Defendants do not cure the identified problems.

As we discussed, please let us know by November 1 whether Defendants will amend their Answer and Counterclaims and whether Defendants will withdraw their Counterclaims of business defamation and infringement of the '195 patent. Valve reserves its rights to seek sanctions, including for being forced to move to dismiss on grounds that Defendants know are baseless.

Sincerely,

Dario Machleidt
dmachleidt@ktslaw.com
Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue | Suite 3700 | Seattle, WA 98101
**T** 206 224 2857 | **F** 206 374 2199
My Profile | vCard

Confidentiality Notice:
This communication constitutes an electronic communication within the meaning of the Electronic Communications Privacy Act, 18 U.S.C. Section 2510, and its disclosure is strictly limited to the recipient intended by the sender of this message. This transmission, and any attachments, may contain confidential attorney-client privileged information and attorney work product. If you are not the intended recipient, any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. Please contact us immediately by return e-mail or at 404 815 6500, and destroy the original transmission and its attachments without reading or saving in any manner.