# EXHIBIT 3

| | |
|---|---|
| **From:** | Geyer, Kate |
| **To:** | Donald McPhail; Eric W. Schweibenz; matthew@dclglawyers.com; Eric R. Chad |
| **Cc:** | Machleidt, Dario; Damitio, Chris |
| **Subject:** | Valve v. Rothschild, et al. - Meet and Confer re Motions to Dismiss and Strike Defendants" Amended Answer & Counterclaims |
| **Date:** | Tuesday, November 19, 2024 10:30:10 AM |
| **Attachments:** | image001.png |

Counsel:

Valve's response to the amended counterclaims is due on November 29. Because this is the day after Thanksgiving, and in light of the other upcoming case deadlines, we request a courtesy extension until December 20. Please let us know if you agree to this extension.

Relatedly, because Defendants' amended answer and counterclaims do not cure the deficiencies we previously identified, Valve intends to move to dismiss and strike the following counterclaims, affirmative defenses, and denials.

Consistent with § 5.6 of Judge Whitehead's Chambers Procedures, please let us know if you're available to meet and confer on the following days: November 25 after 12 pm PT, and any time on November 26 or 27. If you believe a further meet and confer is unnecessary because Defendants do not intend to amend their answer or counterclaims again, please let us know and we can proceed with our motions.

**Business Defamation**. Display Technologies' counterclaim of business defamation is barred by the litigation privilege because it relies exclusively on statements in Valve's "public filings that Valve has made in this Court." *See* Dkt. 63, ¶ 30. Washington Supreme Court law and Defendants' own cases cited in their motion to dismiss confirm that this claim is legally frivolous. *See* Oct. 31, 2024 Email from D. Machleidt to Defendants. This Court similarly confirmed that—whether federal litigation privilege or Washington litigation privilege applies—statements made during judicial proceedings are immune from liability. Dkt. 56 at 19-20.

**Third Affirmative Defense (Unclean Hands) and Fourth Affirmative Defense (Equitable Doctrines).** Defendants did not amend their affirmative defenses that merely recite the legal doctrine without providing sufficient notice to Valve. As Valve already informed Defendants, these affirmative defenses are inadequately pled and thus legally frivolous. *See* Oct. 31, 2024 Email from D. Machleidt to Defendants.

**Second Affirmative Defense (Failure to Mitigate).** Defendants' Second Affirmative Defense suffers from the same deficiencies as its Third and Fourth Affirmative Defenses—it is a bare recitation of legal elements that does not provide Valve sufficient notice about what Valve allegedly failed to mitigate and is devoid of factual basis. *See, e.g.*, *Smith v. Bank of New York Mellon*, No. C19-0538-JCC, 2019 WL 3428744, at *2 (W.D. Wash. July 30, 2019); *Bell v. Nat'l Credit Sys., Inc.*, No. 2:19-cv-01727-RAJ-BAT, 2020 WL 1452552, *2 (W.D. Wash. Jan. 8, 2020).

**Paragraph 76 in the Amended Answer does not comply with Rule 8(b)(4).**
Defendants' maintained their denial that Display Technologies breached the GSLA in the 2022 lawsuit (Dkt. 63, ¶ 76) despite admitting that there was a breach in 2022. 9/20/2024 Tr., 5:24-6:7 ("I will concede to you that there was a breach of the contract in 2022 … I don't see how there's any damages there even if there was a technical breach of the contract."). Defendants' complete denial of paragraph 76 thus lacks Rule 11 basis and does not comply with Rule 8(b)(4).

If Defendants have authority that supports their decision to maintain these positions, please

provided it before any meet and confer. If Defendants lack authority and yet maintain their legally frivolous arguments, Valve reserves the right to seek sanctions or other remedies.

Sincerely,
Kate



Kate Geyer
KGeyer@ktslaw.com
Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue | Suite 3700 | Seattle, WA 98101
T 206 516 3094 | F 206 299 3458
My Profile | vCard