HON. JAMAL N. WHITEHEAD

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| VALVE CORPORATION,<br><br>            Plaintiff,<br><br>     v.<br><br>LEIGH ROTHSCHILD, ROTHSCHILD BROADCAST DISTRIBUTION SYSTEMS, LLC, DISPLAY TECHNOLOGIES, LLC, PATENT ASSET MANAGEMENT, LLC, MEYLER LEGAL, PLLC, AND SAMUEL MEYLER,<br><br>            Defendants. | Case No. 2:23-cv-1016<br><br>**PLAINTIFF VALVE CORPORATION'S MOTION TO DISMISS**<br><br>NOTE ON MOTION CALENDAR:<br>**January 24, 2025**<br><br>Complaint Filed:      07/07/2023<br><br>ORAL ARGUMENT REQUESTED |

PLAINTIFF VALVE CORPORATION'S MOTION TO DISMISS
CASE NO. 2:23-CV-1016

1

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

**TABLE OF CONTENTS**

Page

I.  INTRODUCTION ................................................................................................................1

II. BACKGROUND .................................................................................................................1

III. LEGAL FRAMEWORK .....................................................................................................3

   A. Defendants must make a plausible claim for relief. ..............................................3

   B. Litigation privilege protects pertinent statements made in a judicial proceeding. ...............................................................................................3

IV. ARGUMENT ......................................................................................................................4

   A. Valve's statements in the complaint are facially pertinent to this case. .....................................................................................................................4

   B. Application of litigation privilege to statements made in Valve's complaint furthers public policy. ..............................................................6

   C. Defendants' defamation counterclaim remains barred even if the Court applies federal litigation privilege. .........................................................7

V. CONCLUSION ...................................................................................................................7

PLAINTIFF VALVE CORPORATION'S MOTION TO DISMISS
CASE NO. 2:23-CV-1016

- i -

Kilpatrick Townsend & Stockton LLP,
1420 Fifth Avenue, Suite 3700
Seattle, WA  98101
(206) 467-9600

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ............................................................................................................. 3

*Briscoe v. LaHue*,
    460 U.S. 325 (1983) ............................................................................................................. 7

*United States ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc.*,
    637 F.3d 1047 (9th Cir. 2011) ............................................................................................. 3

*Demopolis v. Peoples Nat. Bank of Washington*,
    796 P.2d 426 (1990) ........................................................................................................ 3, 4

*Franco v. MacQuarie Cap. (USA) Inc.*,
    No. 84292-7-I, 2024 WL 1995033 (2024) ........................................................................... 4

*Imbler v. Pachtman*,
    424 U.S. 409 (1976) (White, J. concurring) ........................................................................ 7

*Lahrichi v. Curran*,
    No. 65144-7-I, 2011 WL 5222806 (2011) ........................................................................... 6

*Mason v. Mason*,
    497 P.3d 431 (2021) ............................................................................................................. 6

*McNeal v. Allen*,
    621 P.2d 1285 (1980) .................................................................................................. 3, 6, 7

*Oppe v. L. Offs. of Sarah L. Atwood, PLLC*,
    No. 67354-8-I, 2012 WL 4761570 (2012) ........................................................................... 6

*Scott v. Am. Express Nat'l Bank*,
    514 P.3d 695, review denied, 520 P.3d 976 (2022) .................................................... 3, 5, 6

*Scott v. Am. Express Nat'l Bank*,
    No. 55343-1-II, 2022 WL 1222324 (2022) ......................................................................... 4

*Young v. Rayan*,
    533 P.3d 123 (Wash. Ct. App. 2023) .......................................................................... *passim*

**Statutes**

RCW 19.86 ................................................................................................................................ 1, 4

RCW 19.350 .................................................................................................................................. 1

PLAINTIFF VALVE CORPORATION'S MOTION TO DISMISS
CASE NO. 2:23-CV-1016
- ii -
Kilpatrick Townsend & Stockton LLP,
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

# TABLE OF AUTHORITIES
(continued)

| | Page |
|---|---|
| RCW 19.350.005 | 5 |
| RCW 19.350.020(2)(f) | 5 |
| RCW 19.350.900 | 1, 4 |

**Other Authorities**

| | |
|---|---|
| Fed. R. Civ. P. 11 | 7 |
| Restatement of Torts, § 586, cmt. c | 3 |

PLAINTIFF VALVE CORPORATION'S MOTION TO DISMISS
CASE NO. 2:23-CV-1016

- iii -

Kilpatrick Townsend & Stockton LLP,
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

## I.    INTRODUCTION

The litigation privilege shields statements made during the course of a lawsuit from civil liability, including for defamation. Defendants accuse Valve of defamation based solely on statements it made in its Complaint. When faced with the fact that the litigation privilege bars their counterclaim, Defendants' only response was that the disputed statements are somehow not "pertinent" to the case. This argument fails because the allegedly defamatory statements are found within the very titles of the statutes underpinning Valve's Complaint and are relevant to Valve's claim of bad faith under the Washington Patent Troll Prevention Act. Valve respectfully requests that the Court dismiss Defendants' defamation counterclaim.

## II.   BACKGROUND

Plaintiff Valve Corporation filed its Second Amended Complaint ("Complaint") on January 16, 2024 against Defendants Leigh Rothschild; Rothschild Broadcasting Distribution Systems, LLC; Display Technologies, LLC; Patent Asset Management, LLC; Meyler Legal, PLLC; and Samual Meyler (collectively, "Defendants"; Meyler Legal, PLLC, and Samual Meyler, collectively, "Meyler Defendants"). Dkt. 38. Among other claims, the Complaint alleges that Defendants violated RCW 19.86 Washington Unfair Business Practices and RCW 19.350 Bad Faith Assertions of Patent Infringement (also referred to as the Washington Patent Troll Prevention Act). Dkt. 38 at § VIII; RCW 19.350.900.

Defendants moved to dismiss, arguing that claims against the Meyler Defendants were barred based on the litigation privilege. Dkt. 40. In their motion, Defendants acknowledge well-settled law that "[t]he litigation privilege is a judicially created privilege that protects participants—including attorneys, parties, and witnesses—in a judicial proceeding against civil liability for statements they make in the course of that proceeding." Dkt. 40 at 18 (quoting *Young v. Rayan*, 533 P.3d 123, 128 (Wash. Ct. App. 2023)). Defendants also acknowledge that the litigation privilege "often arises in the context of defamation suits" and that it "applies to statements made in the course of judicial proceedings and acts as a bar to any civil liability." *Id.* at 19 (quoting *Young*, 533 P.3d at 129). The Court denied Defendants' motion to dismiss, finding that the litigation privilege applies to "statements made in the context of judicial proceedings" and

PLAINTIFF VALVE CORPORATION'S MOTION TO DISMISS
CASE NO. 2:23-CV-1016

- 1 -

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

not "extrajudicial attorney demand letters making bad-faith assertions about patent infringement." Dkt. 56 at 20.

Contrary to the very cases Defendants cited in their own motion, Defendants have counterclaimed for business defamation based on allegations "in public filings that Valve has made in this Court. Dkt. 38; *see also* Dkt. 1, 23." Dkt. 59, ¶ 34.[1] Specifically, Defendants allege that Valve made false allegations that "DT [is] a 'patent troll' and [had] 'engaged in a pattern of unseemly litigation tactics, often based on objectively baseless allegations' and 'unfair business practices.'" Dkt. 59, ¶ 34.

Pursuant to the Court's Chamber Procedures § 5.6, the parties met and conferred on October 29 regarding Valve's intended motion to dismiss and motion to strike. Valve sent follow-up emails on October 31 and November 11 confirming Valve's positions on those motions. Geyer Decl., Ex. 1. Relevant here, Valve explained that Defendants' "counterclaim of business defamation is [] barred by the litigation privilege because it only identifies statements in Valve's complaint as allegedly defamatory." *Id.* at 3.

Defendants filed an Amended Answer and Counterclaims on November 15. Dkt. 63. Defendants did not, however, amend their counterclaim for business defamation. Dkt. 63, ¶ 30. Valve emailed Defendants on November 19, informing them that Valve sill intended to move to dismiss and move to strike based on Defendants' failure to cure previously identified deficiencies. Geyer Decl., Ex. 2 at 2. Valve reiterated that:

> Display Technologies' counterclaim of business defamation is barred by the litigation privilege because it relies exclusively on statements in Valve's "public filings that Valve has made in this Court." *See* Dkt. 63, ¶ 30. Washington Supreme Court law and Defendants' own cases cited in their motion to dismiss confirm that this claim is legally frivolous. *See* Oct. 31, 2024 Email from D. Machleidt to Defendants. This Court similarly confirmed that—whether federal litigation privilege or Washington litigation privilege applies—statements made during judicial proceedings are immune from liability. Dkt. 56 at 19-20.

*Id.* Valve also asked for any authority Defendants had to support their decision to maintain this counterclaim. *Id.* at 3. In response, Defendants argued that:

> [litigation] privilege is only applicable to statements if they are 'pertinent or

---

[1] Dkt. 1 is Valve's original complaint, and Dkt. 23 is Valve's first amended complaint.

PLAINTIFF VALVE CORPORATION'S MOTION TO DISMISS
CASE NO. 2:23-CV-1016

\- 2 -

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

> material to the redress or relief sought[.]' *McNeal v. Allen*, 621 P.2d 1285, 1286 (1980). Here, the statements giving rise to Defendants' Business Defamation claim are not pertinent to Valve's claims and thus are actionable.

*Id.* at 1.

## III.   LEGAL FRAMEWORK

### A.   Defendants must make a plausible claim for relief.

"In reviewing the dismissal of a complaint, we inquire whether the complaint's factual allegations, together with all reasonable inferences, state a plausible claim for relief." *United States ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 (9th Cir. 2011). To survive a motion to dismiss, the complaint must provide sufficient factual allegations for "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### B.   Litigation privilege protects pertinent statements made in a judicial proceeding.

Litigation privilege protects attorneys and parties "in a judicial proceeding against civil liability for statements they make in the course of that proceeding." *Young v. Rayan*, 508, 533 P.3d 123, 128, *review denied*, 539 P.3d 4 (Wash. 2023). Statements "are absolutely privileged if they are pertinent or material to the redress or relief sought, whether or not the statements are legally sufficient to obtain that relief." *McNeal v. Allen*, 621 P.2d 1285 (1980). Only statements that have "no connection whatsoever" with the litigation can be actionable. *Demopolis v. Peoples Nat. Bank of Washington*, 796 P.2d 426, 429 (1990) (quotation omitted).

"[T]he determination of pertinency is not a high bar." *Young*, 533 P.3d at 129. Indeed, "a statement 'need not be strictly relevant to any issue' so long as it bears 'some relevance to the subject matter of the … litigation." *Id.* (quoting Restatement of Torts, § 586, cmt. c); *see also id.* at 133 ("As case law and other authority have repeatedly held, litigation privilege cannot be applied only where statements are truly relevant to the determination of an issue."). Because pertinence of a statement is a matter of law, it may be decided on a motion to dismiss. *Id.*; *see also Scott v. Am. Express Nat'l Bank*, 514 P.3d 695, 699, review denied, 520 P.3d 976 (2022) (dismissing claim based on litigation privilege under CR 12(b)(6)).

PLAINTIFF VALVE CORPORATION'S MOTION TO DISMISS
CASE NO. 2:23-CV-1016

- 3 -

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA  98101
(206) 467-9600

## IV. ARGUMENT

Defendants cannot dispute that Valve's allegedly defamatory statements were made in the course of a judicial proceeding. Dkt. 63, ¶ 30 (identifying statements "in public filings Valve has made in this Court").[2] Accordingly, the only disputed issue necessary to resolve Valve's motion to dismiss is whether Valve's statements are pertinent to this judicial proceeding. The answer to this question is 'yes.'

### A. Valve's statements in the complaint are facially pertinent to this case.

Defendants cannot meet the high burden of showing that Valve's allegations bear "no connection whatsoever" to this litigation. *Demopolis*, 796 P.2d at 429 (quotation omitted). Two of the allegedly defamatory statements—"patent troll" and "unfair business practices"—come from the names of the statutes themselves. *See* RCW 19.86 ("Unfair Business Practices—Consumer Protection"); RCW 19.350.900 ("This chapter may be known and cited as the 'patent troll prevention act.'"). Indeed, the only place where Valve uses the allegedly defamatory phrase "unfair business practices" is when referencing the statute. Dkt. 38, § VIII ("COUNT IV: VIOLATION OF WASHINGTON UNFAIR BUSINESS PRACTICES…"); *see also id.*, ¶¶ 6, 48, 82, 90 (citing the "Patent Troll Prevention Act").

The remainder of Defendants' allegations stem from a single statement that is relevant to the central issue of the case: whether Defendants' pre-suit threats to sue Valve for infringing patents it already had a license to are bad faith assertions of patent infringement. For example, Valve's allegations that "Defendants are patent trolls engaged in a pattern of unseemly litigation tactics, often based on objectively baseless allegations" is relevant to the bad faith factors enumerated by the Patent Troll Prevention Act. Dkt. 38, § I.B.

Indeed, under the Patent Troll Prevention Act, the Court may consider evidence that Defendants acted in bad faith, including whether "the person, or a subsidiary or an affiliate of the

---

[2] *Franco v. MacQuarie Cap. (USA) Inc.*, No. 84292-7-I, 2024 WL 1995033, at *4 (2024), as amended on denial of reconsideration (Oct. 29, 2024) (finding that statements in a "filing" were "in the course of judicial proceedings"); *Scott v. Am. Express Nat'l Bank*, No. 55343-1-II, 2022 WL 1222324, at *3 (2022) (finding statements in a complaint immune from liability because "they were made in connection to its attempt" to seek relief).

PLAINTIFF VALVE CORPORATION'S MOTION TO DISMISS
CASE NO. 2:23-CV-1016

- 4 -

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA  98101
(206) 467-9600

person, has previously filed or threatened to file one or more lawsuits based on the same or substantially equivalent assertion of patent infringement, and a court found the person's assertion to be without merit." RCW 19.350.020(2)(f); Dkt. 38, ¶ 89. Valve's evidence of this bad faith factor includes: Defendants' prior litigation history; Defendants' business practice of extracting low-value quick settlement fees far below the costs to litigate; and previous findings by courts that companies related to the Defendants asserted meritless infringement claims leading to awards of attorney fees. Valve's allegedly defamatory statements relate to this evidence, making them relevant to Valve's Washington Patent Troll Prevention Act claim. Dkt. 38, ¶ 89(b); *see also id.*, § I.B.

Further, Defendants' behavior that Valve references in its Complaint is precisely the type of behavior the Washington Patent Troll Prevention Act is meant to prevent:

> [Ab]usive patent litigation, and especially the assertion of bad faith infringement claims, can harm Washington's economy. A person or business that receives a demand asserting such claims faces the threat of expensive and protracted litigation and may determine that it has no choice but to settle and to pay a licensing fee, even if the claim is meritless.

RCW 19.350.005. Valve's allegations in Section I.B describe Defendants' and Rothschild-related entities' pattern of sending demand letters and filing over a thousand lawsuits asserting patent infringement to extract a low-value settlement and avoid litigation on the merits—all documented in news sources attached to the Complaint. Dkt. 38, ¶¶ 7–10 (citing Exs. 2–4). Valve also alleged that courts, including the Federal Circuit, have found Rothschild lawsuits to be objectively baseless. *Id.*, ¶ 10 (citing Ex. 4). In other words, Valve's allegations relate to the heart of the Washington Patent Troll Prevention Act.

Valve's allegedly defamatory statements are "truly relevant to determination of an issue" in this case, far exceeding the low bar for pertinency. *See Young*, 533 P.3d at 129, 133. On their face, Valve's allegations about Defendants' business have at least some bearing on the subject matter of the Washington Patent Troll Prevention Act. *See, e.g.*, *Scott*, 2022 WL 1222324, at *3 ("A statement is pertinent if it has some relation to the judicial proceedings in which it was used, and has any bearing upon the subject matter of the litigation." (quotation omitted)). Defendants

PLAINTIFF VALVE CORPORATION'S MOTION TO DISMISS
CASE NO. 2:23-CV-1016

- 5 -

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA  98101
(206) 467-9600

cannot reasonably contend that repeated court findings that Rothschild patent infringement assertions are objectively baseless bear "no connection" to the subject matter of this case.

Valve's allegations "form the basis for" Valve's claim under the Washington Patent Troll Prevention Act itself, and thus are "undoubtedly" pertinent to the case and immune under the litigation privilege. *See Oppe v. L. Offs. of Sarah L. Atwood, PLLC*, No. 67354-8-I, 2012 WL 4761570, at *5 (2012) (finding statements in the filing of a petition pertinent and immune under litigation privilege because "they form the basis for the [] proceeding itself"); *see also Lahrichi v. Curran*, No. 65144-7-I, 2011 WL 5222806, at *3 (2011) ("Filing documents with the court are actions pertinent to or related to a judicial proceeding."). Because Defendants' bad faith "is obviously pertinent to the relief sought" under the Patent Troll Prevention Act, any "allegations with respect to [that bad faith] fall within the protection of" the litigation privilege. *McNeal*, 621 P.2d at 1286.

The statements Defendants attack in their defamation counterclaim were made in the course of a judicial proceeding and are pertinent to the litigation. Accordingly, they are subject to the litigation privilege and cannot form the basis any civil liability, including business defamation.

**B.     Application of litigation privilege to statements made in Valve's complaint furthers public policy.**

Some Washington courts require a separate showing that "immunity furthers public policy under the particular facts of the case." *Young*, 533 P.3d at 512 (disagreeing with *Mason v. Mason*, 497 P.3d 431, 447 (2021) and *Scott*, 514 P.3d at 700). Assuming such a requirement exists, compelling public policy supports application of the litigation privilege to shield Valve from liability for defamation based solely on statements in its Complaint. Applying litigation privilege here furthers public policy by providing "the utmost freedom of access to the courts of justice for the settlement of … private disputes." *McNeal*, 621 P.3d at 1287. Courts routinely apply litigation privilege to claims of defamation such as the one here, because courts have the power to discipline parties or strike from the record any statements that exceed proper bounds. *See, e.g.*, *McNeal*, 621 P.3d at 1287; *Young*, 533 P.3d at 132; *Mason*, 497 P.3d at 448.

PLAINTIFF VALVE CORPORATION'S MOTION TO DISMISS
CASE NO. 2:23-CV-1016
- 6 -
Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA  98101
(206) 467-9600

To the extent Defendants feel that statements in Valve's Complaint are improper, they can raise that issue with this Court through various means, including a motion to strike (which Defendants did not file) and/or Rule 11 (which Defendants have not raised). In other words, Defendants are "not without recourse" such that public policy would bar application of the litigation privilege. *Young*, 533 P.3d at 131–32; *see also McNeal*, 621 P.2d at 1287.

### C. Defendants' defamation counterclaim remains barred even if the Court applies federal litigation privilege.

Despite previously arguing that federal litigation privilege applies in this action (Dkt. 49 at 5), Defendants rely on Washington state law (Ex. 2 (citing *McNeal*, 621 P.2d at 1286). While Valve maintains that Washington state law applies (Dkt. 50 at 4–6), the result is the same whether federal or Washington litigation privilege applies. *See Briscoe v. LaHue*, 460 U.S. 325, 335 (1983). The Supreme Court has recognized absolute immunity "at common law from suits for defamatory remarks made during and relevant to a judicial proceeding" extended to lawyers, witnesses, and parties. *Imbler v. Pachtman*, 424 U.S. 409, 439 (1976) (White, J. concurring). For the same reasons discussed above, federal litigation privilege provides absolute immunity for statements made in Valve's Complaint.

### V. CONCLUSION

Valve respectfully requests that the Court dismiss with prejudice Defendants' Counterclaim Count 3 for Business Defamation.

PLAINTIFF VALVE CORPORATION'S MOTION TO DISMISS
CASE NO. 2:23-CV-1016
- 7 -
Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

| | | |
|---|---|---|
| 1 | DATED: December 20, 2024 | Respectfully submitted, |
| 2 | | KILPATRICK TOWNSEND & STOCKTON LLP |

By: */s/ Dario A. Machleidt*
Dario A. Machleidt (State Bar No. 41860)
Kathleen R. Geyer (State Bar No. 55493)
Christopher P. Damitio (State Bar No. 58633)
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
Telephone: (206) 467-9600
dmachleidt@kilpatricktownsend.com
kgeyer@kilpatricktownsend.com
cdamitio@kilpatricktownsend.com

Attorneys for Plaintiff
VALVE CORPORATION

I certify that this memorandum contains 2443 words, in compliance with the Local Civil Rules.

PLAINTIFF VALVE CORPORATION'S MOTION TO DISMISS
CASE NO. 2:23-CV-1016
- 8 -
Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600