1

2                                                        **Honorable Jamal N. Whitehead**

3

4

5                    **UNITED STATES DISTRICT COURT**
                 **WESTERN DISTRICT OF WASHINGTON**
6                            **AT SEATTLE**

7

8    VALVE CORPORATION,                          Case No.  **2:23-cv-01016**

9                              Plaintiff,

10          v.                                   **DEFENDANTS' OPPOSITION TO**
                                                 **PLAINTIFF'S MOTION TO STRIKE**
11   LEIGH ROTHSCHILD, ROTHSCHILD
     BROADCAST DISTRIBUTION SYSTEMS,                NOTE ON MOTION CALENDAR:
12   LLC, DISPLAY TECHNOLOGIES, LLC,             **FRIDAY JANUARY 31, 2025**
     PATENT ASSEST MANAGEMENT, LLC,
13   MEYLER LEGAL, PLLC, AND SAMUEL                 **ORAL ARGUMENT REQUESTED**
     MEYLER,
14

15                            Defendants.

16

17

18

19

20

21

22

23

24

25

26

27

**TABLE OF CONTENTS**

I.    INTRODUCTION ...................................................................................................... 1

II.   LEGAL AUTHORITY ............................................................................................. 1

      A.    Rule 8 governs a defendant's obligation in responding to a complaint. ................. 1

      B.    Affirmative defenses that provide fair notice of the defense are sufficient. ........... 1

III.  ARGUMENT .............................................................................................................. 2

      A.    Defendants' denial of Paragraph 76 of the Second Amended Complaint is

           proper. .................................................................................................................... 2

      B.    Defendants have adequately set forth their affirmative defenses. ......................... 4

IV. CONCLUSION .............................................................................................................. 5

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION
TO STRIKE – Page i
Case No. 2:23-cv-01016

**DC LAW GROUP**
12055 15th Ave NE | Seattle, WA 98125
Phone: (206) 494.0400

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Caravan Canopy Int'l, Inc. v. Walmart Inc.*,
   No. 2:19-cv-06978-AG-ADS (C.D. Cal.)................................................................5

*Garcia v. Salvation Army*,
   918 F.3d 997 (9th Cir. 2019) ...............................................................................1

*Hennessey v. Radius Glob. Sols. LLC*,
   No. 3:24-CV-05654-DGE, 2024 WL 4696134 (W.D. Wash. Nov. 6, 2024) ...........2

*Iconic Mars Corp. v. Kaotica Corp.*,
   No. 3:22-cv-00092-CAB-DEB (S.D. Cal.)................................................................5

*Obeng-Amponsah v. Don Miguel Apartments*,
   No. CV-16-01054 PA, 2021 WL 4721941 (C.D. Cal. Apr. 8, 2021) ....................1, 3

*Simmons v. Navajo County*,
   609 F.3d 1011 (9th Cir. 2010) ...............................................................................1

*USAA Tex. Lloyds Co. v. Menchaca*,
   545 S.W.3d 479 (Tex. 2018)...................................................................................3

*Washington v. McCoy*,
   No. 12-cv-628, 2013 WL 6504685 (S.D. Ohio Dec. 11, 2013)............................1, 3

*White v. King Cnty. Sheriff's Off.*,
   No. 2:23-cv-01761-JHC, 2024 WL 2802930 (W.D. Wash. May 31, 2024).........2, 4

*White v. Univ. of Washington*,
   No. 2:22-CV-01798-TL, 2023 WL 3582395 (W.D. Wash. May 22, 2023) .............2

**Other Authorities**

Fed. R. Civ. P. 8................................................................................................1, 2

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION
TO STRIKE – Page ii
Case No. 2:23-cv-01016

**DC LAW GROUP**
12055 15th Ave NE | Seattle, WA 98125
Phone: (206) 494.0400

## I.    INTRODUCTION

Plaintiff Valve Corporation's ("Valve") motion to strike should be denied in its entirety. First, Defendants Leigh Rothschild's; Rothschild Broadcast Distribution Systems, LLC's; Display Technologies, LLC's; Patent Asset Management, LLC's; Meyler Legal, PLLC's; and Samuel Meyler's (collectively, "Defendants") denial of Paragraph 76—directed to breach of a covenant not to sue—is fully supported. Defendants have always contested at least Valve's proof of damages, a necessary element to establish breach. This is confirmed when Defendants' statements to this Court are viewed in their full context. Second, Defendants' affirmative defenses provide fair notice to Valve of those defenses. That is all that is required under Rule 8.

## II.    LEGAL AUTHORITY

### A.    Rule 8 governs a defendant's obligation in responding to a complaint.

Rule 8(a) of the Federal Rules of Civil Procedure provides that a pleading that states a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). Rule 8(b) provides that a party, in responding to a pleading, must "admit or deny the allegations asserted against it by an opposing party." Fed. R. Civ. P. 8(b)(1)(B). Further provisions of Rule 8(b) require only that "[a] denial must fairly respond to the substance of the allegation" and that "[a] party that intends in good faith to deny only part of an allegation must admit the part that is true and deny the rest." Fed. R. Civ. P. 8(b)(2), (4). And, no response is required to pure legal conclusions set forth in a Complaint. *Obeng-Amponsah v. Don Miguel Apartments,* No. CV-16-01054 PA (AFMx), 2021 WL 4721941, at *3 (C.D. Cal. Apr. 8, 2021); *see also*, *Washington v. McCoy*, No. 12-cv-628, 2013 WL 6504685, at *1 (S.D. Ohio Dec. 11, 2013).

### B.    Affirmative defenses that provide fair notice of the defense are sufficient.

"The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense." *Garcia v. Salvation Army*, 918 F.3d 997, 1008 (9th Cir. 2019) (quoting *Simmons v. Navajo County*, 609 F.3d 1011, 1023 (9th Cir. 2010)). Courts in this district have thus declined to adopt the pleading standards of the Supreme Court's *Twombly* and

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION
TO STRIKE – Page 1
Case No. 2:23-cv-01016

**DC LAW GROUP**
12055 15th Ave NE | Seattle, WA 98125
Phone: (206) 494.0400

1  *Iqbal* cases as to affirmative defenses. *See, e.g.*, *White v. King Cnty. Sheriff's Off.*, No. 2:23-cv-

2  01761-JHC, 2024 WL 2802930, at *2, *6 (W.D. Wash. May 31, 2024) (declining to adopt

3  *Iqbal*/*Twombly* pleading standards for affirmative defenses and declining to strike an affirmative

4  defense that plaintiffs' damages "if any, may be barred by their failure to mitigate said damages.")

5  The burden when asserting an affirmative defense is even less than when a party asserts a claim:

6  "a party asserting a claim—and therefore bearing the ultimate burden of showing its entitlement

7  to relief—must plead a short and plain statement of the claim showing that the pleader is entitled

8  to relief, while a defending party must simply state in short and plain terms its defenses to each

9  claim asserted against it and affirmatively state any avoidance or affirmative defense." *Hennessey*

10  *v. Radius Glob. Sols. LLC*, No. 3:24-CV-05654-DGE, 2024 WL 4696134, at *2 (W.D. Wash. Nov.

11  6, 2024) (cleaned up and internal quotations omitted). And "motions to strike are generally

12  disfavored because the motions may be used as delay tactics and because of the strong policy

13  favoring resolution on the merits." *Id.*at *1 (quoting *White v. Univ. of Washington*, No. 2:22-CV-

14  01798-TL, 2023 WL 3582395, *2 (W.D. Wash. May 22, 2023)).

15  **III.   ARGUMENT**

16  **A.   Defendants' denial of Paragraph 76 of the Second Amended Complaint is**

17  **proper.**

18  Valve contends that Defendants' denial of Paragraph 76 violates Rule 8(b)(4). (Dkt. 66 at

19  7-8.)[1] This is wrong.

20  Paragraph 76 alleges that "Display Technologies breached the covenant not to sue when it

21  asserted U.S. Patent No. 9,300,723 in its 2022 lawsuit against Valve and continues to be in breach

22  by failing to withdraw the 2022 demands from Mr. Falcucci." (Dkt. 38 at ¶ 76.) As Valve

23  recognizes, this paragraph includes two allegations—one directed to breach of the covenant not to

24  sue via assertion of U.S. Patent No. 9,300,723 and one directed to breach of the covenant not to

25  sue via a failure to withdraw Mr. Falcucci's 2022 demands. It is the denial of this first allegation

26

27  [1] Where the page numbers in the footer and ECF docket header differ, this brief cites to the latter.

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION
TO STRIKE – Page 2
Case No. 2:23-cv-01016

**DC LAW GROUP**
12055 15th Ave NE | Seattle, WA 98125
Phone: (206) 494.0400

1  (directed to breach via assertion of U.S. Patent No. 9,300,723) that Valve takes issue with, claiming

2  that Defendants have no good faith basis deny this allegation because Defendants purportedly

3  admitted that the 2022 lawsuit was a breach of contract. (Dkt. 66 at 8.) But Valve ignores the

4  elements needed to establish breach of contract and the full context of Defendants' statements to

5  this Court.

6      Breach of contract requires proof of four elements: (1) formation of a valid contract; (2)

7  performance by the plaintiff; (3) breach by the defendant; and (4) that the plaintiff sustained

8  damages as a result of the breach. *USAA Tex. Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 501 n.21

9  (Tex. 2018).[2] As Defendants' full statement makes abundantly clear, Defendants have never

10  conceded that Plaintiff has suffered any damages:

11      In terms of the contract actions, we've just been sort of talking about that. I will

12      concede to you that there was a breach of contract in 2022, but that breach was

13      remedied promptly, and they never bothered to raise anything about it until the June

14      letters and this whole action was brought. We think they waived any right to

15      complain about it, but even if they hadn't, ***there were no damages that arose from***

16      ***that.*** It was [sic] inconvenience. They wrote a letter back to us, that's it. ***I don't see***

17      ***how there's any damages*** there even if there was a technical breach of the contract.

18      Again, no reason for this Court to be dealing with this.

19  (Dkt. 66-2 at 5:23-6:8 (emphasis added).)

20      Because Defendants have at least contested damages (a necessary element to establish

21  breach of contract), Defendants' denial is fully supported.

22      Separately, Defendants' denial of Paragraph 76 is also proper because Valve's allegations

23  in that paragraph are legal conclusions. Responses to pure legal conclusions are not required.

24  *Obeng-Amponsah*, 2021 WL 4721941, at *3; *see also*, *Washington*, 2013 WL 6504685, at *1.

25

26

27  [2] The Global Settlement and License Agreement is governed by Texas law. (Dkt. 38-1 at ¶ 11.1.)

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION
TO STRIKE – Page 3
Case No. 2:23-cv-01016

**DC LAW GROUP**
12055 15th Ave NE | Seattle, WA 98125
Phone: (206) 494.0400

1   For both of these independent reasons, the Court should deny Valve's motion to strike

2   Defendants' denial of Paragraph 76.

3   **B.   Defendants have adequately set forth their affirmative defenses.**

4   Valve admits that Defendants' affirmative defenses are not subject to the heightened

5   pleading standards of *Twombly/Iqbal*. (Dkt. 66 at 10.) Accordingly, all parties agree that

6   Defendants were merely required to provide Valve with fair notice of Defendants' affirmative

7   defenses. Defendants have done this.

8   Like the defendant in *White v. King County Sheriff's Office*, Defendants have denied factual

9   allegations of Valve that provide Valve with notice of at least some facts that support Defendants'

10  affirmative defenses. 2024 WL 2802930, at *3-7. For example, Defendants denied Plaintiff's

11  allegations in Paragraph 57 which states that "[t]his is that unique case where a covenant not to

12  sue between the parties fails to provide Valve with the protection it paid for because, unfortunately,

13  the assurances given to Valve in that agreement are worthless. Judicial intervention is therefore

14  necessary to give Valve the rights it paid for, but that Defendants have denied it." (Dkt. 63 at ¶

15  57.)[3] Defendants' denial of this paragraph supports that Valve has no basis to be bringing this suit

16  and, therefore, has unclean hands. By way of further example, Defendants denied Paragraph 88

17  which states "Defendants' bad faith assertion of infringement imposed a significant burden on

18  Valve because Valve must now, yet again, expend resources to defend itself against meritless

19  infringement allegations." (*Id.* at ¶ 88.) This denial supports that Valve did not, in fact, need to

20  expend resources defending itself and filing this lawsuit and supports Defendants' affirmative

21  defense of failure to mitigate damages.

22  Moreover, the level of description provided by Defendants is consistent with that typically

23  provided in connection with affirmative defenses. Indeed, the sufficiency of Defendants'

24  affirmative defenses is confirmed by counsel for Valve's own filings in other cases, which provide

25

26  [3] The paragraph numbering in Valve's Second Amended Complaint is not sequential and includes
    two paragraphs identified as paragraph 57. Here, Defendants cite to paragraph 57 located in
27  Section V of the Second Amended Complaint.

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION
TO STRIKE – Page 4
Case No. 2:23-cv-01016

**DC LAW GROUP**
12055 15th Ave NE | Seattle, WA 98125
Phone: (206) 494.0400

1  the same level of detail as Defendants provided here. *See*, *e.g.*, *Iconic Mars Corp. v. Kaotica Corp.*,

2  No. 3:22-cv-00092-CAB-DEB (S.D. Cal.), Dkt. 12 at Affirmative Defense No. 8 (asserting

3  "Unclean Hands" and merely stating "[Plaintiff's] claims are barred in whole or in part because it

4  has unclean hands."); *Caravan Canopy Int'l, Inc. v. Walmart Inc.*, No. 2:19-cv-06978-AG-ADS

5  (C.D. Cal.), Dkt. 18 at Affirmative Defense No. 3 (asserting "Waiver/Estoppel" and merely stating

6  "[a]ny purported claim for equitable relief set forth in Plaintiff's Complaint is barred by unclean

7  hands, waiver, and/or equitable estoppel"). And, to the extent, Valve seeks to further understand

8  the bases for Defendants' affirmative defenses, it is welcome to propound discovery directed to

9  those defenses.

10      In the event the Court finds that Defendants' affirmative defenses are insufficient,

11  Defendants respectfully request permission to amend their Answer to include additional factual

12  support for its affirmative defenses directed to its Second Affirmative Defense (failure to mitigate),

13  Third Affirmative Defense (unclean hands), and Fourth Affirmative Defense (acquiescence,

14  estoppel, waiver, ratification, consent, and/or any other applicable equitable doctrine).

15  **IV.    CONCLUSION**

16      For the reasons described above, Valve's motion to strike Paragraph 76 and to strike

17  Defendants' Second, Third, and Fourth Affirmative Defenses should be denied. In the alternative,

18  Defendants respectfully request permission to amend their Second, Third, and Fourth Affirmative

19  Defenses to include additional factual allegations to support those defenses.

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION
TO STRIKE – Page 5
Case No. 2:23-cv-01016

**DC LAW GROUP**
12055 15th Ave NE | Seattle, WA 98125
Phone: (206) 494.0400

I certify that this memorandum contains 1,628 words, in compliance with the Local Civil Rules.

Dated:  January 21, 2025                    Respectfully submitted,


By: _/s/ Donald McPhail_____
    Matthew J. Cunanan (#42530)
    DC LAW GROUP
    12055 15th Ave NE, Suite B
    Seattle, WA 98125
    Tel: (206) 494-0400
    Fax: (855) 494-0400
    Email: matthew@dclglawyers.com

    Eric R. Chad (admitted *phv*)
    150 South Fifth Street, Suite 2200
    Minneapolis, Minnesota 55402
    Tel: (612) 332-5300
    Fax: (612) 332-9081
    Email: echad@merchantgould.com

    Donald R. McPhail (admitted *phv*)
    1940 Duke Street
    Alexandria, Virginia 22314
    Tel: (703) 412-1432
    Fax: (703) 413-2220
    Email: dmcphail@oblon.com

    *Attorneys for Defendants Leigh Rothschild,*
    *Rothschild Broadcast Distribution Systems,*
    *LLC, Display Technologies, LLC, Patent Asset*
    *Management, LLC, Meyler Legal, PLLC, and*
    *Samuel Meyler*

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION
TO STRIKE – Page 6
Case No. 2:23-cv-01016

DC LAW GROUP
12055 15th Ave NE | Seattle, WA 98125
Phone: (206) 494.0400

**CERTIFICATE OF SERVICE**

I hereby certify that on January 21, 2025, I filed this document through the ECF system and that notice will be sent electronically to all counsel who are registered participants identified on the Mailing Information for C.A. No. 2:23-cv-1016.


*/s/ Shannon Maney*

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION
TO STRIKE – Page 7
Case No. 2:23-cv-01016

**DC LAW GROUP**
12055 15th Ave NE | Seattle, WA 98125
Phone: (206) 494.0400