HON. JAMAL N. WHITEHEAD

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| VALVE CORPORATION,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>LEIGH ROTHSCHILD, ROTHSCHILD BROADCAST DISTRIBUTION SYSTEMS, LLC, DISPLAY TECHNOLOGIES, LLC, PATENT ASSET MANAGEMENT, LLC, MEYLER LEGAL, PLLC, AND SAMUEL MEYLER,<br><br>　　　　Defendants. | Case No. 2:23-cv-1016-JNW<br><br>**VALVE CORPORATION'S REPLY IN SUPPORT OF MOTION TO STRIKE**<br><br>NOTE ON MOTION CALENDAR:<br>**January 31, 2025**<br><br>Complaint Filed:　　07/07/2023<br><br>ORAL ARGUMENT REQUESTED |

VALVE'S REPLY ISO MOTION TO STRIKE
CASE NO. 2:23-CV-1016

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

Breach, and damages caused by that breach, are separate factors plaintiffs must prove to prevail on a contract claim. Defendants, however, ignore this distinction. Rule 8 requires Defendants to provide Valve with fair notice of the facts underlying their affirmative defenses. Defendants, however, incorrectly argue that the rule requires something far less than fair notice. Accordingly, Valve respectfully requests that the Court grant Valve's motion to strike.

## I.  THE FACT OF DEFENDANTS' BREACH OF THE GSLA IS DISTINCT FROM ANY DISPUTES OVER DAMAGES.

Defendants' blanket denial to Paragraph 76 of Valve's Complaint is improper under Rule 8 and should be stricken. Defendants do not dispute that Display Technologies' 2022 lawsuit against Valve was a breach of the GSLA. Dkt. 71 at 2-3. Instead, Defendants argue they properly denied that they breached the GSLA as set forth in Paragraph 76 because they dispute damages. *Id*. Defendants, however, ignore the distinction between the factual questions of "breach" and "damages."

The elements of "breach by the defendant" and "damages as a result of the breach" are distinct elements of a contract claim. *USAA Tex. Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 501 n.21 (Tex. 2018) ("A particular breach-of-contract claim may involve disputes on any combination of these requirements.").[1] On its face, the allegations in Paragraph 76 are directed to the factual question of breach, not damages. *See* Dkt. 63, ¶ 76 ("Display Technologies breached the covenant not to sue when it asserted U.S. Patent No. 9,300,723 in its 2022 lawsuit against Valve…"). Whether Defendants dispute that Valve suffered any damages from their breach is therefore irrelevant to the question of whether Defendants breached the GSLA. Defendants should be held to their open-court admission that they did so. *See* Dkt. 71 at 3 (quoting Dkt. 66-2 at 5:23-6:8) ("[Defense counsel:]… I will concede to you that there was a breach of contract in 2022 …").

Defendants' own brief highlights this important distinction. Citing Texas case law, they point out that recovery under a claim of "[b]reach of contract requires proof of four elements: … (3) *breach by the defendant*; and (4) that the plaintiff sustained *damages as a result of the breach*."

---

[1] "The parties agree that Texas law applies to Valve's contract claim." Dkt. 56 at 13; *see also* Dkt. 71 at 3 n.2.

VALVE'S REPLY ISO MOTION TO STRIKE
CASE NO. 2:23-CV-1016

- 1 -

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

Dkt. 71 at 3 (citation omitted; emphasis added). Defendants' dispute over whether Valve suffered damages does not negate their admission that Display Technologies' 2022 lawsuit met the third element of "breach by the defendant."

Defendants' alternative theory that they were not required to respond to the allegations in Paragraph 76 because they are "pure legal conclusions" fails for two reasons. Dkt. 71 at 3-4. First, Defendants responded to the allegations, thereby rending this point irrelevant and waived. Second, the question of whether Defendants "breached the agreement is a fact question." *X Techs., Inc. v. Marvin Test Sys., Inc.*, 719 F.3d 406, 414 (5th Cir. 2013); *see also Meek v. Bishop Peterson & Sharp, P.C.*, 919 S.W.2d 805, 808 (Tex. App. 1996), writ denied (Sept. 12, 1996). Paragraph 76 sets forth factual allegations that Defendants breached the GSLA by taking specific actions in violation of the agreement. Dkt. 63, ¶ 76. Defendants are required under Rule 8 to "fairly respond to the substance of the allegation." Fed. R. Civ. P. 8(a).

## II. DEFENDANTS' DENIALS OF VALVE'S ALLEGATIONS IN THE COMPLAINT DO NOT PROVIDE FAIR NOTICE FOR THEIR AFFIRMATIVE DEFENSES.

Defendants do not dispute that their affirmative defenses lack any supporting facts. Nor do Defendants distinguish any of the cases cited in Valve's brief that strike nearly identical affirmative defenses. *See* Dkt. 66 at 4-6. Defendants only argument is that Valve could have somehow ascertained "at least some" basis for their defenses from 2 of the 90 responses in their Answer,[2] or alternatively, Valve can "propound discovery" if it wants to understand the basis for the defenses. Dkt. 71 at 4-5. Both arguments overlook the actual and important impact of Rule 8.

Defendants attempt to stretch the narrow and case-specific finding in *White* to assert that as long as any one denial in the answer could conceivably support some affirmative defense, that is sufficient notice under Rule 8(b). But it cannot be *fair* notice for Valve to have to dig through and consider every denial and guess whether that denial supported any of Defendants' affirmative defenses or not. Fair notice requires that Defendants actually "provid[e] some factual basis to the

---

[2] During the meet and confer process required by Section 5.6 of the Court's Chambers Procedures, described in Dkt. 66 at 1-2, Defendants never told Valve the position they take now—that the factual bases for their affirmative defenses could somehow be gleaned from their denials of Valve's allegations.

VALVE'S REPLY ISO MOTION TO STRIKE
CASE NO. 2:23-CV-1016

- 2 -

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

asserted defense"—not merely leave Valve guessing. *Am. Rsch. Cap. LLC v. H NU Photonics LLC*, No. C22-607-MLP, 2022 WL 22258089, *2 (W.D. Wash. Aug. 18, 2022); *see also Grande v. U.S. Bank Nat'l Ass'n*, No. C19-333 MJP, 2020 WL 2063663, at *2 (W.D. Wash. Apr. 29, 2020) ("This Court will likewise adopt the middle ground and … require (in the interests of 'fair notice') that Defendants provide 'at least some facts indicating the grounds on which the defense is based.'"). Defendants did not do so.

Contrary to Defendants' arguments, *White* is consistent with these precedents. Each of the affirmative defenses in *White* is tied to the specific facts of the case and is essentially a counterstatement of allegations made by Plaintiffs. For example, defendants' thirteenth defense that "damages claimed by [] Plaintiffs may have been proximately caused or contributed to by the negligence or fault of [] Plaintiffs and/or [] Plaintiff[s'] son" is supported by denials that defendants caused or contributed to any damages. *White v. King Cnty. Sheriff's Off.*, No. 2:23-CV-01761-JHC, 2024 WL 2802930, at *6 (W.D. Wash. May 31, 2024). As another example, defendants' second affirmative defense that "[d]efendants at all times acted in good faith in the performance of their duties and are therefore immune from suit for the matters charged in Plaintiff's complaint" was supported by defendants' denial of plaintiff's allegations that defendants acted in bad faith and "superseded the U.S. Constitution." *Id.* at *3.

The same cannot be said here. Paragraph 57 of Valve's Complaint largely relates to subject matter jurisdiction of the declaratory judgment claim, an issue the Court already resolved in Valve's favor. Yet Defendants assert that their denial of Paragraph 57 somehow provided Valve with sufficient notice that Valve had "no basis to be bringing this suit and, therefore, has unclean hands." Dkt. 71 at 4.

Similarly, Defendants assert that Valve should have construed their denial of Paragraph 88 regarding Valve's damages to be an allegation that Valve failed to act reasonably to mitigate its damages, as opposed to simply denying that Valve is entitled to damages. Dkt. 71 at 4. Defendants incorrectly place to onus on Valve to somehow read between the lines that, for example, a denial regarding breach is really about damages (Dkt. 71 at 3), and a denial about damages is really about mitigation (Dkt. 71 at 4). This is not what Rule 8 requires of defendants.

VALVE'S REPLY ISO MOTION TO STRIKE
CASE NO. 2:23-CV-1016

- 3 -

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

More importantly, Defendants attempt to stretch *White* far beyond its narrow finding. An affirmative defense "is an assertion raising *new* facts and arguments that, if true, would defeat the plaintiff's claim, *even if the allegations in the complaint are true*." *Ramirez v. Olympic Health Mgmt. Sys., Inc.*, No. CV-07-3044-EFS, 2009 WL 1107243, *4 (E.D. Wash. Apr. 21, 2009) (emphasis added). "[A]n affirmative defense is established when a defendant *admits the facts in a plaintiff's complaint* and alleges facts that would prevent recovery even if the general complaint stands." *Hennessey v. Radius Glob. Sols. LLC*, No. 3:24-CV-05654-DGE, 2024 WL 4696134, at *3 (W.D. Wash. Nov. 6, 2024) (emphasis added); *see also Bell v. Nat'l Credit Sys., Inc.*, No. 2:19-cv-01727-RAJ-BAT, 2020 WL 1452552, *1 (W.D. Wash. Jan. 8, 2020) ("The purpose of affirmative defenses is to put the plaintiff on notice that matters extraneous to his prima facie case are in issue…." (internal quotations omitted)). It follows that an affirmative defense cannot be based solely on denials of allegations in the complaint, as Defendants attempt to do here. Defendants should be held to the fair notice standard consistently applied in this district and be required to clearly set forth some facts beyond mere denials to support their affirmative defenses.

Defendants' attempt to rely on Kilpatrick Townsend & Stockton's ("Kilpatrick") filings in other cases—not involving Valve—is a red herring and actually confirms the inadequacies of Defendants' own affirmative defenses in this case. For instance, in *Iconic Mars*, Kilpatrick successfully struck the opposing side's boilerplate affirmative defenses nearly identical to the ones Defendants assert here. *See Kaotica IP Corp v. Iconic Mars Corp.*, No. 21-cv-433, 2021 WL 3726006, at *2 (S.D. Cal. Aug. 23, 2021) ("[T]he boilerplate affirmative defense allegations here fail to satisfy even this less stringent [fair notice] standard."); *see also Iconic Mars Corp. v. Kaotica Corp.*, No. 3:22-cv-92, Dkt. 20 at 2-3, 5-6 (S.D. Cal. May 6, 2022) (moving to strike Iconic's affirmative defense that "repeat[] almost word for word the affirmative defenses that this Court previously struck"); *id.*, Dkt. 27 (Court ordering Iconic to "assert additional factual support for its fourth, sixth, and seventh affirmative defenses").[3]

---

[3] The other affirmative defenses referenced by Defendants were never challenged and thus no court ever ruled on their sufficiency.

VALVE'S REPLY ISO MOTION TO STRIKE
CASE NO. 2:23-CV-1016

- 4 -

1   Finally, Defendants' argument that Valve can simply "propound discovery directed to those defenses" would render Rule 12(f) meaningless. Dkt. 71 at 5. Valve must bring a motion to strike "within 21 days after being served with the pleading." Fed. R. Civ. P. 12(f)(2). Under Defendants' reasoning, Valve would need to serve discovery—and wait 30 days for a response—to understand the basis for Defendants' affirmative defenses. But after 30 days, if discovery responses confirm that Defendants' affirmative defense is "insufficient," Valve can no longer challenge that defense under Rule 12(f). *Id.*

This argument also ignores the reality of Valve's ongoing discovery efforts. Namely, Defendants have not produced a single document despite Valve having served discovery requests in July 2024. Nor have Defendants provided supplemental interrogatory responses despite promising to do so since October 2024. Geyer Decl., Exs. 1-4. Defendants' "wait and see" argument should be rejected.

### III. CONCLUSION

For the foregoing reasons, the Court should strike Defendants' denial of Paragraph 76, and their Second, Third, and Fourth Affirmative Defenses.

DATED: January 30, 2025

Respectfully submitted,

KILPATRICK TOWNSEND & STOCKTON LLP

By: */s/ Dario A. Machleidt*
Dario A. Machleidt (State Bar No. 41860)
Kathleen R. Geyer (State Bar No. 55493)
Christopher P. Damitio (State Bar No. 58633)
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
Telephone: (206) 467-9600
dmachleidt@kilpatricktownsend.com
kgeyer@kilpatricktownsend.com
cdamitio@kilpatricktownsend.com

Attorneys for Plaintiff
VALVE CORPORATION

I certify that this memorandum contains 1644 words, in compliance with the Local Civil Rules.

VALVE'S REPLY ISO MOTION TO STRIKE
CASE NO. 2:23-CV-1016

- 5 -

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

## CERTIFICATE OF SERVICE

I hereby certify that on January 30, 2025, I served the within via the Court's CM/ECF system to all counsel who are registered participants identified on the Mailing Information for C.A. No. 2:23-cv-1016.

                                                  */s/ Dario A. Machleidt*
                                                  Dario A. Machleidt

79164070V.5

VALVE'S REPLY ISO MOTION TO STRIKE
CASE NO. 2:23-CV-1016

- 6 -

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600