# EXHIBIT B

**Patent Asset Management LLC's Objections and Responses to Valve's First Set of Requests for Production[1]**

<u>**REQUEST FOR PRODUCTION NO. 1**</u>
  All Documents and Communications Relating to Valve.

<u>**RESPONSE:**</u>
  Defendant expressly incorporates each of the foregoing General Objections by reference.
  Defendant also objects to this Request to the extent it seeks documents and information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity.
  Defendant also objects to this Request to the extent it calls for documents not within the possession, custody, or control of Defendant.
  Defendant also objects to this Request to the extent it is duplicative, cumulative, or otherwise redundant of other Requests or other discovery already available to Plaintiff.
  Defendant also objects to this Request as overly broad and unduly burdensome, not proportional to the needs of the case, and seeking information that is not relevant to any party's claims or defenses because it is unlimited in time.
  Defendant also objects to this Request as premature to the extent it seeks expert opinions, disclosures, or discovery. Defendant will provide expert opinions, disclosures, and discovery at the time(s) set by the Court's schedule for this case.
  Defendant also objects to this Request as overly broad and unduly burdensome to the extent that it seeks "[a]ll Documents and Communications" without limitation or qualification. Defendant also objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and seeking documents that are not relevant to any party's claims or defenses to the extent it seeks documents unrelated to the issues and/or parties involved in this case.
  Defendant also objects this request as overly broad and unduly burdensome to the extent it calls for information or documents not within the possession, custody, or control of Defendant.

  Subject to and without waiving the foregoing objections, and to the extent documents exist and have not already been produced to Plaintiff, Defendant will produce and/or make available for inspection at a mutually-agreeable place and time any responsive, relevant, non-privileged documents in its possession, custody, or control that can be located after a reasonable search and that are proportional to the needs of the case.


<u>**REQUEST FOR PRODUCTION NO. 2**</u>
  Documents sufficient to identify all companies You manage, direct, own, or otherwise control, in whole or in part.

<u>**RESPONSE:**</u>
  Defendant expressly incorporates each of the foregoing General Objections by reference.
  Defendant also objects to this Request to the extent it seeks documents and information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity.

---

[1] Requests not included in this exhibit are not the subject of Valve's present motion to compel.

Defendant also objects to this Request to the extent it calls for documents not within the possession, custody, or control of Defendant.

Defendant also objects to this Request to the extent it is duplicative, cumulative, or otherwise redundant of other Requests or other discovery already available to Plaintiff.

Defendant also objects to this Request as overly broad and unduly burdensome, not proportional to the needs of the case, and seeking information that is not relevant to any party's claims or defenses because it is unlimited in time.

Defendant also objects to this Request as premature to the extent it seeks expert opinions, disclosures, or discovery. Defendant will provide expert opinions, disclosures, and discovery at the time(s) set by the Court's schedule for this case.

Defendant also objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and seeking documents that are not relevant to any party's claims or defenses to the extent it seeks documents unrelated to the issues and/or parties involved in this case.

Defendant also objects to this Request as vague and ambiguous as to the scope and use of the term "otherwise control."

Subject to and without waiving the foregoing objections, and to the extent documents exist and have not already been produced to Plaintiff, Defendant will produce and/or make available for inspection at a mutually-agreeable place and time any responsive, relevant, non-privileged documents in its possession, custody, or control that can be located after a reasonable search and that are proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 3**
Documents sufficient to identify all Your employees, contractors, or agents, and their roles at PAM.

**RESPONSE:**
Defendant expressly incorporates each of the foregoing General Objections by reference.

Defendant also objects to this Request to the extent it seeks documents and information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity.

Defendant also objects to this Request to the extent it calls for documents not within the possession, custody, or control of Defendant.

Defendant also objects to this Request to the extent it is duplicative, cumulative, or otherwise redundant of other Requests or other discovery already available to Plaintiff.

Defendant also objects to this Request as overly broad and unduly burdensome, not proportional to the needs of the case, and seeking information that is not relevant to any party's claims or defenses because it is unlimited in time.

Defendant also objects to this Request as premature to the extent it seeks expert opinions, disclosures, or discovery. Defendant will provide expert opinions, disclosures, and discovery at the time(s) set by the Court's schedule for this case.

Defendant also objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and seeking documents that are not relevant to any party's claims or defenses to the extent it seeks documents unrelated to the issues and/or parties involved in this case.

Subject to and without waiving the foregoing objections, and to the extent documents exist and have not already been produced to Plaintiff, Defendant will produce and/or make available for inspection at a mutually-agreeable place and time any responsive, relevant, non-privileged

documents in its possession, custody, or control that can be located after a reasonable search and that are proportional to the needs of the case.


**REQUEST FOR PRODUCTION NO. 5**

All Documents, Communications, and Things Relating to Your identification of third parties to send Demand Letters to, and Your decision Relating to which patents to include in those Demand Letters.

**RESPONSE:**

Defendant expressly incorporates each of the foregoing General Objections by reference.

Defendant also objects to this Request to the extent it seeks documents and information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity.

Defendant also objects to this Request to the extent it is duplicative, cumulative, or otherwise redundant of other Requests or other discovery already available to Plaintiff.

Defendant also objects to this Request to the extent it calls for documents not within the possession, custody, or control of Defendant.

Defendant also objects to this Request as overly broad and unduly burdensome, not proportional to the needs of the case, and seeking information that is not relevant to any party's claims or defenses because it is unlimited in time.

Defendant also objects to this Request as premature to the extent it seeks expert opinions, disclosures, or discovery. Defendant will provide expert opinions, disclosures, and discovery at the time(s) set by the Court's schedule for this case.

Defendant also objects to this Request as overly broad and unduly burdensome to the extent that it seeks "[a]ll Documents, Communications, and Things" without further limitation or qualification. Defendant also objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and seeking documents that are not relevant to any party's claims or defenses to the extent it seeks documents unrelated to the issues and/or parties involved in this case.

Defendant also objects to this Request as vague and ambiguous as to the scope and use of the term "decision."

Subject to and without waiving the foregoing objections, and to the extent documents exist and have not already been produced to Plaintiff, Defendant will produce and/or make available for inspection at a mutually-agreeable place and time any responsive, relevant, non-privileged documents in its possession, custody, or control that can be located after a reasonable search and that are proportional to the needs of the case.


**REQUEST FOR PRODUCTION NO. 6**

Documents sufficient to identify all cases You, another Defendant, or a Related Company filed in any court in Washington, the status of any ongoing cases, and the outcome (i.e., settlement, voluntary dismissal, final judgment, etc.) of any completed cases.

**RESPONSE:**

Defendant expressly incorporates each of the foregoing General Objections by reference.

Defendant also objects to this Request to the extent it seeks documents and information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity.

Defendant also objects to this Request to the extent it is duplicative, cumulative, or otherwise redundant of other Requests or other discovery already available to Plaintiff. Defendant also objects to this Request as overly broad and unduly burdensome, not proportional to the needs of the case, and seeking information that is not relevant to any party's claims or defenses because it is unlimited in time.

Defendant also objects to this Request as premature to the extent it seeks expert opinions, disclosures, or discovery. Defendant will provide expert opinions, disclosures, and discovery at the time(s) set by the Court's schedule for this case.

Defendant also objects to this Request as overly broad and unduly burdensome to the extent that it seeks information regarding "all cases" without further limitation or qualification as to the subject matter or legal issues involved. Defendant also objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and seeking documents that are not relevant to any party's claims or defenses to the extent it seeks documents unrelated to the issues and/or parties involved in this case.

Defendant also objects this request as overly broad and unduly burdensome to the extent it calls for information or documents not within the possession, custody, or control of Defendant.

Subject to and without waiving the foregoing objections, and to the extent documents exist and have not already been produced to Plaintiff, Defendant will produce and/or make available for inspection at a mutually-agreeable place and time any responsive, relevant, non-privileged documents in its possession, custody, or control that can be located after a reasonable search and that are proportional to the needs of the case.

## REQUEST FOR PRODUCTION NO. [7]

All Documents, Communications, and Things Relating to any proposed or executed License to, assignment of, or any other grant of rights to the '221 Patent, including all offers and negotiations of any such License, assignment, or any other grant of rights.

## RESPONSE:

Defendant expressly incorporates each of the foregoing General Objections by reference.

Defendant also objects to this Request to the extent it seeks documents and information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity.

Defendant also objects to this Request to the extent it is duplicative, cumulative, or otherwise redundant of other Requests or other discovery already available to Plaintiff.

Defendant also objects to this Request as overly broad and unduly burdensome, not proportional to the needs of the case, and seeking information that is not relevant to any party's claims or defenses because it is unlimited in time.

Defendant also objects to this Request to the extent it calls for documents not within the possession, custody, or control of Defendant.

Defendant also objects to this Request as premature to the extent it seeks expert opinions, disclosures, or discovery. Defendant will provide expert opinions, disclosures, and discovery at the time(s) set by the Court's schedule for this case.

Defendant also objects to this Request as overly broad and unduly burdensome to the extent that it seeks "[a]ll Documents, Communications, and Things" and "all offers and negotiations"

without further limitation or qualification. Defendant also objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and seeking documents that are not relevant to any party's claims or defenses to the extent it seeks documents unrelated to the issues and/or parties involved in this case.

Subject to and without waiving the foregoing objections, and to the extent documents exist and have not already been produced to Plaintiff, Defendant will produce and/or make available for inspection at a mutually-agreeable place and time any responsive, relevant, non-privileged documents in its possession, custody, or control that can be located after a reasonable search and that are proportional to the needs of the case.

## REQUEST FOR PRODUCTION NO. 8

All Documents, Communications, and Things Relating to any proposed or executed License to, assignment of, or any other grant of rights to the '723 Patent, including all offers and negotiations of any such License, assignment, or any other grant of rights.

## RESPONSE:

Defendant expressly incorporates each of the foregoing General Objections by reference.

Defendant also objects to this Request to the extent it seeks documents and information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity.

Defendant also objects to this Request to the extent it is duplicative, cumulative, or otherwise redundant of other Requests or other discovery already available to Plaintiff.

Defendant also objects to this Request as overly broad and unduly burdensome, not proportional to the needs of the case, and seeking information that is not relevant to any party's claims or defenses because it is unlimited in time.

Defendant also objects to this Request to the extent it calls for documents not within the possession, custody, or control of Defendant.

Defendant also objects to this Request as premature to the extent it seeks expert opinions, disclosures, or discovery. Defendant will provide expert opinions, disclosures, and discovery at the time(s) set by the Court's schedule for this case.

Defendant also objects to this Request as overly broad and unduly burdensome to the extent that it seeks "[a]ll Documents, Communications, and Things" and "all offers and negotiations" without further limitation or qualification. Defendant also objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and seeking documents that are not relevant to any party's claims or defenses to the extent it seeks documents unrelated to the issues and/or parties involved in this case.

Subject to and without waiving the foregoing objections, and to the extent documents exist and have not already been produced to Plaintiff, Defendant will produce and/or make available for inspection at a mutually-agreeable place and time any responsive, relevant, non-privileged documents in its possession, custody, or control that can be located after a reasonable search and that are proportional to the needs of the case.

## REQUEST FOR PRODUCTION NO. 10

Documents sufficient to identify all Entities that have a License to a patent owned by You, another Defendant, or a Related Company.

**RESPONSE:**

Defendant expressly incorporates each of the foregoing General Objections by reference.

Defendant also objects to this Request to the extent it seeks documents and information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity.

Defendant also objects to this Request to the extent it is duplicative, cumulative, or otherwise redundant of other Requests or other discovery already available to Plaintiff.

Defendant also objects to this Request as overly broad and unduly burdensome, not proportional to the needs of the case, and seeking information that is not relevant to any party's claims or defenses because it is unlimited in time.

Defendant also objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and seeking documents that are not relevant to any party's claims or defenses to the extent it seeks documents unrelated to the issues and/or parties involved in this case.

Defendant also objects this request as overly broad and unduly burdensome to the extent it calls for information or documents not within the possession, custody, or control of Defendant.

Subject to and without waiving the foregoing objections, and to the extent documents exist and have not already been produced to Plaintiff, Defendant will produce and/or make available for inspection at a mutually-agreeable place and time any responsive, relevant, non-privileged documents in its possession, custody, or control that can be located after a reasonable search and that are proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 11**

Documents sufficient to identify all Entities that have a License to the '221 Patent or the '723 Patent.

**RESPONSE:**

Defendant expressly incorporates each of the foregoing General Objections by reference.

Defendant also objects to this Request to the extent it seeks documents and information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity.

Defendant also objects to this Request to the extent it is duplicative, cumulative, or otherwise redundant of other Requests or other discovery already available to Plaintiff.

Defendant also objects to this Request as overly broad and unduly burdensome, not proportional to the needs of the case, and seeking information that is not relevant to any party's claims or defenses because it is unlimited in time.

Defendant also objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and seeking documents that are not relevant to any party's claims or defenses to the extent it seeks documents unrelated to the issues and/or parties involved in this case.

Subject to and without waiving the foregoing objections, and to the extent documents exist and have not already been produced to Plaintiff, Defendant will produce and/or make available for inspection at a mutually-agreeable place and time any responsive, relevant, non-privileged documents in its possession, custody, or control that can be located after a reasonable search and that are proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 12**

All Documents, Communications, and Things Relating to any Demand Letter You, another Defendant, or a Related Company sent (or was sent on Your behalf or on behalf of another Defendant or a Related Company) that referenced a patent to which the recipient of the Demand Letter was already licensed.

**RESPONSE:**

Defendant expressly incorporates each of the foregoing General Objections by reference.

Defendant also objects to this Request to the extent it seeks documents and information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity.

Defendant also objects to this Request to the extent it is duplicative, cumulative, or otherwise redundant of other Requests or other discovery already available to Plaintiff.

Defendant also objects to this Request as overly broad and unduly burdensome, not proportional to the needs of the case, and seeking information that is not relevant to any party's claims or defenses because it is unlimited in time.

Defendant also objects to this Request to the extent it calls for documents not within the possession, custody, or control of Defendant.

Defendant also objects to this Request as premature to the extent it seeks expert opinions, disclosures, or discovery. Defendant will provide expert opinions, disclosures, and discovery at the time(s) set by the Court's schedule for this case.

Defendant also objects to this Request as overly broad and unduly burdensome to the extent that it seeks "[a]ll Documents, Communications, and Things" relating to "any Demand Letter" without further limitation or qualification. Defendant also objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and seeking documents that are not relevant to any party's claims or defenses to the extent it seeks documents unrelated to the issues and/or parties involved in this case.

Subject to and without waiving the foregoing objections, and to the extent documents exist and have not already been produced to Plaintiff, Defendant will produce and/or make available for inspection at a mutually-agreeable place and time any responsive, relevant, non-privileged documents in its possession, custody, or control that can be located after a reasonable search and that are proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 13**

Documents sufficient to identify all recipients of Demand Letters where the recipients already had a License agreement with You, another Defendant, or a Related Company.

**RESPONSE:**

Defendant expressly incorporates each of the foregoing General Objections by reference.

Defendant also objects to this Request to the extent it seeks documents and information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity.

Defendant also objects to this Request to the extent it is duplicative, cumulative, or otherwise redundant of other Requests or other discovery already available to Plaintiff.

Defendant also objects to this Request as overly broad and unduly burdensome, not proportional to the needs of the case, and seeking information that is not relevant to any party's claims or defenses because it is unlimited in time.

7

Defendant also objects to this Request to the extent it calls for documents not within the possession, custody, or control of Defendant.

Defendant also objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and seeking documents that are not relevant to any party's claims or defenses to the extent it seeks documents unrelated to the issues and/or parties involved in this case.

Subject to and without waiving the foregoing objections, and to the extent documents exist and have not already been produced to Plaintiff, Defendant will produce and/or make available for inspection at a mutually-agreeable place and time any responsive, relevant, non-privileged documents in its possession, custody, or control that can be located after a reasonable search and that are proportional to the needs of the case.

## REQUEST FOR PRODUCTION NO. 14

All Documents, Communications, and Things Relating to any lawsuit You, another Defendant, or a Related Company filed against a third party asserting infringement of a patent to which the third party was already licensed.

## RESPONSE:

Defendant expressly incorporates each of the foregoing General Objections by reference.

Defendant also objects to this Request to the extent it seeks documents and information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity.

Defendant also objects to this Request to the extent it is duplicative, cumulative, or otherwise redundant of other Requests or other discovery already available to Plaintiff.

Defendant also objects to this Request as overly broad and unduly burdensome, not proportional to the needs of the case, and seeking information that is not relevant to any party's claims or defenses because it is unlimited in time.

Defendant also objects to this Request to the extent it calls for documents not within the possession, custody, or control of Defendant.

Defendant also objects to this Request as overly broad and unduly burdensome to the extent that it seeks "[a]ll Documents, Communications, and Things" relating to "any lawsuit" without further limitation or qualification. Defendant also objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and seeking documents that are not relevant to any party's claims or defenses to the extent it seeks documents unrelated to the issues and/or parties involved in this case.

Subject to and without waiving the foregoing objections, and to the extent documents exist and have not already been produced to Plaintiff, Defendant will produce and/or make available for inspection at a mutually-agreeable place and time any responsive, relevant, non-privileged documents in its possession, custody, or control that can be located after a reasonable search and that are proportional to the needs of the case.

## REQUEST FOR PRODUCTION NO. 15

Documents sufficient to identify all third parties You, another Defendant, or a Related Company have sued, where the third parties were already named in a License agreement with You, another Defendant, or a Related Company.

**RESPONSE:**

Defendant expressly incorporates each of the foregoing General Objections by reference.

Defendant also objects to this Request to the extent it seeks documents and information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity.

Defendant also objects to this Request to the extent it is duplicative, cumulative, or otherwise redundant of other Requests or other discovery already available to Plaintiff.

Defendant also objects to this Request as overly broad and unduly burdensome, not proportional to the needs of the case, and seeking information that is not relevant to any party's claims or defenses because it is unlimited in time.

Defendant also objects to this Request to the extent it calls for documents not within the possession, custody, or control of Defendant.

Defendant also objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and seeking documents that are not relevant to any party's claims or defenses to the extent it seeks documents unrelated to the issues and/or parties involved in this case.

Subject to and without waiving the foregoing objections, and to the extent documents exist and have not already been produced to Plaintiff, Defendant will produce and/or make available for inspection at a mutually-agreeable place and time any responsive, relevant, non-privileged documents in its possession, custody, or control that can be located after a reasonable search and that are proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 16**

Documents sufficient to show all revenues, costs, and profits resulting from any License to, assignment of, or any other grant of rights to the '221 Patent.

**RESPONSE:**

Defendant expressly incorporates each of the foregoing General Objections by reference.

Defendant also objects to this Request to the extent it seeks documents and information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity.

Defendant also objects to this Request to the extent it is duplicative, cumulative, or otherwise redundant of other Requests or other discovery already available to Plaintiff.

Defendant also objects to this Request as overly broad and unduly burdensome, not proportional to the needs of the case, and seeking information that is not relevant to any party's claims or defenses because it is unlimited in time.

Defendant also objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and seeking documents that are not relevant to any party's claims or defenses to the extent it seeks documents unrelated to the issues and/or parties involved in this case.

Subject to and without waiving the foregoing objections, and to the extent documents exist and have not already been produced to Plaintiff, Defendant will produce and/or make available for inspection at a mutually-agreeable place and time any responsive, relevant, non-privileged documents in its possession, custody, or control that can be located after a reasonable search and that are proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 17**

9

Documents sufficient to show all revenues, costs, and profits resulting from any License to, assignment of, or any other grant of rights to the '723 Patent.

**RESPONSE:**

Defendant expressly incorporates each of the foregoing General Objections by reference.

Defendant also objects to this Request to the extent it seeks documents and information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity.

Defendant also objects to this Request to the extent it is duplicative, cumulative, or otherwise redundant of other Requests or other discovery already available to Plaintiff.

Defendant also objects to this Request as overly broad and unduly burdensome, not proportional to the needs of the case, and seeking information that is not relevant to any party's claims or defenses because it is unlimited in time.

Defendant also objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and seeking documents that are not relevant to any party's claims or defenses to the extent it seeks documents unrelated to the issues and/or parties involved in this case.

Subject to and without waiving the foregoing objections, and to the extent documents exist and have not already been produced to Plaintiff, Defendant will produce and/or make available for inspection at a mutually-agreeable place and time any responsive, relevant, non-privileged documents in its possession, custody, or control that can be located after a reasonable search and that are proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 18**

All Documents, Communications, and Things Relating to Daniel Falcucci's Communications to Valve, including Communications from 2022.

**RESPONSE:**

Defendant expressly incorporate each of the foregoing General Objections by reference.

Defendant also objects to this Request to the extent it seeks documents and information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity.

Defendant also objects to this Request to the extent it is duplicative, cumulative, or otherwise redundant of other Requests or other discovery already available to Plaintiff.

Defendant also objects to this Request as overly broad and unduly burdensome, not proportional to the needs of the case, and seeking information that is not relevant to any party's claims or defenses because it is unlimited in time.

Defendant also objects to this Request as premature to the extent it seeks expert opinions, disclosures, or discovery. Defendant will provide expert opinions, disclosures, and discovery at the time(s) set by the Court's schedule for this case.

Defendant also objects to this Request as overly broad and unduly burdensome to the extent that it seeks "[a]ll Documents, Communications, and Things" without further limitation or qualification. Defendant also objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and seeking documents that are not relevant to any party's claims or defenses to the extent it seeks documents unrelated to the issues and/or parties involved in this case.

Subject to and without waiving the foregoing objections, and to the extent documents exist and have not already been produced to Plaintiff, Defendant will produce and/or make available for

10

inspection at a mutually-agreeable place and time any responsive, relevant, non-privileged documents in its possession, custody, or control that can be located after a reasonable search and that are proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 19**

All Communications between Daniel Falcucci and third parties where the third parties had a License agreement with You, another Defendant, or a Related Company.

**RESPONSE:**

Defendant expressly incorporate each of the foregoing General Objections by reference.

Defendant also objects to this Request to the extent it seeks documents and information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity.

Defendant also objects to this Request to the extent it is duplicative, cumulative, or otherwise redundant of other Requests or other discovery already available to Plaintiff.

Defendant also objects to this Request as overly broad and unduly burdensome, not proportional to the needs of the case, and seeking information that is not relevant to any party's claims or defenses because it is unlimited in time.

Defendant also objects to this Request as premature to the extent it seeks expert opinions, disclosures, or discovery. Defendant will provide expert opinions, disclosures, and discovery at the time(s) set by the Court's schedule for this case.

Defendant also objects to this Request as overly broad and unduly burdensome to the extent that it seeks "[a]ll Communications" without further limitation or qualification. Defendant also objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and seeking documents that are not relevant to any party's claims or defenses to the extent it seeks documents unrelated to the issues and/or parties involved in this case.

Subject to and without waiving the foregoing objections, and to the extent documents exist and have not already been produced to Plaintiff, Defendant will produce and/or make available for inspection at a mutually-agreeable place and time any responsive, relevant, non-privileged documents in its possession, custody, or control that can be located after a reasonable search and that are proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 20**

All Communications between Daniel Falcucci and third parties where, prior to the time of the Communications, the third parties already had a License agreement with You, another Defendant, or a Related Company.

**RESPONSE:**

Defendant expressly incorporate each of the foregoing General Objections by reference.

Defendant also objects to this Request to the extent it seeks documents and information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity.

Defendant also objects to this Request to the extent it is duplicative, cumulative, or otherwise redundant of other Requests or other discovery already available to Plaintiff.

Defendant also objects to this Request as overly broad and unduly burdensome, not proportional to the needs of the case, and seeking information that is not relevant to any party's claims or defenses because it is unlimited in time.

Defendant also objects to this Request as premature to the extent it seeks expert opinions, disclosures, or discovery. Defendant will provide expert opinions, disclosures, and discovery at the time(s) set by the Court's schedule for this case.

Defendant also objects to this Request as overly broad and unduly burdensome to the extent that it seeks "[a]ll Communications" without further limitation or qualification. Defendant also objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and seeking documents that are not relevant to any party's claims or defenses to the extent it seeks documents unrelated to the issues and/or parties involved in this case.

Subject to and without waiving the foregoing objections, and to the extent documents exist and have not already been produced to Plaintiff, Defendant will produce and/or make available for inspection at a mutually-agreeable place and time any responsive, relevant, non-privileged documents in its possession, custody, or control that can be located after a reasonable search and that are proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 21**
All Documents, Communications, and Things Relating to Display Techs.'s decision to sue Valve for infringing the '723 Patent.

**RESPONSE:**
Defendant expressly incorporates each of the foregoing General Objections by reference.

Defendant also objects to this Request to the extent it seeks documents and information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity.

Defendant also objects to this Request to the extent it is duplicative, cumulative, or otherwise redundant of other Requests or other discovery already available to Plaintiff.

Defendant also objects to this Request as overly broad and unduly burdensome, not proportional to the needs of the case, and seeking information that is not relevant to any party's claims or defenses because it is unlimited in time.

Defendant also objects to this Request as premature to the extent it seeks expert opinions, disclosures, or discovery. Defendant will provide expert opinions, disclosures, and discovery at the time(s) set by the Court's schedule for this case.

Defendant also objects to this Request as overly broad and unduly burdensome to the extent that it seeks "[a]ll Documents, Communications, and Things" relating to a "decision" without further limitation or qualification. Defendant also objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and seeking documents that are not relevant to any party's claims or defenses to the extent it seeks documents unrelated to the issues and/or parties involved in this case.

Defendant also objects to this Request as vague and ambiguous as to the scope and use of the term "decision."

Subject to and without waiving the foregoing objections, and to the extent documents exist and have not already been produced to Plaintiff, Defendant will produce and/or make available for inspection at a mutually-agreeable place and time any responsive, relevant, non-privileged

documents in its possession, custody, or control that can be located after a reasonable search and that are proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 22**

All Documents, Communications, and Things Relating to the decision to assert the '221 Patent in the June 2023 Demand Letter.

**RESPONSE:**

Defendant expressly incorporates each of the foregoing General Objections by reference.

Defendant also objects to this Request to the extent it seeks documents and information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity.

Defendant also objects to this Request to the extent it is duplicative, cumulative, or otherwise redundant of other Requests or other discovery already available to Plaintiff.

Defendant also objects to this Request as overly broad and unduly burdensome, not proportional to the needs of the case, and seeking information that is not relevant to any party's claims or defenses because it is unlimited in time.

Defendant also objects to this Request as premature to the extent it seeks expert opinions, disclosures, or discovery. Defendant will provide expert opinions, disclosures, and discovery at the time(s) set by the Court's schedule for this case.

Defendant also objects to this Request as overly broad and unduly burdensome to the extent that it seeks "[a]ll Documents, Communications, and Things" relating to a "decision" without further limitation or qualification. Defendant also objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and seeking documents that are not relevant to any party's claims or defenses to the extent it seeks documents unrelated to the issues and/or parties involved in this case.

Defendant also objects to this Request as vague and ambiguous as to the scope and use of the term "decision."

Subject to and without waiving the foregoing objections, and to the extent documents exist and have not already been produced to Plaintiff, Defendant will produce and/or make available for inspection at a mutually-agreeable place and time any responsive, relevant, non-privileged documents in its possession, custody, or control that can be located after a reasonable search and that are proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 23**

All Communications Relating to Valve between (i) You, another Defendant, or a Related Company and (ii) Pitch Scientific.

**RESPONSE:**

Defendant expressly incorporates each of the foregoing General Objections by reference.

Defendant also objects to this Request to the extent it seeks documents and information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity.

Defendant also objects to this Request to the extent it is duplicative, cumulative, or otherwise redundant of other Requests or other discovery already available to Plaintiff.

Defendant also objects to this Request to the extent it calls for documents not within the possession, custody, or control of Defendant.

Defendant also objects to this Request as overly broad and unduly burdensome, not proportional to the needs of the case, and seeking information that is not relevant to any party's claims or defenses because it is unlimited in time.

Defendant also objects to this Request as premature to the extent it seeks expert opinions, disclosures, or discovery. Defendant will provide expert opinions, disclosures, and discovery at the time(s) set by the Court's schedule for this case.

Defendant also objects to this Request as overly broad and unduly burdensome to the extent that it seeks "[a]ll Communications" without limitation or qualification. Defendant also objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and seeking documents that are not relevant to any party's claims or defenses to the extent it seeks documents unrelated to the issues and/or parties involved in this case.

Subject to and without waiving the foregoing objections, and to the extent documents exist and have not already been produced to Plaintiff, Defendant will produce and/or make available for inspection at a mutually-agreeable place and time any responsive, relevant, non-privileged documents in its possession, custody, or control that can be located after a reasonable search and that are proportional to the needs of the case.

### REQUEST FOR PRODUCTION NO. 24

All Documents, Communications, and Things Relating to the infringement charts (i.e., claim charts) comparing the '221 Patent to Valve's Steam platform in the June 2023 Demand Letter, including all Communications with Pitch Scientific Relating to the creation of the infringement charts.

### RESPONSE:

Defendant expressly incorporates each of the foregoing General Objections by reference.

Defendant also objects to this Request to the extent it seeks documents and information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity.

Defendant also objects to this Request to the extent it is duplicative, cumulative, or otherwise redundant of other Requests or other discovery already available to Plaintiff.

Defendant also objects to this Request to the extent it calls for documents not within the possession, custody, or control of Defendant.

Defendant also objects to this Request as overly broad and unduly burdensome, not proportional to the needs of the case, and seeking information that is not relevant to any party's claims or defenses because it is unlimited in time.

Defendant also objects to this Request as premature to the extent it seeks expert opinions, disclosures, or discovery. Defendant will provide expert opinions, disclosures, and discovery at the time(s) set by the Court's schedule for this case.

Defendant also objects to this Request as overly broad and unduly burdensome to the extent that it seeks "[a]ll Documents, Communications and Things" without limitation or qualification. Defendant also objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and seeking documents that are not relevant to any party's claims or defenses to the extent it seeks documents unrelated to the issues and/or parties involved in this case.

Subject to and without waiving the foregoing objections, and to the extent documents exist and have not already been produced to Plaintiff, Defendant will produce and/or make available for inspection at a mutually-agreeable place and time any responsive, relevant, non-privileged documents in its possession, custody, or control that can be located after a reasonable search and that are proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 25**

All Documents, Communications, and Things Relating to all instances in which You have been subject to any penalties or sanctions, including those under 35 U.S.C. § 285, 28 U.S.C.§ 1927, or Fed. R. Civ. P. 11.

**RESPONSE:**

Defendant expressly incorporates each of the foregoing General Objections by reference.

Defendant also objects to this Request to the extent it seeks documents and information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity.

Defendant also objects to this Request to the extent it calls for documents not within the possession, custody, or control of Defendant.

Defendant also objects to this Request to the extent it is duplicative, cumulative, or otherwise redundant of other Requests or other discovery already available to Plaintiff.

Defendant also objects to this Request as overly broad and unduly burdensome, not proportional to the needs of the case, and seeking information that is not relevant to any party's claims or defenses because it is unlimited in time.

Defendant also objects to this Request as premature to the extent it seeks expert opinions, disclosures, or discovery. Defendant will provide expert opinions, disclosures, and discovery at the time(s) set by the Court's schedule for this case.

Defendant also objects to this Request as overly broad and unduly burdensome to the extent that it seeks "[a]ll Documents, Communications and Things" relating to "all instances" without further limitation or qualification. Defendant also objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and seeking documents that are not relevant to any party's claims or defenses to the extent it seeks documents unrelated to the issues and/or parties involved in this case.

Subject to and without waiving the foregoing objections, and to the extent documents exist and have not already been produced to Plaintiff, Defendant will produce and/or make available for inspection at a mutually-agreeable place and time any responsive, relevant, non-privileged documents in its possession, custody, or control that can be located after a reasonable search and that are proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 26**

All Communications received by You, another Defendant, or a Related Company, or any legal representative stating that You, another Defendant, the Related Company or the legal representative were engaged in meritless, frivolous, or bad-faith assertions of patent infringement.

**RESPONSE:**

Defendant expressly incorporates each of the foregoing General Objections by reference.

15

Defendant also objects to this Request to the extent it seeks documents and information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity.

Defendant also objects to this Request to the extent it is duplicative, cumulative, or otherwise redundant of other Requests or other discovery already available to Plaintiff.

Defendant also objects to this Request to the extent it calls for documents not within the possession, custody, or control of Defendant.

Defendant also objects to this Request as overly broad and unduly burdensome, not proportional to the needs of the case, and seeking information that is not relevant to any party's claims or defenses because it is unlimited in time.

Defendant also objects to this Request as premature to the extent it seeks expert opinions, disclosures, or discovery. Defendant will provide expert opinions, disclosures, and discovery at the time(s) set by the Court's schedule for this case.

Defendant also objects to this Request as overly broad and unduly burdensome to the extent that it seeks "[a]ll Communications" and "any legal representative" without further limitation or qualification. Defendant also objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and seeking documents that are not relevant to any party's claims or defenses to the extent it seeks documents unrelated to the issues and/or parties involved in this case.

Defendant also objects to this Request as vague and ambiguous as to the scope and use of the term "legal representative."

Subject to and without waiving the foregoing objections, and to the extent documents exist and have not already been produced to Plaintiff, Defendant will produce and/or make available for inspection at a mutually-agreeable place and time any responsive, relevant, non-privileged documents in its possession, custody, or control that can be located after a reasonable search and that are proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 27**
Documents, Communications, and Things sufficient to identify Your record-keeping policies and document management systems, including how You stored the GSLA in the ordinary course of business, and how You track which companies have Licenses to Your patents or patents owned by another Defendant or a Related Company.

**RESPONSE:**
Defendant expressly incorporates each of the foregoing General Objections by reference.

Defendant also objects to this Request to the extent it seeks documents and information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity.

Defendant also objects to this Request to the extent it calls for documents not within the possession, custody, or control of Defendant.

Defendant also objects to this Request to the extent it is duplicative, cumulative, or otherwise redundant of other Requests or other discovery already available to Plaintiff.

Defendant also objects to this Request as overly broad and unduly burdensome, not proportional to the needs of the case, and seeking information that is not relevant to any party's claims or defenses because it is unlimited in time.

16

Defendant also objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and seeking documents that are not relevant to any party's claims or defenses to the extent it seeks documents unrelated to the issues and/or parties involved in this case.

Subject to and without waiving the foregoing objections, and to the extent documents exist and have not already been produced to Plaintiff, Defendant will produce and/or make available for inspection at a mutually-agreeable place and time any responsive, relevant, non-privileged documents in its possession, custody, or control that can be located after a reasonable search and that are proportional to the needs of the case.

## REQUEST FOR PRODUCTION NO. 28

All Documents, Communications, and Things Relating to any investigation conducted prior to sending the June 2023 Demand Letter, including any investigation by the Meyler Defendant and Pitch Scientific regarding the allegations made in the June 2023 Demand Letter.

## RESPONSE:

Defendant expressly incorporates each of the foregoing General Objections by reference.

Defendant also objects to this Request to the extent it seeks documents and information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity.

Defendant also objects to this Request to the extent it calls for documents not within the possession, custody, or control of Defendant.

Defendant also objects to this Request to the extent it is duplicative, cumulative, or otherwise redundant of other Requests or other discovery already available to Plaintiff.

Defendant also objects to this Request as overly broad and unduly burdensome, not proportional to the needs of the case, and seeking information that is not relevant to any party's claims or defenses because it is unlimited in time.

Defendant also objects to this Request as premature to the extent it seeks expert opinions, disclosures, or discovery. Defendant will provide expert opinions, disclosures, and discovery at the time(s) set by the Court's schedule for this case.

Defendant also objects to this Request as overly broad and unduly burdensome to the extent that it seeks "[a]ll Documents, Communications and Things" without limitation or qualification. Defendant also objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and seeking documents that are not relevant to any party's claims or defenses to the extent it seeks documents unrelated to the issues and/or parties involved in this case.

Subject to and without waiving the foregoing objections, and to the extent documents exist and have not already been produced to Plaintiff, Defendant will produce and/or make available for inspection at a mutually-agreeable place and time any responsive, relevant, non-privileged documents in its possession, custody, or control that can be located after a reasonable search and that are proportional to the needs of the case.

## REQUEST FOR PRODUCTION NO. 29

All Documents, Communications, and Things Relating to any changes in the infringement contentions in the June 2023 Demand Letter and the infringement contentions sent to Valve on November 21, 2023 in Case No. 23-425-JRG-RSP (E.D. Tex Sept. 18, 2023) and Case No. 23-422-JRG-RSP (E.D. Tex. Sept. 18, 2023).

**RESPONSE:**

Defendant expressly incorporates each of the foregoing General Objections by reference.

Defendant also objects to this Request to the extent it seeks documents and information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity.

Defendant also objects to this Request to the extent it calls for documents not within the possession, custody, or control of Defendant.

Defendant also objects to this Request to the extent it is duplicative, cumulative, or otherwise redundant of other Requests or other discovery already available to Plaintiff.

Defendant also objects to this Request as overly broad and unduly burdensome, not proportional to the needs of the case, and seeking information that is not relevant to any party's claims or defenses because it is unlimited in time.

Defendant also objects to this Request as premature to the extent it seeks expert opinions, disclosures, or discovery. Defendant will provide expert opinions, disclosures, and discovery at the time(s) set by the Court's schedule for this case.

Defendant also objects to this Request as overly broad and unduly burdensome to the extent that it seeks "[a]ll Documents, Communications and Things" without limitation or qualification. Defendant also objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and seeking documents that are not relevant to any party's claims or defenses to the extent it seeks documents unrelated to the issues and/or parties involved in this case.

Subject to and without waiving the foregoing objections, and to the extent documents exist and have not already been produced to Plaintiff, Defendant will produce and/or make available for inspection at a mutually-agreeable place and time any responsive, relevant, non-privileged documents in its possession, custody, or control that can be located after a reasonable search and that are proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 30**

All Documents, Communications, and Things Relating to Your involvement in the decision by Symbology Innovations, Social Positioning Input Systems, and Quantum Technology Innovations to file lawsuits against Valve in the Eastern District of Texas and not in the Western District of Washington.

**RESPONSE:**

Defendant expressly incorporates each of the foregoing General Objections by reference.

Defendant also objects to this Request to the extent it seeks documents and information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity.

Defendant also objects to this Request to the extent it calls for documents not within the possession, custody, or control of Defendant.

Defendant also objects to this Request to the extent it is duplicative, cumulative, or otherwise redundant of other Requests or other discovery already available to Plaintiff.

Defendant also objects to this Request as overly broad and unduly burdensome, not proportional to the needs of the case, and seeking information that is not relevant to any party's claims or defenses because it is unlimited in time.

Defendant also objects to this Request as premature to the extent it seeks expert opinions, disclosures, or discovery. Defendant will provide expert opinions, disclosures, and discovery at the time(s) set by the Court's schedule for this case.

Defendant also objects to this Request as overly broad and unduly burdensome to the extent that it seeks "[a]ll Documents, Communications and Things" without limitation or qualification. Defendant also objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and seeking documents that are not relevant to any party's claims or defenses to the extent it seeks documents unrelated to the issues and/or parties involved in this case.

Defendant also objects to this Request as vague and ambiguous as to the scope and use of the term "decision."

Subject to and without waiving the foregoing objections, and to the extent documents exist and have not already been produced to Plaintiff, Defendant will produce and/or make available for inspection at a mutually-agreeable place and time any responsive, relevant, non-privileged documents in its possession, custody, or control that can be located after a reasonable search and that are proportional to the needs of the case.

## REQUEST FOR PRODUCTION NO. 31

Documents sufficient to show all Persons who own or control any interest in PAM, including Documents sufficient to show all Persons with a financial interest in PAM and the size of any such interest.

## RESPONSE:

Defendant expressly incorporates each of the foregoing General Objections by reference.

Defendant also objects to this Request to the extent it seeks documents and information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity.

Defendant also objects to this Request to the extent it calls for documents not within the possession, custody, or control of Defendant.

Defendant also objects to this Request to the extent it is duplicative, cumulative, or otherwise redundant of other Requests or other discovery already available to Plaintiff.

Defendant also objects to this Request as overly broad and unduly burdensome, not proportional to the needs of the case, and seeking information that is not relevant to any party's claims or defenses because it is unlimited in time.

Defendant also objects to this Request as premature to the extent it seeks expert opinions, disclosures, or discovery. Defendant will provide expert opinions, disclosures, and discovery at the time(s) set by the Court's schedule for this case.

Defendant also objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and seeking documents that are not relevant to any party's claims or defenses to the extent it seeks documents unrelated to the issues and/or parties involved in this case.

Subject to and without waiving the foregoing objections, and to the extent documents exist and have not already been produced to Plaintiff, Defendant will produce and/or make available for inspection at a mutually-agreeable place and time any responsive, relevant, non-privileged documents in its possession, custody, or control that can be located after a reasonable search and that are proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 32**

     Documents sufficient to show the total revenue, profits, or income You receive from RBDS on a yearly basis, from the creation of RBDS until the present.

**RESPONSE:**

     Defendant expressly incorporates each of the foregoing General Objections by reference.

     Defendant also objects to this Request to the extent it seeks documents and information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity.

     Defendant also objects to this Request to the extent it calls for documents not within the possession, custody, or control of Defendant.

     Defendant also objects to this Request to the extent it is duplicative, cumulative, or otherwise redundant of other Requests or other discovery already available to Plaintiff.

     Defendant also objects to this Request as premature to the extent it seeks expert opinions, disclosures, or discovery. Defendant will provide expert opinions, disclosures, and discovery at the time(s) set by the Court's schedule for this case.

     Defendant also objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and seeking documents that are not relevant to any party's claims or defenses to the extent it seeks documents unrelated to the issues and/or parties involved in this case.

     Subject to and without waiving the foregoing objections, and to the extent documents exist and have not already been produced to Plaintiff, Defendant will produce and/or make available for inspection at a mutually-agreeable place and time any responsive, relevant, non-privileged documents in its possession, custody, or control that can be located after a reasonable search and that are proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 33**

     Documents sufficient to show the total revenue, profits, or income You receive from Display Techs., on a yearly basis, from the creation of Display Techs. until the present.

**RESPONSE:**

     Defendant expressly incorporates each of the foregoing General Objections by reference.

     Defendant also objects to this Request to the extent it seeks documents and information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity.

     Defendant also objects to this Request to the extent it calls for documents not within the possession, custody, or control of Defendant.

     Defendant also objects to this Request to the extent it is duplicative, cumulative, or otherwise redundant of other Requests or other discovery already available to Plaintiff.

     Defendant also objects to this Request as premature to the extent it seeks expert opinions, disclosures, or discovery. Defendant will provide expert opinions, disclosures, and discovery at the time(s) set by the Court's schedule for this case.

     Defendant also objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and seeking documents that are not relevant to any party's claims or defenses to the extent it seeks documents unrelated to the issues and/or parties involved in this case.

     Subject to and without waiving the foregoing objections, and to the extent documents exist and have not already been produced to Plaintiff, Defendant will produce and/or make available for

inspection at a mutually-agreeable place and time any responsive, relevant, non-privileged documents in its possession, custody, or control that can be located after a reasonable search and that are proportional to the needs of the case.

## REQUEST FOR PRODUCTION NO. 34

Documents sufficient to show the total revenue, profits, or income You receive from Related Companies on a yearly basis, from the creation of the Related Companies until the present.

## RESPONSE:

Defendant expressly incorporates each of the foregoing General Objections by reference.

Defendant also objects to this Request to the extent it seeks documents and information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity.

Defendant also objects to this Request to the extent it calls for documents not within the possession, custody, or control of Defendant.

Defendant also objects to this Request to the extent it is duplicative, cumulative, or otherwise redundant of other Requests or other discovery already available to Plaintiff.

Defendant also objects to this Request as premature to the extent it seeks expert opinions, disclosures, or discovery. Defendant will provide expert opinions, disclosures, and discovery at the time(s) set by the Court's schedule for this case.

Defendant also objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and seeking documents that are not relevant to any party's claims or defenses to the extent it seeks documents unrelated to the issues and/or parties involved in this case.

Subject to and without waiving the foregoing objections, and to the extent documents exist and have not already been produced to Plaintiff, Defendant will produce and/or make available for inspection at a mutually-agreeable place and time any responsive, relevant, non-privileged documents in its possession, custody, or control that can be located after a reasonable search and that are proportional to the needs of the case.

## REQUEST FOR PRODUCTION NO. 35

Documents sufficient to show the total revenue, profits, or income you disburse to Rothschild or any other Person, on a yearly basis, from date of PAM's creation until the present.

## RESPONSE:

Defendant expressly incorporates each of the foregoing General Objections by reference.

Defendant also objects to this Request to the extent it seeks documents and information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity.

Defendant also objects to this Request to the extent it calls for documents not within the possession, custody, or control of Defendant.

Defendant also objects to this Request to the extent it is duplicative, cumulative, or otherwise redundant of other Requests or other discovery already available to Plaintiff.

Defendant also objects to this Request as premature to the extent it seeks expert opinions, disclosures, or discovery. Defendant will provide expert opinions, disclosures, and discovery at the time(s) set by the Court's schedule for this case.

Defendant also objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and seeking documents that are not relevant to any party's claims or defenses to the extent it seeks documents unrelated to the issues and/or parties involved in this case.

Subject to and without waiving the foregoing objections, and to the extent documents exist and have not already been produced to Plaintiff, Defendant will produce and/or make available for inspection at a mutually-agreeable place and time any responsive, relevant, non-privileged documents in its possession, custody, or control that can be located after a reasonable search and that are proportional to the needs of the case.

## REQUEST FOR PRODUCTION NO. 36

All contracts or agreements You have with Defendant, including, but not limited to, compensation agreements, patent assignments, indemnification agreements, non-disclosure agreements, stock agreements, ownership agreements, and joint venture agreements.

## RESPONSE:

Defendant expressly incorporates each of the foregoing General Objections by reference.

Defendant also objects to this Request to the extent it seeks documents and information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity.

Defendant also objects to this Request to the extent it calls for documents not within the possession, custody, or control of Defendant.

Defendant also objects to this Request to the extent it is duplicative, cumulative, or otherwise redundant of other Requests or other discovery already available to Plaintiff.

Defendant also objects to this Request as premature to the extent it seeks expert opinions, disclosures, or discovery. Defendant will provide expert opinions, disclosures, and discovery at the time(s) set by the Court's schedule for this case.

Defendant also objects to this Request as overly broad and unduly burdensome to the extent that it seeks "[a]ll contracts or agreements" without limitation or qualification. Defendant also objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and seeking documents that are not relevant to any party's claims or defenses to the extent it seeks documents unrelated to the issues and/or parties involved in this case.

Subject to and without waiving the foregoing objections, and to the extent documents exist and have not already been produced to Plaintiff, Defendant will produce and/or make available for inspection at a mutually-agreeable place and time any responsive, relevant, non-privileged documents in its possession, custody, or control that can be located after a reasonable search and that are proportional to the needs of the case.

## REQUEST FOR PRODUCTION NO. 37

All contracts or agreements You have with any Related Company, including, but not limited to, compensation agreements, patent assignments, indemnification agreements, non-disclosure agreements, stock agreements, ownership agreements, and joint venture agreements.

## RESPONSE:

Defendant expressly incorporates each of the foregoing General Objections by reference.

Defendant also objects to this Request to the extent it seeks documents and information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity.

Defendant also objects to this Request to the extent it calls for documents not within the possession, custody, or control of Defendant.

Defendant also objects to this Request to the extent it is duplicative, cumulative, or otherwise redundant of other Requests or other discovery already available to Plaintiff.

Defendant also objects to this Request as premature to the extent it seeks expert opinions, disclosures, or discovery. Defendant will provide expert opinions, disclosures, and discovery at the time(s) set by the Court's schedule for this case.

Defendant also objects to this Request as overly broad and unduly burdensome to the extent that it seeks "[a]ll contracts or agreements" without limitation or qualification. Defendant also objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and seeking documents that are not relevant to any party's claims or defenses to the extent it seeks documents unrelated to the issues and/or parties involved in this case.

Subject to and without waiving the foregoing objections, and to the extent documents exist and have not already been produced to Plaintiff, Defendant will produce and/or make available for inspection at a mutually-agreeable place and time any responsive, relevant, non-privileged documents in its possession, custody, or control that can be located after a reasonable search and that are proportional to the needs of the case.

## REQUEST FOR PRODUCTION NO. 38

All contracts and agreements, including engagement letters, between you and any legal or non-legal professionals hired by You for the purpose of enforcing patents owned by You including, but not limited to, any agreements with: the Meyler Defendant; Jay Johnson or Kizzia Johnson PLLC; Pitch Scientific; or Garteiser Honea PLLC.

## RESPONSE:

Defendant expressly incorporates each of the foregoing General Objections by reference.

Defendant also objects to this Request to the extent it seeks documents and information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity.

Defendant also objects to this Request to the extent it calls for documents not within the possession, custody, or control of Defendant.

Defendant also objects to this Request to the extent it is duplicative, cumulative, or otherwise redundant of other Requests or other discovery already available to Plaintiff.

Defendant also objects to this Request as premature to the extent it seeks expert opinions, disclosures, or discovery. Defendant will provide expert opinions, disclosures, and discovery at the time(s) set by the Court's schedule for this case.

Defendant also objects to this Request as overly broad and unduly burdensome to the extent that it seeks "[a]ll contracts or agreements" without limitation or qualification. Defendant also objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and seeking documents that are not relevant to any party's claims or defenses to the extent it seeks documents unrelated to the issues and/or parties involved in this case.

Subject to and without waiving the foregoing objections, and to the extent documents exist and have not already been produced to Plaintiff, Defendant will produce and/or make available for

inspection at a mutually-agreeable place and time any responsive, relevant, non-privileged documents in its possession, custody, or control that can be located after a reasonable search and that are proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 41**

      All Documents, Communications, and Things Relating to whether, prior to sending the June 2023 Demand Letter, You, another Defendant, or a Related Company "[e]ngaged in reasonable analysis to establish a reasonable, good faith basis for believing" that Valve infringed the '221 Patent, per RCW 19.350.020(4)(b)(i).

**RESPONSE:**

      Defendant expressly incorporates each of the foregoing General Objections by reference.

      Defendant also objects to this Request to the extent it seeks documents and information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity.

      Defendant also objects to this Request to the extent it calls for documents not within the possession, custody, or control of Defendant.

      Defendant also objects to this Request to the extent it is duplicative, cumulative, or otherwise redundant of other Requests or other discovery already available to Plaintiff.

      Defendant also objects to this Request as premature to the extent it seeks expert opinions, disclosures, or discovery. Defendant will provide expert opinions, disclosures, and discovery at the time(s) set by the Court's schedule for this case.

      Defendant also objects to this Request as overly broad and unduly burdensome to the extent that it seeks "[a]ll Documents, Communications and Things" without limitation or qualification. Defendant also objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and seeking documents that are not relevant to any party's claims or defenses to the extent it seeks documents unrelated to the issues and/or parties involved in this case.

      Subject to and without waiving the foregoing objections, and to the extent documents exist and have not already been produced to Plaintiff, Defendant will produce and/or make available for inspection at a mutually-agreeable place and time any responsive, relevant, non-privileged documents in its possession, custody, or control that can be located after a reasonable search and that are proportional to the needs of the case.