# EXHIBIT D

**Display Technologies, LLC's Objections and Responses to Valve's First Set of Requests for Production[1]**

**REQUEST FOR PRODUCTION NO. 1**
      All Documents and Communications Relating to Valve.

**RESPONSE:**
      Defendant expressly incorporates each of the foregoing General Objections by reference.
      Defendant also objects to this Request to the extent it seeks documents and information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity.
      Defendant also objects to this Request to the extent it calls for documents not within the possession, custody, or control of Defendant.
      Defendant also objects to this Request to the extent it is duplicative, cumulative, or otherwise redundant of other Requests or other discovery already available to Plaintiff.
      Defendant also objects to this Request as overly broad and unduly burdensome, not proportional to the needs of the case, and seeking information that is not relevant to any party's claims or defenses because it is unlimited in time.
      Defendant also objects to this Request as premature to the extent it seeks expert opinions, disclosures, or discovery. Defendant will provide expert opinions, disclosures, and discovery at the time(s) set by the Court's schedule for this case.
      Defendant also objects to this Request as overly broad and unduly burdensome to the extent that it seeks "[a]ll Documents and Communications" without limitation or qualification. Defendant also objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and seeking documents that are not relevant to any party's claims or defenses to the extent it seeks documents unrelated to the issues and/or parties involved in this case.

      Subject to and without waiving the foregoing objections, and to the extent documents exist and have not already been produced to Plaintiff, Defendant will produce and/or make available for inspection at a mutually-agreeable place and time any responsive, relevant, non-privileged documents in its possession, custody, or control that can be located after a reasonable search and that are proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 3**
      All Documents, Communications, and Things Relating to Your identification of third parties to send Demand Letters to, and Your decision Relating to which patents to include in those Demand Letters.

**RESPONSE:**
      Defendant expressly incorporates each of the foregoing General Objections by reference.

---

[1] Requests not included in this exhibit are not the subject of Valve's present motion to compel.

Defendant also objects to this Request to the extent it seeks documents and information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity.

Defendant also objects to this Request to the extent it is duplicative, cumulative, or otherwise redundant of other Requests or other discovery already available to Plaintiff.

Defendant also objects to this Request to the extent it calls for documents not within the possession, custody, or control of Defendant.

Defendant also objects to this Request as overly broad and unduly burdensome, not proportional to the needs of the case, and seeking information that is not relevant to any party's claims or defenses because it is unlimited in time.

Defendant also objects to this Request as premature to the extent it seeks expert opinions, disclosures, or discovery. Defendant will provide expert opinions, disclosures, and discovery at the time(s) set by the Court's schedule for this case.

Defendant also objects to this Request as overly broad and unduly burdensome to the extent that it seeks "[a]ll Documents, Communications, and Things" without further limitation or qualification. Defendant also objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and seeking documents that are not relevant to any party's claims or defenses to the extent it seeks documents unrelated to the issues and/or parties involved in this case.

Defendant also objects to this Request as vague and ambiguous as to the scope and use of the term "decision."

Subject to and without waiving the foregoing objections, and to the extent documents exist and have not already been produced to Plaintiff, Defendant will produce and/or make available for inspection at a mutually-agreeable place and time any responsive, relevant, non-privileged documents in its possession, custody, or control that can be located after a reasonable search and that are proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 4**
Documents sufficient to identify all cases You filed in any court in Washington, the status of any ongoing cases, and the outcome (i.e., settlement, voluntary dismissal, final judgment, etc.) of any completed cases.

**RESPONSE:**
Defendant expressly incorporates each of the foregoing General Objections by reference.

Defendant also objects to this Request to the extent it seeks documents and information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity.

Defendant also objects to this Request to the extent it is duplicative, cumulative, or otherwise redundant of other Requests or other discovery already available to Plaintiff.

Defendant also objects to this Request as overly broad and unduly burdensome, not proportional to the needs of the case, and seeking information that is not relevant to any party's claims or defenses because it is unlimited in time.

Defendant also objects to this Request as premature to the extent it seeks expert opinions, disclosures, or discovery. Defendant will provide expert opinions, disclosures, and discovery at the time(s) set by the Court's schedule for this case.

Defendant also objects to this Request as overly broad and unduly burdensome to the extent that it seeks information regarding "all cases" without further limitation or qualification as to the subject matter or legal issues involved. Defendant also objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and seeking documents that are not relevant to any party's claims or defenses to the extent it seeks documents unrelated to the issues and/or parties involved in this case.

Subject to and without waiving the foregoing objections, and to the extent documents exist and have not already been produced to Plaintiff, Defendant will produce and/or make available for inspection at a mutually-agreeable place and time any responsive, relevant, non-privileged documents in its possession, custody, or control that can be located after a reasonable search and that are proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 5**
All Documents, Communications, and Things Relating to any proposed or executed License to, assignment of, or any other grant of rights to the '723 Patent, including all offers and negotiations of any such License, assignment, or any other grant of rights.

**RESPONSE:**
Defendant expressly incorporates each of the foregoing General Objections by reference.

Defendant also objects to this Request to the extent it seeks documents and information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity.

Defendant also objects to this Request to the extent it is duplicative, cumulative, or otherwise redundant of other Requests or other discovery already available to Plaintiff.

Defendant also objects to this Request as overly broad and unduly burdensome, not proportional to the needs of the case, and seeking information that is not relevant to any party's claims or defenses because it is unlimited in time.

Defendant also objects to this Request to the extent it calls for documents not within the possession, custody, or control of Defendant.

Defendant also objects to this Request as premature to the extent it seeks expert opinions, disclosures, or discovery. Defendant will provide expert opinions, disclosures, and discovery at the time(s) set by the Court's schedule for this case.

Defendant also objects to this Request as overly broad and unduly burdensome to the extent that it seeks "[a]ll Documents, Communications, and Things" and "all offers and negotiations" without further limitation or qualification. Defendant also objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and seeking documents that are not relevant to any party's claims or defenses to the extent it seeks documents unrelated to the issues and/or parties involved in this case.

Subject to and without waiving the foregoing objections, and to the extent documents exist and have not already been produced to Plaintiff, Defendant will produce and/or make available for inspection at a mutually-agreeable place and time any responsive, relevant, non-privileged documents in its possession, custody, or control that can be located after a reasonable search and that are proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 7**

Documents sufficient to identify all Entities that have a License to a patent owned by You.

**RESPONSE:**

Defendant expressly incorporates each of the foregoing General Objections by reference.

Defendant also objects to this Request to the extent it seeks documents and information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity.

Defendant also objects to this Request to the extent it is duplicative, cumulative, or otherwise redundant of other Requests or other discovery already available to Plaintiff.

Defendant also objects to this Request as overly broad and unduly burdensome, not proportional to the needs of the case, and seeking information that is not relevant to any party's claims or defenses because it is unlimited in time.

Defendant also objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and seeking documents that are not relevant to any party's claims or defenses to the extent it seeks documents unrelated to the issues and/or parties involved in this case.

Subject to and without waiving the foregoing objections, and to the extent documents exist and have not already been produced to Plaintiff, Defendant will produce and/or make available for inspection at a mutually-agreeable place and time any responsive, relevant, non-privileged documents in its possession, custody, or control that can be located after a reasonable search and that are proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 8**

Documents sufficient to identify all Entities that have a License to the '723 Patent.

**RESPONSE:**

Defendant expressly incorporates each of the foregoing General Objections by reference.

Defendant also objects to this Request to the extent it seeks documents and information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity.

Defendant also objects to this Request to the extent it is duplicative, cumulative, or otherwise redundant of other Requests or other discovery already available to Plaintiff.

Defendant also objects to this Request as overly broad and unduly burdensome, not proportional to the needs of the case, and seeking information that is not relevant to any party's claims or defenses because it is unlimited in time.

Defendant also objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and seeking documents that are not relevant to any party's claims or defenses to the extent it seeks documents unrelated to the issues and/or parties involved in this case.

Subject to and without waiving the foregoing objections, and to the extent documents exist and have not already been produced to Plaintiff, Defendant will produce and/or make available for inspection at a mutually-agreeable place and time any responsive, relevant, non-privileged documents in its possession, custody, or control that can be located after a reasonable search and that are proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 9**

All Documents, Communications, and Things Relating to any Demand Letter You sent (or was sent on Your behalf) that referenced a patent to which the recipient of the Demand Letter was already licensed.

**RESPONSE:**

Defendant expressly incorporates each of the foregoing General Objections by reference.

Defendant also objects to this Request to the extent it seeks documents and information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity.

Defendant also objects to this Request to the extent it is duplicative, cumulative, or otherwise redundant of other Requests or other discovery already available to Plaintiff.

Defendant also objects to this Request as overly broad and unduly burdensome, not proportional to the needs of the case, and seeking information that is not relevant to any party's claims or defenses because it is unlimited in time. Defendant also objects to this Request to the extent it calls for documents not within the possession, custody, or control of Defendant.

Defendant also objects to this Request as premature to the extent it seeks expert opinions, disclosures, or discovery. Defendant will provide expert opinions, disclosures, and discovery at the time(s) set by the Court's schedule for this case.

Defendant also objects to this Request as overly broad and unduly burdensome to the extent that it seeks "[a]ll Documents, Communications, and Things" relating to "any Demand Letter" without further limitation or qualification. Defendant also objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and seeking documents that are not relevant to any party's claims or defenses to the extent it seeks documents unrelated to the issues and/or parties involved in this case.

Subject to and without waiving the foregoing objections, and to the extent documents exist and have not already been produced to Plaintiff, Defendant will produce and/or make available for inspection at a mutually-agreeable place and time any responsive, relevant, non-privileged documents in its possession, custody, or control that can be located after a reasonable search and that are proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 10**

Documents sufficient to identify all recipients of Demand Letters where the recipients already had a License agreement with You.

**RESPONSE:**

Defendant expressly incorporates each of the foregoing General Objections by reference.

Defendant also objects to this Request to the extent it seeks documents and information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity.

Defendant also objects to this Request to the extent it is duplicative, cumulative, or otherwise redundant of other Requests or other discovery already available to Plaintiff.

Defendant also objects to this Request as overly broad and unduly burdensome, not proportional to the needs of the case, and seeking information that is not relevant to any party's claims or defenses because it is unlimited in time.

Defendant also objects to this Request to the extent it calls for documents not within the possession, custody, or control of Defendant.

Defendant also objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and seeking documents that are not relevant to any party's claims or defenses to the extent it seeks documents unrelated to the issues and/or parties involved in this case.

Subject to and without waiving the foregoing objections, and to the extent documents exist and have not already been produced to Plaintiff, Defendant will produce and/or make available for inspection at a mutually-agreeable place and time any responsive, relevant, non-privileged documents in its possession, custody, or control that can be located after a reasonable search and that are proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 11**

Documents sufficient to identify all third parties You have sued, where the recipients already had a License agreement with You.

**RESPONSE:**

Defendant expressly incorporates each of the foregoing General Objections by reference.

Defendant also objects to this Request to the extent it seeks documents and information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity.

Defendant also objects to this Request to the extent it is duplicative, cumulative, or otherwise redundant of other Requests or other discovery already available to Plaintiff.

Defendant also objects to this Request as overly broad and unduly burdensome, not proportional to the needs of the case, and seeking information that is not relevant to any party's claims or defenses because it is unlimited in time.

Defendant also objects to this Request to the extent it calls for documents not within the possession, custody, or control of Defendant.

Defendant also objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and seeking documents that are not relevant to any party's claims or defenses to the extent it seeks documents unrelated to the issues and/or parties involved in this case.

Subject to and without waiving the foregoing objections, and to the extent documents exist and have not already been produced to Plaintiff, Defendant will produce and/or make available for inspection at a mutually-agreeable place and time any responsive, relevant, non-privileged documents in its possession, custody, or control that can be located after a reasonable search and that are proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 12**

Documents sufficient to show all revenues, costs, and profits resulting from any License to, assignment of, or any other grant of rights to the '723 Patent.

**RESPONSE:**

Defendant expressly incorporates each of the foregoing General Objections by reference.

Defendant also objects to this Request to the extent it seeks documents and information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity.

Defendant also objects to this Request to the extent it is duplicative, cumulative, or otherwise redundant of other Requests or other discovery already available to Plaintiff.

Defendant also objects to this Request as overly broad and unduly burdensome, not proportional to the needs of the case, and seeking information that is not relevant to any party's claims or defenses because it is unlimited in time.

Defendant also objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and seeking documents that are not relevant to any party's claims or defenses to the extent it seeks documents unrelated to the issues and/or parties involved in this case.

Subject to and without waiving the foregoing objections, and to the extent documents exist and have not already been produced to Plaintiff, Defendant will produce and/or make available for inspection at a mutually-agreeable place and time any responsive, relevant, non-privileged documents in its possession, custody, or control that can be located after a reasonable search and that are proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 13**

All Documents, Communications, and Things Relating to all instances in which You have been subject to any penalties or sanctions, including those under 35 U.S.C. § 285, 28 U.S.C.§ 1927, or Fed. R. Civ. P. 11.

**RESPONSE:**

Defendant expressly incorporates each of the foregoing General Objections by reference.

Defendant also objects to this Request to the extent it seeks documents and information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity.

Defendant also objects to this Request to the extent it calls for documents not within the possession, custody, or control of Defendant.

Defendant also objects to this Request to the extent it is duplicative, cumulative, or otherwise redundant of other Requests or other discovery already available to Plaintiff.

Defendant also objects to this Request as overly broad and unduly burdensome, not proportional to the needs of the case, and seeking information that is not relevant to any party's claims or defenses because it is unlimited in time.

Defendant also objects to this Request as premature to the extent it seeks expert opinions, disclosures, or discovery. Defendant will provide expert opinions, disclosures, and discovery at the time(s) set by the Court's schedule for this case.

Defendant also objects to this Request as overly broad and unduly burdensome to the extent that it seeks "[a]ll Documents, Communications and Things" relating to "all instances" without further limitation or qualification. Defendant also objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and seeking documents that are not relevant to any party's claims or defenses to the extent it seeks documents unrelated to the issues and/or parties involved in this case.

Subject to and without waiving the foregoing objections, and to the extent documents exist and have not already been produced to Plaintiff, Defendant will produce and/or make available for inspection at a mutually-agreeable place and time any responsive, relevant, non-privileged

documents in its possession, custody, or control that can be located after a reasonable search and that are proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 14**

All Communications received by You or any legal representative stating that You or the legal representative were engaged in meritless, frivolous, or bad-faith assertions of patent infringement.

**RESPONSE:**

Defendant expressly incorporates each of the foregoing General Objections by reference.

Defendant also objects to this Request to the extent it seeks documents and information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity.

Defendant also objects to this Request to the extent it is duplicative, cumulative, or otherwise redundant of other Requests or other discovery already available to Plaintiff.

Defendant also objects to this Request to the extent it calls for documents not within the possession, custody, or control of Defendant.

Defendant also objects to this Request as overly broad and unduly burdensome, not proportional to the needs of the case, and seeking information that is not relevant to any party's claims or defenses because it is unlimited in time.

Defendant also objects to this Request as premature to the extent it seeks expert opinions, disclosures, or discovery. Defendant will provide expert opinions, disclosures, and discovery at the time(s) set by the Court's schedule for this case.

Defendant also objects to this Request as overly broad and unduly burdensome to the extent that it seeks "[a]ll Communications" and "any legal representative" without further limitation or qualification. Defendant also objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and seeking documents that are not relevant to any party's claims or defenses to the extent it seeks documents unrelated to the issues and/or parties involved in this case.

Defendant also objects to this Request as vague and ambiguous as to the scope and use of the term "legal representative."

Subject to and without waiving the foregoing objections, and to the extent documents exist and have not already been produced to Plaintiff, Defendant will produce and/or make available for inspection at a mutually-agreeable place and time any responsive, relevant, non-privileged documents in its possession, custody, or control that can be located after a reasonable search and that are proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 15**

All Documents, Communications, and Things Relating to Your negotiation of the GSLA.

**RESPONSE:**

Defendant expressly incorporates each of the foregoing General Objections by reference.

Defendant also objects to this Request to the extent it seeks documents and information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity.

Defendant also objects to this Request to the extent it is duplicative, cumulative, or otherwise redundant of other Requests or other discovery already available to Plaintiff.

Defendant will produce and/or make available for inspection at a mutually-agreeable place and time any responsive, relevant, non-privileged documents in its possession, custody, or control that can be located after a reasonable search and that are proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 17**

Documents sufficient to show all Persons who own or control any interest in Display Techs., including Documents sufficient to show all Persons with a financial interest in Display Techs. and the size of any such interest.

**RESPONSE:**

Defendant expressly incorporates each of the foregoing General Objections by reference.

Defendant also objects to this Request to the extent it seeks documents and information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity.

Defendant also objects to this Request to the extent it calls for documents not within the possession, custody, or control of Defendant.

Defendant also objects to this Request to the extent it is duplicative, cumulative, or otherwise redundant of other Requests or other discovery already available to Plaintiff.

Defendant also objects to this Request as overly broad and unduly burdensome, not proportional to the needs of the case, and seeking information that is not relevant to any party's claims or defenses because it is unlimited in time.

Defendant also objects to this Request as premature to the extent it seeks expert opinions, disclosures, or discovery. Defendant will provide expert opinions, disclosures, and discovery at the time(s) set by the Court's schedule for this case.

Defendant also objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and seeking documents that are not relevant to any party's claims or defenses to the extent it seeks documents unrelated to the issues and/or parties involved in this case.

Subject to and without waiving the foregoing objections, and to the extent documents exist and have not already been produced to Plaintiff, Defendant will produce and/or make available for inspection at a mutually-agreeable place and time any responsive, relevant, non-privileged documents in its possession, custody, or control that can be located after a reasonable search and that are proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 19**

All contracts or agreements You have with PAM or Rothschild, including, but not limited to, compensation agreements, patent assignments, indemnification agreements, non-disclosure agreements, stock agreements, ownership agreements, and joint venture agreements.

**RESPONSE:**

Defendant expressly incorporates each of the foregoing General Objections by reference.

Defendant also objects to this Request to the extent it seeks documents and information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity.

Defendant also objects to this Request to the extent it calls for documents not within the possession, custody, or control of Defendant.

Defendant also objects to this Request to the extent it is duplicative, cumulative, or otherwise redundant of other Requests or other discovery already available to Plaintiff.

Defendant also objects to this Request as premature to the extent it seeks expert opinions, disclosures, or discovery. Defendant will provide expert opinions, disclosures, and discovery at the time(s) set by the Court's schedule for this case.

Defendant also objects to this Request as overly broad and unduly burdensome to the extent that it seeks "[a]ll contracts or agreements" without limitation or qualification. Defendant also objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and seeking documents that are not relevant to any party's claims or defenses to the extent it seeks documents unrelated to the issues and/or parties involved in this case.

Subject to and without waiving the foregoing objections, and to the extent documents exist and have not already been produced to Plaintiff, Defendant will produce and/or make available for inspection at a mutually-agreeable place and time any responsive, relevant, non-privileged documents in its possession, custody, or control that can be located after a reasonable search and that are proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 20**

All contracts and agreements, including engagement letters, between you and any legal or non-legal professionals hired by You for the purpose of enforcing patents owned by You including, but not limited to, any agreements with: the Meyler Defendants; Jay Johnson or Kizzia Johnson PLLC; Pitch Scientific; or Garteiser Honea PLLC.

**RESPONSE:**

Defendant expressly incorporates each of the foregoing General Objections by reference.

Defendant also objects to this Request to the extent it seeks documents and information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity.

Defendant also objects to this Request to the extent it calls for documents not within the possession, custody, or control of Defendant.

Defendant also objects to this Request to the extent it is duplicative, cumulative, or otherwise redundant of other Requests or other discovery already available to Plaintiff.

Defendant also objects to this Request as premature to the extent it seeks expert opinions, disclosures, or discovery. Defendant will provide expert opinions, disclosures, and discovery at the time(s) set by the Court's schedule for this case.

Defendant also objects to this Request as overly broad and unduly burdensome to the extent that it seeks "[a]ll contracts or agreements" without limitation or qualification. Defendant also objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and seeking documents that are not relevant to any party's claims or defenses to the extent it seeks documents unrelated to the issues and/or parties involved in this case.

Subject to and without waiving the foregoing objections, and to the extent documents exist and have not already been produced to Plaintiff, Defendant will produce and/or make available for inspection at a mutually-agreeable place and time any responsive, relevant, non-privileged documents in its possession, custody, or control that can be located after a reasonable search and that are proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 23**

All Documents, Communications, and Things Relating to whether, prior to suing Valve for infringement of the '723 Patent, You have "[e]ngaged in reasonable analysis to establish a reasonable, good faith basis for believing" that Valve infringed the '723 Patent, per RCW 19.350.020(4)(b)(i).

**RESPONSE:**

Defendant expressly incorporates each of the foregoing General Objections by reference.

Defendant also objects to this Request to the extent it seeks documents and information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity.

Defendant also objects to this Request to the extent it calls for documents not within the possession, custody, or control of Defendant.

Defendant also objects to this Request to the extent it is duplicative, cumulative, or otherwise redundant of other Requests or other discovery already available to Plaintiff.

Defendant also objects to this Request as premature to the extent it seeks expert opinions, disclosures, or discovery. Defendant will provide expert opinions, disclosures, and discovery at the time(s) set by the Court's schedule for this case.

Defendant also objects to this Request as overly broad and unduly burdensome to the extent that it seeks "[a]ll Documents, Communications and Things" without limitation or qualification. Defendant also objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and seeking documents that are not relevant to any party's claims or defenses to the extent it seeks documents unrelated to the issues and/or parties involved in this case.

Subject to and without waiving the foregoing objections, and to the extent documents exist and have not already been produced to Plaintiff, Defendant will produce and/or make available for inspection at a mutually-agreeable place and time any responsive, relevant, non-privileged documents in its possession, custody, or control that can be located after a reasonable search and that are proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 24**

Specific to the '723 Patent, all Documents, Communications, and Things Relating to whether You "[a]ttempted to negotiate an appropriate remedy in a reasonable manner" with Valve, per RCW 19.350.020(4)(b)(ii).

**RESPONSE:**

Defendant expressly incorporates each of the foregoing General Objections by reference.

Defendant also objects to this Request to the extent it seeks documents and information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity.

Defendant also objects to this Request to the extent it calls for documents not within the possession, custody, or control of Defendant.

Defendant also objects to this Request to the extent it is duplicative, cumulative, or otherwise redundant of other Requests or other discovery already available to Plaintiff.

Defendant also objects to this Request as premature to the extent it seeks expert opinions, disclosures, or discovery. Defendant will provide expert opinions, disclosures, and discovery at the time(s) set by the Court's schedule for this case.

Defendant also objects to this Request as overly broad and unduly burdensome to the extent that it seeks "[a]ll Documents, Communications and Things" without limitation or qualification. Defendant also objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and seeking documents that are not relevant to any party's claims or defenses to the extent it seeks documents unrelated to the issues and/or parties involved in this case.

Subject to and without waiving the foregoing objections, and to the extent documents exist and have not already been produced to Plaintiff, Defendant will produce and/or make available for inspection at a mutually-agreeable place and time any responsive, relevant, non-privileged documents in its possession, custody, or control that can be located after a reasonable search and that are proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 25**

Specific to the '723 Patent, all Documents, Communications, and Things that Relating to whether You have "[d]emonstrated reasonable business practices in previous efforts to enforce the ['723] patent" or "[s]uccessfully enforced the ['723] patent, or a substantially similar patent, through litigation." RCW 19.350.020(4)(c)(i)-(ii).

**RESPONSE:**

Defendant expressly incorporates each of the foregoing General Objections by reference.

Defendant also objects to this Request to the extent it seeks documents and information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity.

Defendant also objects to this Request to the extent it calls for documents not within the possession, custody, or control of Defendant.

Defendant also objects to this Request to the extent it is duplicative, cumulative, or otherwise redundant of other Requests or other discovery already available to Plaintiff.

Defendant also objects to this Request as premature to the extent it seeks expert opinions, disclosures, or discovery. Defendant will provide expert opinions, disclosures, and discovery at the time(s) set by the Court's schedule for this case.

Defendant also objects to this Request as overly broad and unduly burdensome to the extent that it seeks "[a]ll Documents, Communications and Things" without limitation or qualification. Defendant also objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and seeking documents that are not relevant to any party's claims or defenses to the extent it seeks documents unrelated to the issues and/or parties involved in this case.

Subject to and without waiving the foregoing objections, and to the extent documents exist and have not already been produced to Plaintiff, Defendant will produce and/or make available for inspection at a mutually-agreeable place and time any responsive, relevant, non-privileged documents in its possession, custody, or control that can be located after a reasonable search and that are proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 27**

Documents and Communications Relating to the ownership and assignment of the '723 Patent, including the assignment of the '723 Patent from SRR Patent Holdings to You.

**RESPONSE:**

Defendant expressly incorporates each of the foregoing General Objections by reference.

Defendant also objects to this Request to the extent it seeks documents and information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity.

Defendant also objects to this Request to the extent it calls for documents not within the possession, custody, or control of Defendant.

Defendant also objects to this Request to the extent it is duplicative, cumulative, or otherwise redundant of other Requests or other discovery already available to Plaintiff.

Defendant also objects to this Request as premature to the extent it seeks expert opinions, disclosures, or discovery. Defendant will provide expert opinions, disclosures, and discovery at the time(s) set by the Court's schedule for this case.

Defendant also objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and seeking documents that are not relevant to any party's claims or defenses to the extent it seeks documents unrelated to the issues and/or parties involved in this case.

Subject to and without waiving the foregoing objections, and to the extent documents exist and have not already been produced to Plaintiff, Defendant will produce and/or make available for inspection at a mutually-agreeable place and time any responsive, relevant, non-privileged documents in its possession, custody, or control that can be located after a reasonable search and that are proportional to the needs of the case.