# EXHIBIT 4

Honorable Jamal N. Whitehead

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VALVE CORPORTION, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Case No.: 2:23-cv-01016 |
| | ) |
| LEIGH ROTHSCHILD, ROTHSCHILD BROADCAST DISTRIBUTION SYSTEMS, LLC, DISPLAY TECHNOLOGIES, LLC, PATENT ASSET MANAGEMENT, LLC, MEYLER LEGAL PLLC, AND SAMUEL MEYLER | ) ) ) ) ) ) |
| | ) |
| Defendants. | ) |
| | ) |

**DEFENDANT LEIGH ROTHSCHILD'S FIRST SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

Defendant Leigh Rothschild hereby provides the following objections and supplemental responses to Plaintiff's First Set of Interrogatories (Nos. 1-3).

**GENERAL STATEMENTS AND OBJECTIONS**

1. Defendant's responses herein are supplemental to Defendant Leigh Rothschild's original responses to Plaintiff's First Set of Interrogatories and are subject to, qualified by, and limited by the following General Statements and Objections, which apply to each specific interrogatory as if incorporated and set forth in full in response to each. The assertion of the same or additional objections in any particular response to these interrogatories does not waive other objections set forth herein.

DEFENDANT LEIGH ROTHSCHILD'S
FIRST SUPPLEMENTAL OBJECTIONS AND RESPONSES
TO PLAINTIFF'S FIRST SET OF INTERROGTORIES
Case No. 2:23-cv-01016
Page **1**

**DC LAW GROUP**
12055 15th Ave NE | Seattle, WA 98125
Phone: (206) 494.0400

2. Defendant objects to each and every definition, instruction, and interrogatory to the extent it purports to impose any requirement or discovery obligation upon him beyond those set forth in the Federal Rules of Civil Procedure or the Orders of the Court.

3. Discovery in this matter is ongoing. Defendant's responses to these interrogatories are therefore made to the best of his present knowledge, information, and belief. These responses are, at all times, subject to such additional or different information that discovery or independent investigation or analysis may disclose and, while based on the present state of its recollection, are subject to such refreshing of recollection, and such additional knowledge of information, facts, and documents as may result from Defendant's further discovery or investigation. Defendant accordingly reserves the right to change the responses herein and to supplement any document production in response hereto as additional facts are ascertained, analysis is made, legal research is completed, and contentions are made.

4. Defendant objects to each and every definition, instruction, and interrogatory to the extent it seeks or purports to require Defendant to identify, disclose, or produce any documents or information containing or comprising information protected under the attorney-client privilege and/or the attorney work product doctrine, or any other applicable doctrine, privilege, or immunity, such that it would make the information immune or exempt from discovery, or under any claim of confidentiality, including information that constitutes proprietary business information.

5. By agreeing to provide information responsive to a particular interrogatory, the Defendant does not admit the relevance or admissibility of the information provided. Nothing contained in any response herein shall be deemed an admission, concession, or waiver by Defendant as to the relevance, materiality, or admissibility of any document provided in response to the interrogatories.

6. Defendant objects to each and every definition, instruction, and interrogatory to the extent the information requested constitute confidential and/or proprietary information

DEFENDANT LEIGH ROTHSCHILD'S
FIRST SUPPLEMENTAL OBJECTIONS AND RESPONSES
TO PLAINTIFF'S FIRST SET OF INTERROGTORIES
Case No. 2:23-cv-01016
Page **2**

**DC LAW GROUP**
12055 15th Ave NE | Seattle, WA 98125
Phone: (206) 494.0400

belonging to third parties with whom they have entered into non-disclosure or confidentiality agreements that prohibit disclosure of such third-party confidential and/or proprietary information. Any such information will only be provided subject to the protective order entered in this action and will not be provided unless and until Defendant has given notice to and/or obtained permission from the relevant third parties.

7. Defendant objects to each and every definition, instruction, and interrogatory to the extent it calls for information or documents not within his possession, custody, or control. The responses given herein are based upon information reasonably available to Defendant and presently within his possession, custody, or control.

8. Defendant objects to each and every definition, instruction, and interrogatory as overbroad, unduly burdensome, and oppressive to the extent it seeks information that is not relevant to the claims and defenses of any party to this action or the subject matter involved in the action and/or to the extent that it is not proportional to the needs of the case.

9. Defendant objects to each and every definition, instruction, and interrogatory as overbroad, unduly burdensome, and oppressive to the extent it fails to specify any relevant time period, and thus is neither limited to events relevant in this litigation nor proportional to the needs of the case.

10. Defendant objects to each and every definition, instruction, and interrogatory as unduly burdensome and oppressive to the extent it purports to require him to search his facilities and/or inquire of his employees other than those facilities and/or employees that would reasonably be expected to have responsive information. Defendant's responses are based upon (1) a reasonable search and investigation of facilities and files that could reasonably be expected to contain responsive information and were readily identifiable and accessible, and (2) inquiries of Defendant's employees and/or representatives who could reasonably be expected to possess responsive information and were readily identifiable and accessible.

DEFENDANT LEIGH ROTHSCHILD'S
FIRST SUPPLEMENTAL OBJECTIONS AND RESPONSES
TO PLAINTIFF'S FIRST SET OF INTERROGTORIES
Case No. 2:23-cv-01016
Page **3**

**DC LAW GROUP**
12055 15th Ave NE | Seattle, WA 98125
Phone: (206) 494.0400

11. Defendant objects to each and every definition, instruction, and interrogatory as unduly burdensome and oppressive to the extent it seeks information that is already in Plaintiff's possession, custody, or control, and/or that is publicly available.

12. Defendant objects to the definitions of "You" (including "Your") and "Defendants" on the grounds that the definition is overbroad, unduly burdensome, and oppressive, and calls for the production of information that is not within Defendant's possession, custody, or control, and that is neither relevant nor proportional to the needs of the case. Defendant also objects to this definition to the extent it includes his counsel and, therefore, seeks information protected by the attorney-client privilege and/or the attorney work product doctrine.

## INDIVIDUAL RESPONSES

Subject to each of the foregoing General Statements and Objections, Defendant responds to Plaintiff's Interrogatories as follows:

**INTERROGATORY NO. 1**

Describe in detail Your involvement in Display Techs.'s September 2022 patent infringement lawsuit against Valve, *Display Techs., LLC v. Valve Corp.*, Case No. 2:22-cv-1365 (W.D. Wash. Sept. 27, 2022), including Your involvement in the decision to sue Valve, any investigation performed prior to filing that lawsuit, and the decision to withdraw or dismiss that lawsuit.

**RESPONSE:**

Defendant specifically objects to this Interrogatory on the grounds that it seeks Defendant to identify, disclose, and/or produce documents and information containing or comprising information protected under the attorney-client privilege and/or the attorney work product doctrine. Defendant declines to waive these privileges and immunities at this time.

Defendant further objects to this Interrogatory as vague, ambiguous, overly broad and unduly burdensome and not proportional to the needs of the case because it seeks "any investigation performed." Defendant also objects to this Interrogatory as vague, ambiguous,

DEFENDANT LEIGH ROTHSCHILD'S
FIRST SUPPLEMENTAL OBJECTIONS AND RESPONSES
TO PLAINTIFF'S FIRST SET OF INTERROGTORIES
Case No. 2:23-cv-01016
Page **4**

**DC LAW GROUP**
12055 15th Ave NE | Seattle, WA 98125
Phone: (206) 494.0400

overly broad and unduly burdensome, not proportional to the needs of the case, and seeking information that is not relevant to any party's claims or defenses because it is unlimited in time. Defendant also objects to this Interrogatory as vague and ambiguous as to the scope and use of the term "decision."

Subject to the foregoing general and specific objections, and to the extent Defendant understands this interrogatory, Defendant responds as follows: Defendant is the sole named inventor of U.S. Patent No. 9,300,723, which was the patent-in-suit in the case captioned *Display Techs., LLC v. Valve Corp.*, Case No. 2:22-cv-1365 (W.D. Wash. Sept. 27, 2022), and Defendant is the manager of Display Technologies, LLC. Prior to filing that lawsuit, Defendant conferred with its counsel regarding the decisions to sue Valve and to dismiss the case.

**FIRST SUPPLEMENTAL RESPONSE:**

Defendant incorporates its general and specific objections and prior response to this Interrogatory. In addition, Defendant states that prior to initiating the lawsuit, Mr. Rothschild or Mr. Falcucci would have communicated with Pitch Scientific requesting a claim chart be prepared mapping Valve's product (i.e., the Steam Deck) to the claims of the asserted patent, U.S. Patent No. 9,300,723. Pitch Scientific prepared that claim chart which would have been sent back to Mr. Rothschild, Mr. Falcucci, or one of PAM's staff members at their PAM email addresses. Thereafter, Mr. Rothschild, Mr. Falcucci, or one of PAM's staff members would have provided Mr. Johnson or staff member of Kizzia Johnson with that claim chart. Mr. Johnson would have prepared the Complaint on behalf of the patent owner Display Technologies, LLC, including the claim chart as support for Display Technologies, LLC's allegations. Mr. Johnson's paralegal then provided the Complaint with claim chart to Mr. Meyler.

**INTERROGATORY NO. 2**

DEFENDANT LEIGH ROTHSCHILD'S
FIRST SUPPLEMENTAL OBJECTIONS AND RESPONSES
TO PLAINTIFF'S FIRST SET OF INTERROGTORIES
Case No. 2:23-cv-01016
Page **5**

**DC LAW GROUP**
12055 15th Ave NE | Seattle, WA 98125
Phone: (206) 494.0400

Describe in detail Your involvement with the June 2023 Demand Letter (Dkt. No. 38-8), including Your involvement in the decision to send that letter and any investigation performed prior to sending that letter.

**RESPONSE:**

Defendant specifically objects to this Interrogatory on the grounds that it seeks Defendant to identify, disclose, and/or produce documents and information containing or comprising information protected under the attorney-client privilege and/or the attorney work product doctrine. Defendant declines to waive these privileges and immunities at this time.

Defendant further objects to this Interrogatory as vague, ambiguous, overly broad and unduly burdensome and not proportional to the needs of the case because it seeks "any investigation performed." Defendant also objects to this Interrogatory as vague, ambiguous, overly broad and unduly burdensome, not proportional to the needs of the case, and seeking information that is not relevant to any party's claims or defenses because it is unlimited in time. Defendant also objects to this Interrogatory as vague and ambiguous as to the scope and use of the term "decision."

Subject to the foregoing general and specific objections, and to the extent Defendant understands this interrogatory, Defendant responds as follows: Defendant is the sole named inventor of U.S. Patent No. 8,856,221, which was one the patents for which a claim chart was attached to the letter, and Defendant is the manager of Social Positioning Input Systems, LLC, Rothschild Broadcast Distribution Systems, LLC, and Quantum Technology Innovations, LLC. Defendant conferred with its counsel regarding sending the letter.

**FIRST SUPPLEMENTAL RESPONSE:**

Defendant incorporates its general and specific objections and prior response to this Interrogatory. In addition, Defendant states that prior to sending the June 2023 Demand Letter,

DEFENDANT LEIGH ROTHSCHILD'S
FIRST SUPPLEMENTAL OBJECTIONS AND RESPONSES
TO PLAINTIFF'S FIRST SET OF INTERROGTORIES
Case No. 2:23-cv-01016
Page **6**

**DC LAW GROUP**
12055 15th Ave NE | Seattle, WA 98125
Phone: (206) 494.0400

1   Mr. Rothschild or Mr. Falcucci would have communicated with Pitch Scientific or another
2   reputable vendor requesting a claim chart be prepared mapping Valve's product(s) to the claims
3   of the relevant patents, U.S. Patent Nos. 7,650,376; 8,856,221; and 9,261,365. Pitch Scientific or
4   another reputable vendor would have prepared those claim charts which would be sent back to
5   Mr. Rothschild, Mr. Falcucci, or one of PAM's staff members at their PAM email addresses.
6   Thereafter, a PAM staff member Christina Arias provided Mr. Meyler with those claim charts.
7   Mr. Meyler then prepared a letter on behalf of the patent owners dated May 26, 2023, addressed
8   to Valve's outside counsel, Dario Machleidt of Kilpatrick Townsend & Stockton LLP, including
9   the claim charts as support for the patent holders' allegations. Mr. Machleidt informed Mr.
10  Meyler that his firm did not represent Valve and that he had not shared the letter of May 26, 2023
11  with Valve. Based on Mr. Machleidt's assertions, Mr. Meyler prepared and sent the letter dated
12  June 21, 2023 on behalf of the patent owners to Valve's in house counsel, Christopher Shenck,
13  including the claim charts as support for the patent holders' allegations.

15  **INTERROGATORY 3**

16  Describe in detail all factual and legal bases for Your contention that Your assertions of
17  patent infringement against Valve were in good faith, including any contentions that You satisfy
18  or do not satisfy any "good faith" factors in RCW 19.350.020(4)(a)-(f); any contentions that You
19  satisfy or do not satisfy any "bad faith" factors in RCW 19.350.020(2)(a)-(g); identify all
20  Documents, Communications, and Things supporting or refuting your contentions; and identify
21  the Persons most knowledgeable about Your contentions.

22  **RESPONSE:**

23  Defendant objects to this Interrogatory as overly broad and unduly burdensome, not
24  proportional to the needs of the case, and seeking information that is not relevant to any party's
25  claims or defenses because it seeks information from third parties over whom Defendant has no
26  control. Defendant further objects to this Interrogatory as overly broad and unduly burdensome

DEFENDANT LEIGH ROTHSCHILD'S
FIRST SUPPLEMENTAL OBJECTIONS AND RESPONSES
TO PLAINTIFF'S FIRST SET OF INTERROGTORIES
Case No. 2:23-cv-01016
Page **7**

DC LAW GROUP
12055 15th Ave NE | Seattle, WA 98125
Phone: (206) 494.0400

and not proportional to the needs of the case because it seeks "all factual and legal bases for [Defendant's] contention" and "all Documents, Communications, and Things supporting or refuting your contentions." Defendant also objects to this Interrogatory as overly broad and unduly burdensome, not proportional to the needs of the case, and seeking information that is not relevant to any party's claims or defenses because it is unlimited in time.

Defendant objects to this Interrogatory as vague and ambiguous to the extent it asks the Defendant to "identify the Persons most knowledgeable about Your Contentions" on the grounds that the term "most knowledgeable" is subjective and undefined, and therefore subject to multiple, different interpretations.

Defendant objects to this Interrogatory as premature to the extent it seeks expert opinions, disclosures, or discovery. Defendant will provide expert opinions, disclosures, and discovery at the time(s) set by the Court's schedule for this case.

Subject to the foregoing general and specific objections, and to the extent Defendant understands this interrogatory, Defendant responds as follows: Information regarding the applicability of the factors listed in RCW 19.350.020(4)(a)-(f) and RCW 19.350.020(2)(a)-(g) to Defendant may be ascertained by reviewing the filings in this matter, including Defendants' Motion to Dismiss Plaintiff's First Amended Complaint (Dkt 27) and Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint (Dkt 40).

Defendant's investigation of this topic is ongoing, and Defendant will continue to provide relevant information to the extent that additional information exists and is uncovered. Defendant expressly reserves the right to further supplement or amend his response to this Interrogatory as necessary as discovery continues.

DEFENDANT LEIGH ROTHSCHILD'S
FIRST SUPPLEMENTAL OBJECTIONS AND RESPONSES
TO PLAINTIFF'S FIRST SET OF INTERROGTORIES
Case No. 2:23-cv-01016
Page **8**

**DC LAW GROUP**
12055 15th Ave NE | Seattle, WA 98125
Phone: (206) 494.0400

| | | |
|---|---|---|
| 1 | Dated: February 3, 2025 | Respectfully submitted, |

By: /s/ *Donald R. McPhail*
Donald R. McPhail (admitted *phv*)
1900 Duke Street
Alexandria, Virginia 22314
Tel: (703) 518-4516
Fax: (612) 332-9081
Email: dmcphail@merchantgould.com

Eric R. Chad (admitted *phv*)
150 South Fifth Street, Suite 2200
Minneapolis, Minnesota 55402
Tel: (612) 332-5300
Fax: (612) 332-9081
Email: echad@merchantgould.com

Matthew J. Cunanan (#42530)
DC LAW GROUP
12055 15th Ave NE, Suite B
Seattle, WA 98125
Tel: (206) 494-0400
Fax: (855) 494-0400
Email: matthew@dclglawyers.com

*Attorneys for Defendants Leigh Rothschild, Rothschild Broadcast Distribution Systems, LLC, Display Technologies, LLC, Patent Asset Management, LLC, Meyler Legal, PLLC, and Samuel Meyler*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 3, 2025, I served the foregoing document on all counsel of record via email.

*/s/ Shannon Maney*