# EXHIBIT 6

| | |
|---|---|
| **From:** | Eric R. Chad |
| **To:** | Machleidt, Dario; Donald McPhail; Eric W. Schweibenz; matthew@dclglawyers.com |
| **Cc:** | Damitio, Chris; Geyer, Kate; Pearson, Stephanie |
| **Subject:** | RE: Valve v. Rothschild et al. - Rule 45 Subpoenas |
| **Date:** | Friday, December 20, 2024 6:22:35 PM |
| **Attachments:** | image001.png |

Dario,

I will follow with a calendar entry for Thursday at 9:00 am PST. The bases for our motions are below.

**Undue Burden; Disproportionality**
For many, if not all of the recipients, complying with the subpoena would impose an undue burden and/or the requests are not proportional to the needs of the case, particularly given Plaintiff's failure to exhaust party discovery prior to issuing the subpoenas. I emailed Chris hit counts for certain terms the parties were considering to facilitate the collection of ESI from Defendants over a month ago, but we had heard nothing back until today (we will respond to your letter from this afternoon under separate cover). Unnecessarily burdening third parties that have nothing to do with this case to obtain information that could be more easily obtained from Defendants needlessly complicates this case in violation of Rule 1 of the Federal Rules of Civil Procedure.

Moreover, nearly half of the recipients of the subpoenas have not represented any Defendant for more than five years. In these instances, neither memories nor documents are current, and the value to be obtained from the materials and testimony sought is minimal. In the case of approximately half of the recipients, the subpoenaed firm only ever represented a Defendant as local counsel, with little or no communication with any Defendant and with no role in selecting or deciding to proceed against any potential infringer.

As a practical matter, in the case of at least three of the recipients, the attorney with whom one or more Defendant had a relationship has since left the firm, taking many or all documents with him, or is now deceased. In these instances, it is hard to imagine what responsive information Plaintiff could hope to obtain from these firms.

**Attorney-Client Privilege**
Contrary to the statements in the Schedule A accompanying the document subpoenas, we disagree that Defendants have, or any particular Defendant has, waived the attorney-client privilege. The basis for Plaintiff's assertion, made to Defendants' prior and current counsel and without Defendants' prior knowledge, that Defendants have waived privilege appears to be an oral statement, the context of which is not provided. Even lacking that context, however, that statement is, at most, a statement of an intention to refrain from asserting the privilege in the future. Whether practicality requires such waiver in the future, it is not for Plaintiff to decide whether Defendants have waived privilege, and Plaintiff has identified no writing or judicial determination demonstrating that privilege has been waived. Nor has there been any agreement or judicial determination regarding the scope of any such waiver.

In the absence of such a waiver, much of the materials and testimony Plaintiff seeks is presently protected from disclosure by the attorney-client privilege.

Fact discovery does not close in this case for more than six months. That is plenty of time for the Parties to work together amongst themselves to get Plaintiff the documents, information, and testimony to which it is entitled before resorting to invasive discovery from third parties. We look forward to talking next week to discuss these issues.

Regards,
Eric

**From:** Machleidt, Dario <dmachleidt@ktslaw.com>
**Sent:** Thursday, December 19, 2024 6:52 PM
**To:** Eric R. Chad <EChad@merchantgould.com>; Donald McPhail <dmcphail@merchantgould.com>; Eric W. Schweibenz <eschweibenz@merchantgould.com>; matthew@dclglawyers.com
**Cc:** Damitio, Chris <CDamitio@ktslaw.com>; Geyer, Kate <KGeyer@ktslaw.com>; Pearson, Stephanie <SDMPearson@ktslaw.com>
**Subject:** RE: Valve v. Rothschild et al. - Rule 45 Subpoenas

**CAUTION - External.**

Eric,

No, as you can see from our separate email, we have not refused to withdraw the prior document subpoenas. Relatedly, none of the third parties produced anything in response to the original subpoenas.

We're available to talk December 26 and 27. Please let us know the bases for your planned motions so we can have a productive meet and confer.

Thank you.

Dario Machleidt
dmachleidt@ktslaw.com
Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue | Suite 3700 | Seattle, WA 98101
**T** 206 224 2857 | **F** 206 374 2199
My Profile | vCard

**From:** Eric R. Chad <EChad@merchantgould.com>
**Sent:** Thursday, December 19, 2024 2:54 PM
**To:** Geyer, Kate <KGeyer@ktslaw.com>; Donald McPhail <dmcphail@merchantgould.com>; Eric W. Schweibenz <eschweibenz@merchantgould.com>; matthew@dclglawyers.com
**Cc:** Machleidt, Dario <dmachleidt@ktslaw.com>; Damitio, Chris <CDamitio@ktslaw.com>
**Subject:** RE: Valve v. Rothschild et al. - Rule 45 Subpoenas

**\*\*CAUTION: External Email\*\***

Kate,

As we've received no response to my below email, we assume that Plaintiff is refusing to remedy the improper service of the document subpoenas. We will thus include this as one basis for relief in forthcoming motions.

We do intend to seek orders quashing each of the subpoenas, whether for documents or deposition testimony. We thus request Plaintiff's availability to meet and confer next week. We are available on Monday, December 23, before 3:00 pm Pacific; Thursday, December 26, before 3:30 pm Pacific; and Friday, December 27, before 3:30 Pacific. Please let us know when you are available within those windows.

Regards,
Eric

**From:** Eric R. Chad
**Sent:** Tuesday, December 17, 2024 1:01 PM
**To:** Geyer, Kate <KGeyer@ktslaw.com>; Donald McPhail <dmcphail@merchantgould.com>; Eric W. Schweibenz <ESchweibenz@MerchantGould.com>; matthew@dclglawyers.com
**Cc:** Machleidt, Dario <dmachleidt@ktslaw.com>; Damitio, Chris <CDamitio@ktslaw.com>
**Subject:** RE: Valve v. Rothschild et al. - Rule 45 Subpoenas

Kate,

We have received your email. We are, however, concerned that each of the document subpoenas were served in violation of the Federal Rules of Civil Procedure. Rule 45(a)(4) requires that "[i]f the subpoena commands the production of documents, electronically stored information or tangible things or the inspection of premises before trial, then **before it is served on the person to whom it is directed**, a notice and a copy of the subpoena must be served on each party." Fed. R. Civ. P. 45(a)(4) (emphasis added); *see also, e.g.*, *Cameron v. Lowes Home Ctrs. Inc.*, No. CV-17-08082-PCT-JJT, 2018 WL 10780806, at *2 (D. Ariz. June 13, 2018) (quashing subpoenas served in violation of Rule 45(a)(4)). The issue date of each subpoena is November 26, 2024, nearly three weeks before we received this notice. Moreover, we were contacted by some of the recipients regarding service of the subpoenas at least multiple days before this notice was provided.

In view of this apparent violation of Rule 45, we demand that Plaintiff immediately: (1) identify the date on which each document subpoena was served; (2) contact each recipient of a document subpoena served before December 17, 2024, to withdraw the subpoena and confirm in writing to us that it has done so; (3) confirm that neither Plaintiff nor its counsel has received any documents in response to any of these subpoenas; and (4) if any documents have been received in response to any subpoena, destroy such documents and confirm with us in writing that it has done so.

Given the nature of these subpoenas, served on Defendants' prior counsel, we take this issue very seriously. We thus look forward to Plaintiff's confirmation that it has taken the steps identified above in an effort to remedy this violation of Rule 45. We reserve all rights to seek appropriate relief from

the Court.

Regards,
Eric

---

**From:** Geyer, Kate <KGeyer@ktslaw.com>
**Sent:** Monday, December 16, 2024 6:44 PM
**To:** Donald McPhail <dmcphail@merchantgould.com>; Eric W. Schweibenz <eschweibenz@merchantgould.com>; matthew@dclglawyers.com; Eric R. Chad <EChad@merchantgould.com>
**Cc:** Machleidt, Dario <dmachleidt@ktslaw.com>; Damitio, Chris <CDamitio@ktslaw.com>
**Subject:** Valve v. Rothschild et al. - Rule 45 Subpoenas

**CAUTION - External.**

Counsel,

Please see the attached subpoenas. We will produce to you any documents received from third parties as we receive them. Thank you.

Sincerely,



Kate Geyer
KGeyer@ktslaw.com
Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue | Suite 3700 | Seattle, WA 98101
**T** 206 516 3094 | **F** 206 299 3458
My Profile | vCard

'

---

Confidentiality Notice:
This communication constitutes an electronic communication within the meaning of the Electronic Communications Privacy Act, 18 U.S.C. Section 2510, and its disclosure is strictly limited to the recipient intended by the sender of this message. This transmission, and any attachments, may contain confidential attorney-client privileged information and attorney work product. If you are not the intended recipient, any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. Please contact us immediately by return e-mail or at 404 815 6500, and destroy the original transmission and its attachments without reading or saving in any manner.
'