# EXHIBIT 7

| | |
|---|---|
| **From:** | Paige Stradley |
| **To:** | Machleidt, Dario; Damitio, Chris; Geyer, Kate; Pearson, Stephanie |
| **Cc:** | Eric R. Chad; Eric W. Schweibenz; Donald McPhail |
| **Subject:** | Valve v. Rothschild - Meet and Confer |
| **Date:** | Monday, December 30, 2024 8:35:25 AM |

**\*\*CAUTION: External Email\*\***

Counsel,

Thank you for taking the time to speak with me last Thursday in connection with this case. This email is intended to summarize the issues discussed as well as proposed compromises for moving forward on various issues. Please let us know Plaintiff's position on the proposed resolutions of any outstanding issues.

## I.     Briefing Deadlines

During the call, I requested a one-week extension for Defendants to file any opposition to Plaintiff's Motion to Strike. Without agreeing outright, Dario indicated a willingness to agree to such an extension. **We thus request an extension to respond to Plaintiff's Motion to Strike up to and including January 13, 2025. Please let us know whether Plaintiff will agree to this extension.**

Regarding Plaintiff's Motion to Dismiss, Plaintiff indicated that it understood that Defendants' deadline to respond to the motion is January 20, 2025. **Please confirm that this is Plaintiff's understanding.** If the Parties agree that this is the deadline, we do not presently request any extension.

## II.     Plaintiff's Subpoenas to Law Firms

### A.     Service of Subpoenas and Timeliness of Quash Motions

Kate asked during the call whether we could agree to accept service of the updated subpoenas on behalf of the subpoenaed law firms. The following firms have given us authority to accept service on their behalf: Parker, Bunt & Ainsworth; Ni, Wang & Massand; Cunningham Swaim; and Stamoulis & Weinblatt; but each of these firms also seeks an extension to the deadlines to produce documents and sit for any deposition as outlined below. We have reached out to the remaining law firms and will update you as we receive any further authorization.

Kate also suggested that any motion to quash filed in connection with those subpoenas would be premature. Though we believe that the issues related to the subpoenas are sufficiently ripe for motions to quash, we are, in theory, willing to work with Plaintiff to resolve those potential issues and narrow the scope of any motion to quash. That said, the rapidly approaching return deadlines for the subpoenas, the first of which is January 7, 2025, significantly ties our hands. Absent Plaintiff's agreement to extend the return date of those subpoenas, we cannot agree to delay the filing of motions to quash.

**We are hopeful that the subpoenaed law firms will permit us to accept service of the updated subpoenas. In the meantime, we request that Plaintiff agree to extend the production and deposition deadlines for any subpoenas until no earlier than February 18, 2025. This will provide the Parties to the Washington litigation with time to address outstanding party discovery issues (discussed in further detail below) in the hope of limiting the burden imposed on third parties and will permit counsel to narrow the issues to be addressed by any motion practice related to the subpoenas. Indeed, these nonparties should not be burdened until the Parties understand what documents are available from the Parties and the issue of waiver is resolved. Should the requested extension necessitate an extension to the fact discovery period, Defendants will not unreasonably oppose any request for such an extension. Will Plaintiff agree to an extension of the production and deposition deadlines to no earlier than February 18, 2025?**

**B.      Local-counsel-only law firms and law firms that have not represented any Defendant for 5+ years**

During our call, I mentioned that some of the firms to which Plaintiff has directed subpoenas served only as passive local counsel and/or have not represented any Defendant for a number of years and asked that Plaintiff consider withdrawing the subpoenas to these firms. Though I did not have the specifics of these firms in front of me during the call, I can now provide the following information:

- Parker, Bunt & Ainsworth (PBA) – PBA most recently represented RBDS in patent litigation, only as local counsel, in 2015. Our understanding is that PBA was not involved in any substantive decision-making in connection with any lawsuits filed by Defendants.
- Stamoulis & Weinblatt (SW) – SW most recently represented RBDS in patent litigation, only as local counsel, in 2019. Our understanding is that PBA was not involved in any substantive decision-making in connection with any lawsuits filed by Defendants.
- The Chong Law Firm (Chong) – Chong most recently represented RBDS in patent litigation, only as local counsel, in 2021. Chong most recently represented Display Technologies, again only as local counsel, in 2021. Our understanding is that Chong was not involved in any substantive decision-making in connection with any lawsuits filed by Defendants.
- Gawthrop Greenwood ("Gawthrop") – Gawthrop most recently represented RBDS in patent litigation in 2021. We are in the process of confirming this information, but believe that Gawthrop served only as local counsel and did not participate in any substantive decision-making in connection with any lawsuits filed by Defendants. The attorney who represented RBDS in connection with this cases no longer works at Gawthrop.
- Cunningham Swain ("Cunningham") – Cunningham most recently represented Display Technologies in patent litigation in 2018. The attorney who represented Display Technologies in connection with these cases no longer works at Cunningham.

**In view of these facts, we request that Plaintiff withdraw its subpoenas served on these law**

**firms. Please let us know whether Plaintiff will do so.** On the call, Dario expressed concern that the label of local counsel may not necessarily mean that counsel was not substantively involved in matters involving the Defendants. If helpful and as noted on our call, we would be happy to discuss with each of the above law firms the possibility of them providing a declaration confirming that either that they were not substantively involved in matters involving the Defendants or that they have not represented in Defendants in the past five years.

The identification of these five firms should not be interpreted to suggest that Defendants agree that the remaining four law firms subpoenaed by Plaintiff have discoverable information. We note, for instance, that Jay Johnson of Kizzia Johnson is deceased and that his former partner, Brad Kizzia, has little, if any, personal knowledge regarding Jay's engagement with Defendants. Relatedly, on the call, Kate asked for identification of which law firms served as lead counsel. Of the law firms subpoenaed, our current understanding is that the following law firms served as lead counsel: Kizzia Johnson; SML Avvocati; Ni, Wang & Massand; and Garteiser Honea. At this stage, we are not able to provide an identification of which law firms served as lead counsel with each local counsel because it may have varied by matter.

### III.      Privilege and Potential Waiver

We understand that is has been Plaintiff's position that Defendants have already waived the attorney-client privilege. It remains Defendants' position that no such waiver has taken place.

**Regardless, Defendants are willing to have further conversations with Plaintiff regarding a potential waiver of attorney-client privilege and the scope of such waiver. Defendants are prepared to waive privilege as to all documents, materials, and communications relating to the enforcement of U.S. Patent Nos. 8,671,195; 8,856,221; and 9,300,723 by Defendants. It is Defendants' position that waiving privilege as to these materials should not result in waiver of privilege as to any other material, including any other enforcements efforts taken by Defendants relating to other patents, and should not result in waiver of privileged communications between M&G and Defendants and work product of M&G relating to this lawsuit. Please confirm you agree that waiving privilege as to all documents, materials, and communications relating to the enforcement of U.S. Patent Nos. 8,671,195; 8,856,221; and 9,300,723 by Defendants will not result in any additional waiver and will not result in waiver of privilege and work product as to M&G.**

### IV.      Search Terms and Capabilities

None of the custodians of potentially relevant documents possess or maintain sophisticated document management systems. Rather, any relevant documents reside on the computer(s) of these custodians. These custodians are able to search their hard drives using the search functionality of Windows File Explorer. They are able to separately search emails through the search functionality of Microsoft Outlook. We have requested that custodians attempt to run the searches proposed in Dario's letter of December 20. We followed up with those custodians Friday.

We hope to report back hit counts shortly. We further hope the parties can agree to work quickly

and efficiently together thereafter to agree to a search strategy thereafter.

Chris asked what "Other ESI" referred to (as used in an email from Eric Chad) and why searches were being run via Windows Explorer. "Other ESI" simply refers to electronic information that is not emails but which is found on each custodian's respective hard drive. In other words, these are custodial data sources and are not non-custodial data sources.

On the call, you also asked if, after the search terms are agreed to and the documents collected, if we plan to review those documents to assess relevance and responsiveness. We currently intend to review documents for relevance and responsiveness after the parties reach agreement as to search terms.

### V.        Interrogatory Nos. 1 and 2

I am following up with the team regarding your inquiry as to the status of supplementation of Interrogatory Nos. 1 and 2.

### VI.       October 16, 2024 Discovery Letter

Though we feel that many of the issues raised in Dario's October 16, 2024 letter have been addressed herein or in other correspondence to the parties, we will provide a direct response as soon as possible.

Regards,

Paige

**Paige Stradley**
she/her/hers
Partner
Merchant & Gould P.C.
150 South Fifth Street
Suite 2200
Minneapolis, MN 55402-4247
USA

**Telephone** (612) 336-4671
**Fax** (612) 332-9081
**merchantgould.com**

GUARDIANS OF GREAT IDEAS®

Note: This email message is confidential and may be privileged or otherwise protected by law. If you are not the intended recipient, please: (1) reply via email to the sender; (2) destroy this communication entirely, including deletion of all associated text files from all individual and network storage devices; and (3) refrain from copying or disseminating this communication by any means whatsoever. Operating as Merchant & Gould, LLP, in California.
Please consider the environment before printing this email. Thank you.