# **EXHIBIT 8**



**Kilpatrick Townsend & Stockton LLP**
ktslaw.com

Suite 3700, 1420 Fifth Avenue
Seattle, WA 98101

January 10, 2025

direct dial 206 224 2857
direct fax 206 299 3458
dmachleidt@ktslaw.com

*Via Email*

Donald McPhail
Eric R. Chad
Paige Stradley
Merchant & Gould
150 S 5th St Unit 2200,
Minneapolis, MN 55402

Re: *Valve Corp. v. Leigh Rothschild et al.*, No. 2:23-cv-1016-JNW (W.D. Wash.): Response to Defendants' proposed privilege waiver

Counsel:

In your January 8 email, you asked:

Does Valve agree that waiver of privilege as to all documents, materials, and communications relating to the enforcement of U.S. Patent Nos. 8,671,195; 8,856,221; and 9,300,723 by Defendants does not result in waiver of privilege as to any other material, including any other enforcements efforts taken by Defendants relating to other patents, and does not result in waiver of privileged communications between M&G and Defendants and work product of M&G relating to this lawsuit.

Valve does not agree. Should Defendants unilaterally decide on a limited privilege waiver to support their case, Valve reserves the right to compel the production of any withheld materials. Attorney-client privilege cannot be used as a sword and a shield, as Defendants appear to be contemplating. *See Theranos, Inc. v. Fuisz Techs., Ltd.*, No. C 11-5236 PSG, 2013 WL 2153276, *4 (N.D. Cal. May 16, 2013). We, of course, expect any withheld materials to appear on privilege logs as required by the Court's Protective Order so Valve can assess the scope of any motion to compel.

Your proposed limited waiver ignores several critical issues. First, it ignores what Mr. McPhail told us in October 2024: that Defendants "intend to waive all privilege objections." We confirmed this understanding on October 31 without any complaint from you. *See* Oct. 31, 2024 Machleidt Email. Valve proceeded for nearly two months under an understanding of the scope of Defendants' waiver from which you now retreat.

Second, we told you long ago that Defendants' still unexplained decision to serve every single discovery response late means that they have waived all objections, including for privilege. *See* Oct. 16, 2024 Machleidt Ltr, at 1 ("This waiver encompasses any privilege objections Defendants belatedly tried to raise. *See, e.g.*, *Bussiere v. Softmart Com. Servs. Inc.*,

Page 2

No. C08-1461-RSM, 2009 WL 10675540, at *1 (W.D. Wash. June 1, 2009) ('Failing to respond to a Rule 34 request within the time permitted waives all objections thereto, including claims of privilege and work[]product.' (quotation omitted))."). You have never addressed this issue or our cited cases, choosing instead to ignore the ramifications of your dilatory actions.

Display Technologies' months-late discovery response highlights this problem. Responses to Valve's Request for Production No. 15 were due on August 8, 2024. Display Technologies missed that deadline. On October 16, we pointed out this fact to you. Yet Display Technologies did not serve what it incorrectly styled as a "supplemental" response until January 3, 2025. It is remarkable that it took nearly five months to rectify what you call "obviously an error." The cases we've cited and that you've ignored make clear that such tactics result in a waiver of all privilege objections.

Third, discovery relevant to the Washington Troll Act is not limited to the already licensed patents Rothschild chose to assert against Valve (which appears to be the scope of the limited privilege waiver you propose). The bad-faith factors ask whether the patent owner made "substantially equivalent assertion[s] of patent infringement" in the past, and stress that a court may consider any "other factor … determined to be relevant." RCW 19.350.020(2)(e), (f). Such factors make relevant Rothschild's and his various companies' litigious history of asserting numerous patents while strategically avoiding testing the merits of their infringement claims.

Defendants have already confirmed that Rothschild patents other than the '195, '221, and '723 are relevant to this lawsuit. When moving to dismiss, Defendants argued that they "have successfully enforced the '221 patent, *or a substantially similar patent*, through litigation[.]" Dkt. 40, at 18 (emphasis added). Defendants take a blatant sword-and-shield approach by both relying on their assertion of such "similar patent[s]" while simultaneously hoping to prevent Valve from learning about the details of those assertions.

Finally, to avoid any doubt, it's improper for Defendants to condition production of documents or interrogatory responses on potential agreement between the parties about the scope of waiver. Defendants can choose whether to withhold documents as privileged or not, and Valve reserves its right to seek appropriate relief.

Sincerely,

Dario A. Machleidt