# EXHIBIT 9



**Kilpatrick Townsend & Stockton LLP**
ktslaw.com

Suite 3700, 1420 Fifth Avenue
Seattle, WA 98101

direct dial 206 224 2857
direct fax 206 299 3458
dmachleidt@ktslaw.com

October 16, 2024

*Via Email*

Donald R. McPhail
Merchant & Gould
1900 Duke St #600,
Alexandria, VA 22314
dmcphail@merchantgould.com

Re:  *Valve Corp. v. Leigh Rothschild et al.*, No. 2:23-cv-1016 (W.D. Wash.)

Counsel:

Valve requests to meet and confer regarding the following deficiencies in Defendants' responses to Valve's First Set of Requests for Production ("RFP" or "Requests") and Interrogatories ("ROGs") (collectively, "First Set of Discovery"). Please let us know when you are available to talk during the week of October 21.

As explained in our August 16 correspondence, Defendants waived all objections asserted in response to Valve's First Set of Discovery. Although Defendants' responses were due on August 8, 2024, Defendants served their responses on August 12, 14, and 20 without explanation or cause. Defendants' failure to timely assert objections waives them. *See, e.g.*, *Intuit, Inc. v. H&R Block E. Enters., Inc.*, No. C 06-2327 RMW (PVT), 2006 WL 8462416 (N.D. Cal. Aug. 21, 2006), *report and recommendation adopted*, 2006 WL 2504936, at *1 (N.D. Cal. Aug. 29, 2006) ("This failure to timely respond [to interrogatories] alone is a sufficient basis for overruling Defendants' belated objections."); *id.* at *2 ("Failing to respond to a Rule 34 request within the time permitted waives all objections thereto, which alone warrants overruling the objections.").

This waiver encompasses any privilege objections Defendants belatedly tried to raise. *See, e.g.*, *Bussiere v. Softmart Com. Servs. Inc.*, No. C08-1461-RSM, 2009 WL 10675540, at *1 (W.D. Wash. June 1, 2009) ("Failing to respond to a Rule 34 request within the time permitted waives all objections thereto, including claims of privilege and work[]product." (quotation omitted)). In other words, based on Defendants' unexplained and unexcused delay, Defendants cannot withhold any responsive documents on the basis of their attempted objections.

Let us know if Defendants intend to rely on any of their untimely objections, and based on what authority, so we can decide whether to raise this issue with the Court.

\*      \*      \*

During the meet and confer, please be prepared to address the following specific issues Valve identified with respect to Defendants' RFP responses:

Donald R. McPhail
Page 2

**General Statement and Objection No. 4.**

Defendants object to "each and every definition, instruction, and request" to the extent that it seeks information "under any claim of confidentiality, including information that constitutes proprietary business information." The Court entered a Protective Order (Dkt. 52) that governs the proper handling of confidential documents and information. Please confirm that Defendants are not withholding any responsive documents, communications, or things based on confidentiality.

**Defendants' General Statement and Objection No. 12.**

Patent Asset Management ("PAM"), Leigh Rothschild ("Rothschild"), and Display Technologies, LLC ("Display Technologies") objected to the defined terms "Defendant" and "You." PAM, Rothschild, and Display Technologies then redefined those terms "to mean Rothschild Broadcast Distribution Systems, LLC and its member and employees." This redefinition by Defendants is improper. Please provide a basis for redefining these terms, or otherwise agree that Defendants will respond to the First Set of Discovery consistent with Valve's defined terms.

**Display Technologies' Failure to Respond to RFP No. 15.**

Display Technologies did not respond to RFP No. 15. Therefore, in addition to the reasons noted above, it waived all objections to this request. Please confirm Display Technologies will produce documents responsive to RFP No. 15.

**Display Technologies' Responses to RFP Nos. 2, 6, 16, 18, 21-22, 26; RBDS's Responses to RFP Nos. 2, 6, 18, 21, 24-25, 29; Meyler Defendants' Responses to RFP Nos. 9-13, 19, 22, 27, 35-36; Rothschild's Responses to RFP Nos. 2, 7, 29-30, 36-37, PAM's Responses to RFP Nos. 4, 9, 39-40, 46-47.**

In response to each of the above Requests, Defendants state they "ha[ve] no responsive, relevant, non-privileged documents in [their] possession, custody, or control." For each RFP, Defendants must supplement their responses to clarify whether they: (i) did not identify any responsive documents, or (ii) identified responsive documents and are withholding them subject to a claim of privilege. If the latter, provide privilege logs no later than October 23. To avoid any doubt, Valve's entitlement to privilege logs does not change the fact that Defendants have waived their privilege objections.

**Defendants' Overbroad Use of Privilege Objections.**

Defendants waived any privilege objections. *See Bussiere*, 2009 WL 10675540, at *1. Defendants further cannot withhold any documents based on any purported litigation privilege immunity. *See* Dkt. 56 at 19-22 (finding litigation privilege does not apply to Washington Patent Troll Prevention Act); *see also Amaretto Ranch Breedables, LLC v. Ozimals, Inc.*, 790 F. Supp. 2d 1024, 1030 (N.D. Cal. 2011) (finding that "litigation privilege is not an evidentiary privilege").

In response to every RFP, Defendants objected that the requested information is "protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity." Certain Requests on their face do not implicate privilege, and Defendants have not articulated any basis for those privilege objections.

Donald R. McPhail
Page 3

For example, each Defendant objected on privilege grounds to the Request for "Documents sufficient to identify all cases You, another Defendant, or a Related Company filed in any court in Washington, the status of any ongoing cases, and the outcome (i.e., settlement, voluntary dismissal, final judgment, etc.) of any completed cases." Case status information, however, is not privileged.

As another example, Defendants RBDS, Display Technologies, PAM, and Rothschild each objected on privilege grounds to all Requests for "Documents sufficient to show all Persons who own or control any interest in [Display Technologies, RBDS or PAM], including Documents sufficient to show all Persons with a financial interest in [Display Technologies, RBDS, or PAM] and the size of any such interest." Documents sufficient to show corporate organization and ownership structures are not privileged.

Please identify all RFPs where Defendants are withholding responsive documents as privileged. And as requested, produce a privilege log no later than October 23 for all Requests where Defendants contend no documents exist other than those they claim are privileged.

*      *      *

During the meet and confer, please be prepared to address the following specific issues Valve identified with respect to Defendants' ROG responses:

**General Statement and Objection No. 4.**

Defendants object to "each and every definition, instruction, and interrogatory to the extent that it seeks" information "under any claim of confidentiality, including information that constitutes proprietary business information." This objection is improper for the same reasons stated above. Please confirm that Defendants are not withholding any responsive information based on confidentiality.

**Defendants' Deficient Responses to ROGs 1 and 2.**

Defendants' collective responses to ROGs 1 and 2 are deficient. Each Defendants' two-sentence response recites general identifying information (i.e., PAM "is the owner and sole member of Display Technologies, LLC, the plaintiff in the lawsuit"), and a statement that the responding Defendant "conferred with its counsel regarding the decisions."[1]

Defendants' responses do not contain the requested information regarding, for example: an explanation of the types of documents and information the Defendants reviewed; any analysis of Valve's products or systems; review of the Defendants' previous interactions with Valve; estimates of the scope of Valve's supposed infringement or business case analyses for asserting infringement against Valve; or the content and topics of Defendants' discussions with their counsel.

To the extent Defendants claim the information above is privileged, those objections have been waived. And even if Defendants disagree, their answers are still deficient because they fail to provide responsive, non-privileged facts relevant to Defendants' involvement and decision-making process relating to *Display Technologies, LLC v. Valve Corp.*, Case No. 2:22-cv-1365

---

[1] The Meyler Defendant's responses differed slightly but are similarly deficient. *See, e.g.,* Meyler response to Interrogatory Nos. 2 & 3.

Donald R. McPhail
Page 4

(W.D. Wash. Sept. 27, 2022), and the June 2023 Demand Letter (Dkt. No. 38-8). "[P]rivilege only protects disclosure of communications; it does not protect disclosure of the underlying facts by those who communicated with the attorney." *Upjohn Co. v. United States*, 449 U.S. 383, 396 (1981). As non-limiting examples, Defendants omitted the following responsive, non-privileged facts from their answers:

- When, how often, and for how long did each Defendant confer with counsel?
- Who, on behalf of each Defendant, attended these conferences?
- What "counsel," and at what firm, did Defendants confer with?
- Who was involved in drafting and approving the complaint in the *Display Technologies* case?
- Who was involved in drafting and approving the June 2023 Demand Letter?
- Were any documents sent by any Defendant to Pitch Scientific?

Please confirm that by October 21, Defendants will serve supplemental interrogatory responses providing all responsive facts relating to Defendants' decisions to sue Valve in 2022 and send the 2023 demand letter.

Sincerely,

Dario A. Machleidt