# EXHIBIT 15

Case 2:23-cv-01016-JNW     Document 75-20     Filed 03/28/25     Page 1 of 4



**Kilpatrick Townsend & Stockton LLP**
ktslaw.com

Suite 3700, 1420 Fifth Avenue
Seattle, WA 98101

December 20, 2024

direct dial 206 224 2857
direct fax 206 299 3458
dmachleidt@ktslaw.com

*Via Email*

Donald R. McPhail
Merchant & Gould
1900 Duke St #600,
Alexandria, VA 22314
dmcphail@merchantgould.com

      Re:   <u>*Valve Corp. v. Leigh Rothschild et al.*, No. 2:23-cv-1016 (W.D. Wash.)</u>

Counsel:

      It has been more than a month since Defendants committed to producing the following documents and information:

- Supplemental responses to Valve's Interrogatory Nos. 1 and 2.
- Response to Valve's discovery deficiency letter dated October 16.
- Search capabilities for Defendants' custodians.

      Defendants have twice given Valve a date certain for production of this information, only to ignore their own deadlines. *See* Oct. 31 email from D. Machleidt; Nov. 11 email from D. McPhail. This follows Defendants' continuing pattern of missing both court-ordered and agreed-upon deadlines, including:

- Service of Defendants' Initial ESI Disclosures five (5) days late.
- Service of Defendants' ESI search methodology in response to Valve's first document requests six (6) days late.
- Service of Defendants' responses to Valve's first interrogatories four (4) days late.
- Service of Display Techs., RBDS, and Meyler Defendants' responses to Valve's first document requests six (6) days late.
- Service of PAM and Leigh Rothschild's responses to Valve's first document requests twelve (12) days late.

      Defendants' consistent delay and failure to cooperate in "facilitating … discovery requests and responses raises litigation costs" for Valve "and contributes to the risk of sanctions." Dkt. 51 at ¶ 1. Defendants have failed to meet their obligation "to minimize the costs of discovery." *See* Intro. to Local Civil Rules. Defendants' consistent delay is also prejudicial to Valve's ability to prosecute its case. Despite discovery being ongoing for almost a year, Defendants have not produced a single document or otherwise meaningfully participated in the discovery process aside from making and breaking commitments. Valve reserves its rights to seek redress for Defendants' obstructionist approach to discovery.

Donald R. McPhail
Page 2

Only five months remain until document production is required to be substantially complete. Therefore, by December 27, provide the documents and information listed at the beginning of this letter. If Defendants will not agree to do so, we will discuss these ongoing discovery issues on the upcoming meet and confer (to be scheduled either December 26 or 27, at the same time as your requested meeting regarding Valve's subpoenas).

Pursuant to the parties' agreement regarding search terms (*see* Oct. 8 email from D. McPhail), Valve proposes the following search terms to be run on the data sources identified in Defendants' disclosure of ESI search methodology:

- 8,856,221 OR 8856221 OR '221 OR '221 OR " 221 "
- "Kizzia Johnson"
- "Display Technologies" OR " DT "
- "Rothschild Broadcast Distribution Systems" OR RBDS
- Valve
- "Pitch Scientific"
- sanction* OR "Rule 11" OR frivolous OR 285 OR baseless OR meritless OR "attorney* fees" OR "bad faith" OR exceptional OR 1927
- infring* AND (demand OR threat OR assert OR target OR campaign OR inventory OR enforc* OR sue)
- (global AND (settlement OR license OR agreement)) OR GSLA OR GSALA

Because Defendants still have not provided Valve with information regarding Defendants' search capabilities, Valve assumes Defendants have basic Boolean search capabilities, including use of quotations to indicate strings, combinations, and stemming (indicated by *). Consistent with these capabilities, Valve requests that Defendants search " DT " as a search term using quotes and with a space on either side of DT in an attempt to narrow any allegedly irrelevant hits. In addition, for terms related to Display Technologies and Rothschild Broadcast Distribution systems, Defendants must include within the search string any other names or identifiers used by Defendants or their custodians to refer to those entities (and disclose those other names or identifiers to Valve).

Please be prepared to discuss the "'221" search term during the December 26/27 meet and confer. Valve needs more information to understand how this search term would yield what you refer to as "thousands of irrelevant hits."

Per the parties' agreement, these search terms are to be used as part of Defendants' obligation to search for and produce documents pursuant to paragraph B.2.a.i of the Court's ESI Order. These search terms are not Valve's additional search terms to Defendants under paragraph B.2.b.

Finally, Valve is concerned with the hit counts provided by Defendants on its originally proposed search terms. For example, searches for "Rothschild Broadcast Distribution Systems" and "RBDS" yield only a total of 450 emails despite the fact that RBDS has been in near

Donald R. McPhail
Page 3

constant litigation since March 2015, having filed over 100 cases. This averages to less than five emails per case. Valve expects that between pre-filing communications, settlement negotiations, and other case updates there should be far more emails. If these low hit counts are attributable to Defendants' use of shorthand names or identifiers that were not included in Defendants' initial searches, Valve expects Defendants' cooperation in identifying any additional names used by Defendants and incorporating them into the above-listed search terms.

Valve is also concerned that Defendants may not have properly preserved email and ESI evidence despite litigation being reasonably foreseeable both in view of Defendants' ongoing litigations and because Defendants' business focuses on patent assertion. Valve will seek discovery on Defendants' efforts to preserve information and reserves the right to seek any necessary recourse due to Defendants' failure to do so.

Please provide hit counts for these new search terms before the parties' upcoming meet and confer. Please also confirm whether Defendants will begin producing documents responsive to those search terms (and when) or whether Defendants object to any such term and the basis for doing so.

Sincerely,

Dario A. Machleidt