# EXHIBIT 22

HON. JAMAL N. WHITEHEAD

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| VALVE CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>LEIGH ROTHSCHILD, ROTHSCHILD BROADCAST DISTRIBUTION SYSTEMS, LLC, DISPLAY TECHNOLOGIES, LLC, PATENT ASSET MANAGEMENT, LLC, MEYLER LEGAL, PLLC, AND SAMUEL MEYLER,<br><br>Defendants. | Case No. 2:23-cv-1016-JNW<br><br>**PLAINTIFF VALVE CORPORATION'S FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANT DISPLAY TECHNOLOGIES, LLC** |

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff Valve Corporation ("Valve") requests that Defendant Display Technologies, LLC ("Display Techs.") produce Documents, Communications, and Things within its possession, custody, or control falling within the following Requests for Production ("Requests"). Valve requests that these Documents, Communications, and Things be produced at the following location within thirty (30) days of service, or at such other time and place as is mutually agreed upon by the Parties:

KILPATRICK TOWNSEND & STOCKTON, LLP
ATTN: Dario A. Machleidt
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
dmachleidt@ktslaw.com

VALVE'S 1ST REQUESTS FOR PRODUCTION TO DEFENDANT DISPLAY TECHS.
Case No. 2:23-cv-1016

1

Kilpatrick Townsend & Stockton LLP,
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

Confidential  ROTHSCHILD0000314

The Requests are governed by the following defined terms, whether capitalized or not, and instructions.

## DEFINITIONS AND INSTRUCTIONS

### DEFINITIONS

1. "Valve" or "Plaintiff" means Plaintiff, Valve Corporation, and any current and former parents, subsidiaries, affiliates, predecessors, successors, employees, managers, officers, directors, partners, agents, representatives, attorneys, or anyone acting or purporting to act on its behalf or under its control.

2. "You," "Your," or "Display Tech." means Display Technologies, LLC, and any current and former parents, subsidiaries, affiliates, predecessors, successors, employees, managers, officers, directors, partners, agents, representatives, attorneys, or anyone acting or purporting to act on its behalf or under Your control.

3. "Defendants," means collectively all Defendants named in the above captioned action, including Leigh Rothschild ("Rothchild"), Rothschild Broadcast Distribution Systems, LLC ("RBDS"), Display Techs., Patent Asset Management, LLC ("PAM"), Samuel Meyler ("Meyler"), and Meyler Legal PLLC ("Meyler Legal") (Meyler and Meyler Legal, collectively, "Meyler Defendants"), and any current and former parents, subsidiaries, affiliates, predecessors, successors, employees, managers, officers, directors, partners, agents, representatives, attorneys, or anyone acting or purporting to act on their behalf or under the control of any of the Defendants. Each of the Defendants may be referred to as a "Defendant."

4. "Related Company" or "Related Companies" means any Entities other than the named parties that are subsidiaries or affiliates of the Defendants, or are directly or indirectly owned, controlled, or directed by Rothschild, in whole or in part, including any company for which Rothschild acts as the registered agent.

5. "Global Settlement and License Agreement" or "GSLA" means the agreement signed between Valve, Display Techs., and Rothschild in January 2016 and included in Valve's Second Amended Complaint as Exhibit 1 (Dkt. No. 38-1).

6. "Parties" means, collectively, Valve and Defendants.

VALVE'S 1ST REQUESTS FOR PRODUCTION TO DEFENDANT DISPLAY TECHS.
Case No. 2:23-cv-1016

2

Kilpatrick Townsend & Stockton LLP,
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

Confidential                                                                 ROTHSCHILD0000315

7. "Demand Letter" means any communication, regardless of form, sent by a Defendant or a Related Company to a third party: (1) Relating to any patents; or (2) referencing patent infringement.

8. The "'723 Patent" means United States Patent No. 9,300,723.

9. "License" covers both exclusive and non-exclusive agreements and includes within its scope a covenant not to sue.

10. "Document" is used in the broadest sense to include everything contemplated by Rule 34(a)(1)(A) of the Federal Rules of Civil Procedure and by Rule 1001 of the Federal Rules of Evidence. If a draft Document has been prepared in several copies that are not identical, or if the original identical copies are no longer identical due to subsequent notation, each non-identical Document is a separate Document.

11. "Communication" means any transmission of information, whether oral or in writing, including drafts.

12. "Thing" is used in the broadest sense to include everything contemplated by Rule 34(a)(1)(B) of the Federal Rules of Civil Procedure.

13. "Person" or "Entity" includes, without limitation, natural persons, partnerships, corporations, associations, and any other legal entities and units thereof.

14. "Relating to" is used in its broadest sense to include any connection, relation, or relevance, and encompasses referring to, concerning, pertaining to, demonstrating, discussing, mentioning, containing, summarizing, reflecting, evidencing, constituting, describing, displaying, showing, identifying, analyzing, explaining, proving, disproving, consisting of, supporting, contradicting, or commenting upon.

15. The words "and" and "or" shall be construed conjunctively or disjunctively, whichever makes the Request most inclusive.

16. "All" and "each" should be construed as "and," "each," and "and/or."

17. "Any" should be understood in its most inclusive sense as necessary to bring within the scope of the Request all responses that might otherwise be construed to be outside of its scope.

VALVE'S 1ST REQUESTS FOR PRODUCTION TO
DEFENDANT DISPLAY TECHS.
Case No. 2:23-cv-1016

3

Kilpatrick Townsend & Stockton LLP,
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

Confidential                                                                                           ROTHSCHILD0000316

18. The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun so used, and vice versa.

## INSTRUCTIONS

1. These Requests are continuing in nature. To the extent You come into possession of additional Documents, Communications, and Things called for by any of the following Requests, You are required to supplement Your responses and production accordingly.

2. In producing Documents, Communications, and Things pursuant to these Requests, You shall produce them as they are kept in the usual course of business so that, where possible, Valve can ascertain the files in which the Documents were located, the relative order in such files, and how such files were maintained.

3. Electronic Documents and Communications shall be produced pursuant to the Federal Rules of Civil Procedure, the Court's Local Rules, and any Discovery Orders entered by the Court, including, but not limited to, the Agreement Regarding Discovery of Electronically Stored Information and Order (Dkt. No. 51). You are required to produce responsive material and Documents in electronic form, where available. If any Documents requested have been lost, discarded or destroyed, You should specifically state what Documents have been lost, discarded, or destroyed.

4. To the extent You object to any of the following Requests, You should respond to the portion that is not objectionable and state separately the portion of each Request to which You object, including each ground for the objection.

5. If You object to the production of any Document on the claim of privilege, You should object to each Request individually, and specifically state the reasons for which it is claiming privilege. This instruction does not replace Your obligation regarding a privilege log as set forth in the Protective Order (Dkt. No. 52).

6. You are under a duty to reasonably amend the responses if You obtain information that a response either (1) was incorrect or incomplete when made or (2) is no longer true and complete and the circumstances are such that failure to amend the response is in substance misleading. *See* Fed. R. Civ. P. 26(e).

VALVE'S 1ST REQUESTS FOR PRODUCTION TO
DEFENDANT DISPLAY TECHS.
Case No. 2:23-cv-1016

4

Kilpatrick Townsend & Stockton LLP,
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

Confidential

ROTHSCHILD0000317

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1**

All Documents and Communications Relating to Valve.

**REQUEST FOR PRODUCTION NO. 2**

All Documents, Communications, and Things Relating to any Demand Letter You sent to an Entity headquartered, registered, or otherwise located in Washington state, including any attachments or infringement charts (i.e., claim charts), and any responses and subsequent Communications Relating thereto.

**REQUEST FOR PRODUCTION NO. 3**

All Documents, Communications, and Things Relating to Your identification of third parties to send Demand Letters to, and Your decision Relating to which patents to include in those Demand Letters.

**REQUEST FOR PRODUCTION NO. 4**

Documents sufficient to identify all cases You filed in any court in Washington, the status of any ongoing cases, and the outcome (i.e., settlement, voluntary dismissal, final judgment, etc.) of any completed cases.

**REQUEST FOR PRODUCTION NO. 5**

All Documents, Communications, and Things Relating to any proposed or executed License to, assignment of, or any other grant of rights to the '723 Patent, including all offers and negotiations of any such License, assignment, or any other grant of rights.

**REQUEST FOR PRODUCTION NO. 6**

All Documents, Communications, or Things Relating to Your patent licensing policies, practices, procedures, or programs.

**REQUEST FOR PRODUCTION NO. 7**

Documents sufficient to identify all Entities that have a License to a patent owned by You.

**REQUEST FOR PRODUCTION NO. 8**

Documents sufficient to identify all Entities that have a License to the '723 Patent.

VALVE'S 1ST REQUESTS FOR PRODUCTION TO
DEFENDANT DISPLAY TECHS.
Case No. 2:23-cv-1016

5

Kilpatrick Townsend & Stockton LLP,
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

Confidential                                    ROTHSCHILD0000318

**REQUEST FOR PRODUCTION NO. 9**

All Documents, Communications, and Things Relating to any Demand Letter You sent (or was sent on Your behalf) that referenced a patent to which the recipient of the Demand Letter was already licensed.

**REQUEST FOR PRODUCTION NO. 10**

Documents sufficient to identify all recipients of Demand Letters where the recipients already had a License agreement with You.

**REQUEST FOR PRODUCTION NO. 11**

Documents sufficient to identify all third parties You have sued, where the third parties were already named in a License agreement with You.

**REQUEST FOR PRODUCTION NO. 12**

Documents sufficient to show all revenues, costs, and profits resulting from any License to, assignment of, or any other grant of right to the '723 Patent.

**REQUEST FOR PRODUCTION NO. 13**

All Documents, Communications, and Things Relating to all instances in which You have been subject to any penalties or sanctions, including those under 35 U.S.C. § 285, 28 U.S.C. § 1927, or Fed. R. Civ. P. 11.

**REQUEST FOR PRODUCTION NO. 14**

All Communications received by You or any legal representative stating that You or the legal representative were engaged in meritless, frivolous, or bad-faith assertions of patent infringement.

**REQUEST FOR PRODUCTION NO. 15**

All Documents, Communications, and Things Relating to Your negotiation of the GSLA.

**REQUEST FOR PRODUCTION NO. 16**

Documents, Communications, and Things sufficient to identify Your record-keeping policies and document management systems, including how You stored the GSLA in the ordinary course of business, and how You track which companies have Licenses to Your patents.

VALVE'S 1ST REQUESTS FOR PRODUCTION TO DEFENDANT DISPLAY TECHS.
Case No. 2:23-cv-1016

6

Kilpatrick Townsend & Stockton LLP,
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

Confidential

ROTHSCHILD0000319

**REQUEST FOR PRODUCTION NO. 17**

Documents sufficient to show all Persons who own or control any interest in Display Techs., including Documents sufficient to show all Persons with a financial interest in Display Techs. and the size of such interest.

**REQUEST FOR PRODUCTION NO. 18**

Documents sufficient to show the total revenue Rothschild or any other Person with an interest in Display Techs. has received from Display Techs. on a yearly basis, from the creation of Display Techs. until the present.

**REQUEST FOR PRODUCTION NO. 19**

All contracts or agreements You have with PAM or Rothschild, including, but not limited to, compensation agreements, patent assignments, indemnification agreements, non-disclosure agreements, stock agreements, ownership agreements, and joint venture agreements.

**REQUEST FOR PRODUCTION NO. 20**

All contracts and agreements, including engagement letters, between You and any legal or non-legal professionals hired by You for the purpose of enforcing patents owned by You, including, but not limited to, any agreements with: the Meyler Defendants; Jay Johnson or Kizzia Johnson PLLC; or Garteiser Honea PLLC.

**REQUEST FOR PRODUCTION NO. 21**

All Documents, Communications, and Things Relating to whether Your assertion of patent infringement of the '723 Patent against Valve satisfies the "bad-faith" factors identified in RCW 19.350.020(2)(a)-(g).

**REQUEST FOR PRODUCTION NO. 22**

All Documents, Communications, and Things Relating to whether Your assertion of patent infringement, of the '723 Patent against Valve satisfies the "good-faith" factors identified in RCW 19.350.020(4)(a)-(f).

**REQUEST FOR PRODUCTION NO. 23**

All Documents, Communications, and Things Relating to whether, prior to suing Valve for infringement of the '723 Patent, You "[e]ngaged in reasonable analysis to establish a reasonable,

VALVE'S 1ST REQUESTS FOR PRODUCTION TO DEFENDANT DISPLAY TECHS.
Case No. 2:23-cv-1016

7

Kilpatrick Townsend & Stockton LLP,
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

Confidential                                                                                                   ROTHSCHILD0000320

good faith basis for believing" that Valve infringed the '723 Patent, per RCW 19.350.020(4)(b)(i).

**REQUEST FOR PRODUCTION NO. 24**

Specific to the '723 Patent, all Documents, Communications, and Things Relating to whether You "[a]ttempted to negotiate an appropriate remedy in a reasonable manner" with Valve, per RCW 19.350.020(4)(b)(ii).

**REQUEST FOR PRODUCTION NO. 25**

All Documents, Communications, and Things that Relating to whether You have "[d]emonstrated reasonable business practices in previous efforts to enforce the ['723] patent" or "[s]uccessfully enforced the ['723] patent, or a substantially similar patent, through litigation," per RCW 19.350.020(4)(c)(i)-(ii).

**REQUEST FOR PRODUCTION NO. 26**

Specific to the '723 Patent, all Documents, Communications, and Things Relating to whether You have "made a substantial investment in the use of the patent or in the production or sale of a product covered by the patent," per RCW 19.350.020(4)(d).

**REQUEST FOR PRODUCTION NO. 27**

Documents and Communications Relating to the ownership and assignment of the '723 Patent, including the assignment of the '723 Patent from SRR Patent Holdings to You.

DATED: July 9, 2024                     Respectfully submitted,

By: */s/ Dario A. Machleidt*
KILPATRICK TOWNSEND & STOCKTON LLP
Dario A. Machleidt (State Bar No. 41860)
Kathleen R. Geyer (State Bar No. 55493)
Christopher P. Damitio (State Bar No. 58633)
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
Telephone: (206) 467-9600
E-mail: dmachleidt@kilpatricktownsend.com
E-mail: kgeyer@kilpatricktownsend.com
E-mail: cdamitio@kilpatricktownsend.com

*Attorneys for Plaintiff*
*VALVE CORPORATION*

VALVE'S 1ST REQUESTS FOR PRODUCTION TO
DEFENDANT DISPLAY TECHS.
Case No. 2:23-cv-1016

8

Kilpatrick Townsend & Stockton LLP,
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

Confidential                                                                                                    ROTHSCHILD0000321

**CERTIFICATE OF SERVICE**

I hereby certify that on July 9, 2024, I served the within via all email to all counsel who are registered participants identified on the Mailing Information for C.A. No. 2:23-cv-1016.

*/s/ Dario A. Machleidt*
Dario A. Machleidt

VALVE'S 1ST REQUESTS FOR PRODUCTION TO DEFENDANT DISPLAY TECHS.
Case No. 2:23-cv-1016

9

Kilpatrick Townsend & Stockton LLP,
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

Confidential                                                                 ROTHSCHILD0000322