# EXHIBIT 24



1900 Duke Street
Alexandria, VA 22314

Don McPhail
703.684.2500
dmcphail@merchantgould.com

January 10, 2025

Dario A. Machleidt                                          VIA E-MAIL
Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
dmachleidt@ktslaw.com

Re:     *Valve Corp. v. Leigh Rothschild et al.,* Civil Action No. 2:23-cv-1016 (W.D. Wash.)
M&G:    19680.0001usza

Dear Dario:

     We represent SML Avvocati P.C. ("SML") in connection with the subpoenas for production of documents, information, or objects and for testimony served by Valve in *Valve Corp. v. Leigh Rothschild et al.*, Civil Action No. 2:23-cv-1016 (W.D. Wash.). Pursuant to Federal Rule of Civil Procedure 45(d)(2)(B), SML provides the following objections:

<u>General Objections</u>
1. SML objects to both subpoenas as unduly burdensome and disproportionate to the needs of the case. Fed. R. Civ. P. 45 (d)(1) (requiring party issuing a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena). All documents and information should be obtained from Defendants and public sources before burdening SML with a request for materials that could be obtained from Defendants or public sources. For example, all communications with any of the Defendants and any pleadings (if even relevant) should be equally available from Defendants and should be sought from Defendants, not SML who is a nonparty.
2. SML objects to any request or topic to the extent it seeks information that is privileged, work product, or otherwise immune from discovery. The attorney-client privilege is held by the client(s), and SML cannot waive that privilege on behalf of its client(s). SML understands the parties are discussing potential waiver of privilege and the scope of any such potential waiver. Until SML's

    client(s) instruct SML that privilege, work product, and any other immunity have been waived and the scope of such waiver, SML cannot and will not produce privileged or immune materials.

3. SML objects to any request or topic that is not directed to the '195 Patent, the '221 Patent, or the '723 Patent. Such request or topic seeks irrelevant information and is overly broad and unduly burdensome. Indeed, many of Valve's requests are not even limited to Defendants' activities relating to assertions of patent infringement and are broad enough to encompass all manner of disputes, e.g., employment disputes, trademark disputes, etc.—none of which are even arguably relevant to the claims and defenses at issue in the Action.[1]

4. SML objects to any request or topic to the extent it seeks information that is publicly available and, therefore, equally accessible to Valve. SML will not produce publicly available information. SML also objects to any request or topic that seeks information that is in the possession, custody, or control of Valve. SML will not produce information that is in the possession, custody, or control of Valve.

5. SML objects to the definition of "You," "Your," or "SML Avvocati" as overly broad and unduly burdensome to the extent it includes "former partners, employees, managers, officers, directors, agents, representatives, or any [sic] acting or purporting to act on its behalf or under its control." To the extent any production or testimony is required, SML is only required to provide information within its possession, custody, or control and that which can be located after a reasonable search.

6. SML objects to the definition of "Defendants" as overly broad as it includes entities that are not named defendants, e.g., parents, subsidiaries, and affiliates. SML will interpret Defendants to mean, collectively, the named defendants: Leigh Rothschild; Rothschild Broadcast Distribution Systems, LLC; Display Technologies, LLC; Patent Asset Management; Samuel Meyler; and Meyler Legal PLLC.

7. SML objects to the definition of "Demand Letter" as overly broad and unduly burdensome because the definition is so broad that it includes communications that are not a demand. For example, as defined "Demand Letter" would include a letter sent to opposing counsel as part of a discovery dispute. Moreover, the definition is overly broad and unduly burdensome because it is directed to any Communication, regardless of whether it involves the patents at issue in this Action. SML will interpret "Demand Letter" to mean any Communication sent by SML on behalf of a Defendant which includes a demand for monetary payment or for cessation of an infringing activity.

8. SML objects to preparing and producing a privilege log as unduly burdensome.

9. SML objects to each request or topic to the extent it seeks "all" Documents, Communications, Things, or information. Such a request is overly broad and unduly burdensome and literal compliance is impossible or impracticable.

*Specific Objections to Requests for Production*

    Each of SML's general objections are incorporated in full for each specific objection provided below.

---

[1] SML uses the term "Action" to mean *Valve Corp. v. Leigh Rothschild et al.*, Civil Action No. 2:23-cv-1016 (W.D. Wash.).

**Request No. 1: All files related to Display Technologies or RBDS, including, but not limited to, all files related to the assertion of any of Display Technologies' or RBDS' patents.**

SML objects to this Request as overly broad, unduly burdensome, and disproportionate to the needs of the case. This Request seeks all files relating to Display Technologies ("DT") or RBDS, regardless of their connection to the claims and defenses at issue in the Action. For example, the Request would include files relating to employment matters, trademark disputes, etc. Moreover, the Request would also include files relating to patent infringement matters unrelated to the '195 Patent, the '221 Patent, or the '723 Patent (collectively, the "Patents-in-Suit"). Defendants' activities relating to patents that are not the Patents-in-Suit are irrelevant to the claims and defenses at issue in the Action which are directed to purported bad faith assertion of the Patents-in-Suit, breach, and infringement and invalidity of the '221 Patent. SML also objects to this Request as overly broad and unduly burdensome to the extent it seeks information that is either available through the Defendants or publicly available. SML objects to this Request to the extent it seeks information that is privileged, work product, or otherwise immune from discovery. *See* General Objection No. 2.

In light of the above objections, SML will not produce documents responsive to this Request. After Valve has received documents from Defendants and after the scope of any waiver of privilege has been determined, SML invites Valve to narrow the scope of requested information at which time SML will re-consider Valve's modified request.

**Request No. 2: Documents sufficient to identify each case in which You have previously represented any Defendant, regardless of whether You entered an appearance in the case.**

SML objects to this Request as vague as to what is meant by "case" because it is unclear if that term means any matter or is directed to lawsuits. SML interprets the term "case" to mean lawsuits. SML further objects to this Request as overly broad, unduly burdensome, and disproportionate to the needs of the case because, as described above, it is not limited to cases involving the Patents-in-Suit. The Request is also overly broad, unduly burdensome, and disproportionate to the needs of the case because it seeks information that is equally available through Defendants and information that is publicly available.

In light of the above objections, SML will not produce documents responsive to this Request. After Valve has received documents from Defendants, SML invites Valve to narrow the scope of requested information at which time SML will re-consider Valve's modified request.

**Request No. 3: All Documents, Communications, and Things related to Defendants.**

SML objects to this Request as overly broad, unduly burdensome, and disproportionate to the needs of the case because, as described above, it is not limited to Documents, Communications, and Things related to the Defendants and which involve the Patents-in-Suit or the Global Settlement License Agreement ("GSLA"). Documents, Communications, and Things relating to Defendants but which do not related to the Patents-in-Suit or GSLA have no bearing on the claims and defenses in the Action which

3

relate to purported bad faith assertion of the Patents-in-Suit, breach, and infringement and invalidity of the '221 Patent. The Request is also overly broad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks information that is in the possession of Valve, is equally available through Defendants, or is publicly available. SML objects to this Request to the extent it seeks information that is privileged, work product, or otherwise immune from discovery. *See* General Objection No. 2.

In light of the above objections, SML will not produce documents responsive to this Request. After Valve has assessed the information its possession, custody, and control and received documents from Defendants and after the scope of any waiver of privilege has been determined, SML invites Valve to narrow the scope of requested information at which time SML will re-consider Valve's modified request.

**Request No. 4: All Communications between You and Rothschild, including all Communications between You and anyone acting on behalf of Rothschild.**

SML objects to this Request as overly broad, unduly burdensome, and disproportionate to the needs of the case. This Request seeks all Communications with Rothschild and anyone acting on Rothschild's behalf, regardless of their connection to the claims and defenses at issue in the Action. For example, the Request would include Communications relating to employment matters, trademark disputes, etc. Moreover, the Request would also include Communications relating to patent infringement matters unrelated to the Patents-in-Suit. Rothschild's activities relating to patents that are not the Patents-in-Suit are irrelevant to the claims and defenses at issue in the Action which are directed to purported bad faith assertion of the Patents-in-Suit, breach, and infringement and invalidity of the '221 Patent. SML also objects to this Request as overly broad and unduly burdensome because, by its very nature, the Request is seeking information that is available from Rothschild. SML objects to this Request to the extent it seeks information that is privileged, work product, or otherwise immune from discovery. *See* General Objection No. 2.

In light of the above objections, SML will not produce documents responsive to this Request.

**Request No. 5: All Communications between You and PAM, including all Communications between You and anyone acting on behalf of PAM, including all Communications between You and Daniel Falcucci.**

SML objects to this Request as overly broad, unduly burdensome, and disproportionate to the needs of the case. This Request seeks all Communications with PAM and anyone acting on PAM's behalf, regardless of their connection to the claims and defenses at issue in the Action. For example, the Request would include Communications relating to employment matters, trademark disputes, etc. Moreover, the Request would also include Communications relating to patent infringement matters unrelated to the Patents-in-Suit. PAM's activities relating to patents that are not the Patents-in-Suit are irrelevant to the claims and defenses at issue in the Action which are directed to purported bad faith assertion of the Patents-in-Suit, breach, and infringement and invalidity of the '221 Patent. SML also objects to this Request as overly broad and unduly burdensome because, by its very nature, the Request is seeking

information that is available from PAM. SML objects to this Request to the extent it seeks information that is privileged, work product, or otherwise immune from discovery. *See* General Objection No. 2.

In light of the above objections, SML will not produce documents responsive to this Request.

**Request No. 6: All Communications between You and the Meyler Defendants.**

SML objects to this Request as overly broad, unduly burdensome, and disproportionate to the needs of the case. This Request seeks all Communications with the Meyler Defendants, regardless of their connection to the claims and defenses at issue in the Action. For example, the Request would include Communications relating to employment matters, trademark disputes, etc. Moreover, the Request would also include files relating to patent infringement matters unrelated to the Patents-in-Suit. The Meyler Defendants' activities relating to patents that are not the Patents-in-Suit are irrelevant to the claims and defenses at issue in the Action which are directed to purported bad faith assertion of the Patents-in-Suit, breach, and infringement and invalidity of the '221 Patent. SML also objects to this Request as overly broad and unduly burdensome because, by its very nature, the Request is seeking information that is available from the Meyler Defendants. SML objects to this Request to the extent it seeks information that is privileged, work product, or otherwise immune from discovery. *See* General Objection No. 2.

In light of the above objections, SML will not produce documents responsive to this Request.

**Request No. 7: All Demand Letters, including attachments, You have sent on behalf of any Defendant, any responses thereto, and any subsequent Communications with the recipient of the Demand Letter.**

SML objects to this Request as overly broad, unduly burdensome, and disproportionate to the needs of the case. This Request seeks all Demand Letters (which Valve has attempted to broadly define to mean any Communications sent by SML on behalf of a Defendant to any third party), regardless of their connection to the claims and defenses at issue in the Action. The Request is broad enough to include Communications that do not include a demand and to include Communications relating to infringement matters unrelated to the Patents-in-Suit. *See* General Objection No. 7.[2] Defendants' activities relating to patents that are not the Patents-in-Suit are irrelevant to the claims and defenses at issue in the Action which are directed to purported bad faith assertion of the Patents-in-Suit, breach, and infringement and invalidity of the '221 Patent. SML also objects to this Request as overly broad and unduly burdensome to the extent it seeks information that is available through the Defendants.

In light of the above objections, SML will not produce documents responsive to this Request. After Valve has received documents from Defendants, SML invites Valve to narrow the scope of requested information at which time SML will re-consider Valve's modified request.

---

[2] As stated in General Objection No. 7, SML will interpret "Demand Letter" to mean any Communication sent by SML on behalf of a Defendant which includes a demand for monetary payment or for cessation of an infringing activity.

5

**Request No. 8: All Documents, Communications, and Things related to Valve, including all Communications regarding Valve with any of Defendants or their counsel (including Donald McPhail at Merchant & Gould P.C.).**

SML objects to this Request as overly broad, unduly burdensome, and disproportionate to the needs of the case because the Request seeks Documents, Communications, and Things regardless of their connection to the claims and defenses at issue in the Action. For example, the Request would also include Documents, Communications, and Things relating to intellectual property matters unrelated to the Patents-in-Suit. Defendants' activities or investigations relating to Valve in connection to patents that are not the Patents-in-Suit are irrelevant to the claims and defenses at issue in the Action which are directed to purported bad faith assertion of the Patents-in-Suit, breach, and infringement and invalidity of the '221 Patent. SML also objects to this Request as overly broad and unduly burdensome to the extent it seeks information that is in the possession, custody, or control of Valve, is available through the Defendants, or is publicly available. SML objects to this Request to the extent it seeks information that is privileged, work product, or otherwise immune from discovery. *See* General Objection No. 2. SML also objects to this Request for seeking Communications between Defendants and Mr. McPhail as Mr. McPhail had no involvement in the GSLA, prior representations of Defendants in connection with the 2015 or 2022 Lawsuits, or other assertions of infringement raised in the Complaint, and Communications with Mr. McPhail are privileged and/or immune from discovery.

After Valve has assessed the Documents, Communications, and Things within its own possession, custody, and control and has received Documents, Communications, and Things from Defendants and after the scope of any waiver of privilege has been determined, SML invites Valve to narrow the scope of requested information at which time SML will re-consider Valve's modified request.

**Request No. 9: All Communications alleging that You or any Defendant engaged in meritless, frivolous, or bad-faith assertions of patent infringement in the course of Your representation of any Defendant.**

SML objects to this Request as overly broad, unduly burdensome, and disproportionate to the needs of the case because the Request seeks Communications unrelated to the Patents-in-Suit. Defendants' activities relating to patents that are not the Patents-in-Suit are irrelevant to the claims and defenses at issue in the Action which are directed to purported bad faith assertion of the Patents-in-Suit, breach, and infringement and invalidity of the '221 Patent. SML also objects to this Request as overly broad and unduly burdensome to the extent it seeks information that is available through the Defendants or is publicly available.

After Valve has received Communications from Defendants and after the scope of any waiver of privilege has been determined, SML invites Valve to narrow the scope of requested information at which time SML will re-consider Valve's modified request.

*Specific Objections to Deposition Topics*

Each of SML's general objections are incorporated in full for each specific objection provided below.

**Topic No. 1: Your prior representation of any Defendant.**

SML objects to this Topic as overly broad, unduly burdensome, and disproportionate to the needs of the case. This Topic seeks testimony regarding prior representation of any Defendant regardless of the subject matter of that representation and regardless of whether that representation is relevant to the claims and defenses at issue in the Action. For example, the Topic would include representation relating to employment matters, trademark disputes, etc. Moreover, the Topic would also include representations relating to patent infringement matters unrelated to the Patents-in-Suit. SML's representation of Defendants relating to patents that are not the Patents-in-Suit is irrelevant to the claims and defenses at issue in the Action which are directed to purported bad faith assertion of the Patents-in-Suit, breach, and infringement and invalidity of the '221 Patent. SML also objects to this Topic as overly broad and unduly burdensome to the extent it seeks information that is either available through the Defendants or publicly available. SML objects to this Topic to the extent it seeks information that is privileged, work product, or otherwise immune from discovery. *See* General Objection No. 2. SML also objects to this Topic as vague, overly broad, and unduly burdensome as it provides insufficient guidance as to what information is actually being sought, and it is so broad that preparation of a designee to testify on the Topic would be impossible or impracticable and unduly burdensome.

In light of the above objections, SML will not produce a witness to testify on this Topic. After Valve has assessed the information and testimony from Defendants and after the scope of any waiver of privilege has been determined, SML invites Valve to narrow the scope of this Topic at which time SML will re-consider Valve's modified Topic.

**Topic No. 2: Any pre-suit investigation, diligence, or research you performed on behalf of any Defendant prior to initiation of any lawsuit on behalf of Defendant.**

SML objects to this Topic as overly broad, unduly burdensome, and disproportionate to the needs of the case because the Topic seeks information that is available through the Defendants or is publicly available. The Topic is also overly broad because it seeks information relating to investigations, diligence, and research unrelated to the 2015 Lawsuit or the Patents-in-Suit. SML objects to this Topic to the extent it seeks information that is privileged, work product, or otherwise immune from discovery. *See* General Objection No. 2.

In light of the above objections, SML will not produce a witness to testify on this Topic. After Valve has assessed the information and testimony from Defendants and after the scope of any waiver of privilege has been determined, SML invites Valve to narrow the scope of this Topic at which time SML will re-consider Valve's modified Topic.

**Topic No. 3: All Communications between You and PAM, including all Communications between You and anyone acting on behalf of PAM, including all Communications between You and Daniel Falcucci.**

SML objects to this Topic as overly broad, unduly burdensome, and disproportionate to the needs of the case. This Topic seeks testimony as to all Communications with PAM and anyone acting on PAM's

7

behalf, regardless of their connection to the claims and defenses at issue in the Action. For example, the Topic would include Communications relating to employment matters, trademark disputes, etc. Moreover, the Request would also include Communications relating to patent infringement matters unrelated to the Patents-in-Suit. PAM's activities relating to patents that are not the Patents-in-Suit are irrelevant to the claims and defenses at issue in the Action which are directed to purported bad faith assertion of the Patents-in-Suit, breach, and infringement and invalidity of the '221 Patent. SML also objects to this Topic as overly broad and unduly burdensome because, by its very nature, the Topic is seeking information that is available from PAM. Further, it is not reasonable nor proportional to the needs of the case to expect a designee to provide testimony as to "all" Communications. SML objects to this Request to the extent it seeks information that is privileged, work product, or otherwise immune from discovery. *See* General Objection No. 2.

In light of the above objections, SML will not produce a witness to testify on this Topic.

**Topic No. 4: Any Demand Letter You have sent on behalf of any Defendant, including any attachments or infringement charts (i.e., claim charts), and any responses and subsequent Communications Relating thereto.**

SML objects to this Topic as overly broad, unduly burdensome, and disproportionate to the needs of the case. This Topic seeks all Demand Letters (which Valve has attempted to broadly define to mean any Communications sent by SML on behalf of a Defendant to any third party), regardless of their connection to the claims and defenses at issue in the Action. The Topic is broad enough to include Communications that do not include a demand and to include Communications relating to infringement matters unrelated to the Patents-in-Suit. *See* General Objection No. 7 and footnote 2. Defendants' activities relating to patents that are not the Patents-in-Suit are irrelevant to the claims and defenses at issue in the Action which are directed to purported bad faith assertion of the Patents-in-Suit, breach, and infringement and invalidity of the '221 Patent. SML also objects to this Topic as overly broad and unduly burdensome to the extent it seeks information that is available through the Defendants.

In light of the above objections, SML will not produce a witness to testify on this Topic. After Valve has assessed the information and testimony from Defendants, SML invites Valve to narrow the scope of requested information at which time SML will re-consider Valve's modified Topic.

**Topic No. 5: Your relationship with Leigh Rothschild.**

SML objects to this Topic as vague, overly broad, and unduly burdensome as it provides insufficient guidance as to what information is actually being sought, and it could be interpreted so broadly that preparation of a designee to testify on the Topic would be impossible or impracticable. SML also objects to this Topic as overly broad, unduly burdensome, and disproportionate to the needs of the case because the Topic seeks information regarding SML's relationship with Mr. Rothschild regardless of the connection to the claims and defenses at issue in the Action. SML's relationship with Mr. Rothschild relating to activities unconnected to the purported bad faith assertion of the Patents-in-Suit, breach, and infringement and invalidity of the '221 Patent is irrelevant. SML also objects to this Topic as overly broad and unduly burdensome because it seeks information that is available through the Defendants or is

publicly available. SML objects to this Topic to the extent it seeks information that is privileged, work product, or otherwise immune from discovery. *See* General Objection No. 2.

In light of the above objections, SML will not produce a witness to testify on this Topic. After Valve has assessed the information and testimony from Defendants and after the scope of any waiver of privilege has been determined, SML invites Valve to narrow the scope of this Topic at which time SML will re-consider Valve's modified Topic.

**Topic No. 6: Any work you have performed on behalf of any Defendant relating to Valve.**

SML objects to this Topic as overly broad, unduly burdensome, and disproportionate to the needs of the case because the Topic seeks information regarding Valve regardless of its connection to the claims and defenses at issue in the Action. Defendants' activities or investigations relating to Valve in connection with patents that are not the Patents-in-Suit or in connection with other business disputes are irrelevant to the claims and defenses at issue in the Action which are directed to purported bad faith assertion of the Patents-in-Suit, breach, and infringement and invalidity of the '221 Patent. SML also objects to this Topic as overly broad and unduly burdensome to the extent it seeks information that is in the possession, custody, or control of Valve, is available through the Defendants, or is publicly available. SML objects to this Topic to the extent it seeks information that is privileged, work product, or otherwise immune from discovery. *See* General Objection No. 2.  SML also objects to this Topic as vague, overly broad, and unduly burdensome as it provides insufficient guidance as to what information is actually being sought, and it is so broad that preparation of a designee to testify on the Topic would be impossible or impracticable.

In light of the above objections, SML will not produce a witness to testify on this Topic. After Valve has assessed the information and testimony from Defendants and after the scope of any waiver of privilege has been determined, SML invites Valve to narrow the scope of this Topic at which time SML will re-consider Valve's modified Topic.

**Topic No. 7: All instances in which You or any Defendant have been subject to any penalties or sanctions, including those under 35 U.S.C. § 285, 28 U.S.C. § 1927, or Fed. R. Civ. P. 11 in the course of Your representation of any Defendant.**

SML objects to this Topic as overly broad, unduly burdensome, and disproportionate to the needs of the case because the Topic seeks information unrelated to the Patents-in-Suit. SML's and Defendants' activities relating to patents that are not the Patents-in-Suit are irrelevant to the claims and defenses at issue in the Action which are directed to purported bad faith assertion of the Patents-in-Suit, breach, and infringement and invalidity of the '221 Patent. SML also objects to this Topic as overly broad and unduly burdensome to the extent it seeks information that is available through the Defendants or is publicly available.

In light of the above objections, SML will not produce a witness to testify on this Topic. After Valve has assessed the information and testimony from Defendants, SML invites Valve to narrow the scope of this Topic at which time SML will re-consider Valve's modified Topic.

**Topic No. 8: All Communications regarding Valve with any of Defendants or their counsel (including Donald McPhail at Merchant & Gould P.C.).**

SML objects to this Topic as overly broad, unduly burdensome, and disproportionate to the needs of the case because the Topic seeks Communications regarding Valve regardless of their connection to the claims and defenses at issue in the Action. Defendants' activities or investigations relating to Valve in connection to patents that are not the Patents-in-Suit or other business disputes are irrelevant to the claims and defenses at issue in the Action which are directed to purported bad faith assertion of the Patents-in-Suit, breach, and infringement and invalidity of the '221 Patent. SML also objects to this Topic as overly broad and unduly burdensome because it seeks information that is available through the Defendants. SML objects to this Topic to the extent it seeks information that is privileged, work product, or otherwise immune from discovery. *See* General Objection No. 2. SML also objects to this Topic for seeking Communications with Mr. McPhail as Mr. McPhail had no involvement in the GSLA, prior representations of Defendants in connection with the 2015 or 2022 Lawsuits, or other assertions of infringement raised in the Complaint, and Communications with Mr. McPhail are privileged and/or immune from discovery. SML further objects to this Topic as overly broad and unduly burdensome as it is so broad that preparation of a designee to testify on the Topic would be impossible or impracticable and would be unduly burdensome.

After Valve has assessed the information and testimony from Defendants and after the scope of any waiver of privilege has been determined, SML invites Valve to narrow the scope of requested information at which time SML will re-consider Valve's modified Topic.

**Topic No. 9: All accusations that You or any Defendant were engaged in meritless, frivolous, or bad-faith assertions of patent infringement in the course of Your representation of any Defendant.**

SML objects to this Topic as overly broad, unduly burdensome, and disproportionate to the needs of the case because the Topic seeks information regarding accusations unrelated to the Patents-in-Suit. Accusations relating to SML's and Defendants' activities relating to patents that are not the Patents-in-Suit are irrelevant to the claims and defenses at issue in the Action which are directed to purported bad faith assertion of the Patents-in-Suit, breach, and infringement and invalidity of the '221 Patent. SML also objects to this Topic as overly broad and unduly burdensome to the extent it seeks information that is available through the Defendants or is publicly available.

In light of the above objections, SML will not produce a witness to testify on this Topic. After Valve has assessed the information and testimony from Defendants, SML invites Valve to narrow the scope of this Topic at which time SML will re-consider Valve's modified Topic.

    Very truly yours,
    */s/Donald R. McPhail*
    Donald R. McPhail