# Exhibit 28

**Roylyn J. Wright**

| | |
|---|---|
| **From:** | Paige Stradley |
| **Sent:** | Thursday, February 27, 2025 4:16 PM |
| **To:** | Geyer, Kate; Damitio, Chris; Eric R. Chad; Eric W. Schweibenz; Donald McPhail; Shannon Maney |
| **Cc:** | Machleidt, Dario; ValveKTSservice |
| **Subject:** | RE: Valve v. Rothschild, 2:23-1016-JNW - Follow-up from today's meet and confer |

Kate,

Filings
With respect to sealed filings, we will first check to see if the sealed filings are even relevant and responsive. If they are not, then obviously there is no need to produce redacted or sealed versions. If, however, the sealed filing is relevant and responsive, then we will assess next steps, including potential redaction of third-party information.

Rothschild's Email Address (leigh.rothschild@gmail.com)
While we believe that Valve's terms are overly broad and not appropriately tailored to the issues specific to this case, we will run these two requested searches. However, we cannot guarantee that we will be able to provide the results this week. As was the case when we proposed modifications to Valve's search terms, it may take longer than a couple of days for us to get the hits and respond back to you with those results.

Local Drives/Data Sources
Mr. Falcucci and Mr. Rothschild do not have folders on their local drives that contain relevant and responsive information that is not duplicative of the information already being collected. While we do not believe that Ms. Arias's OneDrive is likely to have relevant and responsive documents, we are collecting the documents in her One Drive for our review.

Overly Broad Proposed Searches
The ESI order also states that the requesting party should use focused terms and that broad terms or queries should be avoided. Valve has not abided by this. In any event, we will run those terms on Mr. Falcucci's, Mr. Rothschild's, and Ms. Aria's Outlook and provide you with those hits.

Best,
PSS

**Paige Stradley**
she/her/hers
Partner
Merchant & Gould P.C.
150 South Fifth Street
Suite 2200
Minneapolis, MN 55402-4247
USA

**Telephone** (612) 336-4671
**Fax** (612) 332-9081
**merchantgould.com**

**GUARDIANS OF GREAT IDEAS®**

1

Note: This email message is confidential and may be privileged or otherwise protected by law. If you are not the intended recipient, please: (1) reply via email to the sender; (2) destroy this communication entirely, including deletion of all associated text files from all individual and network storage devices; and (3) refrain from copying or disseminating this communication by any means whatsoever.
Operating as Merchant & Gould, LLP, in California.
Please consider the environment before printing this email. Thank you.

**From:** Geyer, Kate <KGeyer@ktslaw.com>
**Sent:** Tuesday, February 25, 2025 3:26 PM
**To:** Paige Stradley <PStradley@MerchantGould.com>; Damitio, Chris <CDamitio@ktslaw.com>; Eric R. Chad <EChad@merchantgould.com>; Eric W. Schweibenz <eschweibenz@merchantgould.com>; Donald McPhail <dmcphail@merchantgould.com>; Shannon Maney <SManey@MerchantGould.com>
**Cc:** Machleidt, Dario <dmachleidt@ktslaw.com>; ValveKTSservice <ValveKTSservice@kilpatricktownsend.com>
**Subject:** RE: Valve v. Rothschild, 2:23-1016-JNW - Follow-up from today's meet and confer

**CAUTION - External.**

Hi Paige –

Thank you for your proposals. For sealed filings, we are fine with you providing us redacted copies if those redactions are limited to third-party information and not any confidential information of a Rothschild entity.

For the search terms on Mr. Rothschild email address (leigh.rothschild@gmail.com), it appears that Gmail has the capability to search using ( ) for grouping and using * as a wildcard. Therefore, we request that you also include the search terms:
- infring* AND (demand OR threat OR assert OR target OR campaign OR inventory OR enforc* OR sue)
    - Alternatively, if this doesn't work, please try the modified version we suggested in our January 22 letter: Infringe OR infringes OR infringement OR infringing OR infringer OR demand OR
    - threat OR assert OR target OR campaign OR enforce OR sue OR lawsuit
- (global AND (settlement OR license OR agreement)) OR GSLA OR GSALA

Please provide us with hit counts for Mr. Rothschild's email this week and whether Defendants agree to review responsive hits or have any objections.

Please immediately provide us an update your investigation into whether Mr. Falcucci, Mr. Rothschild, and Ms. Arias have folders on their local drives that need to be collected or searched.

It's unclear from Defendants' communications if Defendants are refusing to even run the proposed search terms it is objecting to. The ESI order obligates Defendants to run test searches. Dkt. 51, Section B.a.ii. Further, if Defendants are objecting on overbreadth, it is Defendants obligation "to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." *Sihler v. Microsoft Corp.*, No. 2:24-MC-00062-TL, 2024 WL 5186927, at *2 (W.D. Wash. Dec. 20, 2024), reconsideration denied, No. 2:24-MC-00062-TL, 2025 WL 104523 (W.D. Wash. Jan. 15, 2025). It is improper for Defendants to rely on pure speculation to oppose discovery. Please confirm that you will run the search terms and provide actual and not speculative support for its objections.

Thank you,

Kate Geyer
KGeyer@ktslaw.com
Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue | Suite 3700 | Seattle, WA 98101
**T** 206 516 3094 | **F** 206 299 3458
My Profile | vCard

**From:** Paige Stradley <PStradley@MerchantGould.com>
**Sent:** Monday, February 10, 2025 9:50 AM

2

**To:** Damitio, Chris <CDamitio@ktslaw.com>; Eric R. Chad <EChad@merchantgould.com>; Eric W. Schweibenz <eschweibenz@merchantgould.com>; Donald McPhail <dmcphail@merchantgould.com>; Shannon Maney <SManey@MerchantGould.com>
**Cc:** Machleidt, Dario <dmachleidt@ktslaw.com>; Geyer, Kate <KGeyer@ktslaw.com>; ValveKTSservice <ValveKTSservice@kilpatricktownsend.com>
**Subject:** RE: Valve v. Rothschild, 2:23-1016-JNW - Follow-up from today's meet and confer

Chris,

Thank you for your email. I have responded to your below points in red. Further, on our call, we also discussed that we are pulling ECF filings for patent lawsuits involving RBDS or DT and the asserted patents. On the call, Dario requested that we provide copies of materials filed under seal. I responded that we had planned to do so. However, upon further consideration, to the extent the documents were filed under seal to protect the information of a party other than RBDS or DT, we will need to review the Protective Order for that particular case and assess next steps. In such instances, it may also be that the sealed information is not relevant to this lawsuit such that a redacted copy of the filing is sufficient.

Thank you,
Paige

**Paige Stradley**
she/her/hers
Partner
Merchant & Gould P.C.
150 South Fifth Street
Suite 2200
Minneapolis, MN 55402-4247
USA

**Telephone** (612) 336-4671
**Fax** (612) 332-9081
merchantgould.com

**GUARDIANS OF GREAT IDEAS**®

Note: This email message is confidential and may be privileged or otherwise protected by law. If you are not the intended recipient, please: (1) reply via email to the sender; (2) destroy this communication entirely, including deletion of all associated text files from all individual and network storage devices; and (3) refrain from copying or disseminating this communication by any means whatsoever.
Operating as Merchant & Gould, LLP, in California.
Please consider the environment before printing this email. Thank you.

**From:** Damitio, Chris <CDamitio@ktslaw.com>
**Sent:** Tuesday, February 4, 2025 1:19 PM
**To:** Eric R. Chad <EChad@merchantgould.com>; Paige Stradley <PStradley@MerchantGould.com>; Eric W. Schweibenz <eschweibenz@merchantgould.com>; Donald McPhail <dmcphail@merchantgould.com>; Shannon Maney <SManey@MerchantGould.com>
**Cc:** Machleidt, Dario <dmachleidt@ktslaw.com>; Geyer, Kate <KGeyer@ktslaw.com>; ValveKTSservice <ValveKTSservice@kilpatricktownsend.com>
**Subject:** Valve v. Rothschild, 2:23-1016-JNW - Follow-up from today's meet and confer

**CAUTION - External.**

Paige and Eric,

Thank you for taking the time to speak with us today. Below is a summary of the Parties' discussions. If you disagree with anything, please let us know.

**Subpoenas to Defendants' Former Law Firms**
You represent all nine subpoenaed law firms, are authorized to accept service on behalf of all nine, and understand all nine firms to be properly served with Valve's document and deposition subpoenas. You agreed to confirm with Kizzia Johnson that it will withdraw its objection to proper service of Valve's document subpoena (General Objection No. 12). <span style="color:red">We agreed that we were not challenging service on the nine law firms, except for Kizzia Johnson. With respect to Kizzia Johnson, we stated we needed to confer with the client to determine if it was maintaining its objection as to improper service. We will be in touch regarding service on Kizzia Johnson.</span>

**Defendants' Document Production**
You expect to begin document production within the next two weeks and are also conducting additional searches for responsive documents beyond using the Parties' search terms. <span style="color:red">To be clear, we anticipate doing a rolling production, which we expect to begin in the next two weeks. We also stated that we were collecting a PAM folder from Mr. Meyler's computer; pulling ECF filings for RBDS and DT, as described above; and gathering settlement/license agreements involving RBDS or DT and the asserted patents. We are also investigating whether Mr. Falcucci, Mr. Rothschild, and/or Ms. Arias have folders or documents saved locally that we need to gather. You had stated you had some specific RFPs in mind that you believed would not be captured via use of search terms and that you would provide those RFPs. Could you please provide those RFPs for us to consider and, if need be, discuss further with your team?</span>

**Interrogatories**
You agreed to supplement Mr. Meyler's interrogatory responses to clarify which Defendants "conducted investigations regarding the relevant patents, the Patent Troll Prevention Act, Chapter 19.350 RCW, and new lead litigation counsel, Garteiser Honea." This supplementation will also clarify when this investigation took place, specifically, if it was before or after filing the 2022 lawsuit (Rog. 1) and before or after Mr. Meyler sent the June 2023 demand letter (Rog 2). <span style="color:red">Yes, we will provide this supplementation.</span>

**2024.02.20 Letter regarding search terms**
You agreed to let us know whether you will add leigh.rothschild@gmail.com to the list of email addresses to be searched and collected from Mr. Meyler's Outlook. As you do this, please consider this a request that you include all potential Leigh Rothschild emails he uses to conduct business/communicate with counsel. <span style="color:red">We agree to include the address leigh.rothschild@gmail.com to the list of email addresses to be searched and collected from Mr. Meyler's Outlook. Further, we will run searches on this email address. Our review of gmail's search capabilities indicates that we can perform searches uses AND and OR operators. Although it was unclear from gmail's description of its search capabilities, we did some informal practice searches on our personal gmail, and, based on those informal practice searches, it appeared that periods could be included in searches but that commas and apostrophes were ignored. If you have a different understanding of gmail's search capabilities, please let us know as soon as possible. Accordingly, we are considering running the following search strings on Mr. Rothschild's gmail account:

- 8856221 or "221 patent"
- "Kizzia Johnson"
- "Display Technologies" OR "DT"
- "Rothschild Broadcast Distribution Systems" OR RBDS
- Valve
- "Pitch Scientific"
- sanction OR "Rule 11" OR frivolous OR "Section 285" OR "35 USC 285" OR baseless OR meritless OR "attorneys fees" OR "attorney fees" OR "bad faith" OR exceptional OR "Section 1927" OR "28 USC 1927"

Please let us know if you have any concerns with the above. Please note that we have not yet run these searches so we reserve the right to modify these proposed terms if the searches return an unreasonable number of hits.</span>

In Defendants' Initial ESI Disclosures, you represented: "Defendants are currently aware of no non-custodial data sources (e.g., shared drives, servers, enterprise systems) likely to contain discoverable ESI"). In your December 30th correspondence, you similarly represented: "None of the custodians of

potentially relevant documents possess or maintain sophisticated document management systems. Rather, any relevant documents reside on the computer(s) of these custodians."

Today, however, you explained that Mr. Falcucci, Ms. Arias, and Mr. Rothschild use a non-custodial SharePoint Drive, and you are searching that platform for responsive documents. This new information conflicts with your previous representations. While discovery of new information naturally occurs during litigation, without updates correcting prior statements from you—such as serving amended contentions—our team is left with an incorrect understanding of your clients' systems.

Today you were unsure if searches were being conducted on the custodians' local hard drives using Windows Explorer. This, however, is also inconsistent with your December 30th email, where you told us: "Chris [Damitio] asked what 'Other ESI' referred to (as used in an email from Eric Chad) and why searches were being run via Windows Explorer. 'Other ESI' simply refers to electronic information that is not emails but which is found on each custodian's respective hard drive. In other words, these are custodial data sources and are not non-custodial data sources."

If you did not conduct searches on the custodians' local hard drives in addition to searches of the custodians' Outlook and SharePoint, please let us know immediately. As described above, we are collecting Mr. Meyler's PAM folder from his local hard drive. We are investigating whether Mr. Falcucci, Mr. Rothschild, and Ms. Arias have folders on their local drives that need to be collected or searched.

Finally, Valve does not agree to Defendants' refusal to run two of its proposed search strings, and reserves the right to revisit this issue after having a chance to review Defendants' document production. If You have any evidence to support your claim that the two search strings you refuse to run are "exceedingly broad and will undoubtedly capture a significant number of irrelevant documents," we'd be glad to consider it.  We maintain our position that the two proposed strings are, on their face, overly broad, and we do not agree to those proposed strings. We will consider whether to provide additional information to support our position.

We will separately send dial-in details for next Thursday at 9am PT. We look forward to speaking with you then. On our call we briefly discussed the interplay between production of party documents and Valve's subpoenas to law firms. We decided to further discuss the issue the following week on Feb. 13th.

Many thanks,
Chris



Chris Damitio
CDamitio@ktslaw.com
Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue | Suite 3700 | Seattle, WA 98101
T 206 516 3097
My Profile | vCard

'

Confidentiality Notice:
This communication constitutes an electronic communication within the meaning of the Electronic Communications Privacy Act, 18 U.S.C. Section 2510, and its disclosure is strictly limited to the recipient intended by the sender of this message. This transmission, and any attachments, may contain confidential attorney-client privileged information and attorney work product. If you are not the intended recipient, any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. Please contact us immediately by return e-mail or at 404 815 6500, and destroy the original transmission and its attachments without reading or saving in any manner.
'