# Exhibit 30



**Kilpatrick Townsend & Stockton LLP**
ktslaw.com

Suite 3700, 1420 Fifth Avenue
Seattle, WA 98101

December 19, 2024

direct dial 206 224 2857
direct fax 206 299 3458
dmachleidt@ktslaw.com

*Via Email*

Kizzia Johnson PLLC
1910 Pacific Ave, Ste 13000,
Dallas, Texas 75201

      Re:   *Valve Corp. v. Leigh Rothschild et al*., No. 2:23-cv-1016 (W.D. Wash.)

Counsel:

      Attached for service please see Valve's subpoena to produce documents, information, or objects in the above captioned matter. Valve withdraws the prior subpoena to produce documents, information, or objects dated November 26, 2024. Schedule A to both the new and withdrawn subpoenas are identical. For the avoidance of doubt, Valve is not withdrawing its previously served subpoena to testify in a civil action.

                            Sincerely,

                            Dario A. Machleidt

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
### Western District of Washington

| | | |
|---|---|---|
| VALVE CORPORATION | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   23-CV-1016-JNW |
| ROTHSCHILD ET AL. | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                               Kizzia Johnson PLLC
                        1910 Pacific Ave, Ste 13000, Dallas, Texas 75201
                        *(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:   See Schedule A attached herewith.

| Place: Kilpatrick Townsend & Stockton, Trammell Crow Center, 2001 Ross Ave #4400, Dallas, TX 75201 or a mutually agreeable time and place | Date and Time: 01/10/2025 9:00 am |
|---|---|

❏ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   12/19/2024

                    *CLERK OF COURT*
                                        OR
                                                        /s/ Dario A. Machleidt
_____                    _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Valve Corporation
_____ , who issues or requests this subpoena, are:

Dario A. Machleidt; 1420 5th Ave #3700, Seattle, WA 98101; DMachleidt@kilpatricktownsend.com; (206) 467-9600

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  23-CV-1016-JNW

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑  I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❑  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00  .

I declare under penalty of perjury that this information is true.

Date: _____                    _____
                                                      *Server's signature*

                                            _____
                                                      *Printed name and title*

                                            _____
                                                      *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2) *For Other Discovery.*** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2) *Command to Produce Materials or Permit Inspection.***
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3) *Quashing or Modifying a Subpoena.***
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2) *Claiming Privilege or Protection.***
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

**DEFINITIONS**

1.       "You," "Your," or "Kizzia Johnson" means Kizzia Johnson PLLC and any current or former partners, employees, managers, officers, directors, agents, representatives, or anyone acting or purporting to act on its behalf or under its control.

2.       "Valve" means Valve Corporation.

3.       "Defendants" means, collectively, all of the following people and entities: Leigh Rothschild ("Rothschild"); Rothschild Broadcast Distribution Systems, LLC ("RBDS"); Display Technologies, LLC ("Display Technologies"); Patent Asset Management ("PAM"); Samuel Meyler ("Meyler") and Meyler Legal PLLC ("Meyler Legal") (Meyler and Meyler Legal, collectively, are the "Meyler Defendants"). "Defendants" includes any current and former parents, subsidiaries, affiliates, predecessors, successors, employees, managers, officers, directors, partners, agents, representatives, attorneys, or anyone acting or purporting to act on behalf of or under the control of any of the Defendants. Each of the Defendants may be referred to, individually, as a "Defendant."

4.       "2022 Lawsuits" means the cases captioned "*Social Positioning Input Systems, LLC v. Valve Corp.*, No. 2:22-cv-01366 (W.D. Wash.), and *Display Technologies LLC v. Valve Corp.*, No. 2:22-cv-01365 (W.D. Wash.).

5.       "Document" is used in the broadest sense to include everything contemplated by Rule 34(a)(1)(A) of the Federal Rules of Civil Procedure and by Rule 1001 of the Federal Rules of Evidence. If a draft Document has been prepared in several copies that are not identical, or if the original identical copies are no longer identical due to subsequent notation, each non-identical Document is a separate Document.

6.    "Thing" is used in the broadest sense to include everything contemplated by Rule 34(a)(1)(B) of the Federal Rules of Civil Procedure.

7.    "Communication" means any transmission of information, whether oral or in writing, including drafts.

8.    "Demand Letter" means any Communication, regardless of form, sent by You on behalf of a Defendant to any third party.

9.    The words "and" and "or" shall be construed conjunctively or disjunctively, whichever makes the request most inclusive.

10.    "All" and "each" should be construed as "and," "each," and "and/or."

11.    "Any" should be understood in either its most or its least inclusive sense as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

12.    The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun so used, and vice versa.

## INSTRUCTIONS

1.    Defendants have confirmed in the case for which this subpoena has issued, *Valve Corp. v. Rothschild et al.*, No. 2:23-cv-1016 (W.D. Wash.), "that they are not currently withholding any responsive documents on the basis of privilege and, going forward, intend to waive all privilege objections." Accordingly, any objections by You on the basis of attorney-client privilege have been waived.

2.    If You nonetheless attempt to withhold any Document, Communication, or Thing on the basis of privilege, please prepare a log that identifies: (a) its general nature (*e.g.*, email or presentation); (b) the date on which it was created and, if applicable, sent; (c) its subject matter;

(d) who prepared it; (e) who it was directed or sent to; (f) the basis on which it is being withheld; and (g) the names of the individuals with knowledge of the withheld Document, Communication, or Thing.

3.      The Court in the above-captioned case entered the Protective Order attached as Exhibit A.

## REQUESTS FOR PRODUCTION

1.      All files related to Display Technologies or RBDS, including, but not limited to, all files related to the assertion of any of Display Technologies' or RBDS' patents.

2.      Documents sufficient to identify each case in which You have previously represented any Defendant, regardless of whether You entered an appearance in the case.

3.      All Documents, Communications, and Things related to Defendants.

4.      All Communications between You and Rothschild, including all Communications between You and anyone acting on behalf of Rothschild.

5.      All Communications between You and PAM, including all Communications between You and anyone acting on behalf of PAM, including all Communications between You and Daniel Falcucci.

6.      All Communications between You and the Meyler Defendants.

7.      All Documents, Communications, and Things related to the 2022 Lawsuits.

8.      All Documents, Communications, and Things related to any investigation You performed on behalf of any Defendant prior to initiation of the 2022 Lawsuits.

9.      All Demand Letters, including attachments, You have sent on behalf of any Defendant, any responses thereto, and any subsequent Communications with the recipient of the Demand Letter.

10.    All Documents, Communications, and Things related to Valve, including all Communications regarding Valve with any of Defendants or their counsel (including Donald McPhail at Merchant & Gould P.C.).

11.    All Communications alleging that You or any Defendant engaged in meritless, frivolous, or bad-faith assertions of patent infringement in the course of Your representation of any Defendant.



1

**HON. JAMAL N. WHITEHEAD**

2

3

4

5

6

7

## UNITED STATES DISTRICT COURT

8

## FOR THE WESTERN DISTRICT OF WASHINGTON

9

## AT SEATTLE

10

11

| | |
|---|---|
| VALVE CORPORATION, | Case No. 2:23-cv-1016 |
| Plaintiff, | **STIPULATED PROTECTIVE ORDER** |
| v. | **NOTE ON MOTION CALENDAR:**<br>**April 22, 2024** |
| LEIGH ROTHSCHILD, ROTHSCHILD BROADCAST DISTRIBUTION SYSTEMS, LLC, DISPLAY TECHNOLOGIES, LLC, PATENT ASSET MANAGEMENT, LLC, MEYLER LEGAL, PLLC, AND SAMUEL MEYLER, | Complaint Filed:    07/07/2023<br><br>JURY TRIAL DEMANDED |
| Defendants. | |

19

1.    <u>PURPOSES AND LIMITATIONS</u>

20

        Discovery in this action is likely to involve production of confidential, proprietary, or

21

private information for which special protection may be warranted. Accordingly, the parties

22

hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The

23

parties acknowledge that this agreement is consistent with LCR 26(c). It does not confer blanket

24

protection on all disclosures or responses to discovery, the protection it affords from public

25

disclosure and use extends only to the limited information or items that are entitled to confidential

26

treatment under the applicable legal principles, and it does not presumptively entitle parties to file

27

confidential information under seal.

28

STIPULATED PROTECTIVE ORDER
Case No. 2:23-cv-1016

1

Kilpatrick Townsend & Stockton LLP,
1420 Fifth Avenue, Suite 3700
Seattle, WA  98101
(206) 467-9600)

2.    "CONFIDENTIAL" MATERIAL

"Confidential" material shall include the following documents and tangible things produced or otherwise exchanged, including, but not limited to: internal marketing analysis, product schematics and technical documents, personal identifying information, settlement negotiations and settlement agreements, licensing negotiations and license agreements, pre-suit investigations and communications between the parties and counsel, strategic business plans for licensing campaigns, financial records and profit and loss statements, employee records, marketing presentations, and all other types of documents that are typically kept confidential and not shared with the public or third parties in the ordinary course of business.

3.    SCOPE

The protections conferred by this agreement cover not only confidential material (as defined above), but also (1) any information copied or extracted from confidential material; (2) all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal confidential material.

However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

4.    ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

4.1    Basic Principles. A receiving party may use confidential material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Confidential material may be disclosed only to the categories of persons and under the conditions described in this agreement. Confidential material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

4.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any confidential material only to:

(a)    the receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

Kilpatrick Townsend & Stockton LLP,
1420 Fifth Avenue, Suite 3700
Seattle, WA  98101
(206) 467-9600)

(b)    experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)    the court, court personnel, and court reporters and their staff;

(d)    copy or imaging services retained by counsel to assist in the duplication of confidential material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any confidential material to third parties and to immediately return all originals and copies of any confidential material;

(e)    during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal confidential material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this agreement;

(f)    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

4.3    Filing Confidential Material. Before filing confidential material or discussing or referencing such material in court filings, the filing party shall confer with the designating party, in accordance with Local Civil Rule 5(g)(3)(A), to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. During the meet and confer process, the designating party must identify the basis for sealing the specific confidential information at issue, and the filing party shall include this basis in its motion to seal, along with any objection to sealing the information at issue. Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal. A party who seeks to maintain the confidentiality of its information must satisfy the requirements of Local Civil Rule 5(g)(3)(B), even if it is not the party filing the motion to seal. Failure to satisfy this requirement will result in the motion to seal being denied, in accordance with the strong presumption of public access to the Court's files.

STIPULATED PROTECTIVE ORDER
Case No. 2:23-cv-1016

3

Kilpatrick Townsend & Stockton LLP,
1420 Fifth Avenue, Suite 3700
Seattle, WA  98101
(206) 467-9600)

5.    DESIGNATING PROTECTED MATERIAL

5.1    Exercise of Restraint and Care in Designating Material for Protection. Each party or non-party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2    Manner and Timing of Designations. Except as otherwise provided in this agreement (see, e.g., second paragraph of section 5.2(b) below), or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this agreement must be clearly so designated before or when the material is disclosed or produced.

(a)    Information in documentary form: (e.g., paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the designating party must affix the word "CONFIDENTIAL" to each page that contains confidential material.

(b)    Testimony given in deposition or in other pretrial proceedings: the parties and any participating non-parties must identify on the record, during the deposition or other pretrial proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript. Any party or non-party may, within fifteen days after receiving the transcript of the deposition or other pretrial proceeding, designate portions of the

STIPULATED PROTECTIVE ORDER
Case No. 2:23-cv-1016

4

Kilpatrick Townsend & Stockton LLP,
1420 Fifth Avenue, Suite 3700
Seattle, WA  98101
(206) 467-9600)

transcript, or exhibits thereto, as confidential. If a party or non-party desires to protect confidential information at trial, the issue should be addressed during the pre-trial conference.

    (c) Other tangible items: the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

   5.3 Designation of Source Code Material: To the extent a producing Party believes that certain Protected Material qualifying to be designated CONFIDENTIAL contains computer source code the producing Party may designate such Protected Material as "RESTRICTED CONFIDENTIAL SOURCE CODE." A document that merely quotes or cites filenames, line numbers, directory names, module names, class names, parameter names, variable names, function names, method names, and/or procedure names (e.g., for notetaking or identification purposes) without reproducing any lines of source code is not a Source Code Document and need not be designated "RESTRICTED CONFIDENTIAL SOURCE CODE" but should be designated "CONFIDENTIAL." For Protected Material designated RESTRICTED CONFIDENTIAL SOURCE CODE, the following additional restrictions apply:

    (a) Access to a Party's Source Code Material shall be provided only on "standalone" computer(s) (that is, the computer may not be linked to any network, including a local area network ("LAN"), an intranet or the Internet). The standalone computer(s) may be connected to (i) a printer, or (ii) a device capable of temporarily storing electronic copies solely for the limited purposes permitted pursuant to paragraphs 10 (k and l) below. The hardware and software specifications of the stand-alone computer(s) (e.g., processor speed, RAM, operating system, and monitor) shall be commensurate with that of computers used by the producing Party to work with source code in the ordinary course of business. Additionally, the stand-alone computer(s) may only be located at the offices of the producing Party, the offices of the producing Party's outside counsel, or other location mutually agreed upon by the producing Party and the receiving Party. The Parties agree to cooperate in good faith to determine a mutually acceptable location for the stand-alone computer(s);

STIPULATED PROTECTIVE ORDER
Case No. 2:23-cv-1016

5

Kilpatrick Townsend & Stockton LLP,
1420 Fifth Avenue, Suite 3700
Seattle, WA  98101
(206) 467-9600)

(b)     The receiving Party shall make reasonable efforts to restrict its requests for such access to the stand-alone computer(s) to normal business hours, which for purposes of this paragraph shall be 8:30 a.m. through 6:00 p.m., Monday through Friday, local time where the stand-alone computer(s) are physically located, excluding any local holidays. However, upon reasonable notice from the receiving party, the producing Party shall make reasonable efforts to accommodate the receiving Party's request for access to the stand-alone computer(s) outside of normal business hours. The Parties agree to cooperate in good faith such that maintaining the producing Party's Source Code Material at the offices of its outside counsel shall not unreasonably hinder the receiving Party's ability to efficiently and effectively conduct the prosecution or defense of this Action;

(c)     The receiving Party shall provide the producing Party with notice of its intent to inspect the stand-alone computer(s) at least ten business days prior to any inspection. The notice may state that the review will continue from day-to-day as needed. The receiving Party shall provide the name(s) of the individual(s) who will be attending the inspection.

(d)     The producing Party shall provide the receiving Party with information explaining how to start, log on to, and operate the stand-alone computer(s) in order to access the produced Source Code Material on the stand-alone computer(s). The receiving Party's personnel are prohibited from bringing outside electronic devices, including but not limited to phones, computers, flash drives, cameras, or other hardware into the room with the stand-alone computer(s). The hosting facility for the producing Party shall provide a secure location to store personal electronic devices;

(e)     The receiving Party's outside counsel and/or expert shall be entitled to take notes relating to the Source Code on a stand alone computer with a current widely used word processing program, for purposes of enabling the receiving Party's outside counsel and/or experts to take notes relating to the Source Code, but may not copy any line of Source Code into the notes; however, function names, variable names, parameter names, and other individual identifiers derived from Source Code, do not, by themselves, constitute a line of Source Code. Any notes relating to the Source Code will be treated as "CONFIDENTIAL." The receiving Party shall be

STIPULATED PROTECTIVE ORDER
Case No. 2:23-cv-1016

6

Kilpatrick Townsend & Stockton LLP,
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600)

able to copy the notes from the note taking computer onto a recordable device at the end of each day of inspection under the supervision of the producing Party;

(f)     The Producing Party shall load its Source Code in a text-searchable file format, as it is kept in the ordinary course of business, on the Source Code Computers. The receiving Party may request that the producing Party install licensed software on the Source Code Computers to assist with review of the producing Party's Source Code. Such request shall be subject to the approval of the producing Party, which shall not be unreasonably withheld. To allow the Producing Party reasonable time to prepare the Source Code Computers, the receiving Party must provide the Producing Party the computer medium (e.g., CD, DVD, USB drive, or FTP) containing the requested software tools at least seven (7) days in advance of the inspection. The producing Party will install and confirm installation of said software on the Source Code Computers prior to the date the receiving Party seeks access.

(g)     Access to Protected Material designated RESTRICTED CONFIDENTIAL SOURCE CODE shall be limited to outside counsel and up to three (3) outside consultants or experts (i.e., not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation and approved to access such Protected Materials. A receiving Party may include excerpts of Source Code Material in a pleading, exhibit, expert report, discovery document, deposition transcript, other Court document, provided that the Source Code Documents are appropriately marked under this Order, restricted to those who are entitled to have access to them as specified herein, and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures and orders;

(h)     To the extent portions of Source Code Material are quoted in a Source Code Document, either (1) the entire Source Code Document will be stamped and treated as RESTRICTED CONFIDENTIAL SOURCE CODE or (2) those pages containing quoted Source Code Material will be separately stamped and treated as RESTRICTED CONFIDENTIAL SOURCE CODE;

(i)     Except as set forth in paragraph 10(m) below, no electronic copies of Source Code Material shall be made without prior written consent of the producing Party, except

STIPULATED PROTECTIVE ORDER
Case No. 2:23-cv-1016

7

Kilpatrick Townsend & Stockton LLP,
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600)

as necessary to create documents which, pursuant to the Court's rules, procedures and order, must be filed or served electronically;

(j)     The receiving Party shall be permitted to make a reasonable number of printouts of Source Code Material, but no more than 25 pages of consecutive source code, all of which shall be designated and clearly labeled "RESTRICTED CONFIDENTIAL SOURCE CODE," and the receiving Party shall maintain a log of all such files that are printed; all printouts shall be given to the producing Party for inspection and within five (5) business days of such provision, the producing Party shall provide three (3) bates-stamped paper copies of such unobjected pages to the receiving Party;

(k)     Should such printouts or photocopies be transferred back to electronic media, such media shall be labeled "RESTRICTED CONFIDENTIAL SOURCE CODE" and shall continue to be treated as such;

(l)     If the receiving Party's outside counsel, consultants, or experts obtain printouts or photocopies of Source Code Material, the receiving Party shall ensure that such outside counsel, consultants, or experts keep the printouts or photocopies in a secured locked area in the offices of such outside counsel, consultants, or expert. The receiving Party may also temporarily keep the printouts or photocopies at: (i) the Court for any proceeding(s) relating to the Source Code Material, for the dates associated with the proceeding(s); (ii) the sites where any deposition(s) relating to the Source Code Material are taken, for the dates associated with the deposition(s); and (iii) any intermediate location reasonably necessary to transport the printouts or photocopies (e.g., a hotel prior to a Court proceeding or deposition); and

(m)     A producing Party's Source Code Material may only be transported by the receiving Party at the direction of a person authorized under paragraph 10(e) above to another person authorized under paragraph 10(e) above, on paper or removable electronic media (e.g., a DVD, CD-ROM, or flash memory "stick") via hand carry, Federal Express or other similarly reliable courier. Source Code Material may not be transported or transmitted electronically over a network of any kind, including a LAN, an intranet, or the Internet. Source Code Material may only be transported electronically for the purpose of Court proceeding(s) or deposition(s) as set forth in

STIPULATED PROTECTIVE ORDER
Case No. 2:23-cv-1016

8

Kilpatrick Townsend & Stockton LLP,
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600)

paragraph 10(i) above and is at all times subject to the transport restrictions set forth herein. But, for those purposes only, the Source Code Materials may be loaded onto a stand-alone computer.

(n)     All copies of any portion of Source Code Material in whatever form shall be securely destroyed if they are no longer reasonably necessary in these Actions (e.g., extra copies at the conclusion of deposition). Copies of Source Code Material that are marked as deposition exhibits shall not be provided to the court reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers.

5.4     Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this agreement for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     Timing of Challenges. Any party or non-party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     Meet and Confer. The parties must make every attempt to resolve any dispute regarding confidential designations without court involvement. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

6.3     Judicial Intervention. If the parties cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain confidentiality under

STIPULATED PROTECTIVE ORDER
Case No. 2:23-cv-1016

9

Kilpatrick Townsend & Stockton LLP,
1420 Fifth Avenue, Suite 3700
Seattle, WA  98101
(206) 467-9600)

Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of persuasion in any such motion shall be on the designating party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

7.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

    If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that party must:

    (a)    promptly notify the designating party in writing and include a copy of the subpoena or court order;

    (b)    promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement; and

    (c)    cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose confidential material may be affected.

8.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

    If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential material to any person or in any circumstance not authorized under this agreement, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

9.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

    When a producing party gives notice to receiving parties that certain inadvertently

STIPULATED PROTECTIVE ORDER
Case No. 2:23-cv-1016

10

Kilpatrick Townsend & Stockton LLP,
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600)

1    produced material is subject to a claim of privilege or other protection, the obligations of the

2    receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision

3    is not intended to modify whatever procedure may be established in an e-discovery order or

4    agreement that provides for production without prior privilege review. The parties agree to the

5    entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

6    10.    <u>TERMINATION AND RETURN OF DOCUMENTS</u>

7             Within 60 days after the termination of this action, including all appeals, each receiving

8    party must return all confidential material to the producing party, including all copies, extracts and

9    summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction.

10           Notwithstanding this provision, counsel are entitled to retain one archival copy of all

11   documents filed with the court, trial, deposition, and hearing transcripts, correspondence,

12   deposition and trial exhibits, expert reports, attorney work product, and consultant and expert

13   work product, even if such materials contain confidential material.

14           The confidentiality obligations imposed by this agreement shall remain in effect until a

15   designating party agrees otherwise in writing or a court orders otherwise.

16   11.    **PROSECUTION BAR**

17           Any person who receives competitively sensitive technical information of another Party or

18   third party that is designated "RESTRICTED CONFIDENTIAL SOURCE CODE" or designated

19   "CONFIDENTIAL."  in this Action shall not engage, directly or indirectly, in drafting or

20   amending patent claims before the U.S. Patent and Trademark Office ("USPTO") or any foreign

21   patent office that are directed to cloud based content distribution systems, including, but not

22   limited to, the use of distributed network server platforms to deliver media content. The

23   prohibition set forth shall end one year after the conclusion of this Action, including all appeals.

24   To avoid any doubt, the prohibition set forth does not apply to representation of a party in any

25   reissue protest, ex parte reexamination, post-grant review, inter partes review, or any other

26   contested proceeding in the USPTO or any foreign patent office, except to the extent that the

27   representation includes directly or indirectly drafting or amending patent claims.

28

STIPULATED PROTECTIVE ORDER
Case No. 2:23-cv-1016

11

Kilpatrick Townsend & Stockton LLP,
1420 Fifth Avenue, Suite 3700
Seattle, WA  98101
(206) 467-9600)

**IT IS SO STIPULATED THROUGH COUNSEL OF RECORD**

1

2   DATED:  April 22, 2024                    Respectfully submitted,

3

4                                             By:/s/ *Kathleen G. Geyer*
                                              _____
                                              KILPATRICK  TOWNSEND  &  STOCKTON
5                                             LLP
                                              Dario A. Machleidt (State Bar No. 41860)
6                                             Kathleen R. Geyer (State Bar No. 55493)
                                              Christopher P. Damitio (State Bar No. 58633)
7                                             1420 Fifth Avenue, Suite 3700
                                              Seattle, WA 98101
8                                             Telephone:  (206) 467-9600
                                              E-mail:  dmachleidt@kilpatricktownsend.com
9                                             E-mail:  kgeyer@kilpatricktownsend.com
                                              E-mail:  cdamitio@kilpatricktownsend.com

10                                            Attorneys for Plaintiff
                                              VALVE CORPORATION
11

12  DATED: April 22, 2024                     Respectfully submitted,

13

14                                            By:  /s/  *Donald R. McPhail*
                                              _____
                                              Matthew J. Cunanan (State Bar No. 42530)
15                                            DC LAW GROUP
                                              12055 15th Ave NE, Suite B
16                                            Seattle, WA 98125
                                              Telephone:  (206) 494-0400
17                                            E-mail:  matthew@dclglawyers.com

18                                            Donald R. McPhail (*phv*)
                                              MERCHANT & GOULD P.C.
19                                            1900 Duke Street, Suite 600
                                              Alexandria, Virginia 22314
20                                            Telephone:  (703) 518-4516
                                              E-mail:  dmcphail@merchanguild.com

21                                            Attorneys for Defendants
                                              LEIGH ROTHSCHILD, ROTHSCHILD
22                                            BROADCAST DISTRIBUTION SYSTEMS, LLC,
                                              DISPLAY TECHNOLOGIES, LLC, PATENT
23                                            ASSET MANAGEMENT, LLC, MEYLER
                                              LEGAL, PLLC, AND SAMUEL MEYLER
24

25

26

27

28

STIPULATED PROTECTIVE ORDER                          12          Kilpatrick Townsend & Stockton LLP,
Case No. 2:23-cv-1016                                               1420 Fifth Avenue, Suite 3700
                                                                       Seattle, WA  98101
                                                                        (206) 467-9600)

**PURSUANT TO STIPULATION, IT IS SO ORDERED**

      IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of any documents, electronically stored information (ESI) or information, whether inadvertent or otherwise, in this proceeding shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law. This Order shall be interpreted to provide the maximum protection allowed by Fed. R. Evid. 502(d). The provisions of Fed. R. Evid. 502(b) do not apply. Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production. Information produced in discovery that is protected as privileged or work product shall be immediately returned to the producing party.

      Dated this 17th day of June, 2024.

_____
HON. JAMAL N. WHITEHEAD
UNITED STATES DISTRICT JUDGE

STIPULATED PROTECTIVE ORDER
Case No. 2:23-cv-1016

13

Kilpatrick Townsend & Stockton LLP,
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600)

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of

perjury that I have read in its entirety and understand the Stipulated Protective Order that was

issued by the United States District Court for the Western District of Washington on [date] in the

case of Valve Corporation v. Rothschild et al, 2:23-cv-01016-JNW (W.D. Wash. July 7, 2023). I

agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I

understand and acknowledge that failure to so comply could expose me to sanctions and

punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner

any information or item that is subject to this Stipulated Protective Order to any person or entity

except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Western District of Washington for the purpose of enforcing the terms of this Stipulated Protective

Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

STIPULATED PROTECTIVE ORDER
Case No. 2:23-cv-1016

14

Kilpatrick Townsend & Stockton LLP,
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600)