# Exhibit 31

# Roylyn J. Wright

| | |
|---|---|
| **From:** | Paige Stradley |
| **Sent:** | Wednesday, January 8, 2025 4:34 PM |
| **To:** | Geyer, Kate; Machleidt, Dario; Damitio, Chris; Pearson, Stephanie |
| **Cc:** | Eric R. Chad; Eric W. Schweibenz; Donald McPhail; Shannon Maney |
| **Subject:** | RE: Valve v. Rothschild - Meet and Confer |

Counsel,

I am following up regarding several issues addressed in my below emails.

First, does Valve agree to the modifications to search terms proposed in my January 3rd email?

Second, does Valve agree to withdraw its subpoenas served on Parker, Bunt & Ainsworth (PBA); Stamoulis & Weinblatt (SW); The Chong Law Firm (Chong); Gawthrop Greenwood ("Gawthrop"); and Cunningham Swain ("Cunningham")? As I noted below and on our call, if helpful, we would be happy to discuss with each of the above law firms the possibility of them providing a declaration confirming that either that they were not substantively involved in matters involving the Defendants or that they have not represented in Defendants in the past five years.

Third, does Valve agree that waiver of privilege as to all documents, materials, and communications relating to the enforcement of U.S. Patent Nos. 8,671,195; 8,856,221; and 9,300,723 by Defendants does not result in waiver of privilege as to any other material, including any other enforcements efforts taken by Defendants relating to other patents, and does not result in waiver of privileged communications between M&G and Defendants and work product of M&G relating to this lawsuit.

Finally, I have spoken with the team, and we expect to provide supplemental responses to Interrogatory Nos. 1-2 shortly, likely by early next week.

Thank you,
Paige

**Paige Stradley**
she/her/hers
Partner
Merchant & Gould P.C.
150 South Fifth Street
Suite 2200
Minneapolis, MN 55402-4247
USA

**Telephone** (612) 336-4671
**Fax** (612) 332-9081
**merchantgould.com**

**GUARDIANS OF GREAT IDEAS**®

Note: This email message is confidential and may be privileged or otherwise protected by law. If you are not the intended recipient, please: (1) reply via email to the sender; (2) destroy this communication entirely, including deletion of all associated text files from all individual and network storage devices; and (3) refrain from copying or disseminating this communication by any means whatsoever.
Operating as Merchant & Gould, LLP, in California.
Please consider the environment before printing this email. Thank you.

**From:** Paige Stradley
**Sent:** Friday, January 3, 2025 7:45 PM
**To:** Geyer, Kate <KGeyer@ktslaw.com>; Machleidt, Dario <dmachleidt@ktslaw.com>; Damitio, Chris <CDamitio@ktslaw.com>; Pearson, Stephanie <SDMPearson@ktslaw.com>
**Cc:** Eric R. Chad <EChad@merchantgould.com>; Eric W. Schweibenz <ESchweibenz@MerchantGould.com>; Donald McPhail <dmcphail@merchantgould.com>; Shannon Maney <SManey@MerchantGould.com>
**Subject:** RE: Valve v. Rothschild - Meet and Confer

Counsel,

As we said we would, we had Mr. Meyler and Mr. Falcucci run the search terms proposed in your Dec. 20th letter. The results of the search are below:

| SEARCH STRING | MEYLER OUTLOOK | MEYLER FILE EXPLORER | FALCUCCI OUTLOOK | FALCUCCI SHAREPOINT |
|---|---|---|---|---|
| 8,856,221 OR 8856221 OR '221 OR '221 OR " 221 " | See below discussion | 44 | See below discussion | Still awaiting results |
| "Kizzia Johnson" | 199 | 65 | 222 | 488 |
| "Display Technologies" OR " DT " | 537 | 347 | 992 | Still awaiting results |
| "Rothschild Broadcast Distribution Systems" OR RBDS | 373 | 184 | 924 | Still awaiting results |
| Valve | 1178 | 877 | 378 | 322 |
| "Pitch Scientific" | 44 | 23 | 261 | 291 |
| sanction* OR "Rule 11" OR frivolous OR 285 OR baseless OR meritless OR "attorney* fees" OR "bad faith" OR exceptional OR 1927 | See below discussion | 350 | See below discussion | Still awaiting results |
| infring* AND (demand OR threat OR assert OR target OR campaign OR inventory OR enforc* OR sue) | 722 | 495 | 10 | Still awaiting results |
| (global AND (settlement OR license OR agreement)) OR GSLA OR GSALA | 34 | 26 | 18 | Still awaiting results |

We believe the above results are a reasonable number of hits. Please confirm you agree and that we may move forward with collection and review of these documents. We hope to provide the hits for the "Still awaiting results" strings early next week.

2

Upon further investigation, we have learned that Outlook ignores punctuation and strings of numbers less than five digits. This means the search string 8,856,221 OR 8856221 OR '221 OR '221 OR " 221 " is really just searching 8,856,221 OR 8856221. This same issue would impact the proposed search term 285 and 1927. We asked the custodians to run some test searches for "221 patent"; "Section 285"; "35 USC 285"; and "35 USC § 285". These searches worked and hit on a reasonable number. For example, for Mr. Meyler the results were as follows:

- 8,856,221 OR 8856221
    - Outlook: 86

- "221 Patent"
    - Outlook: 57

- "Section 285"
    - Outlook: 7

- "35 USC 285"
    - Outlook: 245

- "35 USC § 285"
    - Outlook: 245

We propose the strings be modified as follows:

- 8,856,221 OR 8856221 OR "221 patent" – this would result in a total of 143 hits in Outlook for Mr. Meyler.
- sanction* OR "Rule 11" OR frivolous OR "Section 285" OR "35 USC 285" OR "35 U.S.C. § 285" OR baseless OR meritless OR "attorney* fees" OR "bad faith" OR exceptional OR "Section 1927" OR "28 USC 1927" OR "28 U.S.C. § 1927". We have not run this full search yet but expect it to result in a reasonable number of hits.

Please let us know if the above proposed modifications are acceptable to Plaintiff. We would appreciate a prompt response so that this process may move forward in a timely fashion.

Best,
Paige


**Paige Stradley**
she/her/hers
Partner
Merchant & Gould P.C.
150 South Fifth Street
Suite 2200
Minneapolis, MN 55402-4247
USA

**Telephone** (612) 336-4671
**Fax** (612) 332-9081
**merchantgould.com**

GUARDIANS OF GREAT IDEAS®

Note: This email message is confidential and may be privileged or otherwise protected by law. If you are not the intended recipient, please: (1) reply via email to the sender; (2) destroy this communication entirely, including deletion of all associated text files from all individual and network storage devices; and (3) refrain from copying or disseminating this communication by any means whatsoever.

Operating as Merchant & Gould, LLP, in California.
Please consider the environment before printing this email. Thank you.

**From:** Paige Stradley
**Sent:** Thursday, January 2, 2025 3:24 PM
**To:** Geyer, Kate <KGeyer@ktslaw.com>; Machleidt, Dario <dmachleidt@ktslaw.com>; Damitio, Chris <CDamitio@ktslaw.com>; Pearson, Stephanie <SDMPearson@ktslaw.com>
**Cc:** Eric R. Chad <EChad@merchantgould.com>; Eric W. Schweibenz <ESchweibenz@MerchantGould.com>; Donald McPhail <dmcphail@merchantgould.com>; Shannon Maney <SManey@MerchantGould.com>
**Subject:** RE: Valve v. Rothschild - Meet and Confer

Thanks Kate. That schedule is fine by us.

Thank you,
PSS

**Paige Stradley**
she/her/hers
Partner
Merchant & Gould P.C.
150 South Fifth Street
Suite 2200
Minneapolis, MN 55402-4247
USA

**Telephone** (612) 336-4671
**Fax** (612) 332-9081
**merchantgould.com**

**GUARDIANS OF GREAT IDEAS®**

Note: This email message is confidential and may be privileged or otherwise protected by law. If you are not the intended recipient, please: (1) reply via email to the sender; (2) destroy this communication entirely, including deletion of all associated text files from all individual and network storage devices; and (3) refrain from copying or disseminating this communication by any means whatsoever.
Operating as Merchant & Gould, LLP, in California.
Please consider the environment before printing this email. Thank you.

**From:** Geyer, Kate <KGeyer@ktslaw.com>
**Sent:** Thursday, January 2, 2025 3:05 PM
**To:** Machleidt, Dario <dmachleidt@ktslaw.com>; Paige Stradley <PStradley@MerchantGould.com>; Damitio, Chris <CDamitio@ktslaw.com>; Pearson, Stephanie <SDMPearson@ktslaw.com>
**Cc:** Eric R. Chad <EChad@merchantgould.com>; Eric W. Schweibenz <eschweibenz@merchantgould.com>; Donald McPhail <dmcphail@merchantgould.com>; Shannon Maney <SManey@MerchantGould.com>
**Subject:** RE: Valve v. Rothschild - Meet and Confer

**CAUTION - External.**

Hi Paige –

January 20 is a court holiday, so Defendants' responses to both motions will be due on Tuesday January 21. Will you agree to extend Valve's reply to Friday January 31 (as opposed to Friday January 24)?

If you agree, we will file a re-note for both motions with the updated briefing schedule.

Thanks,
Kate

4

Kate Geyer
KGeyer@ktslaw.com
Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue | Suite 3700 | Seattle, WA 98101
T 206 516 3094 | F 206 299 3458
My Profile | vCard

---

**From:** Machleidt, Dario <dmachleidt@ktslaw.com>
**Sent:** Monday, December 30, 2024 2:43 PM
**To:** Paige Stradley <PStradley@MerchantGould.com>; Damitio, Chris <CDamitio@ktslaw.com>; Geyer, Kate <KGeyer@ktslaw.com>; Pearson, Stephanie <SDMPearson@ktslaw.com>
**Cc:** Eric R. Chad <EChad@merchantgould.com>; Eric W. Schweibenz <eschweibenz@merchantgould.com>; Donald McPhail <dmcphail@merchantgould.com>; Shannon Maney <SManey@MerchantGould.com>
**Subject:** RE: Valve v. Rothschild - Meet and Confer

Paige,

Correct, Defendants' responses to both motions are now due January 20.

Subject to your representations regarding extensions to the fact discovery deadline, Valve agrees to extend production/deposition deadlines for the subpoenas until no earlier than February 18.

We'll separately respond to the remainder of your email. Thanks again for last week's call.

Sincerely,

Dario Machleidt
dmachleidt@ktslaw.com
Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue | Suite 3700 | Seattle, WA 98101
T 206 224 2857 | F 206 374 2199
My Profile | vCard

---

**From:** Paige Stradley <PStradley@MerchantGould.com>
**Sent:** Monday, December 30, 2024 2:09 PM
**To:** Machleidt, Dario <dmachleidt@ktslaw.com>; Damitio, Chris <CDamitio@ktslaw.com>; Geyer, Kate <KGeyer@ktslaw.com>; Pearson, Stephanie <SDMPearson@ktslaw.com>
**Cc:** Eric R. Chad <EChad@merchantgould.com>; Eric W. Schweibenz <eschweibenz@merchantgould.com>; Donald McPhail <dmcphail@merchantgould.com>; Shannon Maney <SManey@MerchantGould.com>
**Subject:** RE: Valve v. Rothschild - Meet and Confer

Dario,

Thank you for the call. We agree to a deadline of January 20th for Defendants' response to Plaintiff's motion to strike. We understand that the parties therefore agree that Defendants' responses to Plaintiff's motion to strike and Plaintiff's motion to dismiss are due no later than January 20, 2025.

Thank you,
Paige

**Paige Stradley**
she/her/hers
Partner
Merchant & Gould P.C.
150 South Fifth Street

Suite 2200
Minneapolis, MN 55402-4247
USA

**Telephone** (612) 336-4671
**Fax** (612) 332-9081
[merchantgould.com](http://merchantgould.com)

GUARDIANS OF GREAT IDEAS®

Note: This email message is confidential and may be privileged or otherwise protected by law. If you are not the intended recipient, please: (1) reply via email to the sender; (2) destroy this communication entirely, including deletion of all associated text files from all individual and network storage devices; and (3) refrain from copying or disseminating this communication by any means whatsoever.
Operating as Merchant & Gould, LLP, in California.
Please consider the environment before printing this email. Thank you.

**From:** Paige Stradley
**Sent:** Monday, December 30, 2024 10:35 AM
**To:** dmachleidt@ktslaw.com; CDamitio@ktslaw.com; KGeyer@ktslaw.com; SDMPearson@ktslaw.com
**Cc:** Eric R. Chad <EChad@merchantgould.com>; Eric W. Schweibenz <ESchweibenz@MerchantGould.com>; Donald McPhail <dmcphail@merchantgould.com>
**Subject:** Valve v. Rothschild - Meet and Confer

Counsel,

Thank you for taking the time to speak with me last Thursday in connection with this case. This email is intended to summarize the issues discussed as well as proposed compromises for moving forward on various issues. Please let us know Plaintiff's position on the proposed resolutions of any outstanding issues.

**I.    Briefing Deadlines**

During the call, I requested a one-week extension for Defendants to file any opposition to Plaintiff's Motion to Strike. Without agreeing outright, Dario indicated a willingness to agree to such an extension. **We thus request an extension to respond to Plaintiff's Motion to Strike up to and including January 13, 2025. Please let us know whether Plaintiff will agree to this extension.**

Regarding Plaintiff's Motion to Dismiss, Plaintiff indicated that it understood that Defendants' deadline to respond to the motion is January 20, 2025. **Please confirm that this is Plaintiff's understanding.** If the Parties agree that this is the deadline, we do not presently request any extension.

**II.    Plaintiff's Subpoenas to Law Firms**

   **A.    Service of Subpoenas and Timeliness of Quash Motions**

Kate asked during the call whether we could agree to accept service of the updated subpoenas on behalf of the subpoenaed law firms. The following firms have given us authority to accept service on their behalf: Parker, Bunt & Ainsworth; Ni, Wang & Massand; Cunningham Swaim; and Stamoulis & Weinblatt; but each of these firms also seeks an extension to the deadlines to produce documents and sit for any deposition as outlined below. We have reached out to the remaining law firms and will update you as we receive any further authorization.

Kate also suggested that any motion to quash filed in connection with those subpoenas would be premature. Though we believe that the issues related to the subpoenas are sufficiently ripe for motions to quash, we are, in theory, willing to work with Plaintiff to resolve those potential issues and narrow the scope of any motion to quash. That said, the rapidly approaching return deadlines for the subpoenas, the first of which is January 7, 2025, significantly ties our hands. Absent

Plaintiff's agreement to extend the return date of those subpoenas, we cannot agree to delay the filing of motions to quash.

**We are hopeful that the subpoenaed law firms will permit us to accept service of the updated subpoenas. In the meantime, we request that Plaintiff agree to extend the production and deposition deadlines for any subpoenas until no earlier than February 18, 2025. This will provide the Parties to the Washington litigation with time to address outstanding party discovery issues (discussed in further detail below) in the hope of limiting the burden imposed on third parties and will permit counsel to narrow the issues to be addressed by any motion practice related to the subpoenas. Indeed, these nonparties should not be burdened until the Parties understand what documents are available from the Parties and the issue of waiver is resolved. Should the requested extension necessitate an extension to the fact discovery period, Defendants will not unreasonably oppose any request for such an extension. Will Plaintiff agree to an extension of the production and deposition deadlines to no earlier than February 18, 2025?**

   **B.   Local-counsel-only law firms and law firms that have not represented any Defendant for 5+ years**

During our call, I mentioned that some of the firms to which Plaintiff has directed subpoenas served only as passive local counsel and/or have not represented any Defendant for a number of years and asked that Plaintiff consider withdrawing the subpoenas to these firms. Though I did not have the specifics of these firms in front of me during the call, I can now provide the following information:

- Parker, Bunt & Ainsworth (PBA) – PBA most recently represented RBDS in patent litigation, only as local counsel, in 2015. Our understanding is that PBA was not involved in any substantive decision-making in connection with any lawsuits filed by Defendants.
- Stamoulis & Weinblatt (SW) – SW most recently represented RBDS in patent litigation, only as local counsel, in 2019. Our understanding is that PBA was not involved in any substantive decision-making in connection with any lawsuits filed by Defendants.
- The Chong Law Firm (Chong) – Chong most recently represented RBDS in patent litigation, only as local counsel, in 2021. Chong most recently represented Display Technologies, again only as local counsel, in 2021. Our understanding is that Chong was not involved in any substantive decision-making in connection with any lawsuits filed by Defendants.
- Gawthrop Greenwood ("Gawthrop") – Gawthrop most recently represented RBDS in patent litigation in 2021. We are in the process of confirming this information, but believe that Gawthrop served only as local counsel and did not participate in any substantive decision-making in connection with any lawsuits filed by Defendants. The attorney who represented RBDS in connection with this cases no longer works at Gawthrop.
- Cunningham Swain ("Cunningham") – Cunningham most recently represented Display Technologies in patent litigation in 2018. The attorney who represented Display Technologies in connection with these cases no longer works at Cunningham.

**In view of these facts, we request that Plaintiff withdraw its subpoenas served on these law firms. Please let us know whether Plaintiff will do so.** On the call, Dario expressed concern that the label of local counsel may not necessarily mean that counsel was not substantively involved in matters involving the Defendants. If helpful and as noted on our call, we would be happy to discuss with each of the above law firms the possibility of them providing a declaration confirming that either that they were not substantively involved in matters involving the Defendants or that they have not represented in Defendants in the past five years.

The identification of these five firms should not be interpreted to suggest that Defendants agree that the remaining four law firms subpoenaed by Plaintiff have discoverable information. We note, for instance, that Jay Johnson of Kizzia Johnson is deceased and that his former partner, Brad Kizzia, has little, if any, personal knowledge regarding Jay's engagement with Defendants. Relatedly, on the call, Kate asked for identification of which law firms served as lead counsel. Of the law firms subpoenaed, our current understanding is that the following law firms served as lead counsel:

Kizzia Johnson; SML Avvocati; Ni, Wang & Massand; and Garteiser Honea. At this stage, we are not able to provide an identification of which law firms served as lead counsel with each local counsel because it may have varied by matter.

### III.     Privilege and Potential Waiver

We understand that is has been Plaintiff's position that Defendants have already waived the attorney-client privilege. It remains Defendants' position that no such waiver has taken place.

**Regardless, Defendants are willing to have further conversations with Plaintiff regarding a potential waiver of attorney-client privilege and the scope of such waiver. Defendants are prepared to waive privilege as to all documents, materials, and communications relating to the enforcement of U.S. Patent Nos. 8,671,195; 8,856,221; and 9,300,723 by Defendants. It is Defendants' position that waiving privilege as to these materials should not result in waiver of privilege as to any other material, including any other enforcements efforts taken by Defendants relating to other patents, and should not result in waiver of privileged communications between M&G and Defendants and work product of M&G relating to this lawsuit. Please confirm you agree that waiving privilege as to all documents, materials, and communications relating to the enforcement of U.S. Patent Nos. 8,671,195; 8,856,221; and 9,300,723 by Defendants will not result in any additional waiver and will not result in waiver of privilege and work product as to M&G.**

### IV.     Search Terms and Capabilities

None of the custodians of potentially relevant documents possess or maintain sophisticated document management systems. Rather, any relevant documents reside on the computer(s) of these custodians. These custodians are able to search their hard drives using the search functionality of Windows File Explorer. They are able to separately search emails through the search functionality of Microsoft Outlook. We have requested that custodians attempt to run the searches proposed in Dario's letter of December 20. We followed up with those custodians Friday.

We hope to report back hit counts shortly. We further hope the parties can agree to work quickly and efficiently together thereafter to agree to a search strategy thereafter.

Chris asked what "Other ESI" referred to (as used in an email from Eric Chad) and why searches were being run via Windows Explorer. "Other ESI" simply refers to electronic information that is not emails but which is found on each custodian's respective hard drive. In other words, these are custodial data sources and are not non-custodial data sources.

On the call, you also asked if, after the search terms are agreed to and the documents collected, if we plan to review those documents to assess relevance and responsiveness. We currently intend to review documents for relevance and responsiveness after the parties reach agreement as to search terms.

### V.     Interrogatory Nos. 1 and 2
I am following up with the team regarding your inquiry as to the status of supplementation of Interrogatory Nos. 1 and 2.

### VI.     October 16, 2024 Discovery Letter
Though we feel that many of the issues raised in Dario's October 16, 2024 letter have been addressed herein or in other correspondence to the parties, we will provide a direct response as soon as possible.

Regards,

Paige

**Paige Stradley**
she/her/hers
Partner
Merchant & Gould P.C.
150 South Fifth Street
Suite 2200
Minneapolis, MN 55402-4247
USA

**Telephone** (612) 336-4671
**Fax** (612) 332-9081
merchantgould.com

GUARDIANS OF GREAT IDEAS®

Note: This email message is confidential and may be privileged or otherwise protected by law. If you are not the intended recipient, please: (1) reply via email to the sender; (2) destroy this communication entirely, including deletion of all associated text files from all individual and network storage devices; and (3) refrain from copying or disseminating this communication by any means whatsoever.
Operating as Merchant & Gould, LLP, in California.
Please consider the environment before printing this email. Thank you.

Confidentiality Notice:
This communication constitutes an electronic communication within the meaning of the Electronic Communications Privacy Act, 18 U.S.C. Section 2510, and its disclosure is strictly limited to the recipient intended by the sender of this message. This transmission, and any attachments, may contain confidential attorney-client privileged information and attorney work product. If you are not the intended recipient, any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. Please contact us immediately by return e-mail or at 404 815 6500, and destroy the original transmission and its attachments without reading or saving in any manner.