# Exhibit 33

1

2

**Honorable Jamal N. Whitehead**

3

4

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE**

5

6

7

8

9

10

11

12

13

|  |  |
|---|---|
| VALVE CORPORTION, | ) |
| Plaintiff, | ) |
| v. | ) Case No.: 2:23-cv-01016 |
| LEIGH ROTHSCHILD, ROTHSCHILD BROADCAST DISTRIBUTION SYSTEMS, LLC, DISPLAY TECHNOLOGIES, LLC, PATENT ASSET MANAGEMENT, LLC, MEYLER LEGAL PLLC, AND SAMUEL MEYLER | ) ) ) ) ) ) ) ) |
| Defendant. | ) ) |

14

15

16

**DEFENDANT PATENT ASSET MANAGEMENT, LLC'S OBJECTIONS AND
RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION**

17

Defendant Patent Asset Management, LLC hereby provides the following objections and

18

responses to Plaintiff's First Set of Requests for Production (Nos. 1-47).

19

**GENERAL STATEMENTS AND OBJECTIONS**

20

1.      Defendant's responses herein are subject to, qualified by, and limited by the

21

following General Statements and Objections, which apply to each specific request as if

22

incorporated and set forth in full in response to each.  The assertion of the same or additional

23

objections in any particular response to these requests does not waive other objections set forth

24

25

herein.

26

27

28

2.      Defendant objects to each and every definition, instruction, and request to the extent it purports to impose any requirement or discovery obligation upon Defendant beyond those set forth in the Federal Rules of Civil Procedure or the orders of the Court.

3.      Discovery in this matter is ongoing.  Defendant has not completed its investigation of the facts and information relating to this case.  Defendant's responses to the requests are therefore made to the best of Defendant's present knowledge, information, and belief.  These responses are at all times subject to such additional or different information that discovery or independent investigation or analysis may disclose and, while based on the present state of its current employees' recollection, are subject to such refreshing of recollection, and such additional knowledge of information, facts, and documents as may result from Defendant's further discovery or investigation.  Defendant accordingly reserves the right to change the responses herein and to supplement any document production in response hereto as additional facts are ascertained, analysis is made, legal research is completed, and contentions are made.

4.      Defendant objects to each and every definition, instruction, and request to the extent it seeks or purports to require Defendant to identify, disclose, or produce any documents or information containing or comprising information protected under the attorney-client privilege and/or the attorney work product doctrine, or any other applicable doctrine, privilege, or immunity, such that it would make the information immune or exempt from discovery, or under any claim of confidentiality, including information that constitutes proprietary business information.

5.      By agreeing to produce documents and things responsive to a particular request, Defendant does not admit the relevance or admissibility of the document provided or the information contained therein.  Nothing contained in any response herein shall be deemed an

DEFENDANT PATENT ASSET MANAGEMENT'S
OBJECTIONS AND RESPONSES TO PLAINTIFF'S
FIRST SET OF REQUESTS FOR PRODUCTION
Case No. 2:23-cv-01016
Page **2** of **66**

**DC LAW GROUP**
12055 15th Ave NE | Seattle, WA 98125
Phone: (206) 494.0400

admission, concession, or waiver by Defendant as to the relevance, materiality, or admissibility of any document provided in response to the requests.

6.      Defendant objects to each and every definition, instruction, and request to the extent the documents requested constitute confidential and/or proprietary information belonging to third parties with whom Defendant has entered into non-disclosure or confidentiality agreements that prohibit the disclosure by Defendant of the third-party signatories' confidential and/or proprietary information.  Any such information will only be provided subject to the protective order entered in this action and will not be provided unless and until Defendant has given notice to and/or obtained permission from the relevant third parties.

7.      Defendant objects to each and every definition, instruction, and request to the extent it calls for information or documents not within the possession, custody, or control of Defendant.  The responses given herein are based upon information reasonably available to Defendant and within its possession, custody, or control.

8.      Defendant objects to each and every definition, instruction, and request as overbroad, unduly burdensome, and oppressive to the extent it seeks information that is not relevant to the claims and defenses of any party to this action or the subject matter involved in the action and to the extent that it is not proportional to the needs of the case.  By producing documents and things responsive to a particular request, Defendant does not admit to the relevance or admissibility of the documents and things provided.

9.      Defendant objects to each and every definition, instruction, and request as overbroad, unduly burdensome, and oppressive to the extent it fails to specify any relevant time period, and thus is neither limited to events relevant in this litigation nor proportional to the needs of the case.

DEFENDANT PATENT ASSET MANAGEMENT'S
OBJECTIONS AND RESPONSES TO PLAINTIFF'S
FIRST SET OF REQUESTS FOR PRODUCTION
Case No. 2:23-cv-01016
Page **3** of **66**

**DC LAW GROUP**
12055 15th Ave NE | Seattle, WA 98125
Phone: (206) 494.0400

10.    Defendant objects to each and every definition, instruction, and request as unduly burdensome and oppressive to the extent it purports to require Defendant to search its facilities and inquire of Defendant's employees other than those facilities and employees that would reasonably be expected to have responsive information.  Defendant's responses are based upon (1) a reasonable search and investigation of facilities and files that could reasonably be expected to contain responsive information, and (2) inquiries of the Defendant's member, employees and/or representatives who could reasonably be expected to possess responsive information.

11.    Defendant objects to each and every definition, instruction, and request to the extent it seeks information that is already in Plaintiff's possession, custody, or control, or information that is publicly available.

12.    Defendant objects to the definitions of "Defendant" and "You" (including "Your") on the grounds that the definitions are overbroad, unduly burdensome, and oppressive, and call for the production of information that is not within Defendant's possession, custody, or control, and that is neither relevant nor proportional to the needs of the case.  Defendant also objects to these definitions to the extent they include Defendant's counsel and, therefore, seek information protected by the attorney-client privilege and/or the attorney work product doctrine. Defendant accordingly limits the terms "Defendant" and "You" to mean Rothschild Broadcast Distribution Systems, LLC and its member and employees.

13.    Defendant objects to the definitions of "Document" and "Communication" as overbroad, unduly burdensome, vague, and ambiguous to the extent it expands the term's meaning beyond standard English-language usage.

DEFENDANT PATENT ASSET MANAGEMENT'S
OBJECTIONS AND RESPONSES TO PLAINTIFF'S
FIRST SET OF REQUESTS FOR PRODUCTION
Case No. 2:23-cv-01016
Page **4** of **66**

**DC LAW GROUP**
12055 15th Ave NE | Seattle, WA 98125
Phone: (206) 494.0400

14.     Defendant objects to each and every definition, instruction, and request to the extent is seeks electronically stored information ("ESI"). Defendant will produce ESI in accordance with the applicable Order entered in this case.

15.     Subject to the foregoing General Statements and Objections, and to the extent documents exist, Defendant will produce or make available for inspection responsive, relevant, non-privileged documents in its possession, custody, or control that can be located after a reasonable search and that are proportional to the needs of the case. Defendant will commence its document production on a mutually-agreed-upon date.  In any event, Defendant responds to the individual requests as follows:

## RESPONSES TO INDIVIDUAL PRODUCTION REQUESTS

Subject to each of the foregoing General Statements and Objections, Defendant responds to each of Plaintiff's Requests as follows:

## REQUEST FOR PRODUCTION NO. 1

All Documents and Communications Relating to Valve.

## RESPONSE:

Defendant expressly incorporates each of the foregoing General Objections by reference.

Defendant also objects to this Request to the extent it seeks documents and information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity.

Defendant also objects to this Request to the extent it calls for documents not within the possession, custody, or control of Defendant.

Defendant also objects to this Request to the extent it is duplicative, cumulative, or otherwise redundant of other Requests or other discovery already available to Plaintiff.

DEFENDANT PATENT ASSET MANAGEMENT'S
OBJECTIONS AND RESPONSES TO PLAINTIFF'S
FIRST SET OF REQUESTS FOR PRODUCTION
Case No. 2:23-cv-01016
Page **5** of **66**

**DC LAW GROUP**
12055 15th Ave NE | Seattle, WA 98125
Phone: (206) 494.0400