UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VALVE CORPORATION, | CASE NO. 23-cv-1016 |
| Plaintiff, | ORDER |
| v. | |
| ROTHSCHILD ET AL, | |
| Defendants. | |

## 1. INTRODUCTION

Plaintiff Valve Corporation ("Valve") moves to strike two portions of Defendants' answer: (1) Defendants' denial of Paragraph 76 of Valve's complaint; and (2) Defendants' Second, Third, and Fourth Affirmative Defenses. Dkt. No. 66. Having reviewed the record, the briefing, and the law—and being satisfied that the parties met and conferred to try to resolve this dispute, *see id.* at 5–6—the Court, for the reasons explained below, GRANTS the motion to strike.

## 2. BACKGROUND

Valve began this lawsuit in July 2023. Dkt. No. 1. In October 2023, Valve filed its operative complaint, Paragraph 76 of which states: "Display Technologies

**ORDER** - 1

breached the covenant not to sue when it asserted U.S. Patent No. 9,300,723 in its 2022 lawsuit against Valve and continues to be in breach by failing to withdraw the 2022 demands from Mr. Falcucci." Dkt. No. 23. ¶ 76.

In January 2024, Defendants moved to dismiss. Dkt. No. 40. In September 2024, the Court held a hearing on that motion, where defense counsel stated on the record, in reference to the 2022 lawsuit brought by Defendant Display Technologies ("Display") against Valve:

> I will concede to you that there was a breach of the contract in 2022, but that breach was remedied promptly, and they never bothered to raise anything about it until the June letters and this whole action was brought. We think they waived any right to complain about it, but even if they hadn't, there were no damages that arose from that. It was inconvenience.

Dkt. No. 55 at 5–6.

After the Court denied the motion to dismiss, Dkt. No. 56, Defendants filed their amended answer. Dkt. No. 63. The answer blanketly denies Paragraph 76 of the operative complaint. *Id.* ¶ 76. It also asserts four affirmative defenses: (1) failure to state a claim; (2) failure to mitigate; (3) unclean hands; and (4) equitable doctrines (invoking "one or more of the doctrines of acquiescence, estoppel, waiver, ratification, consent, and/or any other applicable equitable doctrine"). *Id.* ¶¶ 92–95. The answer cites no specific factual support for these defenses. *See id.*

Valve moves to strike the denial of Paragraph 76 and the Second, Third, and Fourth Affirmative Defenses from Defendants' answer. Dkt. No. 66. In their opposition, Defendants request that if the Court finds their affirmative defenses insufficient, they be granted leave to amend. Dkt. No. 71 at 8.

**ORDER** - 2

### 3. DISCUSSION

**3.1   Legal standard.**

In responding to a pleading, a party must "state in short and plain terms its defenses to each claim asserted against it" and "admit or deny the allegations asserted against it by an opposing party." Fed. R. Civ. P. 8(b)(1). "A denial must fairly respond to the substance of the allegation." Fed. R. Civ. P. 8(b)(2). "A party that intends in good faith to deny only part of an allegation must admit the part that is true and deny the rest." Fed. R. Civ. P. 8(b)(4).

"In responding to a pleading, a party must affirmatively state any avoidance or affirmative defense...." Fed. R. Civ. P. 8(c)(1) (listing examples of affirmative defenses). "The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense." *Garcia v. Salvation Army*, 918 F.3d 997, 1008 (9th Cir. 2019) (cleaned up). "'Fair notice generally requires that the defendant state the nature and grounds for the affirmative defense.'" *Advanced Hair Restoration LLC v. Bosely Inc.*, No. C23-1031-KKE, 2023 WL 9024196, at *4 (W.D. Wash. Dec. 29, 2023) (quoting *Tollefson v. Aurora Fin. Grp., Inc.*, No. C20-0297JLR, 2021 WL 462689, at *2 (W.D. Wash. Feb. 9, 2021)).

A district court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (cleaned up). "Rule 12(f) motions to strike are generally disfavored

because the motions may be used as delay tactics and because of the strong policy favoring resolution on the merits." *Advanced Hair Restoration LLC*, 2023 WL 9024196, at *5 (citing *Chao Chen v. Geo Grp., Inc.*, 297 F. Supp. 3d 1130, 1132 (W.D. Wash. 2018)). Upon striking portions of a party's pleadings, courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2).

### 3.2  Defendants' denial of Paragraph 76.

Paragraph 76 of Valve's operative complaint alleges: "Display Technologies breached the covenant not to sue when it asserted U.S. Patent No. 9,300,723 in its 2022 lawsuit against Valve and continues to be in breach by failing to withdraw the 2022 demands from Mr. Falcucci." Dkt. No. 38 ¶ 76. Defendants' operative answer denies this allegation in its entirety. Dkt. No. 63 ¶ 76.

Valve moves to strike this denial on the grounds that defense counsel admitted on the record in open court, about Display's 2022 lawsuit against Valve: "I will concede to you that there was a breach of the contract in 2022[.]" *See* Dkt. No. 55 at 5. Given this admission, Valve argues that Defendants lack a good-faith basis to assert the contrary in their answer. Dkt. No. 66 at 8 (citing *J & J Sports Prods., Inc. v. Olivo*, No. 14-CV-02766-L BGS, 2015 WL 3604457, at *2 (S.D. Cal. June 8, 2015) (striking denial where "[s]ome allegations cannot be disputed in good faith")).

Defendants offer two arguments against striking this denial. First, they argue that Valve suffered no damages from the 2022 lawsuit—thus, according to Defendants, even if Display's 2022 lawsuit against Valve breached a covenant not to sue, that breach could not engender liability. Dkt. No. 71 at 6. But this wrongly

conflates two distinct elements of a breach of contract claim, as Paragraph 76 asserts breach, not liability. The issue of damages is irrelevant to the paragraph's veracity. This counterargument therefore fails.

Second, Defendants argue that Paragraph 76 amounts to a legal conclusion and therefore does not require a response. This may be so. *See Meek v. Bishop Peterson & Sharp, P.C.*, 919 S.W.2d 805, 808 (Tex. App. 1996), *writ denied* (Sept. 12, 1996) ("Whether a party has breached a contract is a question of law for the court, not a question of fact for the jury.").[1] But even if Defendants could have rightfully declined to admit or deny the allegations in Paragraph 76 on this basis, they gave up that right when they partially admitted those allegations on the record in open court, then asserted the opposite in their amended answer. It would undermine the Rule 8 pleading standard to allow Defendants to first admit, then deny, then altogether refuse to respond to an allegation.

The Court concludes that striking Defendants' blanket denial of Paragraph 76 is appropriate to "avoid the expenditure of time and money that must arise from litigating spurious issues[.]" *See Whittlestone*, 618 F.3d at 973. Therefore, the Court STRIKES Defendants' denial of Paragraph 76 and GRANTS Defendants leave to file an amended answer that, in good faith, "admit[s] the part that is true and den[ies] the rest." *See* Fed. R. Civ. P. 8(b)(4).

---

[1] Valve, in its reply, wrongly cites this case for the opposite contention—that whether Defendants "breached the agreement is a fact question." Dkt. No. 72 at 3.

**ORDER** - 5

### 3.3 Defendants' affirmative defenses.

Valve moves to strike Defendants' Second, Third, and Fourth Affirmative Defenses on the grounds that they "contain only a bare recitation of the legal definition of the defense…[,] lack any factual allegations…[,] [and therefore] fail to provide Valve fair notice of the bases for these defenses." Dkt. No. 66 at 8.

Defendants offer two arguments against striking these defenses. First, they argue that factual denials contained elsewhere in their answer implicitly provide the factual basis for the affirmative defenses. But "[f]air notice generally requires that the defendant state the nature and grounds for the affirmative defense." *Advanced Hair Restoration*, No2023 WL 9024196, at *4 (internal quotation marks omitted). While the pleading standard for affirmative defenses is laxer than the pleading standard under *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), Defendants' argument that Valve could infer the basis of their affirmative defenses from their denials elsewhere is unavailing. Put plainly, requiring Valve to piece together the factual bases for Defendants' affirmative defenses from various denials scattered throughout the answer places an unreasonable burden on Valve and is inconsistent with the Civil Rules.

Second, Defendants argue that "counsel for Valve's own filings in other cases" contain equally threadbare affirmative defenses. Dkt. No. 71 at 7. This may be true, but it lends no weight to Defendants' position. The sufficiency of pleadings in unrelated cases has no bearing on the sufficiency of Defendants' pleadings here.

The Court FINDS that Defendants' Second, Third, and Fourth Affirmative Defenses are insufficient and therefore STRIKES them with leave to amend.

## 4. CONCLUSION

For the reasons stated above, the Court GRANTS Valve's motion to strike, Dkt. No. 66; STRIKES Defendants' blanket denial of Paragraph 76 from their answer; STRIKES Defendants' Second, Third, and Fourth Affirmative Defenses from their answer; and GRANTS Defendants leave to amend their answer within FOURTEEN (14) days of this Order to rectify the deficiencies discussed above.

It is so ORDERED.

Dated this 24th day of April, 2025.

Jamal N. Whitehead
United States District Judge