Honorable Jamal N. Whitehead

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
### AT SEATTLE

| | | |
|---|---|---|
| VALVE CORPORATION, | ) | Case No.: 2:23-cv-01016 |
| | ) | |
| Plaintiff, | ) | |
| | ) | **MOTION FOR LEAVE TO WITHDRAW** |
| v. | ) | **AS COUNSEL FOR DEFENDANTS** |
| | ) | |
| LEIGH ROTHSCHILD, ROTHSCHILD | ) | |
| BROADCAST DISTRIBUTION | ) | |
| SYSTEMS, LLC, DISPLAY | ) | **Noted on Motion Calendar:** |
| TECHNOLOGIES, LLC, PATENT ASSET | ) | June 3, 2025 |
| MANAGEMENT, LLC, MEYLER LEGAL | ) | |
| PLLC, AND SAMUEL MEYLER | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Pursuant to Western District of Washington Local Civil Rule 83.2(b) and Washington Rule of Professional Conduct 1.16(b)(1, 5, 6), Donald R. McPhail and Eric R. Chad of Merchant & Gould P.C. (together, "Counsel"), hereby respectfully move for leave of the Court to withdraw as counsel for Defendants Leigh Rothschild; Rothschild Broadcast Distribution Systems, LLC; Display Technologies, LLC; Patent Asset Management, LLC; Meyler Legal PLLC; and Samuel Meyler (collectively, "Defendants"). Counsel understands that Defendants' local counsel, Matthew Cunanan of DC Law Group, intends to separately move to withdraw.

MOTION FOR LEAVE TO WITHDRAW AS COUNSEL FOR DEFENDANTS
Case No. 2:23-cv-01016

Merchant & Gould P.C.
150 South Fifth Street, Suite 2200
Minneapolis, MN 55402
(612) 336-4609

# **TABLE OF CONTENTS**

I.    INTRODUCTION ..................................................................................................... 1

II.   GOOD CAUSE SUPPORTS COUNSEL'S WITHDRAWAL............................................ 2

III.  A FORTY-FIVE DAY STAY WILL PROTECT DEFENDANTS' INTERESTS
WITHOUT UNDULY DELAYING THIS LITIGATION. ....................................................... 8

IV.   CONCLUSION ..................................................................................................... 10

MOTION FOR LEAVE TO WITHDRAW AS COUNSEL FOR DEFENDANTS
Case No. 2:23-cv-01016
Page i

Merchant & Gould P.C.
50 South Fifth Street, Suite 2200
Minneapolis, MN 55402
(612) 336-4609

1

## TABLE OF AUTHORITIES

2

**Page(s)**

3

**Cases**

4

*Amazon Studios LLC v. Content Deliver & Sec. Ass'n*,
5     No. C24-1789-KKE, 2025 WL 1159165 (W.D. Wash. Apr. 21, 2025)................................12

6 *Darbut v. Three Cities Rsch., Inc.*,
    No. 06-627-HA, 2008 WL 4426046 (D. Or. Sept. 30, 2008).................................................12
7

8 *Evolv Health, LLC v. Cosway USA, Inc.*,
    No. 2:16-cv-01602-ODW, 2017 WL 1534184 (C.D. Cal. Apr. 26, 2017)............................9

9
*Fed. Sols. Grp., Inc. v. H2L1-CSC, JV*,
10     No. 4:17-cv-05433-KAW, 2019 WL 4918256 (N.D. Cal. Oct. 4, 2019)...............................7

11 *Kellwood Apparel LLC v. Protrend Ltd.*,
    No. CV 20-00214-MWF, 2024 WL 3915096 (C.D. Cal. May 20, 2020) .............................9
12

13 *Kessler v. State Farm Fire & Cas. Co.*,
    No. 3:23-CV-05527-TMC, 2024 WL 4950136 (W.D. Wash. Dec. 3, 2024).......................10

14 *Leatt Corp. v. Innovation Safety Tech., LLC*,
15     No. 09-CV-1301-IEG (POR), 2010 WL 444708 (S.D. Cal. Feb. 2, 2010) ...........................6

16 *Locals 302 & 612 of Int'l Union of Operating Eng'rs Const. Indus. Health &*
    *Sec. Fund v. Meko Const., Inc.*,
17     No. C11-1113RAJ, 2012 WL 3812025 (W.D. Wash. Sept. 4, 2012) ...................................7

18 *Major League Trucking, Inc. v. Forsla LLC*,
19     No. C23-1119-KKE, 2024 WL 1741395 (W.D. Wash. Apr. 23, 2024)...............................12

20 *Nob Hill Catering, Inc. v. Back of the House LLC*,
    No. 4:22-cv-05197-KAW, 2024 WL 5339474 (N.D. Cal. Sept. 19, 2024) ....................8, 12

21
*Pac. Survey Grp., LLC v. Tyche High Seas Capital Corp.*,
22     No. C21-1712JLR, 2023 WL 4624469 (W.D. Wash. July 19, 2023) ..................................12

23 *Protingent, Inc. v. Gustafson-Feis*,
    No. 2:2:20-CV-01551-TL, 2022 WL 2479124 (W.D. Wash. July 6, 2022) ..............8, 10, 11
24

25 *Riley v. City of Tacoma*,
    No. 3:19-CV-6193-DWC, 2020 WL 13579500 (W.D. Wash. Nov. 25, 2020).....................9
26

27 *Saemie Corp. v. Coddington*,
    No. SACV 10-1251, 2011 WL 4964834 (C.D. Cal. Oct. 19, 2011) ......................................8

28

Merchant & Gould P.C.
50 South Fifth Street, Suite 2200
Minneapolis, MN 55402
(612) 336-4609

*Setty v. Shrinivas Sugandhalaya LLP*,
  No. C17-1147-MLP, 2024 WL 4723098 (W.D. Wash. Oct. 9, 2024) .............................6, 12

*Twins Special Co., Ltd. v. Twins Special, LLC*,
  No. 23-cv-JO-DDL, 2024 WL 1496214 (S.D. Cal. Apr. 5, 2024) .........................................7

*United States Fire Ins. Co. v. Oxbo Inc.*,
  No. 3:22-CV-05228-TMC, 2024 WL 1659526 (W.D. Wash. Apr. 17, 2024).....................10

*United States v. Carter*,
  560 F.3d 1107 (9th Cir. 2009) ...............................................................................................6

**Other Authorities**

Local Civil Rule 83.2 .............................................................................................1, 5, 6, 9, 11

Wash. R. Prof. Conduct 1.16...............................................................................................1, 6, 7

MOTION FOR LEAVE TO WITHDRAW AS COUNSEL FOR DEFENDANTS
Case No. 2:23-cv-01016
Page iii

Merchant & Gould P.C.
50 South Fifth Street, Suite 2200
Minneapolis, MN 55402
(612) 336-4609

1

<u>**MEMORANDUM OF POINTS OF AUTHORITIES**</u>

2

## I.    INTRODUCTION

3

Withdrawal is warranted in this case because Defendants have not paid for legal services

4

rendered. (Decl. of Donald McPhail (hereinafter "McPhail Decl.") ¶ 3.) Counsel has requested

5

that Defendants Leigh Rothschild; Rothschild Broadcast Distribution Systems, LLC; Display

6

Technologies, LLC; Patent Asset Management, LLC (together, the "Rothschild Defendants")

7

pay all Defendants' outstanding legal fees. Counsel and their support staff have sought payment

8

of outstanding legal fees from the Rothschild Defendants on multiple occasions, starting no later

9

than March 28, 2025.[1, 2] (McPhail Decl. ¶ 4, Exhibit 1.)(*Id.* at ¶ 4.) Counsel expressly informed

10

all Defendants that, unless the Rothschild Defendants promptly met certain financial

11

commitments in connection with the outstanding legal fees, Counsel would be left with no

12

alternative but to move to withdraw. (*Id.*) Defendants indicated that they would not meet those

13

obligations until the Rothschild Defendants' insurance carrier, which is presently refusing

14

coverage, agrees to cover their claim or is required by a Court to do so. The insurance coverage

15

dispute could take more than a year to resolve, with the outcome of such dispute unknown, and

16

requiring Counsel to stay on in this matter while not being paid places an unreasonable financial

17

burden on Counsel. Indeed, Counsel has already incurred a substantial amount of fees and

18

expenses which have not been paid and Counsel estimates that fees and costs through fact

19

discovery alone are likely to be hundreds of thousands of dollars (with fees and costs through

20

expert discovery and trial greatly exceeding the same).

21

Neither Defendants nor Plaintiff Valve Corporation ("Plaintiff") will be prejudiced by

22

Counsel's withdrawal. Expert discovery does not close for another four months. Dispositive

23

24

25

26

27

---

[1] On or around September 12, 2024, the Rothschild Defendants also received a copy of Merchant & Gould's standard Additional Terms of Representation, which nonpayment of outstanding legal fees would entitle Merchant & Gould to withdraw. (McPhail Decl. ¶ 2.) Counsel is willing to provide these Additional Term of Representation for in camera review if doing so would assist the Court in deciding this motion.

[2] Counsel is willing to provide communications substantiating Merchant & Gould P.C.'s efforts to collect its unpaid invoices for in camera review if doing so would assist the Court in deciding this motion.

28

MOTION FOR LEAVE TO WITHDRAW AS COUNSEL FOR DEFENDANTS
Case No. 2:23-cv-01016
Page 1

Merchant & Gould P.C.
50 South Fifth Street, Suite 2200
Minneapolis, MN 55402
(612) 336-4609

motions and *Daubert* motions are not due for nearly five months. While the Parties have engaged in extensive written discovery and document production, they have only completed one deposition to date, and trial is currently scheduled for seven months away, giving new counsel adequate time to learn the issues involved in the case to dutifully represent Defendants. (*See* Dkt. 61.) There is also no ongoing harm to Plaintiff. It is not suffering from, *e.g.*, ongoing competition from or lost sales due to Defendants' activities. Further, Defendants are aware that Counsel is pursuing this Motion and have already started looking for new counsel. These circumstances, coupled with the lack of prejudice to the Parties and the current stage of litigation, warrant granting Counsel's Motion to Withdraw. In compliance with Local Rule 83.2(b)(1), Counsel represents that a copy of this motion has been served on Defendants and counsel for Plaintiff. (McPhail Decl. ¶ 11.)

Separately, the Court should briefly stay this litigation to allow Defendants adequate time to secure substitute counsel to comply with Local Rule 83.2(b)(5), not to exceed forty-five (45) days. Such a stay will not prejudice the Parties. Defendants' actions that form the basis for Plaintiff's Complaint ceased years ago; there is no ongoing harm to Plaintiff that would be aggravated by a forty-five day stay. Additionally, Defendants are sophisticated parties that include lawyers and entities that otherwise frequently engage in litigation. Thus, obtaining substitute counsel should not cause any undue delay.

## II.    GOOD CAUSE SUPPORTS COUNSEL'S WITHDRAWAL.

Whether to grant an attorney's motion to withdraw is committed to the discretion of the trial court. *United States v. Carter*, 560 F.3d 1107, 1113 (9th Cir. 2009). Courts in the Ninth Circuit consider four factors when determining whether to grant a motion to withdraw as counsel: (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of this case. *See, e.g.*, *Setty v. Shrinivas Sugandhalaya LLP*, No. C17-1147-MLP, 2024 WL 4723098, at *1 (W.D. Wash. Oct. 9, 2024)

MOTION FOR LEAVE TO WITHDRAW AS COUNSEL FOR DEFENDANTS
Case No. 2:23-cv-01016
Page 2

Merchant & Gould P.C.
50 South Fifth Street, Suite 2200
Minneapolis, MN 55402
(612) 336-4609

1  (granting motion to withdraw and extending all deadlines by six months for new counsel to get

2  up to speed where client failed to comply with the terms of counsel's engagement); *Leatt Corp.*

3  *v. Innovation Safety Tech., LLC*, No. 09-CV-1301-IEG (POR), 2010 WL 444708, at *1 (S.D.

4  Cal. Feb. 2, 2010) (granting motion to withdraw where client failed to pay legal fees and giving

5  client three weeks to obtain new counsel). Each of these considerations supports Counsel's

6  withdrawal in this case.

7      **First**, a client's non-payment of its attorney's fees provides ample basis for allowing the

8  attorney to withdraw.  Rule 1.16 of the Washington Rules of Professional Conduct recognizes

9  that an attorney may withdraw from representing a client who "fails substantially to fulfill an

10  obligation to the lawyer regarding the lawyer's services and has been given reasonable warning

11  that the lawyer will withdraw unless the obligation is fulfilled" or where representation will result

12  in an unreasonable financial burden on the lawyer. Wash. R. Prof. Conduct 1.16(b)(5), (6). The

13  comments to Rule 1.16 make clear that a lawyer "may withdraw if the client refuses to abide by

14  the terms of an agreement relating to the representation, *such as an agreement concerning fees*

15  *or court costs.*" Wash. R. Prof. Conduct 1.16 cmt. [8] (emphasis added). *See Locals 302 & 612*

16  *of Int'l Union of Operating Eng'rs Const. Indus. Health & Sec. Fund v. Meko Const., Inc*., No.

17  C11-1113RAJ, 2012 WL 3812025 at *3 (W.D. Wash. Sept. 4, 2012) (granting leave to withdraw

18  in light of client's failure to pay fees); *see also Twins Special Co., Ltd. v. Twins Special, LLC*,

19  No. 23-cv-JO-DDL, 2024 WL 1496214, at *3 (S.D. Cal. Apr. 5, 2024) (granting motion to

20  withdraw based on failure to pay fees, finding that withdrawal was appropriate under California's

21  counterpart to Rule 1.16(b)(5)).

22      Here, if Counsel were required to stay on this litigation for the duration of fact discovery,

23  they would incur significant financial hardship. Counsel has incurred substantial unpaid legal

24  fees[3] and would likely incur hundreds of thousands of dollars more if they were required to

25  complete fact discovery, and even more through expert discovery. Plaintiff has issued subpoenas

26

27  [3] Counsel is willing to provide information and substantiation regarding the extent of these
   unpaid fees for in camera review if doing so would assist the Court in deciding this motion.

28

1   for eighteen nonparties in this litigation and has indicated its intent to seek the depositions of at

2   least five additional individual Defendants and Defendants' employees.[4] Counsel for Defendants

3   would likewise need to take necessary depositions on behalf of Defendants. Requiring Counsel

4   to engage in an extensive number of depositions, without receipt of payment for such legal work

5   or expenses, would cause significant financial hardship to Counsel. Moreover, expert discovery

6   is likely to require the expenditure of resources locating and retaining at least two experts (one

7   technical and one damages), preparation of their respective reports, defending the depositions of

8   Defendants' experts, and taking the depositions of Plaintiff's experts. The anticipated, tangible

9   costs associated with expert discovery are significant and further counsel granting Counsel's

10  Motion to Withdraw. *Cf. Fed. Sols. Grp., Inc. v. H2L1-CSC, JV*, No. 4:17-cv-05433-KAW, 2019

11  WL 4918256, at *1 (N.D. Cal. Oct. 4, 2019) (granting motion to withdraw where client failed to

12  pay not only attorney's fees, but also other costs and fees associated with prosecuting its lawsuit).

13  The unpaid legal fees to date and the significant, unpaid legal fees and costs expected to

14  be incurred as the case progresses amply justify withdrawal. *See Nob Hill Catering, Inc. v. Back*

15  *of the House LLC*, No. 4:22-cv-05197-KAW, 2024 WL 5339474, at *2 (N.D. Cal. Sept. 19, 2024)

16  ("[T]he Court will not require counsel to work without compensation[.]").

17  **Second**, Plaintiff will not be prejudiced by Counsel's withdrawal. Plaintiff's interests will

18  not be impaired given the extent of discovery completed to date. The Parties completed

19  substantial document production on April 25, 2025. (McPhail Decl. ¶ 9.) Defendants have

20  produced over 36,000 pages of documents and served and responded to multiple sets of discovery

21  requests. (*Id.*) Trial is still seven months away, giving Plaintiff (and Defendants) adequate time

22  to prepare its case. *See Protingent, Inc. v. Gustafson-Feis*, No. 2:2:20-CV-01551-TL, 2022 WL

23  2479124, at *2 (W.D. Wash. July 6, 2022) (finding no prejudice to the parties where defendant

24  was already in the process of obtaining a referral for substitute counsel and trial was just *five*

25  months away); *Saemie Corp. v. Coddington*, No. SACV 10-1251 DOC (PJWx), 2011 WL

26

27  _____

    [4] Plaintiff has not yet noticed any party depositions.

28
Merchant & Gould P.C.
                                                                50 South Fifth Street, Suite 2200
                                                                Minneapolis, MN 55402
                                                                (612) 336-4609

4964834, at *2 (C.D. Cal. Oct. 19, 2011) (no prejudice where trial was less than six months away). Critically, Defendants' actions that form the basis for this litigation ceased years ago; there is no ongoing harm to Plaintiff during this litigation. To the contrary, Plaintiff indicated that it may consent to withdrawal after the close of fact discovery, which demonstrates that Plaintiff is not facing immediate, irreparable injury. (McPhail Decl. ¶ 7, Ex. 1.)

To the extent that Plaintiff claims it would be prejudiced because there are a handful of ongoing discovery issues between the Parties, unresolved discovery disputes alone cannot prevent withdrawal. Nearly every litigation has discovery disputes. If Plaintiff's position were accepted, it would effectively prevent withdrawal from occurring during discovery in every case. Plaintiff's interests will not be harmed by Counsel's withdrawal or any resulting slight delay in this litigation and, even if there is some slight delay due to substitute counsel's need to get up to speed on this case, that does not outweigh the extreme prejudice to Counsel if it is required to continue as counsel in this matter without payment for legal services rendered.

**Third**, Counsel's withdrawal will not cause harm to the administration of justice. Defendants were aware that Counsel would file this motion if the Rothschild Defendants did not pay Defendants' legal fees and are aware of Counsel's intent to withdraw as expressed in this motion. *See Kellwood Apparel LLC v. Protrend Ltd.*, No. CV 20-00214-MWF (JPRx), 2024 WL 3915096, at *2 (C.D. Cal. May 20, 2020) (finding no harm to client where withdrawing attorney gave reasonable notice that they would withdraw if the client continued to breach their agreement). Indeed, Defendants have already begun the process of finding substitute counsel. (McPhail Decl. ¶ 5.) Defendants indicated that they oppose Counsel's withdrawal if they cannot procure new counsel. However, "the risk that substitute counsel will be difficult to obtain or that the client will be subject to a default judgment, does not justify denying a motion for withdrawal." *Evolv Health, LLC v. Cosway USA, Inc.*, No. 2:16-cv-01602-ODW (ASx), 2017 WL 1534184, at *4 (C.D. Cal. Apr. 26, 2017) (citation omitted) ("[T]he timing of [counsel's] withdrawal motion lies squarely at [client's] feet" where client failed to make required payments to its

MOTION FOR LEAVE TO WITHDRAW AS COUNSEL FOR DEFENDANTS
Case No. 2:23-cv-01016
Page 5

Merchant & Gould P.C.
50 South Fifth Street, Suite 2200
Minneapolis, MN 55402
(612) 336-4609

attorney). Defendants are sophisticated and include attorneys and entities that frequently engage in litigation, which suggests they are connected in the legal field and will not struggle to find substitute counsel. A short stay of no more than forty-five days, discussed herein, will further ensure that Defendants are not harmed by this withdrawal and that Counsel's withdrawal will cause no harm to the administration of justice.

**Finally**, Counsel's withdrawal will not substantially delay this litigation. The Local Rules provide that an attorney will ordinarily be permitted to withdraw until sixty days before the discovery cutoff date in a civil case. L.R. 83.2(b)(1). The Local Rules do not specify if the relevant discovery cutoff date is the fact discovery cutoff or the expert discovery cutoff. Nor does it state that an attorney would not be permitted to withdraw with less than sixty days. Here, the deadline to complete expert discovery is nearly four months from now, in September 2025. Thus, there is more than enough time for substitute counsel to get up to speed. *See Riley v. City of Tacoma*, No. 3:19-CV-6193-DWC, 2020 WL 13579500, at *2 (W.D. Wash. Nov. 25, 2020) (granting motion to withdraw in November 2020 where expert reports were not due until four months later, in March 2021). To the extent that the close of fact discovery is the relevant discovery cutoff date, the close of fact discovery is still forty-three days away. That the deadline to complete fact discovery is slightly less than sixty days away is not dispositive, and, here, the substantial financial burden that would be placed on Counsel to continue fact and expert discovery (as well as trial) warrants granting withdrawal. *E.g.*, *Protingent, Inc.*, 2022 WL 2479124, at *2 (granting motion to withdraw filed less than sixty days before the close of discovery where client failed to pay fees).

In indicating their intent to oppose this Motion, Plaintiff's counsel pointed to *Kessler v. State Farm Fire & Cas. Co.*, No. 3:23-CV-05527-TMC, 2024 WL 4950136, at *2 (W.D. Wash. Dec. 3, 2024), and *United States Fire Ins. Co. v. Oxbo Inc.*, No. 3:22-CV-05228-TMC, 2024 WL 1659526, at *1 (W.D. Wash. Apr. 17, 2024), to suggest that the sixty-day window acts as a "presumption against withdrawal." But neither case indicated whether the relevant date was the

MOTION FOR LEAVE TO WITHDRAW AS COUNSEL FOR DEFENDANTS
Case No. 2:23-cv-01016
Page 6

Merchant & Gould P.C.
50 South Fifth Street, Suite 2200
Minneapolis, MN 55402
(612) 336-4609

cutoff for expert discovery or fact discovery, and both cases are plainly distinguishable. *Kessler* involved an attorney who needed to withdraw due to mental health concerns, but who had colleagues within his firm who could take over the remainder of the litigation. In *Oxbo Inc*., the motion to withdraw was not filed until two months *after* the close of discovery, and the motion did not address the four factors the Ninth Circuit considers in determining whether to grant a motion to withdraw. Notably, the court in *Oxbo Inc*. recognized that any presumption against withdrawal may be overcome, but that the attorney had failed to provide any reason why the presumption was overcome there. By contrast, any supposed presumption against withdrawal is overcome here at least because of the significant financial hardship that Merchant & Gould P.C. would incur if it was to continue to serve as Counsel for Defendants without receiving payment for legal services rendered.

Moreover, for the reasons raised herein, neither Plaintiff nor Defendants will be prejudiced by the timing of Counsel's withdrawal. Counsel has participated in significant discovery to date, including producing over 36,000 pages of documents; serving interrogatories, requests for admission, and requests for production; and responding to three sets of requests for production and two sets of interrogatories (and serving three supplemental answers to the same). But to require Counsel to continue representing Defendants, without payment, would be unjust— particularly because dispositive motion deadlines are still nearly five months away. *Cf. Protingent, Inc.*, 2022 WL 2479124, at *2 (finding there would be no unreasonable delay in the resolution of the case where defendant was already obtaining substitute counsel, the parties had already participated in some discovery, and trial was over five months away).

Because of the significant hardship that has already been placed on Counsel and the even more extensive hardship that would be placed on Counsel, the current stage of the litigation, and that withdrawal will prejudice neither Plaintiff nor Defendants, good cause supports granting Counsel's Motion to Withdraw.

MOTION FOR LEAVE TO WITHDRAW AS COUNSEL FOR DEFENDANTS
Case No. 2:23-cv-01016
Page 7

Merchant & Gould P.C.
50 South Fifth Street, Suite 2200
Minneapolis, MN 55402
(612) 336-4609

### III.    A FORTY-FIVE DAY STAY WILL PROTECT DEFENDANTS' INTERESTS WITHOUT UNDULY DELAYING THIS LITIGATION.

To ensure that Defendants have adequate time to obtain new counsel, a forty-five day stay of this litigation is requested. Defendants are comprised of both individual defendants and business entities. Local Rule 83.2(b)(4) dictates that business entities must be represented by counsel. Pursuant to such Local Rule, Counsel represents that it has notified Defendants that Defendants Rothschild Broadcast Distribution Systems, LLC; Display Technologies, LLC; Patent Asset Management, LLC; and Meyler Legal PLLC are required by law to be represented by an attorney admitted to practice before the Western District of Washington and that failure to obtain a replacement attorney by the date the withdrawal is effective may result in the dismissal of Defendants Rothschild Broadcast Distribution Systems, LLC's counterclaim for failure to prosecute and/or entry of default against Defendants Rothschild Broadcast Distribution Systems, LLC; Display Technologies, LLC; Patent Asset Management, LLC; and Meyler Legal PLLC as to Plaintiff's claims. (McPhail Decl. ¶ 8.)

While Defendants have stated they have already begun searching for substitute counsel, to ensure that Defendants Rothschild Broadcast Distribution Systems, LLC; Display Technologies, LLC; Patent Asset Management, LLC; and Meyler Legal PLLC have adequate time to obtain new counsel to comply with Local Rule 83.2(b)(4), a temporary stay of this case is requested until Defendants have obtained substitute counsel, but in no event more than forty-five days. *Cf. Major League Trucking, Inc. v. Forsla LLC*, No. C23-1119-KKE, 2024 WL 1741395, at *2 (W.D. Wash. Apr. 23, 2024) (granting motion to withdraw, effective immediately, where business entity client failed to pay attorneys' fees, but giving business entity time to find substitute counsel); *Pac. Survey Grp., LLC v. Tyche High Seas Capital Corp.*, No. C21-1712JLR, 2023 WL 4624469, at *2 (W.D. Wash. July 19, 2023) (granting motion to withdraw and giving business entity defendants forty-three days to find substitute counsel, warning defendants that "failure to timely find substitute counsel may result in the dismissal of [their] counterclaims

and/or entry of default"). A maximum forty-five day stay for Defendants to obtain new counsel is both normal and adequate under these circumstances. *See, e.g.*, *Darbut v. Three Cities Rsch., Inc.*, No. 06-627-HA, 2008 WL 4426046, at \*3 (D. Or. Sept. 30, 2008) (granting motion to withdraw and providing 30 days for defendants to obtain new counsel). Indeed, courts in the Ninth Circuit granting motions to withdraw often provide much longer than the stay requested herein to procure substitute counsel. *Cf. Setty*, 2024 WL 4723098, at \*1 (extending all deadlines by six months to account for acquiring new counsel); *Nob Hill Catering, Inc. v. Back of the House LLC*, No. 4:22-CV-05197-KAW, 2024 WL 5339474, at \*3 (N.D. Cal. Sept. 19, 2024) (giving defendants nearly three months to find new counsel). A temporary stay until Defendants obtain substitute counsel, not to exceed forty-five days, will ensure that Defendants' interests are protected without unduly delaying this litigation.

Additionally, Western District of Washington precedent demonstrates that it is not dispositive that Defendants would be unrepresented during the duration of any stay. To the contrary, extensive caselaw in this District illustrates that the Court may provide Defendants with a short period of time to obtain substitute counsel—even without the stay requested herein. *E.g.*, *Amazon Studios LLC v. Content Deliver & Sec. Ass'n*, No. C24-1789-KKE, 2025 WL 1159165, at \*1 (W.D. Wash. Apr. 21, 2025) (granting motion to withdraw effective immediately and providing newly unrepresented business entity 28 days to obtain new counsel); *Major League Trucking, Inc.*, 2024 WL 1741395, at \*2 (similar); *Setty*, 2024 WL 4723098, at \*2 (similar); *Pac. Survey Grp., LLC*, 2023 WL 4624469 (similar).

Accordingly, the Court should grant a stay to give Defendants adequate time to find substitute counsel, not to exceed forty-five days. Counsel conferred with counsel for Plaintiff about withdrawing and the requested stay, and Plaintiff opposes this Motion. However, Plaintiff will not be prejudiced by a short stay. The actions complained of in this case occurred years ago and stopped; there is no ongoing harm that Plaintiff is experiencing that would be exacerbated by a stay.

MOTION FOR LEAVE TO WITHDRAW AS COUNSEL FOR DEFENDANTS
Case No. 2:23-cv-01016
Page 9

Merchant & Gould P.C.
50 South Fifth Street, Suite 2200
Minneapolis, MN 55402
(612) 336-4609

1

## IV.    CONCLUSION

2       For the reasons raised herein, good cause exists to grant Counsel's Motion to Withdraw,

3   and the Court should grant Counsel's motion to withdraw. The Court should also issue a

4   temporary stay for Defendants to find new counsel to comply with Local Rule 83.2(b)(4), not to

5   exceed forty-five days. Pursuant to Local Rule 83.2(b)(1), Counsel provides the following

6   contact information for Defendants:

7       Leigh Rothschild

8       1 East Broward Boulevard, Suite 700

9       Ft. Lauderdale, FL 33301

10      (954) 328-1931

11

12      Rothschild Broadcast Distribution Systems LLC

13      Attn: Daniel Falcucci

14      1 East Broward Boulevard, Suite 700

15      Ft. Lauderdale, FL 33301

16      (254) 677-8121

17

18      Display Technologies LLC

19      Attn: Daniel Falcucci

20      1 East Broward Boulevard, Suite 700

21      Ft. Lauderdale, FL 33301

22      (254) 677-8121

23

24      Patent Asset Management LLC

25      Attn: Daniel Falcucci

26      1 East Broward Boulevard, Suite 700

27

28

Merchant & Gould P.C.
50 South Fifth Street, Suite 2200
Minneapolis, MN 55402
(612) 336-4609

1      Ft. Lauderdale, FL 33301

2      (254) 677-8121

3

4      Meyler Legal PLLC

5      Attn: Samuel Meyler

6      1700 Westlake Avenue N, Suite 200

7      Seattle, WA 98109

8      (206) 876-7770

9

10      Samuel Meyler

11      109 27th Avenue

12      Seattle, WA 98112

13      (206) 335-7266

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MOTION FOR LEAVE TO WITHDRAW AS COUNSEL FOR DEFENDANTS      Merchant & Gould P.C.
Case No. 2:23-cv-01016      50 South Fifth Street, Suite 2200
Page 11      Minneapolis, MN 55402
(612) 336-4609

1

## <u>CERTIFICATE OF COMPLIANCE</u>

I certify that this Motion to Withdraw contains 3,414 words in compliance with the Local Civil Rules of the United States District Court for the Western District of Washington.

MOTION FOR LEAVE TO WITHDRAW AS COUNSEL FOR DEFENDANTS
Case No. 2:23-cv-01016
Page 12

Merchant & Gould P.C.
50 South Fifth Street, Suite 2200
Minneapolis, MN 55402
(612) 336-4609

Dated: May 13, 2025

Respectfully submitted,

By: /s/ Donald R. McPhail
Donald R. McPhail (admitted *pro hac vice*)
1900 Duke Street
Alexandria, Virginia 22314
Tel: (703) 518-4516
Fax: (612) 332-9081
Email: dmcphail@merchantgould.com

Eric R. Chad (admitted *pro hac vice*)
150 South Fifth Street, Suite 2200
Minneapolis, Minnesota 55402
Tel: (612) 332-5300
Fax: (612) 332-9081
Email: echad@merchantgould.com

*Attorneys for Defendants Leigh Rothschild,*
*Rothschild Broadcast Distribution Systems,*
*LLC, Display Technologies, LLC, Patent Asset*
*Management, LLC, Meyler Legal, PLLC, and*
*Samuel Meyler*