HON. JAMAL N. WHITEHEAD

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| VALVE CORPORATION, <br><br> Plaintiff, <br><br> v. <br><br> LEIGH ROTHSCHILD, ROTHSCHILD BROADCAST DISTRIBUTION SYSTEMS, LLC, DISPLAY TECHNOLOGIES, LLC, PATENT ASSET MANAGEMENT, LLC, MEYLER LEGAL, PLLC, AND SAMUEL MEYLER, <br><br> Defendants. | Case No. 2:23-cv-1016 <br><br> **VALVE'S MOTION TO COMPEL REQUEST FOR PRODUCTION NOS. 34, 35, AND 37; INTERROGATORY NO. 5; AND ESI SEARCH TERMS** <br><br> NOTE ON MOTION CALENDAR: **JUNE 6, 2025** <br><br> Complaint Filed:   07/07/2023 |

VALVE MOTION TO COMPEL
CASE NO. 2:23-CV-1016

- 1 -

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

# TABLE OF CONTENTS

Page(s)

I.  INTRODUCTION ..........................................................................................................1

II. BACKGROUND ............................................................................................................1

III. ARGUMENT ..................................................................................................................2

    A.  The Court should compel the Rothschild Defendants to produce financial records responsive to Request Nos. 34, 35, and 37 ..........................................................................................................................2

    B.  Defendant RBDS should be compelling to fully respond to Interrogatory No. 5 regarding validity contentions. ...........................................7

    C.  The Rothschild Defendants should be compelled to provide unique hit counts and review responsive documents to Valve's ESI search terms. ...............................................................................................8

    D.  Valve seeks its fees if it prevails in full or in part. ............................................12

IV. CONCLUSION .............................................................................................................12

VALVE MOTION TO COMPEL  
CASE NO. 2:23-CV-1016

- i -

Kilpatrick Townsend & Stockton LLP  
1420 Fifth Avenue, Suite 3700  
Seattle, WA 98101  
(206) 467-9600

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Amazon.com Servs. LLC v. Paradigm Clinical Rsch. Inst. Inc.*,
   No. 2:21-cv-00753, 2025 WL 1331830 (W.D. Wash. May 7, 2025) ..................... 12

*Analytical Technologies, LLC v. Starbucks Corp. v. counterclaim def. Rothschild*,
   No. 2:24-cv-445 (E.D. Tex.) ............................................................................... 5

*Bayer Healthcare Pharm., Inc. v. River's Edge Pharm., LLC*,
   No. 1:11-CV-1634, 2015 WL 11142425 (N.D. Ga. July 31, 2015), *report and
   recommendation adopted*, 2015 WL 11142428 (N.D. Ga. Sept. 22, 2015)....................... 7, 8

*Cancino Castellar v. McAleenan*,
   No. 3:17-CV-491-BAS-AHG, 2020 WL 1332485 (S.D. Cal. Mar. 23, 2020) ....................... 10

*CoStar Grp., Inc. v. Restb.AI, LLC.*,
   No. MC2200228CBMASX, 2023 WL 3325201 (C.D. Cal. Mar. 10, 2023) ........................... 11

*CrossFit, Inc. v. Nat'l Strength & Conditioning Ass'n*,
   No. 14-CV-1191 JLS (KSC), 2019 WL 6527951 (S.D. Cal. Dec. 4, 2019) ........................... 10

*Finjan, Inc. v. ESET, LLC*,
   No. 17-cv-183, 2018 WL 4772124 (S.D. Cal. Oct. 3, 2018) ............................................. 7, 8

*Halsey v. Croskrey*,
   No. 2:20-CV-00371-SMJ, 2021 WL 6139659 (E.D. Wash. Oct. 4, 2021)............................. 11

*Ho v. Marathon Pat. Grp., Inc.*,
   No. 521CV339PSGSPX, 2021 WL 8532066 (C.D. Cal. Nov. 22, 2021)................................ 11

*Homesite Ins. Co. of the Midwest v. Howell*,
   No. 2:21-CV-01389-JHC, 2022 WL 17601176 (W.D. Wash. Dec. 13, 2022) ........................ 6

*Iris Connex, LLC v. Dell, Inc.*,
   235 F. Supp. 3d 826 (2017)................................................................................................ 4

*Katana Silicon Techs. LLC v. Micron Tech.*, Inc.,
   671 F. Supp. 3d 1138 (D. Idaho 2023)................................................................................ 5

*Masimo Corp. v. Sotera Wireless, et al.*,
   No. 19-cv-1100-BAS (NLS), Dkt. 88 (S.D. Cal. Nov. 16, 2020).......................................... 10

*NAPCO, Inc. v. Landmark Tech. A, LLC*,
   555 F. Supp. 3d 189 (M.D.N.C. 2021)................................................................................ 5

VALVE MOTION TO COMPEL
CASE NO. 2:23-CV-1016                                   - -

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

*Park v. State Farm Fire and Cas. Co.*,
  No. 2-23-CV-01564-TL, 2024 WL 4494877 (W.D. Wash. Oct. 15, 2024) .............................. 6

*Russell v. T-Mobile USA, Inc.*,
  No. 2:24-CV-00255-MJP, 2025 WL 887362 (W.D. Wash. Mar. 21, 2025) .......................... 12

*Setty v. Shrinivas Sugandhalaya LLP*,
  No. C17-1146-MLP, 2025 WL 1126834 (W.D. Wash. Apr. 16, 2025) ................................ 12

*Vandervert Constr., Inc. v. Allied World Specialty Ins. Co.*,
  No. 2:21-CV-00197-MKD, 2022 WL 18781103 (E.D. Wash. Feb. 14, 2022) ...................... 6

**Statutes**

35 U.S.C. § 285 .................................................................................................................... 3, 4

R.C.W. 19.350.020(2)(d), (f), (g) ............................................................................................ 9

RCW 19.350.020(4)(c) ..................................................................................................... 6, 10

RCW 19.350.020(4)(d) ........................................................................................................... 6

RCW § 19.350.020(2) ............................................................................................................. 5

RCW § 19.350.020(2)(g) ........................................................................................................ 5

**Rules & Regulations**

Fed. R. Civ. P. 37(a)(5) ......................................................................................................... 12

VALVE MOTION TO COMPEL
CASE NO. 2:23-CV-1016

- i -

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

## I.    INTRODUCTION

This Court recently commented that the "record suggests … the Rothschild Defendants have engaged in a pattern of delays in responding to Valve's [first set of] discovery requests." Dkt. 78 at 1–2. Defendants' responses to Valve's second set of discovery and its refusal to use the Court's Joint Expedited Discovery procedure continue this pattern of delay by standing on baseless objections and refusing to search for relevant information.

Even though the deadline for substantial competition of document production passed weeks ago (April 25), the Rothschild Defendants'[1] ongoing resistance to search for legitimately requested materials means Valve finds itself preparing for depositions without anything close to a complete written record. The fast-approaching June 25 discovery deadline also means that the prejudice Defendants impart on Valve increases by the day. Valve needs time to review, understand, and select what documents to use during depositions of Defendants' witnesses; Defendants' actions hinder this unquestionably critical discovery process.

This second discovery dispute arose because the Rothschild Defendants:

- refuse to search for, let alone produce, basic financial documents;
- refuse to respond to a validity contention interrogatory that courts routinely approve of; and
- take an unreasonable position regarding Valve's attempts to negotiate search terms.

Valve requests that the Court compel the Rothschild Defendants to comply with their discovery obligations and produce requested financials, respond to an unobjectionable interrogatory, and run appropriately requested search terms.[2]

## II.    BACKGROUND

The Rothschild Defendants served their objections and responses to Valve's second set of requests for production and interrogatories on April 4, 2025. Valve sent Rothchild Defendants a

---

[1] The Rothschild Defendants include Leigh Rothschild ("Rothschild), Patent Asset Management, LLC ("PAM"), Rothschild Broadcast Distribution Systems, LLC ("RBDS"), and Display Technologies, LLC ("DT" or "Display Technologies").

[2] Should the Rothschild Defendants continue to resist providing basic discovery, Valve reserves the right to seek the Court's permission to take fact depositions beyond the June 25 deadline.

VALVE MOTION TO COMPEL
CASE NO. 2:23-CV-1016                             - 1 -

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA  98101
(206) 467-9600

letter on April 17, noting a number of deficiencies in their responses, including the issues before the Court in this motion. The parties conferred on April 30, 2025 and reached an impasse on certain issues.[3] On May 8, Valve informed Defendants of its intent to move to compel. Ex. 8.

On May 13, Valve served on the Rothschild Defendants its portion of a Joint Discovery dispute submission as the parties had previously agreed to this procedure (Dkt. 72) and in light of the Court's Chamber Procedures "urg[ing] the parties to use the District's Expedited Joint Motion Procedure for discovery disputes." The Rothschild Defendants, however, refused to agree to use this joint procedure unless Valve would allow the parties exchange of positions to occur on the same schedule as if it was a noticed motion under LCR 7(d)(3). Ex. 16.

## III.    ARGUMENT

### A.    The Court should compel the Rothschild Defendants to produce financial records responsive to Request Nos. 34, 35, and 37

This suit focuses on whether, collectively, the Rothschild Defendants violated the Washington Patent Troll Prevention Act by asserting a patent claim against Valve in bad faith. Through Request Nos.[4] 34, 35, and 37,[5] Valve seeks targeted, financial discovery that relates to this core claim. Despite each of these requests merely seeking "Documents sufficient to show" this relevant financial information, Defendants refuse even to search for responsive documents. Defendants stand on the objection that such financial discovery is irrelevant and unduly burdensome. They are wrong.

Insight into the Rothschild Defendants' finances (including how they move money among each other and among Rothschild's related companies), is relevant to determine Defendants' bad

---

[3] Merchant & Gould informed Valve of its intent to withdraw as counsel two days after the parties conferred. It has been more than two weeks since that meet and confer, and Defendants made numerous promises to inform Valve whether any compromise positions could be reached as to Request Nos. 42, 62, 65, 68–72 and other outstanding requests agreed to via email summarized in Exhibit 8. Defendants' failure to respond to these issues prevents the parties from reaching an impasse and continues to delay discovery less than six weeks before the close of fact discovery.
[4] Valve references its numbered requests to RBDS for exemplary purposes. Ex. 7 contains the corresponding requests for, and objections/responses from, Defendants Rothschild, PAM, and Display Technologies.
[5] Valve does not seeking to compel these stated from Related Companies at this time but reserves the right to do so after review of material produced in response to any resulting Court order.

faith and whether their counterclaims make this an exceptional case. Whether Rothschild has kept Defendants Display Technologies and RBDS as barely solvent shell companies used to shield Rothschild from personal liability from potential fee shifting is relevant to Valve's claims. Valve seeks relevant information regarding whether Rothschild, through his patent-holding entities, embarked on a campaign of meritless assertions knowing he was protected behind his companies which, in turn, were essentially immune from having to pay any fee award that a court might impose because Rothschild strategically depleted their financial accounts.

Valve already has significant evidence of Defendants' bad faith and meritless assertions purely against Valve. Defendant Display Technologies, for instance, has gone after Valve on numerous occasions in the past decade, including most recently accusing and suing Valve for infringing a patent (the '723 patent) to which Valve was already licensed. The same is true of RBDS's June 2023 assertion and its *current* counterclaim that Valve allegedly infringes the '221 Patent (Dkt. 80, Counterclaim ¶¶ 14-21). Valve, however, has a license to that very patent under the GSLA, and RBDS does not assert Valve is in breach of that Agreement. Dkt. 80 at Answer to ¶32 ("Valve has a valid and enforceable covenant not to sue for the '221 Patent from Defendants."). For this reason (and others), Valve will seek a finding that Defendants' case is exceptional under Section 285. *See* Ex. 1 (Valve § 285 ltr.) ("Due to Defendants' baseless allegations, Valve continues to incur unnecessary costs defending against infringement claims related to a patent it already licensed. If Defendants do not withdraw their infringement counterclaim, Valve will seek its fees and costs incurred as a result of being forced to defend itself....")

The need for financial discovery under such circumstances is not novel. In the context of patent trolls preemptively attempting to protect their true bad-actor owners from liability under 35 U.S.C. § 285, the U.S. District Court for the Eastern District of Texas found:

> [T]he threat of Section 285 looming overhead provides a check and balance meant to deter exceptional cases by imposing a direct and significant financial risk. For such a deterrent to mean something it must reach the person or entities that cause or contribute materially to the exceptional nature of the case … However, if recourse can only be had against a *judgment-proof shell company*, no such incentive exists.

VALVE MOTION TO COMPEL
CASE NO. 2:23-CV-1016

- 3 -

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

> The lack of deterrence caused by *empty shell plaintiffs* negates the incentive to vigorously defend against meritless claims when there are no practical means by which to recover costs. As explained herein, the Court is persuaded that *Iris Connex v. Dell* never would have been filed but for Mr. Yates' [the *Iris Connex* equivalent of Mr. Rothschild] calculated assumption that he could insulate himself personally from the possible application of Section 285.

*Iris Connex, LLC v. Dell, Inc.*, 235 F. Supp. 3d 826, 845–46 (2017) (emphasis added).

The court explained additional reasons why a troll plaintiff's financial machinations are relevant to Section 285. In particular, it found significant the fact that "Mr. Yates made an intentional decision to create and *undercapitalize* [named plaintiff] Iris Connex as an empty shell … The fact that Iris Connex was part of a pattern of setting up empty shell companies is not lost on this Court. This suggests to the Court that Mr. Yates intended to game the judicial system as part of a pattern of continuing conduct." *Id.* at 851.

Whether any of the relevant Defendants are "empty shells" requires Valve to know their financial history, precisely the type of information it seeks through Requests 34, 35, and 37. Valve's requests legitimately seek discovery bearing on this question without simply asking the Rothschild Defendants to admit they are "empty shell[s]" Rothschild created to "game the judicial system." Public information reveals that neither Rothschild himself nor PAM actually file patent cases. Rather, Rothschild files suit through his numerous patent-holding companies—like RBDS and Display Technologies—whose only purpose appears to be asserting patents obtained from Rothschild and often naming Rothschild as the purported inventor. Valve's requested financial discovery will help it and the Court determine whether Rothschild, like *Iris Connex*'s Mr. Yates, is attempting to "game" the system through, in part, strategic movement of funds among his companies.

Even without the benefit of discovery from Rothschild, Valve has reason to believe he intentionally undercapitalizes his patent-holding companies, thus turning them into judgment-proof empty shells and making them the perfect vehicle for asserting patents in bad faith:

- In an article published months after Valve filed its Second Amended Complaint, a lawyer who has frequently dealt with Rothschild's meritless infringement assertions

VALVE MOTION TO COMPEL
CASE NO. 2:23-CV-1016
- 4 -
Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

stated that, even when her defense-clients prevail against his companies, "we never get the money because the shells go bankrupt." Ex. 2 (Bloomberg article);[6] *see also* Ex. 3 (*Analytical Technologies, LLC v. Starbucks Corp. v. counterclaim def. Rothschild*, No. 2:24-cv-445, (E.D. Tex.)), Amended Answer (Dkt. 31) at 17/29, ¶ 79 (Starbucks contending that "Rothschild creates underfunded shell entities to protect himself from personal liability" and identifying two times when Rothschild and his companies failed to pay attorneys' fees owed).

- Rothschild admitting in a declaration that his company Connected Devices Innovations, LLC ("RCDI") "does not have any assets other than the patents listed above and a *de minimus* amount in its lone bank account." Ex. 3 (Rothschild declaration), ¶3. *See also* Ex. 5 (RCDI response to ADS motion for order to show cause), ¶ 4 ("At this time, RCDI does not have the ability to pay the fee award to ADS").

Valve's requested financial discovery is independently relevant to the Court's analysis of Defendants' bad faith under the Washington Patent Troll Prevention Act, at the very least under RCW § 19.350.020(2)(g), which gives the Court broad discretion to consider "[a]ny other factor the court determines to be relevant" when deciding whether a particular assertion amounts to bad faith.[7] *Katana Silicon Techs. LLC v. Micron Tech.*, Inc., 671 F. Supp. 3d 1138, 1159 (D. Idaho 2023) (finding that, under the Idaho Anti-Troll Act, "the state 'has a strong interest in making sure that prevailing ... companies sued by abusive patent assertion[ ] entities can recover what is awarded to them.'" ) (emphasis added) (quoting N.C. Gen. Stat. § 75-141(9); *see also NAPCO, Inc. v. Landmark Tech. A, LLC*, 555 F. Supp. 3d 189, 221 (M.D.N.C. 2021) (discussing the North Carolina Anti-Troll Act's focus on "preventing bad faith assertions of patent infringement by

---

[6] *See also* Ex. 1 ("The coffee company accuses Rothschild of exploiting a dynamic where risk-averse companies will settle patent suits quickly to avoid the high cost of mounting a defense—and where recouping the cost of defending a suit by pursuing fees from often poorly capitalized and judgment-proof patent-holding LLCs is a crapshoot.").

[7] RCW § 19.350.020(2) lists "non-exclusive factors" the Court may consider in evaluating bad faith.

VALVE MOTION TO COMPEL
CASE NO. 2:23-CV-1016
- 5 -
Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

entities that lack cash or other assets, as these entities were unlikely to be deterred from preying on local businesses by preexisting law.").

The Rothschild Defendants' financials are similarly independently relevant to their defense that they asserted patents against Valve in good faith. *See, e.g.*, Dkt. 40 at 17-18. Section 4(c) of the Troll Prevention Act addresses whether Defendants successfully enforced patents. Section 4(d) asks whether they invested in those patents. Financial records will shed light on these questions, with the answers potentially supporting Defendants' arguments or giving Valve relevant discovery to counter Defendants' allegations of good faith.

The financial discovery is separately relevant to patent issues raised by Valve's invalidity claim and RDBS's infringement counterclaim: patent validity can depend on the commercial success of the alleged invention, and damages calculations in patent cases are tied to licensing revenues.

Moreover, Rothschild Defendants' boilerplate objections regarding burden or lack of proportionality are "improper on their face." *Park v. State Farm Fire and Cas. Co.*, No. 2-23-CV-01564-TL, 2024 WL 4494877, at *12 (W.D. Wash. Oct. 15, 2024); *Homesite Ins. Co. of the Midwest v. Howell*, No. 2:21-CV-01389-JHC, 2022 WL 17601176, at *3 (W.D. Wash. Dec. 13, 2022) ("General or boilerplate objections such as 'overly burdensome and harassing' are improper."); *Vandervert Constr., Inc. v. Allied World Specialty Ins. Co.*, No. 2:21-CV-00197-MKD, 2022 WL 18781103, at *4 (E.D. Wash. Feb. 14, 2022) (finding objections that a request is "overbroad, unduly burdensome, not relevant to any party's claim, not proportional to the needs of the case, confidential, proprietary, harassing, seeking privileged work-product and attorney-work product" to be "so meaningless . . . that some courts deem boilerplate objections unworthy of any discussion at all").

Defendants cannot withhold their financial information from Valve under a spurious allegation of irrelevancy.

### B. Defendant RBDS should be compelling to fully respond to Interrogatory No. 5 regarding validity contentions.

Valve asks Defendant RBDS to explain its contention, if any, that the '221 Patent claims are not invalid over Valve's cited prior art. Ex. 15. In response to this common *validity* contention interrogatory, RBDS raises a slew of objections. However, the only objection RBDS relied on in the parties' meet and confer was its objection that information responsive to this interrogatory was entirely within the realm of expert and not fact discovery. Ex. 8 (Valve ltr. summarizing meet and confer) at 1.

RBDS, however, cannot force Valve to wait until the deadline for rebuttal expert reports to learn the facts it relies on to advance validity theories. Indeed, courts within the Ninth Circuit have granted motions to compel precisely this type of information during fact discovery. *See, e.g.*, *Amgen Inc. v. Sandoz Inc.*, No. 14-cv-04741, 2017 WL 1352052 (N.D. Cal. 2017); *see also Finjan, Inc. v. ESET, LLC*, No. 17-cv-183, 2018 WL 4772124, at *4 (S.D. Cal. Oct. 3, 2018).

In *Amgen*, Sandoz served the following interrogatory: "Describe in detail all of your bases for contending that each of the asserted claims of the Patents-in-suit is not invalid, including but not limited to your complete rebuttal to Defendants' Invalidity Contentions in this action." *Id.* at *1. Amgen, much like RBDS here, "object[ed] to this Interrogatory as seeking information that is properly within the scope of expert discovery, and is therefore premature." *Id.* (quoting Amgen interrogatory response).

The court granted Sandoz's motion to compel. In doing so, the court explained that "Interrogatory Nos. 15 and 16 are not improper to the extent they seek only facts, not how an expert would construe those facts. Interrogatory No. 15 seeks the factual basis for Amgen's allegations, information to which Sandoz is entitled." *Id.* at *2 (citing Fed. R. Civ. P. 26(b)(1) and collecting cases). This Court should grant Valve's motion to compel for the very same reason. RBDS cannot refuse to respond to Valve's interrogatory simply because it may eventually retain an expert to analyze as-yet unknown facts to reach a legal conclusion that the asserted patent is not invalid. *Id.*; *see also, e.g.*, *Bayer Healthcare Pharm., Inc. v. River's Edge Pharm., LLC*, No. 1:11-CV-1634, 2015 WL 11142425, at *7 (N.D. Ga. July 31, 2015), *report and recommendation*

*adopted*, 2015 WL 11142428 (N.D. Ga. Sept. 22, 2015) (explaining that the "fact that an expert would ultimately put the facts together to support the legal theory in an opinion is of no consequence as to whether a responding party must timely supplement" the interrogatory).

Particularly on point here, the *Finjan* court ordered the patent holder to answer a similar interrogatory given its extensive litigation history because "Finjan is likely to have some insight into the validity of its patents over prior art . . . ." *Finjan,* 2018 WL 4772124, at *4.

RBDS has a similarly extensive litigation history, with 124 total patent infringement cases naming it as a party (each involving the same patent at issue here). Ex. 6 (Docket Nav. printout). Like Finjan, RBDS surely has insight into the validity of its patent and should be made "to explain the principal and material factual and legal bases for it position that the patent[]-in-suit [is] not invalid." *See Finjan*, 2018 WL 4772124, at *4.

### C. The Rothschild Defendants should be compelled to provide unique hit counts and review responsive documents to Valve's ESI search terms.

**Valve's proposed search terms:**

1. Infringe OR infringes OR infringement OR infringing OR infringer OR demand OR threat OR assert OR target OR campaign OR enforce OR sue OR lawsuit

2. Settlement OR license OR agreement

(Limited in time to before June 7, 2023; To be run on Outlook for Defendants' ESI custodians Daniel Falcucci, Christina Arias, and Defendant Leigh Rothschild)

Valve has already explained to the Court the Rothschild Defendants' failure to timely negotiate search terms and provide hit counts. Dkt. 75 at 5-7. Valve served its original search terms on December 20, 2024. Dkt. 75-20. After Defendants provided Valve information regarding their limited search capabilities, Valve served revised search terms on January 22, 2025 "[t]o accommodate the syntax requirements." Ex. 10 (Valve search term ltr.) Defendants then waited almost two months to provide hit counts and raise objections to these terms. Despite Valve's attempts to negotiate scope and propose compromises, including narrowing the timeframe for those terms, Defendants refuse even to review responsive documents.

The following are the resulting non-unique hit counts for the first search term:

VALVE MOTION TO COMPEL
CASE NO. 2:23-CV-1016
- 8 -
Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

1      o   Falcucci Outlook – 807

2      o   Arias Outlook – 522

3      o   Rothschild Outlook – 398

4      o   <u>Total:</u> 1,727

5    For the second search, the non-unique numbers were of a similar scale for the relevant

6    custodians:

7      o   Falcucci Outlook – 754

8      o   Arias Outlook – 453

9      o   Rothschild Outlook – 161

10     o   <u>Total:</u> 1,368

11    All of Defendants' objections[8] to these search terms should be overruled. First, the search

12    terms are relevant to the issues in this case. For example, the Washington Troll Act makes relevant

13    Defendants' pattern of threatening and filing bad faith lawsuits. R.C.W. 19.350.020(2)(d), (f), (g).

14    While these search terms were originally identified to search for documents responsive to Valve's

15    first set of document requests, Defendants stated that they would "use [] the search terms that the

16    parties have already agreed upon" to search for documents responsive to Valve's second set of

17    document requests as well. Ex. 11.

18    The first disputed search term is directed towards identifying other assertions of patent

19    infringement made by Defendants. This will allow Valve to explore whether they engaged in a

20    pattern of threatening action that cannot be legally taken or if Defendants have filed or threatened

21    to file lawsuits that have been found to be meritless or containing false, misleading, or deceptive

22    information. As just some examples, this search term would uncover documents relating to

23    demand letters (RBDS Request Nos. 3, 10; PAM Request No. 4) and whether Defendants

24    successfully enforced patents substantially similar to the '221 Patent during litigation (RBDS

---

[8] Defendants did not serve formal objections to these search terms. Defendants' position is set forth in the April 8, 2025 email between counsel. Similar objections were made to prior iterations of these search terms set forth in correspondence between the parties. Ex. 9.

Request No. 28 & RCW 19.350.020(4)(c)).[9] To date, it does not appear that the Rothschild Defendants have produced any demand letters sent to third parties at all.[10] Therefore, this search term is likely to uncover relevant, responsive, and non-duplicative documents in this case. Further, with the limitations in Boolean search capabilities offered by Defendants' systems, Valve is limited in how it can further narrow this search term.

Valve's second search term is relevant to how Defendants monetize their patents and particularly to identify negotiations for all such agreements. *See, e.g.*, RBDS Request No. 5; DT Request No. 5.[11] For example, while Defendants have produced a number of agreements relating to the '221 Patent, Defendants' have produced little negotiation material for those agreements. It is likely negotiations occurred via email and appear to not have been caught by any of Valve's other search terms run by Defendants. Therefore, the unique hits to this search terms are likely to yield relevant and non-duplicative information.

Second, these hit counts are facially reasonable. Courts within the Ninth Circuit have compelled parties to review documents responsive to search terms with far higher hit counts. *See, e.g., Masimo Corp. v. Sotera Wireless, et al.*, No. 19-cv-1100-BAS (NLS), Dkt. 88 at 3–4 (S.D. Cal. Nov. 16, 2020) (compelling party to review documents responsive to search term with over 5,000 hits); *see also CrossFit, Inc. v. Nat'l Strength & Conditioning Ass'n*, No. 14-CV-1191 JLS (KSC), 2019 WL 6527951, at *2–3 (S.D. Cal. Dec. 4, 2019) (agreeing to review hundreds of thousands of documents). Defendants have failed to allege any facts besides the number of hit counts themselves and thus have failed to meet their burden to "allege specific facts" supporting their burdensome objection. *Cancino Castellar v. McAleenan*, No. 3:17-CV-491-BAS-AHG, 2020 WL 1332485, at *6 (S.D. Cal. Mar. 23, 2020).

Moreover, Defendants' hit counts are inflated because of Defendants' failure to comply

---

[9] Ex. 12 contains the corresponding requests for Defendants Rothschild, PAM, and Display Technologies.

[10] The few demand letters produced in this case appear to be from Samuel Meyler and/or Meyler PLLC as opposed to the Rothschild Defendants.

[11] Ex. 13 contains the corresponding requests for Defendants Rothschild, PAM, and Display Technologies.

with the Court's ESI Order. The hit counts provided by Defendants are not "unique hit counts" required by the ESI Order. Dkt. 51, § C.2.a.i. By Defendants' own admissions, the unique hit counts for these search terms are likely far lower due to overlap with results from other search terms. Ex. 9 at 2 ("To the extent any of the documents encompassed by these hits are relevant, they are likely to be encompassed by our other search terms…."). Because the unique hit counts are likely lower than the already reasonable hit counts provided above, Defendants' burden objection cannot be sustained. *See, e.g.*, *CoStar Grp., Inc. v. Restb.AI, LLC.*, No. MC2200228CBMASX, 2023 WL 3325201, at *4 (C.D. Cal. Mar. 10, 2023) (finding no undue burden when party "did not indicate the number of unique documents").

Third, Defendants' objections are speculative. Defendants only allege the search terms "are *likely* to be encompassed by our other search terms" and "*likely* to encompass privileged and/or work product information making the review unduly burdensome." Ex. 9 at 2 (emphasis added); *see Halsey v. Croskrey*, No. 2:20-CV-00371-SMJ, 2021 WL 6139659, at *4 (E.D. Wash. Oct. 4, 2021) (overruling objections because "[a]t best, Defendants' objection on this ground is conclusory and speculative"); *accord Ho v. Marathon Pat. Grp., Inc.*, No. 521CV339PSGSPX, 2021 WL 8532066, at *3 (C.D. Cal. Nov. 22, 2021).

Finally, Defendants have not engaged in good faith negotiations as required by this Court's Chamber Procedures, Section 3.1. Unlike other search terms discussed by the parties, Defendants have never made any "affirmative suggestions" or provided any "compromise" that would make these search terms acceptable to Defendants. Chamber Procedures, § 3.1; *compare* Ex. 9 at 3 (proposing revised search terms), *with* Ex. 9 at 2 (refusing to review responsive documents). Valve, however, has proposed multiple modifications to these search terms to both comply with the limited search capability available in Outlook and to reduce the number of hits. Exs. 10 & 14. Defendants simply refused to engage in any meaningful attempt to compromise.

Valve requests that the Court overrule Defendants' objections and order them to review the results of these search terms rather than let Defendants rest on their speculative objections.

VALVE MOTION TO COMPEL
CASE NO. 2:23-CV-1016

- 11 -

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

**D.     Valve seeks its fees if it prevails in full or in part.**

Should Valve prevail on its motion, Valve requests the "reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A) & (C). "This award is mandatory unless the court finds that the opposing party's position was substantially justified or that other circumstances make an award of expenses unjust." *Setty v. Shrinivas Sugandhalaya LLP*, No. C17-1146-MLP, 2025 WL 1126834, at *1 (W.D. Wash. Apr. 16, 2025).

The Rothschild Defendants' position is not substantially justified, as discussed above. Further, no circumstances would make a fee award unjust. "To the contrary, Defendants' pattern of delay and noncompliance has unnecessarily prolonged discovery and increased litigation costs." *Amazon.com Servs.*, 2025 WL 1331830, at *5. Because the Rothschild Defendants refused to proceed under the Court's Joint Expedited Discovery process, Valve does not yet know the full extent of expenses and fees in bringing this motion and requests an opportunity for supplemental briefing on the issue of reasonable expenses and fees once the Court has ruled on Valve's motion. *See, e.g.*, *Russell v. T-Mobile USA, Inc.*, No. 2:24-CV-00255-MJP, 2025 WL 887362, at *3 (W.D. Wash. Mar. 21, 2025).

**IV.     CONCLUSION**

For all the reasons stated above, Valve respectfully requests that the Court grant Valve's motion to compel and grants Valve's its reasonable expenses and fees in bringing this motion.

VALVE MOTION TO COMPEL
CASE NO. 2:23-CV-1016

- 12 -

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

| | | |
|---|---|---|
| 1 | DATED: May 16, 2025 | Respectfully submitted, |
| 2 | | KILPATRICK TOWNSEND & STOCKTON LLP |

By:  /s/ *Dario A. Machleidt*
    Dario A. Machleidt (State Bar No. 41860)
    Kathleen R. Geyer (State Bar No. 55493)
    Christopher P. Damitio (State Bar No. 58633)
    1420 Fifth Avenue, Suite 3700
    Seattle, WA 98101
    Telephone:  (206) 467-9600
    dmachleidt@kilpatricktownsend.com
    kgeyer@kilpatricktownsend.com
    cdamitio@kilpatricktownsend.com

Andrea A. Anderson (*pro hac vice*)
1400 Wewatta Street, Suite 600
Denver, CO 80202
Telephone:  (303) 607-3233
E-mail:  andie.anderson@ktslaw.com

Attorneys for Plaintiff
VALVE CORPORATION

I certify that this memorandum contains 4,166 words, in compliance with the Local Civil Rules.

VALVE MOTION TO COMPEL
CASE NO. 2:23-CV-1016

- 13 -

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA  98101
(206) 467-9600

## CERTIFICATE OF CONFERENCE

I hereby certify that the Parties met via teleconference on April 30, 2025, in an attempt to resolve the disputes addressed in this Motion to Compel after exchanging numerous substantive correspondence on these issues. Participating in the conference on behalf of Defendants were Paige S. Stradley and Elisabeth (Bette) Muirhead from the law firm Merchant & Gould. Participating in the conference on behalf of Valve were Dario A. Machleidt, Kathleen R. Geyer, and Andrea A. Anderson from the law firm Kilpatrick Townsend. The Parties were unable to resolve the dispute during the teleconference.

/s/ Dario A. Machleidt
Dario A. Machleidt

VALVE MOTION TO COMPEL
CASE NO. 2:23-CV-1016

- 14 -

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600