# EXHIBIT 1



**Kilpatrick Townsend & Stockton LLP**    Suite 3700, 1420 Fifth Avenue
ktslaw.com    Seattle, WA 98101

May 9, 2025

direct dial 206 224 2857
direct fax 206 299 3458
dmachleidt@ktslaw.com

*Via Email*

Donald McPhail
Eric R. Chad
Paige S. Stradley
Merchant & Gould
150 S 5th St Unit 2200,
Minneapolis, MN 55402

> Re:   *Valve Corp. v. Leigh Rothschild et al*., No. 2:23-cv-1016 (W.D. Wash.) –
> Defendants' counterclaim of infringement of U.S. Patent No. 8,856,221

Counsel:

Defendants must immediately dismiss their counterclaim for infringement of U.S. Patent No. 8,856,221 (the "'221 patent) because Defendants—again—assert infringement of a patent that Valve is already licensed to.

Defendants admitted that the 2016 Global Settlement and License Agreement ("GSLA") granted Valve a "perpetual, irrevocable, royalty-free, fully paid-up, worldwide license" to patents controlled by Leigh Rothschild. Dkt. 80 at Answers to ¶¶ 12-13. Defendants also admitted that the '221 patent is expressly listed in the GSLA as a patent Valve has a license to. Dkt. 80 at Answer to ¶ 28. The GSLA is thus a complete defense to Defendants' patent infringement claim. *See* Section 271(a) ("whoever without authority" performs certain acts "infringes"); *FireBlok IP Holdings, LLC v. Hilti, Inc.*, 855 F. App'x 735, 738 (Fed. Cir. 2021) (affirming summary judgment of noninfringement for licensed products). Defendants have made no allegations that Valve breached the GSLA nor any other basis to excuse Defendants' performance under the GSLA. *See generally* Dkt. 80.

Defendants' claim of infringement of the '221 patent is thus objectively unreasonable in light of the law and facts of the case. *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 545 (2014) (holding that courts may consider "the substantive strength of a party's litigating position" when determining if the case "stands out from the others"). Courts uniformly conclude that a case is exceptional and warrants fee shifting under Section 285 where a patent owner asserts infringement of a patent in the face of an existing license. *See, e.g.*, *Brilliant Optical Sols., LLC v. Comcast Corp*., No. 13-CV-00886-REB, 2015 WL 1476691, at *3 (D. Colo. Mar. 27, 2015) (awarding fees under 35 U.S.C. § 285 because "[defendant] had a license to use the covered device or devices in the manner at issue here. Such a license is a complete defense to a claim of infringement …. Prosecution of an infringement claim in the face of such a license is objectively unreasonable"); *Bayer CropScience AG v. Dow AgroSciences LLC*, No. cv 12-256-RMB-JS, 2015 WL 108415, at *4 (D. Del. Jan. 5, 2015), report and recommendation adopted in relevant part, No. CV 12-256-RMB-JS, 2015 WL 1197436 (D. Del. Mar. 13, 2015),

Page 2

aff'd, 851 F.3d 1302 (Fed. Cir. 2017) (awarding fees and finding plaintiff's infringement claims baseless because "Bayer insisted on forging ahead while it unsuccessfully searched for a theory to defeat Dow's license or contract defense").

Due to Defendants' baseless allegations, Valve continues to incur unnecessary costs defending against infringement claims related to a patent it already licensed. If Defendants do not withdraw their infringement counterclaim, Valve will seek its fees and costs incurred as a result of being forced to defend itself, including but not limited to all fees and costs relating to discovery into Valve's Steam Cloud platform, all depositions relating to Valve's Steam Cloud platform, and expert costs for non-infringement report.[1]

Please confirm by May 14, 2025, that Defendants will agree to dismiss their counterclaim for infringement of the '221 patent.

Sincerely,

Dario A. Machleidt

---

[1] Valve reserves its rights to seek these fees and costs even if Defendants drop their infringement counterclaim.