# EXHIBIT 8



**Kilpatrick Townsend & Stockton LLP**
ktslaw.com

Suite 3700, 1420 Fifth Avenue
Seattle, WA 98101

direct dial 206 224 2857
direct fax 206 299 3458
dmachleidt@ktslaw.com

May 8 2025

*Via Email*

Donald McPhail
Eric R. Chad
Paige S. Stradley
Merchant & Gould
150 S 5th St Unit 2200,
Minneapolis, MN 55402

      Re:  *Valve Corp. v. Leigh Rothschild et al.*, No. 2:23-cv-1016 (W.D. Wash.): <u>April 30 Meet and Confer</u>

Counsel:

Below is a summary of items discussed in the April 30 conference relating to Valve's discovery to Defendants and third parties.

**First**, the parties have reached an impasse regarding the following search terms to be run on Mr. Falcucci's, Ms. Arias's, and Mr. Rothschild's Outlook:

- Infringe OR infringes OR infringement OR infringing OR infringer OR demand OR threat OR assert OR target OR campaign OR enforce OR sue OR lawsuit

- Settlement OR license OR agreement

Valve intends to move to compel Defendants to search using these terms for the various reasons set forth in our numerous correspondence.

**Second**, the parties have also reached an impasse on the following discovery responses:

- Interrogatory No. 5[1] seeking Defendants' contentions regarding validity. Defendants stated they refused to respond to this interrogatory because they will not be "relying on any facts" but will be relying solely on expert opinion. As we explained, numerous facts underly any validity analysis, including whether Defendants challenge the prior art status of any reference and what limitations are purportedly missing from each prior art reference.

---

[1] Valve references the Request number to Rothschild Broadcast Distribution Systems, LLC ("RBDS") in this letter unless otherwise designated.

Page 2

- Request Nos. 33-37[2] seeking information about the flow of money to/from named Defendants. Defendants refuse to search for responsive documents because they contend these requests are "a fishing expedition" because Valve made no allegations in its complaint regarding the capitalization of Defendants and because it is targeting "other Rothschild entities that have done nothing wrong." Valve explained that this information is relevant to its claims under the Washinton Patent Troll Act and had a good faith basis to request this information based on facts learned during discovery. Further, these requests do not "target" other Rothschild entities but are purely targeted towards the financial transaction performed by the named Defendants.

Valve intends to move to compel Defendants to answer and search for documents relating to these requests.

**Third**, Defendants have made the following representations regarding the remaining discovery requests:

Interrogatory Nos. 8 and 9: Defendants agreed to supplement these interrogatories. Defendants specifically agreed to supplement their response to identify license agreements.

Interrogatory No. 13[3]: Defendants agreed to supplement to provide a response based on the data and records that are maintained in the ordinary course of business. Defendants clarified that the response would not be broken down on an individual patent basis.

Request No. 42[4]: Defendants confirmed that they have not and would not search for documents responsive to this request because it is overly broad and directed at privileged information. When asked whether Defendants have confirmed there is no non-privileged responsive information; Defendants did not answer. The parties reached an impasse as to the full scope of this request.

Without waiving its right to seek discovery for the full scope of this Request, Valve asked if Defendants would be willing to search for responsive information if Valve agreed that they would not need to log responsive privileged information. Please let us know by Wednesday, May 15, whether Defendants will agree to do so. Otherwise, Valve will consider the parties at an impasse.

Request No. 46[5]: Defendants confirmed that they have searched for and produced non-privileged information regarding the '221 patent and have not withheld any documents that contain allegations of inequitable conduct or unenforceability.

---

[2] *See also* Rothschild Request Nos. 51-55; Display Tech. Request Nos. 28-32; PAM Request Nos. 48-52; Meyler Defendants Request Nos. 37-41.
[3] *See also* Rothschild Interrogatory No. 9; Display Tech. Interrogatory No. 8; PAM Interrogatory No. 7.
[4] *See also* Rothschild Request No. 60.
[5] *See also* Rothchild Request No. 64.

Page 3

Request Nos. 68-72[6]: Counsel stated that they would speak with Defendants and "encourage" them to agree to produce documents responsive to these requests and would get back to us this week. Valve also asked if Defendants would move to quash any subpoena served on third parties seeking this information. Defendants did not have an answer on the call. Please let us know by Wednesday, May 15, whether Defendants will agree to produce documents responsive to these requests. Otherwise, Valve will consider the parties at an impasse.

Request No. 62[7]: Valve clarified that this Request is seeking any policies that would be relevant to the '221 patent and related patents, whether those policies were patent-specific, broader intellectual property policies, or otherwise. Please let us know by Wednesday, May 15, whether Defendants will agree to produce documents responsive to this Request in light of Valve's clarification.

Request No. 65[8]: Without waiving its right to seek discovery for the full scope of this Request, Defendants agreed to search for responsive documents limited to lawsuits and discovery responses relating to the '221 patent and its related patents.

Third, please confirm whether Defendants intend to stand on their objection to Request No. 63[9] and refuse to produce information. If so, we request a meet and confer to confirm the parties are at an impasse so that we can move to compel.

**Finally**, Defendants have not responded to a number of Valve's requests that have been outstanding for almost a month:

- Whether Defendants intend to move to quash the subpoenas served on Ms. Batra, Ms. Delcin, and Mr. Diamond (as requested in my April 25, 2025 email).

- The scope of Defendants' search for responsive information in ASANA (as requested in my April 9, 2025 email).

- Whether there is any dispute regarding completion of service of the subpoenas to Mr. Garteiser (as requested in my April 8, 2025 email and in Dario's May 6, 2025 email).

Please provide a response the Garteiser question by Friday, May 9. Please provide a response to the rest of these outstanding issues by Wednesday, May 15.

---

[6] *See also* PAM Request Nos. 57-61.
[7] *See also* Rothschild Request No. 85; Display Tech. Request No. 46; PAM Request No. 70; Meyler Defendants Request No. 51.
[8] *See also* Rothschild Request No. 88; Display Tech. Request No. 49; PAM Request No. 73; Meyler Defendants Request No. 54.
[9] *See also* Rothschild Request No. 86; Display Tech. Request No. 47; PAM Request No. 71; Meyler Defendants Request No. 52.

3

Page 4

Sincerely,

Dario A. Machleidt