# EXHIBIT 14

**Geyer, Kate**

| | |
|---|---|
| **From:** | Paige Stradley <PStradley@MerchantGould.com> |
| **Sent:** | Wednesday, March 19, 2025 4:25 PM |
| **To:** | Geyer, Kate; ValveKTSservice |
| **Cc:** | RothschildMGTeam |
| **Subject:** | RE: Valve v. Rothschild |

**\*\*CAUTION: External Email\*\***

Kate,

The hits we provided were not limited to emails/documents prior to July 7, 2023. Apologies if we missed it, but I don't believe your original request of these search terms included such a limitation. (See 1/22/25 Machleidt letter.) While we will run the search you request limited to emails/documents prior to July 7, 2023, we continue to have a fundamental issue with the terms you have proposed. They are overly broad and have no connection to the specific facts and issues relevant to this lawsuit, making the documents that hit on these terms highly likely to include irrelevant and privileged/work product materials. And, those documents that are relevant are highly likely to be captured by terms we've already run and documents we have already collected.

As you know, Defendants are not a large, sophisticated entity; they are a small business with only few employees. We have been transparent throughout this process regarding our method of searching, which is to use search terms directly in Outlook. Our client does not have the capability of providing unique hits. Documents are de-duped after being processed with our vendor. Further, as my prior email makes clear, the searches were run on Mr. Falcucci's, Mr. Rothschild's, and Ms. Aria's outlook accounts.

You suggest that our position that the large number of hits in connection with these terms is "unconvincing" because we've asked Valve to review 1,689 documents in connection with certain search terms. Defendants and Valve are not the same companies. Valve is a much larger entity than Defendants, and it is not surprising that it may encounter a larger number of documents. Moreover, as we have repeatedly stated, the terms Valve is asking Defendants to run are not tethered to the issues specific to this case, making the review of this large number of documents unduly burdensome and disproportionate to the needs of the case.

Thank you,
Paige

**Paige Stradley**
she/her/hers
Partner
Merchant & Gould P.C.
150 South Fifth Street
Suite 2200
Minneapolis, MN 55402-4247
USA

**Telephone** (612) 336-4671
**Fax** (612) 332-9081
merchantgould.com

**GUARDIANS OF GREAT IDEAS**®

1

Note: This email message is confidential and may be privileged or otherwise protected by law. If you are not the intended recipient, please: (1) reply via email to the sender; (2) destroy this communication entirely, including deletion of all associated text files from all individual and network storage devices; and (3) refrain from copying or disseminating this communication by any means whatsoever.
Operating as Merchant & Gould, LLP, in California.
Please consider the environment before printing this email. Thank you.

**From:** Geyer, Kate <KGeyer@ktslaw.com>
**Sent:** Friday, March 14, 2025 11:58 AM
**To:** Paige Stradley <PStradley@MerchantGould.com>; ValveKTSservice <ValveKTSservice@kilpatricktownsend.com>
**Cc:** RothschildMGTeam <RothschildMGTeam@MerchantGould.com>
**Subject:** RE: Valve v. Rothschild

**CAUTION - External.**

Paige –

Can you please confirm whether these search terms are limited in time to emails/documents before July 7, 2023? If they are not, please provide updated hit counts by Monday adding this time limitation.

Your statement that these search terms are "likely … duplicative of documents that have already been gathered" is concerning because Defendants were required to give us **unique** hit counts. Dkt. 51, § C.2.a.i. To the extent that any of the documents that hit on these search terms have already been collected, as you assert, that in fact suggests that the unique hit count for these search terms are far lower than Defendants are representing, such that these would not be burdensome requests. Please let us know by Monday how many documents are responsive to these search terms that are unique from prior search terms.

Further, the search term "settlement OR license OR agreement" is also not limited to identifying finalized agreements but also targeted towards negotiations. Without waiving any rights to seek to compel Defendants from running this search term on all Defendants' files, please let us know how many hits there are if this search is limited to the custodians' emails by Monday.

Defendants' objection to the large number of hits for "Infringe OR infringes OR infringement OR infringing OR infringer OR demand OR threat OR assert OR target OR campaign OR enforce OR sue OR lawsuit" is further unconvincing because Defendants are seeking to have Valve review at least as many documents responsive to a single search term. Indeed, the same day you refused to review documents responsive to this search term, you asked if we'd review 1,689 documents in additional to an unknown number of family documents, potentially up to and including over 14,500 documents. Defendants cannot refuse to do the same thing it demands Valve do.

Your reference to "documents that have already been gathered" also continues to be concerning given that the Rothschild Defendants have not in fact produced any of those allegedly collected documents except for a scant 46 license agreements, which is not even a complete production of such agreements.

To be clear, should Defendants refuse to provide this additional information or maintain their position on not searching for these terms, Valve intends to move forward with a motion to compel.

Thank you,

Kate Geyer
KGeyer@ktslaw.com
Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue | Suite 3700 | Seattle, WA 98101
**T** 206 516 3094 | **F** 206 299 3458
My Profile | vCard

**From:** Paige Stradley <PStradley@MerchantGould.com>
**Sent:** Tuesday, March 11, 2025 12:02 PM
**To:** ValveKTSservice <ValveKTSservice@kilpatricktownsend.com>

2

**Cc:** RothschildMGTeam <RothschildMGTeam@MerchantGould.com>
**Subject:** Valve v. Rothschild

Counsel,

As you requested, we ran the following search terms and got the following hits:

- Infringe OR infringes OR infringement OR infringing OR infringer OR demand OR threat OR assert OR target OR campaign OR enforce OR sue OR lawsuit
    - Falcucci Outlook: 997
    - Arias Outlook: 657
    - L. Rothschild: 614
- Settlement OR license OR agreement
    - Falcucci Outlook: 991
    - Arias Outlook: 775
    - L. Rothschild Outlook: 592

These are large numbers of hits, and, given that the terms are not tailored to issues specific to this case, these documents are likely to be irrelevant, privileged, and/or duplicative of documents that have already been gathered. This is particularly true in light of our separate collection of RBDS and DT license agreements relating to the '221 and '723 patents and our production of public filings and in light of the other search terms already being run. The above search is not proportionate to the needs of the case, and Defendants do not agree to run these searches.

Best,
Paige

**Paige Stradley**
she/her/hers
Partner
Merchant & Gould P.C.
150 South Fifth Street
Suite 2200
Minneapolis, MN 55402-4247
USA

**Telephone** (612) 336-4671
**Fax** (612) 332-9081
merchantgould.com

**GUARDIANS OF GREAT IDEAS**®

Note: This email message is confidential and may be privileged or otherwise protected by law. If you are not the intended recipient, please: (1) reply via email to the sender; (2) destroy this communication entirely, including deletion of all associated text files from all individual and network storage devices; and (3) refrain from copying or disseminating this communication by any means whatsoever.
Operating as Merchant & Gould, LLP, in California.
Please consider the environment before printing this email. Thank you.

'

Confidentiality Notice:
This communication constitutes an electronic communication within the meaning of the Electronic Communications Privacy Act, 18 U.S.C. Section 2510, and its disclosure is strictly limited to the recipient intended by the sender of this message. This transmission, and any attachments, may contain confidential attorney-client privileged information and attorney work product. If you are not the intended recipient, any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. Please contact us immediately by return e-mail or at 404 815 6500, and destroy the

original transmission and its attachments without reading or saving in any manner.

4