# **EXHIBIT 15**

Honorable Jamal N. Whitehead

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
## AT SEATTLE

| | |
|---|---|
| VALVE CORPORTION, | ) |
| Plaintiff, | ) **DEFENDANT ROTHSCHILD** |
| v. | ) **BROADCAST DISTRIBUTION** |
| | ) **SYSTEMS, LLC'S RESPONSES AND** |
| LEIGH ROTHSCHILD, ROTHSCHILD | ) **OBJECTIONS TO PLAINTIFF'S** |
| BROADCAST DISTRIBUTION | ) **SECOND SET OF INTERROGATORIES** |
| SYSTEMS, LLC, DISPLAY | ) |
| TECHNOLOGIES, LLC, PATENT ASSET | ) **CONTAINS INFORMATION** |
| MANAGEMENT, LLC, MEYLER LEGAL | ) **DESIGNATED AS CONFIDENTIAL** |
| PLLC, AND SAMUEL MEYLER | ) **UNDER PROTECTIVE ORDER** |
| | ) |
| Defendants. | ) Case No.: 2:23-cv-01016 |
| | ) |

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedures, Defendant Rothschild Broadcast Distribution Systems, LLC (collectively "RBDS" of "Defendants") hereby submit the following objections and answers to Plaintiff Valve's (collectively "Valve" or Plaintiff") Second Set of Interrogatories.

## GENERAL STATEMENTS AND OBJECTIONS

RBDS incorporates by reference herein, in their entirety, the General Objections and Objections to Specific Definitions set forth in Defendant's Answers and Objections to Plaintiff's First Set of Interrogatories.

## INDIVIDUAL RESPONSES

Subject to each of the foregoing General Statements and Objections, Defendant responds to Plaintiff's Interrogatories as follows:

DEFENDANT ROTHSCHILD BROADCAST DISTRIBUTION
SYSTEMS, LLC'S RESPONSES AND OBJECTIONS TO
PLAINTIFF VALVE CORPORATION'S
SECOND SET OF INTERROGATORIES
Case No. 2:23-cv-01016
Page **1** of **17**

**DC LAW GROUP**
12055 15th Ave NE | Seattle, WA 98125
Phone: (206) 494.0400

Defendant also objects to this Interrogatory to the extent it calls for information not within the possession, custody, or control of Defendant. In particular, Defendant can only identify Prior Art known to it; it cannot identify Prior Art known to other Persons.

Defendant further objects to this Interrogatory because it does not identify the patent about which Prior Art is being sought. Defendant will understand this Interrogatory to be directed to alleged Prior Art to the '221 Patent.

Defendant also objects to this Interrogatory to the extent it is duplicative, cumulative, or otherwise redundant of other Requests or other discovery already available to Plaintiff.

Defendant also objects to this Interrogatory as overly broad and unduly burdensome to the extent that it seeks to compel Defendant to identify "when, how, and from what source each such person learned of the Prior Art" for "all Prior Art" known in the prosecution of the '221 Patent without limitation or qualification. When, how, and from what source a person learned of Prior Art is not relevant to any claims or defenses in this action and is unduly burdensome as it lacks any temporal limitation and seeks information dating back over a decade. Defendant will not provide such information.

Subject to and without waiving its General and Specific Objections and without conceding the below constitute prior art under 35 U.S.C. § 101 *et seq.*, Defendant identifies the following:

- References identified on the face of the '221 Patent;
- U.S. Patent Publication No. 2008/0155059;
- U.S. Patent No. 7,684,673;
- WO 2007/060016;
- U.S. Patent No. 9,898,500; and
- U.S. Patent Appl. No. 13/269,614.

**INTERROGATORY NO. 5**

DEFENDANT ROTHSCHILD BROADCAST DISTRIBUTION SYSTEMS, LLC'S RESPONSES AND OBJECTIONS TO PLAINTIFF VALVE CORPORATION'S SECOND SET OF INTERROGATORIES
Case No. 2:23-cv-01016
Page **4** of **17**

**DC LAW GROUP**
12055 15th Ave NE | Seattle, WA 98125
Phone: (206) 494.0400

1  Separately for each claim that You contend is novel and/or non-obvious in light of the Prior Art cited in Valve's Invalidity Contentions, state with particularity the basis for Your contention, including by (a) identifying each element of each claim that is missing from each such cited prior art, (b) describing why You contend that each such element is missing, (c) describing the basis of any contention that a person of ordinary skill in the art would not combine the cited prior art in the manner set forth in Valve's Invalidity Contentions, (d) describing the basis of any contention that the cited prior art is not invalidating prior art to the Asserted Claim or does not constitute prior art to the Asserted Claim, (e) identifying the Persons most knowledgeable about the basis for such contentions, and (f) identifying all Documents related thereto.

**RESPONSE:**

Defendant expressly incorporates each of the foregoing General Objections by reference.

Defendant also objects to this Interrogatory to the extent it seeks documents and information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity.

Defendant further objects to this Interrogatory as overly broad, disproportionate to the needs of the case, and as seeking irrelevant information to the extent it seeks information relating to claims that are not asserted in this action.

Defendant also objects to this Interrogatory as compound and containing multiple subparts, rendering it equivalent to two distinct interrogatories.

Defendant also objects to this Interrogatory to the extent that it calls for a legal conclusion.

Defendant also objects to this Interrogatory as premature to the extent it seeks expert opinions, disclosures, or discovery. Defendant will provide expert opinions, disclosures, and discovery at the time(s) set by the Court's schedule for this case.

DEFENDANT ROTHSCHILD BROADCAST DISTRIBUTION SYSTEMS, LLC'S RESPONSES AND OBJECTIONS TO PLAINTIFF VALVE CORPORATION'S SECOND SET OF INTERROGATORIES
Case No. 2:23-cv-01016
Page **5** of **17**

**DC LAW GROUP**
12055 15th Ave NE | Seattle, WA 98125
Phone: (206) 494.0400

1  Defendant also objects to this Interrogatory as overly broad and unduly burdensome to
2  the extent that it seeks "all Documents" without limitation or qualification.

3  Subject to and without waiving its General and Specific objections, Defendant states that
4  claim 7 of the '221 Patent is novel and not obvious. The USPTO granted the '221 Patent and
5  claim 7 therein, making claim 7 entitled to a presumption of validity. (*See* '221 prosecution
6  history (ROTHSCHILD003172).) Defendant incorporates in full its response to Interrogatory
7  No. 6 herein. Defendant states that additional analyses and support for novelty and non-
8  obviousness are the subject of expert analysis and testimony and will be provided in an expert
9  report consistent with the Court's Scheduling Order.

**INTERROGATORY NO. 6**

Separately for each Asserted Claim, describe in detail Your contentions, if any, that secondary considerations (including commercial success, long-felt need, failed attempts of others to solve a problem, initial skepticism, industry recognition and praise for alleged invention, and copying and imitation by others) support the alleged non-obviousness of each such claim, and identify the persons most knowledgeable thereof and Documents and things Concerning Your response to the foregoing, and identify all Documents related thereto.

**RESPONSE:**

Defendant expressly incorporates each of the foregoing General Objections by reference.

Defendant also objects to this Interrogatory to the extent it seeks documents and information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity.

Defendant also objects to this Interrogatory to the extent that it calls for a legal conclusion.

Defendant also objects to this Interrogatory to the extent it calls for documents or information not within the possession, custody, or control of Defendant.

DEFENDANT ROTHSCHILD BROADCAST DISTRIBUTION
SYSTEMS, LLC'S RESPONSES AND OBJECTIONS TO
PLAINTIFF VALVE CORPORATION'S
SECOND SET OF INTERROGATORIES
Case No. 2:23-cv-01016
Page **6** of **17**

**DC LAW GROUP**
12055 15th Ave NE | Seattle, WA 98125
Phone: (206) 494.0400