HON. JAMAL N. WHITEHEAD

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| VALVE CORPORATION,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>LEIGH ROTHSCHILD, ROTHSCHILD BROADCAST DISTRIBUTION SYSTEMS, LLC, DISPLAY TECHNOLOGIES, LLC, PATENT ASSET MANAGEMENT, LLC, MEYLER LEGAL, PLLC, AND SAMUEL MEYLER,<br><br>　　　　Defendants. | Case No. 2:23-cv-1016<br><br>**PLAINTIFF VALVE CORPORATION'S ANSWER TO DEFENDANT ROTHSCHILD BROADCAST DISTRIBUTION SYSTEMS, LLC'S COUNTERCLAIM**<br><br>Complaint Filed:　　07/07/2023 |

VALVE'S ANSWER TO
RBDS COUNTERCLAIM
CASE NO. 2:23-CV-1016

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

Plaintiff Valve Corporation ("Valve") respectfully submits its Answer in response to Defendants' Second Amended Answer to Plaintiff's Second Amended Complaint (Dkt. 80) and the single Counterclaim therein ("Counterclaim"), brought by Rothschild Broadcast Distribution Systems, LLC ("RBDS"). To the extent not specifically admitted herein, the allegations of the Counterclaim are denied.

## RESPONSE TO ALLEGATIONS CONCERNING COUNTERCLAIM

1. Valve has filed a complaint for declaratory judgment against RBDS alleging the invalidity and unenforceability of U.S. Patent No. 8,856,221 ("the '221 patent").

**ANSWER:** Admitted.

## RESPONSE TO ALLEGATIONS CONCERNING PARTIES

2. RBDS is a corporation organized and existing under the laws of the state of Texas with a registered physical address of 1 East Broward Boulevard, Suite 700, Ft. Lauderdale, FL 33301.

**ANSWER:** Based on the information available to Valve at this time, admitted.

3. On information and belief, Valve is a corporation organized and existing under the laws of the State of Washington with a place of business at 10400 NE 4th St. Fl. 14, Bellevue, WA 98004.

**ANSWER:** Admitted.

## RESPONSE TO ALLEGATIONS CONCERNING JURISDICTION AND VENUE

4. Valve has filed a complaint against RBDS seeking, inter alia, a declaratory judgment of patent invalidity and unenforceability. As a result of the filing of Valve's complaint, an immediate and justiciable case and controversy exists between RBDS and Valve. RBDS's counterclaim relates to Valve's allegations of patent invalidity and unenforceability and arise under the patent laws of the United States, 35 U.S.C. § 1, et seq.

**ANSWER:** Valve admits that it has filed a complaint against RBDS seeking, *inter alia*, a declaratory judgment that the '221 patent is invalid and unenforceable against Valve. Valve admits that an immediate and justiciable case and controversy exists between RBDS and Valve. Valve admits that RBDS's Counterclaim purports to arise under the patent laws of the United States,

VALVE'S ANSWER TO
RBDS COUNTERCLAIM
CASE NO. 2:23-CV-1016

- 1 -

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

1  35 U.S.C. § 1, et seq. Except as expressly admitted herein, Valve denies the remaining allegations in Paragraph 4 of RBDS's Counterclaim.

3    5.    This Court has subject matter jurisdiction over this counterclaim under 28 U.S.C. §§ 1331 and 1338 and the Declaratory Judgment Act.

**ANSWER:** Valve admits this Court has subject matter jurisdiction over RBDS's Counterclaim under 28 U.S.C. §§ 1331 and 1338. Except as expressly admitted herein, Valve denies the remaining allegations in Paragraph 5 of RBDS's Counterclaim.

8    6.    This Court has personal jurisdiction over Valve, and venue is proper, under 28 U.S.C. §§ 1391(a), (b) and (c) and 28 U.S.C. § 1400, because, among other things, Valve resides in this District and has submitted itself to the jurisdiction of this Court in this District by filing its complaint against DT and RBDS in this District.

**ANSWER:** Valve admits that this Court has personal jurisdiction over Valve, and that venue is proper in this Judicial District as to RBDS's Counterclaim, because Valve resides in this Judicial District. Valve admits that it filed a complaint against DT and RBDS in this District. Valve denies that it has committed any unlawful acts alleged in the Counterclaim. Except as expressly admitted herein, Valve denies the remaining allegations in Paragraph 6 of RBDS's Counterclaim.

### RESPONSE TO ALLEGATIONS CONCERNING BACKGROUND

18    7.    DT is the owner by assignment of U.S. Patent No. 8,671,195 ("the '195 Patent") entitled "DIGITAL MEDIA COMMUNICATION PROTOCOL." The '195 Patent was duly and legally issued on March 11, 2014. A true and correct copy of the '195 Patent is attached as Exhibit A.

**ANSWER:** There are no exhibits attached to Defendants' Second Amended Answer to Plaintiff's Second Amended Complaint (Dkt. 80). Valve admits, however, that what purports to be a copy of U.S. Patent No. 8,671,195 (the "'195 patent") is attached as Exhibit A to Defendants' Amended Answer to Plaintiff's Second Amended Complaint (Dkt. 63-1). Valve admits Exhibit A at Dkt. 63-1 lists March 11, 2014 as its date of issue and is titled "DIGITAL MEDIA COMMUNICATION PROTOCOL." Valve lacks sufficient knowledge and information to form a belief as to the remaining allegations in Paragraph 7 of RBDS's Counterclaim and thus denies the same.

VALVE'S ANSWER TO
RBDS COUNTERCLAIM
CASE NO. 2:23-CV-1016

- 2 -

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

1   8.  RBDS is the owner by assignment of U.S. Patent No. 8,856,221 ("the '221 Patent") entitled "SYSTEM AND METHOD FOR STORING BROADCAST CONTENT IN A CLOUD-BASED COMPUTING ENVIRONMENT." The '221 Patent was duly and legally issued on October 7, 2014. A true and correct copy of the '221 Patent is attached as Exhibit B.

**ANSWER:** There are no exhibits attached to Defendants' Second Amended Answer to Plaintiff's Second Amended Complaint (Dkt. 80). Valve admits, however, that what purports to be a copy of U.S. Patent No. 8,856,221 (the "'221 patent") is attached as Exhibit B to Defendants' Amended Answer to Plaintiff's Second Amended Complaint (Dkt. 63-2). Valve admits Exhibit B at Dkt. 63-2 lists October 7, 2014 as its date of issue and is titled "SYSTEM AND METHOD FOR STORING BROADCAST CONTENT IN A CLOUD-BASED COMPUTING ENVIRONMENT." Valve lacks sufficient knowledge and information to form a belief as to the remaining allegations in Paragraph 8 of RBDS's Counterclaim and thus denies the same.

9.  Leigh Rothschild is listed as the sole inventor of the '195 Patent and the '221 Patent.

**ANSWER:** Valve admits that Leigh Rothschild appears as the only individual named as alleged inventor on the '195 and '221 patents.

10. On June 8, 2015, DT filed suit against Valve for infringement of the '195 Patent.

**ANSWER:** Valve denies that it infringed in the past or currently infringes any claims of the '195 patent. Except as explicitly denied herein, admitted.

11. On November 14, 2016, DT and Valve entered into a settlement and license agreement ("the GSLA") to resolve DT's claims against Valve for infringement of the '195 Patent.

**ANSWER:** Valve admits that on November 14, 2016, DT and Valve entered into a settlement and license agreement ("the GSLA"). Valve admits that the GSLA states that "the Parties desire to minimize the time and expense of litigation and therefore desire to resolve the Pending Litigation on the terms set forth herein." Valve admits that the GSLA also states that "the Parties desire to enter into a license agreement for patents assigned to entities controlled by Inventor, listed in Exhibit C attached to this agreement, including but not limited to the '195 patent assigned to

VALVE'S ANSWER TO
RBDS COUNTERCLAIM
CASE NO. 2:23-CV-1016

- 3 -

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

Display [Technologies]." Except as expressly admitted herein, Valve denies the remaining allegations of Paragraph 11 of RBDS's Counterclaim.

12.     The GSLA defined "Licensed Patents" to mean, in relevant part, "the patents identified in Exhibit C" to the GLSA. Dkt. 1-1 at 2.

**ANSWER:** Valve admits that the GSLA defined "Licensed Patents" to mean "the patents identified in Exhibit C and any continuations, divisionals, continuations-in-part, extensions, reissues, reexaminations, and any other patents or patent applications claiming priority to or through the patents identified in Exhibit C, and/or substitution patents and/or patent applications thereof, as well as any and all foreign counterparts of any of the foregoing. In the event that Licensor gains control or ownership of any patent listed in Exhibit D, attached to this agreement, 'Licensed Patents' shall include those patents from Exhibit D which Licensor gains ownership or control over." Except as expressly admitted herein, Valve denies the remaining allegations of Paragraph 12 of RBDS's Counterclaim.

13.     The patents identified [in] Exhibit C to the GSLA included the '195 Patent and the '221 Patent. Dkt. 1-1 at 18, 19.

**ANSWER:** Admitted.

## RESPONSE TO COUNTERCLAIM COUNT 1
### (Alleged Infringement of the '221 Patent)

14.     RBDS repeats, re-alleges, and incorporates by reference the averments set forth in the foregoing paragraphs of its Answer and Counterclaims as if fully set forth herein.

**ANSWER:** Valve repeats, re-alleges, and incorporates its answers to each preceding paragraph of its Answer to RBDS's Counterclaim above as if fully set forth herein.

15.     Valve has infringed and continues to infringe the '221 Patent under the provisions of 35 U.S.C. § 271(a) by making, using, selling and/or offering for sale in, and/or importing into, the United States, without authorization, products which provide a method storing media content and delivering requested media content to a consumer device, such as Steam Cloud.

**ANSWER:** Denied. Valve does not infringe any claim of the '221 patent. Valve is also licensed to the '221 patent and Defendants have released all claims against Valve. As Defendants admit,

"Valve has a valid and enforceable covenant not to sue for the '221 Patent from Defendants." Dkt. 80, Answer to ¶¶ 32-34, 49-50. In addition, "Licensor irrevocably release[d], aquit[ted] and forever discharge[d] Licensee [Valve], its Affiliates, and its respective officers, directors and attorneys from any and all past, present, or future claims or liabilities of any kind and nature, at law, in equity, or otherwise, known or unknown, suspected or unsuspected, disclosed or undisclosed, arising out of or relating in any way to acts of Licensee [Valve] or its Affiliates in connection with: … the Licensed Patents solely with respect to the Licensed Products." Dkt. 38-1, § 2.1. Defendants admit that the '221 patent is a Licensed Patent. Dkt. 80, Answer to ¶ 58 ("The '221 Patent is listed in Exhibit C to the 2016 Global Settlement and License Agreement as one of the Licensed Patents."). Assuming the truth of RBDS's infringement allegations (which Valve denies as stated herein), Steam Cloud is within the definition of "Licensed Products" because "in absence of this Agreement [it] would infringe[] at least one of the claims of the Licensed Patents." Dkt. 38-1, ¶ 1.7.

16. Valve has been aware of the '221 Patent and infringement of the claims thereof by Valve's products since at least November 14, 2016.

**ANSWER:** Valve admits it knew of the '221 patent as of November 14, 2016. Except as expressly admitted herein, Valve denies the remaining allegations in Paragraph 16 of RBDS's Counterclaim. Valve incorporates its Answer to Paragraph 15 of RBDS's Counterclaim.

17. Valve's Steam Cloud, and the use thereof, falls within the scope of at least claim 7 of the '221 Patent, as evidenced by Valve's product descriptions. For example, "Steam Cloud allows games and the platform to utilize cloud storage hosted by Steam. Games can utilize Steam Cloud for storage of many different types of data, including game settings, save games, profile stats and other user-specific bits." https://help.steampowered.com/en/faqs/view/68D2-35AB-09A9-7678. The Steam Cloud provides an easy and transparent remote file storage system for your game. Files specified in the Auto-Cloud configuration or written to disk (created, modified, deleted, etc.) using the Cloud API will automatically be replicated to the Steam servers after the game exits. *See* https://partner.steamgames.com/doc/features/cloud#initial-setup.

**ANSWER:** Valve admits that the website https://help.steampowered.com/en/faqs/view/68D2-

VALVE'S ANSWER TO
RBDS COUNTERCLAIM
CASE NO. 2:23-CV-1016

- 5 -

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

35AB-09A9-7678 contains the quote: "The Steam Cloud allows games and the platform to utilize cloud storage hosted by Steam. Games can utilize Steam Cloud for storage of many different types of data, including game settings, save games, profile stats and other user-specific bits." Valve admits that the website https://partner.steamgames.com/doc/features/cloud#initial-setup contains the quote: "The Steam Cloud provides an easy and transparent remote file storage system for your game. Files specified in the Auto-Cloud configuration or written to disk (created, modified, deleted, etc.) using the Cloud API will automatically be replicated to the Steam servers after the game exits." Valve denies the remaining allegations of Paragraph 17 of RBDS's Counterclaim. Valve incorporates its Answer to Paragraph 15 of RBDS's Counterclaim.

18. Valve, with knowledge that its products such as Steam Cloud, or the use thereof, infringe the '221 Patent since at least November 14, 2016, knowingly and intentionally induced, and continue to knowingly and intentionally induce direct infringement of the '221 Patent by continuing to sell and offer for to sell these products to end-users for use in an infringing manner.

**ANSWER:** Denied. Valve incorporates its Answer to Paragraph 15 of RBDS's Counterclaim.

19. Valve's infringement of the '221 Patent therefore has been and continues to be willful.

**ANSWER:** Denied. Valve incorporates its Answer to Paragraph 15 of RBDS's Counterclaim.

20. RBDS has suffered damages as a result of Valve's direct and indirect infringement of the '221 Patent in an amount to be proved at trial.

**ANSWER:** Denied. Valve incorporates its Answer to Paragraph 15 of RBDS's Counterclaim.

21. RBDS has suffered, and will continue to suffer, irreparable harm as a result of Valve's infringement of the '221 patent, for which there is no adequate remedy at law, unless Valve's infringement is enjoined by this Court.

**ANSWER:** Denied. Valve incorporates its Answer to Paragraph 15 of RBDS's Counterclaim.

## RESPONSE TO RBDS'S DEMAND FOR A JURY TRIAL

RBDS's purported request for a trial by jury does not require a response.

VALVE'S ANSWER TO
RBDS COUNTERCLAIM
CASE NO. 2:23-CV-1016

- 6 -

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

## RESPONSE TO PRAYER FOR RELIEF

Valve denies that it infringes or has infringed any valid and enforceable claim of the '221 patent. Valve further denies that RBDS is entitled to any relief requested against Valve as set forth in Paragraphs A through G of the Prayer for Relief, or any other relief of any kind.

## AFFIRMATIVE DEFENSES

Valve asserts the following defenses set forth below. By pleading these defenses, Valve does not concede that it has the burden of proof as to any of them. Valve further reserves the right to allege additional defenses that become known through the course of discovery.

## FIRST DEFENSE

### (Non-Infringement of the '221 patent)

1. Valve does not infringe the '221 patent and incorporates by reference its Non-Infringement and Invalidity Contentions and Exhibit A thereto, served December 6, 2024.

## SECOND DEFENSE

### (Invalidity of the '221 patent)

2. The '221 patent is invalid under at least 35 U.S.C. §§ 101, 102, 103, and 112. Valve incorporates by reference its Non-Infringement and Invalidity Contentions and Exhibits 1-18 thereto, served December 6, 2024. Valve also incorporates by reference Plaintiff Valve Corporation's Responses and Objections to Defendants' First Set of Interrogatories, served February 20, 2025, including, specifically, Valve's response to Interrogatory No. 13.

## THIRD DEFENSE

### (Prosecution History Estoppel/Disclaimer of the '221 patent)

3. While RBDS currently states that "[f]or Claim 7 of the '221 patent, each of the claim elements is literally performed in the operation of the Steam Cloud platform," RBDS "reserve[d] the right to assert that any limitation not found to be literally performed by the Steam Cloud platform is nonetheless present under the doctrine of equivalents." There are several reasons why RBDS's attempted reservation of rights fails. First, RBDS served its Disclosure of Asserted Claims and Infringement Contentions on November 6, 2024, and has never sought leave to supplement or amend those contentions. This means RBDS's infringement contentions are limited

VALVE'S ANSWER TO
RBDS COUNTERCLAIM
CASE NO. 2:23-CV-1016
- 7 -
Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA  98101
(206) 467-9600

to the scope disclosed in November 2024, and Valve will seek to exclude or strike all other attempts to expand RBDS's infringement theories outside the scope of its infringement contentions. Second, and relatedly, to the extent RBDS in the future asserts infringement under the doctrine of equivalents, Valve reserves the right to assert that RBDS's Counterclaim is barred, in whole or in part, by reason of prosecution history estoppel from asserting infringement of any valid and enforceable claim of the '221 patent against Valve under the doctrine of equivalents. Moreover, by reason of admissions, arguments, and/or amendments made by or on behalf of the applicant during proceedings in the U.S. Patent and Trademark Office or in proceedings of related and/or during post-grant proceedings of the '221 patent or related patents, RBDS is estopped, in whole or in part, from construing any claim of the '221 patent to include any accused product or method under the doctrine of disavowal of claim scope. Valve incorporates by reference the Joint Claim Construction and Prehearing Statement. Dkt. 74.

## FOURTH DEFENSE

### (Licensing and/or Authorization)

4. Assuming RBDS's allegations that Valve infringes the '221 patent are correct, RBDS's Counterclaim is barred by license and/or authorization.

5. On November 14, 2016, Display Technologies, Leigh Rothschild, and Valve entered into the 2016 Global Settlement and License Agreement ("GSLA").

6. In the GSLA, Valve was granted a "perpetual, irrevocable, royalty-free, fully paid-up, worldwide license, without the right to sublicense, in and to the Licensed Patents solely to Exploit the Licensed Products," subject only to "the payment provided under Section 5.1." Dkt. 38-1, § 3.1.

7. Valve paid the consideration agreed to in Section 5.1 in exchange for a license to the patents (and their families) listed in Exhibit C—including the '221 patent.

8. Defendants admit that the '221 patent is a Licensed Patent. Dkt. 80, Answer to ¶ 58 ("The '221 Patent is listed in Exhibit C to the 2016 Global Settlement and License Agreement as one of the Licensed Patents.").

VALVE'S ANSWER TO
RBDS COUNTERCLAIM
CASE NO. 2:23-CV-1016

- 8 -

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

9. Assuming the truth of RBDS's Counterclaim Paragraph 8, RBDS is the owner/assignee of the '221 patent, and RBDS stepped in to the shoes of the assignee identified in Exhibit C of the GSLA at the time of the GLSA's execution—including the obligation to license the '221 patent to Valve and the obligation of the "valid and enforceable covenant not to sue for the '221 patent from Defendants." *See* Dkt. 80, Answers to ¶¶ 8, 32-34, 49-50.

10. Assuming the truth of RBDS's infringement allegations (which Valve denies as stated herein), Steam Cloud is within the definition of "Licensed Products" because "in absence of this Agreement [it] would infringe[] at least one of the claims of the Licensed Patents." Dkt. 38-1, ¶ 1.7.

11. The activities that RBDS alleges as infringing are all within the definition of "Exploit" in the GSLA. Dkt. 38-1, § 1.6 ("'Exploit' means to, in whole or in part, directly or indirectly, own, make, have made, design, develop, author, write, use, sell, offer to sell, supply, purchase license, offer to license, distribute, lease, import, export, operate, perform, provide, display, transmit, or otherwise transfer, practice, or dispose of, and the exercise of all other activities.").

12. RBDS also admitted that "Valve has a valid and enforceable covenant not to sue for the '221 Patent from Defendants." Dkt. 80, Answers to ¶¶ 32-34, 49-50.

13. Therefore, as of January 11, 2016 and continuing to the present, Valve had and has authority to perform the allegedly infringing activities identified in RBDS's Counterclaim and thus cannot infringe under Section 271(a) ("whoever without authority").

14. The GSLA also states that, "Licensor irrevocably release[d], aquit[ted] and forever discharge[d] Licensee [Valve], its Affiliates, and its respective officers, directors and attorneys from any and all past, present, or future claims or liabilities of any kind and nature, at law, in equity, or otherwise, known or unknown, suspected or unsuspected, disclosed or undisclosed, arising out of or relating in any way to acts of Licensee [Valve] or its Affiliates in connection with: … the Licensed Patents solely with respect to the Licensed Products." Dkt. 38-1, § 2.1.

15. Valve was thus released from any claims of infringement of the '221 patent prior to January 11, 2016.

VALVE'S ANSWER TO
RBDS COUNTERCLAIM
CASE NO. 2:23-CV-1016

- 9 -

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

16. Thus, the GSLA acts as a complete defense to RBDS's Counterclaim of infringement of the '221 patent against Valve.

17. To avoid any doubt, Valve has a license—express or, at the very least, implied—to practice the claims of the '221 patent.

**FIFTH DEFENSE**

(**Patent Misuse**)

18. RBDS's Counterclaim is barred by the doctrine of patent misuse. RBDS, via its agent Leigh Rothschild, has already received a royalty for any alleged infringement of the '221 patent by Valve under the GSLA. *See* Dkt. 38-1, §§ 5.1, 9.2, Exhibit C.

19. RBDS's Counterclaim for damages on the '221 patent is an attempt to collect double royalties and is thus an attempt to expand the scope of its patent rights by demanding double royalties for the same product.

20. This demand for double royalties on products that are already licensed has an anticompetitive effect including, for instance, trying to leverage the '221 patent to impose the overly broad condition that Valve pay twice for rights to practice that patent.

**SIXTH DEFENSE**

(**Unclean Hands/Other Equitable Claims**)

21. Valve incorporates by reference the statements made in its Third, Fourth, and Fifth defenses as if fully set forth herein.

22. RBDS's Counterclaim is barred by the doctrines of waiver, estoppel, acquiescence, and/or unclean hands for at least the reasons set forth therein.

**SEVENTH DEFENSE**

(**Limitation on Damages**)

23. Valve incorporates by reference the statements made in its Fourth defense as if fully set forth herein.

24. RBDS's Counterclaim is barred, in whole or in part, under the doctrine of license, patent exhaustion, and/or impermissible double recovery.

25. RBDS's claim for damages, if any, against Valve for alleged infringement of the

VALVE'S ANSWER TO
RBDS COUNTERCLAIM
CASE NO. 2:23-CV-1016

- 10 -

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

'221 patent is statutorily limited, in whole or in part, by *inter alia*, the provisions of 35 U.S.C. §§ 284, 286, and/or 287.

26. RBDS's attempt to enforce the '221 patent against Valve, and Valve's potential liability, if any, to RBDS, is limited by 28 U.S.C. § 1498.

## **CLAIM FOR ATTORNEYS' FEES**

27. Defendant RBDS's Counterclaim for infringement of the '221 patent is objectively unreasonable. Valve incorporates Dkt. 84-1 into its Answer to RBDS's Counterclaim. Valve incorporates the allegations as set forth above in its Answer to Paragraph 15 of RBDS's Counterclaim. Valve intends to seek an award of attorneys' fees against RBDS under 35 U.S.C. § 285 and any and all applicable authorities. *See, e.g.*, Dkt. 84-1.

## **DEFENDANTS' FAILURE TO PROVIDE RELEVANT DISCOVERY**

28. Defendants have refused to provide relevant and proportional discovery that may shed light on additional affirmative defenses. For example, RBDS refuses to provide discovery in response to Valve's Request No. 60 seeking, "All Documents, Communications, and Things Relating to the preparation and prosecution of the '221 patent." Defendants' failure to timely and in good faith engage in the discovery process has hindered Valve's ability to investigate non-public information that may lead to more affirmative defenses, such as inequitable conduct.

VALVE'S ANSWER TO
RBDS COUNTERCLAIM
CASE NO. 2:23-CV-1016

- 11 -

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

| | | |
|---|---|---|
| 1 | DATED: May 20, 2025 | Respectfully submitted, |
| 2 | | KILPATRICK TOWNSEND & STOCKTON LLP |
| 3 | | |
| 4 | | By: */s/ Dario A. Machleidt* |
| | | Dario A. Machleidt (State Bar No. 41860) |
| 5 | | Kathleen R. Geyer (State Bar No. 55493) |
| | | Christopher P. Damitio (State Bar No. 58633) |
| 6 | | 1420 Fifth Avenue, Suite 3700 |
| | | Seattle, WA 98101 |
| 7 | | Telephone: (206) 467-9600 |
| | | dmachleidt@kilpatricktownsend.com |
| 8 | | kgeyer@kilpatricktownsend.com |
| | | cdamitio@kilpatricktownsend.com |
| 9 | | |
| 10 | | Andrea A. Anderson (*pro hac vice*) |
| | | 1400 Wewatta Street, Suite 600 |
| 11 | | Denver, CO 80202 |
| | | Telephone: (303) 607-3233 |
| 12 | | E-mail: andie.anderson@ktslaw.com |
| 13 | | Attorneys for Plaintiff |
| | | VALVE CORPORATION |

VALVE'S ANSWER TO
RBDS COUNTERCLAIM
CASE NO. 2:23-CV-1016

- 12 -

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600