# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| VALVE CORPORATION,<br><br>    Plaintiff,<br><br>    v.<br><br>LEIGH ROTHSCHILD, ROTHSCHILD BROADCAST DISTRIBUTION SYSTEMS, LLC, DISPLAY TECHNOLOGIES, LLC, PATENT ASSET MANAGEMENT, LLC, MEYLER LEGAL, PLLC, AND SAMUEL MEYLER,<br><br>    Defendants. | Case No. 2:23-cv-1016-JNW<br><br>**PLAINTIFF VALVE CORPORATION'S MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>NOTE ON MOTION CALENDAR:<br>**June 13, 2025**<br><br>Complaint Filed:    07/07/2023<br><br>ORAL ARGUMENT REQUESTED[1] |

---

[1] Pursuant to Section 5.1 of this Court's Chamber Procedures – Civil, Valve intends to have an attorney with less than six years of experience argue this motion should the Court grant oral argument.

PLAINTIFF VALVE CORPORATION'S MOTION
FOR JUDGMENT ON THE PLEADINGS
Case No. 2:23-cv-1016

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

# TABLE OF CONTENTS

I.  INTRODUCTION ................................................................................................................1

II. BACKGROUND .................................................................................................................1

    A.    Undisputed Factual Allegations in the Second Amended Complaint ....................................................................................................................1

    B.    Additional Undisputed Factual Allegations in Defendants' Answer ..............................................................................................................3

    C.    Factual Allegations in the Single RBDS Counterclaim Taken as True .........................................................................................................................3

    D.    Factual Allegations in Valve's Answer to RBDS's Counterclaim Taken as True .........................................................................................................4

III. LEGAL FRAMEWORK .....................................................................................................4

    A.    Motions to Dismiss Under Federal Rule of Civil Procedure 12(c) ..........................................................................................................................4

    B.    A License Is a Complete Defense to Patent Infringement .................................5

IV. ARGUMENT ......................................................................................................................5

    A.    The pleadings present no factual dispute that Valve has a license to the '221 Patent and a valid and enforceable covenant not to sue......................................................................................................................6

        1.    Valve has a license to the '221 Patent.......................................................6

        2.    Valve has a valid and enforceable covenant not to sue for the '221 Patent.........................................................................................7

    B.    The pleadings present no reasonable dispute that RBDS is bound to the '221 Patent license and covenant not to sue.................................8

    C.    Valve's Steam Cloud falls within the scope of the '221 Patent license and covenant not to sue.........................................................................9

V.  CONCLUSION .................................................................................................................11

PLAINTIFF VALVE CORPORATION'S MOTION  
FOR JUDGMENT ON THE PLEADINGS      i  
Case No. 2:23-cv-1016

Kilpatrick Townsend & Stockton LLP  
1420 Fifth Avenue, Suite 3700  
Seattle, WA 98101  
(206) 467-9600

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Am. Title Ins. Co. v. Lacelaw Corp.*,
　861 F.2d 224 (9th Cir. 1988) .................................................................................... 6, 7, 8

*Balistreri v. Pacifica Police Dep't*,
　901 F.2d 696 (9th Cir. 1990) .............................................................................................. 5

*Bradley v. Presteen*,
　No. 2:20-CV-00767-LK, 2025 WL 1355236 (W.D. Wash. May 9, 2025) ........................ 5

*Brumfield. v. IBG LLC*,
　97 F.4th 854 (Fed. Cir. 2024) ............................................................................................. 3

*Chavez v. United States*,
　683 F.3d 1102 (9th Cir. 2012) ............................................................................................ 4

*CoreBrace LLC v. Star Seismic LLC*,
　566 F.3d 1069 (Fed. Cir. 2009) ........................................................................................ 11

*Datatreasury Corp. v. Wells Fargo & Co.*,
　522 F.3d 1368 (Fed. Cir. 2008) ...................................................................................... 5, 9

*Fed. Sign v. Texas S. Univ.*,
　951 S.W.2d 401 (Tex. 1997) ........................................................................................... 6, 8

*FireBlok IP Holdings, LLC v. Hilti, Inc.*,
　855 F. App'x 735 (Fed. Cir. 2021) ................................................................................... 10

*Fleming v. Pickard*,
　581 F.3d 922 (9th Cir. 2009) .............................................................................................. 5

*General Mills, Inc. v. Krant Foods Global, Inc.*,
　487 F.3d 1368 (Fed. Cir. 2007) ........................................................................................ 11

*Innovus Prime, LLC v. Panasonic Corp.*,
　No. C-12-00660, 2013 WL 3354390 (N.D. Cal. July 2, 2013) ....................................... 5, 9

*Intel Corp. v. VIA Techs., Inc.*,
　319 F.3d 1357 (Fed. Cir. 2003) ................................................................................ 5, 7, 10

*Molon Motor and Coil Corp. v. Nidec Motor Corp.*,
　946 F.3d 1354 (Fed. Cir. 2020) .......................................................................................... 8

PLAINTIFF VALVE CORPORATION'S MOTION
FOR JUDGMENT ON THE PLEADINGS
Case No. 2:23-cv-1016

ii

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

# TABLE OF AUTHORITIES

*Secs. And Exchange Comm'n v. Payward, Inc.*,
  763 F. Supp. 3d 901 (N.D. Cal. 2025) .................................................................. 5, 9, 10

**Statutes**

35 U.S.C. § 271(a) ............................................................................................................ 9, 10

**Other Authorities**

FED. R. CIV. P. 12(b)(6) ................................................................................................................ 4

FED. R. CIV. P. 12(C) ........................................................................................................ 1, 4, 5, 9

PLAINTIFF VALVE CORPORATION'S MOTION
FOR JUDGMENT ON THE PLEADINGS                    iii
Case No. 2:23-cv-1016

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

## I.   INTRODUCTION

Valve Corporation respectfully moves for judgment on the pleadings in its favor on (1) RBDS's only Counterclaim of infringement of the '221 Patent (Dkt. 80, ¶¶ 1–21) and (2) Valve's Fourth Affirmative Defense (Licensing and/or Authorization) (Dkt. 85, ¶¶ 4–17). *See* FED. R. CIV. P. 12(C); LCR 7(b)(1), 7(d)(3).

Among other claims, Valve brought a declaratory judgment that U.S. Patent No. (the "'221 Patent") is unenforceable because it is subject to a license between Valve and Defendants.[2] Defendants agreed that Valve has a valid and enforceable license to the '221 Patent and covenant not to sue. But inexplicably, Defendant RBDS also asserts a counterclaim that Valve infringes the '221 Patent. RBDS does so without ever arguing that Valve's license to the same patent is invalid or unenforceable. Because all parties admit in the pleadings that Valve is licensed to and protected against suit over the '221 Patent, Valve respectfully requests this Court grant its motion for judgment on the pleadings on and RBDS's only Counterclaim (Dkt. 80, ¶¶ 1–21) and Valve's Fourth Affirmative Defense (Licensing and/or Authorization) (Dkt. 85, ¶¶ 4–17).

## II.   BACKGROUND

### A.   Undisputed Factual Allegations in the Second Amended Complaint

Valve alleges it entered into a Global Settlement and License Agreement (the "GSLA") with Display Tech. and Rothschild on November 14, 2016. Dkt. 38, ¶¶ 12–13; Dkt. 80, Answers to ¶¶ 12–13 (admitting the same). The GSLA grants Valve a "'perpetual, irrevocable, royalty-free, fully paid-up, worldwide license' to all patents listed in Exhibit C of the settlement agreement." Dkt. 38, ¶ 12; Dkt. 38-1 at 5–6; Dkt. 80, Answer to ¶ 12 ("Admitted"). Exhibit C to the GSLA expressly lists the '221 Patent. Dkt. 38, ¶ 28; Dkt. 38-1 at 19; Dkt. 80, Answer to ¶ 28 ("Defendants admit that the ''221 Patent is listed on Exhibit C of the [GSLA]."). Thus, "Valve received a 'perpetual, irrevocable, royalty-free, fully paid-up, worldwide license' to the '221 Patent by signing the 2016 Global Settlement and License Agreement." Dkt. 38, ¶ 60; Dkt. 80, Answer to ¶ 60 ("Defendants admit that the [GSLA] included the grant of a perpetual, irrevocable,

---

[2] For purposes of this motion, "Defendants" encompasses Leigh Rothschild ("Rothschild"), Rothschild Broadcast Distribution Systems, LLC ("RBDS"), and Display Technologies, LLC ("Display Tech.").

PLAINTIFF VALVE CORPORATION'S MOTION
FOR JUDGMENT ON THE PLEADINGS            1
Case No. 2:23-cv-1016

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

royalty-free, fully paid-up, worldwide license to the '221 Patent."). Valve paid the required consideration to the Rothschild licensors to obtain the rights under the GSLA. Dkt. 38, ¶ 12; Dkt. 80, Answer to ¶ 12 ("Admitted").

Section 2.1 of the GSLA provides a covenant not to sue on the patents in Exhibit C for all past and future activity. Dkt. 38-1 ("Licensor irrevocably releases, acquits and forever discharges Licensee … from any and all past, present, or future claims or liabilities … arising out of or relating in any way to acts of Licensee or its Affiliates in connection with: … (ii) the Licensed Patents solely with respect to the Licensed Products…"). Section 1.5 defines "Licensed Patents" as "the patents identified in Exhibit C…" *Id.* at 2. Section 1.7 defines "Licensed Products" as "all past, present and future machines, manufactures, compositions of matter, methods, processes, apparatuses, devices, hardware, software, applications, data, products, web sites, systems and other products and services, or any combination of one or more of the foregoing, ever Exploited by or on behalf of Licensee, which in the absence of this Agreement would infringe at least one of the claims of the Licensed Patents." *Id.*, at 3.

Defendant Rothschild "signed the 2016 Global Settlement and License Agreement on behalf of himself, Display Technologies, and all entities listed as 'Assignee' in Exhibit C to the agreement." Dkt. 38, ¶ 13; Dkt. 80, Answer to ¶ 13 ("Admitted."), Dkt. 38-1 at 14, 18–19. Indeed, Section 9.2 of the GSLA "represents and warrants that as of the Effective Date (a) Licensor is the sole owner of the entire right, title and interest in and to the Licensed Patents, including all rights to enforce and sue for past damages, as reflected by the 'Assignee' entities listed in Exhibit C; and (b) Licensor has the right and authority to grant the rights, licenses and releases hereunder on behalf of the entities listed in Exhibit C." Dkt. 38-1 at 9.[3]

"Section 7.2 of the agreement states that 'Licensor may not assign … any of the Licensed Patents without such assignee … agreeing to be bound by the obligations of the Licensor hereunder as if it were a party hereto, and any assignment or exclusive license made in violation of this provision shall be void.'" Dkt. 38, ¶ 61; Dkt. 80, Answer to ¶ 61 (admitting the GSLA "includes the quoted language"); Dkt. 38-1 at 7.

---

[3] "Licensor" is defined as Display Tech. and Rothschild. Dkt. 38-1 at 1.

PLAINTIFF VALVE CORPORATION'S MOTION
FOR JUDGMENT ON THE PLEADINGS — 2
Case No. 2:23-cv-1016

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

### B. Additional Undisputed Factual Allegations in Defendants' Answer

On May 8, 2025, Defendants filed their Second Amended Answer and Counterclaims to Valve's Second Amended Complaint. Dkt. 80. Defendant RBDS filed a single Counterclaim. Dkt. 80, Counterclaim ¶¶ 1–21. Numerous times throughout their Answer, Defendants admitted that "Valve has a valid and enforceable covenant not to sue for the '221 Patent from Defendants." *Id.*, Answer to ¶¶ 32–34, 49–50. Defendants admitted that "Valve paid to obtain these rights." *Id.*, Answer to ¶ 12.

Defendants admitted that the GSLA included the language in Section 7.2 that prohibited Licensor from assigning the licensed patents in Exhibit C without the assignee "agreeing to be bound by the obligations of the Licensor hereunder as if it were a party hereto." *Id.*, Answer to ¶ 61.

Defendants do not assert any affirmative defense that the GSLA is void or that Valve breached the GSLA. *See Id.*, Answer ¶¶ 91–95.[4]

### C. Factual Allegations in the Single RBDS Counterclaim Taken as True

In support of its counterclaim that Valve allegedly infringes the '221 Paten, . RBDS alleged that it is the owner by assignment of the '221 Patent. Dkt. 80, Counterclaim ¶ 8. RBDS alleged that Valve "has infringed and continues to infringe" the '221 Patent by making, using, selling and/or offering for sale in, and/or importing into, the United States, without authorization, products which provide a method storing media content and delivering requested media content to a consumer device, such as Steam Cloud." *Id.*, Counterclaim ¶ 15.[5] RBDS also accused Valve of indirectly infringing the '221 Patent by inducing direct infringement by its customers. *Id.*, Counterclaim ¶ 18. RBDS included a claim chart asserting claim 7 of the '211 Patent again Valve's Steam Cloud. *Id.*, Counterclaim ¶ 17. While Valve denies any infringement, for purposes

---

[4] Defendant Display Tech. previously asserted that it did not breach the GSLA but that Valve did. Dkt. 63, Answer to ¶ 76; Counterclaim ¶¶ 15–20. After the Court granted Valve's Motion to Strike, Display Tech. now admits to breach of the GSLA and withdrew all allegations that Valve breached the GSLA. Dkt. 80, Answer to ¶ 76.

[5] The only asserted claim 7 is a method claim and can only be infringed by using the method. *Brumfield. v. IBG LLC*, 97 F.4th 854, 879 (Fed. Cir. 2024) ("[A] method claim is directly infringed only by one practicing the patented method." (quotation omitted)).

PLAINTIFF VALVE CORPORATION'S MOTION
FOR JUDGMENT ON THE PLEADINGS                3
Case No. 2:23-cv-1016

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

of this motion, Valve takes these allegations to be true.

### D. Factual Allegations in Valve's Answer to RBDS's Counterclaim Taken as True

On May 20, 2025, Valve filed its Answer to RBDS's Counterclaim. Dkt. 85. Pleadings are now closed. In its Answer, Valve asserts as its Fourth Defense "Licensing and/or Authorization." Dkt. 85, Valve's Defenses ¶¶ 4–17. There, Valve again explained that the GSLA provided a "perpetual, irrevocable, royalty-free, fully paid-up, worldwide license" to the '221 Patent. *Id.*, Valve's Defenses ¶¶ 6–7. Valve also explained that even Defendants admit Valve has a license to the '221 Patent and has a "valid and enforceable covenant not to sue for the '221 patent from Defendants." *Id.*, Valves Defenses ¶¶ 8–9. Because the covenant not to sue extended to past and future acts, Valve was released from claims of infringement dating before and after the GSLA, and thus had authority from Defendants to perform the accused acts. *Id.*, Valve's Defenses ¶¶ 13–15. Valve again explained in its Answer that it paid the agreed to consideration under Section 5.1 in exchange for the license. *Id.*, Valve's Defenses ¶ 7.

Valve explained that because RBDS alleged Steam Cloud infringed the '221 Patent, if taken as true, Steam Cloud fell within the category Licensed Products under the GSLA. *Id.*, Valve's Defenses ¶ 10 ("Assuming the truth of RBDS's infringement allegations (which Valve denies as stated herein), Steam Cloud is within the definition of 'Licensed Products' because 'in absence of this Agreement [it] would infringe[] at least one of the claims of the Licensed Patents.' Dkt. 38-1, ¶ 1.7."). "Thus, the GSLA acts as a complete defense to RBDS's Counterclaim of infringement of the '221 patent against Valve." *Id.*, Valve's Defenses ¶ 16.

### III. LEGAL FRAMEWORK

#### A. Motions to Dismiss Under Federal Rule of Civil Procedure 12(c)

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." FED. R. CIV. PRO. 12(c). "Analysis under Rule 12(c) is substantially identical to analysis under Rule 12(b)(6)." *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012) (cleaned up). Specifically, under Rule 12(c), "a court must determine whether the facts alleged in the complaint, taken as true, entitle the plaintiff to a legal remedy." *Id.* (internal

PLAINTIFF VALVE CORPORATION'S MOTION
FOR JUDGMENT ON THE PLEADINGS
Case No. 2:23-cv-1016

4

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

quotation marks and citation omitted). A motion under Rule 12(c) may be granted if there is "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

"Therefore, unlike with motions for summary judgment where the entire evidentiary record is considered, when reviewing motions for judgment on the pleadings, the Court considers only (1) the pleadings, (2) documents incorporated by reference into the complaint, and (3) matters of judicial notice." *Bradley v. Presteen*, No. 2:20-CV-00767-LK, 2025 WL 1355236, at *4 (W.D. Wash. May 9, 2025) (citing *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003)). The court "accept[s] all factual allegations in the [relevant pleading] as true and construe[s] them in the light most favorable to the non-moving party." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). However, the court is not required to "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Secs. And Exchange Comm'n v. Payward, Inc.*, 763 F. Supp. 3d 901, 907 (N.D. Cal. 2025).

### B.   A License Is a Complete Defense to Patent Infringement

Where a contract provides an express grant of a license to a patent, that express license provides a complete defense to infringement claims. *Intel Corp. v. VIA Techs., Inc.*, 319 F.3d 1357, 1363–64 (Fed. Cir. 2003). When a patent is assigned, the assignee steps into the shoes of the assignor, including with respect to any contractual obligation to license or covenant not to sue regarding a patent. *Datatreasury Corp. v. Wells Fargo & Co.*, 522 F.3d 1368, 1372 (Fed. Cir. 2008) (noting that an assignee "takes a patent subject to the legal encumbrances thereon"); *Innovus Prime, LLC v. Panasonic Corp.*, No. C-12-00660, 2013 WL 3354390, at *5, *8 (N.D. Cal. July 2, 2013) (holding that both a license and a covenant not to sue run to the patent assignee).

### IV.  ARGUMENT

There is no factual dispute that the GSLA grants Valve a license to, and covenant not to sue for, the '221 Patent. Resolving the allegations in RBDS's Counterclaim in its favor, the Steam Cloud practices the '221 Patent and thus falls within the scope of Licensed Products in the GSLA. Moreover, RBDS presents no facts that could support its bare allegation Valve's use of Steam

PLAINTIFF VALVE CORPORATION'S MOTION
FOR JUDGMENT ON THE PLEADINGS                5
Case No. 2:23-cv-1016

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

Cloud is "without authority." Accordingly, Valve's use of the Steam Cloud service is with authority granted under the GSLA, Valve is entitled to judgment on the pleadings as to its "License and/or Authorization" defense, and Valve is entitled to judgment on the pleadings against RBDS's infringement Counterclaim.

### A. The pleadings present no factual dispute that Valve has a license to the '221 Patent and a valid and enforceable covenant not to sue.

Both parties agree—Valve has the authority to practice the claims of the '221 Patent.

#### 1. Valve has a license to the '221 Patent.

It is undisputed that Valve executed the GSLA in November 2016 with Defendants Display Tech. and Rothschild. Dkt. 38, ¶¶ 12–13. Dkt. 80, Answers to ¶¶ 12–13 (admitting the same). It is undisputed that the GSLA grants Valve a license to practice the patents listed in its Exhibit C; the '221 Patent is listed in Exhibit C; Valve paid to licenses that patent. *See generally supra* § II.A. In other words, the parties entered into a valid and enforceable contract under Texas law. *Fed. Sign v. Texas S. Univ.*, 951 S.W.2d 401, 408 (Tex. 1997); *see also* Dkt. 38-1 at 11 (Section 11.1 states the law of Texas governs the validity of the GSLA).

Defendants admit that Valve has a license to the '221 Patent. Specifically, Defendants "admit that the '221 Patent is listed on Exhibit C of the [GSLA]." Dkt. 80, Answer to ¶ 28. Defendants additionally admit that the GSLA "included the grant of a perpetual, irrevocable, royalty-free, fully paid-up, worldwide license to the '221 Patent." *Id.*, Answer to ¶ 60; *see also id.*, Counterclaim ¶¶ 12–13 (admitting that the GSLA defined "Licensed Patents" to include the '221 Patent). And Defendants admit that "Valve paid to obtain these rights." *Id.*, Answer to ¶ 12. Even in their affirmative defenses, Defendants continued to agree Valve has a license to the '221 Patent. *See*, Dkt 80, ¶¶ 93, 95 ("In response, Mr. Schenck indicated a desire to avoid litigation, but omitted the fact that Valve already had a license for the '221 Patent, which alone would have resolved any claim or dispute with respect to the '221 Patent.").

Defendants' admissions in its Answer and Counterclaims are "judicial admission[s]." *Am. Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir. 1988) ("Judicial admissions are formal admissions in the pleadings which have the effect of withdrawing a fact from issue and

PLAINTIFF VALVE CORPORATION'S MOTION
FOR JUDGMENT ON THE PLEADINGS    6
Case No. 2:23-cv-1016

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

dispensing wholly with the need for proof of the fact." (citation omitted)). Thus, taking the facts alleged in the pleadings —including Defendants' answers and RBDS's Counterclaim—as true, Valve is licensed to the '221 Patent and has the authority to make, use, sell, offer for sale, and import the technology claimed therein. *Intel Corp.*, 319 F.3d at 1363–64. Valve therefore has a complete defense to RBDS's allegations of infringement. *Id.*; Dkt. 38-1 at 3.

### 2. Valve has a valid and enforceable covenant not to sue for the '221 Patent.

Taking the allegations in Defendants' Answer as true, Valve also has a valid and enforceable covenant not to sue for the '221 Patent. Defendants admit five different times that "Valve has a valid and enforceable covenant not to sue for the '221 Patent from Defendants." Dkt. 80, Answer to ¶¶ 32–34, 49–50. Defendants' admissions in their Answer show that this covenant not to sue applies to *all* "Defendants"—including the current owner of the '221 Patent, RBDS. *Id.*; *Am. Title Ins. Co.*, 861 F.2d at 226 (statements in Answers are "conclusively binding on the party who made them").

In addition to the license grant in the GSLA, the GSLA also contains a release of all future and past claims arising out of its activities in connection with the Licensed Patents—including the '221 Patent—and the "Licensed Products" in Section 2.1.

> Subject to the payment provided under Section 5 .1, *Licensor irrevocably releases, acquits and forever discharges Licensee, … from any and all past, present, or future claims or liabilities of any kind* and nature, at law, in equity, or otherwise, known or unknown, suspected or unsuspected, disclosed or undisclosed, *arising out of or relating in any way to acts of Licensee* or its Affiliates *in connection with*: (i) the claims and counterclaims asserted in the Pending Litigation; (ii) *the Licensed Patents solely with respect to the Licensed Products*.

Dkt. 38-1 at 3 (emphasis added).

Section 2.2 of the GSLA extends this covenant not to sue to Valve's customers (the alleged direct infringers in RBDS's allegations of induced infringement):

> Subject to the payment provided under Section 5. I, *Licensor irrevocably releases, acquits and forever* discharges all vendors, suppliers, manufacturers, developers, depositors, distributors, contractors, partners, hosts, *direct and indirect customers, and end-users of Licensee or the Licensed Product … from any and all past, present, or future claims or liabilities* of any kind and nature, at law, in equity, or

PLAINTIFF VALVE CORPORATION'S MOTION
FOR JUDGMENT ON THE PLEADINGS
Case No. 2:23-cv-1016

7

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

otherwise, known and unknown, suspected and unsuspected, disclosed and undisclosed, arising out of or relating in any way to acts of a Licensee Third Party or the Licensee Third Parties *in connection with the Licensed Patents solely with respect to the Licensed Products*.

Dkt. 38-1 at 3 (emphasis added).

All parties admitted in the pleadings that Valve paid the required fee under Section 5.1 of the GSLA. *See* Dkt. 38, ¶ 12; Dkt. 80, Answer to ¶ 12. That makes the covenant not to sue a valid and enforceable agreement. *Fed. Sign*, 951 S.W.2d at 408.

Accordingly, both parties' admit in their pleadings that "Valve has a valid and enforceable covenant not to sue for the '221 Patent from Defendants"—including RBDS. Dkt. 80, Answer to ¶¶ 32–34, 49–50; Dkt. 85, Valve's Defenses ¶¶ 8–9, 13–15. "A covenant not to sue is equivalent to a nonexclusive or 'bare' license." *Molon Motor and Coil Corp. v. Nidec Motor Corp.*, 946 F.3d 1354, 1360 (Fed. Cir. 2020). The covenant not to sue extends to acts occurring both before and after execution of the GSLA. Dkt. 85, Valve's Defenses ¶¶ 13–15; Dkt. 38-1 at 3 (Sections 2.1 and 2.2). Accordingly, the GSLA provides Valve authority to make, use, sell, offer for sale, and import the technology claimed by the '221 Patent via a valid and enforceable license from all Defendants regarding the "Licensed Products." Similarly, the GSLA releases Valve from any liability from any uses of the "Licensed Products" by Valve's end users.

### B. The pleadings present no reasonable dispute that RBDS is bound to the '221 Patent license and covenant not to sue.

RBDS is bound to the terms of the GSLA, including the grant of rights under a license and covenant not to sue over the '221 Patent, due to its admissions in its Answer and Counterclaims and under both the agreement and Federal patent law.

As discussed above, all Defendants admit "Valve has a valid and enforceable covenant not to sue for the '221 Patent from Defendants"—including from RBDS. Because admission in a pleading are "conclusively binding on the party who made them," RBDS is bound by its admission that it gave Valve a valid and enforceable covenant not to sue for the '221 Patent. *Am. Title Ins. Co.*, 861 F.2d at 226.

Even if the GSLA did not explicitly bind RBDS to its terms, patent law binds assignees to

PLAINTIFF VALVE CORPORATION'S MOTION
FOR JUDGMENT ON THE PLEADINGS — 8
Case No. 2:23-cv-1016

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

the encumbrances of the '221 Patent. *Datatreasury Corp*, 522 F.3d at 1372 (noting that an assignee "takes a patent subject to the legal encumbrances thereon"); *Innovus Prime, LLC*, 2013 WL 3354390, at *5, *8 (holding that both a license and a covenant not to sue runs to the patent assignee). As the assignee of the '221 Patent, RBDS stepped into the shoes of the assignor and took ownership of the patent subject to Valve's license and covenant not to sue under the GSLA.

The Court should disregard Defendants' unsupported (and factually contradicted) denial that RBDS is *not* bound to the GSLA's license and covenant not to sue. *Secs. and Exchange Comm'n*, 763 F. Supp. 3d at 907 (holding unwarranted inferences are insufficient to defeat a Rule 12(c) motion). In their response to Valve's allegation that the GSLA "applies with equal force to RBDS" as it did to the '221 Patent owner listed in Exhibit C (Dkt. 38, ¶ 61), Defendants' answer that they agree the GSLA contained the Section 7.2 language, "but otherwise deny the allegations of Paragraph 61." Dkt. 80, Answer to ¶ 61. But Defendants provide no factual allegations that could support their conclusion that RBDS is not bound to the obligations of the GSLA under its terms or under Federal Circuit law. Accordingly, Defendants cannot support an inference that RBDS is free from the '221 Patent license and covenant not to sue obligations. *Secs. and Exchange Comm'n*, 763 F. Supp. 3d at 907.

Construing the facts in favor of RBDS and drawing all **warranted** inferences in its favor, RBDS is the owner of the '221 Patent by assignment, and owns the '221 Patent subject to the GSLA license and covenant not to sue encumbrances.

C.  **Valve's Steam Cloud falls within the scope of the '221 Patent license and covenant not to sue.**

Resolving the factual allegations in favor of Counterclaimant RBDS, Steam Cloud is a Licensed Product under the GSLA, and RBDS cannot show its use is "without authority." *See* 35 U.S.C. § 271(a) ("whoever without authority"). Valve's Steam Cloud service is a "Licensed Product" under the GSLA. The GSLA defines "Licensed Product" as "all past, present and future … products, web sites, systems and other products and services, or any combination of one or more of the foregoing, ever Exploited by or on behalf of Licensee, which in the absence of this Agreement would infringe at least one of the claims of the Licensed Patents." Dkt. 38-1 at 3. The

PLAINTIFF VALVE CORPORATION'S MOTION
FOR JUDGMENT ON THE PLEADINGS                9
Case No. 2:23-cv-1016

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

GSLA defines "Exploit" as—among other things— to "make, … use, sell, offer to sell." *Id.*, at 2. Both parties allege and admit that the '221 Patent is listed in Exhibit C as a "Licensed Patent." Dkt. 38, ¶¶ 12, 28; Dkt. 80, Answer to ¶¶ 12, 28. RBDS filed its Counterclaim alleging that Valve's own use, and its customers' use, of the Steam Cloud infringed claim 7 of the '221 Patent. Dkt. 80, Counterclaim ¶¶ 1–21. Assuming the facts in RBDS's Counterclaim to be correct, Valve's Steam Cloud product "would infringe at least one of the claims of the Licensed Patents." *See* Dkt. 38-1 at 2 (defining "Licensed Products"). Thus, Valve's Steam Cloud is a "Licensed Product" under the GSLA and subject to the protections of the '221 Patent license and covenant not to sue.

Defendants have pled no facts that could support an inference that Steam Cloud is *not* within the authorization of the '221 Patent license and covenant not to sue. First, RBDS's allegation that the use of Steam Cloud is "without authorization" is nothing more than the recitation of the infringement standard set forth under Section 271 of the Patent Act. *Secs. and Exchange Comm'n*, 763 F. Supp. 3d at 907. *Compare* 35 U.S.C. § 271(a) ("[W]hoever without authority makes, uses, offers to sell, or sells any patented invention, … , infringes the patent."), *with* Dkt. 80, RBDS Counterclaim ¶ 15 ("Valve has infringed and continues to infringe the '221 Patent under the provisions of 35 U.S.C. § 271(a) by making, using, selling and/or offering for sale in, and/or importing into, the United States, without authorization, products … such as Steam Cloud."). Second, RBDS pleads no additional facts that could support an inference that Steam Cloud—a "Licensed Product"—is not subject to the authorizations of the GSLA. Accordingly, the Court can, and should, disregard RBDS's allegation that Valve's use of "Steam Cloud" is "without authorization." *See, e.g.*, *Secs. and Exchange Comm'n*, 763 F. Supp. 3d at 907.

Because the pleadings—taken in the light most favorable to Defendants, including RBDS—show the Steam Cloud is licensed and subject to a covenant not to sue, the Court should grant Valve's motion for judgment on the pleadings as to Valve's License and/or Authorization, Fourth Affirmative Defense. *Intel Corp.*, 319 F.3d at 1363–64 (express licenses create a complete defense to infringement); *FireBlok IP Holdings, LLC v. Hilti, Inc.*, 855 F. App'x 735, 738 (Fed. Cir. 2021) (affirming summary judgment of noninfringement for licensed products). Moreover,

PLAINTIFF VALVE CORPORATION'S MOTION
FOR JUDGMENT ON THE PLEADINGS
Case No. 2:23-cv-1016

10

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

because Valve is authorized to use the Steam Cloud under the '221 Patent, RBDS cannot support an inference that Valve's acts are "without authorization," and the Court should grant judgment on the pleadings in favor of Valve on RBDS's Counterclaim. *General Mills, Inc. v. Krant Foods Global, Inc.*, 487 F.3d 1368, 1371, 1376 (Fed. Cir. 2007) (affirming a Rule 12(b)(6) dismissal of infringement claim where the complaint attached a settlement agreement showing the accused infringer held a valid covenant not to sue); *CoreBrace LLC v. Star Seismic LLC*, 566 F.3d 1069, 1072 (Fed. Cir. 2009) (affirming 12(b)(6) dismissal of an infringement claim where the accused infringer had an express license to "make, use, and sell" an invention).

## V. CONCLUSION

The Court should grant judgement in Valve's favor on its Fourth Affirmative Defense (Licensing and/or Authorization) (Dkt. 85, ¶¶ 4–17) and RBDS's Counterclaim (Dkt. 80, ¶¶ 1–21).

DATED: May 23, 2025                Respectfully submitted,

KILPATRICK TOWNSEND & STOCKTON LLP

By: */s/ Dario A. Machleidt*
Dario A. Machleidt (State Bar No. 41860)
Kathleen R. Geyer (State Bar No. 55493)
Christopher P. Damitio (State Bar No. 58633)
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
Telephone: (206) 467-9600
dmachleidt@kilpatricktownsend.com
kgeyer@kilpatricktownsend.com
cdamitio@kilpatricktownsend.com

Andrea A. Anderson (*pro hac vice*)
1400 Wewatta St., Suite 600
Denver, CO 80211
Telephone: (303) 607-3233
Andie.anderson@kilpatricktownsend.com

Attorneys for Plaintiff
VALVE CORPORATION

I certify that this memorandum contains 4185 words, in compliance with the Local Civil Rules.

PLAINTIFF VALVE CORPORATION'S MOTION
FOR JUDGMENT ON THE PLEADINGS
Case No. 2:23-cv-1016

11

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600