Honorable Jamal N. Whitehead

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| VALVE CORPORATION<br><br>Plaintiff,<br><br>v.<br><br>LEIGH ROTHSCHILD, ROTHSCHILD BROADCAST DISTRIBUTION SYSTEMS, LLC, DISPLAY TECHNOLOGIES, LLC, PATENT ASSET MANAGEMENT, LLC, MEYLER LEGAL, PLLC, AND SAMUEL MEYLER,<br><br>Defendants. | Case No.  2:23-cv-01016<br><br>**RESPONSE OF DEFENDANT SAMUEL MEYLER TO MOTION FOR LEAVE TO WITHDRAW AS COUNSEL FOR DEFENDANTS** |

Defendant Samuel Meyler respectfully submits this Response in opposition to the Motion for Leave to Withdraw as Counsel for Defendants (hereafter the "Motion," Dkt. 81.) filed by Donald R. McPhail. Eric R. Chad and Merchant & Gould P.C. ("Counsel" or "Merchant & Gould").

## I. INTRODUCTION

Counsel seeks to withdraw from representing all defendants in this patent litigation based on the contention that some of the defendants, Leigh Rothschild; Rothschild Broadcast

Distribution Systems, LLC; Display Technologies, LLC and Patent Asset Management, LLC (collectively, the "Rothschild Defendants"), have failed to pay legal fees. Critically, Samuel Meyler and Meyler Legal, PLLC (the "Meyler Defendants") are not responsible for, and have no control over, the payment arrangements or insurance coverage disputes involving the Rothschild Defendants. Decl. of Samuel Meyler ("Meyler Decl.") at ¶¶ 6-7. The Meyler Defendants are separate and distinct parties who should not suffer the severe prejudice of losing counsel at this critical juncture of the litigation.

Granting Counsel's Motion as to the Meyler Defendants would result in manifest injustice. The Meyler Defendants face potential default judgment, as Meyler Legal, PLLC, as a business entity, cannot proceed *pro se*. Moreover, with only one deposition completed to date, eighteen depositions of nonparties noticed by Plaintiff, and at least five (5) party depositions noticed, forcing the Meyler Defendants to find new counsel and get them up to speed would not only be prejudicial, but would be virtually impossible with fact discovery closing on June 25, 2025. The Court should exercise its discretion to deny the Counsel's Motion as to the Meyler Defendants.

## II. FACTUAL BACKGROUND

This case involves patent-related claims and alleged misconduct filed by Plaintiff Valve Corporation ("Valve" or "Plaintiff") on July 7, 2023. Dkt. 1; Dkt. 38. The Meyler Defendants are two of six defendants named in this action. *Id*. The other four defendants are the Rothschild Defendants. *Id*. Samuel Meyler is an individual defendant, and the sole member of Meyler Legal, PLLC. Meyler Decl. at ¶¶ 1-2.

Donald McPhail ("McPhail") has represented all defendants in this matter since its inception, when McPhail was with the law firm Oblon, McClelland, Maier & Neustadt, L.L.P. ("Oblon"). *Id*. at ¶ 3. McPhail changed firms and Merchant & Gould, P.C. began representation

of the defendants in March 2024. *Id*. Eric Chad subsequently joined in the defense of all defendants in December 2024. *Id*. at ¶ 4.

According to Counsel's Motion, the Rothschild Defendants have failed to pay outstanding legal fees, and their insurance carrier is refusing coverage. Declaration of Donald McPhail ("McPhail Decl.") at ¶¶ 3-4. Notably, Counsel's Motion makes no allegation that the Meyler Defendants have failed to meet any financial or other obligations.

The parties have engaged in extensive discovery, with defendants producing over 36,000 pages of documents, and having served and responded to multiple sets for written discovery requests. *Id*. at ¶ 9. Only one deposition has been taken to date. *Id*. at ¶ 10. Plaintiff has issued eighteen non-party subpoenas and indicated its intent to depose at least five of the defendants. *Id*. The fact discovery cut-off is June 25, 2025. Scheduling Order (Dkt. 61) at Pg 2:16. After nearly two years of litigation, Counsel now seeks to withdraw from representation of all defendants with less than 30 days until the close of fact discovery.

### III. LEGAL STANDARD FOR WITHDRAWAL

"An attorney may not, in the absence of the client's consent, withdraw from a case without justifiable cause; and then only after proper notice to his client, and on leave of the court." *Lovvorn v. Johnston*, 118 F.2d 704, 706 (9th Cir. 1941). "The attorney will ordinarily be permitted to withdraw until sixty days before the discovery cut off date in a civil case, and at the discretion of the court in a criminal case." LCR 83.2(b)(1). "After that point, there is a presumption against withdrawal because of the prejudice it may cause to the parties." *Kessler v. State Farm Fire & Cas. Co.*, 3:23-CV-05527-TMC, 2024 WL 4950136, at *3 (W.D. Wash. Dec. 3, 2024) (citing *United States Fire Ins. Co. v. Oxbo Inc.*, No. 3:22-CV-05228-TMC, 2024 WL 1659526, at *1 (W.D. Wash. Apr. 17, 2024).

"In exercising this discretion, district courts in the Ninth Circuit consider four factors in assessing motions to withdraw as counsel: '(1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case.'" *Kessler*, 2024 WL 4950136, at *2 (citing *Protingent, Inc. v. Gustafson-Feis*, No. 2:20-cv-01551-TL, 2022 WL 2479124, at *1 (W.D. Wash. July 6, 2022).

## IV. ARGUMENT

**A. There Is a Presumption Against Withdrawal at This Late Stage.**

As set forth above, there is a presumption against the granting of Counsel's Motion at this stage in the litigation. LCR 83.2(b)(1). It is presumed that the Meyler Defendants will be prejudiced if Counsel is granted leave to withdraw. Counsel moved to withdraw on May 13, 2025. Motion (Dkt. 81). The Motion is noted for consideration on June 3, 2025. *Id*. The fact discovery cut-off is June 25, 2025. Scheduling Order (Dkt. 61) at Pg 2:16.

Despite efforts to secure substitute counsel, the Meyler Defendants have been unsuccessful due to concerns over: "a. The compressed timeline with fact discovery cut-off on June 25, 2025, b. The need to review over 36,000 pages of documents already produced, c. The extensive discovery already conducted over nearly two years, d. The upcoming depositions of multiple defendants, including my own, e. No depositions of Plaintiff's representatives have been taken, and f. The complexity of the patent-related claims and litigation." Meyler Decl. at ¶ 11. Granting Counsel's Motion at this late stage will result in severe prejudice to the Meyler Defendants.

**B. Reasons Withdrawal is Sought.**

Counsel seeks withdrawal because the Rothschild Defendants are unable to meet their financial commitments, "until the Rothschild Defendants' insurance carrier, which is presently refusing coverage, agrees to cover their claim or is required by a Court to do so." Motion at Pg. 1:9-15. Counsel has been aware of this since inception of this action and proceeded with representation of the defendants based on this understanding. Counsel now seeks to withdraw because Counsel is no longer satisfied with this arrangement, but this is not a justifiable reason to leave the defendants without legal representation at this juncture in the case.

### C. Prejudice Withdrawal May Cause to Other Litigants.

The prejudice to the Meyler Defendants would be severe and disproportionate:

- Meyler Legal, PLLC, as a business entity, cannot proceed *pro se* and faces potential default judgment if unable to secure counsel.

- With fact discovery closing in less than 30 days, even if the Meyler Defendants were able to find new counsel willing to represent them in this matter, counsel would have insufficient time to review 36,000+ pages of documents, prepare for depositions and provide competent representation.

- The Meyler Defendants would bear the substantial financial burden of bringing new counsel up to speed on nearly two years of litigation in a matter of days.

### D. Counsel's Withdrawal Will Cause Harm to the Administration of Justice.

"The potential harm here is significant: [Meyler Legal, PLLC] would be left without counsel, cannot represent itself, and would face imminent dismissal of its claims. It is the Court's responsibility to consider this harsh result when exercising its discretion to allow leave to

withdraw." *Kessler*, 2024 WL 4950136, at *5 (citing *CE Res., Inc. v. Magellan Grp., LLC*, No. 2:08-CV-02999MCEKJM, 2009 WL 3367489, at *2 (E.D. Cal. Oct. 14, 2009)).

### E. The Degree to Which Withdrawal Will Delay the Resolution of The Case.

While Counsel argues that substitute counsel could get up to speed, this ignores the practical realities facing the Meyler Defendants, who would need to:

- Identify and retain new counsel willing to take on a complex patent case mid-stream
- Fund the substantial costs of new counsel reviewing two years of litigation history
- Coordinate with new counsel on immediate discovery obligations

Given the looming fact discovery cut-off this would be extremely difficult, if not impossible. This would certainly necessitate the continuance of current case deadlines and the trial date. The degree to which withdrawal will delay the case is uncertain and dependent on how long it takes to identify and secure substitute counsel.

### F. The Court Has Discretion to Fashion Appropriate Relief

In the event that the Court is inclined to grant Counsel's Motion, Counsel argues that a 45-day stay is appropriate to give the defendants adequate time to secure substitute counsel. Motion at Pgs. 8-9. The Western District of Washington precedent cited by Counsel does reflect that courts should, and do, regularly grant unrepresented entities time to secure substitute counsel. *Id*. However, the cases cited by Counsel are not patent cases.

Patent related cases are complex; so much so, that supplemental patent rules are adopted and applicable to these cases. *See* Local Patent Rules. Due to the complexity and nature of this case, if the Court grants Counsel's Motion, it is respectfully requested that the Court grant a stay

RESPONSE OF DEFENDANT SAMUEL MEYLER TO
MOTION FOR LEAVE TO WITHDRAW AS COUNSEL
FOR DEFENDANTS – Page **6** of **8**
Case No. 2:23-cv-01016

of 90 days to identify and retain new counsel. Plaintiff would not be prejudiced by a 90-day stay. "The actions complained of in this case occurred years ago and stopped; there is no ongoing harm that Plaintiff is experiencing that would be exacerbated by a stay." Motion at Pg. 9:23-26.

### V. CONCLUSION

For the foregoing reasons, it is respectfully request that the Court deny Counsel's Motion for Leave to Withdraw as to the Meyler Defendants.

_____
Samuel M. Meyler, WSBA No. 39471

I certify that this memorandum contains 1602 words, in compliance with the Local Civil Rules.

**CERTIFICATE OF SERVICE**

I hereby certify that on May 28, 2025, I filed the within through the ECF system and that notice will be sent electronically to all counsel who are registered participants identified on the Mailing Information for C.A. No. 2:23-cv-1016.

Execute on: <u>May 28, 2025</u>.

_____
Samuel M. Meyler, WSBA No. 39471