Honorable Jamal N. Whitehead

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VALVE CORPORATION<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>LEIGH ROTHSCHILD, ROTHSCHILD BROADCAST DISTRIBUTION SYSTEMS, LLC, DISPLAY TECHNOLOGIES, LLC, PATENT ASSET MANAGEMENT, LLC, MEYLER LEGAL, PLLC, AND SAMUEL MEYLER,<br><br>　　　　　　Defendants. | Case No.  2:23-cv-01016<br><br>**DECLARATION OF SAMUEL MEYLER IN SUPPORT OF RESPONSE TO MOTION FOR LEAVE TO WITHDRAW AS COUNSEL FOR DEFENDANTS** |

I, Samuel Meyler, declare as follows:

1. I am an individual defendant in the above-captioned matter and the sole member of defendant Meyler Legal, PLLC. I make this declaration based on my personal knowledge and, if called as a witness, I could and would testify competently to the facts stated herein.

2. I am an attorney licensed to practice law in the State of Washington and admitted to practice before this Court.

3. Donald McPhail has represented both me individually, Meyler Legal, PLLC and the other defendants named in this matter since the inception of this case in July 2023. When this case was filed, Mr. McPhail was with the law firm Oblon, McClelland, Maier & Neustadt, L.L.P. ("Oblon"). Mr. McPhail joined Merchant & Gould, P.C. ("Merchant & Gould") on

March 29, 2024 and Merchant & Gould began representation of all of the defendants in this matter after that date.

4. Eric Chad, also an attorney with Merchant & Gould, joined in the defense of all defendants in this matter in December 2024.

4. Neither I nor Meyler Legal, PLLC have any outstanding payment obligations to Merchant & Gould.

5. I have never received an invoice or any communication from Merchant & Gould indicating that I or Meyler Legal, PLLC have failed to meet any financial obligations related to this representation.

6. Neither I nor Meyler Legal, PLLC have any control over, responsibility for, or involvement in the financial arrangements between Merchant & Gould and Defendants Leigh Rothschild; Rothschild Broadcast Distribution Systems, LLC; Display Technologies, LLC; and/or Patent Asset Management, LLC (together, the "Rothschild Defendants").

7. Neither I nor Meyler Legal, PLLC have any control over, responsibility for, or involvement in the Rothschild Defendants' insurance coverage disputes.

8. Mr. McPhail indicates in his Declaration (Dkt. No. 82) that the defendants have been involved in substantial discovery to date, including the production of over 36,000 pages of documents and serving and responding to multiple sets of written discovery requests, and Plaintiff has noticed eighteen (18) depositions of nonparties to occur in connection with this litigation.

9. Plaintiff also recently served deposition notices for multiple defendants scheduled for various dates prior to the June 25, 2025 fact discovery cut-off, including the Rule 30(b)(6) deposition of Meyler Legal, PLLC.

10. Since learning of the withdrawal motion, I have begun contacting other law firms about potentially taking over the representation of myself and Meyler Legal, PLLC.

11. The attorneys I have contacted have expressed significant concerns about taking on this matter given:

    a. The compressed timeline with fact discovery cut-off on June 25, 2025,

    b. The need to review over 36,000 pages of documents already produced,

    c. The extensive discovery already conducted over nearly two years,

    d. The upcoming depositions of multiple defendants, including my own,

    e. No depositions of Plaintiff's representatives have been taken, and

    f. The complexity of the patent-related claims and litigation.

12. It is evident that any potential substitute attorney would need substantially more than 45 days to adequately prepare to represent us, given the advanced stage of the litigation.

DECLARATION OF SAMUEL MEYLER IN SUPPORT OF
RESPONSE TO MOTION FOR LEAVE TO WITHDRAW AS
COUNSEL FOR DEFENDANTS – Page **2** of **4**
Case No. 2:23-cv-01016

13. The attorneys I have consulted have quoted significant retainers, well beyond my means, to take on this representation given the history and stage of the litigation, and complexity of this matter.

14. I understand that Meyler Legal, PLLC, as a business entity, cannot proceed *pro se* and must be represented by counsel in court.

15. If Meyler Legal, PLLC cannot secure counsel, it faces the risk of a default judgment on Plaintiff's claims against it.

16. The loss of counsel at this critical juncture, with fact discovery closing in less than 30 days and depositions pending, would severely prejudice my ability to defend against Plaintiff's claims.

17. I have been participating in the defense of this matter in good faith and am prepared to continue doing so, but cannot effectively do so without counsel.

18. I respectfully request that the Court deny Merchant & Gould's motion to withdraw as it pertains to me and Meyler Legal, PLLC, given the prejudice that the withdrawal would cause.

19. Alternatively, if the Court is inclined to grant the motion, I respectfully request a stay of at least 90 days and continuance of all deadlines to allow adequate time to secure and prepare new counsel, given the complexity of this case and the advanced stage of discovery.

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Execute on: <u>May 28, 2025</u>.

Samuel M. Meyler, WSBA No. 39471

**CERTIFICATE OF SERVICE**

    I hereby certify that on May 28, 2025, I filed the within through the ECF system and that notice will be sent electronically to all counsel who are registered participants identified on the Mailing Information for C.A. No. 2:23-cv-1016.

Execute on: <u>May 28, 2025</u>.

                                            Samuel M. Meyler, WSBA No. 39471