UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| VALVE CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>LEIGH ROTHSCHILD, ROTHSCHILD BROADCAST DISTRIBUTION SYSTEMS, LLC, DISPLAY TECHNOLOGIES, LLC, PATENT ASSET MANAGEMENT, LLC, MEYLER LEGAL, PLLC, AND SAMUEL MEYLER,<br><br>Defendants. | Case No. 2:23-cv-1016-JNW<br><br>**PLAINTIFF VALVE CORPORATION'S OPPOSITION TO MERCHANT & GOULD'S MOTION FOR LEAVE TO WITHDRAW**<br><br>NOTED ON MOTION CALENDAR:<br>**June 3, 2025**<br><br>Complaint Filed:   07/07/2023 |

PLAINTIFF VALVE CORPORATION'S
OPP. TO MOT. TO WITHDRAW
Case No. 2:23-cv-1016

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

**TABLE OF CONTENTS**

I.    LEGAL FRAMEWORK ................................................................................................ 2

II.   ARGUMENT ................................................................................................................. 3

   A.   Merchant & Gould's request to withdraw within 60 days of the fact discovery deadline raises a presumption against granting its request. ................................................................................ 3

   B.   The balance of the Ninth Circuit's withdrawal factors weighs against granting Merchant & Gould's request to exit this case. ......................... 5

      1.   *Valve faces significant prejudice especially if Merchant & Gould withdraws before the parties complete fact discovery.* ................................................................ 5

      2.   *Merchant & Gould's own brief concedes that withdrawal will cause harm to the administration of justice.* ........................................................................................ 9

      3.   *Withdrawal together with the requested stay will delay resolution of Valve's case that has been pending since July 2023.* ......................................................................... 9

   C.   Defendants' sophistication and experience with the legal system counsels against granting a stay. ........................................... 10

III.  CONCLUSION ........................................................................................................... 10

PLAINTIFF VALVE CORPORATION'S
OPP. TO MOT. TO WITHDRAW                    i
Case No. 2:23-cv-1016

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

# TABLE OF AUTHORITIES

Page

**Cases**

*Am. Pac. Mortg. Corp. v. Everett Fin. Inc.*,
   No. 2:21-CV-01088-TMC, 2023 WL 8019268 (W.D. Wash. Nov. 20, 2023) ..................... 3, 4

*Experience Hendrix, LLC et al v. Pitsicalis*,
   No. 2:18-cv-07429, 2020 WL 2748019 (C.D. Cal. Mar. 25, 2020) ......................................... 7

*Kessler v. State Farm Fire & Cas. Co.*,
   No. 3:23-CV-05527-TMC, 2024 WL 4950136 (W.D. Wash. Dec. 3, 2024) ............... 2, 3, 4, 9

*Leatt Corp. v. Innovation Safety Tech., LLC*,
   No. 09-CV-1301-IEG (POR), 2010 WL 444708 (S.D. Cal. Feb. 2, 2010) .............................. 6

*Locals 302 & 612 of Int'l Union of Operating Eng'rs Const. Indus. Health & Sec.
   Fund v. Meko Const., Inc.*,
   No. C11-1113RAJ, 2012 WL 3812025 (W.D. Wash. Sept. 4, 2012) ...................................... 6

*Protingent, Inc. v. Gustafson-Feis*,
   No. 2:20-cv-01551-TL, 2022 WL 2479124 (W.D. Wash. July 6, 2022) ................................. 2

*Saemie Corp. v. Coddington*,
   No. SACV 10-1251, 2011 WL 496834, at *2 (C.D. Cal. Oct. 19, 2011) .............................. 10

*Setty v. Shrinivas Sugandhalaya LLP*,
   No. C17-1147-MLP, 2024 WL 4723098 (W.D. Wash. Oct. 9, 2024) ..................................... 6

*Shannon v. General Elec. Co.*,
   186 F.3d 186 (2d Cir. 1999) .................................................................................................... 7

*Symbology Innovations, LLC v. Valve Corp.*,
   No. 2:23-CV-00419-JRG, 2025 WL 364075 (E.D. Tex. Jan. 31, 2025) ................................. 8

*United States Fire Ins. Co. v. Oxbo Inc.*,
   No. 3:22-CV-05228-TMC, 2024 WL 1659526 (W.D. Wash. Apr. 17, 2024) ......................... 2

*Whittlestone, Inc. v. Handi-Craft Co.*,
   618 F.3d 970 (9th Cir. 2010) ................................................................................................... 1

*Williams v. Perdue*,
   No. C19-0444-JCC, 2020 WL 5893408 (W.D. Wash. Oct. 5, 2020) .................................... 10

PLAINTIFF VALVE CORPORATION'S
OPP. TO MOT. TO WITHDRAW
Case No. 2:23-cv-1016

ii

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

1   The Anti-Troll Act gives Washington businesses a critical tool to fight back against bad-faith assertions of patent infringement. It acknowledges that such assertions run the risk of dragging their targets through "expensive and protracted litigation." RCW 19.350.005. The irony in this case, however, is that Valve's reliance on the Act led Rothschild to embark on the very type of meritless, expensive, and protracted litigation campaign the Act is meant to stop. Rothschild retaliated by filing *three* failed infringement suits against Valve in Texas. In this action, as the Court found, "the Rothschild Defendants have engaged in a pattern of delays" during discovery. Dkt. 78, at 1. And Defendants unnecessarily complicated this litigation by attempting "to first admit, then deny, then altogether refuse to respond to an allegation" they admitted in open court. Dkt. 79, at 5 (striking blanket denial to "avoid the expenditure of time and money that must arise from litigating spurious issues[.]" (quoting *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010)). Merchant & Gould's ("M&G") strategically belated motion to withdraw and stay is simply the most recent delay tactic that the Court should not allow.

The Local Rules of this Court raise a presumption against letting an attorney withdraw within 60 days of the close of discovery. Here, M&G[1] filed its motion to withdraw 43 days before fact discovery ends. This Court could end its analysis on this fact alone and deny the motion.

The Court, however, should also deny the motion for the following reasons. First, while M&G makes much of its alleged financial harm, the firm ignores the burden its proposed withdrawal would impose on Valve, which would (at minimum) have to relitigate pending discovery disputes and negotiate with new counsel unaware of the parties' nearly two-year litigation history. Second, withdrawal will leave M&G's corporate clients—who, like Valve, oppose the motion—without representation and without any guarantee that new counsel will step in to replace the firm, thereby risking harm to the administration of justice by placing the Corporate Defendants (consisting of the above-captioned defendants excluding Leigh Rothschild

---

[1] In its motion and accompanying McPhail declaration, M&G represents that "local counsel … Mathew J. Cunanam … likewise intends to move to withdraw from this litigation." *E.g.*, Dkt. 82, ¶ 6. As of May 27—a mere 28 days before the close of fact discovery—Mr. Cunanam has not filed a motion to withdraw.

PLAINTIFF VALVE CORPORATION'S
OPP. TO MOT. TO WITHDRAW
Case No. 2:23-cv-1016

1

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

and Samuel Meyler) at risk of dismissal or default. Third, withdrawal during fact discovery, with or without a stay, will delay resolution of this already old case.

Despite waiting until the end of a long, contentious fact discovery period before attempting to withdraw, M&G admits that its clients have never paid any of the firm's bills. This is an understandable reason for any lawyer to want to step away from a client. But a lawyer cannot wait until the eleventh hour of a critical phase of a case—fact discovery—before pulling the plug. Local Rule 83.2(b) enshrines this common-sense approach to litigation. While Valve understands M&G's unfortunate plight, Valve respectfully requests that the Court deny the motion without prejudice to M&G seeking to withdraw after (i) the parties complete all fact discovery—including resolution of all discovery disputes and completion of depositions, and (ii) the Corporate Defendants confirm retention of replacement counsel. Relatedly, regardless of the outcome of M&G's motion, Valve requests that the Court deny M&G's motion for a stay and maintain the current deadlines in its scheduling order (Dkt. 61).

## I.   LEGAL FRAMEWORK

Withdrawal is "ordinarily" permitted until 60 days before the discovery cutoff. LCR 83.2(b)(1). But if a withdrawal request is made later than that, within the 60-day window at the end of discovery, there is a presumption against withdrawal. *See United States Fire Ins. Co. v. Oxbo Inc.*, No. 3:22-CV-05228-TMC, 2024 WL 1659526, at *1 (W.D. Wash. Apr. 17, 2024) ("[T]here is a presumption against withdrawal at this late stage in the case."). "The district court holds broad discretion to grant or deny a motion to withdraw as counsel." *Kessler v. State Farm Fire & Cas. Co.*, No. 3:23-CV-05527-TMC, 2024 WL 4950136, at *2 (W.D. Wash. Dec. 3, 2024) (quotation and citation omitted).

In addition to the presumption against late withdrawal, courts consider four factors when determining whether to grant an attorney's motion to withdraw: "(1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Protingent, Inc. v. Gustafson-Feis*, No. 2:20-cv-01551-TL, 2022 WL 2479124, at *1 (W.D. Wash. July 6, 2022) (citation omitted).

PLAINTIFF VALVE CORPORATION'S
OPP. TO MOT. TO WITHDRAW
Case No. 2:23-cv-1016

2

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

## II.   ARGUMENT

This Court should deny M&G's motion. First, it is presumptively too late. Second, while non-payment of fees can be a valid reason to withdraw, M&G never explains why it waited over a year to raise this issue. Third, the firm's motion, if granted, would prejudice Valve, forcing it to incur an otherwise unnecessary financial burden. Fourth, Defendants' (i.e., M&G's clients') opposition to the motion and the Corporate Defendants' risk of being unrepresented for an uncertain amount of time means the administration of justice weighs against granting the motion. Fifth, M&G's late request to withdraw and for a 45-day stay will, without question, delay the case schedule.

### A.   Merchant & Gould's request to withdraw within 60 days of the fact discovery deadline raises a presumption against granting its request.

M&G filed its motion to withdraw 43 days before the discovery cutoff; its request is presumptively too late. *See* LCR 83.2(b); *see also Kessler*, 2024 WL 4950136, at *3 ("Mr. Wolfley's motion was filed 52 days before the discovery cutoff. There is thus a presumption against withdrawal …"). M&G admits that its clients have not paid a single invoice, indicating the firm has gone unpaid throughout the duration of its representation. Dkt. 82, ¶ 3("Merchant & Gould P.C. has sent multiple invoices for legal fees to the Rothschild Defendants since this litigation commenced. *None of those invoices has been paid*." (emphasis added)). Valve filed its original complaint on July 7, 2023; Defendants' lead counsel, Mr. McPhail, entered his appearance on September 29, 2023; and M&G first appeared around April 4, 2024, when Mr. McPhail informed Valve he joined the firm. *See* Dkts. 1 & 20; Ex. 01. M&G has therefore apparently gone unpaid for over a year. Yet it waited until only 43 days remained in the discovery window before requesting to withdraw on that sole basis.

M&G raises two excuses for its failure to move for withdrawal earlier in the case. First, it questions whether the 60-day deadline applies to the fact or expert discovery periods. Dkt. 81, at 6-7. This Court's cases indicate the close of fact discovery is where the presumption against withdrawal begins (and they certainly do not foreclose relying on that same presumption should counsel try to abandon a client in the middle of expert discovery). *See, e.g.*, *Am. Pac. Mortg.*

PLAINTIFF VALVE CORPORATION'S
OPP. TO MOT. TO WITHDRAW
Case No. 2:23-cv-1016

3

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

1  *Corp. v. Everett Fin. Inc.*, No. 2:21-CV-01088-TMC, 2023 WL 8019268, at *1 (W.D. Wash. Nov.
2  20, 2023) ("Given that the case is in the early stages of litigation and the discovery cutoff date is
3  May 15, 2024, Dkt. 68, well over 60 days away …"), *and* Ex. 02 (*Everett Fin.* excerpted docket
4  where entry 68 recites "Fact Discovery completed by 5/15/2024").  This makes good sense:  fact
5  discovery is often (as here) contentious, and allowing withdrawal of counsel would unnecessarily
6  force the renegotiation and litigation of discovery disputes.

7  Second, M&G tries to distance itself from the on-point *Kessler* decision. M&G calls the
8  case "plainly distinguishable" because it involved a lawyer with "mental health" issues where
9  "colleagues within his firm … could take over the remainder of the litigation." Dkt. 81, at 7. This
10 factual distinction does not, however, support M&G's attempt to minimize the import of that case.
11 In *Kessler*, the Court denied a motion to withdraw filed 52 days before the discovery cutoff,
12 despite counsel's having "a valid reason for requesting withdrawal[.]" *Kessler*, 2024 WL 4950136,
13 at *4. Despite the lawyer's valid reason to seek withdrawal, the Court found the "factors [it]
14 considers weigh against withdrawal." *Id.* at *6 (quotation omitted)).

15 Among those was the finding that "[t]he potential harm [to the administration of justice] is
16 significant [because client] Win-Win would be left without counsel, cannot represent itself [as a
17 corporation], and would face imminent dismissal of its claims." *Id.*, at *5. The same is true here
18 for the Corporate Defendants. Should M&G (and as promised, local counsel) withdraw, "and if
19 [they] cannot find new counsel, [RBDS's] claims will be dismissed" (*id.*) and the Corporate
20 Defendants risk defaulting on Valve's affirmative claims. Even M&G acknowledges these
21 potential outcomes for its clients. Dkt. 81, at 8.

22 The *Kessler* Court also found that "[w]ithdrawal will delay resolution as [the client] will
23 need to seek new counsel. This may be difficult, if not impossible. It is unclear how long this may
24 delay the case's resolution." *Id.* at *6. This is the exact same outcome the parties face in this case.
25 M&G contends that its clients "are sophisticated and include attorneys and entities that frequently
26 engage in litigation, which suggests they are connected in the legal field and will not struggle to
27 find substitute counsel." Dkt. 81, at 6. M&G, however, does not try to harmonize the conflict
28 within its own brief between asking the Court to believe (i) its clients "will not struggle to find

PLAINTIFF VALVE CORPORATION'S
OPP. TO MOT. TO WITHDRAW
Case No. 2:23-cv-1016

4

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

substitute counsel" even though (ii) they cannot pay their legal fees until the "insurance coverage dispute [that] could take more than a year to resolve" is settled, and where that dispute's outcome is "unknown" (*id.* at 1). If Defendants cannot pay M&G, there is no reason to believe other firms will jump at the opportunity to represent them *pro bono*.[2]

For unknown (or perhaps strategic) reasons, M&G waited well over a year to complain about its clients' non-payment of legal fees. Despite the payment dispute having lasted since the beginning of M&G's representation, the firm inexplicably waited until just 43 days before the close of fact discovery to move to withdraw. M&G's delay falls squarely on its shoulders. The firm does not and cannot do enough to overcome the presumption against withdrawal under the circumstances.

**B.    The balance of the Ninth Circuit's withdrawal factors weighs against granting Merchant & Gould's request to exit this case.**

1.    *Valve faces significant prejudice especially if Merchant & Gould withdraws before the parties complete fact discovery.*

M&G focuses on its potential financial harm while ignoring the reality that its withdrawal will force Valve to incur unnecessary expenses and delay. As an initial matter, M&G's lack of payment thus far does not mean that it will never be paid. As made clear from its motion, Rothschild is merely waiting on an insurance dispute to be resolved before making payment— once that dispute is resolved, M&G may well be paid. Dkt. 82, ¶ 4. The potential financial harm to M&G is not a fait accompli. Presumably M&G knew about the insurance dispute, and its potential impact on payment of their fees, before it took on this case.

Beyond that, M&G knew, or at the very least should have known, that Rothschild and his companies have a history of not paying their debts. Valve recounts in its recent motion to compel

---

[2] This is not a case where Defendants can expect a financial windfall such that a firm would take the matter on a contingency basis. RBDS is the only defendant that raised a counterclaim (alleging infringement of a single claim of the '221 patent). Even setting aside ample invalidity issues the claim faces, Valve already paid for the rights to practice that patent. That means Valve does not and cannot infringe. Dkt. 87. And even if RBDS somehow overcomes this hurdle, based on RBDS's history of licensing that patent for nuisance-value amounts, it seems unlikely any potential recovery from Valve would amount to a enough money to entice a contingency fee representation.

PLAINTIFF VALVE CORPORATION'S
OPP. TO MOT. TO WITHDRAW
Case No. 2:23-cv-1016

5

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

numerous instances where Rothschild himself admits one of his patent-holding companies "does not have any assets other than the patents listed above and a *de minimus* amount in its lone bank account." Dkt. 84-4, ¶ 3 (2018 Rothschild Decl.). Rothschild has also testified that he intended to pay a six-figure fee award against his company using "any damages collected from [an unrelated contingency fee] matter" that was ongoing at the time, meaning there was no guarantee of victory or payment of the fee award. *Id.*, ¶ 6. In short, there was plenty of information publicly available for M&G to know exactly the type of client it decided to represent when appearing in this case—and the risk of unpaid bills that representing such a client entailed. Moreover, Mr. McPhail (Defendants' lead counsel at M&G) has represented Rothschild entities in numerous previous cases over a number of years. Included among those companies is Analytical Technologies, LLC, which Mr. McPhail has represented at least nine times (Ex. 07). Analytical Technologies was recently accused of being nothing more than a "sham shell entity to shield [Rothschild] from personal liability." Dkt. 84-3, p. 15 ¶ 58. Again, M&G knew full well who they were dealing with, and the risks involved in doing so.

Further, the cases M&G relies on supporting the notion that failure to pay fees, without more, is sufficient to grant a motion to withdraw dealt with *unopposed* motions; that is not the case here as both Defendants and Valve oppose. *See, e.g.*, *Setty v. Shrinivas Sugandhalaya LLP*, No. C17-1147-MLP, 2024 WL 4723098, at *1-2 (W.D. Wash. Oct. 9, 2024) (granting an *unopposed* motion to withdraw and stay because the parties also indicated a parallel pending litigation could influence the outcome of the case at hand and the parties had begun settlement discussions); *Leatt Corp. v. Innovation Safety Tech., LLC*, No. 09-CV-1301-IEG (POR), 2010 WL 444708, at *1 (S.D. Cal. Feb. 2, 2010) (granting an *unopposed* motion to withdraw where, unlike here, no discovery had taken place and no trial date had been set); *Locals 302 & 612 of Int'l Union of Operating Eng'rs Const. Indus. Health & Sec. Fund v. Meko Const., Inc.*, No. C11-1113RAJ, 2012 WL 3812025 at *3 (W.D. Wash. Sept. 4, 2012) (granting motion to withdraw *after* dispositive motion briefing had concluded and the parties had not yet begun pre-trial preparation).

Although failure to pay can be a valid reason for a law firm to try and end its representation of a client, it does not outweigh all others factors that favor denying M&G's

PLAINTIFF VALVE CORPORATION'S
OPP. TO MOT. TO WITHDRAW
Case No. 2:23-cv-1016

6

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

1  motion. As the Court is aware, for over a year Valve's counsel has litigated against and negotiated
2  with M&G over numerous issues relating to fact discovery. Dkt. 75; Dkt. 78-1 ("[T]he record
3  suggests that the Rothschild Defendants have engaged in a pattern of delays in responding to
4  Valve's discovery requests … Such dilatory conduct in discovery is disfavored to say the least.").

5  Many discovery disputes remain among the parties. Valve's second motion to compel is
6  pending and asks for an order requiring Defendants to produce financial documents, respond to
7  contention interrogatories, and produce documents that hit on Valve's reasonable search terms.
8  Dkt. 82 at 1. Additionally, the parties are rapidly approaching an impasse on Defendants' *still*
9  deficient document productions; M&G's representation, and recent withdrawal from
10 representation, of third parties; Defendants' apparent failure to preserve documents that should
11 have been subject to litigation holds; and several other issues. *See* Exs. 03-06.

12 M&G has intimate knowledge about the discussions and party positions that led to their
13 impasses. *See* Dkt 82; Exs. 03-06. Valve will inevitably suffer if it needs to relitigate pending
14 discovery disputes and negotiate with new counsel—if eventually retained—that must get up to
15 speed on two years' worth of litigation. *See, e.g.*, *Experience Hendrix, LLC et al v. Pitsicalis*, No.
16 2:18-cv-07429, 2020 WL 2748019, at *1 (C.D. Cal. Mar. 25, 2020) ("Defense counsel argues each
17 of the factors relevant to a motion to withdraw favors granting the instant Motion. The Court
18 agrees, but with one reservation: *the potential prejudice to Plaintiffs that would result from a*
19 *delay* while Defendants retain new counsel.").

20 The prejudice to Valve is not merely financial. "[D]elay by one party increases the
21 likelihood that evidence in support of the other party's position will be lost and that discovery and
22 trial will be made more difficult." *Shannon v. General Elec. Co.,* 186 F.3d 186, 193 (2d
23 Cir. 1999). The single deposition Valve has taken thus far (of a former Patent Asset Management
24 employee) confirmed what Valve has begun to suspect from Defendants' consistently deficient
25 document productions: documents that should exist are missing, whether by deletion, destruction,
26 or deficient searches. Ex. 03 (Valve Ltr. re: Failure to Preserve Evidence). Valve should not need
27 to risk the loss of further evidence while the case is delayed long enough for another firm to get up
28 to speed.

PLAINTIFF VALVE CORPORATION'S
OPP. TO MOT. TO WITHDRAW
Case No. 2:23-cv-1016

7

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

M&G places significant emphasis on the notion that Valve is not suffering any "ongoing harm" because "Defendants' actions that form the basis for Plaintiff's Complaint ceased years ago." *E.g.*, Dkt. 81, at 2 (also stating that Defendants do not compete with Valve). This is incorrect. The longer Valve's Anti-Troll Act claim remains unresolved, the longer it continues to live with the existential threat that Rothschild, using any number of his patent-owning assertion entities, will once more accuse Valve of infringing an invalid, weak, or already licensed patent.

This fear is not merely theoretical—Valve continues to defend against infringement claims relating to a patent to which Valve is licensed (i.e., RBDS's sole counterclaim). Further, in response to Valve filing this case under the Anti-Troll Act, Rothschild retaliated by filing three separate patent suits against Valve in East Texas. Valve spent a year litigating against Rothschild's Texas plaintiffs, repeatedly showing Rothschild and his counsel (Randall Garteiser) that it was improper to sue Valve in Texas. Valve's steadfast defense led to dismissals and a rare sanctions order from Judge Gilstrap against Rothschild's entities and counsel. *See Symbology Innovations, LLC v. Valve Corp.*, No. 2:23-CV-00419-JRG, 2025 WL 364075, at *5 (E.D. Tex. Jan. 31, 2025) (attached as Ex. 08) ("The Court finds that [Rothschild entity] Symbology and Mr. Garteiser violated Rule 11(b) by filing the Third Amended Complaint in the 419 Case. The Court also finds that [Rothschild entity] QTI and Mr. Garteiser violated Rule 11(b) by filing the First Amended Complaint in the 425 Case.").

M&G argues that Valve is not facing "immediate, irreparable injury" because it indicated potentially consenting to withdrawal after fact discovery is complete and replacement counsel is found. Dkt. 81, at 2. M&G misses the mark with this allegation. The test for withdrawal is about potential prejudice to the non-moving party. It does not require proof of "immediate, irreparable injury." Were M&G to be allowed to withdraw now, Valve would suffer prejudice as outlined above.

Finally, M&G bolsters its request to withdraw by, unfortunately, taking far too many liberties with the facts of the case:

1. The firm avers that the "Parties completed substantial document production on April 25, 2025" and that Defendants have produced over 36,000 pages of documents …" Dkt. 81,

PLAINTIFF VALVE CORPORATION'S
OPP. TO MOT. TO WITHDRAW
Case No. 2:23-cv-1016

8

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

at 4. Valve disagrees that Defendants substantially completed their document production by the required date. *See* Dkt 82; Exs. 03-06. Further, M&G's reference to having produced "36,000" pages is utterly misleading. The vast majority of these pages come from public court filings. When Defendants' productions are filtered to exclude such public information and, instead, are limited to documents obtained from Defendants' custodians, their production totals 787 documents consisting of 9,352 total pages. Machleidt Decl., ¶ 10.

2.  M&G stresses that it preventing its withdrawal would subject it to a "substantial financial burden" because it would have to continue to represent the Defendants through "*expert discovery (as well as trial)*." Dkt. 81, at 6 (emphasis added). This is a red herring. As Valve explained to M&G during the meet and confer process, it will not stand in the way of M&G's withdrawal once fact discovery is complete and replacement counsel is found. Moreover, when Rothschild's insurance dispute is ultimately resolved, M&G may well get paid all the fees it is due. Dkt 82, ¶ 4.

2.  *Merchant & Gould's own brief concedes that withdrawal will cause harm to the administration of justice.*

As in *Kessler*, the facts here favor finding that withdrawal at this stage of the case will harm the administration of justice. Both M&G's clients and Valve oppose the motion. Neither M&G nor the Corporate Defendants can be certain when replacement counsel may be retained and, based on the circumstances leading to M&G's request, it is far from certain that Defendants will easily or quickly locate new counsel (despite their ample litigation histories).

3.  *Withdrawal together with the requested stay will delay resolution of Valve's case that has been pending since July 2023.*

M&G asks to delay this case by 45 days. Combined with the uncertainty facing Defendants in terms of locating new counsel, the fear is real that 45 days will grow to something greater. This case has been pending since mid-2023. Delay is unnecessary and unwarranted. Assuming Defendants retain new counsel, they can get up to speed while M&G transitions off the case. Neither Defendants, M&G, nor Valve will find this to be an ideal solution, but it is a reasonable compromise that gives everyone most of what they want in a case that needs to finally move past the pleading and discovery stages.

PLAINTIFF VALVE CORPORATION'S
OPP. TO MOT. TO WITHDRAW
Case No. 2:23-cv-1016

9

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

### C. Defendants' sophistication and experience with the legal system counsels against granting a stay.

Through its request for a stay, M&G seeks to change the deadlines in this Court's Scheduling Order without showing the required good cause. Dkt. 61 at 3 ("The Court will alter these dates only upon good cause shown: failure to complete discovery within the time allowed is not recognized as good cause."); *see also, e.g.*, *Williams v. Perdue*, No. C19-0444-JCC, 2020 WL 5893408, at *1 (W.D. Wash. Oct. 5, 2020) ("The Court may modify a scheduling order if a party demonstrates 'good cause.' Fed. R. Civ. P. 16(b)(4). The 'good cause' standard focuses primarily on 'the diligence of the party seeking the' modification." (citation omitted)). Neither M&G nor Defendants argue they were diligent in bringing their veiled attempt to extend the schedule. The reason is simple; far from showing diligence, M&G's conduct amounts to unreasonable delay raising a concern over payment that it could have notified the Court and Valve of long ago. *See Saemie Corp. v. Coddington*, No. SACV 10-1251 DOC (PJWx), 2011 WL 4964834, at *2 (C.D. Cal. Oct. 19, 2011) (finding no prejudice where counsel gave *six months* notice of intent to withdraw prior to filing the motion).

Making matters worse, M&G has made two improper attempts to extend the schedule without following Rule 16. The first comes from its motion to withdraw. The second attempt came earlier today when M&G filed a letter requesting clarification regarding the discovery cutoff date. Dkt. 88. Valve chose not to join the letter, finding it argumentative and inappropriate given M&G's pending motion asking for the same relief.

If M&G's representation is true that Defendants "will not struggle to find substitute counsel," Dkt. 81 at 6, a stay is unnecessary. If, however, Defendants cannot locate counsel because of their inability to pay, then a 45-day stay will likely become a request for an indefinite delay. Either way, the Court should not delay, stay, or otherwise extend this case.

### III. CONCLUSION

M&G waited until nearly the last possible moment in the fact discovery period to throw the Court, Valve, and potentially its clients a curveball. M&G's desire to withdraw is understandable. But the manner in which M&G waited to make this request—too late and without sufficient facts

PLAINTIFF VALVE CORPORATION'S
OPP. TO MOT. TO WITHDRAW
Case No. 2:23-cv-1016

10

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

1  supporting it at the current stage of the case—suggest that its request is untimely (and perhaps

2  strategically so). Valve respectfully requests that the Court deny M&G's motion to withdraw

3  without prejudice, and deny M&G's multiple requests for a stay to facilitate its proposed

4  withdrawal.

6  DATED:  May 28, 2025                    Respectfully submitted,

7                                          KILPATRICK TOWNSEND & STOCKTON LLP

8                                          By:  */s/ Dario A. Machleidt*
                                                Dario A. Machleidt (State Bar No. 41860)
9                                               Kathleen R. Geyer (State Bar No. 55493)
                                                Christopher P. Damitio (State Bar No. 58633)
10                                              1420 Fifth Avenue, Suite 3700
                                                Seattle, WA 98101
11                                              Telephone:  (206) 467-9600
                                                dmachleidt@kilpatricktownsend.com
12                                              kgeyer@kilpatricktownsend.com
                                                cdamitio@kilpatricktownsend.com

14                                              Andrea A. Anderson (*pro hac vice*)
                                                1400 Wewatta Street, Suite 600
                                                Denver, CO 80202
15                                              Telephone:  (303) 607-3233
                                                E-mail:  andie.anderson@ktslaw.com

17                                          Attorneys for Plaintiff
                                            VALVE CORPORATION

19                                          I certify that this memorandum contains 4,031 words,
                                            in compliance with the Local Civil Rules.