# EXHIBIT 3



**Kilpatrick Townsend & Stockton LLP**
ktslaw.com

Suite 3700, 1420 Fifth Avenue
Seattle, WA 98101

direct dial 206 224 2857
direct fax 206 299 3458
dmachleidt@ktslaw.com

May 27, 2025

*Via Email*

Donald McPhail
Eric R. Chad
Paige S. Stradley
Merchant & Gould
150 S 5th St. unit 2200
Minneapolis, MC 55402

   Re: *Valve Corp. v. Leigh Rothschild et al.*, No. 2:23-cv-1016 (W.D. Wash):
     Defendants' Failure to Preserve Relevant Material

Counsel:

  Through email correspondence and our investigation, it appears that at least Display Technologies and Patent Asset Management ("PAM") have failed to preserve relevant electronically stored information (ESI) relevant to this Action.

  Based on currently available information, documents were created by at least former Defendant employees Adam Diamond, Catherine Delcin, and Nicole Lafosse during their employment at Display Technologies and PAM that relate to Valve and the claims at issue in this case. For example, Ms. Lafosse testified that she was aware of Valve during her work at PAM and was included in email correspondence regarding Valve and importantly, Rothschild's claims against Valve. *See* Lafosse Dep. Tr. at 8:21-9:3, 9:8-15. Despite Ms. Lafosse's testimony, however, no emails were produced where she is in the To/From/CC/BCC lines nor does she appear on any privilege log provided in this case.

  Further, Mr. Rothschild testified that Mr. Diamond and Ms. Delcin were the PAM employees who handled patent litigations during the time period that Rothschild targeted and sued Valve. *See* Leigh Rothschild Dep. Tr. at 80:10-82:13, *Kazanjian v. Rothschild et al.*, No. 2017-8246-CA-01 (May 8, 2019). The periods of Mr. Diamond's and Ms. Delcin's employment coincides with the period that Defendants first contemplated, and ultimately brought, action against Valve for alleged patent infringement. *See, e.g.*, ROTHSCHILD0035151 (naming Adam Diamond as an agent of Rothschild in a March 2017 license); ROTHSCHILD0012196-213 (Catherine Delcin signature block on a May 2020 Rothschild patent license); Defendants' Privilege Log, Item 7 (June 2020 document analyzing claims against Valve).

  An obligation arose on behalf of Defendants to preserve all documents related to Valve, and any potential assertion against Valve, when Defendants "reasonably should have known" the ESI was relevant to potential litigation against Valve. *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 888 F. Supp. 2d 976, 991 (N.D. Cal. 2012). Defendants' privilege log indicates the earliest communication related to Valve that has not previously been deleted or destroyed was dated June 26, 2020. *See* Defendants' Privilege Log, Item 7. Thus, assuming there are no documents

currently (and improperly) withheld from the privilege log, Defendants reasonably should have known of a claim against Valve in June 2020—and began preserving all relevant documents. Defendants' obligations continued as Valve was the target of repeated allegations of infringement in 2022 and 2023.

A former employee confirmed that there is no document retention policy in place at Display Technologies or PAM, and counsel for Defendants confirmed that none of the ESI generated by Defendants' former employees is preserved. As Ms. Geyer noted in her April 1, 2025 email, it is clear that former employees Adam Diamond, Catherine Delcin, and Nicole Lafosse were involved in making decisions on Mr. Rothschild's litigation targets, settlement demands, and licensing terms. Yet Defendants included none of these parties as custodians of documents or ESI. When Ms. Geyer brought this to Defendants' attention, Defendants represented that "[i]t is … not a regular practice of PAM to create backups of inboxes when employees depart," and "there is nothing to collect." *See* April 7, 2025 Stradley email. Moreover, during her deposition, Ms. Lafosse testified that in her time of managing patent litigation at PAM, she was never given a litigation hold notice, nor aware of any other person who was ever given a litigation hold notice. *See* Lafosse Depo. Tr. (April 22, 2025), at 158:25-159:17. Nor was she aware of any document preservation efforts at PAM. *Id.* at 159:18-22.

Defendants' failure to preserve ESI relevant to Valve's claims from departing employees, and failure to issue a litigation hold in the first instance, constitutes spoliation of evidence. *In re Napster, Inc. Copyright Litig.*, 462 F. Supp. 2d 1060, 1070 (N.D. Cal. 2006) (holding that, even if the accused party had a "long standing polic[y]" of deleting emails, it was "required to cease deleting emails once the duty to preserve attached"); *Apple*, 888 F. Supp. 2d at 991 ("… Apple's failure to issue any litigation hold notice of its own until April 2011 may be grounds for Samsung to seek its own adverse inference instruction against Apple for spoliation of evidence ….").

Valve is prejudiced by Defendants' failure to preserve ESI relevant to Valve and the claims made against it. Though Valve subpoenaed each of Defendants' former employees identified from its document production, to date, all those former employees confirmed that they themselves have no documents made during their time in Defendants' employ. *See, e.g.*, Lafosse Depo. Tr., at 19:12-16 (testifying she only retained a copy of her own employment agreement). Accordingly, Valve has no way to access those documents and assess its claim that Defendants' knowingly asserted infringement of patents that they knew were already licensed to Valve. Dkt. 38, ¶¶ 11-35.

To minimize any prejudice to Valve, by Friday, May 30, please provide a detailed explanation of the role of each of Adam Diamond, Catherine Delcin, and Nicole Lafosse in identifying, assessing claims against, communicating with, and litigating against Valve or in asserting any patents, including at least the '221 Patent, '129 Patent, or '723 Patent. Please also provide an explanation as to why the emails deleted from Adam Diamond, Catherine Delcin, and Nicole Lafosse would be duplicative of the discovery responses and productions already served by Defendants in this case, including a citation to the document Bates numbers produced thus far that contain that relevant information.

Should Defendants refuse to provide this additional information, Valve reserves the rights to seek sanctions pursuant to Rule 37 and the Court's inherent authority.

Sincerely,

Dario Machleidt,