Honorable Jamal N. Whitehead

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VALVE CORPORTION, | ) |
|       Plaintiff, | ) **DECLARATION OF LEIGH** |
| v. | ) **ROTHSCHILD IN OPPOSITION OF** |
| | ) **COUNSEL'S MOTION TO WITHDRAW** |
| LEIGH ROTHSCHILD, ROTHSCHILD | ) |
| BROADCAST DISTRIBUTION | ) Complaint filed: July 7, 2023 |
| SYSTEMS, LLC, DISPLAY | ) |
| TECHNOLOGIES, LLC, PATENT ASSET | ) |
| MANAGEMENT, LLC, MEYLER LEGAL | ) |
| PLLC, AND SAMUEL MEYLER | ) |
| | ) |
|       Defendants. | ) Case No.: 2:23-cv-01016 |
| | ) |

I, Leigh Rothschild, declare as follows:

1. I am over the age of majority, and the manager of Rothschild Broadcast Distribution Systems, LLC, Display Technologies, LLC, and the CEO of Patent Asset Management, LLC. I submit this declaration in opposition to the motion filed by Merchant & Gould P.C. ("Counsel") seeking leave to withdraw as counsel for the Defendants in the above-referenced matter. I have personal knowledge of the facts set forth in this declaration, and if called upon, I could and would competently testify to the matters stated herein.

2. As the manager/CEO of the Defendants, I was directly involved in discussions with Counsel regarding the legal fees associated with this case. In these discussions, Merchant & Gould assured me that payment of their legal fees would be deferred and contingent upon the pending resolution of an insurance claim related to this litigation. Specifically, Counsel verbally assured me that the fees would be temporarily deferred pending the resolution of the insurance coverage decision. We were also told, until recently, to ignore all invoices that we receive as they would be for firm accounting.

3. On October 10, 2024, our office sent Counsel a redlined draft of a proposed fee agreement. This proposal clarified the terms of our oral agreement, specifically noting our understanding regarding the deferral of hourly billing invoices. However, despite these communications and the proposed draft agreement, Counsel has now filed a motion to withdraw, claiming nonpayment, despite our consistent oral agreement that the fees would be deferred until we resolved the pending insurance claim.

4. After a full year of proceeding based upon this understanding, Counsel raised the issue of withdrawal due to unpaid invoices.

5. The timing of this motion to withdraw is highly prejudicial to Defendants and the administration of the case. The Fact Discovery cutoff date is scheduled for June 25, 2025, which is far less than the 60-day requirement set forth under Washington Local Civil Rules. At this stage in the litigation, Defendants are deeply involved in discovery, and the motion to withdraw threatens to leave us without representation at a critical point in the case. As this Court understands, our corporate entities cannot represent themselves pro se, and this withdrawal would leave our companies without legal counsel, placing them at significant risk of default, dismissal of claims, or severe delays in the litigation. Additionally, I, Leigh Rothschild, am personally named in the lawsuit, and any disruption in representation could have profound consequences for me as well as the corporate Defendants.

6. While we have now begun efforts to find new counsel, we have not yet identified a firm or attorney capable of stepping in to handle this complex case. Given the critical stage of the litigation, with expert discovery and trial on the horizon, securing, and on-boarding new counsel at this point, is difficult and can lead to unnecessary delays with severe prejudice to the Defendants.

7. Under Washington Rule of Professional Conduct 1.16 and the Western District of Washington Local Rule 83.2(b)(1), an attorney may seek to withdraw for nonpayment of fees. However, the Court must consider the potential prejudice to the client as well as the administration of the case. In cases where a client has made efforts to resolve the fee dispute or has an ongoing dispute with an insurer, courts are hesitant to allow withdrawal when the client is in the middle of a critical stage of litigation, as is the case here. In addition, when business entities are involved, the risk of leaving them without counsel is particularly significant, as corporate entities cannot represent themselves pro se.

1  For the reasons stated above, we respectfully request that the Court deny Counsel's Motion to
2  Withdraw, unless and until Defendants have secured substitute counsel that is capable of diligently
3  handling this matter.

4  I declare under penalty of perjury under the laws of the United States of America that the
5  foregoing is true and correct.

7  Executed on: 5-24-25    By: _____
                                Leigh M. Rothschild
                                Individually and as an authorized representative
                                of the Defendant corporations.

ROTHSCHILD DELCARATION IN OPPOSTION OF MOTION TO WITHDRAW
CASE NO.: 2:23-CV-01016
PAGE 3

To: United States District Court

    Western District Washington at Seattle

    Case No: 2:23-cv-01016

From: Leigh M. Rothschild, Defendant

Declaration and Proposed Order attached



FILED
MAIL
RECEIVED

MAY 27 2025

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

BY                    DEPUTY

