**Honorable Jamal N. Whitehead**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VALVE CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>LEIGH ROTHSCHILD, ROTHSCHILD BROADCAST DISTRIBUTION SYSTEMS, LLC, DISPLAY TECHNOLOGIES, LLC, PATENT ASSET MANAGEMENT, LLC, MEYLER LEGAL PLLC, AND SAMUEL MEYLER<br><br>Defendants. | Case No.: 2:23-cv-01016<br><br>**REPLY IN SUPPORT OF MOTION FOR LEAVE TO WITHDRAW AS COUNSEL FOR DEFENDANTS**<br><br>**Noted on Motion Calendar:**<br>June 3, 2025 |

REPLY IN SUPPORT OF MOTION FOR LEAVE
TO WITHDRAW AS COUNSEL FOR DEFENDANTS
Case No. 2:23-cv-01016

Merchant & Gould P.C.
150 South Fifth Street, Suite 2200
Minneapolis, MN 55402
(612) 336-4609

# TABLE OF CONTENTS

I.    INTRODUCTION ........................................................................................................ 1

II.   THE CIRCUMSTANCES OF THIS CASE OVERCOME ANY "PRESUMPTION" AGAINST WITHDRAWAL.......................................................................................... 1

III.  REQUIRING THE FIRM TO REPRESENT DEFENDANTS WITHOUT PAYMENT WILL RESULT IN AN UNREASONABLE FINANCIAL BURDEN ON THE FIRM ......................................................................................................... 1

IV.  VALVE WILL NOT BE PREJUDICED BY THE FIRM'S WITHDRAWAL OR THE REQUESTED STAY ........................................................................................ 2

V.   WITHDRAWAL WILL NOT HARM THE ADMINISTRATION OF JUSTICE .......... 4

VI.  THE FIRM SHOULD NOT BE REQUIRED TO REPRESENT THE MEYLER DEFENDANTS FOR FREE ........................................................................................ 5

VII. MR. CUNANAN HAS NOT MOVED TO WITHDRAW ............................................. 5

VIII. REQUEST FOR IN CAMERA REVIEW ................................................................... 6

IX.  CONCLUSION ............................................................................................................ 6

MOTION FOR LEAVE TO WITHDRAW AS COUNSEL FOR DEFENDANTS
Case No. 2:23-cv-01016
Page ii

Merchant & Gould P.C.
50 South Fifth Street, Suite 2200
Minneapolis, MN 55402
(612) 336-4609

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Experience Hendrix, LLC v. Pitsicalis*,
   No. 2:18-cv-07429, 2020 WL 2748019 (C.D. Cal. Mar. 25, 2020) .........................................2

*Protingent, Inc. v. Gustafson-Feis*,
   No. 2:20-CV-01551-TL, 2022 WL 2479124 (W.D. Wash. July 6, 2022) ...............................1

**Statutes**

RCW 19.86 and 19.350 ....................................................................................................................3

RCW 19.86.093 ...............................................................................................................................3

**Other Authorities**

Fed. R. Civ. P. 26(b)(1) ...................................................................................................................3

WSBA RPC 1.16(b)(1).....................................................................................................................1

MOTION FOR LEAVE TO WITHDRAW AS COUNSEL FOR DEFENDANTS
Case No. 2:23-cv-01016
Page iii

Merchant & Gould P.C.
50 South Fifth Street, Suite 2200
Minneapolis, MN 55402
(612) 336-4609

## I. INTRODUCTION

None of Valve (Dkt. 90), the Meyler Defendants (Dkt. 89), or the Rothschild Defendants (Dkt. 92), in their responses to the Motion for Leave to Withdraw of Donald R. McPhail and Eric R. Chad's (collectively "Counsel"), both of Merchant & Gould P.C. (the "Firm"), provides a compelling justification for requiring Counsel and the Firm to indefinitely provide Defendants legal services without compensation. For the reasons stated in Counsel's Motion (Dkt. 81) and herein, Counsel respectfully requests that the Court grant this motion.

## II. THE CIRCUMSTANCES OF THIS CASE OVERCOME ANY "PRESUMPTION" AGAINST WITHDRAWAL

Counsel addressed the purported "presumption" against withdrawal within 60 days of the close of discovery in its Motion, including distinguishing the *Kessler* and *Oxbo* cases cited by Valve. (Dkt. 81 at 6:22-7:21.) Counsel notes, however, that Valve did not address *Protingent, Inc. v. Gustafson-Feis*, No. 2:20-CV-01551-TL, 2022 WL 2479124 (W.D. Wash. July 6, 2022), in which the motion to withdraw was filed less than six months before the start of trial and within 60 days of the close of discovery. *Id.* at *1-2.

## III. REQUIRING THE FIRM TO REPRESENT DEFENDANTS WITHOUT PAYMENT WILL RESULT IN AN UNREASONABLE FINANCIAL BURDEN ON THE FIRM

WSBA RPC 1.16(b)(1) permits withdrawal where continuing representation "will result in an unreasonable financial burden on the lawyer[.]" Requiring that Counsel continue to represent Defendants, potentially through trial, would subject the Firm to a likely seven-figure loss in the form of uncompensated legal services. Valve's suggestion that this burden will be mitigated by its supposed offer to "not stand in the way" of Counsel's request "once fact discovery is complete ***and replacement counsel is found***" both misstates Valve's initial offer and outs itself as the non-offer it truly is. First, Valve did not offer to consent to a motion to withdraw once fact discovery was completed and replacement counsel was found. Rather, it only

MOTION FOR LEAVE TO WITHDRAW AS COUNSEL FOR DEFENDANTS  
Case No. 2:23-cv-01016  
Page 1

Merchant & Gould P.C.  
50 South Fifth Street, Suite 2200  
Minneapolis, MN 55402  
(612) 336-4609

offered to reconsider its position. (Decl. of Donald R. McPhail (hereinafter "McPhail Decl.") Ex. 2 at 1.) Moreover, though Defendants have informed Counsel that they have begun to search for replacement counsel, Defendants are not incentivized to timely seek new counsel in the present circumstances. Though Defendants *may* be able to find replacement counsel, and though Defendant PAM *may* eventually obtain insurance proceeds, neither of these outcomes is guaranteed and the timeline on both outcomes is indefinite. The Firm should not be obligated to absorb a potential seven-figure loss on the mere possibility of these events.

Moreover, even requiring Counsel to continue representing Defendants through the close of fact discovery will subject the Firm to a potential loss of hundreds of thousands of dollars of uncompensated legal services in view of the number of depositions Valve has noticed that have yet to be taken. This alone represents an untenable financial burden that the Firm should not be required to absorb.

### IV. VALVE WILL NOT BE PREJUDICED BY THE FIRM'S WITHDRAWAL OR THE REQUESTED STAY

Valve has not identified a single substantive ongoing harm it will suffer as a result of the Firm's withdrawal or a stay of this litigation that is not hypothetical or the result of Valve's own litigation tactics. The alleged harms Valve identifies in its opposition are: (1) the potential financial burden on Valve of relitigating discovery disputes;[1] (2) the "existential" threat that the Rothschild Defendants will accuse Valve of infringing further patents; and (3) the potential for evidence to be lost. None of these justifies requiring the Firm to provide millions of dollars of legal services for which the Firm is unlikely to be compensated.

Regarding the expense of relitigating discovery disputes, Valve disregards the fact that Defendants' new counsel, once retained, will step into the Firm's position and that the Firm will

---

[1] It is noteworthy that in the case Valve cites in support of this alleged prejudice, *Experience Hendrix, LLC v. Pitsicalis*, No. 2:18-cv-07429, 2020 WL 2748019 (C.D. Cal. Mar. 25, 2020), the Court granted the request to withdraw. *Id.* at *1. It did so despite the fact that, unlike in this case, there was an ongoing financial harm to the opposing party. *Id.*

MOTION FOR LEAVE TO WITHDRAW AS COUNSEL FOR DEFENDANTS
Case No. 2:23-cv-01016
Page 2

Merchant & Gould P.C.
50 South Fifth Street, Suite 2200
Minneapolis, MN 55402
(612) 336-4609

be able to work with Defendants' new counsel to get them up to speed. Moreover, any additional expense Valve will incur as a result of Counsel's withdrawal pales in comparison to the significant discovery-related expenses Valve has imposed on all parties through its own pressure-based, scorched-earth litigation tactics. The financial stakes of this case are limited. Valve's Second Amended Complaint includes four counts. Two of these are for Declaratory Judgment (*id.* at ¶¶ 55-64); one is for breach of contract (*id.* at ¶¶ 65-77), regarding which Valve has articulated ***no damages theory*** (McPhail Decl. Ex. 3 at 6; McPhail Decl. Ex. 4 at Resp. to Interrog. No. 14.); and one is for violation of the RCW 19.86 and 19.350 (Dkt. 38 ¶¶ 78-90), regarding which Valve has articulated ***no damages theory*** (McPhail Decl. Ex. 3 at 6; McPhail Decl. Ex. 4 at Resp. to Interrog. No. 14.) and which has a damages limit of $25,000.[2] For those $25,000[3] at stake, among other things, Valve has: (1) sent no fewer than 18 subpoenas to law firms that either presently represent or previously represented one or more Defendants; (2) served subpoenas on several former employees of one or more Defendants, some of whom served as general counsel for PAM; (3) expressed an intent to depose at least four individuals and has noticed four 30(b)(6) depositions, including indicating that it may seek to depose some of these individuals twice depending on the outcome of Valve's recently filed Motion to Compel (McPhail Decl. Ex. 5 at 1); and (4) served a total of 366 document requests, 87 interrogatories, and 109 requests for admission. Having greatly increased the costs of this litigation through its ignorance of any sense of proportionality, Valve bemoaning the relatively small financial burden of working with new counsel strains credulity.

Regarding the alleged threat of future patent enforcement efforts by the Rothschild Defendants and Valve's concerns regarding the loss of evidence, these concerns are minor in

---

[2] *See* RCW 19.86.093 ("The district court may, in its discretion, increase the award of damages to an amount not more than three times the actual damages sustained, but such increased damage award shall not exceed twenty-five thousand dollars.")

[3] Valve also seeks payment of its attorneys' fees. Insofar as that is included in the "amount in controversy" in this litigation, *see* Fed. R. Civ. P. 26(b)(1), those fees have been increased by Valve's vexatious litigation tactics discussed herein to a much greater extent than any minimal increase that might result from Counsel's withdrawal.

MOTION FOR LEAVE TO WITHDRAW AS COUNSEL FOR DEFENDANTS
Case No. 2:23-cv-01016
Page 3

Merchant & Gould P.C.
50 South Fifth Street, Suite 2200
Minneapolis, MN 55402
(612) 336-4609

view of the temporary nature of the stay Counsel seeks for Defendants to find new counsel, even if Mr. Meyler's request that any stay be at least 90 days (Dkt. 89 at 6-7) is granted. Valve will not long suffer under the purported threat of further enforcement actions from the Rothschild Defendants. Moreover, Valve has not identified any sources of evidence that it believes will actually be impacted by a temporary stay of a few months, which will not result in meaningful erosion of memories or destruction of documents.

This is not a case where there is an ongoing substantive harm against Valve that a short delay will exacerbate. Valve has identified no continuing impact Defendant's alleged wrongdoing has had on Valve's business. It has not done so because there is no such impact. Valve will not be prejudiced by Counsel's withdrawal and a brief stay.

## V.  WITHDRAWAL WILL NOT HARM THE ADMINISTRATION OF JUSTICE

As explained in Counsel's Motion, Counsel provided Defendants with adequate notice that Counsel would need to move to withdraw if Defendants would not pay Counsel's fees and that the non-individual Defendants were required to have counsel under the local rules. This should not present a significant challenge to Defendants. Defendants Leigh Rothschild; Rothschild Broadcast Distribution Systems, LLC; Display Technologies, LLC; and PAM (the "Rothschild Defendants") are sophisticated consumers of legal services who are represented by several law firms versed in complex patent infringement litigation, and the Meyler Defendants are a law firm and an attorney. PAM's COO, Daniel Falcucci, is himself an attorney who filed a complaint for patent infringement on behalf of a Rothschild entity as recently as March of this year. (McPhail Decl. Ex. 6.) Though the Firm prides itself on the quality of services it provides, it is not the exclusive provider of quality complex litigation services. Insofar as Defendants' search for replacement counsel is negatively impacted because Defendants hope to obtain counsel who will indefinitely defer payment of fees unless and until Defendant PAM receives proceeds from an insurer with which PAM is engaged in ongoing litigation, Counsel respectfully

MOTION FOR LEAVE TO WITHDRAW AS COUNSEL FOR DEFENDANTS
Case No. 2:23-cv-01016
Page 4

Merchant & Gould P.C.
50 South Fifth Street, Suite 2200
Minneapolis, MN 55402
(612) 336-4609

submits that is a result of Defendants' making and is not true prejudice. If an inability to retain new counsel due to unwillingness or inability to pay was sufficient to defeat a motion to withdraw, no withdrawal based on the non-payment of fees would ever be granted.

Regarding the proposition that the Firm agreed to represent Defendants without payment indefinitely as suggested by the Declaration of Leigh Rothschild (Dkt. 92), no such arrangement was in place. (McPhail Decl. ¶¶ 5, 7-15.) Though the Firm, through Mr. McPhail, offered some temporary flexibility while PAM attempted to resolve its coverage dispute with its insurer, such flexibility was not indefinite, and Mr. McPhail certainly never agreed to a contingent representation, which would make no sense in the context of representing a defendant. (*Id.* at ¶¶ 5, 10-12.) When it became clear PAM's dispute with its insurer would become protracted, the Firm requested payment of previously incurred attorneys' fees. (*Id.* at ¶ 14.) The Firm even offered to continue its representing Defendants in this litigation if Defendants committed to merely pay attorneys' fees and costs incurred going forward with the Firm reserving the right to seek payment of previously incurred fees at a future date. (*Id.* at ¶ 15.) Defendants indicated they would not agree to such an arrangement, and the Firm promptly filed the present motion. (*Id.*)

## VI.  THE FIRM SHOULD NOT BE REQUIRED TO REPRESENT THE MEYLER DEFENDANTS FOR FREE

Regarding the Meyler Defendants, Counsel's understanding with Defendants was that the Rothschild Defendants would pay all legal fees for all Defendants. (Dkt. 82 ¶ 3.) It appears that Mr. Meyler had the same understanding. (Dkt. 89-1 ¶¶ 6-7.) As Mr. Meyler acknowledges, neither he nor Meyler Legal, PLLC, had an agreement with the Firm that obligates the Meyler Defendants or the Firm to each other in any way. It does not follow from these facts that Counsel should be required to continue representing the Meyler Defendants without compensation. The Meyler Defendants have never offered to compensate Counsel or the Firm for ongoing representation.

## VII.  MR. CUNANAN HAS NOT MOVED TO WITHDRAW

MOTION FOR LEAVE TO WITHDRAW AS COUNSEL FOR DEFENDANTS
Case No. 2:23-cv-01016
Page 5

Merchant & Gould P.C.
50 South Fifth Street, Suite 2200
Minneapolis, MN 55402
(612) 336-4609

When a party is represented by multiple attorneys and withdrawal will not leave the client without representation, leave of the Court is not required to withdraw. LCR 83.2(c)(3). Matthew Cunanan, who has served as Defendants' local counsel, also represents Defendants. (Dkt. 19). At the time Counsel filed its Motion, it understood that Mr. Cunanan would also be moving to withdraw, which is why Counsel has sought leave from the Court rather than withdrawing without leave under LCR 83.2(c)(3). Mr. Cunanan has not so moved, making his present intentions unknown to the Firm. If Mr. Cunanan intends to stay on as counsel for Defendants, then the Firm respectfully submits that withdrawal under LCR 83.2(c)(3) is proper.

## VIII. REQUEST FOR IN CAMERA REVIEW

In the interests of preserving client confidences and respecting the attorney-client privilege, Counsel has not attached to its Motion or this Reply communications and documents relating to relationship between Defendants, Counsel, and the Firm vis-à-vis Counsel's fees and costs and Defendants' payment obligations. If the Court believes review of these materials would be helpful, Counsel can provide them for in camera review.

## IX. CONCLUSION

For the reasons stated herein and in Counsel's Motion (Dkt. 81), good cause exists to grant Counsel's Motion to Withdraw. The Court should grant Counsel's Motion and also enter a temporary stay for Defendants to find new counsel.

MOTION FOR LEAVE TO WITHDRAW AS COUNSEL FOR DEFENDANTS
Case No. 2:23-cv-01016
Page 6

Merchant & Gould P.C.
50 South Fifth Street, Suite 2200
Minneapolis, MN 55402
(612) 336-4609

**CERTIFICATE OF COMPLIANCE**

I certify that this Reply contains 2,017 words in compliance with the Local Civil Rules of the United States District Court for the Western District of Washington.

MOTION FOR LEAVE TO WITHDRAW AS COUNSEL FOR DEFENDANTS
Case No. 2:23-cv-01016
Page 7

Merchant & Gould P.C.
50 South Fifth Street, Suite 2200
Minneapolis, MN 55402
(612) 336-4609

Dated: June 2, 2025

Respectfully submitted,

By: */s/ Donald R. McPhail*
Donald R. McPhail (admitted *pro hac vice*)
1900 Duke Street
Alexandria, Virginia 22314
Tel: (703) 518-4516
Fax: (612) 332-9081
Email: dmcphail@merchantgould.com

Eric R. Chad (admitted *pro hac vice*)
150 South Fifth Street, Suite 2200
Minneapolis, Minnesota 55402
Tel: (612) 332-5300
Fax: (612) 332-9081
Email: echad@merchantgould.com

*Attorneys for Defendants Leigh Rothschild, Rothschild Broadcast Distribution Systems, LLC, Display Technologies, LLC, Patent Asset Management, LLC, Meyler Legal, PLLC, and Samuel Meyler*