1

**Honorable Jamal N. Whitehead**

2

3

4

5

6

7

8

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**

9

**AT SEATTLE**

10

VALVE CORPORATION,                              )

11

           Plaintiff,

12

      v.

13

LEIGH ROTHSCHILD, ROTHSCHILD

14

BROADCAST DISTRIBUTION
SYSTEMS, LLC, DISPLAY

15

TECHNOLOGIES, LLC, PATENT ASSET

16

MANAGEMENT, LLC, MEYLER LEGAL
PLLC, AND SAMUEL MEYLER

17

           Defendants.

18

)
)  **DECLARATION OF DONALD MCPHAIL**
)  **IN SUPPORT OF MOTION TO**
)  **WITHDRAW**
)
)
)
)
)
)
)  Complaint filed: July 7, 2023
)
)
)  Case No.: 2:23-cv-01016
)

19

    I, Donald McPhail, declare as follows:

20

    1.     I am attorney with Merchant & Gould P.C. (hereinafter "Merchant & Gould" or

21

"the Firm"), and I am one of the attorneys of record for Defendants Leigh Rothschild;

22

Rothschild Broadcast Distribution Systems, LLC; Display Technologies, LLC; Patent Asset

23

Management, LLC; Meyler Legal PLLC; and Samuel Meyler (collectively, the "Defendants").

24

    2.     I make this declaration on my own information, knowledge, and belief, based on

25

a reasonable investigation, in support of the reply brief filed in support of the Motion to

26

Withdraw filed contemporaneously herewith on behalf Eric R. Chad and myself (collectively

27

28

MCPHAIL DECLARATION
Case No. 2:23-cv-01016
Page **1**

Merchant & Gould P.C.
150 S. 5th St., Suite 2200
Minneapolis, MN 55402
(612) 332-5300

"Counsel") and to address the Declaration of Leigh Rothschild in Opposition of Counsel's Motion to Withdraw (Dkt. 92), and the statements Mr. Rothschild made therein.

3.    I previously filed a Declaration in support of Counsel's Motion to Withdraw (Dkt. 82).

4.    Paragraph 2 of the Rothschild Declaration states "Merchant & Gould assured me that payment of their legal fees would be deferred and contingent . . . ." Neither I nor the Firm agreed to represent the Defendants on an indefinitely deferred or contingent basis.

5.    My representation of Defendants in this matter began while I worked at my previously employer, the law firm of Oblon, McClelland, Maier & Neustadt ("Oblon"). While working at Oblon, I had represented entities associated with Mr. Rothschild in litigation in which Mr. Rothschild's entity was Plaintiff and where the relief sought was the award of damages. As a result, some of these matters were on a contingent basis. The present lawsuit adverse to Valve Corporation involved defense representation. Accordingly, I expressly told at least Mr. Rothschild and Mr. Falcucci (Chief Operating Officer of Defendant Patent Asset Management, LLC) in writing that I could not and would not handle this case on a contingent basis because it was a defense. While representing Defendants at Oblon the understanding was that the Rothschild Defendants would pay Oblon for the time spent on this matter at Oblon's hourly rates.

6.    In 2023, Defendants submitted a claim for coverage of the expenses associated with this litigation to the insurer of PAM, Hiscox Insurance Company (the "Insurer"). I expressly conveyed to at least Mr. Falcucci that Mr. Rothschild and/or PAM were responsible for any invoices unless and until any payments were made to PAM by its Insurer.

7.    I joined the Firm in or around April 2024. In the course of updating engagement agreements with clients to align with the policies of the Firm, I provided a proposed engagement agreement to Defendants in the form of the Firm's standard engagement agreement sometime before September 26, 2024. That agreement provided for monthly billing

MCPHAIL DECLARATION
Case No. 2:23-cv-01016
Page 2

Merchant & Gould P.C.
150 S. 5th St., Suite 2200
Minneapolis, MN 55402
(612) 332-5300

of attorneys' fees and costs and prompt payment of all invoices for said fees and costs. It also

provided that, if invoices remained unpaid for more than 90 days, Counsel and the Firm could

withdraw and that Defendants would not oppose withdrawal.

8.      On September 27, 2024, I received an email from Daniel Falcucci, Chief

Operating Officer of PAM. In that email, Mr. Falcucci requested an editable version of the

engagement agreement to suggest amendments thereto and informed me that PAM had

experienced what it believed to be positive developments with its Insurer.

9.      Sometime between my initial engagement in connection with this litigation and

September 27, 2024, I learned that PAM's Insurer had rejected coverage of PAM's claim.

Based on representations by Mr. Falcucci and Mr. Rothschild, I understood this would be a

temporary situation (*i.e.*, a couple of months). Defendants represented that the coverage issue

was likely to be resolved favorably (to Defendants) without resort to litigation.

10.     In September of 2024, Defendants requested a temporary deferral of payment of

fees (not costs) while Defendants negotiated coverage with Defendant Patent Asset

Management, LLC's ("PAM") insurance company.

11.     In oral conversations with Mr. Falcucci and Mr. Rothschild around September

2024, in view of my understanding of the ongoing discussions between PAM and its Insurer

(which I understood to be positive) and my longstanding relationship with Mr. Rothschild, I

indicated that some flexibility could be provided to Defendants regarding the timing of

payment of incurred attorneys' fees. At that time, my understanding was that the insurance

coverage discussions were moving in a positive direction for Defendants and that the coverage

issue would be resolved within a few months. My offer of flexibility was not intended to be,

and I do not believe it could have been in good faith interpreted as, an offer to defer all

payments for attorneys' fees indefinitely until resolution of PAM's claim with its Insurer or to

not receive payment at all in the event of denial by the Insurer.

12.     On October 10, 2024, Defendants proposed revisions to the Merchant & Gould

MCPHAIL DECLARATION
Case No. 2:23-cv-01016
Page **3**

Merchant & Gould P.C.
150 S. 5th St., Suite 2200
Minneapolis, MN 55402
(612) 332-5300

engagement letter after these conversations. These proposed revisions, which essentially requested representation on a contingent basis, did not reflect the September 2024 discussions. Neither I nor the Firm ever accepted or agreed to these proposed amendments. Defendants' revisions, however, stated the parties would revisit the fee arrangement if litigation against the Insurer became necessary. Defendants' proposed revisions did not alter the provision providing for withdrawal, without Defendants' opposition, if invoices went unpaid for more than 90 days.

13.    The parties have always agreed that Defendants would pay costs. Indeed, Mr. Falcucci's October 10 edits confirmed that Defendants would pay out-of-pocket expenses incurred by the Firm in connection with this litigation. To date, however, Defendants have not reimbursed the Firm for any costs the Firm has incurred.

14.    I became aware that litigation against the insurer was necessary in late 2024 or early 2025. Counsel requested payment of fees and costs shortly thereafter. Defendants filed a lawsuit relating to coverage on May 5, 2025. A true and correct copy of the complaint filed by PAM is attached hereto as Exhibit 1. With the coverage dispute between PAM and its Insurer no longer moving in a positive direction and the coverage denial finalized, the Firm continued requesting payment of previously incurred attorneys' fees. Requiring the Firm to represent Defendants until resolution of this coverage litigation, which could last for years and which could result in confirmation of the denial of coverage, will impose a serious financial burden on the Firm.

15.    In an attempt to provide some flexibility to Defendants without putting the Firm in a financially untenable situation, on May 1, 2025, the Firm offered to continue its representation of Defendants in this litigation if Defendants committed to merely pay attorneys' fees and costs incurred going forward with the Firm reserving the right to seek payment of previously incurred fees at a future date. Defendants indicated they would not agree to such an arrangement, prompting the Firm to file the pending motion to withdraw.

MCPHAIL DECLARATION
Case No. 2:23-cv-01016
Page 4

Merchant & Gould P.C.
150 S. 5th St., Suite 2200
Minneapolis, MN 55402
(612) 332-5300

1  Defendants have never paid any of the Firm's invoices and have never paid costs, and

2  Defendants refuse to pay such fees and costs.

3        16.    I do not agree that the Firm's withdrawal will result in prejudice to Defendants.

4  The Firm has continued to participate in this litigation in the interim period while the Firm's

5  motion is pending. And the Firm will work to get Defendants' new counsel, once retained, up

6  to speed on the litigation. Defendants regularly engage in litigation and have relationships with

7  numerous law firms who often handle complex intellectual property litigation on behalf of

8  Defendants.

9        17.    Upon information and belief, certain representations of Mr. Rothschild in his

10  signed declaration and the facts herein justify withdrawal per 1.16.

11        18.    To avoid prejudice to any Party, I would thus request an immediate stay of this

12  litigation at least until the present Motion to Withdraw is decided to prevent the Firm from

13  proceeding to represent Defendants with this apparent conflict ongoing.

14        19.    The Firm has documentation, including correspondence with Mr. Falcucci and

15  Mr. Rothschild, supporting the statements made in this declaration. Out of an abundance of

16  caution, the Firm and I have not attached that documentation to this Declaration. It is our

17  belief that this information, which is not relevant to the underlying litigation, would be most

18  appropriate for review by the Court in camera or at in an *ex parte*, in camera hearing or

19  conference with the Court. Should the Court believe that review of these documents in camera

20  would be helpful, the Firm remains willing to provide those documents to the Court.

21        20.    Attached hereto as Exhibit 2 is a true and correct copy of a May 7, 2025 email

22  from Kate Geyer to Defense Counsel.

23        21.    Attached hereto as Exhibit 3 is a true and correct copy of Plaintiff Valve

24  Corporation's Initial Disclosures.

25        22.    Attached hereto as Exhibit 4 is a true and correct copy of excerpts of Plaintiff

26  Valve Corporation's Responses and Objections to Defendants' First Set of Interrogatories.

27

28
MCPHAIL DECLARATION
Case No. 2:23-cv-01016
Page **5**

Merchant & Gould P.C.
150 S. 5th St., Suite 2200
Minneapolis, MN 55402
(612) 332-5300

23.     Attached hereto as Exhibit 5 is a true and correct copy of an email chain between counsel for the Parties' with the most recent email from Dario Machleidt to Eric Chad and dated May 28, 2025.

24.     Attached hereto as Exhibit 6 is a true and correct copy of the Original Complaint for Patent Infringement in the case of *Barrier Guard Technologies, LLC v. Apex Fabrication & Design, Inc.*, No. 5:25-cv-01368-CH (E.D. Pa.) (Dkt. 1, filed Mar. 14, 2025).


I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.


Executed on: June 2, 2025                    By: */s/ Donald R. McPhail*
                                                  Donald R. McPhail

MCPHAIL DECLARATION
Case No. 2:23-cv-01016
Page **6**

Merchant & Gould P.C.
150 S. 5th St., Suite 2200
Minneapolis, MN 55402
(612) 332-5300