# Exhibit 2

| | |
|---|---|
| **From:** | Geyer, Kate |
| **To:** | RothschildMGTeam |
| **Cc:** | Machleidt, Dario; Anderson, Andie |
| **Subject:** | Valve v. Rothschild: Counsel"s Motion to Withdraw and Motion for Stay |
| **Date:** | Wednesday, May 7, 2025 6:00:17 PM |
| **Attachments:** | image001.png |

**CAUTION - External.**



Counsel,

Valve will oppose Merchant & Gould's motion to withdraw and Defendants' request for a 45-day stay. We would, however, reconsider opposing withdrawal if you remain on the case through the end of fact discovery.

We'd be happy to talk through our reasoning if it helps, but in short:

1. Your request comes within 60 days of the close of fact discovery. Under LR 83.2(b)(1), your withdrawal comes too late in the case. Indeed, within the 60-day window, "the local rule acts as a presumption against withdrawal." *Kessler v. State Farm Fire & Cas. Co.*, No. 3:23-CV-05527-TMC, 2024 WL 4950136, at *2 (W.D. Wash. Dec. 3, 2024); *United States Fire Ins. Co. v. Oxbo Inc.*, No. 3:22-CV-05228-TMC, 2024 WL 1659526, at *1 (W.D. Wash. Apr. 17, 2024) ("[T]here is a presumption against withdrawal at this late stage in the case.").

2. There have already been far too many discovery delays where your firm represents all Defendants and also several important third parties. Letting Defendants pause the case for over a month while they essentially remain *pro se* during that period—something corporate parties cannot do—will lead to additional delays once they retain new counsel that'll need to get up to speed on the (incomplete) status of fact discovery. That will prejudice Valve, which has been trying, and failing, to get basic discovery for nearly a year.

3. There are too many outstanding issues over which we've conferred with your team. These range from amended pleadings to several discovery disputes that, as you confirmed during last week's meet and confer, are ripe for motions to compel (ESI; validity contentions; financial document requests). Pausing the case with so much left unresolved will require Valve to re-negotiate and confer with new counsel, and spend time, effort, and money doing so, when it would be far easier to close out fact discovery with existing counsel.

4. Your clients are sophisticated litigants. One is a law firm and another is a lawyer. Mr. Rothschild is frequently involved in patent suits, and at least PAM has in-house counsel on staff. Display Technologies and RBDS have, collectively, been parties to at

least 218 patent lawsuits, with 45 different law firms representing them across those cases. The Rothschild Defendants have numerous, ongoing relationships with other law firms, including relating to the '221 Patent. ROTHSCHILD0032173; ROTHSCHILD0032177; ROTHSCHILD0032197; ROTHSCHILD0035889.

While we know this isn't what your team prefers, that is where we are based on your late request to withdraw.

Thanks,
Kate



Kate Geyer
KGeyer@ktslaw.com
Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue | Suite 3700 | Seattle, WA 98101
**T** 206 516 3094 | **F** 206 299 3458
My Profile | vCard

'

Confidentiality Notice:
This communication constitutes an electronic communication within the meaning of the Electronic Communications Privacy Act, 18 U.S.C. Section 2510, and its disclosure is strictly limited to the recipient intended by the sender of this message. This transmission, and any attachments, may contain confidential attorney-client privileged information and attorney work product. If you are not the intended recipient, any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. Please contact us immediately by return e-mail or at 404 815 6500, and destroy the original transmission and its attachments without reading or saving in any manner.
'