# Exhibit 4

HON. JAMAL N. WHITEHEAD

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| VALVE CORPORATION,<br><br>        Plaintiff,<br><br>    v.<br><br>LEIGH ROTHSCHILD, ROTHSCHILD BROADCAST DISTRIBUTION SYSTEMS, LLC, DISPLAY TECHNOLOGIES, LLC, PATENT ASSET MANAGEMENT, LLC, MEYLER LEGAL, PLLC, AND SAMUEL MEYLER,<br><br>        Defendants. | Case No. 2:23-cv-1016<br><br>**PLAINTIFF VALVE CORPORATION'S RESPONSES AND OBJECTIONS TO DEFENDANTS' FIRST SET OF INTERROGATORIES**<br><br>Complaint Filed:    07/07/2023 |

VALVE'S RESPONSES AND OBJECTIONS TO
DEFENDANTS' FIRST SET ROGS
CASE NO. 2:23-CV-1016

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff Valve Corporation ("Plaintiff" or "Valve") hereby responds to Defendants' First Set of Interrogatories ("Interrogatories").

**PRELIMINARY STATEMENT**

1.  Valve has made a reasonable investigation for information responsive to these Interrogatories based upon Valve's current knowledge, information, and belief. Valve's investigations are ongoing. Valve's responses are made without prejudice to its right to revise, correct, supplement, or clarify its responses at any time pursuant to Federal Rule of Civil Procedure 26(e). Valve reserves the right to make any use of, or to introduce at any hearing or trial, responsive information that was discovered after the date of these Interrogatory responses.

2.  By providing responses, Valve does not concede the relevance of the subject matter of any Interrogatory. Valve reserves all objections or other questions as to the competency, relevance, materiality, privilege, or admissibility in any proceeding or trial for any purpose whatsoever of its responses provided herein. Valve provides these written responses subject to the General and Specific Objections stated below, and subject to Valve's right to object at any proceeding involving or relating to the subject matter of the Interrogatories responded to herein. No objections, limitations, or responses, or lack thereof, shall: (a) be deemed an admission by Valve as to the existence or non-existence of any documents; (b) be construed as an admission that any definition provided by Defendants is either factually correct or legally binding upon Valve; and (c) not be considered as a waiver of any of Valve's objections, including, but not limited to, objections regarding discoverability of documents or other evidence.

3.  By providing responses, Valve does not waive any rights or limitations on discovery as set forth in the Federal Rules of Civil Procedure, the Local Rules of this Court, Local Patent Rules, the Court's ESI Order (Dkt. 51), the Protective Order (Dkt. 52), and any other applicable law, rule, or order, and all other existing or future agreements of the parties concerning these proceedings.

VALVE'S RESPONSES AND OBJECTIONS TO
DEFENDANTS' FIRST SET OF ROGS
CASE NO. 2:23-CV-1016

- 1 -

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

deficient and have not adequately allowed Valve to understand what specific functionality Defendants accuse of infringement. Specifically, Defendants allege infringement of a software platform, the Steam Cloud system. Pursuant to Rule 33(d), Valve concurrently with this Response makes available the source code for the Steam Cloud system. Defendants are required to amend their Infringement Contentions to identify pinpoint citations to source code they contend supports their infringement theories. *See Corus Realty Holdings, Inc. v. Zillow Grp., Inc.*, No. C18-0847-JLR, 2020 WL 488545, at *5 (W.D. Wash. Jan. 30, 2020), aff'd, 860 F. App'x 728 (Fed. Cir. 2021) ("In cases involving software allegations, the party asserting infringement has an obligation to 'promptly and appropriately' amend its contentions to identify pinpoint citations to source code after it has had the opportunity to review the code.").

Once Defendants amend their Infringement Contentions as required, Valve reserves the right to amend its Invalidity Contentions. Because Steam Cloud launched in 2008, Valve specifically reserves the right to amend its Invalidity Contentions by identifying parts of the Steam Cloud system source code that predate—and anticipate or render obvious—the claims of the '221 Patent, which Defendants allege has a priority date of August 29, 2011.

Valve also contends that the '221 Patent is not entitled to a priority date of August 29, 2011. The '221 Patent's priority claim to the August 29, 2011 filing date of U.S. Provisional Patent 61/528543 is improper, because U.S. Provisional Patent 61/528543 does not "contain a written description of the invention [claimed in the '221 Patent] and the manner and process of making and using it, in such full, clear, concise, and exact terms…" *NuVasive, Inc. v. Alphatec Holdings, Inc.*, 557 F. Supp. 3d 1069, 1073 (S.D. Cal. 2021) (quoting *Dynamic Drinkware, LLC v. Nat'l Graphics, Inc.*, 800 F.3d 1375, 1378 (Fed. Cir. 2015)).

The information provided in response to this Interrogatory is based on Valve's current knowledge, information, and belief. Valve is continuing its investigation and reserves the right to amend, modify, or supplement its response to this Interrogatory.

**INTERROGATORY NO. 14:** Describe the full factual and legal basis for Your contention that You are entitled to an award of damages, including treble damages and punitive damages.

VALVE'S RESPONSES AND OBJECTIONS TO DEFENDANTS' FIRST SET OF ROGS
CASE NO. 2:23-CV-1016
- 22 -
Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

**RESPONSE TO INTERROGATORY NO. 14:**

Valve incorporates its Preliminary Statement and General Objections above as if fully set forth herein. Valve also provides the following Specific Objections to this Interrogatory:

Valve objects to this Interrogatory to the extent it seeks information that is protected from disclosure by the attorney-client privilege, common interest privilege, or work product doctrine. Valve objects to this Interrogatory as premature because it seeks information that will be the subject of expert discovery, that is related to opinion testimony, and that relates to Valve's contentions or briefing not yet due based on the court's Scheduling Order (Dkt. 61). Valve objects to the extent that this Interrogatory calls for a legal opinion. Valve objects to this Interrogatory as seeking Valve's contentions before substantial discovery has taken place. *Benanav v. Healthy Paws Pet Ins. LLC,* No. C20-00421-LK, 2022 WL 3577400, at *5 (W.D. Wash. Aug. 19, 2022) ("With respect to the other information requested in Interrogatory Number 3—another contention interrogatory—Plaintiffs may defer a complete response until after substantial discovery is complete."); *see also Heredia v. Sunrise Senior Living LLC*, No. 8:18-cv-01974, 2020 WL 12584277, at *4-5 (C.D. Cal. July 20, 2020). Valve objects that this Interrogatory seeks information that is in the possession, custody or control of Defendants and has not yet been produced to Valve. In fact, as of the date of this Response, Display Technologies, Leigh Rothschild, RBDS, and PAM have not produced a single document, despite the fact that Valve served its first set of Document Requests on July 9, 2024.

Subject to, consistent with, and without waiver of its Preliminary Statement, General Objections, and Specific Objections, Valve responds as follows:

Valve incorporates its Second Amended Complaint (Dkt. 38) and all exhibits attached thereto.

The information provided in response to this Interrogatory is based on Valve's current knowledge, information, and belief. Valve is continuing its investigation and reserves the right to amend, modify, or supplement its response to this Interrogatory.

VALVE'S RESPONSES AND OBJECTIONS TO DEFENDANTS' FIRST SET OF ROGS
CASE NO. 2:23-CV-1016

- 23 -

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

| | | |
|---|---|---|
| 1 | DATED: February 20, 2025 | Respectfully submitted, |
| 2 | | KILPATRICK TOWNSEND & STOCKTON LLP |

By: */s/ Dario A. Machleidt*
    Dario A. Machleidt (State Bar No. 41860)
    Kathleen R. Geyer (State Bar No. 55493)
    Christopher P. Damitio (State Bar No. 58633)
    1420 Fifth Avenue, Suite 3700
    Seattle, WA 98101
    Telephone: (206) 467-9600
    dmachleidt@kilpatricktownsend.com
    kgeyer@kilpatricktownsend.com
    cdamitio@kilpatricktownsend.com

Attorneys for Plaintiff
VALVE CORPORATION

VALVE'S RESPONSES AND OBJECTIONS TO
DEFENDANTS' FIRST SET OF ROGS
CASE NO. 2:23-CV-1016

- 27 -

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

# CERTIFICATE OF SERVICE

I hereby certify that on February 20, 2025, I served the within via all email to all counsel who are registered participants identified on the Mailing Information for C.A. No. 2:23-cv-1016.

*/s/ Christopher P. Damitio*
Christopher P. Damitio

VALVE'S RESPONSES AND OBJECTIONS TO DEFENDANTS' FIRST SET OF ROGS
CASE NO. 2:23-CV-1016

- 28 -

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600