# Exhibit 5

|          |                                                                                              |
|----------|----------------------------------------------------------------------------------------------|
| **From:**    | Machleidt, Dario                                                                         |
| **To:**      | Eric R. Chad; RothschildMGTeam; Matthew Cunanan                                          |
| **Cc:**      | ValveKTSservice                                                                          |
| **Subject:** | RE: Valve v. Rothschild - fact discovery, scheduling depositions, and Valve availability |
| **Date:**    | Wednesday, May 28, 2025 1:47:40 PM                                                       |

**CAUTION - External.**



Chad,

Valve will not join in your letter. We also consider it to be far too argumentative for what you call a request for clarification. It is improper to submit what amounts to a short motion through an email to the Court.

Your pushback against Valve's desire to stick to the schedule is disappointing. This Court's Scheduling Order unambiguously states it contains "firm dates that can be changed only by order of the Court, not by agreement of counsel or the parties. The Court will alter these dates only upon good cause shown: *failure to complete discovery within the time allowed is not recognized as good cause*." Dkt. 61 at 3 (emphasis added).

Until the Court orders otherwise, Valve will continue to push forward with fact discovery, including depositions and moving to compel your clients to abide by their discovery obligations. Your preemptive refusal to make Defendants' witnesses or corporate representatives available for more than one deposition in light of Defendants' failure to provide discovery is not well-taken.

We will continue to work with you to proceed with discovery in an efficient and effective manner to complete discovery by the Court's deadlines. If Defendants refuse to do the same, including refusing to allow additional depositions should the Court rule in Valve's favor on its motion to compel after depositions have occurred, Valve will seek whatever relief it deems appropriate. If that means second depositions of a particular witness, Valve will ask the Court to make Defendants pay those costs.

Sincerely,

Dario Machleidt
dmachleidt@ktslaw.com
Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue | Suite 3700 | Seattle, WA 98101
**T** 206 224 2857 | **F** 206 374 2199
My Profile | vCard

---

**From:** Eric R. Chad <EChad@merchantgould.com>
**Sent:** Wednesday, May 28, 2025 11:17 AM
**To:** Machleidt, Dario <dmachleidt@ktslaw.com>; RothschildMGTeam <RothschildMGTeam@MerchantGould.com>; Matthew Cunanan <matthew@dclglawyers.com>
**Cc:** ValveKTSservice <ValveKTSservice@kilpatricktownsend.com>
**Subject:** RE: Valve v. Rothschild - fact discovery, scheduling depositions, and Valve availability

Dario,

Please see the attached. As you will see in the penultimate paragraph, we have drafted two alternatives. One for if Valve elects to join the letter and one for if it does not.

Regards,
Eric

**From:** Machleidt, Dario <dmachleidt@ktslaw.com>
**Sent:** Wednesday, May 28, 2025 12:22 PM
**To:** Eric R. Chad <EChad@merchantgould.com>; RothschildMGTeam <RothschildMGTeam@MerchantGould.com>; Matthew Cunanan <matthew@dclglawyers.com>
**Cc:** ValveKTSservice <ValveKTSservice@kilpatricktownsend.com>
**Subject:** RE: Valve v. Rothschild - fact discovery, scheduling depositions, and Valve availability

**CAUTION - External.**

Please send a draft of the letter and we'll let you know our position once we've had a chance to review it. Thank you.

Dario Machleidt
dmachleidt@ktslaw.com
Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue | Suite 3700 | Seattle, WA 98101
**T** 206 224 2857 | **F** 206 374 2199
My Profile | vCard

**From:** Eric R. Chad <EChad@merchantgould.com>
**Sent:** Wednesday, May 28, 2025 9:52 AM
**To:** Machleidt, Dario <dmachleidt@ktslaw.com>; RothschildMGTeam <RothschildMGTeam@MerchantGould.com>; Matthew Cunanan <matthew@dclglawyers.com>
**Cc:** ValveKTSservice <ValveKTSservice@kilpatricktownsend.com>
**Subject:** RE: Valve v. Rothschild - fact discovery, scheduling depositions, and Valve availability

Dario,

We disagree that Plaintiff's proposal makes sense in view of the Court's May 23, 2025 Order (Dkt. 86). During our call on Friday, the consensus was that, pending discussion with our teams and clients, we should agree to a close of discovery no later than July 14. While we certainly understand that consultation with your team and client may have necessitated a change in position, our position is that nothing has changed since Friday regarding the untenability of a June 25, 2025 fact discovery cut-off. Continuing to push forward with fact discovery, in particular depositions, while Valve's motion to compel is pending (and will not be ruled upon) is only likely to create inefficiencies and unnecessarily drive-up litigation costs. To be clear, Defendants will not make witnesses or corporate representatives available for more than one deposition.

To that end, we intend to file a letter with the Court this afternoon requesting clarification of the impact of the Court's May 23, 2025 Order on the fact discovery cut-off and the briefing schedule for Plaintiff's Motion for Judgment on the Pleadings. Please let us know by no later than 3:00pm CDT whether Valve would like to join in such a letter.

In the meantime, we will check our availability for the depositions of Messrs. Schenk, Quackenbush, Lavery, and Lynch on the dates you identified. We are Not available to confer on Thursday regarding the additional items raised in your email below and to discuss the issues we tabled on Friday. We are, however, available on Friday between 11am-12pm or 1:30pm-3:30pm Central.

Regards,
Eric

**From:** Machleidt, Dario <dmachleidt@ktslaw.com>
**Sent:** Tuesday, May 27, 2025 2:15 PM
**To:** RothschildMGTeam <RothschildMGTeam@MerchantGould.com>; Matthew Cunanan <matthew@dclglawyers.com>
**Cc:** ValveKTSservice <ValveKTSservice@kilpatricktownsend.com>
**Subject:** Valve v. Rothschild - fact discovery, scheduling depositions, and Valve availability

**CAUTION - External.**

Counsel,

We've thought through different options in light of Judge Whitehead's recent order, and we continue to think it's best to stick with the June 25 fact discovery deadline. There is simply too much to do (and quickly) after June 25: expert reports due early and late August, expert depos in less than a month between August and September, and dispositive motions due early October. Unless Judge Whitehead decides to extend the entire schedule, the parties will need to stay on the current course.

To that end, here are some updates from Valve (these are tentative for now but we're working as quickly as possible to finalize them):

1. Valve intends to amend its initial disclosures and remove Steve Allen as a witness. Valve does not intend to call him at trial. Please let us know if you still want to depose him and we'll get his availability.
2. Our witnesses are currently available on these dates in Seattle:
    a. Chris Schenck: June 9 and 10
    b. Karl Quackenbush: June 11
    c. Liam Lavery: June 18
    d. Scott Lynch: June 23

We propose that parties take corporate and individual depositions on the same day. While that's standard practice, we wanted to ensure the parties are on the same page.

Let us know available dates (and locations) for your witnesses, and also which witnesses

you intend to designate with respect to our Rule 30(b)(6) topics.

I think we've asked a few times, but please send us Defendants' Rule 30(b)(6) topics asap – and ideally, by end of this week.

Please let us know if you're available this Thursday to continue our meet and confer.

Sincerely,

Dario Machleidt
dmachleidt@ktslaw.com
Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue | Suite 3700 | Seattle, WA 98101
**T** 206 224 2857 | **F** 206 374 2199
My Profile | vCard

Confidentiality Notice:
This communication constitutes an electronic communication within the meaning of the Electronic Communications Privacy Act, 18 U.S.C. Section 2510, and its disclosure is strictly limited to the recipient intended by the sender of this message. This transmission, and any attachments, may contain confidential attorney-client privileged information and attorney work product. If you are not the intended recipient, any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. Please contact us immediately by return e-mail or at 404 815 6500, and destroy the original transmission and its attachments without reading or saving in any manner.