UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

_____

VALVE CORPORATION,                   )
                                     ) CASE NO. CV23-1016-JNW
                    Plaintiff,       )
v.                                   ) Seattle, Washington
                                     )
LEIGH ROTHSCHILD, ROTHSCHILD         ) June 3, 2025
BROADCAST DISTRIBUTION SYSTEMS,      ) 1:31 p.m.
LLC, DISPLAY TECHNOLOGIES, LLC,      )
PATENT ASSET MANAGEMENT, LLC,        ) Motion Hearing
MEYLER LEGAL, PLLC, AND SAMUEL       ) via Zoom
MEYLER,                              )
                                     )
                    Defendants.      )
                                     )

_____

VERBATIM REPORT OF PROCEEDINGS
BEFORE THE HONORABLE JAMAL N. WHITEHEAD
UNITED STATES DISTRICT JUDGE

_____

**APPEARANCES:**


 For the Plaintiff:        ANDREA A. ANDERSON
                           Kilpatrick Townsend & Stockton LLP
                           1400 Wewatta Street, Suite 600
                           Denver, CO 80202

                           DARIO A. MACHLEIDT
                           CHRISTOPHER P. DAMITIO
                           KATHLEEN GEYER
                           Kilpatrick Townsend & Stockton LLP
                           1420 Fifth Avenue, Suite 3700
                           Seattle, WA 98101


 For the Defendants:       LEIGH ROTHSCHILD
                           1574 NE Quayside Ter
                           Miami, FL 33138
                           Pro se

                           DONALD R. McPHAIL
                           Merchant & Gould
                           1900 Duke Street, Suite 600
                           Alexandria, VA 22314

ERIC R. CHAD
Merchant & Gould
150 S Fifth Street, Suite 2200
Minneapolis, MN 55402

MATHEW J. CUNANAN
DC Law Group
126 SW 148th Street
Suite C100-201
Burien, WA 98166

Reported by:                    MARCI E.C. CHATELAIN, CCR, RPR, RMR,
                                CRR, Federal Court Reporter
                                700 Stewart Street, Suite 17205
                                Seattle, WA 98101
                                marci_chatelain@wawd.uscourts.gov

Proceedings recorded by mechanical stenography; transcript produced with aid of computer.

PROCEEDINGS

_____

THE CLERK:  The United States District Court for the Western District of Washington is now in session, the Honorable Jamal N. Whitehead presiding.

This is the matter of Valve Corporation versus Rothschild, et al., cause number C23-1016, assigned to this Court.

Will counsel please make their appearances for the record?

MR. MACHLEIDT:  Good afternoon, Your Honor.

This is Dario Machleidt on behalf of Valve.

With me today is Kate Geyer.

Consistent with your chambers procedures, Ms. Geyer will be doing the majority of the argument.  And I may weigh in from time to time.

And then next to me off screen is Chris Shank.  He is Valve's in-house lawyer.

I'll add, we have Andy -- Andrea Anderson also off screen. She is also here for Valve.

THE COURT:  Very good.

Good afternoon.

MR. CHAD:  Your Honor, this is Eric Chad, Merchant & Gould.

My colleagues, Don McPhail, Paige Stradley, and Brent Routman are here.  Brent is also the firm's general counsel.

Just so you know, Brent is in the same room as I am.

And then, we also have on this call representatives from defendants, including Daniel Falcucci, Leigh Rothschild, Sam Meyler, and then local counsel Matthew J. Nemeth.

THE COURT:  All right.  Good afternoon, all.

Well, we're here -- I mean, there's quite a bit going on on the docket.  There's a motion, obviously, to withdraw as counsel, which is the primary reason why I've convened today's hearing.  I'm just trying to get a sense for what is going on in this litigation.

So I'll start by addressing the motion.  So it's a motion by Merchant & Gould.  Who will argue on behalf of the firm here?

MR. CHAD:  That would be me, Your Honor, Mr. Chad.

THE COURT:  Mr. Chad, state your case, please.

MR. CHAD:  Yeah.  I think the case is put pretty well in our brief- -- in our briefing, Your Honor.  And certainly, I would be happy to answer any questions.  But, really, there's three main points here.

One is that Merchant & Gould has not been paid to date for services it's rendered to the defendants.  It has not received repayment for costs from the defendants.

Second, when Merchant & Gould offered to continue representing the defendants if they would commit to paying their bills going forward, that offer was declined.

And then third, Merchant & Gould never agreed to defer payment of its fees indefinitely unless and until the defendants

received an insurance payment or coverage from PAM's insurer. No reasonable person in defendants' position could have believed such an indefinite deferral had been offered.

With his prior firm, Mr. McPhail had made clear that the Rothschild defendants -- to the Rothschild defendants, excuse me, that he could not litigate this case on a contingent basis, and the defendants would be responsible for payment of his invoices unless and until insurance coverage was obtained.

That basic agreement did not change when Mr. McPhail joined Merchant & Gould, but he did offer some flexibility in terms of payment and the timing of payment at that time.

It appears that the defendants believed this meant that he would defer payment indefinitely unless and until they obtained insurance coverage.

Now, these are sophisticated consumers of legal services. And we would respectfully submit, Your Honor, that they could not reasonably believe that Mr. McPhail basically agreed to do this case for free unless they obtained insurance coverage.

Regardless of what the terms of -- the Rothschilds' belief, however, it was always agreed that the defendants would pay costs as they were incurred, and that any temporary deferral was subject to being renegotiated if litigation with the insurer became necessary.

That possibility of litigation between defendant Patent Asset Management and its insurer has now been realized. And

defendants have indicated they will not pay Merchant & Gould's invoices unless they receive the proceeds from their defendant.

Merchant & Gould should not be forced to continue to provide representation for which it may never have -- which it may never be paid in these circumstances.

So the Ninth Circuit has a four-factor test --

THE COURT:  I'm good with the law.  I mean, I just -- I wanted to hear from you, you know, the basic sketch of the argument.  And it's mostly what's detailed in the brief.

Help me understand this:  What has made this situation acute such that you need to withdraw now?  What's changed?  Is it the ruling?

MR. CHAD:  So the -- what's required us to -- what's sort of made this urgent now is, one, the defendant PAM has engaged in litigation with its insurance carrier.  We don't know what the results of that litigation will be.  It could go on for years, and it could turn out unfavorably for the defendants. And so that's part of it.

We were also hoping to sort of reach some agreement with defendants where we could continue on, and spent about a month trying to work something like that out before we filed our motion.  There was no agreement that resulted from that, and that's what prompted the filing of the motion.

And so, you know, I think in terms of the financial burden on the firm, Your Honor, as fact discovery gets here, we're

going into a bunch of depositions; as expert discovery takes place, dispositive motions, and then trial, we're talking several 100,000 or maybe a few million dollars in fees that could accrue in that period.

THE COURT:  All right.

All right.  I think I'll -- I would like to hear from Valve at this point.  I understand that Valve is opposing the motion.

MS. GEYER:  Yes, Your Honor.

This is Kate Geyer on behalf of Valve.

Merchant & Gould simply waited until a critical point in fact discovery to move to withdraw.  And by waiting that long when it did not need to, it has now prejudiced -- as all the parties agree, prejudiced all the parties to completing this critical phase of the case.

THE COURT:  So what is the prejudice, Ms. Geyer?  I mean, we've got a case schedule here, trial's not until January 26th of 2026; I mean, we're seven, eight months away from a trial date.

MS. GEYER:  The prejudice here is really about the close of fact discovery, Your Honor.  That is a mere three weeks away.  And the parties have engaged in over a year and a half of litigation with Merchant & Gould.  We have come to agreements with Merchant & Gould.  We have raised disputes with Merchant & Gould.  There are outstanding fact issues or outstanding discovery disputes, promises that have been made, promises that

have yet been kept with Merchant & Gould.  And the end of fact discovery is a turning point in the case.  It is essentially when the factual record closes.  And allowing them to withdraw when there's only three weeks left is extremely disruptive to that schedule.

If we wait 'til after the close of fact discovery, that's actually an easier handoff to a new firm.  There's more room in the schedule to play around with dates, to potentially get extensions, and to allow defendants more time to find counsel.

So the 60-day presumption in the local rules is explicitly tied to the substantial completion of fact discovery.  And I think that rule recognizes that these last 60 days of fact discovery are critical.

So the prejudice is really about the timing when, as Mr. Chad discussed, that kind of a key turning point was, when litigation became necessary, they knew that in late 2024, early 2025.  So they could have moved far earlier than the critical point of fact discovery where we're talking about scheduling depositions, where we're talking about closing out kind of the last issues with motions to compel, when we're talking about doing our final contention interrogatory responses.  So that deadline is really what Valve is focused on for the prejudice.

THE COURT:  All right.  Is there anything else you'd like to tell me about the opposition that's not in the briefs?

MS. GEYER:  The only thing I'd point out, Your Honor,

is that Merchant & Gould has not cited a single case where withdrawal was permitted 60 days before the close of fact discovery, where the plaintiff or the represented parties and the opposing party opposed it.  In all the cases cited by Merchant & Gould, there was either non-opposition, there was explicit agreement, or it was outside of that 60-day window, either after the close of fact discovery or far before it.

And in most of those cases as well, it was not just an issue of nonpayment of attorneys' fees, it also inc- -- most of those cases also involved significant breakdown of relationships, including just lack of response to the attorneys' requests, for example.

So I don't think there's any case law support to allow Merchant & Gould to overcome the presumptions set by the local rules at this point in the case.

THE COURT:  All right.  Thank you.

I see Mr. Rothschild, I see Mr. Meyler here.  Thank you for being here for the hearing.  Is there any statement that you'd like to make as to the issues that are before the Court?

MR. ROTHSCHILD:  Thank you, Your Honor, for recognizing me.

I would just want to say that the facts that were stated in my declaration were accurate, and that I think that the withdrawal at this point of Merchant & Gould in this case would be extremely prejudicial to our defense.

THE COURT:  All right.  Thank you.

Mr. Falcucci, Mr. Meyler, is there anything else to add?

MR. MEYLER:  Yes, Your Honor.  Samuel Meyler here.

I -- just to echo the fact that, you know, at this point in the litigation, with so little time left until the fact discovery cutoff, and an inability to identify counsel that is -- that would be willing and able to take this case on at this point in time, the prejudice is pretty significant to the defendants to allow withdrawal at this point without some reasonable continuance, at a minimum.  And so for that reason, we'd ask that the Court deny the motion.

THE COURT:  Thank you.

All right.  Well, I understand what the local rules say about 60 days; I understand Valve's point about, I think you phrased it as presumption, that withdrawal would not be permitted if the motion was made less than 60 days before the end of fact discovery.  Presumption might be too strong of a word.  I don't necessarily read it as a presumption in the local rules.

But setting all that aside, I mean, I think the 60-day cutoff here is an artificial function.  I mean, we've got a case schedule that's tied to a patent dispute, and it's an extended schedule.  I mean, we've got, yes, the case schedule now says a cutoff for fact discovery, but trial is not scheduled until next year on this, so there's plenty of time to make the necessary

adjustments to the case schedule to avoid prejudice befalling either the defendants or Valve in this case.

I mean, when it comes to the administration of justice, I mean, there might be actually some efficiencies ahead by extending the case schedule, given that there's a pending motion, dispositive motion, and a motion to compel.  So that would give us time to address those motions in an orderly and efficient manner.

So I'll tell you, here's what I'm going to do.  I mean, I think not being paid by your client -- and I'm -- that's not to say whether its true, whether it's not true, that's the representation.  I don't want to get into what the fee agreement is between Merchant & Gould and their clients.  I'm not going to make any sort of determinations there, but there's been a representation that they're not being paid.  That's a pretty good reason to withdraw from a case, assuming that there is no prejudice otherwise.

So what I want to do is reserve on the motion to withdraw for 45 days.  I'm going to stay the litigation, including all pending deadlines, for 45 days.  And the instruction there is so that Mr. Rothschild, Meyler defendants, can try and find counsel, replacement counsel in this case.  And at the end of that 45-day period, I'll reassess the extent of the prejudice to the defendants, to the plaintiff, if any.

And the reason why I'm not, you know, granting the motion

outright is because we have defendants who are entities. Allowing Merchant & Gould to withdraw right now would put those entities in noncompliance with the local rules. They must be represented by counsel. So for that reason, I'm not going to grant the motion. I'm going to reserve ruling on the motion. I'm going to stay the case and the case deadlines for 45 days, with instruction, Mr. Rothschild, Mr. Meyler, and the other defendants, to try and find replacement counsel. At the end of that 45-day period, I'll reassess the motion.

All right. Are there any questions about the Court's ruling or this proposed course?

MS. GEYER: Your Honor, I have a clarification to ask. With the stay of the schedule, is the trial still for January 2026, or are you staying all the deadlines, including the trial date?

THE COURT: I'm staying the deadlines, including the trial date. But I'm not really concerned with the trial date, I mean, it's so far out. So perhaps your question is am I striking the trial date. No, I'm not striking the trial date, but I am staying the deadlines that are between now and the 45-day period that I'm giving Mr. Rothschild and the other defendants to find counsel.

MS. GEYER: Thank you, Your Honor. One additional clarification question is that we are within the -- we also have our last set of fact discovery because we're

within 30 days of the close of fact discovery.  I want to confirm that with a 45-day stay, that's not reopening a fact discovery period or allowing new discovery to be served.

THE COURT:  That's correct.  I mean, the action is stayed, so the parties should not be engaging in discovery.

Now, what happens with the case schedule when the stay is lifted, I don't know, I'm not going to offer any thoughts on that.  I mean, hopefully, there will be a new attorney here representing defendants.  And I will hear from him or her on their thoughts about the case schedule as well as yours, Ms. Geyer, about the case schedule and what should be done.

MS. GEYER:  Thank you, Your Honor.

THE COURT:  Mr. Rothschild.

MR. ROTHSCHILD:  Yes, Your Honor.  And I don't know if this is appropriate or -- and maybe perhaps bold on my part, but is it possible that we could ask the Court to request mediation where, you know, the matter could be settled with mediation, because we'd certainly like to settle this case, if possible.  And it would be a period, you know, while we're also looking for an attorney.  So I would just want the Court's, you know, counsel on that, if -- if, again, I can be so bold.  And if it's not appropriate, I apologize, Your Honor.

THE COURT:  No, that's fine.

I mean, I'm not going to order the parties to mediation.  I'm not going to, you know, send you to a magistrate judge.  I

mean, if the parties are interested in talking resolution, I encourage you all to do so.

Mr. Rothschild, I mean, you are still represented by Merchant & Gould and local counsel, so I would say to perhaps work through them if you have any desires on that front. But there is nothing that would stop the parties from discussing and engaging in sort of private dispute resolution. That's not a court deadline or something that would be impacted by a stay.

MR. ROTHSCHILD: Thank you, Your Honor.

THE COURT: All right. Anything else?

MR. CHAD: Nothing from Merchant & Gould, Your Honor.

MS. GEYER: Nothing from Valve, Your Honor.

MR. CHAD: Thank you, Your Honor.

THE COURT: All right. Thank you, all. Have a good day.

Court is adjourned.

MR. CHAD: Thank you, Your Honor.

MR. MACHLEIDT: Thank you, Your Honor.

(Court recessed 1:48 p.m.)

C E R T I F I C A T E

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

/s/ Marci E.C. Chatelain

Marci E.C. Chatelain, CCR, RPR, RMR, CRR
Federal Court Reporter

Proceedings recorded by mechanical stenography; transcript produced with aid of computer.