HON. JAMAL N. WHITEHEAD

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| VALVE CORPORATION,<br><br>  Plaintiff,<br><br>  v.<br><br>LEIGH ROTHSCHILD, ROTHSCHILD BROADCAST DISTRIBUTION SYSTEMS, LLC, DISPLAY TECHNOLOGIES, LLC, PATENT ASSET MANAGEMENT, LLC, MEYLER LEGAL, PLLC, AND SAMUEL MEYLER,<br><br>  Defendants. | Case No. 2:23-cv-1016<br><br>**PARTIES' SECOND SUPPLEMENTAL JOINT STATUS REPORT**<br><br>Complaint Filed:   07/07/2023 |

Plaintiff Valve Corporation ("Plaintiff") and Defendants Leigh Rothschild; Rothschild Broadcast Distribution Systems, LLC; Display Technologies, LLC; Patent Asset Management, LLC; Meyler Legal, PLLC; and Samuel Meyler (collectively, "Defendants") (Plaintiff and Defendants collectively referred to as "the Parties") respectfully submit this joint status report and proposed schedule (Exhibit A).

On June 3, 2025, the Court stayed "this case in its entirety for FORTY-FIVE (45) days so that Defendants may retain new counsel." Dkt. 95. The Court explained that after "the stay has lifted, the Court will revisit the Motion to Withdraw as Attorney, the briefing schedule on pending motions, and, if needed, the case scheduling order." *Id.* Defendants have retained new counsel. Dkt. 100. The Parties therefore request that the Court lift the stay and enter a new, only slightly

SECOND SUPPL. JOINT STATUS REPORT
Case No. 2:23-cv-1016

1

Kilpatrick Townsend & Stockton LLP,
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

1  modified scheduling order. Below and in the attached Exhibit A the Parties provide their
2  competing scheduling proposals, which only differ with respect to three dates and maintain the
3  current trial date of January 26, 2026.

4  **Plaintiff's Statement**

5  The Court acknowledged it would "revisit" the scheduling order "if needed." Due to
6  Defendants' successful engagement of new counsel, only minor modifications are needed to the
7  current schedule. As Exhibit A shows, under the Parties' proposal, most deadlines are either
8  unchanged or only slightly offset from their current date. The Parties also agree not to serve
9  additional written discovery without leave of Court. *See* Exhibit A, n. 1.

10  The Parties differ on only the following dates: (1) the fact discovery cut-off;
11  (2) Defendants' newly added "[s]upplementation of document production"; and (3) the date to file
12  all motions *in limine*. First, as Defendants correctly state, fact discovery under the current
13  schedule—taking into account the 45-day stay—puts the deadline on August 11, 2025. Valve
14  proposes extending this deadline to August 22, giving the Parties room to complete fact discovery
15  while also providing for sufficient time before opening expert reports. Defendants' proposal of
16  September 5, however, leaves only 10 days between the end of fact discovery and the deadline to
17  serve expert reports, which is an unreasonable turnaround time for a complex case such as
18  this one. If necessary, and as a compromise, Valve is willing to go with August 29 as the deadline
19  assuming expert reports remain due on September 15.

20  Second, while Valve expects both Parties to produce additional documents before the close
21  of fact discovery (including because of the past and pending motions to compel against
22  Defendants), this new event does not need to be added to the schedule. Indeed, the Court's
23  deadline for "Document production [to be] substantially complete" was April 25, 2025, before
24  Merchant & Gould filed its motion to withdraw. Defendants' delays should not absolve them of
25  meeting this Court's unchanged deadlines. *See* Dkt. 78, at 2 ("Under the existing case schedule,
26  the Rothschild Defendants must substantially complete document production by April 25, 2025.
27  Dkt. No. 61.").

28  Third, Valve sees no reason to deviate from the motion *in limine* deadline in this Court's

SECOND SUPPL. JOINT STATUS REPORT
Case No. 2:23-cv-1016

2

Kilpatrick Townsend & Stockton LLP,
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

current scheduling order. Under that schedule, which Valve proposes remains in place, the Parties will complete much of their pretrial efforts between early December and mid-January. While the order requires motions *in limine* to be filed before the Parties file the proposed pretrial order, briefs, exhibits, etc., they will, of course, spend the weeks leading up to those deadlines working on a pretrial disclosure schedule sufficient to allow the parties to, for example, comply with the Local Rule requirements regarding setting forth disputes over authenticity and admissibility of exhibits in the pretrial order. *See* LCR 16.1. Valve also prefers sticking with the practice of a single, omnibus motion *in limine* rather than Defendants' proposal of a first and then second wave of motions.

**Defendants' Statement**

New counsel is ready to take over this matter and have it prepared for trial. New counsel has not yet reviewed the majority of the material in this matter, yet has agreed to a compact schedule[1] so as to maintain the trial date set by the Court. Although lead counsel, Mr. Zito, is currently out of country and will return on August 17 the firm has already begun its work.

Twenty one days of discovery remained at the beginning of the stay, thus discovery, reopening on July 21, would have closed on August 11, 2025. Plaintiff's position adds eleven days to discovery, proposing an August 22 closing date. While this date is very tight, and in some instances it may be workable, in the current matter, it is only, five days after Defendant's lead counsel returns to the US and thus impractical. Defendants have proposed an additional two weeks beyond Plaintiff proposed date, i.e. September 5, to allow counsel to properly participate in and conclude discovery.

Defendant's counsel also proposed limited additional discovery for good cause shown. It is counsel's understanding that the "substantially complete" date in the original scheduling order contemplated the fact that issues often arise at the tail end of discovery that may warrant additional activities to complete discovery. Counsel is not aware of any such issues, but desires to build that option into the schedule to avoid having to raise it in the future.

---

[1] Defendant's counsel notes that due to the stay, 45 days that would have otherwise been available before trial, are already missing.

SECOND SUPPL. JOINT STATUS REPORT
Case No. 2:23-cv-1016

3

Kilpatrick Townsend & Stockton LLP,
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

1    Defendant does not request that the date for Motions in Limine be moved, only that a
2    second date for issues that arise related to witness or exhibit lists be added prior to trial, should the
3    need arise. Again, to build that option in rather than raise it at the last minute.

DATED: July 18, 2025            Respectfully submitted,

By: /s/ *Dario A. Machleidt*
KILPATRICK TOWNSEND & STOCKTON LLP
Dario A. Machleidt (State Bar No. 41860)
Kathleen R. Geyer (State Bar No. 55493)
Christopher P. Damitio (State Bar No. 58633)
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
Telephone: (206) 467-9600
E-mail: dmachleidt@kilpatricktownsend.com
E-mail: kgeyer@kilpatricktownsend.com
E-mail: cdamitio@kilpatricktownsend.com

Attorneys for Plaintiff
VALVE CORPORATION

DATED: July 18, 2025            Respectfully submitted,

By: */s/ Joseph J. Zito (with permission)*
Matthew J. Cunanan (State Bar No. 42530)
DC LAW GROUP
12055 15th Ave NE, Suite B
Seattle, WA 98125
Telephone: (206) 494-0400
E-mail: matthew@dclglawyers.com

Joseph J. Zito
DNL ZITO
1250 Connecticut Avenue, NW Suite 700
Washington, DC 20036
Telephone: (202) 466-3500
E-mail: jzito@dnlzito.com

Attorneys for Defendants
LEIGH ROTHSCHILD, ROTHSCHILD BROADCAST DISTRIBUTION SYSTEMS, LLC, DISPLAY TECHNOLOGIES, LLC, PATENT ASSET MANAGEMENT, LLC, MEYLER LEGAL, PLLC, AND SAMUEL MEYLER

SECOND SUPPL. JOINT STATUS REPORT
Case No. 2:23-cv-1016

4

Kilpatrick Townsend & Stockton LLP,
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600