UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VALVE CORPORATION, | CASE NO. 23-cv-1016 |
| Plaintiff, | ORDER |
| v. | |
| ROTHSCHILD ET AL, | |
| Defendants. | |

On May 13, 2025, Attorneys Donald R. McPhail and Eric R. Chad of Merchant & Gould P.C. moved for leave to withdraw as defense counsel, asserting that "Defendants have not paid for legal services rendered." Dkt. No. 81. On May 23, Plaintiff Valve Corporation ("Valve") filed two motions: one to compel discovery, Dkt. No. 83, and one for judgment on the pleadings, Dkt. No. 87. On June 3, the Court heard oral argument on the motion to withdraw and, reserving judgment on all pending motions, stayed this case in its entirety for forty-five days so Defendants could retain new counsel. *Id.* The Court explained that "[a]fter the stay has lifted, [it would] revisit the Motion to Withdraw . . ., the briefing schedule on [Plaintiffs'] pending motions, and, if needed, the case scheduling order." *Id.*

ORDER - 1

Forty-five days have now passed; the stay has lifted; new counsel has appeared for Defendants, *see* Dkt. Nos. 100, 101; and, because new counsel has appeared, Attorneys McPhail and Chad have successfully withdrawn under LCR 83.2(b)(3) without need for leave of Court, Dkt. No. 102. Accordingly, the Court DENIES AS MOOT the Motion to Withdraw, Dkt. No. 81.

As for the pending motions to compel and for judgment on the pleadings, Valve has renoted them for August 4. Dkt. Nos. 104, 105. But to provide clarity about the briefing schedule and to give new counsel time to get up to speed, the Court ORDERS that any papers in opposition to Plaintiffs' pending motions, Dkt. Nos. 83, 87, must be filed with the Court by no later than FOURTEEN (14) DAYS from the date of this Order, and any reply papers must be filed with the Court by no later than TWENTY-ONE (21) days from the date of this Order.

Additionally, having closely reviewed the parties' Joint Status Report, Dkt. No. 103, the Court sets the following case schedule:

| EVENT | DATE |
| --- | --- |
| JURY TRIAL DATE | February 10, 2025[1] |
| SUPPLEMENTATION OF DOCUMENT PRODUCTION | N/A[2] |

---

[1] To protect its time and resources, as well as those of the parties, the Court rejects the parties' proposal to extend the dispositive-motion deadline while maintaining the previously set trial date. The Court thus extends the trial date while otherwise adopting the parties' agreed-upon deadlines. *See* Dkt. No. 103-1.

[2] Defendants ask the Court to add a deadline for "supplementation of document production." *See* Dkt. No. 103. The deadline for substantial completion of document production passed before previous defense counsel moved to withdraw. The Court sees no reason to set an extended document-production deadline now.

ORDER - 2

| EVENT | DATE |
|---|---|
| PRODUCTION OF OPINIONS OF COUNSEL AND SERVICE OF PRIVILEGE LOG BY PARTY DEFENDING AGAINST CLAIM OF WILLFUL INFRINGEMENT | August 11, 2025 |
| FACT DISCOVERY CUT-OFF | August 29, 2025[3] |
| OPENING EXPERT REPORTS | September 15, 2025 |
| REBUTTAL EXPERT REPORTS | September 29, 2025 |
| EXPERT DISCOVERY CUT-OFF | October 13, 2025 |
| OPENING CASE-DISPOSITIVE AND *DAUBERT* MOTIONS | October 27, 2025 |
| REPLY CASE-DISPOSITIVE AND *DAUBERT* MOTIONS | November 21, 2025 |
| SETTLEMENT CONFERENCE PER LCR 39.2(c)(2) | November 24, 2025 |
| MOTIONS IN LIMINE | December 29, 2025[4] |
| JOINT PROPOSED PRETRIAL ORDER | January 15, 2026 |
| JOINT PROPOSED PRETRIAL ORDER | January 15, 2026 |
| TRIAL BRIEFS, PROPOSED VOIR DIRE QUESTIONS, PROPOSED JURY INSTRUCTIONS, AND TRIAL EXHIBITS DUE | January 22, 2026 |
| PRETRIAL CONFERENCE at 1:30 PM on | January 29, 2026 |

---

[3] Plaintiffs propose a fact-discovery cut-off of August 22, while Plaintiffs propose September 5. *See* Dkt. No. 103. The Court adopts August 29 as a compromise.

[4] The Court sets only one deadline for motions in limine, rejecting Defendants' request to add a "second date for issues related to witness or exhibit lists." *See* Dkt. No. 103.

ORDER - 3

Apart from these date changes, all instructions and orders set forth in the Court's prior scheduling order, Dkt. No. 61, remain in effect. The Court will alter its dates and directives only upon good cause shown.

It is so ORDERED.

Dated this 29th day of July, 2025.

Jamal N. Whitehead
United States District Judge

ORDER - 4