1

2
                        **Honorable Jamal N. Whitehead**

3

4

5
### UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF WASHINGTON

6

7    VALVE CORPORATION

8           Plaintiff,

9         v.

10   LEIGH ROTHSCHILD, ROTHSCHILD
     BROADCAST DISTRIBUTION SYSTEMS,
11   LLC, DISPLAY TECHNOLOGIES, LLC,
     PATENT ASSET MANAGEMENT, LLC,
12   MEYLER LEGAL, PLLC, AND SAMUEL
     MEYLER,
13
            Defendants.
14

| Case No.  2:23-cv-01016 |
| --- |
| **DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT DISMISSING COUNT IV OF THE SECOND AMENDED COMPIANT FOR LACK OF STANDING** |
| NOTE ON MOTION CALENDAR: September 12, 2025 |
| **ORAL ARGUMENT REQUESTED** |

15

16

17

18

19

20

21

22

23

24

DEFENDANTS' MOTION FOR PARTIAL SUMMARY
JUDGMENT
Page **1** of **12**
Case No. 2:23-cv-01016

**DNL Zito**
1250 Connecticut Avenue, NW
Suite 700
Washington, DC 20036
Phone: (202) 466-3500

1

## <u>TABLE OF CONTENTS</u>

2

I.    INTRODUCTION ................................................................................... 5

3

II.   SUMMARY JUDGMENT STANDARD ................................................ 5

4

III.  SUMMARY OF RELEVANT LEGAL PRINCIPLES ......................... 7

5

IV.   ARGUMENT ......................................................................................... 6

6

      A.    Valve has No Standing to Assert the PTPA …………………………6

7

      B.    Valve has No Implied Right to Bring an Action

8
            Under the PTPA …………………………………........................... 10

V.    CONCLUSION .................................................................................... 10

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

**DNL Zito**
1250 Connecticut Avenue, NW
Suite 700
Washington, DC 20036
Phone: (202) 466-3500

# <u>TABLE OF AUTHORITIES</u>

**Cases**

*Anthis v. Copland*, 270 P.3d 574, 581 (Wash. 2012)……………...………………………………5

*Bird-Johnson Corp. v. Dana Corp.*, 833 P.2d 375 (Wash.1992)……………...…………..………8

*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)……………………………………………………4

*In re Digimarc Corp. Deriv. Litig.*, 549 F.3d 1223 (9th Cir. 2008)...……………...…………....6

*Lil' Man in the Boat, Inc. v. City & Cnty. of San Francisco*, 5 F.4th 952 (9th Cir. 2021)…….........8

*Rocha v. King Cnty.*, 460 P.3d 624 (Wash. 2020)……………………………………………………7

*Paris v. Steinberg & Steinberg*, 828 F. Supp. 2d 1212 (W.D. Wash. 2011)…………...………….8

*Wright v. Lyft, Inc.*, 406 P.3d 1149, 1153 (Wash. 2017)……………………………………………8

**Statutes**

Fed. R. Civ. P. 56(a) .......................................................................... 5

RCW 19.350.030……………………………………………………………………...6

RCW 19.86……………………………………………………………………….6

RCW 19.86.020……………………………………………………………………...10

RCW 19.86.090……………………………………………………………………….6

RCW 19.100.190……………………………………………………………………….7

RCW 19.138.280……………………………………………………………………….7

RCW 19.100.210……………………………………………………………………….7

**DNL Zito**
1250 Connecticut Avenue, NW
Suite 700
Washington, DC 20036
Phone: (202) 466-3500

## I.    INTRODUCTION

On January 16, 2024, Plaintiff Valve Corporation ("Valve") filed a Second Amended Complaint for Declaratory Judgment of Invalidity and Unenforceability of U.S. Patent No. 8,856,221; Breach of Contract; and Bad Faith Assertion of Patent Infringement ("Second Amended Complaint") against Defendants Leigh Rothschild, Rothschild Broadcast Distribution Systems, LLC, Display Technologies, LLC, Patent Asset Management, LLC, Meyler Legal, PLLC and Samuel Meyler, Esq. (collectively, "Defendants") (Dkt. No. 38).

Count IV of the Second Amended Complaint requests monetary damages under Washington State's Patent Troll Prevention Act RCW 19.86 (the "PTPA") and under the Consumer Protection Act WRC 19.35 (the "WCPA"). Dkt. No. 38 at 14-17.  The actions alleged in the Complaint related to activities in the State of Washington, i.e. two letters, are found in Paragraphs 79-88 of the Second Amended Complaint [DE#38]:

> "79. Defendants made a pre-suit assertion of patent infringement by sending the March 2022 demands to Valve, . . . Defendants have not withdrawn Mr. Falcucci's demands. 80. Defendants made another pre-suit assertion of patent infringement by sending the June 2023 demand letter to Valve, . . .  88. Defendants' bad faith assertion of infringement imposed a significant burden on Valve because Valve must now, yet again, expend resources to defend itself against meritless infringement allegations."

Valve has no standing to assert the PTPA or WCPA. The PTPA is unambiguous on its face that only the Washington State Attorney General can enforce the PTPA *through the WCPA*; there is no private right of action. This is confirmed by the language of the surrounding statutes in the same chapter as the PTPA (some of which do provide for a private right of action) and the legislative history of the PTPA.

DEFENDANTS' MOTION FOR PARTIAL SUMMARY
JUDGMENT
Page **4** of **12**
Case No. 2:23-cv-01016

DNL Zito
1250 Connecticut Avenue, NW
Suite 700
Washington, DC 20036
Phone: (202) 466-3500

Because there is no genuine dispute of material fact, the Court should grant summary judgment, as a matter of law, in favor of Defendants as to Count IV of the Second Amended Complaint and dismiss Valve's claim brought under the PTPA and WCPA.

## II.    SUMMARY JUDGMENT STANDARD

A movant is entitled to summary judgment upon a showing "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-26 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## III.    ARGUMENT

### A.    Valve has No Standing to Assert the PTPA

The PTPA does not create a private right of action that Valve can enforce. In fact, it does not expressly create a cause of action at all. Rather, the PTPA empowers the Washington State Attorney General to enforce its provisions by bringing a claim under a separate statute— Washington's Consumer Protection Act, RCW § 19.86 (the "WCPA"). The PTPA provides:

> ***The attorney general*** may bring an action in the name of the state, or as parens patriae on behalf of persons residing in the state, to enforce this chapter. For actions brought ***by the attorney general*** to enforce the provisions of this section, the legislature finds that the practices covered by this section are matters vitally affecting the public interest for the purpose of applying the consumer protection act, chapter 19.86 RCW. For actions brought ***by the attorney general*** to enforce this chapter, a violation of this chapter is not reasonable in relation to the development and preservation of business and is an unfair or deceptive act in trade or commerce and an unfair method of competition for purposes of applying the consumer protection act, chapter 19.86 RCW.

DEFENDANTS' MOTION FOR PARTIAL SUMMARY
JUDGMENT
Page **5** of 12
Case No. 2:23-cv-01016

**DNL Zito**
1250 Connecticut Avenue, NW
Suite 700
Washington, DC 20036
Phone: (202) 466-3500

1  RCW 19.350.030 (emphasis added). These provisions of the PTPA mean what they expressly say:

2  the Attorney General of Washington State, and only the Attorney General, can enforce the PTPA.

3        Valve cannot inject a private right of action into the PTPA where the Washington State

4  legislature did not include one. Under both Washington State and Federal law, a court should not

5  "read into [a] statute language the legislature has omitted, whether intentionally or inadvertently,

6  unless it is required to make the statute rational or to effectuate the clear intent of the legislature."

7  *Anthis v. Copland*, 270 P.3d 574, 581 (Wash. 2012). This is especially true where, as here, "the

8  legislature had a clear blueprint for express language." *Id*. at 580; *see also In re Digimarc Corp.*

9  *Deriv. Litig.*, 549 F.3d 1223, 1231 (9th Cir. 2008) ("[A]nalogous provisions expressly providing

10  for private causes of action can imply [legislative] intent not to create an implied cause of action.")

11  (citation omitted).

12        Unlike the PTPA, there are several statutes under the same Title 19 of the Revised Code of

13  Washington that do allow a party to bring a private action. However, those statutes that prescribe

14  a private right of action do so explicitly. *See, e.g.*, RCW § 19.100.190 ("Any person who sells or

15  offers to sell a franchise in violation of this chapter shall be liable to the franchisee or subfranchisor

16  who may sue at law or in equity for damages caused thereby for rescission or other relief as the

17  court may deem appropriate.") (emphasis added); RCW § 19.138.280 ("In addition to any other

18  penalties or remedies under chapter 19.86 RCW, a person who is injured by a violation of this

19  chapter may bring an action for recovery of actual damages, including court costs and attorneys'

20  fees.") (emphasis added); RCW § 19.116.100 (listing persons who may bring an action for

21  damages). Notably, some of these statutes also separately allow the Attorney General to bring his

22  or her own claim for civil penalties and other relief. Compare RCW § 19.100.190 (creating private

23

24

right of action for violation of statute), with RCW § 19.100.210 (empowering attorney general to bring an action to enforce the same statute). As these statutes demonstrate, where the Washington State Legislature intends to empower any party, public or private, to enforce a statute, it does so in explicit terms. If the Washington State legislature intended to provide a private right of action under the PTPA, it could easily have used the same language as it did in those neighboring statutes.

The PTPA's silence regarding a private right of action speaks volumes, and the legislature's intentional omission of a private right of action here should be honored.

The legislative history of the PTPA additionally confirms that the Washington State Legislature consciously chose not to create a private right of action under this statute. During a January 20, 2015 hearing before the Washington Senate Law & Justice Committee, Senator Frockt, a sponsor of the bill that became the PTPA, testified about the purpose and effect of the PTPA. *See* Exhibit A (Hearing on SSB 5059 Before the Sen. Law & Jus. Comm. (Jan. 20, 2015).[1] He acknowledged that SSB 5029 was introduced at the request of the Attorney General. *See id*. at 5:22-6:16. Senator Frockt further stated: "I think that the fact that attorney general will kind of serve as a gatekeeper for enforcement of these actions is important and will prevent sort of a reverse abuse from happening. I think that's very important." *Id*. at 6:16-22. In that same hearing, John Nelson, a consumer protection attorney for the Office of the Attorney General for the State of Washington similarly testified: "One noteworthy part about this proposed legislation *is that it does not involve a private cause of action*. First and foremost, the Attorney General will be the gatekeeper." *Id*. at 17:22-25 (emphasis added). These statements from sponsors and supporters of the bill that became the PTPA all clearly

---

[1] Recording by TVW, Washington State's Public Affairs Network, available at https://www.tvw.org/watch/?eventID=2015011178

DEFENDANTS' MOTION FOR PARTIAL SUMMARY
JUDGMENT
Page **7** of **12**
Case No. 2:23-cv-01016

**DNL Zito**
1250 Connecticut Avenue, NW
Suite 700
Washington, DC 20036
Phone: (202) 466-3500

1    reflect the legislature's intent for the Attorney General to enforce the PTPA, not private parties like

2    Valve.

3    **B.    Valve has No Implied Right to Bring an Action Under the PTPA**

4    Valve also has no implied right to bring an action under the PTPA. To determine whether

5    a statute creates an implied private right of action, Washington courts consider three factors: "(1)

6    whether the plaintiff is within the class for whose especial benefit the statute was enacted, (2)

7    whether legislative intent supports creating or denying a remedy, and (3) whether implying a

8    remedy is consistent with the underlying purpose of the legislation." *Rocha v. King Cnty.*, 460 P.3d

9    624, 631-32 (Wash. 2020) (citation omitted). Here, factors (1), (2) and (3) weigh heavily against

10   an implied private right of action for Valve. To wit, the Washington State legislature has made

11   clear its express intent for how the PTPA should be enforced—as a WCPA action brought solely

12   by the Washington State Attorney General, to the benefit of "small and medium-sized entities and

13   nonprofits lacking adequate resources to investigate and defend themselves" (PTPA at 19.350)

14   (1) Valve does not even fall within the class intended to be protected by the Attorney geeral

15   "small and medium-sized entities and nonprofits lacking adequate resources to investigate and

16   defend themselves" Valve is a major corporation estimated at over $10B in value. Valve is in fact

17   the type of company for which the Legislature intend for Attorney general acts a gatekeeper so

18   that multi-billion dollar companies do not use the PTOA as a weapon for "reverse abuse" as feared

19   by the Washington Legislature (see above). Valve is the aggressor here, using the PTPA to attack

20   PAM, its owner and outside counsel in an effort to suppress legitimate Intellectual Property

21   discussions, on the basis that two letters sent a year apart, one from Mr. Falcucci, an employee and

22

23

24   DEFENDANTS' MOTION FOR PARTIAL SUMMARY
     JUDGMENT
     Page **8** of 12
     Case No. 2:23-cv-01016

the other from Mr. Meyler, outside counsel, "imposed a significant burden on Valve". (See Paragraphs 79-88 of the Second Amended Complaint [DE#38], discussed above.)

The Supreme Court of Washington has held that where a statute like the PTPA provides for relief under the WCPA, it does not create any additional private right of action by implication. *See Wright v. Lyft, Inc.*, 406 P.3d 1149, 1153 (Wash. 2017) (plaintiff had no private right of action under statute which indicated that claims should be brought under the WCPA); *Paris v. Steinberg & Steinberg*, 828 F. Supp. 2d 1212, 1218 (W.D. Wash. 2011) (same). Moreover, creating an implied private right of action under the PTPA would allow a party to circumvent the Washington State Attorney General's authority as the "gatekeeper" of PTPA actions, and thus frustrate the intent of the legislature that enacted this statute. Washington courts "will not imply a private cause of action when the drafters of a statute evidenced a contrary intent; public policy is to be declared by the Legislature, not the courts." *Bird-Johnson Corp. v. Dana Corp.*, 833 P.2d 375, 377 (Wash. 1992). This Court, interpreting Washington State law, should similarly not imply a private cause of action where the Washington State legislature intended for none to exist. *See also Lil' Man in the Boat, Inc. v. City & Cnty. of San Francisco*, 5 F.4th 952, 959 (9th Cir. 2021) ("Without evidence of a congressional intent to create both a private right and a private remedy, a private right of action does not exist and courts may not create one, no matter how desirable that might be as a policy matter, or how compatible with the statute.") (citation omitted).

The plain language of the PTPA makes it clear only the Attorney General can enforce the statute and, *only through such enforcement, can a violation of the PTPA become an unfair method of competition in violation of Section 19.86.020 of the WCPA*. Any other interpretation strains

credibility and ignores the clear intent of the Washington State Legislature in favor the judicial creation of a private cause of action that otherwise does not exist in the statute.

## IV.    CONCLUSION

For at least the reasons above, Valve's claim brought under the PTPA and WCPA, Count IV of the Second Amended Complaint, should be dismissed.

I certify that this memorandum contains 2,364 words, in compliance with the Local Civil Rules.

Dated:  August 8, 2025                          Respectfully submitted,

By:  */s/ Joseph J. Zito*
Joseph J. Zito
DNL ZITO
1250 Connecticut Avenue, NW, Suite 700
Washington, DC 20036
Tel: (202) 466-3500
Email: jzito@dnlzito.com

René A. Vazquez (*pro hac vice* anticipated)
DNL ZITO
1250 Connecticut Avenue, NW, Suite 700
Washington, DC 20036
Tel: (703) 989-2244
Email: rvazquez@dnlzito.com

*/s/ Matthew J. Cunanan*
Matthew J. Cunanan (#42530)
DC LAW GROUP
12055 15th Ave NE, Suite B
Seattle, WA 98125
Tel: (206) 494-0400
Fax: (855) 494-0400
Email: matthew@dclglawyers.com

*Attorneys for Defendants Leigh Rothschild, Rothschild Broadcast Distribution Systems, LLC, Display Technologies, LLC, Patent Asset*

DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT
Page **10** of 12
Case No. 2:23-cv-01016

**DNL Zito**
1250 Connecticut Avenue, NW
Suite 700
Washington, DC 20036
Phone: (202) 466-3500

1

2    *Management, LLC, Meyler Legal, PLLC, and*
     *Samuel Meyler*

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

**CERTIFICATE OF SERVICE**

 I hereby certify that on August 6, 2025, I filed the within through the ECF system and that notice will be sent electronically to all counsel who are registered participants identified on the Mailing Information for C.A. No. 2:23-cv-1016.

*/s/Joseph J. Zito*

DEFENDANTS' MOTION FOR PARTIAL SUMMARY
JUDGMENT
Page **12** of **12**
Case No. 2:23-cv-01016

**DNL Zito**
1250 Connecticut Avenue, NW
Suite 700
Washington, DC 20036
Phone: (202) 466-3500