# Chapter 19.350 RCW
# PATENT INFRINGEMENT—BAD FAITH ASSERTIONS

**Sections**

| | |
|---|---|
| 19.350.005 | Finding. |
| 19.350.010 | Definitions. |
| 19.350.020 | Bad faith assertions prohibited—Evidence of bad faith—Evidence of good faith—Exemptions. |
| 19.350.030 | Enforcement of chapter—Application of consumer protection act. |
| 19.350.900 | Short title. |

**RCW 19.350.005  Finding.**  The legislature finds that abusive patent litigation, and especially the assertion of bad faith infringement claims, can harm Washington's economy. A person or business that receives a demand asserting such claims faces the threat of expensive and protracted litigation and may determine that it has no choice but to settle and to pay a licensing fee, even if the claim is meritless. This is especially so for small and medium-sized entities and nonprofits lacking adequate resources to investigate and defend themselves against the infringement claims. Not only do bad faith patent infringement claims impose a significant burden on individual Washington businesses and other entities, they also undermine Washington's efforts to attract and nurture information technology and knowledge-based businesses. Resources expended to avoid the threat of bad faith litigation are no longer available to invest, develop and produce new products, expand, or hire new workers, thereby harming Washington's economy. Through this legislation [act], the legislature seeks to protect Washington's economy from abusive and bad faith assertions of patent infringement, while not interfering with federal law or legitimate patent enforcement actions.  [2015 c 108 s 1.]

**RCW 19.350.010  Definitions.**  The definitions in this section apply throughout this chapter unless the context clearly requires otherwise.
    (1) "Assertion of patent infringement" means:
    (a) Sending or delivering a demand to a target;
    (b) Threatening a target with litigation asserting, alleging, or claiming that the target has engaged in patent infringement;
    (c) Sending or delivering a demand to the customers of a target; or
    (d) Otherwise making claims or allegations, other than those made in litigation against a target, that a target has engaged in patent infringement or that a target should obtain a license to a patent in order to avoid litigation.
    (2) "Claim" means the scope of the patent owner's exclusive rights to the use and control of the patent owner's invention.
    (3) "Demand" means a letter, an email, or any other communication asserting that a person has engaged in patent infringement.
    (4) "Person" means any individual, corporation, partnership, limited liability company, government, governmental subdivision, institution of higher education, or any other legal or commercial entity.

(5) "Target" means a person:
(a) Who has received a demand or against whom an assertion of patent infringement has been made;
(b) Who has been threatened with litigation or against whom a lawsuit has been filed alleging patent infringement; or
(c) Who has at least one customer who has received a demand letter asserting that the person's product, service, or technology has infringed a patent.  [2015 c 108 s 2.]

**RCW 19.350.020  Bad faith assertions prohibited—Evidence of bad faith—Evidence of good faith—Exemptions.**  (1) A person may not make assertions of patent infringement in bad faith.
(2) A court may consider the following nonexclusive factors as evidence that a person has made an assertion of patent infringement in bad faith:
(a) The demand does not contain:
(i) The patent number or numbers issued by the United States patent office or foreign agency;
(ii) The name and address of the patent owner or owners or assignee or assignees, if any; and
(iii) Factual allegations relating to the specific areas in which the target's product, service, or technology infringes the patent or is covered by the claims in the patent;
(b) The target requested the information described in (a) of this subsection, and the person failed to provide the information within a reasonable time;
(c) Before making a demand, the person did not conduct any analysis comparing the claims in the patent to the target's product, service, or technology;
(d) The person threatens legal action that cannot legally be taken;
(e) The assertion of patent infringement contains false, misleading, or deceptive information;
(f) The person, or a subsidiary or an affiliate of the person, has previously filed or threatened to file one or more lawsuits based on the same or substantially equivalent assertion of patent infringement, and a court found the person's assertion to be without merit or found the assertion contains false, misleading, or deceptive information; or
(g) Any other factor the court determines to be relevant.
(3) Nothing in the demand letter or patent assertion may be used to move for declaratory judgment in underlying patent infringement litigation.
(4) A court may consider the following factors as evidence that a person has made an assertion of patent infringement in good faith:
(a) If the demand does not contain the information set forth in subsection (2)(a) of this section, the person provides the information to the target within a reasonable period of time after such information is requested by the target;
(b) The person has:
(i) Engaged in reasonable analysis to establish a reasonable, good faith basis for believing the target has infringed the patent; and
(ii) Attempted to negotiate an appropriate remedy in a reasonable manner;

(c) The person has:
(i) Demonstrated reasonable business practices in previous efforts to enforce the patent; or
(ii) Successfully enforced the patent, or a substantially similar patent, through litigation;
(d) The person has made a substantial investment in the use of the patent or in the production or sale of a product covered by the patent;
(e) The person is:
(i) An inventor of the patent or an original assignee;
(ii) An institution of higher education or a technology transfer organization affiliated with an institution of higher education; or
(iii) Any owner or licensee of a patent who is using the patent in connection with substantial research, development, production, manufacturing, processing, or delivery of products or materials; or
(f) Any other factor the court determines to be relevant.
(5) Unless done in bad faith, nothing in this section may be construed to deem it an unfair or deceptive trade practice for any person who owns or has the right to license or enforce a patent to:
(a) Advise others of that ownership or right of license or enforcement;
(b) Communicate to others that the patent is available for license or sale; or
(c) Seek compensation on account of a past or present infringement, or license to the patent, when it is reasonable to believe that the person from whom compensation is sought may owe such compensation or may need or want such a license to practice the patent.
(6) The provisions of chapter 108, Laws of 2015 do not apply to a demand letter or civil action that includes a claim for relief arising under 35 U.S.C. Sec. 271(e)(2), 7 U.S.C. Sec. 136, 7 U.S.C. Sec. 2321, 21 U.S.C. Sec. 301, 35 U.S.C. Sec. 161, 42 U.S.C. Sec. 262, or 35 U.S.C. Sec. 287.  [2015 c 108 s 3.]

**RCW 19.350.030  Enforcement of chapter—Application of consumer protection act.**  The attorney general may bring an action in the name of the state, or as parens patriae on behalf of persons residing in the state, to enforce this chapter. For actions brought by the attorney general to enforce the provisions of this section, the legislature finds that the practices covered by this section are matters vitally affecting the public interest for the purpose of applying the consumer protection act, chapter 19.86 RCW. For actions brought by the attorney general to enforce this chapter, a violation of this chapter is not reasonable in relation to the development and preservation of business and is an unfair or deceptive act in trade or commerce and an unfair method of competition for purposes of applying the consumer protection act, chapter 19.86 RCW.  [2015 c 108 s 4.]

**RCW 19.350.900  Short title.**  This chapter may be known and cited as the "patent troll prevention act."  [2015 c 108 s 6.]