**Honorable Jamal N. Whitehead**

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| VALVE CORPORATION<br><br>    Plaintiff,<br><br>    v.<br><br>LEIGH ROTHSCHILD, ROTHSCHILD BROADCAST DISTRIBUTION SYSTEMS, LLC, DISPLAY TECHNOLOGIES, LLC, PATENT ASSET MANAGEMENT, LLC, MEYLER LEGAL, PLLC, AND SAMUEL MEYLER,<br><br>    Defendants. | Case No. 2:23-cv-01016<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL JUDGEMENT ON THE PLEADINGS**<br><br>NOTE ON MOTION CALENDAR:<br>August 19, 2025<br><br>**ORAL ARGUMENT REQUESTED** |

DEFENDANTS' OPPOSITION TO MOTION FOR
JUDGEMENT ON THE PLEADINGS
Page **1** of **8**
Case No. 2:23-cv-01016

**DNL Zito**
1250 Connecticut Avenue, NW
Suite 700
Washington, DC 20036
Phone: (202) 466-3500

## TABLE OF CONTENTS

I.  INTRODUCTION ................................................................................................................. 3

II.  BACKGROUND ...…..................................................................................................…4

III.  **ARGUMENT** ……………………………………………………………………..5

IV.  CONCLUSION ………… …………………………………………………………6

DEFENDANTS' OPPOSITION TO MOTION FOR
JUDGEMENT ON THE PLEADINGS
Page **2** of **8**
Case No. 2:23-cv-01016

**DNL Zito**
1250 Connecticut Avenue, NW
Suite 700
Washington, DC 20036
Phone: (202) 466-3500

## I. INTRODUCTION

Valve Corporation's Motion is irreconcilably at odds with the Global Settlement and License Agreement (GSLA). The GSLA preluded Valve from challenging validity in order for Valve to retain its license to the Licensed Patents. When Valve had its license, Defendants could not file suit. If Defendants filed an improper suit, the remedy was simple, dismissal of the suit within ten days, see Clause 3.5 of the GSLA:

> 3.5. **Future Enforcement Activity by Licensor.** In the event that Licensor brings a claim under the Licensed Patents against any Licensee Third Party or any entity that claims that the alleged infringing conduct arises out of any communication, interaction, transaction, cooperation, or contractual obligation with or on behalf of Licensee, then upon Licensee providing written notice and sufficient written evidence to corroborate that claim, then Licensor shall within ten (10) days cause such claim to be dismissed with respect to such entity, to the extent the claim is

However, the remedy was much more sever if Valve breached it obligation not to challenge

> 9.3. Other than that which is required of Licensee by Court Order or rule of law, Licensee represents and warrants that it will not contest or assist in contesting the validity or enforceability of the Licensed Patents and will so instruct its counsel and consultants retained for this case other than those retained in conjunction with co-defendants not to contest or assist in contesting the validity or enforceability of the Licensed Patents on Licensee's behalf. If Licensee (or its counsel on Licensee's behalf) intentionally or knowingly contests or assists in the contesting of the validity or enforceability of the Licensed Patents, Licensor will have the right to unilaterally terminate this Agreement. For the avoidance of doubt, no

validity, see clause 9.3 of the GSLA:

Valve brings its Motion based on one assertion, "Because all parties admit in the pleadings that Valve is licensed to and protected against suit over the '221 Patent." However, this assertion is incorrect. Defendants agrees that Valve *was* licensed under the Global Settlement and License Agreement (GSLA), but maintains that due to breach, specifically

DEFENDANTS' OPPOSITION TO MOTION FOR JUDGEMENT ON THE PLEADINGS
Page **3** of **8**
Case No. 2:23-cv-01016

**DNL Zito**
1250 Connecticut Avenue, NW
Suite 700
Washington, DC 20036
Phone: (202) 466-3500

bringing suit to challenge the validity of the '221 patent, see Count I of the Second Amended Complaint, Valve is no longer licensed.

Section 9.3 of the License Agreement specifically prohibits Valve from challenging the validity of the '221 Patent and, in the event of a breach of this section, allows PAM to unilaterally terminate the Agreement, see above.

Once the Agreement became terminated, Valve no longer possessed a license. Valve's Motion for Judgement on the Pleadings on both Counterclaim I and Valve's Fourth Affirmative Defense, is without basis.

## II.    BACKGROUND

Undisputed Factual Allegations

Valve is correct that, under the Agreement, "Valve received a 'perpetual, irrevocable, royalty-free, fully paid-up, worldwide license' to the '221. However, Valve ignores section 9.3 of the GSLA that specifically states that the Agreement can be terminated unilaterally, by Licensor, if the patent is challenged. This is a significant section, as no other section allows for unilateral termination. No sections of the GSLA allow Licensee to terminate the agreement, including the sections recited by Valve in its motion, which preclude assertion of the '221 Patent while the GSLA remains in effect. This is not a case of a breach with an undefined remedy. There is no question as to the damage of the breach by Valve. The validity of a patent is so fundamental, that the GSLA specifically carved out a special remedy and provides for cancellation if validity is challenged.

DEFENDANTS' OPPOSITION TO MOTION FOR JUDGEMENT ON THE PLEADINGS
Page **4** of **8**
Case No. 2:23-cv-01016

**DNL Zito**
1250 Connecticut Avenue, NW
Suite 700
Washington, DC 20036
Phone: (202) 466-3500

1    Value was fully aware of this clause at the time of execution of the GLSA and remains

2  fully aware of this clause now.  Valve choose to have its license terminated when Valve elected

3  to file a declaratory judgement action challenging the validity of the '221 Patent.  Validity and

4  infringement are now fully and properly engaged as the GSLA has been set aside by the actions

5  of the parties.

6

7    **III.    ARGUMENT**

8    There is no factual dispute that the GSLA grants Defendants the right to terminate the

9  GSLA and thus end Valve's license under one specific and well defined circumstance, if Valve

10  "contest or assist in contesting the validity or enforcability of the Licensed Patents."

11    There is no factual dispute that Valve has breached clause 9.3 of the GSLA.

12    The present Action, initiated by Valve, is a direct contesting of the validity of the

13  licensed '221 Patent.  There can be no dispute that Valve has breached clause 9.3 and that Valve's

14  license has thus terminated.   Valve cannot have it both ways, enforcing some terms of the GSLA

15  and ignoring others.

16    Defendants have never admitted that Valve *has* a license, only that a license *was* granted

17  to Valve by the GSLA.   That license can be terminated under one specific defined event set

18  forth in clause 9.3 which was breach by and now is ignored by Valve.  Valve does not even

19  address clause 9.3 in its Motion for Judgement.

DEFENDANTS' OPPOSITION TO MOTION FOR
JUDGEMENT ON THE PLEADINGS
Page **5** of **8**
Case No. 2:23-cv-01016

**DNL Zito**
1250 Connecticut Avenue, NW
Suite 700
Washington, DC 20036
Phone: (202) 466-3500

## IV.   CONCLUSION

The Court should deny Valve's Motion for Judgement in on Valve's Fourth Affirmative Defense (Licensing and/or Authorization) (Dkt. 85, ll 4–17) and RBDS's Infringement Counterclaim (Dkt. 80, ll 1–21).

I certify that this memorandum contains 1,014 words, in compliance with the Local Civil Rules.

Dated:  August 12, 2025            Respectfully submitted,

By: /s/ Joseph J. Zito
Joseph J. Zito
DNL ZITO
1250 Connecticut Avenue, NW, Suite 700
Washington, DC 20036
Tel: (202) 466-3500
Email: jzito@dnlzito.com

René A. Vazquez (*pro hac vice* anticipated)
DNL ZITO
1250 Connecticut Avenue, NW, Suite 700
Washington, DC 20036
Tel: (703) 989-2244
Email: rvazquez@dnlzito.com

/s/ Matthew J. Cunanan
Matthew J. Cunanan (#42530)
DC LAW GROUP
12055 15th Ave NE, Suite B
Seattle, WA 98125
Tel: (206) 494-0400
Fax: (855) 494-0400
Email: matthew@dclglawyers.com

*Attorneys for Defendants Leigh Rothschild, Rothschild Broadcast Distribution Systems, LLC, Display Technologies, LLC, Patent Asset*

DEFENDANTS' OPPOSITION TO MOTION FOR JUDGEMENT ON THE PLEADINGS
Page **6** of **8**
Case No. 2:23-cv-01016

**DNL Zito**
1250 Connecticut Avenue, NW
Suite 700
Washington, DC 20036
Phone: (202) 466-3500

*Management, LLC, Meyler Legal, PLLC, and Samuel Meyler*

DEFENDANTS' OPPOSITION TO MOTION FOR
JUDGEMENT ON THE PLEADINGS
Page **7** of **8**
Case No. 2:23-cv-01016

**DNL Zito**
1250 Connecticut Avenue, NW
Suite 700
Washington, DC 20036
Phone: (202) 466-3500

**CERTIFICATE OF SERVICE**

    I hereby certify that on August 12, 2025, I filed the within through the ECF system and that notice will be sent electronically to all counsel who are registered participants identified on the Mailing Information for C.A. No. 2:23-cv-1016.

/s/ _____

DEFENDANTS' OPPOSITION TO MOTION FOR JUDGEMENT ON THE PLEADINGS
Page **8** of **8**
Case No. 2:23-cv-01016

**DNL Zito**
1250 Connecticut Avenue, NW
Suite 700
Washington, DC 20036
Phone: (202) 466-3500