1

2

3

4

5

6

**HON. JAMAL N. WHITEHEAD**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**UNITED STATES DISTRICT COURT**

**FOR THE WESTERN DISTRICT OF WASHINGTON**

**AT SEATTLE**

| | |
|---|---|
| VALVE CORPORATION, | Case No. 2:23-cv-1016 |
| Plaintiff, | |
| v. | **LCR 37 JOINT SUBMISSION** |
| LEIGH ROTHSCHILD, ROTHSCHILD BROADCAST DISTRIBUTION SYSTEMS, LLC, DISPLAY TECHNOLOGIES, LLC, PATENT ASSET MANAGEMENT, LLC, MEYLER LEGAL, PLLC, AND SAMUEL MEYLER, | NOTE ON MOTION CALENDAR: **August 12, 2025**<br><br>Complaint Filed:    07/07/2023 |
| Defendants. | |

LCR 37 JOINT SUBMISSION
CASE NO. 2:23-CV-1016

- 1 -

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA  98101
(206) 467-9600

I.    **VALVE'S INTRODUCTORY STATEMENT**

    A.    **The history leading to Rothschild's Texas Lawsuits accusing Valve of patent infringement.**

Two months after Valve brought the present case, Rothschild used three of his other companies to sue Valve in East Texas for alleged patent infringement in three separate lawsuits. *See* Case Nos. 2:23-cv-00419 (E.D. Tex.), 2:23-cv-0422 (E.D. Tex.), and 2:23-cv-00425 (E.D. Tex.) (the "Texas Lawsuits"). Exs. 1–3. The plaintiffs in each of those cases are entities controlled by Rothschild, through Patent Asset Management, LLC ("PAM"): Symbology Innovations, LLC; Quantum Technology Innovations, LLC ("QTI"); and Social Positioning Input Systems, LLC ("SPIS"). Valve contends Rothschild filed these lawsuits purely for retaliatory reasons and to gain leverage over Valve in this lawsuit. Similar to Defendants' tactics to coerce targets to settle by offering settlement amounts far below the cost of litigation, Rothschild sought to weaponize the cost of patent litigation in East Texas to pressure Valve into settling this current case.

Two of the Texas Lawsuits made good on Defendants' threats from their June 21, 2023 letter that forms part of Valve's anti-troll claim. Dkt. 38-8 at 1 (asserting infringement on behalf of SPIS, RBDS, and QTI), 3 (claim chart for '376 patent); Ex. 3 (QTI Complaint) at 51–53 (asserting willful infringement of the '376 patent). The SPIS Texas Lawsuit additionally confirms Defendants' pattern of behavior of making meritless infringement claims against Valve. That suit repeats the same allegations as the prior SPIS lawsuit against Valve brought in the Western District of Washington.[1] Valve previously warned Defendants that SPIS's claims were frivolous and sanctionable, including because the asserted patent targeted (1) a third-party product Valve does not manufacture, import, sell, or offer for sale, and (2) because the patent is invalid. Ex. 4 (ROTHSCHILD00000171). After the lawsuits were filed, Valve sent another letter informing Rothschild of the invalidity of the asserted patent, including because a Court had already invalidated the *parent patent with virtually identical claims*. Ex. 5 (Apr. 25, 2024 Ltr to SPIS).

Valve moved to dismiss each Texas Lawsuit for improper venue. Magistrate Judge Payne

---

[1] SPIS, represented by Defendant Meyler, filed the earlier SPIS lawsuit in this Court on the same day that Display Technologies filed its lawsuit against Valve asserting infringement of an already licensed patent.

LCR 37 JOINT SUBMISSION
CASE NO. 2:23-CV-1016

- 1 -

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

1   agreed, and ultimately, District Judge Gilstrap found that plaintiffs' and their counsel's venue

2   allegations were so deficient that he imposed Rule 11 sanctions. *See Symbology Innovations, LLC*

3   *v. Valve Corp.*, No. 2:23-CV-00419-JRG, 2025 WL 364075, at *1 (E.D. Tex. Jan. 31, 2025).

4        **B.      Valve only seeks limited information from the Texas Lawsuits.**

5        Valve seeks documents relating to the Texas Lawsuits because they are relevant to its

6   claim that Defendants engaged in bad-faith assertion of patent infringement, including through

7   filing the Texas Lawsuits (1) in a venue that Defendants knew was legally improper (as evidenced

8   by the fact that the prior Rothschild-entity suits against Valve were filed in *Washington*), and (2)

9   for retaliatory reasons to coerce Valve to settle this current case by using the cost of *three*

10  additional patent lawsuits as leverage in settlement negotiations.

11       Rothschild brought the Texas Lawsuits *after* Valve filed its anti-troll case in this Court.

12  Under this Court's ESI Order, that means Defendants are not required to provide a privilege log

13  for any communications relating to the filing of those lawsuits that post-dated Valve's complaint.

14  The ESI Order states: "With respect to privileged or work-product information generated after the

15  filing of the complaint, parties are not required to include any such information in privilege logs

16  *except upon a showing of good cause* or upon agreement of the parties." Dkt. 51 § E.3 (emphasis

17  added).

18       Valve seeks a privilege log of documents withheld by PAM and Rothschild related to the

19  Texas Lawsuits. Specifically, Valve seeks a full privilege log between July 7, 2023 and September

20  18, 2023 (when the last of the Texas Lawsuits was filed). After September 18, Valve seeks a

21  privilege log only as to documents and communications pertaining to settlement negotiations.

22       **C.      Good cause supports granting Valve's narrow request.**

23       Though the Texas Lawsuits were filed after Valve filed this suit, there is good cause to

24  compel PAM and Rothschild to produce a privilege log. First, Valve's interests in the limited

25  information related to the bad-faith Texas Lawsuits outweighs the Defendants' interests in

26  avoiding the production of a mere privilege log. Second, the need for discovery from the Texas

27  Lawsuits was not foreseeable to Valve at the time of the ESI Order. Third, Valve would suffer

28

LCR 37 JOINT SUBMISSION
CASE NO. 2:23-CV-1016                           - 2 -

1   prejudice without obtaining the requested logs because they would contain critical information

2   bearing on whether Rothschild filed the Texas Lawsuits for subjectively retaliatory purposes.

3          On June 2, 2025, prior to the stay, the parties met and conferred on this issue. Valve

4   explained there was good cause to log all materials in the Texas Lawsuits because Defendants

5   filed those cases in bad-faith and as retaliation for Valve bringing the above-captioned action.

6   Defendants disagreed, leading to an impasse. After the stay was lifted and Defendants retained

7   new counsel, Valve again conferred with Defendants on July 28, 2025 to see if a resolution could

8   be reached. The parties discussed narrowing the scope of Valve's request but reached an impasse.

9   **II.     RESPONDING PARTIES' STATEMENT**

10         **A.     Texas Lawsuits are neither relevant nor admissable.**

11

12         The Texas lawsuits, filed Two months after Valve brought the present case, do not fall

13  within the definitions of RCW19.350.010 (the PTPA) and do not constitute any prohibited activity

14  under RCW 19.350.020 "Bad faith assertions prohibited".   The Texas activities and certainly any

15  discussions with counsel related thereto are not relevant nor permissible evidence in this matter.

16         The Texas Lawsuits were not filed for retaliatory reasons nor to gain leverage over Valve.

17  Given the size differential leverage over Valve would not be a reasonable expectation.  PAM is

18  not weaponizing, Valve is weaponizing, including expanding this case a into a Nationwide ever

19  expanding fishing expeditions. This is the exact type of activity that the Washington Legislature

20  feared when discussing "reverse abuse".  See (Hearing on SSB 5059 Before the Sen. Law & Jus.

21  Comm. (Jan. 20, 2015)[2] before the Washington Senate Law & Justice Committee.  Senator Frockt,

22  a sponsor of the bill, testified about the purpose and effect of the PTPA. *See* Exhibit. He

23  acknowledged  that  SSB  5029  was introduced at the request of the Attorney General. *See id.* at

24  5:22-6:16. Senator Frockt further stated: "I think that the fact that attorney general will kind of serve as

25

26

27  _____

[2] Recording by TVW, Washington  State's   Public Affairs Network, available at
28  https://www.tvw.org/watch/?eventID=2015011178

LCR 37 JOINT SUBMISSION                                    Kilpatrick Townsend & Stockton LLP
CASE NO. 2:23-CV-1016              - 3 -                        1420 Fifth Avenue, Suite 3700
                                                                      Seattle, WA  98101
                                                                        (206) 467-9600

a gatekeeper for enforcement of these actions is important and will prevent sort of a reverse abuse from

happening. I think that's very important." *Id*. at 6:16-22. In that same hearing, John Nelson, a consumer

protection attorney for the Office of the Attorney General for the State of Washington similarly

testified: "One noteworthy part about this proposed legislation ***is that it does not involve a private cause***

***of action***. First and foremost, the Attorney General will be the gatekeeper." *Id*. at 17:22-25 (emphasis

added).

Neither of the Texas lawsuit were meritless and a determination of the merits of Texas

lawsuits is not within the scope of this action.

**B.    Valve seeks unlimited privileged information from the Texas Lawsuits.**

Valve seeks to establish that "Defendants engaged in bad-faith assertion of patent

infringement, including through filing the Texas Lawsuits."  Obviously a privilege log will not

provide this information, it will only establish that Defendant's consulted with counsel prior to

filing and during settlement discussions.  Consulting with counsel is not typically an indication of

bad-faith.  Thus, Valve's clear next step is to attempt to obtain the privileged documents

themselves.  The Court should not let Value start down that improper path.

Valve concedes that the parties freely agreed that the logs they now seek were excluded by

agreement.  Value presents three inaccurate reason for this reversal of agreement:

> "Though the Texas Lawsuits were filed after Valve filed this suit, there is good
> cause to compel PAM and Rothschild to produce a privilege log. First, Valve's interests in
> the limited information related to the bad-faith Texas Lawsuits outweighs the Defendants'
> interests in avoiding the production of a mere privilege log."
> [Valve does not intend to stop at the mere production of logs, as they would
> establish nothing.]
>  "Second, the need for discovery from the Texas Lawsuits was not foreseeable to
> Valve at the time of the ESI Order."
> [The Texas suits (September 2023) were file long before the ESI Order of May 2,
> 2024]
> "Third, Valve would suffer prejudice without obtaining the requested logs because
> they would contain critical information bearing on whether Rothschild filed the Texas
> Lawsuits for subjectively retaliatory purposes.

LCR 37 JOINT SUBMISSION
CASE NO. 2:23-CV-1016                                     - 4 -

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA  98101
(206) 467-9600

1        [The logs would contain no such information.]

2        There is no good and certainly no compelling reason to expand discovery beyond the

3    agreement fo the parties and beyond relvant or admissible evidence.

4        **C.    No cause supports granting Valve's request to extend discovery far beyond the**

5            **issues in this matter.**

6        Filing suit in Texas does not fall under any reading of any actionable activity proscribed by

7    the PTPA.  Privilege logs will not provide any information regarding the Plaintiff's alleged

8    improper activities.  This is a fishing expedition to impose costs on Defendants.  Plaintiff do not

9    point to any information obtained in the extensive discovery exchanged to date which would

10   support this request, because none exists.

11       The communications now being sought are clearly privileged and Valve properly,

12   knowingly and voluntarily waived the requirement for a privilege log.

13

14   **III.    PRIVILEGE LOGS FOR POST-FILING MATERIALS WITHHELD IN**
         **RESPONSE TO ROTHSCHILD REQUEST NO. 28, AND PAM REQUEST NO. 30.[3]**
15

16   **ROTHSCHILD REQUEST FOR PRODUCTION NO. 28:** All Documents, Communications,

17   and Things Relating to Your involvement in the decision by Symbology Innovations, Social

18   Positioning Input Systems, and Quantum Technology Innovations to file lawsuits against Valve in

19   the Eastern District of Texas and not in the Western District of Washington.

20   **ROTHSCHILD'S RESPONSE:**

21       Defendant expressly incorporates each of the foregoing General Objections by reference.

22       Defendant also objects to this Request to the extent it seeks documents and information

23   protected by the attorney-client privilege, the work product doctrine, or any other applicable

24   privilege or immunity.

25       Defendant also objects to this Request to the extent it calls for documents not within the

26   possession, custody, or control of Defendant.

---

[3] To avoid any doubt, Valve also served additional requests asking for, "All documents relating to
the Texas Lawsuits." PAM's and Rothschild's response to those requests are due on August 11.

27

28

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA  98101
(206) 467-9600

1   Defendant also objects to this Request to the extent it is duplicative, cumulative, or otherwise

2   redundant of other Requests or other discovery already available to Plaintiff.

3        Defendant also objects to this Request as overly broad and unduly burdensome, not

4   proportional to the needs of the case, and seeking information that is not relevant to any party's

5   claims or defenses because it is unlimited in time.

6        Defendant also objects to this Request as premature to the extent it seeks expert opinions,

7   disclosures, or discovery. Defendant will provide expert opinions, disclosures, and discovery at

8   the time(s) set by the Court's schedule for this case.

9        Defendant also objects to this Request as overly broad and unduly burdensome to the

10  extent that it seeks "[a]ll Documents, Communications and Things" without limitation or

11  qualification. Defendant also objects to this Request as overly broad, unduly burdensome, not

12  proportional to the needs of the case, and seeking documents that are not relevant to any party's

13  claims or defenses to the extent it seeks documents unrelated to the issues and/or parties involved

14  in this case.

15       Defendant also objects to this Request as vague and ambiguous as to the scope and use of

16  the term "decision."

17       Subject to and without waiving the foregoing objections, and to the extent documents exist

18  and have not already been produced to Plaintiff, Defendant will produce and/or make available for

19  inspection at a mutually-agreeable place and time any responsive, relevant, non-privileged

20  documents in its possession, custody, or control that can be located after a reasonable search and

21  that are proportional to the needs of the case.

22  **PAM'S REQUEST NO. 30**: All Documents, Communications, and Things Relating to Your

23  involvement in the decision by Symbology Innovations, Social Positioning Input Systems, and

24  Quantum Technology Innovations to file lawsuits against Valve in the Eastern District of Texas

25  and not in the Western District of Washington.

26  **PAM'S RESPONSE**:

27       Defendant expressly incorporates each of the foregoing General Objections by reference.

28

LCR 37 JOINT SUBMISSION
CASE NO. 2:23-CV-1016                    - 6 -

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA  98101
(206) 467-9600

1    Defendant also objects to this Request to the extent it seeks documents and information

2    protected by the attorney-client privilege, the work product doctrine, or any other applicable

3    privilege or immunity.

4    Defendant also objects to this Request to the extent it calls for documents not within the

5    possession, custody, or control of Defendant.

6    Defendant also objects to this Request to the extent it is duplicative, cumulative, or

7    otherwise redundant of other Requests or other discovery already available to Plaintiff.

8    Defendant also objects to this Request as overly broad and unduly burdensome, not

9    proportional to the needs of the case, and seeking information that is not relevant to any party's

10   claims or defenses because it is unlimited in time.

11   Defendant also objects to this Request as premature to the extent it seeks expert opinions,

12   disclosures, or discovery. Defendant will provide expert opinions, disclosures, and discovery at

13   the time(s) set by the Court's schedule for this case.

14   Defendant also objects to this Request as overly broad and unduly burdensome to the

15   extent that it seeks "[a]ll Documents, Communications and Things" without limitation or

16   qualification. Defendant also objects to this Request as overly broad, unduly burdensome, not

17   proportional to the needs of the case, and seeking documents that are not relevant to any party's

18   claims or defenses to the extent it seeks documents unrelated to the issues and/or parties involved

19   in this case.

20   Defendant also objects to this Request as vague and ambiguous as to the scope and use of

21   the term "decision."

22   Subject to and without waiving the foregoing objections, and to the extent documents exist

23   and have not already been produced to Plaintiff, Defendant will produce and/or make available for

24   inspection at a mutually-agreeable place and time any responsive, relevant, non-privileged

25   documents in its possession, custody, or control that can be located after a reasonable search and

26   that are proportional to the needs of the case.

27

28

LCR 37 JOINT SUBMISSION
CASE NO. 2:23-CV-1016                    - 7 -

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**VALVE'S ARGUMENT**

    **A.**    **The Court should compel PAM and Rothschild to produce privilege logs for withheld documents relating to the three Texas Lawsuits.**

        **1.**    **Valve's need for the privilege logs outweighs PAM's and Rothschild's interest in avoiding production.**

Valve only needs to demonstrate good cause for the Court to order Defendants to produce a privilege log of materials from the Texas Lawsuits. To avoid any doubt, the Court does not need to modify the ESI Order. It is, however, nevertheless instructive to consider case law on the good cause showing needed to modify a protective order when deciding the issues raised in this motion.

A good-cause analysis in the context of modifying a protective order "entails a balancing of the needs for discovery against the need for confidentiality." *CBS Interactive, Inc. v. Etilize, Inc.*, 257 F.R.D. 195, 205 (N.D. Cal. 2009). In *CBS Interactive*, the Northern District of California considered a plaintiff's motion to modify a protective order to allow its use of confidential discovery materials in a parallel state-court litigation. *Id.* The court explained that the Ninth Circuit strongly favors access to discovery materials in collateral litigation. *Id.* (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1131 (9th Cir. 2003)). The court further found that defendant did not have a strong reliance interest on the unmodified protective order, noting that the plaintiff's proposed modification was to use the confidential information in a parallel litigation without full public disclosure. *Id.* at 205–06.

Valve's claim for abusive patent assertion under Washington law centers on Defendants' pattern of bad-faith behavior. The plaintiffs in the Texas Lawsuits—all under the control of PAM and Rothschild—exemplified that pattern by filing three baseless suits against Valve in an improper venue as settlement leverage to use in this action. The timing of PAM and Rothschild's preparation for the Texas Lawsuits is particularly relevant to establish whether discussions for instituting those suits were started before or after Valve began this action. Such timing information would be revealed within a privilege log. Valve's inquiry into PAM's and Rothschild's documents and communications surrounding those bargaining-chip cases is therefore of paramount relevance. This relevance weighs heavily in favor of a finding of good cause.

PAM and Rothschild cannot claim an interest that outweighs Valve's in obtaining a

LCR 37 JOINT SUBMISSION
CASE NO. 2:23-CV-1016

- 8 -

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

privilege log. Valve seeks only a privilege log. Neither Rothschild nor PAM were parties in the Texas Lawsuits, so they may have very few documents to log. Moreover, a log would not contain the substance of any privileged communications themselves. As in *CBS Interactive*, the any information about the Texas Lawsuits produced in response to Valve's requests would remain contained. Thus, no PAM or Rothschild interest that overcomes Valve's need for discovery.

The ESI Order also serves the purpose of streamlining discovery by balancing relevance with limitations for convenience, such as the provision exempting post-filing privilege logs. But Valve does not ask the Defendants to give up the full scope of this provision. Instead, Valve's request is narrowly targeted toward three specific actions. The cost of running a search limited to these actions and providing the metadata sufficient to compose a privilege log would be minimal, especially in contrast to the direct relevance of the information at the core of Valve's claim that Defendants engage in bad-faith patent assertions.

Valve's strong interest in the relevant information of the privilege logs from the Texas Lawsuits outweighs PAM and Rothschild's non-existent confidentiality risk and the minimal costs of producing such a log. The balance of interests strongly supports good cause.

### 2. When agreeing to the ESI Order, Valve could not foresee the need for privilege logs from the Texas Lawsuits.

Good cause in many pre-trial contexts also depends on foreseeability. *See, e.g.*, *Facet Techs., LLC v. LifeScan, Inc.*, No. 2:22-cv-1717, 2023 WL 5504954, at *3 (C.D. Cal. June 7, 2023) (weighing foreseeability of a claim construction when considering good cause to permit a party to supplement its contentions); *Baltazar v. Forward Air Sols., Inc.*, No. CV-13-594, 2013 WL 6283475, at *3 (D. Ariz. Dec. 4, 2013) (weighing foreseeability of witness relocations when considering good cause to modify a case management schedule); *Phillips-Kerley v. City of Fresno*, No. 1:18-cv-00438, 2021 WL 1966387, at *3 (E.D. Cal. May 17, 2021) (weighing foreseeability of retaliatory conduct by defendants when considering good cause to amend a scheduling order to permit supplementing a complaint). The analogous question in this case is whether it was foreseeable to Valve at the time it agreed to the ESI Order that it would have a need for a post-filing privilege log from the Texas Lawsuits. It was not.

LCR 37 JOINT SUBMISSION
CASE NO. 2:23-CV-1016                                  - 9 -

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA  98101
(206) 467-9600

All parties foresee that their opponent will generate privileged documents in the course of preparing for trial, and the ESI Order spares all parties the unnecessary time and expense of logging copious communications with no relevance to pre-suit conduct. But it is not foreseeable that a defendant would cause other entities under its control to bring claims of patent infringement in an improper venue to create settlement leverage in a first-filed case. Though the Texas Lawsuits were filed before Valve agreed to the post-filing privilege-log exemption, Valve could not have reasonably foreseen that settlement negotiations in those cases—actions for supposedly independent infringement claims asserting other patents in another forum—would reveal that those actions were being used as leverage to pressure Valve to settle this action. Valve therefore has good cause to request such logs.

**3.    Valve would suffer prejudice if not permitted to inspect a privilege log from the Texas Lawsuits.**

In the context of modifying a protective order, courts in the Ninth Circuit also consider whether the moving party would be prejudiced without the requested modification. *See Intel Corp. v. VIA Techs., Inc.*, 198 F.R.D. 525, 528 (N.D. Cal. 2000) (citing *Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465, 1472 (9th Cir. 1992)). Prejudice may turn on whether the moving party has other means of accomplishing the task for which it seeks disclosure. *Contrast Gerawan Farming, Inc. v. Prima Bella Produce, Inc.*, No. 1:10-cv-00148, 2011 WL 2516224, at *2 (E.D. Cal. June 22, 2011) (finding good cause to permit disclosure of defendant's financial information to plaintiff's in-house counsel who had been central to settlement negotiations due to "prejudice that would result if he were denied access to profit information"), *with Intel*, 198 F.R.D. at 528–29 (finding no good cause to permit disclosure of defendant's financial information to plaintiff's in-house counsel though the protective order's restrictions made it more "difficult" for in-house counsel to manage outside counsel's handling of the litigation).

Here, Valve would be prejudiced if PAM and Rothschild do not produce privilege logs for documents related to the Texas Lawsuits. Valve has no reasonable alternatives to obtain direct evidence that the Texas Lawsuits were instituted on PAM's and Rothschild's behalf in bad faith. Such communications are exclusively in the possession of PAM and Rothschild. It is not merely

LCR 37 JOINT SUBMISSION
CASE NO. 2:23-CV-1016
- 10 -

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

1    more "difficult," as in *Intel*, but impossible, as in *Gerawan Farming*, for Valve to establish the

2    timeline of any of PAM's and Rothschild's communications with counsel regarding initiation of

3    the Texas Lawsuits.

4          While Valve has also served a subpoena on Garteiser Honea and Randall Garteiser, the

5    lawyer for plaintiffs in the Texas Lawsuits, counsel for Defendants (who were also counsel for the

6    Mr. Garteiser and his law firm) threatened to move to quash because Valve did not first seek

7    responsive information from Defendants. Ex. 6 (Dec. 20, 2024 Email from E. Chad to counsel for

8    Valve) (noting that the Parties should "work together amongst themselves to get Plaintiff the

9    documents, information, and testimony to which it is entitled before resorting to invasive

10   discovery from third parties"); Ex. 7 (Jan. 16, 2025 D. Machleit Ltr to Defendants). Valve thus

11   first seeks this information from Defendants and will seek any non-duplicative responsive

12   information from Mr. Garteiser.

13         The prejudice to Valve that would result without privilege logs for documents related to

14   the Texas Lawsuits supports good cause to produce such logs.

15

16   **DEFENDANTS' RESPONSE**

17         *CBS Interactive, Inc. v. Etilize, Inc.*, 257 F.R.D. 195, 205 (N.D. Cal. 2009), is inapplicable,

18   as it relates to already produced confidential documents, not privilege logs nor privileged

19   documents which have been excluded from production.

20         Defendants acknowledge that communications exist between counsel and Defendants prior

21   to the filing of the Texas Lawsuits.  Despite the assertionof Valve, the timing of such

22   communications would not establish any bad faith and such an innuendo would be properly

23   excluded from evidence.

24         PAM and Rothschild do not need to claim an interest that outweighs Valve's.  The interest

25   is in curtailing the expansion of discovery beyond relevance and admissibility, especially given

26   Valve's admission that the log will be used to present a negative innuendo.  Claims of privilege

27   are never to be used as a negative inuendo and Valve's clear statement that negative innuendo is

28

LCR 37 JOINT SUBMISSION
CASE NO. 2:23-CV-1016                         - 11 -

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA  98101
(206) 467-9600

1    the only reason to seek production of the logs should be found sufficient cause to deny the

2    discovery.   See:

3        "When the attorney-client privilege and/or work-product privilege is invoked by a
4    defendant in an infringement suit, is it appropriate for the trier of fact to draw an adverse
     inference with respect to willful infringement?  The answer is 'no.' Although the duty to
5    respect the law is undiminished, no adverse inference shall arise from invocation of the
     attorney-client and/or work product privilege." *Knorr-Bremse Systeme Fuer*
6    *Nutzfahrzeuge GmbH v. Dana Corp.*, 383 F.3d 1337, 1344 (Fed. Cir. 2004)
     and
7        "A negative inference should not be drawn from the proper invocation of the
     attorney-client privilege." *Chmil v. Rulisa Operating Co. (In re Tudor Assocs.)*, 20 F.3d
8    115, 120 (4th Cir. 1994) (Citing *Parker v. Prudential Ins. Co.*, 900 F.2d 772, 775 (4th Cir.
9    1990)).

10   **VALVE'S REPLY**

11       The Court should reject Defendants' argument that the Texas Lawsuits, filed two months

12   after Valve's complaint, have no relevance. The Texas Lawsuits are relevant to Defendants'

13   pattern of bad-faith behavior against Valve under the factors listed in the Patent Troll Prevention

14   Act. *See* RCW 19.350.020(2).  While Defendants dispute their retaliatory nature, disputed issues

15   of fact are not grounds to withhold discovery. The Texas Lawsuits were sanctionably defective,

16   confirming Defendants' pattern of asserting baseless claims against Valve. And Defendants do not

17   dispute that Defendants' global-peace settlement offers tied the Texas Lawsuits to this action,

18   arguing instead that Valve is too large an entity to be so leveraged.

19       Defendants' argument that "[c]onsulting with counsel is not typically an indication of bad-

20   faith" is a red herring. The facts available from a privilege log could corroborate the bad faith

21   nature of the Texas Actions. Coordination between Defendants' Washington and Texas lawyers,

22   for example, would be highly relevant.

23       Finally, Valve's good-cause showing is not a "reversal of agreement" but compliance with

24   the agreed-upon exception in the ESI Order.

25

26

27

28

LCR 37 JOINT SUBMISSION
CASE NO. 2:23-CV-1016                    - 12 -

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA  98101
(206) 467-9600

1    DATED: August 12, 2025          Respectfully submitted,

2                                    KILPATRICK TOWNSEND & STOCKTON LLP

3

4                                    By:  /s/ *Dario A. Machleidt*
                                         Dario A. Machleidt (State Bar No. 41860)
5                                        Kathleen R. Geyer (State Bar No. 55493)
                                         Christopher P. Damitio (State Bar No. 58633)
6                                        1420 Fifth Avenue, Suite 3700
                                         Seattle, WA 98101
7                                        Telephone:  (206) 467-9600
                                         dmachleidt@kilpatricktownsend.com
8                                        kgeyer@kilpatricktownsend.com
                                         cdamitio@kilpatricktownsend.com
9
                                     Attorneys for Plaintiff
10                                   VALVE CORPORATION

11

12
                                     By: */s/ Joseph J. Zito*
13                                       Joseph J. Zito
                                         DNL ZITO
14                                       1250 Connecticut Avenue, NW, Suite 700
                                         Washington, DC 20036
15                                       Tel: (202) 466-3500
                                         Email: jzito@dnlzito.com
16
                                         René A. Vazquez (*pro hac vice* anticipated)
17                                       DNL ZITO
                                         1250 Connecticut Avenue, NW, Suite 700
18                                       Washington, DC 20036
                                         Tel: (703) 989-2244
19                                       Email: rvazquez@dnlzito.com

20                                       Matthew J. Cunanan (#42530)
                                         DC LAW GROUP
21                                       12055 15th Ave NE, Suite B
                                         Seattle, WA 98125
22                                       Tel: (206) 494-0400
                                         Fax: (855) 494-0400
23                                       Email: matthew@dclglawyers.com

24                                   *Attorneys for Defendants Leigh Rothschild,*
                                     *Rothschild Broadcast Distribution Systems,*
25                                   *LLC, Display Technologies, LLC, Patent Asset Management,*
                                     *LLC, Meyler Legal, PLLC, and*
26                                   *Samuel Meyler*

27

28

LCR 37 JOINT SUBMISSION                                    Kilpatrick Townsend & Stockton LLP
CASE NO. 2:23-CV-1016                                          1420 Fifth Avenue, Suite 3700
                               - 13 -                              Seattle, WA  98101
                                                                      (206) 467-9600

1

## CERTIFICATE OF JOINT FILING

2

3
    I hereby certify that the above Joint Submission contains both Parties' positions on the discovery disputes, any declarations submitted by the Parties, and the proposed form of order, in accordance with LCR 37(H).

4

5
                           */s/ Dario A. Machleidt*
                           Dario A. Machleidt

6

7

## CERTIFICATE OF CONFERENCE

8

9

10
    I hereby certify that the Parties met via teleconference on July 28, 2025, in an attempt to resolve the disputes addressed in this Joint Submission. Participating in the conference on behalf of Defendants were Joseph Zito and René Vazquez from the law firm DNL Zito. Participating in the conference on behalf of Valve were Dario A. Machleidt, Kathleen Geyer, and Kengyeh Chu from the law firm Kilpatrick Townsend. The Parties were unable to resolve the dispute during the teleconference.

11

12
                           */s/ Dario A. Machleidt*
                           Dario A. Machleidt

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LCR 37 JOINT SUBMISSION
CASE NO. 2:23-CV-1016
- 14 -
Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600