**HON. JAMAL N. WHITEHEAD**

**UNITED STATES DISTRICT COURT**

**FOR THE WESTERN DISTRICT OF WASHINGTON**

**AT SEATTLE**

VALVE CORPORATION,

Plaintiff,

v.

LEIGH ROTHSCHILD, ROTHSCHILD BROADCAST DISTRIBUTION SYSTEMS, LLC, DISPLAY TECHNOLOGIES, LLC, PATENT ASSET MANAGEMENT, LLC, MEYLER LEGAL, PLLC, AND SAMUEL MEYLER,

Defendants.

Case No. 2:23-cv-1016

**PLAINTIFF VALVE CORPORATION'S OPPOSITION TO DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT DISMISSING COUNT IV OF THE SECOND AMENDED COMPLAINT FOR LACK OF STANDING**

NOTE ON MOTION CALENDAR: September 12, 2025

Complaint Filed: 07/07/2023

VALVE'S OPP TO DEFS' MOT FOR PARTIAL MSJ
CASE NO. 2:23-CV-1016
TOWNSEND 79903941 1

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

# TABLE OF CONTENTS

**Page(s)**

**I.** INTRODUCTION ........................................ 1

**II.** LEGAL STANDARD ........................................ 1

**III.** ARGUMENT ........................................ 1

A. The Washinton Consumer Protection Act explicitly establishes a private right of action for violations of the PTPA. ........................................ 1

B. Defendants' arguments against finding a private right of action should be rejected. ........................................ 2

C. The PTPA also implicitly establishes a private right of action. ........................................ 4

D. Defendants' motion was almost entirely taken from previously filed unsuccessful motions to dismiss. ........................................ 6

1. Defendants' "summary judgment" motion is a disguised, and much delayed, motion to dismiss. ........................................ 6

2. Defendants appear to have plagiarized the majority of the Motion. ........................................ 7

**IV.** CONCLUSION ........................................ 10

VALVE'S OPP TO DEFS' MOT FOR PARTIAL MSJ
CASE NO. 2:23-CV-1016

- i -

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

TOWNSEND 79903941 1

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Anthis v. Copland*, 270 P.3d 574 (Wash. 2012)....................3

*Barcamerica Int'l USA Tr. v. Tyfield Importers, Inc.*, 289 F.3d 589 (9th Cir. 2002)....................5

*Bennett v. Hardy*, 784 P.2d 1258 (Wash. 1990)....................5

*Canva US, Inc. v. Accessify, LLC*, No. 2:23-cv-1945-JLR, Dkt. 20 (W.D. Wash. Feb. 9, 2024)....................2, 7, 9

*Digit. Techs. v. Valve Corp.*, No. 2:15-cv-999 (E.D. Tex. June 8, 2015)....................6

*Display Techs. v. Valve Corp.*, No. 2:22-cv-1365 (W.D. Wash. Sept. 27, 2022)....................6

*Johnson v. Cont'l W., Inc.*, 663 P.2d 482 (Wash. 1983)....................4

*Microsoft Corp. v. MediaPointe, Inc.*, No. 2:22-cv-1009, Dkt. 25 (C.D. Cal. Apr. 20, 2022)....................7, 9

*Microsoft Corporation v. MediaPointe, Inc.*, 626 F. Supp. 3d 1129 (C.D. Cal. 2022)....................*passim*

*Quantum Tech. Innovations, LLC v. Valve Corp.*, No. 2:23-cv-425 (E.D. Tex. Sept. 18, 2023)....................6

*San Diego Police Officers' Ass'n v. San Diego City Emps.' Ret. Sys.*, 568 F.3d 725 (9th Cir. 2009)....................1

*Scott v. Cingular Wireless*, 161 P.3d 1000 (Wash. 2007)....................3

*Smith v. Mack Trucks*, 505 F.2d 1248 (9th Cir. 1974)....................5

*Social Positioning Input Sys., LLC v. Valve Corp.*, No. 2:22-cv-1366 (W.D. Wash. Sept. 27, 2022)....................6

*Social Positioning Input Sys., LLC v. Valve Corp.*, No. 2:23-cv-422 (E.D. Tex. Sept. 18, 2023)....................6

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

*Stilp v. Borough of W. Chester*,
No. 21-cv-3989, 2022 WL 10208256 (E.D. Pa. Oct. 17, 2022) .......... 10

*Symbology Innovations, LLC v. Valve Corp.*,
No. 2:23-CV-00419-JRG, 2025 WL 364075 (E.D. Tex. Jan. 31, 2025) .......... 7

*Symbology Innovations, LLC v. Valve Corp.*,
No. 2:23-cv-419 (E.D. Tex. Sept. 15, 2023) .......... 6

*Vallejo v. Neil Jones Food Co.*,
No. 24-cv-6835, 2025 WL 1684893 (N.D. Cal. June 16, 2025) .......... 10

**Statutes**

Colo. Rev. Stat. § 6-12-104(1) .......... 3

RCW Chapter 19.86 (Consumer Protection Act) .......... *passim*

RCW § 19.86.020 .......... 1

RCW § 19.86.090 .......... 1, 3

RCW § 19.86.093 .......... 1, 2

RCW § 19.86.920 .......... 3

RCW § 19.350.005 .......... 5

RCW § 19.350.030 .......... 1, 2

RCW § 19.375.030 .......... 3

RCW § 19.385.010 .......... 3

RCW Title 19 .......... 3, 8

Va. Code Ann. § 59.1-215.3(E) .......... 3

2025 Wash. Sess. Laws ch. 353, § 7 .......... 3

2025 Wash. Sess. Laws ch. 354, § 7 .......... 3

**Other Authorities**

Chambers Procedure Section 5.6 .......... 6

Fed. R. Civ. P. 56(a) .......... 1

VALVE'S OPP TO DEFS' MOT FOR PARTIAL MSJ
CASE NO. 2:23-CV-1016

- iii -

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

TOWNSEND 79903941 1

# I. INTRODUCTION

As this Court recognized in denying Defendants' earlier motion to dismiss, "[b]ecause a violation of the PTPA [Washington's Patent Troll Prevention Act] is an unfair method of competition in violation of section 19.86.020, section 19.86.090 . . . gives a private right of action for a violation of the PTPA." Dkt. 56 at 17 (quoting *Microsoft Corp. v. MediaPointe, Inc.*, 626 F. Supp. 3d 1129, 1136 (C.D. Cal. 2022)). Defendants' Motion asking the Court to rule otherwise and dismiss Valve's PTPA claim is problematic in many regards, and should be denied.

# II. LEGAL STANDARD

Summary judgment is appropriate only if, after viewing evidence in the light most favorable to the non-movant, there is no genuine dispute of material fact and the movant is entitled to judgment as matter of law. Fed. R. Civ. P. 56(a); *San Diego Police Officers' Ass'n v. San Diego City Emps.' Ret. Sys.*, 568 F.3d 725, 733 (9th Cir. 2009).

# III. ARGUMENT

## A. The Washinton Consumer Protection Act explicitly establishes a private right of action for violations of the PTPA.

Under the Washington Consumer Protection Act ("CPA"), "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful." RCW § 19.86.020. The CPA establishes a private right of action for a violation: "Any person who is injured in his or her business or property by a violation of RCW 19.86.020 . . . may bring a civil action in superior court to enjoin further violations, to recover the actual damages sustained by him or her, or both, together with the costs of the suit, including a reasonable attorney's fee." RCW § 19.86.090. A plaintiff may establish that an act "is injurious to the public interest because it . . . violates a statute that contains a specific legislative declaration of public interest impact." RCW § 19.86.093.

A violation of the PTPA is an unfair or deceptive act under the CPA. RCW § 19.350.030 ("[A] violation of this chapter is not reasonable in relation to the development and preservation of business and is an unfair or deceptive act in trade or commerce and an unfair method of

VALVE'S OPP TO DEFS' MOT
FOR PARTIAL MSJ
CASE NO. 2:23-CV-1016
TOWNSEND 79903941 1

- 1 -

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

competition for purposes of applying the consumer protection act.") As an unfair or deceptive act under the CPA, there is a private right of action for parties to bring claims for violations of the PTPA.

Prior to this Court's recognition of the private right of action under the PTPA, *see* Dkt. 56 at 17, the only court to squarely address this issue confirmed that the clear text of the PTPA and CPA establish that "a PTPA violation is a cognizable unfair method of competition for which Washington's consumer protection act provides a private right of action." *Microsoft*, 626 F. Supp. 3d at 1137; *see also id.* at 1136 ("The Court interprets the plain text of the statutes to explicitly grant a litigant the ability to bring a claim for a violation of the PTPA under section 19.86.093."). Defendants conspicuously do not cite *Microsoft* in their Motion.

Given the unambiguous text of the CPA and the PTPA establishing a private right of action, the inquiry should stop there, and Defendants' Motion should be denied.

**B. Defendants' arguments against finding a private right of action should be rejected.**

Defendants' arguments essentially boil down to (i) arguing that the PTPA could be more explicit in allowing private rights of action, and (ii) relying on selective excerpts from the legislative history to try to contravene the express statutory language of the PTPA. These arguments were first made to, and rejected by, the *Microsoft* court. As described below in section III.D.2, many of the arguments Defendants make now appear to have been lifted word-for-word from a motion to dismiss filed in *Canva US, Inc. v. Accessify, LLC*—and that motion in turn lifted those arguments almost verbatim from a motion to dismiss filed by MediaPointe, the defendant in the *Microsoft* case. The Court should reject Defendants' recycled and already-rejected arguments.

Defendants' first argument—that the PTPA could have been even more explicit and direct in establishing a private cause of action—relies solely on language from the statute that says the "attorney general ***may*** bring an action" under the PTPA and discusses such an action. Motion at 6 (emphasis added) (quoting RCW § 19.350.030). That the Attorney General may bring an action is of no moment to whether a private right of action exists—both can be (and are) provided. When

VALVE'S OPP TO DEFS' MOT
FOR PARTIAL MSJ
CASE NO. 2:23-CV-1016

- 2 -

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

TOWNSEND 79903941 1

the Washington legislature wants to foreclose a private right of action under the CPA, it knows how to do so. *See, e.g.*, RCW § 19.375.030 ("This chapter may be enforced ***solely*** by the attorney general under the consumer protection act, chapter 19.86 RCW." (emphasis added)); RCW § 19.385.010 (identical language); 2025 Wash. Sess. Laws ch. 353, § 7 (to be codified in Title 19 RCW) (identical language); 2025 Wash. Sess. Laws ch. 354, § 7 (to be codified in Title 19 RCW) (identical language); *see also* Colo. Rev. Stat. § 6-12-104(1) (in Colorado's version of the PTPA, "[t]he attorney general has the sole authority to enforce this article and to conduct civil investigations and bring civil actions for violations of this article."); Va. Code Ann. § 59.1-215.3(E) (similar statement in Virginia's version of the PTPA).

Unless the legislature makes such an explicit statement to forbid private rights of action, the CPA allows—and even encourages—such private rights of action: "Private citizens act as private attorneys general in protecting the public's interest against unfair and deceptive acts and practices in trade and commerce." *Scott v. Cingular Wireless*, 161 P.3d 1000, 1006 (Wash. 2007) (citing RCW § 19.86.090); *see also id.* ("Private actions by private citizens are now an integral part of CPA enforcement."); RCW § 19.86.920 (in declaring the CPA's purpose "to protect the public and foster fair and honest competition," the CPA "shall be liberally construed that its beneficial purposes may be served").

Defendants' second argument, about the legislative history of the PTPA, is inapposite and inaccurate. "Where the plain language of a statute is unambiguous and legislative intent is apparent, [courts] will not construe the statute otherwise." *Anthis v. Copland*, 270 P.3d 574, 576 (Wash. 2012). A court should "not construe a statute contrary to Washington law or use legislative statements of purpose to vitiate a cause of action the plain text of the statute provides." *Microsoft*, 626 F. Supp. 3d at 1137 (citing *Anthis*, 270 P.3d at 576). Here, because the PTPA and CPA are unambiguous, their legislative history is irrelevant.

Defendants' legislative history argument highlights hearing testimony from January 20, 2015, where one individual legislator and one member of the Attorney General's office discuss the Attorney General's potential role in enforcing the PTPA. But "one cannot rely on affidavits or

VALVE'S OPP TO DEFS' MOT
FOR PARTIAL MSJ
CASE NO. 2:23-CV-1016
TOWNSEND 79903941 1

- 3 -

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

comments of individual legislators to establish legislative intent," much less statements of non-legislators. *Johnson v. Cont'l W., Inc.*, 663 P.2d 482, 485 (Wash. 1983). A closer look at the legislative history reveals that the Washington legislature fully understood and intended for the PTPA to include a private right of action. For example, the Washington State Senate Bill Report about the bill that led to the PTPA recognizes that a violation of the PTPA is a violation of the CPA, such that "[a] person may bring a lawsuit to recover actual damages." Ex. 1 (Senate Bill Report, S.B. 5059, at 1 (Wash. 2015), https://app.leg.wa.gov/committeeschedules/Home/Document/96679). The Washington State House of Representative Bill Analysis of that bill recognizes the same. Ex. 2 (Wash. H.R. Off. of Program Rsch., S. Substitute B. 5059, at 2 (2015)). In short, it is no accident that the unambiguous text of the PTPA and CPA allows for private rights of action—that is precisely what the legislature intended.

**C. The PTPA also implicitly establishes a private right of action.**

Defendants also argue (cribbing yet again from Accesify who, in turn, cribbed from MediaPointe) that the Court should not imply that Valve has a private right of action under the PTPA. Motion at 8–9. At the outset, the Court need not consider this argument because the PTPA and CPA explicitly give the right to a private action. *Supra* section III.A; *see also Microsoft*, 626 F. Supp. 3d at 1136–37.

Other than rehashing their previous legislative history arguments, Defendants (i) argue that Valve is not a small enough company to qualify for protection under the PTPA and (ii) cast Valve as "the aggressor here, using the PTPA to attack [Defendants] in an effort to suppress legitimate Intellectual Property discussions." Mot. at 8. Both arguments fail.

First, Defendants' assertion that the PTPA is limited to protecting "small and medium-sized entities and nonprofits" instead of all Washington business is based on a selective citation of the legislature's findings. In full, that section states (with underlining added to show the portion quoted by Defendants):

> The legislature finds that abusive patent litigation, and especially the assertion of bad faith infringement claims, can harm Washington's

VALVE'S OPP TO DEFS' MOT FOR PARTIAL MSJ
CASE NO. 2:23-CV-1016

- 4 -

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

TOWNSEND 79903941 1

> economy. A person or business that receives a demand asserting such claims faces the threat of expensive and protracted litigation and may determine that it has no choice but to settle and to pay a licensing fee, even if the claim is meritless. This is especially so for small and medium-sized entities and nonprofits lacking adequate resources to investigate and defend themselves against the infringement claims. Not only do bad faith patent infringement claims impose a significant burden on individual Washington businesses and other entities, they also undermine Washington's efforts to attract and nurture information technology and knowledge-based businesses. Resources expended to avoid the threat of bad faith litigation are no longer available to invest, develop and produce new products, expand, or hire new workers, thereby harming Washington's economy. Through this legislation [act], the legislature seeks to protect Washington's economy from abusive and bad faith assertions of patent infringement, while not interfering with federal law or legitimate patent enforcement actions.

RCW § 19.350.005. Contrary to Defendants' contention, the PTPA is intended to provide protection for *all* Washington businesses from the "significant burden" imposed by "bad faith patent infringement claims" like those at issue in this case. *Id.* The PTPA recognizes that any "person or business" may "face[] the threat of expensive and protracted litigations" and may suffer from reduced resources "to invest, develop and produce new products, expand, or hire new workers." *Id.* While the PTPA recognizes that these harms are acutely felt by "small and medium-sized entities and nonprofits," it in no way limits its reach only to those business.[1]

Valve is a Washington company with approximately 365 employees. Schenck Decl. ¶ 3. As detailed in Valve's complaint, Valve has been harmed by Defendants' bad faith assertions of patent infringement. *See, e.g.*, Dkt. 38 ¶¶ 78–90. Parties like Valve are precisely whom the PTPA was enacted to protect, and implying a private right of action, though wholly unnecessary, would be consistent with the purpose of that legislation. *See Bennett v. Hardy*, 784 P.2d 1258, 1262 (Wash. 1990) ("[A]ccording a private right of action to persons within the protected class is consistent with this underlying legislative purpose.").

---

[1] Defendants suggest that Valve is not a small enough entity is based on a single assertion, without citation to evidence, that "Valve is a major corporation estimated at over $10B in value." Mot. at 8. "[S]tatements of counsel are not evidence" and cannot support summary judgment. *See Barcamerica Int'l USA Tr. v. Tyfield Importers, Inc.*, 289 F.3d 589, 593 n.4 (9th Cir. 2002) (internal quotations omitted) (citing *Smith v. Mack Trucks*, 505 F.2d 1248, 1249 (9th Cir. 1974)).

VALVE'S OPP TO DEFS' MOT FOR PARTIAL MSJ
CASE NO. 2:23-CV-1016

- 5 -

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

TOWNSEND 79903941 1

Second, Defendants' assertion that Valve is somehow the "aggressor" here is irrelevant under the law. It is also plainly incorrect. Defendants and related companies have, thus far, filed *six* separate patent infringement lawsuits against Valve, and asserted a counterclaim of infringement against Valve in this suit. *See Digit. Techs. v. Valve Corp.*, No. 2:15-cv-999 (E.D. Tex. June 8, 2015); *Display Techs. v. Valve Corp.*, No. 2:22-cv-1365 (W.D. Wash. Sept. 27, 2022); *Social Positioning Input Sys., LLC v. Valve Corp.*, No. 2:22-cv-1366 (W.D. Wash. Sept. 27, 2022); *Symbology Innovations, LLC v. Valve Corp.*, No. 2:23-cv-419 (E.D. Tex. Sept. 15, 2023); *Social Positioning Input Sys., LLC v. Valve Corp.*, No. 2:23-cv-422 (E.D. Tex. Sept. 18, 2023); *Quantum Tech. Innovations, LLC v. Valve Corp.*, No. 2:23-cv-425 (E.D. Tex. Sept. 18, 2023).

**D. Defendants' motion was almost entirely taken from previously filed unsuccessful motions to dismiss.**

**1. Defendants' "summary judgment" motion is a disguised, and much delayed, motion to dismiss.**

Defendants title their Motion a "Motion for Partial Summary Judgment *Dismissing*" Valve's PTPA claim. Mot. at 1 (emphasis added). That title belies the truth behind the Motion—it is actually a belated and disguised motion to dismiss. The Motion addresses a purely legal issue. And as described below in Section III.D.2, Defendants' Motion was copied almost word-for-word from a ***motion to dismiss*** in another case in this District—and that motion was itself copied from a ***motion to dismiss*** in the *Microsoft* case. While a motion to dismiss on the issue might be evaluated under a different legal standard when it comes to factual considerations, the ultimate legal conclusion should not change: Defendants' Motion should be denied.

Because Defendants' Motion is really a motion to dismiss[2], they could have brought it much earlier—before Valve or the Court invested many resources in this case. They did not. Nor did they plead lack of standing as a defense. *See generally* Dkt. 59, 63, 80. As explained above,

[2] By styling the Motion as one for summary judgment instead of a motion to dismiss, Defendants also circumvented the Court's chambers procedures requirement that parties meet and confer before filing a motion to dismiss. Chambers Procedure Section 5.6. A conference with Valve would at least have reminded Defendants of the *Microsoft* case and the Court's prior citation to it.

VALVE'S OPP TO DEFS' MOT FOR PARTIAL MSJ
CASE NO. 2:23-CV-1016

- 6 -

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

TOWNSEND 79903941 1

Defendants' Motion completely lacks merit. But if it had any merit whatsoever, then by waiting to file it Defendants have needlessly expended a year and a half of the parties' and the Court's time. *Cf. Symbology Innovations, LLC v. Valve Corp.*, No. 2:23-CV-00419-JRG, 2025 WL 364075, at *6–10 (E.D. Tex. Jan. 31, 2025) (issuing sanctions against Defendants' related companies in their cases against Valve for, among other things, "needlessly increasing the cost of litigation").

**2. Defendants appear to have plagiarized the majority of the Motion.**

The majority of Defendants' Motion appears to have been copied from a prior motion to dismiss filed by Accessify in *Canva US, Inc. v. Accessify, LLC* in this district. *See* Ex. 3 (*Canva US, Inc. v. Accessify, LLC*, No. 2:23-cv-1945-JLR, Dkt. 20 (W.D. Wash. Feb. 9, 2024)) (the "Accessify Brief") at 13–16. And many of the relevant paragraphs of the Accessify Brief appear to have been copied from MediaPointe's motion to dismiss in the *Microsoft* case. Ex. 4 (*Microsoft Corp. v. MediaPointe, Inc.*, No. 2:22-cv-1009, Dkt. 25 (C.D. Cal. Apr. 20, 2022)) ("MediaPointe Brief") at 7–11.

Comparing the first sentence from each of the first four paragraphs of the Argument section of Defendants' Motion to the Accessify and MediaPointe briefs illustrates (but does not fully reveal) Defendants' apparent plagiarism:

<u>First Sentence of First Paragraph:</u>

**Defendants:** The PTPA does not create a private right of action that Valve can enforce.

**Accessify:** The PTPA does not create a private right of action that Canva US can enforce.

**MediaPointe:** As the text of the PTPA shows, this statute does not create a private right of action that Microsoft can enforce.

<u>First Sentence of Second Paragraph:</u>

**Defendants:** Valve cannot inject a private right of action into the PTPA where the Washington State legislature did not include one.

**Accessify:** Canva US cannot inject a private right of action into the PTPA where the Washington State legislature did not include one.

VALVE'S OPP TO DEFS' MOT FOR PARTIAL MSJ
CASE NO. 2:23-CV-1016
TOWNSEND 79903941 1

- 7 -

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

**MediaPointe:** Microsoft cannot inject a private right of action into the PTPA where the Washington State legislature did not include one.

First Sentence of Third Paragraph:

**Defendants:** Unlike the PTPA, there are several statutes under the same Title 19 of the Revised Code of Washington that do allow a party to bring a private action.

**Accessify:** Unlike the PTPA, there are several statutes under the same Title 19 of the Revised Code of Washington that do allow a party to bring a private action.

**MediaPointe:** Unlike the PTPA, there are several statutes under the same Title 19 of the Revised Code of Washington which do allow a party to bring a private action.

First Sentence of Fourth[3] Paragraph:

**Defendants:** The legislative history of the PTPA additionally confirms that the Washington State Legislature consciously chose not to create a private right of action under this statute.

**Accessify:** The legislative history of the PTPA additionally confirms that the Washington State Legislature consciously chose not to create a private right of action under this statute.

**MediaPointe:** The legislative history of the PTPA additionally confirms that the Washington State Legislature consciously chose not to create a private right of action under this statute.

*Compare generally* Mot. at 5–10, *with* Ex. 3 at 13–16 (Accessify Brief) & Ex. 4 at 13–17 (MediaPointe Brief).

That Defendants appears to have copied one or more of the prior motions without attribution is further evidenced by various oddities in the Motion:

---

[3] There is a one-sentence paragraph between the third and fourth paragraphs in Defendants argument section. That single sentence is taken verbatim from the end of the third paragraph in the Accessify brief.

VALVE'S OPP TO DEFS' MOT FOR PARTIAL MSJ
CASE NO. 2:23-CV-1016

- 8 -

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

TOWNSEND 79903941 1

- There is a break in the underlining of "***by the attorney general***" in a block quote in Defendants' Motion. That break corresponds to a line break in the Accessify Brief. *Compare* Mot. at 5, *with* Ex. 3 (Accessify Brief) at 13.
- The Motion indicates emphases added where emphases existed in the Accessify Brief that did not carry over into Defendants' brief. *Compare* Mot. at 6 (indicating "emphasis added" where there are no emphases in a string-cite from Washington statutes), *with* Ex. 3 (Accessify Brief) at 14 (same quotes but with emphases).
- The Motion includes a sentence in which Defendants moved part of a citation to a footnote but did not alter the copied text from the Accessify Brief to remove the resulting unclosed parenthesis. *See* Mot. at 7 & n.1.

A close look at the case numbers at the top of Exhibit A to the Motion shows that it likely originated as an exhibit to the MediaPointe brief, was reused by Accessify, and then reused again by Defendants here. Screen shots from each of those exhibits are shown below:

**Defendants (Mot. Ex. A, Dkt. 111-1):**

Case 2:22ase02009-MCS9MRWLRDoDocument 20F2ed F4/80/28/9P24ge 5Page 2 of 32 ID #:429

**Accessify (Ex. 5):**

Case 2:22Case01009-MCS-MRWLRDocDocument 25-1 20-2Filed 04/20/22 02/09/24Page 5 of 35 2 of 32 Page ID #:429

**MediaPointe (Ex. 6):**

Case 2:22-cv-01009-MCS-MRW Document 25-1 Filed 04/20/22 Page 5 of 35 Page ID #:429

*Compare* Dkt. 111-1, *with* Ex. 5 (*Canva US, Inc. v. Accessify, LLC*, No. 2:23-cv-1945-JLR, Dkt. 20-2 (W.D. Wash. Feb. 9, 2024)) & Ex. 6 (*Microsoft Corp. v. MediaPointe, Inc.*, No. 2:22-cv-1009, Dkt. 25-1 (C.D. Cal. Apr. 20, 2022)).

As seen in the above images, the case numbers on Defendants' Exhibit A and attached to the Accessify brief have been printed over numbers from previous cases. And given that the MediaPointe filing (from the Central District of California) has "Page ID" numbers that are not used in the Western District of Washington and identical "Page ID" numbers appear in both

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

Defendants' and Accessify's filings, it stands to reason that the document originates from the MediaPointe filing.

Defendants' near wholesale duplication of another party's motion provides an independent reason for the Court to deny it. *See, e.g.*, *Vallejo v. Neil Jones Food Co.*, No. 24-cv-6835, 2025 WL 1684893, at *2–3 (N.D. Cal. June 16, 2025) (entering order to show cause and denying a motion partly on grounds that "whole sections . . . were lifted verbatim, without citation or attribution, from a motion in a different case, on behalf of a different defendant, represented by a different firm, and different attorneys"); *Stilp v. Borough of W. Chester*, No. 21-cv-3989, 2022 WL 10208256, at *1–2 (E.D. Pa. Oct. 17, 2022) (awarding fees to counsel for responding to brief that was "the product of plagiarism . . . apparent from the fact that [the copied] motion and brief even reproduce three editing errors").

Defendants' copy-paste job is all the more troubling here because Defendants do not cite *Microsoft* in their Motion, even though the *Microsoft* court ruled against the identical arguments Defendants lifted from the MediaPointe brief. Defendants offered no explanation why their already-rejected arguments should get renewed consideration by this Court, or why existing law should be reversed.

## IV. CONCLUSION

The Court should deny Defendants' Motion for Summary Judgment. As this Court recognized early in this case, the CPA and PTPA give Valve a private right of action.

VALVE'S OPP TO DEFS' MOT FOR PARTIAL MSJ
CASE NO. 2:23-CV-1016

- 10 -

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

TOWNSEND 79903941 1

DATED: August 29, 2025

Respectfully submitted,

KILPATRICK TOWNSEND & STOCKTON LLP

By: */s/ Dario A. Machleidt*

Dario A. Machleidt (State Bar No. 41860)
Kathleen R. Geyer (State Bar No. 55493)
Christopher P. Damitio (State Bar No. 58633)
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
Telephone: (206) 467-9600
dmachleidt@kilpatricktownsend.com
kgeyer@kilpatricktownsend.com
cdamitio@kilpatricktownsend.com

David A. Reed (*pro hac vice*)
100 Peachtree Street NE, Suite 2800
Atlanta, GA 30309
Telephone: (404) 745-2548
dreed@ktslaw.com

Attorneys for Plaintiff
VALVE CORPORATION

I certify that this memorandum contains 3,442 words, in compliance with the Local Civil Rules.

VALVE'S OPP TO DEFS' MOT FOR PARTIAL MSJ
CASE NO. 2:23-CV-1016

- 11 -

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

TOWNSEND 79903941 1

**CERTIFICATE OF SERVICE**

I hereby certify that on August 28, 2025, I served the within via the Court's CM/ECF system to all counsel who are registered participants identified on the Mailing Information for C.A. No. 2:23-cv-1016.

*/s/ Dario A. Machleidt*
Dario A. Machleidt

VALVE'S OPP TO DEFS' MOT FOR PARTIAL MSJ
CASE NO. 2:23-CV-1016

- 12 -

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

TOWNSEND 79903941 1