# EXHIBIT 2

| Washington State<br>House of Representatives<br>Office of Program Research<br>**Judiciary Committee** | **BILL ANALYSIS** |
|---|---|

## SSB 5059

**Title**: An act relating to bad faith assertions of patent infringement.

**Brief Description**: Creating the patent troll prevention act.

**Sponsors**: Senate Committee on Law & Justice (originally sponsored by Senators Frockt, Fain, Pedersen and Chase; by request of Attorney General).

---

**Brief Summary of Substitute Bill**

- Prohibits a person from making assertions of patent infringement in bad faith.
- Authorizes the Attorney General to bring civil actions regarding bad faith patent assertions.

---

**Hearing Date**: 3/17/15

**Staff**: Brent Campbell (786-7152).

**Background**:

Patent Law.
Patents grant a limited monopoly that gives the patent holder an exclusive right to make, use, or sell the patented innovation in exchange for disclosure of the patented innovation. Patents require five key elements: (1) patentable subject matter; (2) utility; (3) novelty; (4) non-obviousness; and (5) enablement. Patent examiners look at applications to determine if they meet these requirements. Patents that pass this process are presumed valid, but can be found invalid by the courts. Patent holders are not required to work on their innovations in order to retain their patents and may enforce or protect their patents through patent infringement suits in federal courts.

Washington Consumer Protection Act.
Washington's Consumer Protection Act (CPA) declares that "unfair or deceptive acts or practices" occurring in trade are unlawful.

---

*This analysis was prepared by non-partisan legislative staff for the use of legislative members in their deliberations. This analysis is not a part of the legislation nor does it constitute a statement of legislative intent.*

The CPA provides that any person who is injured in his or her business or property through such practices may bring a civil action to recover actual damages sustained and costs of the suit, including reasonable attorney's fees. Treble damages may also be awarded in the court's discretion, provided the damage award does not exceed $25,000. To prevail in a private action under the CPA, a plaintiff must establish five elements: (1) an unfair or deceptive act or practice; (2) occurring in trade or practice; (3) a public interest impact; (4) injury to the plaintiff in his or her business or property; and (5) a causal link between the unfair or deceptive acts and the injury suffered by the plaintiff.

The CPA also authorizes the Attorney General to bring an action in the name of the state, or as parens patriae on behalf of persons residing in the state, against any person in order to restrain and prevent unfair and deceptive acts or practices.

**Summary of Bill**:

A person may not make assertions of patent infringement in bad faith.

An "assertion of patent infringement" means:
- sending or delivering of a communication asserting that a person has engaged in patent infringement;
- threatening a person with litigation claiming that a person has engaged in patent infringement; or
- otherwise claiming that a person has engaged in patent infringement or that a person should obtain a license to a patent to avoid litigation.

Courts may look to a nonexhaustive list of factors to determine if an assertion of patent infringement is made in bad faith. One factor that the court may consider is whether a demand letter contains specific information, including a patent number, the name and address of the patent owner or owners, and facts relating to the specific areas in which the innovation infringes the patent or is covered by claims of the patent. Another factor is whether the person who sent the assertion of patent infringement failed to provide such information after it is requested.

A court may also consider a nonexhaustive list of factors as evidence that an assertion of patent infringement has been made in good faith. Such factors include whether the person asserting the patent infringement provided specific requested information within a reasonable period of time. Another such factor is whether the person asserting a patent infringement engaged in a reasonable analysis to establish an infringement and attempted to negotiate an appropriate remedy.

Unless done in bad faith, it is not an unfair or deceptive trade practice to:
- advise others of an ownership or right of license or enforcement;
- communicate to others that a patent is available for sale; or
- reasonably seek compensation on account of past or present infringement.

The Attorney General is authorized to bring an action in the name of the state or on behalf of persons residing in the state to enforce these provisions, and bad faith assertions of patent infringement vitally affect the public interest for causes of action brought by the Attorney

General.  Violations are also not reasonable in relation to the development and preservation of business and are an unfair or deceptive act in trade or commerce and an unfair method of competition for purposes of applying the CPA.

Demand letters may not be used to move for declaratory judgment in any underlying patent infringement litigation.

Demands letters or assertions of patent infringement that arise under certain federal statutes are exempt.  Exempted demand letters include those that relate to the submission of applications for drugs, veterinary biological products, or biological products, environmental pesticide control, the Plant Variety Protection Office, the Food, Drug, and Cosmetic Act, patents for plants, biological products, and limitations on damages, markings, and notice.

**Appropriation**:  None.

**Fiscal Note**:  Available.

**Effective Date**:  The bill takes effect 90 days after adjournment of the session in which the bill is passed.