# EXHIBIT 3

HON. JAMES L. ROBART

## UNITED STATES DISTRICT COURT

### FOR THE WESTERN DISTRICT OF WASHINGTON

### SEATTLE DIVISION

| | |
|---|---|
| CANVA US, INC.,<br><br>    Plaintiff,<br><br>  v.<br><br>ACCESSIFY, LLC and ASCEND IP, LLC,<br><br>    Defendants. | Case No. 2:23-cv-01945-JLR<br><br>**DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER**<br><br>NOTE ON MOTION CALENDAR:<br>March 8, 2024<br><br>**ORAL ARGUMENT REQUESTED** |

Motion to Dismiss
Case No. 2:23-cv-01945-JLR

Mann Law Group PLLC
403 Madison Ave. N. Ste. 240,
Bainbridge Island, WA 98110
Phone: 206-436-0900

# **TABLE OF CONTENTS**

**Page**

TABLE OF CONTENTS.................................................................................................. i

TABLE OF AUTHORITIES .......................................................................................... ii

INTRODUCTION ......................................................................................................... 6

FACTUAL BACKGROUND ......................................................................................... 7

LEGAL STANDARD .................................................................................................... 8

ARGUMENT ................................................................................................................. 9

    I.   THERE IS NO CASE OR CONTROVERSY WITH RESPECT TO CANVA US ..... 9

    II.  CANVA US HAS NO STANDING TO ASSERT THE PTPA ................................. 12

    III. THE PTPA CLAIMS MUST BE DISMISSED ........................................................ 15

    IV. IN THE ALTERNATIVE, DEFENDANTS MOVE TO TRANSFER THIS
          ACTION TO THE WESTERN DISTRICT OF TEXAS ........................................... 19

         A.  This Action Should Be Transferred Under the First-To-File Rule ................. 19

         B.  This Action Should Be Transferred Under Section 1404(a)........................... 23

CONCLUSION............................................................................................................. 27

CERTIFICATION OF COMPLIANCE ........................................................................ 28

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*3M Co. v. Avery Dennison Corp.*, 673 F.3d 1372 (Fed. Cir. 2012) ................................. 9

*Accessify v. Canva, Inc. et al.*, Case No. 1:23-cv-01289 (W.D. Tex. Oct. 23, 2023) ................. 6, 9

*Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622 (9th Cir. 1991) ........................... 19

*Anthis v. Copland*, 270 P.3d 574 (Wash. 2012) ..................................................11

*Aqua Connect, Inc. v. SHI Int'l Corp.*, Case No. CV 19-05662-AB (JPR),
    2019 U.S. Dist. LEXIS 233762 (C.D. Cal. Dec. 16, 2019) ................................. 19, 20

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ......................................................... 8

*Baker v. Carr*, 369 U.S. 186 (1962)............................................................. 7

*Bazrganian v. Mercedes-Benz USA, LLC*, Case No. 2:17-cv-06521-ODW(JPR),
    2017 U.S. Dist. LEXIS 180589 (C.D. Cal. Oct. 31, 2017)................................ 19, 20

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).............................................. 8

*Bewley v. CVS Health Corp.*, Case No. C17-802RSL,
    2017 U.S. Dist. LEXIS 184652 (W.D. Wash. Nov. 7, 2017) ................................ 20

*Bird-Johnson Corp. v. Dana Corp.*, 833 P.2d 375 (Wash. 1992)............................... 14

*Boler Co. v. Raydan Mfg.*, 415 F. Supp. 2d 896 (N.D. Ill. 2006).............................. 9

*Cardinal Chem. Co. v. Morton Int'l, Inc.*, 508 U.S. 83 (1993) .............................. 9

*Cho v. Surgery Partners, Inc.*, 30 F.4th 1035 (11th Cir. 2022) ............................. 21

*Church of Scientology v. U.S. Dep't of the Army*, 611 F.2d 738 (9th Cir. 1979)............. 19

*Copple v. Arthur J. Gallagher*, Case No. C22-0116-LK-SKV,
    2022 U.S. Dist. 176017 (W.D. Wash. Sept. 12, 2022)....................................... 19

*Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280 (9th Cir. 1977) .................... 8

*Durbin v. Berryhill*, Case No. C18-1446 RAJ,
   2019 U.S. Dist. LEXIS 66845 (W.D. Wash. Apr. 18, 2019) ................................... 7

*Dwyer v. J.I. Kislak Mortgage Corp.*, 13 P.3d 240 (Wash. Ct. App. 2000) ............................... 15

*Finisar Corp. v. Capella Photonics, Inc.*, Case No. 20-cv-07629-EMC,
   2021 U.S. Dist. LEXIS 41077 (N.D. Cal. Mar. 3, 2021) .................................. 10

*Gates v. USAA Cas. Ins. Co.*, Case No. 2:22-cv-00787-TL,
   2023 U.S. Dist. LEXIS 94518 (W.D. Wash. Mar. 22, 2023) ............................. 22

*Harris v. Comm'r of Soc. Sec.*, Case No. 2:23-CV-01054-LK,
   2023 U.S. Dist. LEXIS 197216 (W.D. Wash. Nov. 2, 2023) ............................... 8

*Hoffman v. Blaski*, 363 U.S. 335 (1960) ........................................................ 22

*Hong v. Recreational Equip., Inc.*, No. C19-951,
   2019 U.S. Dist. LEXIS 185371 (W.D. Wash. Oct. 25, 2019) .......................... 24

*Hydroflow USA LLC v. Hydrotech Sols., LLC*, Case No. C21-0714-JCC,
   2021 U.S. Dist. LEXIS 171463 (W.D. Wash. Sept. 9, 2021) .......................... 24

*In re Digimarc Corp. Deriv. Litig.*, 549 F.3d 1223 (9th Cir. 2008) ................................. 11

*In re Nat. Gas Royalties Qui Tam Litig. (CO2 Appeals)*, 566 F.3d 956 (10th Cir. 2009) ............. 20

*Jones v. GNC Franchising, Inc.*, 211 F.3d 495 (9th Cir. 2000) ...................................... 22

*K.S. v. Ambassador Programs, Inc.*, Case No. CV-08-243-RMP,
   2010 U.S. Dist. LEXIS 39343 (E.D. Wash. Apr. 21, 2010) ............................. 14

*Kohn Law Grp., Inc. v. Auto Parts Mfg. Miss., Inc.*, 787 F.3d 1237 (9th Cir. 2015) ........ 19, 20, 21

*Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994) .................................. 7

*Leopona, Inc. v. UK Cycling Events, Ltd.*, Case No. C17-1765RSM,
   2018 U.S. Dist. LEXIS 95373 (W.D. Wash. June 6, 2018) ............................... 8

*Lil' Man in the Boat, Inc. v. City & Cnty. of San Francisco*, 5 F.4th 952 (9th Cir. 2021) ............. 14

*Lyon v. Caterpillar, Inc.*, 194 F.R.D. 206 (E.D. Pa. 2000) .......................................... 15

*Organo Gold Int'l, Inc. v. Aussie Rules Marine Servs.*, Case No. C18-0108JLR,
   2018 U.S. Dist. LEXIS 87578 (W.D. Wash. May 24, 2018) ............................. 25

*Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93 (9th Cir. 1982) ................................ 19

*Paris v. Steinberg & Steinberg*, 828 F. Supp. 2d 1212 (W.D. Wash. 2011) ........................ 13

iii

*Park v. Dole Fresh Vegetables, Inc.*, 964 F. Supp. 2d 1088 (N.D. Cal. 2013) .............................. 24

*Rocha v. King Cnty.*, 460 P.3d 624 (Wash. 2020) ........................................................ 13

*Safe Air for Everyone v. Meyer*, 373 F.3d 1035 (9th Cir. 2004)............................................... 7

*SanDisk Corp. v. STMicroelectronics, Inc.*, 480 F.3d 1372 (Fed. Cir. 2007)................................. 10

*Schnall v. AT&T Wireless Servs., Inc.*, 168 Wn.2d 125, 225 P.3d 929 (Wash. 2010), *opinion withdrawn upon reconsideration by Schnall v. AT&T Wireless Servs., Inc.*, 171 Wn.2d 260, 259 P.3d 129 (Wash. 2011)............................................................. 14

*Schwarzengger v. Fred Martin Motor Co.*, 374 F.3d 797 (9th Cir. 2004) ...................................... 8

*Shroyer v. New Cingular Wireless Servs. Inc.*, 622 F.3d 1035 (9th Cir. 2010) ............................... 8

*SMIC v. Innovative Foundry Techs. LLC*, 473 F. Supp. 3d 1021 (N.D. Cal. 2020)...................... 21

*Studio 010 Inc. v. Digit. Cashflow LLC*, Case No. 2:20-cv-01018-DGE, 2023 U.S. Dist. LEXIS 184625 (W.D. Wash. Oct. 13, 2023) ................................. 8, 9

*Swangler v. Cherne Contracting Corp.*, Case No. 20-cv-00611-HSG, 2021 U.S. Dist. LEXIS 249819 (N.D. Cal. Jan. 22, 2021) ........................................ 21

*United States ex rel. Osinek v. Permanente Med Grp., Inc.*, 601 F. Supp. 3d 536 (N.D. Cal. 2022) ................................................................ 20

*Van Dusen v. Barrack*, 376 U.S. 612 (1964) ............................................................. 22

*White v. Lee*, 227 F.3d 1214 (9th Cir. 2000) ............................................................. 7

*Williams v. Bowman*, 157 F. Supp. 2d 1103 (N.D. Cal. 2001) ............................................ 23

*Wolfe v. Strankman*, 392 F.3d 358 (9th Cir. 2004) ...................................................... 7

*Wolfson v. Brammer*, 616 F.3d 1045 (9th Cir. 2010)...................................................... 15

*Wright v. Lyft, Inc.*, 406 P.3d 1149 (Wash. 2017)........................................................ 13


**Statutes**

28 U.S.C. § 1404(a) ....................................................................... 22, 23, 26

28 U.S.C. § 2201(a) ............................................................................ 8

RCW § 19.100.190 ............................................................................ 12

iv

RCW § 19.100.210 ........................................................................................................................ 12

RCW § 19.116.100 ........................................................................................................................ 12

RCW § 19.138.280 ........................................................................................................................ 12

RCW § 19.350.010 ........................................................................................................................ 15

RCW § 19.350.020(1) ............................................................................................................... 15, 16

RCW § 19.350.020(2)(a) ............................................................................................................... 17

RCW § 19.350.020(2)(b) ............................................................................................................... 18

RCW § 19.350.020(2)(c) ............................................................................................................... 16

RCW § 19.350.020(2)(d) ............................................................................................................... 16

RCW § 19.350.020(2)(e) ............................................................................................................... 17

RCW § 19.350.020(3) ................................................................................................................... 16

RCW § 19.350.020(4) ................................................................................................................... 17

RCW § 19.350.020(4)(b)(i) ........................................................................................................... 16

RCW § 19.350.020(4)(c) ............................................................................................................... 17

RCW § 19.350.020(5)(c) ............................................................................................................... 18

RCW § 19.350.030 ........................................................................................................................ 11

RCW § 19.86 ................................................................................................................................. 11

RCW § 19.86.020 .......................................................................................................................... 14


**Rules**

Fed. R. Civ. P. 12(b)(1) ........................................................................................................ passim

Fed. R. Civ. P. 12(b)(6) ....................................................................................................... 8, 18, 26

v

Defendants Accessify, LLC ("Accessify") and Ascend IP, LLC ("Ascend IP") (collectively, "Defendants") respectively submit this memorandum of law in support of its motion to dismiss the Complaint (Dkt. No. 1) filed by Plaintiff Canva US, Inc. ("Canva US" or "Plaintiff").

## INTRODUCTION

On October 23, 2023, Accessify filed a patent infringement lawsuit in the Western District of Texas against Canva, Inc. and Canva Pty Ltd. (collectively, "Canva Australia"), both of which are Australian business entities, alleging that Canva Australia's acts in the United States infringe certain Asserted Patents (defined below). On December 18, 2023—after becoming aware of the Complaint, but before Canva Australia was even served with the Complaint in the Western District of Texas case—Canva US filed its Complaint in this Court to try to avoid the pending Texas litigation against its parent. The Complaint includes nine claims for relief. Claims I through VIII seek a declaratory judgment that Canva US does not infringe any of the Asserted Patents. Claim IX requests injunctive relief and monetary damages under Washington State's Patent Troll Prevention Act (the "PTPA") and the Consumer Protection Act (the "WCPA"). Each of the claims of the Complaint is incurably deficient and must be dismissed.

First, there is no case or controversy between Accessify and Canva US and, consequently, Claims I through VIII must be dismissed in their entirety. Accessify filed the Western District of Texas litigation against Canva Australia—*not* Canva US—for *Canva Australia*'s infringement of the Asserted Patents. On or about November 1, 2023, an employee of Ascend IP sent a letter to Canva, Inc. (*not* Canva US), describing the entire Accessify patent portfolio and conveying that litigation had been filed against Canva, Inc. The letter contained no demand or threat; rather, it only inquired as to whether Accessify and Canva, Inc. might be able to resolve the dispute through licensing options rather than expend significant amounts on litigation. There has been no formal communication between Accessify or Ascend IP and Canva US, let alone any communication that would indicate that Accessify intends to enforce its rights in the Asserted Patents against Canva US.

MOTION TO DISMISS OR TRANSFER
W.D. Wash. No. 2:23-cv-01945-JLR - Page |6

**MANN LAW GROUP PLLC**
403 Madison Ave. N. Ste. 240
Bainbridge Island, WA 98110
Phone: 206-436-0900

Second, Canva US has no standing to assert the PTPA or WCPA. The PTPA is unambiguous on its face that only the Washington State Attorney General can enforce the PTPA through the WCPA; there is no private right of action. This is confirmed by the language of the surrounding statutes in the same chapter as the PTPA (some of which do provide for a private right of action) and the legislative history of the act. Furthermore, Canva US cannot bring suit under the PTPA or WCPA both because it is not a citizen of the State of Washington and because there were no assertions of patent infringement, no threat of litigation, nor any demand whatsoever made from Ascend IP against Canva US. Moreover, the PTPA expressly bars reliance on demand letters or assertions of patent infringement as a basis to file for declaratory judgment. In addition, even if Canva US could bring suit under the PTPA and WCPA (it cannot), Ascend IP did not transmit any assertions of patent infringement in bad faith and, therefore, Canva US has not stated a plausible claim under the statute.

The Complaint is fatally flawed for these reasons, and as set forth more fully below. Canva US should not be permitted to amend the Complaint because no amendment can solve the issues identified herein. Instead, the Complaint must be dismissed in its entirety with prejudice.

## FACTUAL BACKGROUND

On October 23, 2023, Accessify filed a patent infringement lawsuit in the Western District of Texas against Canva Australia. *See* Complaint (Dkt. No. 1), *Accessify v. Canva, Inc. et al.*, Case No. 1:23-cv-01289 (W.D. Tex. Oct. 23, 2023). That suit alleges that Canva Australia's acts in the United States infringe U.S. Patent Nos. 7,316,032 (the "'032 patent"), 7,472,354 (the "'354 patent"), 7,562,397 (the "'397 patent"), 7,752,656 (the "'656 patent"), 8,069,489 (the "'489 patent"), 8,416,266 (the "'266 patent"), 9,400,586 (the "'586 patent"), and 10,554,424 (the "'424 patent") (collectively, the "Asserted Patents"). On December 22, 2023, Canva, Inc. was served in the Western District of Texas case, and Canva Pty Ltd. was served on January 2, 2024. At this early stage in the case, no infringement or invalidity contentions have been served, and merits discovery has yet to commence. In fact, Canva Australia has not even answered or

MOTION TO DISMISS OR TRANSFER
W.D. Wash. No. 2:23-cv-01945-JLR - Page |7

**MANN LAW GROUP PLLC**
403 Madison Ave. N. Ste. 240
Bainbridge Island, WA 98110
Phone: 206-436-0900

otherwise filed responsive papers with respect to the Complaint in the Western District of Texas case.

On December 18, 2023—after becoming aware of the Texas action, but before Canva Australia was even served with the Complaint in the Western District of Texas case—Canva US filed its Complaint in this Court. *See* Compl. (Dkt. No. 1). The Complaint includes nine claims for relief. Claims I through VIII seek a declaratory judgment that Canva US does not infringe any of the Asserted Patents. Claim IX requests injunctive relief and monetary damages under the PTPA and the CPA.

Notably, neither Canva Australia nor Canva US first sought relief in the Western District of Texas on any of the issues that are raised in the Complaint here.

## LEGAL STANDARD

"The court must dismiss a complaint under Rule 12(b)(1) if, viewing the factual allegations in the light most favorable to the plaintiff, the underlying action . . . is not a case or controversy within the meaning of the Constitution . . . ." *Durbin v. Berryhill*, Case No. C18-1446 RAJ, 2019 U.S. Dist. LEXIS 66845, at *1 (W.D. Wash. Apr. 18, 2019) (*citing Baker v. Carr*, 369 U.S. 186, 198 (1962)). "Federal courts are courts of limited jurisdiction, and are presumed to lack subject matter jurisdiction until plaintiff establishes otherwise." *Id.* at *2 (*citing Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). "Therefore, the plaintiff bears the burden of proving the existence of subject matter jurisdiction." *Id.* (citation omitted). Jurisdictional attacks under Rule 12(b)(1) "can be either facial or factual." *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). "[I]n a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). By contrast, in a facial attack, "the challenger asserts that the allegations contained in the complaint are insufficient on their face to invoke federal jurisdiction." *Id.* In deciding a facial challenge, the court "take[s] the allegations in the plaintiff's complaint as true." *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004).

---

MOTION TO DISMISS OR TRANSFER
W.D. Wash. No. 2:23-cv-01945-JLR - Page |8

**MANN LAW GROUP PLLC**
403 Madison Ave. N. Ste. 240
Bainbridge Island, WA 98110
Phone: 206-436-0900

Federal Rule of Civil Procedure 12(b)(2) provides that "[a] defendant may move, prior to trial, to dismiss the complaint for lack of personal jurisdiction." *Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1977) (*citing* Fed. R. Civ. P. 12(b)(2)). "Where a defendant moves to dismiss a complaint for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction is appropriate." *Schwarzengger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). "[T]his demonstration requires that the plaintiff 'make only a prima facie showing of jurisdictional facts to withstand the motion to dismiss.'" *Leopona, Inc. v. UK Cycling Events, Ltd.*, Case No. C17-1765RSM, 2018 U.S. Dist. LEXIS 95373, at *6-7 (W.D. Wash. June 6, 2018) (citation omitted). "[F]or the purpose of this demonstration, the court resolves all disputed facts in favor of the plaintiff." *Id.* at *7.

"Dismissal under Rule 12(b)(6) may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Harris v. Comm'r of Soc. Sec.*, Case No. 2:23-CV-01054-LK, 2023 U.S. Dist. LEXIS 197216, at *5 (W.D. Wash. Nov. 2, 2023) (*citing Shroyer v. New Cingular Wireless Servs. Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

## **ARGUMENT**

## I.     **THERE IS NO CASE OR CONTROVERSY WITH RESPECT TO CANVA US**

"The Declaratory Judgement Act provides that 'in a case of actual controversy,' a federal court may 'declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.'" *Studio 010 Inc. v. Digit. Cashflow LLC*, Case No. 2:20-cv-01018-DGE, 2023 U.S. Dist. LEXIS 184625, at *14 (W.D. Wash. Oct. 13, 2023) (*quoting* 28 U.S.C. § 2201(a)). "Whether an actual case or controversy exists so that a district court may entertain an action for a declaratory judgment of non-infringement and/or invalidity is governed by Federal Circuit law." *3M Co. v. Avery Dennison Corp.*, 673 F.3d 1372,

1377 (Fed. Cir. 2012). "A controversy requires an affirmative act by the patentee to enforce their rights; it is not enough that a party merely 'learns of the existence of a patent owned by another or even perceives such a patent to pose a risk of infringement.'" *Studio 010 Inc.*, 2023 U.S. Dist. LEXIS 184625, at *15 (citation omitted). The burden is on the party seeking declaratory judgment to show there is a case or controversy. *Cardinal Chem. Co. v. Morton Int'l, Inc.*, 508 U.S. 83, 95 (1993).

Here, Defendants have taken no steps to enforce the Asserted Patents against Canva US, nor does the Complaint make any such allegations. Accessify filed the Western District of Texas litigation against Canva Australia—***not*** Canva US—for Canva Australia's infringement of the Asserted Patents. *See* Complaint (Dkt. No. 1), *Accessify v. Canva, Inc. et al.*, Case No. 1:23-cv-01289 (W.D. Tex. Oct. 23, 2023). On or about November 1, 2023, an employee of Ascend IP (not Accessify, who owns the Asserted Patents) allegedly sent a confidential letter to Canva, Inc., addressed to its New South Wales, Australia address (again, ***not*** Canva US), pursuant to Federal Rule of Evidence 408. *Id.* ¶ 49. The letter did not contain any threats or make any demands of Canva, Inc. Rather, it only described the entire Accessify patent portfolio, informed Canva, Inc. that the litigation had been commenced, and asked whether Canva, Inc. would like to schedule a call to explore licensing options rather than expend significant amounts on litigation. *Id.* ¶¶ 49-52. A suit against a parent company, or a letter sent to the parent trying to resolve that suit, cannot form the basis of a declaratory judgment action brought by a subsidiary of that parent. *Cf. Boler Co. v. Raydan Mfg.*, 415 F. Supp. 2d 896, 902 n.5 (N.D. Ill. 2006) ("[B]eing a parent corporation is not sufficient to give a party the right to seek a declaratory judgment regarding the legality of its subsidiary's conduct.").

The only communication that Canva US alleges Ascend IP made directly to Canva US was a personal email sent privately by an employee of Ascend IP through their personal Gmail account on or about October 25, 2023 to a former colleague, now working at Canva US, at their personal

MOTION TO DISMISS OR TRANSFER
W.D. Wash. No. 2:23-cv-01945-JLR - Page |10

**MANN LAW GROUP PLLC**
403 Madison Ave. N. Ste. 240
Bainbridge Island, WA 98110
Phone: 206-436-0900

Gmail account.[1]  Compl. ¶ 48.  The Ascend IP employee and the Canva US employee were previously acquainted, and the Ascend IP employee sought to honor that acquaintance by letting the Canva US employee know about the litigation filed against Canva Australia.  *See* Exhibit A.  The October 25th personal email did not mention the Asserted Patents, it did not accuse Canva US of infringement, it did not threaten litigation, nor did it make any demand.  *Id.*  There simply was nothing in the communication that even hinted that Accessify was considering asserting its rights in the Asserted Patents against Canva US.  *See, e.g., Finisar Corp. v. Capella Photonics, Inc.*, Case No. 20-cv-07629-EMC, 2021 U.S. Dist. LEXIS 41077, at *11-12 (N.D. Cal. Mar. 3, 2021) (no case or controversy in part because there was no communication from defendant indicating an intent to enforce the patents against the plaintiff).  Indeed, Canva US was not even mentioned in the communication.  *See* Exhibit A.  Rather, like the November 1st informational letter, the October 25th personal email focused exclusively on the litigation that had already been filed against Canva Australia and expressed a desire to explore resolving the dispute with Canva Australia.

Because neither Accessify nor Ascend IP took any affirmative acts to enforce Accessify's rights in the Asserted Patents against Canva US, there is no case or controversy sufficient to find jurisdiction under the Declaratory Judgment Act.  *See, e.g. SanDisk Corp. v. STMicroelectronics, Inc.*, 480 F.3d 1372, 1380-81 (Fed. Cir. 2007).  For these reasons, Counts I through VIII must be dismissed in their entirety pursuant to Rule 12(b)(1).

---

[1]  The LinkedIn page for the employee simply lists his place of employment as "Canva."  *See* https://www.linkedin.com/in/anwarhaneef/.  It is impossible to know from the face of this page whether the employee works for Canva, Inc. or Canva US.  Nonetheless, because the allegations of the Complaint must be taken as true in deciding a motion to dismiss under Rule 12(b)(1), for purposes of this motion to dismiss Defendants will assume that the employee is employed by Canva US.

**MANN LAW GROUP PLLC**
403 Madison Ave. N. Ste. 240
Bainbridge Island, WA 98110
Phone: 206-436-0900

## II.   CANVA US HAS NO STANDING TO ASSERT THE PTPA

The PTPA does not create a private right of action that Canva US can enforce.  In fact, it does not expressly create a cause of action at all.  Rather, the PTPA empowers the Washington State Attorney General to enforce its provisions by bringing a claim under a separate statute—Washington's Consumer Protection Act, RCW § 19.86 (the "WCPA").  The PTPA provides:

> **_The attorney general_** may bring an action in the name of the state, or as parens patriae on behalf of persons residing in the state, to enforce this chapter.  For actions brought **_by the attorney general_** to enforce the provisions of this section, the legislature finds that the practices covered by this section are matters vitally affecting the public interest for the purpose of applying the consumer protection act, chapter 19.86 RCW.  For actions brought **_by the attorney general_** to enforce this chapter, a violation of this chapter is not reasonable in relation to the development and preservation of business and is an unfair or deceptive act in trade or commerce and an unfair method of competition for purposes of applying the consumer protection act, chapter 19.86 RCW.

RCW 19.350.030 (emphasis added).  These provisions of the PTPA mean what they expressly say: the Attorney General of Washington State, and **_only_** the Attorney General, can enforce the PTPA.

Canva US cannot inject a private right of action into the PTPA where the Washington State legislature did not include one.  Under both Washington State and Federal law, a court should not "read into [a] statute language the legislature has omitted, whether intentionally or inadvertently, unless it is required to make the statute rational or to effectuate the clear intent of the legislature." *Anthis v. Copland*, 270 P.3d 574, 581 (Wash. 2012).  This is especially true where, as here, "the legislature had a clear blueprint for express language."  *Id.* at 580; *see also In re Digimarc Corp. Deriv. Litig.*, 549 F.3d 1223, 1231 (9th Cir. 2008) ("[A]nalogous provisions expressly providing for private causes of action can imply [legislative] intent not to create an implied cause of action.") (citation omitted).

Unlike the PTPA, there are several statutes under the same Title 19 of the Revised Code of Washington that do allow a party to bring a private action.  However, those statutes that prescribe

---

**MANN LAW GROUP PLLC**
403 Madison Ave. N. Ste. 240
Bainbridge Island, WA 98110
Phone: 206-436-0900

a private right of action do so explicitly.  *See, e.g.,* RCW § 19.100.190 ("Any person who sells or offers to sell a franchise in violation of this chapter shall be liable to ***the franchisee or subfranchisor who may sue*** at law or in equity for damages caused thereby for rescission or other relief as the court may deem appropriate.") (emphasis added); RCW § 19.138.280 ("In addition to any other penalties or remedies under chapter 19.86 RCW, ***a person who is injured*** by a violation of this chapter ***may bring an action*** for recovery of actual damages, including court costs and attorneys' fees.") (emphasis added); RCW § 19.116.100 (listing persons who may bring an action for damages).  Notably, some of these statutes also separately allow the Attorney General to bring his or her own claim for civil penalties and other relief.  *Compare* RCW § 19.100.190 (creating private right of action for violation of statute), *with* RCW § 19.100.210 (empowering attorney general to bring an action to enforce the same statute).  As these statutes demonstrate, where the Washington State Legislature intends to empower any party, public or private, to enforce a statute, it does so in explicit terms.  If the Washington State legislature intended to provide a private right of action under the PTPA, it could easily have used the same language as it did in those neighboring statutes.  The PTPA's silence regarding a private right of action speaks volumes, and the legislature's intentional omission of a private right of action here should be honored.

The legislative history of the PTPA additionally confirms that the Washington State Legislature consciously chose not to create a private right of action under this statute.[2]  During a January 20, 2015 hearing before the Washington Senate Law & Justice Committee, Senator Frockt, a sponsor of the bill that became the PTPA, testified about the purpose and effect of the PTPA.  *See* Exhibit B (Hearing on SSB 5059 Before the Sen. Law & Jus. Comm. (Jan. 20, 2015), recording by TVW, Washington State's Public Affairs Network, available at https://www.tvw.org/watch/?eventID=2015011178).   He acknowledged that SSB 5029 was

---

[2]     Accessify and Ascend IP respectfully request that the Court take judicial notice of these legislative history documents.  "[A] court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment."  *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018) (citation omitted).

---

MOTION TO DISMISS OR TRANSFER
W.D. Wash. No. 2:23-cv-01945-JLR - Page |13

**MANN LAW GROUP PLLC**
403 Madison Ave. N. Ste. 240
Bainbridge Island, WA 98110
Phone: 206-436-0900

introduced at the request of the Attorney General.  *See id.* at 5:22-6:16.  Senator Frockt further

stated: "I think that the fact that attorney general will kind of serve as a gatekeeper for enforcement

of these actions is important and will prevent sort of a reverse abuse from happening.  I think that's

very important."  *Id.* at 6:16-22.  In that same hearing, John Nelson, a consumer protection attorney

for the Office of the Attorney General for the State of Washington similarly testified: "One

noteworthy part about this proposed legislation ***is that it does not involve a private cause of action***.

First and foremost, the Attorney General will be the gatekeeper."  *Id.* at 17:22-25 (emphasis

added).  These statements from sponsors and supporters of the bill that became the PTPA all clearly

reflect  the legislature's intent for the Attorney General to enforce the PTPA, not private parties

like Canva US.

Canva US also has no implied right to bring an action under the PTPA.  To determine

whether a statute creates an implied private right of action, Washington courts consider three

factors: "(1) whether the plaintiff is within the class for whose especial benefit the statute was

enacted, (2) whether legislative intent supports creating or denying a remedy, and (3) whether

implying a remedy is consistent with the underlying purpose of the legislation."  *Rocha v. King

Cnty.*, 460 P.3d 624, 631-32 (Wash. 2020) (citation omitted).  Here, Canva US is ***not*** within the

class for whose benefit the statute was enacted.  The PTPA was enacted to protect the citizens of

Washington State.  Canva US is a Delaware corporation with its principal place of business in

Texas.  Compl. ¶ 4.  Furthermore, the Washington State legislature has made clear its express

intent for how the PTPA should be enforced—as a WCPA action brought solely by the Washington

State Attorney General.  The Supreme Court of Washington has held that where a statute like the

PTPA provides for relief under the WCPA, it does not create any additional private right of action

by implication.  *See Wright v. Lyft, Inc.*, 406 P.3d 1149, 1153 (Wash. 2017) (plaintiff had no private

right of action under statute which indicated that claims should be brought under the WCPA);

*Paris v. Steinberg & Steinberg*, 828 F. Supp. 2d 1212, 1218 (W.D. Wash. 2011) (same).  Moreover,

creating an implied private right of action under the PTPA would allow a party to circumvent the

**MANN LAW GROUP PLLC**
403 Madison Ave. N. Ste. 240
Bainbridge Island, WA 98110
Phone: 206-436-0900

Washington State Attorney General's authority as the "gatekeeper" of PTPA actions, and thus frustrate the intent of the legislature that enacted this statute. Washington courts "will not imply a private cause of action when the drafters of a statute evidenced a contrary intent; public policy is to be declared by the Legislature, not the courts." *Bird-Johnson Corp. v. Dana Corp.*, 833 P.2d 375, 377 (Wash. 1992). This Court, interpreting Washington State law, should similarly not imply a private cause of action where the Washington State legislature intended for none to exist. *See also Lil' Man in the Boat, Inc. v. City & Cnty. of San Francisco*, 5 F.4th 952, 959 (9th Cir. 2021) ("Without evidence of a congressional intent to create both a private right and a private remedy, a private right of action does not exist and courts may not create one, no matter how desirable that might be as a policy matter, or how compatible with the statute.") (citation omitted).

The plain language of the PTPA makes it clear only the Attorney General can enforce the statute and, only through such enforcement, can a violation of the PTPA become an unfair method of competition in violation of Section 19.86.020 of the WCPA. Any other interpretation strains credibility and ignores the clear intent of the Washington State Legislature in favor the judicial creation of a private cause of action that otherwise does not exist in the statute.

For all of these reasons, Canva US lacks standing to bring a claim under the PTPA, and Count IX therefore must be dismissed in its entirety pursuant to Rule 12(b)(1).

## III.   THE PTPA CLAIMS MUST BE DISMISSED

Even if Canva US could theoretically bring a claim under the PTPA as a private party enforcer (it cannot), Canva US's claims must still be dismissed.

First, Canva US is not a citizen of Washington State (*see* Compl. ¶ 4) and, therefore, lacks standing to bring suit under the Washington statute. *See K.S. v. Ambassador Programs, Inc.*, Case No. CV-08-243-RMP, 2010 U.S. Dist. LEXIS 39343, at *4-5 (E.D. Wash. Apr. 21, 2010) (*citing Schnall v. AT&T Wireless Servs., Inc.*, 168 Wn.2d 125, 225 P.3d 929 (Wash. 2010), *opinion withdrawn upon reconsideration by Schnall v. AT&T Wireless Servs., Inc.*, 171 Wn.2d 260, 259 P.3d 129 (Wash. 2011)); *Dwyer v. J.I. Kislak Mortgage Corp.*, 13 P.3d 240, 243 (Wash. Ct. App.

**MANN LAW GROUP PLLC**
403 Madison Ave. N. Ste. 240
Bainbridge Island, WA 98110
Phone: 206-436-0900

2000) ("The Washington Legislature passed the Consumer Protection Act for a laudable purpose: to protect Washington citizens from unfair and deceptive trade and commercial practices."); *Lyon v. Caterpillar, Inc.*, 194 F.R.D. 206, 216 (E.D. Pa. 2000) ("[S]tate consumer protection acts are designed to protect the residents of the states in which [they] are promulgated.").

Second, Canva US's claimed violation of the PTPA is based on the October 25, 2023 personal email to the Canva US employee and the November 1, 2023 informational letter to Canva, Inc. The November 1st informational letter was not made to Canva US and, as such, Canva US has no standing to assert a violation of the PTPA against Canva Australia based on the November 1st informational letter. To hold otherwise would allow a slippery slope of PTPA claims brought by anyone without any direct connection to the alleged assertions of patent infringement.[3]

Third, the PTPA is not intended to apply once litigation is filed. The PTPA states: "A person may not make assertions of patent infringement in bad faith." RCW § 19.350.020(1). "Assertion of patent infringement" is defined, in part, as "***Threatening a target with litigation*** asserting, alleging, or claiming that the target has engage in patent infringement" or "Otherwise making claims or allegations, ***other than those made in litigation*** against a target, that a target has engaged in patent infringement or that a target should obtain a license to a patent ***in order to avoid litigation***." RCW § 19.350.010(1)(b) & (d) (emphasis added). Here, both the October 25, 2023 personal email to the Canva US employee and the November 1, 2023 informational letter to Canva, Inc. occurred ***after*** the Western District of Texas case commenced. Thus, the PTPA does not apply to these communications.

---

[3]    "At an irreducible constitutional minimum, standing requires the party asserting the existence of federal court jurisdiction to establish three elements: (1) an injury in fact that is (a) concrete and particularized and (b) actual or imminent; (2) causation; and (3) a likelihood that a favorable decision will redress the injury." *Wolfson v. Brammer*, 616 F.3d 1045, 1056 (9th Cir. 2010) (citation omitted). Because the November 1st informational letter was not sent to Canva US, Canva US cannot show any injury in fact or causation. Further, because there was no injury to Canva US, a finding that the either of those communications violated the PTPA (which they did not) would not redress any injury to Canva US. Thus, none of the *Wolfson* criteria are satisfied.

---

**MANN LAW GROUP PLLC**
403 Madison Ave. N. Ste. 240
Bainbridge Island, WA 98110
Phone: 206-436-0900

Fourth, even if the PTPA allowed for a private cause of action (which it does not), and even if the two communications on which Canva US rely were demand letters or assertions of patent infringement (they were not), the PTPA expressly bars reliance on such letters or assertions as the basis to file for a declaratory judgment.  *See* RCW § 19.350.020(3) ("Nothing in the demand letter or patent assertion may be used to move for declaratory judgment in underlying patent infringement litigation.").  Canva US's declaratory judgment claims should be denied for this additional reason.

Fifth, Canva US has not stated a plausible claim under the PTPA.  The PTPA states: "A person may not make assertions of patent infringement ***in bad faith***."  RCW § 19.350.020(1) (emphasis added).  Ascend IP did not make any of assertions of patent infringement in bad faith. At the time of the October 25th personal email and the November 1st informational letter, Accessify had already filed suit in the Western District of Texas against Canva Australia.  *See* RCW § 19.350.020(2)(d) (bad faith to threaten legal action that cannot legally be taken).  Prior to initiating that litigation, Accessify performed the required due diligence, including a limitation-by-limitation comparison of the asserted exemplary claim of each patent to the respective accused products, to determine whether the Canva online visual communications and collaboration platform infringed the Asserted Patents.  *See* RCW § 19.350.020(4)(b)(i) (assertion made in good faith if such an analysis is conducted first); *see also* RCW § 19.350.020(2)(c) (bad faith not to conduct such an analysis).  That analysis confirmed that Canva Australia infringed each of the Asserted Patents, as alleged in the Western District of Texas Complaint.

The October 25th personal email was an informal contact between acquaintances simply to attempt to open lines of communication between Accessify and Canva, Inc.  It was not a demand letter at all, but rather an offer to open communications to enable discussions about the technology and potential for licenses.  No communication of Ascend IP or any of its employees alleged any infringement.  No threats were made of any litigation; the communications only provided a "heads up" about pending litigation against Canva Australia and, consequently, did not include any

MOTION TO DISMISS OR TRANSFER
W.D. Wash. No. 2:23-cv-01945-JLR - Page |17

**MANN LAW GROUP PLLC**
403 Madison Ave. N. Ste. 240
Bainbridge Island, WA 98110
Phone: 206-436-0900

threatening information regarding the Asserted Patents or the other patents in Accessify's patent portfolio. *See* Exhibit A. Indeed, it did not even mention the Asserted Patents or Canva US, let alone claim that Canva US infringed the Asserted Patents. *Id.* Thus, not only was the October 25th personal email sent in good faith, but it also does not fall within the scope of the PTPA because it lacks any assertions of patent infringement.

Even if the November 1st informational letter made demands (which it did not), it would nevertheless satisfy the "good faith" test of RCW § 19.350.020(4). The letter contained all the information required by the PTPA: the patent numbers of the Asserted Patents, as well as the other patents in Accessify's patent portfolio; the full name and address of Ascend IP, as well as information about Accessify by citing the case number; and factual allegations relating to the specific areas in which the target's product, service, or technology infringes the patents or is covered by the claims in the patents. *See* Compl. Ex. L; *see also* RCW § 19.350.020(2)(a) (bad faith to lack this information). Specifically, the letter informs Canva, Inc. that the "inventions claimed in the Portfolio enable a variety of paywall and internet technologies including: digital content subscription, customer loyalty system, online search and advertising, web address resolution, and detail-in-context data presentation." Compl. Ex. L at 1-2. The letter also informs Canva, Inc. that Accessify's patent portfolio has "been extensively charted and is being litigated." *Id.* at 2; *see also* RCW § 19.350.020(4)(c) (assertion made in good faith if there is demonstrated reasonable efforts to enforce the patents). There is nothing false, misleading, or deceptive in the November 1st letter. *See* RCW § 19.350.020(2)(e) (bad faith for an assertion to contain false, misleading or deceptive information). The November 1st letter was sent in good faith, with the purpose of opening dialogue regarding the possibility of settlement after a viable infringement suit had already been initiated against Canva Australia.

Neither Canva Australia nor Canva US has requested any further information about the Asserted Patents or Accessify's patent portfolio, nor have they requested that Accessify withdraw the allegations in the Western District of Texas case. Further, neither Accessify nor Ascend IP

---

MOTION TO DISMISS OR TRANSFER
W.D. Wash. No. 2:23-cv-01945-JLR - Page |18

**MANN LAW GROUP PLLC**
403 Madison Ave. N. Ste. 240
Bainbridge Island, WA 98110
Phone: 206-436-0900

have refused to provide any additional information to Canva Australia regarding Accessify's patent portfolio. In fact, they have explicitly invited additional questions from Canva Australia. *See* RCW § 19.350.020(2)(b) (bad faith if the person failed to provide certain requested information within a reasonable time).

Communications with a company after the filing of a lawsuit cannot possibly violate the PTPA, especially when both the litigation and the subsequent letter were initiated in good faith. As a matter of policy, such an interpretation would stifle all settlement talks with a defendant for fear that contact to discuss settlement would give rise to precisely the type of action that Canva US is trying to bring here. The PTPA was designed to prevent unwarranted patent assertions in letters sent to Washington citizens or residents, not to stifle all communications about patent litigations that were filed in other states. *See* RCW § 19.350.020(5)(c) ("Unless done in bad faith, nothing in this section may be construed to deem it an unfair or deceptive trade practice for any person who owns or has the right to license or enforce a patent to: . . . seek compensation on account of a past or present infringement, or license to the patent, when it is reasonable to believe that the person from whom compensation is sought may owe such compensation or may need or want such a license to practice the patent.").

In sum, even if Canva US had standing to bring a claim under the PTPA (it does not), Count IX still must be dismissed in its entirety pursuant to Rule 12(b)(6) because the assertions of patent infringement were made in good faith and for the other reasons discussed above.

## IV. IN THE ALTERNATIVE, DEFENDANTS MOVE TO TRANSFER THIS ACTION TO THE WESTERN DISTRICT OF TEXAS

The Complaint should be dismissed in its entirety as explained in Sections I through III, *supra*. In the alternative, however, this Court should transfer the action to the Western District of Texas either pursuant to the first-to-file rule or under a traditional Section 1404(a) analysis.

### A. <u>This Action Should Be Transferred Under the First-To-File Rule</u>

The first-to-file rule "permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district."

---

MOTION TO DISMISS OR TRANSFER
W.D. Wash. No. 2:23-cv-01945-JLR - Page |19

**MANN LAW GROUP PLLC**
403 Madison Ave. N. Ste. 240
Bainbridge Island, WA 98110
Phone: 206-436-0900

*Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94-95 (9th Cir. 1982). In determining whether the rule applies, courts consider: (1) chronology of the lawsuits, (2) similarity of the parties, and (3) similarity of the issues. *Kohn Law Grp., Inc. v. Auto Parts Mfg. Miss., Inc.*, 787 F.3d 1237, 1240 (9th Cir. 2015). The first-to-file rule is intended to "serve[] the purpose of promoting efficiency well and should not be disregarded lightly." *Church of Scientology v. U.S. Dep't of the Army*, 611 F.2d 738, 750 (9th Cir. 1979). "When applying the first-to-file rule, courts should be driven to maximize 'economy, consistency, and comity.'" *Kohn Law Grp.*, 787 F.3d at 1240 (citation omitted). "If the first-to-file rule applies, a court may transfer, stay, or dismiss an action." *Copple v. Arthur J. Gallagher*, Case No. C22-0116-LK-SKV, 2022 U.S. Dist. 176017, at *4 (W.D. Wash. Sept. 12, 2022) (*citing Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 623 (9th Cir. 1991)). Here, all factors support a transfer to the Western District of Texas under the first-to-file rule.

First, the Western District of Texas litigation was initiated on October 23, 2023. The present litigation was filed almost two months later, on December 18, 2023.

Second, there is a substantial similarity between the parties. Importantly, "[a]n exact duplication of the parties in not necessary—the first-to-file rule only requires that be substantial similarity in parties." *Bazrganian v. Mercedes-Benz USA, LLC*, Case No. 2:17-cv-06521-ODW(JPR), 2017 U.S. Dist. LEXIS 180589, at *6 (C.D. Cal. Oct. 31, 2017) (*citing Kohn Law Grp.*, 787 F.3d at 1240). "'[T]he [second-filed] action and the [first-filed] action may be considered substantially duplicative' if 'the parties involved in the two suits represent the same interests.'" *Aqua Connect, Inc. v. SHI Int'l Corp.*, Case No. CV 19-05662-AB (JPR), 2019 U.S. Dist. LEXIS 233762, at *8 (C.D. Cal. Dec. 16, 2019) (citation omitted).

According to Canva US, "Accessify incorrectly sued Canva Inc. and Canva Pty. Inc. in the Texas Litigation. Plaintiff herein, Canva US, Inc. is the US operating company for Canva Inc., a parent company that does not have any US operations. Canva Pty., Inc. also does not have any US operations." Compl. ¶ 39. Rather, "Plaintiff Canva US, Inc.'s operations include the Canva

---

**MANN LAW GROUP PLLC**
403 Madison Ave. N. Ste. 240
Bainbridge Island, WA 98110
Phone: 206-436-0900

online visual communications and collaboration platform accused of infringement by Accessify in the Texas Litigation." *Id.* ¶ 40.  The fact that Canva US is a subsidiary of Canva Inc. is sufficient on its own to trigger the first-to-file doctrine, but it is made even more so by the fact that, by its own admission, Canva US has the same interest as Canva Australia in defending the Canva online visual communications and collaboration platform from allegations of infringement of the Asserted Patents.  *See Aqua Connect*, 2019 U.S. Dist. LEXIS 233762, at *8-9 (finding that the US subsidiary in the first-filed Delaware action and the parent German company in the second-filed California action were "substantially similar to justify transfer of this case . . . because they (1) seek to invalidate the Patents-In-Suit, (2) seek a finding of non-infringement of those patents, and (3) sell the exact same accused products."); *see also Bazrganian*, 2017 U.S. Dist. LEXIS 180589, at *7 ("Although some defendants lists in the instant action are not named defendants in the First-Filed Action, their interests in defending this action can be inferred as the same because they are subsidiaries and/or affiliates of the primary defendants of the First-Filed Action."); *In re Nat. Gas Royalties Qui Tam Litig. (CO2 Appeals)*, 566 F.3d 956, 962 (10th Cir. 2009) ("Cases involving parents, subsidiaries, and other corporate affiliates might therefore require deviations from the general requirement that claims must share common defendants in order to trigger the first-to-file bar.") (citation omitted).

Accessify is both the plaintiff in the Western District of Texas litigation and the defendant in the present litigation.

Admittedly, Ascend IP is not a named party in the Western District of Texas litigation. "The presence of one additional defendant, however, does not change the fact that the parties on the whole are substantially similar." *Bewley v. CVS Health Corp.*, Case No. C17-802RSL, 2017 U.S. Dist. LEXIS 184652, at *6 (W.D. Wash. Nov. 7, 2017) (*citing Kohn Law Grp.*, 787 F.3d at 1240).  Indeed, "[m]ost [circuit courts] have indicated that 'adding a new defendant to the mix does not *necessarily* allow a later-filed action to evade the first-to-file bar.'" *United States ex rel. Osinek v. Permanente Med Grp., Inc.*, 601 F. Supp. 3d 536, 555 (N.D. Cal. 2022) (*quoting Cho v.*

---

MOTION TO DISMISS OR TRANSFER
W.D. Wash. No. 2:23-cv-01945-JLR - Page |21

**Mann Law Group PLLC**
403 Madison Ave. N. Ste. 240
Bainbridge Island, WA 98110
Phone: 206-436-0900

*Surgery Partners, Inc.*, 30 F.4th 1035, 1043 (11th Cir. 2022) (emphasis in original)).  Here, Ascend IP "act[s] as Accesify's agent" with respect to Accesify's patent portfolio, including the Asserted Patents.  Compl. ¶ 16.  Consequently, Ascend IP has a similar interest in determining whether the Canva online visual communications and collaboration platform infringes the Asserted Patents.  Third, regarding the similarity of the issues, "[t]he issues in both cases also need not be identical, only substantially similar."  *Kohn Law Grp.*, 787 F.3d at 1240.  "To determine whether two suits involve substantially similar issues, a court must look at whether there is 'substantial overlap' between the two suits."  *SMIC v. Innovative Foundry Techs. LLC*, 473 F. Supp. 3d 1021, 1026 (N.D. Cal. 2020) (citation omitted).  The sole issue in the Western District of Texas litigation is the alleged infringement of the Asserted Patents by the Canva online visual communications and collaboration platform.  This is the exact issue raised by Counts I through VIII of the Complaint.  Thus, undeniably, there is "substantial overlap" between the two actions.

The presence of Count IX (the alleged violation of the PTPA) in the Complaint is insufficient to circumvent the first-to-file doctrine.  *See Swangler v. Cherne Contracting Corp.*, Case No. 20-cv-00611-HSG, 2021 U.S. Dist. LEXIS 249819, at *7 (N.D. Cal. Jan. 22, 2021) (dismissing claims under the first-to-file rule after agreeing with defendant that "the inclusion of additional causes of action [did] not prevent application of the first-to-file rule" where the actions were substantially similar).  Here, the basis of the PTPA claim is that Ascend IP, on behalf of Accesify, attempted to initiate settlement discussions regarding the Western District of Texas litigation in bad faith.  To determine whether proposed settlement discussions were warranted, a court must first determine whether the underlying litigation in the Western District of Texas was filed in bad faith.  Consequently, a resolution of Count IX necessarily involves at least substantially the same—if not identical—issues as in the Western District of Texas litigation.

Because the Western District of Texas litigation was filed first and there is substantial overlap between the parties and the issues of the two cases, this case should be transferred to the Western District of Texas to preserve judicial resources.  There is no reason why two separate

**MANN LAW GROUP PLLC**
403 Madison Ave. N. Ste. 240
Bainbridge Island, WA 98110
Phone: 206-436-0900

courts should be assessing whether the Canva online visual communications and collaboration platform infringes the Asserted Patents. Moreover, having two courts addressing the same issue raises the possibility of conflicting judicial outcomes.

### B. This Action Should Be Transferred Under Section 1404(a)

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). The purpose of Section 1404(a) is to "prevent the waste 'of time, energy, and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense.'" *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (citation omitted). To support a motion to transfer under Section 1404(a), the moving party must first show that the transferee court possesses subject matter jurisdiction over the action, venue would have been proper in the transferee court, and the parties would be subject to personal jurisdiction in the transferee court. *See Hoffman v. Blaski*, 363 U.S. 335, 344 (1960); *Gates v. USAA Cas. Ins. Co.*, Case No. 2:22-cv-00787-TL, 2023 U.S. Dist. LEXIS 94518, at *2-3 (W.D. Wash. Mar. 22, 2023). Having found that the transferee district is one in which the suit could have been brought, a district court exercises its discretion to transfer venue "according to an individualized, case-by-case consideration of convenience and fairness." *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000) (citation and internal quotation marks omitted). Some factors relevant to this consideration include:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, . . . (8) the ease of access to sources of proof . . . [, and (9)] the relevant public policy considerations of the forum state.

*Id.* at 498-99.

MOTION TO DISMISS OR TRANSFER
W.D. Wash. No. 2:23-cv-01945-JLR - Page |23

**MANN LAW GROUP PLLC**
403 Madison Ave. N. Ste. 240
Bainbridge Island, WA 98110
Phone: 206-436-0900

As an initial matter, this action could have been brought in the Western District of Texas. The primary causes of action seek declaratory judgments of non-infringement of the Asserted Patents. The Western District of Texas has subject matter jurisdiction over federal patent law. Canva US has its principal place of business in Austin, Texas. Compl. at ¶ 4. Venue is therefore proper because Canva US is located in the Western District of Texas. Accessify is a Texas limited liability company with its registered office in Houston, Texas. *Id.* at ¶ 5. Ascend IP is a Washington limited liability company with its principal place of business in Mercer Island, Washington. *Id.* at ¶ 6. However, Ascend IP has ongoing business contacts with Texas, and specifically with the Western District of Texas. Although Ascend IP owns no patents and has no independent right to grant rights or licenses under any patents, Ascend IP regularly represents clients in the Western District of Texas, including Accessify. Thus, personal jurisdiction is proper over all three parties.

Since this suit could have been brought in the Western District of Texas, the Court's next step is to determine if considerations of convenience and fairness dictate that the case be transferred there. Because the majority of factors weigh in favor of transfer, this Court should transfer the case to the Western District of Texas pursuant to Section 1404(a).

***Location where relevant agreements were negotiated and executed.*** This factor is inapplicable because this action does not concern any underlying agreement between the parties. Thus, it is neutral.

***State most familiar with the governing law.*** Both this Court and the Western District of Texas are familiar with federal patent law, so this factor is neutral.

***Plaintiff's choice of forum.*** "If there is any indication that plaintiff's choice of forum is the result of forum shopping, plaintiff's choice will be accorded little deference." *Williams v. Bowman*, 157 F. Supp. 2d 1103, 1106 (N.D. Cal. 2001). "If the plaintiff's lawsuit was 'reactive', that could indicate its choice was the result of forum-shopping." *Hydroflow USA LLC v. Hydrotech Sols., LLC*, Case No. C21-0714-JCC, 2021 U.S. Dist. LEXIS 171463, at *10 (W.D.

---

MOTION TO DISMISS OR TRANSFER
W.D. Wash. No. 2:23-cv-01945-JLR - Page |24

**MANN LAW GROUP PLLC**
403 Madison Ave. N. Ste. 240
Bainbridge Island, WA 98110
Phone: 206-436-0900

Wash. Sept. 9, 2021) (citation omitted).   Here, Canva US's lawsuit was "reactive" to the suit filed by Accessify against Canva Australia.  This is a classic case of forum-shopping by the plaintiff. Furthermore, deference is also "diminished when a plaintiff does not reside in the forum or operative events occurred elsewhere."  *Hong v. Recreational Equip., Inc.*, No. C19-951, 2019 U.S. Dist. LEXIS 185371, at *12 (W.D. Wash. Oct. 25, 2019) (citations omitted).  Here, Canva US does not reside in this District, and the operative events occurred in the Western District of Texas. As such, Canva US's choice of venue should be accorded little to no deference.  This factor is neutral.

*The respective parties' contacts with the forum.*  Neither Accessify nor Canva US has any significant contacts with this District.  On the other hand, they are both located in Texas. Ascend IP is located in this District, however it also has significant business contacts with Texas. In fact, none of Ascend IP's clients are located in this District and most, including Accessify, are based in Texas.  Overall, this factor weighs in favor of transfer.

*Contacts relating to the plaintiff's cause of action in the chosen forum.*  Eight of the Complaint's nine causes of action relate to Canva US's alleged infringement of the Asserted Patents, which all takes place in Texas, not this District.  Count IX relates in part to an email sent by Ascend IP to an employee of Canva US, meaning that it was received in Texas.  It also relates in part to a letter that was sent by Ascend IP to Canva, Inc. in Australia.  Overall, this factor weighs in favor of transfer.

*Differences in the costs of litigation in the two forums*.  "When considering the difference in cost, courts avoid transferring venue when such action 'would merely shift rather than eliminate' costs and inconvenience."  *Hong*, 2019 U.S. Dist. LEXIS 185371, at *15 (citation omitted).  "The analysis under this factor often focuses on the forum's relative proximity to witnesses."  *Id.* (citation omitted).  "Generally, litigation costs are reduced when venue is located near the most witnesses expected to testify."  *Park v. Dole Fresh Vegetables, Inc.*, 964 F. Supp. 2d 1088, 1095 (N.D. Cal. 2013).  Here, the bulk of the witnesses would be located in the Western District of

MANN LAW GROUP PLLC
403 Madison Ave. N. Ste. 240
Bainbridge Island, WA 98110
Phone: 206-436-0900

Texas, as they would relate to Canva US's alleged infringement of the Asserted Patents.  The only potential witnesses that would be inconvenienced by a transfer to the Western District of Texas would be Mr. Chummun and Mr. Weisfield of Ascend IP.  Moreover, maintaining this action in this District would require Accessify to have two sets of counsel: one in Washington and one in Texas.  Transferring the case, on the other hand, would allow Accessify to employ a single set of counsel to handle both the currently pending Western District of Texas litigation and this action.  Overall, this factor weighs in favor of transfer.

*Availability of compulsory process to compel attendance of unwilling non-party witnesses.*  At this stage, employees of Canva Australia are the only potential non-party witnesses for which the compulsory process would be necessary.  However, being located internationally, they would be outside of the compulsory process of either this District or the Western District of Texas.  Thus, this factor is neutral.

*Ease of access to sources of proof.*  Once again, the bulk of the evidence will necessarily relate to Canva US's alleged infringement of the Asserted Patents and, therefore, will be located in the Western District of Texas.  Nonetheless, "the ability to transfer documents electronically with relative ease and little expense may lessen the importance of this factor with respect to documentary evidence."  *Organo Gold Int'l, Inc. v. Aussie Rules Marine Servs.*, Case No. C18-0108JLR, 2018 U.S. Dist. LEXIS 87578, at *16 (W.D. Wash. May 24, 2018) (citations omitted).  Consequently, this factor is neutral.

*The relevant public policy considerations of the forum state.*  "Public policy factors include the 'local interest in having localized controversies decided at home' and deciding cases 'where the claim arose.'"  *Organo Gold*, 2018 U.S. Dist. LEXIS 87578, at *17 (citation omitted).  Washington does not have strong ties to this litigation.  Canva US's claims arise from the actions that it takes in Texas, an email received in Texas, and a letter received in Australia.  These are not "localized controversies" in the State of Washington.  Indeed, Texas has a much stronger interest in the present action than Washington.  Accordingly, this factor weighs in favor of transfer.

---

**MANN LAW GROUP PLLC**
403 Madison Ave. N. Ste. 240
Bainbridge Island, WA 98110
Phone: 206-436-0900

Of the nine *Jones* factors, five are neutral and four weigh in favor of transfer. As such, this Court should transfer this action to the Western District of Texas.

## **CONCLUSION**

For all of the reasons explained above, the Court should dismiss the Complaint in its entirety pursuant to Rules 12(b)(1) and 12(b)(6). If the Court does not dismiss the Complaint, however, the Court should transfer this action under the first-to-file rule or Section 1404(a) to the Western District of Texas.

DATE: <u>February 9, 2024</u>

<div style="margin-left:2em">

*/s/ Philip P. Mann*
Philip P. Mann (WSBA # 28860*)*
**MANN LAW GROUP PLLC**
403 Madison Ave. N., Suite 240
Bainbridge Island, Washington 98110
Telephone: (206) 436-0900
Email: phil@mannlawgroup.com

James F. McDonough, III (GA 117088) *
**ROZIER HARDT MCDONOUGH PLLC**
659 Auburn Avenue NE, Unit 254
Atlanta, Georgia 30312
Telephone: (404) 564-1866
Email: jim@rhmtrial.com

C. Matthew Rozier (CO 46854) *
**ROZIER HARDT MCDONOUGH PLLC**
500 K Street, 2nd Floor
Washington, District of Columbia 20005
Telephone: (404) 779-5305
Email: matt@rhmtrial.com

**For Defendants *ACCESSIFY, LLC* and *ASCEND IP, LLC***

<div style="text-align:right">* Motion to appear *pro hac vice* filed</div>

</div>

MOTION TO DISMISS OR TRANSFER
W.D. Wash. No. 2:23-cv-01945-JLR - Page |27

**MANN LAW GROUP PLLC**
403 Madison Ave. N. Ste. 240
Bainbridge Island, WA 98110
Phone: 206-436-0900

## CERTIFICATION OF COMPLIANCE

Pursuant to Local Rule 7(e)(6), I hereby certify that the foregoing memorandum of law was prepared using Microsoft Word, with Times New Roman typeface.  The text of the main body of the memorandum of law is 12-point font.  The word count of the memorandum of law (excluding the caption, table of contents, table of authorities, signature block, and this certification), as calculated by the word-processing system used to prepare the document, is 7,973 words.  Thus, this document is in compliance with the word count limit set forth in Local Rule 7(e)(3).


Dated: <u>February 9, 2024</u>                         By:  <u>*/s/ Philip P. Mann*</u>
                                                            Philip P. Mann

---

MOTION TO DISMISS OR TRANSFER
W.D. Wash. No. 2:23-cv-01945-JLR - Page |28

**MANN LAW GROUP PLLC**
403 Madison Ave. N. Ste. 240
Bainbridge Island, WA 98110
Phone: 206-436-0900

1

## CERTIFICATE OF SERVICE

2          I hereby certify that on this date a true copy of the above document was filed using this

3   Court's ECF System which caused it to be served by electronic mail upon the attorneys of record.

4

5   Dated: <u>February 9, 2024</u>                              By:  <u>*/s/ Philip P. Mann*</u>

6                                                                     Philip P. Mann

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

MOTION TO DISMISS OR TRANSFER                          **Mᴀɴɴ Lᴀᴡ Gʀᴏᴜᴘ PLLC**
W.D. Wash. No. 2:23-cv-01945-JLR - Page |29          403 Madison Ave. N. Ste. 240
                                                      Bainbridge Island, WA 98110
                                                      Phone: 206-436-0900