**Honorable Jamal N. Whitehead**

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| VALVE CORPORATION<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>LEIGH ROTHSCHILD, ROTHSCHILD BROADCAST DISTRIBUTION SYSTEMS, LLC, DISPLAY TECHNOLOGIES, LLC, PATENT ASSET MANAGEMENT, LLC, MEYLER LEGAL, PLLC, AND SAMUEL MEYLER,<br><br>　　　　Defendants. | Case No. 2:23-cv-01016<br><br>**DEFENDANTS' REPLY IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>NOTE ON MOTION CALENDAR:<br>September 12, 2025<br><br>**ORAL ARGUMENT REQUESTED** |

DEFENDANTS' REPLY
IN SUPPORT OF ITS MOTION
FOR PARTIAL SUMMARY JUDGMENT
Page **1** of **12**
Case No. 2:23-cv-01016

**DNL Zito**
1250 Connecticut Avenue, NW
Suite 700
Washington, DC 20036
Phone: (202) 466-3500

**TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................................................ 4

II. SUMMARY JUDGMENT STANDARD ........................................................................... 5

III. ARGUMENT ....................................................................................................................... 5

    A.    **Plaintiff's Opposition Omits a Critical Clause of the PTPA** ............................. 5

    i.    Valve is engaging in reverse abuse which is specifically prohibited by the statute 6

    ii.    Willingness to litigate is proof of good-faith patent assertion efforts .................... 7

    B.    **The *Microsoft* Court Misapplied the PTPA** .......................................................... 8

    C.    **Plaintiff's Assertion of Plagiarism is Unfounded and Insulting** ....................... 9

IV. CONCLUSION ................................................................................................................. 10

DEFENDANTS' REPLY
IN SUPPORT OF ITS MOTION
FOR PARTIAL SUMMARY JUDGMENT
Page **2** of **12**
Case No. 2:23-cv-01016

**DNL Zito**
1250 Connecticut Avenue, NW
Suite 700
Washington, DC 20036
Phone: (202) 466-3500

**TABLE OF AUTHORITIES**

**Cases**

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322-26 (1986) ................................................................ 5

*Digit. Techs. v. Valve Corp.*, No. 2:15-cv-999 ............................................................................ 7

*Display Techs. v. Valve Corp.*, No. 2:22-cv-1365 (W.D. Wash. Sept. 27, 2022) ......................... 7

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) ............................ 5

*Microsoft Corp. v. MediaPointe, Inc.*, 626 F. Supp. 3d 1129, 1136 (C.D. Cal. 2022) .................. 8

*Quantum Tech. Innovations, LLC v. Valve Corp.*, No. 2:23-cv-425 (E.D. Tex. Sept. 18, 2023) ... 7

*Social Positioning Input Sys., LLC v. Valve Corp.*, No. 2:22-cv-1366 (W.D. Wash. Sept. 27, 2022) ............................................................................................................................................ 7

*Social Positioning Input Sys., LLC v. Valve Corp.*, No. 2:23-cv-422 (E.D. Tex. Sept. 18, 2023) . 7

*Symbology Innovations, LLC v. Valve Corp.*, No. 2:23-cv-419 (E.D. Tex. Sept. 15, 2023) .......... 7

**Statutes**

CPA § 19.86.093 ............................................................................................................................ 4

RCW § 19.350.030 ................................................................................................................. 4, 6, 8

RCW § 19.350.20(4)(c)(ii) ........................................................................................................ 7, 8

DEFENDANTS' REPLY
IN SUPPORT OF ITS MOTION
FOR PARTIAL SUMMARY JUDGMENT
Page **3** of **12**
Case No. 2:23-cv-01016

**DNL Zito**
1250 Connecticut Avenue, NW
Suite 700
Washington, DC 20036
Phone: (202) 466-3500

## I. INTRODUCTION

A full analysis and review of Washington's Patent Troll Prevention Act ("PTPA") § 19.350.030 in its textual entirety shows that no stand-alone private cause of action exists for violation of the PTPA under Washington's Consumer Protection Act ("CPA") § 19.86.093.

Neither Plaintiff nor the Central District of California court in *Microsoft Corp. v. MediaPointe, Inc.* have acknowledged the clause of the PTPA § 19.350.030 which predicates application of CPA § 19.86.093 with: "For actions brought by the attorney general to enforce [the PTPA]." RCW § 19.350.030.

> RCW 19.350.030 Enforcement of chapter—Application of consumer protection act. **The attorney general may bring an action in the name of the state, or as parens patriae on behalf of persons residing in the state,** to enforce this chapter. For actions brought by the attorney general to enforce the provisions of this section, the legislature finds that the practices covered by this section are matters vitally affecting the public interest for the purpose of applying the consumer protection act, chapter 19.86 RCW. For actions brought by the attorney general to enforce this chapter, a violation of this chapter is not reasonable in relation to the development and preservation of business and is an unfair or deceptive act in trade or commerce and an unfair method of competition for purposes of applying the consumer protection act, chapter 19.86 RCW. [2015 c 108 s 4.]

This is a critical clause which, when omitted, enables misinterpretation and misapplication of the PTPA.  There is no other section of the RCW which addresses enforcement, thus the only enforcement is: "The attorney general may bring an action."  The portion stating that the action is brought under 19.86 is preceded by: "For actions brought by the attorney general."  To read this section as authorizing private actions, is a clear misreading of the plain statutory language.

DEFENDANTS' REPLY
IN SUPPORT OF ITS MOTION
FOR PARTIAL SUMMARY JUDGMENT
Page **4** of **12**
Case No. 2:23-cv-01016

DNL Zito
1250 Connecticut Avenue, NW
Suite 700
Washington, DC 20036
Phone: (202) 466-3500

Because there is no genuine dispute of material fact, the Court should grant summary judgment, as a matter of law, in favor of Defendants as to Count IV of the Second Amended Complaint and dismiss Valve's claim brought under the PTPA and WCPA.

## II. SUMMARY JUDGMENT STANDARD

A movant is entitled to summary judgment upon a showing "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-26 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## III. ARGUMENT

### A. Plaintiff's Opposition Omits a Critical Clause of the PTPA

Plaintiff cites to only selected portions of RCW § 19.350.030 ignoring the statute as a whole. Plaintiff's citations to RCW § 19.350.030 include only half of the relevant sentence it claims establishes a private right of action. Plaintiff's brief states,

> "A violation of the PTPA is an unfair or deceptive act under the CPA. RCW § 19.350.030 ("'[A] violation of this chapter is not reasonable in relation to the development and preservation of business and is an unfair or deceptive act in trade or commerce and an unfair method of competition for purposes of applying the consumer protection act.")

Dkt. 121 at 1-2. However, this only cites half of the sentence from the statute. That sentence of the statute *in full* reads:

> **For actions brought by the attorney general to enforce this chapter,** a violation of this chapter is not reasonable in relation to the development and preservation of business and is an unfair or deceptive act in trade or commerce and an unfair method of competition for purposes of applying the consumer protection act.

DEFENDANTS' REPLY
IN SUPPORT OF ITS MOTION
FOR PARTIAL SUMMARY JUDGMENT
Page **5** of **12**
Case No. 2:23-cv-01016

**DNL Zito**
1250 Connecticut Avenue, NW
Suite 700
Washington, DC 20036
Phone: (202) 466-3500

RCW § 19.350.030 (emphasis added).

Plaintiff further mischaracterizes Defendants position in stating that "Defendants' arguments essentially boil down to (i) arguing that the PTPA could be more explicit in allowing private rights of action." Dkt. 121 at 2. Defendants have argued the exact opposite. Specifically, Defendants position is that the PTPA *could not be any more clear* in denying a private right of action under the CPA. RCW § 19.350.030 ("*For actions brought by the attorney general to enforce the provisions of this section*, the legislature finds that the practices covered by this section are matters vitally affecting the public interest for purpose of applying the consumer protection act, 19.86 RCW. *For actions brought by the attorney general to enforce this chapter*, a violation of this chapter . . . is an unfair method of competition for purposes of applying the consumer protection act, chapter 19.86 RCW) (emphasis added). This statement in the statute gives standing to the attorney general, not the public. Defendants, in their motion also point to the explicit grant of private rights of action in other parts of the statue and to the PTPA's intentional omission of a private right of action which should be honored. Defendant has conveniently left this extremely critical and relevant portion of the statute out of its briefings. Dkt. 121 at 1-2.

    i.    <u>Valve is engaging in reverse abuse which is specifically prohibited by the statute</u>

The clear purpose of the provision "[f]or actions brough by the attorney general to enforce this chapter," as Defendants' argued in its motion to dismiss and as noted in the legislative record, is to stop private entities such as Valve from attempting improper forms of reverse abuse. RCW § 19.350.030. The reason why it is improper for private individuals, especially large corporations such as Valve, to bring causes of action for violations of the PTPA, is to prevent reverse abuse:

DEFENDANTS' REPLY
IN SUPPORT OF ITS MOTION
FOR PARTIAL SUMMARY JUDGMENT
Page **6** of **12**
Case No. 2:23-cv-01016

**DNL Zito**
1250 Connecticut Avenue, NW
Suite 700
Washington, DC 20036
Phone: (202) 466-3500

Senator Frockt further stated: "I think that the fact that attorney general will kind of serve as a gatekeeper for enforcement of these actions is important and will prevent sort of a reverse abuse from happening. I think that's very important." *Id*. at 6:16-22. In that same hearing, John Nelson, a consumer protection attorney for the Office of the Attorney General for the State of Washington similarly testified: "One noteworthy part about this proposed legislation ***is that it does not involve a private cause of action***. First and foremost, the Attorney General will be the gatekeeper." *Id*. at 17:22-25 (*see* Exhibit A to Defendants' Motion)

    ii.    <u>Willingness to litigate is proof of good-faith patent assertion efforts</u>

Under RCW § 19.350.20(4)(c)(ii), a court may consider the fact that a person has successfully enforced the patent, or substantially similar patent, through litigation as evidence that a person has made an assertion of patent infringement in good faith.

"(4) A court may consider the following factors as evidence that a person has made an assertion of patent infringement in good faith:
(c) The person has:
(ii) Successfully enforced the patent, or a substantially similar patent, through litigation;

Plaintiff's opposition cites to a number of cases filed by Defendants and related companies. In addition to the fact that these cases have nothing to do with standing, they demonstrate good-faith. Not a trolling letter writing activity.

See *Digit. Techs. v. Valve Corp.*, No. 2:15-cv-999 (E.D. Tex. June 8, 2015); *Display Techs. v. Valve Corp.*, No. 2:22-cv-1365 (W.D. Wash. Sept. 27, 2022); *Social Positioning Input Sys., LLC v. Valve Corp.*, No. 2:22-cv-1366 (W.D. Wash. Sept. 27, 2022); *Symbology Innovations, LLC v. Valve Corp.*, No. 2:23-cv-419 (E.D. Tex. Sept. 15, 2023); *Social Positioning Input Sys., LLC v. Valve Corp.*, No. 2:23-cv-422 (E.D. Tex. Sept. 18, 2023); *Quantum Tech. Innovations, LLC v. Valve Corp.*, No. 2:23-cv-425 (E.D. Tex. Sept. 18, 2023).

Contrary to the negative inference that Plaintiff wants the Court to infer, Defendants' willingness to litigate is considered as evidence against a violation of the Act. Defendants' willingness to subject the merits of its claims to a federal Court, establishes Defendants' willingness to establish the merits of their claims in courts of law. In addition, litigation of patent

DEFENDANTS' REPLY
IN SUPPORT OF ITS MOTION
FOR PARTIAL SUMMARY JUDGMENT
Page **7** of **12**
Case No. 2:23-cv-01016

DNL Zito
1250 Connecticut Avenue, NW
Suite 700
Washington, DC 20036
Phone: (202) 466-3500

assertion claims in Federal Court carries exposure to Rule 11 and other sanctions, thus there is no need for the enforcement of the PTPA and such application would conflict with the jurisdiction of the Federal Courts. The list of litigation efforts is explicitly recited as evidence of good-faith assertions as is plainly listed in RCW § 19.350.20(4)(c)(ii).

### B.     The *Microsoft* Court Misapplied the PTPA

Plaintiff, has relied upon the *Microsoft* holding to find that a private cause of action does exist under the CPA by violation of the PTPA. Respectfully, Defendants' submit that the *Microsoft* court got it wrong. The *Microsoft* Court, like Plaintiff, failed to give credence to the full text of the PTPA statute in its ruling. Specifically, the *Microsoft* Court also failed to analyze the critical begin portions of sentences of the statutes text. In review of the PTPA statute, the *Microsoft* Court, improperly separating the first half from the second half of the clause, stated:

> The enforcement provision of the PTPA states that "[t]he attorney general may bring an action in the name of the state, or as a parens patriae on behalf of persons residing in the state, to enforce this chapter." Wash Rev. Code § 19.350.030. This section also states that "the practices covered by this section are matters vitally affecting the public interest for the purpose of applying the consumer protection act, chapter 19.86 RCW," and that "a violation of this chapter … is an unfair or deceptive act in trade or commerce and an unfair method of competition for purposes of applying the consumer protection act, chapter 19.86 RCW." *Id.*

*Microsoft Corp. v. MediaPointe, Inc.*, 626 F. Supp. 3d 1129, 1136 (C.D. Cal. 2022). Separation of the two dependent clauses was a misreading of the statute. Nowhere in its analysis does the Central District of California court review the statute for proper interpretation of the entirety of the statute's text, of which all sentences unambiguously begin with the preface "*[f]or actions brought by the attorney general to enforce this chapter.*" RCW § 19.350.030. The

DEFENDANTS' REPLY
IN SUPPORT OF ITS MOTION
FOR PARTIAL SUMMARY JUDGMENT
Page **8** of **12**
Case No. 2:23-cv-01016

DNL Zito
1250 Connecticut Avenue, NW
Suite 700
Washington, DC 20036
Phone: (202) 466-3500

Washington statute was misinterpreted by a court in a foreign jurisdiction, and its holding does not carry any binding authority.

Defendants respectfully request this Court to provide its opinion regarding interpretation of the PTPA with consideration of the entire text of the statute. Defendant understands that the *Microsoft* decision was found to be persuasive on a 12(b)(6) ruling early in this action. However, to clear any uncertainty Defendants believe that a full analysis should include all relevant portions of the statute's text, including the meaning of "[f]or actions brought by the attorney general to enforce this chapter" as it relates to application of the CPA for private causes of action.

### C. Plaintiff's Assertion of Plagiarism is Unfounded and Insulting

Defendants deny any accusations of plagiarism by Plaintiff. Highlighting select generalized sentences in two other cases does not establish copy-and-paste filing was performed by Defendant and does not alone give reason to deny Defendants' motion to dismiss.

While Plaintiff's self-deployed forensic review is creative, its conclusions are hobbled together and do not address the merits of the motion. Simply because issues in other cases are similar it does not preclude Defendant from using generalized sentences to relay its argument such as "The PTPA does not create a private right of action that Valve can enforce" or "Valve cannot inject a private right of action into the PTPA where the Washington State legislature did not include one." Defendants' motion was drafted by one counsel at the firm, properly relying on research and work of others and reviewed and extensively red-lined by two other counsel at the firm. The entire document is the careful work of Defendants' counsel and presents a proper motion for relief.

Every motion for relief in every case relies upon the work of others, including counsel, legal scholars, learned treatises and hopefully heavy reliance on quotations and citations from the

DEFENDANTS' REPLY
IN SUPPORT OF ITS MOTION
FOR PARTIAL SUMMARY JUDGMENT
Page **9** of **12**
Case No. 2:23-cv-01016

**DNL Zito**
1250 Connecticut Avenue, NW
Suite 700
Washington, DC 20036
Phone: (202) 466-3500

opinions of judges (presumably all of this material would be considered plagiarism by Plaintiff's counsel).

Additionally, Defendants' have presented several arguments that we're not argued in the motion Plaintiff claims to be plagiarized, such as Valve is not within the class for whose special benefit the statute was enacted. Dkt. 111 at 8.

## IV. CONCLUSION

For at least the reasons above, Valve's claim brought under the PTPA and CPA, Count IV of the Second Amended Complaint, should be dismissed.

I certify that this memorandum contains 1,556 words, in compliance with the Local Civil Rules.

Dated: September 5, 2025    Respectfully submitted,

By: /s/ *Joseph J. Zito*
Joseph J. Zito
DNL ZITO
1250 Connecticut Avenue, NW, Suite 700
Washington, DC 20036
Tel: (202) 466-3500
Email: jzito@dnlzito.com

René A. Vazquez (*pro hac vice*)
DNL ZITO
1250 Connecticut Avenue, NW, Suite 700
Washington, DC 20036
Tel: (703) 989-2244

DEFENDANTS' REPLY IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT
Page **10** of **12**
Case No. 2:23-cv-01016

DNL Zito
1250 Connecticut Avenue, NW
Suite 700
Washington, DC 20036
Phone: (202) 466-3500

Email: rvazquez@dnlzito.com

/s/ Matthew J. Cunanan
Matthew J. Cunanan (#42530)
DC LAW GROUP
12055 15th Ave NE, Suite B
Seattle, WA 98125
Tel: (206) 494-0400
Fax: (855) 494-0400
Email: matthew@dclglawyers.com

*Attorneys for Defendants Leigh Rothschild, Rothschild Broadcast Distribution Systems, LLC, Display Technologies, LLC, Patent Asset Management, LLC, Meyler Legal, PLLC, and Samuel Meyler*

DEFENDANTS' REPLY
IN SUPPORT OF ITS MOTION
FOR PARTIAL SUMMARY JUDGMENT
Page **11** of **12**
Case No. 2:23-cv-01016

**DNL Zito**
1250 Connecticut Avenue, NW
Suite 700
Washington, DC 20036
Phone: (202) 466-3500

# CERTIFICATE OF SERVICE

I hereby certify that on September 5, 2025, I filed the within through the ECF system and that notice will be sent electronically to all counsel who are registered participants identified on the Mailing Information for C.A. No. 2:23-cv-1016.

<u>/s/ Joseph J. Zito</u>

DEFENDANTS' REPLY
IN SUPPORT OF ITS MOTION
FOR PARTIAL SUMMARY JUDGMENT
Page **12** of **12**
Case No. 2:23-cv-01016

**DNL Zito**
1250 Connecticut Avenue, NW
Suite 700
Washington, DC 20036
Phone: (202) 466-3500