HON. JAMAL N. WHITEHEAD

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| VALVE CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>LEIGH ROTHSCHILD, ROTHSCHILD BROADCAST DISTRIBUTION SYSTEMS, LLC, DISPLAY TECHNOLOGIES, LLC, PATENT ASSET MANAGEMENT, LLC, MEYLER LEGAL, PLLC, AND SAMUEL MEYLER,<br><br>Defendants. | Case No. 2:23-cv-1016-JNW<br><br>**VALVE CORPORATION'S RESPONSE TO DEFENDANTS' MOTION FOR LEAVE TO DISMISS COUNTERCLAIM OF INFRINGEMENT**<br><br>NOTE ON MOTION CALENDAR:<br>**October 31, 2025**<br><br>Complaint Filed:     07/07/2023 |

VALVE'S RESP RE MOT TO DISMISS
CASE NO. 2:23-CV-1016

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

**TABLE OF CONTENTS**

**Page(s)**

I.  VALVE OPPOSES AN ORDER THAT THE PARTIES BEAR THEIR OWN FEES AND COSTS ................................................................................................1

II. VALVE OPPOSES DISMISSAL OF ITS INVALIDITY AND UNENFORCEABILITY CLAIMS ........................................................................4

III. CONCLUSION ...............................................................................................................8

VALVE'S RESP RE MOT TO DISMISS
CASE NO. 2:23-CV-1016

- i -

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Corus Realty Holdings, Inc. v. Zillow Grp., Inc.*,
No. C18-0847JLR, 2020 WL 488545 (W.D. Wash. Jan. 30, 2020), aff'd, 860 F. App'x 728 (Fed. Cir. 2021) .................................................................................................. 4

*Danisco U.S. Inc. v. Novozymes A/S*,
744 F.3d 1325 (Fed. Cir. 2014) ............................................................................................... 5

*Liquid Dynamics Corp. v. Vaughan Co.*,
355 F.3d 1361 (Fed. Cir. 2004) ............................................................................................... 7

*Manuel Shipyard Holdings v. T.N.G. Int'l, Inc.*,
No. C 01-00883 WHA, 2001 WL 1382050 (N.D. Cal. Nov. 5, 2001) ..................................... 7

*PTP OneClick LLC v. Avalara Inc.*,
No. C19-0640JLR, 2019 WL 6213167 (W.D. Wash. Nov. 21, 2019) ..................................... 4

*REC Software USA, Inc. v. Bamboo Sols. Corp.*,
No. C11-0544 JRL, 2012 WL 3545056 (W.D. Wash. Aug. 16, 2012) ................................... 3

*SanDisk Corp. v. STMicroelectronics, Inc.*,
480 F.3d 1372 (Fed. Cir. 2007) ............................................................................................... 5

*Upsher-Smith Lab'ys, Inc. v. Pamlab, LLC*,
412 F.3d 1319 (Fed. Cir. 2005) ............................................................................................... 3

**Statutes**

19 U.S.C. § 1927 ............................................................................................................................ 4

35 U.S.C. § 271 ............................................................................................................................. 6

35 U.S.C. § 285 ................................................................................................................... 2, 4, 5

**Other Authorities**

Fed. R. Civ. P. 41(a)(2) .................................................................................................................. 7

Fed. R. Civ. P. 54 ........................................................................................................................... 4

VALVE'S RESP RE MOT TO DISMISS
CASE NO. 2:23-CV-1016      - ii -

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

1  Defendants move to dismiss their sole remaining Counterclaim alleging infringement of U.S. Patent No. 8,856,221 ("'221 patent"), and state, "if the Court dismisses Defendants' Counterclaim Count 1, Defendants intend to move for dismissal of Counts I and II [seeking declaratory judgments of invalidity and unenforceability, respectively] of Plaintiff's Second Amended Complaint, as moot and for lack of standing." Dkt. 128 at 2. Defendants also state that "[c]ounsel for Defendants conferred with counsel for Plaintiff, and counsel for Plaintiff indicated they would oppose the present Motion." *Id.*

Valve, however, does not oppose Defendants' motion to dismiss Counterclaim Count 1. Dismissal is appropriate because Defendants should never have accused Valve of infringement in the first place. And Valve never "indicated" to Defendants that it would oppose a bare motion to dismiss Counterclaim Count 1. Instead, when Defendants proposed a draft joint stipulation (i) to dismiss Defendants' Counterclaim Count 1 *and* Counts I and II of Plaintiff's Second Amended Complaint and (ii) that the parties would bear their own costs and fees, Ex. 1,[1] Valve stated that it "will not agree to each side bearing its own fees and costs nor will Valve agree to dismiss any of its claims." *Id.*

To the extent Defendants only ask the Court to dismiss Defendants' own Counterclaim Count 1, Valve does not oppose.

Because Defendants indicated to Valve that they intended to seek the broader relief of an order (i) that the parties bear their own fees and costs and (ii) dismissing Counts I and II of Valve's Second Amended Complaint, Valve briefly addresses those two issues below. But the Court need not address those issues now; Valve will more fully respond to Defendants' arguments if and when they file their anticipated follow-on motion.

## I. VALVE OPPOSES AN ORDER THAT THE PARTIES BEAR THEIR OWN FEES AND COSTS

While Defendants' Motion does not appear to be seeking an order that the parties bear their own fees and costs, Defendants told Valve it would be moving for such relief (and may yet ask for in their reply). Valve opposes any such request. At the appropriate time, Valve will ask the Court

---

[1] All exhibits in this motion are attached to the declaration of Dario A. Machleidt.

VALVE'S RESP RE MOT TO DISMISS
CASE NO. 2:23-CV-1016
- 1 -
Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

1. to award it the reasonable fees and costs Valve incurred litigating against Defendants'
2. counterclaim of infringement under at least 35 U.S.C. § 285 ("The court in exceptional [patent]
3. cases may award reasonable attorney fees to the prevailing party.").[2] Defendants (i) never should
4. have accused Valve of infringement in the first place, because Valve was already licensed to the
5. '221 patent and the infringement claim is meritless; and (ii) did not actually prosecute their
6. infringement case, instead using it to unnecessarily drive up Valve's litigation costs.

Valve explained to Defendants that Counterclaim Count 1 lacks merit throughout the case, including in non-infringement contentions, interrogatory responses, and its motion for judgment on the pleadings (Dkt. 87). In addition, Valve sent Defendants multiple letters explaining why Counterclaim Count 1 is exceptional and subject to Section 285. *See, e.g.*, Ex. 2 at 1–9. Valve will not repeat the entirety of those letters here, but in short:

- Valve already has a license to the '221 patent. *Id.* at 2 ("Defendants' infringement allegations never had merit. Defendants never raised a colorable read on the limitations of asserted Claim 7 of U.S. Patent 8,856,221 …, and they ignored (when helpful to them) the fact that Valve is, and has been, licensed to that patent."); Dkt. 87 at 6 ("It is undisputed that the GSLA grants Valve a license to practice the patents listed in its Exhibit C; the '221 Patent is listed in Exhibit C; Valve paid to licenses that patent."); *id.* ("Defendants 'admit that the '221 Patent is listed on Exhibit C of the [GSLA].' Dkt. 80, Answer to ¶ 28. Defendants additionally admit that the GSLA 'included the grant of a perpetual, irrevocable, royalty-free, fully paid-up, worldwide license to the '221 Patent.' *Id.*, Answer to ¶ 60; *see also id.*, Counterclaim ¶¶ 12–13 (admitting that the GSLA defined 'Licensed Patents' to include the '221 Patent).").

- The product Defendants accused of infringement, Steam Cloud, publicly launched almost three years before the priority date of the '221 patent. Ex. 2 at 3 ("Defendants have also long been aware that Steam Cloud predates the '221 patent. Steam Cloud was released to the public in 2008 and was immediately put into wide public use in a variety of games.

---

[2] Valve may also seek its fees and costs related to its declaratory judgment claims of invalidity and unenforceability under Section 285, or otherwise.

*See, e.g.*, Valve's Resp. to Interrogatory No. 13; VALVE_00326352; VALVE_00326358; VALVE_00326331; VALVE_00326335. Steam Cloud thus predates the '221 patent, which claims a 2011 priority date."). That which predates cannot infringe. *See, e.g.*, *Upsher-Smith Lab'ys, Inc. v. Pamlab, LLC*, 412 F.3d 1319, 1322 (Fed. Cir. 2005) ("A product which would literally infringe if later in time anticipates [and invalidates] if earlier." (citation modified)).

- Defendants' infringement contentions, which mirror the chart attached to the threatening letter Defendants sent Valve prior to the case, do not point to any evidence that Steam Cloud meets necessary limitations of the one asserted patent claim, *e.g.*, "wherein the media data includes time data that indicates a length of time to store the requested media content." Ex. 2 at 2 ("[D]efendants' contentions ignored the requirements of their own patent. For example, Claim 7 requires 'receiving a request message including media data . . . wherein the media data includes time data that indicates a length of time to store the requested media content.' This claim element, which was specifically added to the claim to secure allowance, explicitly requires media data to indicate 'a length of time to store the requested media content.' Finding no indication that Steam Cloud performs this limitation, defendants instead mapped 'creation and modification dates' associated with game files to the 'time data' element, ignoring the absence of any connection between data showing when a file was created or modified to 'a length of time to store' a file."); Ex. 3 at claim 7[f] ("Specifically, creation and modification dates are associated with such files that will necessarily be utilized in conjunction with policies and schedules related to the length of time the data will be retained.").

- Despite Valve making the source code for Steam Cloud available in February 2025, Defendants *never reviewed it*. Nor did Defendants update their infringement contentions to account for source code, as required under this Court's Local Rules. *See, e.g.*, *REC Software USA, Inc. v. Bamboo Sols. Corp.*, No. C11-0544 JRL, 2012 WL 3545056, at *3 (W.D. Wash. Aug. 16, 2012) ("In other words, although a plaintiff need not initially provide such specific pinpoint citations in its infringement contentions, once it has had

VALVE'S RESP RE MOT TO DISMISS
CASE NO. 2:23-CV-1016
- 3 -
Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

sufficient time to review the accused source code, the plaintiff is under an obligation to promptly and appropriately amend its infringement contentions."); *see also Corus Realty Holdings, Inc. v. Zillow Grp., Inc.*, No. C18-0847JLR, 2020 WL 488545, at *5 (W.D. Wash. Jan. 30, 2020), aff'd, 860 F. App'x 728 (Fed. Cir. 2021) (same).

- Defendants did not disclose an expert witness on infringement or damages, or put forth any affirmative or responsive expert reports in this case, at all. Machleidt Decl., ¶ 3. Defendants informed Valve of their intention to dismiss Counterclaim Count 1 on the day opening expert reports were due. *Id.*

- Defendants opposed Valve's motion for judgment on the pleadings on the very counterclaim Defendants now seek to dismiss. Dkt. 112 at 6 (Defendants contending that the "Court should deny Valve's Motion for Judgement in [sic] on … and RBDS's Infringement Counterclaim").

At the appropriate time, Valve will file its Section 285 motion and provide additional details about Defendants' conduct that makes their patent case "exceptional."[3] To the extent Defendants are seeking to bypass or prevent that effort now by having the Court order that the parties are responsible for their own fees and costs, Valve opposes.

## II. VALVE OPPOSES DISMISSAL OF ITS INVALIDITY AND UNENFORCEABILITY CLAIMS

When Valve filed this case, Defendants Counterclaim of infringement was not yet a part of the lawsuit. Among other things, Valve brought claims for Declaratory Judgment that the '221 patent is both invalid and unenforceable. Rothschild made the same mootness and standing challenges at the beginning of the case: "Rothschild move[d] to dismiss, arguing that since he has already issued Valve an irrevocable license for the patent and covenanted not to sue Valve for any 'actual or alleged infringement,' there is no live case or controversy between the parties." Dkt. 56 (Order Denying Mot. to Dismiss) 1–2 (quoting Dkt. 40).

---

[3] Section 285 motions are filed after a final judgment consistent with Rule 54. *See PTP OneClick LLC v. Avalara Inc.*, No. C19-0640JLR, 2019 WL 6213167, at *4–5 (W.D. Wash. Nov. 21, 2019). Valve may also seek its related fees and costs under additional authority, such as Section 1927 and the Court's inherent authority.

VALVE'S RESP RE MOT TO DISMISS - 4 -
CASE NO. 2:23-CV-1016

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

1    The Court denied Rothschild's motion, explaining that "Valve reasonably did not interpret the Meyler letter as an idle threat given Defendants' history of suing, and threatening to sue, Valve for infringement of patents to which Valve has a valid license after Rothschild covenanted not to sue." Dkt. 56 at 10 (citing *Danisco U.S. Inc. v. Novozymes A/S*, 744 F.3d 1325, 1331 (Fed. Cir. 2014)). The Court further noted that "Defendants' suggestion during oral argument on their motion that they would enter a second covenant does not negate the controversy here. Another promise not to sue, or disavowal of any further attempts to sue, 'is engaging in the kinds of 'extra-judicial patent enforcement with scare-the-customer-and-run tactics' that the Declaratory Judgment Act was intended to obviate.'" Dkt. 56 at 12 (quoting *SanDisk Corp. v. STMicroelectronics, Inc.*, 480 F.3d 1372, 1383 (Fed. Cir. 2007)).

After the Court rejected Defendants' effort to dismiss Valve's invalidity and unenforceability claims though extra-judicial actions, Defendants shifted tactics to try to use the court system to achieve that same goal. Defendants brought their baseless infringement counterclaim against Valve and did not actually pursue it. *See supra* § I (explaining, among other things, Defendants failure to review source code for the accused instrumentality); Ex. 2 at 1 ("Making matters worse, defendants failed to prosecute this counterclaim on which they bear the burden of proof. Remarkably, defendants never requested to review the source code Valve made available since at least February 2025. Despite this failure to litigate their affirmative case, defendants nevertheless dishonestly fought Valve's effort to dispose of their counterclaim on the pleadings. And on the day opening expert reports were due, instead of serving any expert report on infringement, defendants attempted to shield themselves from the consequences of their actions—namely, an exceptional case finding and fees awarded under § 285—by asking Valve to agree to dismissal with prejudice with '[e]ach party to bear its own costs and fees[.]'"). Now Defendants ask the Court to dismiss their always-baseless infringement counterclaim with a stated plan to then ask the Court to do what it refused to do earlier: dismiss Valve's invalidity and unenforceability claims.

Dismissal of Defendants' infringement counterclaim, even with prejudice, does little to allay Valve's reasonable apprehension of being sued on that same patent again. Nor would it

deprive the Court of jurisdiction for Valve's declaratory judgment claims. As the Court recognized in denying Defendants' motion to dismiss, Defendants have a years-long, troubling pattern of bringing infringement claims against Valve when they had no right to do so. Dkt. 56 at 10–12.

That pattern extends to circumstances like those Defendants envision here. Valve's first exposure to Defendants was in 2015, when Defendant Display Technologies sued Valve for infringement of U.S. Patent No. 8,671,195 ("'195 patent"). Ex. 4 ("Valve has, pursuant to 35 U.S.C. § 271, infringed and continues to infringe, the '195 Patent"). That infringement allegation was dismissed with prejudice. Ex. 5 ("IT IS ORDERED, ADJUDGED, AND DECREED that Plaintiff's claims in this action are dismissed with prejudice"). Remarkably, that dismissal with prejudice did not stop Display Technologies from asserting the '195 patent against Valve again in counterclaims *in this very lawsuit*. Dkt. 59, Counterclaim ¶18 (alleging in Counterclaim Count 2 that "Valve has infringed and continues to infringe the '195 patent …").

Defendants' disquieting pattern of unlawfully asserting its patents extends beyond Valve, and extends specifically to the '221 patent. In 2016, Defendant RBDS sued Plex, alleging infringement of the '221 patent. Ex. 6 at 1 ("Plaintiff Rothschild Broadcast Distribution Systems, LLC … files this Original Complaint against Plex Inc. … for infringement of United States Patent No. 8,856,221"). That case was dismissed with prejudice based on a settlement agreement between the parties. Ex. 7 (dismissal with prejudice); Ex. 8 ("Plaintiff Rothschild Broadcast Distributions Systems, LLC ('RBDS') hereby notifies the Court it and Defendant Plex, Inc. have reached an agreement in principle that will resolve all pending claims between them. Accordingly, RBDS files this unopposed motion for a stay of all pending deadlines, until and including September 15, 2016, so that the parties may finalize their agreement and submit dismissal papers accordingly."). In 2023, however, RBDS sued Plex again—asserting infringement of the '221 patent and representing that Plex's alleged infringement was without license or authorization. Ex. 9 ¶ 43 ("Defendant [Plex] has committed these acts of literal infringement, or infringement under the doctrine of equivalents of the '221 Patent, without license or authorization.").

Thus, even if Defendants dismiss their claim that Valve infringes the '221 patent with prejudice, Valve will still have a reasonable apprehension that Defendants will sue again as it has

VALVE'S RESP RE MOT TO DISMISS
CASE NO. 2:23-CV-1016
- 6 -
Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

done in the past. As it did when this case started, the Court will have jurisdiction to hear Valve's invalidity and unenforceability claims.

Even if this case were more typically postured, and Valve had filed its invalidity and enforceability declaratory judgment claims as counterclaims in response to an infringement claim, Defendants' request that this Court dismiss Valve's invalidity and unenforceability claims would not be a foregone conclusion. In such cases, district courts can retain jurisdiction over those declaratory judgment claims even if the claim of infringement is dismissed. *See Liquid Dynamics Corp. v. Vaughan Co.*, 355 F.3d 1361, 1371 (Fed. Cir. 2004) ("A district court judge faced with an invalidity counterclaim challenging a patent that it concludes was not infringed may either *hear the claim* or dismiss it without prejudice, subject to review only for abuse of discretion." (emphasis added)).

Defendants' assertion and failure to prosecute its infringement counterclaim to attempt to secure dismissal of Valve's declaratory judgment claims highlights Defendants' bad faith actions in furtherance of their transparent goal of avoiding any adjudication on the merits as to the validity of the '221 patent, so they can continue to assert it and reap financial benefits. Since March 2015, Defendant RBDS has asserted the '221 patent in approximately 130 lawsuits (including filing two new cases this month).[4] Ex. 10. Unless and until the '221 patent is rendered invalid and unenforceable, Valve and countless other targets remain at risk of another baseless Rothschild infringement suit or threatening letter. Allowing RBDS's dismissal of its infringement counterclaim to moot Valve's declaratory judgment claims would prejudice Valve's (and any other target's) ability to have a Court resolve the critical issue of whether the '221 patent is invalid and unenforceable. *See, e.g., Manuel Shipyard Holdings v. T.N.G. Int'l, Inc.*, No. C 01-00883 WHA, 2001 WL 1382050, at *3 (N.D. Cal. Nov. 5, 2001) (courts can "refuse to grant dismissal under Rule 41(a)(2) when exceptional circumstances suggest bad faith and/or vexatious tactics on the part of the [movant], and that the defendant may suffer the 'legal prejudice' of never having claims resolved").

---

[4] Defendants' counsel in this matter, the DNL Zito law firm, also represents RBDS in these two recently filed cases. Exs. 11 & 12.

VALVE'S RESP RE MOT TO DISMISS - 7 -
CASE NO. 2:23-CV-1016

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

1    For these and other reasons, Valve opposes dismissal of Count I and II of its Second Amended Complaint.

### III.    CONCLUSION

Valve does not oppose Defendants' effort to dismiss their baseless claim that Valve infringes the '221 patent.

Valve does oppose Defendants' efforts to (i) dismiss Valve's declaratory judgment claims of invalidity and unenforceability and (ii) prematurely prevent Valve from recovering its fees and costs for Defendants' exceptional and bad faith behavior.

DATED: October 24, 2025         Respectfully submitted,

KILPATRICK TOWNSEND & STOCKTON LLP


By:  /s/ Dario A. Machleidt
Dario A. Machleidt (State Bar No. 41860)
Kathleen R. Geyer (State Bar No. 55493)
Christopher P. Damitio (State Bar No. 58633)
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
Telephone: (206) 467-9600
dmachleidt@kilpatricktownsend.com
kgeyer@kilpatricktownsend.com
cdamitio@kilpatricktownsend.com

David A. Reed (*pro hac vice*)
1100 Peachtree Street NE, Suite 2800
Atlanta, GA 30309
Telephone: (404) 745-2548
dreed@ktslaw.com

Attorneys for Plaintiff
VALVE CORPORATION

I certify that this memorandum contains 2699 words, in compliance with the Local Civil Rules.

VALVE'S RESP RE MOT TO DISMISS
CASE NO. 2:23-CV-1016
- 8 -
Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 24, 2025, I served the within via the Court's CM/ECF system to all counsel who are registered participants identified on the Mailing Information for C.A. No. 2:23-cv-1016.

/s/ *Dario A. Machleidt*
Dario A. Machleidt

VALVE'S RESP RE MOT TO DISMISS
CASE NO. 2:23-CV-1016

- 9 -

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600