**Honorable Jamal N. Whitehead**

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| VALVE CORPORATION | Case No. 2:23-cv-01016 |
| Plaintiff, | **DEFENDANTS' FOUR *DAUBERT* MOTIONS TO EXCLUDE THE TESTIMONY OF PLAINTIFF'S EXPERTS GUGLIUZZA, AL-SALAM, SCHENK AND SORINI** |
| v. | |
| LEIGH ROTHSCHILD, ROTHSCHILD BROADCAST DISTRIBUTION SYSTEMS, LLC, DISPLAY TECHNOLOGIES, LLC, PATENT ASSET MANAGEMENT, LLC, MEYLER LEGAL, PLLC, AND SAMUEL MEYLER, | NOTE ON MOTION CALENDAR: November 21, 2025 |
| Defendants. | **ORAL ARGUMENT REQUESTED** |

## TABLE OF CONTENTS

I. INTRODUCTION .................................................................................................... 6

II. LEGAL STANDARD ............................................................................................ 7

III. ARGUMENT AND AUTHORITY ...................................................................... 9

    A.    Gugliuzza's Expert Report and Testimony ............................................ 9

    B.    Al-Salam's Expert Report and Testimony Should be Excluded under *Daubert*. . 13

        1.    Mr. Al-Salam's Opinions on "Reasonableness" Are Impermissible Legal Conclusions .................................................................................... 13

        2.    The Report Lacks a Reliable Methodology and Relies on Ipse Dixit Comparisons ................................................................................... 14

        3.    His Opinions Lack "Fit" and Will Not Assist the Trier of Fact ............... 15

        4.    Any Marginal Probative Value Is Outweighed by Prejudice and Jury Confusion .................................................................................... 16

    C.    Ms. Schenk's Expert Report and Testimony . ...................................... 16

        1.    Ms. Schenk's Opinions on "Secondary Considerations of Non-Obviousness" and Statutory "Reasonableness" Constitute Impermissible Legal Conclusions and are moot in light of the withdrawal of the Counterclaim ................................................................................... 16

        2.    Her "Damages" Analysis Is Methodologically Unreliable and Consists of Ipse Dixit Assertions ................................................................... 17

        3.    Ms. Schenk's Opinions Lack "Fit" and Will Not Assist the Trier of Fact 18

        4.    Even if Marginally Relevant, Ms. Schenk's Testimony Should Be Excluded Under Rule 403 Because Its Probative Value Is Substantially Outweighed by the Risks of Jury Confusion and Unfair Prejudice .......... 19

    D.    The Entire Report of Dr. Sorini and the Commercial success Sections of the Schenk Report are Moot and Should not be Allowed ........................... 20

IV. CONCLUSION .................................................................................................... 20

DEFENDANTS' *DAUBERT* MOTIONS TO
EXCLUDE EXPERT TESTIMONY
(Case No. 2:23-cv-01016)       Page **2**

**DNL Zito**
1250 Connecticut Avenue, NW, Suite 700
Washington, DC 20036,
Phone: (202) 466-3500

1

## **TABLE OF AUTHORITIES**

2

**Cases**

3

*Amazon.com, Inc. v. Personal Web Technologies*, *LLC*,
   No. C14-01375 BLW, 2020 WL 3515051 (W.D. Wash. June 29, 2020)............................ 10, 16

4

*Bausch & Lomb, Inc. v. Alcon Labs, Inc.*,

5
   79 F. Supp 2d 252 (W.D.N.Y 2000) ........................................................ 10

6

*Burkhart v. WMATA*,
   112 F.3d 1207 (D.C. Cir 1997). ............................................................... 10, 13

7

*Cordis v. Boston Scientific Corp.*,
8
   561 F.3d 1319 (Fed. Cir. 2009) ............................................................... 8, 14

*Crow Tribe of Indians v. Racicot*,
9
   87 F.3d 1039 (9th Cir. 1996) ........................................................... passim

10

*Daubert v. Merrell Dow Pharmaceuticals, Inc.*,
   509 U.S. 579 (1993)........................................................................... 8

11

*Diamondback Industries, Inc. v. Repeat Precision*, *LLC*,
12
   No. 6:19-cv-00034-ADA (W.D. Tex. June 27, 2019) ................................... 10

13

*Ellis v. Costco Wholesale Corp.*,
   657 F.3d 970 (9th Cir.2011) ................................................................... 13

14

*Fortune Dynamic, Inc. v. Victoria's Secret Stores Brand Mgmt., Inc.*,
15
   618 F.3d 1025 (9th Cir. 2010) ........................................................... 12, 15

16

*Fox Factory, Inc. v. SRAM, LLC*,
   944 F.3d 1366 (Fed. Cir. 2019) ............................................................... 17

17

*General Elec. Co. v. Joiner*,
   522 U.S. 136 (1997)......................................................... 11, 14, 18

18

*Hangarter v. Provident Life & Accident Ins. Co.*,
19
   373 F.3d 998 (9th Cir. 2004) .................................................... 12, 13, 15, 19

20

*Kumho Tire Co. v. Carmichael*,
   526 U.S. 137 (1999)......................................................... 7, 8, 11, 14

21

*Marx & Co. v. Diners Club Inc.*,
22
   550 F.2d 505 (2d Cir. 1977) ........................................................... 9, 10

23

*Micro Chem., Inc. v. Lextron, Inc.*,
   317 F.3d 1387 (Fed. Cir. 2003) ........................................................... 9, 14

24

DEFENDANTS' *DAUBERT* MOTIONS TO
EXCLUDE EXPERT TESTIMONY
(Case No. 2:23-cv-01016)       Page **3**

**DNL Zito**
1250 Connecticut Avenue, NW, Suite 700
Washington, DC 20036,
Phone: (202) 466-3500

*Moore v. Ashland Chem. Inc.*,
  151 F.3d 269 (5th Cir. 1998) (en banc) ................................................. 7

*Mukhtar v. Cal. State Univ., Hayward*,
  299 F.3d 1053 (9th Cir. 2002) ............................................................ 13

*Nieves-Villanueva v. Soto-Rivera*,
  133 F.3d 92 (1st Cir. 1997)................................................................. 8

*PacTool Int'l v. Kett Tool Co.*,
  No. C06-5367BHS, 2009 WL 10705131, at *2 (W.D. Wash. Sept. 15, 2009) ................ passim

Primiano v. Cook,
  598 F.3d 558 (9th Cir. 2010) ........................................................ 11, 18

*Sundance, Inc. v. DeMonte Fabricating Ltd.*,
  550 F.3d 1356 (Fed. Cir. 2008) ........................................................... 8

*United States v. Bilzerian*,
  926 F.2d 1285 (2d Cir. 1991) ...................................................... 8, 11, 16

*United States v. Finley*,
  301 F.3d 1000 (9th Cir. 2002) .......................................................... 14

WBIP, LLC v. Kohler Co.,
  829 F.3d 1317 (Fed. Cir. 2016) ......................................................... 17

**Statutes**

35 U.S.C. § 285 ............................................................................. 8

RCW 19.350 ............................................................................... 17

RCW 19.350.010 et seq. .................................................................... 8

RCW 19.350.020 ........................................................................ 8, 11

RCW 19.86 ............................................................................... 17

**Rules**

Fed. R. Evid. 403 .................................................................... passim

Fed. R. Evid. 602 .................................................................. 4, 5, 16

Fed. R. Evid. 701 ........................................................................ 16

Fed. R. Evid. 702 .................................................................... passim

DEFENDANTS' *DAUBERT* MOTIONS TO
EXCLUDE EXPERT TESTIMONY
(Case No. 2:23-cv-01016)          Page **4**

**DNL Zito**
1250 Connecticut Avenue, NW, Suite 700
Washington, DC 20036,
Phone: (202) 466-3500

Fed. R. Evid. 702(a) ................................................................................................ 6, 9, 16

Fed. R. Evid. 703 ......................................................................................................... 4, 5

DEFENDANTS' *DAUBERT* MOTIONS TO
EXCLUDE EXPERT TESTIMONY
(Case No. 2:23-cv-01016)                    Page **5**

**DNL Zito**
1250 Connecticut Avenue, NW, Suite 700
Washington, DC 20036,
Phone: (202) 466-3500

Defendants hereby present their Four *Daubert* motions asking the Court to exclude entirely or limit the testimony of Plaintiff's experts (A) Paul R. Gugliuzza, (B) Ramsey M. Al-Salam, (C) Kimberly J. Schenk and (D) Adam Sorini.

## I.  **INTRODUCTION**

Plaintiff has offered expert reports on several topics which are not appropriate for expert testimony. The experts do not use their expertise to explain complex facts in a manner that can be understood by the court or trier of fact, instead they offer opinion on the ultimate legal issues.

A.    Professor Paul R. Gugliuzza offers improper testimony on the meaning of statutory language, i.e. what constitutes "bad faith" under Washington's Patent Troll Prevention Act and presents improper ultimate conclusion testimony in expressing his opinion on the ultimate conclusion of bad faith and violation of the Act. His entire testimony should be excluded under: FRE 403 as prejudicial, confusing and misleading; FRE 702 as not constituting proper testimony by an expert witness-- statutory meaning, policy positions and ultimate conclusions are not proper expert testimony; FRE 703 due to improper bases of an expert's opinion testimony -- his opinions are not based on analysis, they are naked conclusions.

B.    Ramsey M. Al-Salam offers opinion testimony on the ultimate issue of the reasonableness of activities undertaken by counsel. Experts are to apply their knowledge to explain facts, not to reach ultimate legal conclusions. There are no facts which need to be explained to the Court as the Court is fully capable of reading a time sheet and determining reasonableness. His testimony should be excluded under FRE 403; FRE 602 for lack of personal knowledge; FRE 702; and FRE 703 improper bases.

DEFENDANTS' *DAUBERT* MOTIONS TO
EXCLUDE EXPERT TESTIMONY
(Case No. 2:23-cv-01016)                Page **6**

**DNL Zito**
1250 Connecticut Avenue, NW, Suite 700
Washington, DC 20036,
Phone: (202) 466-3500

C.    Kimberly J. Schenk is proffered on three issues, (i) contract damages, (ii) actual damages based on internal costs and (iii) reasonableness of legal fees. The portion of her testimony regarding reasonableness of legal fees should be excluded under FRE 403 as prejudicial, confusing and misleading, Ms. Schenk should not be allowed to give her personal opinion on an ultimate issue, FRE 602 for lack of personal knowledge, she does not claim to have expertise in the reasonableness of activity undertaken in litigation; FRE 701 as opinion testimony by a lay witnesses, she does not claim to have expert qualifications in this area; FRE 702 as not constituting proper testimony by an expert witnesses -- she is not qualified by "knowledge, skill, experience, training, or education" and makes no expert determinations nor even any independent determination of reasonableness; and FRE 703 due to improper bases of an expert's opinion testimony she simply accepts the conclusions of other attorneys.

D.    Adam Sorini is proffered on the issue of validity. His testimony is moot because the issue of validity is no longer in the case.

## II.   <u>LEGAL STANDARD</u>

Federal Rules of Evidence, Rule 702 permits expert testimony only from:

A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if the proponent demonstrates[1] to the court that it is more likely than not that:
**(a)** the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
**(b)** the testimony is based on sufficient facts or data;
**(c)** the testimony is the product of reliable principles and methods; and

---

[1] The burden is upon the party presenting the expert to demonstrate the opinion is limited to facts and will help the trier of fact.**Error! Main Document Only.** *See Moore v. Ashland Chem. Inc.*, 151 F.3d 269, 276 (5th Cir. 1998) (en banc). The "gatekeeping obligation" that a district court has under FRE 702 "applies to all expert testimony," not just scientific testimony. *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147 (1999).

**(d)** the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

Experts testify about facts, not law. Experts are to use "scientific, technical, or other specialized knowledge" to analyze facts and present the facts in a form that can be understood so as to assist the trier of fact in understanding evidence. Fed. R. Evid. 702(a). Experts do not explain or apply the law.

The trial court serves as a gatekeeper to ensure reliability and relevance. *See Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579, 589 (1993); *Kumho Tire at* 147. Testimony that articulates legal standards, applies law to facts, or draws legal conclusions is inadmissible. *See Sundance, Inc. v. DeMonte Fabricating Ltd.*, 550 F.3d 1356, 1364 (Fed. Cir. 2008); *Nieves-Villanueva v. Soto-Rivera*, 133 F.3d 92, 99 (1st Cir. 1997). The Ninth Circuit and trial courts in this District have repeatedly excluded expert testimony that defines the law, applies legal standards to facts, or tells the jury what result to reach. *See Crow Tribe of Indians v. Racicot*, 87 F.3d 1039, 1045 (9th Cir. 1996) ("Experts may not testify to legal conclusions, even if couched as factual opinions."), *PacTool Int'l v. Kett Tool Co.*, No. C06-5367BHS, 2009 WL 10705131, at *2 (W.D. Wash. Sept. 15, 2009).

In *PacTool*, Judge Settle excluded expert testimony that "offered legal opinions on claim interpretation and patent validity." 2009 WL 10705131, at *2. Likewise, the Federal Circuit in *Cordis v. Boston Scientific Corp.*, 561 F.3d 1319, 1332 (Fed. Cir. 2009), confirmed that experts may not opine on "ultimate issues of law such as validity, enforceability, or inequitable conduct."

Even where testimony is marginally relevant, Rule 403 mandates exclusion if its probative value is outweighed by risks of confusion or prejudice. Fed. R. Evid. 403; *United States v. Bilzerian*, 926 F.2d 1285, 1294 (2d Cir. 1991). Legal commentary disguised as expertise misleads

DEFENDANTS' *DAUBERT* MOTIONS TO
EXCLUDE EXPERT TESTIMONY
(Case No. 2:23-cv-01016)                     Page **8**

**DNL Zito**
1250 Connecticut Avenue, NW, Suite 700
Washington, DC 20036,
Phone: (202) 466-3500

the jury and turns trial into a law lecture rather than a fact-finding process. *See Marx & Co. v. Diners Club Inc.*, 550 F.2d 505, 509–12 (2d Cir. 1977).

## III.    ARGUMENT AND AUTHORITY

### A.    GUGLIUZZA'S EXPERT REPORT AND TESTIMONY

Professor Gugliuzza opines on the ultimate conclusion that Defendants' litigation conduct constitutes "bad-faith patent assertion" under Washington's Patent Troll Prevention Act ("WPTPA"), RCW 19.350.010 et seq., and 35 U.S.C. § 285. The report does not offer specialized technical or scientific knowledge that would assist the trier of fact. Instead, it consists of legal conclusions, interpretations of case law, and policy commentary, none of which is permitted under Rule 702. Mr. Gugliuzza does not use any specialized skills to explain the facts. The facts (i.e. e-mails and letters) are quite simple to understand; it is the jury's duty to make the determination whether those simple facts demonstrate violation of a statute. The Court should not allow Mr. Gugliuzza to present his legal conclusions on ultimate issues as expert testimony.

Professor Gugliuzza states that he was retained "to provide opinions regarding the role of patent trolls in patent litigation and whether the actions of Defendants were in bad faith." i.e. a legal conclusion. (Gugliuzza Report at 7.) He repeatedly concludes that Defendants' conduct "would be consistent with bad-faith patent enforcement" and that "Defendants do not show good faith." (Id. at 47–54.) Whether a party acted in "bad faith" under RCW 19.350.020 or the conduct results in an "exceptional case" under § 285 is an ultimate legal question reserved for the Court. *See Micro Chem., Inc. v. Lextron, Inc.*, 317 F.3d 1387, 1392 (Fed. Cir. 2003). Testimony applying such standards is inadmissible because it usurps the Court's role.

In *PacTool*, the court held that "interpreting the law is the Court's responsibility." 2009 WL 10705131, at *2. The same rationale applies here. Courts routinely exclude testimony that "merely tells the jury what result to reach." *Crow Tribe*, at 1045.

DEFENDANTS' *DAUBERT* MOTIONS TO
EXCLUDE EXPERT TESTIMONY
(Case No. 2:23-cv-01016)                        Page **9**

**DNL Zito**
1250 Connecticut Avenue, NW, Suite 700
Washington, DC 20036,
Phone: (202) 466-3500

1  Between pages 25 and 31 of his report, Professor Gugliuzza recites the WPTPA's elements

2  and paraphrases *Octane Fitness's* "exceptional case" standard before concluding that Defendants'

3  conduct "fits the statutory definition of bad-faith patent enforcement." This is not technical

4  analysis—it is legal advocacy. See *Sundance*, 550 F.3d at 1364. As the Ninth Circuit held in *Crow*

5  *Tribe*, experts cannot apply law to facts. The Court must be the "exclusive expositor of the law."

6  *Burkhart v. WMATA*, 112 F.3d 1207, 1213 (D.C. Cir 1997).

7  This Court's precedent supports exclusion. In *Amazon.com, Inc. v. Personal Web*

8  *Technologies*, *LLC*, No. C14-01375 BLW, 2020 WL 3515051 (W.D. Wash. June 29, 2020), the

9  court excluded expert analysis that "instruct[ed] the jury on the meaning and application of

10  governing law." Professor Gugliuzza's attempts to apply legal standards to facts are advocacy, not

11  expertise.

12  The report includes extended policy discussions, criticizing Federal Circuit precedent and

13  asserting that state-law regimes like the WPTPA are necessary to "level the playing field."

14  (Gugliuzza Report at 34-35.) Courts uniformly exclude policy advocacy disguised as expert

15  testimony. *See Marx & Co.*, 550 F.2d at 509-12; *Bausch & Lomb, Inc. v. Alcon Labs, Inc.*,

16  79 F. Supp 2d 252 (W.D.N.Y 2000) (excluding expert testimony that advocated for a change of

17  policy at the USPTO regarding the handling of applications). This type of legal advocacy has no

18  place in the evidentiary record of a jury trial. In *Diamondback Industries, Inc. v. Repeat Precision*,

19  *LLC*, No. 6:19-cv-00034-ADA (W.D. Tex. June 27, 2019), the court barred legal expert Bryan

20  Garner from interpreting contracts and legal canons. The court held that such opinions "invade the

21  province of the Court." *Id*. Professor Gugliuzza's commentary on Federal Circuit law and

22  constitutional policy is similarly inadmissible.

23

24

DEFENDANTS' *DAUBERT* MOTIONS TO
EXCLUDE EXPERT TESTIMONY
(Case No. 2:23-cv-01016)                     Page **10**

**DNL Zito**
1250 Connecticut Avenue, NW, Suite 700
Washington, DC 20036,
Phone: (202) 466-3500

The Gugliuzza report has no expert explanation of facts, and none is needed, as the e-mails and letters are written in plain English and involve no complex technical or specialized concepts that require expert clarification. Even if the Court found limited probative value for Gugliuzza's opinion testimony, the risk of confusion and undue prejudice would far outweigh it. A law professor's assertion that Defendants acted in "bad faith" carries an imprimatur of authority that jurors are unlikely to discount. *See Bilzerian*, 926 F.2d at 1294. Courts in this District have recognized the danger of such undue influence. *See PacTool*, at *3 (excluding testimony where "risk of misleading the jury outweighed probative value"). Exclusion is the only safeguard against converting this trial into a forum for academic policy debate.

The trier of fact should instead see the evidence, e-mails and letters and hear testimony from fact witnesses so that the trier of fact, not Mr. Gugliuzza, can determine if those facts violate the law.

The "helpfulness" requirement of Fed. R. Evid. 702(a), commonly referred to as *Daubert*'s "fit" prong, demands that expert evidence bear a valid, logical connection to a disputed factual issue in the case. *Daubert at* 591–92. Expert opinions must "fit" the facts of the case and address issues on which a jury or factfinder actually needs assistance, rather than supplying legal interpretations or commentary on the evidence. *General Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997); *Kumho Tire at* 147; *Primiano v. Cook*, 598 F.3d 558, 564–65 (9th Cir. 2010) ("The expert's opinion must have a reliable basis in the knowledge and experience of his discipline and be relevant to the task at hand."). *See PacTool* at *3 (excluding expert who "merely parroted legal arguments" and did not assist the factfinder). The Ninth Circuit has likewise held that expert testimony fails the *fit* requirement when "the jury is fully capable of making the determination without assistance." *Fortune Dynamic, Inc. v. Victoria's Secret Stores Brand Mgmt., Inc.*, 618 F.3d 1025, 1043 (9th

DEFENDANTS' *DAUBERT* MOTIONS TO
EXCLUDE EXPERT TESTIMONY
(Case No. 2:23-cv-01016)                    Page **11**

**DNL Zito**
1250 Connecticut Avenue, NW, Suite 700
Washington, DC 20036,
Phone: (202) 466-3500

1   Cir. 2010). Mr. Gugliuzza's opinions do not satisfy this "fit" requirement because there are no

2   disputed material facts requiring assistance. This case has a simple set of facts, limited to less than

3   a dozen items of correspondence.[2] The e-mails and letters and testimony of witness are accessible

4   by the Court and the trier of fact without any expert help. Mr. Gugluzza's report improperly

5   characterizes these simple facts as good or bad under Washington Patent Troll Prevention Act

6   (RCW 19.350.020) this is a legal conclusion, not a factual determination requiring expert guidance.

7   *See Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1016 (9th Cir. 2004) ("An

8   expert witness cannot give an opinion as to her legal conclusion, i.e., an opinion on an ultimate

9   issue of law."); *Crow Tribe at* 1045 (same). As the Ninth Circuit has emphasized, "instructing the

10  jury as to applicable law is the distinct and exclusive province of the court." *Hangarter*, at 1016.

11      The Gugliuzza report lacks the "fit" that *Daubert* demands: his conclusions neither rest on

12  a reliable application of expertise nor address any factual matter beyond the comprehension of the

13  Court. Because his testimony will not assist the trier of fact in resolving a factual issue, it fails

14  Rule 702(a) and should be excluded.

15      For these reasons, Defendants respectfully request that the Court grant this Motion and

16  exclude the opinions and testimony of Professor Paul R. Gugliuzza in their entirety. Alternatively,

17  Defendants request that the Court strike all portions of the report and testimony that: (1) opine on

18  "bad faith" or "good faith"; (2) interpret or apply legal standards; (3) critique Federal Circuit or

19  constitutional law; or (4) otherwise express legal conclusions or policy opinions. This includes the

20  entirety of sections I – IV of Mr. Gugliuzza's report.

21

22

23

24  ───────────────────

[2] *See* "Timeline of Relevant Events" Gugliuzza at Paragrapghs # - #,  and Schenk at paragraphs 29 – 36.

DEFENDANTS' *DAUBERT* MOTIONS TO
EXCLUDE EXPERT TESTIMONY
(Case No. 2:23-cv-01016)                    Page **12**

**DNL Zito**
1250 Connecticut Avenue, NW, Suite 700
Washington, DC 20036,
Phone: (202) 466-3500

### B. AL-SALAM'S EXPERT REPORT AND TESTIMONY SHOULD BE EXCLUDED UNDER *DAUBERT*.

#### 1. MR. AL-SALAM'S OPINIONS ON "REASONABLENESS" ARE IMPERMISSIBLE LEGAL CONCLUSIONS

Mr. Al-Salam's report purports to "opine on the reasonableness of the attorneys' fees sought by Valve" and to assess whether those fees and Valve's counsel's litigation conduct were "reasonable under the circumstances." (Al-Salam Report at 3–5.) Such testimony is inadmissible because it states a legal conclusion—whether the claimed fees are "reasonable." The "reasonableness" of fees is a quintessential judicial legal determination under both statutes. *See Sundance,* discussion above (holding that expert testimony "stating ultimate legal conclusions" is improper); *Ellis v. Costco Wholesale Corp.,* 657 F.3d 970, 982 (9th Cir.2011) (holding that an expert's "inference or assertion must be derived by the scientific method" to be admissible); *Crow Tribe at* 1045 ("Experts may not testify to legal conclusions, even if couched as factual opinions."). In *PacTool* at *2, Judge Settle excluded expert commentary that "offered legal opinions on claim interpretation and patent validity," reasoning that "interpreting the law is the Court's responsibility." The same principle controls here. Determining what is "reasonable" under a statute—including the reasonableness of attorney's fees—is a question of law for the Court, not for an expert witness. *Crow Tribe at* 1045; *Hangarter at* 1016; *Mukhtar v. Cal. State Univ., Hayward*, 299 F.3d 1053, 1066 n.10 (9th Cir. 2002); *Crowley v. Bannister*, 734 F.3d 967, 977 (9th Cir. 2013); *PacTool* at *2.

Although an expert may rely on professional experience to identify billing practices or market rates, he may not opine that a particular fee or a particular activity or a particular amount of time is or is not "reasonable" under governing law. Such an opinion impermissibly instructs the factfinder on how to apply a legal standard. *See Burkhart v. WMATA* at 1212–13 (expert testimony "telling the jury what result to reach" is inadmissible); *United States v. Finley*, 301 F.3d 1000,

DEFENDANTS' *DAUBERT* MOTIONS TO
EXCLUDE EXPERT TESTIMONY
(Case No. 2:23-cv-01016)                    Page **13**

**DNL Zito**
1250 Connecticut Avenue, NW, Suite 700
Washington, DC 20036,
Phone: (202) 466-3500

1014 (9th Cir. 2002) (same). Because the Al-Salam report expressly applies the legal test for "reasonableness," his opinions usurp the Court's role and must be excluded.

### 2. THE REPORT LACKS A RELIABLE METHODOLOGY AND RELIES ON IPSE DIXIT COMPARISONS

In addition, Mr. Al-Salam's analysis fails Daubert's reliability requirement. *See Daubert*; and *Kumho Tire at* 147. He does not apply any reproducible methodology or accepted accounting standard. Instead, he presents a narrative of selected invoices and "comparable" litigation without identifying data sources, sampling methods, or controls. His "comparisons" are unsupported *ipse dixit*, relying on patent litigation as a comparable, not PTPA matters. Courts exclude such conclusory analysis. *See General Elec.at* 146. ("nothing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the ipse dixit of the expert"); *Cordis at* 1332 (same).

Mr. Al-Salam's invocation of "professional judgment" cannot substitute for method. *See Micro Chem., Inc. v. Lextron, Inc.*, 317 F.3d 1387, 1392 (Fed. Cir. 2003) (expert's "ipse dixit" assertions about reasonableness of conduct were inadmissible). He cites no statistical sample, economic model, or accepted litigation-cost metric. Instead, his conclusions rest solely on subjective impressions—precisely the kind of unreliable personal experience Daubert forbids when untested by objective criteria.

*See* Paragraph 38 of the Al-Salam report:

38. In addition to confirming that the hourly rates are reasonable, I have also concluded that the time allocated to specific tasks by Valve's attorneys was reasonable. In reaching this conclusion, I have reviewed the invoices submitted by Valve's attorneys for which they seek recovery, and allocation from those invoices to the PTPA in Appendix B. The time spent on **the specific tasks seems reasonable** and the allocation is conservative, if anything.

DEFENDANTS' *DAUBERT* MOTIONS TO
EXCLUDE EXPERT TESTIMONY
(Case No. 2:23-cv-01016)    Page **14**

**DNL Zito**
1250 Connecticut Avenue, NW, Suite 700
Washington, DC 20036,
Phone: (202) 466-3500

However, at no time does his opinion consider, or even mention that the actual damages for the alleged breach of the anti-troll act are less than $10,000.[3] There is no reasonable methodology when the amount of time spent is not considered in relation to the damages at issue. Mr. Al-Salam's opinion at no time considers any alternative course of action or any reasonable measure of expenditure in relation to the actual damages claimed. Mere parroting of reasonableness is not a reliable methodology.

### 3.   HIS OPINIONS LACK "FIT" AND WILL NOT ASSIST THE TRIER OF FACT

Mr. Al-Salam's opinions do not satisfy the Daubert "fit" requirement because they are untethered to any disputed factual issue and address questions that belong exclusively to the Court. His report purports to "evaluate the reasonableness of the attorneys' fees sought by Valve" and to assess whether those fees were "reasonable under the circumstances." (Al-Salam Report at 3–5.) "Reasonable" is a judgement call based on a legal standard applied by the trier of fact, not a factual determination requiring expert guidance. *See Hangarter* at 1016; and *Crow Tribe* at 1045. As the Ninth Circuit has emphasized, "instructing the jury as to applicable law is the distinct and exclusive province of the court." *Hangarter*, at 1016.

Mr. Al-Salam's narrative also does not "fit" any fact in issue because it merely re-packages Valve's legal arguments as "expert analysis." His discussion of litigation strategy, staffing efficiency, and case outcomes does not illuminate any technical or specialized subject requiring expert knowledge. Instead, it provides Valve's counsel with argumentative commentary cloaked in the authority of an expert report—precisely what *Daubert* forbids. *See PacTool* at *3. The Ninth Circuit in *Fortune Dynamic* at 1043 agrees, see above.

---

[3] *See* Schenk Report at Paragraph 3: "for costs associated with addressing the June 2023 demand letter."

DEFENDANTS' *DAUBERT* MOTIONS TO
EXCLUDE EXPERT TESTIMONY
(Case No. 2:23-cv-01016)                    Page **15**

**DNL Zito**
1250 Connecticut Avenue, NW, Suite 700
Washington, DC 20036,
Phone: (202) 466-3500

Here, the factfinder can assess the reasonableness of Valve's billing records using ordinary experience and the governing legal standards; no specialized knowledge is required. Al-Salam's conclusions neither rest on a reliable application of expertise nor address any factual matter beyond the competence of the Court.

### 4. ANY MARGINAL PROBATIVE VALUE IS OUTWEIGHED BY PREJUDICE AND JURY CONFUSION

A prominent intellectual-property attorney, billing at $1,525 per hour, testifying that Valve's litigation decisions in pursuit of a minor damage claim,[4] were "reasonable" risks misleading jurors into substituting his personal judgment for the Court's. *See Bilzerian*, 926 F.2d at 1294 ("Expert legal testimony may give an aura of authority that prejudices the jury."); *PacTool*, at *3 (same). Even if portions of the report were arguably relevant, any probative value is far outweighed by the dangers of unfair prejudice, juror confusion, and waste of time. *See Amazon.com* at *2–3. Mr. Al-Salam's testimony adds nothing to the exhibits attached thereto, he merely parrots the reasonableness asserted by Plaintiff's counsel. (*See,* for example, "I do not have personal knowledge of the background, experience, or specific roles of the Kilpatrick attorneys who are listed in Appendix B," paragraph 18.)

Mr. Al-Salam's testimony offers impermissible legal conclusions relies on no discernible methodology, lacks relevance to any factual issue, and would mislead the jury. Under Rules 702 and 403 and controlling precedent in this District, his opinions must be excluded in their entirety.

### C. MS. SCHENK'S EXPERT REPORT AND TESTIMONY .

#### 1. MS. SCHENK'S OPINIONS ON "SECONDARY CONSIDERATIONS OF NON-OBVIOUSNESS" AND STATUTORY "REASONABLENESS" CONSTITUTE

---

[4] *See* Schenk Report at Paragraph 3.

DEFENDANTS' *DAUBERT* MOTIONS TO
EXCLUDE EXPERT TESTIMONY
(Case No. 2:23-cv-01016)    Page **16**

**DNL Zito**
1250 Connecticut Avenue, NW, Suite 700
Washington, DC 20036,
Phone: (202) 466-3500

IMPERMISSIBLE LEGAL CONCLUSIONS AND ARE MOOT IN LIGHT OF THE WITHDRAWAL OF THE COUNTERCLAIM

At the outset, Ms. Schenk expressly states that she was retained "to evaluate damages due Valve … [and] to consider whether the Defendants' history of litigation settlements involving U.S. Patent No. 8,856,221 ('the '221 Patent') is supportive of a finding of commercial success and copying as secondary considerations of non-obviousness." (Schenk Report at 1.) Whether settlements demonstrate "commercial success" or "copying" is a question of law and for the trier of fact—not for a CPA. *See WBIP, LLC v. Kohler Co.*, 829 F.3d 1317, 1328–34 (Fed. Cir. 2016); *Fox Factory, Inc. v. SRAM, LLC*, 944 F.3d 1366, 1373–76 (Fed. Cir. 2019).

## 2. HER "DAMAGES" ANALYSIS IS METHODOLOGICALLY UNRELIABLE AND CONSISTS OF IPSE DIXIT ASSERTIONS

Ms. Schenk identifies no accepted economic model or accounting standard for calculating the damages she presents. Instead, she multiplies assumed hours and billing rates provided by Valve's counsel and calls the results "damages." (Schenk Report at 3, 50, 61-77.) She admits that her total of legal fees and costs are based on counsel's invoices that she "understands to be reasonable." *(*Schenk Report at 10.) It is impermissible for an "expert" to rely on the conclusory opinions of others. The Schenk Report provides no basis for the assumption of a reasonable amount of work, and Ms. Schenk's list of experience and qualifications lists no such relevant experience of her own:

> "I have supervised and participated in a variety of litigation engagements involving intellectual property damages and other economic issues for patent infringement, trade secret misappropriation, trademark infringement, and breach of contract. In trade secret matters, I have evaluated damages in the form of lost profits, unjust enrichment, and reasonable royalties.
> 7. I have consulted with clients and counsel on business valuation issues, accounting disputes, royalties, lost profits, and market assessments in a variety of industries, including consumer electronics, software, pharmaceuticals, manufacturing, and financial services. I have also assisted clients in contract negotiations and intellectual property licensing analyses." (Schenk Report at ¶¶ 6, 7)

DEFENDANTS' *DAUBERT* MOTIONS TO
EXCLUDE EXPERT TESTIMONY
(Case No. 2:23-cv-01016)                    Page **17**

**DNL Zito**
1250 Connecticut Avenue, NW, Suite 700
Washington, DC 20036,
Phone: (202) 466-3500

Ms. Schenk does not possess any knowledge, skill, experience or ability relevant to assessing the reasonableness of legal activity. She lists no publications on the topic of reasonable activity and no prior testimony.

On the topic of reasonable atty fees, Ms. Schenk does not meet the threshold qualification for FRE 702 expert testimony, i.e: "qualified as an expert by knowledge, skill, experience, training, or education."

She is simply assuming "reasonableness" without basis or analysis and then doing the math. All of her report and testimony related to the value of reasonable fees (paragraphs 3, 50, 52, 53 and 54) should be excluded under FRE 403 as prejudicial, confusing and misleading, FRE 602 for lack of personal knowledge, FRE 701 as opinion testimony by a lay witnesses, FRE 702 as failing to be proper testimony by an expert witnesses. Ms. Schenk calculates damages based on accounting and is not qualified to assess the reasonableness of legal activity.

Her treatment of settlement agreements is equally speculative. She asserts that most agreements were "consistent with nuisance-value settlements," an opinion, not a fact nor a statistic based conclusion nor one based upon experience, training or knowledge.

### 3. MS. SCHENK'S OPINIONS LACK "FIT" AND WILL NOT ASSIST THE TRIER OF FACT

Rule 702 provides that expert testimony is admissible only if it "will help the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702(a).

Ms. Schenk's opinions do not satisfy *Daubert*'s *fit* requirement because they address legal issues that the Court—not an expert—must decide and offer no specialized assistance on any factual question. *Daubert* at 591–92; *General Elec.* at 146; *Primiano v. Cook*, 598 F.3d 558, 564–65 (9th Cir. 2010). Ms. Schenk's "damages" opinions fail the Daubert *fit* standard because they depend on legal predicates rather than factual analysis. Ms. Schenk calculates damages by

DEFENDANTS' *DAUBERT* MOTIONS TO
EXCLUDE EXPERT TESTIMONY
(Case No. 2:23-cv-01016)                    Page **18**

**DNL Zito**
1250 Connecticut Avenue, NW, Suite 700
Washington, DC 20036,
Phone: (202) 466-3500

assuming liability under RCW 19.350 and 19.86, then assuming related damages with no stated nexus, adding items she believes those statutes authorize. (Schenk Report at 10–11.) Those categories arise directly from her reading of the statutes—not from any technical or economic principle—and therefore do not "help" the trier of fact within the meaning of Rule 702(a).

Moreover, the factual record Ms. Schenk summarizes, without expert analysis—billing data, salaries, and settlement amounts—speaks for itself. Jurors (and the Court) can evaluate that evidence without expert instruction. Her testimony would not explain technical concepts or illuminate complex data; it would merely "parrot counsel's arguments." *PacTool* at *3. Because her conclusions rest entirely on legal assumptions and advocacy rather than specialized knowledge that will assist the factfinder, they fail the "fit" requirement.

Finally, the mismatch between Ms. Schenk's expertise and the issues she addresses underscores the absence of "fit." Her background is in accounting and damages quantification, not patent law or Washington statutory interpretation. Yet her report instructs the Court on what categories of recovery the WPTPA and CPA permit.

### 4. EVEN IF MARGINALLY RELEVANT, MS. SCHENK'S TESTIMONY SHOULD BE EXCLUDED UNDER RULE 403 BECAUSE ITS PROBATIVE VALUE IS SUBSTANTIALLY OUTWEIGHED BY THE RISKS OF JURY CONFUSION AND UNFAIR PREJUDICE

Here, the danger of confusion is acute. Ms. Schenk presents herself as a CPA and damages consultant yet offers legal judgments about whether particular statutes authorize recovery. (Schenk Report at 3, 11–12.) Her credentials would likely cause jurors to treat those statements as authoritative evaluations of Valve's legal entitlement to specific damages, encroaching upon the Court's role. The Ninth Circuit has held that this precise type of testimony must be excluded under Rule 403. *See Hangarter* at 1016.

DEFENDANTS' *DAUBERT* MOTIONS TO
EXCLUDE EXPERT TESTIMONY
(Case No. 2:23-cv-01016)    Page **19**

**DNL Zito**
1250 Connecticut Avenue, NW, Suite 700
Washington, DC 20036,
Phone: (202) 466-3500

The blend of law, advocacy, and arithmetic risks diverting the jury from the actual issues of liability, and causation. Jurors may believe that Ms. Schenk's "expert" conclusions represent authoritative statements of what the law requires, or that the Court has already endorsed those interpretations. The resulting confusion would be impossible to cure through cross-examination or limiting instruction. *See Daubert at* 595 ("Expert evidence can be both powerful and quite misleading because of the difficulty in evaluating it.").

Allowing Ms. Schenk to testify would create exactly the prejudice and confusion Rule 403 seeks to prevent. Her opinions would "substitute the expert's judgment for that of the jury" and undermine the Court's responsibility to instruct the jury on the law. *Crow Tribe*, 87 F.3d at 1045.

Ms. Schenk's opinions fail both Rule 702 and Rule 403. They address legal—not factual— matters, rely on unreliable and assumption-driven reasoning, and would mislead the jury by presenting legal argument under the guise of expert analysis. Accordingly, her report and testimony should be excluded in their entirety.

### D.    THE ENTIRE REPORT OF DR. SORINI AND THE COMMERCIAL SUCCESS SECTIONS OF THE SCHENK REPORT ARE MOOT AND SHOULD NOT BE ALLOWED.

Defendant has withdrawn the counter-claim for infringement, with prejudice, thus removing standing for Counts I and II of the Complaint, the declaratory judgement invalidity counts. The issue of validity has thus been removed from the case, rendering the Sorini report irrelevant and rendering the portions of the Schenk opinion related to invalidity and secondary considerations, i.e. Schenk Paragraph 4 and Section VIII at paragraphs 61 – 77, moot.

## IV.    CONCLUSION

This matter is based upon a very small set of simple facts surrounding the interactions between Plaintiff and Defendants. There is no need for expert testimony, there is nothing that requires expert explanation. None of the proposed experts have proffered any testimony that is

DEFENDANTS' *DAUBERT* MOTIONS TO
EXCLUDE EXPERT TESTIMONY
(Case No. 2:23-cv-01016)    Page **20**

**DNL Zito**
1250 Connecticut Avenue, NW, Suite 700
Washington, DC 20036,
Phone: (202) 466-3500

proper opinion testimony nor admissible under the Federal Rules of Evidence.   Fact witnesses will be presented by both sides, evidence of the interactions will be presented and testimony regarding damages will be entered by proper fact witnesses.   The jury and the Court will understand and weigh the evidence.  None of this evidence requires expert opinion testimony, and none of the proffered testimony is admissible.  The Court should not allow the tier of fact to be persuaded in its decision by experts offering legal argument and opinions on the legal determinations.

The Court should exclude all of Plaintiff's expert witnesses.

Dated: October 27, 2025                    Respectfully submitted,

By: */s/ Joseph J. Zito*
    Joseph J. Zito
    DNL ZITO
    1250 Connecticut Avenue, NW, Suite 700
    Washington, DC 20036
    Tel: (202) 466-3500
    Email: jzito@dnlzito.com
    I certify that this memorandum contains 4,731 words, in compliance with the Local Civil Rules.

    René A. Vazquez (*pro hac vice*)
    DNL ZITO
    1250 Connecticut Avenue, NW, Suite 700
    Washington, DC 20036
    Tel: (703) 989-2244
    Email: rvazquez@dnlzito.com

    */s/ Matthew J. Cunanan*
    Matthew J. Cunanan (#42530)
    DC LAW GROUP
    12055 15th Ave NE, Suite B
    Seattle, WA 98125
    Tel: (206) 494-0400

DEFENDANTS' *DAUBERT* MOTIONS TO
EXCLUDE EXPERT TESTIMONY
(Case No. 2:23-cv-01016)                    Page **21**

**DNL Zito**
1250 Connecticut Avenue, NW, Suite 700
Washington, DC 20036,
Phone: (202) 466-3500

Fax: (855) 494-0400
Email: matthew@dclglawyers.com

*Attorneys for Defendants Leigh Rothschild,
Rothschild Broadcast Distribution Systems,
LLC, Display Technologies, LLC, Patent Asset
Management, LLC, Meyler Legal, PLLC, and
Samuel Meyler*

DEFENDANTS' *DAUBERT* MOTIONS TO
EXCLUDE EXPERT TESTIMONY
(Case No. 2:23-cv-01016)          Page **22**

**DNL Zito**
1250 Connecticut Avenue, NW, Suite 700
Washington, DC 20036,
Phone: (202) 466-3500

**CERTIFICATE OF SERVICE**

I hereby certify that on October 27, 2025, I filed the present DEFENDANTS' Four *DAUBERT* MOTIONS TO EXCLUDE THE TESTIMONY OF PLAINTIFF'S EXPERTS GUGLIUZZA, AL-SALAM, SCHENK AND SORINI through the ECF system and that notice will be sent electronically to all counsel who are registered participants identified on the Mailing Information for C.A. No. 2:23-cv-1016.

*/s/ Joseph J. Zito*

DEFENDANTS' *DAUBERT* MOTIONS TO
EXCLUDE EXPERT TESTIMONY
(Case No. 2:23-cv-01016)                Page **23**

**DNL Zito**
1250 Connecticut Avenue, NW, Suite 700
Washington, DC 20036,
Phone: (202) 466-3500