HON. JAMAL N. WHITEHEAD

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| VALVE CORPORATION,<br><br>    Plaintiff,<br><br>    v.<br><br>LEIGH ROTHSCHILD, ROTHSCHILD BROADCAST DISTRIBUTION SYSTEMS, LLC, DISPLAY TECHNOLOGIES, LLC, PATENT ASSET MANAGEMENT, LLC, MEYLER LEGAL, PLLC, AND SAMUEL MEYLER,<br><br>    Defendants. | Case No. 2:23-cv-1016<br><br>**VALVE CORPORATION'S UNOPPOSED MOTION TO SEAL**<br><br>NOTE ON MOTION CALENDAR:<br>**November 17, 2025**<br><br>Complaint Filed:    07/07/2023 |

VALVE'S MOTION TO SEAL
CASE NO. 2:23-CV-1016

- 1 -

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

Pursuant to Local Civil Rule 5(g)(2) and the Protective Order (Dkt. 52), Plaintiff Valve Corporation ("Valve") respectfully moves this Court to issue an Order directing the Clerk to maintain under seal an unredacted copy of Valve's Motion for Partial Summary Judgement; Exhibits 3, 4, 9, and 11 to the Declaration of Dario A. Machleidt; and Exhibit 14 to the Declaration of Christopher Schenck (collectively, the "Sealed Documents"). Valve seeks to seal the Sealed Documents because they contain information designated by Defendants as Confidential under the Protective Order (Dkt. 52), and particularly information Defendants claim deals with internal operations and business methods, financial transfers, and other confidential business information. Defendants do not oppose Valve's proposed sealing.

## I. CERTIFICATION

Pursuant to LCR 5(g)(3)(A), counsel for Valve (Dario Machleidt and Kathleen Geyer) conferred with counsel for Defendants (Adam Woodward and Joseph Zito) numerous times throughout the day via email on October 27, 2025. The parties were able to reach agreement to avoid the need to file certain documents under seal and to minimize the amount of material filed under seal. During that conferral, the parties explored other alternatives to filing under seal, such as withdrawing certain designations or redacting information, but were unable to determine an alternative to filing the Sealed Documents under seal.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 26(c) provides the Court discretion to permit sealing of documents to protect "a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 26(c). A "district court's order sealing its records [is] an exercise of its inherent supervisory power." *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995). A "strong presumption of access to judicial records applies fully to dispositive pleadings, including motions for summary judgment and related attachments." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). To seal documents associated with a dispositive motion, the designating party must demonstrate "compelling reasons." *Id.*

VALVE'S MOTION TO SEAL
CASE NO. 2:23-CV-1016
- 1 -
Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

## III. ARGUMENT

### A. Valve does not seek to seal any Valve confidential information.

In complying with the Court's requirement to "explore all alternatives to filing a document under seal" (LCR 5(g)(1)), Valve redacted certain, limited information from Exhibits 1, 12, 13, and 16 to the Declaration of Christopher Schenck and Exhibit 6 to the Declaration of Kimberly J. Schenk to avoid the need for Valve to seek to file its own information under seal. Specifically, Valve redacted (1) the email address of a Valve employee, and (2) the amount of consideration paid by Valve in the 2016 Global Settlement and License Agreement between the parties. This information is not relevant to the arguments made in Valve's Motion for Partial Summary Judgment, and is the type of "sensitive information … that the court does not need to consider," such that parties can redact it from public court filings. LCR 5(g)(1)(B).

### B. Valve seeks to seal information designated as "Confidential" by Defendants under the Protective Order.

The Sealed Documents Valve seeks to file under seal are all documents containing information that has been designated by Defendants as "CONFIDENTIAL" under the Court's Protective Order. Dkt. 52 ¶ 2 (defining "Confidential" material), ¶ 4 (restricting access to confidential material). Defendants assert the Sealed Documents relate to Defendants' internal operations and business methods, financial transfers, and other confidential business information. *See id.* ¶ 4.3. Pursuant to its obligations under the Protective Order, Valve has complied with Defendants' request to file the Sealed Documents under seal. *See* LCR 5(g)(3)(B) ("Where parties have entered a litigation agreement or stipulated protective order …, a party wishing to file a confidential document it obtained from another party in discovery may file a motion to seal but need not satisfy subpart (3)(B) above."). Pursuant to LCR 7(g)(5)(A), Valve will file a redacted copy of its Motion for Partial Summary judgment.

As required by LCR 5(g)(3), Defendants must satisfy LCR 5(g)(3)(B) in their response to this motion. At this time, Valve takes no position as to whether the information Defendants seek to seal in the Sealed Documents satisfies the required "compelling reasons" standard for being maintained under seal when filed in relation to a dispositive motion. Valve reserves the right to

VALVE'S MOTION TO SEAL
CASE NO. 2:23-CV-1016
- 2 -
Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

object to any proposed sealing upon consideration of Defendants' justifications in response to this motion under LCR 5(g)(3)(B).

## IV. CONCLUSION

For the foregoing reasons, Valve respectfully requests the Court maintain Valve's Motion for Partial Summary Judgement; Exhibits 3, 4, 9, and 11 to the Declaration of Dario A. Machleidt, and Exhibit 14 to the Declaration of Christopher Schenck under seal.

DATED: October 27, 2025   Respectfully submitted,

KILPATRICK TOWNSEND & STOCKTON LLP

By: /s/ *Dario A. Machleidt*
Dario A. Machleidt (State Bar No. 41860)
Kathleen R. Geyer (State Bar No. 55493)
Christopher P. Damitio (State Bar No. 58633)
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
Telephone: (206) 467-9600
dmachleidt@kilpatricktownsend.com
kgeyer@kilpatricktownsend.com
cdamitio@kilpatricktownsend.com

David A. Reed (*pro hac vice*)
100 Peachtree Street NE, Suite 2800
Atlanta, GA 30309
Telephone: (404) 745-2548
dreed@ktslaw.com

Attorneys for Plaintiff
VALVE CORPORATION

I certify that this memorandum contains 753 words, in compliance with the Local Civil Rules.

VALVE'S MOTION TO SEAL
CASE NO. 2:23-CV-1016
- 3 -
Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

# **CERTIFICATE OF COUNSEL**

Pursuant to LCR 5(g)(3)(A), the undersigned counsel for Valve hereby certifies that the counsel for Valve (myself and Kathleen Geyer) conferred with counsel for Defendants (Adam Woodward and Joseph Zito) numerous times throughout the day via email on October 27, 2025 regarding the need for this motion. Counsel for Defendants assert that the information contained in Valve's Motion for Partial Summary Judgement; Exhibits 3, 4, 9, and 11 to the Declaration of Dario A. Machleidt, and Exhibit 14 to the Declaration of Christopher Schenck is confidential and cannot be filed publicly. Specifically, Defendants assert that the information to be kept under seal relates to Defendants' internal operations and business methods, financial transfers, and other confidential business information

*/s/ Dario A. Machleidt*
Dario A. Machleidt

VALVE'S MOTION TO SEAL
CASE NO. 2:23-CV-1016 - 4 -

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

**CERTIFICATE OF SERVICE**

I hereby certify that on October 27, 2025, I served the within via the Court's CM/ECF system to all counsel who are registered participants identified on the Mailing Information for C.A. No. 2:23-cv-1016.

                                                  */s/ Dario A. Machleidt*
                                                  Dario A. Machleidt

VALVE'S MOTION TO SEAL
CASE NO. 2:23-CV-1016      - 5 -

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600