# EXHIBIT 11
# FILED UNDER SEAL

# Rothschild Broadcast Distribution Systems, LLC
1 East Broward Boulevard, Suite 700
Fort Lauderdale, FL 33301

May 12, 2022

**Samuel M. Meyler**
Meyler Legal, PLLC
Via: Electronic Mail
Samuel@meylerlegal.com
1700 Westlake Ave. N., Ste. 200
Seattle, WA 98109

**Re: Local Counsel Engagement for Enforcement of U.S. Patent No. 8,856,221 (the "RBDS" patent)**

Dear Sam:

This engagement letter ("Agreement") sets forth the terms on which Rothschild Broadcast Distribution Systems, LLC (the "Client") agrees to retain Meyler Legal, PLLC (the "Firm") as local counsel in the Western District of Washington to represent the Client in connection with the investigation and enforcement of the RBDS Patent (the "IP"), as well as any other matters agreed to and confirmed in writing, which may include filing or continuing one or more lawsuits against entities believed to have infringed the IP.

**Scope of Engagement**
The Firm understands and agrees that the Firm will act as local counsel only to the Client and will be responsible for filing and serving the complaint in accordance with all applicable local and state rules and procedures. The Firm also understand that the Client's lead counsel, the firm of Kizzia Johnson PLLC and its attorneys, will have primary responsibility for representing the Client in connection with enforcement of the IP. The Client agrees that the Firm may rely upon the instructions and directions of Kizzia Johnson PLLC and its attorneys as being authorized by the Client. Notwithstanding anything to the contrary herein, Firm reserves the right to reject any legal matter or assignment from Client for any reason and Firm shall have no duty to investigate or provide advice or services in matters not expressly assigned to Firm by Client and accepted by Firm in writing. Unless otherwise agreed to in writing, Firm's services shall not include the enforcement of any settlement agreement entered into by Client or collection of any judgment entered against any entity. The terms of Firm's services and fees with respect to the enforcement of any settlement agreement and/or collection of any judgment shall be agreed to in writing in advance.

**Attorneys' Fees for Enforcement**
Unless otherwise agreed to in writing, the Firm shall be compensated on a contingency basis by attorney's fees payment totaling five percent (5%) of the Net Recovery. Additionally, a recoupable retainer of $300.00 plus filing and service fees of $600.00 will be advanced in each case.

"Net Recovery" for purposes of this engagement is calculated as follows: Net Recovery equals Gross Recovery minus Costs. Gross Recovery means the total amount of cash *plus* the fair market value of any other property (valued on the date of receipt) obtained by settlement or conclusion of litigation. Costs means expenses incurred by the Client which are attributable to the specific legal matter for which the Net Recovery is being calculated, including but not limited to: the

1

retainer advanced, rent, legal and factual research tools or subscriptions, claim charts, wire in fees for settlement. For the avoidance of doubt, typical overhead expenses associated with running Client's business shall not be included in Costs that would be deducted from the Gross Recovery on any legal matter.

One or more of the Client's claims may entitle the Client to recover attorneys' fees from the opposing party. In the event that a court awards the Client attorneys' fees to be paid by a defendant, then the recovery will be computed by adding the Client's damages to the attorneys' fee award before computing the contingent fee. In the event that the attorney's fee award exceeds the percentages of the Gross Recovery provided above, the Firm may elect to receive the award as their fee, divided as agreed above, in lieu of a contingent fee.

The Fee shall be due and payable after the Client has cleared the indication of Gross Recovery payment with distributions occurring on the following 15th or 30th of the month. If less than the total Gross Recovery is obtained at any time (for example, by judgment or settlement with one but not all the defendants), the Fee shall be paid based upon the actual amount or value received or obtained from that portion of the Gross Recovery.

**Expenses**
The Client agrees to pay the expenses of litigation on an ongoing basis and advance all filing costs. The Firm's out-of-pocket expenses shall include, but are not limited to, filing fees; travel and related expenses; photocopying, scanning and ESI consulting related to electronic discovery; consultants, experts, court reporters, or mediators; deposition costs and transcripts; and messenger and overnight delivery services. The Firm agrees to work with the Client to keep costs at a minimum and will consult with the Client and obtain permission prior to incurring any expense exceeding $1,000.00. The Firm will invoice the Client monthly for all expenses that have been incurred and the Client agrees to pay such invoices within 30 days.

**Enforcement Activities**
The parties contemplate that enforcement activities may be directed at multiple target defendants. The Firm will pursue those targets and lawsuits that the Firm believes, after consultation with the Client will likely result in an outcome that would justify the risk of litigation for the Client and the Firm, will not create a conflict of interest, and will not divert resources that would be better spent pursuing another target or lawsuit.

**Client's Representations and Warranties**
Client represents and warrants that it has a sole undivided ownership interest in the IP; that any and all named inventors have assigned all of their rights and interests in the IP to the Client; that if the IP is licensed to Client, the licensor has given all substantial rights and necessary authority to enter into this agreement and proceed with a lawsuit; that Client shall cooperate with the Firm in good faith to identify and disclose to the Firm all relevant information known to Client about the IP and all infringing products, services and/or works; and that Client has disclosed and will disclose to the Firm all non-infringement, invalidity, unenforceability and counterclaim arguments reasonably anticipated to be available for assertion by potential infringers.

**Assignment of IP**
In the event that the Client assigns all or a portion of the rights to enforce the IP to another person or entity, any such assignment shall provide that the assignee agrees to abide by the terms of this Agreement and that the Firm will continue to represent both the Client and the assignee in accordance with the terms of this Agreement. The Client agrees to consult with the Firm before agreeing to assign any rights relating to the IP or their enforcement.

2

### Duty to Cooperate
The Client understands that it has a duty to cooperate with the Firm. The Client understands and agrees that the Firm is obligated to consider seriously and in good faith all reasonable offers of settlement made by an opposing party or parties. Further, the Client understands that it has become the practice of many courts to order parties to engage in mediation in the normal course of litigation, and the Client agrees to participate in mediation in good faith.

The Client shall appear on reasonable notice at all meetings, depositions, and court appearances, and shall comply with all reasonable requests of the Firm to assist in enforcement activities and provide information or documentation. The Client agrees that the Client's principals and employees, and the inventors, creators or authors of the IP will be available and will assist in good faith in enforcement activities contemplated by this Agreement.

### Duty of Confidentiality
The Firm agrees that it shall take reasonable measures to protect the secrecy of and avoid disclosure and unauthorized use of the confidential information of the Client. Without limiting the foregoing, the Firm shall take at least those measures that it takes to protect its own most highly confidential information and shall ensure that its employees and agents who have access to confidential information of the Client have signed a non-use and non-disclosure agreement with content similar to the provisions hereof (or are bound by similar professional obligations), prior to any disclosure of confidential information to such employees or agents.

### Disclosures and Obligations of Parties
The Client agrees that, in the event the Firm concludes that it would not be ethical, practical, or legally justifiable to bring any claim or claims on Client's behalf, the Firm shall not be obligated to bring such claim(s) or institute or continue litigation on Client's behalf. The Client may not bring or continue litigation unless represented by the Firm or unless the Firm's representation has been terminated.

The Firm has no obligation to continue any lawsuit unless, in its sole discretion, it determines that the lawsuit is reasonably likely to result in a final outcome that would justify the risk of litigation for the Client and the Firm. If the Client decides not to terminate a lawsuit on the advice of or in the manner proposed by the Firm, the Firm may, at its option, withdraw from representation and the Client hereby consents to such withdrawal and will promptly retain replacement counsel.

The Client acknowledges that due to the contingent nature of this representation, Client's failure to cooperate fully in enforcement activities, mediation, or settlement negotiations, or to provide assistance, information or documentation to the Firm, or the Client engaging in conduct that otherwise hinders the Firm's ability to represent the Client effectively, may be a reason for the Firm to withdraw from the representation. The Client further understands that such withdrawal will not terminate the Contingency Fee obligations specified in this Agreement.

### No Guarantee of Outcome
The Client further understands and agrees that, while the Firm agrees to render professional legal services, the Firm has not given client any warranties, representations, assurances or guarantees whatsoever regarding a favorable outcome, results, or successful resolution of Client's claims.

### Final Agreement
This Agreement represents the final and mutual understanding of the parties and replaces and supersedes any prior agreements or understandings, whether written or oral, regarding the cases

3

that are the subject of this Agreement. No amendments or modifications will be effective unless in writing signed by both parties.

**Technology Use and Risks**
Client acknowledges that there are inherent risks to confidentiality and security when using cloud-based computing services, cellular phones, cordless phones, VOIP phones, facsimile, text/SMS/MMS messaging, email and other technologies or modes of communication, but these services and technologies allow Firm to provide more efficient, convenient and cost-effective legal services. Most of Firm's electronic data, including emails and documents, are stored and maintained using cloud-based services and software with servers located in facilities outside of Firm's office, over which Firm has no direct oversight or control. Client consents and authorizes Firm to use any and all communication and technology services and platforms that Firm deems necessary, appropriate or beneficial and to having Client's communications, documents, files, data and information sent, received, stored and maintained on or through such services and platforms.

**Execution**
This Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original and all of which together shall be deemed to be one and the same instrument. A facsimile, photocopy, electronically executed copy or other reproduction of this Agreement or a signature on it shall be as effective as the original Agreement or signature.

**File Destruction**
Unless other arrangements are made in writing, the file for each of Client's legal matters accepted by Firm may be destroyed seven (7) years after the date that the matter is deemed to be closed by Firm.

If the foregoing is acceptable, please sign below and initial each page and return this letter to us. We look forward to working with you.

**Meyler Legal, PLLC**

By: _____

Name: Samuel M. Meyler

Title:   Member

Date:   May 12, 2022


**Rothschild Broadcast Distribution Systems, LLC**

By: _____

Name: Leigh Rothschild

Title:   CEO

Date:   May 16, 2022

4