HON. JAMAL N. WHITEHEAD

# UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF WASHINGTON

### AT SEATTLE

| | |
|---|---|
| VALVE CORPORATION,<br><br>                    Plaintiff,<br><br>          v.<br><br>LEIGH ROTHSCHILD, ROTHSCHILD BROADCAST DISTRIBUTION SYSTEMS, LLC, DISPLAY TECHNOLOGIES, LLC, PATENT ASSET MANAGEMENT, LLC, MEYLER LEGAL, PLLC, AND SAMUEL MEYLER,<br><br>                    Defendants. | Case No. 2:23-cv-1016-JNW<br><br>**PLAINTIFF VALVE CORPORATION'S MOTION FOR SUMMARY JUDGMENT**<br><br>NOTE ON MOTION CALENDAR:<br>**December 15, 2025**<br><br>Complaint Filed:        07/07/2023<br><br>ORAL ARGUMENT REQUESTED |

PLAINTIFF VALVE CORPORATION'S MOTION
FOR SUMMARY JUDGMENT
Case No. 2:23-cv-1016

# TABLE OF CONTENTS

I.      INTRODUCTION ...................................................................................................1

II.     SUMMARY JUDGMENT STANDARD..................................................................1

III.    THE COURT SHOULD GRANT SUMMARY JUDGMENT THAT
        DEFENDANTS ARE LIABLE FOR THE 2022 BREACH OF
        CONTRACT ...........................................................................................................2

        A.    Breach of Contract Under Texas Law...............................................................3

        B.    The GSLA Is a Valid Contract...........................................................................3

        C.    Valve Performed as Contractually Required .....................................................4

        D.    Display Technologies and Rothschild Breached the GSLA in
              2022...................................................................................................................4

        E.    The 2022 Breach Damaged Valve .....................................................................6

IV.     THE COURT SHOULD GRANT SUMMARY JUDGMENT THAT
        DEFENDANTS RAE LIABLE FOR THE 2023 Anticipatory
        BREACH OF CONTRACT ...................................................................................7

        A.    Anticipatory Breach of Contract Under Texas Law ..........................................7

        B.    The GSLA Is Valid and Valve Performed as Contractually
              Required ............................................................................................................8

        C.    Rothschild and RBDS Absolutely Repudiated Their
              Obligations in the GSLA....................................................................................8

        D.    Rothschild and RBDS Have No Just Excuse for Their
              Repudiation of the GSLA .................................................................................11

        E.    The 2023 Breach Damaged Valve ...................................................................12

V.      THE COURT SHOULD GRANT SUMMARY JUDGMENT THAT
        VALVE DID NOT FAIL TO MITIGATE ANY ACTUAL DAMAGES...................13

VI.     THE COURT SHOULD GRANT SUMMARY JUDGMENT THAT VALVE'S
        CLAIMS ARE NOT BARRED BY ANY EQUITABLE DEFENSES........................14

VII.    CONCLUSION ....................................................................................................16

PLAINTIFF VALVE CORPORATION'S MOTION
FOR SUMMARY JUDGMENT
Case No. 2:23-cv-1016

i

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

1

**TABLE OF AUTHORITIES**

2

Page

3

**Cases**

4

*1776 Energy Partners, LLC v. Marathon Oil EF, LLC*,
5
   692 S.W.3d 564 (Tex. App. 2023) ............................................................................ 2

6
*Am. Title Ins. Co. v. Lacelaw Corp.*,
   861 F.2d 224 (9th Cir. 1988)................................................................................. 5, 8

7
*Anadarko Petroleum Corp. v. Noble Drilling (U.S.) LLC.*,
8
   No. CV H-10-2185, 2012 WL 13040279 (S.D. Tex. May 3, 2012) .................... 8, 11

9
*Anderson v. Liberty Lobby, Inc.*,
   477 U.S. 242 (1986).............................................................................................. 2, 7
10

11
*Arthur v. Uvalde Cnty. Appraisal Dist.*,
   No. 04-14-00533-CV, 2015 WL 2405343 (Tex. App. May 20, 2015).................... 2

12
*British Airways Bd. v. Boeing Co.*,
13
   585 F.2d 946 (9th Cir. 1978)................................................................................... 6

14
*Cantrell v. Dwayne R.*,
   30 Wash. App. 2d 1053 (2024) ............................................................................. 16
15

16
*Carbon El Norteño, L.L.C. v. Sanchez*,
   No. 13-07-00565-CV, 2008 WL 3971554 (Tex. App. Aug. 28, 2008) .......... 5, 6, 10

17
*Celotex Corp. v. Catrett*,
18
   477 U.S. 317 (1986)............................................................................................ 2, 14

19
*Covington 18 Partners, LLC v. Attu, LLC*,
   No. 2:19-CV-00253-BJR, 2019 WL 3502512 (W.D. Wash. Aug. 1, 2019).......... 15
20

21
*Cummings v. Amtrak Nat'l R.R. Passenger Corp.*,
   199 F.3d 1331, 1999 WL 980362 (9th Cir. 1999) ................................................ 13

22
*Dombrosky v. Farmers Ins. Co. of Wash.*,
23
   84 Wash. App. 245 (1996) .................................................................................... 15

24
*Dow Chem. Co. v. Benton*,
   357 S.W.2d 565 (Tex. 1962).................................................................................. 10
25

26
*Good Shepherd Hosp., Inc. v. Select Specialty Hosp. - Longview, Inc.*,
   563 S.W.3d 923 (Tex. App. 2018) .......................................................................... 7

27
*Griffin MacLean, Inc. v. Hites*,
28
   26 Wash. App. 2d 1012, *review denied*, 1 Wash. 3d 1029, 534 P.3d 786 (2023) ................. 16

1

**TABLE OF AUTHORITIES**

Page

2

3    *Gunn Infiniti, Inc. v. O'Byrne,*
4        996 S.W.2d 854 (Tex. 1999)........................................................................... 14

5    *Lubbock Mfg. Co. v. Sames,*
        598 S.W.2d 234 (Tex. 1980)............................................................................. 7

6    *MBM Fin. Corp. v. Woodlands Operating Co., L.P.,*
7        292 S.W.3d 660 (Tex. 2009)........................................................................ 7, 12

8    *Meek v. Bishop Peterson & Sharp, P.C.,*
9        919 S.W.2d 805 (Tex. App. 1996), *writ denied* (Sept. 12, 1996)...................... 3

10   *In re Oracle Corp. Sec. Litig.,*
        627 F.3d 376 (9th Cir. 2010)............................................................................ 1

11   *Palla v. L-M Sports, Inc.,*
12       No. 2:16-CV-02865-JAM-EFB, 2019 WL 6464621 (E.D. Cal. Dec. 2, 2019) ..................... 14

13   *Rouf v. Cricket Commc'ns, Inc.,*
14       No. CIV.A. H-13-2778, 2013 WL 6073459 (S.D. Tex. Nov. 18, 2013) ............................... 11

15   *Soufimanesh v. U.S. Bank, N.A.,*
        No. 4:12CV295, 2013 WL 3215744 (E.D. Tex. June 24, 2013) ............................... 11

16   *Talavera v. Glob. Payments, Inc.,*
17       670 F. Supp. 3d 1074 (S.D. Cal. 2023) ............................................................. 2

18   *Taylor Pub. Co. v. Sys. Mktg. Inc.,*
19       686 S.W.2d 213 (Tex. App. 1984), *writ refused NRE* (May 8, 1985) ...................... 7

20   *United States v. Novo Nordisk, Inc.,*
        No. C23-5459 BHS, 2025 WL 2223439 (W.D. Wash. Aug. 5, 2025) ...................... 1

21   *West v. Thurston Cnty.,*
22       168 Wash. App. 162, 275 P.3d 1200 (2012).................................................... 10

23   **Statutes**

24   RCW § 19.86.090............................................................................................... 13

25   **Other Authorities**

26   Fed. R. Civ. P. 30(b)(6)....................................................................................... 5

27   Fed. R. Civ. P. 56(a)........................................................................................ 1, 2

28

PLAINTIFF VALVE CORPORATION'S MOTION
FOR SUMMARY JUDGMENT
Case No. 2:23-cv-1016

iii

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

## I.     INTRODUCTION

Defendants[1] admit they breached the Global Settlement and License Agreement ("GSLA") between the parties in 2022, when they sued Valve alleging infringement of a patent Valve already had a license to. They breached the GSLA again in 2023, when they sent Valve a letter threatening to sue on yet another licensed patent and demanding additional payment. Valve was damaged by both breaches, and Defendants have no evidence to the contrary. There are no disputes as to the material facts involved in either breach. Summary judgment as to Defendants' liability for breach of contract is appropriate.

In their answer, Defendants raised affirmative defenses of failure to mitigate, unclean hands, and a catch-all of "equitable doctrines." Defendants did nothing to prosecute any of those defenses. Moreover, Defendants' failure to mitigate defense is based entirely on their claim that "the filing of this action by Valve was unnecessary"—Defendants are apparently arguing that Valve was legally required to not bring suit in order to mitigate its damages. That theory has no basis in law. And none of Valve's conduct even approaches the sort of behavior that could conceivably support any equitable defense. Summary judgment in Valve's favor is also appropriate as to these affirmative defenses.

## II.     SUMMARY JUDGMENT STANDARD

Summary judgment is proper if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A genuine issue of material fact exists where there is sufficient evidence for a reasonable factfinder to find for the nonmoving party." *United States v. Novo Nordisk, Inc.*, No. C23-5459 BHS, 2025 WL 2223439, at *3 (W.D. Wash. Aug. 5, 2025). "Where the non-moving party bears the burden of proof at trial, the moving party need only prove that there is an absence of evidence to support the non-moving party's case." *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010) (citing *Celotex*

---

[1] "Defendants" encompasses Leigh Rothschild, Rothschild Broadcast Distribution Systems, LLC ("RBDS"), Display Technologies, LLC ("DT" or "Display Technologies"), Patent Asset Management, LLC ("PAM"), Meyler Legal, PLLC, and Samuel Meyler (collectively, Meyler Legal PLLC and Samuel Meyler are the "Meyler Defendants").

PLAINTIFF VALVE CORPORATION'S MOTION
FOR SUMMARY JUDGMENT                    1
Case No. 2:23-cv-1016

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

*Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323. Once the moving party meets its initial burden, the burden shifts to the opposing part to establish that a genuine issue, i.e., that "the evidence is such that a reasonable jury could return a verdict for the nonmoving party," as to a material fact, i.e., a fact "that might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Rule 56 allows a party to move for partial summary judgment on a claim or defense or a "part" of a claim or defense. Fed. R. Civ. P. 56(a). "[A] court may grant summary judgment on the issue of liability while reserving the issue of damages for trial." *Talavera v. Glob. Payments, Inc.*, 670 F. Supp. 3d 1074, 1101 (S.D. Cal. 2023). Texas contract law[2] allows a court to decide liability on summary judgment, leaving only damages for trial. "[A] trial court may grant summary judgment on liability, but submit any issue relating to damages to a jury for trial." *Arthur v. Uvalde Cnty. Appraisal Dist.*, No. 04-14-00533-CV, 2015 WL 2405343, at *10 (Tex. App. May 20, 2015); *see also 1776 Energy Partners, LLC v. Marathon Oil EF, LLC*, 692 S.W.3d 564, 594 (Tex. App. 2023) (upholding summary judgment on breach of contract and jury verdict awarding damages).

## III. THE COURT SHOULD GRANT SUMMARY JUDGMENT THAT DEFENDANTS ARE LIABLE FOR THE 2022 BREACH OF CONTRACT

Rothschild and Display Technologies breached the Global Settlement and License Agreement ("GSLA") in 2022. This breach occurred when Display Technologies, at the direction of Rothschild, sued Valve alleging infringement of U.S. Patent No. 9,300,723 ("'723 patent") ("the 2022 Breach"), which was licensed to Valve under the GSLA. Summary judgment as to Defendants' liability for the 2022 Breach is appropriate; the amount that Valve should be compensated for that breach can be reserved for and determined at trial.

---

[2] As explained in Section III.A, *infra*, Valve's breach of contract claim is governed by Texas law.

PLAINTIFF VALVE CORPORATION'S MOTION
FOR SUMMARY JUDGMENT                    2
Case No. 2:23-cv-1016

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

1

**A.    Breach of Contract Under Texas Law**

The GSLA is governed by Texas law. Dkt. 56 at 13 ("The parties agree that Texas law applies to Valve's contract claim." (citing Dkt. 38-1 at 12 (GSLA choice-of-law provision))). This Court already outlined the relevant legal framework when denying Defendants' first motion to dismiss:

> Under Texas law, a breach of contract claim requires that "(1) a valid contract exists; (2) the plaintiff performed or tendered performance as contractually required; (3) the defendant breached the contract by failing to perform or tender performance as contractually required; and (4) the plaintiff sustained damages due to the breach." *Pathfinder Oil & Gas, Inc. v. Great W. Drilling, Ltd.*, 574 S.W.3d 882, 890 (Tex. 2019). "The issue of whether a party 'breached a contract' is a question of law rather than fact, and should not be submitted to the jury." *Garza v. Southland Corp.*, 836 S.W.2d 214, 219 (Tex. App. 1992).

Dkt. 56 at 13.[3]

**B.    The GSLA Is a Valid Contract**

There is no genuine dispute of material fact that the GSLA is a valid contract. In moving to dismiss Valve's complaint, Defendants acknowledged that the GSLA is a valid contract:

> Significantly, the GSLA between the Parties remains in effect. The covenant not to sue from Mr. Rothschild and DT therefore also remains in effect. Indeed, even if the GSLA had been terminated, the covenant not to sue from Mr. Rothschild and DT would still remain in effect. And, as admitted by Plaintiff, the covenant not to sue in the GSLA also binds RBDS.

Dkt. 40 at 12 (citation modified). Defendants also admitted that the GSLA is "valid and enforceable" in their since-withdrawn breach of contract counterclaim. Dkt. 63, Counterclaim ¶ 16. Only later, in responding to Valve's Motion for Judgment on the Pleadings, did Defendants argue that the GSLA was automatically terminated when Valve filed this lawsuit. Dkt. 112 at 3–5. That argument lacks merit (*see* Dkt 116 at 1–3), but it is also irrelevant for the purposes of summary judgment, as Valve filed this suit well after the 2022 Breach. Therefore, there is no dispute that the GSLA was valid and enforceable as of the 2022 Breach.

---

[3] While the Court may submit disputed fact questions concerning the failure of Defendants to perform the contract to the jury, *Meek v. Bishop Peterson & Sharp, P.C.*, 919 S.W.2d 805, 808 (Tex. App. 1996), *writ denied* (Sept. 12, 1996), there is no such dispute regarding Defendants' failure here.

PLAINTIFF VALVE CORPORATION'S MOTION
FOR SUMMARY JUDGMENT                                        3
Case No. 2:23-cv-1016

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

### C.    Valve Performed as Contractually Required

There is also no material dispute of fact that Valve performed as contractually required under the GSLA prior to the 2022 Breach. As with many agreements that settle active litigation, Valve's primary obligation under the GSLA was to pay a license fee to have that litigation dismissed. Valve paid the license fee called for in the GSLA, Shenck Decl., ¶ 5; *id.*, Ex. 1 (GSLA) § 4.1, and then-plaintiff and now-defendant Display Technologies dismissed its case against Valve with prejudice. Machleidt Decl., Ex. 2. By dismissing that lawsuit, Defendants acknowledged Valve's performance of its obligations under the GSLA. *See* Schenck Decl., Ex. 1 (GSLA) § 4.1 (stating that "after the payment of the consideration to Licensor … the Parties shall cause their respective counsel to file the stipulated motion as set forth in Exhibit A, dismissing with prejudice all claims brought by Licensor against Licensee"); Machleidt Decl., Ex. 2 ("Plaintiff Display Technologies … and Defendant Valve … hereby move for an order dismissing Plaintiff's claims in this action WITH PREJUDICE").

Defendants have also implicitly confirmed Valve's performance under the GSLA. Defendants' first answer in this case included a counterclaim against Valve for breach of contract; Defendants, however, dropped that counterclaim in subsequent pleadings. *Compare* Dkt. 63 at Counterclaim ¶¶ 15–20 (Counterclaim for Breach of the GSLA), *with generally* Dkt. 80 (Defs' 2nd Amended Answer & Counterclaim *excluding* a Counterclaim for Breach of Contract).

Valve was within its rights under the GSLA to bring this lawsuit. *See, e.g.*, Schenck Decl., Ex. 1 (GSLA) § 6.2 ("Parties reserve all rights and remedies … for breach of this Agreement by the other Party and nothing herein … prevents any Party from enforcing the terms and conditions of this Agreement against the other.").

### D.    Display Technologies and Rothschild Breached the GSLA in 2022

Display Technologies and Rothschild admit they breached the GSLA in 2022. At the first hearing in this case, Defendants' counsel stated unequivocally: "I will concede to you that there was a breach of the contract in 2022…." Dkt. 79 at 2 (citing Dkt. 55 at 5–6). Defendants attempted to deny that already-admitted breach in their first amended answer to the operative complaint, but the Court struck their denial. Dkt. 79 at 5. Defendants amended their answer to

PLAINTIFF VALVE CORPORATION'S MOTION
FOR SUMMARY JUDGMENT                    4
Case No. 2:23-cv-1016

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

admit the breach. Dkt. 80 at Response to ¶ 76 ("Display Technologies admits it breached the covenant not to sue when it asserted U.S. Patent No. 9,300,723 in its 2022 lawsuit against Valve…."). Admissions in answers "are considered judicial admissions conclusively binding on the party who made them" that has "the effect of withdrawing a fact from issue and dispensing wholly with the need for proof of the fact." *Am. Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir. 1988). It is therefore undisputed that Display Technologies breached the GSLA when it asserted the licensed '723 patent in its 2022 lawsuit against Valve. *Id.*; Schenck Decl., Ex. 1 (GSLA) § 3.2.

Even though Rothschild used Display Technologies to file the 2022 lawsuit against Valve, he is nonetheless also personally liable for the 2022 Breach. Rothschild signed the GSLA in his personal capacity as well as on behalf of DT:

IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be duly executed with intent to be bound as of the Effective Date.

| Display Technologies, LLC | Leigh Rothschild (on his own and on behalf of all entities listed as "Assignee" in Exhibit C) |
|---|---|
| By _____ | By _____ |
| Name: Leigh M. Rothschild | Name: Leigh M. Rothschild |
| Title: Managing Director | Title: Managing Director |
| Date: 01/11/2016 | Date: 01/11/2016 |

Schenck Decl., Ex. 1 (GSLA) at 14; *see also* Dkt. 80 at Response to ¶ 13 (admitting that "Rothschild signed the 2016 Global Settlement and License Agreement on behalf of himself [and] Display Technologies…."). As confirmed by Defendants' Rule 30(b)(6) witness and Rothschild himself, ████████████████████████████████████████████████ ████. Machleidt Decl., Ex. 3 (Arias Tr.) at 37:4–10; Ex. 4 (Rothschild Tr.) at 307:25–308:4.

Under Texas law, Rothschild's entering the agreement on his own behalf and his control over Display Technologies makes Rothschild personally liable for the 2022 Breach, without a need a pierce the corporate veil. *Carbon El Norteño, L.L.C. v. Sanchez* is instructive. No. 13-07-00565-CV, 2008 WL 3971554, *5–6 (Tex. App. Aug. 28, 2008). In *Carbon*, Micaela and Omar Alvarado owned Carbon El Norteño, LLC. *Id.* at *1. The Alvarados executed a contract with a buyer to sell the LLC and its assets, with Micaela signing in her individual capacity, and Omar

PLAINTIFF VALVE CORPORATION'S MOTION
FOR SUMMARY JUDGMENT
Case No. 2:23-cv-1016

5

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

1    signing in both his individual capacity and as a "duly authorized corporate representative of the

2    company." *Id.* Omar became an employee of the buyer but was fired shortly thereafter. *Id.* The

3    Alvarados then filed suit against the buyer, claiming they still owned the LLC. *Id.* The buyer

4    counterclaimed against the Alvarados personally for breach of contract, alleging that the

5    Alvarados' claim of continued ownership breached the sales agreement. *Id.* at *3. The trial court

6    granted summary judgment to the buyer finding the Alvarados personally liable for breach of

7    contract, and the Texas Court of Appeals affirmed. *Id.* at *3–4. The *Carbon* court found personal

8    liability not through a veil-piercing theory, but because "Omar and Micaela both signed the

9    agreement selling the company in their individual capacities." *Id.* at *6.

10           Here, as in *Carbon*, Rothschild signed the GSLA in *both* his personal and representative

11    capacities. And as in *Carbon*, ███████████████████████████████████████████.

12    Rothschild is thus personally liable for the 2022 Breach (without a need for this Court to find he is

13    the company's alter ego or otherwise pierce the corporate veil).[4] *See id.*

14           **E.    The 2022 Breach Damaged Valve**

15           There is no dispute that Valve suffered injury and damages from the 2022 Breach. In

16    opposing Valve's successful motion to strike, Defendants argued that Valve suffered no damages

17    as a result of the admitted 2022 Breach. *See* Dkt. 71 at 3. But "[l]egal memoranda … are not

18    evidence, and they cannot by themselves create a factual dispute sufficient to defeat a summary

19    judgment motion." *British Airways Bd. v. Boeing Co.*, 585 F.2d 946, 952 (9th Cir. 1978).

20    Defendants' argument was unsupported when they made it and is even more unsupported now.

21    Christopher Schenck, Valve's in-house counsel, testified that he devoted time and resources

22    reviewing the GSLA and evaluating and responding to the 2022 DT lawsuit. Machleidt Decl., Ex.

23    5 (C. Schenck Tr.) at 40:19–42:12.[5] This constitutes actual damages, and those damages are

24    undisputed.

25    _____

26    [4] Valve will separately move this Court to find that Rothschild is the alter ego of PAM, Display Technologies, and RBDS. But the Court need not resolve that issue here to rule in Valve's favor on summary judgment.

27    [5] For clarity, Valve is seeking damages in the form of a return of the consideration Valve paid under the GSLA due to Defendants' repeated material breaches of the same. K. Schenk Decl.,

28    Ex. 6 ¶ 51.

PLAINTIFF VALVE CORPORATION'S MOTION
FOR SUMMARY JUDGMENT                    6
Case No. 2:23-cv-1016

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

Regardless, to be entitled to summary judgment on *liability* for the 2022 Breach, Texas law confirms that a breach of contract is sufficient even without proof of actual damages (leaving recovery to a nominal amount). *See MBM Fin. Corp. v. Woodlands Operating Co., L.P.*, 292 S.W.3d 660, 664 (Tex. 2009) ("We agree nominal damages are available for breach of contract, as this Court has stated at least a dozen times."); *Lubbock Mfg. Co. v. Sames*, 598 S.W.2d 234, 237 (Tex. 1980) (collecting cases "where mere proof of the making and breach fully proved plaintiff's cause of action for which he was entitled to recover at least nominal damages, *regardless of whether actual damages were proved*" (emphasis added)). Because Valve has shown that no dispute of material fact remains that Display Technologies and Rothschild breached the valid and enforceable GSLA in 2022, causing damage to Valve, the Court should grant summary judgment of liability in favor of Valve.

## IV.  THE COURT SHOULD GRANT SUMMARY JUDGMENT THAT DEFENDANTS RAE LIABLE FOR THE 2023 ANTICIPATORY BREACH OF CONTRACT

Rothschild and RDBS anticipatorily breached the GSLA in 2023 when Meyler sent Valve a letter on behalf of Rothschild and RBDS threatening to sue Valve for infringement of U.S. Patent No. 8,856,221 ("'221 patent") ("the 2023 Breach") unless Valve paid additional licensing fees. There are no genuine issues of material fact with respect to Defendants' liability for the 2023 Breach, and summary judgment as to liability is appropriate. *Anderson*, 477 U.S. at 248 (holding summary judgment is appropriate when there is no evidence "that might affect the outcome of the suit under the governing law" and "such that a reasonable jury could return a verdict for the nonmoving party").

### A.  Anticipatory Breach of Contract Under Texas Law

"To prevail on a claim for anticipatory breach of contract, a plaintiff must establish each of the following elements: (1) an absolute repudiation of the obligation; (2) a lack of a just excuse for the repudiation; and (3) damage to the non-repudiating party." *Good Shepherd Hosp., Inc. v. Select Specialty Hosp. - Longview, Inc.*, 563 S.W.3d 923, 929 (Tex. App. 2018) (citation modified); *see also Taylor Pub. Co. v. Sys. Mktg. Inc.*, 686 S.W.2d 213, 218 (Tex. App. 1984), *writ refused NRE* (May 8, 1985) (finding "incorrect interpretation" of the contract was not just

PLAINTIFF VALVE CORPORATION'S MOTION
FOR SUMMARY JUDGMENT
Case No. 2:23-cv-1016

7

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

excuse); *compare with Anadarko Petroleum Corp. v. Noble Drilling (U.S.) LLC.*, No. CV H-10-2185, 2012 WL 13040279, at *24 (S.D. Tex. May 3, 2012) (finding fact dispute regarding "force majeure condition" created a fact dispute regarding just excuse).

### B.    The GSLA Is Valid and Valve Performed as Contractually Required

As described above, the GSLA is valid and Valve performed its obligations under the GSLA as required. *See supra* Sections III.B & III.C.

### C.    Rothschild and RBDS Absolutely Repudiated Their Obligations in the GSLA

Section 3.1 of the GSLA guarantees Valve an "***irrevocable, royalty-free, fully paid-up***, license" to a number of patents, including the '221 patent. Schenck Decl., Ex. 1 (GSLA) § 3.1 (emphasis added). Defendants do not dispute that the GSLA granted Valve a license to the '221 patent. *See, e.g.*, Dkt. 80 at Responses to ¶ 12 (admitting that Valve has a "'perpetual, irrevocable, royalty-free, fully paid-up worldwide license' to all patents listed in Exhibit C" of the GSLA), ¶ 28 (Defendants admit that the '221 patent is listed on Exhibit C of the 2016 [GSLA]…"), ¶ 32 ("Valve has a valid and enforceable covenant not to sue for the '221 patent from Defendants."); *see also* Machleidt Decl., Ex. 7 (Falcucci Tr.) at 56:10–14, 56:19–21, 58:25–59:4; Ex. 4 (Rothschild Tr.) at 211:2–212:3.

The GSLA also sets forth Defendants' covenant not to sue Valve: "Licensor covenants not to sue Licensee or its Affiliates for actual or alleged infringement of the Licensed Patents." Schenck Decl., Ex. 1 (GSLA) § 3.2; *see also* Dkt. 80 at Responses to ¶¶ 32–34, 49–50 (repeatedly confirming that "Valve has a valid and enforceable covenant not to sue for the '221 patent from Defendants"); *Am. Title Ins. Co.*, 861 F.2d at 226.

On June 21, 2023, Meyler sent Valve a letter on behalf of RBDS and other Rothschild entities "in anticipation of litigation." Schenck Decl., Ex. 8 (the "June 2023 Letter"). That letter accused Valve of infringing the '221 patent and attached a "claim chart[] that [had] been prepared ***in anticipation of litigation***." *Id.* at VALVE_00005312 (emphasis added); *see also id.* at VALVE_00005326–38 ("infringement" claim chart purporting to map features of Valve's Steam Cloud platform to Claim 7 of the '221 patent). The June 2023 Letter informed Valve that RBDS was only willing to "delay the filing of their complaints as long as they feel that Valve is working

PLAINTIFF VALVE CORPORATION'S MOTION
FOR SUMMARY JUDGMENT                                    8
Case No. 2:23-cv-1016

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

1  toward a resolution in good faith." *Id.* at VALVE_00005312. The June 2023 Letter further set a

2  deadline of June 30, 2023 for Valve to respond, after which RBDS "will assume that Valve would

3  prefer to litigate." *Id.*

4      In short, the 2023 Letter threated litigation and demanded additional payment from Valve

5  for its purported infringement of the '221 patent, despite the fact that the GSLA (i) granted Valve

6  a "royalty-free" and "fully paid-up" license, and (ii) obligated Defendants not to sue Valve.

7  Testimony from Defendants confirms that ███████████████████████████████████

8  ████████████████████████████████████████████. *See, e.g.*, Machleidt Decl., Ex. 9

9  (Lafosse Tr.) at 109:13–23; 114:25–115:7 (█████████████████████████████████

10 ████████████████████████████████████████████████████

11 ██████████████████████████████████████

12 █████████████); Ex. 4 (Rothschild Tr.) at 70:19–71:1 (describing RBDS as "a licensing

13 company that holds intellectual property that attempts to monetize the patents through licensing

14 and, if necessary, through litigation"). By threatening litigation and demanding additional payment

15 from Valve, the 2023 Letter absolutely repudiated Rothschild's and RBDS's obligations under the

16 GSLA.

17     RDBS, the current owner of the '221 patent, was not specifically listed as a party to the

18 GSLA. *See, e.g.*, Schenck Decl., Ex. 1 (GSLA) at Exhibit C; *see also* Machleidt Decl., Ex. 4

19 (Rothschild Tr.) at 213:5–214:13. But like DT and other Rothschild entities, RDBS is owned in

20 whole by Defendant Patent Asset Management LLC ("PAM"), of which Rothschild is the sole

21 owner. Dkt. 80 at Responses to ¶ 9 ("Defendants admit that ... Mr. Rothschild is the sole owner of

22 PAM"), ¶ 44 ("Defendants admit that PAM owns 100% of each of RBDS and Display

23 Technologies"). Further, the GSLA is binding on all future owners of the patents it covers.

24 Schenck Decl., Ex. 1 (GSLA) § 7.2. Defendants do not appear to meaningfully dispute that RBDS

25 is bound by the GSLA such that Valve has a license to the '221 patent from RBDS. *See* Dkt. 80 at

26 Responses to ¶¶ 32–34, 49–50 (repeating that "Valve has a valid and enforceable covenant not to

27 sue for the '221 patent from Defendants"). Indeed, Rothschild himself confirmed that even though

28 RBDS was not listed specifically in Exhibit C to the GSLA, that ███████████████

PLAINTIFF VALVE CORPORATION'S MOTION
FOR SUMMARY JUDGMENT                                    9
Case No. 2:23-cv-1016

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

████████████████████████████████████████████████████

████████████████████████████████████████ Machleidt Decl., Ex. 4

(Rothschild Tr.) at 214:2–13.

As with DT's filing of suit against Valve in 2022, Rothschild was personally responsible

for the 2023 Letter. At deposition, he testified:

> Q.   The correspondence or communication that you referred to done
> by Mr. Falcucci and also by Mr. Meyler, is it fair to say that you
> authorized that communication --
> A.   Absolutely.
> Q.   -- those communications?
> A.   ***I authorized them to contact*** – ***both Mr. Meyler*** and Mr. Falcucci
> to contact Valve to see if they were interested in having licenses for
> which the -- which were not subject to the agreement.

Machleidt Decl., Ex. 4 (Rothschild Tr.) at 198:15–24 (emphasis added). Thus, Rothschild

confirmed that he authorized the June 2023 Letter from Meyler. *Id.* For the same reasons

discussed above in Section III.D, there is no genuine dispute of material fact that both RBDS and

Rothschild are liable for the 2023 Breach. *See Carbon*, No. 13-07-00565-CV, 2008 WL 3971554,

at *6.

The fact the 2023 Letter was sent by the Rothschild Defendants' attorney is of no

consequence: the attorney-client relationship is an agent-principal relationship such that the

actions of the attorney-agent bind the client-principal. *Dow Chem. Co. v. Benton*, 357 S.W.2d 565,

568 (Tex. 1962). ("[A]s long as the attorney-client relationship endures, with its corresponding

legal effect of principal and agent, the acts of one must necessarily bind the other as a general

rule."); *accord West v. Thurston Cnty.*, 168 Wash. App. 162, 275 P.3d 1200, 1212 (2012) ("We

recognize that the attorney-client relationship is generally a type of principal-agent relationship.").

Attorney Samuel Meyler represented RBDS and Rothschild, and was acting in that capacity when

he sent the June 2023 letter to Valve. Schenck Decl., Ex. 8 (June 2023 Letter) at 1; Machleidt

Decl., Ex. 10 (Meyler Tr.) at 25:7–21; Machleidt Decl., Ex. 11 (RBDS – Meyler Engagement

Agreement). Therefore, the actions of Meyler bind Rothschild and RBDS and thus constitute a

repudiation of the GSLA by Rothschild and RBDS.

PLAINTIFF VALVE CORPORATION'S MOTION
FOR SUMMARY JUDGMENT
Case No. 2:23-cv-1016

10

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

### D. Rothschild and RBDS Have No Just Excuse for Their Repudiation of the GSLA

Defendants have no just excuse for their repudiation of the GSLA. Defendants at all times knew of their duties under the GSLA and that the ███████████████████████████ ██████████████████████████████████████████████.″ Machleidt Decl., Ex. 4 (Rothschild Tr.) at 214:2–13. Defendants had no misunderstanding about their obligations under the GSLA as to matters of facts or law. Instead, Defendants have offered a single excuse for the 2023 Breach—"clerical error." At the first hearing in this matter, Defendants' counsel tried to explain:

> What you have here is an unfortunate situation of a couple of *clerical errors*, the first due to an attorney who was very ill and passing at the time, and the second to a new attorney to the whole field.
> …
> I don't deny that it was an *error* on the part of the Rothschild defendants to even include [the '221 patent] in the letter.

Dkt. 55 at 4:8–11, 5:4–5 (emphasis added). Rothschild similarly attempted to characterize their repudiation ██████████████ Machleidt Decl., Ex. 4 (Rothschild Tr.) at 214:11–13. "Error" is not a "just excuse." Indeed, courts have only found just excuse in circumstances that would justify non-performance under a contract, such as force majeure, material breach by the party asserting breach of contract, and prevention of performance by the party asserting breach of contract. *See, e.g.*, *Anadarko Petroleum*, 2012 WL 13040279, at *24 (force majeure); *Rouf v. Cricket Commc'ns, Inc.*, No. CIV.A. H-13-2778, 2013 WL 6073459, at *2 (S.D. Tex. Nov. 18, 2013) (finding just excuse when the plaintiff was in material breach); *Soufimanesh v. U.S. Bank, N.A.*, No. 4:12CV295, 2013 WL 3215744, at *11 (E.D. Tex. June 24, 2013) ("A party's nonperformance of a contract will be excused when that party's performance is prevented by the other party."). None of those circumstances exist here. As discussed above in Section III.C, Valve performed its obligations under the GSLA.

Moreover, Defendants' assertion that the June 2023 Letter's accusation that Valve infringes the '221 patent was a simple "clerical error" strains credulity. That letter included a detailed "infringement" claim chart that had been commissioned from a third-party patent

PLAINTIFF VALVE CORPORATION'S MOTION
FOR SUMMARY JUDGMENT
Case No. 2:23-cv-1016

11

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

1   litigation support firm. Schenck Decl., Ex. 8 (June 2023 Letter) at VALVE_00005326–38;

2   Machleidt Decl., Ex. 3 (Arias Tr.) at 37:4–15, 85:7–19, 104:11–23. That letter was also sent by

3   Samuel Meyler, to whom Valve had sent a copy of the GSLA *twice* in the six months preceding

4   the June 2023 Letter. Schenck Decl., Exs. 12 & 13. Defendants' attorney had subsequently assured

5   Valve that ███████████████████████████████████████████████████████████████

6   ███████████████████████████████ Schenck Decl., Ex. 14. Rothschild himself testified "███████

7   ██████████████████████████████████████████████████████████████

8   ████████████████████████████████████████████████████████

9   Machleidt Decl., Ex. 4 (Rothschild Tr.) at 214:2–13. Moreover, Defendants followed through on

10  their threat from the June 2023 Letter and sued Valve for infringement of the '221 patent. Dkt. 80,

11  Counterclaim ¶¶ 14–21. There is thus no "just excuse" for the 2023 Breach.

12          **E.      The 2023 Breach Damaged Valve**

13          As with the 2022 Breach, Valve has provided evidence that it was damaged by the 2023

14  Breach. K. Schenk Decl., Ex. 6 ¶¶ 49–50 (quantifying time spent by Mr. Schenck and outside

15  counsel in responding to the June 2023 Letter).[6] Defendants have not rebutted or challenged that

16  evidence—they did not disclose a damages expert, serve a damages expert report, or even depose

17  Valve's damages expert. Machleidt Decl., ¶ 3. Valve has proved at least nominal damages for the

18  2023 Breach, which is all that is necessary to be entitled to summary judgment on *liability* for that

19  breach. *See, e.g.*, *MBM Fin. Corp.*, 292 S.W.3d at 664.

20          Therefore, because Valve has shown that no dispute of material fact remains that RBDS

21  and Rothschild anticipatorily breached the GSLA in 2023, the Court should grant summary

22  judgment of liability for the 2023 Breach.

23

24

25

---

26  [6] Valve is seeking these damages under the Washington Patent Troll Prevention Act. For breach of
    contract, Valve is seeking damages in the form of a refund of the licensing fee it paid for the
27  GSLA. Therefore, there are no issues with double recovery. However, this calculation of damages
    is evidence of the damage and injury Valve suffered due to the 2023 Breach for purposes of
28  proving liability.

## V.    THE COURT SHOULD GRANT SUMMARY JUDGMENT THAT VALVE DID NOT FAIL TO MITIGATE ANY ACTUAL DAMAGES.

Defendants' Answer raises an affirmative defense of failure to mitigate. Dkt. 80 at pp. 30–31, ¶ 93. The first two sentences of that defense summarize Defendants' mitigation theory:

> Plaintiff [Valve] failed to take any steps to prevent or minimize the injuries alleged in Plaintiff's Complaint or to mitigate Plaintiff's alleged damages. In particular, the filing of this action by Valve was unnecessary and has resulted in the expenditure of unnecessary resources, including attorneys' fees and costs.

*Id.; see also* Machleidt Decl., Ex. 15 (RBDS Resp. to Valve's 2nd Set of Interrogs.) at 13–14 ("In particular, the filing of this action by Valve was unnecessary and has resulted in the expenditure of unnecessary resources, including attorneys' fees and costs."). In other words, Defendants assert that Valve failed to mitigate merely by filing this lawsuit. Defendants' theory fails as a matter of law.

Under settled law, a mitigation defense requires Defendants to prove "(1) that [Valve] failed to use reasonable efforts to mitigate *damages* and (2) *the amount by which damages would have been mitigated.*" *Cummings v. Amtrak Nat'l R.R. Passenger Corp.*, 199 F.3d 1331, 1999 WL 980362, at *4 (9th Cir. 1999) (emphasis added); *see also* Ninth Circuit, Manual of Model Civil Jury Instructions, § 5.3. Despite labeling their defense as a "failure to mitigate damages," Defendants' allegations and theories are solely about the attorneys' fee and costs related to Valve's prosecution of this lawsuit against them. Attorneys' fees and costs are not damages under the Washington Patent Troll Prevention Act. *See* RCW § 19.86.090 (permitting "[a]ny person who is injured in his or her business or property by a violation of 19.86.020 ... [to] bring a civil action ... to enjoin further violations, to recover the *actual damages* sustained by him or her, or both, *together with the costs of suit, including a reasonable attorney's fee.*" (emphasis added)). The demarcation between "damages" and "attorney's fee[s]" means that Defendants' failure-to-mitigate defense—focused only on attorney fees related to this lawsuit—must be dismissed.

In addition, Defendants put forth no evidence that Valve did, in fact, fail to mitigate its damages. Nor have they put forth any evidence about "the amount by which damages would have been mitigated," as required to sustain a mitigation defense. *Cummings*, 1999 WL 980362, at *4

PLAINTIFF VALVE CORPORATION'S MOTION
FOR SUMMARY JUDGMENT
Case No. 2:23-cv-1016

13

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

1   Valve put forth affirmative evidence of damages through witness testimony and an expert report.

2   Machleidt Decl., Ex. 5 (C. Schenck Tr.) at 40:19–41:18; K. Schenk Decl., Ex. 6 (K. Schenk Rpt.),

3   ¶¶ 59–60. Defendants disclosed no experts in this case, did not produce any expert reports, and did

4   not even take a deposition of Valve's damages expert. Machleidt Decl., ¶ 3. There is simply no

5   evidence in the record to support Defendants' mitigation defense.

6          Finally, Defendants' mitigation defense fails as a matter of law to the extent that it requires

7   Valve to surrender its meritorious claims against Defendants. This Court already found that Valve

8   had cognizable claims under each of its claims. *See generally* Dkt. 56. Foreclosing Valve's or any

9   party's right to have a court adjudicate its claims cannot be mitigation of damages; mitigation is

10   not a defense to liability and thus cannot be a barrier to filing a claim. For example, "[i]n breach of

11   contract cases, it is well-settled that a plaintiff is not required to accept offers from the breaching

12   party if they are 'conditioned on surrender by the injured party of his claim for breach.'" *Gunn*

13   *Infiniti, Inc. v. O'Byrne*, 996 S.W.2d 854, 858 (Tex. 1999) (quoting RESTATEMENT (SECOND)

14   OF CONTRACTS § 350 cmt. e (1981)). "[F]oreclosing a plaintiff from pursuing suit is not

15   mitigation." *Id.* at 859.

16          Defendants' mitigation defense is ill-conceived and unsupported. Summary judgment in

17   Valve's favor is appropriate. *See Palla v. L-M Sports, Inc.*, No. 2:16-CV-02865-JAM-EFB, 2019

18   WL 6464621, at *10 (E.D. Cal. Dec. 2, 2019); *see also Celotex*, 477 U.S. at 325 (1986) ("But we

19   do not think the *Adickes* language quoted above should be construed to mean that the burden is on

20   the party moving for summary judgment to produce evidence showing the absence of a genuine

21   issue of material fact, even with respect to an issue on which *the nonmoving party bears the*

22   *burden of proof*. Instead, as we have explained, the burden on the moving party may be discharged

23   by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to

24   support the nonmoving party's case." (emphasis added)).

25   **VI.    THE COURT SHOULD GRANT SUMMARY JUDGMENT THAT VALVE'S
            CLAIMS ARE NOT BARRED BY ANY EQUITABLE DEFENSES**

26          Defendants assert that Valve's claims are barred by numerous equitable defenses,

27   including unclean hands, "acquiescence, estoppel, waiver, ratification, consent, and/or any other

28

PLAINTIFF VALVE CORPORATION'S MOTION
FOR SUMMARY JUDGMENT                              14
Case No. 2:23-cv-1016

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

1    applicable equitable doctrine." Dkt. 80 ¶¶ 94–95. For all of these equitable defenses, Defendants

2    merely assert that in response to the June 2023 Letter:

3        Mr. Schenck indicated a desire to avoid litigation and asked to talk the week of July
         17, 2023. Despite making such a statement, Valve filed suit July 7, 2023. Further,

4        Mr. Schenck omitted the fact that Valve already had a license for the '221 Patent,
         which alone would have resolved any claim or dispute with respect to the '221

5        Patent.

6    *Id.* There is no dispute that Mr. Meyler did not respond to Mr. Schenck's request to talk to week of

7    July 17, 2023 about Defendants threat to file lawsuits against Valve. Machleidt Decl., Ex. 5

8    (Schenck Tr.) at 64:1–25; Ex. 10 (Meyler Tr.) at 181:14–23.

9        Valve's correspondence with Defendants' attorney, Samuel Meyler, cannot be seen as

10   acquiescence, ratification, or consent to being sued on the '221 patent that Valve had already paid

11   Defendants for a license. Nor did Valve waive its rights by "intentionl[ly] and voluntary[ily]

12   relinquish[ing ] a known right" or act in a way that "warrants an inference of the relinquishment of

13   such right." *Dombrosky v. Farmers Ins. Co. of Wash.*, 84 Wash. App. 245, 255 (1996), as

14   amended (Feb. 7, 1997) (citing *Bowman v. Webster*, 44 Wash. 2d 667, 669 (1954)). Defendants

15   have no evidence that Valve's request to discuss ***Defendants'*** claims acted as an intentional and

16   voluntary waiver of ***Valve's*** claims in this action. *Id.* (holding that "waiver is essentially a matter

17   of intention. Negligence, oversight or thoughtlessness does not create it"). There is no dispute of

18   fact that Valve did not intend to do so. Schenck Decl., ¶ 3; Machleidt Decl., Ex. 5 (Schenck Tr.) at

19   64:16–25.

20       Defendants' bare allegations also cannot rise to the level of clear and convincing evidence

21   required to show equitable estoppel. *Covington 18 Partners, LLC v. Attu, LLC*, No. 2:19-CV-

22   00253-BJR, 2019 WL 3502512, at *11 (W.D. Wash. Aug. 1, 2019). Defendants failed to show

23   that (1) Valve "made 'an admission, statement, or act inconsistent with the claim' later asserted,

24   (2) Defendant[s] took action 'on the faith of such admission, statement, or act,' and (3) an injury

25   resulted from allowing the Plaintiff to 'contradict or repudiate such admission, statement, or act.'"

26   *Id.* (quoting *Saunders v. Lloyd's of London*, 779 P.2d 249, 255 (Wash. 1989)). None of Valve's

27   statements or actions are inconstant with the filing of this litigation: Valve requested to discuss

28   Defendants' claims of infringement in light of the threat of litigation, and when Valve was

PLAINTIFF VALVE CORPORATION'S MOTION
FOR SUMMARY JUDGMENT                    15
Case No. 2:23-cv-1016

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

1    ignored, it chose to file suit first.

2        Further, none of Valve's conduct amounts to "unconscionable" or "morally reprehensible"

3    behavior that would bar Valve's relief in this case under unclean hands. *Cantrell v. Dwayne R.*, 30

4    Wash. App. 2d 1053 (2024). Defendants seem to be arguing that because Valve chose to address

5    Defendants' unlawful conduct through a lawsuit after having its request to talk ignored instead of

6    informing Defendants (yet again) that they were asserting a licensed patent against Valve, that

7    Valve should not be permitted to get an injunction barring Defendants for asserting licensed

8    patents against Valve.[7] This makes no sense.

9        Defendants' equitable defenses are nothing more than an attempt to shift the blame for

10   Defendants' repeated unlawful and bad faith assertions of patent infringement, and to put the onus

11   on Valve to police Defendants' actions. This misguided effort should be rejected. The Court

12   should grant summary judgment that Valve's claims are not barred by any equitable doctrines.

13   **VII.    CONCLUSION**

14       Defendants admit they breached the GSLA in 2022. The letter they sent in "error" in 2023

15   breached it again. There are no genuine issues of material fact with respect to either breach. The

16   Court should grant summary judgment in favor of Valve on its breach of contract claim (Count

17   III).

18       Defendants did nothing to develop their Second, Third, and Fourth Affirmative Defenses.

19   The law and absence of any facts in Defendants' favor warrants granting Valve summary

20   judgment on those defenses as well.

21       Valve respectfully requests that the Court enter partial summary judgment in Valve's

22   favor. Specifically, Valve asks that the Court should grant summary judgment that:

23       1.    Defendants Leigh Rothschild and Display Technologies, LLC are liable for breach

24             of the GSLA (while leaving the issue of damages for the jury to decide).

---

[7] "Unclean hands is a defense to a party's request for equitable relief" and it "does not apply to a legal claim for breach of contract." *Griffin MacLean, Inc. v. Hites*, 26 Wash. App. 2d 1012, *review denied*, 1 Wash. 3d 1029, 534 P.3d 786 (2023). The only equitable relief Valve seeks is an injunction to have Defendants withdraw pending assertions of licensed patents against Valve and be enjoined from accusing Valve of infringing any patent to which it is already licensed. Dkt. 38 at Prayer for Relief, (c).

PLAINTIFF VALVE CORPORATION'S MOTION
FOR SUMMARY JUDGMENT                    16
Case No. 2:23-cv-1016

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

2.      Defendants Leigh Rothschild and Rothschild Broadcast Distribution Systems, LLC are liable for anticipatory breach of the GSLA (while leaving the issue of damages for the jury to decide).

3.      Valve did not fail to mitigate its damages (thus resolving Defendants' Second Affirmative Defense in Valve's favor).

4.      Valve's claims are not barred by any of Defendants' equitable defenses (thus resolving Defendants' Third and Fourth Affirmative Defenses in Valve's favor).

DATED: October 27, 2025            Respectfully submitted,

KILPATRICK TOWNSEND & STOCKTON LLP

By:   */s/ Dario A. Machleidt*
Dario A. Machleidt (State Bar No. 41860)
Kathleen R. Geyer (State Bar No. 55493)
Christopher P. Damitio (State Bar No. 58633)
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
Telephone: (206) 467-9600
dmachleidt@kilpatricktownsend.com
kgeyer@kilpatricktownsend.com
cdamitio@kilpatricktownsend.com

David A. Reed (*pro hac vice*)
100 Peachtree Street NE, Suite 2800
Atlanta, GA 30309
Telephone: (404) 745-2548
dreed@ktslaw.com

Attorneys for Plaintiff
VALVE CORPORATION

I certify that this memorandum contains 6241 words, in compliance with the Local Civil Rules.

PLAINTIFF VALVE CORPORATION'S MOTION
FOR SUMMARY JUDGMENT     17
Case No. 2:23-cv-1016

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

1

## **CERTIFICATE OF SERVICE**

2

3        I hereby certify that on October 27, 2025, I served the within via the Court's CM/ECF

4   system to all counsel who are registered participants identified on the Mailing Information for C.A.

5   No. 2:23-cv-1016.

6                                    */s/ Dario A. Machleidt*
                                     Dario A. Machleidt
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF VALVE CORPORATION'S MOTION
FOR SUMMARY JUDGMENT                          18
Case No. 2:23-cv-1016

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600