HON. JAMAL N. WHITEHEAD

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| VALVE CORPORATION,<br><br>    Plaintiff,<br><br>    v.<br><br>LEIGH ROTHSCHILD, ROTHSCHILD BROADCAST DISTRIBUTION SYSTEMS, LLC, DISPLAY TECHNOLOGIES, LLC, PATENT ASSET MANAGEMENT, LLC, MEYLER LEGAL, PLLC, AND SAMUEL MEYLER,<br><br>    Defendants. | Case No. 2:23-cv-1016<br><br>**DECLARATION OF CHRISTOPHER SCHENCK** |

C. SCHENCK DECLARATION
CASE NO. 2:23-CV-1016

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

Docusign Envelope ID: FEA71A6E-4938-421F-B85B-873DC6D26096

I, Christopher Schenck, declare as follows:

1. I am over the age of eighteen years. I make this declaration based on my own knowledge and investigation within Valve Corporation ("Valve") as to the matters reflected within this declaration. If called upon to do so, I could and would competently testify regarding the contents of this declaration.

2. I am in-house counsel at Valve. I have been employed by the company since 2018.

3. In a letter addressed to me dated June 21, 2023, Attorney Samuel Meyler accused Valve of infringing U.S. Patent No. 8,856,221 ("the '221 patent"); a true and correct copy of that letter is attached as Exhibit 8.[1] I responded to Mr. Meyler's June 21, 2023 letter on June 29, 2023; a true and correct copy of that response is attached as Exhibit 16.[2] My response was not, and was never intended to be, an acquiescence, ratification, or consent for Valve to be sued for alleged infringement of the '221 patent. Indeed, Valve had already paid for a license to and covenant not to sue on that patent under the Global Settlement and License Agreement between Valve and, *inter alia*, Leigh Rothschild; Display Technologies, LLC; and Rothschild Broadcast Distribution Systems, LLC ("GSLA"). To avoid any doubt, when responding to Mr. Meyler's June 21, 2023 letter, Valve never intentionally and voluntarily relinquished any rights or causes of actions against Defendants. Valve, by filing this lawsuit, did, and intended to, reserve all rights available to it by way of Defendants' unlawful allegations of infringement.

4. Attached as Exhibit 1 is a true and correct copy of the GSLA.[3]

5. Valve paid the Consideration (as defined in the GSLA) called for in the GSLA. *See* Ex. 1 (GSLA) §§ 4.1 & 5.1.

6. Attached as Exhibit 12 is a true and correct copy of an email and attachment I sent to Mr. Meyler on October 5, 2022. I explain to Mr. Meyler that "[t]here are also two things I wanted to make sure you knew about: 1) The attached license agreement between Display

---

[1] Exhibits are numbered in the order that they appear in Valve's Motion for Partial Summary Judgment.

[2] My email address has been redacted from Exhibit 16, as it is not publicly available.

[3] The specific amount paid by Valve to Defendants under the GSLA has been redacted from Exhibit 1, as that information is confidential under the terms of that agreement.

C. SCHENCK DECLARATION
CASE NO. 2:23-CV-1016
- 1 -
Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

1    Technologies and Valve. If you haven't seen it already, I think you should read it. I have a hard

2    time seeing how Valve isn't already licensed to US Pat No 9,300,723 (the patent asserted by

3    Display Technologies) …."[4]

4        7.    Attached as Exhibit 13 is a true and correct copy of a letter that encloses the GSLA,

5    that I sent to, among others, Mr. Meyler on December 22, 2022.[5]

6        8.    Attached as Exhibit 14 is a true and correct copy of the letter I received from Mr.

7    Meyler dated January 3, 2023 with the subject "Social Positioning Inputs Systems, LLC v. Valve

8    Corporation."

10    Executed on October 27, 2025 at Sammamish, Washington.

/s/ Christopher Schenck
Christopher Schenck

---

[4] My email address, and the specific amount paid by Valve to Defendants under the GSLA, have been redacted from Exhibit 12, as my email address is not publicly available and the amount paid under the GSLA is confidential under the terms of that agreement.

[5] The specific amount paid by Valve to Defendants under the GSLA has been redacted from Exhibit 13, as that information is confidential under the terms of that agreement.

C. SCHENCK DECLARATION
CASE NO. 2:23-CV-1016
- 2 -

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600