HON. JAMAL N. WHITEHEAD

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| VALVE CORPORATION,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>LEIGH ROTHSCHILD, ROTHSCHILD BROADCAST DISTRIBUTION SYSTEMS, LLC, DISPLAY TECHNOLOGIES, LLC, PATENT ASSET MANAGEMENT, LLC, MEYLER LEGAL, PLLC, AND SAMUEL MEYLER,<br><br>　　　　Defendants. | Case No. 2:23-cv-1016<br><br>**VALVE CORPORATION'S UNOPPOSED MOTION TO SEAL**<br><br>NOTE ON MOTION CALENDAR:<br>**November 19, 2025**<br><br>Complaint Filed:　　07/07/2023 |

VALVE'S MOTION TO SEAL
CASE NO. 2:23-CV-1016

- 1 -

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

Pursuant to Local Civil Rule 5(g)(2) and the Protective Order (Dkt. 52), Plaintiff Valve Corporation ("Valve") respectfully moves this Court to issue an Order directing the Clerk to maintain under seal an unredacted copy of Valve's Motion for Rule 37(d) Sanctions and Exhibits 10, 11, 12, 13, 14, 15, 16, 17, and 32 to the Declaration of Dario A. Machleidt (collectively, the "Sealed Documents"). Valve seeks to seal the Sealed Documents because they contain information designated by Defendants as Confidential under the Protective Order (Dkt. 52), and particularly information Defendants claim deals with internal operations and business methods, financial transfers, and other confidential business information. Defendants do not oppose Valve's proposed sealing.

## I.  CERTIFICATION

Pursuant to LCR 5(g)(3)(A), counsel for Valve (Dario Machleidt and Kathleen Geyer) conferred with counsel for Defendants (Adam Woodward, Joseph Zito, and Rene Vasquez) numerous times via email and phone on October 27, 29, and 30, 2025. Specifically, on October 29, Mr. Machleidt called three counsel for Defendants to discuss the motion to seal. On October 29, Mr. Machleidt and Mr. Zito spoke regarding the nature of Valve's Motion for Rule 37(d) Sanctions; Mr. Zito represented that Mr. Vasquez was the defense counsel knowledgeable about the confidentiality of the Sealed Documents. Counsel for Valve was unable to reach Mr. Vasquez on October 29 on two separate occasions, leaving voicemails both times. Counsel for Valve also spoke with Mr. Woodward on October 29 regarding sealing, but were unable to resolve all the outstanding issues. On October 30, Mr. Vasquez confirmed that the Sealed Materials should be kept under seal and that he did not "have authority from our clients to de-designate" that material. During the numerous conferrals, the parties explored other alternatives to filing under seal, such as withdrawing certain designations or redacting information, but while redactions avoided the need to file certain exhibits under seal, the parties were unable to determine an alternative to filing the Sealed Documents under seal.

VALVE'S MOTION TO SEAL
CASE NO. 2:23-CV-1016

- 1 -

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 26(c) provides the Court discretion to permit sealing of documents to protect "a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 26(c). A "district court's order sealing its records [is] an exercise of its inherent supervisory power." *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995). A "strong presumption of access to judicial records applies fully to dispositive pleadings, including motions for summary judgment and related attachments." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). To seal documents associated with a dispositive motion, the designating party must demonstrate "compelling reasons." *Id.*

## III.  ARGUMENT

Valve seeks to file under seal information designated as "Confidential" by Defendants under the Protective Order. The Sealed Documents are all documents containing information that has been designated by Defendants as "CONFIDENTIAL" under the Court's Protective Order. Dkt. 52 ¶ 2 (defining "Confidential" material), ¶ 4 (restricting access to confidential material). Defendants assert the Sealed Documents relate to Defendants' internal operations and business methods, financial transfers, and other confidential business information. *See id.* ¶ 4.3. Pursuant to its obligations under the Protective Order, Valve has complied with Defendants' request to file the Sealed Documents under seal. *See* LCR 5(g)(3)(B) ("Where parties have entered a litigation agreement or stipulated protective order …, a party wishing to file a confidential document it obtained from another party in discovery may file a motion to seal but need not satisfy subpart (3)(B) above."). Pursuant to LCR 7(g)(5)(A), Valve will file a redacted copy of its Motion for Partial Summary judgment.

As required by LCR 5(g)(3), Defendants must satisfy LCR 5(g)(3)(B) in their response to this motion. At this time, Valve takes no position as to whether the information Defendants seek to seal in the Sealed Documents satisfies the required "compelling reasons" standard for being maintained under seal when filed in relation to a dispositive motion. Valve reserves the right to

object to any proposed sealing upon consideration of Defendants' justifications in response to this motion under LCR 5(g)(3)(B).

IV. **CONCLUSION**

For the foregoing reasons, Valve respectfully requests the Court maintain Valve's Motion for Rule 37(d) Sanctions and Exhibits 10, 11, 12, 13, 14, 15, 16, 17, and 32 to the Declaration of Dario A. Machleidt under seal.

DATED: October 30, 2025                     Respectfully submitted,

                                            KILPATRICK TOWNSEND & STOCKTON LLP


                                            By:  /s/ *Dario A. Machleidt*
                                            Dario A. Machleidt (State Bar No. 41860)
                                            Kathleen R. Geyer (State Bar No. 55493)
                                            Christopher P. Damitio (State Bar No. 58633)
                                            1420 Fifth Avenue, Suite 3700
                                            Seattle, WA 98101
                                            Telephone: (206) 467-9600
                                            dmachleidt@kilpatricktownsend.com
                                            kgeyer@kilpatricktownsend.com
                                            cdamitio@kilpatricktownsend.com

                                            David A. Reed (*pro hac vice*)
                                            100 Peachtree Street NE, Suite 2800
                                            Atlanta, GA 30309
                                            Telephone: (404) 745-2548
                                            dreed@ktslaw.com

                                            Attorneys for Plaintiff
                                            VALVE CORPORATION

                                            I certify that this memorandum contains 711 words, in compliance with the Local Civil Rules.

# CERTIFICATE OF COUNSEL

Pursuant to LCR 5(g)(3)(A), counsel for Valve (Dario Machleidt and Kathleen Geyer) conferred with counsel for Defendants (Adam Woodward, Joseph Zito, and Rene Vasquez) numerous times via email and phone on October 27, 29, and 30, 2025. Specifically, on October 29, Mr. Machleidt called three counsel for Defendants to discuss the motion to seal. On October 29, Mr. Machleidt and Mr. Zito spoke regarding the nature of Valve's Motion for Rule 37(d) Sanctions, Mr. Zito represented that Mr. Vasquez was the defense counsel knoweldgable about the confidentiality of the Sealed Documents. Counsel for Valve was unable to reach Mr. Vasquez on October 29 on two separate occassions, leaving voicemails both times. Counsel for Valve also spoke with Mr. Woodward on October 29 regarding sealing, but where unable to resolve all the outstanding issues. On October 30, Mr. Vasquez confirmed that the Sealed Materials should be kept under seal and that he did not "have authority from our clients to de-designate" that material. During the numerous conferrals, the parties explored other alternatives to filing under seal, such as withdrawing certain designations or redacting information, but were unable to determine an alternative to filing the Sealed Documents under seal. Counsel for Defendants assert that the information contained in Valve's Motion for Rule 36(d) Sanctions and Exhibits 10, 11, 12, 13, 14, 15, 16, 17, and 32 to the Declaration of Dario A. Machleidt is confidential and cannot be filed publicly. Specifically, Defendants assert that the information to be kept under seal relates to Defendants' internal operations and business methods, financial transfers, and other confidential business information.

/s/ Dario A. Machleidt  
Dario A. Machleidt

VALVE'S MOTION TO SEAL
CASE NO. 2:23-CV-1016
- 4 -
Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

# CERTIFICATE OF SERVICE

I hereby certify that on October 30, 2025, I served the within via the Court's CM/ECF system to all counsel who are registered participants identified on the Mailing Information for C.A. No. 2:23-cv-1016.

/s/ Dario A. Machleidt
Dario A. Machleidt

VALVE'S MOTION TO SEAL
CASE NO. 2:23-CV-1016    - 5 -

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600