# EXHIBIT 32
# FILED UNDER SEAL

CONTAINS VALVE'S AND DEFENDANTS' CONFIDENTIAL INFORMATION

HON. JAMAL N. WHITEHEAD

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| VALVE CORPORATION,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>LEIGH ROTHSCHILD, ROTHSCHILD BROADCAST DISTRIBUTION SYSTEMS, LLC, DISPLAY TECHNOLOGIES, LLC, PATENT ASSET MANAGEMENT, LLC, MEYLER LEGAL, PLLC, AND SAMUEL MEYLER,<br><br>　　　　Defendants. | Case No. 2:23-cv-1016<br><br>**PLAINTIFF VALVE CORPORATION'S CONFIDENTIAL FIRST SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENDANTS' FIRST SET OF INTERROGATORIES**<br><br>Complaint Filed:　　07/07/2023 |

VALVE'S 1ST SUPP. RESPONSES TO
DEFENDANTS' FIRST SET ROGS
CASE NO. 2:23-CV-1016

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

committed these acts of literal infringement, or infringement under the doctrine of equivalents of the '221 patent, *without license* or authorization." Complaint, ¶ 43. The Complaint otherwise does not mention or acknowledge that Defendant RBDS had already granted Plex a license to the '221 patent. Just five days later, Defendant RBDS dismissed the lawsuit with prejudice. Valve is currently seeking but has not received discovery from Defendants and third-party Plex, Inc., including regarding any communications between the filing of the complaint and the dismissal.

Defendant RBDS previously sued Crunchyroll—the provider of Crunchyroll streaming product—of infringing the '221 patent. On information and belief, Crunchyroll, Inc. received a license to or covenant not to sue on the '221 patent as part of the settlement agreement the parties entered into. *See, e.g.*, ROTHSCHILD0026319. The Rothschild Defendants have not produced this agreement. On information and belief, Ellation was the parent company of Crunchyroll and was covered by the license and/or covenant not to sue with Crunchyroll. The Rothschild Defendants sued Ellation in 2021 for infringement of the '221 patent, accusing the VRV platform, which was "a close descendant of what Ellation marketed as the Crunchyroll platform," and on information and belief, was covered by the agreement between Crunchyroll and the Rothschild Defendants. *See* ROTHSCHILD0035093; ROTHSCHILD0025052.

### 4. The Rothschild Defendants' corporate shell games are relevant to whether their conduct here amounts to bad faith.

Valve's discovery into the Rothschild Defendants' misuse of the corporate form as a way to shield Rothschild from personal liability remains ongoing. Based on limited information and discovery to date, Valve contends that the Rothschild Defendants misuse corporate formalities for the purpose of shielding Leigh Rothschild from personal liability stemming from conduct of his patent-holding companies. For instance, Rothschild or his management company, PAM, assigns patents to numerous LLCs he forms, owns, and controls (directly or indirectly) (like Display Technologies and RBDS). Rothschild assigns or transfers to those LLCs the patents he wants to assert against target companies like Valve. Rothschild then purposefully undercapitalizes his LLCs and limits their actual assets only to one (or a few) patents. In this manner, if a court orders

VALVE'S 1ST SUPP. RESPONSES TO
DEFENDANTS' FIRST SET ROGS
CASE NO. 2:23-CV-1016

- 42 -

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

a Rothschild patent-holding LLC to pay a defendant's attorney fees (under § 285 or as a sanction), the LLC can claim an inability to pay, and Rothschild hides behind the LLC and PAM to avoid having his personal funds subject to collection. *See, e.g.*, *Rothschild et al. v. Starbucks Corporation et al.*, No. 1:24-cv-24669 (S.D. Fla.) (Starbucks counterclaimed against Rothschild and Analytical Technologies claiming: the company is a shell entity to shield Rothschild from liability; Rothschild engages in a business modal designed to extract settlements from companies due to meritless infringement claims; and Rothschild and his companies fraudulently transfer settlement funds to avoid paying attorneys' fees awards).

Further, on information and belief, Rothschild intentionally maintains a near-zero balance in each of his companies' bank accounts. The same is true of Rothschild's personal bank accounts; namely, he maintains a near-zero balance in those accounts to make difficult any fee collection from him, should an opposing party successfully pierce the corporate veil of his LLCs and PAM. This is yet another method of his to avoid ever paying a fee award.

### 5. The Defendants' willful decision to ignore the GSLA even after Valve sent it to Meyler *twice* is relevant to finding bad faith.

Valve sent a copy of the 2016 Global Settlement and License Agreement to the Meyler Defendants on two separate occasions in 2022. The Meyler Defendants, a law firm and attorney bound by the Washington State Rules of Professional Conduct, should have known about the agreement and its contents based on the bare-minimum due diligence required *before filing suit*. In fact, Meyler admitted he analyzed the Troll Act *before* proceeding with his bad-faith assertions on behalf of the other Defendants. *See, e.g.*, Meyler Defs' 2d Suppl. Response to Interrog. 1 ("Defendants Samuel Meyler's and Meyler Legal PLLC's investigation regarding the Patent Troll Prevention Act, Chapter 19.350 RCW, occurred at least prior to May 26, 2023.").

Defendants, however, are again asserting infringement of patents Valve has already licensed. Indeed, Meyler's June 2023 letter asserted Valve infringed the '221 patent which, as recounted throughout this response, is not legally permissible. Even now, RBDS's sole

VALVE'S 1ST SUPP. RESPONSES TO
DEFENDANTS' FIRST SET ROGS
CASE NO. 2:23-CV-1016

- 43 -

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

Valve seeks a permanent injunction requiring Defendants to abide by their contractual obligations in the GSLA. Specifically, Valve seeks a permanent injunction barring Defendants from asserting patent infringement of any Licensed Patents in the GSLA against Valve. The Patent Troll Prevention Act allows plaintiffs to seek such injunctive relief. This relief is necessary because of Defendants' breaches of the GSLA; clearly, the risk of a contract action is insufficient to deter their ongoing violations. Thus, an injunction—which carries the risk of contempt should Defendants violate it—is needed to give Valve full relief.

DATED: August 20, 2025

Respectfully submitted,

KILPATRICK TOWNSEND & STOCKTON LLP

By: */s/ Dario A. Machleidt*
Dario A. Machleidt (State Bar No. 41860)
Kathleen R. Geyer (State Bar No. 55493)
Christopher P. Damitio (State Bar No. 58633)
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
Telephone: (206) 467-9600
dmachleidt@kilpatricktownsend.com
kgeyer@kilpatricktownsend.com
cdamitio@kilpatricktownsend.com

Attorneys for Plaintiff
VALVE CORPORATION

VALVE'S 1ST SUPP. RESPONSES TO
DEFENDANTS' FIRST SET ROGS
CASE NO. 2:23-CV-1016

- 67 -

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

**CONTAINS VALVE'S AND DEFENDANTS' CONFIDENTIAL INFORMATION**

## CERTIFICATE OF SERVICE

I hereby certify that on August 20, 2025, I served the within via all email to all counsel who are registered participants identified on the Mailing Information for C.A. No. 2:23-cv-1016.

*/s/ Kathleen R. Geyer*
Kathleen R Geyer

VALVE'S 1ST SUPP. RESPONSES TO
DEFENDANTS' FIRST SET ROGS
CASE NO. 2:23-CV-1016

- 68 -

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

79923458V.6