HON. JAMAL N. WHITEHEAD

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| VALVE CORPORATION,<br><br>    Plaintiff,<br><br>    v.<br><br>LEIGH ROTHSCHILD, ROTHSCHILD BROADCAST DISTRIBUTION SYSTEMS, LLC, DISPLAY TECHNOLOGIES, LLC, PATENT ASSET MANAGEMENT, LLC, MEYLER LEGAL, PLLC, AND SAMUEL MEYLER,<br><br>    Defendants. | Case No. 2:23-cv-1016-JNW<br><br>**PLAINTIFF VALVE CORPORATION'S MOTION FOR RULE 37(D) SANCTIONS AGAINST THE ROTHSCHILD DEFENDANTS**<br><br>NOTE ON MOTION CALENDAR:<br>**November 19, 2025**<br><br>Complaint Filed:   07/07/2023<br><br>ORAL ARGUMENT REQUESTED |

VALVE CORP'S MOT. FOR RULE 37(D)
SANCTIONS RE ROTHSCHILD DEFS
Case No. 2:23-cv-1016

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

# TABLE OF CONTENTS

Page

I.  INTRODUCTION .................................................................................................1

II. LEGAL FRAMEWORK .......................................................................................2

    A.  Alter Egos: Piercing the Corporate Veil ..................................................2

    B.  Rule 37(d) Sanctions .................................................................................3

III. BACKGROUND ...................................................................................................3

    A.  The Rothschild Defendants' Repeated Failure to Respond to Discovery ...................................................................................................3

    B.  The Evidence Valve Managed to Obtain Is Consistent with a Finding that Rothschild and the Corporate Defendants Are Alter Egos ............................................................................................................5

    C.  The Rothschild Defendants' Months' Long Failure to Answer Discovery ...................................................................................................6

    D.  The Rothschild Defendants' Attempt to Preempt Valve's Rule 37 Motion ........................................................................................................7

IV. THE COURT SHOULD DESIGNATE FACTS AS ESTABLISHED ..................9

    A.  Proposed Facts to be Designated as Established.......................................9

    B.  The Facts Valve Proposes to be Designated as Established are Relevant and Just, Particularly in Light of the Rothschild Defendants' Bad Faith.............................................................................10

    C.  Rule 37(d)(1)(B) Certification .................................................................12

V.  CONCLUSION ....................................................................................................12

VALVE CORP'S MOTION FOR RULE 37(D)
SANDTIONS AGAINST ROTHSCHILD DEFS
Case No. 2:23-cv-1016

ii

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

# TABLE OF AUTHORITIES

Page

**Cases**

*BBC Grp. NV LLC v. Island Life Rest. Grp. LLC*,
   No. C18-1011 RSM, 2019 WL 2326212 (W.D. Wash. May 31, 2019) .............................. 3, 9

*Blundell v. Cnty. of L.A.*,
   No. CV 08-2212-DDP (EX), 2010 WL 344320 (C.D. Cal. Jan. 29, 2010) ............................ 3

*City of Torrance v. Hi-Shear Corp.*,
   No. 2:17-CV-07732-FWS-JPR, 2025 WL 2630155 (C.D. Cal. Sept. 3, 2025) ................ 10, 11

*Iris Connex, LLC v. Dell, Inc.*,
   235 F. Supp. 3d 826 (E.D. Tex. Jan. 25, 2017) .............................................................. 1, 9, 11

*Jimenez v. Rameau*,
   No. 3:24-cv-05139-TMC, 2025 WL 822422 (W.D. Wash. Mar. 13, 2025) .......................... 11

*Kim v. Rosellini*,
   182 Wash. App. 1051, 2014 WL 3930461 (Wash. Ct. App. Aug. 11, 2014) ........................ 11

*Morgan v. Burks*,
   93 Wash. 2d 580 (1980) (en banc) ......................................................................................... 2

*Ramos v. Swatzell*,
   No. EDCV 12-1089-BRO, 2017 WL 2857523 (C.D. Cal. June 5, 2017) ............................. 11

*Standard Fire Ins. Co. v. Blakeslee*,
   54 Wash. App. 1 (1989) ........................................................................................................ 2

*State v. Ralph Williams' North West Chrysler Plymouth, Inc.*,
   87 Wash. 2d 298 (1976) ........................................................................................................ 3

**Statutes**

35 U.S.C. § 285 ................................................................................................................... 10, 11

RCW 19.350.020 ....................................................................................................................... 11

**Other Authorities**

Fed. R. Civ. P. 26(b) ................................................................................................................... 8

Fed. R. Civ. P. 30(b)(6) ............................................................................................................... 4

Fed. R. Civ. P. 33 ........................................................................................................................ 3

Fed. R. Civ. P. 37 ........................................................................................................................ 7

VALVE CORP'S MOTION FOR RULE 37(D)
SANCTIONS AGAINST ROTHSCHILD DEFS
Case No. 2:23-cv-1016

iii

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

# TABLE OF AUTHORITIES

Page

Fed. R. Civ. P. 37(a) .................................................................................................................. 2

Fed. R. Civ. P. 37(b)(2)(A)(i) .................................................................................................... 3

Fed. R. Civ. P. 37(d) ........................................................................................................ 2, 3, 12

Fed. R. Civ. P. 37(d)(1)(A)(ii) ................................................................................................... 3

Fed. R. Civ. P. 37(d)(1)(B) ...................................................................................................... 12

Fed. R. Civ. P. 37(d)(3) ............................................................................................................. 3

VALVE CORP'S MOTION FOR RULE 37(D)
SANCTIONS AGAINST ROTHSCHILD DEFS                iv
Case No. 2:23-cv-1016

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

## I.     INTRODUCTION

Valve's claim that the Rothschild Defendants[1] violated the Washington Patent Troll Prevention Act requires proof that they acted in "bad faith." Bad faith includes corporate owners and managers "exploit[ing] the corporate form" for the purpose of "insulat[ing] the true party in interest from the [fee-shifting] risk associated with dubious" patent infringement claims. *Iris Connex, LLC v. Dell, Inc.*, 235 F. Supp. 3d 826, 833, 845, 846 (E.D. Tex. Jan. 25, 2017). Valve believes Rothschild and the Corporate Defendants base their entire business model around precisely this type of exploitation, using shell plaintiffs to protect Rothschild from personal liability.

Valve served interrogatories and requests for production to the Rothschild Defendants inquiring into evidence regarding corporate separateness or, as Valve expects, that Rothschild and the Corporate Defendants are one and the same and thus alter egos. For example, Valve sought discovery into day-to-day control, capitalization, intermingling of assets, transfers between entities, and observance of corporate formalities. The Rothschild Defendants, however, failed to answer this discovery and impeded Valve's efforts to develop this part of its case. While Valve has gathered some evidence of Rothschild's alter-ego status (Ex. 32 (Valve's 8/20/2025 Interrog. Resp.) at 42–43),[2] the most probative evidence lies in the hands of the Rothschild Defendants. Rather than provide this information as required months ago, they failed to object, answer, or otherwise respond to Valve's interrogatories until *yesterday*, October 29 (92 days after answers were due and 62 days after the close of fact discovery), and only in response to the looming threat of this Motion. Ex. 33 (Defs' 10/29/2025 email).

The Rothschild Defendants' untimely "responses" confirm they know exactly what Valve is asking for, and why, and simply refused to engage in the discovery process—presumably because they do not want Valve or the Court to see their confidential information. *See, e.g.*, Ex. 34

---

[1] Leigh Rothschild ("Rothschild"), Rothschild Broadcast Distribution Systems ("RBDS"), Display Technologies ("DT"), and Patent Asset Management ("PAM") are the "Rothschild Defendants"; RBDS, DT, and PAM, collectively are the "Corporate Defendants."
[2] All exhibits are attached to the Machleidt Declaration.

VALVE CORP'S MOTION FOR RULE 37(D)
SANCTIONS AGAINST ROTHSCHILD DEFS                1
Case No. 2:23-cv-1016

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

at 31 ("Mr. Rothschild **declines to disclose personal financial details**" (emphasis in original)); 27 ("Mr. Rothschild declines to respond further [than objections]."); 18 ("DT does not presently intend to provide ... internal financial records").

The Rothschild Defendants' refusal to respond to interrogatories or produce documents has prejudiced Valve by depriving it of all of the evidence it is entitled to receive to prove its claims. The Rothschild Defendants' recent service of overdue and facially deficient responses only highlights that prejudice and cannot remove this dispute from the ambit of Rule 37(d). Due to the Rothschild Defendants' delay, a motion to compel under Rule 37(a) would not be timely. Nor would any compelled information cure the prejudice given the late stage of the case and the sheer amount of information the Rothschild Defendants have withheld; fact discovery closed two months ago, dispositive motion practice is underway, and trial is a little over three months away.

To remedy this prejudice, Valve asks the Court to deem admitted the facts set forth in Section IV.A and repeated in the Proposed Order—including, among other things, that (i) Rothschild is the alter ego of PAM, DT, and RBDS, and (ii) PAM is the alter ego of DT and RBDS. These facts are consistent with the limited discovery the Rothschild Defendants did produce, and Valve believes the withheld evidence would have confirmed these facts but for the Rothschild Defendants' refusal to provide it.

## II.     LEGAL FRAMEWORK

### A.     Alter Egos: Piercing the Corporate Veil

"Where a private person so dominates and controls a corporation that such corporation is his alter ego, a court is justified in piercing the veil of corporate entity and holding that the corporation and private person are one and the same." *Standard Fire Ins. Co. v. Blakeslee*, 54 Wash. App. 1, 5 (1989) (quoting *Pohlman Inv. Co. v. Virginia City Gold Mining Co.*, 184 Wash. 273, 283 (1935)). The corporate form may also be disregarded when a "corporation has been 'gutted' and left without funds by those controlling it in order to avoid actual or potential liability." *Morgan v. Burks*, 93 Wash. 2d 580, 585 (1980) (en banc). If a corporate officer participates in wrongful conduct, or with knowledge approves of the conduct, then that officer, as

VALVE CORP'S MOTION FOR RULE 37(D)
SANCTIONS AGAINST ROTHSCHILD DEFS
Case No. 2:23-cv-1016

2

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

well as the corporation, is liable for the penalties. *See State v. Ralph Williams' North West Chrysler Plymouth, Inc.*, 87 Wash. 2d 298, 322 (1976) (citation omitted).

### B. Rule 37(d) Sanctions

The Court may "order sanctions if: … a party, after being properly served with interrogatories under Rule 33 … fails to serve its answers, objections, or written response." Fed. R. Civ. P. 37(d)(1)(A)(ii). In evaluating the propriety of any such sanctions, the Court considers "'all incidents of a party's misconduct.'" *Blundell v. Cnty. of L.A.*, No. CV 08-2212-DDP (EX), 2010 WL 344320, at *4 (C.D. Cal. Jan. 29, 2010) (quoting *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1411 (9th Cir. 1990)). Discovery sanctions may include designating that certain "facts be taken as established for purposes of the action." Fed. R. Civ. P. 37(b)(2)(A)(i) & 37(d)(3); *BBC Grp. NV LLC v. Island Life Rest. Grp. LLC*, No. C18-1011 RSM, 2019 WL 2326212, at *3 (W.D. Wash. May 31, 2019).

## III. BACKGROUND

### A. The Rothschild Defendants' Repeated Failure to Respond to Discovery

The Rothschild Defendants failed to properly respond to discovery in this case since its inception and, in particular, have for months avoided answering discovery central to the issue of alter ago. After Valve filed its first motion to compel detailing Defendants' discovery failures, the Court noted that "the Rothschild Defendants have engaged in a pattern of delays in responding to Valve's discovery requests" and reminded them that "[s]uch dilatory conduct in discovery is disfavored to say the least." Dkt. 78 at 1–2; *id.* at 2 ("Failure to comply with the Court's order may result in sanctions, including … adverse inferences").

Notwithstanding the Court's guidance, the Rothschild Defendants' dilatory responses to written discovery continued. For example, until *yesterday* they failed to object or respond to Valve's Fourth Set of Interrogatories served on May 27 (Exs. 1, 2, 3, 4) and Valve's Third Set of RFPs served on May 27 (Exs. 5, 6, 7, 8). As documented in Valve's second pending Motion to Compel (which is unopposed), the Rothschild Defendants failed to provide, and refused even to search for, financial documents related to Valve's assertion that Rothschild and the Corporate

VALVE CORP'S MOTION FOR RULE 37(D)
SANCTIONS AGAINST ROTHSCHILD DEFS
Case No. 2:23-cv-1016

3

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

Defendants are alter egos.[3] Dkts. 83 & 115. Most relevant to this Motion, the Rothschild Defendants also failed to respond to Valve's Third Set of Interrogatories until *yesterday*, when faced with the prospect of this motion for sanctions. Ex. 33 (10/29/2025 email chain).

The Rothschild Defendants' obstructionist behavior carried over to depositions. Rothschild was designated as the sole Rule 30(b)(6) deponent on financials for the Rothschild Defendants. Ex. 10 (Rothschild Tr.) at 134:1–135:9. Rothschild, however, ███████████████ ███████████████████████████████████████████████████████. *Id.* at 135:23–136:2, & 136:3–22.

Rothschild's testimony shows he had pre-planned to refuse to answer ████████ ██████████████████████████████████████████████████████████████████████ ██████████████████████████████████████████████ *Id.* at 11:2–12:13. Rothschild refused to answer questions identifying ████████████████████████████████████ ██████████████████████████████████████ *Id.* at 16:5–17:3. After conferring with counsel, Rothschild answered that ██████████████████████████████ █████████████████████████████ *Id.* at 20:4–21:1. Similarly, Rothschild refused to disclose the amount of salary he received from PAM in 2024, as ██████████████████████████████ *Id.* at 46:3–24.

In view of Rothschild's failure to properly prepare to testify about the Corporate Defendants' finances, the Rothschild Defendants agreed that Mr. Falcucci would ███████ ████████████████████████ *Id.* at 154:16–21. Yet, like Rothschild, Falcucci could not answer basic questions about Corporate Defendants' ██████████████████ ███████████████████████████████████████████████████████████████████████ ████████████████████████████████████████. Ex. 11 (Falcucci Tr.) at 17:19–20:11. While Falcucci was able to regurgitate certain high-level numbers about PAM's finances, he had received the paltry information from Rothschild in a ███████████—and

---

[3] The responses served yesterday do not remedy, and in fact double down on, the issues raised in Valve's second pending Motion to Compel.

| VALVE CORP'S MOTION FOR RULE 37(D) SANCTIONS AGAINST ROTHSCHILD DEFS<br>Case No. 2:23-cv-1016 | 4 | Kilpatrick Townsend & Stockton LLP<br>1420 Fifth Avenue, Suite 3700<br>Seattle, WA 98101<br>(206) 467-9600 |

thus was unable to answer any questions about where the numbers came from or what they meant. *Id.* at 23:11–24; *id.* at 22:16–25:23, 101:23–103:12.

**B.     The Evidence Valve Managed to Obtain Is Consistent with a Finding that Rothschild and the Corporate Defendants Are Alter Egos**

Even without the benefit of meaningful discovery responses, Valve has obtained evidence that is consistent with a finding that Rothschild is the alter ego of the Corporate Defendants. For example:

- ██████████████████████████████████████████████████████████ ██████████████████████████████████████. Exs 12 & 13.

- ██████████████████████████████████████████████. Ex. 12; Ex. 14 at § 3.01; Ex. 15 at § 3.01; Ex. 13.

- ██████████████████████████████████████████. Ex. 17 (Arias Tr.) at 37:4–10; Ex. 10 (Rothschild Tr.) at 307:25–308:11. ████████████████████████████ ████████████████████████████████████████████. *Id.* at 70:19-71:1.

- Rothschild gave a security interest to PAM seemingly to all of the tangible assets at Rothschild's home. Ex. 18.

- Rothschild ████████████████████████████████████████████████ █████████████████████████████████████████████████████████████ Ex. 10 (Rothschild Tr.) at 27:7–28:21, 35:14–24. ██████████████████ █████████████ *Id.* at 50:12–51:4.

- Rothschild and PAM are known to deliberately undercapitalize subsidiaries to avoid paying fee awards resulting from bad-faith patent litigation filed by their empty shell LLCs. Dkt. 83 at 5.

- Ms. Kazanjian, a former colleague of Rothschild's, alleged that his annual compensation from patent cases "was approximately one million ($1,000,000.00) dollars/annually," that he is "self-dealing," that settlement moneys are

VALVE CORP'S MOTION FOR RULE 37(D) SANCTIONS AGAINST ROTHSCHILD DEFS
Case No. 2:23-cv-1016

5

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

"fraudulently converted for" his "personal use in order to defraud creditors."

Ex. 19, ¶¶ 65, 70, 72.

### C. The Rothschild Defendants' Months' Long Failure to Answer Discovery

Until yesterday, the Rothschild Defendants did not respond, at all, to Valve's Third Set of Interrogatories. Those interrogatories sought information relevant to Rothschild's alter-ego relationship with the Corporate Defendants. Most directly on point, Valve served the following interrogatory on PAM, explicitly asking PAM to provide all facts showing how its corporate form is legitimate:

> **INTERROGATORY NO. 12**
> Describe with specificity all facts You contend render Your corporate form legitimate, including, but not limited to:
>
> a. Your capitalization;
> b. whether You keep separate books and the form and content of Your books;
> c. the division between Your corporate assets and any other entity's or person's assets (*e.g.*, RBDS, Display Techs., and Rothschild);
> d. whether You pay or receive "arms-length" fees in exchange for services from any other entity or person;
> e. Your corporate formalities; and
> f. identification of Your bank accounts and balance in any such accounts, on a monthly basis since inception.

Ex. 20 (Valve's 3rd Set of Interrogs. to PAM) at 3. Valve served nearly identical interrogatories on RBDS and DT. Ex. 21 at 3; Ex. 22 at 3.

Valve served additional interrogatories on the Corporate Defendants related to similar issues like control, capital and assets, and intra-company transfer of funds. Ex. 20 at 2–3; Ex. 21 at 2–3; Ex. 22 at 2–3.

Valve also served similar interrogatories on Rothschild about control, finances, and the movement of money between the Rothschild Defendants, including for example:

> **INTERROGATORY NO. 12**
> Explain why You incorporate or form companies, corporations, or businesses to assert patents previously owned by You rather than assert those patents in Your own name.
> …
> **INTERROGATORY NO. 15**
> Describe Your roles and responsibilities in each of the following companies: PAM, RBDS, Display Technologies, SPIS, Quantum Technologies, and Symbology.

Ex. 23 at 3 (Interrog. Nos. 12–16).

VALVE CORP'S MOTION FOR RULE 37(D)
SANCTIONS AGAINST ROTHSCHILD DEFS                 6
Case No. 2:23-cv-1016

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

Valve made extensive good-faith efforts to obtain responses. *See* Machleidt Decl., ¶¶ 27–40. Valve met and conferred with the Rothschild Defendants numerous times, gave extensions to respond, and forewent filing a motion to compel in reliance on their repeated promises that their responses to Valve's discovery were forthcoming. Ex. 24 (8/12/2025 Defs' Counsel Email) ("No need to compel, we are working on responses."). The promised responses did not come until shortly after Valve informed the Rothschild Defendants that it would seek discovery sanctions for their misconduct. Ex. 33 (10/29/2025 email chain).

### D.    The Rothschild Defendants' Attempt to Preempt Valve's Rule 37 Motion

Yesterday, Valve explained it "intends to file a motion for discovery sanctions under Rule 37 based on the Rothschild Defendants' failure to respond to interrogatories." *Id.* The Rothschild Defendants tried to stop Valve from filing this motion, alleging that it "is [un]necessary as we should be able to provide you with the requested discovery materials without court intervention." *Id.* Valve reminded them of their prior "assur[ances] … that a motion was unnecessary as responses were coming our way, which never happened." *Id.*

At around 6:15 pm PT yesterday, the Rothschild Defendants served a document titled "PAM et al Response to Additional Interrogatories 3 and 4." Ex. 34 (redacted responses). In his cover email, defense counsel explained his "recollection is that this unverified Response was served at the end of August" 2025. Ex. 33 (10/29/2025 email chain). Valve, however, did not receive these responses until yesterday. Machleidt Decl., ¶ 38.

In addition to being far too late (92 days after answers were due and 62 days after the close of fact discovery), the responses are not the "requested discovery materials." If timely served, Valve would have undoubtedly moved to compel because the responses are facially deficient. A small sampling of the improper objections includes the following:

> 1. In response to an interrogatory asking about Rothschild's earnings from the Corporate Defendants, Rothschild objected that the interrogatory is "harassing and appears designed to inappropriately conflate Mr. Rothschild, an individual, with distinct and independently operated legal entities. **Mr. Rothschild further objects** to the extent the Interrogatory seeks information protected by privacy rights, as well as proprietary or

VALVE CORP'S MOTION FOR RULE 37(D)
SANCTIONS AGAINST ROTHSCHILD DEFS      7
Case No. 2:23-cv-1016

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

confidential financial data, and **to the extent it is intended to support an improper veil-piercing theory** without legal or factual basis. **No further response will be provided.**"

Ex. 34 at 27 (emphasis added). Similarly, when asked to describe his ability to pay a potential judgment, Rothschild "decline[d] to disclose personal financial details." *Id.* at 31.

    2. Rothschild objected and refused to answer numerous interrogatories because they sought information related his potential status as an alter-ego of the entities that he, and only he, owns and controls:

> The Interrogatory improperly seeks to probe Mr. Rothschild's ***lawful and constitutionally protected decisions regarding corporate formation, business structuring***, and assertion of patent rights through legal entities—matters that are not relevant to any claim or defense in this case.
>
> Mr. Rothschild further objects on the grounds that this Interrogatory seeks to ***impugn or challenge the legal existence of separate business entities without any factual basis to disregard their corporate form***. The question also assumes facts not in evidence … Accordingly, ***Mr. Rothschild declines to respond further***.

*Id.* at 26–27 (emphasis added); *id.* at 27 ("The Interrogatory also assumes facts not in evidence … and seeks to pierce the corporate veil without any basis to do so.").

    3. Valve asked for "the amount of funds and Capital" available for the Corporate Defendants. DT responded that it "maintains sufficient capital to pay all current and anticipated debits," and further, "no responsive information will be provided absent a compelling showing of relevance and the entry of an appropriate protective order." Ex. 34 at 17. This response fails to answer Valve's interrogatory. Describing the amount of capital an entity has as "sufficient" is self-serving and flips the inquiry on its head—the merits of Valve's alter-ego claim is made after discovery, not as a basis to refuse discovery. And DT's assertion that Valve must make a "compelling showing of relevance" and enter a protective order is, quite simply, incorrect. *See* Fed. R. Civ. P. 26(b). Defendants did not dispute the relevance of this information in response to Valve's unopposed motion to compel (Dkts. 83 & 115) and there has long been a protective order in the case (Dkt. 52).

VALVE CORP'S MOTION FOR RULE 37(D)
SANCTIONS AGAINST ROTHSCHILD DEFS
Case No. 2:23-cv-1016

8

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

1    In short, the Rothschild Defendants' late-served non-answers confirm Valve's suspicions: Defendants know precisely what information Valve is seeking and why it is relevant; they are just steadfastly refusing to provide that information because Rothschild does not want Valve to be able to litigate the merits of its alter-ego theory. But that is not how discovery works. Rothschild cannot refuse to answer questions because he fears that the outcome will bring to light what he goes to great lengths to avoid admitting: Rothschild has abused the judicial process by asserting baseless infringement allegations through the use of empty shell plaintiffs, and reaped the cumulative rewards of untold nuisance-value settlements while never risking personal liability. *See Iris Connex*, 235 F. Supp. 3d at 833, 845–46.

Rothschild's improper objections actually support the relief Valve requests. Through his objections, Rothschild admits Valve's interrogatories seek information relevant to alter ego and veil piercing. He is wrong, however, to refuse to provide the requested information simply because *he believes* his reliance on the corporate form is "lawful." Valve is allowed discovery to test Rothschild's allegations of "lawful" corporate conduct. And before Rothschild served his objections, Valve already explained that the "Rothschild Defendants' corporate shell games are relevant to whether their conduct amounts to bad faith." Ex. 32 (Valve's 8/20/2025 Interrog. Resp.) at 42–43. While Rothschild served his belated objections on October 29, they are ostensibly dated August 25; Valve, however, provided its rationale for why alter ego is relevant to its claims before even then, on August 20.

### IV. THE COURT SHOULD DESIGNATE FACTS AS ESTABLISHED

#### A. Proposed Facts to be Designated as Established

Courts may "direct[] that facts be taken as established" when a party fails to respond to interrogatories. *BBC Grp.,* 2019 WL 2326212, at *3. The Rothschild Defendants failed to respond to interrogatories related to Valve's theory that Rothschild and the Corporate Defendants are alter-egos of each other. Accordingly, Valve respectfully requests that the Court designate the following facts (repeated in Valve's Proposed Order) as established.

1. Leigh Rothschild, Patent Asset Management, Display Technologies, and Rothschild Broadcast Distribution Systems all function as one entity.

VALVE CORP'S MOTION FOR RULE 37(D)  
SANCTIONS AGAINST ROTHSCHILD DEFS    9  
Case No. 2:23-cv-1016

Kilpatrick Townsend & Stockton LLP  
1420 Fifth Avenue, Suite 3700  
Seattle, WA 98101  
(206) 467-9600

2. Leigh Rothschild comingles his property with that of Patent Asset Management, Display Technologies, and Rothschild Broadcast Distribution Systems.

3. Leigh Rothschild has an overt intention to disregard the corporate separateness of Patent Asset Management, Display Technologies, and Rothschild Broadcast Distribution Systems.

4. Leigh Rothschild purposefully created and undercapitalizes Patent Asset Management, Display Technologies, and Rothschild Broadcast Distribution Systems to be judgement-proof and avoid checks-and-balances meant to deter bad faith patent litigation, such as awards under Section 285.

5. Leigh Rothschild comingled and transferred funds between himself and Patent Asset Management, Display Technologies, and Rothschild Broadcast Distribution Systems in a way that would prevent Valve from being paid the damages it seeks in this case from any of the Corporate Defendants.

6. Leigh Rothschild dominates and controls Patent Asset Management, such that he is the alter ego of the company.

7. Leigh Rothschild dominates and controls Display Technologies, such that he is the alter ego of the company.

8. Leigh Rothschild dominates and controls Rothschild Broadcast Distribution Systems, such that he is the alter ego of the company.

9. Patent Asset Management is the alter ego of Display Technologies.

10. Patent Asset Management is the alter ego of Rothschild Broadcast Distribution Systems.

11. The acts of Leigh Rothschild are the acts of Patent Asset Management, Display Technologies, and Rothschild Broadcast Distribution Systems, and vice-versa.

**B.    The Facts Valve Proposes to be Designated as Established are Relevant and Just, Particularly in Light of the Rothschild Defendants' Bad Faith.**

Discovery sanctions must be related to the claim at issue and "just." *City of Torrance v. Hi-Shear Corp.*, No. 2:17-CV-07732-FWS-JPR, 2025 WL 2630155, at *3 (C.D. Cal. Sept. 3,

VALVE CORP'S MOTION FOR RULE 37(D)
SANCTIONS AGAINST ROTHSCHILD DEFS
Case No. 2:23-cv-1016

10

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

2025). Each of the facts Valve proposes to be established is tied directly to (i) the interrogatories the Rothschild Defendants failed to answer until it was far too late for Valve to do anything with their deficient responses (such as move to compel),[4] and (ii) Valve's claim that Rothschild and the Corporate Defendants are alter egos operating in bad faith under the Washington Patent Troll Prevention Act. *See Kim v. Rosellini*, 182 Wash. App. 1051, 2014 WL 3930461, at *3–*5 (Wash. Ct. App. Aug. 11, 2014); *Jimenez v. Rameau*, No. 3:24-cv-05139-TMC, 2025 WL 822422, at *12 (W.D. Wash. Mar. 13, 2025) (deeming "established that Rameau and Jean were acting as agents for both companies, and GPG and Zero Max are prohibited from opposing that claim … given Defendants' concerted efforts throughout the discovery period to prevent Plaintiff from developing evidence on this key question"); RCW 19.350.020. The proposed facts are also tied directly to the Rothschild Defendants' potential liability to Valve, for example, under Section 285 for bringing a baseless infringement counterclaim. Dkt. 83 at 3–4 (citing *Iris Connex*, 235 F. Supp. 3d at 845–46).

Designating Valve's proposed facts as established is also just. The Rothschild Defendants have purposefully and steadfastly stonewalled Valve's efforts to get discovery into their internal corporate dealings. *See supra* § III.A. And because Rothschild is a private citizen and the Corporate Defendants are private LLCs, Valve cannot get that information elsewhere.

Designating the requested facts as established is even more appropriate here because Rothschild and the Corporate Defendants have acted willfully and in bad faith throughout the discovery process. *Ramos v. Swatzell*, No. EDCV 12-1089-BRO, 2017 WL 2857523, at *14 (C.D. Cal. June 5, 2017). "To establish that a party's conduct rises to the level of willfulness, bad faith, or fault, all that is required is 'disobedient conduct not shown to be outside the control of the litigant.'" *City of Torrance*, 2025 WL 2630155, at *4. The Rothschild Defendants had ample opportunity to respond in a timely manner to Valve's Third Set of Interrogatories, promised to do

---

[4] Valve deposed the Rothschild Defendants on August 26, 27, and 28; Rothschild's deposition was on the 27th. Had the Rothschild Defendants served their responses on the date indicated in the signature block (August 25), Valve would have been afforded the opportunity to question Rothschild about the deficient interrogatory responses, thus further building a record for a motion to compel or other relief. Defendants' actions prevented that from happening.

VALVE CORP'S MOTION FOR RULE 37(D)
SANCTIONS AGAINST ROTHSCHILD DEFS
Case No. 2:23-cv-1016

11

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

1  so multiple times, received multiple extensions, yet did nothing for months. Machleidt Decl.,
2  ¶¶ 27–40.

3        The willful and bad-faith nature of the Rothschild Defendants is confirmed by their
4  approach to discovery throughout the case. The Court recognized early on that they have engaged
5  in "a pattern of delays" and "disfavored" "dilatory conduct in discovery." Dkt. 78. As became
6  clear during Rothchild's deposition, the refusal to provide responsive, relevant discovery is a
7  choice that was made from the top down. Rothschild even came to his deposition with pre-canned
8  objections of his own, refusing to answer financial-related questions he considered "irrelevant."
9  Ex. 10 (Rothschild Tr.) at 11:2–12:13 & 16:5–17:3. ███████████████████████████
10 ███████████████████████████████████████████████████████████████
11 █████████ *Id.* at 47:1–48:7, 254:2–256:25.

12       The Rothschild Defendants' ongoing discovery misconduct pervaded this case and
13 hindered Valve's ability to get meaningful discovery into important facts related to Rothschild's
14 status as an alter ego of the Corporate Defendants. Given the Rothschild Defendants' willful and
15 bad-faith conduct, the appropriate remedy is to designate the facts above as established.

16     **C.**    **Rule 37(d)(1)(B) Certification**

17       A Rule 37(d) motion "for failing to answer or respond must include a certification that the
18 movant has in good faith conferred or attempted to confer with the party failing to act in an effort
19 to obtain the answer or response without court action." Fed. R. Civ. P. 37(d)(1)(B). Valve hereby
20 so certifies. Indeed, Valve made numerous good-faith efforts to obtain discovery responses
21 without going to the Court. Machleidt Decl., ¶¶ 27–40.

22 **V.**    **CONCLUSION**

23       Valve requests that the Court designate as established the facts enumerated in Section II.A.
24 Should the Court deem fees appropriate (or required) if Valve prevails in its request, Valve will
25 follow the Court's guidance regarding any submission supporting the reasonable amount of
26 attorneys' fees. Fed. R. Civ. P. 37(d)(3).

27
28

VALVE CORP'S MOTION FOR RULE 37(D)
SANCTIONS AGAINST ROTHSCHILD DEFS     12
Case No. 2:23-cv-1016

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

DATED: October 30, 2025

Respectfully submitted,

KILPATRICK TOWNSEND & STOCKTON LLP

By: */s/ Dario A. Machleidt*
Dario A. Machleidt (State Bar No. 41860)
Kathleen R. Geyer (State Bar No. 55493)
Christopher P. Damitio (State Bar No. 58633)
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
Telephone: (206) 467-9600
dmachleidt@ktslaw.com
kgeyer@ktslaw.com
cdamitio@ktslaw.com

David A. Reed (*pro hac vice*)
100 Peachtree Street NE, Suite 2800
Atlanta, GA 30309
Telephone: (404) 745-2548
dreed@ktslaw.com

Attorneys for Plaintiff
VALVE CORPORATION

I certify that this memorandum contains 4179 words, in compliance with the Local Civil Rules.

VALVE CORP'S MOTION FOR RULE 37(D)
SANCTIONS AGAINST ROTHSCHILD DEFS
Case No. 2:23-cv-1016

13

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

## CERTIFICATE OF SERVICE

I hereby certify that on October 30, 2025, I served the within via the Court's CM/ECF system to all counsel who are registered participants identified on the Mailing Information for C.A. No. 2:23-cv-1016.

          /s/ Dario A. Machleidt
          Dario A. Machleidt

VALVE CORP'S MOTION FOR RULE 37(D)
SANSCTIONS AGAINST ROTHSCHILD DEFS
Case No. 2:23-cv-1016

14

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600