HON. JAMAL N. WHITEHEAD

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| VALVE CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>LEIGH ROTHSCHILD, ROTHSCHILD BROADCAST DISTRIBUTION SYSTEMS, LLC, DISPLAY TECHNOLOGIES, LLC, PATENT ASSET MANAGEMENT, LLC, MEYLER LEGAL, PLLC, AND SAMUEL MEYLER,<br><br>Defendants. | Case No. 2:23-cv-1016-JNW<br><br>**VALVE CORPORATION'S OPPOSITION TO DEFENDANTS' FOUR DAUBERT MOTIONS TO EXCLUDE THE TESTIMONY OF PLAINTIFF'S EXPERTS GUGLIUZZA, AL-SALAM, SCHENK AND SORINI**<br><br>NOTE ON MOTION CALENDAR:<br>**October 31, 2025**<br><br>Complaint Filed:   07/07/2023 |

VALVE'S OPPOSITION TO DEFS' FOUR
DAUBERT MOTIONS
CASE NO. 2:23-CV-1016

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

# TABLE OF CONTENTS

Page(s)

I. INTRODUCTION ...................................................................................................1

II. ARGUMENT ..........................................................................................................1

    A. The Court Should Strike Defendants' Motions Because They Cite to Nonexistent Cases, Fabricate Quotes, and Exceeded the Word Count by 531 Words. ................................................................1

    B. Professor Gugliuzza's Testimony Will Help the Jury and Should Not Be Excluded. ...........................................................................2

    C. Mr. Al-Salam's Testimony Will Help the Court and Should Not Be Excluded. ...................................................................................5

    D. Ms. Schenk's Damages Opinions Will Be Useful to the Court and the Jury in Determining Damages and Attorneys' Fees. ...............8

        1. Ms. Schenk does not opine on legal issues. ...........................8

        2. Ms. Schenk relies on Mr. Al-Salam's conclusions regarding reasonableness. ......................................................9

        3. Ms. Schenk's opinions detail sufficient nexus. ....................10

        4. Ms. Schenk's opinions will be helpful to the fact finders. ....................................................................................10

    E. Dr. Sorini's and Ms. Schenk's Opinions Regarding the Invalidity of the '221 Patent Are Not Moot. ......................................11

III. CONCLUSION .....................................................................................................11

VALVE'S OPPOSITION TO DEFS' FOUR
DAUBERT MOTIONS
CASE NO. 2:23-CV-1016
- i -
Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Balcom v. Peterson*,
  No. 3:23-CV-00528-SB, 2025 WL 1146900 (D. Or. Apr. 18, 2025) ........................................ 7

*Bausch & Lomb, Inc. v. Alcon Lab'ys, Inc.*,
  79 F. Supp. 2d 252 (W.D.N.Y. 2000) ...................................................................................... 5

*Beaty v. Ford Motor Co.*,
  No. C17-5201 TSZ, 2021 WL 3109661 (W.D. Wash. July 22, 2021), *amended in
  irrelevant part*, 2023 WL 1879534 (W.D. Wash. Feb. 10, 2023) .......................................... 11

*Bluetooth SIG, Inc. v. FCA US LLC*,
  468 F. Supp. 3d 1342 (W.D. Wash. 2020) .............................................................................. 11

*Campbell v. Berryhill*,
  No. 3:16-cv-05386-JRC, 2017 WL 2215821 (W.D. Wash. May 19, 2017) ............................. 5

*Century Indem. Co. v. The Marine Grp., LLC*,
  No. 3:08-CV-1375-AC, 2015 WL 5965614 (D. Or. Oct. 13, 2015) ........................................ 2

*Crowley v. Bannister*,
  734 F.3d 967 (9th Cir. 2013) .................................................................................................... 8

*Ellis v. Costco Wholesale Corp.*,
  657 F.3d 970 (9th Cir. 2011) .................................................................................................... 8

*Elsayed Mukhtar v. Cal. State Univ., Hayward*,
  299 F.3d 1053 (9th Cir. 2002), *amended*, 319 F.3d 1073 (9th Cir. 2003) ............................... 8

*F.T.C. v. BurnLounge, Inc.*,
  753 F.3d 878 (9th Cir. 2014) .................................................................................................... 6

*Gen. Elec. Co. v. Joiner*,
  522 U.S. 136 (1997) .................................................................................................................. 6

*Graham v. John Deere Co. of Kansas City*,
  383 U.S. 1 (1966) ...................................................................................................................... 9

*Hana Fin., Inc. v. Hana Bank*,
  735 F.3d 1158 (9th Cir. 2013), *aff'd*, 574 U.S. 418 (2015) ..................................................... 11

*Hangarter v. Provident Life & Acc. Ins. Co.*,
  373 F.3d 998 (9th Cir. 2004) ................................................................................................ 4, 9

VALVE'S OPPOSITION TO DEFS' FOUR
DAUBERT MOTIONS
CASE NO. 2:23-CV-1016

- ii -

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

*Liquid Dynamics Corp. v. Vaughan Co.*,
  355 F.3d 1361 (Fed. Cir. 2004) ........................................................................... 11

*Marx & Co. v. Diners' Club Inc.*,
  550 F.2d 505 (2d Cir. 1977) ................................................................................. 5

*Mavy v. Comm'r of Soc. Sec. Admin.*,
  No. CV-25-00689-PHX-KML (ASB), Dkt. 18 (D. Ariz. Aug. 14, 2025) ........... 1, 2

*McMorrow v. Mondelez Int'l, Inc.*,
  No. 17-cv-2327-BAS-JLB, 2021 WL 859137 (S.D. Cal. Mar. 8, 2021) ............. 11

*Mirabelli v. Olson*,
  No. 23-CV-00768-BEN-VET, 2025 WL 2988361 (S.D. Cal. Oct. 23, 2025) ....... 6

*Nat'l Prods. Inc. v. Innovative Intelligent Prods. LLC*,
  No. 2:20-CV-00428-DGE, 2024 WL 2399208 (W.D. Wash. May 23, 2024) ...... 2

*Paeschke v. Gen. Motors LLC*,
  No. 4:16-CV-5050-LRS, 2017 WL 4003382 (E.D. Wash. Aug. 18, 2017) ......... 9

*Realtek Semiconductor Corp. v. LSI Corp.*,
  No. C-12-03451-RMW, 2014 WL 46997 (N.D. Cal. Jan. 6, 2014) ................... 11

*Roberts v. City of Honolulu*,
  938 F.3d 1020 (9th Cir. 2019) .............................................................................. 7

*In re San Benito Health Care Dist.*,
  No. 24-cv-02266-JD, 2025 WL 885510 (N.D. Cal. Mar. 21, 2025) .................... 7

*Sundance, Inc. v. DeMonte Fabricating Ltd.*,
  550 F.3d 1356 (Fed. Cir. 2008). ........................................................................... 8

*United States of Am. for the Use of Salinas Constr., Inc. v. W. Sur. Co.*,
  No. C14-1963JLR, 2016 WL 3632487 (W.D. Wash. July 7, 2016) .................. 10

*United States v. Bacon*,
  979 F.3d 766 (9th Cir. 2020) ................................................................................ 8

*United States v. Bilzerian*,
  926 F.2d 1285 (2d Cir. 1991), *overruled on other grounds*, *United States v.
  Mandanici*, 205 F.3d 519 (2d Cir. 2000) ......................................................... 2, 3

*United States v. Flores*,
  901 F.3d 1150 (9th Cir. 2018) .............................................................................. 7

*United Steelworkers of Am. v. Phelps Dodge Corp.*,
  896 F.2d 403 (9th Cir. 1990) ................................................................................ 7

VALVE'S OPPOSITION TO DEFS' FOUR
DAUBERT MOTIONS                     - iii -
CASE NO. 2:23-CV-1016

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

**Statutes**

RCW 19.350.005 ..................................................................................................................... 5

RCW 19.350.020 ............................................................................................................. *passim*

**Other Authorities**

Fed. R. Civ. P. 11 ...................................................................................................................... 2

Fed. R. Evid. 403 ...................................................................................................................... 9

Fed. R. Evid. 602 ...................................................................................................................... 9

Fed. R. Evid. 701 ...................................................................................................................... 9

Fed. R. Evid. 702 ............................................................................................................. 5, 7, 11

Fed. R. Evid. 702(a) .............................................................................................................. 2, 6

Fed. R. Evid. 702(b) .............................................................................................................. 2, 6

Fed. R. Evid. 704(a) .................................................................................................................. 9

VALVE'S OPPOSITION TO DEFS' FOUR
DAUBERT MOTIONS
CASE NO. 2:23-CV-1016

- iv -

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

I.  INTRODUCTION

Throughout their *Daubert* motions, Defendants cite *cases* that do not exist. They rely on case *quotations* that do not exist. And they attribute quotes to Valve's experts that are not found anywhere within their reports. In other words, in their attempt to convince this Court to exclude each of Valve's experts, Defendants rely on fabricated materials.

Defendants also misrepresent the import of the "real" cases they cite, only offer conclusory assertions in support of their motions, and barely cite any actual material from the experts' reports. Contrary to Defendants' arguments, Valve's experts provide specialized knowledge that will help the jury and Court, and they will not instruct the jury on the law or opine on legal issues.

Defendants offer this Court no reason to exclude any of Valve's experts. Their reliance on fake cases and quotes implicitly concedes this point. The Court should deny or strike (without leave to refile) Defendants' motions.

II.  ARGUMENT

    A.  **The Court Should Strike Defendants' Motions Because They Cite to Nonexistent Cases, Fabricate Quotes, and Exceeded the Word Count by 531 Words.**

Defendants cite to cases that do not exist, attribute false quotes to cases, and cite cases for legal principles not discussed therein. For example, Defendants cite a 2009 order from *PacTool International v. Kett Tool Company* **11 times**. The 2009 *PacTool* order, however, does not exist. The court did not issue any orders in that case throughout 2009. Machleidt Decl. ¶3; Ex. 1. As discussed below, Defendants' falsehoods are not limited to case law. They also fabricated quotes they attribute to Valve's experts. In the attached Declaration of Dario A. Machleidt, Valve catalogs the most egregious instances of Defendants' reliance on quotes and cases that do not exist. Machleidt Decl. ¶4.

Defendants' motion is also 531 words over the 4,200-word limit. *See* LCR 7(d)(5), 7(e)(4); Dkt. 136 at 21 ("4,731 words").

For each of these reasons, Valve requests that the Court strike Defendants' motion without leave to refile. *Mavy v. Comm'r of Soc. Sec. Admin.*, No. CV-25-00689-PHX-KML (ASB), Dkt. 18 (D. Ariz. Aug. 14, 2025) (striking motion with citation deficiencies and ordering sanctions);

VALVE'S OPPOSITION TO DEFS' FOUR
DAUBERT MOTIONS
CASE NO. 2:23-CV-1016
- 1 -
Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

*Nat'l Prods. Inc. v. Innovative Intelligent Prods. LLC*, No. 2:20-CV-00428-DGE, 2024 WL 2399208, at *1 (W.D. Wash. May 23, 2024) (striking motion over word count). Given the prevalence of fake citations and quotes in Defendants' motion, Valve is concerned Defendants improperly used artificial intelligence in the drafting process.[1] *See, e.g.*, *Mavy*, No. CV-25-00689-PHX-KML (ASB), Dkt. 18 at 1 (issuing sanctions after "the Court issued an Order to Show Cause" because "the majority of the citations…were fabricated, misleading, or unsupported" and were "[l]ikely fabricated by artificial intelligence").

      **B.**    **Professor Gugliuzza's Testimony Will Help the Jury and Should Not Be Excluded.**

Defendants seek to exclude the testimony of Professor Paul Gugliuzza. He opines about the patent enforcement industry and how Defendants' enforcement efforts are at odds with standard practice in that industry, such that they would support a finding of bad faith. *See generally* Dkt. 138 (Gugliuzza Rpt.). In what Valve believes will be the first jury trial addressing a state "anti-troll" law, Professor Gugliuzza's testimony is necessary, appropriate, and does not run afoul of the Federal Rules of Evidence.

Professor Gugliuzza is the Thomas W. Gregory Professor of Law at the University of Texas Austin School of Law. His "scholarly research focuses on patent law and patent litigation," including "efforts by both state governments and the federal government to regulate 'bad faith' assertions of patent infringement." *Id.* ¶¶2, 6–7. Courts routinely allow experts like Professor Gugliuzza to testify about complex legal industries. *See, e.g.*, *United States v. Bilzerian*, 926 F.2d 1285 (2d Cir. 1991) (allowing expert on securities industry), *overruled on other grounds*, *United States v. Mandanici*, 205 F.3d 519 (2d Cir. 2000); *Century Indem. Co. v. The Marine Grp., LLC*, No. 3:08-CV-1375-AC, 2015 WL 5965614, at *6 (D. Or. Oct. 13, 2015) (allowing expert on insurance industry practices). Notably, Defendants do not challenge Professor Gugliuzza's qualifications or that his opinions are "based on sufficient facts or data." Fed. R. Evid. 702(a), (b).

---

[1] If Defendants provided Mr. Al-Salam's or Mr. Schenk's expert reports to an artificial intelligence drafting tool, they may have also violated the Protective Order. *See, e.g.*, https://help.openai.com/en/articles/5722486-how-your-data-is-used-to-improve-model-performance ("When you use our services for individuals…, we may use your content to train our models.").

VALVE'S OPPOSITION TO DEFS' FOUR
DAUBERT MOTIONS
CASE NO. 2:23-CV-1016

- 2 -

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

Instead, in support of their exclusionary arguments, Defendants cite "rulings" that do not exist. For example, Defendants cite the non-existent 2009 *PacTool* order. Dkt. 136 at 9, 11. They also cite *Amazon.com, Inc. v. Personal Web Technologies, LLC*, No. C14-01375 BLW, 2020 WL 3515051 (W.D. Wash. June 29, 2020), for the proposition that "*[t]his Court's precedent* supports exclusion." *Id.* at 10 (emphasis added). But there is no such case.[2]

Defendants also misrepresent the actual contents of Professor Gugliuzza's report. For example, Defendants allege:

> Between pages 25 and 31 of his report, Professor Gugliuzza . . . paraphrases *Octane Fitness's* "exceptional case" standard before concluding that Defendants' conduct "**fits the statutory definition of bad-faith patent enforcement**."

Dkt. 136 at 10 (emphasis added). This is false. The Gugliuzza report does not discuss or even mention *Octane Fitness*. Nor does his report contain the bolded "quotation" anywhere.

Professor Gugliuzza's opinions will be helpful to the jury. Under the Washington Patent Troll Prevention Act ("Troll Act"), a jury must evaluate whether Defendants' assertions of patent infringement against Valve were done in bad faith. To do so, it will be necessary for the jury to understand the industry around patent enforcement so they can determine how Defendants' tactics deviated from normal enforcement tactics. Professor Gugliuzza provides this essential context. And while the Troll Act lists "nonexclusive" factors that support a finding of bad faith (RCW 19.350.020(2)), the jury can also consider other relevant factors (RCW 19.350.020(2)(g)). Professor Gugliuzza can help jurors understand what other factors may be relevant, particularly in the context of the complex patent enforcement industry and the Defendants' decades-long history of questionable assertion tactics.

*Bilzerian*, cited by Defendants, is instructive. In *Bilzerian*, the court found that, "in complex cases involving the securities industry, expert testimony may help a jury understand unfamiliar terms and concepts." *Bilzerian*, 926 F.2d at 1294. Like the securities industry, the patent enforcement industry is complex. Jurors will be unfamiliar with terms that Professor Gugliuzza can help them understand, like "non-practicing entity" or even what is meant by "patent

---

[2] Amazon and Personal Web had cases against each other; none were in Washington. Machleidt Decl. ¶5, Ex. 2.

VALVE'S OPPOSITION TO DEFS' FOUR
DAUBERT MOTIONS
CASE NO. 2:23-CV-1016

- 3 -

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

enforcement" in litigation and non-litigation contexts. The Troll Act's full title includes the often hotly disputed term, "patent troll." Professor Gugliuzza's expertise can place this term in context with respect to Valve's obligation to show Defendants acted in bad faith. He can also help the jury understand concepts like the weaponization of the cost of litigation and use of shell companies to avoid personal liability. Dkt. 138 ¶¶87–112.

Defendants argue that expert testimony is unnecessary to evaluate Valve's claims that they acted in bad faith. Defendants' current argument contradicts positions they took during discovery. Valve served a contention interrogatory asking Defendants to explain whether their actions should be considered "good faith" or "bad faith" under the Troll Act. Ex. 3 at 6; Ex. 4 at 6; Ex. 5 at 4; Ex. 6 at 4; Ex. 7 at 5. Defendants objected that Valve's interrogatories were "premature to the extent [they] seek[] expert opinions, disclosures, or discovery" and promised to provide expert reports. *Id.* ("Defendant **will provide** expert opinions" (emphasis added)). Defendants' new position (taken after they chose *not* to retain any experts of their own) should be rejected.

Defendants' remaining complaints lack merit. Professor Gugliuzza does not, as Defendants claim, "opine on the ultimate conclusion" of whether they acted in bad faith. Dkt. 136 at 9. Instead, as Defendants acknowledge, Gugliuzza merely testified that Defendants' behavior deviated from standard patent litigation practice in ways that are "***consistent with*** bad faith." Dkt. 138 ¶10 (emphasis added); *see also id.* ¶¶82, 117 ("supports a finding of bad faith"), 132. The Ninth Circuit (in a case cited by Defendants) confirmed that an expert merely opining that "Defendants deviated from industry standards supported a finding that they acted in bad faith" does not reach the "legal conclusion that Defendants actually acted in bad faith." *Hangarter v. Provident Life & Acc. Ins. Co.*, 373 F.3d 998, 1016 (9th Cir. 2004). The same is true here. Professor Gugliuzza did not, and will not, opine as to the ultimate legal conclusion of whether Defendants acted in bad faith.

Defendants also make the conclusory and unsupported assertion that Professor Gugliuzza criticizes Federal Circuit precedent, comments on constitutional policy, and engages in "extended policy discussions" about how the Troll Act is "necessary to 'level the playing field.'" Dkt. 136 at 10. This misrepresents the actual text of the Gugliuzza report:

VALVE'S OPPOSITION TO DEFS' FOUR
DAUBERT MOTIONS
CASE NO. 2:23-CV-1016

- 4 -

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

> These statutes [like the Troll Act], in my view, serve three important purposes. First, they financially punish patent owners who abuse the patent enforcement process. Second, they provide monetary compensation to the targets of abusive enforcement efforts. Third, they ***level the playing field*** between patent owners who do not practice their patents and the targets of their enforcement efforts.

Dkt. 138 ¶69 (emphasis added). This paragraph is consistent with the legislative findings of the Troll Act. RCW 19.350.005. The cases Defendants cite (to the extent they actually exist)[3] are inapposite. Neither *Bausch & Lomb* nor *Marx & Co.* deal with "policy advocacy disguised as expert testimony" as Defendants assert. *See Bausch & Lomb, Inc. v. Alcon Lab'ys, Inc.*, 79 F. Supp. 2d 252, 255 (W.D.N.Y. 2000) (excluding expert's "generalized testimony about 'problems' in the" USPTO but finding that testimony "concerning the general procedures involved in the patent application process" admissible); *Marx & Co. v. Diners' Club Inc.*, 550 F.2d 505, 509–12 (2d Cir. 1977) (finding an expert's interpretation of a contract was improper). Defendants mischaracterize Professor Gugliuzza's testimony and misapply the law in their attempt to exclude his opinions. His testimony comports with the requirements of Rule 702 and *Daubert*. Defendants' challenges should be rejected.

### C. Mr. Al-Salam's Testimony Will Help the Court and Should Not Be Excluded.

Defendants seek to exclude the testimony of Ramsey Al-Salam, who opines about the reasonableness of certain fees charged by Valve's lawyers in this case. *See generally* Dkt. 138-1 (Al-Salam Rpt.). Mr. Al-Salam is a partner at Perkins Coie LLP in Seattle, Washington and has been practicing in the patent litigation field in Seattle for over 30 years. *Id.* ¶¶5–8. He has specialized knowledge of the rates charged by attorneys in the Seattle market for similarly situated attorneys, of the "time allocated to specific tasks" in litigation, and "allocation [of that time] to" work on the Troll Act claim. *Id.* ¶¶15, 38. Courts routinely rely on lawyers like Mr. Al-Salam to help them evaluate the appropriateness of attorney fee awards. *See, e.g.*, *Campbell v. Berryhill*, No. 3:16-cv-05386-JRC, 2017 WL 2215821, at *5 (W.D. Wash. May 19, 2017) (concluding "the amount of time incurred by plaintiff's attorney in this matter and plaintiff's requested fee award

---

[3] The *Amazon* case and *Diamondback Industries, Inc. v. Repeat Precisions, LLC* do not exist. Dkt. 136 at 10; Machleidt Decl. ¶4. The quote attributed to *Burkhart v. WMATA* also is not found in that case. *Id.*

VALVE'S OPPOSITION TO DEFS' FOUR
DAUBERT MOTIONS                                - 5 -
CASE NO. 2:23-CV-1016

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

are reasonable" based in part on attorney declaration). Defendants do not challenge Mr. Al-Salam's qualifications or that his opinions are based on sufficient facts or data.

Defendants instead challenge Mr. Al-Salam's opinions as unreliable *ipse dixit*. Dkt. 136 at 14–15. Their challenge is based on a single introductory paragraph. *Id.* (citing Dkt. 138-1 ¶38). Defendants ignore the rest of his report, which provides in-depth analysis and support for the conclusion in the single paragraph Defendants cite. *See* Dkt. 138-1 ¶¶39–71, Appendix B. Mr. Al-Salam analyzes time spent on specific tasks (*e.g.*, pleadings, motions, discovery, expert reports), analyzes the substance of the work performed (*e.g.*, its relation to the Troll Act claim, whether such task was routine or novel), and analyzed the hours spent on those tasks. *Id.* An expert's opinion may only be excluded as *ipse dixit* when "there is simply too great an analytical gap between the data and the opinion proffered." *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997). No such analytical gap exists here.

Even though Defendants ultimately admit that his testimony is "arguably relevant," they nevertheless seek to exclude Mr. Al-Salam's testimony because they are concerned he will mislead the jury. Dkt. 136 at 16 (jury confusion); *see also id.* at 15 (characterizing Mr. Al-Salam as "instructing the jury as to the applicable law"); 13 (arguing that Mr. Al-Salam instructs the jury how to apply a legal standard). This argument is a red herring. Mr. Al-Salam's testimony is solely related to an issue for the Court to decide; he will not testify in front of the jury.

This Court is more than able to evaluate and weigh Mr. Al-Salam's analysis and conclusions and come to its own opinion. *See, e.g.*, *F.T.C. v. BurnLounge, Inc.*, 753 F.3d 878, 888 (9th Cir. 2014) ("[T]here is less danger that a trial court will be 'unduly impressed by the expert's testimony or opinion' in a bench trial." (citation omitted)); *Mirabelli v. Olson*, No. 23-CV-00768-BEN-VET, 2025 WL 2988361, at *3 (S.D. Cal. Oct. 23, 2025) (finding that when an issue is submitted to the Court and not the jury, "standards for excluding expert testimony apply with additional flexibility"). Indeed, the Court need not decide any *Daubert* issues related to Mr. Al-Salam prior to trial. The Court can "make its reliability determination during, rather than in advance of, trial. Thus, where the factfinder and the gatekeeper are the same, the court does not err in admitting the evidence subject to the ability later to exclude it or disregard it if it turns out not

VALVE'S OPPOSITION TO DEFS' FOUR
DAUBERT MOTIONS — - 6 -
CASE NO. 2:23-CV-1016

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

1  to meet the standard of reliability established by Rule 702." *United States v. Flores*, 901 F.3d
2  1150, 1165 (9th Cir. 2018) (citation omitted).

3   Moreover, Mr. Al-Salam's testimony will be helpful to the Court. As recognized by the
4  Ninth Circuit, testimony from "other attorneys regarding prevailing fees in the community, and
5  rate determinations in other cases, ... [is] satisfactory evidence of the prevailing market rate."
6  *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990); *see also*
7  *Roberts v. City of Honolulu*, 938 F.3d 1020, 1025 (9th Cir. 2019) (finding the "wholesale rejection
8  of the relevant attorney declarations [about the reasonableness of the requested hourly rates]
9  submitted by" the prevailing party "departed from the correct legal standard and constituted legal
10 error, resulting in an abuse of discretion"); *Balcom v. Peterson*, No. 3:23-CV-00528-SB, 2025 WL
11 1146900, at *3 (D. Or. Apr. 18, 2025) (relying on Plaintiff's attorneys' fees expert who was "an
12 Oregon attorney who has twenty-seven years of experience practicing law, served as an expert on
13 attorney fee cases, reviewed the relevant filings and Plaintiffs' counsel's itemization, and proposed
14 reductions, and offered opinions on Plaintiffs' counsels' and paralegals' rate-related practice").

15  Defendants also complain about certain facts that Mr. Al-Salam mentioned, or did not
16 mention, in his report. *See, e.g.*, Dkt. 136 at 15. But concerns about whether an expert considers or
17 does not consider certain facts go "to weight, not admissibility."[4] *In re San Benito Health Care*
18 *Dist.*, No. 24-cv-02266-JD, 2025 WL 885510, at *5 (N.D. Cal. Mar. 21, 2025). Again, the Court is
19 more than able to weigh Mr. Al-Salam's testimony.

20  In making their arguments to exclude Mr. Al-Salam, Defendants again reference
21 nonexistent authority. They repeatedly cite the fictional *PacTool* ruling (Dkt. 136 at 13, 15, 16)
22 and the fictional *Amazon* case (*id.* at 16). They also invent quotations—for example, by claiming
23 that *Crow Tribe* states, "Experts may not testify to legal conclusions, even if couched as factual
24 opinions." *Id.* at 13 (*citing Crow Tribe* at 1045). *Crow Tribe* does not contain that quote.
25 Machleidt Decl. ¶4.

26  Defendants cite no real case where a court has excluded an attorney expert report as to the
27
28 [4] Defendants did not depose Mr. Al-Salam. Machleidt Decl. ¶11.

VALVE'S OPPOSITION TO DEFS' FOUR
DAUBERT MOTIONS
CASE NO. 2:23-CV-1016
- 7 -
Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

reasonableness of fees. Dkt. 136 at 13–16. Neither *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 988 (9th Cir. 2011) nor *Crowley v. Bannister*, 734 F.3d 967, 978 (9th Cir. 2013) address the admissibility of any expert testimony. *Elsayed Mukhtar v. Cal. State Univ., Hayward*, 299 F.3d 1053, 1066 (9th Cir. 2002), *amended*, 319 F.3d 1073 (9th Cir. 2003), which Defendants cite without explanation, merely addressed the court's failure to make any determination that expert testimony was reliable before allowing the expert to testify. *Id.* at 1066.[5] The court in *Sundance, Inc. v. DeMonte Fabricating Ltd.* excluded an expert who lacked technical expertise. 550 F.3d 1356, 1364 (Fed. Cir. 2008). Defendants do not challenge Mr. Al-Salam's expertise, making *Sundance* inapposite. Their challenges to Mr. Al-Salam's opinions lack merit, and his testimony should not be excluded.

### D. Ms. Schenk's Damages Opinions Will Be Useful to the Court and the Jury in Determining Damages and Attorneys' Fees.

Defendants seek to exclude the testimony of Kimberly Schenk, who opines about the damages Valve incurred and legal fees Valve will seek should it prevail on its Troll Act claim. As with Professor Gugliuzza and Mr. Al-Salam, Defendants' complaints about Ms. Schenk are based on conclusory assertions, misrepresent her report, and cite to nonexistent case law. Ms. Schenk is a financial expert who has testified at trial 18 times. Dkt. 138-2 at Tab 2. Defendants do not dispute her qualifications as a damages expert.[6] Ms. Shenk's testimony will help the jury (addressing damages) and the Court (addressing attorneys' fees). None of Defendants' scattershot objections are well-founded, well-developed, or supported.

#### 1. Ms. Schenk does not opine on legal issues.

Contrary to Defendants' assertions, Ms. Schenk has given no opinions on "patent law or Washington statutory interpretation" nor "instruct[ed] the Court on what categories of recovery the [Troll Act] and [Consumer Protection Act] permit." Dkt. 136 at 19. Rather, Ms. Schenk provides her understanding of the legal landscape and legal bases for the type of damages she calculates.

---

[5] *Mukhtar* was overruled as to the remedy when the district court commits a non-harmless *Daubert* error. *United States v. Bacon*, 979 F.3d 766, 770 (9th Cir. 2020).
[6] Defendants did not depose Ms. Schenk. Machleidt Decl. ¶11.

VALVE'S OPPOSITION TO DEFS' FOUR
DAUBERT MOTIONS
CASE NO. 2:23-CV-1016

- 8 -

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

1  Notably, Defendants do not allege that Ms. Schenk applied incorrect law nor challenge the types
2  of damages Valve seeks. Her conclusion that "Defendants' history of litigation settlements does
3  not **provide evidence** of copying or commercial success" (Dkt. 138-2 (Schenk Rpt.) ¶77 (emphasis
4  added)) is not a legal opinion or an opinion on the ultimate issue. *See Hangarter*, 373 F.3d at
5  1016. Even if it were an opinion on the ultimate issue, however, it would not be improper because
6  secondary considerations are issues of fact. *Graham v. John Deere Co. of Kansas City*, 383 U.S. 1,
7  17 (1966) (describing secondary considerations as one of "several basic factual inquiries"
8  underlying obviousness): Fed. R. Evid. 704(a). Ms. Schenk does not and will not offer any legal
9  opinions.

          2.      <u>Ms. Schenk relies on Mr. Al-Salam's conclusions regarding reasonableness.</u>

11 Defendants challenge Ms. Schenk's attorneys' fees calculation by asserting incorrectly that
12 she has "no basis for the assumption of a reasonable amount of [attorney] work." Ms. Schenk
13 relied on Mr. Al-Salam for this understanding, and he "concluded that the rates charged by
14 Kilpatrick Townsend attorneys and the time spent or have allocated to work done on the
15 Washington Patent Troll Prevention Act through July 31, 2025 are reasonable." Dkt. 138-2 ¶¶53–
16 54. Inexplicably, Defendants cite these exact paragraphs when asserting that she assumes
17 reasonableness "without basis." Dkt. 136 at 18. An expert may rely on "the opinions and findings
18 of other experts, if experts in their respective field would reasonably rely on other expert's
19 opinions and findings." *Paeschke v. Gen. Motors LLC*, No. 4:16-CV-5050-LRS, 2017 WL
20 4003382, at *3 (E.D. Wash. Aug. 18, 2017). Ms. Schenk reasonably relied on the opinions of a
21 senior attorney with over 30 years of experience, over 20 of those years in the Seattle market, for
22 reasonableness of lawyer rates and work performed. Defendants' challenges under Rules 403, 602,
23 and 701 fare no better because they are based on the false assertion that she simply assumes
24 reasonableness.

25 In making their arguments to exclude Ms. Schenk, Defendants again reference nonexistent
26 authority and quotes. Dkt. 136 at 19 (citing fictional *PacTool* ruling); *id.* at 20 (citing fictional
27 quote not found in *Crow Tribe*); Machleidt Decl. ¶4. Defendants go even further by fabricating
28 quotes not found in Ms. Schenk's report. For example, Defendants say Ms. Schenk "admits that

VALVE'S OPPOSITION TO DEFS' FOUR
DAUBERT MOTIONS
CASE NO. 2:23-CV-1016

- 9 -

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

her total of legal fees and costs are based on counsel's invoices that she '***understands to be reasonable***,'" citing "Schenk Report at 10." Dkt. 136 at 17 (emphasis added). The phrase "understands to be reasonable" is nowhere in her report.

### 3. Ms. Schenk's opinions detail sufficient nexus.

Defendants seek to exclude pages 10–11 of Ms. Schenk's report for lack of "fit" and as unhelpful to the trier of fact[7] because she "assume[s] related damages with no stated nexus, adding items she believes those statutes authorize." Dkt. 136 at 19. But pages 10–11 of her report only provide background of Mr. Rothschild's business. Dkt. 138-2 ¶¶24–25. Each of Ms. Schenk's actual damages opinions address nexus. For breach of contract, Ms. Schenk discusses why return of the licensing fee is appropriate damages because Defendants breached their core promises Valve paid for: "release, dismissal of pending litigation, covenant not to sue, and license grant." *Id.* ¶¶29–33, 51. For legal fees related to Valve's claim under the Troll Act, Ms. Schenk discusses excluded costs not sought for work on that claim (*id.* ¶53), her reliance on Mr. Al-Salam regarding nexus (*id.* ¶54), and includes a table with line-by-line allocations of each Kilpatrick time entry to the Troll Act (*id.* Schedule 5.1). Finally, Ms. Schenk details how the personnel and outside counsel time were spent responding to the June 2023 Letter underlying Valve's Troll Act claim. *Id.* ¶¶56–60. Defendants offer no explanation why these opinions "have no stated nexus."

### 4. Ms. Schenk's opinions will be helpful to the fact finders.

Defendants also mischaracterize Ms. Schenk's opinions as "summariz[ing], without expert analysis—billing data, salaries, and settlement amounts." Dkt. 136 at 19. This is incorrect. Ms. Schenk applies her expertise to converting Valve's in-house counsel's W-2 salary to a per-hour rate that captures the full cost to Valve (*e.g.*, accounting for benefits). Dkt. 138-2 ¶56. This is more than mere summarization. *See, e.g.*, *United States of Am. for the Use of Salinas Constr., Inc. v. W. Sur. Co.*, No. C14-1963JLR, 2016 WL 3632487, at *7 (W.D. Wash. July 7, 2016).

The fact that an expert's calculations may be simple does not make them unhelpful. Courts routinely "disagree[] that [an expert's] use of a simple arithmetic formula to calculate actual

---

[7] Defendants confusingly take issue with the fact that Ms. Schenk "assum[es] liability." Dkt. 136 at 18–19. But without liability, there are no damages.

VALVE'S OPPOSITION TO DEFS' FOUR
DAUBERT MOTIONS
CASE NO. 2:23-CV-1016

- 10 -

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

damages makes his opinion unreliable or unhelpful to a factfinder." *McMorrow v. Mondelez Int'l, Inc.*, No. 17-cv-2327-BAS-JLB, 2021 WL 859137, at *6 (S.D. Cal. Mar. 8, 2021) (collecting cases); *Bluetooth SIG, Inc. v. FCA US LLC*, 468 F. Supp. 3d 1342, 1347 (W.D. Wash. 2020); *Beaty v. Ford Motor Co.*, No. C17-5201 TSZ, 2021 WL 3109661, at *6 (W.D. Wash. July 22, 2021), *amended in irrelevant part*, 2023 WL 1879534 (W.D. Wash. Feb. 10, 2023). Courts have specifically allowed financial experts to testify about damages in the form of attorneys' fees when their opinion is "simple addition of the legal invoice totals." *Realtek Semiconductor Corp. v. LSI Corp.*, No. C-12-03451-RMW, 2014 WL 46997, at *2 (N.D. Cal. Jan. 6, 2014).

Ms. Schenk's expert report comports with the requirements of Rule 702 and *Daubert*. Defendants' challenges should be rejected.

### E. Dr. Sorini's and Ms. Schenk's Opinions Regarding the Invalidity of the '221 Patent Are Not Moot.

Defendants seek to exclude Dr. Sorini's and Ms. Schenk's testimony related to the '221 patent, asserting that Valve's declaratory judgment Counts I and II about the '221 patent are "moot" and "have been removed from the case." Dkt. 136 at 20. Four days after making that argument, Defendants told the Court the opposite: that Valve's "arguments regarding dismissal of [its] Counts I and II are incorrect and ***premature at this stage***." Dkt. 149 at 2 (emphasis added). Valve's Counts I and II are still in this case and will be even after Defendants' dismissal of their unfounded counterclaim of infringement of the '221 patent is granted. *See* Dkt. 134 at 7 (citing *Liquid Dynamics Corp. v. Vaughan Co.*, 355 F.3d 1361, 1371 (Fed. Cir. 2004)).

Moreover, Defendants are essentially attempting to use *Daubert* to back-door summary judgment on Valve's declaratory judgment claims. This is improper. Evidentiary challenges seeking to "limit in advance testimony or evidence in a particular area" such as "[a] motion *in limine*[,] [are] not the proper vehicle for seeking a dispositive ruling on a claim." *Hana Fin., Inc. v. Hana Bank*, 735 F.3d 1158, 1162 n.4 (9th Cir. 2013), *aff'd*, 574 U.S. 418 (2015). Valve's experts should not be precluded from testifying about the '221 patent.

### III. CONCLUSION

Defendants' *Daubert* motions should be stricken or denied.

VALVE'S OPPOSITION TO DEFS' FOUR
DAUBERT MOTIONS
CASE NO. 2:23-CV-1016
- 11 -
Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

DATED: November 6, 2025

Respectfully submitted,

KILPATRICK TOWNSEND & STOCKTON LLP

By: */s/ Dario A. Machleidt*
Dario A. Machleidt (State Bar No. 41860)
Kathleen R. Geyer (State Bar No. 55493)
Christopher P. Damitio (State Bar No. 58633)
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
Telephone: (206) 467-9600
dmachleidt@kilpatricktownsend.com
kgeyer@kilpatricktownsend.com
cdamitio@kilpatricktownsend.com

David A. Reed (*pro hac vice*)
1100 Peachtree Street NE, Suite 2800
Atlanta, GA 30309
Telephone: (404) 745-2548
dreed@ktslaw.com

Attorneys for Plaintiff
VALVE CORPORATION

I certify that this memorandum contains 4199 words, in compliance with the Local Civil Rules.

VALVE'S OPPOSITION TO DEFS' FOUR
DAUBERT MOTIONS
CASE NO. 2:23-CV-1016

- 12 -

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

**CERTIFICATE OF SERVICE**

I hereby certify that on November 6, 2025, I served the within via the Court's CM/ECF system to all counsel who are registered participants identified on the Mailing Information for C.A. No. 2:23-cv-1016.

/s/ Dario A. Machleidt
Dario A. Machleidt

VALVE'S OPPOSITION TO DEFS' FOUR
DAUBERT MOTIONS
CASE NO. 2:23-CV-1016

- 13 -

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600