HON. JAMAL N. WHITEHEAD

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| VALVE CORPORATION,<br><br>  Plaintiff,<br><br>  v.<br><br>LEIGH ROTHSCHILD, ROTHSCHILD BROADCAST DISTRIBUTION SYSTEMS, LLC, DISPLAY TECHNOLOGIES, LLC, PATENT ASSET MANAGEMENT, LLC, MEYLER LEGAL, PLLC, AND SAMUEL MEYLER,<br><br>  Defendants. | Case No. 2:23-cv-1016<br><br>**DECLARATION OF DARIO A. MACHLEIDT IN SUPPORT OF VALVE CORPORATION'S OPPOSITION TO DEFENDANTS' FOUR DAUBERT MOTIONS TO EXCLUDE THE TESTIMONY OF PLAINTIFF'S EXPERTS GUGLIUZZA, AL-SALAM, SCHENK AND SORINI**<br><br>NOTE ON MOTION CALENDAR: October 31, 2025<br><br>Complaint Filed:    07/07/2023 |

MACHLEIDT DECL. ISO VALVE'S OPP.
TO DEFS' DAUBERT MOTIONS
CASE NO. 2:23-CV-1016

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

I, Dario A. Machleidt, declare as follows:

1. I am an attorney duly licensed to practice law in the State of Washington and admitted to this Court. I am a lawyer in the law firm of Kilpatrick Townsend & Stockton LLP, counsel for Plaintiff Valve Corporation in the above-referenced action.

2. I have personal knowledge of the facts stated in this declaration and, if called upon to do so, I could and would competently testify thereto.

3. Attached hereto as Exhibit 1 is a true and correct copy of the docket for *PacTool Int'l v. Kett Tool Co.*, No. 3:06-cv-05367-BHS (W.D. Wash.) from Docket Navigator. No filings were made in that case in 2009.

4. Below is a table that identifies the most egregious examples of Defendants' (1) citations to fake cases; (2) quotes that are not found in the cited cases; and (3) cases that do not discuss the proposition Defendants assert they stand for.

| Page of Defs' Brief (Dkt. 136) | Case, Statute, or Rule Cited (reprinted here exactly as it appears in Defendants' Brief) | Defendants' Fake Quotes Allegedly Found in Cited Cases | Notes Regarding Inaccuracy of Quote/Cite |
|---|---|---|---|
| 8, 9, 11, 13, 15, 16, 19 | *PacTool Int'l v. Kett Tool Co.*, No. C06-5367BHS, 2009 WL 10705131, at *2 (W.D. Wash. Sept. 15, 2009).<br><br>2009 WL 10705131, at *2.<br><br>*PacTool*<br><br>*PacTool* at *3<br><br>*PacTool* at *2 | In *PacTool*, Judge Settle excluded expert testimony that "offered legal opinions on claim interpretation and patent validity."<br><br>In *PacTool*, the court held that "interpreting the law is the Court's responsibility."<br><br>*See PacTool*, at *3 (excluding testimony where "risk of misleading the jury outweighed probative value")<br><br>*See PacTool* at *3 (excluding expert who "merely parroted legal arguments" and did not assist the factfinder).<br><br>In *PacTool* at *2, Judge Settle excluded expert | This opinion does <u>not</u> exist, thus text Defendants quote from case is a fabrication. |

MACHLEIDT DECL. ISO VALVE'S OPP. TO DEFS' DAUBERT MOTIONS
CASE NO. 2:23-CV-1016

- 1 -

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

| | | commentary that "offered legal opinions on claim interpretation and patent validity," reasoning that "interpreting the law is the Court's responsibility." | |
|---|---|---|---|
| 8, 9, 13, 20 | *Crow Tribe of Indians v. Racicot*, 87 F.3d 1039, 1045 (9th Cir. 1996). | "Experts may not testify to legal conclusions, even if couched as factual opinions." | Case exists. Text Defendants quote, however, is a fabrication (the quoted text is not contained in this case). |
| 8 | *Cordis v. Boston Scientific Corp.*, 561 F.3d 1319, 1332 (Fed. Cir. 2009), | Likewise, the Federal Circuit in Cordis v. Boston Scientific Corp., 561 F.3d 1319, 1332 (Fed. Cir. 2009), confirmed that experts may not opine on "ultimate issues of law such as validity, enforceability, or inequitable conduct." | Case exists. Text Defendants quote, however, is a fabrication (the quoted text is not contained in this case). |
| 8-9, 11, 16 | *United States v. Bilzerian*, 926 F.2d 1285, 1294 (2d Cir. 1991). | *See Bilzerian*, 926 F.2d at 1294 ("Expert legal testimony may give an aura of authority that prejudices the jury."). A law professor's assertion that Defendants acted in "bad faith" carries an imprimatur of authority that jurors are unlikely to discount. *See Bilzerian*, 926 F.2d at 1294. | Case exists. Text Defendants quote, however, is a fabrication (the quoted text is not contained in this case). Proposition is also not supported. Case does not discuss expert testimony in the context of Rule 403. |
| 9, 14 | *Micro Chem., Inc. v. Lextron, Inc.*, 317 F.3d 1387, 1392 (Fed. Cir. 2003). | *See Micro Chem., Inc. v. Lextron, Inc.*, 317 F.3d 1387, 1392 (Fed. Cir. 2003) (expert's "ipse dixit" assertions about reasonableness of conduct were inadmissible). | Case exists. Text Defendants quote, however, is a fabrication (the quoted text is not contained in this case). Proposition not supported. Case does not address the Washington Troll Act, § 285, or the issue of |

MACHLEIDT DECL. ISO VALVE'S OPP. TO DEFS' DAUBERT MOTIONS
CASE NO. 2:23-CV-1016

- 2 -

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

| | | | bad faith. It also does not address whether any expert opined on a legal question. Instead, it upheld the testimony of a damages expert on reasonable royalties. |
|---|---|---|---|
| 10 | *Burkhart v. WMATA*, 112 F.3d 1207, 1213 (D.C. Cir 1997)<br><br>*Burkhart v. WMATA* at 1212–13 | The Court must be the "exclusive expositor of the law." *Burkhart v. WMATA*, 112 F.3d 1207, 1213 (D.C. Cir 1997).<br><br>*See Burkhart v. WMATA* at 1212–13 (expert testimony "telling the jury what result to reach" is inadmissible); | Case exists.<br><br>Text Defendants quote, however, is a fabrication (the quoted text is not contained in this case). |
| 10, 16 | *Amazon.com, Inc. v. Personal Web Technologies, LLC*, No. C14-01375 BLW, 2020 WL 3515051 (W.D. Wash. June 29, 2020) | This Court's precedent supports exclusion. In *Amazon.com, Inc. v. Personal Web Technologies, LLC*, No. C14-01375 BLW, 2020 WL 3515051 (W.D. Wash. June 29, 2020), the court excluded expert analysis that "instruct[ed] the jury on the meaning and application of governing law." | This opinion does <u>not</u> exist, thus text Defendants quote from case is a fabrication. |
| 10 | *See Marx & Co.,* 550 F.2d at 509-12 | | Case exists.<br><br>Proposition not supported. This case does not deal with the admissibility of expert witness testimony advocating for policy change. |
| 10 | *Bausch & Lomb, Inc. v. Alcon Labs, Inc.*, 79 F. Supp 2d 252 (W.D.N.Y 2000) | *Bausch & Lomb, Inc. v. Alcon Labs, Inc.*, 79 F. Supp 2d 252 (W.D.N.Y 2000) (excluding expert testimony that advocated for a change of policy at the USPTO regarding the handling of applications). | Case exists. Proposition not supported. This case has nothing to do with the admissibility of expert witness testimony advocating for policy change. Rather, the case stands for the general proposition that "generalized |

MACHLEIDT DECL. ISO VALVE'S OPP.
TO DEFS' DAUBERT MOTIONS
CASE NO. 2:23-CV-1016

- 3 -

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

| | | | testimony about 'problems' in the PTO is not admissible." *Bausch & Lomb*, 79 F. Supp. 2d at 255–56. |
|---|---|---|---|
| 10 | *Diamondback Industries, Inc. v. Repeat Precision, LLC*, No. 6:19-cv-00034-ADA (W.D. Tex. June 27, 2019) | In *Diamondback Industries, Inc. v. Repeat Precision, LLC*, No. 6:19-cv-00034-ADA (W.D. Tex. June 27, 2019), the court barred legal expert Bryan Garner from interpreting contracts and legal canons. The court held that such opinions "invade the province of the Court." *Id.* | This opinion does not exist, thus text Defendants quote from case is a fabrication. |
| 11 | *Primiano v. Cook*, 598 F.3d 558, 564–65 (9th Cir. 2010) | *Primiano v. Cook*, 598 F.3d 558, 564–65 (9th Cir. 2010) ("The expert's opinion must have a reliable basis in the knowledge and experience of his discipline and be relevant to the task at hand."). | Case exists. Quoted language is partially incorrect. The correct quotation is "Expert opinion testimony is relevant if the knowledge underlying it has a valid connection to the pertinent inquiry. And it is reliable if the knowledge underlying it has a reliable basis in the knowledge and experience of the relevant discipline." |
| 11 | *Fortune Dynamic, Inc. v. Victoria's Secret Stores Brand Mgmt., Inc.*, 618 F.3d 1025, 1043 (9th Cir. 2010). | The Ninth Circuit has likewise held that expert testimony fails the *fit* requirement when "the jury is fully capable of making the determination without assistance." *Fortune Dynamic, Inc. v. Victoria's Secret Stores Brand Mgmt., Inc.*, 618 F.3d 1025, 1043 (9th Cir. 2010). | Case exists. Quoted language not found within case. Proposition generally correct. "More important, Fueroghne's opinion does not 'assist' the jury because the jury is well equipped 'to determine intelligently and to the best possible degree' the issue of trademark usage 'without enlightenment from those having a specialized |

MACHLEIDT DECL. ISO VALVE'S OPP.
TO DEFS' DAUBERT MOTIONS
CASE NO. 2:23-CV-1016

- 4 -

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

| | | | |
|---|---|---|---|
| | | | understanding of the subject involved in the dispute.'" *Id.* at 1040–41 (citation omitted). |
| 13 | *Mukhtar v. Cal. State Univ., Hayward*, 299 F.3d 1053, 1066 n.10 (9th Cir. 2002) | | Case exists. Subsequent overruling by *United States v. Bacon*, 979 F.3d 766 (9th Cir. 2020) not acknowledged in Defendants' brief. |

5. Attached hereto as Exhibit 2 is a true and correct copy of the search results from PACER Case Locator with Search Criteria "Party Search; Last Name: Personal Web Technologies, LLC" showing all cases involving Personal Web Technologies, LLC as a party, with no temporal or other limitation. Exhibit 2 is highlighted to show all cases between Amazon.com, Inc. and Personal Web Technologies, LLC. None of those cases were filed in any district court in Washington.

6. Attached hereto as Exhibit 3 is a true and correct copy of Defendant Leigh Rothschild's Second Supplemental Objections and Responses to Plaintiff's First Set of Interrogatories served on April 7, 2025, with highlighting to indicate the particular portion of the exhibit relied on in Valve's Opposition.

7. Attached hereto as Exhibit 4 is a true and correct copy of Defendant Patent Asset Management, LLC's Second Supplemental Objections and Responses to Plaintiff's First Set of Interrogatories served on April 7, 2025, with highlighting to indicate the particular portion of the exhibit relied on in Valve's Opposition.

8. Attached hereto as Exhibit 5 is a true and correct copy of Defendant Rothschild Broadcast Distribution Systems, LLC's Second Supplemental Objections and Responses to Plaintiff's First Set of Interrogatories served on April 7, 2025, with highlighting to indicate the particular portion of the exhibit relied on in Valve's Opposition.

MACHLEIDT DECL. ISO VALVE'S OPP.
TO DEFS' DAUBERT MOTIONS
CASE NO. 2:23-CV-1016

- 5 -

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

9. Attached hereto as Exhibit 6 is a true and correct copy of Defendant Display Technologies, LLC's Second Supplemental Objections and Responses to Plaintiff's First Set of Interrogatories served on April 7, 2025, with highlighting to indicate the particular portion of the exhibit relied on in Valve's Opposition.

10. Attached hereto as Exhibit 7 is a true and correct copy of Defendant Meyler Legal PLLC's and Samuel Meyler's First Supplemental Objections and Responses to Plaintiff's Interrogatory No. 3 served on June 2, 2025, with highlighting to indicate the particular portion of the exhibit relied on in Valve's Opposition.

11. Defendants did not depose Ramsey Al-Salam or Kimberly J. Schenk.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on November 10, 2025 at Seattle, Washington.

*/s/ Dario A. Machleidt*
Dario A. Machleidt

MACHLEIDT DECL. ISO VALVE'S OPP.
TO DEFS' DAUBERT MOTIONS
CASE NO. 2:23-CV-1016
- 6 -
Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

# CERTIFICATE OF SERVICE

I hereby certify that on November 10, 2025, I served the within via the Court's CM/ECF system to all counsel who are registered participants identified on the Mailing Information for C.A. No. 2:23-cv-1016.

　　　　　　　　　　　　　　　　　　　*/s/ Dario A. Machleidt*
　　　　　　　　　　　　　　　　　　　Dario A. Machleidt

MACHLEIDT DECL. ISO VALVE'S OPP.
TO DEFS' DAUBERT MOTIONS
CASE NO. 2:23-CV-1016

- 7 -

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600