HON. JAMAL N. WHITEHEAD

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| VALVE CORPORATION,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>LEIGH ROTHSCHILD, ROTHSCHILD BROADCAST DISTRIBUTION SYSTEMS, LLC, DISPLAY TECHNOLOGIES, LLC, PATENT ASSET MANAGEMENT, LLC, MEYLER LEGAL, PLLC, AND SAMUEL MEYLER,<br><br>　　　　Defendants. | Case No. 2:23-cv-1016<br><br>**VALVE CORPORATION'S RESPONSE TO DEFENDANTS' UNOPPOSED MOTION TO SEAL (RE: DEFENDANTS' MOTION TO EXCLUDE UNDER DAUBERT DE#136)**<br><br>NOTE ON MOTION CALENDAR:<br>**November 17, 2025**<br><br>Complaint Filed:　　07/07/2023 |

VALVE'S OPPOSITION TO DEFS' MOTION
TO SEAL
CASE NO. 2:23-CV-1016

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

Pursuant to Local Civil Rule 5(g) and the Protective Order (Dkt. 52), Plaintiff Valve Corporation ("Valve") responds to Defendants' Unopposed Motion to File Under Seal (Re: Defendants' Motion To Exclude Under Daubert DE#136).

Valve opposes Defendants' motion to seal their own information because Defendants failed to comply with the requirements of LCR 5(g), including failing to make any particularized showings of good cause to keep that information under seal and failure to provide the specific statement of applicable legal standard and the reasons for keeping information under seal pursuant to LCR 5(g)(3)(B). Defendants did not meet and confer with Valve regarding any information it was affirmatively seeking to place under seal, and therefore Defendants' representation that Valve did "not oppose this motion" is incorrect. Dkt. 137 at 2. Valve only did not oppose the motion as to what the parties met and conferred about: sealing Valve's information.

Valve seeks to redact limited portions of the expert reports of Ramsey Al-Salam (Dkt. 138-1, "Al-Salam Report") and Kimberly J. Schenk (Dkt. 138-2, "Schenk Report") that contain financial compensation information for one of Valve's employees, licensing settlement amounts, as well as information about Valve's legal counsel's negotiated billing rates and its internal staffing and strategy decisions.

## I.   LEGAL STANDARD

"There is a strong presumption of public access to the court's files." LCR 5(g). However, the strong presumption favoring public access to judicial records is not absolute and can be overcome. *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006). A party seeking to seal court documents overcomes it by showing the interests and facts warranting sealing, describing the injury from unsealing, and showing why there is no less restrictive alternative. LCR 5(g)(3)(B). "[A] 'particularized showing,' under the 'good cause' standard of Rule 26(c) will 'suffice[ ] to warrant preserving the secrecy of sealed discovery material attached to non-dispositive motions.'" *Id.* at 1180 (quoting *Foltz v. State Farm Mutual Auto. Insurance Company*, 331 F.3d 1122, 1135, 1138 (9th Cir. 2003)). Good cause exists to seal a document or portion of a document when doing so will "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *Id.* (quoting Fed. R. Civ. P. 26(c)).

VALVE'S OPPOSITION TO DEFS' MOTION TO SEAL
CASE NO. 2:23-CV-1016
- 1 -
Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

Under the local rules, a party "who cannot avoid filing a document under seal must comply" with LCR 5(g)(2)–(8). LCR 5(g)(2)–(3) require the party filing a document under seal to, *inter alia*, "file[] a motion or stipulated motion to seal the document before or at the same time the party files the sealed document" that contains:

> (B) A specific statement of the applicable legal standard and the reasons for keeping a document under seal, including an explanation of:
>   i. the legitimate private or public interests that warrant the relief sought;
>   ii. the injury that will result if the relief sought is not granted; and
>   iii. why a less restrictive alternative to the relief sought is not sufficient[.]

LCR 5(g)(3)(B).

## II. ARGUMENT

### A. Valve opposes Defendants' motion to seal Defendants' information.

Defendants failed to make any showing overcoming the "strong presumption of public access to the court's files." LCR 5(g). Defendants did not comply with any of the requirements under LCR 5(g) to keep any portion of the expert reports of Paul R. Gugliuzza (Dkt. 138, "Gugliuzza Report") and Schenk Report under seal, let alone to keep those reports under seal in their entirety.

Defendants do not even attempt to allege that the Schenk Report contains their confidential information.[1] And Defendants' only justification for sealing the entire Gugliuzza Report is that it "contains confidential or proprietary information of Defendants." Dkt. 137 at 2. This is not a "particularized showing" required to demonstrate good cause. *Kamakana*, 447 F.3d at 1180 (citation omitted).

Defendants' representation that the parties "agree[d] to file Mr. Gugliuzza's report under seal" is not correct. Dkt. 137 at 2. As discussed above, the parties did not meet and confer about any of the information that Defendants sought to keep under seal. The Gugliuzza Report contains no Valve confidential information. Valve never agreed to keep the entire Gugliuzza Report under seal and, setting aside that Defendants did not indicate any intent to file their information under

---

[1] In her report, Ms. Schenk quotes and summarizes information and documents that Defendants' designated as Confidential, including correspondence with counsel for targets Defendants accused of infringing the '221 patent.

VALVE'S OPPOSITION TO DEFS' MOTION TO SEAL
CASE NO. 2:23-CV-1016
- 2 -
Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

seal, expected Defendants to submit a redacted copy of that report with limited redactions consistent with the "strong presumption of public access to the court's file." LCR 5(g). Defendants did not do so.

In order "to maintain the confidentiality of [their] information," Defendants "must satisfy the requirements of Local Civil Rule 5(g)(3)(B)." Dkt. 52 ¶ 4.3. Defendants failed to meet any of the required elements of LCR 5(g)(3)(B). Specifically, Defendants' motion to seal (1) did not articulate the "applicable legal standard," for a motion to seal, (2) did not explain Defendants' private or public interest in keeping the information sealed, (3) did not claim any injury will result if its relief is not granted, and (4) did not explain why a less restrictive alternatively relief—namely, applying redactions to the Gugliuzza Report or Schenk Report—would not be sufficient. LCR 5(g)(3)(B).

"Failure to satisfy [the LCR 5(g)(3)(B)] requirement[s] will result in the motion to seal being denied, in accordance with the strong presumption of public access to the Court's files." Dkt. 52 ¶ 4.3. Indeed, this Court has unsealed documents when a party "failed to provide an explanation for sealing . . . information" under LCR 5(g)(3)(B). *See, e.g.*, *Lazar v. Bourbon*, No. 3:18-CV-05175-RBL-DWC, 2018 WL 4700528, at *2 (W.D. Wash. Oct. 1, 2018) (denying motion to seal because party seeking to seal documents "failed to satisfy the requirements of Local Civil Rule 5(g)(3)(B), as he did not provide a 'specific statement' of the applicable legal standard or the reasons for keeping the Response and attached documents under seal").

Nor can Defendants make any particularized showing of good cause to keep the entirety of the Gugliuzza and Schenk Reports under seal because both reports contain significant amount of public information. For example, paragraphs 6 through 76 of the Gugliuzza report (spanning over 20 pages) consists of entirely public information.

The Court should therefore deny Defendants' motion to seal the Gugliuzza Report and unseal the entirety of the Gugliuzza Report. The Court should also deny Defendants' motion to seal the Schenk Report and unseal all portions except those Valve seeks to keep sealed, as discussed further below.

VALVE'S OPPOSITION TO DEFS' MOTION TO SEAL
CASE NO. 2:23-CV-1016

- 3 -

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

### B. Good cause exists to redact Valve's confidential information from the Schenk Report and Al-Salam Report

Consistent with LCR 5(g) and the Protective Order ¶ 4.3, Valve seeks to redact limited portions of the Schenk Report and Al-Salam Report that contain financial compensation information for one of Valve's employees, the amount Valve paid for the 2016 Global Settlement and Licensing Agreement ("GSLA") with Defendants, and information about Valve's legal counsel's negotiated billing rates and its internal staffing and strategy decisions (Schenck Decl., ¶¶ 5–13; Machleidt Decl. ¶¶ 3–9). Good cause exists to maintain this information under seal.

#### 1. Valve has a legitimate interest in maintaining its information under seal and injury will result if relief is not granted.

Valve has a legitimate interest in maintaining under seal the compensation structures of its employees and the billing practices of its legal counsel. If the relief requested herein is not granted, both Valve and its legal counsel will suffer potential injury to their business interests. *See* LCR 5(g)(3)(B)(i) and (ii).

"Courts have held that information about compensation structures and incentive programs that are not publicly available may be filed under seal because the 'likelihood of an improper use by competitors' provides a compelling reason to do so." *Houserman v. Comtech TeleComms. Corp.*, No. 2:19-cv-00644-RAJ, 2021 WL 54766, at *3 (W.D. Wash. Jan. 6, 2021) (quoting *Sullivan v. Deutsche Bank Ams. Holding Corp.*, No. 08cv2370 L(POR), 2010 WL 3448608, at *2 (S.D. Cal. Aug. 31, 2010)); *see also Moussouris v. Microsoft Corp.,* No. 15-CV-1483 JLR, 2018 WL 1159251, at *11 (W.D. Wash. Feb. 16, 2018), report and recommendation adopted, No. C15-1483JLR, 2018 WL 1157997 (W.D. Wash. Mar. 1, 2018) (holding that there is a compelling reason to keep information related to "compensation structure" under seal); *Diaz v. Health Plan Intermediaries Holdings LLC*, No. CV-18-04240-PHX-SMM, 2021 WL 1930290, at *3 (D. Ariz. Jan. 26, 2021) (keeping "information regarding Thiel's position within the company and salary" under seal as "sensitive information related to Thiel").

Portions of the information Valve proposes to redact from the Schenk Report would enable the public to calculate the W-2 salary of one of Valve's employees, in-house counsel Christopher

VALVE'S OPPOSITION TO DEFS' MOTION TO SEAL
CASE NO. 2:23-CV-1016

- 4 -

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

Schenck. Schenck Decl. ¶ 5. Valve has a legitimate interest in keeping the salary of its employees private. Publishing the compensation rates and base pay of Valve's employees exposes Valve to risk of injury because it "enable[s] a competitor to gain an unfair advantage in the marketplace," either by adjusting their own rates to match Valve's compensation structure or by providing competitors an advantage in attempting to hire Valve's employees away. *Universal Life Church Monastery Storehouse v. Am. Marriage Ministries*, No. C19-0301RAJ, 2022 WL 971561, at *2 (W.D. Wash. Mar. 31, 2022); Schenck Decl. ¶ 6. Publishing Valve's compensation rates for its employees may also cause injury to Valve's own employee recruiting efforts or Valve's ability to negotiate employment contracts and salaries with its current employees. Schenck Decl. ¶¶ 6, 8. Mr. Schenck also has a legitimate private interest in maintaining his salary confidential, and disclosing this information will subject him to potential personal harm in the marketplace. Schenck Decl. ¶¶ 7–8.

Valve also proposes to redact the amount Valve paid under the GSLA. *See generally* Dkt. 38-1 (redacted version of the GSLA). The decision to settle a lawsuit for any amount results from internal business decisions that are made and kept confidential by Valve. Schenck Decl. ¶ 10. Disclosure of this confidential information will result in competitive harm to Valve and impair its ability to negotiate settlements in future unrelated cases. *Id*. ¶ 11. The knowledge of the amount that Valve paid to settle prior patent litigation suits is likely to place it at a disadvantage when attempting to negotiate any future case resolutions, potentially prolonging future litigation. *Id*.; *see also Microsoft Corp. v. Motorola Inc*., No. 2:10-cv-1823, Dkt. 627, at 4–5 (W.D. Wash. Nov. 9, 2010) (sealing settlement licenses and stating "[b]y preventing settlement negotiations being admitted into evidence, full and open disclosure is encouraged, thereby furthering the policy toward settlement"). Courts in the Ninth Circuit routinely grant motions to seal licensing terms. *See, e.g.*, *In re Qualcomm Litig*., No. 3:17-CV-0108-GPC-MDD, 2017 WL 5176922 (S.D. Cal. Nov. 8, 2017) (finding that defendant had met its burden to seal under the higher "compelling reason" standard and stating "[t]he Ninth Circuit has explicitly recognized that compelling reasons exist for the sealing of 'pricing terms, royalty rates, and guaranteed minimum payment terms' of license agreements." (citing *In re Elec. Arts, Inc.*, 298 Fed. Appx. 568, 569 (9th Cir. 2008)).

VALVE'S OPPOSITION TO DEFS' MOTION TO SEAL
CASE NO. 2:23-CV-1016
- 5 -
Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

The remaining portions of the Schenk Report that Valve proposes to redact, as well as Valve's proposed redactions to the Al-Salam Report, contain proprietary billing and staffing information for Valve's legal counsel, Kilpatrick Townsend & Stockton LLP ("Kilpatrick"). Both Valve and its legal counsel have a legitimate interest in keeping this information under seal. The Kilpatrick billing rates Valve proposes to redact "are not uniform across customers and reflect non-standing billing practices that constitute sensitive pricing information" determined on a client-by-client and case-by-case basis. Machleidt Decl. ¶ 7. The staffing information and descriptions of tasks performed Valve proposes to redact likewise provides "insight into its litigation strategies, current and future decision-making and reasoning, and business policies." *Id*. ¶ 8. "Public disclosure of such information could potentially place Kilpatrick at a competitive disadvantage, including by providing competitors of Kilpatrick with unfair insights into its business operations and strategies." *Id*. ¶ 7. Valve also has an interest in maintaining the confidentiality of the billing rates it pays to its legal counsel. Schenck Decl. ¶¶ 12–13; *see also Universal Life Church*, 2022 WL 971561, at *2.

There is no countervailing public interest that justifies disclosure of the information Valve proposes to be redacted, which concerns only the confidential and proprietary business and financial information of Valve, its employees, and its legal counsel. The public right to access "is reduced when applied to confidential and proprietary business records." *Olberg v. Allstate Ins. Co.*, No. C18-0573-JCC, 2021 WL 1208588, at *1 (W.D. Wash. Mar. 31, 2021) (citation omitted). This is especially true whereas here the information sought to be sealed does not affect public health or safety and do not concern public entities or officials. The specific information Valve seeks to seal is the same confidential and commercially sensitive billing and compensation information that courts have recognized as having little public value. *See In re Zillow Grp., Inc. S'holder Derivative Litig.*, No. C17-1568-JCC, 2019 WL 3428664, at *2 (W.D. Wash. July 30, 2019) (finding "confidential business information presented to Zillow's board of directors" has little public value; *Douglas v. Xerox Bus. Servs. LLC*, No. C12-1798-JCC, 2014 WL 12641056, at *1 (W.D. Wash. Apr. 11, 2014). Moreover, the information in the excerpts Valve proposes to seal is of comparatively little use in enhancing the public's understanding of the judicial process. *See,*

VALVE'S OPPOSITION TO DEFS' MOTION TO SEAL
CASE NO. 2:23-CV-1016

- 6 -

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

*e.g.*, *Richardson v. Mylan, Inc.*, No. 09-CV-1041-JM (WVG), 2011 WL 837148, at *2 (S.D. Cal. Mar. 9, 2011).

### 2. Valve's proposed redactions are the least restrictive relief necessary to protect Valve's injury.

Consistent with LCR 5(g)(3)(B)(iii) and the Court's Protective Order, Valve only seeks the minimum number of redactions to the Schenk Report and Al-Salam Report necessary to protect the legitimate business interests identified above. The only redactions proposed by Valve are to (1) compensation amounts and numbers calculated from that compensation amount such that the original compensation amount can be determined; (2) the amount Valve paid under the GSLA; and (3) attorney billing information, including billing rates and descriptions of specific tasks performed by Kilpatrick, that is not necessary to aid the public in understanding the parties' position and the judicial process. *See, e.g.*, *Coloplast A/S v. Generic Medical Devices, Inc.*, 2012 WL 3629037, at *1–2 (W.D. Wash. Aug. 22, 2012). The proposed redactions still allow the substance of these documents and information to be determinable, while protecting Valve's and Kilpatrick's legitimate commercial and privacy interests. There is no relief short of redacting the information in the Schenk Report and Al-Salam Report that would sufficiently protect Valve and Kilpatrick from the significant harm of their public disclosure. *See Zunum Aero, Inc. v. Boeing Co.*, No. C21-08963JLR, 2023 WL 7180636, at *2 (W.D. Wash. Nov. 1, 2023); *Gomo v. NetApp, Inc.*, No. 17-cv-02990-BLF, 2019 WL 1170775, at *2 (N.D. Cal. Mar. 13, 2019).

### III. CONCLUSION

Valve respectfully requests the Court deny Defendants' motion to seal their information and unseal the Gugliuzza report (Dkt. 138) in its entirety. Valve further requests that the Court keep under seal Valve's confidential material described above, maintain the Al-Salam Report (Dkt. 138-1) and Schenk Report (Dkt. 138-2) under seal, and permit Valve to file the redacted versions of those reports for public access (Exs. 1 and 2 to the Machleidt Decl., respectively).

VALVE'S OPPOSITION TO DEFS' MOTION TO SEAL
CASE NO. 2:23-CV-1016
- 7 -
Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

| | | |
|---|---|---|
| 1 | DATED: November 11, 2025 | Respectfully submitted, |
| 2 | | KILPATRICK TOWNSEND & STOCKTON LLP |

By:  /s/ *Dario A. Machleidt*
Dario A. Machleidt (State Bar No. 41860)
Kathleen R. Geyer (State Bar No. 55493)
Christopher P. Damitio (State Bar No. 58633)
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
Telephone:  (206) 467-9600
dmachleidt@kilpatricktownsend.com
kgeyer@kilpatricktownsend.com
cdamitio@kilpatricktownsend.com

David A. Reed (*pro hac vice*)
100 Peachtree Street NE, Suite 2800
Atlanta, GA 30309
Telephone:  (404) 745-2548
dreed@ktslaw.com

Attorneys for Plaintiff
VALVE CORPORATION

I certify that this memorandum contains 2,546 words, in compliance with the Local Civil Rules.

VALVE'S OPPOSITION TO DEFS' MOTION TO SEAL
CASE NO. 2:23-CV-1016

- 8 -

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA  98101
(206) 467-9600

**CERTIFICATE OF COUNSEL**

Pursuant to LCR 5(g)(3)(A), the undersigned counsel for Valve hereby certifies that the counsel for Valve (myself and Kathleen Geyer) conferred with counsel for Defendants (Adam Woodward and Joseph Zito) numerous times throughout the day via email on October 27, 2025 regarding the proposed redactions in the Schenk Report and Al-Salam Report. Valve provided highlighted versions of those documents consistent with Exhibits 1 and 2 to my declaration. Defendants did not indicate if they opposed that information during the meet and confer process, but appear to "disagree with [Valve's] characterization" of the confidential information it seeks to file under seal. Dkt. 137 at 2.

/s/ Dario A. Machleidt
Dario A. Machleidt

VALVE'S OPPOSITION TO DEFS' MOTION TO SEAL
CASE NO. 2:23-CV-1016

- 9 -

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

# CERTIFICATE OF SERVICE

I hereby certify that on October 27, 2025, I served the within via the Court's CM/ECF system to all counsel who are registered participants identified on the Mailing Information for C.A. No. 2:23-cv-1016.

                                                */s/ Dario A. Machleidt*
                                                Dario A. Machleidt

VALVE'S OPPOSITION TO DEFS' MOTION TO SEAL
CASE NO. 2:23-CV-1016

- 10 -

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600