HON. JAMAL N. WHITEHEAD

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| VALVE CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>LEIGH ROTHSCHILD, ROTHSCHILD BROADCAST DISTRIBUTION SYSTEMS, LLC, DISPLAY TECHNOLOGIES, LLC, PATENT ASSET MANAGEMENT, LLC, MEYLER LEGAL, PLLC, AND SAMUEL MEYLER,<br><br>Defendants. | Case No. 2:23-cv-1016<br><br>**DECLARATION OF CHRISTOPHER SCHENCK IN SUPPORT VALVE'S OPPOSITION TO DEFENDANTS' MOTION TO SEAL (RE: DEFENDANTS' MOTION TO EXCLUDE UNDER DAUBERT DE#136)** |

C. SCHENCK DECLARATION ISO VALVE'S
OPP TO MOTION TO SEAL RE DAUBERT
CASE NO. 2:23-CV-1016

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

I, Christopher Schenck, declare as follows:

1. I am over the age of eighteen years old. I make this declaration based on my own knowledge and investigation within Valve Corporation ("Valve") as to the matters reflected within this declaration. If called upon to do so, I could and would competently testify regarding the contents of this declaration.

2. I am in-house counsel at Valve. I have been employed by the company since 2018.

3. The information Valve seeks to seal in its Motion to Seal falls into these general categories: (1) my financial compensation information and numbers that could be used to derive my financial compensation from un-redacted material; (2) the amount Valve paid to settle a prior patent infringement lawsuit; and (3) information about Valve's legal counsel's negotiated billing rates and its internal staffing and strategy decisions.

4. Public disclosure of the information in portions of the expert reports Valve seeks to keep under seal would result in significant competitive and economic harm to Valve and third parties, including Kilpatrick Townsend & Stockton LLP ("Kilpatrick"), counsel for Valve, as detailed below.

**Financial Compensation Information**

5. I understand that Valve seeks to seal portions of the expert report of Kimberly J. Schenk that contain my W-2 salary information and any figures that could be used to derive my W-2 salary information based on un-sealed portions.

6. Keeping my W-2 salary information and any numbers that could be used to derive my W-2 salary information under seal preserves my privacy and protects Valve from risk of injury. For example, if Valve's competitors gained access to this information, it could give them an unfair advantage in the marketplace either by adjusting their own rates to match Valve's compensation structure or by providing competitors an advantage in attempting to hire Valve's employees away. Publishing my W-2 salary may also cause injury to Valve's employee recruiting efforts and Valve's ability to negotiate employment contracts and salaries with its current employees.

7. Public disclosure of my salary also exposes me to potential personal harm. My salary

C. SCHENCK DECLARATION ISO VALVE'S
OPP TO MOTION TO SEAL RE DAUBERT
CASE NO. 2:23-CV-1016

- 1 -

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

1  is a personal matter that I do not publish myself and do not wish to publish to the public at large.

2      8.    Disclosure of such information is unnecessary to understand the substance of these
3  filings but would invade personal privacy and cause competitive injury to Valve.

**Prior Settlement Payments**

    9.    I understand that Valve seeks to seal portions of the expert report of Kimberly J. Schenk that contain the amount of money Valve paid under the 2016 Global Settlement and Licensing Agreement ("GSLA") with Defendants. I understand Valve previously filed a copy of the GSLA with its complaints with the amount of consideration paid by Valve redacted.

    10.    At Valve, the decision to settle a lawsuit for any amount of money results from internal business decisions that are made and kept confidential by Valve.

    11.    Disclosure of this confidential information will result in competitive harm to Valve and impair its ability to negotiate settlements in future unrelated cases. Specifically, knowledge of the amount that Valve paid to settle prior patent litigation suits is likely to place Valve at a disadvantage when attempting to negotiate any future case resolutions, potentially prolonging future litigation involving Valve.

**Valve and Kilpatrick's Proprietary Legal Billing and Staffing Information**

    12.    I understand that the expert reports of Kimberly J. Schenk and Ramsey Al-Salam contain Valve's negotiated billing rates with Kilpatrick that are not publicly known and represent proprietary, confidential information to both Valve and Kilpatrick, as Kilpatrick's rates reflect non-standard terms that constitute sensitive pricing information. Public disclosure of such information could potentially place Valve and Kilpatrick at a competitive disadvantage when negotiating future rates with other law firms and/or clients.

    13.    I further understand the expert reports of Kimberly J. Schenk and Ramsey Al-Salam contain attorney and non-attorney staffing decisions, attorney time entry descriptions, and confidential litigation decisions that are not publicly known. Disclosure of the information would give Valve's competitors and others who may target Valve for patent infringement unfair insight into its litigation strategies, current and future decision-making and reasoning, and business policies,

C. SCHENCK DECLARATION ISO VALVE'S
OPP TO MOTION TO SEAL RE DAUBERT    - 2 -
CASE NO. 2:23-CV-1016

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

potentially placing Valve at a competitive disadvantage, including by providing competitors with a significant and unfair insight into its litigation strategies and business operations.

 I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct to the best of my knowledge, information, and belief.

 Executed on November 11, 2025 at Bellevue, Washington.

DocuSigned by:

*Christopher Schenck*

Christopher Schenck

C. SCHENCK DECLARATION ISO VALVE'S
OPP TO MOTION TO SEAL RE DAUBERT
CASE NO. 2:23-CV-1016

- 3 -

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600