**Honorable Jamal N. Whitehead**

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

VALVE CORPORATION

Plaintiff,

v.

LEIGH ROTHSCHILD, ROTHSCHILD BROADCAST DISTRIBUTION SYSTEMS, LLC, DISPLAY TECHNOLOGIES, LLC, PATENT ASSET MANAGEMENT, LLC, MEYLER LEGAL, PLLC, AND SAMUEL MEYLER**,**

Defendants.

Case No. 2:23-cv-01016

**DECLARATION OF SAMUEL M. MEYLER IN SUPPORT OF DEFENDANTS' CROSS-MOTIONS FOR PARTIAL SUMMARY JUDGMENT**

I, Samuel Meyler, declare as follows:

1. I am over 18 years of age. I make this declaration on personal knowledge and the regularly made and kept records of Meyler Legal, PLLC, for which I am the custodian. If called, I could and would testify competently to the facts stated herein.

2. I am an attorney licensed to practice in the State of Washington and admitted to practice before this Court. Meyler Legal, PLLC was a general civil law firm focused primarily in the areas of real estate, business and civil litigation. At all times material, I was the sole member of Meyler

DECLARATION OF SAMUEL M. MEYLER IN SUPPORT OF DEFENDANTS' CROSS-MOTIONS FOR PARTIAL SUMMARY JUDGMENT – Page **1** of **7**
Case No. 2:23-cv-01016

DNL Zito
1250 Connecticut Avenue, NW
Suite 700
Washington, DC 20036
Phone: (202) 466-3500

Legal, PLLC. I joined another law firm in November 2023 and Meyler Legal, PLLC no longer operates.

3. I have never held myself out as a patent attorney to anyone. Meyler Legal, PLLC has never held itself out as a law firm that represents clients in patent litigation or patent related matters. I have never marketed or advertised patent litigation services or other patent related services, nor has Meyler Legal, PLLC.

4. In or around May of 2022, I was contacted by Daniel Falcucci, an attorney and former employee of another law firm that I had previously been a partner in. Mr. Falcucci was working for Defendant Patent Asset Management, LLC ("PAM") and solicited me to serve as local counsel in the Western District of Washington for certain patent owners, including Defendant Rothschild Broadcast Distribution Systems, LLC ("RBDS") and Defendant Display Technologies, LLC ("DT").

5. I entered into limited local counsel engagements with my clients confirming that (a) I was to serve as local counsel, (b) the clients' lead counsel would have primary responsibility in representing the clients, and (c) that I could rely upon lead counsel's instructions and directions.

6. Prior to commencing any work for any of the Rothschild Defendants, I conducted research and due diligence regarding my clients and lead litigation counsel.

7. Prior to filing any complaint that I received or sending any correspondence to Valve, I conducted research and due diligence regarding Valve and the claims asserted.

8. As with all new clients, I conducted due diligence and research into my clients, the other parties involved, the legal claims and applicable law, and other relevant matters.

9. At the time that I was solicited to serve as local counsel, my co-defendants in this matter had in-house counsel and lead litigation counsel.

DECLARATION OF SAMUEL M. MEYLER IN SUPPORT
OF DEFENDANTS' CROSS-MOTIONS FOR PARTIAL
SUMMARY JUDGMENT – Page **2** of **7**
Case No. 2:23-cv-01016

DNL Zito
1250 Connecticut Avenue, NW
Suite 700
Washington, DC 20036
Phone: (202) 466-3500

10. Lead litigation counsel for the clients at the time was Jay Johnson and Kizzia Johnson PLLC ("KJPLLC"). Based on my communications with Mr. Johnson and the research that I conducted, I understood Mr. Johnson to be a knowledgeable and experienced patent attorney.

11. Lead litigation counsel drafted and provided me with complaints alleging patent infringement against Valve that were filed on September 27, 2022 on behalf of DT, as the owner of U.S. Patent No. 9,300,723 ("the '723 Patent"), and Social Positioning Input Systems, LLC ("SPIS"), as the owner of U.S. Patent No. 9,261,365 ("the '365 Patent").

12. Attached hereto as **Exhibit 1** is a true and accurate copy of the Docket Report for *Display Technologies, LLC v Valve Corporation*, Case No. 2: 22-cv-01365 (WD Wash.).

13. Attached hereto as **Exhibit 2** is a true and accurate copy of the Docket Report for *Social Positioning Input Systems, LLC v Valve Corporation*, Case No. 2:22-cv-01366 (WD Wash.).

14. At the time of filing the complaints, I was not aware that DT had previously sued Valve for infringement of U.S. Patent No. 8,671,195 in 2015, nor was I aware that DT and Mr. Rothschild had entered into the Global Settlement and License Agreement ("GSLA") with Valve to settle that 2015 lawsuit.

15. On October 5, 2022, Christopher Schenck, in-house counsel for Valve, emailed me regarding the two complaints filed on behalf of DT and SPIS. Mr. Schenck's email to me was unprovoked, in that the complaints had not yet been served on Valve and no one had reached out to Valve about the filings.

16. Mr. Schenck's email, which included a copy of the GSLA, was forwarded to lead counsel and I responded to Mr. Schenck advising that Mr. Johnson was lead counsel in these matters.

DECLARATION OF SAMUEL M. MEYLER IN SUPPORT OF DEFENDANTS' CROSS-MOTIONS FOR PARTIAL SUMMARY JUDGMENT – Page **3** of **7**
Case No. 2:23-cv-01016

DNL Zito
1250 Connecticut Avenue, NW
Suite 700
Washington, DC 20036
Phone: (202) 466-3500

Attached as **Exhibit 3** is a true and accurate copy of email correspondence with Mr. Schenck, with redactions of confidential information.

17. On October 13, 2022, eight days after Mr. Schenck reached out to me, lead counsel provided me with a Notice of Voluntary Dismissal for the DT lawsuit and it was filed. Attached as **Exhibit 4** is a true and accurate copy of the Notice of Voluntary Dismissal.

18. The SPIS case for infringement of the '365 Patent remained open.

19. Issues started to arise with respect to Jay Johnson's responsiveness, and it got progressively worse over time. In or around January 2023, I learned that Mr. Johnson was terminally ill with late-stage cancer.

20. Given that we did not know how long it would take, SPIS decided to voluntarily dismiss the lawsuit while SPIS sought and secured new lead counsel.

21. I filed a Notice of Voluntary Dismissal in the SPIS case on February 3, 2023 and I emailed it to outside litigation counsel that Valve had retained in that matter, Dario Machleidt, who is also counsel in this matter. Attached as **Exhibit 5** is a true and accurate copy of my email correspondence to Mr. Machleidt.

22. Sometime around the beginning of March 2023, SPIS engaged attorneys at the firm Garteiser Honea as their new lead litigation counsel.

23. In April 2023, a PAM employee provided me with three claim charts in anticipation of litigation. One of those was the claim chart for the '365 Patent that had previously been filed in the SPIS lawsuit that had been dismissed. The other two claim charts were for U.S. Patent No. 7,650,376 ("the '376 Patent") owned by Quantum Technology Innovations, LLC ("QTI") and U.S. Patent No. 8,856,221 ("the '221 Patent") owned by RBDS.

DECLARATION OF SAMUEL M. MEYLER IN SUPPORT OF DEFENDANTS' CROSS-MOTIONS FOR PARTIAL SUMMARY JUDGMENT – Page **4** of **7**
Case No. 2:23-cv-01016

DNL Zito
1250 Connecticut Avenue, NW
Suite 700
Washington, DC 20036
Phone: (202) 466-3500

24. I did not prepare any of the claim charts or make any substantive modifications to the claim charts that I received.

25. I did not realize that the '221 Patent was one of the patents listed in the GSLA. I knew that PAM had systems and procedures in place to track licenses and to verify whether an alleged infringing party had a license to a patent prior to referring the matter to outside counsel, and I relied upon PAM to do so.

26. In May 2023, I reached out to Valve's outside litigation counsel, Mr. Machleidt, inquiring as to whether he continued to represent Valve but did not receive a response. On May 26, 2023, I sent Mr. Machleidt a letter subject to FRE 408, with the three "preliminary claim charts" attached that were "prepared in anticipation of litigation." Attached as **Exhibit 6** is a true and accurate copy of the letter I sent to Mr. Machleidt on May 26, 2023.

27. Attached as **Exhibit 7** is a true and accurate copy of the email I received from Mr. Machleidt in response to my letter of May 26, 2023, advising that, "We do not currently represent Valve in this matter, and I have not shared your letter with Valve."

28. Based on Mr. Machleidt's representation, I prepared and sent the letter of June 21, 2023 to Valve's in-house counsel, Christopher Schenck, which is the subject of this action and is attached to Plaintiff's Second Amended Complaint. Like the letter that I sent to Mr. Machleidt, the June 21, 2023 letter to Mr. Schenck was prominently marked "FRE 408" and included the three "preliminary claim charts" that were "prepared in anticipation of litigation."

29. On June 29, 2023, Mr. Schenck emailed me in response to the letter of June 21, 2023 advising that he was headed out of town on a family vacation for two weeks and proposing to schedule a to discuss the matter during the week of July 17. Attached as **Exhibit 8** is a true and accurate copy of that email.

DECLARATION OF SAMUEL M. MEYLER IN SUPPORT OF DEFENDANTS' CROSS-MOTIONS FOR PARTIAL SUMMARY JUDGMENT – Page **5** of **7**
Case No. 2:23-cv-01016

DNL Zito
1250 Connecticut Avenue, NW
Suite 700
Washington, DC 20036
Phone: (202) 466-3500

30. Mr. Schenck did not advise that Valve had a license to the '221 Patent when he emailed me on June 29, 2023.

31. Given that Mr. Schenck advised me that he was leaving on a family vacation, I did not want to trouble Mr. Schenck and intended to communicate with him regarding the matter during the week of July 17 when he returned from his vacation, but Valve filed this lawsuit on July 7, 2023.

32. I would never knowingly or intentionally make an allegation of patent infringement against a party that I knew had a license to the patent.

33. At all times, I was of the belief that my clients had legitimate claims that they intended to pursue for infringement of patents that were duly issued by the USPTO and I intended to serve as local counsel in their pursuit of those claims.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on November 17, 2025 at Seattle, Washington.

Samuel M. Meyler

DECLARATION OF SAMUEL M. MEYLER IN SUPPORT OF DEFENDANTS' CROSS-MOTIONS FOR PARTIAL SUMMARY JUDGMENT – Page **6** of **7**
Case No. 2:23-cv-01016

DNL Zito
1250 Connecticut Avenue, NW
Suite 700
Washington, DC 20036
Phone: (202) 466-3500

**CERTIFICATE OF SERVICE**

I hereby certify that on November 17, 2025, I filed the within through the ECF system and that notice will be sent electronically to all counsel who are registered participants identified on the Mailing Information for C.A. No. 2:23-cv-1016.

*/s/ Joseph J. Zito*
Joseph J. Zito

DECLARATION OF SAMUEL M. MEYLER IN SUPPORT OF DEFENDANTS' CROSS-MOTIONS FOR PARTIAL SUMMARY JUDGMENT – Page **7** of **7**
Case No. 2:23-cv-01016

DNL Zito
1250 Connecticut Avenue, NW
Suite 700
Washington, DC 20036
Phone: (202) 466-3500