# EXHIBIT A

| Page of Defs' Brief (Dkt. 136) | Case, Statute, or Rule Cited (reprinted here exactly as it appears in Defendants' Brief) | Defendants' Fake Quotes Allegedly Found in Cited Cases | Notes Regarding Inaccuracy of Quote/Cite | Defendants' Response |
|---|---|---|---|---|
| 8, 9, 11, 13, 15, 16, 19 | *PacTool Int'l v. Kett Tool Co.*, No. C06-5367BHS, 2009 WL 10705131, at *2 (W.D. Wash. Sept. 15, 2009).<br><br>2009 WL 10705131, at *2.<br><br>*PacTool*<br><br>*PacTool* at<br><br>*3<br><br>*PacTool* at<br><br>*2 | In *PacTool*, Judge Settle excluded expert testimony that "offered legal opinions on claim interpretation and patent validity."<br><br>In *PacTool*, the court held that "interpreting the law is the Court's responsibility."<br><br>*See PacTool*, at *3 (excluding testimony where "risk of misleading the jury outweighed probative value")<br><br>*See PacTool* at *3 (excluding expert who "merely parroted legal arguments" and did not assist the factfinder).<br><br>In *PacTool* at *2, Judge Settle excluded expert commentary that "offered legal opinions on claim interpretation and patent validity," reasoning that "interpreting the law is the Court's responsibility." | This opinion does <u>not</u> exist, thus text Defendants quote from case is a fabrication. | Opinion excluding three experts does exist, but date is wrong. It was issued January 4, 2012. Quotations are actually summaries. *PacTool Int'l v. Kett Tool Co.*, Case No. 3:06-cv-05367, Dkt. 307 (W.D. Wash. ***Jan. 4, 2012***).<br><br>The court excluded the expert testimony of patent attorney Richard A. Killworth, for containing legal conclusions regarding the validity of the patent based on a breach of duty of disclosure. *PacTool* at 3-4. The Court also alluded to excluding the remainder of Mr. Killworth's testimony because it would be unhelpful to the jury.<br><br>"Courts do not permit expert testimony that "invades the province of the jury to find facts and that of the court to make ultimate legal conclusions." *PacTool Int'l* at 3.<br><br>"*PacTool* moves to exclude the opening report of Hock and related testimony regarding when and if sales were made because it is not credible, it is outside of Hock's expertise, and ***it would be confusing to the jury***. ***The Court agrees with PacTool*** and finds that Hock's opening report improperly invades the province of the jury to find facts that are at issue." *PacTool Int'l* at 4.<br><br>"Tarkany [technical expert], however, may not testify regarding pure issues of law, such as obviousness, inventorship, and derivation. [i.e. questions of validity]" *PacTool* at 5. |

| | | | | |
|---|---|---|---|---|
| 8, 9, 13, 20 | *Crow Tribe of Indians v. Racicot*, 87 F.3d 1039, 1045 (9th Cir. 1996). | "Experts may not testify to legal conclusions, even if couched as factual opinions." | Case exists. Text Defendants quote, however, is a fabrication (the quoted text is not contained in this case). | Quotation is actually a summary. Actual quote from *Crow Tribe* in the citation is below: <br><br> "Expert testimony is not proper for issues of law. 'Experts 'interpret and analyze factual evidence. They do not testify about the law.'" <br> *Crow Tribe of Indians v. Racicot*, 87 F.3d 1039, 1045 (9th Cir. 1996) (citing *United States v. Brodie*, 858 F.2d 492, 496 (9th Cir. 1988) (quoting *United States v. Curtis*, 782 F.2d 593, 599). <br> This proposition is also supported by *Burkhart*, cited later in the brief: "expert testimony couched in terms of a 'legal conclusion' is not helpful to the jury" <br> *Burkhart v. WMATA*, 112 F.3d 1207, 1213 (D.C. Cir 1997) |
| 8 | *Cordis v. Boston Scientific Corp.*, 561 F.3d 1319, 1332 (Fed. Cir. 2009), | Likewise, the Federal Circuit in Cordis v. Boston Scientific Corp., 561 F.3d 1319, 1332 (Fed. Cir. 2009), confirmed that experts may not opine on "ultimate issues of law such as validity, enforceability, or inequitable conduct." | Case exists. Text Defendants quote, however, is a fabrication (the quoted text is not contained in this case). | Quotation is actually a summary of a different Federal Circuit case cited on the same page of the brief, *Sundance, Inc. v. DeMonte Fabricating Ltd.*, 550 F.3d 1356. <br><br> "We have on several occasions upheld a district court's exclusion of testimony by a patent law expert. *See, e.g., Medtronic Inc. v. Intermedics, Inc.*, 799 F.2d 734, 741 (Fed.Cir.1986) (determining no abuse of discretion where trial court excluded patent law expert's testimony relating to the infringement of the asserted claims); *see also Union Carbide Corp. v. Am. Can Co.*, 724 F.2d 1567, 1572 (Fed.Cir.1984) (agreeing with a district court that gave little weight to the opinion of a former patent attorney with no "expertise as to the scope of the field of endeavor of the inventions of the patents in suit or as to what other fields are analogous art"); *Endress + Hauser, Inc. v. Hawk Measurement Sys. Pty. Ltd.*, 122 F.3d 1040, |

| | | | | |
|---|---|---|---|---|
| | | | | 1042 (Fed.Cir. 1997) ("Indeed, this court has on numerous occasions noted the impropriety of patent lawyers testifying as expert witnesses and giving their opinion regarding the proper interpretation of a claim as a matter of law, the ultimate issue for the court to decide.").<br><br>*Sundance, Inc. v. DeMonte Fabricating Ltd.,* 550 F.3d 1356, **1363** (Fed. Cir. 2008) |
| 8-9, 11, 16 | *United States v. Bilzerian*, 926 F.2d 1285, 1294 (2d Cir. 1991). | *See Bilzerian*, 926 F.2d at 1294 ("Expert legal testimony may give an aura of authority that prejudices the jury."). A law professor's assertion that Defendants acted in "bad faith" carries an imprimatur of authority that jurors are unlikely to discount. *See Bilzerian*, 926 F.2d at 1294. | Case exists.<br><br>Text Defendants quote, however, is a fabrication (the quoted text is not contained in this case). Proposition is also not supported. Case does not discuss expert testimony in the context of Rule 403. | The quotation marks were erroneously added. The actual phrase is a summary of the extended discussion on pages 1294-1296 of *Bilzerian*<br><br>"As a general rule an expert's testimony on issues of law is inadmissible" *Bilzerian* at 1294.<br><br>"…Judge Ward excluded this proof because it related directly to the issue of whether Bilzerian's actual 13D disclosures complied with the legal requirements. Thus, the expert testimony would have constituted an impermissible instruction on governing law." *Bilzerian* at 1295.<br><br>"These cases establish that although an expert may opine on an issue of fact within the jury's province, he may not give testimony stating ultimate legal conclusions based on those facts." *Bilzerian* at 1294.<br><br>"Although testimony concerning the ordinary practices in the securities industry may be received to enable the jury to evaluate a defendant's conduct against the standards of accepted practice, testimony encompassing an ultimate legal conclusion based upon the facts of the case is not admissable, and may not be made so simply because it is presented in terms of industry practice. " *Bilzerian* at 1295. |

| | | | | |
|---|---|---|---|---|
| | | | | |
| 9, 14 | *Micro Chem., Inc. v. Lextron, Inc.*, 317 F.3d 1387, 1392 (Fed. Cir. 2003). | *See Micro Chem., Inc. v. Lextron, Inc.*, 317 F.3d 1387, 1392 (Fed. Cir. 2003) (expert's "ipse dixit" assertions about reasonableness of conduct were inadmissible). | Case exists. Text Defendants quote, however, is a fabrication (the quoted text is not contained in this case). Proposition not supported. Case does not address the Washington Troll Act, § 285, or the issue of bad faith. It also does not address whether any expert opined on a legal question. Instead, it upheld the testimony of a damages expert on reasonable royalties. | This citation is incorrect. It should have been a citation to *General Elec. Co. v. Joiner*, 522 U.S. 136, **146** (1997) which was cited elsewhere in the brief. "But nothing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert. A court may conclude that there is simply too great an analytical gap between the data and the opinion proffered. *See* Turpin v. Merrell Dow Pharmaceuticals, Inc. , 959 F. 2d 1349, 1360 (CA6), cert. denied, 506 U. S. 826 (1992). That is what the District Court did here, and we hold that it did not abuse its discretion in so doing." *Gen. Elec.* at 146. |

| 10 | *Burkhart v. WMATA*, 112 F.3d 1207, 1213 (D.C. Cir 1997)  *Burkhart v. WMATA* at 1212–13 | The Court must be the "exclusive expositor of the law." *Burkhart v. WMATA*, 112 F.3d 1207, 1213 (D.C. Cir 1997). *See Burkhart v. WMATA* at 1212–13 (expert testimony <span style="color:red">"telling the jury what result to reach"</span> is inadmissible); | Case exists. Text Defendants quote, however, is a fabrication (the quoted text is not contained in this case). | First quotation is actually a summary of *Burkhart*. Second quotation highlighted in red exists. Plaintiff is incorrect.  "The Sixth Circuit's distinction between legal conclusions and factual opinions is consistent with the notes accompanying Rule 704 which explain that the rule does not permit 'opinions which would merely tell the jury what result to reach' or which are 'phrased in terms of inadequately explored legal criteria.'" *Burkhart v. WMATA*, 112 F.3d 1207, 1212 (D.C. Cir 1997)  Expert testimony that consists of legal conclusions cannot properly assist the trier of fact in either respect, and thus it is not "otherwise admissible." See Torres v. County of Oakland, 758 F.2d 147, 150 (6th Cir. 1985) (holding that expert testimony couched in terms of a "legal conclusion" is "not helpful to the jury"); see also Weston v. WMATA, 78 F.3d 682, 684 n. 4 (D.C. Cir. 1996) (stating that "legal conclusions on domestic law ... are outside [an expert] witness' area of expertise"). *Burkhart* at 1212. |
| 10, 16 | *Amazon.com, Inc. v. Personal Web Technologies*, LLC, No. C14-01375 BLW, 2020 WL 3515051 (W.D. Wash. June 29, 2020) | This Court's precedent supports exclusion. In *Amazon.com, Inc. v. Personal Web Technologies*, LLC, No. C14-01375 BLW, 2020 WL 3515051 (W.D. Wash. June 29, 2020), the court excluded expert analysis that "instruct[ed] the jury on the meaning and application of governing law." | This opinion does <u>not</u> exist, thus text Defendants quote from case is a fabrication. | The *Amazon.com, Inc. v. PersonalWeb Technologies* case and opinion exists but the correct citation is Case No. 5:18-cv-00767, Dkt. 174 (N.D. Cal. Feb. 3, 2020). The quoted language is actually a summary, not a quote, and the *Amazon.com, Inc.* case should not have been cited for that summary. The cases that should have been cited for this summary are *Bilzerian* at 1303 and *Marx* at 510 (from the brief), which excluded an expert's testimony based on impermissible instruction in the meaning and application of governing law.  "There was no error in excluding Spencer's testimony regarding the |

| | | | | |
|---|---|---|---|---|
| | | | | meaning of the phrase "personal funds" in a Schedule 13D, as it was an impermissible instruction on governing law." *United States v. Bilzerian*, 926 F.2d 1285, 1303 (2d Cir. 1991).<br><br>"Moreover, it would not have been possible to render this testimony admissible by qualifying Friedman as an "expert in contract law." It is not for witnesses to instruct the jury as to applicable principles of law, but for the judge." *Marx & Co. v. Diners Club Inc.*, 550 F.2d 505, 509-510 (2d Cir. 1977). |
| 10 | *See Marx & Co.,* 550 F.2d at 509-12 | | Case exists. Proposition not supported. This case does not deal with the admissibility of expert witness testimony advocating for policy change. | This is not pointing out any error. Plaintiff is simply putting advocacy into the chart.<br><br>*Marx* stands for the following:<br><br>"…[E]xpert testimony on law is excluded because the tribunal does not need the witness' judgment. . . [T]he *judge* (or the jury as instructed by the judge) can determine equally well. . . The special legal knowledge of the judge makes the witness' testimony superfluous. Construction [of a contract] is always a matter of law for the Court. *Accord,* Loeb v. Hammond, 407 F.2d 779 (7th Cir. 1969) (testimony of attorney on legal significance of documents was properly excluded). "The question of interpretation of the contract is for the jury and the question of legal effect is for the judge. In neither case do we permit expert testimony." *Marx & Co.,* 550 F.2d at 510. |

| | | | | |
|---|---|---|---|---|
| 10 | *Bausch & Lomb, Inc. v. Alcon Labs, Inc.*, 79 F. Supp 2d 252 (W.D.N.Y 2000) | *Bausch & Lomb, Inc. v. Alcon Labs, Inc.*, 79 F. Supp 2d 252 (W.D.N.Y 2000) (excluding expert testimony that advocated for a change of policy at the USPTO regarding the handling of applications). | Case exists. Proposition not supported. This case has nothing to do with the admissibility of expert witness testimony advocating for policy change.<br>Rather, the case stands for the general proposition that "generalized testimony about 'problems' in the PTO is not admissible." *Bausch & Lomb*, 79 F. Supp. 2d at 255–56. | This is not pointing out any error. Plaintiff is simply putting advocacy into the chart.<br><br>Prof. Gugliuzza's extended critiques of Federal Circuit precedent and failures of the current system mirror the testimony of Expert Patent attorney Robert L. Harmon and his critiques of issues at the patent office in *Bausch & Lomb*. Criticism is a form of advocacy that the *Bausch & Lomb* court held to be inadmissible expert testimony. |
| 10 | *Diamondback Industries, Inc. v. Repeat Precision, LLC*, No. 6:19-cv-00034-ADA (W.D. Tex. June 27, 2019) | In *Diamondback Industries, Inc. v. Repeat Precision, LLC*, No. 6:19-cv-00034-ADA (W.D. Tex. June 27, 2019), the court barred legal expert Bryan Garner from interpreting contracts and legal canons. The court held that such opinions "invade the province of the Court." *Id*. | This opinion does <u>not</u> exist, thus text Defendants quote from case is a fabrication. | Opinion does exist, but the cited date was wrong. It was actually issued August 20, 2019.<br><br>"Mr. Garner's opinions are nothing more than his own legal conclusion regarding the meaning of the License terms. And that is exclusively the province of this Court." *Diamondback Industries, Inc. v. Repeat Precision, LLC*, Case No. 6:19-cv-00034-ADA, Dkt. 84 at 5 (W.D. Tex. **August 20, 2019**).<br><br>"province of the…court" language is also found in *Bausch & Lomb, Inc* (cited above) at 255. |
| 11 | *Primiano v. Cook*, 598 F.3d 558, 564–65 (9th Cir. 2010) | *Primiano v. Cook*, 598 F.3d 558, 564–65 (9th Cir. 2010) ("The expert's opinion must have a reliable basis in the knowledge and experience of his discipline and be relevant to the task at hand."). | Case exists. Quoted language is partially incorrect. The correct quotation is "Expert opinion testimony is relevant if the knowledge underlying it has a valid connection to the pertinent inquiry. And it is reliable if the knowledge underlying it has a reliable basis in the knowledge and experience of the relevant discipline." | Quotation marks were mistakenly inserted. |

| | | | | |
|---|---|---|---|---|
| 11 | *Fortune Dynamic, Inc. v. Victoria's Secret Stores Brand Mgmt., Inc.*, 618 F.3d 1025, 1043 (9th Cir. 2010). | The Ninth Circuit has likewise held that expert testimony fails the *fit* requirement when "the jury is fully capable of making the determination without assistance." *Fortune Dynamic, Inc. v. Victoria's Secret Stores Brand Mgmt., Inc.*, 618 F.3d 1025, 1043 (9th Cir. 2010). | Case exists. Quoted language not found within case. Proposition generally correct. "More important, Fueroghne's opinion does not 'assist' the jury because the jury is well equipped 'to determine intelligently and to the best possible degree' the issue of trademark usage 'without enlightenment from those having a specialized understanding of the subject involved in the dispute.'" *Id.* at 1040–41 (citation omitted). | Quotation marks were unintentionally added and page numbers were slightly off. Opposing counsel admits that the case stands for the proposition. |
| 13 | *Mukhtar v. Cal. State Univ., Hayward*, 299 F.3d 1053, 1066 n.10 (9th Cir. 2002) | | Case exists. Subsequent overruling by *United States v. Bacon*, 979 F.3d 766 (9th Cir. 2020) not acknowledged in Defendants' brief. | Case exists and was properly cited. *Bacon* did not overrule the general principle cited in footnote 10 of *Mukhtar* for which it was cited in Plaintiff's brief. *Bacon* simply overruled *Mukhtar's* holding that *Daubert* error *always* required a new trial:<br><br>"Thus, applying section 2106, we hold that when a panel of this Court concludes that the district court has committed a non-harmless *Daubert* error, the panel has discretion to impose a remedy "as may be just under the circumstances." *Id.* Circumstances may require a new trial in some instances; circumstances may dictate a limited remand in others. Of course, the discretion of a panel is not unfettered. The normal rules of appellate review of evidentiary decisions still apply. And nothing in our decision removes *Daubert*'s important gatekeeping function." *United States v. Bacon*, 979 F.3d 766, 770 (9th Cir. 2020).<br><br>This holding did nothing to touch footnote 10 of *Mukhtar*, which held that "However, |

| | | | | an expert witness cannot give an opinion as to her *legal conclusion, i.e.,* an opinion on an ultimate issue of law. *E.g.,* <u>McHugh v. United Serv. Auto. Ass'n, 164 F.3d 451, 454 (9th Cir.1999)</u>; <u>United States v. Duncan, 42 F.3d 97, 101 (2d Cir.1994)</u> ("When an expert undertakes to tell the jury what result to reach, this does not *aid* the jury in making a decision, but rather attempts to substitute the expert's judgment for the jury's.")." *Mukhtar v. Cal. State Univ., Hayward*, 299 F.3d 1053, 1066 n.10 (9th Cir. 2002 |