HON. JAMAL N. WHITEHEAD

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| VALVE CORPORATION, | Case No. 2:23-cv-1016-JNW |
| Plaintiff, | |
| v. | **VALVE CORPORATION'S SURREPLY IN SUPPORT OF ITS OPPOSITION TO DEFENDANTS' *DAUBERT* MOTIONS (DKT. 145)** |
| LEIGH ROTHSCHILD, ROTHSCHILD BROADCAST DISTRIBUTION SYSTEMS, LLC, DISPLAY TECHNOLOGIES, LLC, PATENT ASSET MANAGEMENT, LLC, MEYLER LEGAL, PLLC, AND SAMUEL MEYLER, | **ORAL ARGUMENT REQUESTED** |
| | NOTE ON MOTION CALENDAR: **November 21, 2025** |
| Defendants. | |
| | Complaint Filed:    07/07/2023 |

VALVE'S SURREPLY TO ITS OPPOSITION TO DEFENDANTS' *DAUBERT* MOTION (DKT. 145)
CASE NO. 2:23-CV-1016

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

1    The Court should strike Defendants' Exhibits A–C to their Reply in support of their
2    Motion to Exclude under *Daubert* (Dkts. 167-1–167-3).

3    After signing and filing a *Daubert* motion with widespread artificial intelligence ("AI")
4    hallucinations (Dkt. 136), Defendants' counsel filed an "Open Letter of Apology to the Court"
5    largely placing the blame on a junior contract attorney who has not appeared in the case and who
6    did not sign the AI-filled motion. Dkt. 158. Then, with their reply brief, Defendants filed:

- a "Corrected Opening *Daubert* Brief" (Dkt. 167-3);[1]
- a chart giving Defendants' "explanations for each erroneous citation" (Dkt. 167-1); and
- print-outs of all cases cited in the "Corrected Opening *Daubert* Brief," including the new cases (Dkt. 167-2).

Defendants filed these materials (collectively, the "New Materials") without withdrawing their original motion or seeking leave of Court to file a corrected brief under LCR 7(m).[2]

By filing the New Materials with their Reply, Defendants' improperly deprived Valve of the opportunity to respond to their "corrected" arguments and citations. *See Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief."). Moreover, Defendants' "corrected" brief was filed 25 days **after** the deadline for Daubert motions. Dkt. 106 at 2.

Defendants admit their original *Daubert* brief contained AI hallucinations (Dkt. 158)—a violation of both Rule 11 and the rules of professional conduct. Dkt. 152 at 2. As lead counsel acknowledges, the fact that those hallucinations were put into the brief by an unnamed junior contract attorney makes no difference. *See, e.g.*, Fed. R. Civ. P 11(b); Washington RPC 5.1; WSBA Advisory Opinion 2025-05[3] at 10 (discussing "a lawyer's duty to supervise other lawyers and nonlawyers" in the use of AI tools, including "independent contractors … assisting a lawyer

---

[1] Defendants filed the "Corrected Opening Brief" in a redline PDF, so it is impossible to accurately count the words therein using a word-processing system. LCR 7(e)(6). But it appears to contain approximately 4,850 words—650 words more than the proscribed word limit. It does not include a certification that it complies with LCR 7(e)(6).

[2] Nor did Defendants comply with the procedural requirements of that rule. *See, e.g.*, LCR 7(m) (requiring, *e.g.*, specification of corrections by page and line number).

[3] Available at https://ao.wsba.org/print.aspx?ID=1713.

VALVE'S SURREPLY TO ITS OPPOSITION TO
DEFENDANTS' *DAUBERT* MOTION (DKT. 145)   - 1 -
CASE NO. 2:23-CV-1016

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA  98101
(206) 467-9600

with a client's work"); *see also* ABA Ethics Opinion 512[4] at 10.[5] Allowing Defendants to replace their AI-laden brief after the fact would reward their admittedly inappropriate behavior. The New Materials should be stricken as procedurally improper.

The New Materials should be stricken for the additional reason that they still contain inaccurate quotations and citations to caselaw. For example, Defendants now aver that "[i]n *PacTool*, Judge Settle excluded expert testimony that offered legal opinions on claim interpretation and patent validity." Dkt. 167-3 at 4. That is false. The 2012 *PacTool* order that Defendants now cite (as opposed to the nonexistent 2009 order they cited previously) does not address claim interpretation. *See generally* Dkt. 167-2 at 2–8 (permitting testimony on "certain aspects of the prior art and its relevance in this case"). Defendants also purport to quote that order for the statements, "interpreting the law is the Court's responsibility" (Dkt. 167-3 at 9) and "parrot counsel's arguments" (*id*. at 15). Neither quote exists. *See generally* Dkt. 167-2 at 2–8.

The New Materials also continue to include fabricated, nonexistent quotes from the reports of Valve's expert witnesses, Professor Gugliuzza and Ms. Schenk. Defendants have never acknowledged, explained, or apologized for these (presumably) AI-created artifacts in their motion. Dkt. 152 at 3, 9–10; Dkt. 167-3 at 6 (still including false quote "fits the statutory definition of bad-faith patent enforcement" and incorrectly saying Professor Gugliuzza discusses *Octane Fitness*), 13 (still including false quote "understands to be reasonable"). Valve remains concerned that Defendants violated the Court's Protective Order by running Valve's Confidential

---

[4] Available at https://www.americanbar.org/content/dam/aba/administrative/professional_responsibility/ethics-opinions/aba-formal-opinion-512.pdf.

[5] Defendants' lead counsel, Joseph Zito, represents that he is barred in both Maryland and the District of Columbia. *See* https://dnlzito.com/joe-zito.  Both jurisdictions have similar ethical obligations. *See* Maryland Attorneys' Rules of Professional Conduct, Rule 19-305.1 ("An attorney having direct supervisory authority over another attorney shall make reasonable efforts to ensure that the other attorney conforms to the Maryland Attorneys' Rules of Professional Conduct."); D.C. Legal Ethics Opinion 388, available at https://www.dcbar.org/For-Lawyers/Legal-Ethics/Ethics-Opinions-210-Present/Ethics-Opinion-388 ("Current GAI for a general audience is not a reliable substitute for traditional fact- and cite-checking, and lawyers who blindly rely on outputs produced by GAI do so at considerable peril.").

VALVE'S SURREPLY TO ITS OPPOSITION TO
DEFENDANTS' *DAUBERT* MOTION (DKT. 145)
CASE NO. 2:23-CV-1016

- 2 -

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA  98101
(206) 467-9600

information through a public AI model, which counsel for Defendants did not address in their letter to the Court. Dkt. 152 at 2 n.1.

Valve respectfully request that the Court should strike Exhibits A–C to the Reply in support of Defendants' Motion to Exclude under *Daubert* (Dkts. 167-1–167-3).[6]

DATED: November 26, 2025

Respectfully submitted,

KILPATRICK TOWNSEND & STOCKTON LLP

By:  /s/ *Dario A. Machleidt*
Dario A. Machleidt (State Bar No. 41860)
Kathleen R. Geyer (State Bar No. 55493)
Christopher P. Damitio (State Bar No. 58633)
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
Telephone: (206) 467-9600
dmachleidt@kilpatricktownsend.com
kgeyer@kilpatricktownsend.com
cdamitio@kilpatricktownsend.com

David A. Reed (*pro hac vice*)
100 Peachtree Street NE, Suite 2800
Atlanta, GA 30309
Telephone: (404) 745-2548
dreed@ktslaw.com

Marianthi Karas (*pro hac vice*)
1801 Century Park East, Ste. 2300
Los Angeles, CA 90067 USA
Telephone: (310) 777 3732
mkaras@ktslaw.com

Attorneys for Plaintiff
VALVE CORPORATION

I certify that this memorandum contains 833 words, in compliance with the Local Civil Rules.

---

[6] Valve reserves the right to seek sanctions for Defendants' use of AI and protective order violations in later briefing and invites any guidance the Court wishes to provide on the timing of any such briefing.

VALVE'S SURREPLY TO ITS OPPOSITION TO DEFENDANTS' *DAUBERT* MOTION (DKT. 145)
CASE NO. 2:23-CV-1016

- 3 -

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA  98101
(206) 467-9600

**CERTIFICATE OF SERVICE**

I hereby certify that on November 26, 2025, I served the within via the Court's CM/ECF system to all counsel who are registered participants identified on the Mailing Information for C.A. No. 2:23-cv-1016.

/s/ Dario A. Machleidt
Dario A. Machleidt

VALVE'S SURREPLY TO ITS OPPOSITION TO
DEFENDANTS' *DAUBERT* MOTION (DKT. 145)     - 4 -
CASE NO. 2:23-CV-1016

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600