UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VALVE CORPORATION, | CASE NO. 23-cv-1016 |
| Plaintiff, | ORDER ON DISCOVERY MOTIONS |
| v. | |
| LEIGH ROTHSCHILD, ROTHSCHILD BROADCAST DISTRIBUTION SYSTEMS, LLC, DISPLAY TECHNOLOGIES, LLC, PATENT ASSET MANAGEMENT, LLC, MEYLER LEGAL, PLLC, AND SAMUEL MEYLER, | |
| Defendants. | |

## 1. INTRODUCTION

This matter comes before the Court on Plaintiff Valve Corporation's Motion to Compel, Dkt. No. 83, and the Parties' LCR 37 Joint Submission, Dkt. No. 113. Having reviewed the motion, submission, the reply to the motion, Dkt. No. 115, and all other relevant records, the Court GRANTS both the motion and the relief requested by Valve in the Submission.

ORDER ON DISCOVERY MOTIONS - 1

## 2. BACKGROUND

Valve sued Defendants, alleging they violated the Washington Patent Troll Prevention Act (WPTPA), RCW § 19.350, et seq. Dkt. No. 1. Two months later, three entities that Valve contends are controlled by Defendant Rothschild filed patent infringement suits against Valve in the U.S. District Court for the Eastern District of Texas. Those lawsuits have since been resolved, but they figure in the discovery disputes now before the Court.

The motion and joint submission present two sets of disputes. Valve's Motion to Compel, Dkt. No. 83, seeks financial records, a response to a validity contention interrogatory, and review of documents responsive to proposed Electronically Stored Information ("ESI") search terms. The LCR 37 Joint Submission, Dkt. No. 113, concerns whether Defendants must produce privilege logs for documents related to the Texas Lawsuits. Defendants did not oppose the Motion to Compel, but they oppose the relief sought in the Joint Submission.

## 3. DISCUSSION

### 3.1   Legal standard.

A party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case," among other considerations. Fed. R. Civ. P. 26(b)(1). Whether discovery is proportional to the needs of the case hinges on "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in

resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.* Rule 37 of the Federal Rules of Civil Procedure "authorizes the propounding party to bring a motion to compel responses to discovery." *Bryant v. Armstrong*, 285 F.R.D. 596, 600 (S.D. Cal. 2012). The opposing parties have the "burden of resisting disclosure." *Id.* (citing *Miller v. Pancucci*, 141 F.R.D. 292, 299 (C.D. Cal. 1992)).

The parties must also meet and confer to try to resolve the dispute before seeking assistance of the Court and so certify. *See* Local Civil Rule 37(a)(1). The Court is satisfied that the Parties have conferred as to both motions.

**3.2    Motion to Compel.**

Valve first moves to compel Defendants' responses to Request for Production (RFP) Nos. 34, 35, and 37; Interrogatory No. 5; and ESI Search Terms. Dkt. No. 83. Defendants failed to respond to the motion, which "may be considered by the court as an admission that the motion has merit." LCR 7(b)(2). The Court discusses each discovery request below.

**3.2.1    RFP Nos. 34, 35, and 37.**

Valve argues that RFP Nos. 34, 35, and 37 "seek targeted financial discovery" that relate to whether Defendants violated the WPTPA "by asserting a patent claim against Valve in bad faith." Dkt. No. 83 at 6. Valve claims this financial information is relevant to determining whether any Defendants are "empty shells" that would "shield Rothschild from personal liability," which is relevant to the Court's analysis

ORDER ON DISCOVERY MOTIONS - 3

of whether Defendants' patent suits were brought in bad faith. *Id.* at 6–10. The Court agrees.

In determining whether Defendants' patent infringement suit against Valve was brought in bad faith, the WPTPA allows the Court to consider, among other things, "[a]ny other factor the court determines to be relevant." RCW § 19.350.020(2)(g). Evidence suggesting that Defendant Rothschild intentionally manages a network of undercapitalized companies for issuing threats of patent prosecutions while being shielded from personal liability under state laws like WPTPA undoubtedly is a factor relevant to whether those claims are brought in bad faith.

Thus, the requested financial discovery is relevant to show whether those companies are indeed undercapitalized, whether any transfer of funds is predicated on a subsequent assertion of patent infringement, or whether Defendants have engaged in a pattern of continuing conduct "intended to game the judicial system." *Iris Connex, LLC v. Dell, Inc.*, 235 F. Supp. 3d 826, 851 (E.D. Tex. 2017).

Accordingly, the motion is GRANTED as to RFP Nos. 34, 35, and 37.

### 3.2.2   Interrogatory No. 5.

Valve next seeks complete responses from Defendant Rothschild Broadcast Distribution Systems (RBDS) related to Interrogatory No. 5, which broadly sought information related to RBDS's contention that the '221 Patent claims were not invalid. Dkt. No. 83 at 11; Dkt. No. 84-15 at 4. RBDS objected to the interrogatory on the grounds that it sought "expert opinions, disclosures, or discovery." *Id*. RBDS

is mistaken. Interrogatory No. 5 asks RBDS to clarify the factual basis of its contention that there are differences between the '221 Patent and the prior art identified by Valve in the underlying invalidity dispute. *Id.* The Interrogatory does not seek expert opinion on the contention—rather, it seeks the factual underpinnings of RBDS's contention, which Valve is entitled to under Federal Rule of Civil Procedure 26(b)(1). *See Amgen Inc. v. Sandoz Inc.*, No. 14-CV-04741-RS (MEJ), 2017 WL 1352052, at *2 (N.D. Cal. Apr. 13, 2017) (collecting cases).

Accordingly, the motion is GRANTED as to Interrogatory No. 5.

### 3.2.3 ESI search terms.

Valve also moves to compel the Rothschild Defendants to provide unique hit counts and review documents responsive to Valve's ESI search terms. Dkt. No. 83 at 12. Valve's proposed search terms resulted in around 3,000 responsive documents across the inboxes of Daniel Falcucci, Christina Arias, and Defendant Leigh Rothschild, Defendants' ESI custodians. *Id.* at 13. Valve alleges that Defendants refuse to review the resulting responsive documents. *Id.* at 12.

To the extent that Defendants have not already done so, they must review and produce documents responsive to the terms proposed by Valve. The Rothschild Defendants' objections are overruled. The terms are clearly relevant to Valve's case. The first search term, which includes words like "infringe," "enforce," and "lawsuit," seeks to uncover whether the Rothschild Defendants have engaged in a pattern of asserting patent infringement which is relevant to Valve's WPTPA claim. *See* discussion *supra* Section 3.2.1. And the second term is necessary for Valve to

ORDER ON DISCOVERY MOTIONS - 5

investigate the fruits of the Rothschild Defendants' alleged behavior, including settlement terms (or ad hoc resolutions) discussed via email. Reviewing and potentially producing fewer than 3,200 documents isn't particularly onerous or burdensome, especially when the Rothschild Defendants have not rebutted Valve's contention that the "unique hit counts are likely lower" than those initially disclosed. Dkt. No. 83 at 15. Accordingly, the motion is GRANTED as to the ESI search terms.

### 3.3 LCR 37 Joint Submission.

Valve seeks privilege logs from Defendants related to three lawsuits between Valve and Rothschild-related entities filed in the U.S. District Court for the Eastern District of Texas shortly after this lawsuit began. Dkt. No. 113. The parties' ESI Order is relevant to this request. It provides that parties need not log privileged materials generated after the complaint was filed "except upon a showing of good cause." Dkt. No. 51 § E.3. Valve invokes this exception. Defendants' position is less than clear—they variously argue that the Texas Lawsuit materials are irrelevant, that Valve waived any right to the logs, and that Valve has not shown good cause. No matter how the argument is framed, the Court concludes that Valve has established good cause for production of privilege logs related to the Texas Lawsuits.

The Texas Lawsuits are relevant to Valve's WPTPA claim. As mentioned above, Valve may inquire into "[a]ny other factor the court determines to be relevant" to its WPTPA claim. RCW § 19.350.020(2)(g). This includes information to

show that Defendants initiated the Texas lawsuits "purely for retaliatory reasons and to gain leverage over Valve in this lawsuit," *see* Dkt. No. 113 at 2, which would bolster Valve's claims that Defendants' patent assertions were made in bad faith.

Defendants raise two other objections, but neither is persuasive. Their reliance on *Knorr-Bremse Systeme Fuer Nutzfahrzeuge GmbH v. Dana Corp*, 383 F.3d 1337 (Fed. Cir. 2004), and *In re Tudor Assocs.*, 20 F.3d 115 (4th Cir. 1994), is misplaced—those cases dealt with adverse inferences at trial from privilege assertions, not the logging of privileged documents during discovery. And Defendants' concern that Valve will next seek the privileged documents themselves is premature and speculative; the Court rules only on the request before it.

Accordingly, Defendants must produce a privilege log of documents withheld by Defendants Patent Asset Management and Rothschild (1) between July 7, 2023, and September 18, 2023; and (2) any documents and communications pertaining to settlement negotiations between September 19, 2023, through the present.

**3.4   Attorney's fees.**

Valve seeks its fees incurred in bringing the motion to compel. Dkt. No. 83 at 16. As the successful movant, Valve is entitled to an award of its reasonable expenses incurred in making the motion, including attorney's fees. *See* Fed. R. Civ. P. 37(a)(5)(A), (d)(1)(A)(3). Accordingly, the request is GRANTED. Within twenty-one (21) days of entry of this Order, Valve may seek its fees via a fee petition. Valve must support any petition with a sworn declaration and records sufficient to show counsel's hourly rates, the hours reasonably expended, and any costs related to the

motion to compel, Dkt. No. 83. Because no similar request was made as part of the joint submission, Valve may not include any costs or fees related to preparation of the joint submission in the fee petition.

Upon the filing of Valve's fee petition, Defendants will have seven (7) days to respond and provide any objections. Unless otherwise ordered, Plaintiff may not file a reply.

## 4. CONCLUSION

In sum, the Court ORDERS the following:

1. Valve's Motion to Compel, Dkt. No. 83, is GRANTED. Within twenty-one (21) days of this Order, Defendants are ORDERED to provide Valve with supplemental responses to RFP Nos. 34, 35, and 37, and Interrogatory No. 5 as detailed above. Furthermore, Defendants must review the documents responsive to the discussed search terms and, to the extent they are not duplicative or privileged, must produce them to Valve.

2. Within twenty-one (21) days of this Order, Valve may submit a fee petition and supporting declaration seeking its reasonable expenses incurred in making the motion, including attorney's fees. Upon the filing of Valve's fee petition, Defendants will have seven (7) days to respond and provide any objections.

3. The relief requested by Valve in the Parties' LCR 37(a) Joint Submission is GRANTED. Within twenty-one (21) days of this Order, Defendants must produce a privilege log of documents withheld by

Defendants Patent Asset Management and Rothschild (1) between July 7, 2023, and September 18, 2023; and (2) any documents and communications pertaining to settlement negotiations between September 19, 2023, through the present.

The Court regrets the delay in resolving these disputes.

Dated this 10th day of December, 2025.

Jamal N. Whitehead
United States District Judge