HON. JAMAL N. WHITEHEAD

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| VALVE CORPORATION, | Case No. 2:23-cv-1016 |
| Plaintiff, | |
| v. | **VALVE CORPORATION'S MOTIONS *IN LIMINE*** |
| LEIGH ROTHSCHILD, ROTHSCHILD BROADCAST DISTRIBUTION SYSTEMS, LLC, DISPLAY TECHNOLOGIES, LLC, PATENT ASSET MANAGEMENT, LLC, MEYLER LEGAL, PLLC, AND SAMUEL MEYLER, | NOTE ON MOTION CALENDAR: **January 23, 2026** |
| Defendants. | Complaint Filed:        07/07/2023 |

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA  98101
(206) 467-9600

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## <u>TABLE OF CONTENTS</u>

**Page(s)**

I.    MIL NO. 1: PRECLUDE DEFENDANTS FROM
      INTRODUCING EVIDENCE OR MAKING ARGUMENTS
      ON ISSUES WHERE THEY FAILED OR REFUSED TO
      PROVIDE DISCOVERY ............................................................................................1

    A.    Defendants' failure to answer
            interrogatories ..................................... …………………………………….2

    B.    Defendants' failures to provide information during
            depositions ............................................................. ……………………4

    C.    Defendants' discovery violations were not substantially justified or
            harmless .................................................................................... ……..4

II.   MIL NO. 2: EXCLUDE ROTHSCHILD DEFENDANTS
      FROM INTRODUCING EVIDENCE OR MAKING
      ARGUMENTS RELATED TO UNDISCLOSED THEORIES
      OF "GOOD FAITH" AND "BAD FAITH" ....................................................6

III.  MIL NO. 3: PRECLUDE THE MEYLER DEFENDANTS
      FROM INTRODUCING EVIDENCE OR MAKING
      ARGUMENTS REGARDING ANY ALLEGED DUE
      DILIGENCE ............................................................................................7

IV.   MIL NO. 4: PROHIBIT ROTHCHILD DEFENDANTS FROM
      INTRODUCING EVIDENCE OR MAKING ARGUMENT
      RELATED TO IRRELEVANT ISSUES ROTHSCHILD
      RAISED IN DEPOSITIONS ......................................................................9

V.    MIL NO. 5: PRECLUDE ARGUMENT OR EVIDENCE
      RELATED TO DEFENDANTS' ABANDONED BREACH OF
      CONTRACT CLAIM ...............................................................................10

VI.   MIL NO. 6: THE PARTIES CAN DISCUSS THE '221
      PATENT COUNTERCLAIM, INCLUDING THE COURT'S
      DISMISSAL WITH PREJUDICE ...............................................................11

VII.  MIL NO. 7: LIMITING DEFENDANTS' ARGUMENTS AND
      EVIDENCE RELATING TO ALLEGED VALIDITY OF THE
      '221 PATENT ........................................................................................13

VIII. MIL NO. 8: PRECLUDE DEFENDANTS FROM
      INTRODUCING EVIDENCE OR MAKING ARGUMENTS
      RELATED ONLY TO LEGAL ISSUES......................................................14

IX.   MIL NO. 9: PRECLUDE ARGUMENTS OR EVIDENCE
      RELATED TO LEGALLY INCORRECT STATEMENTS
      THAT A LICENSE IS EVIDENCE OF USE OF A PATENT ....................16

VALVE'S MOTIONS IN LIMINE
CASE NO. 2:23-CV-1016                                    - i -

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA  98101
(206) 467-9600

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Am. Title Ins. Co. v. Lacelaw Corp.*,
  861 F.2d 224 (9th Cir. 1988)............................................................................................. 11

*Apotex, Inc. v. Cephalon, Inc.*,
  No. 2:06-cv-2768, 2015 WL 12645745 (E.D. Pa. May 26, 2015)........................................... 7

*Apple, Inc. v. Samsung Elecs. Co.*,
  No. 12-CV-00630-LHK, 2014 WL 660857 (N.D. Cal. Feb. 20, 2014)................................... 6

*Aradon v. Snohomish County*,
  No. C20-1665-RSM-DWC, 2023 WL 3791792 (W.D. Wash. June 2, 2023),
  *reconsideration denied*, No. C20-1665-RSM, 2023 WL 4106039 (W.D. Wash.
  June 21, 2023) ........................................................................................................................ 2

*Asad v. Experian Info. Sols., Inc.*,
  No. 2:22-CV-06412-JLS-RAO, 2024 WL 4800070 (C.D. Cal. Sept. 8, 2024) ..................... 15

*Bunch v. Pac. Cycle, Inc.*,
  No. 4:13-CV-0036-HLM, 2015 WL 11622952 (N.D. Ga. Apr. 27, 2015)............................. 9

*Chevron Corp. v. Pennzoil Co.*,
  974 F.2d 1156 (9th Cir. 1992)............................................................................................... 8

*Collister Alley Music, Inc. v. Warner Bros. Recs. Inc.*,
  No. 96 CIV. 1762 LLM HBP, 1997 WL 198081 (S.D.N.Y. Apr. 22, 1997)........................ 17

*Daniels v. Cortez*,
  No. 01-18-00086-CV, 2019 WL 3022973 (Tex. App. July 11, 2019)................................... 16

*GSI Tech., Inc. v. United Memories, Inc.*,
  No. 5:13-cv-01081-PSG, 2016 WL 3035699 (N.D. Cal. May 26, 2016) ........................ 11, 13

*Jha v. Chi. Title Ins. Co.*,
  No. 2:23-cv-00584, 2025 WL 2733666 (W.D. Wash. Sept. 25, 2025)................................... 5

*Madrigal v. Allstate Indem. Co.*,
  No. CV 14-4242 SS, 2015 WL 12748277 (C.D. Cal. Nov. 5, 2015)..................................... 4

*McCoy v. Mennerich*,
  584 F. Supp. 3d 635 (S.D. Ill. 2022) ..................................................................................... 9

*MS Amlin Marine NV v. Delta Marine Indus. Inc.*,
  348 F.R.D. 658 (W.D. Wash. 2025), *reconsideration denied*, No. 2:23-cv-14,
  2025 WL 388926 (W.D. Wash. Feb. 4, 2025) ........................................................................ 5

VALVE'S MOTIONS IN LIMINE
CASE NO. 2:23-CV-1016

- ii -

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA  98101
(206) 467-9600

*Park v. State Farm Fire & Cas. Co.*,
  No. 2:23-CV-01564-TL, 2025 WL 860812 (W.D. Wash. Mar. 19, 2025) ............................. 5

*Reactive Surfaces, Ltd., LLP v. Toyota Motor Corp.*,
  No. 1:14-CV-1009-LY, 2015 WL 4876810 (W.D. Tex. Aug. 13, 2015) ............................. 15

*Riddell v. SB&C, Ltd.*,
  No. 21-CV-01134-LK, 2022 WL 16923383 (W.D. Wash. Nov. 14, 2022) ........................... 6

*Safeco Ins. Co. of Am. v. JMG Rests., Inc.*,
  37 Wash. App. 1 (1984). Defendants' Pretrial Statement ......................................... 15

*Seoul Semiconductor Co., Ltd v. Bed Bath & Beyond, Inc.*,
  No. CV 18-3837 PSG, 2022 WL 19250349 (C.D. Cal. June 29, 2022) ............................. 9

*Swinomish Indian Tribal Cmty. v. BNSF Ry. Co.*,
  No. C15-0543RSL, 2016 WL 2610247 (W.D. Wash. May 6, 2016) ................................ 8

*United States v. Wilson*,
  720 F.2d 608 (9th Cir. 1983).......................................................................... 7

*WiAV Solutions LLC v. Motorola, Inc.*,
  631 F.3d 1257 (Fed. Cir. 2010)....................................................................... 15

*Yeti by Molly v. Deckers Outdoor Corp.*,
  259 F.3d 1101 (9th Cir. 2001)......................................................................... 4

*Zamora v. BMW of N. Am., LLC*,
  No. CV 20-838-KS, 2022 WL 17061082 (C.D. Cal. Sept. 13, 2022) ................................ 15

**Statutes**

28 U.S.C. § 1338 ........................................................................................ 15

28 U.S.C. § 2201 ........................................................................................ 15

RCW 19.30.020(5) ........................................................................................ 6

RCW 19.350.020(2)(g) .................................................................................. 12

RCW 19.350.020(4)(b)(ii) ................................................................................ 6

**Other Authorities**

Fed. R. Civ. P. 37(c)(1)................................................................................. 2

Fed. R. Evid. 402 .................................................................................... 14, 15

Fed. R. Evid. 403 .................................................................................... 14, 15

VALVE'S MOTIONS IN LIMINE
CASE NO. 2:23-CV-1016
- iii -

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA  98101
(206) 467-9600

1

2

### I.    MIL NO. 1: PRECLUDE DEFENDANTS FROM INTRODUCING EVIDENCE OR MAKING ARGUMENTS ON ISSUES WHERE THEY FAILED OR REFUSED TO PROVIDE DISCOVERY

3

4

5

6

7

8

9

10

11

12

13

Throughout this case, Defendants repeatedly refused to provide relevant information in response to Valve's discovery requests, forcing Valve to file three motions to compel and a motion for discovery sanctions. Dkts. 75, 83, 115, 146. As early as Valve's first motion to compel, the Court noted that "the Rothschild Defendants have engaged in a pattern of delays in responding to Valve's discovery requests." Dkt. 78 at 1–2. Notwithstanding the Court's admonition, Defendants continued to refuse to provide relevant information. They lost both subsequent motions to compel and failed to object or respond to Valve's Third Set of Interrogatories (served on May 13) and Fourth Set of Interrogatories and Third Set of RFPs (served on May 27) until *October 29*—almost two months after the close of fact discovery and during summary judgment briefing. Defendants did not attempt to justify their failures as they did not even oppose one of Valve's motion to compel nor Valve's motion for sanctions. Dkt. 166; Dkt. 175 at 3.

14

15

16

17

18

19

20

21

Defendants' selective engagement in proper discovery extended to Rothschild's deposition. He repeatedly refused to answer questions "on [his] own advice," even though (i) his lawyer did not instruct him to do so and (ii) the questions called for non-privileged, relevant information. *See, e.g.*, Ex. 5 (Rothschild Tr.) at 47:3–21; 253:5–256:11; 263:22–264:15; 283:13– 286:8. Rothschild took the position he would only "answer questions that I deem to be relevant." *Id.*, 285:3-4. Rothschild's maverick approach to discovery in part led to Valve's motions *in limine* (and its prior motions to compel and for sanctions). Setting the rules of trial early will, ideally, prevent Rothschild from inappropriately playing by his own rules.

22

23

24

25

26

Defendants cannot be allowed to benefit from their tactics. In addition to granting Valve's pending motion for sanctions, the Court should preclude Defendants from introducing evidence or making arguments related to every written discovery request and deposition question Defendants refused to answer, and related to every discovery request Defendants failed to respond to during fact discovery.

27

28

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA  98101
(206) 467-9600

**A.      Defendants' failure to answer interrogatories.**

"If a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information . . . to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). "Rule 37(c)(1) is an 'automatic' sanction that prohibits the use of improperly disclosed evidence." *Aradon v. Snohomish County,* No. C20-1665-RSM-DWC, 2023 WL 3791792, at *4 (W.D. Wash. June 2, 2023), *reconsideration denied*, No. C20-1665-RSM, 2023 WL 4106039 (W.D. Wash. June 21, 2023) (quoting *Merch. v. Corizon Health, Inc.*, 993 F.3d 733, 740 (9th Cir. 2021)). Because Defendants refused to answer or only provided incomplete answers to much of Valve's written discovery, the Court should prevent them from providing that undisclosed information for the first time during trial:[1]

- The amount of licensing revenue attributable to the '221 patent because Defendants do "not track licensing revenue . . . on a patent-by-patent basis." Ex. 1 at 15–16 (RBDS Resp. to Interrog. 13); Ex. 2 at 5–6 (PAM Resp. to Interrog. 7).

- Any licensing discussions or revenue from licensing the '221 patent, including the amount of money RBDS initially demanded and the amount of money it ultimately received for any license to the '221 patent, because RBDS stated "it is not obligated to provide information regarding private licensing discussions or revenues beyond the scope of this litigation." Ex. 3 at 11 (RBDS Resp. to Interrog. 16).

- Any "out-of-court communications" where DT has accused another company besides Valve of infringing the '195 or '723 patent because "DT is not presently aware of specific instances" of such communications. Ex. 3 at 20 (DT Resp. to Interrog. 15).

- Demand letters DT has sent to companies alleging infringement of the '195 or '723 patent; whether those letters included a threat of litigation; and whether those letters resulted in a lawsuit, a license, or no action, because DT stated it "is not currently aware of the number or specific details and does not concede that any such communications, if they occurred, would be relevant." Ex. 3 at 20–21 (DT Resp. to Interrogs. 16–18); *id.* at 22–23 (DT Resp. to Interrogs. 19–21).

- Why Rothschild forms companies/businesses to assert patents rather than assert those patents in his own name, because he "decline[d] to respond." Ex. 3 at 26–27 (Rothschild Resp. to Interrog. 12).

---

[1] The following bullets are not an exhaustive list where Defendants (and in particular, Rothschild) failed to meet their discovery obligations.

1

2

3

- The amount of licensing revenue obtained by RBDS or DT that is ultimately provided to Rothschild, because he provided "[n]o further response" other than he "benefits from the collective income of the companies, when it exceeds expenses." *Id.* at 27 (Rothschild Resp. to Interrog. 13).

4

5

- Since 2015, how much Rothschild has received from each of PAM, RBDS, and DT, because he stated no response would be provided. *Id.* (Rothschild Resp. to Interrog. 14).

6

7

8

- What the terms "assert," "asserted," and "asserting" mean as used in the GSLA other than that they are "used in their commonly understood manner in common English usage." *Id.* at 29 (Rothschild Resp. to Interrog. 18).

9

Rothschild should also be precluded from testifying on the following topics where he

10

improperly delineated between his personal knowledge as an individual and his personal

11

knowledge from his work conducted through his various companies:

12

13

- Any prior art searching or diligence performed regarding the validity of the '221 patent because he "states he currently has no recollection of any prior art to the '221 Patent." Ex. 4 at 3-4 (Rothschild Resp. to Interrog 5).

14

15

16

17

- Why SPIS, QTI, and Symbology brought suit in EDTX against Valve because Rothschild stated these "entities brought suit through their own retained counsel in exercise of their independent legal rights, and any decisions regarding the assertion of patent rights were made in the ordinary course of business by or on behalf of the respective companies, not by Rothschild in his individual capacity." Ex. 3 at 25-26 (Rothschild Resp. to Interrog. 10).

18

19

20

21

- The content or substance of any settlement offers or discussions with Valve regarding the Texas lawsuits because Rothschild stated he "was not a party to the Texas lawsuits and is not aware of any specific settlement discussions with Valve that were conducted by or on his behalf in connection with those cases." *Id.* at 32 (Rothschild Resp. to Interrog. 24).

22

Defendants served responses to Valve's Third and Fourth Sets of Interrogatories almost

23

two months after the close of fact discovery. Dkt. 146 at 1–9. Defendants should be precluded

24

from introducing evidence or making arguments based on information contained for the first time

25

in these late-disclosed responses:

26

27

28

- Whether PAM "maintains sufficient capital to pay all current and anticipated debts, including any contingent liabilities that may result from the imposition of any reasonably anticipated court judgements" or information regarding its intellectual property rights assets. Dkt. 148-34 at 2, 3, 7.

VALVE'S MOTIONS IN LIMINE
CASE NO. 2:23-CV-1016

- 3 -

- What was meant by "potential resolution to these claims" in the June 2023 Demand Letter. *Id.* at 4, 29.

- The "Do not sue list." *Id.* at 6; 30.

**B.    Defendants' failures to provide information during depositions.**

Rothschild refused to answer questions during his deposition on topics he deemed to be "irrelevant" based on his own notes prepared without assistance of counsel, despite being designated as a Rule 30(b)(6) witness for all Rothschild Defendants. Dkt. 146 at 4. Defendants should be prevented from introducing testimony on topics during trial where he previously refused to answer Valve's questions. *See Madrigal v. Allstate Indem. Co.*, No. CV 14-4242 SS, 2015 WL 12748277, at *11 (C.D. Cal. Nov. 5, 2015):

- The terms and details of Rothschild's settlement with Constance Kazanjian. Ex. 5 (Rothschild Tr.) at 253:13–17.

- The details of Rothschild's ongoing lawsuit against attorney Lamkin. *Id.* at 281:16–282:3.

- Rothschild's status as the beneficiary of any trusts. *Id.* at 38:7–20.

- Rothschild's personal life, including his family and personal employees. *Id.* at 44:15–22 (Counsel for Rothschild explaining, "he's not going to answer questions related to his personal life . . .").

**C.    Defendants' discovery violations were not substantially justified or harmless.**

Defendants cannot prove that their "failure to disclose the required information is substantially justified or harmless." *Yeti by Molly v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). First, Defendants' refusal to provide discovery was not substantially justified. As this Court's recent order confirmed, the requested discovery is relevant, confirming Defendants had no basis to withhold it. Dkt. 175. Indeed, Defendants' failure to oppose Valve's motions to compel and for sanctions confirms Defendants have no justification for failing to provide the requested discovery.

VALVE'S MOTIONS IN LIMINE
CASE NO. 2:23-CV-1016
- 4 -
Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA  98101
(206) 467-9600

Moreover, Defendants' failure to respond to Valve's Third and Fourth Set of Interrogatories and Third Set of Requests for Production *until two months after the close of fact discovery* was not substantially justified. Defendants had Valve's written discovery requests for months, and Valve notified them and their new counsel of these discovery requests, including by agreeing to requested extensions. Dkt. 148 ¶¶ 27–43. Valve requested to meet and confer to move to compel, but Defendants "disagreed that a motion to compel would be necessary." *Id.* ¶ 36. Despite these representations, Defendants never responded to Valve's outstanding discovery until after Valve informed them it would be moving for discovery sanctions.

Likewise, Rothschild determined himself whether to answer questions at his deposition based on *his* own personal view of relevance and without assistance from counsel, and his decision to change that definition now with trial approaching is not substantially justified. Ex. 5 (Rothschild Tr.) at 47:3–21; 253:13–254:16; 264:3–15.

In sum, all of Defendants' failures were fully within their control, which "is sufficient to demonstrate willfulness, bad faith, or fault" and thus the absence of substantial justification. *Park v. State Farm Fire & Cas. Co.*, No. 2:23-CV-01564-TL, 2025 WL 860812, at *6 (W.D. Wash. Mar. 19, 2025) (citations omitted).

Second, Defendants' failure to provide the requested discovery is not harmless. Defendants' discovery tactics prejudiced Valve's ability to prepare for trial. And given Defendants' belated disclosures, Valve was "unable to cure the prejudice" such as "through additional depositions during or shortly after the discovery window." *MS Amlin Marine NV v. Delta Marine Indus. Inc.*, 348 F.R.D. 658, 679 (W.D. Wash. 2025), *reconsideration denied*, No. 2:23-cv-14, 2025 WL 388926 (W.D. Wash. Feb. 4, 2025); *Jha v. Chi. Title Ins. Co.*, No. 2:23-cv-00584, 2025 WL 2733666, at *2 (W.D. Wash. Sept. 25, 2025) ("The violation of explicit court deadlines is particularly compelling because it undermines judicial case management and creates unfair tactical advantages.").

Discovery has long since closed, summary judgment briefing is complete, and the parties are less than two months away from trial. If Defendants are permitted to provide evidence and

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

1    argument on the topics listed above, Valve will be forced to address these facts for the first time

2    live in trial, despite Valve's diligence in seeking this information during fact discovery.

3    **II.    MIL NO. 2: EXCLUDE ROTHSCHILD DEFENDANTS FROM INTRODUCING EVIDENCE OR MAKING ARGUMENTS RELATED TO UNDISCLOSED THEORIES OF "GOOD FAITH" AND "BAD FAITH"**

4

5    Valve served a contention interrogatory seeking "all factual and legal bases for Your

6    contention that Your assertions of patent infringement against Valve were in good faith" and not

7    in bad faith. Ex. 6 at 3–4; Ex. 7 at 5–6; Ex. 8 at 5–6; Ex. 9 at 3–5; Ex. 10 at 4–6. The Rothschild

8    Defendants served a single answer: responsive information "may be ascertained by reviewing the

9    filings in this matter, including Defendants' Motion to Dismiss Plaintiff's First Amended

10   Complaint (Dkt. 27) and Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint

11   (Dkt. 40)." *See, e.g.*, Ex. 9 at 4. The Rothschild Defendants did not supplement their good/bad

12   faith contention responses.

13   Rule "26(e)(1) requires parties to 'timely' supplement their interrogatory responses if the

14   responses are either incomplete or incorrect, and Rule 37(c) requires courts to preclude a party

15   from introducing evidence or theories not disclosed pursuant to Rule 26(e) unless the party can

16   show that its violation of Rule 26 was either harmless or substantially justified." *Riddell v. SB&C,*

17   *Ltd.*, No. 21-CV-01134-LK, 2022 WL 16923383, at *13 (W.D. Wash. Nov. 14, 2022). Under this

18   framework, the Court should prevent the Rothschild Defendants from arguing or introducing facts

19   at trial relating to good/bad faith bases other than those explicitly discussed in their motions to

20   dismiss.

21   Defendants' Pretrial Statement confirms they plan to raise new arguments regarding their

22   alleged good faith and the lack of bad faith. These include that "Defendants' approach to

23   resolution has at all times been appropriate and reasonable" under RCW 19.350.020(4)(b)(ii), and

24   that the "majority of the 'bad acts' alleged by Valve are specifically excluded from being

25   considered or construed" under RCW 19.30.020(5). Ex. 11 at 14–15. These theories do not appear

26   in either motion to dismiss. *See* Dkts. 27 & 40. The Court should therefore exclude these

27   undisclosed theories. *See Apple, Inc. v. Samsung Elecs. Co.*, No. 12-CV-00630-LHK, 2014 WL

28

VALVE'S MOTIONS IN LIMINE
CASE NO. 2:23-CV-1016                                      - 6 -

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA  98101
(206) 467-9600

660857, at *7 (N.D. Cal. Feb. 20, 2014).

As a preliminary matter, the Rothschild Defendants' new allegations are inappropriate to argue to the jury because they involve issues of statutory construction. *United States v. Wilson*, 720 F.2d 608, 609 n.2 (9th Cir. 1983) (explaining that "the construction of the statute" is "a question of law").

Further, under Rule 37(c), the Rothschild Defendants cannot show that introducing new theories of bad or good faith conduct at trial is substantially justified or harmless. They supplemented other responses but chose not to supplement their bad faith/good faith contention response. The contentions that the Rothschild Defendants seek to belatedly add were known to them during discovery, are not based on new information, and thus there is thus no justification for their failure to disclose these theories during the appropriate time. Nor is such belated disclosure harmless to Valve. *Apotex, Inc. v. Cephalon, Inc.*, No. 2:06-cv-2768, 2015 WL 12645745, at *2 (E.D. Pa. May 26, 2015) (explaining that "[p]rejudice is inherent when deadlines are disregarded in complex cases with extensive discovery").

In addition, Valve requests a limiting jury instruction that arguments made related to bad/good faith factors by the Meyler Defendants cannot be imparted to the Rothschild Defendants. The Meyler Defendants provided a supplemental interrogatory response setting out numerous arguments never made nor adopted by the Rothschild Defendants. Ex. 10 (Meyler Suppl. Resp. to Interrog. 3) at 6–11. Depending on the Meyler Defendants' presentation of evidence at trial, Valve requests that the Court instruct the jury that such evidence and argument pertain only to the Meyler Defendants.

### III. MIL NO. 3: PRECLUDE THE MEYLER DEFENDANTS FROM INTRODUCING EVIDENCE OR MAKING ARGUMENTS REGARDING ANY ALLEGED DUE DILIGENCE

The Meyler Defendants intend to tell the jury that they acted in good faith by (i) investigating the allegations in the complaint prior to filing the 2022 Display Technologies lawsuit against Valve, and (ii) investigating the '221 patent Pitch Scientific claim chart prior to sending the June 2023 Letter. But they refuse to provide any specifics about that alleged diligence

1  due to privilege. They should not be permitted to use privilege as a both a sword and a shield.

2          In discovery, the Meyler Defendants asserted as evidence of good faith that "Meyler

3  conducted specific pre-assertion investigations, including a review of the asserted patents and

4  claim charts prepared by third party consultants . . . , which demonstrate a thorough effort to

5  establish a good faith infringement analysis before any communications or litigation commenced."

6  Ex. 10 at 6, 7; *see also id.* at 8 ("The Meyler Defendants acted consistently with professional

7  obligations by conducting pre-suit investigations"); *id.* at 10 ("The Meyler Defendants conducted

8  pre-assertion analyses as described above, demonstrating clear reasonable bases for infringement

9  assertions.").

10         At his deposition, however, Meyler refused due to privilege to disclose specifics of that

11  alleged "thorough effort." Specifically, Meyler stated that "review analysis of the -- with regard to

12  a particular client matter is, I think, privileged and work product." Ex. 12 (Meyler Tr.) at 147:2–

13  16. Regarding the June 2023 Letter, Meyler refused to answer questions about his investigation

14  into the attached charts beyond the fact that he read them. *Id.* at 146:7–149:2. Similarly, Meyler

15  claimed that he "did some due diligence and researched into the allegations" in the 2022 complaint

16  filed by Display Technologies against Valve but would not disclose details due to "work product."

17  *Id.* at 75:2–76:10, 79:2–18, 168:4–170:1.

18         The Meyler Defendants cannot use privilege "as a sword and a shield." *Chevron Corp. v.*

19  *Pennzoil Co.*, 974 F.2d 1156, 1162 (9th Cir. 1992). They affirmatively argue their diligence and

20  research was reasonable, in good faith, and in compliance with ethical rules (*see* Ex. 10 at 10).

21  They have therefore put the specific tasks Meyler conducted (or did not conduct) and the

22  sufficiency of his investigation at issue. Yet this is the very information the Meyler Defendants

23  withheld as privileged, giving Valve no opportunity to probe that information to counter the

24  Meyler Defendants' assertions of reasonableness and good faith. *Swinomish Indian Tribal Cmty. v.*

25  *BNSF Ry. Co.*, No. C15-0543RSL, 2016 WL 2610247, at *1 (W.D. Wash. May 6, 2016).

26         Valve requests that the Court exclude all evidence and argument that the Meyler

27  Defendants acted in good faith by performing pre-suit and pre-assertion diligence or investigation

28

VALVE'S MOTIONS IN LIMINE
CASE NO. 2:23-CV-1016                          - 8 -

1    into the allegations in the complaint before filing the 2022 lawsuit against Valve and in reviewing

2    the '221 patent claim chart before sending the June 2023 Letter.

3    **IV.    MIL NO. 4: PROHIBIT ROTHSCHILD DEFENDANTS FROM INTRODUCING
         EVIDENCE OR MAKING ARGUMENT RELATED TO IRRELEVANT ISSUES
4        ROTHSCHILD RAISED IN DEPOSITIONS**

5            Defendants should not be permitted to discuss the following irrelevant and unduly

6    prejudicial subjects: Valve's unrelated lawsuits and arbitrations; Rothschild's opinions regarding

7    what he considers Valve's improper motives behind this lawsuit; Rothschild's opinion that

8    Valve's actions led to his nanny being allegedly assaulted; Valve's revenue; and Valve's alleged

9    defamation of Defendants or that Valve harmed/damaged Rothschild (physically or emotionally)

10   by filing this lawsuit.

11           At his corporate and personal deposition, Rothschild repeatedly referenced Valve's

12   unrelated lawsuits. *See, e.g.*, Ex. 5 (Rothschild Tr.) at 139:21–141:22, 142:12–143:6. The fact that

13   Valve is and has been involved in lawsuits and arbitrations against entities/persons unrelated to the

14   Defendants is irrelevant to any claim and defense. The Court should exclude mention of such

15   unrelated Valve litigations and arbitrations.[2] *See, e.g.*, *McCoy v. Mennerich*, 584 F. Supp. 3d 635,

16   643 (S.D. Ill. 2022) (granting motion in limine "to prohibit McCoy from offering evidence or

17   testimony of other lawsuits involving Defendants. . . . such testimony is unfairly prejudicial,

18   [irrelevant], and constitutes inadmissible character evidence under Rule 404(b)"); *Bunch v. Pac.*

19   *Cycle, Inc.*, No. 4:13-CV-0036-HLM, 2015 WL 11622952, at *8 (N.D. Ga. Apr. 27, 2015).

20           Rothschild also commented on Valve's motives in filing this lawsuit. *See, e.g.*, Ex. 5

21   (Rothschild Tr.) at 141:20–22, 160:4–162:1. Such lay witness opinion testimony is irrelevant,

22   prejudicial, and speculative. It is also objectionable as inadmissible character evidence under

23   Rule 404(b). The Court should "exclude speculation regarding the motives of Plaintiff[] [Valve] in

24   bringing this lawsuit." *Seoul Semiconductor Co., Ltd v. Bed Bath & Beyond, Inc.*, No. CV 18-3837

25

26   [2] This is not a two-way MIL. Evidence of Defendants' other lawsuits—such as Rothschild's various
     suits against Valve over the years (including the Retaliatory Texas Lawsuits) and Rothschild's
27   overall history of vexatious litigation are relevant to Valve's WPTPA claim. Dkt. 175 at 6. The
     same is not true for any unrelated lawsuits or arbitrations involving Valve.
28

1    PSG (SKx), 2022 WL 19250349, at *2 (C.D. Cal. June 29, 2022).

2        Rothschild also opined that Valve and its counsel are responsible for what he described as

3    "physically rough[ing] up" his nanny. Ex. 5 (Rothschild Tr.) at 268:22–280:14. He should be

4    precluded from making such irrelevant and unduly prejudicial arguments at trial that he concedes

5    are entirely hearsay. *Id.* at 279:11–21 ("No, it's all hearsay. You're absolutely right. I only have

6    the information that was told to me by the nanny. So only that information. So it's absolutely

7    hearsay.").

8        Defendants include in their pretrial statement as a proposed admitted fact that "Valve

9    generates billions of dollars in revenue each year." Ex. 11 at 17. Rothschild likewise brought up

10   Valve's revenues when asked about what he called Valve's "egregious behavior": "[Valve] tries to

11   use the huge amounts of revenue stream from their billion dollar company to crush a little

12   company by spending millions of dollars in terms of mindless litigation, as we're seeing in this

13   case." Ex. 5 (Rothschild Tr.) at 165:13–21, 169:17–22. Valve's revenue numbers are irrelevant to

14   any claim or defense. Exclusion is the appropriate remedy.

15       Defendant Display Technologies raised and abandoned a counterclaim of business

16   defamation against Valve. *Compare* Dkt. 59, *with* Dkt. 80. Rothschild, however, accused Valve of

17   exactly that type of conduct in his deposition. *See, e.g.*, Ex. 5 (Rothschild Tr.) at 169:17–22.

18   Rothschild is also currently litigating a defamation case against a third-party attorney he brought

19   in his own name in a separate district court. Ex. 13. In that case, Rothschild has alleged various

20   medical ailments required a modified deposition process for him, and he claims damages for his

21   alleged pain-and-suffering. None of these allegations are relevant to this case, and Rothschild's

22   improper medical opinion that Valve's lawsuit has negatively impacted him in any way would be

23   unduly prejudicial (and improper expert testimony).

24   **V.    MIL NO. 5: PRECLUDE ARGUMENT OR EVIDENCE RELATED TO
         DEFENDANTS' ABANDONED BREACH OF CONTRACT CLAIM**
25

26       The Court should prevent Defendants from arguing or introducing evidence related to any

27   alleged breach of the GSLA by Valve. Defendants' Pretrial Statement contains numerous

28

1    allegations that Valve "violat[ed] the GSLA" and "voided Valve's license." Ex. 11 at 13.

2    Defendants, however, *withdrew* their counterclaim for breach of contract between their first and

3    second amended answers. *Compare* Dkt. 59, *with* Dkt. 80. Defendants now want to argue that

4    Valve breached the GSLA without having had to withstand the scrutiny and burden of proving that

5    claim. The Court should reject Defendants' attempt to argue an abandoned counterclaim that has

6    not been, and will not be, decided on the merits.

7            Moreover, Defendants' arguments directly conflict with admissions in their Answer. For

8    example, in addition to claiming the GSLA was "void" as of the filing of Valve's complaint,

9    Defendants also removed as a proposed undisputed fact that "Valve has a valid and enforceable

10   covenant not to sue for the '221 patent" (Ex. 11 at 20) even though Defendants admitted this exact

11   fact throughout their Answer. Dkt. 80 at Answer to paragraphs 32–34, 49, 50.

12           Those admissions are "judicial admissions." *Am. Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d

13   224, 226 (9th Cir. 1988). "Judicial admissions . . . have the effect of withdrawing a fact from issue

14   and dispensing wholly with the need for proof of the fact." *Id.* (citation omitted). Defendants'

15   admission that Valve *has* a valid and enforceable covenant not to sue for the '221 patent 10

16   months after Valve filed its complaint is an admission that the GSLA is not void. Defendants

17   cannot now claim otherwise.

18   **VI.    MIL NO. 6: THE PARTIES CAN DISCUSS THE '221 PATENT**
         **COUNTERCLAIM, INCLUDING THE COURT'S DISMISSAL WITH**
19       **PREJUDICE**

20           Valve requests an order from the Court explicitly permitting the parties to reference at trial:

21   RBDS's counterclaim for infringement of the '221 patent; the fact that Defendants moved to

22   dismiss the counterclaim with prejudice; that this Court granted their motion; and the legal import

23   of that dismissal is that Valve prevailed, meaning it does not infringe claim 7 of the '221 patent.

24           "Evidence of dismissed claims may be irrelevant if no aspect of those claims is at issue—

25   but where the plaintiff's bad faith in bringing dismissed claims to begin with is disputed, the

26   evidence of those claims is clearly relevant." *GSI Tech., Inc. v. United Memories, Inc.*, No. 5:13-

27   cv-01081-PSG, 2016 WL 3035699, at *3 (N.D. Cal. May 26, 2016). While courts dealing with

28

VALVE'S MOTIONS IN LIMINE
CASE NO. 2:23-CV-1016                          - 11 -

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

ordinary patent suits have at times excluded references to dismissed infringement claims, this case's focus on Defendants' bad-faith assertions of infringement removes it from the framework of a regular patent case.

Valve contends in part that Defendants acted in bad faith by accusing it of infringing the licensed '221 patent in a pre-suit demand letter. Defendants allege this was a mistake and that they "would not pursue litigation if they believed that there was a license." Ex. 12 (Meyler Tr.) at 63:25–64:13. Defendants also claim that if Valve had simply told them "Valve already had a license for the '221 Patent, [that] alone would have resolved any claim or dispute." Dkt. 80 ¶ 93.

Contradicting what Defendants intend to tell the jury, Defendants asserted the '221 patent *in this lawsuit*—thus making "good" on the pre-suit threat and confirming that knowledge of Valve's license did *not* resolve any claim or dispute. Defendants maintain that the Valve has a valid and enforceable license to the '221 patent and yet asserted it anyway. The counterclaim and its resolution are thus relevant to and directly rebut Defendants' arguments regarding lack of bad faith and mitigation.[3]

Moreover, voluntary dismissal of the '221 patent counterclaim supports Valve's contention that Defendant Rothschild and his assertion entities do not accuse operating companies of infringement because they intend to prove as much in court.[4] Here, Defendants did not bring their counterclaim because they believe Valve infringes the '221 patent—Valve cannot infringe a licensed patent. Instead, and as Valve intends to show at trial, the counterclaim served an improper purpose: to punish Valve by driving up its litigation costs and applying leverage to settle. Dkt. 175 at 6–7 (finding Texas lawsuits relevant under RCW 19.350.020(2)(g) if filed "'purely for

---

[3] To the extent the Court does not grant Valve's motion for summary judgment regarding no mitigation.

[4] Defendants never showed any interest in proving the alleged merits of their infringement case. Contrary to what this Court requires of patent owners asserting software-based claims, Defendants never even requested to review the accused system's source code after Valve made it available beginning on February 20, 2025. *See* Ex. 14 (Valve Original Interrog. Resp.) at 2, 9–10, 16–18, 21–22 (quoting *Corus Realty Holdings, Inc. v. Zillow Grp., Inc.*, No. C18-0847-JLR, 2020 WL 488545, at *5 (W.D. Wash. Jan. 30, 2020), aff'd, 860 F. App'x 728 (Fed. Cir. 2021) ("In cases involving software allegations, the party asserting infringement has an obligation to 'promptly and appropriately' amend its contentions to identify pinpoint citations to source code after it has had the opportunity to review the code.")). Absent such proof, the counterclaim never had any chance of success.

1    retaliatory reasons and to gain leverage over Valve in this lawsuit,' . . . which would bolster

2    Valve's claims that Defendants' patent assertions were made in bad faith").

3        This Court would not be the first to let a jury hear evidence of past court orders and

4    dismissed claims. In *GSI*, the plaintiff (GSI) brought a trade secret misappropriation action against

5    Integrated Silicon Solution, Inc. ("ISSI"). *GSI Tech.*, 2016 WL 3035699, at *2. "ISSI responded

6    that GSI's misappropriation claim was raised in bad faith" under a California law addressing fees

7    and costs in the context of bad-faith misappropriation cases. *Id.* GSI largely lost at trial, and in its

8    motion for a new trial, "GSI argue[d] that pretrial orders dismissing or narrowing GSI's claims

9    should have been excluded because they were not relevant" and were prejudicial. *Id.* at *3. The

10   court, however, found that "[b]ecause the bad faith contention went to the jury, ISSI was entitled

11   to present evidence relevant to that contention," and that its "pretrial orders were relevant evidence

12   because a plaintiff's conduct both in bringing and maintaining its trade secret claims—including

13   claims that ultimately are dismissed—is evidence that can be considered in deciding bad faith

14   under" the statute. *Id.*

15       Likewise, here, Defendants' actions relating to the '221 patent are relevant and not unduly

16   prejudicial. Defendants' decisions to (i) bring and maintain the '221 counterclaim, making good

17   on their threat in the June 2023 Letter even after being notified of Valve's license, and (ii) dismiss

18   that claim with prejudice, should be considered by the jury as it contradicts Defendants' assertion

19   they acted in good faith and their mitigation defense. Excluding these facts would also unduly

20   prejudice Valve as it would leave unaddressed for the jury whether Defendants' allegations

21   regarding the '221 patent were true or not.

22   **VII.    MIL NO. 7: LIMITING DEFENDANTS' ARGUMENTS AND EVIDENCE
            RELATING TO ALLEGED VALIDITY OF THE '221 PATENT**
23

24       The Court should limit Defendants' rebuttal validity presentation to the two arguments

25   they timely disclosed: (i) presumption of validity and (ii) secondary considerations of licensing.

26   The Court should not allow Defendants to argue or introduce evidence that any element of a claim

27   is missing from the prior art or that a person of ordinary skill in the art would not combine the

28

VALVE'S MOTIONS IN LIMINE
CASE NO. 2:23-CV-1016                          - 13 -

prior art as Valve contends with a reasonable expectation of success. Valve served a contention interrogatory seeking Defendants' response to its invalidity contentions, and Defendants did not respond substantively. Instead, they averred that a response would come through an expert report that, however, never materialized. *See, e.g.*, Ex. 9 (RBDS Interrog. Resp.) at 4. Defendants did not dispute Valve's invalidity case during fact discovery, did not serve any expert report, and did not depose Valve's invalidity expert. Under Rule 37(c), Defendants cannot do so at trial.

Nothing in the Court's Order granting Valve's motion to compel changes the result. The dispute at issue in Valve's motion to compel was about timing—whether Defendants had to disclose validity contentions in fact discovery or whether they could withhold those contentions until expert discovery. Dkt. 83 at 7. The Court resolved that dispute in Valve's favor, finding that "the factual underpinnings of RBDS's contention" must be disclosed during fact discovery. Dkt. 175 at 5. Because Defendants did not disclose any validity contentions in fact or expert discovery, Defendants should not be permitted a do over in the midst of pretrial.

During the parties' MIL conference, Defendants indicated that Rothschild may present validity arguments, including discussing the prior art. Rothschild cannot be permitted to present testimony regarding validity because: (1) Rothschild has no knowledge of any prior art (Ex. 4 at 3–4 (Rothschild Resp. to Interrog. 5); (2) Rothschild has no opinion on validity beyond the patent is presumed valid (Ex. 5 (Rothschild Tr.) at 309:24–310:15); (3) Defendants never provided Valve with validity contentions; and (4) Defendants never served any expert disclosures.

## VIII.   MIL NO. 8: PRECLUDE DEFENDANTS FROM INTRODUCING EVIDENCE OR MAKING ARGUMENTS RELATED ONLY TO LEGAL ISSUES

Defendants should be precluded from introducing evidence and making arguments related solely to legal issues to be decided by the Court. Introducing such irrelevant issues to the jury would be prejudicial and likely to confuse the jury. Fed. R. Evid. 402, 403.

First, Defendants appear poised to argue to the jury about legal fees incurred by both parties in this case, for example as part of their mitigation defense: "Valve's filing of this action was unnecessary and has resulted in the expenditure of unnecessary resources, including

attorneys' fees and costs by both parties." Dkt. 160 at 11. But attorneys' fees under the CPA are an issue for the court, not the jury. *See Safeco Ins. Co. of Am. v. JMG Rests., Inc.*, 37 Wash. App. 1, 19 (1984). Defendants' Pretrial Statement acknowledges the same. Ex. 11 at 27. Attorneys' fees are also irrelevant to a mitigation defense. Dkt. 140 at 13–14.

Defendants should therefore not be permitted to introduce evidence or argue to the jury about either party's legal fees, as part of a mitigation defense or otherwise, because it is irrelevant, prejudicial, a waste of time, and likely to confuse the jury. Fed. R. Evid. 402, 403; *Asad v. Experian Info. Sols., Inc.*, No. 2:22-CV-06412-JLS-RAO, 2024 WL 4800070, at *2 (C.D. Cal. Sept. 8, 2024) ("mentions of attorneys' fees and the fee-shifting nature of these statutes are irrelevant and prejudicial"); *Zamora v. BMW of N. Am., LLC*, No. CV 20-838-KS, 2022 WL 17061082, at *2 (C.D. Cal. Sept. 13, 2022) (same).

For clarity, Valve does not seek to prevent the parties from discussing Valve's attorneys' fees for other matters that relate to relevant issues that are submitted to the jury. *Asad*, 2024 WL 4800070, at *2  (allowing parties to discuss attorneys' fees when plaintiff testifies that "he has been financially harmed" by having to retain an attorney). For example, Valve seeks actual damages under the WPTPA that includes time spent by outside counsel investigating the allegations in the June 2023 Letter. Dkt. 138-2 (Schenk Rpt.) ¶ 60. Similarly, Valve intends to introduce evidence about the attorneys' fees incurred by Valve in the retaliatory Texas lawsuits as evidence of Defendants' bad-faith conduct. *See* Dkt. 175 at 6–7.

Second, Defendants have argued that Valve "made a federal case" out of Defendants' purported "clerical error" when the dispute "could have been resolved with a simple e-mail." Dkt. 55 at 3:1–6; Dkt. 42 at 7. Defendants' implication is that Valve overreacted by running to *federal* court. The reality, however, is that Valve was required to bring this case in federal court because federal courts have exclusive jurisdiction over patent declaratory judgment claims. 28 U.S.C. §§ 1338, 2201; *Reactive Surfaces, Ltd., LLP v. Toyota Motor Corp.*, No. 1:14-CV-1009-LY, 2015 WL 4876810, at *2 (W.D. Tex. Aug. 13, 2015); *WiAV Solutions LLC v. Motorola, Inc.*, 631 F.3d 1257, 1263 (Fed. Cir. 2010). The legal requirements for jurisdiction are not an issue for the jury,

VALVE'S MOTIONS IN LIMINE
CASE NO. 2:23-CV-1016                                  - 15 -

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA  98101
(206) 467-9600

1    and Defendants' should be prevented from using jurisdictional requirements to imply improper

2    conduct by Valve.

3         Third, Defendants' Pretrial Statement confirms they intend to argue that the GSLA

4    contains a "cure provision." Ex. 11 at 9; *see also* Ex. 5 (Rothschild Tr.) at 177:3–184:12. That is

5    wrong as a matter of law. Dkt. 172 at 1–2. The language of Section 3.5 of the GSLA is not

6    ambiguous: it applies only to third parties, not Valve. *Id.*; Dkt. 38-2 § 3.5. Because Section 3.5 of

7    the GSLA "is not ambiguous," the Court should "construe the contract as a matter of law" to

8    confirm no such cure provision exists. *Daniels v. Cortez*, No. 01-18-00086-CV, 2019 WL

9    3022973, at *1 (Tex. App. July 11, 2019). Letting Defendants argue otherwise will lead to

10   irrelevant evidence, unduly prejudice Valve, and will confuse the jury because that section does

11   not, as a matter of law, apply to Valve.

12   **IX.    MIL NO. 9: PRECLUDE ARGUMENTS OR EVIDENCE RELATED TO
13          LEGALLY INCORRECT STATEMENTS THAT A LICENSE IS EVIDENCE OF
           USE OF A PATENT**

14        Under FRE 401 and 403, the Court should preclude Defendants from arguing that

15   Rothschild's licensees "use" the subject matter claimed in his and his companies' patents based on

16   licenses. Defendants argue that Rothschild's "technologies are in *use* at companies ranging from

17   most major automotive companies, eBay, to the US Department of Commerce, and Citrix, also

18   among many others." Ex. 11 (Defs' Pretrial Stmt) at 10–11 (emphasis added). This is a common

19   mantra Rothschild includes in his public biography (*e.g.*, Ex. 15), but that falls far short of proving

20   such a claim to the jury.

21        Defendants attempt to bolster Rothschild's standing in the eyes of the jury by associating

22   himself and his patents with the numerous companies that have settled rather than litigate the

23   issues on their merits. Defendants even contend they are in "business" with these litigation targets

24   who became licensees only to avoid the cost of litigation. Ex. 16 (Falcucci Tr.) at 92:20–93:18.

25   While Defendants can try to convince the jury of this falsehood, they cannot extend this argument

26   to claim that their patents are being "used" by their licensees.

27        Legally, Defendants cannot imply that their settlement agreements are evidence of

28

VALVE'S MOTIONS IN LIMINE
CASE NO. 2:23-CV-1016                          - 16 -

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA  98101
(206) 467-9600

admitted infringement. "Rule 408 of the Federal Rules of Evidence clearly provides that the settlement agreement itself is not proof that the infringement alleged" by a patent owner actually occurred. *Collister Alley Music, Inc. v. Warner Bros. Recs. Inc.*, No. 96 CIV. 1762 LLM HBP, 1997 WL 198081, at *1 (S.D.N.Y. Apr. 22, 1997). Instead, if a patent owner wants to argue that its licensees' products practice its patents, it must prove its contention by more than the existence of a mere settlement agreement.

Factually, Defendants' own settlement agreements disprove their contention. For example, the GSLA makes clear that Valve, despite settling and licensing Rothschild's patents, "denies Display's allegations of infringement." Dkt. 38-1 at 2.

DATED: December 29, 2025

Respectfully submitted,

KILPATRICK TOWNSEND & STOCKTON LLP


By:  /s/ *Dario A. Machleidt*

Dario A. Machleidt (State Bar No. 41860)
Kathleen R. Geyer (State Bar No. 55493)
Christopher P. Damitio (State Bar No. 58633)
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
Telephone: (206) 467-9600
dmachleidt@kilpatricktownsend.com
kgeyer@kilpatricktownsend.com
cdamitio@kilpatricktownsend.com

David A. Reed (*pro hac vice*)
100 Peachtree Street NE, Suite 2800
Atlanta, GA 30309
Telephone: (404) 745-2548
dreed@ktslaw.com

Marianthi Karas (*pro hac vice*)
1801 Century Park East, Ste. 2300
Los Angeles, CA 90067 USA
Telephone (310) 777 3732
mkaras@ktslaw.com

Attorneys for Plaintiff
VALVE CORPORATION

I certify that this memorandum contains 6,095 words, in compliance with the Local Civil Rules.

VALVE'S MOTIONS IN LIMINE
CASE NO. 2:23-CV-1016

- 17 -

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA  98101
(206) 467-9600

1

**<u>CERTIFICATE OF COUNSEL</u>**

2

Pursuant to LCR 7(d)(5), the undersigned counsel for Valve hereby certifies that counsel

3

for Valve (myself, Ms. Geyer, Mr. Damitio, Ms. Karas, and Mr. Reed) in good faith conferred

4

with counsel for Defendants (Mr. Vazquez, Mr. Zito, and Mr. Demming) via email from

5

December 18–29 and video conference on December 29, 2025 in an effort to resolve which

6

matters are really in dispute.

7

Valve emailed Defendants on December 18 requesting the parties exchange proposed

8

MILs on December 22 and meet and confer on December 22 or 23. On December 22, counsel for

9

Defendants counter-proposed that the parties exchange MILs on Wednesday December 24 and

10

confer on December 29. The parties exchanged proposed MILs on December 24. Valve provided

11

its initial responses to Defendants' proposed MILs on December 26 and a revised set of proposed

12

MILs on December 27. The parties discussed these issues via video conference December 29 at

13

the time proposed by Defendants.

14

The parties reached agreement on certain issues in principle. As of the filing of this

15

motion, the parties have not reached agreement on the precise language of stipulated MILs. Valve

16

thus files the present motion to preserve its arguments. The parties intend to continue to meet and

17

confer, and should they reach agreement, the parties will file stipulated MILs. In that stipulation,

18

Valve will identify which of its MILs or portions of MILs are mooted by said stipulations.

19

*/s/ Dario A. Machleidt*
Dario A. Machleidt

20

21

22

23

24

25

26

27

28

VALVE'S MOTIONS IN LIMINE
CASE NO. 2:23-CV-1016

- 18 -

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA  98101
(206) 467-9600

1

## <u>CERTIFICATE OF SERVICE</u>

2   I hereby certify that on December 29, 2025, I served the within via the Court's CM/ECF

3   system to all counsel who are registered participants identified on the Mailing Information for C.A.

4   No. 2:23-cv-1016.

5

6   */s/ Dario A. Machleidt*
    Dario A. Machleidt

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

VALVE'S MOTIONS IN LIMINE
CASE NO. 2:23-CV-1016                          - 19 -

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA  98101
(206) 467-9600