# EXHIBIT 12

# DOCUMENT TO BE SEALED

Page 1

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

_____

VALVE CORPORATION,                    )
                                      )
Plaintiff,                            )
                                      )
        vs.                           )No. 2:23-cv-1016-JNW
                                      )
ROTHSCHILD, et al.,                   )
                                      )
Defendants.                           )

_____

Videotaped Deposition Upon Oral Examination Of

SAMUEL MEYLER

Rule 30(b)(6) Designee

*** CONFIDENTIAL ***

_____

8:52 a.m.

August 29, 2025

1420 Fifth Avenue

Seattle, Washington

JOB NO. 10171409

REPORTED BY:  Yvonne A. Gillette, RPR, CCR No. 2129.

                                                           Page 2

      1                      A P P E A R A N C E S

      2

      3    For the Plaintiff:

      4            KATHLEEN GEYER
                   DARIO MACHLEIDT
      5            Kilpatrick Townsend & Stockton
                   1420 Fifth Avenue
      6            Suite 3700
                   Seattle, Washington  98101
      7            206.467.9600
                   kgeyer@ktslaw.com
      8

      9

     10

     11    For the Defendants:

     12            BEN DEMING
                   DNL Zito
     13            3232 McKinney Avenue
                   Suite 500
     14            Dallas, Texas  75204
                   626.808.1838
     15            bdeming@dnlzito.com

     16

     17    Videographer:

     18            CAMERON WITTE

     19

     20

     21

     22

     23

     24

     25

Page 3

1                E X A M I N A T I O N   I N D E X

2

3    By Ms. Geyer                                          6

4

5

6

7

8

9                E X H I B I T   I N D E X

10

11                                                   MARKED

12

13    Exhibit 35  Letter, May 12, 2022                     25

14    Exhibit 36  Letter, September 7, 2022                47

15    Exhibit 37  Notice of Voluntary Dismissal Without    84

16                Prejudice

17    Exhibit 38  Email String, January 3, 2023            95

18    Exhibit 39  Email, December 22, 2022                117

19    Exhibit 40  Letter, ROTHSCHILD0000171              117

20    Exhibit 41  Letter, January 3, 2023                123

21    Exhibit 42  Email String, February 3, 2023         129

22    Exhibit 43  Defendant Meyler Legal PLLC's and      140

23                Samuel Meyler's First Supplemental

24                Objections and Responses to Plaintiff's

25                Interrogatory No. 3

Page 4

1                    E X H I B I T    I N D E X

2

3                                                        MARKED

4

5    Exhibit 44  Letter, June 21, 2023                    142

6    Exhibit 45  Defendant Meyler Legal PLLC's and        165

7                Samuel Meyler's Third Supplemental

8                Responses to Plaintiff's Interrogatory

9                No. 2

10   Exhibit 46  Privileged Communication Log             172

11   Exhibit 47  Meyler Defendants' Response to           174

12               Plaintiff's Third and Fourth Set of

13               Interrogatories and to Plaintiff's

14               Fourth Set of Requests for Production

15   Exhibit 48  Email String, June 29, 2023              180

16

17

18

19

20

21

22

23

24

25

Confidential    Valve Corporation vs.
Samuel Meyler                        Leigh Rothschild, et al.

Page 5

| | 1 | Friday, August 29, 2025 |
|---|---|---|
| | 2 | 8:52 a.m. |
| | 3 | ****** |
| 08:52:36 | 4 | THE VIDEOGRAPHER:  We are going on the |
| 08:52:38 | 5 | record at 8:52 a.m. on August 29th, 2025.  This is |
| 08:52:44 | 6 | volume one, media unit one of the video-recorded |
| 08:52:48 | 7 | deposition of Samuel Meyler in the matter of Valve |
| 08:52:53 | 8 | Corporation versus Rothschild, filed in the United |
| 08:52:57 | 9 | States District Court for the Western District of |
| 08:53:00 | 10 | Washington at Seattle, case number 2:23-cv-1016 JNW. |
| 08:53:11 | 11 | This deposition is being held at 1420 Fifth Avenue, |
| 08:53:16 | 12 | Suite 3700, Seattle, Washington, 98101. |
| 08:53:24 | 13 | The videographer is Cameron Witte.  The |
| 08:53:26 | 14 | court reporter is Yvonne Gillette.  Will counsel and |
| 08:53:30 | 15 | all present please note their appearances and |
| 08:53:32 | 16 | affiliations for the record. |
| 08:53:35 | 17 | MS. GEYER:  Kate Geyer with Kilpatrick |
| 08:53:36 | 18 | Townsend on behalf of plaintiff Valve Corporation. |
| 08:53:39 | 19 | And with me is Dario Machleidt. |
| 08:53:43 | 20 | MR. DEMING:  Benjamin Deming from DNL Zito |
| 08:53:46 | 21 | here with the witness and on behalf of the defendants. |
| 08:53:50 | 22 | THE VIDEOGRAPHER:  Will the court reporter |
| 08:53:51 | 23 | please swear in the witness. |
| 08:53:52 | 24 | /// |
| 08:53:52 | 25 | /// |

Confidential    Valve Corporation vs.
Samuel Meyler                                          Leigh Rothschild, et al.

Page 63

11:02:50  1   A        I know from privileged communications with

11:02:54  2   my client.

11:03:43  3   Q        Tell me everything that you are willing to

11:03:45  4   share about those privileged communications with your

11:03:47  5   client that you referred to in your last answer.

11:03:51  6            MR. DEMING:  Objection.  Calls for

11:03:53  7   privilege.  Do not reveal any privileged information.

11:04:02  8   A        I am aware that it is the practice of my

11:04:07  9   client to review information related to a party and --

11:04:19 10   potential party to a lawsuit before filing a lawsuit.

11:04:35 11   Q        And your awareness of that practice to

11:04:39 12   review information related to a potential party

11:04:42 13   includes researching whether that potential party was

11:04:52 14   previously licensed to the patent?

11:04:58 15            MR. DEMING:  Objection.  Vague.  Same

11:05:00 16   caution regarding privilege.

11:05:23 17   A        I believe that would be in the scope of what

11:05:25 18   would be reviewed, yes.

11:05:31 19   Q        Were you made aware of the outcome of that

11:05:35 20   research into whether any target companies were

11:05:39 21   previously licensed to a patent?

11:05:44 22            MR. DEMING:  Objection.  Vague.

11:05:58 23   A        Made aware when and by who and regarding

11:06:06 24   what company?

11:06:11 25   Q        Were you ever made aware of the outcome of

Confidential    Valve Corporation vs.
Samuel Meyler                    Leigh Rothschild, et al.

Page 64

11:06:15   1   research performed by RBDS to see whether a target

11:06:19   2   company was previously licensed to a patent?

11:06:24   3            MR. DEMING:   Same caution regarding

11:06:25   4   privileged conversations.

11:06:35   5   A        Without disclosing privileged communication,

11:06:42   6   I don't -- my client would not send me a -- would not

11:06:48   7   send -- would not pursue litigation if they believed

11:06:51   8   that there was a license.  So they wouldn't have

11:06:57   9   wanted to file a complaint against somebody if they

11:07:00  10   knew that there was a license.  So sending it to me

11:07:04  11   alone is confirmation that they don't believe that

11:07:08  12   there's a license, or didn't know of, or were not

11:07:12  13   aware from my perspective.

11:07:15  14   Q        When you say your client, are you referring

11:07:17  15   to all the Rothschild entities that you refer to or

11:07:21  16   that you've worked on behalf of?

11:07:23  17   A        We were talking about RBDS in specific here,

11:07:26  18   correct?

11:07:27  19   Q        That's what I was trying to clarify.  When

11:07:29  20   you said your client in those answers, who were you

11:07:32  21   referring to?

11:07:33  22   A        I was talking about RBDS.

11:07:35  23   Q        Is the same true for Display Technologies?

11:07:39  24   A        Yeah.  I don't think that Display

11:07:41  25   Technologies or any of the other related entities

Confidential    Valve Corporation vs.
Samuel Meyler                                    Leigh Rothschild, et al.

Page 75

11:30:16  1    or -- strike that.

11:30:18  2              You didn't draft any part of the complaint

11:30:20  3    or claim chart that was filed in the 2022 Display Tech

11:30:27  4    versus Valve lawsuit, correct?

11:30:29  5    A         I did not.

11:30:29  6    Q         You received those from lead counsel?

11:30:32  7    A         I did receive those from lead counsel.

11:30:38  8    Q         Did you review them?

11:30:40  9    A         I did review them.

11:30:42 10    Q         How long did you review them?

11:30:55 11    A         As long as it took me to read through the

11:30:59 12    material.  And I guess it depends on what you mean by

11:31:09 13    review and to what extent.  I read through the

11:31:12 14    material, and I -- yeah.  In terms of reviewing, I

11:31:26 15    understand that to mean reading through the documents.

11:31:29 16    So the actual reading part of the document, not that

11:31:32 17    long.  As long as it takes to read through that stack

11:31:37 18    of documents, the pages that are the complaint and the

11:31:41 19    attached exhibits.

11:31:47 20    Q         Did you verify any of the allegations made

11:31:50 21    in the complaint?

11:31:52 22    A         I did some due diligence and researched into

11:31:59 23    the allegations, yes.

11:32:01 24    Q         What due diligence and research did you do

11:32:03 25    into the allegations?

Confidential    Valve Corporation vs.
Samuel Meyler                          Leigh Rothschild, et al.

Page 76

11:32:06  1    A        That's work product.

11:32:10  2    Q        You did some due diligence and research into

11:32:13  3    the allegations in the complaint, but you won't tell

11:32:17  4    us what you did because it's work product; is that

11:32:20  5    correct?

11:32:22  6    A        Well, I mean, I can -- I can tell you what

11:32:57  7    my practice would have been and, you know, what I

11:33:04  8    would do, but I don't know that I can tell you what

11:33:08  9    specific research I did in support of a client, the

11:33:13 10    client's pursuit of the claim or the claim.

11:33:21 11    Q        I think I told you I knew privilege was

11:33:23 12    going to be an issue today, so I'm trying to get the

11:33:27 13    bounds of it.

11:33:27 14    A        And I'm trying to --

11:33:29 15    Q        I understand it's probably harder for you

11:33:32 16    than for me.  So specific to the complaint and

11:33:36 17    attachments for the 2022 Valve versus Display

11:33:43 18    Technologies case, you performed research and due

11:33:49 19    diligence in reviewing those materials, but you can't

11:33:53 20    give further specifics because that would be work

11:33:55 21    product?

11:33:59 22    A        I believe so.  And I think that I also

11:34:05 23    answered an interrogatory directly on this topic for

11:34:08 24    you that can further elaborate and specifies that.

11:34:16 25    Q        That further elaborates on the due diligence

Confidential    Valve Corporation vs.
Samuel Meyler                          Leigh Rothschild, et al.

Page 79

11:39:15  1    of my general practices.

11:39:17  2    Q        In that summary of your general practices,

11:39:22  3    you said that you may do a lot of things.  Can you

11:39:28  4    confirm whether you in fact did those things for the

11:39:32  5    research and due diligence you did on the complaint

11:39:36  6    and claims in the 2022 Display Technologies versus

11:39:41  7    Valve lawsuit?

11:39:43  8             MR. DEMING:  Objection.  Calls for

11:39:46  9    privileged information.

11:39:55 10    A        I can confirm that I did due diligence and

11:39:58 11    research before filing.

11:40:06 12    Q        And you can't confirm which of the steps in

11:40:11 13    your general practice you did or did not do prior to

11:40:18 14    filing the complaint in the 2022 Display Technologies

11:40:23 15    versus Valve lawsuit?

11:40:24 16             MR. DEMING:  Objection.  Calls for

11:40:25 17    privileged information.

11:40:32 18    A        I do not believe that I can disclose that.

11:40:39 19    Q        This is yes or no.  Did you talk to RBDS

11:40:43 20    about the claims in the 2022 Display Technologies

11:40:46 21    versus Valve lawsuit?

11:40:55 22    A        Before filing the lawsuit?

11:40:57 23    Q        Before filing the lawsuit.

11:41:02 24    A        Yes, I did talk with RBDS before filing the

11:41:05 25    lawsuit.

Confidential    Valve Corporation vs.
Samuel Meyler                          Leigh Rothschild, et al.

Page 146

03:51:17  1    did that review entail beyond just reading those

03:51:20  2    documents?

03:51:32  3    A        I -- is your question specific to reviewing

03:51:59  4    the claim chart and while reviewing it?

03:52:05  5    Q        Yes.  So I'm -- from the language in your

03:52:09  6    rog response -- maybe let me ask it a different way.

03:52:14  7             When you say you reviewed the patents in the

03:52:15  8    claim charts, does that mean that you read through

03:52:19  9    them?

03:52:20 10    A        I certainly would have read through them,

03:52:22 11    yes.

03:52:23 12    Q        Did that review entail anything beyond

03:52:25 13    reading through them, for example, opening the links

03:52:29 14    in the claim charts?

03:52:32 15    A        I think we're getting into work product.  I

03:53:01 16    don't think that I can -- I think that what all it

03:53:06 17    was -- involved in my review and analysis is subject

03:53:11 18    to privilege and work product.

03:53:16 19    Q        The review you did of the RBDS claim chart

03:53:21 20    attached to your June 21st, 2023 letter, was that in

03:53:26 21    anticipation of litigation?

03:53:48 22    A        Yes, I believe so.

03:53:52 23    Q        Do the actions you took in your review of

03:53:55 24    the RBDS claim chart reflect your mental impressions

03:54:00 25    or theories?

Confidential   Valve Corporation vs.
Samuel Meyler                        Leigh Rothschild, et al.

Page 147

03:54:18  1   A         To some extent, I believe that it does.

03:54:30  2   Q         Besides reading the patents in the claim

03:54:33  3   charts, is there anything else non-privileged you can

03:54:39  4   tell me about the review you did of the RBDS claim

03:54:42  5   chart attached to your June 21st, 2023 letter?

03:55:26  6   A         I think that I already previously testified

03:55:29  7   to general actions that I would take in connection

03:55:40  8   with a legal matter if something was referred to me or

03:55:44  9   assigned to me or I was engaged by a client.

03:55:49 10   Sometimes it changes between ongoing client or an

03:55:53 11   existing client, I should say, or a new client.  And

03:55:56 12   so, you know, I can talk about what my general

03:56:01 13   practices are and whatnot, but specific, you know,

03:56:07 14   review analysis of the -- with regard to a particular

03:56:12 15   client matter is, I think, privileged and work

03:56:17 16   product.

03:56:30 17   Q         Understanding that that's privileged and

03:56:34 18   work product, I'm still going to ask some questions

03:56:36 19   that you may say you can't answer based on privilege

03:56:40 20   and work product.  Like I said before, we're going to

03:56:43 21   have to feel out some edges here.

03:56:46 22             As part of your pre-assertion investigation

03:56:51 23   into the '221 Patent, did you do any public

03:56:55 24   investigation into filed IPRs against that patent?

03:57:28 25   A         I think it's work product and privileged

Confidential    Valve Corporation vs.

Samuel Meyler                                    Leigh Rothschild, et al.

Page 148

03:57:31  1    information.

03:57:35  2    Q        And to confirm, you're refusing to answer my

03:57:38  3    question because it's privileged or work product

03:57:41  4    information?

03:57:42  5    A        Yes, with regard to this particular -- these

03:57:46  6    particular patents and this particular client.

03:57:49  7    Q        As part of your public investigation and

03:57:53  8    pre-assertion -- sorry.  Strike that.

03:57:56  9             As part of your pre-assertion investigation

03:57:59  10   for the '221 Patent before sending the June 21st, 2023

03:58:06  11   letter, did you do any investigations into any IPRs

03:58:11  12   filed on any family members of the '221 Patent?

03:58:20  13   A        Again, I think it's work product and

03:58:22  14   privileged.

03:58:23  15   Q        And, again, for the record, you're refusing

03:58:25  16   to answer my question because it's work product or

03:58:28  17   privileged?

03:58:28  18   A        Yes.

03:58:33  19   Q        As part of your pre-assertion investigation

03:58:35  20   into the '221 Patent, prior to sending the June 21st,

03:58:40  21   2023 letter, did you do any investigations into any

03:58:45  22   filed Section 101 motions for the '221 Patent?

03:59:00  23   A        Again, it's work product and privileged.

03:59:04  24   Q        Just for the record, you're refusing to

03:59:07  25   answer my question based on work product and

Confidential    Valve Corporation vs.
Samuel Meyler                          Leigh Rothschild, et al.

Page 149

03:59:09  1    privilege, correct?

03:59:18  2    A        Yes.

03:59:36  3    Q        Prior to asserting the '221 Patent against

03:59:38  4    Valve in the June 21st, 2023 letter, were you provided

03:59:42  5    any information from RBDS on any potential

03:59:46  6    non-infringement, invalidity, or unenforceability

03:59:52  7    arguments?

03:59:52  8            MR. DEMING:  You can answer yes or no.

04:00:00  9    A        No, I don't believe so.

04:00:05 10    Q        Prior to asserting the QTI patent in the

04:00:08 11    June 21st, 2023 letter against Valve, were you

04:00:12 12    provided any information from QTI on any potential

04:00:16 13    non-infringement, invalidity, or unenforceability

04:00:21 14    arguments?

04:00:22 15            MR. DEMING:  You can answer yes or no.

04:00:25 16    A        No, I don't believe so.

04:00:33 17    Q        Prior to filing the 2022 Display

04:00:36 18    Technologies versus Valve lawsuit, were you provided

04:00:44 19    any information from Display Technologies on potential

04:00:48 20    non-infringement, invalidity, or unenforceability

04:00:54 21    arguments?

04:00:55 22            MR. DEMING:  You can answer yes or no.

04:00:57 23    A        No, I don't believe so.

04:00:58 24    Q        Prior to filing the 2022 SPIS versus Valve

04:01:04 25    lawsuit, were you provided any information from SPIS

Page 168

04:42:32  1   answer which client that was based on privilege,

04:42:34  2   correct?

04:42:38  3   A       And work product.

04:42:44  4   Q       The research that you were performing that

04:42:47  5   led you to the Patent Troll Prevention Act was on

04:42:49  6   behalf of a client, but you are refusing to answer

04:42:52  7   which client that was based on privilege and work

04:42:56  8   product, correct?

04:43:00  9   A       Yes.

04:43:13 10   Q       Tell me all non-privileged information you

04:43:15 11   can about the research you did into the Patent Troll

04:43:18 12   Prevention Act.

04:43:23 13   A       Well, I read the statutes, and I -- I

04:43:46 14   believe I read case law, researched case law on it.

04:43:52 15   Q       What case law did you research on it?

04:43:55 16           MR. DEMING:  Objection.  Calls for

04:43:57 17   privileged information.

04:43:58 18   Q       Is that an instruction not to answer?

04:44:01 19           MR. DEMING:  It is an instruction not to

04:44:02 20   answer.

04:44:03 21           MS. GEYER:  Are you going to follow your

04:44:05 22   counsel's instruction?

04:44:07 23           MR. DEMING:  It's not his choice.  It's not

04:44:09 24   his privilege to waive.

04:44:10 25   Q       Are you going to follow the counsel's

Confidential   Valve Corporation vs.
Samuel Meyler                              Leigh Rothschild, et al.

Page 169

04:44:12  1   instruction not to answer?

04:44:13  2   A       I am.

04:44:24  3   Q       So you're saying you did case law research

04:44:26  4   on the Patent Troll Prevention Act, but you are not

04:44:31  5   answering any questions about what that case law

04:44:34  6   research was because you are following counsel's

04:44:37  7   instruction not to answer based on privilege; is that

04:44:39  8   correct?

04:44:41  9   A       Privilege, work product, yeah.

04:44:46  10          MR. MACHLEIDT:  Did you say it's not his

04:44:49  11  privilege to waive?

04:44:51  12          MR. DEMING:  That's right.

04:44:52  13          MR. MACHLEIDT:  Yet we don't know on behalf

04:44:55  14  of which client he did the research.  So it could have

04:44:57  15  been your client.  It could have been somebody else,

04:45:00  16  but you're just blanket saying it's not his privilege

04:45:04  17  to waive?

04:45:05  18          MR. DEMING:  That's right.

04:45:05  19  Q       (Ms. Geyer continuing.)  What cases did you

04:45:20  20  read relating to the Patent Troll Prevention Act

04:45:23  21  during that research?

04:45:23  22          MR. DEMING:  Same objection.  Same

04:45:25  23  instruction.

04:45:27  24  Q       Are you going to refuse to answer that

04:45:29  25  question based on privilege?

Confidential    Valve Corporation vs.
Samuel Meyler                              Leigh Rothschild, et al.

Page 170

04:45:31  1    A        I am.

04:45:34  2    Q        How long did you spend doing case law

04:45:36  3    research on the Patent Troll Prevention Act?

04:45:42  4    A        I don't know exactly.

04:45:44  5    Q        Hours?

04:45:48  6    A        Probably, yeah.

04:45:50  7    Q        Days?

04:45:58  8    A        It's possible.

04:46:23  9    Q        Yes or no, did you create any written work

04:46:27 10    product as an outcome of the research you did into the

04:46:32 11    Patent Troll Prevention Act?

04:46:38 12    A        Yes.

04:46:43 13    Q        Did you provide -- yes or no only, did you

04:46:47 14    provide that written work product to anyone?

04:46:58 15    A        To my client.

04:47:05 16    Q        As part of your research into the Patent

04:47:07 17    Troll Prevention Act, did you research any other

04:47:13 18    patent troll statutes in other states?

04:47:21 19    A        I have.  I don't know if it was exactly the

04:47:28 20    same timeframe.  I mean, research is an ongoing

04:47:35 21    activity at times in certain matters, and so I don't

04:47:40 22    know if it was all at once, but I have looked at other

04:47:46 23    states as well.

04:47:48 24    Q        Was the research you did into the patent

04:47:54 25    troll acts in other states done prior to the June

Confidential    Valve Corporation vs.
Samuel Meyler                                    Leigh Rothschild, et al.

Page 188

05:34:14  1    A        Yesterday.

05:34:15  2    Q        How long was that meeting?

05:34:29  3    A        Four to five hours maybe.  I don't even

05:34:33  4    think it was -- maybe somewhere in that range.

05:34:41  5            MS. GEYER:  I think we pass the witness.

05:34:43  6            MR. DEMING:  I have no questions.  Thank

05:34:44  7    you.

05:34:45  8            MS. GEYER:  Do you want to mark this as

05:34:46  9    confidential?

05:34:47  10           MR. DEMING:  Yeah.  Let's mark it

05:34:49  11   confidential.  Give the witness 30 days to read and

05:34:53  12   sign.  And we don't need a rush or anything.  We'll

05:34:56  13   just take regular delivery.

05:35:02  14           THE VIDEOGRAPHER:  Video question for me,

05:35:03  15   just yes or no on orders?

05:35:06  16           MS. GEYER:  I think we have a standing

05:35:07  17   order.

05:35:09  18           MR. DEMING:  Not for us.  Thank you.

05:35:10  19           THE VIDEOGRAPHER:  The time is now 5:35 p.m.

05:35:12  20   This concludes today's deposition.

          21           (Deposition adjourned at 5:35 p.m.)

          22           (Signature was reserved.)

          23

          24

          25

Confidential    Valve Corporation vs.
Samuel Meyler                           Leigh Rothschild, et al.

Page 189

```
 1                    C E R T I F I C A T E

 2    State of Washington   )

 3                          )  ss.

 4    County of King        )

 5

 6            I, the undersigned Registered Professional
      Reporter and Washington Certified Court Reporter, hereby
      certify that the foregoing deposition upon Oral examination
 7    of SAMUEL MEYLER was taken before me on August 29, 2025 and
      transcribed under my direction;

 8
              That the witness was duly sworn by me pursuant to
 9    RCW 5.28.010 to testify truthfully; that the transcript of
      the deposition is a full, true, and correct transcript to
10    the best of my ability; that I am neither attorney for, nor
      a relative or employee of, any of the parties to the action
11    or any attorney or counsel employed by the parties hereto,
      nor financially interested in its outcome.

12
              I further certify that in accordance with CR
13    30(e), the witness was given the opportunity to examine,
      read, and sign the deposition, within 30 days, upon its
14    completion and submission, unless waiver of signature was
      indicated in the record.

15
              IN WITNESS WHEREOF, I have hereunto set my hand
16    and seal this date, September 2, 2025:

17

18

19
                            _____
20                          Yvonne A. Gillette

21                          Washington Certified Court Reporter

22                          License No. 2129

23

24

25
```

1       DECLARATION UNDER PENALTY OF PERJURY

2   Case Name: Valve Corporation
              vs. Leigh Rothschild, et al.
3   Date of Deposition: 08/29/2025

4   Job No.: 10171409

5

6            I, SAMUEL MEYLER, hereby certify

7   under penalty of perjury under the laws of the State of

8   Washington_____ that the foregoing is true and correct.

9            Executed this 1st____ day of

10  October_____, 2025, at Seattle, Washington_____.

11

12

13  _____

14            SAMUEL MEYLER

15

16  NOTARIZATION (If Required)

17  State of _____

18  County of _____

19  Subscribed and sworn to (or affirmed) before me on

20  this _____ day of _____, 20__,

21  by_____,    proved to me on the

22  basis of satisfactory evidence to be the person

23  who appeared before me.

24  Signature: _____ (Seal)

25

**Page 190**

DEPOSITION ERRATA SHEET

Case Name: Valve Corporation vs. Leigh Rothschild, et al.
Name of Witness: Samuel Meyler
Date of Deposition: 08/29/2025
Job No.: 10171409
Reason Codes:          1. To clarify the record.
                       2. To conform to the facts.
                       3. To correct transcription errors.

Page 12, Line 5 – 6, Reason 2
**From:** Social Positioning Input Systems
**To:** Rothschild Broadcast Distribution Systems, LLC

---

Page 29, Line 19, Reason 1 and 2
**From:** No, I don't believe that there was.
**To:** No, I don't believe that there was other *lead litigation counsel* that I worked with on behalf of any Rothschild-related entities.

---

Page 32, Lane 1, Reason 1 and 2
**From:** No, I do not believe that I was.
**To:** I was not involved in prelitigation activities with respect to my initial engagement for *RBDS v. CreativeLive*.

---

Page 51, Line 21, Reason 1 and 2
**From:** That is correct.
**To:** *Display Technologies v Valve* was the only lawsuit where I appeared as local counsel on behalf of Display Technologies LLC.  The Plaintiff in the *CreativeLive* matter was RBDS.

---

Page 51, Line 24, Reason 1 and 2
**From:** Correct. Yeah.
**To:** *Display Technologies v Valve* was the only lawsuit where I appeared in a pending lawsuit as local counsel on behalf of Display Technologies LLC.  The Plaintiff in the *CreativeLive* matter was RBDS.

---

Page 79, Line 24 – 25, Reason 1 and 2
**From:** Yes, I did talk with RBDS before filing the lawsuit.
**To:** Yes, I did talk with *Display Technologies* before filing the lawsuit.

---

Page 154, Line 23 – 25, Reason 1
**From:** those entities that were my clients in this action that are now co-defendants.
**To:** those entities that were my clients, that are now co-defendants in this action.

---

Subject to the above changes, I certify that the transcript is true and correct.

Dated <u>October 1, 2025</u> at Seattle, Washington.

Samuel M. Meyler