Honorable Jamal N. Whitehead

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| VALVE CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>LEIGH ROTHSCHILD, ROTHSCHILD BROADCAST DISTRIBUTION SYSTEMS, LLC, DISPLAY TECHNOLOGIES, LLC, PATENT ASSET MANAGEMENT, LLC, MEYLER LEGAL, PLLC, AND SAMUEL MEYLER,<br><br>Defendants. | Case No. 2:23-cv-01016<br><br>**DEFENDANTS' MOTIONS IN LIMINE** |

Defendants respectfully submit their Motions In Limine Nos. 1-6 as set forth below:

### MOTION IN LIMINE NO. 1

Pleadings and Documents from other cases containing factual statements, assertions and allegations of other parties, motions and briefs, declarations of other parties, as well as emails expressing the opinion of opposing counsel, and validity and infringement opinions expressed by opposing counsel in other cases should be excluded as inadmissible under: (i) FRE 401, 402, 403 as not relevant to the issues in this case; (ii) FRE 602 lack of personal knowledge or sponsoring witness; (iii) FRE 701 they contain opinions on issues expressed by other counsel or parties from

DEFENDANTS' MOTIONS IN LIMINE ` – Page **1** of **9**
Case No. 2:23-cv-01016

DNL Zito
1250 Connecticut Avenue, NW
Suite 700
Washington, DC 20036
Phone: (202) 466-3500

1  other cases who are not available at trial; and (iv) FRE 801, 802 they contain hearsay, these are

2  statements from other persons not before the Court and thus are hearsay and lack a sponsoring

3  witness.

4      These documents are also likely to confuse, prejudice and mislead the jury as to issues yet

5  to be decided and as to which issues in this matter may have already been decided, and would

6  provide the jury with the unqualified opinions of persons who have not been designated as and are

7  not expert witnesses

8      For Example, Exhibit 454 - "1/28/2025 Defendant Rachael Lamkin's Answer to Plaintiff's

9  Complaint and Counterclaim, Rothschild v. Starbucks, Lamkin, SDFL 1:24-CV-24669, Dkt. 8"

10 Contains numerous factual statement such as:

11     "40. Plaintiffs named Starbucks as a Defendant here in order to put improper pressure on Attorney Lamkin and Starbucks, in an attempt to create a "conflict"
12 between Attorney Lamkin and her client Starbucks, and to attempt to force Starbucks to drop Starbucks counterclaims against Rothschild in the E.D. Tex.
13 Litigation.

14     41. Further, in the E.D. Tex. Litigation, AT propounded discovery upon Starbucks clearly aimed at intimidating Starbucks and Attorney Lamkin by citing this matter.

15

16 This is clearly the assertion of an opposing party in a completely different non-patent related action

17 in Florida. That party is not a witness in this matter and has not been deposed in this matter. The

18 factual assertions are hearsay.

19     Exhibits 18, 19, 20, 23, 24, 25 (declarations of opposing counsel); 143 (pleading), 90, 145-

20 148 (e-mails expressing opinions of opposing counsel), 263, 272, 283 (e-mails alleging facts), 284

21 (non-infringement report), 297, 301, 304-312, 314(letters and e-mails expressing facts and

22 opinions of opposing counsel) 315 (non-infringement analysis of opposing party) 316, 318-322,

23 333, 335 (letter and e-mails), 435 (declaration of opposing counsel), 438-442, 444, 454, 478-479

24

DEFENDANTS' MOTIONS IN LIMINE ` – Page 2 of 9
Case No. 2:23-cv-01016

DNL Zito
1250 Connecticut Avenue, NW
Suite 700
Washington, DC 20036
Phone: (202) 466-3500

1  (letters and e-mails), should be excluded. There are no sponsoring witnesses nor opportunity to
2  cross examine the declarants. All of this material should be excluded to prevent them being
3  entered to prove the truth of the matters asserted and to prevent prejudice and confusion.

## MOTION IN LIMINE NO. 2.

Third party blogs, articles/blog posts, web site articles, Wikipedia citations, web citations and the like, as well as other "reputation" evidence should be excluded. This material is inadmissible as hearsay, is unsupported by a witness, and as opinion testimony not proffered by an expert. This material should be excluded under: (i) FRE 401, 402, 403 as not relevant to the issues in this case; (ii) FRE 602 lack of personal knowledge or sponsoring witness; (iii) FRE 701 they contain opinions on issues expressed by other counsel or parties from other cases; and (iv) FRE 801, 802, 805 they contain hearsay, these are statements from unrelated persons not before the Court and thus lack a sponsoring witness.

**Exhibit 6** - 1/31/2023 "Stupid Patent Of The Month: Digital Verification Systems Patents E Signatures," Joe Mullin, Techdirt https://www.techdirt.com/2023/01/31/stupid patent of the month digital verification systems patents e signatures/) This is a non-party opinion as to what the author feels is the stupid patent of the month. This is inadmissible hearsay because the declarant is not before the Court and impermissible opinion testimony. In addition, the author is not qualified nor proffered as an expert. The same is true for **Exhibit 8** - 10/10/2024 "Starbucks Levels Fraud Claim in a New Tactic to Fight Patent Suit," Michael Shapiro, Bloomberg Law (https://news.bloomberglaw.com/ip law/starbucks-levels-fraud-claim-in-new-tactic-to-fight-patent-suit) and Stupid Patent of the Month articles **Exhibit 11, Exhibit 12** and **Exhibit 13**

DEFENDANTS' MOTIONS IN LIMINE ` – Page **3** of **9**
Case No. 2:23-cv-01016

DNL Zito
1250 Connecticut Avenue, NW
Suite 700
Washington, DC 20036
Phone: (202) 466-3500

12/3/2019 "How a Patent on Sorting Photos Got Used to Sue a Free Software Group," Alex Moss, Electronic Frontier Foundation (https://www.eff.org/deeplinks/2019/12/how-patent-sorting-photos-got-used-sue-free-software-group) and **Exhibit 15** - "Notorious Patent Trolls" These are all opinion pieces expressing the bias of the author, not verifiable statements of fact or reliable news sources.

**Exhibits 107, 436 and 557** - "Stupid Patent of the Month" and 108,"Stupid Patent Owner" should also be excluded for the same reason. Plaintiff should not be allowed to enter this material to prove the truth of the assertions therein nor to harass, disparage or embarrass Defendants by name calling. Exhibits 427, 428 and 429 - "patent troll" should be excluded for the same reasons.

## MOTION IN LIMINE NO. 3

Deposition Designations from witnesses deposed in this matter. Significant portions of the deposition designations proposed by Plaintiff are hearsay and opinion testimony from an non-experts and should be excluded under: (i) FRE 401, 402, 403 as not relevant to the issues in this case; (ii) FRE 602 lack of personal knowledge or sponsoring witness; (iii) FRE 701 they contain opinions on issues expressed by other counsel or parties from other cases; and (iv) FRE 801, 802 they contain hearsay, these are statements form other persons not before the Court and thus lack a sponsoring witness.

The selections from Ms. Kazanjian have no relevance to any issue and her entire involvement with any of the Defendants long predates any interaction between Valve and PAM. The former employees statements about her former employer are inflammatory and highly prejudicial with no probative value.

DEFENDANTS' MOTIONS IN LIMINE ` – Page **4** of **9**
Case No. 2:23-cv-01016

DNL Zito
1250 Connecticut Avenue, NW
Suite 700
Washington, DC 20036
Phone: (202) 466-3500

1  The sections from the deposition of Ms. LaFosse also have no relevance to the case, and are primarily speculation and hearsay.

The selections from the deposition of Mr. Garteiser also lack of any relevance to any issue in this matter. The selections related to his sanctions in unrelated cases for unrelated clients are clearly only selected for prejudice, embarrassment and harassment. Decisions of other courts in unrelated cases for unrelated parties are inadmissible.

The Batra deposition excerpts are mostly speculation, hearsay and unqualified opinion testimony from a non-expert, and should therefore be excluded.

Defendants are preserving these objections in this motion, however the specific objections to specific designations will be addressed in the objections to the deposition testimony designations.

## MOTION IN LIMINE NO. 4

Docket Navigator searches are not admissible and not authenticated nor capable of authentication. The statistics are known to be imperfect and prone to error, see:

**Exhibit A -    A Misunderstanding of Data Leads to a misunderstanding of Patent Law and Policy:**

"Docket Navigator returned for patents found unpatentable and not invalid. Our analysis shows that the "200" number, and consequently the rate at which the Patent Office is supposedly "wrong" based on a comparison to times a court supposedly got it "right" is well off the mark.

**Exhibit B -    Misleading Stats Lead To Misleading Testimony In Front Of Congress - Patent Progress:**

"This resulted in Docket Navigator coding the case as both "determination = not invalid" and "determination = invalid." This is an ongoing case, so no final determination of validity by the judge or by a jury has occurred."

DEFENDANTS' MOTIONS IN LIMINE ` – Page 5 of 9
Case No. 2:23-cv-01016

DNL Zito
1250 Connecticut Avenue, NW
Suite 700
Washington, DC 20036
Phone: (202) 466-3500

**Exhibit C - Comparing Apples and Oranges**

". . . .attributed to the fact that we did not take at face value Docket Navigator's search results. Instead, we reviewed the underlying determinations to establish if the tribunals' determinations reflect a true apples-to-apples disagreement. This extra review proved important, as we discovered that the majority of "disagreements" in the Docket Navigator raw data could be excluded because the data selected by other commentators compared apples to oranges, or something else."

Submission of a Docket Navigator search for the truth of the information contained therein deprives Defendants of cross examination of the data. Docket Navigator is not an authoritative reference nor is it self-authenticating. There is no fact-checking or source-checking and no opportunity to cross-examine. The searches lack foundation and should be excluded under: (i) FRE 401, 402, 403 as not relevant to the issues in this case; (ii) FRE 602 lack of personal knowledge or sponsoring witness; and (iii) FRE 801, 802 they contain hearsay.

## MOTION IN LIMINE NO 5.

Prior Art. The prior art references should be excluded under FRE 401, 402, 403 as not relevant to the issues in this case. With the Court's dismissal of the Counterclaim with prejudice, Plaintiff no longer has standing to raise the declaratory judgement claims, Counts I and II under 28 USC 2201. There is no "case or actual controversy" after the Court's entry of Defendants' voluntary dismissal of the counterclaim. Without Count I "Invalidity", the prior art is not relevant to any issues in this case.

If the Court grants Defendant's forthcoming Motion to Dismiss Plaintiff's declaratory judgment Count I, the issue of validity will be removed and there will longer be any relevance for

DEFENDANTS' MOTIONS IN LIMINE ` – Page **6** of **9**
Case No. 2:23-cv-01016

DNL Zito
1250 Connecticut Avenue, NW
Suite 700
Washington, DC 20036
Phone: (202) 466-3500

the prior art references. If Count I is not dismissed, then the prior art exhibits remain relevant and admissible.

## MOTION IN LIMINE NO. 6

Evidence/argument implying the Meyler Defendants violated ethics rules, committed "litigation misconduct," or similar character attacks should be excluded. Valve did not file an ethics complaint, there has been no determination, argument or evidence that the Meyler Defendants violated any ethics rules or committed litigation misconduct. This material should be excluded as irrelevant and prejudicial under: (i) FRE 401, 402, 403 as not relevant to the issues in this case; (ii) FRE 602 lack of personal knowledge or sponsoring witness; and (iii) FRE 701 opinions on issues expressed by Plaintiff's counsel or other parties.

I certify that this memorandum contains 1608 words, in compliance with the Local Civil Rules.

Dated: December 29, 2025                           Respectfully submitted,

                                                   By:  /s/ Joseph J. Zito
                                                   Joseph J. Zito
                                                   DNL ZITO
                                                   1250 Connecticut Avenue, NW, Suite 700
                                                   Washington, DC 20036
                                                   Tel: (202) 466-3500
                                                   Email: jzito@dnlzito.com

                                                   René A. Vazquez (*pro hac vice*)
                                                   DNL ZITO

DEFENDANTS' MOTIONS IN LIMINE ` – Page 7 of 9
Case No. 2:23-cv-01016

DNL Zito
1250 Connecticut Avenue, NW
Suite 700
Washington, DC 20036
Phone: (202) 466-3500

1250 Connecticut Avenue, NW, Suite 700
Washington, DC 20036

 */s/ Matthew J. Cunanan*
Matthew J. Cunanan (#42530)
DC LAW GROUP
12055 15th Ave NE, Suite B
Seattle, WA 98125
Tel: (206) 494-0400
Fax: (855) 494-0400
Email: matthew@dclglawyers.com

*Attorneys for Defendants Leigh Rothschild, Rothschild Broadcast Distribution Systems, LLC, Display Technologies, LLC, Patent Asset Management, LLC, Meyler Legal, PLLC, and Samuel Meyler*

DEFENDANTS' MOTIONS IN LIMINE ` – Page **8** of **9**
Case No. 2:23-cv-01016

DNL Zito
1250 Connecticut Avenue, NW
Suite 700
Washington, DC 20036
Phone: (202) 466-3500

**CERTIFICATE OF SERVICE**

I hereby certify that on December 29, 2025, the forgoing Defendant's Motions In Limine was filed the through the CM/ECF system of This Court and that notice will be sent electronically to all counsel who are registered participants identified in this matter.


                        /s/      Joseph J. Zito

DEFENDANTS' MOTIONS IN LIMINE ` – Page **9** of **9**
Case No. 2:23-cv-01016

DNL Zito
1250 Connecticut Avenue, NW
Suite 700
Washington, DC 20036
Phone: (202) 466-3500