1

**HON. JAMAL N. WHITEHEAD**

2

3

4

5

6

7

**UNITED STATES DISTRICT COURT**

8

**FOR THE WESTERN DISTRICT OF WASHINGTON**

9

**AT SEATTLE**

10

11    VALVE CORPORATION,    Case No. 2:23-cv-1016

12          Plaintiff,

**VALVE CORPORATION'S SECOND**
13          v.    **MOTION FOR SANCTIONS AGAINST**
              **THE ROTHSCHILD DEFENDANTS**
14    LEIGH ROTHSCHILD, ROTHSCHILD
      BROADCAST DISTRIBUTION SYSTEMS,
15    LLC, DISPLAY TECHNOLOGIES, LLC,
      PATENT ASSET MANAGEMENT, LLC,    NOTE ON MOTION CALENDAR:
16    MEYLER LEGAL, PLLC, AND SAMUEL    **January 29, 2026**
      MEYLER,
17
            Defendants.    Complaint Filed:    07/07/2023
18

19

20

21

22

23

24

25

26

27

28

VALVE'S 2D MOT. FOR SANCTIONS
CASE NO. 2:23-CV-1016                                    - 1 -

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

1

**TABLE OF CONTENTS**

2

3

I.      INTRODUCTION ........................................................................................1

4

II.     THE EVENTS LEADING TO VALVE'S SECOND SANCTIONS
        MOTION....................................................................................................1

5

        A.      The Court granted Valve's motion to compel in an order that
                imposes clear requirements on the Rothschild Defendants................1

6

7

        B.      Defendants made an incomplete production in response to this
                Court's Discovery Order....................................................................2

8

        C.      Defendants' most recent production calls into question the
                accuracy of Defendants' discovery responses served only in
                October 2025....................................................................................3

9

10

                1.      Defendants' post-discovery representations when
                        responding to Valve's discovery..............................................3

11

12

                2.      Defendants' production from the Florida Defamation
                        Action casts doubt on the accuracy of Defendants'
                        discovery responses here........................................................4

13

14

        D.      Defendants could have easily produced the Rothschild
                Defendants' financial records. ..........................................................8

15

III.    LEGAL FRAMEWORK................................................................................9

16

IV.     ARGUMENT .............................................................................................9

17

        A.      The Court should direct the jury that, for purposes of this
                action, Rothschild uses intentionally undercapitalized shell
                companies to assert infringement claims for the purpose of
                shielding himself from personal liability. ........................................10

18

19

20

        B.      The Court should direct the jury to consider Defendants'
                discovery misconduct as a factor weighing in favor of a
                finding of bad faith............................................................................13

21

22

        C.      Adverse inference instructions are the proper sanction to level
                the evidentiary playing field that Defendants have biased in
                their favor. ......................................................................................14

23

24

        D.      The Court should prevent Defendants from introducing into
                evidence or commenting on anything contained within their
                late production of documents...........................................................15

25

        E.      Valve seeks its fees for bringing this motion. ..................................15

26

V.      CONCLUSION.........................................................................................16

27

28

VALVE'S 2D MOT. FOR SANCTIONS
CASE NO. 2:23-CV-1016                                          - 1 -

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA  98101
(206) 467-9600

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Anhui Konda Green Lighting Co. v. Green Logic Led Electrical Supply, Inc.*,
No. 18-cv-12255, 2021 WL 807209 (S.D.N.Y. Mar. 3, 2021) ............................................. 11

*Chi Chen v. U.S. Bank Nat'l Ass'n*,
No. C16-1109 RSM, 2019 WL 6913479 (W.D. Wash. Dec. 19, 2019)
(Martinez, C.J.) ....................................................................................................... 11, 12

*Choudhuri v. Wells Fargo Bank, N.A.*,
No. 15-cv-03608-VC (KAW), 2017 WL 5598685 (N.D. Cal. Nov. 21, 2017) ..................... 15

*Compass Bank v. Morris Cerullo World Evangelism*,
104 F. Supp. 3d 1040 (S.D. Cal. 2015) ................................................................................ 14

*Gibson v. Chrysler Corp.*,
261 F.3d 927 (9th Cir. 2001)................................................................................................ 10

*Iris Connex, LLC v. Dell, Inc.*,
235 F. Supp. 3d 826 (E.D. Tex. 2017) .................................................................................. 2

*Leigh M. Rothschild & Analytical Techs., LLC v. Rachael Lamkin*,
No. 1:24-cv-24669-DPG (S.D. Fla.), Dkt. 1 ......................................................................... 2

*Mgmt. Registry, Inc. v. A.W. Cos.*,
No. CV 17-5009, 2020 WL 4915832 (D. Minn. Aug. 21, 2020), *as amended*
(Aug. 27, 2020) ............................................................................................................ 13, 14

*Resolute Forest Prods., Inc. v. Greenpeace Int'l*,
No. 17-CV-02824-JST-KAW, 2022 WL 16637990 (N.D. Cal. Nov. 2, 2022),
*report and recommendation adopted,* No. 18-cv-12255, 2021 WL 807209
(S.D.N.Y. Mar. 3, 2021) ...................................................................................................... 15

*Russell v. T-Mobile USA, Inc.*,
No. 2:24-CV-00255-MJP, 2025 WL 887362 (W.D. Wash. Mar. 21, 2025) ........................ 16

*Tuggle v. City of Tulare*,
No. 1:19-cv-01525-NONE-SAB, 2021 WL 3472274 (E.D. Cal. Aug. 6, 2021) ................... 10

*United States v. Schmidt*,
No. C16-0985RSL, 2017 WL 6021477 (W.D. Wash. Oct. 24, 2017) (Lasnik, J.)............ 9, 13

*Vetstem Biopharm, Inc. v. Cal. Stem Cell Treatment Ctr., Inc.*,
No. 2:19-cv-04728-AB-PDx, 2023 WL 6536204 (C.D. Cal. Aug. 15, 2023),
*report and recommendation adopted as modified,* No. 2:19-cv-04728-AB-PDx,
2023 WL 7018259 (C.D. Cal. Oct. 25, 2023) ..................................................................... 14

VALVE'S 2D MOT. FOR SANCTIONS
CASE NO. 2:23-CV-1016

- 1 -

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

*Williams v. City of Long Beach*,
    No. 2:19-cv-05929-ODW, 2022 WL 444840 (C.D. Cal. Feb. 14, 2022) ............................. 10

**Statutes**

19 U.S.C. § 1927 ................................................................................................................. 16

**Other Authorities**

Fed. R. Civ. P. 30(b)(6) ....................................................................................................... 15

Fed. R. Civ. P. 37 .......................................................................................................... *passim*

Fed. R. Civ. P. 37(b) ........................................................................................................ 9, 10

Fed. R. Civ. P. 37(b)(2) .......................................................................................................... 9

Fed. R. Civ. P. 37(b)(2)(A)(i) ............................................................................................. 10

Fed. R. Civ. P. 37(b)(2)(A)(ii) ........................................................................................... 15

Fed. R. Civ. P. 37(b)(2)(c) .................................................................................................. 15

VALVE'S 2D MOT. FOR SANCTIONS
CASE NO. 2:23-CV-1016           - 2 -

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA  98101
(206) 467-9600

1

## I.    INTRODUCTION

2    This Court recently ordered the production of financial information from each of the four

3  Rothschild Defendants: Leigh Rothschild, RBDS, Display Technologies, and PAM. Dkt. 175.

4  Valve, however, only received financials from PAM. The Court also ordered the Rothschild

5  Defendants to review and produce long-overdue ESI, but Defendants produced only a privilege

6  log for email in the incorrect time period and did not produce any non-privileged ESI. Valve seeks

7  targeted sanctions for Defendants' violation of this Court's Discovery Order.

8    Neither Valve nor this Court have been able to ensure the Rothschild Defendants complied

9  with their discovery obligations. Since discovery began, they "engaged in a pattern of delays in

10  responding to Valve's discovery requests." Dkt. 78 at 1–2. What began as delay transitioned into

11  refusal to provide responsive and undeniably relevant information. Dkt. 175. That led Valve to

12  seek this Court's assistance again. Dkt. 83. Defendants, however, chose to violate this Court's

13  Order by failing to produce entire categories of documents.

14    Sanctions in the form of an adverse inference coupled with designating certain facts to be

15  established is the appropriate (and least severe) remedy at this point. Requiring further productions

16  would be futile because Defendants have not complied with the Court's Discovery Order directing

17  them to act. And Valve should not be prejudiced further as it prepares for the fast-approaching

18  trial. The facts of this case should have been settled long ago; Defendants' refusal to engage in

19  discovery prevented that from happening. Defendants must therefore face the consequences of

20  their decision to disregard their discovery obligations and this Court's Order.

21
## II.    THE EVENTS LEADING TO VALVE'S SECOND SANCTIONS MOTION

22
### A.    The Court granted Valve's motion to compel in an order that imposes clear requirements on the Rothschild Defendants.

23

24    Valve served targeted discovery asking the Rothschild Defendants to produce

25  (i) documents relating to inter-company fund transfers and (ii) financial records going back to

26  2016. Dkt. 83. Defendants refused to produce responsive documents, leading to Valve's second

27  motion to compel. *Id.* Valve also asked the Court to require the Rothschild Defendants to comply

28

VALVE'S 2D MOT. FOR SANCTIONS
CASE NO. 2:23-CV-1016                                    - 1 -

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA  98101
(206) 467-9600

with their ESI obligations. *Id.* Defendants did not oppose Valve's motion, conceding their prior discovery responses were insufficient. Dkt. 115.

This Court granted Valve's motion to compel. Dkt. 175. The Court found the requested financial discovery "relevant to show whether [the Defendant] companies are indeed undercapitalized, whether any transfer of funds is predicated on a subsequent assertion of patent infringement, or whether Defendants have engaged in a pattern of continuing conduct 'intended to game the judicial system.'" *Id.* (quoting *Iris Connex, LLC v. Dell, Inc.*, 235 F. Supp. 3d 826, 851 (E.D. Tex. 2017)).

The Court also required Defendants to "review and produce documents responsive to the [ESI] terms proposed by Valve." Dkt. 175. Those ESI terms were "[l]imited in time to before June 7, 2023." Dkt. 83 at 8. The Court found Valve's proposed terms "clearly relevant" to its anti-troll case and that it would not be "particularly onerous or burdensome" for Defendants to review and produce responsive documents. *Id.*

December 31 was the deadline for Defendants to produce responsive information.

**B.      Defendants made an incomplete production in response to this Court's Discovery Order.**

On December 23, Defendants produced documents and transcripts from Rothschild's ongoing defamation case against Rachael Lamkin. Rothschild and one of his assertion companies, Analytical Technologies, sued Ms. Lamkin for a statement that she allegedly made during an interview about her experiences with getting fee awards against Rothschild's companies: "[W]ith Leigh Rothschild, we never get the money because the shells go bankrupt." Ex. 1 (*Leigh M. Rothschild & Analytical Techs., LLC v. Rachael Lamkin*, No. 1:24-cv-24669-DPG (S.D. Fla.), Dkt. 1) ¶ 17 (alteration in original) (citation omitted) ("Florida Defamation Action"). In that case, Rothschild alleged that "none of the companies [Rothschild] is involved with is a 'shell' (*i.e.*, a company with no significant assets or operations); instead, each of the companies is a lawful corporate entity with assets, *bank accounts*, and operations appropriate for its purpose, which in most cases is to own and license valuable U.S. patents." *Id.* ¶ 19 (emphasis added).

VALVE'S 2D MOT. FOR SANCTIONS
CASE NO. 2:23-CV-1016                                      - 2 -

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA  98101
(206) 467-9600

On December 30, Defendants made their final production consisting of eight PDFs:  two "Priv Logs," ██████████████████ "Tax docs"; "WY Formation Docs"; "TX Formation Docs"; and "FL Formation Docs." The "Bank" and "Tax" documents are related only to PAM. Despite the Court's clear Order, the Rothschild Defendants did not produce financial or banking documents for Defendants Leigh Rothschild, RBDS, or Display Technologies.

Nor did the Rothschild Defendants produce ESI responsive to Valve's search terms in the correct time period, as required by the Court's Order. When questioned about the lack of ESI production, counsel for Defendants stated that they produced privilege logs with information responsive to those ESI terms. Machleidt Decl. ¶ __. Those privilege logs, however, contain only ESI *after* June 7, 2023, not *before* June 7, 2023 as set forth in Valve's search terms. Exs. 2, 3.

**C.    Defendants' most recent production calls into question the accuracy of Defendants' discovery responses served only in October 2025.**

**1.    Defendants' post-discovery representations when responding to Valve's discovery.**

Valve asked the Rothschild Defendants to disclose "the amount of funds and Capital that have been available to You on a monthly basis" "in a format similar to the" following chart:

| YEAR | MONTH | AMOUNT OF FUNDS | AMOUNT OF CAPITAL |
|---|---|---|---|
| 2025 | May | | |
| | April | | |
| | March | | |
| | February | | |
| | January | | |

Dkt. 148-20 at 2–3; *id.* at 2  (defining "Capital" as "property, other than intellectual property, held for investment, personal, or business use or sale"); *see also* Dkt. 148-21 at 2; Dkt. 148-22 at 2–3.[1]

---

[1] As explained in Valve's first unopposed motion for sanctions, "Valve also served similar interrogatories on Rothschild about control, finances, and the movement of money between the Rothschild Defendants." Dkt. 146 at 6–7.

VALVE'S 2D MOT. FOR SANCTIONS
CASE NO. 2:23-CV-1016

- 3 -

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA  98101
(206) 467-9600

1    According to RBDS, it "*does not maintain monthly summaries in the format requested …*

2    [it] maintains *its own bank account(s)* and records separate from any affiliated or related entity."

3    Dkt. 148-34 at 10 (emphasis added). DT similarly responded and added that it "maintains

4    sufficient capital to pay all current and anticipated debts, including any contingent liabilities that

5    may result from the imposition of any reasonably anticipated court judgments." *Id*. at 17. PAM

6    gave a similar answer. *Id*. at 2, 7. Rothschild simply refused to disclose his "personal financial

7    details" (*id.* at 31), and to date, he has stuck to that position. *See, e.g.*, Dkt. 146-1 at 11:2–13;

8    46:15–21. None of the Defendants disclosed any dollar figures in response to these interrogatories.

9    Valve separately requested that the Rothschild Defendants "identif[y] . . . [their] bank

10   accounts and balance in such accounts, on a monthly basis since inception." Dkt. 148-24 at 4, 12,

11   19. Despite stating that they each have their own bank accounts and records, Defendants refused to

12   provide any information about those accounts. *Id.*

13           **2.    Defendants' production from the Florida Defamation Action casts**
                     **doubt on the accuracy of Defendants' discovery responses here.**

14

15   Defendants produced documents to Valve that they produced in the Florida Defamation

16   Action. Those productions confirm answers to Valve's discovery were readily available to them—

17   i.e., each Rothschild assertion entity (like RBDS and DT) has access to their bank statements. In

18   the Florida Defamation Action, Rothschild produced bank statements for several of his assertion

19   entities (not RBDS or DT).

20

21

22

23

24

25

26

27

28

VALVE'S 2D MOT. FOR SANCTIONS
CASE NO. 2:23-CV-1016                              - 4 -

1

Rothschild Connected Devices Innovations, LLC



Ex. 4 (LAMKIN_000137).

VALVE'S 2D MOT. FOR SANCTIONS
CASE NO. 2:23-CV-1016
- 5 -
Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA  98101
(206) 467-9600

1    <u>Rothschild Digital Confirmation LLC</u>

Ex. 5 (LMR-2086).

VALVE'S 2D MOT. FOR SANCTIONS
CASE NO. 2:23-CV-1016                    - 6 -

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA  98101
(206) 467-9600

1

Analytical Technologies, LLC



Ex. 6 (LMR-2332).

These representative bank statements for Rothschild's assertion entities indicate Valve's suspicion is correct: Rothschild keeps his assertion companies at a *de minimus* bank balance. Ex. 7 (LAMKIN_000128–131) ¶ 2. Rothschild uses these companies to hold and assert patents; neither he nor PAM ever act as the named plaintiff in any "Rothschild" infringement action. Ex. 8

(Rothschild Tr.) at 79:10–22, 81:7–8. Yet when settlement money is paid to Rothschild's assertion plaintiffs, it is quickly transferred to a PAM account, leaving little remaining in the account of the companies Rothschild uses to file his more than 1,000 infringement lawsuits.

████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████

███████████████████████████████

Such facts cast serious doubt on Defendants' assertion that, for example, DT maintains "sufficient capital to pay all current and anticipated debits, including any contingent liabilities that may result from the imposition of any reasonably anticipated court judgments." Dkt. 148-34 at 17. Had Defendants complied with their basic discovery obligations in a timely manner, Valve could have, and would have, questioned Rothschild about such matters and inconsistencies. Defendants' discovery tactics prevented Valve from doing so.

### D. Defendants could have easily produced the Rothschild Defendants' financial records.

The Court compelled the Rothschild Defendants to produce financial records responsive to Valve's requests since 2016. Dkt. 175. Rothschild's testimony indicates that, for RBDS and DT, those records consist only of bank statements. Ex. 8 (Rothschild Tr.) at 35:1–13, 250:8–251:21. The Rothschild Defendants have access to such bank statements and can produce them. Yet they did not produced any bank or other financial statement for RBDS, DT, or Rothschild.

Valve's interrogatories requested the amount of funds held by each Defendant on a monthly basis.  In responses verified by Leigh Rothschild, PAM and RBDS said it they "do[] not maintain monthly summaries in the format requested." Dkt. 148-34 at 10; *see also id.* at 2. And DT said it will not "provide monthly accounting of financial distributions or internal financial records." *Id.* at 18. But if RBDS's and DT's monthly bank statements look anything like those of

VALVE'S 2D MOT. FOR SANCTIONS
CASE NO. 2:23-CV-1016
- 8 -
Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA  98101
(206) 467-9600

their sister companies—Rothschild Connected Devices Innovations, Rothschild Digital

Confirmation, and Analytical Technologies—RBDS and DT had the information requested on the

face of their bank statements.

### III.    LEGAL FRAMEWORK

Rule 37(b) allows courts to impose severe sanctions on a party that disobeys court orders:

> (A) *For Not Obeying a Discovery Order.* If a party or a party's officer, director, or managing agent . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders. They may include the following:
>
>> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>>
>> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>> . . .

Fed. R. Civ. P. 37(b)(2).

"Rule 37 sanctions must be applied diligently both to penalize those whose conduct may be deemed to warrant such a sanction, [and] to deter those who might be tempted to such conduct in the absence of such a deterrent." *United States v. Schmidt*, No. C16-0985RSL, 2017 WL 6021477, at *1 (W.D. Wash. Oct. 24, 2017) (Lasnik, J.) (alteration in original) (citation omitted).

### IV.    ARGUMENT

The Rothschild Defendants' pattern of refusing to comply with their discovery obligations culminated in their violation of this Court's Discovery Order. Their conduct warrants Valve's requested sanctions, which fit into three categories:

First, Valve asks the Court to direct the jury that it must take as established for purposes of this action the following facts:

1.    Defendant Rothschild intentionally uses undercapitalized companies—including Defendants Rothschild Broadcast Distribution Systems and Display Technologies— for issuing threats of patent infringement while being shielded from personal liability under state laws like the Washington Patent Troll Prevention Act.

1           2.      Defendants Rothschild Broadcast Distribution Systems and Display Technologies

are shell companies that Defendant Rothschild intentionally maintains with minimal

assets and capital to shield himself from personal liability from the fee-shifting risk

associated with making baseless infringement assertions.

Second, Valve asks the Court to instruct the jury that the Rothschild Defendants failed to

cooperate in discovery during this litigation, a fact from which the jury may infer that the

Rothschild Defendants concealed information that would have helped Valve prove that

Defendants engaged in bad faith assertions of infringement under the Washington Patent Troll

Prevention Act.

Third, Valve asks that the Court prohibit Defendants from introducing in evidence or

otherwise referring to any document produced in response to this Court's Discovery Order.

Valve also asks the Court for attorneys' fees for bringing this motion and any other adverse

inference as it may deem appropriate.

          **A.**      **The Court should direct the jury that, for purposes of this action, Rothschild uses intentionally undercapitalized shell companies to assert infringement claims for the purpose of shielding himself from personal liability.**

Rule 37(b) provides that the sanction for violating a court order may include "'directing

that the matters embraced in the order or other designated facts be taken as established for

purposes of the action'" as "an adverse jury instruction." *Williams v. City of Long Beach*, No.

2:19-cv-05929-ODW (AFMx), 2022 WL 444840, at *1 (C.D. Cal. Feb. 14, 2022) (quoting

Rule 37(b)(2)(A)(i)). "[A] sanction in the form of an adverse factual finding . . . rests on the

reasonable assumption that the party resisting discovery is doing so because the information

sought is unfavorable to its interest. In such a case, the sanction merely serves as a mechanism for

establishing facts that are being improperly hidden by the party resisting discovery." *Gibson v.

Chrysler Corp.*, 261 F.3d 927, 948 (9th Cir. 2001).

An adverse jury instruction is appropriate here. Such instructions are proper  in light of the

Rothschild Defendants *repeated* refusal to comply with the discovery rules and violation of this

Court's Discovery Order. *See, e.g.*, *Tuggle v. City of Tulare*, No. 1:19-cv-01525-NONE-SAB,

1  2021 WL 3472274, at *17 (E.D. Cal. Aug. 6, 2021); Dkt. 175. Defendants violated their discovery

2  obligations despite this Court's earlier warning that "[f]ailure to comply with the Court's

3  [April 2025 discovery] order may result in sanctions, including, but not limited to, . . . adverse

4  inferences." Dkt. 78 at 2.

5           An adverse instruction also addresses the prejudice the Rothschild Defendants have

6  imposed upon Valve. Their refusal to produce responsive documents has thwarted Valve's ability

7  to prepare its case just one month out from trial. *Chi Chen v. U.S. Bank Nat'l Ass'n*, No. C16-1109

8  RSM, 2019 WL 6913479, at *3 (W.D. Wash. Dec. 19, 2019) (Martinez, C.J.). Valve should have

9  long ago received financial discovery from Rothschild and his assertion entities (RBDS and DT).

10  Instead, the Rothschild Defendants responded to discovery months late, hid behind specious

11  claims of irrelevance, forced Valve to move to compel and seek sanctions (while never opposing

12  Valve's motion), and now decided what parts of this Court's Order they would comply with. The

13  harm they caused is real, and the remedy—and least severe yet appropriate sanction—includes

14  directing the jury that Rothschild uses intentionally undercapitalized shell companies to assert

15  infringement claims for the purpose of shielding himself from personal liability.

16          Rule 37 permits precisely this remedy. In *Anhui Konda Green Lighting Co. v. Green Logic*

17  *Led Electrical Supply, Inc.*, the court granted plaintiff's motion for an adverse inference "with

18  respect to the interrelatedness of the corporate defendants." No. 18-cv-12255, 2021 WL 807209, at

19  *4 (S.D.N.Y. Mar. 3, 2021). The adverse inference plaintiff requested, and the court granted,

20  contained the following language:

21          Plaintiff requests an order directing the following matters be taken as established and
22          prohibiting [defendant] GLL from supporting or opposing claims or defenses or from
           introducing evidence:
23
24              1) GLL made no sales of the lights it received from Plaintiff and customer
               complaints do not exist.
25
               *2) GLL lacks corporate structure and operates as an alter ego of its former*
26             *and current shareholders.*
27              3) And any other adverse inference as the Court may deem appropriate.

28

VALVE'S 2D MOT. FOR SANCTIONS
CASE NO. 2:23-CV-1016                    - 11 -

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

1    Ex. 11 (Dkt. 223, Mot. For Sanctions) at 10 (emphasis added). The court entered the sanction

2    because, even though defendants produced some documents relating to corporate structure,

3    defendants used arguments regarding irrelevance and "evasive tactics" to avoid producing other

4    basic corporate documents. The court to concluded that such "behavior indicates they [were]

5    deliberately hiding information." *Anhui Konda Green Lighting*, 2021 WL 807209, at *4.

6         The Rothschild Defendants have litigated this case in the same manner. They have

7    produced some documents while "deliberately hiding information" that would hurt their case. *Id.*

8    at *5. Together, Valve's third set of interrogatories and second and third set of document requests

9    (a subset of which were at issue in this Court's Discovery Order and Valve's pending unopposed

10   first motion for sanctions) required Defendants to provide easily obtainable financial information

11   for RBDS and DT. Had they responded and produced the requested information, Valve would

12   know the monthly available funds and capital of the assertion entities, allowing it to argue on the

13   merits whether they fit the definition of undercapitalized shell companies. This Court's Order

14   required the long-overdue production of this information; Defendants did not comply,

15   purposefully choosing instead to continue hiding harmful information.

16        Valve's requested sanction is slight when compared to Defendants' conduct, is the least-

17   severe remedy available considering Defendants' history of failing to produce when required or

18   ordered to do so, and it does not amount to a "win" on any claim for Valve. While the Court may

19   certainly also impose any other adverse inference it deems appropriate, Valve does not ask the

20   Court to render a "default judgment against the disobedient party," which is one of the remedies

21   available under Rule 37 and could very well be appropriate here. Valve's requested remedies (here

22   and below) are just and specifically related to the harm Defendants caused Valve by their refusal

23   to produce Court-ordered financials and their pattern of discovery abuses.

24        In addition, Defendants' actions that led to this second motion for sanctions also further

25   emphasize the need for the relief Valve requested in its pending first motion for sanctions. Dkt.

26   146 at 2.

27

28

VALVE'S 2D MOT. FOR SANCTIONS
CASE NO. 2:23-CV-1016                                    - 12 -

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA  98101
(206) 467-9600

**B.    The Court should direct the jury to consider Defendants' discovery misconduct as a factor weighing in favor of a finding of bad faith.**

The Rothschild Defendants' discovery misconduct extends beyond their refusal to produce responsive financial documents. As documented across Valve's motions to compel and motion for sanctions, they have refused to follow the rules of discovery since the very beginning of this case. *See, e.g.*, Dkt. 83 at 1–2; Dkt. 146 at 3–9. Valve spent an inordinate amount of time "engag[ing] in extensive litigation just to obtain basic discovery and when, after months of Court orders and discovery battles, Defendants finally provided" documents, "they took an indefensibly narrow view of relevant discovery." *Mgmt. Registry, Inc. v. A.W. Cos.*, No. CV 17-5009 (JRT/KMM), 2020 WL 4915832, at *8 (D. Minn. Aug. 21, 2020), *as amended* (Aug. 27, 2020). Indeed, Rothschild himself admitted that he would only answer deposition questions *he* considered relevant (*e.g.*, Dkt. 146 at 9); the Rothschild Defendants took that same approach to written discovery.

In a case where they stand accused of exploiting the patent system in bad faith, they chose to "disobey[] court orders and delay[] production of relevant information. These actions by Defendants show *that they have abused the judicial process and have not acted in good faith*." *Mgmt. Registry*, 2020 WL 4915832, at *8 (emphasis added). Even now, after multiple discovery-related motions, Valve lacks "any confidence that the defendants have provided all or even most of the discovery to which" it is entitled. *Id.*

Conduct like this falls squarely within the ambit of Rule 37. Sanctions under the rule "must be applied diligently both 'to penalize'" disobedient parties and to "deter those who might be tempted to such conduct" in future litigations. *Schmidt*, 2017 WL 6021477, at *1. The Rothschild Defendants must face a penalty for behaving as if the discovery rules did not apply to them. And future litigants (specifically including Rothschild and his various patent assertion entities) must be deterred from following in their footsteps.

Valve therefore asks that the Court also instruct the jury that the Rothschild Defendants failed to cooperate in discovery during this litigation, a fact from which the jury may infer that

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA  98101
(206) 467-9600

1
2
3

the Rothschild Defendants concealed information that would have helped Valve prove that the Rothschild Defendants engaged in bad faith assertions of infringement under the Washington Patent Troll Prevention Act. *See, e.g.*, *Mgmt. Registry*, 2020 WL 4915832, at *8.

4
5

      **C.**      **Adverse inference instructions are the proper sanction to level the evidentiary playing field that Defendants have biased in their favor.**

6
7
8
9
10
11
12
13
14

      To the best of Valve's knowledge, neither this Court nor the Ninth Circuit have articulated a specific standard regarding when adverse inference instructions are a proper remedy based on withheld discovery. *See, e.g.*, *Compass Bank v. Morris Cerullo World Evangelism*, 104 F. Supp. 3d 1040, 1054 (S.D. Cal. 2015). Some federal courts in California have used the Second Circuit's three-part spoliation test when "an adverse inference instruction is sought on the basis that the evidence was not produced in time for use at trial." *Vetstem Biopharm, Inc. v. Cal. Stem Cell Treatment Ctr., Inc.*, No. 2:19-cv-04728-AB-PDx, 2023 WL 6536204, at *10 (C.D. Cal. Aug. 15, 2023), *report and recommendation adopted as modified*, No. 2:19-cv-04728-AB-PDx, 2023 WL 7018259 (C.D. Cal. Oct. 25, 2023).

15
16
17
18
19

      Under that test, " the party seeking the instruction must show (1) that the party having control over the evidence had an obligation to timely produce it; (2) that the party that failed to timely produce the evidence had a 'culpable state of mind'; and (3) that the missing evidence is 'relevant' to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense." *Id.* (citation omitted).

20
21
22
23
24
25
26
27

      Defendants' conduct meets each of these factors. First, Defendants were obligated under the discovery rules and this Court's Discovery Order to produce financials and ESI; they impermissibly chose to limit their financial production to PAM and not produce ESI in the ordered timeframe at all. Second, comparing Rothschild's production of bank statements for his assertion entities in the Florida Defamation Case (where he is the plaintiff) versus this lawsuit (where he is on the defensive) shows a culpable state of mind. He has the requested information, produced it in another ongoing case, yet did not do the same here. Third, as this Court acknowledged in its Discovery Order, the financials Valve requested are relevant.

28

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA  98101
(206) 467-9600

1    Defendants knew that if they did not comply with their discovery obligations, they might

2    be subject to adverse inference sanctions. Dkt. 78 at 2. That is the proper remedy here to help

3    restore Valve "to the same position [it] would have been in absent the wrongdoing." *Resolute*

4    *Forest Prods., Inc. v. Greenpeace Int'l*, No. 17-CV-02824-JST-KAW, 2022 WL 16637990, at *7

5    (N.D. Cal. Nov. 2, 2022), *report and recommendation adopted*, No. 17-CV-02824-JST, 2023 WL

6    4311255 (N.D. Cal. Apr. 10, 2023).

7        **D.**    **The Court should prevent Defendants from introducing into evidence or commenting on anything contained within their late production of documents.**

8

9    Under Rule 37, courts can "prohibit[] the disobedient party from supporting or opposing

10    designated claims or defenses, or from introducing designated matters in evidence." Fed. R. Civ.

11    P. 37(b)(2)(A)(ii). The Court should prohibit Defendants from introducing evidence or otherwise

12    referring to any document produced in response to this Court's Discovery Order.

13    Valve does not know what the Rothschild Defendants' witnesses might say about the late-

14    produced documents. Indeed, in his deposition Mr. Rothschild disclaimed knowledge of the

15    revenue of his companies, taxes, and the information within them (despite being designated as a

16    Rule 30(b)(6) witness on those topics). Ex. 8 (Rothschild Tr.) at 28:22–29:16, 32:2–8, 35:1–36:20;

17    78:19–24; 225:20–226:11. Accordingly, Defendants should be prohibited "from introducing

18    previously undisclosed facts or evidence." *Choudhuri v. Wells Fargo Bank, N.A.*, No. 15-cv-

19    03608-VC (KAW), 2017 WL 5598685, at *9 (N.D. Cal. Nov. 21, 2017).

20        **E.**    **Valve seeks its fees for bringing this motion.**

21    Under Rule 37(b)(2)(c), "the court must order the disobedient party, the attorney advising

22    that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure,

23    unless the failure was substantially justified or other circumstances make an award of expenses

24    unjust." In light of the fact that this is Valve's second motion for sanctions on top of three motions

25    to compel based on Rothschild Defendants' discovery failures, and for the same reasons

26    articulated in Valve's motion to compel, Defendants cannot meet their burden to show their

27    "failure was substantially justified" or that an award is otherwise "unjust." Dkt. 83 at 12. Valve

28

VALVE'S 2D MOT. FOR SANCTIONS
CASE NO. 2:23-CV-1016

- 15 -

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA  98101
(206) 467-9600

1  requests an opportunity for supplemental briefing on the issue of reasonable expenses and fees

2  once the Court has ruled on Valve's motion. *See, e.g.*, *Russell v. T-Mobile USA, Inc.*, No. 2:24-

3  CV-00255-MJP, 2025 WL 887362, at *3 (W.D. Wash. Mar. 21, 2025).

4  **V.    CONCLUSION**

5  With a month remaining before trial, the Rothschild Defendants continue to skirt their

6  discovery obligations, even violating this Court's Order. These discovery fights must end, and

7  Valve respectfully submits that the only way for that to happen is for the Court to sanction the

8  Rothschild Defendants and impose Valve's requested instructions at trial.[2]

9  DATED: January 8, 2026                 Respectfully submitted,

10                                        KILPATRICK TOWNSEND & STOCKTON LLP

11

12  By:  /s/ *Dario A. Machleidt*
          Dario A. Machleidt (State Bar No. 41860)
13        Kathleen R. Geyer (State Bar No. 55493)
          Christopher P. Damitio (State Bar No. 58633)
14        1420 Fifth Avenue, Suite 3700
          Seattle, WA 98101
15        Telephone: (206) 467-9600
          dmachleidt@kilpatricktownsend.com
16        kgeyer@kilpatricktownsend.com
          cdamitio@kilpatricktownsend.com

17        David A. Reed (*pro hac vice*)
18        100 Peachtree Street NE, Suite 2800
          Atlanta, GA 30309
19        Telephone: (404) 745-2548
          dreed@ktslaw.com

20        Marianthi Karas (*pro hac vice*)
21        1801 Century Park East, Ste. 2300
          Los Angeles, CA 90067 USA
22        Telephone (310) 777 3732
          mkaras@ktslaw.com

23        Attorneys for Plaintiff
24        VALVE CORPORATION

25        I certify that this memorandum contains 4,196 words, in
          compliance with the Local Civil Rules.

26

27  _____
[2] Valve reserves its right to seek further sanctions under 19 U.S.C. § 1927 or the Court's inherent
28  authority.

VALVE'S 2D MOT. FOR SANCTIONS
CASE NO. 2:23-CV-1016                      - 16 -

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA  98101
(206) 467-9600

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

I hereby certify that on January 8, 2026, I served the within via the Court's CM/ECF system to all counsel who are registered participants identified on the Mailing Information for C.A. No. 2:23-cv-1016.

*/s/ Dario A. Machleidt*
Dario A. Machleidt