**Honorable Jamal N. Whitehead**

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| VALVE CORPORATION<br><br>      Plaintiff,<br><br>  v.<br><br>LEIGH ROTHSCHILD, ROTHSCHILD BROADCAST DISTRIBUTION SYSTEMS, LLC, DISPLAY TECHNOLOGIES, LLC, PATENT ASSET MANAGEMENT, LLC, MEYLER LEGAL, PLLC, AND SAMUEL MEYLER,<br><br>      Defendants. | Case No. 2:23-cv-01016<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF VALVE CORPORATION'S SECOND MOTION FOR SANCTIONS AGAINST THE ROTHSCHILD DEFENDANTS**<br><br>NOTE ON MOTION CALENDAR:<br>**JANUARY 29, 2026** |

DEFENDANTS' OPPOSITION TO PLAINTIFF VALVE CORPORATION'S SECOND MOTION FOR SANCTIONS AGAINST THE ROTHSCHILD DEFENDANTS
Page **1** of **8**
Case No. 2:23-cv-01016

**DNL Zito**
1250 Connecticut Avenue, NW
Suite 700
Washington, DC 20036
Phone: (202) 466-3500

## TABLE OF CONTENTS

I. INTRODUCTION ........................................................................................................... 3

II. FINANCIAL RECORDS ............................................................................................... 3

III. ESI ................................................................................................................................. 4

IV. THE BRIEF DELAY WAS NOT WILLFUL OR IN BAD FAITH ............................. 5

V. THE BRIEF DELAY WAS NOT PREJUDICIAL TO VALVE ................................... 5

VI. VALVE'S PROPOSED SANCTIONS WOULD BE DISPROPORTIONATE ........... 6

VII. CONCLUSION .............................................................................................................. 6

DEFENDANTS' OPPOSITION TO PLAINTIFF VALVE
CORPORATION'S SECOND MOTION FOR SANCTIONS
AGAINST THE ROTHSCHILD DEFENDANTS
Page **2** of **8**
Case No. 2:23-cv-01016

**DNL Zito**
1250 Connecticut Avenue, NW
Suite 700
Washington, DC 20036
Phone: (202) 466-3500

## I. INTRODUCTION

Plaintiff's motion seeks sanctions for a brief, good-faith delay in producing financial information and electronically stored information ("ESI") that was fully preserved and produced shortly after the Court-ordered deadline. There was no loss of ESI, no bad faith, and no prejudice. The Rothschild Defendants ("Defendants") are small companies with no internal IT department that worked diligently to collect and produce the requested materials.

Sanctions are an extraordinary remedy reserved for willful disobedience or spoliation causing actual harm. They are not appropriate for a short, cured delay that caused no material prejudice. The motion should be denied.

## II. FINANCIAL RECORDS

The Court's Order on Discovery Motions ("Court's Order")(Dkt. No. 175) ordered Defendants to, *inter alia*, provide supplemental responses to RFPs seeking financial records no later than December 31, 2025. Court's Order at 8.

A day early, on December 30, 2025, Defendants produced financial documents that Defendants believed were fully responsive to the Court's Order ("December 30 Production").

On January 8, 2026, counsel for Valve and counsel for Defendants conferred, during which counsel for Valve stated that some portion of the financial documents were not present in the December 30 productions, and indicated that they would be filing the present motion because Defendants did not produce financial records related to Leigh Rothschild, RBDS and Display Technologies, although documents related to PAM had been produced. Vazquez Decl., ¶ 3. Upon learning that the Defendants' December 30 production did not did not comply with the Court's Order, Defendants diligently began collecting the missing financial records.

DEFENDANTS' OPPOSITION TO PLAINTIFF VALVE CORPORATION'S SECOND MOTION FOR SANCTIONS AGAINST THE ROTHSCHILD DEFENDANTS
Page **3** of **8**
Case No. 2:23-cv-01016

**DNL Zito**
1250 Connecticut Avenue, NW
Suite 700
Washington, DC 20036
Phone: (202) 466-3500

On January 9, one day after counsel for Valve informed counsel for Defendants about the deficiencies in Defendants' December 30 Production, Defendants produced bank statements from First Horizon Bank for RBDS and Display Technologies. Defendants were able to produce these bank statements quickly because they were accessible to Defendants via First Horizon Bank's online portal.

On January 15, Defendants' produced the remaining bank statements from TD Bank for RBDS and Display Technologies. It took longer for Defendants to obtain the bank statements from TD Bank because the bank statements were not available online. *Id.,* ¶ 4. Defendants ordered copies of the bank statements on January 9 from TD Bank, and the copies were made available by TD Bank on January 14. *Id.*, ¶¶ 4, 5. The bank statements were scanned and produced to Valve on January 15.

In total, Defendants produced bank statements from First Horizon Bank and TD Bank for PAM, RBDS and Display Technologies. These bank statements would include a record of any transfer of funds to or from Mr. Leigh Rothschild. For example, the RBDS bank statements would include records of any transfer of funds to Mr. Rothschild or any funds received from Mr. Rothschild. <u>Thus, the produced bank statements for PAM, RBDS and Display Technologies are also responsive to the RFPs directed to Mr. Rothschild</u>.

### III.   ESI

The Court's Order also ordered that Defendants "must review the documents responsive to the discussed search terms and, to the extent they are not duplicative or privileged, must produce them to Valve." Court's Order at 8.

DEFENDANTS' OPPOSITION TO PLAINTIFF VALVE CORPORATION'S SECOND MOTION FOR SANCTIONS AGAINST THE ROTHSCHILD DEFENDANTS
Page **4** of **8**
Case No. 2:23-cv-01016

**DNL Zito**
1250 Connecticut Avenue, NW
Suite 700
Washington, DC 20036
Phone: (202) 466-3500

1   Defendants conducted an updated search with the discussed search terms which produced over 32,000 hits. Defendants do not have an IT department and do not have the resources to review every single email produced in the search. Thus, on January 8, Defendants' counsel conferred with Valve's counsel on the phone and informed Valve's counsel that Defendants would be producing all documents identified in the search and that there may be privileged emails included in the production. Vazquez Decl., ¶ 6. Valve indicated that if they came across such privileged information they would maintain its confidentiality and not use or disclose such information. *Id*. On January 8, Defendants initiated production of all the emails identified in the search and emailed Valve's counsel to memorialize the January 8 conversation regarding treatment of any privileged communications included in the production. *Id*., ¶¶ 7, 8; Ex. A.

Accordingly, all responsive ESI was preserved and produced.

## IV.  THE BRIEF DELAY WAS NOT WILLFUL OR IN BAD FAITH

With regards to the late production of financial records, the delay was minimal and inadvertent. As soon as the deficiencies in the production were pointed out by Valve, Defendants diligently obtained and produced the missing financial records. The bank statements produced include a record of any transfer of funds to or from Mr. Leigh Rothschild.

With regards to the late production of ESI, Defendants are small companies without an in-house IT department. Further, Defendants have no outside e-discovery vender. The delay in production was due to the logistical challenges of collecting and processing over 32,000 emails without internal technical support. Defendants produced responsive ESI to the best of their ability and resources.

## V.  THE BRIEF DELAY WAS NOT PREJUDICIAL TO VALVE

DEFENDANTS' OPPOSITION TO PLAINTIFF VALVE CORPORATION'S SECOND MOTION FOR SANCTIONS AGAINST THE ROTHSCHILD DEFENDANTS
Page **5** of **8**
Case No. 2:23-cv-01016

**DNL Zito**
1250 Connecticut Avenue, NW
Suite 700
Washington, DC 20036
Phone: (202) 466-3500

The Court's Order gave Defendants a deadline of December 31 to comply. Defendants partially complied a day early on December 30, cured the deficiencies in the financial records production on January 15, and cured the deficiencies in the ESI production on January 9[1]. Valve's motion fails to articulate how they have been prejudiced by such a small delay.

## VI.     VALVE'S PROPOSED SANCTIONS WOULD BE DISPROPORTIONATE

Imposing the sanctions proposed by Valve would elevate form over substance and punish Defendants even though they diligently and in good faith promptly cured the production issues that arose due to their limited resources and technical support.

## VII.    CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny the present motion. The brief delay in production was neither willful nor prejudicial, but rather the result of small businesses working diligently to comply with their discovery obligations despite limited technical infrastructure. Because the delay was substantially justified and has now been cured without harm to the litigation schedule, sanctions are unwarranted under the Federal Rules of Civil Procedure.

Dated: January 22, 2026                      Respectfully submitted,

By: /s/ René A. Vazquez
René A. Vazquez (*pro hac vice*)
DNL ZITO
1250 Connecticut Avenue, NW, Suite 700
Washington, DC 20036
Tel: (703) 989-2244

---

[1] The production of the ESI was actually initiated on the evening of January 8 (the day that Valve filed the present motion) but, due to technical difficulties encountered in connection with the uploading of over 22 GB of data, the production was not completed until the morning of January 9.

DEFENDANTS' OPPOSITION TO PLAINTIFF VALVE CORPORATION'S SECOND MOTION FOR SANCTIONS AGAINST THE ROTHSCHILD DEFENDANTS
Page **6** of **8**
Case No. 2:23-cv-01016

**DNL Zito**
1250 Connecticut Avenue, NW
Suite 700
Washington, DC 20036
Phone: (202) 466-3500

Email: rvazquez@dnlzito.com

Joseph J. Zito
DNL ZITO
1250 Connecticut Avenue, NW, Suite 700
Washington, DC 20036
Tel: (202) 466-3500
Email: jzito@dnlzito.com


 /s/ Matthew J. Cunanan
Matthew J. Cunanan (#42530)
DC LAW GROUP
12055 15th Ave NE, Suite B
Seattle, WA 98125
Tel: (206) 494-0400
Fax: (855) 494-0400
Email: matthew@dclglawyers.com

*Attorneys for Defendants Leigh Rothschild, Rothschild Broadcast Distribution Systems, LLC, Display Technologies, LLC, Patent Asset Management, LLC, Meyler Legal, PLLC, and Samuel Meyler*

DEFENDANTS' OPPOSITION TO PLAINTIFF VALVE CORPORATION'S SECOND MOTION FOR SANCTIONS AGAINST THE ROTHSCHILD DEFENDANTS
Page **7** of **8**
Case No. 2:23-cv-01016

**DNL Zito**
1250 Connecticut Avenue, NW
Suite 700
Washington, DC 20036
Phone: (202) 466-3500

# CERTIFICATE OF SERVICE

I hereby certify that on January 22, 2026, I filed the within through the ECF system and that notice will be sent electronically to all counsel who are registered participants identified on the Mailing Information for C.A. No. 2:23-cv-1016.

*/s/René A. Vazquez*

DEFENDANTS' OPPOSITION TO PLAINTIFF VALVE
CORPORATION'S SECOND MOTION FOR SANCTIONS
AGAINST THE ROTHSCHILD DEFENDANTS
Page **8** of **8**
Case No. 2:23-cv-01016

**DNL Zito**
1250 Connecticut Avenue, NW
Suite 700
Washington, DC 20036
Phone: (202) 466-3500