**HON. JAMAL N. WHITEHEAD**

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| VALVE CORPORATION,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>LEIGH ROTHSCHILD, ROTHSCHILD BROADCAST DISTRIBUTION SYSTEMS, LLC, DISPLAY TECHNOLOGIES, LLC, PATENT ASSET MANAGEMENT, LLC, MEYLER LEGAL, PLLC, AND SAMUEL MEYLER,<br><br>　　　　Defendants. | Case No. 2:23-cv-1016-JNW<br><br>**VALVE'S TRIAL BRIEF**<br><br>Complaint Filed:　　07/07/2023 |

VALVE TRIAL BRIEF
CASE NO. 2:23-CV-1016

- 1 -

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

This is a case about Defendants' years-long pattern of bad faith assertions of patent infringement. Defendants accused Valve of infringing licensed patents and, when Valve sued to hold them accountable, they retaliated. First, Rothschild used three of his shell companies to file three infringement suits in Texas to pressure Valve to settle this lawsuit. Those cases ended in dismissals and sanctions. Second, Defendants asserted two since-dismissed counterclaims that Valve infringed licensed patents (the '195 and '221 patents). Third, the evidence Valve has managed to extract from Defendants confirms that their entire business model revolves around monetizing not their patents but, rather, the steep cost of patent litigation. Fourth, and continuing through the present day, Defendants have been unable—or, more aptly, unwilling—to abide by their discovery obligations.

Defendants' patent assertions against Valve were in bad faith. Even after Valve paid them, Defendants relentlessly tried to pressure Valve into paying them more. Dkt. 56 at 10 ("Valve reasonably did not interpret the Meyler letter as an idle threat given Defendants' history of suing, and threatening to sue, Valve for infringement of patents to which Valve has a valid license after Rothschild covenanted not to sue."). Accountability is long overdue for Rothschild, his companies, and his counsel.

**I.     Summary**

The parties' history is recounted across various motions and orders. *See, e.g.*, Dkt. 140, 190. A summary follows: in 2016 Valve entered into the Global Settlement and License Agreement ("GSLA") with Rothschild and Display Technologies to settle infringement allegations over the '195 patent. That agreement gave Valve a license to, and a covenant not to sue for, the '195, '723, and '221 patents (among others).

Beginning in 2021, Rothschild used Patent Asset Management ("PAM") to attempt to coerce Valve to pay additional money for rights to Rothschild's patent portfolio. When Valve proved an unwilling participant to his monetization strategy, Rothschild used Display Technologies (a second time) and Social Positioning Input Systems ("SPIS") to sue Valve for alleged infringement. Display Technologies asserted the licensed '723 patent; Defendants admit

VALVE TRIAL BRIEF
CASE NO. 2:23-CV-1016

- 1 -

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

that assertion breached the GSLA. Valve sent Rothschild's Washington counsel, Meyler, the GSLA *twice* during negotiations seeking to resolve these newly raised and improper allegations. That did not matter, as by June 2023, Meyler—on behalf of Rothschild and Rothschild Broadcast Distribution Systems ("RBDS")—aggressively accused Valve of infringing the licensed '221 patent and threatened imminent suit.

In response, and because Defendants violated Washington's Patent Troll Prevention Act, Valve brought this lawsuit. As retaliation for doing so, Rothschild caused three of his other assertion entities—Symbology, QTI, and SPIS—to file three patent infringement actions against Valve in the Eastern District of Texas. After more than a year of litigation, Valve prevailed on its motions to dismiss and for sanctions. *Quantum Techn. Innovations, LLC v. Valve Corp.*, No. 2:23-cv-00425 (E.D. Tex.), Dkt. 75.

Throughout this case, Defendants argued that Valve has a valid license and covenant not to sue while simultaneously counterclaiming that Valve infringes the licensed '195 and '221 patents. In addition to taking inconsistent positions on the merits—all with the goal to drive up Valve's litigation costs—Defendants consistently refused to give Valve discovery to which it is owed. This reality has led Valve to file three discovery motions and two motions for sanctions. Dkts. 75, 83, 113, 146, 187.

**II.      Defendants' recent discovery deficiencies**

In response to Valve's most recent motion to compel, this Court ordered each of the four Rothschild Defendants—Leigh Rothschild, PAM, RBDS, and Display Technologies—to produce financial information and to review and produce long-overdue ESI, among other things. Dkt. 175. Defendants had 21 days to comply with the Order (namely, by December 31, 2025). But by December 31, they had only produced PAM's financial documents. Missing from the production were any financials from RBDS, DT, and Leigh Rothschild. Defendants also failed to produce any of the required ESI.

Accordingly, because Defendants' facially incomplete production violated this Court's Discovery Order, Valve filed its second motion for sanctions on January 8, 2026. Dkt. 187. Before

filing, Valve contacted defense counsel regarding sealing certain information Defendants designated as "Confidential" cited in its motionAfter that conference, Defendants began producing additional documents.

They made additional productions on January 9 and 15. These additional productions uncovered that Defendants have withheld even more relevant, responsive information throughout this case, including information that they agreed to produce and was not subject to any dispute before the Court. Valve does not know if Defendants will make additional productions in the days before trial and have indicated that they believe they have fully complied with their discovery obligations. *See generally* Dkt. 195. Defendants are incorrect, and their response withholds pertinent details that confirm Defendants' recent actions continue their pattern of bad faith refusal to engage in discovery. Valve will address Defendants' belated productions and response in more detail in Valve's forthcoming reply in support of its sanctions motion.

**III.    The claims and defenses**

Valve summarizes in the Proposed Pretrial Order its claims where it contends that one or more Defendants violated the Washington Anti-Troll and Consumer Protection Acts by making bad-faith assertions of patent infringement (Dkt. 190 at 8) and breached and anticipatorily breached the GSLA (*id.* at 9).  Valve also contends the '221 patent is invalid and unenforceable against Valve, and that it is entitled to a declaration to that effect (*id.* at 9–10). Valve seeks damages, attorney's fees, costs, and other equitable relief due to Defendants' unlawful conduct (*id.* at 4, 28).

Defendants, in contrast, do not raise any legally sound defenses. *See, e.g.*, *id.* at 14–17. Instead, they raise specious, varying excuses trying to justify their bad-faith conduct. *Id.* ("The inclusion of the previously licensed '221 patent in the June 2023 letter was not intentional, but rather the result of a clerical oversight stemming from an internal file migration to SharePoint" and "other administrative confusion."). Valve looks forward to trying this case on the merits, something that Rothschild has successfully avoided doing until now.

VALVE TRIAL BRIEF
CASE NO. 2:23-CV-1016

- 3 -

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA  98101
(206) 467-9600

| | | |
|---|---|---|
| 1 | DATED: January 22, 2026 | Respectfully submitted, |
| 2 | | KILPATRICK TOWNSEND & STOCKTON LLP |
| 3 | | |
| 4 | | By: /s/ *Dario A. Machleidt* |
| 5 | | Dario A. Machleidt (State Bar No. 41860)<br>Kathleen R. Geyer (State Bar No. 55493) |
| 6 | | Christopher P. Damitio (State Bar No. 58633)<br>1420 Fifth Avenue, Suite 3700 |
| 7 | | Seattle, WA 98101<br>Telephone: (206) 467-9600 |
| 8 | | dmachleidt@kilpatricktownsend.com<br>kgeyer@kilpatricktownsend.com |
| 9 | | cdamitio@kilpatricktownsend.com |
| 10 | | David A. Reed (*pro hac vice*)<br>100 Peachtree Street NE, Suite 2800 |
| 11 | | Atlanta, GA 30309<br>Telephone: (404) 745-2548 |
| 12 | | dreed@ktslaw.com |
| 13 | | Marianthi Karas (*pro hac vice*)<br>1801 Century Park East, Ste. 2300 |
| 14 | | Los Angeles, CA 90067 USA<br>Telephone (310) 777 3732 |
| 15 | | mkaras@ktslaw.com |
| 16 | | Attorneys for Plaintiff<br>VALVE CORPORATION |
| 17 | | I certify that this memorandum contains 993 words, in compliance with the Local Civil Rules. |

VALVE TRIAL BRIEF
CASE NO. 2:23-CV-1016

- 4 -

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

1

**CERTIFICATE OF SERVICE**

2

I hereby certify that on January 19, 2026, I served the within via the Court's CM/ECF

3

system to all counsel who are registered participants identified on the Mailing Information for C.A.

4

No. 2:23-cv-1016.

5

6

                                                       */s/ Dario A. Machleidt*
                                                       Dario A. Machleidt

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28