1

2

3

4

5

6

7

8

9

10

HON. JAMAL N. WHITEHEAD

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

11

12

13

14

15

16

17

18

| | |
|---|---|
| VALVE CORPORATION,<br><br>       Plaintiff,<br><br>       v.<br><br>LEIGH ROTHSCHILD, ROTHSCHILD BROADCAST DISTRIBUTION SYSTEMS, LLC, DISPLAY TECHNOLOGIES, LLC, PATENT ASSET MANAGEMENT, LLC, MEYLER LEGAL, PLLC, AND SAMUEL MEYLER,<br><br>       Defendants. | Case No. 2:23-cv-1016<br><br>**VALVE CORPORATION'S OPPOSITION TO DEFENDANTS' MOTIONS IN LIMINE NOS. 1-6**<br><br>NOTE ON MOTION CALENDAR:<br>**January 23, 2026**<br><br>Complaint Filed:    07/07/2023 |

19

20

21

22

23

24

25

26

27

28

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

1

# TABLE OF CONTENTS

2
                                                                                            **Page(s)**

3   **I.**      DEFENDANTS' BOILERPLATE MILS SHOULD BE DENIED ..............................1

4   **II.**     DEFENDANTS' MILS ARE PREMATURE ...............................................................1

5   **III.**    DEFENDANTS' MIL 1 SHOULD BE DENIED.......................................................2

6   **IV.**     DEFENDANTS' MIL 2 SHOULD BE DENIED.......................................................5

7   **V.**      DEFENDANTS' MIL 3 SHOULD BE DENIED.......................................................8

8   **VI.**     DEFENDANTS' MIL 4 SHOULD BE DENIED.....................................................10

9   **VII.**    DEFENDANTS' MIL 5 SHOULD BE DENIED.....................................................13

10  **VIII.**   DEFENDANTS' MIL 6 SHOULD BE DENIED.....................................................15

11  **IX.**     CONCLUSION .....................................................................................................17

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

VALVE'S OPPOSITION TO DEFENDANTS'
MOTIONS IN LIMINE NOS. 1-6          - i -
CASE NO. 2:23-CV-1016

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA  98101
(206) 467-9600

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Amaretto Ranch Breedables v. Ozimals Inc.*,
    907 F. Supp. 2d 1080 (N.D. Cal. 2012) ................................................................. 1

*Apodaca v. Eaton Corp.*,
    No. 2:20-cv-01064-TL, 2023 WL 2242146 (W.D. Wash. Feb. 27, 2023) .................. 2, 3, 6, 7

*Camper v. State Farm Tire & Ca. Co.*,
    NO. 3:20-cv-5283-TLF, 2021 WL 5205608 (W.D. Wash. July 2021).................... 5

*Glob. Glass Techs., Inc. v. Rsch. Frontiers, Inc.*,
    No. 8:20-cv-2517-MSS-AEP, 2024 WL 711034 (M.D. Fla. Feb. 21, 2024)........................ 16

*In re Google LLC*,
    914 F.3d 1377 (Fed. Cir. 2019) (Reyna, J., dissenting) ........................................ 11

*Jones v. Am. Council on Exercise*,
    No. H-15-3270, 2016 WL 6084636 (S.D. Tex. Oct. 18, 2016) ................................ 8

*Micromesh Tech. Corp. v. Am. Recreation Prods., Inc.*,
    No. C-06-6030 MHP, 2007 WL 2501783 (N.D. Cal. Aug. 30, 2007).................... 15

*Ortiz & Assocs. Consulting, LLC v. Vizio, Inc.*,
    No. 2024-1783, 2025 WL 3653227 (Fed. Cir. Dec. 17, 2025) ............................ 2, 3

*ParkerVision, Inc. v. Intel Corp.*,
    No. 6:20-cv-00108-ADA, 2021 WL 401989 (W.D. Tex. Jan. 26, 2021) .............................. 11

*Ring's End Inc. v. Black & Decker (U.S.), Inc.*,
    No. 3:16-cv-375 (VLB), 2017 WL 3698491 (D. Conn. Aug. 25, 2017) ................................ 6

*Rothschild Connected Devices Innovations, LLC v. Garmin Int'l, Inc.*,
    No. 2:17-CV-00158-JRG-RSP, 2017 WL 5972727 (E.D. Tex. Dec. 1, 2017)...................... 11

*Rothschild Connected Devices Innovations, LLC v. Guardian Prot. Servs., Inc.*,
    858 F.3d 1383 (Fed. Cir. 2017)............................................................................ 4, 14

*Sandoval v. County of San Diego*,
    985 F.3d 657 (9th Cir. 2021)......................................................................... *passim*

*SFA Sys., LLC v. Newegg Inc.*,
    793 F.3d 1344 (Fed. Cir. 2015)................................................................................ 4

*State Farm Fire & Cas. for Robinson v. Helen of Troy, LLC*,
    No. C15-1771-RSM, 2017 WL 2573984 (W.D. Wash. June 14, 2017) ................ 17

VALVE'S OPPOSITION TO DEFENDANTS'
MOTIONS IN LIMINE NOS. 1-6
CASE NO. 2:23-CV-1016
- ii -
Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA  98101
(206) 467-9600

*Stonefire Grill, Inc. v. FGF Brands, Inc.*,
    987 F. Supp. 2d 1023 (C.D. Cal. 2013) ............................................................. 1

*Tabbert v. Howmedica Osteonics Corp.*,
    No. 2:15-CV-00039-SMJ, 2017 WL 10316435 (E.D. Wash. Oct. 18, 2017)......................... 5

*Tiev v. Standard Fire Ins. Co*,
    No. 2:23-cv-950, 2024 WL 4751369 (W.D. Wash. Oct. 15, 2024).............................. *passim*

*United States v. Alvarez-Quinonez*,
    No. 22-30161, 2023 WL 8368878 (9th Cir. Dec. 4, 2023) ................................... 13

*United States v. Channon*,
    881 F.3d 806 (10th Cir. 2018)................................................................ 13

*United States v. Patton*,
    993 F.2d 886 (9th Cir. 1993)................................................................. 5

**Statutes**

Wash. Rev. Code § 19.350.......................................................................... 14

Wash. Rev. Code § 19.350.020(2)(e)................................................................. 14

Wash. Rev. Code § 19.350.020(2)(g)................................................................. 14

**Rules & Regulations**

Fed. R. Civ. P. 11 ............................................................................... 15

Fed. R. Civ. P. 32 ................................................................................ 8

Fed. R. Evid. 401 ........................................................................... 1, 6, 8

Fed. R. Evid. 402 ........................................................................ 1, 6, 8, 11

Fed. R. Evid. 403 ........................................................................... *passim*

Fed. R. Evid. 602 ........................................................................... *passim*

Fed. R. Evid. 701 ........................................................................... *passim*

Fed. R. Evid. 701(a)–(b) ......................................................................... 10

Fed. R. Evid. 801 .......................................................................... 1, 8, 13

Fed. R. Evid. 801(b).............................................................................. 13

Fed. R. Evid. 801(c)(2) ........................................................................... 8

Fed. R. Evid. 801(d)(2) ........................................................................... 8

VALVE'S OPPOSITION TO DEFENDANTS'
MOTIONS IN LIMINE NOS. 1-6
CASE NO. 2:23-CV-1016

- iii -

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA  98101
(206) 467-9600

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Fed. R. Evid. 801(d)(2)(A) ........................................................................................... 7

Fed. R. Evid. 802 ..................................................................................................... 1, 8

Fed. R. Evid. 805 ......................................................................................................... 1

Fed. R. Evid. 901 ....................................................................................................... 13

Fed. R. Evid. 901(b)(9) ............................................................................................. 12

Fed. R. Evid. 902 ....................................................................................................... 12

Model Rules of Pro.Conduct r. 3.1 ........................................................................... 15

VALVE'S OPPOSITION TO DEFENDANTS'
MOTIONS IN LIMINE NOS. 1-6                    - iv -
CASE NO. 2:23-CV-1016

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA  98101
(206) 467-9600

1

## I.    DEFENDANTS' BOILERPLATE MILS SHOULD BE DENIED

Defendants fail to support their MILs with meaningful argument or analysis, and the Court should deny their MILs on that basis alone. Across their six MILs, Defendants do not cite any legal authority beyond bare cites to the evidentiary rules, nor do they provide the Court with copies of the exhibits or testimony they seek to exclude. Instead, Defendants merely describe broad categories of evidence, provide exhibit numbers, and recite the same boilerplate list of evidence rules. *See* Dkt. 184 at 2, 3, 4 ("(i) FRE 401, 402, 403 as not relevant to the issues in this case; (ii) FRE 602 lack of personal knowledge or sponsoring witness; (iii) FRE 701 they contain opinions on issues expressed by other counsel or parties from and (iv) FRE 801, 802, 805 they contain hearsay, these are statements from unrelated persons not before the Court and thus lack a sponsoring witness."); *id*. at 5, 6 (same without FRE 701).

The "Court need not address boilerplate evidentiary objections that [Defendants] themselves deem unworthy of development." *Amaretto Ranch Breedables v. Ozimals Inc.*, 907 F. Supp. 2d 1080, 1081 (N.D. Cal. 2012); *Sandoval v. County of San Diego*, 985 F.3d 657, 665–66 (9th Cir. 2021) (holding that the district court abused its discretion by summarily sustaining defendant's meritless "boilerplate one-word objections for 'relevance,' 'hearsay,' and 'foundation' to several pieces of evidence"); *Stonefire Grill, Inc. v. FGF Brands, Inc.*, 987 F. Supp. 2d 1023, 1033 (C.D. Cal. 2013) (refusing to "scrutinize each objection and give a full analysis of identical objections raised as to each fact" because the objections are "boilerplate recitations of evidentiary principles or blanket objections" (citation omitted)).

Even if the Court considers Defendants' boilerplate objections on the merits, they should be denied for the reasons articulated below.

## II.    DEFENDANTS' MILS ARE PREMATURE

Valve's Trial Exhibit list (Dkt. 190-1) is an overinclusive list that encompasses potential rebuttal exhibits which may or may not be necessary depending on the arguments and evidence raised by Defendants during trial and depending on the Court's rulings on the parties' motion for summary judgment. Many of the exhibits challenged by Defendants are such potential rebuttal exhibits, and Defendants challenge few exhibits that Valve will seek to introduce in its case in

VALVE'S OPPOSITION TO DEFENDANTS'
MOTIONS IN LIMINE NOS. 1-6    - 1 -
CASE NO. 2:23-CV-1016

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA  98101
(206) 467-9600

chief. Thus, evidentiary rulings on these exhibits "is better deferred until trial, to allow for questions of foundation, relevancy, and prejudice to be resolved with the appropriate context" and to see if such exhibits are even offered into evidence. *See Apodaca v. Eaton Corp.*, No. 2:20-cv-01064-TL, 2023 WL 2242146, at *1 (W.D. Wash. Feb. 27, 2023).

### III.    DEFENDANTS' MIL 1 SHOULD BE DENIED

Defendants' MIL 1 seeks the exclusion of over 175 Trial Exhibits that are allegedly "[p]leadings and Documents from other cases containing factual statements, assertions and allegations of other parties, motions and briefs, declarations of other parties, as well as emails expressing the opinion of opposing counsel, and validity and infringement opinions expressed by opposing counsel in other cases." Dkt. 184 at 1.

As a preliminary matter, Defendants identify a number of documents that do not fall into those categories. For example, Trial Exhibit 272, which Defendants call an "email alleging facts," is actually Defendants' internal spreadsheet listing settlement amounts with litigation targets of the Rothschild companies. *See* Trial Ex. 272[1] (ROTHSCHILD0032296);[2] *see also e.g.*, Trial Ex. 276 (listing companies previously sued by Display Technologies); Trial Ex. 329 (Display Technologies and RDBS Settlements spreadsheet). Even if considered, Trial Exhibit 272 is admissible over Defendants' objections because the spreadsheet is a business record prepared by Defendant PAM's Chief Operating Officer, Daniel Falcucci. *See* Trial Ex. 272 (metadata listing Falcucci as custodian; *see also* Fed. R. Evid. 602; 803(6). The settlement amounts from Defendants' licensing campaigns are directly relevant to Valve's claim that Defendants violated the Washington PTPA by continuously settling with their targets for significantly less than the cost of litigation. *See Ortiz & Assocs. Consulting, LLC v. Vizio, Inc*., No. 2024-1783, 2025 WL 3653227, at *6 (Fed. Cir. Dec. 17, 2025).

The Court should also reject Defendants' evidentiary challenges to the remaining trial exhibits. To reduce the number of disputes, Valve withdraws Trial Exhibits 18 (as a duplicate of

---

[1] Because this is a large, multi-page spreadsheet, Valve provides only the first page of the spreadsheet as a PDF for the Court's convenience. Valve will provide the entire exhibit via transferrable media upon request.
[2] All Trial Exhibits and Exhibits cited herein are attached to the Declaration of Dario A. Machleidt.

VALVE'S OPPOSITION TO DEFENDANTS'
MOTIONS IN LIMINE NOS. 1-6
CASE NO. 2:23-CV-1016          - 2 -          Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA  98101
(206) 467-9600

Trial Ex. 19), 20, 23–25, 143, 148, 263, 314 (as a duplicate of Trial Ex. 283), 444, and 454. The remaining challenged exhibits fall into three categories: (1) attorney declarations (Trial Exs. 19 and 435); (2) correspondence between Defendants and their infringement targets (Trial Exs. 90, 145–47, 283–84, 297, 301, 304–12, 315–16, 333, 335, 438–42); and (3) correspondence between employees for Valve and the patent risk management company RPX (Trial Exs. 478–79). Defendants raise a host of unspecific evidentiary challenges but fail to provide any examples of specific statements or opinions that are objectionable under any of these rules. *Tiev v. Standard Fire Ins. Co*, No. 2:23-cv-950, 2024 WL 4751369, at *1 (W.D. Wash. Oct. 15, 2024).

**Lack of personal knowledge and sponsoring witness:** The Court should reserve ruling under Rule 602 until trial. *See Apodaca*, 2023 WL 2242146, at *1 ("A motion *in limine* is ordinarily granted only if the evidence at issue is inadmissible on all potential grounds; if not, the evidentiary ruling is better deferred until trial, to allow for questions of foundation, relevancy, and prejudice to be resolved with the appropriate context."). For example, as these documents were almost all produced by Defendants in discovery, their party witnesses can lay the foundation for documents and communications in their possession. For documents produced by Valve, Valve's employees have personal knowledge of and can lay the foundation for emails received by them in their ordinary course of business. Further, certain documents may only be offered in rebuttal to Defendants' arguments. Therefore, an exhibit-by-exhibit inspection is premature and can be better addressed at trial. *Apodaca*, 2023 WL 2242146, at *1.

**Relevance:** The challenged documents are relevant to Valve's Troll Act claim. The attorney declarations are relevant because they reference the cost of conducting this litigation (*e.g.*, Trial Ex. 19 (Dkt. 82)) and the intentional undercapitalization of entities owned by Defendant Rothschild (*e.g.*, Trial Ex. 435). These are relevant factors for the jury to consider in deciding whether Defendants violated the Troll Act. *See Ortiz*, 2025 WL 3653227, at *6; Dkt. 175 at 6 ("Evidence suggesting that Defendant Rothschild intentionally manages a network of undercapitalized companies for issuing threats of patent prosecutions while being shielded from personal liability under state laws like WPTPA undoubtedly is a factor relevant to whether those claims are brought in bad faith.").

VALVE'S OPPOSITION TO DEFENDANTS'
MOTIONS IN LIMINE NOS. 1-6
CASE NO. 2:23-CV-1016

- 3 -

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA  98101
(206) 467-9600

1    Correspondence sent to Defendants by their litigation targets is also relevant. First, the

2    Court has already ruled that whether "the Rothschild Defendants have engaged in a pattern of

3    asserting patent infringement" and "the fruits of the Rothschild Defendants' alleged behavior,

4    including settlement terms (or ad hoc resolutions) discussed via email" are relevant to Valve's

5    Troll Act claim. *Id.* at 5–6. That correspondence includes requests for resolution and settlement

6    terms. *See, e.g.*, Trial Ex. 322 (ROTHSCHILD0035259) at -35265. In addition, Defendants'

7    correspondence with their infringement targets is relevant to whether Defendants engaged in a

8    pattern of litigation abuse characterized by the repeated filing of patent infringement actions for

9    the sole purpose of forcing settlements with no intention of testing the merits of the infringement

10   claims. *See SFA Sys., LLC v. Newegg Inc.*, 793 F.3d 1344, 1350 (Fed. Cir. 2015); *Rothschild*

11   *Connected Devices Innovations, LLC v. Guardian Prot. Servs., Inc.*, 858 F.3d 1383, 1389–90

12   (Fed. Cir. 2017).

13   To the extent Defendants believe the prejudicial effect of any non-withdrawn exhibits

14   substantially outweighs their probative value under Rule 403, they can raise that objection at trial

15   with the full context of how that exhibit will be used. *Tiev*, 2024 WL 4751369, at *1.

16   **Improper opinion:** Rule 701 limits the content of lay witness "testimony in the form of an

17   opinion." Fed. R. Evid. 701. It facially does not apply to documents that are being offered into

18   evidence. The only challenged exhibits that potentially represent "testimony" of a witness subject

19   to Rule 701 are attorney declarations (Trial Exs. 19 and 435). Yet the portions of those exhibits

20   Valve will rely on satisfy the requirements of Rule 701. For example, Mr. McPhail's statement

21   that his firm would incur "hundreds of thousands of dollars in additional legal fees"[3] (Dkt. 82

22   ¶ 10) if required to remain counsel through fact discovery is "(a) rationally based on [his]

23   perception," "(b) helpful to . . . determining a fact in issue" regarding the cost of litigation, and

24   "(c) not based on scientific, technical, or other specialized knowledge . . ." Fed. R. Evid. 701. The

25   Court should defer ruling to see which specific statements Valve will seek to introduce into

26   evidence. *Tiev*, 2024 WL 4751369, at *1.

27

28   _____

[3] Mr. McPhail is an experienced attorney with personal knowledge as to how much litigation of this scale costs.

VALVE'S OPPOSITION TO DEFENDANTS'
MOTIONS IN LIMINE NOS. 1-6                    - 4 -
CASE NO. 2:23-CV-1016

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA  98101
(206) 467-9600

1   **Hearsay:** Defendants' unspecific hearsay challenges again highlight the premature nature

2   of this MIL. For example, Defendants' correspondence with their litigation targets is not being

3   offered to prove the truthfulness of the assertions in that correspondence, but rather, that

4   Defendants knew or should have known about the substantive weakness of the litigation positions

5   they were taking. *United States v. Patton*, 993 F.2d 886 (9th Cir. 1993) ("An out-of-court

6   statement offered to show the effect on the listener, rather than the truth of the matter asserted, is

7   not hearsay."); *Tabbert v. Howmedica Osteonics Corp.*, No. 2:15-CV-00039-SMJ, 2017 WL

8   10316435, at *6 (E.D. Wash. Oct. 18, 2017) ("Perhaps the most common illustration of the effect-

9   on-the-listener use of out-of-court-statements is to show notice."). The purpose of each exhibit

10  will be made clear at trial; thus, the Court should deny Defendants' motion as premature.

11  **IV.    DEFENDANTS' MIL 2 SHOULD BE DENIED**

12      Defendants again make cursory arguments to attempt to exclude 16 relevant, admissible

13  exhibits. Defendants MIL should be denied, and specific evidentiary challenges should be

14  addressed at trial pending the use of the exhibits after the foundation is laid.

15      Defendants characterize their MIL as broadly seeking to exclude "[t]hird party blogs,

16  articles/blog posts, web site articles, Wikipedia citations, web citations and the like, as well as

17  other 'reputation' evidence." Dkt. 184 at 3. However, in their motion Defendants only identify

18  Trial Exhibits 6, 8, 11–13, 15, 107–08, 427–29, 436, and 557[4] as subject to this MIL. *Id.* In their

19  final objections to Valve's exhibit list, filed more than two weeks after its motions *in limine*,

20  Defendants added "MIL 2" objections to Trial Exhibits 292, 293, and 430. *See* Dkt. 190-1. The

21  Court should overrule these out-of-time objections and address only those specifically identified

22  exhibits in this MIL. *Tiev*, 2024 WL 4751369, at *1; *Camper v. State Farm Tire & Ca. Co.*, NO.

23  3:20-cv-5283-TLF, 2021 WL 5205608, at *2 (W.D. Wash. July 2021) (denying MIL to exclude

24  unspecified evidence and deferring ruling to "trial where the Court will have a concrete record

25  upon which to base a ruling").

26      On the merits, Defendants do not provide adequate support for their requested relief. They

27  _____

28  [4] Trial Exhibits 11, 12, and 557 are different versions of the same article. Valve intends to withdraw
    Trial Exhibits 12 and 557.

VALVE'S OPPOSITION TO DEFENDANTS'
MOTIONS IN LIMINE NOS. 1-6            - 5 -
CASE NO. 2:23-CV-1016

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

do not cite to legal authority beyond the FREs and do not analyze any specific statements or opinions made in the exhibits within the context of those rules. Instead, Defendants rely on conclusory characterizations of the challenged exhibits, likening them to "opinion pieces expressing the bias of the author" from "[un]reliable news sources." Dkt. 184 at 1. These unsupported statements fall short of demonstrating the challenged exhibits are "clearly inadmissible on all potential grounds." *Ring's End Inc. v. Black & Decker (U.S.), Inc.*, No. 3:16-cv-375 (VLB), 2017 WL 3698491 at *1 (D. Conn. Aug. 25, 2017). As shown below, the admissibility of the challenged exhibits depends on their purpose and the foundation being laid and are more properly considered in the context of the trial. *See Apodaca*, 2023 WL 2242146, at *1 ("A motion *in limine* is ordinarily granted only if the evidence at issue is inadmissible on all potential grounds; if not, the evidentiary ruling is better deferred until trial . . .").

**Relevance under Rules 401, 402, and 403:** The challenged exhibits are relevant because they show how the patent litigation industry views Defendants, their litigation strategy, and their patents. These exhibits will be primarily used to rebut any testimony from Mr. Rothschild that his patents were "valuable" or that the industry viewed his infringement campaigns has having merit. Indeed, Defendants make clear that Mr. Rothschild will testify that he has a favorable reputation in the industry because his "innovations have contributed to widely adopted consumer technologies" and that "he has consistently operated legitimate businesses and has executed licensing agreements with numerous well-known and respected companies across various industries." Dkt. 190 at 11. Because these exhibits will be primarily used as rebuttal evidence, the Court should deny Defendants motion on this ground until such time as the exhibits are introduced. *See Apodaca*, 2023 WL 2242146, at *2 ("[T]he Court has reserved ruling on a number of motions *in limine*, largely due to the lack of context that would allow for a determination.").

Defendants seemingly seek exclusion of Trial Exhibits 107, 436, and 557 ("Stupid Patent of the Month" articles) to the extent they are for the purpose of "harass[ing], disparag[ing] or embarrass[ing] Defendants by name calling." Dkt. 184 at 4. Defendants do not cite a legal basis for seeking exclusion on these grounds, and in any matter, Valve does not seek the admission of these materials for any such purposes. Instead, as discussed above, if Rothschild testifies regarding

VALVE'S OPPOSITION TO DEFENDANTS'
MOTIONS IN LIMINE NOS. 1-6
CASE NO. 2:23-CV-1016

- 6 -

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

his industry reputation, Valve intends to introduce evidence to rebut that testimony.

**Foundation under Rule 602:** Trial Exhibits 427–29 are part of the materials considered by Valve's expert Paul Gugliuzza, who can provide a foundation for what the documents are and how they factored into his opinions. Dkt. 138 (Gugliuzza Rep.), App'x B at 8.  Likewise, Trial Exhibit 11 was discussed during the deposition of Mr. Lobbin, who provides the required foundation. Trial Exhibits 107 and 436 are exhibits to pleadings, either in this case or in another other case involving entities owned by Mr. Rothschild, and thus are known to Defendants. Furthermore, Trial Exhibits 292–93 are correspondence written by Mr. Rothschild, and Trial Exhibit 430 is an interview of Mr. Rothschild. Thus, the foundation for Trial Exhibits 107, 292, 293, 430, and 436 can at the very least be laid through Mr. Rothschild himself. The remaining exhibits (Trial Exs. 6–8, 11, 13, and 15) are publicly available news articles about Mr. Rothschild, his business, and his patents, with URLs indicating their source and publishing dates available from the articles. The Court should reserve ruling on the issue of foundation until Valve has had the opportunity to lay the required foundation for these webpages with Defendants. *See Apodaca*, 2023 WL 2242146, at *1.

**Improper Opinion under Rule 701:** As discussed above, Rule 701 limits only lay witness testimony and is not appropriate to raise as an evidentiary objection to documentary evidence. Defendants have not identified any testimonial "opinions," and the Court should deny Defendants MIL on this ground. *Tiev*, 2024 WL 4751369, at *1.

**Hearsay:** Because Defendants "did not explain [their hearsay] objections, [Valve is] largely reduced to guessing at the arguments underlying them" and thus the Court should reserve any ruling on these objections until trial. *Sandoval*, 985 F.3d at 666. Even when considered on the merits, Defendants' objection lacks merit. Trial Exhibits 292–93 and 430 are not hearsay because they are statements by Mr. Rothschild. *See* Fed. R. Evid. 801(d)(2)(A) The remaining challenged exhibits (Trial Exhibits 6–8, 11, 13, 15, 107–08, 427–29, 436) are not hearsay because they are not being used to prove the truth of the matter asserted to the extent they are used to rebut the testimony Mr. Rothschild intends to give about the strength of the Defendants' patents, their value to practicing companies, and the "legitima[cy]" of his business. Dkt. 190 at 11. The articles are not

VALVE'S OPPOSITION TO DEFENDANTS'
MOTIONS IN LIMINE NOS. 1-6                    - 7 -
CASE NO. 2:23-CV-1016

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA  98101
(206) 467-9600

offered for their literal truth and instead are offered to demonstrate the state of the industry. *See* Fed. R. Evid. 801(c)(2); *see also Jones v. Am. Council on Exercise*, No. H-15-3270, 2016 WL 6084636, at *9 (S.D. Tex. Oct. 18, 2016) (overruling hearsay objection to downloaded webpages offered to "show public perceptions of how branding is done in the fitness industry" and "to counter arguments made by Jones's expert that the classic model for branding is not used by the fitness industry").

The challenged exhibits are also relevant to rebut Defendants' contentions regarding secondary considerations of non-obviousness based on licensing the '221 patent. *See, e.g.*, Trial Exhibit 11 (describing the '221 patent). Here again, the admissibility of these exhibits depends on the purpose for their admission and the testimony—if any—they are being offered to rebut. *Tiev*, 2024 WL 4751369, at *1.

## V. DEFENDANTS' MIL 3 SHOULD BE DENIED

Despite claiming that Defendants were merely "preserving" their objections to Valve's deposition designations and promising to make "specific objections to specific designations" (Dkt. 184 at 5), Defendants made no objections to any of Valve's deposition designations (Dkts. 193, 194), undercutting any argument that exclusion is necessary. Thus, for the same reasons discussed in Section I, Defendants boilerplate objections under Federal Rules of Evidence 401, 402, 403, 602, 701, 801, and 802 should be rejected. For example, the legal basis for Defendants' argument that Valve's deposition designations should be excluded as hearsay is unclear. Dkt. 184 at 4; *Sandoval*, 985 F.3d at 666 ("Because the defendants did not explain these [hearsay] objections, we are largely reduced to guessing at the arguments underlying them."). The Federal Rules of Civil Procedure explicitly allow unavailable witnesses to testify via video deposition in lieu of live testimony. Fed. R. Civ. P. 32. And to the extent that any deponent is testifying about things said by Mr. Rothschild or employees of any named Defendants, those are not hearsay or otherwise admissible under exceptions to the hearsay rule. Fed. R. Evid. 801(d)(2); *Sandoval*, 985 F.3d at 666. And as another example, Defendants' argument that deposition testimony is inadmissible because it "lack[s] a sponsoring witness" is nonsensical. *Id.*

VALVE'S OPPOSITION TO DEFENDANTS'
MOTIONS IN LIMINE NOS. 1-6                                   - 8 -
CASE NO. 2:23-CV-1016

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA  98101
(206) 467-9600

1    Defendants' remaining complaints seeking to exclude all testimony from four of the five
2    third-party witnesses lack the "sufficient specificity" required for a ruling. Dkt. 184 at 5. *Tiev*,
3    2024 WL 4751369, at *1. Even on the merits, however, Defendants' arguments for exclusion are
4    both factually and legally incorrect.

5    Defendants argue for the exclusion of all of Constance Kazanjian's testimony because "her
6    entire involvement with any of the Defendants long predates any interaction between Valve and
7    PAM" and they "have no relevance to any issue." Dkt. 184 at 4. That is incorrect. Ms. Kazanjian
8    testified she was hired by Mr. Rothschild to monetize his patents and was employed by Mr.
9    Rothschild when Valve was first sued in 2015, the litigation that led to the GSLA. Dkt. 193-2
10   (Kazanjian Designated Tr.) at 10:5–20. Moreover, Ms. Kazanjian worked with Rothschild when
11   he created his business model for patent assertion and can speak to the creation of his business
12   model, including structuring it to "shield[ himself] from personal liability." Dkt. 175 at 4; *see, e.g.*,
13   Dkt. 193-2 (Kazanjian Designated Tr.) at 12:14–23, 18:6–14, 25:8–11, 25:16–24, 28:7–29:10. Ms.
14   Kazanjian also created RBDS and Display Technologies. Dkt. 193-2 (Kazanjian Designated Tr.) at
15   49:14–50:1, 50:6–24, 52:17–54:5, 54:12–56:1. Defendants identify no specific testimony that is
16   allegedly "inflammatory" or "highly prejudicial."

17   Defendants argue that Nicole Lafosse's testimony "also [has] no relevance to this case"
18   and object to it as speculative and hearsay. They are incorrect because Ms. Lafosse provides
19   relevant testimony based on her own personal experience because she was hired by Mr. Rothschild
20   as a litigation manager for PAM and in that role assisted in managing litigation campaigns on
21   behalf of Defendants RBDS and DT. *See, e.g.*, Dkt 193-3 (Lafosse Designated Tr.) at 48:9–49:23,
22   50:19–51:25; Dkt. 175 ("whether the Rothschild Defendants have engaged in a pattern of asserting
23   patent infringement [] is relevant to Valve's WPTPA claim").

24   Mr. Garteiser, who Defendants also claim "lack[s] any relevance" to this case, represented
25   Mr. Rothschild and his companies in their retaliatory Texas infringement lawsuits. This Court has
26   already found that such retaliatory "lawsuits are relevant to Valve's WPTPA claim." Dkt. 175 at
27   6–7. In addition, Mr. Garteiser was counsel of record for a lawsuit brought by RBDS against Plex,
28   Inc. where RBDS asserted the '221 patent against Plex despite the fact that Plex was already

VALVE'S OPPOSITION TO DEFENDANTS'
MOTIONS IN LIMINE NOS. 1-6                         - 9 -
CASE NO. 2:23-CV-1016

1    licensed to the '221 patent. Dkt. 193-1, Ex. 2 (Garteiser Designated Tr.) at 58:20–59:10.

2    Defendants' pattern of asserting already-licensed patents is relevant to their bad faith under the

3    WPTPA and, likewise, rebuts any notion that their actions against Valve were "clerical errors," as

4    Defendants claim. Dkt. 160 at 11.

5         Finally, Defendants' unspecified assertion that Ms. Souguri Batra's testimony is

6    "speculation, hearsay and unqualified opinion testimony from a non-expert" should be rejected.

7    Defendants' failure to explain their objections with any specificity precludes Valve from

8    appropriately responding to the arguments underlying them. *Sandoval*, 985 F.3d at 666. Moreover,

9    Ms. Batra is a licensed patent attorney who served as PAM's general counsel until October 2022,

10   including during the initiation of Display Technologies' 2022 lawsuit against Valve. Dkt. 193-4

11   (Batra Designated Tr.) at 10:11–11:14. Ms. Batra's testimony meets, among others, the

12   requirements of Fed. R. Evid. 701, which permits lay witness testimony in the form of an opinion

13   where such opinion is "rationally based on the witness's perception" and "helpful to clearly

14   understand the witness's testimony or to determining a fact in issue." Fed. R. Evid. 701(a)–(b). In

15   particular, Ms. Batra's testimony is based on her own personal experiences serving as PAM's

16   general counsel, and her knowledge is relevant to whether Defendants' litigation campaign against

17   Valve was conducted in bad faith. Defendants' specific objections to testimony given in these

18   depositions should be handled through the deposition designation process, and this MIL should be

19   denied.

20   **VI.    DEFENDANTS' MIL 4 SHOULD BE DENIED**

21        Defendants seek to exclude "Docket Navigator searches" on authentication, hearsay, and

22   relevancy grounds and under Rule 602. Defendants' objections to Valve's exhibit list only

23   references three exhibits under "MIL 4": (1) two exhibits that are not Docket Navigator searches

24   (Trial Ex. 7 (Offer of Engagement for Leigh Rothschild to Nicole Lafosse, Esq.) and Trial Ex. 79

25   (LinkedIn profile page for Nicole Lafosse, Esq.)); and (2) a list of RBDS filed cases from January

26   1, 2021 to December 31, 2022, which was Exhibit 5 in the deposition of Nicole Lafosse. Valve,

27   however, has not designated any testimony from Ms. Lafosse related to Exhibit 5 (Dkt. 193-3 at

28   77:2–78:22) and thus withdraws that exhibit. Defendants' MIL should thus be denied as moot.

VALVE'S OPPOSITION TO DEFENDANTS'
MOTIONS IN LIMINE NOS. 1-6                    - 10 -
CASE NO. 2:23-CV-1016

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA  98101
(206) 467-9600

1    Instead of addressing Valve's proposed exhibits, Defendants cite to two blog posts—seven

2    and eight years old, respectively—to call into question the credibility of Docket Navigator. Yet the

3    article Defendants cite in support of their Motion only calls into question statistics different than

4    those on which Valve used or may use at trial. *Compare* Dkt. 184-2, 184-3, *with* Dkt. 184-4

5    (descriptions of Trial. Ex. Nos. 71–77, 82, 574–75).[5] This is not sufficient to warrant exclusion of

6    this evidence.

7    **Relevance Under Fed. R. Evid. 402:**

8    Defendants' sole argument why any Docket Navigator searches should be excluded on

9    relevancy grounds is the conclusory statement that "the searches . . . should be excluded . . . as not

10    relevant to the issues in this case." Dkt. 184 at 6. To the contrary, this evidence will help the jury

11    resolve a fact dispute. Trial Exhibits 71–77, 82, 574, 575, and 620 are Docket Navigator search

12    results showing the volume of patent infringement lawsuits Defendants have filed and the law

13    firms they used to file those lawsuits. *See, e.g.*, Trial Ex. 71 (List of Accusations & Outcomes for

14    US Patent 8,856,221). Courts regularly rely on Docket Navigator as a trustworthy source for such

15    information when issuing opinions in patent-related cases. *See, e.g.*, *In re Google LLC*, 914 F.3d

16    1377, 1380 n.1 (Fed. Cir. 2019) (Reyna, J., dissenting); *Rothschild Connected Devices*

17    *Innovations, LLC v. Garmin Int'l, Inc.*, No. 2:17-CV-00158-JRG-RSP, 2017 WL 5972727, at *1

18    (E.D. Tex. Dec. 1, 2017); *ParkerVision, Inc. v. Intel Corp.*, No. 6:20-cv-00108-ADA, 2021 WL

19    401989, at *5 (W.D. Tex. Jan. 26, 2021).

20    The Docket Navigator reports show, for example, that Defendants' business model is to

21    assert patents against companies and obtain low-value settlements from the accused infringers. *See*

22    Dkt. 38 ¶¶ 78–90. They were also necessary to assist reticent third-party witnesses who declined to

23    offer approximate answers. *See, e.g.*, Dkt. 194-5 (Designated Lobbin Tr.) at 21:17–30:2. In the

24    case of Mr. Lobbin, the Docket Navigator exhibits help lay a foundation that he frequently

25    represents Rothschild and related entities in patent infringement litigation and other enforcement

26    efforts, a fact Defendants do not dispute.

27    

28    [5] Defendants do not object under MIL 4 to these exhibits. Nevertheless, Valve addresses
      Defendants' objections to Docker Navigator on the merits.

VALVE'S OPPOSITION TO DEFENDANTS'
MOTIONS IN LIMINE NOS. 1-6                          - 11 -
CASE NO. 2:23-CV-1016

Moreover, the probative value of this evidence is not substantially outweighed by a danger of unfair prejudice. Fed. R. Evid. 403. No Defendant or third party has argued that the information Valve relied on in the Docket Navigator report is incorrect. Instead, Defendants' admissions are consistent with the information provided by Docket Navigator. *Compare* Dkt. 190 at Admitted Fact No. 16 ("Rothschild Broadcast Distribution Systems LLC has filed at least 120 patent infringement lawsuits involving U.S. Patent No. 8,856,221"), *with* Dkt. 84-6 (Docket Navigator identifying 124 patent cases filed by RBDS).

Defendants thus make no argument why Docket Navigator searches would be unduly prejudicial or otherwise should be excluded under Rule 403. Instead, the risk of prejudice is to Valve should its Docket Navigator exhibits be excluded. As stated above, much of the need for the Docket Navigator statistics relates to reticent third-party witnesses who possessed data about how often they represented Rothschild and his companies yet simply refused to produce it. *See, e.g.*, Dkt. 194-5 (Designated Lobbin Tr.) at 21:17–30:2.

**Fed. R. Evid. 602:**

Defendants make a threadbare assertion that the Docket Navigator "searches" "should be excluded" under Fed. R. Evid. 602 for "lack of personal knowledge or sponsoring witness." Under Rule 602, a "witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Here, Valve seeks to introduce the Docket Navigator search results, which show objective facts of which Defendants and Defendants' witnesses have personal knowledge. *See, e.g.*, Dkt. 184-4, describing Trial Exhibits 71–77, 82, 574–75. Specifically, these Docket Navigator search results include information such as the history of litigation involving the '221 patent (*id.*, describing Trial Exs. 71, 77), litigation histories of the named Defendants and affiliates (*id.*, describing Trial Exs. 72–76, 574–75), and a list of Mr. Lobbin's patent clients (*id.*, describing Trial Ex. 82). Thus, Defendants and their witnesses have ample personal knowledge sufficient to lay a foundation under Rule 602.

**Authentication Under Fed. R. Evid. 902:**

Valve can authenticate the Docket Navigator exhibits by producing evidence describing a process or system and showing that it produces an accurate result. *See* Fed. R. Evid. 901(b)(9).

VALVE'S OPPOSITION TO DEFENDANTS'
MOTIONS IN LIMINE NOS. 1-6                                    - 12 -
CASE NO. 2:23-CV-1016

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA  98101
(206) 467-9600

1    Docket Navigator is a search engine that "utilize[s] machine learning algorithms to generate

2    responses dynamically based on input data." Ex. A (https://help.docketnavigator.com/scope/) at 4.

3    "All significant rulings in the district court patent cases have been indexed back to January 2008."

4    *Id.* at 1. Moreover, Mr. Machleidt generated the exhibits and can attest to the searches he

5    conducted for each exhibit. *See* Machleidt Decl. ¶ 4. This is sufficient to meet the "'low' threshold

6    imposed by Rule 901." *United States v. Alvarez-Quinonez*, No. 22-30161, 2023 WL 8368878, at

7    *1 (9th Cir. Dec. 4, 2023) (citation omitted).

8        **Hearsay:**

9        Under Federal Rule of Evidence 801, hearsay is defined as an oral or written assertion by a

10   declarant offered to prove the truth of the matter asserted. "'Declarant' means the person who

11   made the statement." Fed. R. Evid. 801(b). Docket Navigator is a searchable database that

12   includes statistics on patent proceedings in district court and the patents, attorneys, and parties

13   involved therein. The Docket Navigator exhibits sought to be admitted are machine-generated

14   compilations of public records and objective facts. *See* Ex. A

15   (https://help.docketnavigator.com/scope/) at 1, 4. "They therefore fall outside the purview of Rule

16   801, as the declarant is not a person." *United States v. Channon*, 881 F.3d 806, 811 (10th Cir.

17   2018).

18   **VII.    DEFENDANTS' MIL 5 SHOULD BE DENIED**

19       Defendants' MIL No. 5[6] seeks exclusion of prior art contingent upon the Court granting a

20   motion to dismiss Valve's claim for declaratory judgment of invalidity that Defendants represent

21   is "forthcoming." Dkt. 184 at 6. Defendants' MIL No. 5 should be denied for three reasons.

22       First, Defendants have not filed the purported "forthcoming" motion to dismiss despite

23   over six weeks having passed since the Court's December 8, 2025 Order dismissing Defendants'

24   infringement counterclaim (Dkt. 170) and despite "intending" to do so since at least October 2025

25   (Dkt. 128 at 2). This alone resolves Defendants' motion because Valve's claim for declaratory

26

27   _____

28   [6] Defendants label objections to prior art under "MIL 7" in their objections to Valve's Trial Exhibits
     (Dkt. 190-1), though Defendants filed only six motions *in limine*. For purposes of its opposition,
     Valve assumes Defendants' complaints under "MIL 7" fall within the scope of MIL 5.

VALVE'S OPPOSITION TO DEFENDANTS'
MOTIONS IN LIMINE NOS. 1-6                - 13 -
CASE NO. 2:23-CV-1016

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA  98101
(206) 467-9600

1    judgment of invalidity remains in the case.

2         Second, an eleventh-hour motion to dismiss, even if filed, should be denied. Defendants

3    incorrectly contend there is no case or controversy regarding validity after the Court's entry of

4    Defendants' voluntary dismissal of their infringement counterclaim. As Valve explained in

5    response to Defendants' voluntary dismissal and in the Joint Proposed Pretrial Order, Defendants

6    made the same mootness and standing challenges at the beginning of the case. Dkt. 132 at 4–8

7    (quoting Dkt. 56 (Order Denying Mot. to Dismiss) at 1–2 (quoting (Dkt 40)); Dkt. 190 at 1–3.

8    Moreover, in denying Defendants' prior motion to dismiss, the Court recognized Defendants have

9    a years-long, troubling pattern of bringing infringement claims against Valve when they had no

10   right to do so. *See* Dkt. 56 at 10–12. Valve continues to have a reasonable apprehension that

11   Defendants will sue again as they have done in the past.

12        Third, setting aside Valve's claim for declaratory judgment of invalidity, the prior art is

13   independently relevant to Valve's claim for violation of the WPTPA. Valve intends to argue

14   Defendants were at least willfully (and likely, intentionally) ignorant of the prior art and,

15   therefore, the invalidity of the '221 patent. This is relevant to whether Defendants' conduct was in

16   bad faith. RCW 19.350.020(2)(g); *Rothschild Connected Devices Innovations, LLC v. Guardian*

17   *Prot. Servs., Inc.*, 858 F.3d at 1383, 1388 (Fed. Cir. 2017) ("The District Court clearly erred by

18   failing to consider Rothschild's willful ignorance of the prior art."). Valve will present evidence

19   that Defendants were notified of the invalidity of the '221 patent by numerous other targets (i.e.,

20   alleged infringers) in letters produced by Defendants and prior *inter partes* review proceedings.

21   And Valve will present evidence that prior art previously disclosed to Defendants invalidates the

22   '221 patent's claims.

23        Further, Defendants seek to exclude reference to the fact that the accused Valve Steam

24   Cloud product was released in 2008. *See* Dkt. 184-4 (describing Trial Exhibits 88, 363–70, 443,

25   484–87, 558–71). Yet these exhibits show that (1) the accused Steam Cloud product pre-dated the

26   priority date of the '221 patent; (2) that the claim chart Defendants attached to their June 2023

27   Letter to Valve asserting Steam Cloud was released in 2023 was "false, misleading, [and]

28   deceptive information" (RCW 19.350.020(2)(e)); and (3) that any reasonable investigation of

VALVE'S OPPOSITION TO DEFENDANTS'
MOTIONS IN LIMINE NOS. 1-6                    - 14 -
CASE NO. 2:23-CV-1016

1   infringement would have uncovered public information confirming the release date of Steam

2   Cloud. This evidence is relevant to whether Defendants' assertions were in bad faith.

3   **VIII.   DEFENDANTS' MIL 6 SHOULD BE DENIED**

4          Defendants try to frame the Meyler Defendants' failure to comply with the ethics rules and

5   "litigation misconduct"[7] as "character attacks" that should be excluded. The Meyler Defendants,

6   however, admit these issues are relevant to the question of bad faith. Indeed, they made their

7   compliance (or non-compliance) with ethics rules relevant by arguing the "[e]thical duties that an

8   attorney owes to their client and the Rules of Professional Conduct required the Meyler

9   Defendants to present their clients' claims" in the June 2023 letter, and that this shows evidence of

10  good faith. Dkt. 183-10 (Meyler Defs' 1st Suppl. Resp. to Valve's Interrog. No. 3) at 8. The

11  Meyler Defendants also relied on the ethical rules to "deny that they meet any of the . . . bad faith

12  factors," including that "[c]omments following RPC 3.1 confirm that the Meyler Defendants

13  actions were not bad faith." *Id.* at 9, 10.

14         RPC 3.1 is similar to Federal Rule of Civil Procedure 11 and requires that, "A lawyer shall

15  not bring or defend a proceeding, or assert or controvert an issue therein, unless there is a basis in

16  law and fact for doing so that is not frivolous, which includes a good faith argument for an

17  extension, modification or reversal of existing law." Comment 2 to RPC 3.1 also requires that

18  lawyers, such as the Meyler Defendants, "inform themselves about the facts of their clients' cases

19  and the applicable law and determine that they can make *good faith arguments* in support of their

20  clients' positions." RPC 3.1, Comment 2 (emphasis added). The Meyler Defendants' compliance

21  with those investigatory requirements are relevant to bad faith.[8] *See, e.g.*, *Micromesh Tech. Corp.*

22

_____

23  [7] Valve is unclear what Defendants are referencing by including "litigation misconduct" in quotes.
    As far as Valve is aware, it has never described the Meyler Defendants as engaging in "litigation
24  misconduct." However, to the extent this broadly is meant to capture Valve's allegations that
    Defendants misuse the patent system through their business model of filing lawsuits for the sole
25  purpose to extract nuisance settlements and avoid any determination on the merits of any claim, that
26  misconduct is relevant to proving bad faith.

27  [8] While Defendants object under FRE 403, Defendants only argue relevance and not that the
    probative value of any evidence "is substantially outweighed" by any of the reasons included in
28  Rule 403.

VALVE'S OPPOSITION TO DEFENDANTS'
MOTIONS IN LIMINE NOS. 1-6                    - 15 -
CASE NO. 2:23-CV-1016

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA  98101
(206) 467-9600

1    *v. Am. Recreation Prods., Inc.*, No. C-06-6030 MHP, 2007 WL 2501783, at *5 (N.D. Cal. Aug.

2    30, 2007) (finding "inadequate investigation . . . is a factor in determining bad faith"); *Glob. Glass*

3    *Techs., Inc. v. Rsch. Frontiers, Inc.*, No. 8:20-cv-2517-MSS-AEP, 2024 WL 711034, at *13 (M.D.

4    Fla. Feb. 21, 2024) (noting "leaning on the K&L Gates firm," "having some patent experience,"

5    and "not consult[ing] any written claim analyses before filing" does not "rise[] to the level of what

6    the law requires before a competent attorney files a patent infringement lawsuit").

7         Defendants' assertion that "there has been no . . . evidence that the Meyler Defendants

8    violated any ethics rules or committed litigation misconduct" is false. Despite "never h[olding

9    himself] out as a patent attorney to anyone," (Dkt. 161 ¶ 3) Samuel Meyler chose to represent

10   Defendants on substantive patent matters and to be the sole signatory on threat letters and actual

11   patent infringement litigation. *Id.* ¶¶ 23–25, 28.

12        Moreover, it is undisputed that the Meyler Defendants were *twice* sent the GSLA by

13   Valve. The Meyler Defendants knew they previously filed a lawsuit against Valve on behalf of

14   Defendant Display Technologies on a licensed patent. Recent discovery suggests that the Meyler

15   Defendants made similar bad-faith assertions against other already-licensed targets on behalf of

16   Rothschild-related companies. Machleidt Decl. ¶ 3. Despite this, the Meyler Defendants admit that

17   they did not review the GSLA before sending the June 2023 Letter to determine if Valve had a

18   license to any of the asserted patents. Ex. B (Meyler Resp. to RFAs) at 3.

19        Defendants' objection based on FRE 602 similarly fails as Mr. Meyler has personal

20   knowledge of his own actions and the ethical rules he is bound by. Indeed, as evidenced by the

21   Meyler Defendants interrogatory response, he intends to argue his compliance with those ethical

22   rules—the same personal knowledge and foundation necessarily underlies his failure to comply

23   with those rules. Whether or not Valve or any other person "file[d] an ethics complaint" and

24   whether or not "there has been [any] determination . . . that the Meyler Defendants violated any

25   ethics rules or committed litigation misconduct" is not relevant to exclusion. The jury can

26   determine, based on the ethical rules and Mr. Meyler's testimony about the actions he took and did

27   not take, whether the Meyler Defendants' actions were in bad faith.

28        Defendants' objection under FRE 701 based on opinions "expressed by Plaintiff's counsel

VALVE'S OPPOSITION TO DEFENDANTS'
MOTIONS IN LIMINE NOS. 1-6                     - 16 -
CASE NO. 2:23-CV-1016

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA  98101
(206) 467-9600

1   or other parties" (Dkt. 184 at 7) "fails to identify the subject evidence with sufficient specificity"

2   to allow Valve to respond or the Court to make a decision on admissibility and should thus be

3   denied. *Tiev*, 2024 WL 4751369, at *1; *see also State Farm Fire & Cas. for Robinson v. Helen of*

4   *Troy, LLC*, No. C15-1771-RSM, 2017 WL 2573984, at *2 (W.D. Wash. June 14, 2017). Similarly,

5   Defendants' attempt to exclude unspecified "similar character attacks" lacks the requisite

6   specificity for Valve and this Court to understand what Defendants consider objectionable; it too

7   should be rejected. *Id.*

8   **IX.    CONCLUSION**

9           For the reasons set forth above, Valve requests that the Court deny Defendants' Motions *in*

10  *Limine* Nos. 1 to 6.

11  DATED: January 23, 2026              Respectfully submitted,

12                                      KILPATRICK TOWNSEND & STOCKTON LLP

13

14                                      By: */s/ Dario A. Machleidt*
                                            Dario A. Machleidt (State Bar No. 41860)
15                                          Kathleen R. Geyer (State Bar No. 55493)
                                            Christopher P. Damitio (State Bar No. 58633)
16                                          1420 Fifth Avenue, Suite 3700
                                            Seattle, WA 98101
17                                          Telephone: (206) 467-9600
                                            E-mail: dmachleidt@kilpatricktownsend.com
18                                          E-mail: kgeyer@kilpatricktownsend.com
                                            E-mail: cdamitio@kilpatricktownsend.com
19
                                            David A. Reed (*pro hac vice*)
20                                          100 Peachtree Street NE, Suite 2800
                                            Atlanta, GA 30309
21                                          Telephone: (404) 745-2548
                                            E-mail: dreed@ktslaw.com
22
                                            Marianthi M. Karas (*pro hac vice*)
23                                          1801 Century Park East, Suite 2300
                                            Los Angeles, CA 90067
24                                          Telephone: (310) 777-3732
                                            E-mail: mkaras@ktslaw.com
25
                                            Attorneys for Plaintiff
26                                          VALVE CORPORATION

27                                          I certify that this memorandum contains 6299 words, in
                                            compliance with the Local Civil Rules.
28

VALVE'S OPPOSITION TO DEFENDANTS'
MOTIONS IN LIMINE NOS. 1-6                      - 17 -
CASE NO. 2:23-CV-1016

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA  98101
(206) 467-9600

1

## **CERTIFICATE OF SERVICE**

2

3    I hereby certify that on January 23, 2026, I served the within via the Court's CM/ECF

4    system to all counsel who are registered participants identified on the Mailing Information for C.A.

5    No. 2:23-cv-1016.

6                                        */s/ Dario A. Machleidt*

7                                        Dario A. Machleidt

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

VALVE'S OPPOSITION TO DEFENDANTS'
MOTIONS IN LIMINE NOS. 1-6                    - 18 -
CASE NO. 2:23-CV-1016

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600