# TRIAL EXHIBIT
# PTX322
# FILED UNDER SEAL



Exhibit 57
Lobbin, S.
09/02/25
aptus

Plaintiff's Trial Exhibit
322
2:23-CV-01016-JNW

November 30, 2020

Orrick, Herrington & Sutcliffe LLP
1000 Marsh Road
Menlo Park, CA 94025-1015

+1 650 614 7400
orrick.com

*Via E-Mail*

Stephen M. Lobbin
SML Avvocati P.C.
888 Prospect Street, Suite 200
San Diego, CA  92037
sml@smlavvocati.com

Amy Van Zant

E  avanzant@orrick.com
D  +1 650 614 7403
F  +1 650 614 7401

Re:  Request for Dismissal - *Rothschild Broadcast Distribution Systems, LLC v. Talkdesk, Inc.*, Case No.: 3:20-cv-07356-SK (N.D. Cal.)

Dear Mr. Lobbin:

My firm represents Talkdesk, Inc. ("Talkdesk") in connection with *Rothschild Broadcast Distribution Systems, LLC v. Talkdesk, Inc.*, Case No.: 3:20-cv-07356-SK (N.D. Cal.).  While Talkdesk has not yet been served with the complaint (to our knowledge), we have reviewed the claims from the publicly-available filing and have concluded that the case is objectively meritless and asserted for improper purposes.  Accordingly, we write pursuant to *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014) to notify Plaintiff that Talkdesk will seek fees, costs, and sanctions should Rothschild persist with this objectively baseless litigation.  Rothschild should promptly dismiss its complaint against Talkdesk with prejudice.

Plaintiff Rothschild Broadcast Distribution Systems ("Rothschild" or "Plaintiff") has previously asserted U.S. Patent No. 8,856,221 (the "'221 Patent" or the "Asserted Patent") against dozens of defendants. Based on our preliminary review of the related dockets and case filings, it appears that Rothschild has made the same kinds of dubious claims of infringement against these prior defendants as it has done here, *i.e.,* for the apparent purpose of obtaining nuisance settlements. From what we have seen in these prior cases, Rothschild has withdrawn its claims (often at the earliest stages) when faced with a motion to dismiss, IPR, or similar. It appears that no case has gone to trial or even come close.  In no instance that we've discovered has Rothschild successfully asserted the '221 Patent against a single one of the dozens of defendants it has sued.

And it is clear why.  The '221 Patent is facially invalid, a conclusion readily supported by the file history and the litigation history we've described above.  Rothschild's complaint against Talkdesk underscores the lack of seriousness with which the '221 Patent was asserted against my client. Rothschild has not come anywhere close to showing that the accused Talkdesk product meets each of the claim elements of exemplary claim 7.  Indeed, Rothschild does not even bother to *try* to identify a corresponding product feature for each element of the asserted exemplary claim.  Further, Rothschild is essentially trying to read the '221 Patent on the concept of retrieving voicemail even though voicemail had existed for several decades before the '221 Patent was ever filed.  Likewise,

4140-7575-3768



Stephen M. Lobbin
November 30, 2020
Page 2

and as asserted convincingly by prior defendants, the '221 Patent is facially invalid with legions of relevant prior art preceding the filing of the application, especially given the broad interpretation of the claims advanced by Rothschild. The patent is also indefinite under 35 U.S.C. § 112 as claiming both the steps of a method and the components of an apparatus, and further claims an abstract idea that constitutes unpatentable subject matter under 35 U.S.C. §101.

Any one of these reasons would require that Plaintiff withdraw its claims; collectively, they mandate immediate remedial action. Accordingly, Rothschild must promptly dismiss its claims or be liable for Talkdesk's attorney fees and costs of defense. *See Octane Fitness,* 572 U.S. at 554. Talkdesk hereby demands that Plaintiff promptly confirm that it will dismiss its claims against Talkdesk <u>with prejudice</u> by December 8, 2020.

> **A.** **<u>Plaintiff's Complaint Shows It Lacks an Objectively Reasonable Basis to Assert Infringement Against Talkdesk</u>**

Rothschild's claim that Talkdesk infringes the '221 Patent is objectively meritless. It is evident from the langue of the claims themselves, the public material cited in the complaint, and Rothschild's own allegations that Talkdesk does not infringe.

Rothschild's complaint identifies Claim 7 of the '221 Patent as representative of its claims. Claim 7 is one of only two independent claims and is the only independent method claim. The claim requires, among other things, the step of "receiving a request message including media data indicating [1] requested media content and [2] a consumer device identifier corresponding to the consumer device." '221 Patent, Claim 7. The complaint alleges that this request message is received when Talkdesk's users log into the Talkdesk's website/platform. Complaint, ¶ 20. But login information is not "a consumer device identifier corresponding to the consumer device." '221 Patent at Claim 7. The complaint cites nothing to indicate that the login process would include an exchange of any information identifying the devices that the user is using. Accordingly, there is no colorable basis to allege that Talkdesk receives a request message including a "consumer device identifier."

More importantly, even assuming the login procedure somehow did involve the use of a "consumer device identifier,"[1] nothing indicates that the "request message" associated with that procedure would also include "media data indicating requested media content" as required by Claim 7. Indeed,

---

[1] Nothing in this letter should be taken as an admission that any other elements of the asserted claims are satisfied or that the Talkdesk platform performs in a given way. There are numerous problems with Plaintiff's infringement theories in addition to those pointed out in this letter. Further, Talkdesk does not take any claim construction positions at this time.

4140-7575-3768

Confidential                                                                                                    ROTHSCHILD0035260



Stephen M. Lobbin
November 30, 2020
Page 3

Plaintiff does not cite anything related to the login process to satisfy this element. Complaint ¶ 19. Instead, Plaintiff cites a completely separate function within the platform, *i.e.*, requesting a voicemail. *Id.* But a user does not request a voicemail, if at all, until after he or she has already logged into the system. Accordingly, Plaintiff does not point to any "request message" that includes both "media data indicating requested media content" and "a consumer device identifier corresponding to the consumer device," and, thus, essentially admits that there is no such message.

Moreover, Claim 7 also requires that the "media data" in the "request message" also include "[3] time data that indicates a length of time to store the requested media content." Nothing indicates that *any* communication from a Talkdesk user would contain such information, let alone any "request message" associated with the login procedure. And again, Rothschild essentially admits that the alleged login "request message" does not contain this information by citing to something completely different. Specifically, Rothschild alleges that any information that would dictate the length of time to store the requested media would likely be stored in the Talkdesk system as "role type" or "permission" data and not included in any alleged "request message." Compl. ¶¶ 22, 24. There is no dispute that no such information is transmitted in a "request message" associated with the login process or otherwise.

The examples above are not exhaustive; Plaintiff's infringement theories suffer from myriad flaws that will be raised in due course. However, these examples alone are sufficient to demonstrate that Rothschild lacks a reasonable basis to continue to prosecute its claims and therefore support an *Octane* fee award to Talkdesk should Rothschild fail to dismiss its claims against Talkdesk now.

### B. The Asserted Claims are Invalid as Indefinite

It is also evident from the face of the patent that the asserted claims are invalid as indefinite. 35 U.S.C. § 112 requires that that a patent include "one or more claims particularly pointing out and distinctly claiming the subject matter the applicant regards as [the] invention." "[A] patent is invalid for indefiniteness if its claims, read in light of the specification delineating the patent, and the prosecution history, fail to inform, with reasonable certainty, those skilled in the art about the scope of the invention." *Nautilus, Inc. v. Biosig Instruments, Inc.*, 134 S. Ct. 2120, 2125 (2014). The Federal Circuit has held that claims are invalid as indefinite if they claim both an apparatus and method of use. *See IPXL Holdings, LLC v. Amazon.com, Inc.*, 430 F.3d 1377 (Fed. Cir. 2005).

Claim 7 of the '221 Patent claims both steps of a method and components of an apparatus and is therefore invalid. Specifically, claim 7 claims a "method for storing media content and delivering requested media to a consumer device, the method comprising [various steps]." '221 Patent at Claim 7. At the end of the listed steps, Claim 7 further claims, without ever having mentioned a first

4140-7575-3768

Confidential                                                                                                                                              ROTHSCHILD0035261



Stephen M. Lobbin
November 30, 2020
Page 4

processor, "the first processor is further configured to determine whether the requested media content exists; and if the processor determines that the requested media content exists, the processor is further configured to determine whether the requested media is available . . . ." '221 Patent at Claim 7.  This limitation clearly claims a component and, thus, is attempting to claim an apparatus.  Indeed, the file history of the '221 Patent demonstrates that the patentee copied this component limitation from a separate apparatus claim (then-pending Claim 6).  In doing so, the patentee mixed method steps and apparatus components, rendering the claim indefinite and invalid.

### C. The Asserted Patents Are Ineligible Under § 101

The '221 Patent is also ineligible under controlling Federal Circuit and Northern District of California case law applying 35 U.S.C. § 101 to similar claims.  Plaintiff has been on notice that the '221 Patent is directed to ineligible subject matter since at least May 15, 2015, *i.e.*, the first date that a defendant filed a motion to dismiss on grounds that the asserted claims were not patent-eligible.  **At least 8 such motions have been filed against the '221 Patent and, in each case, Rothschild has dismissed the case before the Court was able to resolve the motion**.  Mot. to Dismiss, *Rothschild Broad. Dist. Sys., LLC v. Vimeo, LLC*, No. 6:15-cv-00232 RWS-JDL, #10 (E.D. Tex. May 15, 2015); Mot. to Dismiss, *Rothschild Broad. Dist. Sys., LLC v. UStream, Inc.*, No. 6:15-cv-00230-RWS-JDL, #14 (June 5, 2015); Mot. to Dismiss, *Rothschild Broad. Dist. Sys., LLC v. Discovery Comms., Inc.*, No. 6:15-cv-00227-RWS-JDL, #8 (E.D. Tex. May 20, 2015); Mot. to Dismiss, *Rothschild Broad. Dist. Sys., LLC v. AT&T Servs., Inc.*, No. 2:16-cv-00385-RWS, #12 (E.D. Tex. July 1, 2016); Mot. to Dismiss, *Rothschild Broad. Dist. Sys., LLC v. VUDU, Inc.*, No. 6:15-cv-00233-RWS-JDL, #12 (E.D. Tex. June 12, 2015); Mot. to Dismiss First Am. Compl., *Rothschild Broad. Dist. Sys., LLC v. Project Panther US, LLC*, No. 1:20-cv-00396-MN, #12-13 (D. Del. June 17, 2020); Mot. to Dismiss First Am. Compl., *Rothschild Broad. Dist. Sys., LLC v. Deezer, Inc.*, No. 1:20-cv-00392-MN, #14-15 (D. Del. June 2, 2020); Mot. to Dismiss, *Rothschild Broad. Dist. Sys., LLC v. Muvi, LLC*, No. 1:20-cv-00672-MN, #8-9 (D. Del. Sept. 8, 2020).  This record shows that Rothschild knows all too well that allowing a court to rule on a § 101 would be fatal to the patent.

The test for whether a claim is ineligible under § 101 requires a court to first determine "whether the claims at issue are directed to one of those patent-ineligible concepts," such as an abstract idea.  *Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 573 U.S. 208, 217 (2014).  Next, if these claims are directed to an abstract idea, the court will determine if there is an "inventive concept," or "an element or combination of elements that is 'sufficient to ensure that the patent in practice amounts to significantly more than a patent upon the [ineligible concept] itself.'"  *Id.* (*quoting Mayo Collaborative Servs. v. Prometheus Labs., Inc.*, 566 U.S. 66, 72–73 (2012)).  Furthermore, using "entirely conventional, generic technology" to implement an abstract idea into practice is not enough to satisfy the

4140-7575-3768



Stephen M. Lobbin
November 30, 2020
Page 5

"inventive step" inquiry from the *Alice/Mayo* test. *Elec. Power Grp., LLC v. Alstom S.A.*, 830 F.3d 1350, 1356 (Fed. Cir. 2016).

Here, the '221 Patent is directed toward the abstract idea of storing and delivering media content (as pleaded here, a voice message) to a user. *See* the '221 Patent, Claim 1 ("A system for media content storage and delivery…"); *see also id.*, Claim 7 ("A method for storing media content and delivering requested media content to a consumer device…"); *see also Ultramercial, LLC v. Hulu, LLC*, 772 F.3d 709, 711-12 (Fed. Cir. 2014) (invalidating a patent covering the abstract idea of an ad-supported media delivery system). The concepts of inventory checking, retrieval, and delivery described in the specification and claims describe nothing beyond an abstract idea that could be performed by any video store rental employee or telephone operator; adding conventional computer components to perform the tasks does not suddenly render the claimed abstract concept patentable. These claims address common business problems and are not "necessarily rooted in computer technology in order to overcome a problem specifically arising in the realm of computer networks." *DDR Holdings, LLC v. Hotels.com LP*, 773 F.3d 1245, 1257-59 (Fed. Cir. 2014).

Moreover, the '221 Patent uses generic technology and generic computer functions to solve the claimed business problem and only incorporates technology that existed prior to the patent. *E.g.* the '221 Patent, 2:24-25 ("The system includes a server that has a receiver and a processor."); *see also e.g.*, 3:56-61 ("Consumer device 12 may include wired or wireless devices such as mobile phones, personal digital assistant devices, personal computers, laptop computers, tablet computers, digital video recorders, televisions, digital versatile disc players, among other devices that may communicate via network 18."). The '221 Patent also recites generic computer functions such as the steps of receiving an input (receiving the consumer request for media content), sorting information (determining whether the request is one for media content or media storage), checking information against a list or database (determining whether a consumer device identifier is linked to a registered consumer device), and providing output (delivering requested media content to a consumer)—all describe well-known computer functions. *See Alice*, 134 S.Ct. at 2359 (using a computer to "obtain data, adjust account balances, and issue automated instructions" all involve "well-understood, routine, conventional activities previously known to the industry"); *Ultramercial*, 772 F.3d at 716 ("[R]outine additional steps such as updating an activity log, requiring a request from the consumer to view the ad, restrictions on public access, and use of the Internet does not transform an otherwise abstract idea into patent-eligible subject matter."); *buySAFE, Inc. v. Google, Inc.*, 765 F.3d 1350, 1355 (Fed. Cir. 2014) ("The computer functionality is generic—indeed, quite limited: a computer receives a request for a guarantee and transmits an offer of guarantee in return."); *Content Extraction & Transmission LLC v. Wells Fargo Bank, N.A.*, 776 F.3d 1343, 1349 (Fed. Cir. 2014) ("[D]etecting the presence of a particular one of said defined set of symbols on a hard copy document" merely described "generic optical character recognition technology."); *CyberSource Corp. v. Retail Decisions,*

4140-7575-3768

Confidential                                                                                                                           ROTHSCHILD0035263



Stephen M. Lobbin
November 30, 2020
Page 6

*Inc.*, 654 F.3d 1366, 1370 (Fed. Cir. 2011) (holding "mere collection and organization of data" insufficient). Placing these steps into online media does not place any meaningful limitation to this abstract idea. *Ultramercial*, 772 F.3d at 716 ("[T]he use of the Internet is not sufficient to save otherwise abstract claims from ineligibility."). In other words, the '221 Patent attempts to claim an abstract idea (choosing media, including retrieving a message) that has been done offline for decades and uses generic electronic components in a conventional way to perform that menial task. There is nothing in the patent specification or claims that would transform the abstract idea of the '221 Patent into anything that is patent eligible.

For all of the reasons stated here and in the legion of prior motions that have previously prompted Rothschild to turn tail and dismiss its claims (and of which Rothschild was well aware of before filing the present complaint), the '221 Patent claims unpatentable subject matter and therefore is invalid.

### D. The '221 Patent Claims Are Invalid under 35 U.S.C. §§ 102 & 103

Finally, the claims of the '221 Patent are anticipated and rendered obvious by a wealth of prior art. Among other reasons, the '221 Patent claims are obvious in view of the grounds asserted in the petitions for *inter partes* review filed in *Unified Patents, Inc. v. Rothschild Broadcast Distribution Systems, LLC*, IPR2015-01181 and *Alarm.com, Inc. et al. v. Rothschild Broadcast Distribution Systems, LLC* IPR2018-01001, including the following grounds:

- U.S. Patent Pub. No. 2008/0155059 ("Hardin") alone or in view of U.S. Patent No. 7,684,673 ("Monroe") renders claims 1, 2, 4-8, and 10-13 obvious.

- Hardin, alone or in view of Monroe and further in view of Int'l Patent Pub. No. WO 2007/060016 ("Remijn") render all claims obvious.

The petitions that document these obviousness grounds were filed on May 14, 2015 and May 8, 2018. In both cases, Rothschild dismissed its co-pending infringement actions before the PTAB had an opportunity to rule on the petitions, rendering Rothschild's shakedown scheme clear: avoid any substantive decision and continue to seek out nuisance settlements. Rothschild cannot in good faith maintain its claims in the face of the prior art raised in the IPRs, which was made known to Rothschild long before it filed its complaint against Talkdesk.

\*\*\*

4140-7575-3768

Confidential                                                                                                                                    ROTHSCHILD0035264



Stephen M. Lobbin
November 30, 2020
Page 7

Rothschild's track record of nuisance suits dismissed at the whisper of a defense and insufficient complaint against Talkdesk paint a clear picture of what's going on here: Rothschild is hoping for a quick nuisance settlement. Talkdesk is not going to play the role of a "mark" for this kind of insidious misconduct; it is prepared to mount a substantial defense and Rothschild can be assured that Talkdesk will pursue its claim for attorney fees and costs should Rothschild put its word to the test. Talkdesk is prepared to waive its claim for attorney fees incurred to date if Rothschild dismisses the pending lawsuit with prejudice by December 8, 2020. If Rothschild instead chooses to recklessly proceed with its meritless claim, it will be held to account.

Sincerely,

*Amy K. Van Zant*

Amy K. Van Zant

cc: David Middler, Chief Legal Officer at Talkdesk, Inc.

4140-7575-3768

Confidential                                                                                                              ROTHSCHILD0035265