HON. JAMAL N. WHITEHEAD

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| VALVE CORPORATION,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>LEIGH ROTHSCHILD, ROTHSCHILD BROADCAST DISTRIBUTION SYSTEMS, LLC, DISPLAY TECHNOLOGIES, LLC, PATENT ASSET MANAGEMENT, LLC, MEYLER LEGAL, PLLC, AND SAMUEL MEYLER,<br><br>　　　　　Defendants. | Case No. 2:23-cv-1016-JNW<br><br>**VALVE'S REPLY IN SUPPORT OF ITS MOTION FOR SANCTIONS AGAINST THE ROTHSCHILD DEFENDANTS (DKT. 187)**<br><br>NOTE ON MOTION CALENDAR:<br>**January 29, 2026**<br><br>Complaint Filed:　07/07/2023 |

VALVE'S REPLY ISO MOTION FOR SANCTIONS (DKT. 187)
CASE NO. 2:23-CV-1016

- 1 -

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

Defendants attempt to paint themselves as unsophisticated litigants who have been trying their best to comply with the Court's rules and orders. They are not, and they have not been. Defendants are some of the most prolific patent litigants: Leigh Rothschild is responsible for filing over 1,000 lawsuits, with over 200 of those filed through RBDS and DT. In this case, Defendants engaged in strategic delay and took meritless positions to withhold discovery to try to avoid accountability. Their latest conduct reinforces that sanctions are necessary.

**Financial Documents**

In granting Valve's motion to compel, the Court ordered each Rothschild Defendant to provide Valve with a supplemental response to, among others, the following RFP by December 31, 2025:

> All audited and unaudited profit-and-loss statements, balance sheets, cash-flow statements, and other financial records for any Defendant or Related Company from 2016 to the present.

Dkt. 84-7 at 5; Dkt. 175 at 8.

By the December 31 deadline, Defendants produced eight PDFs, three of which contained bank records and tax returns related to a single defendant: PAM. Defendants had not produced any financial records for Rothschild, RBDS, or DT. Only after Valve moved for sanctions did Defendants provide records for RBDS and DT.[1] Defendants have not produced *any* financial records for Rothschild, instead arguing that the corporate defendants' records "would include a record of any transfer of funds to or from Mr. Leigh Rothschild."[2] Dkt. 195 at 4.

But Valve's RFPs were not limited to transfers of funds to Rothschild from the corporate Defendants—for example, the RFP above seeks Rothschild's financial records so Valve could

---

[1] Defendants' belated production of TD Bank and First Horizon bank account statements for DT and RBDS remains incomplete. For example, Defendants have not produced any records related to one of RBDS's bank accounts. Ex. 1 (DEC 2025-2413, -2416) (identifying second "Rothschild Broadcast Distribution" account).

[2] Defendants have not provided Valve with Rothschild's account numbers. *See, e.g.*, Dkt. 148-34 at 28. While discovery from the Lamkin Defamation Action potentially identifies one Rothschild account, Valve has reason to believe he has more than just one.

VALVE REPLY ISO MOTION FOR SANCTIONS (DKT. 187)
CASE NO. 2:23-CV-1016
- 1 -
Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

investigate, *inter alia*, how Mr. Rothschild intentionally shields himself from personal liability. Dkt. 175 at 4.

Simply put, Leigh Rothschild has chosen to defy a Court order and not produce relevant evidence to Valve. *Cf.* Dkt. 146-1 at 11:2–12:10; 47:19–21; 254:2–22.

**Electronically Stored Information**

The Court also ordered that, by December 31, "Defendants must review the documents responsive to the discussed search terms and, to the extent they are not duplicative or privileged, must produce them to Valve." Dkt. 175 at 8. Defendants did not comply with that part of the Order.

Defendants did not produce any ESI by December 31. After Valve moved for sanctions, Defendants produced 22 gigabits of unprocessed Outlook .pst files. Defendants did not, as ordered, "review the documents," instead just dumping them on Valve in a raw format that does not comply with the agreed ESI Order entered by the Court. *See* Dkt. 51 at 3–5.

Defendants' late, non-compliant production contained over 33,000 emails and attachments, ***more than 10 times*** the number of documents Defendants' counsel told Valve were covered by the search terms. *See* Dkt. 83 at 9 (ESI hit counts totaling 3,095 documents). This significant discrepancy calls into serious question (i) the veracity of all of the hit counts provided to Valve and (ii) Defendants' search methodology. As a further example, Defendants' counsel previously disclosed that Falcucci's Outlook had 18 hits for a particular search term. Yet in the Outlook production Valve received this month, there are 330 hits for the same search term for Falcucci's Outlook. Machleidt Decl. ¶ 4. Valve cannot know whether, or (more likely) how many, responsive emails were improperly withheld. Defendants also did not produce non-email ESI, and while the parties agreed on this approach during fact discovery, it is far from clear Valve would have made that agreement if it had accurate information about the scope and quantity of such materials in Defendants' possession.

However, thanks to Defendants' late production, Valve now knows that information responsive to Valve's requests exists and was improperly withheld. For example, Valve requested

VALVE REPLY ISO MOTION FOR SANCTIONS (DKT. 187)
CASE NO. 2:23-CV-1016
- 2 -
Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

1  all documents related to instances where Defendants attempted to extract additional revenue from
2  companies Defendants had already licensed. *E.g.*, Dkt. 174-16 at 17–18 (RFP No. 9). Defendants
3  agreed to produce those documents if they existed. *Id*. Defendants' late production included an
4  previously-unproduced email reflecting at least one such instance, and cross-refenced at least one
5  other unproduced, relevant document. Around the time Meyler accused Valve of infringing a
6  licensed patent, Meyler also sent a demand letter to Norwegian Cruise—in violation of
7  Rothschild's license agreement with them. Exs. 2–3. As another example, Defendants withheld
8  correspondence alleging Rothschild's bad-faith assertion of the '221 patent, *including accusations*
9  *that Defendants violated another state's anti-troll statute*. Exs. 4–6.

10  When Valve asked Defendants to provide unproduced documents related to Defendants'
11  assertion against Norwegian Cruise, Defendants responded that they would not provide it:

> We have produced the information to the best of our client's ability and resources. You clearly have greater IT resources and abilities and can sort through the information in a much deeper way, which is your obligation to do for your client. It is your responsibility to find the information that you find valuable. It is our responsibility to provide the discovery which allows you to identify that information. Clearly, we have met our obligation because you found information in the discovery we provided. We have been working as diligently as possible given our client's limited resources.

Ex. 7.

As another example, during fact discovery, Defendants withheld emails that were responsive to search terms they agreed to run. Defendants agreed to review and produce ESI responsive to the search term "Valve" for Falcucci's Outlook. Ex. 8 at 3. Despite this, Defendants' latest production included a never-before-produced email from Falcucci's Outlook that is responsive to this search term and not privileged, discussing attempts to extract more revenue from Valve, even in light of the GSLA. *See, e.g.*, Ex. 9.

Defendants' late production also failed to comply with the ESI Order's privilege logging requirements. Dkt. 51 at 6–7. Defendants merely "did the best they could to make sure privileged communications were filtered out of this production" using some unidentified method. Ex. 7 at 3. Because Defendants did not provide the required privilege log, Valve cannot know whether responsive, non-privileged documents were also inappropriately withheld.

VALVE REPLY ISO MOTION FOR SANCTIONS (DKT. 187)
CASE NO. 2:23-CV-1016
- 3 -
Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

Defendants' efforts to remove privileged communications from their late production failed—that production contains emails between Defendants and their lawyers. Upon discovering as much, Kilpatrick requested that Defendants immediately review for privilege a small subset of produced documents that Valve intended to rely on at trial and either confirm such documents were not privileged, log, or redact them.[3] Ex. 10 at 1–2. Defendants refused: "We cannot produce a privilege log or provide redacted copies by tomorrow. In fact, our client does not have the resources to do the review you are requesting prior to trial.... Just do not use any privileged materials that you identify." *Id*. at 1. Defendants' refusal to review documents for privilege and their failure to provide a privilege log or clawback any documents may amount to a waiver of privilege. *See, e.g.*, *Bess v. Cate*, No. 2:07-CV-1989 JAM JFM, 2008 WL 5100203, at *5 (E.D. Cal. Nov. 26, 2008), *aff'd*, 422 F. App'x 569 (9th Cir. 2011).

**Defendants' Excuses**

In addition to being deficient, Defendants' production also came after the Court's deadline for compliance and after Valve moved for sanctions. Yet Defendants claim their delay in producing documents was "brief" and in "good-faith." Dkt. 195 at 3.

Substantial completion of fact discovery was April 25, 2025. Valve moved to compel financial documents and ESI on May 16, 2025. Defendants' opposition to Valve's motion to compel was due August 12 (Dkt. 106 at 2), and by not filing an opposition Defendants admitted the propriety of Valve's requests (Dkt. 115). And the Court explicitly ordered Defendants to produce those documents by January 31, 2025. Defendants' delay was anything but "brief."

Defendants' delay was also not "good-faith." As the Court recognized almost a year ago, "[t]he record suggests that the Rothschild Defendants have engaged in a pattern of delays in responding to Valve's discovery requests [and s]uch dilatory conduct in discovery is disfavored to say the least." Dkt. 78 at 1–2. Defendants withheld responsive and relevant information, made no effort to justify its withholding, and produced over 33,000 documents a month before trial—***over***

---

[3] Kilpatrick paused its review and sequestered the production. Defendants told Kilpatrick that was unnecessary: "There is no need to sequester the entire production.... Please continue your review." Ex. 10 at 1.

VALVE REPLY ISO MOTION FOR SANCTIONS
(DKT. 187)
CASE NO. 2:23-CV-1016

- 4 -

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

*seven times* more documents than they produced before the deadline for substantial completion. That does not reflect good faith.

Defendants' attempts to excuse their behavior lack merit. First, Defendants claim they "believed" their "December 30" production was "fully responsive to the Court's Order." Dkt. 195 at 3. That is not credible. Defendants' December 30 production contained eight PDFs. Machleidt Decl. ¶ 3. A cursory review of those documents reveals they do <u>not</u> contain financials from Rothschild, RBDS, or DT—and they are not ESI.

Second, Defendants contend they are "small companies" that "lack resources" and "have no outside e-discovery vendor." Dkt. 195 at 5. These excuses ring hollow. Defendants' business model is threatening and bringing lawsuits. Rothschild is responsible for filing over 1,000 lawsuits, including over 200 through RBDS and DT. Dkt. 190 at 18–19; Dkt. 138 ¶ 85. Defendants cannot claim they are inexperienced, unsophisticated litigants. Nor can Defendants blame their lack of compliance with Court orders on lack of a discovery vendor. Defendants agreed to the ESI Order and previously used a vendor to comply with it. Ex. 11 (Defendants' counsel stating, "Documents are de-duped after being processed with ***our vendor***." (emphasis added)). They cannot now repudiate their responsibility to comply with the Court's Order, a mere month before trial.

While Defendants claim they lack the resources "to review every single email," Defendants also claim their late, raw document dump caused no prejudice. Dkt. 195 at 3. Yet Defendants have no qualms about Valve (i) paying its own vendor to process Defendants' production for review or (ii) redirecting resources away from trial preparation to undertake Defendants' Court-ordered review in their stead. *See, e.g.*, *SVB Fin. Grp. v. Fed. Deposit Ins. Corp.*, No. 24-CV-01321-BLF (VKD), 2024 WL 4933347, at *2 (N.D. Cal. Dec. 2, 2024). Moreover, because of Defendants' late production, Valve was unable to depose Defendants about any of the over 33,000 documents in that production. Dkt. 146-1 at 11:2–12:10; 47:19–21; 254:2–22.

VALVE REPLY ISO MOTION FOR SANCTIONS
(DKT. 187)
CASE NO. 2:23-CV-1016

- 5 -

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

**Defendants' Behavior Is Sanctionable**

Defendants did not comply with their discovery obligations, even when ordered by the Court. This is sanctionable. Dkt. 78 at 1–2; Dkts. 146 & 187. Defendants withheld responsive information during discovery that they represented *was not being withheld*. This too is sanctionable. *Davis v. Wing Enters., Inc.*, No. 2:19-CV-780, 2021 WL 4478247, at *14 (M.D. Fla. Sept. 30, 2021); *Jones v. Hernandez*, 322 F.R.D. 411, 415 (S.D. Cal. 2017).

Defendants' egregious pattern of misconduct may merit a severe punishment such as dismissal of their defenses or entry of judgment for Valve. *E.g.*, *Computer Task Grp., Inc. v. Brotby*, 364 F.3d 1112, 1114 (9th Cir. 2004) (finding that dismissal of counterclaims and entry of default on plaintiff's claims warranted based on defendants' repeated discovery misconduct); *United States v. Bayley*, No. 3:20-CV-05867, 2022 WL 4320939, at *1 (W.D. Wash. Sept. 19, 2022), *aff'd*, No. 24-2901, 2025 WL 1905114 (9th Cir. July 10, 2025) (entering default against Defendants because they failed to participate in good-faith discovery).

Nevertheless, Valve respectfully requests the Court grants Valve's motions for sanctions (Dkts. 146 & 187) and inform the jury that (1) facts be deemed established as set forth in Valve's motions, and (2) the jury must consider the following findings:[4]

1. Defendants failed to cooperate in discovery during this litigation, a fact from which the jury may infer that Defendants concealed information that would have helped Valve prove that Defendants engaged in bad faith assertions of infringement under the Washington Patent Troll Prevention Act.

2. For example, you may assume Defendants accused other alleged infringers of patent infringement even though those alleged infringers had already entered into license agreements with one or more of the Rothschild Defendants or their related companies.

The sanctions Valve requests are the least severe punishment the Court can impose on Defendants.

---

[4] This differs from Valve's opening motion (Dkt. 187) because Defendants' late production revealed the additional misconduct described herein.

VALVE REPLY ISO MOTION FOR SANCTIONS (DKT. 187)
CASE NO. 2:23-CV-1016

- 6 -

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

DATED: January 27, 2026

Respectfully submitted,

KILPATRICK TOWNSEND & STOCKTON LLP

By: /s/ *Dario A. Machleidt*
Dario A. Machleidt (State Bar No. 41860)
Kathleen R. Geyer (State Bar No. 55493)
Christopher P. Damitio (State Bar No. 58633)
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
Telephone: (206) 467-9600
dmachleidt@kilpatricktownsend.com
kgeyer@kilpatricktownsend.com
cdamitio@kilpatricktownsend.com

David A. Reed (*pro hac vice*)
100 Peachtree Street NE, Suite 2800
Atlanta, GA 30309
Telephone: (404) 745-2548
dreed@ktslaw.com

Marianthi Karas (*pro hac vice*)
1801 Century Park East, Ste. 2300
Los Angeles, CA 90067 USA
Telephone (310) 777 3732
mkaras@ktslaw.com

Attorneys for Plaintiff
VALVE CORPORATION

I certify that this memorandum contains 2,100 words, in compliance with the Local Civil Rules.

VALVE REPLY ISO MOTION FOR SANCTIONS
(DKT. 187)
CASE NO. 2:23-CV-1016

- 7 -

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

## CERTIFICATE OF SERVICE

I hereby certify that on January 27, 2026, I served the within via the Court's CM/ECF system to all counsel who are registered participants identified on the Mailing Information for C.A. No. 2:23-cv-1016.

　　　　　　　　　　　　　　　　　　　　　　　　　　*/s/ Dario A. Machleidt*
　　　　　　　　　　　　　　　　　　　　　　　　　　Dario A. Machleidt

VALVE REPLY ISO MOTION FOR SANCTIONS (DKT. 187)
CASE NO. 2:23-CV-1016

- 8 -

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600