UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VALVE CORPORATION,<br><br>        Plaintiff,<br><br>    v.<br><br>ROTHSCHILD ET AL,<br><br>        Defendants. | CASE NO. 2:23-cv-01016-JNW<br><br>ORDER GRANTING IN PART DEFENDANTS' MOTION TO SEAL |

This matter comes before the Court on Defendants' motion to seal. Dkt. No. 137. Having reviewed the motion, Plaintiff Valve Corporation's response, Dkt. No. 154, the relevant record, and all supporting materials, the Court GRANTS the motion IN PART.

## 1.  BACKGROUND

Defendants filed four Daubert motions challenging the proposed testimony of Valve's experts Kimberly J. Schenk, Ramsey M. Al-Salam, Paul R. Gugliuzza, and Dr. Adam Sorini. Dkt. No. 136. In support of those motions, Defendants filed the experts' reports under seal. Dkt. No. 138. Pursuant to Local Civil Rule 5(g),

ORDER GRANTING IN PART DEFENDANTS' MOTION TO SEAL - 1

Defendants now move to maintain the Schenck, Al-Salam, and Gugliuzza reports under seal. Dkt. No. 137.

## 2. DISCUSSION

The expert reports at issue contain information designated as confidential by both Valve and Defendants. Defendants designated the Gugliuzza report as "confidential" and containing "proprietary information." *See* Dkt. No. 137 at 2. Valve has designated the Schenk and Al-Salam reports as confidential because they contain information about Valve's finances. *See* Dkt. No. 154 at 5. The Court first reviews the relevant legal standard before assessing whether the Parties have met their burden to allow the expert reports to remain under seal.

### 2.1 Legal standard.

The party seeking to keep material filed under seal must meet either the "good cause" or "compelling interest" standard. *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016). The "compelling interest" test applies when the sealed materials are filed in connection with a motion that is "more than tangentially related to the merits of a case." *Id.* Meanwhile, the less rigorous "good cause" standard applies to sealed materials filed in support of motions "unrelated to the merits of a case." *Id.*

Valve argues that the "good cause" standard should apply to the materials filed under seal. *See, e.g.,* Dkt. No. 154 at 5 ("Good cause exists to maintain [the Schenk and Al-Salam reports] under seal."). Defendants' motion does not address the relevant standard. *See generally* Dkt. No. 137.

The Court finds that the compelling interest test applies, as the materials Defendants seek to seal are related to the claims, defenses, and damages at issue here, and so may only be sealed upon a showing that there are compelling reasons sufficient to outweigh the public's interest in disclosure. *See In re Midland Nat. Life Ins. Co. Annuity Sales Pracs. Litig.*, 686 F.3d 1115, 1120 (9th Cir. 2012) (holding that the compelling reasons standard applies to sealing *Daubert* motions which pertained to "central issues bearing on defendant's summary judgment motion.").

Under the "compelling interest" test, the Court must "conscientiously balance[] the competing interests of the public and the party who seeks to keep certain judicial records secret." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citation and quotation omitted). The Court may only seal records if its decision is based on "a compelling reason and [it] articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* (citation modified). "The burden is on the party requesting a protective order to demonstrate that (1) the material in question is a trade secret or other confidential information within the scope of Rule 26(c), and (2) disclosure would cause an identifiable, significant harm." *Foltz v. State Farm Mutual Auto. Ins. Co.*, 331 F.3d 1122, 1131 (9th Cir. 2003) (citation and quotation omitted). The Local Rules require the party seeking to keep materials under seal—in this case, both Parties—to show: (1) "the legitimate private or public interests that warrant the relief sought"; (2) "the injury that will result if the relief sought is not granted"; and (3) "why a less restrictive alternative to the relief sought is not sufficient." Local Civil Rule 5(g)(3)(B).

**2.2   Compelling interests support limited redactions to the Schenk and Al-Salam reports.**

Valve argues that limited portions of the Schenk and Al-Salam reports should be redacted on the grounds that they "contain financial compensation information for one of Valve's employees, the amount Valve paid for the 2016 Global Settlement and Licensing Agreement ("GSLA") with Defendants, and information about Valve's legal counsel's negotiated billing rates and its internal staffing and strategy decisions." Dkt. No. 154 at 2. In support of this argument, Valve provides the Declaration of Christopher Schenck, in-house counsel at Valve, who states that release of Valve's financial information "would result in significant competitive and economic harm to Valve." Dkt. No. 155. Indeed, "[c]ourts have held that information about compensation structures and incentive programs that are not publicly available may be filed under seal because the 'likelihood of an improper use by competitors' provides a compelling reason to do so." *Houserman v. Comtech TeleCommunications Corp.*, No. 2:19-CV-00644-RAJ, 2021 WL 54766, at *3 (W.D. Wash. Jan. 6, 2021) (collecting cases). And Dario Machleidt, Valve's retained outside counsel, states in his declaration that information regarding his firm's "time entry descriptions and confidential litigation decisions," would place his firm at a "competitive disadvantage." Dkt. No. 156. This, too, is an "accepted . . . line of reasoning as a 'compelling' justification for sealing." *Glob. Equip. Co., Inc. v. Glob. Storage Equip. Mfr. Ltd.*, No. C25-1269-KKE, 2025 WL 3158080, at *7 (W.D. Wash. Nov. 12, 2025) (collecting cases).

The proposed redactions are narrow, and Valve and its counsel have identified real harms that would result from public disclosure. The Court finds this showing sufficient to establish compelling reasons for the limited redactions proposed by Valve.

### 2.3    Defendants do not meet their burden to show why the Gugliuzza report should remain under seal.

Defendants designated the Gugliuzza report as confidential due to it "containing proprietary information of Defendants." Dkt. No. 137 at 2. As the designating party, Defendants were required to satisfy Local Civil Rule 5(g)(3)(B). But Defendants failed to argue or otherwise demonstrate via affidavit or sworn declaration what legitimate interests they had in maintaining the designated information under seal, how unsealing this information would result in injury, or why sealing the exhibits in their entirety, rather than less-restrictive redactions, was necessary to prevent that injury. *See* LCR 5(g)(3)(B). Absent such a showing, the Court will not permit the report to remain under seal. *See Mahone v. Amazon.com, Inc.*, No. C22-594 MJP, 2024 WL 278934, at *1 (W.D. Wash. Jan. 25, 2024) (citing LCR 5(g)(3)(B) in denying plaintiff's motion to seal based on the designator defendants' failure to file a response). The Court thus DENIES the motion as to the Gugliuzza Report.

## 3.  CONCLUSION

Accordingly, the Court ORDERS the following:

1.  Defendants' motion to seal is GRANTED IN PART. Dkt. No. 137.

2.  The Clerk is ORDERED to UNSEAL the expert report of Gugliuzza, Dkt. No. 138, while maintaining under seal the unredacted Al-Salam report, Dkt. No. 138-1, and Schenk report, Dkt. No. 138-2.

3.  Valve is ORDERED to file the Al-Salam and Schenk reports with redactions reflecting those proposed by Valve at Dkt. No. 157.

Dated this 28th day of January, 2026.

Jamal N. Whitehead
United States District Judge

ORDER GRANTING IN PART DEFENDANTS' MOTION TO SEAL - 6