UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VALVE CORPORATION, | CASE NO. 2:23-cv-01016-JNW |
| Plaintiff, | ORDER REGARDING SCOPE OF PATENT INVALIDITY CLAIM AT TRIAL |
| v. | |
| ROTHSCHILD ET AL, | |
| Defendants. | |

The Court raises this matter on the Parties' Joint Proposed Pretrial Order ("PTO"), Dkt. No. 190, and related pre-trial filings. Trial is scheduled to begin on February 10, 2026. Among Valve's claims is Count I, seeking a declaratory judgment that U.S. Patent No. 8,856,221 ("'221 Patent") is invalid. Dkt. No. 38 at 11–12. Specifically, Valve alleges that "[t]he '221 patent is invalid for failure to meet one or more of the conditions of patentability under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112." *Id.*

Only a small portion of Valve's invalidity argument will be tried to the jury. As reflected in the PTO and the Parties' pretrial filings, the jury will hear evidence

ORDER REGARDING SCOPE OF PATENT INVALIDITY CLAIM AT TRIAL - 1

and argument about whether Claim 7 of the '221 Patent—and only Claim 7—is invalid as anticipated under 35 U.S.C. § 102 or obvious under § 103. *See, e.g.*, PTO at 27 (identifying as an issue of fact "[w]hether [Valve] has proven that claims of the '221 patent are invalid under 35 U.S.C. §§ 102 and 103"); Dkt. No. 202 at 56–57 (proposed jury instructions addressing only "whether claim 7 of the '221 patent is invalid"). Counsel for Valve confirmed this scope at the pre-trial conference.

The Parties' pretrial filings, however, create ambiguity. Both Valve's and Defendants' proposed verdict forms ask the jury to render a verdict on the invalidity of not only Claim 7, but Claims 1–6 and 8–13 as well. *See* Dkt. No. 202 at 75 (Valve's proposed verdict form), 79 (Defendants' proposed verdict form). And the PTO states that Valve intends to prove "whether Plaintiff has proven that *claims*"—plural—"of the '221 Patent are invalid. . . ." PTO at 27. This order attempts to address and resolve that ambiguity.

*First*, the scope of the trial as to Valve's Count I is limited to Claim 7 of the '221 Patent and whether it is invalid as anticipated or obvious due to the existence of prior art. The Parties may not introduce evidence or argument regarding the validity of any other claim present in the '221 patent.

*Second,* a finding that Claim 7 is invalid, without more, would not support a declaration that the '221 Patent as a whole is invalid. Under 35 U.S.C. § 282, "[e]ach claim of a patent . . . shall be presumed valid independently of the validity of other claims." When determining validity, each claim must be separately considered, and a court errs by invalidating claims it has not individually analyzed. *See Rosco, Inc. v. Mirror Lite Co.*, 304 F.3d 1373, 1379–80 (Fed. Cir. 2002). At this

juncture, Valve's invalidity contentions and expert analysis address Claim 7; no other claim has been the subject of claim construction or invalidity briefing. And Defendants have not conceded that any other claim stands or falls with Claim 7. *Cf. id.* at 1380 (reversing where district court invalidated multiple claims based on analysis of only one, absent concession that claims rose or fell together). To the extent Valve seeks broader declaratory relief as to the remaining claims, that relief is not before the jury and will require further proceedings to be addressed in post-trial briefing consistent with the Parties' representations in the PTO. *See, e.g.,* PTO at 29, 38 (the Parties agree that certain issues "should be resolved after the jury trial and pursuant to Rule 52").

*Third*, while the jury may decide that factual question of whether Claim 7 is invalid due to anticipation, *see Sanofi-Synthelabo v. Apotex, Inc.*, 550 F.3d 1075, 1082 (Fed. Cir. 2008) (anticipation is a question of fact), it may not render a final verdict on the issue of obviousness, *see KSR Int'l Co. v. Teleflex Inc.*, 550 U.S. 398, 427 (2007). The Parties appear to be aware of this distinction, as their proposed obviousness instructions, *see* Dkt. No. 202 at 60–61, rely on the U.S. District Court for the Northern District of California's Model Patent Jury Instruction 4.3b, which is to be used "to allow the jury to render an advisory verdict on the ultimate question of obviousness." N.D. Cal. Model Patent Jury Instructions at 37 (Oct. 2019) (https://www.cand.uscourts.gov/wp/content/uploads/2019/12/NDCAL_Model_Pat_Jury_Inst_8-2017_updated_10-2019.pdf). Thus, the jury will be asked to make findings on the factual underpinnings of obviousness, and to render and advisory verdict on the ultimate question. The Court will make the final legal determination. That the

obviousness verdict is advisory does not relieve Valve of its burden to prove invalidity by evidence sufficient to overcome the presumption that the '221 Patent is valid. The applicable standard of proof will be addressed in the Court's final jury instructions.

*Fourth*, the Parties do not dispute the construction of any term, phrase, or clause in Claim 7, *see* Dkt. No. 74 at 2. No *Markman* hearing is necessary where the parties have stipulated to claim construction and no dispute exists for the Court to resolve. *See O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co.*, 521 F.3d 1351, 1360 (Fed. Cir. 2008). The Court ADOPTS the Parties' stipulated construction of the term "media data includes time data that indicates a length of time to store the requested media content" as contained in Claim 7 of the '221 Patent. *See* Dkt. No. 74. Should any post-trial motions require the construction of disputed claims, resolution of those motions may be contingent on a full *Markman* briefing and hearing schedule.

Before trial begins, the Court will provide the Parties an opportunity to be heard on the record regarding the issues raised in this Order. The Court also ORDERS the Parties to supplement their proposed jury instructions and verdict forms to:

1. Remove all references to Claims 1–6 and 8–13 of the '221 Patent.
2. Delineate the jury's role with respect to Valve's claims about the invalidity of Claim 7 of the '221 Patent due to anticipation (binding verdict) and obviousness (advisory verdict).

//

//

Dated this 9th day of February, 2026.

Jamal N. Whitehead
United States District Judge