**HON. JAMAL N. WHITEHEAD**

# UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF WASHINGTON

## AT SEATTLE

| | |
|---|---|
| VALVE CORPORATION, | Case No. 2:23-cv-1016 |
| Plaintiff, | |
| v. | [~~JOINT PROPOSED~~] PRETRIAL ORDER |
| LEIGH ROTHSCHILD, ROTHSCHILD BROADCAST DISTRIBUTION SYSTEMS, LLC, DISPLAY TECHNOLOGIES, LLC, PATENT ASSET MANAGEMENT, LLC, MEYLER LEGAL, PLLC, AND SAMUEL MEYLER, | |
| | Complaint Filed:     07/07/2023 |
| Defendants. | |

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA  98101
(206) 467-9600

1   Pursuant to LCR 16 and the Court's Rules, Plaintiff Valve Corporation and Defendants

2   submit this Joint Proposed Pretrial Order.

3   **I.     JURISDICTION**

4   Valve maintains that this action arises under the Declaratory Judgment Act, 28 U.S.C.

5   §§ 2201-2202, and the Patent Laws of the United States, 35 U.S.C. §§ 1 *et seq.* The parties agree

6   that this action also arises under the Patent Troll Prevention Act enacted by the State of

7   Washington at RCW 19.350 prohibiting bad-faith assertion of patent infringement, and RCW

8   19.86.020, the Washington State Consumer Protection Act.

9   Valve also maintains that this Court already found that it has subject matter jurisdiction

10  over the claims alleged in this action. Dkt. 56. Specifically, this Court has subject matter

11  jurisdiction over Valve's claims at least under 28 U.S.C. §§ 1331, 1338, 2201, and 2202, because

12  this Court has exclusive jurisdiction over declaratory judgment claims and claims arising under the

13  Patent Laws pursuant to these statutes. This Court has supplemental jurisdiction over Valve's state

14  law claims under 28 U.S.C. § 1367, as Valve's state law claims arise out of the same case or

15  controversy as its claims for which this Court has original jurisdiction.

16  In Defendants' summary of claims and defenses, they maintain that there is no subject

17  matter jurisdiction over Valve's declaratory judgment claims. Therefore, Valve provides the

18  following position:

19  Federal jurisdiction lies because this case (including Defendants' counterclaim) arises

20  under the Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202, and/or the Patent Laws of the

21  United States, 35 U.S.C. §§ 1 *et seq.* there is no dispute that there is exclusive federal jurisdiction

22  over patent claims. Since Valve is the prevailing party on Defendants' infringement claims after

23  Defendants dismissed those claims with prejudice, the Court maintains supplemental federal

24  jurisdiction over Valve's state law claim. *See Trs. of Constr. Indus. & Laborers Health and*

25  *Welfare Tr. v. Desert Valley Landscape & Maintenance, Inc.*, 333 F.3d 923, 926 (9th Cir. 2003)

26  (holding that district court had abused its discretion by declining supplemental jurisdiction over

27  state law claims where plaintiffs won default judgment over federal claims).

28

[JOINT PROPOSED] PRETRIAL ORDER
CASE NO. 2:23-CV-1016                    - 1 -

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

As to subject matter jurisdiction, despite promising to do so, Defendants have never moved to dismiss Valve's claims for lack of jurisdiction under 28 U.S.C. § 2201. *See* Dkt. 128; 149. Valve has already explained why it has an ongoing reasonable apprehension of suit from Defendants on the '221 patent, including because Defendants already asserted the '221 patent against Valve when they had no legal right to do so in the June 2023 Letter and in this lawsuit, and because Defendants also sued Valve in this case for alleged infringement of the '195 patent that they previously dismissed against Valve with prejudice (in the lawsuit that led to the Global Settlement & License Agreement). Dkt. 134 at 5–7; *see also* Dkt. 56 at 7–12 (denying Defendants' first motion to dismiss Valve's declaratory judgment claims). Moreover, Federal Circuit jurisprudence confirms that this Court maintains jurisdiction to hear Valve's declaratory judgment claims even after the dismissal of Defendants' infringement claim. *See Liquid Dynamics Corp. v. Vaughan Co.*, 355 F.3d 1361, 1371 (Fed. Cir. 2004).

The Court should decline Defendants' late and improper invitation to dismiss Valve's declaratory judgment claims. As noted above, Defendants have not brought a motion to dismiss Valve's declaratory judgment claims, despite repeatedly promising to do so. This has forced Valve to incur the time and expense of preparing these claims for trial. Coupled with Defendants' bad-faith actions in asserting and failing to prosecute their patent infringement counterclaim (Dkt. 134 at 7), after repeatedly admitting Valve has a license and covenant not to sue on the patent at issue, Defendants' actions reflect bad faith and vexatious litigation tactics, such that dismissal would be inappropriate. *Cf., e.g.*, *Manuel Shipyard Holdings v. T.N.G. Int'l, Inc.*, No. C 01-00883 WHA, 2001 WL 1382050, at *3 (N.D. Cal. Nov. 5, 2001).

Further, the issue of the '221 patent's validity will still be litigated at trial even without Valve's declaratory judgment counterclaim, so there are no efficiencies gained from Defendants' proposal. Valve intends to argue to the jury that Defendants were at least willfully ignorant of the invalidity of the '221 patent. *See, e.g.*, *Rothschild Connected Devices Innovations, LLC v. Guardian Prot. Servs., Inc.*, 858 F.3d 1383, 1388 (Fed. Cir. 2017) ("The District Court clearly erred by failing to consider Rothschild's willful ignorance of the prior art.").

[JOINT PROPOSED] PRETRIAL ORDER
CASE NO. 2:23-CV-1016                    - 2 -

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA  98101
(206) 467-9600

Valve will present evidence that Defendants were notified of the invalidity of the '221 patent by numerous other targets (i.e., alleged infringers) in letters produced by Defendants. Valve will also present evidence that prior art disclosed to Defendants in those letters invalidates the '221 patent's claims, and that Defendants stayed willfully (or intentionally) ignorant by avoiding ever having the validity of the patent tested on the merits. *See, e.g.*, *SFA Sys., LLC v. Newegg Inc.*, 793 F.3d 1344, 1350 (Fed. Cir. 2015); *see also* Dkt. 175 at 4; *mCom IP LLC v. Cisco Sys. Inc.*, No. 6:22-cv-00261, Dkt. 78 (W.D. Tex.); *EscapeX IP, LLC v. Google LLC*, No. 2024-1201 (Fed. Cir. Nov. 25, 2025).

Personal jurisdiction is not contested for purposes of this action.

## II.    CLAIMS AND DEFENSES[1]

### A.    Plaintiff's Statement of Claims

The following definitions and abbreviations apply to Valve's portions of this Joint Proposed Pretrial Order:

| Abbreviation | Definition |
|---|---|
| Valve or Plaintiff | Valve Corporation |
| Rothschild | Leigh Rothschild |
| PAM | Patent Asset Management, LLC |
| RBDS | Rothschild Broadcast Distribution Systems, LLC |
| DT or Display Technologies | Display Technologies, LLC |
| Meyler | Samuel Meyler and Meyler Legal PLLC |
| Defendants | Collectively: Rothschild, PAM, RBDS, DT, and Meyler |
| Parties | Collectively: Plaintiff and Defendants |
| GSLA *or* Agreement | Global Settlement and License Agreement |
| '221 patent | U.S. Patent No. 8,856,221 |
| '723 patent | U.S. Patent No. 9,300,723 |
| '195 patent | U.S. Patent No. 8,671,195 |
| Washington Patent Troll Act *or* WPTPA | Washington State Patent Troll Prevention Act, RCW 19.350 |
| Washington Consumer Protection Act *or* WCPA | Washington State Consumer Protection Act, RCW 19.86.020 |
| Display Technologies 2015 Lawsuit | The lawsuit DT filed against Valve captioned *Display Technologies, LLC v. Valve Corporation*, No. 2:15-cv-999 (E.D. Tex.) |
| Display Technologies 2022 Lawsuit | The lawsuit DT filed against Valve captioned *Display Technologies, LLC v. Valve Corporation*, No. 2-22-cv-01365 (W.D. Wash.) |
| June 2023 Letter | June 21, 2023 letter that Meyler sent to Valve on behalf of RBDS and other Rothschild-controlled entities |
| Symbology | Symbology Innovations, LLC |

---

[1] This section reflects the parties' respective positions.

[JOINT PROPOSED] PRETRIAL ORDER
CASE NO. 2:23-CV-1016

- 3 -

| SPIS | Social Positioning Input Systems, LLC |
|------|----------------------------------------|
| QTI | Quantum Technology Innovations, LLC |
| The 2023 Texas Lawsuits | Collectively: *Symbology Innovations, LLC v. Valve Corporation et al.*, No. 2:23-cv-00419 (E.D. Tex.); *Social Positioning Input Systems, LLC v. Valve Corporation et al.*, No. 2:23-cv-0422 (E.D. Tex.); *Quantum Technology Innovations, LLC v. Valve Corporation et al.*, No. 2:23-cv-00425 (E.D. Tex.) |
| Practicing Companies | Companies engaged in the production, sale, or provision of goods and services. |
| Non-Practicing Entities *or* NPEs | Companies that do not manufacture or sell products based on patents they own. |

Defendants have engaged in a pattern of bad-faith assertions of patent infringement that culminated in their June 2023 threat to sue Valve for infringing the already licensed '221 patent. Defendants' actions give rise to Valve's claims: violation of the Washington Anti-Troll and Consumer Protection Acts; breach and anticipatory breach of the GSLA; and declaratory judgments of invalidity and unenforceability of the '221 patent.

From the jury, Valve requests: a finding that Defendants violated the Washington Anti-Troll Act and actual damages for that violation; restitution or actual damages—and at a minimum, nominal damages—for admitted breach and anticipatory breach of contract; and a finding that the claims of the '221 patent are invalid.[2]

### 1.    Valve's Statement of background relevant to each of Valve's claims.

Rothschild controls Defendants PAM, DT, and RBDS. He transfers to DT and RBDS patents that name him as their inventor and, beyond those patents, he intentionally keeps DT and RBDS almost entirely assetless. Rothschild uses PAM to manage the actions (including litigations) and finances of DT, RBDS, and dozens of other patent-holding/assertion companies he owns and controls.

The sole purpose of PAM, DT, and RBDS is to assert patent infringement claims against Practicing Companies. Defendants' business model consists of accusing Practicing Companies of infringement with the goal of extracting a quick settlement for an amount of money that is far less than the cost required to litigate. Defendants have no intention of proving the merits of their

---

[2] Valve seeks additional relief from the Court (as opposed to the jury), but pursuant to LCR 16.1(h)(2) only includes here the "claims for relief plaintiff intends to pursue at trial."

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA  98101
(206) 467-9600

infringement claims in court. Instead, they abuse the judicial system to obtain nuisance-value settlements without any intent ever to reach the summary judgment or trial stage of a case.

Rothschild intentionally manages a network of undercapitalized companies (including DT and RBDS) for issuing threats of patent infringement litigation while attempting to shield himself from personal liability from laws like the WPTPA. Further, DT and RBDS are empty shells used to shield Rothschild from personal liability should a court find these companies liable for an accused infringer's attorney's fees. Ultimately, Rothschild is the alter ego of PAM, DT, and RBDS, and PAM is the alter ego of DT and RBDS.

DT and RBDS have each filed approximately 100 infringement lawsuits. Rothschild himself is personally responsible for the filing of over 1,000 infringement lawsuits through his network of undercapitalized companies. No Rothschild, DT, or RBDS lawsuit has ever gone to trial.

Valve first dealt with Rothschild and DT a decade ago. On June 8, 2015, Display Technologies sued Valve, accusing it of infringing the '195 patent. The parties settled and entered into the GSLA on January 11, 2016.

Rothschild signed the GSLA in his own name, on behalf of DT, and on behalf of all entities listed as "Assignee" in the Agreement. The GSLA grants Valve a perpetual, irrevocable, royalty-free, fully paid-up, worldwide license to numerous patents owned by Rothschild and his companies, including those listed in Exhibit C and any related patents, and provides that Rothschild and his companies cannot sue Valve on those patents. It also provides that Valve is not required to pay any royalties or make additional payments to maintain the GSLA in force. Valve paid for the rights granted under the GSLA.

Between November 2021 and April 2022, Daniel Falcucci, PAM's Director of Business Development, sent at least eight messages to various Valve employees through various channels. In these messages, Falcucci acknowledged that Rothschild had entered the GSLA. Yet Falcucci demanded that Valve negotiate a new licensing agreement for Rothschild's patents, including nearly all of the patents that Valve already licensed through the GSLA, and including medical device patents unrelated in any way to Valve's business. None of Falcucci's messages provided

1  any analysis of which Rothschild patents Valve was supposedly practicing or which of Valve's

2  products were supposedly practicing those patents. Valve did not respond to these unsolicited

3  messages.

4      About six months after Falcucci's final, unanswered message, DT, represented by

5  Defendant Meyler, sued Valve in the Western District of Washington in September 2022. DT

6  accused Valve of infringing the '723 patent. That patent, however, is a continuation of the '195

7  patent (the patent DT asserted in the Display Technologies 2015 Lawsuit and that is explicitly

8  licensed to Valve under the GSLA), which makes it a licensed patent under the GSLA.

9      Valve sent the GSLA to Meyler on two separate occasions—once in October 2022 (leading

10  to dismissal *without prejudice* of the Display Technologies 2022 Lawsuit), and again in

11  December 2022. In the December communication, Valve explained the history of the 2015

12  litigation and informed Meyler that Valve held license to "all of Rothschild's patents that could

13  conceivably be construed to cover any portion of Valve's business." In response, Meyler

14  acknowledged that he reviewed the GSLA.

15      The Display Technologies 2022 Lawsuit was dismissed *without prejudice* and, to date, no

16  Defendant has withdrawn the demands Falcucci made on behalf of Rothschild and PAM that

17  Valve pay for a license to multiple patents to which it is already licensed under the GSLA.

18      Despite Valve sending the GSLA to Meyler *twice* in 2022, on June 21, 2023, Meyler sent

19  another letter to Valve (this time on behalf of RBDS and two other Rothschild assertion

20  companies), threatening to sue Valve for infringing the '221 patent unless Valve negotiated a

21  resolution of RBDS's claims. The letter attached an infringement claim chart showing how,

22  according to Rothschild, RBDS, and Meyler, Valve's Steam Cloud allegedly infringed claim 7 of

23  the '221 patent. An overseas third party—Pitch Scientific—prepared the claim chart, which

24  contained several easily identifiable factual errors (that Defendants overlooked or ignored).

25      The '221 patent is expressly included in the GSLA, which means Valve already paid for a

26  license to that patent.

27      On July 7, 2023, Valve filed the present lawsuit. In an act of retaliation and to gain

28  leverage over Valve in this lawsuit, in September 2023 Rothschild caused three of his patent-

assertion entities (not named as parties in the present lawsuit) to file three lawsuits against Valve and Gearbox (a third party that distributes games on Steam) for alleged infringement of a total of six patents. Specifically, Rothschild caused Symbology, SPIS, and QTI to file the 2023 Texas Lawsuits in the U.S. District Court for the Eastern District of Texas. Throughout the duration of the 2023 Texas Lawsuits, Valve repeatedly told the Rothschild plaintiffs and their counsel that they had no legal or factual bases to sue Valve in Texas. Valve moved to dismiss each case for that reason, and rather than acknowledge Valve's arguments, the Rothschild plaintiffs steadfastly contended that venue was proper in Texas, even in the face of evidentiary proof to the contrary.

Similar to Defendants' tactics to coerce Practicing Companies to settle by offering settlement amounts far below the cost of litigation, Rothschild weaponized the cost of patent litigation in East Texas to pressure Valve into settling this current case.

Valve ultimately prevailed, with the Magistrate Judge recommending that the 2023 Texas Lawsuits be dismissed. Afterwards, Valve sought sanctions against several of the Rothschild plaintiffs and their counsel. The district court granted Valve's motion, finding that Symbology, QTI, and their counsel engaged in sanctionable conduct.

In this lawsuit, RBDS counterclaimed that Valve's Steam Cloud offering infringed claim 7 of the '221 patent—even though Steam Cloud was released years before the priority date of that patent and Defendants acknowledged Valve had a license and covenant not to sue on that patent. RBDS defended its infringement counterclaim when Valve moved to dismiss. RBDS never reviewed—and never even *requested* to review—the Steam Cloud source code Valve made available early in the case. RBDS never disclosed a technical expert to support its infringement contentions. On the day opening expert reports were due, having done virtually nothing to prosecute its affirmative infringement case, RBDS told Valve it intended to dismiss that counterclaim.

[JOINT PROPOSED] PRETRIAL ORDER
CASE NO. 2:23-CV-1016                    - 7 -

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA  98101
(206) 467-9600

1

2.    **Valve's claims against Defendants.**

2

(a)    **Violation of the Washington Anti-Troll and Consumer Protection Acts.**

3

4

Defendants violated the Washington Anti-Troll and Consumer Protection Acts by making

5

bad-faith assertions of patent infringement against Valve. *See generally supra*, § II.A.1. Specific

6

evidence showing Defendants' bad faith includes, for example:

7

1.    Accusing Valve in the pre-suit June 2023 Letter of infringing the licensed

'221 patent.

8

9

2.    Defendants' pattern of accusing Valve of infringing licensed patents (including in

the Display Technologies 2022 Lawsuit).

10

11

3.    Repeatedly demanding additional money for already licensed patents beyond what

Valve paid in the GSLA through the never-withdrawn Falcucci/PAM demands.

12

13

4.    Repeatedly ignoring the GSLA that Rothschild and DT are parties to, even when

14

Valve sent it *twice* and Meyler (and SPIS, another company entirely owned and controlled by

Rothschild) acknowledged reviewing it.

15

16

5.    Retaliating against Valve's decision to bring this lawsuit by filing three baseless

17

patent-infringement actions in a knowingly improper venue (and relatedly, hiring lawyers who are

comfortable facilitating and litigating this type of bad-faith abuse of the judicial system).

18

19

6.    Developing and weaponizing a business model against Valve and numerous other

20

Practicing Companies that relies on the high cost of defense to extract nuisance-value settlements

21

divorced from the merits of Rothschild's patents or his assertion entities' infringement allegations.

22

Rothschild's entire business model relies on the large-scale abuse of the judicial system by

23

repeatedly threatening and often filing infringement actions through his network of

24

undercapitalized shell companies, with the single goal of forcing settlements without ever testing

25

or intending to test the merits of his or his companies' claims. Indeed, Rothschild plaintiffs have

voluntarily dismissed lawsuits when it became clear a target was willing to litigate on the merits.

26

This tactic—settling for a fraction of the cost of a defense together with voluntarily dismissals of

27

those cases unlikely to settle easily—has effectively ensured that Rothschild's baseless

28

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA  98101
(206) 467-9600

infringement allegations remain perpetually unexposed. Defendants' violation of the WPTPA actually damaged Valve, including by diverting time, employees, and resources away from Valve's business.

### (b)        Breach and anticipatory breach of the GSLA.

Rothschild and DT breached the GSLA when they accused Valve of infringing the licensed '723 patent in the Display Technologies 2022 Lawsuit. DT admits that filing the Display Technologies 2022 Lawsuit breached the GSLA. Rothschild and RBDS anticipatorily breached the GSLA in 2023 when they demanded more money from Valve based on their threat to file another infringement suit, this time on the '221 patent. Both the breach and anticipatory breach actually damaged Valve, including by diverting time, employees, and resources away from Valve's business, such that Valve did not get the benefits of the promises in the GSLA it paid for and unjustly enriching Rothschild, DT, and RBDS.

### (c)        Declaratory judgment that the '221 patent is invalid.

Rothschild's and RBDS's assertion activities against Valve place the validity of the '221 patent at issue in this lawsuit. The claims of that patent are invalid based on: 35 U.S.C. §§ 101, 102 & 103 under various prior art references (including Hardin, Monroe, Remijn, Hayashi, Ahuja, and Benya),[3] and 35 U.S.C. § 112.

Defendants were on notice of the invalidity of the '221 patent before Meyler sent the June 2023 Letter accusing Valve of infringing that patent. Numerous other alleged infringers have told Defendants and their counsel about the reasons why the '221 patent is invalid, including for the same reasons Valve contends in this lawsuit.

Pursuant to Local Patent Rule 121, Valve disclosed its invalidity contentions to Defendants on December 6, 2024. Valve's invalidity contentions included claim charts detailing the disclosures of the invalidating prior art. In response to Valve's interrogatories seeking disclosure

---

[3] The full titles of these references are: U.S. Patent Application Publication No. US 2008/0155059 to Hardin et al. ("Hardin"); U.S. Patent No. 7,684,673 to Monroe ("Monroe"); WIPO International Application Publication No. WO 2007/060016 to Remijn et al. ("Remijn"); U.S. Patent Application Publication No. US 2012/0204215 to Hayashi et al. ("Hayashi"); IEEE International Conference on Multimedia and Expo Proceedings article titled "Cache on Demand" by Ahuja et al., 2002 ("Ahuja"); U.S. Patent Application Publication No. US 2008/0155613 ("Benya").

[JOINT PROPOSED] PRETRIAL ORDER
CASE NO. 2:23-CV-1016                                    - 9 -

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA  98101
(206) 467-9600

of RBDS's rebuttal validity contentions, RBDS responded "that additional analyses and support for novelty and non-obviousness are the subject of expert analysis and testimony and will be provided in an expert report consistent with the Court's Scheduling Order." Defendants, however, never served such a report. Defendants' recent attempt to inject new validity theories a month before trial should be rejected, as explained in Valve's motion *in limine*. Dkt. 181 at 13-14 (MIL No. 7). Because Defendants did not provide rebuttal validity contentions during fact or expert discovery based on the promise of an expert report that never came, Defendants (and in particular, RBDS) have not—and cannot—contest the invalidity of the '221 patent.

> **(d)    Declaratory judgment that the '221 patent is unenforceable against Valve.**

Valve has a fully paid-up license to the '221 patent. Rothschild's and RBDS's assertion activities, however, require a declaration from the Court that the patent is unenforceable against Valve (regardless of what future entity Rothschild transfers the patent to, and regardless of the dismissal with prejudice of RBDS's counterclaim—indeed, RBDS has previously sued another licensee (Plex, Inc.) on the '221 patent despite having licensed *and dismissed with prejudice* an earlier lawsuit against that same target for alleged infringement of the '221 patent).

## B.    Defendants' Statement of Claims and Affirmative Defenses

Defendants, due to internal recordkeeping inefficiencies, change in personnel and unintentional error, sent a letter in June 2023 which included a notice of infringement on a patent that had previously been licensed to Valve.  The '221 patent was previously licensed to Valve as part of a Global settlement with Valve that included considerable additional IP then owned by a separate PAM subsidiary.  The transfer of ownership apparently resulted in a internal record keeping error and thus the previous license was overlooked by Defendants. The inclusion of the previously licensed '221 patent in the June 2023 letter was not intentional, but rather the result of a clerical oversight stemming from an internal file migration to SharePoint, combined with the unfortunate passing of primary counsel Jay Johnson on February 16, 2023, and other administrative confusion.

[JOINT PROPOSED] PRETRIAL ORDER
CASE NO. 2:23-CV-1016                                    - 10 -

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA  98101
(206) 467-9600

1   Defendants' actions do not give rise to a violation of the Washington Anti-Troll and/or

2   Consumer Protection Acts.

3   Any breach of the GSLA was timely cured under the terms of the GSLA.

4   There is no basis to issue any declaratory judgments of invalidity and/or unenforceability

5   of the '221 patent as those issues are already decided by the dismissal with prejudice of the

6   counterclaim asserting infringement of the '221 Patent.

7   Defendants will seek at trial a verdict from the jury, that Defendants' action do not rise to a

8   violation of the Washington Anti-Troll Act, that any technical violations caused no or minimal

9   damage to Valve, that any breach of the GSLA was timely cured under the terms of the GSLA and

10  that there was no anticipatory breach of the GSLA and if so, it was also timely cured.  The jury, if

11  allowed to reach the issue of invalidity, Defendants will seek a verdict that Valve has not met is

12  burden of overcoming the presumption of validity and has not met its clear and convincing burden

13  of a showing of invalidity.

14      **1.      Defendants' Statement of Background relevant to each of Valve's claims.**

15  Rothschild is the inventor of the '221 Patent which is presumed valid.  He has licensed the

16  '221 patent, and numerous other patents to Defendants in this action.

17  Leigh Rothschild is an accomplished inventor and technology entrepreneur with more than

18  130 issued U.S. patents, many of which relate to wireless communications, multimedia, and

19  mobile technologies. He has founded and managed numerous companies focused on patent

20  development and commercialization, including Patent Asset Management, which oversees

21  licensing and monetization efforts for a range of affiliated entities. Rothschild's innovations have

22  contributed to widely adopted consumer technologies, and he has a long history of engagement in

23  both private sector innovation and public technology advisory roles. He has consistently operated

24  legitimate businesses and has executed licensing agreements with numerous well-known and

25  respected companies across various industries.

26  Mr. Rothschild is the founder and CEO of Patent Asset Management, LLC, a leading

27  intellectual property holding company. Mr. Rothschild is one of the most prolific inventors in the

28

[JOINT PROPOSED] PRETRIAL ORDER
CASE NO. 2:23-CV-1016                                    - 11 -

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA  98101
(206) 467-9600

United States, and as sole inventor has more than 130-issued patents and hundreds of pending patents. His first patent for quadrophonic music was conceived when he was 17 years of age and granted shortly thereafter.

Mr. Rothschild has licensed and sold patents within his patent portfolio to many of the major Fortune-100 companies around the world, including Apple, Intellectual Ventures, General Motors, Home Depot, Bank of America, among others. His technologies are in use at companies ranging from most major automotive companies, eBay, to the US Department of Commerce, and Citrix, also among many others.

From October 1998 through February 2004, Mr. Rothschild was Chairman and founder of BarPoint.com, a NASDAQ publicly traded wireless information company that was the leader and early creator of connecting symbology such as barcodes to the internet. Mr. Rothschild is the holder and inventor of many patents in this area. Barpoint.com was sold in February of 2004. Prior to founding BarPoint, Mr. Rothschild was Chairman and Chief Executive Officer of IntraCorp Entertainment, Inc., a consumer software company with worldwide product distribution.

Mr. Rothschild is a former presidential appointee to the High-Resolution Board for the United States under former President George H. W. Bush. He has served governors on technology boards and served as a special advisor to then Florida Secretary of Commerce Jeb Bush. Mr. Rothschild also served on the IT Florida Technology Board as an appointee of former Governor Jeb Bush. Mr. Rothschild also chairs the Rothschild Family Foundation, which endows outstanding charities and institutions around the world. He also serves on various local and national boards.

Mr. Rothschild has an undergraduate and graduate degree from the University of Miami.

PAM and its subsidiary companies were established to develop, manage, and monetize intellectual property assets through legitimate licensing and enforcement efforts. The corporate structure allows for efficient management of distinct patent portfolios, often based on specific technologies or inventors. PAM works with inventors to protect their innovations and regularly engages in licensing discussions with operating companies. Many of its patents have been successfully licensed to industry leaders through negotiated agreements.

[JOINT PROPOSED] PRETRIAL ORDER
CASE NO. 2:23-CV-1016                    - 12 -

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA  98101
(206) 467-9600

1      On June 8, 2015, Display Technologies sued Valve, accusing it of infringing the '195

2   patent. The parties settled and entered into the GSLA on January 11, 2016.  The Meyler

3   Defendants had no involvement in that action and had no contact with the other Defendants prior

4   to 2022.

5      The GSLA granted Valve a perpetual, irrevocable, royalty-free, fully paid-up, worldwide

6   license to numerous patents owned by Rothschild and his companies, including those listed in

7   Exhibit C and any related patents, and provided that Rothschild and his companies cannot sue

8   Valve on those patents. It also provides (in clause        ) that Valve is prohibited from challenging

9   the validity of the licensed patents.   Valve's filing of the Declaratory Judgment Action is a breach

10  of the GSLA.

11     Between November 2021 and April 2022, Daniel Falcucci, PAM's Director of Business

12  Development, sent at least eight messages to various Valve employees through various channels.

13  In these messages, Falcucci acknowledged that Rothschild had entered the GSLA. Falcucci's

14  communications inquired if Valve was interested in discussing a new licensing agreement for

15  additional patents not previously licensed to Valve.  Mr. Falcucci mistakenly and unintentionally,

16  including some patents that Valve already licensed through the GSLA.  Valve did not respond.

17  Mr. Falcucci's outreach was made in the ordinary course of business, seeking to engage in a

18  constructive and professional dialogue regarding other intellectual property holdings, and was not

19  intended to renegotiate or extract additional consideration for patents already covered by the

20  GSLA

21     About six months after Falcucci's final, unanswered message, DT, represented by Mr.

22  Johnson as lead counsel and by Defendant Meyler, as local counsel, sued Valve in the Western

23  District of Washington in September 2022. DT accused Valve of infringing the '723 patent.  The

24  '723 Patent is a continuation of the '195 patent licensed to Valve under the GSLA.  Although not

25  listed in the GSLA, and thus overlooked, the '723 Patent, as a continuation of the '195 Patent was

26  already licensed to Valve under the GSLA.

27     When the issue of a prior license was raised by Valve, Defendants dismissed the lawsuit

28  and timely cured any breach or violation of the GSLA.

[JOINT PROPOSED] PRETRIAL ORDER
CASE NO. 2:23-CV-1016

- 13 -

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA  98101
(206) 467-9600

1       Jay Johnson, PAM's lead outside counsel, passed on February 16, 2023.  On June 21,

2   2023, Meyler, on behalf of his clients SPIS, QTI and Defendant RBDS, sent another letter to

3   Valve attorney under FRE 408, inquiring as to Valve's interest in licensing other patents,

4   including the '221 patent. The letter attached detailed infringement claim charts showing how

5   Valve's Steam Cloud infringed three patents, including claim 7 of the '221 patent.  Valve's

6   attorney, Mr. Schenck, responded on behalf of Valve and communications were opened.

7       Despite the ongoing communications, on July 7, 2023, Valve filed the present lawsuit to

8   apply improper pressure on Defendants.  Defendants responded by attempting to deescalate and

9   resolve the issues, through dismissal as had been accomplished previously.  Valve insisted on

10  proceeding forward and escalating far beyond any damage incurred in having its internal counsel

11  respond to demand letter.

12      Because Valve's fling of the Declaratory Judgement portion of this action was a violation

13  of the GSLA that voided Valve's license, RBDS counterclaimed that Valve's Steam Cloud

14  offering infringed claim 7 of the '221 patent, as set forth in the claim charts provided by

15  Defendants.

16              **2.      Defendants' Response to Valve's claims against Defendants.**

17                   **(a)      Violation of the Washington Anti-Troll and Consumer
                              Protection Acts.**

18      Defendants have not violated the Washington Anti-Troll and Consumer Protection Acts.

19      ***RCW 19.350.020*** *—Evidence of good faith—Exemptions.*

20  *(3) Nothing in the demand letter or patent assertion may be used to move for declaratory*

21  *judgment in underlying patent infringement litigation.*[4]

22      The notice letters were clearly sufficient to give rise to a DJ action and thus evidence good

23      faith.

24  *(4) A court may consider the following factors as evidence that a person has made an assertion of*

25  *patent infringement in good faith:*

26  *(a) If the demand does not contain the information set forth in subsection (2)(a) of this section, the*

27

28  _____

[4] Valve disputes that RCW 19.350.020(3) is relevant to the good faith factors.

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA  98101
(206) 467-9600

1    *person provides the information to the target within a reasonable period of time after such*

2    *information is requested by the target;*

3            Defendants have at all times provided all relevant information, including claim charts with

4            any licensing inquiries.

5    *(b) The person has:*

6    *(i) Engaged in reasonable analysis to establish a reasonable, good faith basis for believing the*

7    *target has infringed the patent; and*

8            Defendants performed extensive analysis, including the engagement of external experts in

9            the preparation of claim charts.

10   *(ii) Attempted to negotiate an appropriate remedy in a reasonable manner;*

11           Defendants' approach to resolution has at all times been appropriate and reasonable.

12   *(c) The person has:*

13   *(i) Demonstrated reasonable business practices in previous efforts to enforce the patent; or*

14   *(ii) Successfully enforced the patent, or a substantially similar patent, through litigation;*

15           Defendants have been reasonable in their licensing of the '221 Patent, successfully

16           enforcing through litigation, including the 2016 litigation against Valve.[5]

17   *(e) The person is:*

18   *(i) An inventor of the patent or an original assignee;*

19           Defendant Rothschild is the named inventor on the '221 Patent

20   *(f) Any other factor the court determines to be relevant.*

21   *(5) Unless done in bad faith, nothing in this section may be construed to deem it an unfair or*

22   *deceptive trade practice for any person who owns or has the right to license or enforce a patent*

23   *to:*

24

25   [5] During the LCR 16(k) conference, Valve informed Defendants that this sentence is factually
     inaccurate. The '221 patent was never successfully asserted against Valve in litigation, let alone any

26   litigation in 2016. The '221 patent was first asserted against Valve in litigation in this case. That
     assertion was not successful because Defendants dismissed that claim with prejudice, which makes

27   Vale the prevailing part. *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 889 (9th Cir. 2000)
     ("Our circuit has similarly held that a voluntary dismissal of a diversity action with prejudice is

28   'tantamount to a judgment on the merits' for purposes of attorneys' fees awards.").

[JOINT PROPOSED] PRETRIAL ORDER
CASE NO. 2:23-CV-1016                              - 15 -

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA  98101
(206) 467-9600

1    *(a) Advise others of that ownership or right of license or enforcement;*

2    *(b) Communicate to others that the patent is available for license or sale; or*

3    *(c) Seek compensation on account of a past or present infringement, or license to the patent, when*

4    *it is reasonable to believe that the person from whom compensation is sought may owe such*

5    *compensation or may need or want such a license to practice the patent.*

6    The majority of the "bad acts" alleged by Valve are specifically excluded from being

7    considered or construed under section(5) of the PTPA.[6]

8    Contrary to the assertions of Valve, Defendants have not repeatedly demanded additional

9    money for already licensed patents.  Defendants mistakenly included a patent, the '221 Patent, in a

10   subsequent communication due to an internal error were the previous license patent was not

11   properly noted.

12   Defendants did not ignore the terms of the GSLA.  Quite the opposite, immediately upon

13   receiving notice of Defendants' mistake, Defendants timely cured the breach by honoring and

14   applying the terms of the GSLA.

15   Defendants have neither developed nor weaponized any business model.  Defendants

16   properly obtain intellectual property from the United States Patent and trademark Office, through

17   proper processes and procedures and then properly assert that IP as is their right. Defendants also

18   notably manage and license a substantial portfolio of patents developed by Leigh Rothschild, a

19   prolific and well-established inventor, and have successfully entered into numerous legitimate

20   licensing agreements with reputable companies across various industries.

21                    **(b)    Breach and anticipatory breach of the GSLA.**

22   Defendants Rothschild and DT breach was timely cured under the terms of the GSLA and

23   thus cannot give rise to a cause of action and the claim for breach should be denied.

24   None of the Defendants anticipatorily breached the GSLA in 2023 when they initiated

25   communications which included the '221 patent.  The parties were in communications when Valve

26

27   _____

[6] Defendants have never raised this argument until the Pretrial Order. It is also incorrect because
RCW 19.350.020(5) excludes actions "done in bad faith." *See also* Dkt. 181 at 6–7 (Valve's MIL

28   No. 2).

[JOINT PROPOSED] PRETRIAL ORDER
CASE NO. 2:23-CV-1016                                    - 16 -

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA  98101
(206) 467-9600

prematurely filed the instant lawsuit, not Defendants.  The communications from Defendants were typical business communications that occur in the ordinary course of business.  Some communications are perfect, other are not. Valve's claim of damages by diverting time, employees, and resources away from Valve's business, is the cost of doing business which is sometimes distracting.

(c)      **Declaratory judgment that the '221 patent is invalid.**

The dismissal with prejudice of RBDS's counterclaim settles the issue of validity between the parties and as such, no declaratory relief is available.   If validity remains an issue, Valve's assertion above that the burden somehow shifts to a patent owner to prove validity simply because Valve has presented prior art and arguments, is incorrect.  Plaintiff remains entitled to a presumption of validity and the clear and convincing burden remains with Valve.

(d)      **Declaratory judgment that the '221 patent is unenforceable against Valve.**

The dismissal with prejudice of RBDS's counterclaim settles the issue of enforceability and as such, no declaratory relief is available.

**3.**      **Affirmative Defenses**

Defendants intend to pursue the following affirmative defenses.

      **(a)**      Failure to State a Claim

            (i)      Litigation Privilege

            (ii)      *Noerr-Pennington* doctrine[7]

      **(b)**      Failure to Mitigate

      **(c)**      Unclean Hands

      **(d)**      Equitable Doctrines

# III.      ADMITTED FACTS[8]

## A.      The Parties

1.      Valve Corporation is a software and videogame developer with its primary place of business at 10400 NE 4th St. Fl. 14, Bellevue, WA 98004.

---

[7] Valve maintains this defense was never asserted and, thus, it is abandoned and waived.
[8] Except for subsection F, this section contains admitted facts agreed upon by the parties.

1    2.    Valve is incorporated in the State of Washington.

2    3.    Leigh Rothschild resides at 1801 NE 123rd St. North, Miami, FL 33181.

3    4.    Leigh Rothschild has never personally been the plaintiff in a patent-infringement

4    lawsuit.

5    5.    Patent Asset Management LLC is a corporation organized and existing under the

6    laws of the state of Florida, with a registered physical address of 1 East Broward Boulevard, Suite

7    700, Fort Lauderdale, FL, 33301.

8    6.    Mr. Rothschild is the registered agent of Patent Asset Management LLC.

9    7.    Patent Asset Management LLC owns 100% of Rothschild Broadcast Distribution

10   Systems LLC and Display Technologies.

11   8.    A business purpose of Patent Asset Management LLC is to monetize patents.[9]

12   9.    Patent Asset Management LLC does not pay dividends.

13   10.   Patent Asset Management LLC does not have any managers, officers, or directors

14   other than Leigh Rothschild.

15   11.   Rothschild Broadcast Distribution Systems LLC is a corporation organized and

16   existing under the laws of the state of Texas with a registered physical address of 1 East Broward

17   Boulevard, Suite 700, Ft. Lauderdale, FL 33301.

18   12.   Rothschild Broadcast Distribution Systems LLC does not make, use, or sell any

19   products or services of its own.

20   13.   Rothschild Broadcast Distribution Systems LLC has never engaged in substantial

21   research, development, production, manufacturing, processing, or delivery of products or

22   materials.

23   14.   Rothschild Broadcast Distribution Systems LLC is not an institution of higher

24   education or a technology transfer organization affiliated with an institution of higher education.

25   15.   Rothschild Broadcast Distribution Systems LLC has filed at least 120 patent

26   infringement lawsuits involving U.S. Patent No. 8,856,221.

27

28   _____

[9] Valve's 1st set of RFAs to Rothschild, No. 12.

[JOINT PROPOSED] PRETRIAL ORDER
CASE NO. 2:23-CV-1016                                    - 18 -

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA  98101
(206) 467-9600

16.     Rothschild Broadcast Distribution Systems LLC has never served an expert report regarding the '221 patent in any of the at least 120 patent infringement lawsuits involving U.S. Patent No. 8,856,221.

17.     None of the at least 120 patent infringement lawsuits involving U.S. Patent No. 8,856,221 have reached trial.

18.     Rothschild Broadcast Distribution Systems LLC does not pay dividends.

19.     Rothschild Broadcast Distribution Systems LLC does not have any managers, officers, directors, or employees other than Leigh Rothschild.[10]

20.     The business purpose of Rothschild Broadcast Distribution Systems LLC is to monetize patents.[11]

21.     Display Technologies is a corporation organized and existing under the laws of the state of Texas with a registered physical address of 1 East Broward Boulevard, Suite 700, Ft. Lauderdale, FL 33301.

22.     Display Technologies has filed at least 80 patent infringement lawsuits involving U.S. Patent No. 9,300,723.

23.     Display Technologies has never served an expert report regarding U.S. Patent No. 9,300,723 in any of the at least 80 patent infringement lawsuits involving U.S. Patent No. 9,300,723.

24.     None of the at least 80 patent infringement lawsuits involving U.S. Patent No. 9,300,723 have reached trial.

25.     Display Technologies does not pay dividends.

26.     Display Technologies does not have any managers, officers, directors, or employees other than Leigh Rothschild.

27.     The business purpose of Display Technologies is to monetize patents.[12]

28.     Samuel Meyler is an attorney licensed in Washington State.[13]

---

[10] Valve's First Set of RFAs to RBDS, No. 20.
[11] Valve's First Set of RFAs to Rothschild, No. 11.
[12] Valve's First Set of RFAs to Leigh Rothschild, No. 10.
[13] Defendants' Second Amended Answer and Counterclaims (Dkt. 80), ¶ 45

[JOINT PROPOSED] PRETRIAL ORDER
CASE NO. 2:23-CV-1016                              - 19 -

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA  98101
(206) 467-9600

29.     Samuel Meyler is the sole practitioner of Meyler Legal, PLLC, having a registered place of business at 1700 Westlake Ave N Ste 200, Seattle, WA 98109-6212.

**B.     The GSLA**

30.     On June 8, 2015, Display Technologies, an entity controlled by Rothschild, sued Valve for alleged infringement of U.S. Patent No. 8,671,195.

31.     On January 11, 2016, Display Technologies and Valve entered into the 2016 Global Settlement and License Agreement. In that Agreement, Display Technologies granted Valve a "perpetual, irrevocable, royalty-free, fully paid-up, worldwide license" to all patents listed in Exhibit C of the settlement agreement, as well as "all continuations, divisionals, continuations-in-part, extensions, reissues, reexaminations, and any other patents or patent applications claiming priority to or through the patents identified in Exhibit C."

32.     Under the 2016 Global Settlement and License Agreement, Rothschild, Display Technologies, and other Rothschild entities that owned Licensed Patents covenanted not to sue Valve or its Affiliates for actual or alleged infringement of the Licensed Patents.

33.     Valve paid $130,000 to obtain the rights under the 2016 Global Settlement and License Agreement.

34.     None of the money paid by Valve was ever deposited in a bank account owned by Display Technologies.

35.     At least some of the money paid by Valve was deposited in a bank account owned by Rothschild.

36.     Rothschild signed the 2016 Global Settlement and License Agreement on behalf of himself, Display Technologies, and all entities listed as "Assignee" in Exhibit C to the Agreement.

37.     The 2016 Global Settlement and License Agreement grants Valve a perpetual, irrevocable, royalty-free, fully paid-up, worldwide license to, among others, U.S. Patent No. 8,671,195, U.S. Patent No. 9,300,723, and U.S. Patent No. 8,856,221.

38.     U.S. Patent No. 8,856,221 is listed in Exhibit C to the 2016 Global Settlement and License Agreement as one of the Licensed Patents.

[JOINT PROPOSED] PRETRIAL ORDER
CASE NO. 2:23-CV-1016                - 20 -

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA  98101
(206) 467-9600

39.    Steam Cloud is a Licensed Product as defined in the 2016 Global Settlement and License Agreement.[14]

40.    Valve was and is licensed to Exploit the '221 patent as defined in the 2016 Global Settlement and License Agreement.[15]

**C.    The Display Technologies 2022 Lawsuit**

41.    On or about September 27, 2022, Display Technologies filed suit against Valve in the U.S. District Court for the Western District of Washington for alleged infringement of U.S. Patent No. 9,300,723.

42.    Leigh Rothschild directed Display Technologies to file the 2022 Lawsuit against Valve, captioned *Display Technologies LLC v. Valve Corporation*, No. 2:22-cv-1365 (W.D. Wash.).

43.    Defendants Samuel Meyler and Meyler Legal, PLLC represented Display Technologies in its 2022 lawsuit against Valve.[16]

44.    U.S. Patent No. 9,300,723 is a continuation-in-part of U.S. Patent No. 8,671,195.

45.    Display Technologies admits it breached the GSLA when it asserted U.S. Patent No. 9,300,723 in its 2022 lawsuit.[17]

46.    Valve informed Display Technologies that Valve had a license to U.S. Patent No. 9,300,723 under the 2016 Global Settlement and License Agreement. In doing so, Valve sent the 2016 Global Settlement and License Agreement to the Meyler Defendants twice, once in October and once in December 2022.

47.    Display Technologies, represented by Meyler, voluntarily dismissed the -1365 action without prejudice after a Valve inhouse attorney sent Meyler an email attaching the GSLA and stating: "I wanted to make sure you knew about[] [t]he attached license agreement between Display Technologies and Valve. If you haven't seen it already, I think you should read it. I have a

---

[14] Valve's First Set of RFAs to Leigh Rothschild, No. 5; Valve's First Set of RFAs to PAM, No. 1; Valve's First Set of RFAs to RBDS, No. 1.

[15] Valve's First Set of RFAs to PAM, No. 2; Valve's First Set of RFAs to RBDS, No. 2.

[16] Defendants' Second Amended Answer and Counterclaims (Dkt. 80), ¶¶ 20; 53.

[17] Defendants' Second Amended Answer and Counterclaims (Dkt. 80), ¶¶ 76.

[JOINT PROPOSED] PRETRIAL ORDER
CASE NO. 2:23-CV-1016                                    - 21 -

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA  98101
(206) 467-9600

hard time seeing how Valve isn't already licensed to US Pat No 9,300,723 (the patent asserted by Display Technologies)."

**D.      U.S. Patent No. 8,856,221**

48.      U.S. Patent No. 8,856,221 issued on October 7, 2014, to Rothschild and is titled "System and method for storing broadcast content in a cloud-based computing environment."

49.      U.S. Patent No. 8,856,221 is currently assigned to Rothschild Broadcast Distribution Systems LLC as the sole assignee.[18]

50.      As of January 11, 2016, Rothschild Broadcast Distribution Systems LLC was the assignee of U.S. Patent No. 8,856,221.[19]

51.      In 2022, Rothschild Broadcast Distribution Systems LLC was the assignee of U.S. Patent No. 8,856,221.

52.      Rothschild Broadcast Distribution Systems LLC has never manufactured a product covered by U.S. Patent No. 8,856,221's claims.

53.      Rothschild Broadcast Distribution Systems LLC has never sold or offered for sale a product covered by U.S. Patent No. 8,856,221s claims.

54.      Meyler's June 21, 2023 letter attached a document titled, "Infringement Search Report: US 8,856,221 B2,"which was not revised by anyone working for or on behalf of any of the Defendants.[20]

55.      The "Infringement Search Report: US 8,856,221 B2" compared claim 7 of U.S. Patent No. 8,856,221 to Valve's Steam Cloud.

56.      Meyler did not check, confirm, or otherwise analyze whether Valve was licensed to practice U.S. Patent No. 8,856,221 prior to sending Valve the June 21, 2023 letter.[21]

57.      Valve filed this lawsuit on July 7, 2023.

---

[18] Defendants' Second Amended Answer and Counterclaims (Dkt. 80), ¶ 57.
[19] Valve's First Set of RFAs to RBDS, No. 7.
[20] Valve's First Set of RFAs to Leigh Rothschild, No. 6; Valve's First Set of RFAs to PAM, No. 5; Valve's First Set of RFAs to RBDS, No. 5; Valve's First Set of RFAs to Samuel Meyler and Meyler Legal PLLC, No. 5.
[21] Valve's First Set of RFAs to Samuel Meyler and Meyler Legal PLLC, No. 9.

[JOINT PROPOSED] PRETRIAL ORDER
CASE NO. 2:23-CV-1016                                    - 22 -

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA  98101
(206) 467-9600

**E.   Invalidity of U.S. Patent No. 8,856,221**

58.   U.S. Patent No. 8,856,221 has a priority date of August 29, 2011.

59.   U.S. Patent Application Publication No. US 2008/0155059 to Hardin et al. ("Hardin") was published on June 26, 2028.

60.   Hardin is prior art to U.S. Patent No. 8,856,221.

61.   U.S. Patent No. 7,684,673 to Monroe ("Monroe") was issued on March 23, 2010.

62.   Monroe is prior art to U.S. Patent No. 8,856,221.

63.   WIPO International Application Publication No. WO 2007/060016 to Remijn et al. ("Remijn") was published on May 31, 2007.

64.   Remijn is prior art to U.S. Patent No. 8,856,221.

65.   U.S. Patent Application Publication No. US 2012/0204215 to Hayashi et al. ("Hayashi") was filed on February 8, 2011, and published on August 9, 2012.

66.   Hayashi is prior art to U.S. Patent No. 8,856,221.

67.   IEEE International Conference on Multimedia and Expo Proceedings article titled "Cache on Demand" by Ahuja et al. ("Ahuja") was published in 2002.

68.   Ahuja is prior art to U.S. Patent No. 8,856,221.

69.   U.S. Patent Application Publication No. US 2008/0155613 ("Benya") was filed on December 22, 2006, and published on June 26, 2008.

70.   Benya is prior art to U.S. Patent No. 8,856,221.

**F.   Judicial Admissions and Admitted RFAs that Defendants Refuse to Stipulate to**

Defendants refuse to stipulate to the below previously admitted facts:

1.   Valve has a valid and enforceable covenant not to sue for U.S. Patent No. 8,856,221.[22]

2.   Rothschild Broadcast Distribution Systems LLC has never made a substantial investment in the use of the alleged inventions claimed in U.S. Patent No. 8,856,221.[23]

---

[22] Defendants' Second Amended Answer and Counterclaims (Dkt. 80), ¶¶ 32, 33, 34, 49 50.
[23] Valve's First Set of RFAs to RBDS, No. 11.

[JOINT PROPOSED] PRETRIAL ORDER
CASE NO. 2:23-CV-1016                                                    - 23 -

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA  98101
(206) 467-9600

3.      In June 2023, Rothschild Broadcast Distribution Systems LLC could not legally sue Valve for infringement of U.S. Patent No. 8,856,221.[24]

**Valve's Position:** The above admitted facts come directly from Defendants' admissions made in their Second Amended Answer (Dkt. 80) and RFA admissions. These should be deemed to be undisputed facts as a matter of law.

Disputed Admitted Fact No. 1 is verbatim statement Defendants made at least five times in their Second Amended Answer. Dkt. 80 ¶¶ 32, 33, 34, 49 50. Admissions contained in an answer to a complaint constitute judicial admissions. *Am. Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir. 1988). ("A statement in a complaint, answer or pretrial order is a judicial admission, as is a failure in an answer to deny an allegation."). "Judicial admissions . . . have the effect of withdrawing a fact from issue and dispensing wholly with the need for proof of the fact." *Id.* (citation omitted). Defendants also made similar representations to this Court on numerous occasions.  E.g., Dkt. 18 at 5 ("Plaintiff [Valve] has a fully paid-up, irrevocable license and a covenant not to sue from the Rothschild Defendants."). Defendants cannot now dispute this fact. *See* Dkt. 79 at 5 ("It would undermine the Rule 8 pleading standard to allow Defendants to first admit, then deny, then altogether refuse to respond to an allegation.").

Disputed Admitted Fact Nos. 2 and 3 are verbatim RFAs that Defendants failed to answer within the 30-day period required by Rule 36. *See, e.g.* Ex. 1 (Valve's First Set of RFAs to RBDS), No. 11; *see also* Ex. 2 (Valve's First Set of RFAs to Leigh Rothschild), No. 15; Ex. 3 (Valve's First Set of RFAs to PAM), No. 4 (same); Ex. 4 (Valve's First Set of RFAs to RBDS), No. 4 (same). Defendants' responses to Valve's First Set of RFA's were due no later than August 8 but were not served until August 24th. *See* Ex. 5 (2025.08.27 email from K. Geyer to counsel for Defendants.).

"Rule 36 is self-executing, meaning that a party admits a matter by failing to serve a response to the request within thirty days; the opposing party does not have to file a motion to deem the matter admitted." *In re Pacific Thomas Corp.*, 715 F. App'x 778, 779 (9th Cir. 2018)).

---

[24] Valve's First Set of RFAs to Leigh Rothschild, No. 15; Valve's First Set of RFAs to PAM, No. 4; Valve's First Set of RFAs to RBDS, No. 4.

[JOINT PROPOSED] PRETRIAL ORDER
CASE NO. 2:23-CV-1016                                    - 24 -

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA  98101
(206) 467-9600

1  "[A] deemed admission can only be withdrawn or amended by motion in accordance with Rule

2  36(b)." *Seminiano v. Xyris Enterprise, Inc.*, 602 F. App'x 682, 683 (9th Cir. 2015); *see also*

3  *Anderson v. Anderson*, No. C17-0891RSL, 2019 WL 1327074, at *2 (W.D. Wash. Mar. 25, 2019)

4  ("Pursuant to Fed. R. Civ. P. 36(b), the [unanswered RFAs] are therefore deemed admitted and

5  will be conclusively established for purposes of trial unless (a) defendant files a motion to

6  withdraw or amend a specific admission and (b) the Court finds that the withdrawal or amendment

7  would promote the presentation of the merits of the action without prejudicing plaintiff.").

8         Defendants have not filed a motion to withdraw their admissions, and any attempt to do so

9  at this stage of the case would prejudice Valve. Valve served these RFAs in May 2025. It notified

10  Defendants of the fact that Valve will treat them as admitted consistent with Rule 36 in August

11  2025. The parties proceeded through expert discovery, summary judgment, and began pretrial with

12  that understanding. Defendants also made numerous statements during discovery that confirm the

13  accuracy of these admitted facts. *E.g.*, Dkt. 140-2 (Rothschild Tr.), 213:7–11 ("My understanding

14  is RBDS should not have gone after Valve for infringement of that patent. The patent was

15  licensed, no matter who owned it, with Valve.·So no action should have been taken regarding that

16  patent."). To allow Defendants to withdraw these admissions in the pretrial order (and not through

17  a motion as required by Rule 36(b)) a month before trial would be prejudicial to Valve.

18  **IV.    ISSUES OF FACT[25]**

19         **A.    Plaintiff's Issues of Fact to be Litigated**

20         1.    Whether Plaintiff has proven that Defendants violated the Washington Patent Troll

21  Prevention Act and Washington Consumer Protection Act by making bad-faith assertions of patent

22  infringement.

23         2.    Whether and to what degree Plaintiff has proven actual damages based on

24  Defendants' bad-faith assertions of patent infringement.

25         3.    Whether Plaintiff is entitled to enhanced damages under RCW 19.86.090, and if so,

26  to what degree damages should be enhanced.

27  _____

28  [25] This section reflects the parties' respective positions; the issues listed may be narrowed or refined based on the Court's resolution of the Parties' currently unresolved motions.

[JOINT PROPOSED] PRETRIAL ORDER
CASE NO. 2:23-CV-1016                                    - 25 -

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA  98101
(206) 467-9600

4.      Whether Plaintiff has proven that Defendants Leigh Rothschild and Display Technologies breached the 2016 Global Settlement and License Agreement.[26]

5.      Whether and to what degree Plaintiff has proven damages based on Rothschild's and Display Technologies' breach of the 2016 Global Settlement and License Agreement.

6.      Whether Plaintiff has proven that Defendants Leigh Rothschild and RBDS anticipatorily breached the 2016 Global Settlement and License Agreement.

7.      Whether and to what degree Plaintiff has proven damages based on Rothschild's and RBDS's anticipatory breach of the 2016 Global Settlement and License Agreement.

8.      Whether Plaintiff has proven that claims of the '221 patent are invalid under 35 U.S.C. §§ 102 and 103.

**B.      Defendants' Issues of Fact to Be Litigated**

1.      Whether Plaintiff has proven that Defendants' actions rise to a violation of the Washington Patent Troll Prevention Act and Washington Consumer Protection Act.

2.      Do the facts presented at trial by Plaintiff establish a claim under Washington's Consumer Protection Act, by establishing: (1) an unfair or deceptive act; (2) in trade or commerce; (3) public interest impact; (4) injury to business or property; and (5) causation. *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wn.2d 778, 784–93, 719 P.2d 531 (1986).   In the event that Plaintiff's Count IV survives Defendants' pending  cross-motion for partial summary judgment that is presently pending before the Court, Plaintiff must establish all elements of the WACPA to prevail with respect to each defendant.  Defendants deny that Plaintiff has a private right of action under the PTPA and deny that RCW 19.350.030 provides a bases for a *per se* violation of the Consumer Protection Act in this context.  The legislature's declarations of public interest impact, unfair or deceptive acts in trade or commerce and unreasonableness are strictly applicable to "actions brought by the attorney general to enforce the provisions of [the Patent Troll Prevent Act]."  RCW 19.350.030.

---

[26] Although these Defendants have already admitted breach by filing the 2022 Display Technologies Lawsuit, Valve includes breach as an issue to be litigated to the jury because Valve must still show it is entitled to damages for that breach.

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA  98101
(206) 467-9600

3.      Whether Plaintiff incurred any actual damage and if so to what degree Plaintiff has proven actual damages based on Defendants' actions.

4.      Whether Plaintiff has proven that Defendants Leigh Rothschild and Display Technologies breached the 2016 Global Settlement and License Agreement and if such breach was cured as set forth in the GSLA.[27]

5.      Whether Plaintiff incurred any actual damage and if so, to what degree Plaintiff has proven damages based on Rothschild's and Display Technologies' cured breach of the 2016 Global Settlement and License Agreement.

6.      Whether the 2016 GSLA was capable of anticipatory breach and whether Plaintiff has proven that Defendants Leigh Rothschild and RBDS anticipatorily breached the 2016 Global Settlement and License Agreement and failed to cure.[28]

7.      Whether Plaintiff incurred any actual damage and if so, to what degree Plaintiff has proven damages based on Rothschild's and RBDS's alleged anticipatory breach of the 2016 Global Settlement and License Agreement.

8.      Whether Plaintiff has overcome the presumption of validity and proven that claims of the '221 patent are invalid under 35 U.S.C. §§ 102 and 103.

9.      Whether the June 2023 Letter sent by the Meyler Defendants was objectively baseless.

10.     Whether the June 2023 Letter sent by the Meyler Defendants was subjectively baseless.

---

[27] Valve maintains Defendants already made a judicial admission of breach of the GSLA and cannot withdraw that admission. Defendants' Second Amended Answer and Counterclaims (Dkt. 80), ¶¶ 76; Dkt. No. 55 at 5 ("I will concede to you that there was a breach of the contract in 2022[.]"); Dkt. 79 at 5 ("It would undermine the Rule 8 pleading standard to allow Defendants to first admit, then deny, then altogether refuse to respond to an allegation.").
[28] Valve disputes that any cure provision exists in the GSLA that excuses liability and that applies to Valve. *E.g.*, Dkt. 173 at 1.

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA  98101
(206) 467-9600

# V.    ISSUES OF LAW[29]

## A.    Plaintiff's Issues of Law to Be Litigated

1.    Whether Plaintiff is entitled to attorneys' fees and costs under RCW 19.86.090, and if so, the amount Plaintiff is entitled to recover.

2.    Whether this is an exceptional case under 35 U.S.C. § 285 entitling Plaintiff to recover reasonable attorneys' fees and costs, and if so, the amount Plaintiff is entitled to recover.

3.    Whether Plaintiff is entitled to prejudgment interest and costs if any of the Defendants are found liable for breach of contract.

4.    Whether Plaintiff is entitled to prejudgment interest and costs if any of the Defendants are found liable under RCW 19.350, *et seq.*

5.    Whether Plaintiff has established that it is entitled to permanent injunctive relief under RCW 19.86.090 enjoining Defendants and each of their officers, directors, agents, counsel, servants, employees, and all persons in active concert or participation with them to withdraw their claims and be restrained from alleging, representing, or otherwise stating that any Valve product or service infringes any patent covered by the 2016 Global Settlement and License Agreement, and further be restrained from instituting any action or proceeding against Valve alleging infringement of any claims of any of the patents covered in the 2016 Global Settlement and License Agreement.

6.    Whether the '221 patent is unenforceable against Valve.

7.    Whether the '221 patent claims are invalid under 35 U.S.C. § 101.

8.    Whether the '221 patent claims are invalid under 35 U.S.C. § 112.

9.    Valve's entitlement to attorneys fees and costs under, as applicable, 28 U.S.C. § 1927, and the Court's inherent authority.

## B.    Defendants' Issues of Law to Be Litigated

1.  Each of the above listed issues.

2.    Whether Valve's claims against the Meyler Defendants (and possibly other Defendants) are barred by the *Noerr-Pennington* doctrine.

---

[29] This section reflects the parties' respective positions; the issues listed may be narrowed or refined based on the Court's resolution of the Parties' currently unresolved motions.

[JOINT PROPOSED] PRETRIAL ORDER
CASE NO. 2:23-CV-1016                              - 28 -

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA  98101
(206) 467-9600

3.     Whether Valve's claims against the Meyler Defendants (and possibly other Defendants) are barred by litigation privilege.

4.     Whether Valve's claims against the Meyler Defendants (and possibly other Defendants) are prohibited by RCW 19.350.020(3).

5.     Construction and legal effect of the GSLA.

6.     Availability and scope of injunctive relief (including whether any injunction is moot, overbroad, or otherwise not supported by the governing equitable standards).

7.     Entitlement to attorneys' fees and costs by any party under the various asserted bases, and the proper standards to apply.

8.     Has Valve presented a cognizable claim under Washington's Consumer Protection Act, which requires (1) an unfair or deceptive act; (2) in trade or commerce; (3) public interest impact; (4) injury to business or property; and (5) causation.  Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co., 105 Wn.2d 778, 784–93, 719 P.2d 531 (1986).   In the event that Plaintiff's Count IV survives Defendants' pending cross-motion for partial summary judgment that is presently pending before the Court, Plaintiff must establish all elements of the WACPA to prevail with respect to each defendant.  Defendants deny that Plaintiff has a private right of action under the PTPA and deny that RCW 19.350.030 provides a bases for a per se violation of the Consumer Protection Act in this context.  The legislature's declarations of public interest impact, unfair or deceptive acts in trade or commerce and unreasonableness are strictly applicable to "actions brought by the attorney general to enforce the provisions of [the Patent Troll Prevent Act]."  RCW 19.350.030.

## VI.     EXPERT WITNESSES

### A.     Plaintiff's Expert Witnesses:

1.     **Paul R. Gugliuzza.** Plaintiff anticipates Professor Gugliuzza will testify regarding the opinions and matters set forth in his expert report served in this litigation and any opinions and matters set forth in his deposition taken in this litigation, including with respect to Defendants' bad-faith assertions of patent litigation. Professor Gugliuzza's address is University of Texas at Austin School of Law, 727 E. Dean Keeton Street, JON 5.241, Austin, Texas 78705.

[JOINT PROPOSED] PRETRIAL ORDER
CASE NO. 2:23-CV-1016                    - 29 -

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA  98101
(206) 467-9600

**2.      Kimberley J. Schenk.** Plaintiff anticipates Ms. Schenk will testify regarding the opinions and matters set forth in her expert report, including the amount of damages Valve seeks for breach of contract and under the WPTPA.[30] Ms. Schenk's address is One South Wacker Drive, 34th Floor, Chicago, IL 60606.

**3.      Adam Sorini, Ph.D.** Plaintiff anticipates Dr. Sorini will testify regarding the opinions and matters set forth in his expert report, including the invalidity of U.S. Patent No. 8,856,221. Dr. Sorini's address is 149 Commonwealth Drive, Menlo Park, CA 94025.

**4.      Ramsey Al-Salam.** Plaintiff does not expect Mr. Al-Salam to testify at trial to the jury. Plaintiff reserves the right, however, to rely on Mr. Al-Salam's opinions regarding reasonable attorneys' fees as part of any post-trial briefing or hearing ordered by the Court. Mr. Al-Salam's address is 1301 Second Avenue, Suite 4200, Seattle, WA  98101-3804.

**B.      Defendants' Expert Witnesses**

None.

Defendant has moved for the exclusion and/or limitation of the proposed testimony of each of Plaintiff's proposed proffered expert witnesses for the reasons set forth in its Daubert Motions.

## VII.    OTHER WITNESSES

The names and addresses of witnesses, other than experts, to be used by each party at the time of trial and the general nature of the testimony of each are:

**A.      Plaintiff's Witnesses[31]**

| Name | Address | General Nature of Testimony | Will Call / May Call |
|---|---|---|---|
| Christopher Schenck | 10400 NE 4th St Ste 1400, Bellevue, WA, 98004 | Non-privileged testimony regarding: Valve's history and business, Valve's history and experience with NPEs and nuisance-value offers/settlements, Valve's approach to resolving | Will call live |

---

[30] Ms. Schenk will not testify to the jury regarding her opinions on the amount of attorneys' fees owed to Valve for violation of the WPTPA. Valve, however, reserves the right to rely on her opinion to support its post-trial arguments supporting its attorneys' fee request (whether this happens in a later bench trial, at a hearing, or simply on the basis of the Parties' papers).

[31] To the extent that Defendants do not intend to bring Mr. Falcucci, Mr. Rothschild, Ms. Arias, or Mr. Meyler live to trial, Valve reserves the right to call them by deposition. Valve also reserves the right to call Mr. Falcucci, Mr. Rothschild, Mr. Arias, and Mr. Meyler by deposition or otherwise use their depositions as permitted under Rules 30 and 32.

| | | allegations of patent infringement; Valve's dealings with Defendants, including the GSLA, Defendants' efforts to contact Valve and obtain additional licensing revenue, the 2022 lawsuits, the June 2023 Letter, the retaliatory Texas lawsuits, Valve's decision to file this lawsuit, damages caused by Defendants, Valve's business, and the subject matter of his personal and corporate deposition testimony. | |
|---|---|---|---|
| Liam Lavery | 10400 NE 4th St Ste 1400, Bellevue, WA, 98004 | Non-privileged testimony regarding: Defendants' efforts to contact Valve and obtain additional licensing revenue, his experience with NPEs, Valve's business. | Will call live |
| Scott Lynch | 10400 NE 4th St Ste 1400, Bellevue, WA, 98004 | Valve's history and business, the GSLA, Valve's approach to resolving allegations of patent infringement, and the subject matter of his deposition testimony in this case. | Will call live |
| Karl Quackenbush | Contact through Plaintiff's Counsel | Non-privileged testimony regarding: the Display Technologies 2015 Lawsuit, the GSLA, Valve's litigation history with NPEs, and Valve's approach to resolving allegations of patent infringement. | Will call live |
| Christina Arias | Contact through Defense Counsel | Defendants' business operations, their use of third parties for due diligence for patent assertions, their pre-assertion investigations, including specific to Valve, and all other subject matter raised in her deposition testimony. | Will call live or by deposition designation[32] |
| Sugouri Batra | 215 E 95th St Apt 14B, New York, NY 10128 | Experience working on behalf of PAM and Rothschild, their business operations and practices, their pre-assertion investigations, and all other subject matter raised in her deposition testimony. | Will call by deposition |
| Daniel Falcucci | Contact through Defense Counsel | Messages sent to Valve, including the New Deal Proposal, history working for PAM and Rothschild, and all other subject matter raised in his personal and corporate deposition testimony. | Will call live |
| Randall Garteiser | 119 West Ferguson St. Tyler, Texas 75702-7203 | Retaliatory Texas Lawsuits, dismissal and sanctions relating to those lawsuits, settlement offers to resolve Texas and Washington cases, prior experience | Will call by deposition |

---

[32] Valve sought clarification from Defendants whether Ms. Arias would be coming live to trial, but Defendants have not confirmed either way. Valve will call Ms. Arias live if she attends trial. Upon confirmation that Ms. Arias will not be attending trial, Valve will confer with Defendants regarding her depositions designations and submitting any disputes about those to the Court.

[JOINT PROPOSED] PRETRIAL ORDER
CASE NO. 2:23-CV-1016                                    - 31 -

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA  98101
(206) 467-9600

| Name | Address | General Nature of Testimony | Will Call / May Call |
|---|---|---|---|
| | | representing Rothschild entities in patent infringement matters. | |
| Constance Kazanjian | 10350 W Bay Harbor Dr., Apt. 8T, Bay Harbor Islands, FL 33154-1259 | Experience working with Leigh Rothschild, founding and creation of Rothschild-controlled entities, her lawsuit against Rothschild, the Rothschild business model of asserting patents with the goal to settle rather than litigate, and all other subject matter raised in her deposition testimony. | Will call by deposition |
| Nicole Lafosse | 958 Mockingbird Ln., Apt. 514, Plantation, FL 33324-3440 | Experience working on behalf of PAM and Rothschild, their business operations and practices, their pre-assertion investigations, PAM's investigation into Valve, and all other subject matter raised in her deposition testimony. | Will call by deposition |
| Stephen Lobbin | 888 Prospect Street, Suite 200, La Jolla, California 92037 | Legal representation of Rothschild and his companies, his own history of sanctions, and all other subject matter raised in his deposition testimony. | Will call by deposition |
| Samuel Meyler | Contact through Defense Counsel | Representation of Rothschild and his companies, legal versus non-legal work performed for Rothschild, PAM, RBDS, DT, the GSLA, correspondence with Valve and other Washington companies, professional background and experience, and all other subject matter raised in his personal and corporate deposition testimony. | Will call live |
| Leigh Rothschild | Contact through Defense Counsel | His patent-assertion business model, PAM, the creation and use of assertion companies like RBDS and DT to file patent suits, financials regarding PAM, RBDS, and DT, his patents, the decision to target Valve, other assertions and lawsuits regarding the '221 patent and targets' responses to those actions, all other subject matter raised in his personal and corporate deposition testimony. | Will call live |

### B.    Defendants' Witnesses

| Name | Address | General Nature of Testimony | Will Call / May Call |
|---|---|---|---|
| Daniel Falcucci | Contact through Defense Counsel | Communications between Defendants and Valve; business operations of Defendants; processes and procedures of Defendants; Defendants interaction with, reliance upon and use of venders. | Will call live |
| Samuel Meyler | Contact through Defense Counsel | Representation of Defendants; communications between Defendants and Valve, professional background and experience, and all other subject matter | Will call live |

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA  98101
(206) 467-9600

| | | raised in his personal and corporate deposition testimony. | |
|---|---|---|---|
| Leigh Rothschild | Contact through Defense Counsel | His history as an inventor, as a consultant; as an advisor and as a businessman; Communications between Defendants and Valve; business operations of Defendants; processes and procedures of Defendants; Defendants interaction with, reliance upon and use of venders; the invention behind the '221 Patent and its distinctions over the prior art. | Will call live |
| Christina Arias | Contact through Defense Counsel | Defendants' business operations, their use of third parties for due diligence for patent assertions, their pre-assertion investigations, including specific to Valve, and all other subject matter raised in her deposition testimony. | May call live. |
| Stephen Lobbin | 888 Prospect Street, Suite 200, La Jolla, California 92037 | Legal representation of Rothschild and his companies. | Will cross designate by deposition if not excluded |
| Randall Garteiser | 119 West Ferguson St. Tyler, Texas 75702-7203 | Texas Lawsuits. | May call live. Will cross-designate by deposition if not excluded |
| Christopher Schenck | 10400 NE 4th St Ste 1400, Bellevue, WA, 98004 | Testimony regarding: Valve's dealings with Defendants, including the GSLA, Communications between Defendants and Valve, including 2022 and 2023 and 2024, Valve's decision to file this lawsuit, damages caused by Defendants, and the subject matter of his personal and corporate deposition testimony. | Will cross-examine if called live, May call in Defendants' rebuttal case |
| Liam Lavery | 10400 NE 4th St Ste 1400, Bellevue, WA, 98004 | Testimony regarding communications between Defendants and Valve, Valve's business. | Will cross-examine if called live, May call in Defendants' rebuttal case |
| Scott Lynch | 10400 NE 4th St Ste 1400, Bellevue, WA, 98004 | Testimony regarding communications between Defendants and Valve, Valve's business. | Will cross-examine if called live, May call in Defendants' rebuttal case |

[JOINT PROPOSED] PRETRIAL ORDER
CASE NO. 2:23-CV-1016
- 33 -
Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA  98101
(206) 467-9600

| Karl Quackenbush | Contact through Plaintiff's Counsel | Testimony regarding communications between Defendants and Valve, Valve's business and the Display Technologies 2015 Lawsuit and the GSLA. | Will cross-examine if called live, May call in Defendants' rebuttal case |
|---|---|---|---|
| Sugouri Batra | 215 E 95th St Apt 14B, New York, NY 10128 | Experience with Defendants. | Will cross-designate by deposition if not excluded |
| Constance Kazanjian | 10350 W Bay Harbor Dr., Apt. 8T, Bay Harbor Islands, FL 33154-1259 | Experience with Defendants. | Will cross designate by deposition if not excluded |
| Nicole Lafosse | 958 Mockingbird Ln., Apt. 514, Plantation, FL 33324-3440 | Experience with Defendants. | Will cross designate by deposition if not excluded |
| Stephen Lobbin | 888 Prospect Street, Suite 200, La Jolla, California 92037 | Legal representation of Defendants | Will cross designate by deposition if not excluded |

## VIII.    EXHIBITS

Valve's exhibit list under LCR 16.1 is attached as **Appendix A**. Given Defendants' production of over 33,000 documents on January 8, 2026, Valve reserves the right to supplement its exhibit list as its review of those files is ongoing.

Defendants' exhibit list under LCR 16.1 is attached as **Appendix B**. Defendants also reserve the right to supplement.

## IX.    DEPOSITION DESIGNATIONS

Consistent with the Court's Trial Procedures – CIVIL Section 1.9 and LCR 32(e), Valve is filing a Joint Submission of Deposition Designations concurrently with this Proposed Pretrial Order.

## X.    ACTION BY THE COURT

This case is scheduled for a four-day trial before a jury beginning on February 10, 2026.

[JOINT PROPOSED] PRETRIAL ORDER
CASE NO. 2:23-CV-1016                                    - 34 -

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

Trial briefs, proposed *voir dire* questions, proposed jury instructions, and trial exhibits[33] shall be submitted to the Court on or before January 22, 2026.

Depending on the outcome of the jury trial, the Parties will propose a post-trial briefing schedule for the Court to resolve, at its convenience, the Parties' remaining legal and equitable disputes (e.g., the amount of attorneys' fees and expenses, if any, recoverable by Valve; unenforceability of the '221 patent against Valve; injunctive relief under the WPTPA; recovery to which one or more Defendant(s) are entitled).

## XI.    ADDITIONAL TRIAL STIPULATIONS BY THE PARTIES

The Parties agree upon, and offer for the Court's consideration, the following additional trial stipulations consistent with this Court's Trial Procedures – CIVIL Section 1.7:

a.    A legible copy of an exhibit may be offered in evidence in lieu of the original subject to all foundational requirements and other objections that might be made to the admissibility of the original and subject to the right of the party against whom it is offered to inspect an original upon request reasonably in advance of any proposed use of the copy. For exhibits that are spreadsheets or slide presentations, the parties may use electronic versions of such exhibits in their native format.

b.    The Parties will identify by email witnesses to be called live or by deposition (in the order that they will be called) and any physical exhibits to be used with those witnesses at 8:30 p.m. PT two (2) calendar days in advance of the day of trial during which the witnesses will testify. For example, if a witness will testify on Tuesday, the witness must be identified by 8:30 p.m. PT on the preceding Sunday. All physical exhibits must be made available for inspection by 8:30 p.m. PT two (2) calendar days in advance of the day of trial during which they will be entered and must be made available for inspection in the courtroom one (1) calendar day in advance of the day of trial during which they will be entered, including during recesses, lunch, and after trial ends at 4:15 p.m. PT that day.

---

[33] As discussed above, given Defendants' production of over 33,000 documents on January 8, 2026, Valve may need to supplement its production of trial exhibits as Valve diligently reviews those late productions.

[JOINT PROPOSED] PRETRIAL ORDER
CASE NO. 2:23-CV-1016                                    - 35 -

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA  98101
(206) 467-9600

c.      The Parties will provide notice by email lists of (1) witnesses the party expects to testify live; (2) designations for witnesses the party intends to call by designation, including the specific page/line numbers and video run time; (3) the exhibits they intend to use during direct examination or by witnesses called by designation, including physical exhibits; and (4) the demonstratives[34] they intend to use with any live witness by 5:00 p.m. local time the day before their intended use (*i.e.*, Monday evening for a witness to be called on Tuesday). The offering party will provide an identification of the witness(es) each such exhibit will be used with on direct examination or by designation. The Parties shall exchange objections to witnesses, exhibits, and designations and an identification of any counter-designations by 6:00 p.m. PT the same day. The Parties shall exchange objections to counter-designations as soon as practicable, but by no later than 6:30 p.m. PT. The Parties shall then meet and confer regarding all objections beginning no later than 6:30 p.m. PT. To the extent good faith efforts to resolve objections fail, the objecting party will email Mr. Cogsworth by 8:00 p.m. PT with a list of disputed witnesses, designations, or exhibits pursuant to the Court's Trial Procedures – Civil Section 1.7.

d.      The Parties agree that once a non-Party witness begins testifying, counsel may not conduct substantive discussions with that witness until they are released by the Court. In other words, if a witness is held over past one day, counsel cannot discuss their testimony or the case with that witness until they are released.

e.      The Parties request that the Court present the most current tutorial video from the Federal Judicial Center regarding the U.S. Patent Office to the members of the jury as part of its preliminary instructions to the jury.

f.      The jurors shall be permitted to take handwritten notes during the presentations of the Parties.

g.      ~~Valve will prepare twelve (12) copies of an agreed juror notebook that will contain lined witness sheets with names, titles, and color photos, a copy of any agreed-upon documents, , a~~

---

[34] Demonstratives include graphics, slides, animations, boards, and other similar materials. Demonstratives do not include annotations to exhibits that may be made during live testimony, such as highlighting, circling, or blowing up excerpts.

[JOINT PROPOSED] PRETRIAL ORDER
CASE NO. 2:23-CV-1016                                     - 36 -

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA  98101
(206) 467-9600

1  ~~legal pad, a pen, and a highlighter. Valve will deliver this material to the Court before jury~~

2  ~~selection, with the exception of the witness sheets. The witness sheets for a witness will be~~

3  ~~inserted in the notebook the morning of the witness's testimony by the Court staff.~~

4  **XII.    OTHER ISSUES**

5      **A.    Outstanding Motions**

6      The following motions are fully briefed and have not yet been resolved:

7      •   Defendants' Motion for Summary Judgment on Count IV for Lack of Standing

8         (Dkt. 111);

9      •   Defendants' *Daubert* Motions (Dkt. 136);

10     •   The Parties' Cross-Motions for Summary Judgement (Dkt. 141, 160);

11     •   Valve's first Motion for Rule 37 sanctions (Dkt. 146);

12     •   Valve's motions *in limine* (Dkt. 181);

13     •   Defendants' motions *in limine* (Dkt. 184) and

14     •   Valve second Motion for sanctions (Dkt. 187).

15     **B.    Resolution of Issues of Law and Timing of Attorneys' Fees Determinations**

16     The Parties agree that the issues of law raised in Section V should be resolved after the

17 jury trial and pursuant to Rule 52.

18     The Parties agree that any briefing on the amount of attorneys' fees and costs due to any

19 party will occur after the Court rules on all bases for requests for attorneys' fees under Rule 52

20 (including, as applicable, under the WPTPA, 35 U.S.C. § 285, 28 U.S.C. § 1927, and the Court's

21 inherent authority).

22     **C.    Date of Jury Selection**

23     The Parties understand the Court's preference for remote/Zoom jury selection. The Parties

24 request the Court's guidance on what day the selection will take place, and what (if any) specific

25 procedures the Court prefers.

26     **D.    Order of Examination when Witnesses Are Called Adversely**

27     Valve will call adversely in its case-in-chief at least Mr. Rothschild and Mr. Meyler.

28 Defendants likewise intend or at least reserve the right to call these witnesses in their rebuttal case.

[JOINT PROPOSED] PRETRIAL ORDER
CASE NO. 2:23-CV-1016                                    - 37 -

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

If that happens, multiple witnesses may testify twice. To avoid jury confusion and to streamline the presentation of evidence, when called adversely in Valve's case-in-chief, the Parties agree (subject to the Court's approval) to the following format:

      1.      Defense counsel will conduct a direct examination;

      2.      Valve will conduct a cross-examination;

      3.      Defense counsel may conduct a redirect; and

      4.      If Defense counsel redirects, Valve may conduct a recross.

Should Valve not call these witnesses during its case-in-chief and instead Defendants call them in their rebuttal case after Valve has rested, or if Defendant recalls a witness in its case-in-chief,[35] the examination will proceed according to the following format:

      1.      Defense counsel will conduct a direct examination;

      2.      Valve will conduct a cross-examination; and

      3.      Defense counsel may conduct a redirect.

Valve requests that its witnesses and third-party witness Karl Quackenbush testify a single time rather than be subject to being called a second time in Defendants' rebuttal case. Valve agrees not to object to cross-examination of its witnesses (during its case-in-chief) as being outside the scope of the direct to help facilitate this proposal. Defense counsel does not waive its right to recall any witness originally called by Plaintiff. Defendants cannot know what testimony may need to be elicited until after Plaintiff rests its entire case in chief and thus may need to recall a witness after further testimony presented by Plaintiff..

    **E.**    **Alleged Privilege Between Meyler and Rothschild's Counsel for the Texas Lawsuits filed against Valve[36]**

        **1.**    **Valve's Position**

There is a dispute between the parties regarding Defendants' recently produced privilege logs relating, in part, to the Texas Lawsuits that Valve contends were filed for retaliatory reasons.

---

[35] Valve does not agree that Defendants have a case-in-chief as they do not have any claims against Valve.

[36] This section reflects the parties' respective positions.

[JOINT PROPOSED] PRETRIAL ORDER
CASE NO. 2:23-CV-1016                                    - 38 -

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

1    Meyler solely represented Rothschild's companies in Washington, not Texas, and thus his

2    presence on emails with Rothschid's Texas counsel waives privilege over them.

3         Defendants maintain Meyler's presence on their privilege logs is proper because the Texas

4    Lawsuits are related to the current lawsuit, in which Meyler is a co-defendant with the other

5    Defendants, and thus has privilege of communication with them, through a "commonality of

6    interest" and additionally through "joint representation" privilege. Valve disputes this allegation

7    because such "joint" privileges require underlying facts or issues common to the parties, and the

8    Texas Lawsuits lack such overlap with this case.

9         The common interest must be more than "a shared desire to see the same outcome in a

10   legal matter" and must be a common legal interest, as opposed to a commercial or business

11   interest. *In re Pac. Pictures Corp.*, 679 F.3d at 1129; *Kleiman*, 2020 WL 2473552, at *5 (finding

12   that a person acting as a "litigation liaison" to facilitate communication between the client and

13   attorneys on technical issue was not protected by common interest privilege). Courts in the Ninth

14   Circuit have described common interest as narrow and is required to further both parties' defenses,

15   not just one party's claims. *Columbia Sportswear Co. v. 3MD, Inc.*, No. 03:17-CV-0342-AC, 2017

16   WL 6550490, at *4 (D. Or. Dec. 21, 2017).

17        Here, the Texas lawsuits were solely to further the Rothschild Defendants' claims and the

18   substantive issues in those lawsuits are not relevant here. *See, e.g.*, Rothschild Interrog. Resp. 10

19   ("INTERROGATORY NO. 10[:] Explain why (i) SPIS, Quantum Technologies, and

20   Symbology—all companies You own or control—sued Valve in the U.S. District Court for the

21   Eastern District of Texas for patent infringement after (ii) Valve sued Defendants for violation of

22   the Washington Troll Act … [ANSWER:] Subject to and without waiving the foregoing

23   objections, Mr. Rothschild states that SPIS, Quantum Technologies, and Symbology are distinct

24   legal entities. While Mr. Rothschild may hold managerial interests in one or more of those entities,

25   he is not personally a party to the lawsuits they filed against Valve. Those entities brought suit

26   through their own retained counsel in exercise of their independent legal rights, and any decisions

27   regarding the assertion of patent rights were made in the ordinary course of business by or on

28   behalf of the respective companies, not by Mr. Rothschild in his individual capacity.").

[JOINT PROPOSED] PRETRIAL ORDER
CASE NO. 2:23-CV-1016                    - 39 -

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA  98101
(206) 467-9600

1

      **2.**    **Defendants' Position**

2

      Mr. Meyler was asked to be local counsel for those matters when they were intended to be

3

filed in Washington and thus was "engaged" by PAM et al at the time of the correspondence.  He

4

was reviewing them as counsel for PAM.  His deposition statement that he did not "represent"

5

PAM in any other matters was in reference to making a appearance, not in reference to being

6

engaged, considered, consulted or asked to review materials in other matters.

7

8

IT IS SO ORDERED:

9

10

Dated: February 9, 2026

11

12

                                            _____

13

                                      Jamal N. Whitehead
                                      United States District Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    Presented by:

2    DATED: January 15, 2026        Respectfully submitted,

3                                   KILPATRICK TOWNSEND & STOCKTON LLP

4

5                                   By:  /s/ Dario A. Machleidt
                                       Dario A. Machleidt (State Bar No. 41860)
6                                      Kathleen R. Geyer (State Bar No. 55493)
                                       Christopher P. Damitio (State Bar No. 58633)
7                                      1420 Fifth Avenue, Suite 3700
                                       Seattle, WA 98101
8                                      Telephone: (206) 467-9600
                                       dmachleidt@kilpatricktownsend.com
9                                      kgeyer@kilpatricktownsend.com
                                       cdamitio@kilpatricktownsend.com
10
                                       David A. Reed (pro hac vice)
11                                     100 Peachtree Street NE, Suite 2800
                                       Atlanta, GA 30309
12                                     Telephone: (404) 745-2548
                                       dreed@ktslaw.com
13
                                       Marianthi Karas (pro hac vice)
14                                     1801 Century Park East, Ste. 2300
                                       Los Angeles, CA 90067 USA
15                                     Telephone (310) 777 3732
                                       mkaras@ktslaw.com
16

17                                     Attorneys for Plaintiff
                                       VALVE CORPORATION
18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

By: */s/ Joseph J. Zito*
Joseph J. Zito
DNL ZITO
1250 Connecticut Avenue, NW, Suite 700
Washington, DC 20036
Tel: (202) 466-3500
Email: jzito@dnlzito.com

René A. Vazquez (*pro hac vice*)
DNL ZITO
1250 Connecticut Avenue, NW, Suite 700
Washington, DC 20036
Tel: (703) 989-2244
Email: rvazquez@dnlzito.com

Matthew J. Cunanan (#42530)
DC LAW GROUP
12055 15th Ave NE, Suite B
Seattle, WA 98125
Tel: (206) 494-0400
Fax: (855) 494-0400
Email: matthew@dclglawyers.com

*Attorneys for Defendants Leigh Rothschild, Rothschild Broadcast Distribution Systems, LLC, Display Technologies, LLC, Patent Asset Management, LLC, Meyler Legal, PLLC, and Samuel Meyler*

[JOINT PROPOSED] PRETRIAL ORDER
CASE NO. 2:23-CV-1016                    - 42 -

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA  98101
(206) 467-9600

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 15, 2026, I served the within via the Court's CM/ECF system to all counsel who are registered participants identified on the Mailing Information for C.A. No. 2:23-cv-1016.

*/s/ Dario A. Machleidt*
Dario A. Machleidt

[JOINT PROPOSED] PRETRIAL ORDER
CASE NO. 2:23-CV-1016                    - 43 -

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA  98101
(206) 467-9600