1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

VALVE CORPORATION,

                    Plaintiff,

        v.

ROTHSCHILD ET AL,

                    Defendants.

CASE NO. 2:23-cv-01016-JNW

PRELIMINARY JURY
INSTRUCTIONS

## **COURT'S PRELIMINARY INSTRUCTIONS TO THE JURY**

Dated this 10th day of February, 2026.

Jamal N. Whitehead
United States District Judge

# INSTRUCTION NO. 1

## Duty of the Jury

Ladies and gentlemen: You are now the jury in this case. It is my duty to instruct you on the law.

These instructions are preliminary instructions to help you understand the principles that apply to civil trials and to help you understand the evidence as you listen to it. You will be allowed to keep this set of instructions throughout the trial. This set of instructions is not to be taken home and must remain in the jury room when you leave in the evenings. At the end of the trial, I will give you a final set of instructions. It is the final set of instructions which will govern your deliberations.

You must not infer from these instructions or from anything I may say or do that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not, including unconscious bias. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention. Like conscious bias, unconscious bias, too, can affect how we evaluate information and make decisions. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

## INSTRUCTION NO. 2

### Neutral Statement of the Case

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

This is a civil case. The Plaintiff is Valve Corporation. It brings claims against Leigh Rothschild, Rothschild Broadcast Distribution Systems, LLC, Display Technologies, LLC, and Patent Asset Management, LLC. Plaintiff also brings claims against Meyler Legal, PLLC, and Samuel Meyler.

The events that give rise to this case involve an agreement where Defendants Rothschild, Display Technologies, and Rothschild Broadcast Distribution Systems, allowed Plaintiff to use a number of their patents, including U.S. Patent No. 8,856,221 and U.S. Patent No. 9,300,723, and agreed not to sue Plaintiff for the use of those patents. You will hear these patents referred to as the "'221 patent" and the "'723 patent." Plaintiff claims that Defendants breached this agreement two times:

*First*, that Defendants Rothschild and Display Technologies breached this agreement in 2022 by filing a lawsuit against Plaintiff related to its use of the '723 patent. The Court has already found that the 2022 lawsuit was a breach of the agreement.

*Second*, that Defendants Rothschild and Rothschild Broadcast Distribution Systems breached this agreement in 2023 by threatening to sue Plaintiff related to its use of the '221 patent.

Plaintiff next asserts that Defendants Rothschild, Patent Asset Management, Rothschild Broadcast Distribution Systems, Meyler Legal PLLC, and Samuel Meyler, violated Washington state law because the 2023 threat was sent in bad faith.

Finally, Plaintiff asserts that the '221 Patent is invalid under federal law. Plaintiff has the burden of proving its claims.

Defendants deny all of Plaintiff's claims.

# INSTRUCTION NO. 3

## Burden of Proof – Preponderance of the Evidence

When a party has the burden of proving any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

# INSTRUCTION NO. 4

## Burden of Proof – Clear and Convincing Evidence

When a party has the burden of proving any claim or defense by clear and convincing evidence, it means that the party must present evidence that leaves you with a firm belief or conviction that it is highly probable that the factual contentions of the claim or defense are true. This is a higher standard of proof than proof by a preponderance of the evidence, but it does not require proof beyond a reasonable doubt.

# INSTRUCTION NO. 5

## What is Evidence

The evidence you are to consider in deciding what the facts are consists of:

1.    the sworn testimony of any witness;

2.    the exhibits that are admitted into evidence;

3.    any facts to which the lawyers have agreed; and

4.    any facts that I may instruct you to accept as proved.

# INSTRUCTION NO. 6

## What is Not Evidence

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

1.      Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they may say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2.      Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

3.      Testimony that is excluded or stricken, or that you are instructed to disregard, is not evidence and must not be considered.

4.      Anything you may see or hear when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

PRELIMINARY JURY INSTRUCTIONS - 9

# INSTRUCTION NO. 7

## Direct and Circumstantial Evidence

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

# INSTRUCTION NO. 8

**Redactions are not evidence.**

You will note that there are black markings or redactions on certain exhibits discussed during trial. Private information has been removed from certain exhibits. In addition, information one or more of the parties contend is privileged has been redacted from certain exhibits. You are not to speculate about what that private or privileged information is. Do not consider it in any way and do not guess or speculate about what has been excluded from your view.

# INSTRUCTION NO. 9

## Ruling on Objections

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore that evidence. That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

# INSTRUCTION NO. 10

## Credibility of Witnesses

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)    the opportunity and ability of the witness to see or hear or know the things testified to;

(2)    the witness's memory;

(3)    the witness's manner while testifying;

(4)    the witness's interest in the outcome of the case, if any;

(5)    the witness's bias or prejudice, if any;

(6)    whether other evidence contradicted the witness's testimony;

(7)    the reasonableness of the witness's testimony in light of all the evidence; and

(8)    any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

You must avoid bias, conscious or unconscious, based on the witness's race, color, religious beliefs, national origin, sexual orientation, gender identity, or gender in your determination.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

# INSTRUCTION NO. 11

## Two or More Parties—Different Legal Rights

You should decide the case as to each Defendant separately. Unless otherwise stated, the instructions apply to all parties.

# INSTRUCTION NO. 12

## Conduct of the Jury

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

> Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This restriction includes discussing the case in person, in writing, by phone, tablet, or computer, or any other means, via email, via text messaging, or any Internet chat room, blog, website or application, including but not limited to Facebook, YouTube, the platform "X" formerly known as Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media. This restriction also applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter. In addition, you must report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it, although I have no information that there will be news reports about this case; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use the Internet or any other resource to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete, or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

# INSTRUCTION NO. 13

## No Transcript Available to Jury

At the end of the trial, you will have to make your decision based on what you recall of the evidence.  You will not have a written transcript of the trial.  I urge you to pay close attention to the testimony as it is given.

If at any time you cannot hear or see the testimony, evidence, questions, or arguments, let me know so that I can correct the problem.

# INSTRUCTION NO. 14

## Taking Notes

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you from being attentive. When you leave court for recesses, your notes should be left in the jury room. No one will read your notes and your notes will be destroyed at the end of trial.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

# INSTRUCTION NO. 15

## No Greeting of Jurors

During trial, you may encounter lawyers or parties to the case outside the courtroom, such as in the hallways, elevators, security line, or even in the street. They are prohibited from greeting or speaking with you, and you must not speak with them. This is to avoid any impression of influencing the jury outside the courtroom. Please do not take their silence as rudeness.

# INSTRUCTION NO. 16

## Bench Conferences and Recesses

During the trial, I may need to take up legal matters with the attorneys privately, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess.  Please understand that while you are waiting, we are working.  The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum.  I may not always grant an attorney's request for a conference.  Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or what your verdict should be.

# INSTRUCTION NO. 17

## Federal Judicial Center Patent Video

Members of the Jury, you are about to watch a short video prepared by the Federal Judicial Center, which is the education and research agency of the federal courts. The video is seventeen minutes long and provides a general explanation of what a patent is and how the process of obtaining a patent works. It is intended to give you helpful background as you hear the evidence in this case.

The video refers to a "Sample Patent" which has been provided to you separately.

The video and the Sample Patent are not evidence. Their purpose is only to help you understand some basic concepts about patents. To the extent anything in the video differs from the instructions on the law that I will give you during this trial, my instructions control.

Now please turn your attention to the video.

## INSTRUCTION NO. 18

### Outline of Trial

The next phase of the trial will now begin.  First, each side may make an opening statement.  An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show.  A party is not required to make an opening statement.

The Plaintiff will then present evidence and counsel for the Defendants may cross-examine.  Then, if the Defendants choose to offer evidence, counsel for the Plaintiff may cross-examine.

After the evidence has been presented, the attorneys will make closing arguments and I will instruct you on the law that applies to the case.

After that, you will go to the jury room to deliberate on your verdict.