1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10
11

| | |
|---|---|
| VALVE CORPORATION,<br><br>                    Plaintiff,<br><br>        v.<br><br>ROTHSCHILD ET AL,<br><br>                    Defendants. | CASE NO. 2:23-cv-01016-JNW<br><br>FINAL JURY INSTRUCTIONS |

12
13
14
15
16
17

## COURT'S FINAL INSTRUCTIONS TO THE JURY

18
19

Dated this 13th day of February, 2026.

20
21

Jamal N. Whitehead
United States District Judge

22
23

# INSTRUCTION NO. 1

## Duty of the Jury

Ladies and gentlemen: now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you on the law.

Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not, including unconscious bias. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention. Like conscious bias, unconscious bias, too, can affect how we evaluate information and make decisions. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

# INSTRUCTION NO. 2

## Burden of Proof – Preponderance of the Evidence

When a party has the burden of proving any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

# INSTRUCTION NO. 3

## Burden of Proof – Clear and Convincing Evidence

When a party has the burden of proving any claim or defense by clear and convincing evidence, it means that the party must present evidence that leaves you with a firm belief or conviction that it is highly probable that the factual contentions of the claim or defense are true. This is a higher standard of proof than proof by a preponderance of the evidence, but it does not require proof beyond a reasonable doubt.

# INSTRUCTION NO. 4

## What is Evidence

The evidence you are to consider in deciding what the facts are consists of:

1.    the sworn testimony of any witness;

2.    the exhibits that are admitted into evidence;

3.    any facts to which the lawyers have agreed; and

4.    any facts that I may instruct you to accept as proved.

# INSTRUCTION NO. 5

## Stipulations of Fact

The parties have agreed to certain facts to be placed in evidence as Exhibit 1. You must therefore treat these facts as having been proved.

# INSTRUCTION NO. 6

## What is Not Evidence

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

1.     Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they may say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2.     Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

3.     Testimony that is excluded or stricken, or that you are instructed to disregard, is not evidence and must not be considered.

4.     Anything you may see or hear when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

## INSTRUCTION NO. 7

### Direct and Circumstantial Evidence

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

## INSTRUCTION NO. 8

**Redactions are not evidence.**

You will note that there are black markings or redactions on certain exhibits discussed during trial. Private information has been removed from certain exhibits. In addition, information one or more of the parties contend is privileged has been redacted from certain exhibits. You are not to speculate about what that private or privileged information is. Do not consider it in any way and do not guess or speculate about what has been excluded from your view.

.

# INSTRUCTION NO. 9

## Credibility of Witnesses

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)    the opportunity and ability of the witness to see or hear or know the things testified to;

(2)    the witness's memory;

(3)    the witness's manner while testifying;

(4)    the witness's interest in the outcome of the case, if any;

(5)    the witness's bias or prejudice, if any;

(6)    whether other evidence contradicted the witness's testimony;

(7)    the reasonableness of the witness's testimony in light of all the evidence; and

(8)    any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

You must avoid bias, conscious or unconscious, based on the witness's race, color, religious beliefs, national origin, sexual orientation, gender identity, or gender in your determination.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

# INSTRUCTION NO. 10

## Expert Opinion Testimony

You have heard testimony from Professor Paul Gugliuzza, Kimberly Schenk, and Dr. Adam Sorini who testified about their opinions and the reasons for those opinions. This opinion testimony is allowed, because of the specialized knowledge, skill, experience, training, or education of these witnesses.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it and give it as much weight as you think it deserves, considering the witnesses' specialized knowledge, skill, experience, training, or education, the reasons given for the opinion, and all the other evidence in the case.

# INSTRUCTION NO. 11

## Charts and Summaries Not Received In Evidence

Certain charts and summaries not admitted into evidence have been shown to you to help explain the contents of books, records, documents, or other evidence in the case. Charts and summaries are only as good as the underlying evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

# INSTRUCTION NO. 12

## Two or More Parties—Different Legal Rights

You should decide the case as to each defendant separately. Unless otherwise stated, the instructions apply to all parties.

# INSTRUCTION NO. 13

## Alter Ego

Limitations on personal liability are a legitimate purpose served by the form of corporations and limited liability companies. The separate existence of a corporation or limited liability company should not be disregarded solely because its assets may not presently be sufficient to discharge its obligations.

In exceptional circumstances, however, you may look beyond the form of a corporation or a limited liability company and impose personal liability on members, shareholders or directors of that entity. This is known as disregarding the corporate form or "piercing the corporate veil." There are two different ways to determine when piercing the corporate veil is appropriate.

As one option, the corporate veil may be pierced when:

a)  an individual has intentionally misused the form of the corporation or limited liability company in order to violate or evade a duty owed to another; and

b)  disregarding the corporate form is necessary and required to prevent an unjustified loss to another person or entity.

Alternatively, the corporate veil may be pierced when the corporate entity has been disregarded by the principals themselves so that there is such a unity of ownership and interest that the separateness of the corporation has ceased to exist.

When determining whether a party has disregarded the corporate form, you may consider evidence including, but not limited to:

a) commingling of funds;

b) adequacy of capitalization;

c) the movement of assets between related entities;

d) the use of a corporation as a mere shell or conduit; and

e) whether the principals have themselves disregarded corporate separateness.

## INSTRUCTION NO. 14

### Liability of Corporations—Scope of Authority Not in Issue

Under the law, a corporation is considered to be a person. It can only act through its employees, agents, directors, or officers. Therefore, a corporation is responsible for the acts of its employees, agents, directors, and officers performed within the scope of authority.

## INSTRUCTION NO. 15

### Findings of Fact—Defendants' Discovery

The Court has found that Defendants Leigh Rothschild, Rothschild Broadcast Distribution Systems (RBDS), Display Technologies (DT), and Patent Asset Management (PAM) have failed to comply with their discovery obligations and this Court's orders to produce financial records and other documents. Accordingly, the following facts are deemed established for purposes of this action:

1. Defendants RBDS and Display Technologies are inadequately capitalized entities that do not maintain significant assets or capital reserves.

2. The funds of Defendants RBDS, Display Technologies, and PAM are not maintained separately from one another or from Defendant Rothschild, but instead flow freely among these entities and Defendant Rothschild.

3. Defendant Rothschild has failed to produce his personal financial records as ordered by this Court. From this fact, you may infer that the withheld records would have been unfavorable to Defendant Rothschild on the issues of corporate separateness, capitalization, and the movement of funds among Defendants Rothschild, RBDS, Display Technologies, and PAM.

Whether these findings are important to you in reaching a verdict in this case is for you to decide. You may choose to find them determinative, somewhat determinative, or not at all determinative in reaching your verdict.

# INSTRUCTION NO. 16

## Invalidity—Burden of Proof and Prior Art

The Court will now instruct you on the rules you must follow in deciding whether Valve has proven that Claim 7 of the '221 patent is invalid. To prove invalidity of any patent claim, Valve must persuade you that it is highly probable (see Instruction No. 3) that the claim is invalid.

In order for someone to be entitled to a patent, the invention must actually be "new" and not obvious over what came before, which is referred to as the prior art. Prior art is considered in determining whether Claim 7 of the '221 patent is obvious. Prior art may include items that were publicly known or that have been used or offered for sale, or references, such as publications or patents, that disclose the claimed invention or elements of the claimed invention.

The following are prior art to the '221 patent:

- U.S. Patent Application Publication No. US 2008/0155059 to Hardin et al. ("Hardin").

- U.S. Patent No. 7,684,673 to Monroe ("Monroe").

This prior art was not considered by the United States Patent and Trademark Office (PTO) during the prosecution of the '221 patent. Valve contends that such prior art invalidates Claim 7 of the '221 patent. In deciding the issue of invalidity, you may take into account the fact that the prior art was not considered by the PTO when it issued the '221 patent. Prior art that differs from the prior art considered by the PTO may carry more weight than the prior art that was

considered and may make Valve's burden of showing that it is highly probable that a patent claim is invalid easier to sustain.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

# INSTRUCTION NO. 17

## Invalidity—Perspective of One of Ordinary Skill in the Art

The question of invalidity of a patent claim is determined from the perspective of a person of ordinary skill in the art in the field of the asserted invention as of August 29, 2011. A person of ordinary skill in the art would have (1) a bachelor's degree in computer science or a related scientific field such as electrical engineering or physics; and (2) approximately 2 years of work experience with networked computer systems and content delivery protocols used with such systems. An additional 4 years of professional work experience with networked computer systems, digital content, and content delivery protocols could substitute for lack of a bachelor's degree in the previously mentioned fields.

# INSTRUCTION NO. 18

## Interpretation of Claim 7

Before you decide whether Claim 7 of the '221 patent is invalid, you will need to understand the patent claims. The patent claims are numbered sentences at the end of the patent that describes the boundaries of the patent's protection. It is my job as judge to explain to you the meaning of any language in the claims that needs interpretation.

The Court has interpreted the meaning of some of the language in Claim 7 of the '221 patent. You must accept that interpretation as correct. My interpretation of the language should not be taken as an indication that I have a view regarding the issue of invalidity. The decision regarding invalidity of Claim 7 is yours to make.

In Claim 7, the term "media data includes time data that indicates a length of time to store the requested media content" does not include storage policies, document retention policies, emails or any data stored in a database. For clarity, "time data that indicates a length of time to store the requested media content" is not excluded from the scope of the claim if such time data is included in the request message and subsequently stored in a database.

# INSTRUCTION NO. 19

## Invalidity—Obviousness

Not all innovations are patentable. A patent claim is invalid if the claimed invention would have been obvious to a person of ordinary skill in the field as of August 29, 2011. This means that even if all of the requirements of the claim cannot be found in a single prior art reference that would anticipate the claim or constitute a statutory bar to that claim, a person of ordinary skill in the field, as I instructed you on previously, who knew about all this prior art would have come up with the claimed invention.

The ultimate conclusion of whether a claim is obvious should be based upon your determination of several factual decisions.

First, you must apply the level of ordinary skill that I instructed you on previously.

Second, you must decide the scope and content of the prior art.

Third, you must decide what difference, if any, existed between the claimed invention and the prior art.

A patent claim composed of several elements is not proved obvious merely by demonstrating that each of its elements was independently known in the prior art. In evaluating whether such a claim would have been obvious, you may consider whether Valve has identified a reason that would have prompted a person of ordinary skill in the field to combine the elements or concepts from the prior art in the same way as in the claimed invention. There is no single way to define the line

between true inventiveness on the one hand (which is patentable) and the application of common sense and ordinary skill to solve a problem on the other hand (which is not patentable). For example, market forces or other design incentives may be what produced a change, rather than true inventiveness. You may consider whether a person of ordinary skill in the field would look to the prior art to help solve the particular problem at hand. You may consider whether the change was merely the predictable result of using prior art elements according to their known functions, or whether it was the result of true inventiveness. You may also consider whether there is some teaching or suggestion in the prior art to make the modification or combination of elements claimed in the patent. Also, you may consider whether the innovation applies a known technique that had been used to improve a similar device or method in a similar way. You may also consider whether the claimed invention would have been obvious to try, meaning that the claimed innovation was one of a relatively small number of possible approaches to the problem with a reasonable expectation of success by those skilled in the art. However, you must be careful not to determine obviousness using the benefit of hindsight; many true inventions might seem obvious after the fact. You should put yourself in the position of a person of ordinary skill in the field on August 29, 2011 and you should not consider what is known today or what is learned from the teaching of the patent.

# INSTRUCTION NO. 20

## Contracts—Issues

The following is a summary of Valve's breach of contract claims provided to help you understand the issues in the case. You are not to take this instruction as proof of the matters claimed. It is for you to decide, based upon the evidence presented, whether a claim has been proved.

Valve claims that Defendants Leigh Rothschild, Display Technologies ("DT"), and Rothschild Broadcast Distribution Systems ("RBDS") breached the 2016 Global Settlement and License Agreement ("GSLA").

The Court has already found as a matter of law that Leigh Rothschild and DT breached the GSLA when they sued Valve in September 2022 on U.S. Patent No. 9,300,723 to which Valve already held a license and on which Leigh Rothschild and DT promised not to sue Valve. Therefore, the only issue you need to decide as to this breach of contract is whether that breach was material and the amount of damages owed to Valve for that breach.

Valve also claims that Leigh Rothschild and RBDS anticipatorily breached the GSLA by threatening to sue Valve in June 2023 on U.S. Patent No. 8,856,221 to which Valve was already licensed and which Leigh Rothschild and RBDS promised not to sue Valve on, unless Valve paid them more money.

Valve also claims to have sustained damages as a result of these breaches of the contract, and seeks a judgment against Leigh Rothschild, DT, and RBDS for these damages.

1        Leigh Rothschild, DT, and RBDS deny these claims.

2        Leigh Rothschild, DT, and RBDS further deny that Valve was damaged.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

# INSTRUCTION NO. 21

## Burden of Proof—Breach of Contract

Valve has the burden of proving each of the following propositions on its claim for breach of contract for the June 2023 demand letter:

1) That Leigh Rothschild and Rothschild Broadcast Distribution Systems repudiated their obligations under the 2016 GSLA. The Court has already found that the June 2023 demand letter was an repudiation;

2) That Leigh Rothschild and Rothschild Broadcast Distribution Systems lacked a just excuse for that repudiation. A just excuse may include a genuine mistake or misunderstanding as to facts or laws;

3) That Valve was damaged as a result of Leigh Rothschild's and Rothschild Broadcast Distribution Systems' repudiation.

If you find from your consideration of all the evidence that each of these propositions has been more likely than not proved, your verdict should be for Valve on this claim. On the other hand, if any of these propositions has not been more likely than not proved, your verdict should be for Defendants on this claim.

## INSTRUCTION NO. 22

### Contracts—Breach—Non-Performance of Duty

The failure to perform fully a contractual duty when it is due is a breach of contract.

## INSTRUCTION NO. 23

### Contracts—Repudiation

A party repudiates an agreement when he indicates, by his words or actions, that he is not going to perform his obligations under the agreement in the future, showing a fixed intention to abandon, renounce, and refuse to perform the agreement. The repudiation must be absolute and unconditional.

The Court has already found that by sending the 2023 demand letter, Defendants Leigh Rothschild and Rothschild Broadcast Distribution Systems repudiated the GSLA.

# INSTRUCTION NO. 24

## Contracts—Material Breach—Definition

A "material breach" is a breach that is serious enough to justify the other party in abandoning the contract.

The circumstances to consider in determining whether a failure to comply is material include:

1. the extent to which the injured party will be deprived of the benefit which he reasonably expected;

2. the extent to which the injured party can be adequately compensated for the part of that benefit of which he will be deprived;

3. the extent to which the party failing to perform or to offer to perform will suffer forfeiture;

4. the extent to which the behavior of the party failing to perform or to offer to perform comports with standards of good faith and fair dealing.

# INSTRUCTION NO. 25

## Contracts—Remedies

Because the Court has already found that Leigh Rothschild and Display Technologies breached the 2016 GSLA in September 2022, you must determine Valve's damages for that claim. Valve has the burden of proving damages by a preponderance of the evidence.

If you find that Leigh Rothschild, Display Technologies, and Rothschild Broadcast Distribution Systems materially breached the 2016 GSLA, then in order to prevent unjust enrichment of those Defendants, Valve is entitled to the restoration of any benefit conferred on Leigh Rothschild, Display Technologies, and Rothschild Broadcast Distribution Systems.

Restoration of the benefit conferred is measured by either the amount which the benefit would have cost had the defendant obtained the benefit from some other person in plaintiff's position, or alternatively by the extent to which the defendant has benefitted.

## INSTRUCTION NO. 26

### Nominal Damages—Breach of Contract

The law that applies to Valve's breach of contract claim authorizes an award of nominal damages. If you find for Valve on breach of contract but you find that Valve has failed to prove damages as defined in these instructions, you must award nominal damages. Nominal damages may not exceed one dollar.

# INSTRUCTION NO. 27

## Patent Troll Prevention Act—Bad Faith

Valve alleges that Defendants asserted patent infringement in bad faith in violation of the Washington Patent Troll Prevention Act by sending the June 2023 demand letter. To prove a violation of the Washington Patent Troll Prevention Act, Valve must persuade you that it is highly probable that Defendants made their assertion of patent infringement in the June 2023 demand letter in bad faith.

In determining whether Defendants asserted patent infringement in bad faith, you may consider evidence on any of the following factors, in addition to any other evidence presented by the parties bearing on the presence of bad faith on the part of Defendants. Although you should consider any evidence of these factors, the relevance and importance of any individual factor to your decision on whether Defendants acted in bad faith is up to you.

1. Whether Defendants threatened legal action that cannot legally be taken;

2. Whether the June 2023 demand letter did not contain the patent number or numbers issued by the United States patent office, the name and address of the patent owner, or factual allegations related to the specific areas in which Valve's product, service, or technology infringed upon the patent or was covered by the claims in the patent;

3. Before sending the letter asserting Valve engaged in patent infringement, whether Defendants failed to conduct any reasonable analysis comparing the claims in the patent to Valve's product, service, or technology;

4. Whether Defendants' assertion of patent infringement contained false, misleading, or deceptive information;

5. Whether Defendants, or a subsidiary or an affiliate of Defendants, previously filed or threatened to file one or more lawsuits based on the same or substantially equivalent assertion of patent infringement, and a court found the assertion to be without merit or found the assertion contains false, misleading, or deceptive information;

6. Whether Defendant Rothschild intentionally uses undercapitalized companies for issuing threats of patent infringement while being shielded from personal liability under state laws like the Washington Patent Troll Prevention Act;

7. Whether Defendants RBDS and Display Technologies are shell companies that are intentionally maintained with minimal assets and capital to shield Defendant Rothschild from personal liability from the fee-shifting risk associated with making baseless infringement assertions;

8. After Valve filed the present lawsuit accusing Defendants of violating the Washington State Patent Troll Prevention Act, whether Defendants, or other entities they own or control, filed patent infringement lawsuits against Valve for retaliatory reasons to gain leverage over Valve in this case;

9. Whether Defendants engaged in a pattern of litigation abuses characterized by the repeated filing of patent infringement actions for the

sole purpose of forcing settlements with no intention of testing the merits of the infringement claims;

10. Whether Defendants exploited the high cost to defend patent litigation to extract nuisance value settlements; and

11. Whether Defendants were willfully ignorant of prior art to the '221 patent.

# INSTRUCTION NO. 28

## Patent Troll Prevention Act—Good Faith

In determining whether Defendants asserted patent infringement in bad faith, you may also consider the following factors as evidence that Defendants have made an assertion of patent infringement in good faith. Although you should consider any evidence of these factors, the relevance and importance of any individual factor to your decision on whether Defendants acted in bad faith is up to you:

1.  Whether Defendants have

    a.  Engaged in reasonable analysis to establish a reasonable, good faith basis for believing Valve has infringed the patent; and

    b.  Attempted to negotiate an appropriate remedy in a reasonable manner.

2.  Whether Defendants have:

    a.  Demonstrated reasonable business practices in previous efforts to enforce the patent; or

    b.  Successfully enforced the patent, or a substantially similar patent, through litigation.

3.  Whether any Defendant is:

    a.  An inventor of the patent or an original assignee;

    b.  An institution of higher education or a technology transfer organization affiliated with an institution of higher education; or

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

    c.  Any owner or licensee of a patent who is using the patent in connection with substantial research, development, production, manufacturing, processing, or delivery of products or materials.

# INSTRUCTION NO. 29

## Patent Troll Prevention Act—Objective Baselessness and Improper Purpose

To find that the Defendants violated the Washington Patent Troll Prevention Act, Valve is also required to prove that it is highly probable that the patent infringement threat as to the '221 Patent was objectively baseless and made with an improper purpose.

The Court has already found that Defendants' assertion of patent infringement as to the '221 Patent was objectively baseless.

An assertion of patent infringement is made for an improper purpose when the assertion is made to injure the alleged infringer through the legal process, rather than seek a legal outcome aimed at remedying the infringement.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

## INSTRUCTION NO. 30

### Violation of the Consumer Protection Act

Because Valve alleges that Defendants violated the Washington Patent Troll Prevention Act, Valve has also alleged that Defendants violated the Washington Consumer Protection Act. To prove this claim, Valve has the burden of proving that it is more likely than not that each of the following elements is met:

1. That Defendants engaged in an unfair or deceptive act or practice.

2. That the act or practice occurred in the conduct of Defendants' trade or commerce;

3. That the act or practice affects the public interest;

4. That Valve was injured in its business or property; and

5. That Defendants' act or practice caused Valve's injury.

If you find from you consideration of all the evidence that each of these elements has been proven, your verdict should be for Valve on this claim. If any of these elements has not been proven, your verdict should be for Defendants on this claim.

# INSTRUCTION NO. 31

## *Per Se* Violation of the Consumer Protection Act

A violation of the Washington Patent Troll Prevention Act is an unfair or deceptive act or practice that affects the public interest. If you find that Defendants violated the Washington Patent Troll Prevention Act, you must find that the first and third elements of a Consumer Protection Act violation have been proven by Valve. More specifically, if you find that Defendants violated the Washington Patent Troll Prevention Act, you must find that:

- That Defendants engaged in an unfair or deceptive act or practice
- That the act or practice affects the public interest.

1

## INSTRUCTION NO. 32

2

### Consumer Protection Act—Definition—Trade or Commerce

3
4
5

The phrase "trade or commerce" includes the sale of assets or services, and any commerce directly or indirectly affecting the people of the State of Washington. The word "assets" includes anything of value.

## INSTRUCTION NO. 33

### Injury in Consumer Protection Act Claim

Valve has suffered an "injury" if is it more likely than not that its business or property has been injured to any degree. Under the Consumer Protection Act, Valve has the burden of proving that it has been injured, but no specific monetary amount need be proved and proof of any injury is sufficient, even if expenses or losses caused by the violation are minimal.

Injuries to business or property include: financial loss, time away from work, inability to tend to business establishment, and diverting resources so that they are no longer available to invest, develop, and produce new products, expand, or hire new workers.

## INSTRUCTION NO. 34

### Causation in Consumer Protection Act Claim

Valve has the burden of proving that each Defendants' unfair or deceptive act or practice was more likely than not the proximate cause of Valve's injury.

"Proximate cause" means a cause which in direct sequence produces the injury complained of and without which such injury would not have happened.

There may be more than one proximate cause of an injury.

# INSTRUCTION NO. 35

## Damages Under Consumer Protection Act Claim—Proof

It is the duty of the Court to instruct you about the measure of damages under the Consumer Protection Act. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for Valve on its claim under the Consumer Protection Act, you must determine Valve's damages. Valve has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate Valve for any injury you find was caused by the Defendants. You should consider the following:

In determining the measure of damages, you should consider:

The nature and extent of the injuries;

The time spent addressing Defendants' June 2023 Letter;

Investigation expenses resulting from Defendants' June 2023 Letter;

Inability to tend to business establishment;

The reasonable value of salaries, time, wages, and business opportunities, lost or diverted that are no longer available to invest, develop and produce new products, expand, or hire new workers;

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

# INSTRUCTION NO. 36

**Enhanced Damages Under Consumer Protection Act Claim—Proof**

If you find that Defendants violated the Consumer Protection Act, and that the violation caused Valve damages, you may enhance the damages that you award Valve for Defendants' violation.

In deciding whether to enhance the damages you award Valve, you must consider whether an enhanced award is necessary to (1) financially reimburse Valve, (2) to encourage private citizens, such as Valve, to bring actions under the Consumer Protection Act to benefit the public, (3) to punish Defendants for their conduct, or (4) to deter Defendants from engaging in similar conduct in the future.

You may award whatever enhanced damages you believe are appropriate, but the total amount of the damages awarded may not exceed three times the amount of the actual damages sustained by Valve or $25,000, whichever is lower.

# INSTRUCTION NO. 37

## Duty to Deliberate

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

# INSTRUCTION NO. 38

## Consideration of Evidence—Conduct of the Jury

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations.

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, via text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, the platform "X" formerly known as Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet

programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings. If any juror is exposed to any outside information, please notify the court immediately.

# INSTRUCTION NO. 39

## No Transcript Available to Jury

During deliberations, you will have to make your decision based on what you recall of the evidence. You will not have a transcript of the trial.

# INSTRUCTION NO. 40

## Communication with Court

If it becomes necessary during your deliberations to communicate with me, you may send a note through the Courtroom Deputy, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

# INSTRUCTION NO. 41

## Bench Conferences and Recesses

From time to time during the trial, it became necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury was present in the courtroom, or by calling a recess. Please understand that while you were waiting, we were working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we have done what we could to keep the number and length of these conferences to a minimum. I did not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

# INSTRUCTION NO. 42

## Access to Electronic Evidence

Those exhibits received in evidence that are capable of being displayed electronically will be provided to you in that form, and you will be able to view them in the jury room. A computer, projector, printer and accessory equipment will be available to you in the jury room.

A court technician will show you how to operate the computer and other equipment; how to locate and view the exhibits on the computer; and how to print the exhibits. You will also be provided with a paper list of all exhibits received in evidence. (You may request a paper copy of any exhibit received in evidence by sending a note through the Courtroom Deputy.) If you need additional equipment or supplies or if you have questions about how to operate the computer or other equipment, you may send a note to the Courtroom Deputy, signed by your foreperson or by one or more members of the jury. Do not refer to or discuss any exhibit you were attempting to view.

If a technical problem or question requires hands-on maintenance or instruction, a court technician may enter the jury room with the Courtroom Deputy present for the sole purpose of assuring that the only matter that is discussed is the technical problem. When the court technician or any nonjuror is in the jury room, the jury shall not deliberate. No juror may say anything to the court technician or any nonjuror other than to describe the technical problem or to seek information

about operation of the equipment. Do not discuss any exhibit or any aspect of the case.

The sole purpose of providing the computer in the jury room is to enable jurors to view the exhibits received in evidence in this case. You may not use the computer for any other purpose. At my direction, technicians have taken steps to ensure that the computer does not permit access to the Internet or to any "outside" website, database, directory, game, or other material. Do not attempt to alter the computer to obtain access to such materials. If you discover that the computer provides or allows access to such materials, you must inform the court immediately and refrain from viewing such materials. Do not remove the computer or any electronic data or media from the jury room, and do not copy any such data.

# INSTRUCTION NO. 43

## Return of Verdict

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your presiding juror should complete the verdict form according to your deliberations, sign and date it, and advise the Courtroom Deputy that you are ready to return to the courtroom.