UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VALVE CORPORATION,<br><br>        Plaintiff,<br><br>  v.<br><br>ROTHSCHILD ET AL,<br><br>        Defendants. | CASE NO. 2:23-cv-01016-JNW<br><br>ORDER DENYING VALVE'S MOTIONS TO SEAL |

# 1. INTRODUCTION

This matter comes before the Court on a pair of motions to seal filed by Plaintiff Valve Corporation. Dkt. Nos. 139, 145. Having reviewed the motions, the replies, Dkt. Nos. 159, 165, the relevant record, and all other supporting materials, the Court DENIES the motions.

# 2. BACKGROUND

In a flurry of late-October filings, Valve twice moved to file under seal certain documents and materials which Defendants had designated as "Confidential" under the Court's Protective Order, Dkt. No. 52. The first motion seeks to seal confidential

ORDER DENYING VALVE'S MOTIONS TO SEAL - 1

documents filed by Valve in support of its Motion for Partial Summary Judgment, Dkt. No. 141, specifically Exhibits 3, 4, 9, and 11 to the Declaration of Dario A. Machleidt and Exhibit 14 to the Declaration of Christopher Schenck. *See* Dkt. No. 140. The second motion seeks to seal documents filed in support of Valve's Motion for Rule 37(d) Sanctions, Dkt. No. 147, specifically Exhibits 10, 11, 12, 13, 14, 15, 16, 17, and 32 to the Declaration of Dario A. Machleidt along with portions of the motion referring to those documents. *See* Dkt. No. 146.

Designator Defendants did not respond to either motion to seal. See Dkt. Nos. 159, 165. The Court briefly addresses the relevant legal standard before turning to the merits of the motions.

### 3. DISCUSSION

**3.1    Legal standard.**

The party seeking to keep material filed under seal must meet either the "good cause" or "compelling interest" standard. *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016). The "compelling interest" test applies if "the motion [related to which the materials are filed] is more than tangentially related to the merits of a case." *Id.* Here, the Court finds that the compelling interest test applies, as the materials Valve asks the Court to seal are related to a dispositive motion, *see* Dkt. No. 141, and a motion for sanctions seeking the Court to designate certain facts as true, *see* Dkt. No. 147, both of which are "more than tangentially related to the merits of the case." *Id.*

Under the "compelling interest" test, the Court must "conscientiously balance[] the competing interests of the public and the party who seeks to keep certain judicial records secret." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citation and quotation omitted). The Court may only seal records if it "base[s] its decision on a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* (citation and quotation omitted). "The burden is on the party requesting a protective order to demonstrate that (1) the material in question is a trade secret or other confidential information within the scope of Rule 26(c), and (2) disclosure would cause an identifiable, significant harm." *Foltz v. State Farm Mutual Auto. Ins. Co.*, 331 F.3d 1122, 1131 (9th Cir. 2003) (citation and quotation omitted). The Local Rules require the party seeking to keep materials under seal—in this case, the Defendants—to show: (1) "the legitimate private or public interests that warrant the relief sought"; (2) "the injury that will result if the relief sought is not granted"; and (3) "why a less restrictive alternative to the relief sought is not sufficient." Local Civil Rule 5(g)(3)(B).

### 3.2 By not responding to the motions, Defendants do not meet their burden to show why the designated information should remain under seal.

As the designating party, Defendants were required to satisfy Local Civil Rule 5(g)(3)(B). Despite Valve's prompting, *see, e.g.,* Dkt. No. 139 at 3; Dkt. No. 145 at 2, Defendants did not respond to the motions to seal. Accordingly, Defendants failed to argue or otherwise demonstrate by affidavit or sworn declaration what legitimate interests they had in maintaining the designated information under seal,

how the unsealing of this information would result in injury, or why sealing of the exhibits in their entirety—rather than less-restrictive redactions—was necessary to prevent that injury. *See* LCR 5(g)(3)(B). That showing is required before the Court may permit the documents to remain under seal. *See Mahone v. Amazon.com, Inc.*, No. C22-594 MJP, 2024 WL 278934, at *1 (W.D. Wash. Jan. 25, 2024) (citing LCR 5(g)(3)(B) in denying motion to seal when the designating party failed to file a response). The Court thus DENIES the motions.

### 4.  CONCLUSION

Designator Defendants fail to fulfill the requirements of LCR 5(g)(3)(B) as to the documents filed at Dkt. No. 140 and Dkt. No. 146, which they had previously designated as confidential. The Local Rules required them to produce *some* evidence to show what injury they would suffer should the documents be filed on the Court's public docket and why the exhibits must be sealed in their entirety to prevent that harm. Defendants' failure to respond falls well short of that standard. Therefore, the motions are DENIED. The Clerk is ORDERED to unseal the documents filed at Dkt. No. 140 and Dkt. No. 146.

Dated this 25th day of February, 2026.

Jamal N. Whitehead
United States District Judge

ORDER DENYING VALVE'S MOTIONS TO SEAL - 4