UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VALVE CORPORATION, | CASE NO. 2:23-cv-01016-JNW |
| Plaintiff, | ORDER ON MOTIONS TO SEAL |
| v. | |
| ROTHSCHILD ET AL, | |
| Defendants. | |

## 1. INTRODUCTION

This matter comes before the Court on a number of pending motions to seal filed by Plaintiff Valve Corporation. Dkt. Nos. 171, 180, 186, 192, 203, 206, 212. For the reasons below, Dkt. No. 171 is GRANTED IN PART and DENIED IN PART, and the remaining motions are DENIED IN FULL.

## 2. DISCUSSION

**2.1    Legal standard.**

There is a strong presumption in favor of public access to court records. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016). This

ORDER ON MOTIONS TO SEAL - 1

long-standing presumption is a background rule to judicial process rooted in the common law. *See id.* at 1102. Its purpose is to promote confidence in the administration of justice and accountability to the public. *Id.* at 1096. To overcome the public right of access to court records, a party must meet one of two standards, depending on the type of motion to which the documents relate. When the motion is "more than tangentially related to the merits of a case," a party must articulate a "compelling reason" supported by specific facts that justifies keeping records out of public view. *Id.* at 1096–97, 1101. For a motion that is unrelated to the merits, a party must show "good cause," *id.* at 1097, a less-exacting standard defined as "specific prejudice or harm will result if no protective order is granted." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003).

Under either test, Local Civil Rule 5(g)(3)(B) requires the party seeking to keep materials under seal—typically the party who designated that material as confidential—to show: (1) "the legitimate private or public interests that warrant the relief sought"; (2) "the injury that will result if the relief sought is not granted"; and (3) "why a less restrictive alternative to the relief sought is not sufficient." This requirement remains the same even when motion to seal is stipulated or unopposed. *See* LCR 5(g)(3).

**2.2   Dkt. No. 171.**

Valve first seeks to maintain under seal an unredacted copy of Valve's Opposition to Defendants' Motion for Summary Judgment and Reply in Support of its Motion for Summary Judgment as well as Exhibits 17–18, 25 and 39–40 to the

Declaration of Dario A. Machleidt, all of which have been filed under seal on the Court's Docket at Dkt. No. 172.

Valve redacted "certain limited information" from Exhibit 25, including financial details related to the prior settlements between the parties, attorneys fees, and the consideration paid for the 2016 Global Settlement and License Agreement (GSLA), and argue that there is good cause to seal this information because it is "not relevant to the arguments made" in the parties' dispositive motions. Dkt. No. 171 at 2. The Court agrees and GRANTS the motion as to Exhibit 25 to the Machleidt Declaration, Dkt. No. 172-3.

The remaining information which Valve seeks to seal are documents containing information which Defendants had designated as confidential. Dkt. No. 171 at 2. Valve "takes no position" as to whether the documents should remain under seal. *Id.* Meanwhile, as the designating party, Defendants were required to satisfy Local Civil Rule 5(g)(3)(B). But Defendants failed to argue or otherwise demonstrate via affidavit or sworn declaration what legitimate interests they had in maintaining the designated information under seal, how unsealing this information would result in injury, or why sealing the exhibits in their entirety, rather than less-restrictive redactions, was necessary to prevent that injury. *See* LCR 5(g)(3)(B). Absent such a showing, the Court will not permit the report to remain under seal. *See Mahone v. Amazon.com, Inc.*, No. C22-594 MJP, 2024 WL 278934, at *1 (W.D. Wash. Jan. 25, 2024) (citing LCR 5(g)(3)(B) in denying plaintiff's motion to seal based on the designator defendants' failure to file a response). Accordingly, the motion is DENIED as to Exhibits 17, 18, 39, 40 to the Machleidt Declaration. The

ORDER ON MOTIONS TO SEAL - 3

Clerk is INSTRUCTED to unseal the documents at Dkt. No. 172-1, 172-2, 172-4, and 172-5. Within fourteen days of this Order, Valve is ORDERED to refile their Opposition to Defendants' Motion for Summary Judgment and Reply in Support of its Motion for Summary Judgment on the Docket, Dkt. No. 173, without the corresponding redactions to the now-unsealed documents.

The same result follows for the remaining motions.

**2.3   Dkt. No. 180.**

Valve next seeks to maintain under seal an unredacted copy of Valve's Motions in Limine and Exhibits 1, 3, 5, 12, and 16 to the Machleidt Declaration, all of which have been filed under seal at Dkt. No. 181. As with the materials addressed above, Valve takes no position, and Defendants—the designating party—have not filed the response required by LCR 5(g)(3)(B). Accordingly, the motion is DENIED. The Clerk is INSTRUCTED to unseal the documents at Dkt. No. 181.

**2.4   Dkt. No. 186.**

Valve next seeks to maintain under seal an unredacted copy of Valve's Second Motion for Sanctions and Exhibits 2, 3, 5, 6 and 8–10 to the Machleidt Declaration, all of which have been filed under seal at Dkt. No. 187. As with the materials addressed above, Valve takes no position, and Defendants—the designating party—have not filed the response required by LCR 5(g)(3)(B). Dkt. No. 186 at 2–3. Accordingly, the motion is DENIED. The Clerk is INSTRUCTED to unseal the documents at Dkt. No. 187.

**2.5   Dkt. No. 192.**

Valve next seeks to maintain under seal the deposition designations submitted by Valve in the parties' Joint Submission as Exhibits 1–4 and 6–7, which have been filed under seal at Dkt. No. 193. As with the materials addressed above, Valve takes no position, and Defendants—the designating party—have not filed the response required by LCR 5(g)(3)(B). Dkt. No. 192 at 2–3. Accordingly, the motion is DENIED. The Clerk is INSTRUCTED to unseal the documents at Dkt. No. 193.

**2.6   Dkt. No. 203.**

Valve next seeks to maintain under seal certain deposition designations and counter-designations in the parties' Supplemental Joint Submission of Deposition Designations as Exhibits 1–2, which have been filed under seal at Dkt. No. 204. As with the materials addressed above, Valve takes no position, and Defendants—the designating party—have not filed the response required by LCR 5(g)(3)(B).. Dkt. No. 203 at 2–3. Accordingly, the motion is DENIED. The Clerk is INSTRUCTED to unseal the documents at Dkt. No. 204.

**2.7   Dkt. No. 206.**

Valve next seeks to maintain under seal Valve's Opposition to Defendants' Motions in Limine, the Declaration of Dario A. Machleidt in support of the same, and Trial Exhibits 272, 276, 322, and 329, which have been filed under seal at Dkt. No. 207. As with the materials addressed above, Valve takes no position, and Defendants—the designating party—have not filed the response required by LCR

ORDER ON MOTIONS TO SEAL - 5

5(g)(3)(B). Dkt. No. 206 at 2–3. Accordingly, the motion is DENIED. The Clerk is INSTRUCTED to unseal the documents at Dkt. No. 207.

**2.8   Dkt. No. 212.**

Valve finally seeks to maintain under seal Valve's Reply in Support of its Second Motion for Sanctions and Exhibits 1–2 and 9 to the Machleidt Declaration, which have been filed under seal at Dkt. No. 213. As with the materials addressed above, Valve takes no position, and Defendants—the designating party—have not filed the response required by LCR 5(g)(3)(B). Accordingly, the motion is DENIED. The Clerk is INSTRUCTED to unseal the documents at Dkt. No. 213.

### 3.   CONCLUSION

In sum, the Court ORDERS the following:

1. The Clerk is INSTRUCTED to unseal the documents at Dkt. Nos. 172-1, 172-2, 172-4, 172-5, 181, 187, 193, 204, 207, and 213.

2. Within FOURTEEN (14) days of this Order, Valve MUST refile its Opposition to Defendants' Motion for Summary Judgment and Reply in Support of its Motion for Summary Judgment on the Docket, Dkt. No. 173, without the corresponding redactions to the now-unsealed Dkt. Nos. 172-1, 172-2, 172-4, 172-5.

Dated this 26th day of February, 2026.

Jamal N. Whitehead
United States District Judge