1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VALVE CORPORATION,<br><br>               Plaintiff,<br><br>     v.<br><br>ROTHSCHILD ET AL,<br><br>               Defendants. | CASE NO. 2:23-cv-01016-JNW<br><br>ATTORNEY FEE ORDER |

This matter comes before the Court on Plaintiff Valve Corporation's fee petition. Dkt. No. 178. Having reviewed the petition, Defendants' response, Dkt. No. 185, and all other supporting materials, the Court AWARDS Valve $11,500.00 in attorneys' fees.

This case arises from Valve's claims that Defendants issued bad faith threats of patent infringement related to a patent to which Valve held a license. During discovery, Valve served Defendants with Requests for Production and Interrogatories seeking, among other things, "targeted financial discovery" and information relevant to Defendants' asserted defenses. When the discovery wasn't produced, Valve moved to compel. *See* Dkt. No. 83. The Court granted the motion and invited Valve to seek its reasonable attorney's fees and expenses via a fee petition. *See* Dkt. No. 175 at 7–8.

Under Federal Rule of Civil Procedure 37(a)(5)(A), if a motion to compel is granted, the court "must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion" to pay the movant's reasonable expenses, including attorney's fees, unless the opposing party's position was substantially justified or other circumstances make an award unjust. In determining a reasonable fee, the Court retains "wide discretion in fixing the reasonable value of legal services." *Wash. v. Alderwood Surgical Ctr., LLC*, No. C22-1835-RSM, 2023 WL 8449382, at *2 (W.D. Wash. Dec. 6, 2023).

Valve now seeks $13,651.50 in attorneys' fees for 13.7 hours of attorney time spent working on its motion to compel, broken down as follows:

| Attorney | Rate (per hour) | Time billed (hours) |
|---|---|---|
| **Dario Machleidt** | $1,125 | 8.5 |
| **Kathleen Geyer** | $795 | 4.3 |

| **Andie Anderson** | $745 | 0.9 |
| --- | --- | --- |

Dkt. No. 178.

The request is supported by contemporaneous billing records and a sworn declaration, and excludes block-billed and legal-secretary time. Dkt. No. 179 ¶¶ 18–20.

Defendants do not challenge the hours expended but contend that the rates are more than those charged by attorneys of comparable skill and experience in this district. Dkt. No. 185 at 7–9. They propose reduced rates yielding $7,895[1] or, in the alternative, a fee award of $11,500, observing that the overall sum Valve seeks "is not substantially above the amount which has previously been sought for a similar motion to compel." *Id*. at 10.

The Court recognizes that the broader question of post-trial attorneys' fees looms on the horizon, *see, e.g.*, Dkt. No. 232 at 29, and that a more rigorous rate analysis will be required then. For now, however, the Court need not resolve the parties rate dispute with exacting precision. Having considered the billing records, the parties' competing arguments, the Court finds that an award of $11,500 is appropriate and reasonable compensation for Valve's expenses incurred in bring the motion to compel. This amount falls within the range proposed by both parties and

---

[1] Defendants' calculation of $8,345 appears to credit Geyer for the full 1.6 hours she billed on May 9, 2025, even though Valve sought fees "only … for half of the time in that entry due to it including an additional task unrelated to the motion to compel." Dkt. No. 179 ¶ 18. This accounts for the 0.8-hour difference between the 5.1 hours Defendants attribute to Geyer and the 4.3 hours Valve requested.

ATTORNEY FEE ORDER - 3

is consistent with fees this Court has awarded in comparable situations. *See Amazon.com Servs. LLC v. Paradigm Clinical Rsch. Inst. Inc.,* No. 2:21-cv-00753, 2025 WL 1331830, at *5 (W.D. Wash. May 7, 2025) (awarding $11,600 for a motion to compel involving similarly straightforward discovery issues).

Defendants Samuel Meyler and Meyler Legal PLLC are not responsible for the payment of any fees, as they were not parties "whose conduct necessitated the motion." Fed. R. Civ. P. 37(a)(5)(A).

In sum, the Court AWARDS Valve $11,500.00 in attorneys' fees. Defendants Leigh Rothschild, RBDS, DT, and PAM must pay these fees within thirty (30) days of this order.

Dated this 26 day of February, 2026.

Jamal N. Whitehead
United States District Judge

ATTORNEY FEE ORDER - 4