1
2
3
4
5
6            **UNITED STATES DISTRICT COURT**
7        **FOR THE WESTERN DISTRICT OF WASHINGTON**
8                      **AT SEATTLE**
9

| | |
|---|---|
| 10  VALVE CORPORATION, | Case No. 2:23-cv-1016-JNW |
| 11        Plaintiff, | |
| 12      v. | **CORRECTED JOINT STATUS REPORT** |
| 13  LEIGH ROTHSCHILD, ROTHSCHILD BROADCAST DISTRIBUTION SYSTEMS, LLC, DISPLAY TECHNOLOGIES, LLC, PATENT ASSET MANAGEMENT, LLC, MEYLER LEGAL, PLLC, AND SAMUEL MEYLER, | NOTE ON MOTION CALENDAR: **March 3, 2026** |
| 14 | |
| 15 | Complaint Filed:     07/07/2023 |
| 16 | |
| 17        Defendants. | |

18

19        Pursuant to the Court's February 17, 2026 Minute Order setting a case schedule for the

20   remaining disputes between the parties (Dkt. 256) ("Order"), Plaintiff Valve Corporation

21   ("Plaintiff") and Defendants Leigh Rothschild; Rothschild Broadcast Distribution Systems, LLC;

22   Display Technologies, LLC; Patent Asset Management, LLC; Meyler Legal, PLLC; and Samuel

23   Meyler (collectively, "Defendants") (Plaintiff and Defendants collectively referred to as "the

24   Parties") submit this Joint Status Report. The information below tracks the numbering set forth in

25   the Order.

26        <u>**Issue 1 from The Court's February 17 Order:**</u>     What issues remain before the Court

27   for consideration and how the Parties envision those issues will be resolved (i.e., second jury trial,

28

CORRECTED JOINT STATUS REPORT
Case No. 2:23-cv-1016                                              1

1    bench trial, or motions practice)?

2        **Plaintiff's Position:**

3    Post-Trial Briefing

4        The following issues of law remain before the Court, and Plaintiff believes these legal

5    issues can be resolved through motions practice. Those issues are:

6        1.    The amount of attorneys' fees and costs under the Washington Consumer

7    Protection Act, RCW 19.86, that Plaintiff is entitled to recover.

8        2.    The amount of costs under Federal Rule of Civil Procedure 54(d)(1) and LCR 54(d)

9    that Plaintiff is entitled to recover.

10        3.    Whether Plaintiff is entitled to prejudgment interest and costs for Defendants'

11    breach of contract.

12        4.    Whether Plaintiff is entitled to prejudgment interest and costs for Defendants'

13    violations of Washington's Patent Troll Prevention Act, RCW 19.350.

14        5.    Whether Plaintiff is entitled to permanent injunctive relief under RCW 19.86.090

15    requiring Defendants and each of their officers, directors, agents, counsel, servants, employees,

16    and all persons in active concert or participation with them to withdraw their claims and be

17    restrained from alleging, representing, or otherwise stating that any Valve product or service

18    infringes any patent covered by the 2016 Global Settlement and License Agreement, and further

19    be restrained from instituting any action or proceeding against Valve alleging infringement of any

20    claims of any of the patents covered in the 2016 Global Settlement and License Agreement.

21        6.    Whether the '221 patent is unenforceable against Valve.

22        7.    Whether the '221 patent claims are invalid under 35 U.S.C. § 101.

23        8.    Whether the '221 patent claims are invalid under 35 U.S.C. § 112.

24        9.    Whether claim 7 of the '221 patent is invalid as obvious.

25        10.    Whether this is an exceptional case under 35 U.S.C. § 285 entitling Plaintiff to

26    recover reasonable attorneys' fees and costs, and if so, the amount Plaintiff is entitled to recover.

27        Valve proposes that the Court first address Issues 1–9 (Issue 10 depends in part on the

28

CORRECTED JOINT STATUS REPORT
Case No. 2:23-cv-1016

2

1    Court's ruling on Issues 6–9). Valve intends to file the following motions:

2    • Motion for Attorneys' Fees and Costs Under RCW 19.86.090,

3    • Motion for Bill of Costs,

4    • Motion for Findings and Conclusions Related to Invalidity and Unenforceability of
5    the '221 Patent, and

6    • Motion for Prejudgment Interest, Post-Judgment Interest, and Permanent
7    Injunction.

8    Given the scope and breadth of these issues, Valve proposed the following briefing

9    schedule for Valve's motions that address Issues 1–9:

10    • Valve's Opening Motions: April 3, 2026

11    • Defendants' Response: April 24, 2026

12    • Valve's Reply: May 8, 2026

13    Because Valve's Motion for Findings and Conclusions Related to Invalidity and

14    Unenforceability of the '221 Patent will encompass multiple bases of invalidity (Issues 6–9),

15    Valve also respectfully requests that the Court permit Valve's opening motion and Defendants'

16    response to not exceed 6,300 words and Valve's reply to not exceed 3,150 words. Valve's other

17    motions (i.e., Motion for Attorneys' Fees and Costs Under RCW 19.86.090, Motion for Bill of

18    Costs, and Motion for Prejudgment Interest, Post-Judgment Interest, and Permanent Injunction)

19    shall be subject to the word limit requirements for motions under LCR 7(d)(3).

20    Defendants request that the Rothschild Defendants and Meyler Defendants should be

21    allowed separate briefing—both of their own motions and responses to Valve's motion—and that

22    almost all of those motions should have enhanced word limits beyond those in LCR 7(d)(3).

23    Essentially, Defendants want double the word count while Valve has to respond to two sets of

24    arguments at once without additional word count. Valve opposes Defendants' requests for separate

25    briefing. The issues the Parties are proposing to brief were raised on behalf of all Defendants

26    throughout the case, making it excessive and duplicative to allow Defendants to address those

27    same issues in separate, extended post-trial briefing. Simply because the Meyler Defendants have

28

CORRECTED JOINT STATUS REPORT
Case No. 2:23-cv-1016

3

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

now retained separate counsel does not justify allowing Defendants two bites at the apple. For each brief and response, Defendants should be jointly held to the maximum word count. Valve takes no position on how those words should be allocated between Defendants.

Specifically, Valve opposes the Rothschild Defendants' and Meyler Defendants' request for 8,400 words *each* in separate briefing on post-trial issues. Valve does not oppose Defendants *jointly* having 8,400 words for their motions under Rule 50 and again takes no position on how those words should be allocated between Defendants.

Finally, because Valve's motion under 35 U.S.C. § 285 (Issue 10) will depend in part on the Court's rulings as to unenforceability and invalidity, the Parties agree that Valve files that motion 21 days after the Court resolves the remaining unenforceability and invalidity issues and that the parties brief that motion consistent with the timing and word limits under LCR 7(d)(3). For clarity, Valve seeks to file a motion under Section 285 even if it does not prevail on all issues of invalidity because it is also the prevailing party for purposes of Defendants' counterclaim of infringement of the '221 patent.

<u>Response to Defendants' Positions on Post-Trial Briefing</u>

Below, the Rothschild Defendants ask this Court for an interlocutory appeal of its pre-trial rulings, and "propose that briefing and resolution of many (1-6), if not all of the issues be stayed until after appeal of issues decided on dispositive motions before the start of trial." The Rothschild Defendants' attempt to avoid post-trial briefing on issues related to the Washington Patent Troll Prevention Act and Consumer Protection Act is nothing more than an attempt to delay the Court deciding the full amount of money Defendants owe Valve and should be rejected. Defendants specifically ask the Court to postpone briefing on attorneys' fees, costs, interest on Valve's damages under the Washington Patent Troll Prevention Act and Consumer Protection Act, and a permanent injunction that merely asks the Rothschild Defendants to abide by their contractual obligations. Defendants' stated reason for such approach is for "judicial efficiency and for conservation of the Parties['] resources."

The Meyler Defendants take a different approach and request that briefing on attorneys'

CORRECTED JOINT STATUS REPORT
Case No. 2:23-cv-1016

4

1    fees and costs proceed, but that no other post-trial briefing proceed pending interlocutory appeal,

2    also citing "judicial efficiency and for conservation of the Parties resources." Yet if all Defendants

3    wanted to conserve the Court's and the Parties' resources, it could have requested interlocutory

4    relief prior to the Parties and Court expanding significant resources for trial. *See, e.g.*, Pretrial Hrg.

5    Tr. (" THE COURT: . . . There's a lot that goes into putting on a trial. . . .").

6        All Defendants fail to meet the standard for interlocutory appeal. The Ninth Circuit has

7    "cautioned that interlocutory appeals are not appropriate 'merely to provide review of difficult

8    rulings in hard cases.'" *United States v. Washington*, 20 F. Supp. 3d 986, 1057 (W.D. Wash. 2013)

9    (quoting *U.S. Rubber Co. v. Wright*, 359 F.2d 784, 785 (9th Cir. 1966)). "Instead, interlocutory

10   appeals under section 1292(b) are to be permitted 'sparingly,' i.e., only in 'exceptional' and

11   'extraordinary' circumstances." *Id.* (citing *James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1068

12   n. 6 (9th Cir. 2002)).

13       Despite the burden being on defendants, they provide no explanation for why interlocutory

14   appeal might be appropriate here, i.e., "(1) whether a decision involves a controlling issue of law;

15   (2) whether there exists a substantial ground for difference of opinion; and (3) whether immediate

16   appeal may speed ultimate resolution of the case." *Id.*; *Couch v. Telescope Inc.*, 611 F.3d 629, 633

17   (9th Cir. 2010). The Court should deny their request.

18       Defendants cannot show that all three elements are met. Many of the issues in the Court's

19   summary judgment orders cannot meet any of these factors. For example, issues relating to breach

20   of contract and Defendants' affirmative defenses are not issues of controlling law. As another

21   example, the Court found *Noerr-Pennington* waived, and Defendants' attempt to appeal the

22   Court's substantive denial of summary judgment on a waived issue not only fails to meet any of

23   these factors but would waste the appellate court's time. Yet the *entire order* would be appealed—

24   not just issues of first impressions that Defendants point to. *McCray v. Microsoft Corp.*, No. 3:25-

25   CV-05660-RAJ, 2025 WL 3763922, at *2 (W.D. Wash. Dec. 30, 2025). This is inappropriate.

26       Moreover, merely asserting that an issue is one of first impression is insufficient to justify

27   certifying that issue for interlocutory appeal. "[J]ust because a court is the first to rule on a

28

CORRECTED JOINT STATUS REPORT
Case No. 2:23-cv-1016

5

1    particular question . . . does not mean there is such a substantial difference of opinion as will

2    support an interlocutory appeal." *Couch*, 611 F.3d at 633. In addition, many of the issues in the

3    Court's rulings on summary judgment are not issues where there exists a substantial ground for

4    difference of opinion. For example, the Court's ruling on breach of contract, Defendants'

5    affirmative defenses, and litigation privilege applies long-standing settled law. *See, e.g.*, Dkt. 218

6    at 8–16; Dkt. 56 at 19–22; *see also Couch*, 611 F.3d at 633 ("That settled law might be applied

7    differently does not establish a substantial ground for difference of opinion.").

8        Under the third factor, because the parties have already tried this case to a jury,

9    interlocutory appeal will not "speed ultimate resolution of the case." *Id.*; *see also U.S. Rubber Co.*,

10   359 at 785 ("The legislative history of subsection (b) of section 1292 . . . indicates that it was to be

11   used only in extraordinary cases where decision of an interlocutory appeal might avoid protracted

12   and expensive litigation.").

13       Defendants simply cannot meet their burden to show that interlocutory appeal is

14   appropriate.

15       Finally, the Rothschild Defendants—the materially breaching parties—also seek to ask the

16   Court to void the GSLA. Procedurally, it is not clear how the Court has jurisdiction to adjudicate

17   this question. The Rothschild Defendants dropped their breach of contract claim against Valve and

18   have no other claim or defense under which to request this remedy. Substantively, "it is the

19   general rule in nearly all jurisdictions that a party to a contract cannot breach it, and thereby secure

20   for himself some right or advantage to the detriment of the other party thereto." *Lea v. Young*, 12

21   P.2d 601, 604 (Wash. 1932). Texas contract law "is clear that '[i]f after a party breaches a

22   contract, the other party continues to insist on performance on the part of the party in default, . . .

23   the contract continues in force for the benefit of both parties.'" *Chilton Ins. Co. v. Pate & Pate

24   Enterprises, Inc.*, 930 S.W.2d 877, 887 (Tex. App. 1996), writ denied (Feb. 13, 1998). "Seeking to

25   recover damages under the contract, as [Valve] did, is evidence that [Valve] considered the

26   contract as continuing." *Id.* Simply because the Rothschild Defendants have to pay damages does

27   not void the GSLA.

28

CORRECTED JOINT STATUS REPORT
Case No. 2:23-cv-1016

6

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

<u>Post Trial Discovery</u>

Valve intends to seek post-judgement discovery under Rule 69(a)(2) to identify assets that can be used to satisfy a judgment and to discover concealed or fraudulently transferred assets. *See Ghayoori v. Cobra Trading, Inc.*, No. C25-0021 TSZ, 2025 WL 3526062, at *2 (W.D. Wash. Dec. 9, 2025). Such post-judgment discovery is necessary at least because Defendant Leigh Rothschild never produced any financial discovery in this case, even though he was required to by this Court's order (Dkt. 175), and because no discovery occurred during fact discovery into Mr. Meyler's and Meyler Legal PLLC's financial assets.

**Rothschild Defendants' Positions (Rothschild, RBDS, DT and PAM):**

As an initial matter, the Rothschild Defendants note that, above, Plaintiff has (in their "Response to Defendants' Position on Post-Trial Briefing") attempted to brief the issues Plaintiff feels are raised in Rothschild Defendants' positions set forth below. Rothschild Defendants submit that this is inappropriate to include in and beyond the scope of the present Joint Status Report. Should the Court feel that briefing is needed in connection with the Rothschild Defendants' positions set forth below, then the Rothschild Defendants respectfully request that they be given an opportunity to fully brief said issues.

With regards to Defendants' request that the Rothschild Defendants and Meyler Defendants should be allowed separate briefing, Plaintiff appears to be under the impression that we would expect Plaintiff to be limited to 8,400 words total for their response to both the Rothchild Defendants' and Meyler Defendants' briefs on a similar issue. This is incorrect. Defendants propose that Plaintiff be allowed 8,400 words for their response to each brief from the Rothchild Defendants and 8,400 words for their response to each brief from the Meyler Defendants. Separate briefing should be allowed, as the Meyler Defendants are engaging separate counsel and, although there is some overlap in the issues that will be addressed by the Meyler defendants and Rothschild Defendants, their interests may not be aligned with respect to the issues being briefed.

The only issues remaining before the Court are issues of law for the Court to resolve.

CORRECTED JOINT STATUS REPORT
Case No. 2:23-cv-1016

7

However, Rothschild Defendants propose that briefing and resolution of many (1-6), if not all of the issues be stayed until after appeal of issues decided on dispositive motions before the start of trial. Many of the issues presented to the Court are issues of first impression, thus Rothschild Defendants believe that an appeal of those issues for resolution by the Court of Appeals would be proper and prudent. Many of the issues left for briefing, including fees and damages, will require significant time and resources of both the parties and the Court. These issues may be entirely moot after appeal and in any event will likely have the benefit of any decision form the Appeals Court.

The issues proposed by Plaintiff:

1. The amount of attorneys' fees and costs under RCW 19.86.090 that Plaintiff is entitled to recover.

This issue will require extensive briefing, all of which could become moot after and appeal. This issue should be stayed until after appeal of Defendants' dispositive motions previously denied by the Court.

2. The amount of costs under Federal Rule of Civil Procedure 54(d)(1) and LCR 54(d) that Plaintiff is entitled to recover.

This issue will require extensive briefing, all of which could become moot after and appeal. This issue should be stayed until after appeal of Defendants' dispositive motions previously denied by the Court.

3. Whether Plaintiff is entitled to prejudgment interest and costs if any of the Defendants are found liable for breach of contract.

This issue can be determined at this time should the Court desire to entertain motions.

4. Whether Plaintiff is entitled to prejudgment interest and costs if any of the Defendants are found liable under RCW 19.350, *et seq*.

CORRECTED JOINT STATUS REPORT
Case No. 2:23-cv-1016

8

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

1    This issue will require extensive briefing, all of which could become moot after and

2    appeal.  This issue should be stayed until after appeal of Defendants' dispositive motions

3    previously denied by the Court.

4

5        5.    Whether Plaintiff has established that it is entitled to permanent injunctive relief

6    under RCW 19.86.090 enjoining Defendants and each of their officers, directors, agents, counsel,

7    servants, employees, and all persons in active concert or participation with them to withdraw their

8    claims and be restrained from alleging, representing, or otherwise stating that any Valve product

9    or service infringes any patent covered by the 2016 Global Settlement and License Agreement,

10   and further be restrained from instituting any action or proceeding against Valve alleging

11   infringement of any claims of any of the patents covered in the 2016 Global Settlement and

12   License Agreement.

13       This issue will require extensive briefing, all of which could become moot after and

14       appeal.  This issue should be stayed until after appeal of Defendants' dispositive motions

15       previously denied by the Court.  In addition, it is Defendants' position that such relief is

16       not available under RCW 19.86.090.

17

18       6.    Whether the '221 patent is unenforceable against Valve.

19       Defendants' agree that the '221 Patent is not enforceable against Valve.  No briefing is

20       necessary.

21

22       7.    Whether the '221 patent claims are invalid under 35 U.S.C. § 101.

23       Defendants do not agree that the remaining claims are invalid and do not agree that

24       sufficient proof was provided at trial to invalidate Claim 7.  Briefing is necessary.

25

26       8.    Whether the '221 patent claims are invalid under 35 U.S.C. § 112.

27       Defendants do not agree that the remaining claims are invalid and do not agree that

28

CORRECTED JOINT STATUS REPORT
Case No. 2:23-cv-1016

9

sufficient proof was provided at trial to invalidate Claim 7.  Briefing is necessary.

9.      Whether claim 7 of the '221 patent is invalid as obvious.

Defendants do not agree that the remaining claims are invalid and do not agree that sufficient proof was provided at trial to invalidate Claim 7.  Briefing is necessary.

10.     Whether this is an exceptional case under 35 U.S.C. § 285 entitling Plaintiff to recover reasonable attorneys' fees and costs, and if so, the amount Plaintiff is entitled to recover.

Defendants do not agree that the remaining claims are invalid and do not agree that sufficient proof was provided at trial to invalidate Claim 7.  Briefing is necessary.

Some of the above issues can be addressed through motion practice.  However, Defendants propose, for the sake of judicial efficiency and for conservation of the Parties resources, that the dispositive motions be certified for appeal prior to extensive post-trial briefing of issues 1-6.

Defendants proposes that the Court address only Issues 3 and 7-11:

- 7-11 - Related to Invalidity and Unenforceability of the '221 Patent Defendants propose that their FRCP 50 Motion regarding Claim 7 be incorporated into the briefing on invalidity , and

- 3 - Prejudgment Interest, Post-Judgment Interest, and Permanent Injunction related to the Contract claim.

Valve's proposed briefing schedule is acceptable for issues 3, & 7-11 is acceptable:

- Valve's Opening Motions: March 20, 2026

- Defendants' Response: April 10, 2026

- Valve's Reply: April 24, 2026

However, given the scope and breadth of these issues in items 1- 6, Defendants propose that if these issues are included, the schedule be expanded by two weeks, on each date.

Defendants also request expanded word limits for the consolidated FRCP 50 Motions

CORRECTED JOINT STATUS REPORT
Case No. 2:23-cv-1016

10

1   equal to the limits proposed by Valve, i.e. opening motion and Response not exceed 8,400 words

2   and Reply not exceed 4,200 words.

3          Defendants agree that Valve's motion under 35 U.S.C. § 285 (Issue 10) will depend in part

4   on the Court's ruling as to invalidity, and agree to the proposal that the motion, should Valve

5   prevail, be filed 21 days after the Court resolves the validity issues.

6          11.    Additional Issue Raised by Rothschild Defendants:

7          The Rothschild Defendants intend to raise by Motion for Clarification, the status of the

8   GSLA. Given the jury decision to return the full amount of the license fee paid for the license to

9   the 35+ patents covered by the GLSA as a remedy for material breach, the GLSA should be

10  considered null and void.

11  **Meyler Defendants' Positions:**

12         For clarity, the Meyler Defendants are in the process of engaging separate counsel and will

13  file their own briefs on post-trial matters, separate from the Rothschild Defendants.

14         The Meyler Defendants take the position that Plaintiff's Motion for Attorneys' Fees and

15  Costs Under RCW 19.86.090 should be decided at this time.  For the sake of judicial efficiency

16  and for conservation of the Parties resources, all other post-trial briefing should be stayed pending

17  interlocutory appeal (see Issue No. 4 below).  The Meyler Defendants acknowledge that Valve has

18  presented briefing on the issue of an interlocutory appeal.  The Meyler Defendants are prepared to

19  brief the issue upon the Court's request.

20         Plaintiff has proposed the following briefing schedule:

21  - Valve's Opening Motions: April 3, 2026

22  - Defendants' Responses: April 24, 2026

23  - Valve's Reply: May 8, 2026

24         The Meyler Defendants believe that this briefing schedule is acceptable with respect to

25  Plaintiff's Motion for Attorneys' Fees and Costs Under RCW 19.86.090 if other post-trial briefing

26  is stayed pending appeal.  If other post-trial briefing is not stayed, the Meyler Defendants propose

27  that the time to respond and time to reply set forth above be enlarged by two weeks for all of

28

CORRECTED JOINT STATUS REPORT
Case No. 2:23-cv-1016

11

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

1    Plaintiff's post-trial motions.

2    Regardless of whether post-trial briefing is stayed, the Meyler Defendants respectfully

3    request the following word limits with respect to motions that Plaintiff intends to bring:

4    • Plaintiff's Motion for Attorneys' Fees and Costs Under RCW 19.86.090: 8,400

5    words for Plaintiff's motion and the Meyler Defendants' response, and 4,200 words

6    for the Plaintiff's reply.

7    • Plaintiff's Motion for Bill of Costs: Word limits for motions under LCR 7(d)(3).

8    • Plaintiff's Motion for Prejudgment Interest, Post-Judgment Interest, and Permanent

9    Injunction: 8,400 words for Plaintiff's motion and the Meyler Defendants'

10    response, and 4,200 words for the Plaintiff's reply.

11    In conjunction with the Meyler Defendants' renewed motions for judgment as a matter of

12    law under FRCP 50, the Meyler Defendants may contemporaneously move the Court for relief

13    arising out Plaintiff's misrepresentation of the Federal Circuit test for preemption.  *See*. Tr. 98:2-

14    101:07 and (Feb. 13, 2026).  In addition to motions under FRCP 50, the Meyler Defendants

15    reserve the right to file motions under FRCP 59, FRCP 60, or otherwise.

16

17    **Issue 2 from The Court's February 17 Order:**    Whether any remaining patent issues

18    will require the Court to construe any remaining claims. If so, the Parties are to propose a schedule

19    for necessary claim construction discovery, briefing, and hearing, which should conform with the

20    timing and substantive requirements set forth in Local Patent Rules 130–135.

21    **Valve's and the Rothschild Defendants' Position:**

22    Valve and the Rothschild Defendants agree that none of the remaining patent issues will

23    require the Court to construe any remaining claims.

24    **Meyler Defendants' Position:**

25    The Meyler Defendants take no position with regard to Issue 2.

26

27

28

CORRECTED JOINT STATUS REPORT
Case No. 2:23-cv-1016

12

**Issue 3 from The Court's February 17 Order:**    Whether Defendants seek to renew their motion for judgment as a matter of law. If so, the Parties are to propose a briefing schedule on the motion consistent with the deadlines set forth in Federal Rule of Civil Procedure 50.

**Plaintiff's Position:**

Valve proposes that the briefing on Defendants' renewed motion for judgment as a matter of law, if any, proceed under the same schedule as Valve's proposed post-trial motions, namely:

- Defendants' Opening Motion: April 3, 2026
- Valve's Response: April 24, 2026
- Defendants' Reply: May 8, 2026

**Rothschild Defendants' Position:**

Defendants intend to renew each of their motions for judgement as a matter of law. Defendants propose that briefing consistent with FRCP 50 be set after entry Judgement.

Defendants' opening Motion:  April ___[TBD]

Valves Response 21 days later.

Defendants' Reply 14 days later.

**Meyler Defendants' Position:**

If post-trial briefing is not stayed pending interlocutory appeal (see Issue No. 4 below), the Meyler Defendants intend to renew each of their motions for judgement as a matter of law.  The Meyler Defendants reserve the right to file motions under FRCP 59, FRCP 60, or otherwise if appropriate.

Consistent with FRCP 50, the Meyler Defendants propose that the Meyler Defendants' consolidated FRCP 50 motions be filed within 28 days of entry of final judgment, that Plaintiff's response be due 21 days later, and the Meyler Defendants' reply be due 14 days after Plaintiff's response.

The Meyler Defendants respectfully request that the word limits for the Meyler

CORRECTED JOINT STATUS REPORT
Case No. 2:23-cv-1016

13

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

1  Defendants' consolidated FRCP 50 motions be as follows: 8,400 words for the Meyler

2  Defendants' opening motion and Plaintiff's response, and 4,200 words for the Meyler Defendants'

3  reply.

4

5  **Issue 4 from The Court's February 17 Order:**    Any other matters the Parties believe

6  the Court should address in preparing the case for further proceedings.

7  **AGREED MATTERS**

8  Filing Deposition Video Transcripts

9  The Parties also seek clarification regarding the record of deposition testimony entered into

10  evidence at trial via video. Because the videos were played to the jury, the transcripts of the videos

11  were not captured in the trial transcripts nor were the transcripts entered into evidence as exhibits.

12  The Parties may need to cite video deposition testimony as evidence in post-trial briefing or in

13  appeal. Valve therefore proposes that the Parties jointly file the transcripts of the deposition

14  testimony played at trial through a joint submission.

15  **DISPUTED MATTERS**

16  **Plaintiff's Position:**

17  Request for Entry of Judgment

18  Pursuant to Federal Rule of Civil Procedure 58(d), Valve requests the Court enter partial

19  judgment on issues resolved by the jury and on Defendants' stipulation that the '221 patent is

20  unenforceable against Valve. Filed herewith is a joint proposed entry of judgment that Valve

21  respectfully request the Court approve and direct the clerk to enter pursuant to Federal Rule of

22  Civil Procedure 52(b)(2)(a). *See* Fed. R. Civ. P. 52(b)(2)(a) ("[T]he court must promptly approve

23  the form of the judgment, which the clerk must promptly enter, when: (A) the jury returns a

24  special verdict or general verdict with answers to written questions . . ."); *Lacey Marketplace*

25  *Assocs. II, LLC v. United Farmers of Alberta Co-op. Ltd.*, 107 F. Supp. 3d 1155, 1157 (W.D.

26  Wash. 2015) ("[A]fter a jury returns a verdict, a party may request the court to direct entry of a

27  final judgment on the jury's verdict."). Entry of partial judgment is necessary to begin the time for

28

CORRECTED JOINT STATUS REPORT
Case No. 2:23-cv-1016

14

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

1    the Parties to file their motions under Federal Rules of Civil Procedure 50, 52, 54, and 59 to

2    resolve the remaining issues discussed above.

3                    Response to Defendants' Position Regarding Entry of Judgment

4           Below, the Rothschild Defendants assert "Entry of Judgement under FRCP 58(b)(2)(a) is

5    not proper because issues remain unresolved, see FRCP 54(b)." The Rothschild Defendants

6    citation to Rule 54(b) does not preclude Valve's requested relief. Indeed, in order for the Court to

7    reach judgment on most if not all of the "unresolved" issues agreed to by the Parties, entry of

8    judgment is necessary to begin that process. For example, Valve's Motion for Prejudgment

9    Interest, Post-Judgment Interest, and a Permanent Injunction is raised under Rule 59(e), which

10   cannot be brought until there is an entry of judgment. *Trowbridge Sidoti LLP v. Taylor*, No. 8:16-

11   CV-00771-ODW-SK, 2018 WL 2670656, at *2 (C.D. Cal. June 4, 2018); Fed. R. Civ. P. 59(e).

12   Valve's Motion for Attorneys' Fees and Costs Under the Consumer Protection Act and Motion for

13   Bill of Costs are brought pursuant to Rule 54(d), which requires separate entry of judgment. And

14   Defendants' renewed motion for judgment as a matter of law requires an entry of judgment. Fed.

15   R. Civ. P. 50(b). As Rule 54(b) explicitly acknowledges, an entry of judgment may be revised "at

16   any time before the entry of judgment adjudicating all the claims and all the parties' rights and

17   liabilities," and the Court may amend the entry of judgment once it has addressed these remaining

18   issues.

19          There is no just reason for delay of entry of judgment on the jury verdict. Rule 54(b) was

20   adopted "'specifically to avoid the possible injustice of delay[ing] judgment o[n] a distinctly

21   separate claim [pending] adjudication of the entire case ....'" *Jewel v. Nat'l Sec. Agency*, 810 F.3d

22   622, 628 (9th Cir. 2015) (quoting *Gelboim v. Bank of Am. Corp.*, 574 U.S. 405, 410 (2015)

23   (alterations in original)). The only remaining claim is invalidity of the '221 patent, while final

24   judgment has been reached on all other claims: (1) breach of contract by Defendants Rothschild,

25   Display Technologies, and RBDS for breach of contract, (2) violation of the Washington Patent

26   Troll Prevention Act and Consumer Protection Act by all Defendants, and (3) judgment that the

27   '221 patent is unenforceable against Valve, as stipulated in Defendants' position on the Court's

28

CORRECTED JOINT STATUS REPORT
Case No. 2:23-cv-1016

15

1    Issue #1 above.

2        There is no "just reason for delay" and it would be "in the interest of sound judicial

3    administration" to enter judgment on these three claims to allow for post-trial briefing to occur

4    concurrently with briefing on invalidity of the '221 patent. *Wood v. GCC Bend, LLC*, 422 F.3d

5    873, 878 (9th Cir. 2005). There is no risk of piecemeal appeals because the parties will file

6    motions under Rules 50(b), 54(d), and 59, and "the time to file an appeal runs for all parties until

7    the order disposing of the last such remaining motion." Fed. R. App. P. 4(a)(4). Thus, appeals will

8    only be timely once all post-trial issues identified above have been resolved, allowing for

9    consolidated appeals of all issues in the case.

10

11        <u>Defendants' Request for a Stay and Interlocutory Appeal</u>

12        Below, Defendants again propose "that post trial briefing by stayed, pending appeal of the

13    motions for summary judgment." As described above, this is wholly inappropriate. In addition,

14    Defendants' identification of the orders and issues it seeks highlights why post-trial briefing (and

15    entry of judgment) is necessary now and Defendants' request for interlocutory appeal should be

16    denied. For example, the Rothschild Defendants' purport to seek to appeal the "Relevance of

17    interstate commerce" citing to the Court's order at Dkt. 175 (a discovery order, not an order on a

18    dispositive motion) but no arguments related to interstate commerce were raised in that order or in

19    the briefing by the parties. *See generally* Dkts. 83, 113, 115. Instead, Defendants raised interstate

20    commerce only at trial as part of their oral Rule 50(a) motion. *See* Day 5 Tr. at 39:20–41:17; *see*

21    *also* Dkt. 80 (Defendants' Second Amended Answer and Counterclaims not discussing interstate

22    commerce); Dkts. 111, 160, 176 (Defendants' briefing on summary judgment not discussing

23    interstate commerce). Thus, there is no record—whether through briefing by the parties or

24    findings and conclusions by the Court—to allow immediate appellate review of this issue. Instead,

25    entry of judgment is appropriate so that the Rothschild Defendants' can renew their Rule 50(a)

26    motion through post-trial briefing.

27

28

CORRECTED JOINT STATUS REPORT
Case No. 2:23-cv-1016

16

**Rothschild Defendants' Position:**

As an initial matter, the Rothschild Defendants note that above, Plaintiff has again (in their "Response to Defendants' Regarding Entry of Judgment") attempted to brief the issues Plaintiff feels are raised in Rothschild Defendants' positions set forth below. Rothschild Defendants submit that this is inappropriate to include in and beyond the scope of the present Joint Status Report. Should the Court feel that briefing is needed in connection with the Rothschild Defendants' positions set forth below, then the Rothschild Defendants respectfully request that they be given an opportunity to fully brief said issues.

<u>Request for Entry of Judgement</u>

Entry of Judgement under FRCP 58(b)(2)(a) is not proper because issues remain unresolved, see FRCP 54(b):

> (b) Judgment on Multiple Claims or Involving Multiple Parties. When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

**Stay and Interlocutory Appeal**

Defendants propose instead that post trial briefing by stayed, pending appeal of the motions for summary judgment, specifically Dkt #56 Motion to Dismiss; Dkt #175 Relevance of interstate commerce;  Dkt#216 Motion to Dismiss for lack of private cause of action; and Dkt #218 Motion to Dismiss PTPA and Noerr-Pennington, that are each potentially dispositive of significant portions of the case.

**Meyler Defendants' Position:**

The Meyler Defendants oppose entry of judgment at this time.  Judgment should not be entered until there is a final adjudication of all claims and of all the parties' rights and liabilities.

CORRECTED JOINT STATUS REPORT
Case No. 2:23-cv-1016                    17

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

1    FRCP 54(b).

2        The Meyler Defendants take the position that Plaintiff's Motion for Attorneys' Fees and

3    Costs Under RCW 19.86.090 should be decided at this time, and all other post-trial briefing

4    should be stayed pending interlocutory appeal.  As stated previously, the Meyler Defendants are

5    prepared the brief the issue of an interlocutory appeal upon the Court's request.

6        If the Court certifies issues for interlocutory appeal as proposed, the Meyler Defendants

7    propose the following orders be certified for review:

8        • Order Denying Motion to Dismiss.  Dkt. #56.

9        • Order on Discovery Motions.  Dkt. #175.

10       • Order Denying Defendants' Motion for Partial Summary Judgment. Dkt. #216.

11       • Order On Cross-Motions for Partial Summary Judgment.  Dkt. #218.

12       • Order on Valve's Motion for Sanctions.  Dkt. #230.

13       • Order On Supplemental Designation and Counter-Designations.  Dkt. #240.

14       • Oral ruling that the *Noerr-Pennington* doctrine defense was waived.  Tr. 93:4-
15         94:24 (Feb. 13, 2026).

16       In addition to the Meyler Defendants' renewed motions for judgment as a matter of law,

17   the Meyler Defendants reserve the right to bring other post-trial motions and motions for relief as

18   appropriate.

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

1    DATED: March 6, 2026                Respectfully submitted,

2                                        KILPATRICK TOWNSEND & STOCKTON LLP

3                                        By:   /s/ Kathleen R. Geyer
                                               Dario A. Machleidt (State Bar No. 41860)
4                                              Kathleen R. Geyer (State Bar No. 55493)
                                               Christopher P. Damitio (State Bar No. 58633)
5                                              1420 Fifth Avenue, Suite 3700
                                               Seattle, WA 98101
6                                              Telephone:  (206) 467-9600
                                               dmachleidt@kilpatricktownsend.com
7                                              kgeyer@kilpatricktownsend.com
                                               cdamitio@kilpatricktownsend.com
8
                                               David A. Reed (pro hac vice)
9                                              1100 Peachtree Street NE, Suite 2800
                                               Atlanta, GA 30309
10                                             Telephone:  (404) 745-2548
                                               dreed@ktslaw.com
11
                                               Marianthi M. Karas (pro hac vice)
12                                             1801 Century Park East, Suite 2300
                                               Los Angeles, CA 90067
13                                             Telephone: (310) 777-3732
                                               E-mail: mkaras@ktslaw.com
14
                                               Attorneys for Plaintiff
15                                             VALVE CORPORATION

16

17

18

19

20

21

22

23

24

25

26

27

28

1    DATED: March 6, 2026                 Respectfully submitted,

2                                         By: _/s/ René A. Vazquez_____
                                          René A. Vazquez (*pro hac vice*)
3                                         DNL ZITO
                                          1250 Connecticut Avenue, NW, Suite 700
4                                         Washington, DC 20036
                                          Tel: (703) 989-2244
5                                         Email: rvazquez@dnlzito.com

6                                          _/s/ Matthew J. Cunanan_____
                                          Matthew J. Cunanan (#42530)
7                                         DC LAW GROUP
                                          12055 15th Ave NE, Suite B
8                                         Seattle, WA 98125
                                          Tel: (206) 494-0400
9                                         Fax: (855) 494-0400
                                          Email: matthew@dclglawyers.com
10
                                          *Attorneys for Defendants Leigh Rothschild, Rothschild*
11                                        *Broadcast Distribution Systems, LLC, Display*
                                          *Technologies, LLC, Patent Asset Management, LLC,*
12                                        *Meyler Legal, PLLC, and Samuel Meyler*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28