UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

---

| | | |
|---|---|---|
| VALVE CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>LEIGH ROTHSCHILD, ROTHSCHILD BROADCAST DISTRIBUTION SYSTEMS, LLC; DISPLAY TECHNOLOGIES, LLC; PATENT ASSET MANAGEMENT, LLC; MEYLER LEGAL, PLLC; SAMUEL MEYLER,<br><br>Defendants. | ) | No. 2:23-cv-1016-JNW |

---

QUESTIONS OF THE JURY

VERDICT

---

HONORABLE JAMAL N. WHITEHEAD

FEBRUARY 17, 2026

REPORTED BY: CRYSTAL R. McAULIFFE, RPR, CCR
WA #2121 | OR #22-0002
dunndeps@comcast.net | 360.710.4864

A P P E A R A N C E S

FOR THE PLAINTIFF:

DARIO A. MACHLIEDT
DAVID REED
KATHLEEN GEYER
KILPATRICK TOWNSEND & STOCKTON
1420 Fifth Avenue, Suite 3700
Seattle, Washington 98101
206.224.2857
dmachleidt@ktslaw.com

FOR THE DEFENDANTS:

JOSEPH J. ZITO
BENJAMIN DEMING
STEIN IP
1500 K ST NW, Suite 200
Washington, DC 20005
202.216.9505
jzito@dnlzito.com

SEATTLE, WASHINGTON; FEBRUARY 17, 2026

HONORABLE JUDGE JAMAL N. WHITEHEAD

-o0o-

THE COURT: Good morning, all. Please be seated.

All right. We have two questions from our jury.

Have you all had an opportunity to review the questions?

They have not. All right. Well, here you go.

The first question strikes me as an easy -- an easy one. I'll read the question into the record. And please, remain seated. No need to stand for this.

The first question.

"We think we are missing Exhibit 1," in parentheses, "(findings of fact) in our exhibits folder."

Can we get access to that?

Mr. Machleidt, any objection to providing Exhibit 1?

It's been admitted.

MR. MACHLEIDT: No objection.

THE COURT: Okay. All right. Mr. Zito.

MR. ZITO: No objection.

THE COURT: All right. We will provide them with a copy of Exhibit 1 which they frankly should have had to begin with. So easy one on that one.

Second question.

"As of today, February 17th, is the GSLA valid or void?"

Turn to Mr. Machleidt.

MR. MACHLEIDT: Your Honor, it is valid.

MR. ZITO: We agree. It's valid.

THE COURT: All right. So my response to the jury will be that -- just that the GSLA is still valid; is that right? In terms of text.

MR. MACHLEIDT: Yes, Your Honor. From Valve, yes.

MR. ZITO: Yes, Your Honor, from defendants.

THE COURT: All right. I've written: "The GSLA is still valid."

And I've signed and dated the response.

So I will do the same here and will write "yes" under the Court's response as to providing a copy of Exhibit 1.

All right. These responses and questions will be answered on the docket. We go back to waiting.

Is there anything else to address before we break?

MR. MACHLEIDT: Not from Valve, Your Honor.

MR. ZITO: Nothing from Defendants, Your Honor.

THE COURT: We're at recess.

(Recess.)

THE COURT: I understand we have a verdict.

Mr. Cogswell, who was our foreperson?

THE CLERK: I believe Juror No. 7.

THE COURT: All right. Let's get the jury.

(Jury present.)

THE COURT: Please be seated.

Members of the jury, I hear we have a verdict.

And I hear that Juror No. 7 is our foreperson. Do I have that right?

THE JUROR: Yes.

THE COURT: Juror No. 7, we have a verdict; is that correct?

THE JUROR: Correct.

THE COURT: Would you please hand the verdict form to Mr. Cogswell?

All right. I have reviewed the verdict and it appears to be proper in form.

Mr. Cogswell, if you could read the verdict, please.

THE CLERK: In the matter of Valve Corporation versus Rothschild, et al., we the jury provide the following answers to the questions submitted by the Court.

Section A. Patent and validity claim.

Question No. 1: Do you find that Valve has proven that it is highly probable that claim 7 of the 221 patent would have been obvious to a person of ordinary skill in

the art at the time the patent application was filed?

Answer: Yes.

Section B. Breach of contract claims. 2022 Display Technologies lawsuit. The Court has already found that the filing the 2022 lawsuit against Valve, Defendants Leigh Rothschild and Display Technologies breached the global settlement license and agreement.

Please --

Question Number 2. Was the breach material?

Answer: Yes.

Question Number 3: What sum of money, if any, do you award Valve for Defendants Leigh Rothschild's and Display Technologies' breach of the global settlement and license agreement in 2022?

Answer: $130,000.

Question Number 4: Anticipatory breach of contract, June 2023 letter.

Question: Did Defendants Leigh Rothschild or Rothschild Broadcast Distribution Systems have a just excuse for their absolute repudiation of their obligations under the global settlement and license agreement when they sent the June 2023 letter?

Defendant Leigh Rothschild?

Answer: No.

Defendant Rothschild Broadcast Distribution Systems?

Answer: No.

Question Number 5: Were the absolute repudiations of either Defendants Leigh Rothschild or Rothschild Broadcast Distribution Systems material?

Defendant Leigh Rothschild?

Answer: Yes.

Defendant Rothschild Broadcast Distribution System?

Answer: Yes.

Question Number 6: What sum of money, if any, do you award Valve for Defendants Leigh Rothschild or Rothschild Broadcast Distribution Systems 2023 absolute repudiation of a global -- of the global settlement and license agreement?

Answer: $1.

Section C. Washington Patent Troll Prevention Act and Washington Consumer Protection Act claims.

Question 7: Did Defendants violate Washington Patent Troll Prevention and Consumer Protection Acts by making an assertion of patent infringement in bad faith?

Defendant Leigh Rothschild?

Answer: Yes.

Defendant Rothschild Broadcast Distribution Systems?

Answer: Yes.

Defendant Patent Asset Management?

Answer: Yes.

Defendant Samuel Meyler?

Answer: Yes.

Defendant Meyler Legal PLLC?

Answer: Yes.

Question Number 8: Did Defendant's bad faith assertion of patent infringement occur in the conduct of Defendant's trade or commerce?

Defendant Leigh Rothschild?

Answer: Yes.

Defendant Rothschild Broadcast Distribution Systems?

Answer: Yes.

Defendant Patent Asset Management?

Answer: Yes.

Defendant Samuel Meyler?

Answer: Yes.

Defendant Meyler Legal PLLC?

Answer: Yes.

Question 9: Was Defendants' bad faith assertion of patent infringement made for an improper purpose?

Defendant Leigh Rothschild?

Answer: Yes.

Defendant Rothschild Broadcast Distribution Systems?

Answer: Yes.

Defendant Patent Asset Management?

Answer: Yes.

Defendant Samuel Meyler?

Answer: Yes.

Defendant Meyler Legal PLLC?

Answer: Yes.

Question 10: What amount of damages, if any, do you award Valve for the violation of the Washington Patent Troll Prevention and Consumer Protection Act?

Answer: $7,364.

Question 11: Is Valve entitled to increased damages?

Answer: Yes.

Question 12: What is the amount of increased damages?

Answer: $22,092.

Signed by the presiding juror on February 17, 2026.

THE COURT: Does either party wish to have the jury polled?

MR. MACHLEIDT: Not from Valve, Your Honor.

MR. ZITO: No.

THE COURT: All right. Is there any reason why the jury should not be released from its service?

MR. MACHLEIDT: No, Your Honor.

And, of course, we thank the jury and the Court for the service the past week and today.

THE COURT: Any reason why the jury shouldn't be

released?

MR. ZITO: No. No reason, Your Honor.

THE COURT: All right. To our jury, I don't want to hold you. I know you all are probably anxious to get home and get on with your life.

I do want to thank you, though, for your patience, your attention, and your hard work throughout the proceedings here.

We have a verdict. So at this point you are free to discuss the case with anyone that you choose. But you're also free, if you choose, not to speak to anyone about the case. You're under no obligation to say anything at all and it is entirely up to you and your discretion.

I would say, though, that if you do choose to discuss the case, that you treat it with the same seriousness that you saw in court. This is an important matter. These are for people's lives. And it's important to -- to show that respect to the proceedings.

I also ask that if you decide to discuss the case, that you remember that your fellow jurors shared their views in confidence of the deliberation room and that you please respect their privacy as to what was discussed back there.

I do have some business to discuss with the lawyers, so you're free to -- to leave right away, if you would

like. But as soon as I get done with them -- and I do expect it to be brief -- I'll be back to speak with you all and to basically ask if there's anything that we could have done to make the process go more smoothly for you as jurors. All right.

With that, you are released from jury service.

Thank you for your service.

THE CLERK: Please rise for the jury.

(Jury exits the courtroom.)

THE COURT: Please be seated.

There's a fair amount of post-trial work to be done. My thought is to turn the matter to you as the parties to tell the Court what you view as the next steps and what the timing for that would be.

So I'll put out a very short minute order, perhaps with some issues or questions that I would like for you all to address.

But, essentially, I'm looking for a status report from you all as to what you view as being the next steps in the case and the timing -- hopefully agreed-upon timing for when those steps will unfold.

Are there any questions?

MR. MACHLEIDT: Not from Valve, Your Honor. Thank you.

THE COURT: Mr. Zito?

MR. ZITO: No particular questions, but we're preserving all our rights, including a JNOV.

We don't think that the evidence supported several of the jury's findings.

THE COURT: Understood.

MR. ZITO: Do you want us to go through those now in open -- open court or do you want a briefing on that?

THE COURT: Briefing. And that's part of what you all can address in the -- the status report.

So I'll put a time frame on when I'd like that status report and as to any post-trial motions separate and apart from the post-trial proceedings that we've already sort of anticipated and identified. We can address that when the time comes.

MR. ZITO: Thank you, Your Honor.

THE COURT: All right. With that, we are adjourned.

(Adjourned.)

C E R T I F I C A T E

STATE OF WASHINGTON )
) ss.
COUNTY OF KITSAP )

I, Crystal R. McAuliffe, a certified court reporter, do hereby certify that the foregoing is a true and accurate transcript of the proceedings as taken by me in the above-entitled matter.

Dated this 26th day of February, 2026.



CRYSTAL R. McAULIFFE, RPR, CCR
WA #2121 | OR #22-0002