**UNITED STATES DISTRICT COURT**

**FOR THE WESTERN DISTRICT OF WASHINGTON**

**AT SEATTLE**

VALVE CORPORATION,

Plaintiff,

v.

LEIGH ROTHSCHILD, ROTHSCHILD BROADCAST DISTRIBUTION SYSTEMS, LLC, DISPLAY TECHNOLOGIES, LLC, PATENT ASSET MANAGEMENT, LLC, MEYLER LEGAL, PLLC, AND SAMUEL MEYLER,

Defendants.

Case No. 2:23-cv-1016-JNW

**SUPPLEMENTAL JOINT STATUS REPORT**

NOTE ON MOTION CALENDAR:
**September 10, 2026**

Complaint Filed: 07/07/2023

The Court's February 17, 2026, Minute Order directed the Parties to submit a Joint Status Report to provide certain information to permit the Court to set a case schedule for the disputes that remain after trial. *See* Dkt. 256. On March 6, 2026, Plaintiff Valve Corporation ("Valve") and Defendants Leigh Rothschild; Rothschild Broadcast Distribution Systems, LLC; Display Technologies, LLC; Patent Asset Management, LLC (collectively, "Rothschild Defendants"); Meyler Legal, PLLC; and Samuel Meyler (collectively, "Meyler Defendants") (Valve, Rothschild Defendants, and Meyler Defendants collectively referred to as "the Parties") submitted a Joint Status Report ("March Status Report"). Dkt. 270. Through this Supplemental Joint Status Report,

the Parties respectfully provide the Court with updated proposed dates for post-trial briefing and set forth their respective positions regarding entry of judgment. Defendants also respond further to the Court's February 17, 2026 Minute Order, regarding whether they seek to renew their motion for judgment as a matter of law. *See* Dkt. 256 at 2.

**Valve's Supplemental Position:**

Valve's Updated Proposed Post-Trial Briefing Schedule:

In the March Status Report, Valve identified the following 10 issues to be resolved through motions practice:

1. The amount of attorneys' fees and costs under the Washington Consumer Protection Act, RCW 19.86, that Plaintiff is entitled to recover.
2. The amount of costs under Federal Rule of Civil Procedure 54(d)(1) and LCR 54(d) that Plaintiff is entitled to recover.
3. Whether Plaintiff is entitled to prejudgment interest and costs for Defendants' breach of contract.
4. Whether Plaintiff is entitled to prejudgment interest and costs for Defendants' violations of Washington's Patent Troll Prevention Act, RCW 19.350.
5. Whether Plaintiff is entitled to permanent injunctive relief under RCW 19.86.090 requiring Defendants and each of their officers, directors, agents, counsel, servants, employees, and all persons in active concert or participation with them to withdraw their claims and be restrained from alleging, representing, or otherwise stating that any Valve product or service infringes any patent covered by the 2016 Global Settlement and License Agreement, and further be restrained from instituting any action or proceeding against Valve alleging infringement of any claims of any of the patents covered in the 2016 Global Settlement and License Agreement.
6. Whether the '221 patent is unenforceable against Valve.
7. Whether the '221 patent claims are invalid under 35 U.S.C. § 101.
8. Whether the '221 patent claims are invalid under 35 U.S.C. § 112.



Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

9. Whether claim 7 of the ’221 patent is invalid as obvious.

10. Whether this is an exceptional case under 35 U.S.C. § 285 entitling Plaintiff to recover reasonable attorneys’ fees and costs, and if so, the amount Plaintiff is entitled to recover.

*See* Dkt. 270 at 2-3. The Rothschild Defendants raised an eleventh issue for the Court to resolve in the March Status Report:

11. Additional Issue Raised by Rothschild Defendants: The Rothschild Defendants intend to raise by Motion for Clarification, the status of the [Global Settlement and License Agreement] GSLA. Given the jury decision to return the full amount of the license fee paid for the license to the 35+ patents covered by the GLSA as a remedy for material breach, the GLSA should be considered null and void.

*Id.* at 11.

Valve proposed the following briefing schedule in the March Status Report: April 3, 2026 for Valve’s Opening Motions for Issues 1–9;[1] April 24, 2026 for Defendants’ Responses; and May 8, 2026 for Valve’s Replies for Issues 1–9. Dkt. 270 at 3. The Rothschild Defendants and Meyler Defendants agreed with these dates for certain motions while requesting additional time for others. *Id.* at 10 (“Valve’s proposed briefing schedule is acceptable for issues 3, & 7-11 … However, given the scope and breadth of these issues in items 1- 6, [Rothschild] Defendants propose that if these issues are included, the schedule be expanded by two weeks, on each date.”) & 11–12 (“The Meyler Defendants believe that this briefing schedule is acceptable with respect to Plaintiff’s Motion for Attorneys’ Fees and Costs Under RCW 19.86.090 if other post-trial briefing is stayed pending appeal. If other post-trial briefing is not stayed, the Meyler Defendants propose that the time to respond and time to reply set forth above be enlarged by two weeks for all of Plaintiff’s post-trial motions.”).

The briefing deadlines Valve initially proposed have passed. Accordingly, Valve supplements its prior submission with an updated proposed post-trial briefing schedule for this

[1] *See* Dkt. 270 at 2-3.

Court's consideration and respectfully requests that this Court: set a case schedule incorporating these deadlines; and separately, enter final judgment on the issues tried and decided by the jury and on Defendants' stipulation that U.S. Patent No. 8,856,221 patent is unenforceable against Valve.

Valve's proposed post-trial briefing schedule for Issues 1–9:[2]

| Event | Originally Proposed Deadline | New Proposed Deadline |
|---|---|---|
| Valve's Opening Motions | April 3, 2026 | September 29, 2026 |
| Defendants' Responses | April 24, 2026 | October 20, 2026 |
| Valve's Replies | May 8, 2026 | November 3, 2026 |

Valve's Response to Defendants' Arguments:

After reviewing the Defendants' Supplemental Positions, Valve provides the following additional response.

Valve agrees with Defendants' proposed deadlines for their motions under Rules 50(b) and 59 (opening motions due within 28 days of entry of judgment; Valve's responses due 21 days after Defendants' motions; Defendants' replies due 14 days after Valve's response).

The Rothschild Defendants previously contended that no final judgment could properly be entered while Valve's declaratory judgment claims of invalidity and unenforceability remain

[2] Regarding Issue 10, in the March Status Report, Valve explained "because [its] motion under 35 U.S.C. § 285 (Issue 10) will depend in part on the Court's rulings as to unenforceability and invalidity, the Parties agree that Valve files that motion 21 days after the Court resolves the remaining unenforceability and invalidity issues and that the parties brief that motion consistent with the timing and word limits under LCR 7(d)(3). For clarity, Valve seeks to file a motion under Section 285 even if it does not prevail on all issues of invalidity because it is also the prevailing party for purposes of Defendants' counterclaim of infringement of the '221 patent." Dkt. 270 at 4. Valve maintains that this is proper path for the Court to take.

Regarding Issue 11, Valve previously explained "the Rothschild Defendants—the materially breaching parties—also seek to ask the Court to void the GSLA. Procedurally, it is not clear how the Court has jurisdiction to adjudicate this question. The Rothschild Defendants dropped their breach of contract claim against Valve and have no other claim or defense under which to request this remedy … Simply because the Rothschild Defendants have to pay damages does not void the GSLA." *Id.* at 6.

pending. This is incorrect as Rule 54(b) states "the court may direct entry of *a final judgment* as to one or more, *but fewer than all*, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b) (emphasis added). This is the relief Valve requests here to move this long-running case closer to a final resolution.

To address certain of Rothschild Defendants' concerns, including that Valve's originally proposed judgment did not mention there being "no just reason for delay" (Dkt. 271), Valve concurrently files a revised proposed judgment for the Court's consideration and attaches it here as Exhibit A.

All Defendants contend Valve's declaratory judgment claim of invalidity justifies delaying resolution on the issues tried to the jury earlier this year. They are wrong. This is a typical case where a discrete issue—whether the remaining claims of the '221 patent are invalid—does not raise a "just reason for delay." It is not credible for Defendants to hang onto this outstanding question as the reason for the Court to delay entering judgment on issues tried to a jury over half a year ago. *See* Dkt. 270 at 14–16.

**Rothschild Defendants' Supplemental Position:**

The Rothschild Defendants do not oppose the entry of an updated post-trial briefing schedule and, subject to the reservations set forth below, do not object to the dates Valve proposes for Valve's affirmative post-trial motions. The Rothschild Defendants write separately to respond to certain statements in Valve's Supplemental Position, to preserve the positions set forth in their portions of the March Status Report, to address Issue 3 of the Court's February 17, 2026 Minute Order, and to state their objections to the entry of judgment and to the proposed form of judgment.

**1. Response to Statements in Valve's Supplemental Position.**

a. Valve states that "[t]he Rothschild and Meyler Defendants agreed with these dates for certain motions while requesting additional time for others." The Rothschild Defendants' agreement was limited to Issues 3 and 7–11 and was conditioned on their request that briefing and resolution of Issues 1–6 be stayed. Dkt. 270 at 10.

b. Valve requests that the Court enter "final judgment." In the March Status Report, Valve sought entry of partial judgment. Dkt. 270 at 14. The Rothschild Defendants object for the reasons stated in paragraphs 5 and 6 below. The Rothschild Defendants do not contend that Fed. R. Civ. P. 54(b) is categorically unavailable; they contend that Valve has not carried its burden of demonstrating that there is no just reason for delay. Having found finality, a district court "must go on to determine whether there is any just reason for delay." *Curtiss-Wright Corp. v. General Electric Co.*, 446 U.S. 1, 8 (1980). "Sound judicial administration does not require that Rule 54(b) requests be granted routinely." *Id.* at 10. Where the certified and remaining matters overlap, "[a] similarity of legal or factual issues will weigh heavily against entry of judgment under [Rule 54(b)]." *Wood v. GCC Bend, LLC*, 422 F.3d 873, 882 (9th Cir. 2005) (quoting *Morrison-Knudsen Co. v. Archer*, 655 F.2d 962, 965 (9th Cir. 1981)). Here that similarity is complete. The claim Valve acknowledges remains pending is its claim that the '221 patent is invalid, and the judgment Valve asks the Court to certify would itself declare a claim of that same patent invalid and that same patent unenforceable. The contract (GSLA), Patent Troll Prevention Act, and Consumer Protection Act claims all arise from assertions of that same patent under the same agreement.

c. Valve has filed a revised proposed form of judgment with this submission. The Rothschild Defendants acknowledge that the revised form corrects several of the defects they identified, and their remaining objections to it are set forth in paragraph 6 below.

d. Valve's proposed schedule is expressly "for Issues 1–9," and the issues Valve lists include Issue 6 ("[w]hether the '221 patent is unenforceable against Valve") and Issue 9 ("[w]hether claim 7 of the '221 patent is invalid as obvious"). Valve's revised proposed judgment would declare both of those matters resolved before that briefing occurs. The Rothschild Defendants respectfully submit that those issues



Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

cannot simultaneously be open for briefing under the schedule Valve proposes and adjudged by the judgment Valve asks the Court to enter.

e. Valve has reproduced the Rothschild Defendants' statement of Issue 11 from the March Status Report. The Rothschild Defendants' position as to the 2016 Global Settlement and License Agreement (GSLA) is as stated in paragraph 2(e) below, and the Rothschild Defendants will address the effect of the jury's award on the parties' respective rights and obligations under that GSLA in their post-trial motions.

**2. Preservation of Prior Positions.**

Except as expressly stated herein, the Rothschild Defendants' positions set forth in the March Status Report (Dkt. 270 at 7–11, 13, 17) are unchanged and are incorporated by reference, including without limitation: (a) their request that briefing and resolution of Issues 1–6 be stayed pending certification and resolution of an interlocutory appeal; (b) their request for separate briefing from the Meyler Defendants and for enlarged word limits; (c) their opposition to entry of judgment at this time under Fed. R. Civ. P. 54(b); (d) their position that injunctive relief of the character Valve seeks is not available under RCW 19.86.090; and (e) their position as to the effect of the jury's award on the parties' respective rights and obligations under the 2016 Global Settlement and License Agreement, which the Rothschild Defendants intend to raise in their post-trial motions. Nothing in this Supplemental Joint Status Report is intended, or should be construed, as a waiver, abandonment, or modification of any of those positions or of any argument, defense, or objection otherwise preserved.

**3. Response to Issue 3: Defendants' Post-Trial Motions.**

Issue 3 of the Court's February 17, 2026 Minute Order asked whether Defendants seek to renew their motion for judgment as a matter of law and, if so, directed the Parties to propose a briefing schedule "consistent with the deadlines set forth in Federal Rule of Civil Procedure 50." Dkt. 256 at 2. The schedule set forth above addresses only Valve's affirmative motions. The Rothschild Defendants do intend to renew each of their motions for judgment as a matter of law, and also intend to move under Fed. R. Civ. P. 52 and 59. Because the time to move under Rules

50(b), 52(b), and 59 runs from the entry of judgment and may not be extended by the Court, *see* Fed. R. Civ. P. 6(b)(2), the Rothschild Defendants respectfully propose the following:

a. Defendants' motions under Fed. R. Civ. P. 50(b), 52(b), and 59: within 28 days of entry of judgment;

b. Valve's response: 21 days after Defendants' motions; and

c. Defendants' reply: 14 days after Valve's response.

The Meyler Defendants propose the same timing for motions under Rules 50 and 59, and the Rothschild Defendants understand that timing to be undisputed among the Defendants. The Rothschild Defendants further request that any schedule the Court enters confirm that the dates in the schedule set forth above apply only to Valve's affirmative motions.

**4. Word Limits and Separate Briefing Remain Unresolved.**

The Parties' disputes concerning separate briefing and word limits (Dkt. 270 at 3–4, 7, 10–11, 13–14) are not resolved by this submission and remain before the Court. The Rothschild Defendants renew their request for 8,400 words for each opening motion and response and 4,200 words for each reply. Separate briefing remains warranted because the two groups of Defendants occupy materially different positions. The Meyler Defendants are represented by separate counsel and assert defenses that are neither available to nor shared by the Rothschild Defendants, including litigation privilege and immunity under the Noerr-Pennington doctrine, which the Court addressed as to the Meyler Defendants alone. Dkt. 218 at 18–22. Conversely, the Rothschild Defendants are the only Defendants against whom the breach of contract claims were tried, and the only Defendants subject to the Court's February 9, 2026 order on sanctions. Dkt. 230. The two groups may also have divergent interests as to the allocation of any joint liability under the Washington Patent Troll Prevention Act and the Consumer Protection Act.

**5. Entry of Judgment.**

Valve's request that the Court enter judgment exceeds the proper scope of a status report. The Court's February 17, 2026 Minute Order directed the Parties to submit the information necessary to set a case schedule for remaining disputes between the Parties. It did not invite a



Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

request for affirmative relief. The Rothschild Defendants object to the resolution of that contested request on the present submission. The Meyler Defendants separately address below the propriety of entering judgment while Valve's declaratory judgment claim of invalidity remains pending. The Rothschild Defendants' own objection to entry of judgment is set forth in the March Status Report, Dkt. 270 at 17, and is preserved. Should the Court be inclined to consider Valve's request, the Rothschild Defendants respectfully request an opportunity to be heard.

**6. The Proposed Form of Judgment.**

The Rothschild Defendants acknowledge that Valve's revised proposed form of judgment corrects several of the defects identified in the Rothschild Defendants' prior objections, including the entry of judgment on the Patent Troll Prevention Act and Consumer Protection Act claims against Display Technologies, LLC, the absence of a determination under Fed. R. Civ. P. 54(b), the presentation of the form for signature by the Deputy Clerk, and the omission of joint and several liability. The Rothschild Defendants object to the revised form on the following grounds.

a. Paragraph 1 of the revised proposed form would declare Claim 7 of U.S. Patent No. 8,856,221 invalid under 35 U.S.C. § 103, citing only the Verdict Form. Dkt. 252. The jury's answer on obviousness was advisory. Before trial, the Court held that the jury "may not render a final verdict on the issue of obviousness," that it would "render [an] advisory verdict on the ultimate question," and that "[t]he Court will make the final legal determination." Dkt. 231 at 3. The Court confirmed after the verdict that "[t]he jury also rendered an advisory verdict for Valve regarding the invalidity of Claim 7 of the '221 Patent due to obviousness." Dkt. 256 at 1. The Court has not made the legal determination it reserved for itself, and Valve has identified Claim 7 obviousness as Issue 9 to be resolved through the motions practice it proposes. No judgment declaring Claim 7 invalid should be entered before that determination is made.

b. The $22,092 recited in the revised proposed form remains the increased damages figure returned in response to Question 12, not the damages awarded in response to



Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

Question 10, which were $7,364. Dkt. 252 at 6–7. The judgment should state the compensatory and increased components separately. RCW 19.86.090 commits any increase in the award to the discretion of the Court, and the Court has not yet exercised that discretion. The revised form would enter the jury's figure as though it were a damages award.

c. The revised proposed form does not identify the claims that would remain pending following entry. The Rothschild Defendants respectfully submit that identifying them is necessary to any determination under Fed. R. Civ. P. 54(b), and that the omission is significant here because the pending claim and the certified matters concern the same patent.

d. The revised proposed form cites "Dkt. 270 at 9 (Joint Stipulation)" as the basis for declaring the '221 patent unenforceable against Valve. The cited material is a statement of position within a joint status report rather than a filed stipulation, and it was submitted at a time when the Rothschild Defendants and the Meyler Defendants were represented by the same counsel. The Rothschild Defendants do not dispute that the '221 patent is unenforceable as against Valve and do not object to a declaration to that effect, but respectfully request that the citation be corrected.

Should the Court be inclined to enter judgment, the Rothschild Defendants respectfully request an opportunity to be heard on the form of judgment and to submit a competing form.

**Meyler Defendants' Supplemental Position:**

Meyler Legal, PLLC, and Samuel Meyler (the "Meyler Defendants") object to entry of judgment and the filing of any motion for attorneys' fees prior to the resolution of all claims. Valve's claim seeking a declaratory judgment that U.S. Patent No. 8,856,221 ("'221 Patent") is invalid undisputedly has yet to be resolved. *See* Dkt. No. 38 at 11–12. Prior to trial, this Court recognized that "[o]nly a small portion of Valve's invalidity argument will be tried to the jury" because "the jury will hear evidence and argument about whether Claim 7 of the '221 Patent—and only Claim 7—is invalid as anticipated under 35 U.S.C. § 102 or obvious under § 103." Dkt. No.

231 at 1–2. This Court also recognized that even if the jury found Claim 7 to be obvious, further proceedings would be necessary because “a finding that Claim 7 is invalid, without more, would not support a declaration that the ’221 Patent as a whole is invalid.” Dkt. No. 231 at 2.

Because the invalidity claim remains pending, it is not appropriate to enter judgment. Under the final judgment rule embodied in 28 U.S.C. § 1291 and Federal Rule of Civil Procedure 54(b), absent exceptional circumstances, a final judgment should not be entered until all claims against all parties have been resolved. Among other purposes, the final judgment rule “minimizes the harassment and delay that would result from repeated interlocutory appeals.” *Microsoft Corp. v. Baker*, 582 U.S. 23, 36–37 (2017).

Without a final judgment, any motion for attorneys’ fees is premature under Federal Rule of Civil Procedure 54, which states that such a motion must “be filed no later than 14 days after the *entry of judgment*” and must “specify *the judgment* . . . entitling the movant to the award.” Fed. R. Civ. P. 54(d)(2)(i)-(ii) (emphasis added). Valve itself recognized in the prior status report that a motion for attorneys’ fees, as well as any motion for prejudgment interest, post-judgment interest, or a permanent injunction, requires “entry of judgment.” Dkt. No. 270 at 15.

Entry of a partial final judgment under Federal Rule of Civil Procedure 54(b) is also not appropriate. Entry of judgment now would start the deadline for appealing the claims other than the invalidity claim. The party that ultimately loses on the invalidity claim would then need to file a separate appeal. This is the precise result the final judgment rule is intended to prevent.

Additionally, addressing attorneys’ fees prior to resolution of the invalidity claim would result in duplicative motions practice. Any request for attorneys’ fees prior to resolution of the invalidity claim will necessarily not include fees incurred litigating the invalidity claim. Valve’s proposed approach thus requires two rounds of attorneys’ fees briefing—one now and another after the invalidity claim is resolved. Valve itself recognized as much in the previous status report. Valve explained that it intended to seek attorneys’ fees on the grounds “this is an exceptional case under 35 U.S.C. § 285” and that because this issue “will depend in part on the Court’s rulings as to unenforceability and invalidity” a separate motion for attorneys’ fees would be required “after the



Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
(206) 467-9600

Court resolves the remaining unenforceability and invalidity issues." Dkt. No. 270 at 2, 4.

While the Meyler defendants previously agreed a motion for attorneys' fees could be resolved before entry of judgment, upon further reflection after retaining new counsel, for all the reasons discussed above, they no longer believe that is appropriate. Should the Court disagree, the Meyler Defendants request the opportunity to submit additional briefing regarding the entry of judgment. The above is only intended to provide an overview of the Meyler Defendants' position for inclusion in the parties' Supplemental Joint Status Report.

Finally, should the Court enter a partial judgment or otherwise authorize Valve's filing of a motion for attorneys' fees, the Meyler Defendants do not object to Valve's proposed briefing schedule regarding its attorney's fees motion. However, consistent with FRCP 50 and FRCP 59, the Meyler Defendants maintain that any motions under those rules should be filed within 28 days of entry of judgment, that Valve's response be due 21 days later, and the Meyler Defendants' reply be due 14 days after Plaintiff's response.

After reviewing the Rothschild Defendants' Supplemental Position, the Meyler Defendants join the positions set out in paragraphs 1.b–1.d (Response to Statements in Valve's Supplemental Position"), 4 ("Word Limits and Separate Briefing Remain Unresolved"), 5 ("Entry of Judgment"), and 6 ("The Proposed Form of Judgment") of the Rothschild Defendants' Supplemental Position.

DATED: September 10, 2026

Respectfully submitted,

KILPATRICK TOWNSEND & STOCKTON LLP

By: */s/ Dario A. Machleidt*
Dario A. Machleidt (State Bar No. 41860)
Kathleen R. Geyer (State Bar No. 55493)
Christopher P. Damitio (State Bar No. 58633)
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
Telephone: (206) 467-9600
dmachleidt@kilpatricktownsend.com
kgeyer@kilpatricktownsend.com
cdamitio@kilpatricktownsend.com

David A. Reed (*pro hac vice*)
1100 Peachtree Street NE, Suite 2800
Atlanta, GA 30309
Telephone: (404) 745-2548
dreed@ktslaw.com

Marianthi M. Karas (*pro hac vice*)
1801 Century Park East, Suite 2300
Los Angeles, CA 90067
Telephone: (310) 777-3732
E-mail: mkaras@ktslaw.com

Attorneys for Plaintiff
VALVE CORPORATION

DATED: September 10, 2026

Respectfully submitted,

By: */s/ René A. Vazquez (with permission)*
René A. Vazquez (*pro hac vice*)
DNL ZITO
1250 Connecticut Avenue, NW, Suite 700
Washington, DC 20036
Tel: (703) 989-2244
Email: rvazquez@dnlzito.com

By: */s/ Matthew J. Cunanan (with permission)*
Matthew J. Cunanan (#42530) (*co-counsel*)
DC LAW GROUP
12055 15th Ave NE, Suite B
Seattle, WA 98125
Tel: (206) 494-0400
Fax: (855) 494-0400
Email: matthew@dclglawyers.com

*Attorneys for Defendants Leigh Rothschild, Rothschild Broadcast Distribution Systems, LLC, Display Technologies, LLC, and Patent Asset Management, LLC*

DATED: September 10, 2026

Respectfully submitted,

By: */s/ Ian C. Cairns (with permission)*

Ian C. Cairns, WSBA No. 43210
Jonathan B. Collins, WSBA No. 48807
1619 8th Avenue North
Seattle, WA 98109
Telephone: (206) 624-0974
ian@washingtonappeals.com
howard@washingtonappeals.com

*Attorneys for Defendants Meyler Legal, PLLC, and Samuel Meyler*